UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants.<br><br>AND CONSOLIDATED CASE | MASTER FILE NO. CV04-9484 AHM (SHx)<br><br>**ORDER RE PERFECT 10'S MOTION TO COMPEL DEFENDANT GOOGLE INC. TO PRODUCE DOCUMENTS**<br><br>Date: November 27, 2007<br>Time: 9:30 A.M.<br>Place: Courtroom of Judge Hillman |

*ORDER*

Plaintiff Perfect 10 Inc.'s Motion to Compel Defendant Google Inc., to produce Documents (Sets 5-7), came on for hearing at the above noted time and place, the Honorable Stephen J. Hillman presiding. Jeffrey N. Mausner appeared on behalf of Plaintiff Perfect 10, Inc. ("Perfect 10"). Andrew P. Bridges and Jennifer A. Golinveaux appeared on behalf of Defendant Google Inc. ("Google").

Upon consideration of all papers and records on file and the parties' oral argument, the Court orders as follows:

**ORDERS RE PERFECT 10'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

On or before May 1, 2008, Google is ordered to produce the following:

**REQUEST NO. 132**

DOCUMENTS sufficient to IDENTIFY all Google employees who reviewed or processed Perfect 10's notices of infringement and which notices each employee processed.

**REQUEST NO. 133**

For any employees noted in response to Request No. 132, DOCUMENTS sufficient to determine the dates that employee was employed by GOOGLE.

**REQUEST NO. 169**

DOCUMENTS sufficient to determine the names and current contact information of all GOOGLE employees who have communicated with Perfect 10 in response to Perfect 10's notices of infringement, and which notices those employees processed.

1

**REQUEST NO. 135, as modified**

For each of the nine Perfect 10 model names listed in Exhibit B attached to the Fifth Document Request, <u>existing</u> logs, data, documents and information from the Google Trends Data Base or elsewhere, sufficient to determine the approximate number of GOOGLE Web Searches which included the name of that model, for each of the years 2001 through 2006 or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 136, as modified**

For each of the terms Perfect 10, Perfect Ten, Perfect10, and perfect10.com, <u>existing</u> logs, data, documents and information from the Google Trends Data Base or elsewhere sufficient to determine the approximate number of GOOGLE Image Searches done which included that term, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 137, as modified**

For each of the nine Perfect 10 model names listed in Exhibit B attached to the Fifth Document Request, <u>existing</u> logs, data, documents and information from the Google Trends Data Base or elsewhere sufficient to determine the approximate number of GOOGLE Image Searches which included that model name, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 146, as modified**

DOCUMENTS currently in existence or information readily accessible to reasonably estimate the number of clicks there have been on Perfect 10 thumbnail images (which images Perfect 10 has identified to Google by URL), in each of the years 2007, 2006, 2005, 2004, 2003, and 2002 (or, if not available for a full year,

any period over which such records are available). Information readily accessible includes those DOCUMENTS which Google can create without undue expense or burden. Alternatively, if Google does not have such information, information sufficient to reasonably estimate, for each model whose name appears in Exhibit B, the number of clicks on thumbnails that have appeared in Google Image Search results on that model name, for each of the years 2007, 2006, 2005, 2004, 2003, and 2002 (or, if not available for a full year, any period over which such records are available).

**REQUEST NO. 154, as modified**

DOCUMENTS sufficient to describe the process or procedure which GOOGLE has undertaken in each of the years 2006, 2005, 2004, 2003, and 2002, to review any content on any website that participated in the AdWords or AdSense programs for copyright infringement. Such documents are ordered produced only to the extent that Google has not already produced them pursuant to the Court's prior ruling on Request No. 54.

**REQUEST NO. 155, as modified**

DOCUMENTS sufficient to describe any efforts GOOGLE has made to ensure that AdWords and AdSense affiliated Websites do not contain infringing materials belonging to Perfect 10. Such documents are ordered produced only to the extent that Google has not already produced them pursuant to the Court's prior ruling on Request No. 54.

**REQUEST NO. 128, as modified**

All reports, studies, internal memorandums, or other DOCUMENTS ordered, requested, or circulated by Bob Brougher, relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks

