JEFFREY N. MAUSNER (State Bar No. 122385)
Mausner IP Law
21800 Oxnard St., Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773

Attorney for Plaintiff
Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants.<br><br>AND CONSOLIDATED CASE | MASTER FILE NO. CV04-9484 AHM (SHx)<br><br>**Plaintiff Perfect 10, Inc.'s Notice of Motion and Motion for Review and Reconsideration of Portions of Magistrate Judge Hillman's Order of February 22, 2008 Granting in Part Perfect 10's Motion to Compel Defendant Google, Inc. to Produce Documents, and Objections Thereto; Memorandum of Points and Authorities in Support Thereof**<br><br>Date: April 14, 2008<br>Time: 10:00 A.M.<br>Place: Courtroom of Judge Matz |

1

TO DEFENDANT GOOGLE, INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 14, 2008, at 10:00 A.M., in the Courtroom of the Honorable U.S. District Judge A. Howard Matz, plaintiff Perfect 10, Inc. will move, and hereby does move, pursuant to Fed. R. Civ. P. 72(a), for review and reconsideration of portions of the February 22, 2008 Order of Magistrate Judge Hillman granting in part Perfect 10's motion to compel defendant Google, Inc. ("Google") to produce documents. In seeking review and reconsideration, Perfect 10 simultaneously makes its objections to the Magistrate Judge's Order.

As detailed in the supporting Memorandum of Points and Authorities, the Magistrate Judge's Order was clearly erroneous because it did not: (1) require Google to state when no responsive documents exist or whether it has produced the ordered documents, contrary to Federal Rule of Civil Procedure 34; (2) require Google to produce documents from another lawsuit where there was testimony that Google knew of and encouraged infringement by its affiliated websites.

Plaintiff's motion is based on this Notice, the accompanying Memorandum of Points and Authorities and supporting exhibits thereto, and the complete records and files in this action.

This motion is made following the conference of counsel pursuant to Local Rule 7.4.1 which took place on March 4, 5, and 7, 2008.

Dated: March 14, 2008

Respectfully submitted
MAUSNER IP LAW

By: _____
JEFFREY N. MAUSNER
Attorney for Plaintiff Perfect 10, Inc.

2

Perfect 10's Notice of Motion and Motion for Review and Reconsideration of Portions of Magistrate Judge Hillman's Order of February 22, 2008

MEMORANDUM OF POINTS AND AUTHORITIES

1.  INTRODUCTION.

On February 22, 2008, Magistrate Judge Hillman issued an Order re Perfect 10's Motion to Compel Defendant Google Inc. to Produce Documents (attached as Exhibit 3). For the most part, Perfect 10 agrees with Judge Hillman's rulings. However, because Google has not produced any documents in response to a number of requests that Judge Hillman ordered produced on May 22, 2006, and has not provided a written response stating either that it has produced the documents or that such documents do not exist, Perfect 10 asked that Google be required, when producing the currently ordered documents, to state if no documents exist, or in the alternative, if documents do exist, state that it produced the ordered documents. This will help to minimize the needless waste of Perfect 10's and the Court's resources on motions to compel non-existent documents. Federal Rule of Civil Procedure 34 requires that a responding party "shall serve a written response" to document production requests. Nevertheless, in his written order, Judge Hillman did not include a requirement that Google provide a written response to the document requests he ordered produced.

Perfect 10 also moves for review and reconsideration regarding Judge Hillman's ruling on document requests 197 and 198, which concern documents related to the lawsuit *Columbia Pictures Industries v. Drury*, a case in the Southern District of New York. An affidavit was submitted by one of the defendants in that case (attached as Exhibit 1), a Google Adwords advertiser, who testified that Google's employees were aware of defendants' infringement and even encouraged and assisted it. Perfect 10 requested all documents produced by Google and deposition testimony of Google employees taken in that case. Judge Hillman denied Request 197 and did not rule on Request 198.

1

2. SPECIFIC ORDERS FOR WHICH REVIEW IS SOUGHT.

Judge Hillman compelled production of the following documents:

**REQUEST NO. 135, as modified**

For each of the nine Perfect 10 model names listed in Exhibit B attached to the Fifth Document Request, existing logs, data, documents and information from the Google Trends Data Base or elsewhere, sufficient to determine the approximate number of GOOGLE Web Searches which included the name of that model, for each of the years 2001 through 2006 or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 136, as modified**

For each of the terms Perfect 10, Perfect Ten, Perfect10, and perfect10.com, existing logs, data, documents and information from the Google Trends Data Base or elsewhere sufficient to determine the approximate number of GOOGLE Image Searches done which included that term, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 137, as modified**

For each of the nine Perfect 10 model names listed in Exhibit B attached to the Fifth Document Request, existing logs, data, documents and information from the Google Trends Data Base or elsewhere sufficient to determine the approximate number of GOOGLE Image Searches which included that model name, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist.

