QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Rachel M. Herrick (Bar No. 191060)
rachelherrick@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>DECLARATION OF RACHEL M. HERRICK IN SUPPORT OF DEFENDANT GOOGLE'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF PERFECT 10'S RESPONSES TO GOOGLE'S REQUESTS FOR ADMISSION, SETS 1 AND 2 |
| AND COUNTERCLAIM | Hon. Stephen J. Hillman |
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Courtroom.: 550<br>Hearing Date: November 17, 2008<br>Hearing Time: 2:00 pm<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

I, Rachel M. Herrick, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this action. I make this declaration of my personal and firsthand knowledge and, it called and sworn as a witness, could and would competently testify thereto.

2. Attached as Exhibit A is a true and correct copy of Defendant Google's First Set of Requests for Admission to Plaintiff Perfect 10, Inc. served April 3, 2008.

3. Attached as Exhibit B is a true and correct copy of Perfect 10, Inc.'s Responses to Defendant Google's First Set of Requests for Admission to Plaintiff Perfect 10, Inc. served May 5, 2008.

4. Attached as Exhibit C is a true and correct copy of Defendant Google's Second Set of Requests for Admission to Plaintiff Perfect 10, Inc. served May 29, 2008.

5. Attached as Exhibit D is a true and correct copy of Perfect 10, Inc.'s Responses to Defendant Google's Second Set of Requests for Admission to Plaintiff Perfect 10, Inc. served June 27, 2008.

6. Attached as Exhibit E is a true and correct copy of a letter I sent to Perfect 10's counsel dated May 23, 2008, identifying the deficiencies in Perfect 10's Responses to Google's First Set of Requests for Admission.

7. Attached as Exhibit F is a true and correct copy of a letter I sent to Perfect 10's counsel dated August 8, 2008, identifying the deficiencies in Perfect 10's Responses to Google's Second Set of Requests for Admission.

8. Attached as Exhibit G is a true and correct copy of a letter I sent to Perfect 10's counsel dated September 11, 2008, reiterating my request for a response to my prior letters dated May 23 and August 8, 2008.

9. On September 17 and 26, 2008, counsel for Google and Perfect 10 conferred by telephone regarding Google's objections to the insufficiency of Perfect 10's Responses to Google's Requests for Admission (Set Two). During the September 26 call, Perfect 10's counsel offered to provide responses to only 150 of the 478 Requests in Google's Second Set of Requests which Perfect 10 initially had refused to substantively answer, effectively asking Google to withdraw the remaining 328 Requests. Google's counsel declined Perfect 10's offer, on the basis that Federal Rule of Civil Procedure 36 requires Perfect 10 to respond to all of Google's Requests. On October 7, Perfect 10's counsel stated via email that it would amend "certain" of its responses to Google's Requests, but none of those for which it did not provide a substantive response, and did not identify which responses it would amend. On October 13, 2008, counsel for Google and Perfect 10 conferred again by telephone regarding these same issues.

10. On October 16, 2008, Perfect 10's counsel emailed me to provide Perfect 10's final position that it would not agree to amend even a single one of its objectionable responses to Google's Second Set of Requests for Admission.

11. On October 13, 2008, Perfect 10's counsel finally agreed to meet and confer regarding Perfect 10's responses to Google's Requests for Admission (Set One). Perfect 10's counsel stated that Perfect 10 would amend "certain" of its responses, but refused to identify which ones. Google's counsel asked Perfect 10 to identify which responses it would amend by October 16 and the date by which it would amend them. As of the date of this declaration, Perfect 10 has not identified any responses it will amend, how it will amend them, or when it will amend them.

12. Attached as Exhibit H is a true and correct copy of excerpts of the transcript of the Status Conference held before Judge Matz on October 6, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed October 27, 2008 at Redwood Shores, California.

Rachel M. Herrick