1  on adult images and images in general, traffic to infringing websites, the draw of
2  adult content, and percentage of searches conducted with the safe search filter off.
3
4  **REQUEST NO. 129, as modified**
5      All reports, studies, internal memorandums, or other DOCUMENTS ordered,
6  requested, or circulated by Susan Wojcicki, relating to the following topics: search
7  query frequencies, search query frequencies for adult related terms, number of clicks
8  on adult images and images in general, traffic to infringing websites, the draw of
9  adult content, and percentage of searches conducted with the safe search filter off.
10
11 **REQUEST NO. 130, as modified**
12     All reports, studies, internal memorandums, or other DOCUMENTS ordered,
13 requested, or circulated by Walt Drummond, relating to the following topics: search
14 query frequencies, search query frequencies for adult related terms, number of clicks
15 on adult images and images in general, traffic to infringing websites, the draw of
16 adult content, and percentage of searches conducted with the safe search filter off.
17
18 **REQUEST NO. 131, as modified**
19     All reports, studies, internal memorandums, or other DOCUMENTS referring
20 or RELATING TO Google user behavior, ordered, requested, or circulated by Eric
21 Schmidt relating to the following topics: search query frequencies, search query
22 frequencies for adult related terms, number of clicks on adult images and images in
23 general, traffic to infringing websites, the draw of adult content, and percentage of
24 searches conducted with the safe search filter off.
25
26 **REQUEST NO. 194, as modified**
27     All documents circulated to John Levine, Heraldo Botelho, Radhika Malpani,
28 Jessie Jiang, Lawrence You, Diane Tang, and Alexander Macgillivray, relating to

1 the following topics: search query frequencies, search query frequencies for adult
2 related terms, number of clicks on adult images and images in general, traffic to
3 infringing websites, the draw of adult content, and percentage of searches conducted
4 with the safe search filter off.

**REQUEST NO. 195, as modified**

All documents constituting, comprising, evidencing, RELATING TO, or referring to communications to, from, or with John Levine, Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane Tang, and Alexander Macgillivray, or persons or entities acting on their behalf, relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 151, as modified**

If Google is currently asserting that the statements it made in a June 27, 2001 email to Jeff Mausner, that "Without administrator cooperation, we cannot exclude material available on the Internet from our index," and "there is nothing that GOOGLE can do to remove the offending content without the cooperation of the site administrator," are true, documents sufficient to support Google's statements.

**REQUEST NO. 152, as modified**

DOCUMENTS sufficient to contradict or tend to disprove your statements in a June 27, 2001 email to Jeff Mausner, wherein YOU stated that "Without administrator cooperation, we cannot exclude material available on the Internet from our index," and "there is nothing that GOOGLE can do to remove the offending content without the cooperation of the site administrator."

**REQUEST NO. 174, as modified**

DOCUMENTS sufficient to describe Google's attempts to develop or use any image recognition software.

**REQUEST NO. 182, as modified**

All DOCUMENTS RELATING TO GOOGLE monitoring or tracking searches or other activities of Dr. Zada, any employee of Perfect 10, any attorney for Perfect 10, or any employee of an attorney for Perfect 10, limited to documents that exceed Google's published privacy policy; and

All DOCUMENTS RELATING TO GOOGLE monitoring or tracking searches or other activities of Dr. Zada, any employee of Perfect 10, any attorney for Perfect 10, or any employee of an attorney for Perfect 10, within Google's privacy policy but nevertheless utilized in this litigation.

**REQUEST NO. 183, as modified**

All DOCUMENTS RELATING TO any investigation conducted of Dr. Zada, any employees of Perfect 10, any attorney for Perfect 10, or any employee of an attorney of Perfect 10, limited to documents that exceed Google's published privacy policy; and

All DOCUMENTS RELATING TO any investigation conducted of Dr. Zada, any employees of Perfect 10, any attorney for Perfect 10, or any employee of an attorney of Perfect 10, within Google's privacy policy but nevertheless utilized in this litigation.

**REQUEST NO. 193, as modified**

A listing of all lawsuits filed against GOOGLE relating to or involving click fraud.

**REQUEST NO. 196, as modified**

Google's DMCA Log.

**REQUEST NO. 197**

Perfect 10's Motion to Compel production of documents in response to **Request 197** ("Copies of the deposition transcripts of all employees, officers and directors of Google taken in connection with the lawsuit Columbia Pictures Industries, et.al. v. Drury et.al., pending in the U.S. District Court for the Southern District of New York.") is hereby DENIED.

## FURTHER ORDERS

**Further Order No. 1**

Perfect 10's motion to compel production of documents in response to **Request 153 ("**DOCUMENTS sufficient to explain how Google can make a thumbnail from a larger image without making a copy of the larger image.") was heard. The Court finds that Google has sufficiently responded to this request, and declines to order any further response.

**Further Order No. 2**

Google shall serve a Privilege Log for the above ordered requests on or before May 1, 2008.

**Further Order No. 3**

The above-referenced Orders are made subject to the following:

(1) The provisions of Fed. R. Civ. P. 26(b)(2) regarding data not reasonably accessible because of undue burden or expense. To the extent Google asserts with specificity that responsive documents exist that are not readily accessible, such

7

documents are not ordered produced, but the parties are ordered to comply with <u>Fed. R. Civ. P.</u> 26(b)(2).

**Further Order No. 4**

The Court takes under submission the other documents that Perfect 10 has moved to compel Google to produce, pending further briefing.

**IT IS SO ORDERED.**

DATED: February 22, 2008

STEPHEN J. HILLMAN

_____
STEPHEN J. HILLMAN
United States Magistrate Judge