Perfect 10 agreed with these orders, but requested the following additional language be included for request 137 (and similar language for the other requests): **"At the time of production, Google must state whether or not it has produced existing logs, data, documents and information sufficient to determine the approximate number of GOOGLE Image Searches which included that model**

2

Perfect 10's Notice of Motion and Motion for Review and Reconsideration of Portions of
Magistrate Judge Hillman's Order of February 22, 2008

**name, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist."**

At the hearing on the motion to compel, Judge Hillman ordered the inclusion of this language, but he did not include it in his written order, despite Perfect 10's request. At page 57 of the hearing transcript, Judge Hillman ordered that documents responsive to Request Nos. 135, 136, and 137 as modified be produced. Then at page 61 of the transcript, Judge Hillman made the following statement, which pertained to the aforementioned document requests: "Well, I think we can move on, but I have made specific orders and **I will expect Google when they have produced what I've ordered to tell P-10 directly we have now complied or what we've given you is not sufficient to determine the approximate number of searches** and, therefore, that would throw you into the 26(B)2 exercise." (Emphasis added.) (See Transcript of the November 27, 2007 hearing, pp. 57, 61. Copies of these pages are attached as Exhibit 2; the entire transcript has been filed as Docket Entry 241.)

Without this requirement, if no responsive documents are produced, Perfect 10 will not know if that is because there are no responsive documents or because Google simply is not producing them.[1] Google has also refused to admit or deny whether it has produced documents ordered produced by Judge Hillman, in response to requests for admissions served upon it by Perfect 10. (See, e.g., Exhibit 4, Request for Admission 391.) Even if responsive documents are produced, Perfect 10 will not know if Google has fully complied. Suppose, for example, that Google produces documents showing 2 million image searches on the name of one of the Perfect 10 models in 2005. Perfect 10 needs to know whether that

---

[1] Request No. 136, as modified, overlaps somewhat with Document requests 47 and 48 which Judge Hillman ordered Google to produce almost two years ago, but which Google still has not produced. See Order dated May 22, 2006, Docket No._163, pages 7-8. It is important that Google state whether it has produced documents, because it is Perfect 10's contention that Google has not produced many documents which have previously been ordered produced.

3

Perfect 10's Notice of Motion and Motion for Review and Reconsideration of Portions of
Magistrate Judge Hillman's Order of February 22, 2008

constitutes all of the searches done on that model's name during that time period; otherwise the data is not complete. The written order should reflect what the Court specifically ordered at the hearing so that Perfect 10 knows whether the documents produced show all of the searches that were done on that model's name. Federal Rule of Civil Procedure 34 requires that a responding party "shall serve a written response" to document production requests. Failure to require this was clearly erroneous.

Judge Hillman made the following order:

**REQUEST NO. 197**

Perfect 10's Motion to Compel production of documents in response to Request 197 ("Copies of the deposition transcripts of all employees, officers and directors of Google taken in connection with the lawsuit Columbia Pictures Industries, et. al. v. Drury et. al., pending in the U.S. District Court for the Southern District of New York.") is hereby DENIED.

Judge Hillman did not rule on Document Request No. 198, which requested:

**REQUEST NO. 198**

All documents produced by Google in the lawsuit Columbia Pictures Industries, et al. v. Drury et al., pending in the U.S. District Court for the Southern District of New York.

Perfect 10 believes that these requests should have been granted, or at the very least, Google should identify the Google employees involved, so Perfect 10 can take their depositions itself.

These requests concern deposition transcripts related to Google in connection with *Columbia Pictures Industries v. Drury* and the documents produced for such depositions. That lawsuit involved claims by various movie

4

studios against websites that offered customers assistance in illegally downloading movies and other copyrighted materials from the Internet. What is critical for this case is that both the plaintiffs and defendants in that litigation alleged that these websites had advertising relationships with Google.  An affidavit was submitted which stated that Google knew about the infringing activities of these advertising partners, and actually encouraged and facilitated such behavior.  See Affidavit of Luke Sample, which was attached as Exhibit 8 to the Mausner Declaration filed on October 9, 2007 (Docket No. 232), in particular paragraphs 10-19.  A copy of this affidavit is also attached hereto as Exhibit 1, for the Court's convenience.  What is stated in this affidavit is exactly what Perfect 10 has alleged in this case -- namely, that Google has knowledge of and assists infringement.

Depositions and other documents in *Drury* are likely to shed substantial light on the knowledge that Google has of infringement on its AdSense and Adwords affiliated websites and the extent to which Google facilitates and knowingly profits from such infringement.  This is very relevant to Perfect 10's case, and it was clearly erroneous to deny production.  If Google had knowledge of and helped the websites at issue in the *Drury* lawsuit to infringe (which is stated in the Luke Sample affidavit), there is at least an inference that Google did the same in connection with the websites that infringe Perfect 10's copyrights, and Perfect 10 is entitled to take discovery on that.

Perfect 10 requested that the following be included in Judge Hillman's order:

**Perfect 10's Proposed Further Order No. 2**

**"On or before _____, 2008, Google shall provide a written response to Perfect 10, stating whether it has produced documents in response**

5

**to each request. If no responsive documents exist, Google shall so state."** However, Judge Hillman did not include this in his Order.

Federal Rule of Civil Procedure 34 requires that a responding party "shall serve a written response" to document discovery requests. Failure to require this was clearly erroneous. Prior to the motion to compel, Google simply objected to these requests. Those objections have now been overruled, and according to the rule, Google should now state whether it is producing the ordered documents.

Dated: March 14, 2008

Respectfully submitted,

MAUSNER IP LAW

By: *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorney for Plaintiff, PERFECT 10, INC.

6

Perfect 10's Notice of Motion and Motion for Review and Reconsideration of Portions of
Magistrate Judge Hillman's Order of February 22, 2008