1   JEFFREY N. MAUSNER (State Bar No. 122385)
2   Warner Center Towers, Suite 910
    21800 Oxnard Street
3   Woodland Hills, California 91367-3640
4   Telephone: (310) 617-8100, (818) 992-7500
    Facsimile: (818) 716-2773
5
    Attorneys for Plaintiff Perfect 10, Inc.
6

7
                    UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9

10  PERFECT 10, INC., a California          Case No. CV 04-9484 AHM (SHx)
    corporation,                            [Consolidated with Case No. CV 05-4753 AHM
11                                          (SHx)]
12              Plaintiff,                  DISCOVERY MOTION

13      v.                                  DECLARATION OF VALERIE
                                            KINCAID IN SUPPORT OF PERFECT
14  GOOGLE INC., a corporation; and         10'S PORTIONS OF THE JOINT
    DOES 1 through 100, inclusive           STIPULATION RE GOOGLE INC.'S
15                                          MOTION TO DETERMINE THE
                                            SUFFICIENCY OF PERFECT 10 INC.'S
16              Defendants.                 RESPONSES TO GOOGLE'S
                                            REQUESTS FOR ADMISSION, SETS 1
17                                          AND 2

18  _____
                                            Date:
19  AND CONSOLIDATED CASE                   Time:
                                            Place: Courtroom of Judge Hillman
20
                                            Discovery Cut-Off Date:   None set
21                                          Pretrial Conference Date:  None set
                                            Trial Date:   None set
22

23

24

25

26

27

28

# DECLARATION OF VALERIE KINCAID

I, Valerie Kincaid, declare as follows:

1. I am a member of the State Bar of California and admitted to practice before this Court. I am an attorney for the Law Offices of Jeffrey Mausner, which is counsel for Plaintiff Perfect 10, Inc. ("Perfect 10") in this action. All of the matters stated herein are of my own personal knowledge, except where otherwise stated, and if called as a witness, I could and would testify competently thereto. I make this declaration in support of Perfect 10's portions of the Joint Stipulation re Google Inc.'s Motion to Determine the Sufficiency of Perfect 10 Inc.'s Responses to Google's Requests for Admission, Sets 1 and 2.

2. Google served the first set of requests for admissions on April 3, 2008, and Perfect 10 served its responses on May 5, 2008. Google sent its meet and confer letter regarding the first request on May 23, 2008, and did no follow-up at all until August 8, 2008. August 8 is the day that Google finally, after seven months of delay, served amended responses to its own responses to Perfect 10's requests for admissions. Counsel met and conferred telephonically on October 13, 2008, and at the meet and confer, Google's counsel only asked me to specify the requests Perfect 10 would amend. I stated that Perfect 10 would amend various responses but could not identify each one at that time. On Thursday October 16, 2008, I said, in writing, that I would set forth Perfect 10's position shortly, and then, four days later, on Monday October 20, 2008, Google filed this motion. In an e-mail to Rachel Herrick, dated October 16, 2008, I set forth Perfect 10's position regarding the second set of requests for admissions and then stated that "[w]ith regard to the first set of requests for admissions, we will provide Perfect 10's position shortly." Perfect 10 would have amended certain responses in the first set of requests for admission, but Google filed its motion before Perfect 10 had a chance to do so.

3.  Since the October 6, 2008 hearing, Google has sent Perfect 10 numerous correspondence about discovery matters and has demanded to meet and confer about issues it never raised prior to October 6, 2008 or had long forgotten.  Since the October 6, 2008 hearing, Google sent counsel for Perfect 10 at least 40 letters and e-mails regarding discovery issues.

4.  In addition, since the October 6, 2008 hearing, Perfect 10's counsel has been inundated with work.  *Inter alia*, Perfect 10 (1) filed a summary judgment motion against Alexa.com; (2) filed the supplemental briefing, revised statement of genuine issues, declarations, and exhibits regarding the A9.com summary judgment motion, as ordered by the Court; (3) filed supplemental briefing in the Amazon action regarding the protective order sought by Amazon; (4) personally met with Andrew Bridges for a full day regarding the Court's discovery plan, as ordered by the Court; (5) served responses to Alexa's first set of interrogatories; (6) served responses to Alexa's first set of document requests and produced documents pursuant to it; (7) attended the hearing on the A9.com summary judgment motion.  That's just in these cases; there are other matters, including personal matters, that Perfect 10's counsel has to attend to.  Perfect 10's counsel informed Google's counsel that they were extremely busy and could not immediately respond to its every growing list of discovery immediately.  That just brought on an even greater onslaught of e-mails and letters demanding discovery, most of which has nothing to do with the important issues in the case.

5.  At the beginning of January 2008, Perfect 10 initiated the meet and confer process regarding Google's responses to requests for admissions.  Seven months later, Google finally served amended responses.  On May 8, 2008 (four months after Perfect 10 initiated the meet and confer process), Google's counsel, Rachel Herrick, asked me to not follow-up regarding how much time Google was taking to amend its responses to Perfect 10's requests for admissions, and Perfect 10 never followed-up again.

On May 8, 2008, Rachel Herrick wrote:

"As I explained last week, we have been devoting all of our energies over the past several weeks to Google's document production effort related to the court's recent discovery order. This must take precedence given the court order. I told you that I would follow up with you thereafter, and I will…. [W]e had to set aside most other projects during the past several weeks to focus on the document production. We are working on the amended responses and we will serve them as soon as they are complete. This is a large project and it takes time. We would appreciate it if you would refrain from sending repeated follow up emails asking when these amended responses are coming. It is unnecessary….")

(Attached hereto as Exhibit C is a copy of this e-mail to me from Rachel Herrick, dated May 8, 2008.)

Three months later, on August 8, 2008, Google served deficient amended responses, with numerous qualifications, and concurrently demanded that Perfect 10 meet and confer regarding Perfect 10's responses to requests for admissions.

6. Attached hereto as Exhibit A is a copy of the Order entered on September 25, 2008.

7. Attached hereto as Exhibit B is a copy of the transcript of hearing conducted on October 6, 2008.

8. Attached hereto as Exhibit D is a copy of certain pages from Defendant Google Inc.'s Amended Responses And Objections To Plaintiff Perfect 10, Inc.'s Fourth Set Of Requests For Admission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on October 27, 2008, at Los Angeles, California.

Valerie Kincaid

-4-

EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx) | Date | September 25, 2008 |
| | CV 05-4753 AHM (SHx) | | |
| | CV 07-5156 AHM (SHx) | | |

| | |
|---|---|
| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.* |
| | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* |
| | PERFECT 10, INC. v. MICROSOFT CORPORATION |

| | |
|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

The Court has considered the parties' responses to the Court's minute order dated August 20, 2008 concerning discovery disputes and the appointment of a discovery master. The Court has also considered the parties' contentions and concerns regarding a variety of issues arising from the August 18, 2008 scheduling conference and the August 27, 2008 telephonic conference, including the setting of trial dates for the *Google* and *Amazon* cases. The Court does not intend to appoint either a technical advisor or a discovery master at this time.

The parties in all these cases somehow have succumbed to the all-too-frequent tendency of litigants and lawyers to get sidetracked. That is particularly regrettable in lawsuits, such as these, that are complicated, technology-driven and potentially far-reaching.[1] For the Court to manage these cases in a standard fashion, such as to treat the pending discovery motions as if they were commonplace disputes, would not advance the goal of enabling the parties either to ready these cases for Rule 56 determinations or for

---

[1] There are other considerations that compound the difficulties. Plaintiff's counsel, for example, often complains about the supposedly unfair burdens that the Goliath-like defendants subject him to. And perhaps he is right that in certain respects their strategy may be to overwhelm him. Yet Perfect 10 may have invited those problems with its sweeping claims and its own conduct in the course of discovery.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx)<br>CV 05-4753 AHM (SHx)<br>CV 07-5156 AHM (SHx) | Date | September 25, 2008 |

| | |
|---|---|
| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.*<br>PERFECT 10, INC. v. AMAZON.COM, INC., *et al.*<br>PERFECT 10, INC. v. MICROSOFT CORPORATION |

meaningful settlement talks.[2]

Given the foregoing problems, as well as the enormous, ever-expanding number of the copyrighted images that Perfect 10 claims were infringed, it is necessary and appropriate for the Court to manage these cases differently. Therefore, in the exercise of its inherent and statutory authority to administer the rules of discovery in a manner that will "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court intends to require the parties to negotiate in good faith a method or approach that will enable them to assess the strengths and weaknesses of their respective overall "cases" and contentions based on a sample of the key pertinent facts. In other words, the parties will take an approach comparable to that of a recognized, impartial expert who uses surveys and statistical analyses to project the extent (if any) of customer satisfaction with a product or, in the trademark context, the extent of confusion among consumers as to the source or origin of goods. From the information that the parties obtain, exchange and organize, they should be able to extrapolate reliable conclusions as to where they think they can go, or want to go, from there.

Accordingly, the Court has determined that a further conference with counsel in all three cases is necessary. Accordingly, the Court ORDERS the parties in all these cases to appear for a status conference on October 6, 2008 at 1:30 p.m.. The broad purpose of the conference is to explore ways for the parties to achieve the foregoing objectives -- i.e., summary judgment and settlement readiness -- without "going the distance" via full-fledged, uncircumscribed discovery.

At the conference, the Court will invite counsel to address the following preliminary or tentative findings and proposals, which will probably be incorporated into a special Case Management Order that will issue at the same time as the scheduling

---

[2]It is highly improbable that there will be a trial in any of these cases. That is so obvious that it need not be belabored.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx)<br>CV 05-4753 AHM (SHx)<br>CV 07-5156 AHM (SHx) | Date | September 25, 2008 |

| | |
|---|---|
| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.*<br>PERFECT 10, INC. v. AMAZON.COM, INC., *et al.*<br>PERFECT 10, INC. v. MICROSOFT CORPORATION |

orders for the *Google* and *Amazon* cases. The following paragraphs are numbered to facilitate discussion.

1.     Perfect 10 will have to identify each "Perfect 10 Copyrighted Work" it claims was infringed by not later than _____. Thereafter, Perfect 10 will be precluded from seeking damages for the infringement of any work not so identified. It would, however, be entitled to injunctive relief for works identified later.

2.     In this discovery phase, the focus should be on developing information that enables the parties to assess their positions as to the secondary copyright liability claims that the Ninth Circuit addressed in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169-76 (9th Cir. 2007). Among the key major factors that should be the focus of their efforts are the following:

      A.    <u>Contributory Liability</u> (see 508 F.3d at 1171-72).
           (1)    What specific infringing material did defendant learn was on or accessible through its "system"?
               (a) When?
               (b) How?
                    (i) If by way of a DMCA notice, what did the notice contain?
                    (ii) Was the notice in compliance with section 512?
           (2) At the time defendant learned of the infringing image, what simple, reasonable and feasible measures, if any, did defendant have to avoid providing Internet users access to infringing images? (See 508 F.3d at 1172.) *E.g.*, what changes to its operations could defendant have made to avoid assisting infringing websites?  (See 508 F.3d at 1174-75.)

      B.    <u>Vicarious Liability</u> (see 508 F.3d at 1173-74).
           (1) At the time defendant learned of the infringing image, did defendant have a legal right to stop or limit the directly infringing conduct?
               (a) Did it have the right to terminate websites?
               (b) Did it have the right to block websites' ability to host and serve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx) | Date | September 25, 2008 |
| | CV 05-4753 AHM (SHx) | | |
| | CV 07-5156 AHM (SHx) | | |

| | |
|---|---|
| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.* |
| | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* |
| | PERFECT 10, INC. v. MICROSOFT CORPORATION |

     infringing images?

(2) Did defendant actually decline to exercise that right?

(3) Does defendant have such a legal right currently?

(4) At the time defendant learned of the infringing image, did defendant have the practical ability to stop or limit infringement?

     (a) The ability to determine whether there is infringement, in the absence of targeted DMCA notices?

     (b) The ability to block access to infringing images?

(5) In what manner did defendant derive a direct financial benefit from the directly infringing conduct? (This inquiry seeks a description; it does *not* require a calculation of claimed damages.)

3.     In light of the large number of copyright registrations and works that Perfect 10 has placed at issue in all three cases, the Court finds that it would be both fair and feasible for Perfect 10 to create a spreadsheet along the lines contemplated by Google's Interrogatories Nos. 3 and 11, A9.com's Interrogatories Nos. 1 and 6, and Microsoft's Interrogatory No. 1 -- *but only for a selected and relatively small sample of copyrighted works.* Such a limited spreadsheet would reduce or possibly eliminate any requirement that the parties search through all the hard drives and disorganized physical documents that Perfect 10 has provided in discovery thus far. It also would do much to avoid or reduce further discovery disputes, promote the efficient and timely administration of these lawsuits and provide a framework for settlement.

     (a)     Based on the joint stipulations in the parties' pending motions to compel responses to those interrogatories, the Court compiled a chart, attached hereto, that displays the categories of information sought in those interrogatories, as well as the information that Perfect 10 contends it has already produced or will produce. The Court realizes that not all those interrogatories seek identical pieces of information. (*E.g.*, Microsoft did not request a list of infringing URLs.) However, they all basically seek a way to enable the parties to gather and access vital identifying information about the copyrighted work in question.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx)<br>CV 05-4753 AHM (SHx)<br>CV 07-5156 AHM (SHx) | Date | September 25, 2008 |

| | |
|---|---|
| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.*<br>PERFECT 10, INC. v. AMAZON.COM, INC., *et al.*<br>PERFECT 10, INC. v. MICROSOFT CORPORATION |

(b)     The precise information required for the spreadsheet remains to be determined. The Court doubts that all of the disputed categories reflected in the attachment need be included, but at a minimum, it would be necessary to identify the work, the registration number, chain of title information, the URL(s) of infringing websites, and the DMCA notices. At trial Perfect 10 itself would have to introduce such information anyway, because the fact-finder would need it to determine whether the parties proved their claims (or defenses, as the case may be). If at trial Perfect 10 sought to prove these facts through charts and summaries, it would have had to provide the underlying evidence for the charts and summaries sometime before trial. *See* Fed. R. Evid. 1006. The Court finds that it is "reasonable" to require it to do so at this stage, in discovery.

4.     After the entries have been made in the spreadsheet, the Court will either limit discovery to the Perfect 10 Copyrighted Works specified in the spreadsheet or require that discovery be primarily focused on those works. In any event, the Court will order the parties to use the spreadsheet entries to extrapolate facts, based on statistically sound methods, as to the remaining works that Perfect 10 has claimed were infringed. To implement this approach, two issues must be decided.

(a) First, what categories of information should be placed on the spreadsheet? There are at least two ways to determine this. The first way is for the parties to agree on what information is so vital that it should be reflected on the spreadsheet. The second way is for the Court to make that determination.

(b) Second, which *works* will be selected for the sample that is the basis for the spreadsheet? Again, the first way to determine this is for the parties to agree. The second is to allow Perfect 10 to select the works that will be entered on the spreadsheet, from the potentially thousands it has pointed to thus far, provided that Dr. Zada file a sworn declaration describing the methodology, including any assumptions, Perfect 10 used to select such works.

5.     What will deter Perfect 10 from skewing the designation of works in an effort to

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 04-9484 AHM (SHx) | Date | September 25, 2008 |
|---|---|---|---|
|  | CV 05-4753 AHM (SHx) | | |
|  | CV 07-5156 AHM (SHx) | | |

| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.* |
|---|---|
|  | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* |
|  | PERFECT 10, INC. v. MICROSOFT CORPORATION |

enlarge or exaggerate the number of infringements and/or damages?  Simply this: Defendants will be given the opportunity to establish that the spreadsheet entries Perfect 10 chose are not fairly representative of the entire range of works in question.  If they succeed, the Court likely would order Perfect 10 to develop a spreadsheet for literally every work it identified as having been infringed, and would preclude it from pursuing damages for any work not properly incorporated into such spreadsheet.  In other words, the Court would return the case to conventional forms of "combat."

At the conference, the Court will also invite counsel to answer the following questions:

(a) For one copyrighted work, how much time would it take to enter all the allegedly infringing URLs onto a spreadsheet?  How much time would it take to enter *all* the information tallied in the attached chart?

(b) Assume that the sample discussed above consists of 100 copyrighted works and that discovery of the facts relevant to the claims and defenses for those works has been completed.  Looking at those facts in the light most favorable to Perfect 10, assume that at most Perfect 10 may succeed in proving liability for 50 works.  Would such a statistical outcome help the parties resolve their dispute?  What if the number were 33 out of 100?

_____  :  _____

Initials of Preparer                    _____

**Information Sought by Defendants in Motions to Compel**

| Category | Google[1] | A9.com[2] | Microsoft[3] | Already in Perfect 10's production? |
|---|---|---|---|---|
| Unique identifier of the work | ✓ | ✓ | ✓ | |
| Copyright Registration # | ✓ | ✓ | ✓ | Y |
| Page number of document(s) containing the work | ✓ | ✓ | ✓ (just "exemplar") | |
| URLs of allegedly infringing webpage | ✓ | ✓ | | Y |
| Date of DMCA notice sent | ✓ | | ✓ | Y |
| Damages claimed | ✓ | ✓ | ✓ | |
| Date of and particular conduct constituting the infringing act | | ✓ | | Y |
| Search term and other instructions or events used to cause the infringing display | | ✓ | | |
| Indicate thumbnail or full-size image | | ✓ | | |
| Copyright registrations of compilations or derivative works incorporating the work | | | ✓ | |
| Documents showing chain of title | | | ✓ | Y |
| Date of first publication of the work | | | ✓ | Y |
| Persons depicted | | | ✓ | |

---

[1]Google's Interrogatory No. 11.  See Joint Stipulation Re. Google Inc.'s Motion to Compel Further Responses to Google's Interrogatories Nos. 3 and 11, p. 52.

[2]A9.com's Interrogatories No. 1 and 6.  See Joint Stipulation Re: Defendant A9.com's Motion to Compel Perect 10's Responses to A9.com's First Set of Interrogatories Nos. 1, 2, 4, 5, 6, pp. 7, 41-42.

[3]Microsoft's Interrogatory No. 1.  See Joint Stipulation Re Microsoft's Motion to Compel A Response to Interrogatory No. 1 and To Determine the Sufficiency of Responses to Requests for Admission, pp. 7-8.

EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

- - -

**CERTIFIED COPY**

PERFECT 10, INC., A CALIFORNIA )
CORPORATION, )
      PLAINTIFF, )
             )
    vs. ) No. CV04-09484-AHM(SHx)
GOOGLE, INC., ET AL., )
      DEFENDANTS. )
_____)
PERFECT 10, INC., A CALIFORNIA )
CORPORATION, )
      PLAINTIFF, )
             )
    vs. ) No. CV05-4753-AHM(SHx)
AMAZON.COM, INC., ET AL., )
      DEFENDANTS. )
_____)
PERFECT 10, INC., A CALIFORNIA )
CORPORATION, )
      PLAINTIFF, )
             )
    vs. ) No. CV07-5156-AHM(SHx)
MICROSOFT CORPORATION, )
      DEFENDANT. )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, OCTOBER 6, 2008

_____

CINDY L. NIRENBERG, CSR 5059
U.S. Official Court Reporter
312 North Spring Street, #438
Los Angeles, California 90012
*www.cindynirenberg.com*

1   need, that we have propounded, we have been at meet and confer

2   sessions with Perfect 10 about that we need to have resolved in

3   order to pin that down.

4           THE COURT: Okay. But what I am trying to

5   accomplish, Mr. Zeller, is to get you the discovery that is

6   essential and no more, not different kinds of discovery. Now

7   not to preclude you from it, not to say that at no time would

8   you have the chance to compel and to get a judge to agree that

9   Perfect 10 should be compelled to provide other discovery, but

10  at the current time and under this very perhaps innovative --

11  I've come up with the idea myself. I'm not sure that it has

12  ever been done elsewhere, but maybe it has.

13          At this stage, that's all you're going to be confined

14  to. You are not going to be able to seek other stuff, and

15  Perfect 10 is not going to be compelled to give it, and

16  whatever they think they need from you for the first stage is

17  all -- once I'm satisfied that they have a right to it for the

18  first stage, that's all they can get.

19          What's so bad about that?

20          MR. ZELLER: Well, what I would say -- if I may make

21  a comment, Your Honor, about what it is that Perfect 10 says in

22  its submission, because I do think that there is potentially

23  ways of carving this out.

24          I mean, without obviously waiving -- what our

25  position is is that, you know, we think we ought to just go

1    motion against Amazon and Alexa that you are going to be

2    filing, is there something about that motion that is sui

3    generis that would not be a good example of comparable motions

4    you might file later on against Google or Microsoft or even A9?

5            MR. MAUSNER:   Some is and some is, you know, peculiar

6    to Alexa.

7            THE COURT:   Like what?

8            What I'm driving at, in case it isn't clear -- and

9    this is true for the benefit of everybody.  I'll hear from some

10   of the defense attorneys in just a second -- is, okay, you want

11   me to hold off everything, hold off further discovery, hold off

12   any determination about a sample, see how far you get and how

13   far I get on your impending, as you put it, summary judgment

14   motion or partial summary judgment motion against Amazon and

15   Alexa, and I want to know, before I embark on that and whether

16   I go along with your request, how much of a predictor for

17   future work, future summary adjudication motions, other cases,

18   that motion is going to be, what kind of a predictor will it

19   be.

20           MR. MAUSNER:   Okay.  For that example of pay sites,

21   that's the same issue that is in all three cases.

22           There are some issues regarding Alexa that are unique

23   to Alexa.

24           THE COURT:   Like what?

25           MR. MAUSNER:   Alexa did not have a designated

1

2

3

4                              CERTIFICATE

5

6          I hereby certify that pursuant to Section 753,

7      Title 28, United States Code, the foregoing is a true and

8      correct transcript of the stenographically reported

9      proceedings held in the above-entitled matter and that the

10     transcript page format is in conformance with the

11     regulations of the Judicial Conference of the United States.

12

13     Date: OCTOBER 8, 2008

14

15                    _Cindy L Nirenberg_

16                    Cindy L. Nirenberg, CSR No. 5059

17

18

19

20

21

22

23

24

25

EXHIBIT C

**From:** Rachel M Herrick (rachelherrick@quinnemanuel.com)
**To:** Valerie Kincaid
**Date:** Thursday, May 8, 2008 5:57:01 PM
**Cc:** Jeff Mausner
**Subject:** RE: Perfect 10/Google: Google's Responses to Requests for Admissions

Hi Valerie,

As I explained last week, we have been devoting all of our energies over the past several weeks to Google's document production effort related to the court's recent discovery order. This must take precedence given the court order. I told you that I would follow up with you thereafter, and I will.

Regarding the 4th set of requests for admission, we are preparing a letter responding to yours, which should speed up the telephonic meet and confer. You will be receiving it later this week or early next week.

Regarding the 1st -3d sets of requests for admission, as mentioned above, we had to set aside most other projects during the past several weeks to focus on the document production. We are working on the amended responses and will serve them as soon as they are complete. This is a large project and it takes time. We would appreciate it if you would refrain from sending repeated follow up emails asking when these amended responses are coming. It is unnecessary. By way of comparison, Perfect 10 has given us assurances for several months now that they will be producing additional documents and information in response to Google's meet and confer efforts. We have accepted those representations at face value, and have refrained from sending repeated follow up emails asking when these documents are coming, because we trust that Perfect 10 will make good on its word and serve these documents as soon as practicable. We would appreciate this same courtesy from you.

Thanks,

Rachel M. Herrick
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100
E-mail: rachelherrick@quinnemanuel.com
Web: www.quinnemanuel.com

---

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Thursday, May 08, 2008 5:31 AM
**To:** Rachel M Herrick
**Cc:** Jeff Mausner
**Subject:** Fw: Perfect 10/Google: Google's Responses to Requests for Admissions

Rachel,

I never received a response to my e-mail below. Under the Local Rules, the meet and confer should have taken place over a month ago. Please provide your availability immediately.

Also, you said that you would provide amended/supplemental responses to the first - third sets of requests for admissions in April, but we have not received them. When will we receive those responses?

Thanks, Valerie

Valerie

Valerie Kincaid
valeriekincaid@yahoo.com

----- Forwarded Message ----
From: Valerie Kincaid <valeriekincaid@yahoo.com>
To: Rachel M Herrick <rachelherrick@quinnemanuel.com>
Cc: Jeff Mausner <jeffmausner@bmrlaw.com>
Sent: Tuesday, April 29, 2008 10:54:22 PM
Subject: Re: Perfect 10/Google: Google's Responses to Requests for Admissions

Rachel,

When are you available to meet and confer regarding the fourth set of requests for admissions?  You
said you would do so after you got out the document production.

Thanks, Valerie

Valerie Kincaid
valeriekincaid@yahoo.com

----- Original Message ----
From: Rachel M Herrick <rachelherrick@quinnemanuel.com>
To: Valerie Kincaid <valeriekincaid@yahoo.com>
Cc: Jeff Mausner <jeffmausner@bmrlaw.com>
Sent: Tuesday, April 29, 2008 7:32:59 PM
Subject: RE: Perfect 10/Google: Google's Responses to Requests for Admissions

Hi Valerie,

The document production is going out this week.  Jeff is aware of this and can fill you in on the details.

Thanks,

Rachel M. Herrick
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax:  (650) 801-5100
E-mail:  rachelherrick@quinnemanuel.com
Web:  www.quinnemanuel.com

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Tuesday, April 29, 2008 3:13 PM
**To:** Rachel M Herrick
**Cc:** Jeff Mausner
**Subject:** Fw: Perfect 10/Google: Google's Responses to Requests for Admissions

Hi Rachel

I would appreciate a response to my e-mail below, which I sent one week ago.

Thanks, Valerie

Valerie Kincaid
valeriekincaid@yahoo.com


----- Forwarded Message ----
From: Valerie Kincaid <valeriekincaid@yahoo.com>
To: Rachel M Herrick <rachelherrick@quinnemanuel.com>
Cc: Jeff Mausner <jeffmausner@bmrlaw.com>
Sent: Tuesday, April 22, 2008 11:09:14 AM
Subject: Re: Perfect 10/Google: Google's Responses to Requests for Admissions

Rachel,

There is nothing "vague" about any of the definitions.  Please get back to me shortly regarding the fourth
set of requests for admissions; you were sent the meet and confer letter a month ago.

When are you serving the document production?

Thanks, Valerie


Valerie Kincaid
valeriekincaid@yahoo.com


----- Original Message ----
From: Rachel M Herrick <rachelherrick@quinnemanuel.com>
To: Valerie Kincaid <valeriekincaid@yahoo.com>
Cc: Thomas Nolan <thomasnolan@quinnemanuel.com>
Sent: Tuesday, April 22, 2008 12:28:38 AM
Subject: RE: Perfect 10/Google: Google's Responses to Requests for Admissions

Hi Valerie,

We are sorry to hear that Perfect 10 is unwilling to clarify the vague definitions Google identified during our last
meet and confer call.

I will get back to you regarding the 4th set of RFAs after we serve Google's upcoming document production.

Thanks,

Rachel

---

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Thursday, April 17, 2008 10:41 PM
**To:** Rachel M Herrick
**Cc:** Jeff Mausner
**Subject:** Perfect 10/Google: Google's Responses to Requests for Admissions

Rachel,

During our telephonic meet and confer last week, you asked Perfect 10 to revise certain defined terms. (Those defined terms are: DISPLAYED ON GOOGLE SERVERS; ESSENTIALLY IDENTICAL TO; LINKED; BASE URL; and COPIED FROM.) We considered your request, and Perfect 10 is not revising any of the definitions.

We are still waiting to receive Google's supplemental/amended responses to the requests you identified in your meet and confer letter, dated February 29, 2008, and the supplemental/amended responses to the requests you identified during the telephonic meet and confer which took place last week. (Nos. 55, 81, 131, 132, 133.) You have stated that Google will serve supplemental/amended responses by the end of this month, at the latest. We look forward to receiving those responses.

Furthermore, we need to meet and confer regarding Google's responses to the fourth set of requests for admissions. There is no reason to delay a telephonic meet and confer. Please let me know when you are available to do so. I am available late tomorrow afternoon.

Thanks, Valerie

Valerie Kincaid
valeriekincaid@yahoo.com

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

EXHIBIT D

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation<br><br>        Plaintiff,<br><br>    vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive<br><br>        Defendants. | Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>DEFENDANT GOOGLE INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF PERFECT 10, INC.'S FOURTH SET OF REQUESTS FOR ADMISSION |

AND COUNTERCLAIM

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | |

PROPOUNDING PARTY:    PLAINTIFF PERFECT 10, INC.

RESPONDING PARTY:    DEFENDANT GOOGLE INC.

SET NO.:    FOUR

created by Perfect 10. To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated). Google further objects to the request as compound and unintelligible, especially with respect to the purported citation to FER G25 following the request. Subject to and without waiving the specific and General Objections above, Google admits that the search results in Google Image Search include links that are associated with the third party web pages posting those images. Google otherwise denies the request.

**REQUEST FOR ADMISSION NO. 654:**

Admit that in FER G25, the link www.celebritybattles.com/ celeb/Monika+Zsibrita, provides access to the web page www.celebritybattles.com/ celeb/Monika+Zsibrita. Levine depo. p. 130.

**RESPONSE TO REQUEST FOR ADMISSION NO. 654:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as it calls for information outside of Google's possession, custody, or control. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially as to time and with respect to the terms and phrases "link" and "provides access." Google further objects that the request relies upon unauthenticated images and documents created by Perfect 10. To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated). Google further objects to the request as compound and unintelligible, especially with respect to the purported citation to Levine deposition

-252-

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

1  following the request.  Subject to and without waiving the specific and General

2  Objections above, Google admits that the search results in Google Image Search

3  include links that are associated with the third party web pages posting those

4  images.  Google otherwise, having made a reasonable inquiry, responds that it lacks

5  the information to truthfully admit or deny the request.

6

7  **REQUEST FOR ADMISSION NO. 655:**

8        Admit that as of July 9, 2006, Google had not disabled access to the

9  web page www.celebritybattles.com/ celeb/Monika+Zsibrita.

10

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 655:**

12        Google objects to the request as it seeks information not reasonably

13  related to the claims, defenses, or subject matter of the action, making the request

14  overbroad, unduly burdensome and oppressive.  Google further objects to the

15  request as it calls for information outside of Google's possession, custody, or

16  control.  Google further objects to the request as it seeks information equally

17  accessible to Perfect 10.  Google further objects to the request as vague and

18  ambiguous, especially with respect to the terms "disabled" and "access."  Google

19  further objects that the request relies upon unauthenticated images and documents

20  created by Perfect 10.  Subject to and without waiving the specific and General

21  Objections above, Google denies the request.

22

23  **REQUEST FOR ADMISSION NO. 656:**

24        Admit that some Google users who look at adult images are not using

25  Google to do research.  Levine depo. p. 31.

26

27

28

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 656:**

2          Google objects to the request as it seeks information not reasonably

3  related to the claims, defenses, or subject matter of the action, making the request

4  overbroad, unduly burdensome and oppressive.  Google further objects to the

5  request as it seeks information equally accessible to Perfect 10.  Google further

6  objects to the request as vague and ambiguous, especially as to time and with

7  respect to the terms "look," "adult images," "using" and "research."  To the extent

8  the request seeks to confirm information apparent from the face of a document,

9  Google also objects to the request in that the document speaks for itself (once

10  properly authenticated).  Google further objects to the request as compound and

11  unintelligible, especially with respect to the purported citation to Levine deposition

12  following the request.  Subject to and without waiving the specific and General

13  Objections above, Google, having made a reasonable inquiry, responds that it lacks

14  the information to truthfully admit or deny the request.

15

16  **REQUEST FOR ADMISSION NO. 657:**

17          Admit that most Google users who are seeking adult images are not

18  doing so to do research.

19

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 657:**

21          Google objects to the request as it seeks information not reasonably

22  related to the claims, defenses, or subject matter of the action, making the request

23  overbroad, unduly burdensome and oppressive.  Google further objects to the

24  request as it calls for information outside of Google's possession, custody, or

25  control.  Google further objects to the request as it seeks information equally

26  accessible to Perfect 10.  Google further objects to the request as vague and

27  ambiguous, especially with respect to the terms and phrases "seeking," "adult

28  images" and "research."  To the extent the request seeks to confirm information

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated). Subject to and without waiving the specific and General Objections above, Google, having made a reasonable inquiry, responds that it lacks the information to truthfully admit or deny the request.

**REQUEST FOR ADMISSION NO. 658:**

Admit that some Google users who are using GOOGLE to find adult images are not doing research.

**RESPONSE TO REQUEST FOR ADMISSION NO. 658:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as it calls for information outside of Google's possession, custody, or control. Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "find," "adult images" and "research." Subject to and without waiving the specific and General Objections above, Google, having made a reasonable inquiry, responds that it lacks the information to truthfully admit or deny the request.

**REQUEST FOR ADMISSION NO. 659:**

Admit that most Google users who click on Perfect 10 reduced-size images available in GOOGLE Image Search results are not doing research.

-255-

**RESPONSE TO REQUEST FOR ADMISSION NO. 659:**

  Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as it calls for information outside of Google's possession, custody, or control. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "Perfect 10 reduced-size images," "available" and "research." Subject to and without waiving the specific and General Objections above, Google, having made a reasonable inquiry, responds that it lacks the information to truthfully admit or deny the request.

**REQUEST FOR ADMISSION NO. 660:**

  Admit that John Levine had no idea what percentage of GOOGLE users who use GOOGLE to find adult images are doing research. Levine depo. p. 38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 660:**

  Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it calls for information outside of Google's possession, custody, or control as to what the deponent knew or remembered. Google further objects to the request as it seeks

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "find," "adult images" and "research." To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated).

**REQUEST FOR ADMISSION NO. 661:**

Admit that John Levine had no idea whether newsgroups that offer thousands of full-length movies owned the rights to those movies. Levine depo. p. 70.

**RESPONSE TO REQUEST FOR ADMISSION NO. 661:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it calls for information outside of Google's possession, custody, or control as to what the deponent knew or remembered. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request in that it calls for a legal conclusion as to what constitutes ownership of the rights to "those movies." Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "newsgroups," "offer," "full-length movies" and "rights." To the extent the request seeks to confirm information

1 apparent from the face of a document, Google also objects to the request in that the
2 document speaks for itself (once properly authenticated).

3

4 **REQUEST FOR ADMISSION NO. 662:**

5 Admit that John Levine had heard people allege that usenet newsgroups
6 were full of piracy. Levine depo. p. 71.

7

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 662:**

9 Google objects to the request as it seeks information not reasonably
10 related to the claims, defenses, or subject matter of the action, making the request
11 overbroad, unduly burdensome and oppressive. Google further objects to the
12 request as calling for an admission or denial regarding deposition testimony given in
13 this case. Such requests are harassing, argumentative, beyond the scope of Fed. R.
14 Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions
15 themselves, and do not narrow or eliminate issues for trial, because deposition
16 testimony speaks for itself. Google further objects to the request as it calls for
17 information outside of Google's possession, custody, or control as to what the
18 deponent knew or remembered. Google further objects to the request as it seeks
19 information equally accessible to Perfect 10. Google further objects to the request
20 in that it calls for a legal conclusion as to what is "piracy." Google further objects to
21 the request as vague and ambiguous, especially with respect to the terms and phrases
22 "allege," "usenet newsgroups" and "piracy." To the extent the request seeks to
23 confirm information apparent from the face of a document, Google also objects to
24 the request in that the document speaks for itself (once properly authenticated).

25
26
27
28

**REQUEST FOR ADMISSION NO. 663:**

Admit that John Levine had no idea what percentage of websites that offer naked images of thousands of celebrities owned the rights to their content. Levine depo. p. 79.

**RESPONSE TO REQUEST FOR ADMISSION NO. 663:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it calls for information outside of Google's possession, custody, or control as to what the deponent knew or remembered. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request in that it calls for a legal conclusion as to what constitutes ownership of content. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "websites that offer naked images of thousands of celebrities" and "owned the rights to their content." To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated).

**REQUEST FOR ADMISSION NO. 664:**

Admit that John Levine stated that it was unlikely that Reese Witherspoon, Jennifer Aniston, Heather Graham, and Sarah Michelle Geller had given the website skanycelebs.com the right to use their images. Levine depo. p. 82.

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 664:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request in that it calls for a legal conclusion as to when a website has been given the right to use an image. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "unlikely," "given," "website skankycelebs.com" and "right to use their images." To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated).

**REQUEST FOR ADMISSION NO. 665:**

Admit that John Levine stated that it was unlikely that the website celebrityworld.tv owned the rights to all of its celebrity pictures. Levine depo. p. 84.

**RESPONSE TO REQUEST FOR ADMISSION NO. 665:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R.

Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request in that it calls for a legal conclusion as to what constitutes ownership of rights. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "unlikely," "website celebrityworld.tv," "owned" and "rights to all of its celebrity pictures." To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated).

**REQUEST FOR ADMISSION NO. 666:**

Admit that John Levine stated that GOOGLE could look for language on websites suggesting that the website did not own the rights to its content. Levine depo. p. 91.

**RESPONSE TO REQUEST FOR ADMISSION NO. 666:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request in that it calls for a legal conclusion as to what language indicates a website does not "own the rights to its content." Google further objects to the request as vague and

1  ambiguous, especially with respect to the terms and phrases "could," "language,"
2  "suggesting" and "own the rights to its content." To the extent the request seeks to
3  confirm information apparent from the face of a document, Google also objects to
4  the request in that the document speaks for itself (once properly authenticated).
5
6  **REQUEST FOR ADMISSION NO. 667:**
7         Admit that John Levine stated that GOOGLE could program its crawler
8  not to crawl websites that contained specific text such as text indicating that they did
9  not own their content. Levine depo. p. 95-96.
10
11 **RESPONSE TO REQUEST FOR ADMISSION NO. 667:**
12        Google objects to the request as it seeks information not reasonably
13 related to the claims, defenses, or subject matter of the action, making the request
14 overbroad, unduly burdensome and oppressive. Google further objects to the
15 request as calling for an admission or denial regarding deposition testimony given in
16 this case. Such requests are harassing, argumentative, beyond the scope of Fed. R.
17 Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions
18 themselves, and do not narrow or eliminate issues for trial, because deposition
19 testimony speaks for itself. Google further objects to the request as it seeks
20 information equally accessible to Perfect 10. Google further objects to the request
21 in that it calls for a legal conclusion as to what language indicates a website does not
22 "own the rights to its content." Google further objects to the request as vague and
23 ambiguous, especially with respect to the terms and phrases "could," "program,"
24 "specific text" and "indicating that they did not own their content." To the extent
25 the request seeks to confirm information apparent from the face of a document,
26 Google also objects to the request in that the document speaks for itself (once
27 properly authenticated).
28

## REQUEST FOR ADMISSION NO. 668:

Admit that John Levine stated that he was not privy to all of GOOGLE's internal technology. Levine depo. p. 97.

## RESPONSE TO REQUEST FOR ADMISSION NO. 668:

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "privy" and "internal technology." To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated).

## REQUEST FOR ADMISSION NO. 669:

Admit that John Levine stated that he was not privy to proprietary information about GOOGLE's internal processes and capabilities. Levine depo. p. 98, 136.

## RESPONSE TO REQUEST FOR ADMISSION NO. 669:

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]

1  request as calling for an admission or denial regarding deposition testimony given in
2  this case. Such requests are harassing, argumentative, beyond the scope of Fed. R.
3  Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions
4  themselves, and do not narrow or eliminate issues for trial, because deposition
5  testimony speaks for itself. Google further objects to the request as it seeks
6  information equally accessible to Perfect 10. Google further objects to the request
7  as vague and ambiguous, especially with respect to the terms and phrases "privy to
8  proprietary information" and "internal processes and capabilities." To the extent the
9  request seeks to confirm information apparent from the face of a document, Google
10 also objects to the request in that the document speaks for itself (once properly
11 authenticated).

12

13 **REQUEST FOR ADMISSION NO. 670:**

14        Admit that John Levine stated that GOOGLE was in charge of what
15 images GOOGLE displayed in its Image Search results. Levine depo. p. 102.

16

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 670:**

18        Google objects to the request as it seeks information not reasonably
19 related to the claims, defenses, or subject matter of the action, making the request
20 overbroad, unduly burdensome and oppressive. Google further objects to the
21 request as calling for an admission or denial regarding deposition testimony given in
22 this case. Such requests are harassing, argumentative, beyond the scope of Fed. R.
23 Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions
24 themselves, and do not narrow or eliminate issues for trial, because deposition
25 testimony speaks for itself. Google further objects to the request as it seeks
26 information equally accessible to Perfect 10. Google further objects to the request
27 as vague and ambiguous, especially with respect to the terms and phrases "in
28 charge" and "images GOOGLE displayed." To the extent the request seeks to

confirm information apparent from the face of a document, Google also objects to

the request in that the document speaks for itself (once properly authenticated).

**REQUEST FOR ADMISSION NO. 671:**

     Admit that John Levine did not see any public benefit in GOOGLE

recommending the terms kidfuck, childsex, or childfuck to potential GOOGLE

advertisers. Levine depo. p. 119.

**RESPONSE TO REQUEST FOR ADMISSION NO. 671:**

     Google objects to the request as it seeks information not reasonably

related to the claims, defenses, or subject matter of the action, making the request

overbroad, unduly burdensome and oppressive. Google further objects to the

request as calling for an admission or denial regarding deposition testimony given in

this case. Such requests are harassing, argumentative, beyond the scope of Fed. R.

Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions

themselves, and do not narrow or eliminate issues for trial, because deposition

testimony speaks for itself. Google further objects to the request as it calls for

information outside of Google's possession, custody, or control as to what the

deponent knew or remembered. Google further objects to the request as it seeks

information equally accessible to Perfect 10. Google further objects to the request

in that it calls for a legal conclusion to the extent "public benefit" is defined with

reference to copyright law or other legal doctrines. Google further objects to the

request as vague and ambiguous, especially with respect to the terms and phrases

"see," "public benefit" and "recommending." To the extent the request seeks to

confirm information apparent from the face of a document, Google also objects to

the request in that the document speaks for itself (once properly authenticated).

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 672:**

Admit that John Levine stated that GOOGLE could block its program from suggesting the words, kidfuck, childsex, or childfuck to potential advertisers. Levine depo. p. 121.

**RESPONSE TO REQUEST FOR ADMISSION NO. 672:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as calling for an admission or denial regarding deposition testimony given in this case. Such requests are harassing, argumentative, beyond the scope of Fed. R. Civ. P. 36(a)(1), unreasonably cumulative and duplicative of the depositions themselves, and do not narrow or eliminate issues for trial, because deposition testimony speaks for itself. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially with respect to the terms and phrases "could block" and "suggesting." To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated).

**REQUEST FOR ADMISSION NO. 673:**

Admit that by inputting the string celebritybattles.com/celeb/Monika+Zsibrita into GOOGLE's search box, GOOGLE can find all Google Web Search results that contain that string. Levine P169,171.

**RESPONSE TO REQUEST FOR ADMISSION NO. 673:**

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request

## RESPONSE TO REQUEST FOR ADMISSION NO. 683:

Google objects to the request as it seeks information not reasonably related to the claims, defenses, or subject matter of the action, making the request overbroad, unduly burdensome and oppressive. Google further objects to the request as it seeks information equally accessible to Perfect 10. Google further objects to the request as vague and ambiguous, especially with respect to the terms "complete control" and "links." Google further objects that the request relies upon unauthenticated images and documents created by Perfect 10. To the extent the request seeks to confirm information apparent from the face of a document, Google also objects to the request in that the document speaks for itself (once properly authenticated). Google further objects to the request as compound and unintelligible, especially with respect to the purported citation to the Levine deposition following the request. Subject to and without waiving the specific and General Objections above, Google admits that the Google Image Search service links to third-party web pages on which the indexed images are posted. Google otherwise denies the request.

DATED:  August 8, 2008

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Rachel M. Herrick_

Rachel M. Herrick
Attorneys for Google Inc.

Case No. CV 04-9484 AHM (SHx)
[Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S AMENDED RESPONSES TO PERFECT 10'S FOURTH SET OF REQUESTS FOR ADMISSION

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2       michaelzeller@quinnemanuel.com
      865 South Figueroa Street, 10th Floor
3   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000; Facsimile: (213) 443-3100
4       Charles K. Verhoeven (Bar No. 170151)
        charlesverhoeven@quinnemanuel.com
5   50 California Street, 22nd Floor
      San Francisco, California 94111
6       Rachel M. Herrick (Bar No. 191060)
        rachelherrick@quinnemanuel.com
7   555 Twin Dolphin Drive, Suite 560
      Redwood Shores, California 94065-213
8
      Attorneys for Defendant GOOGLE INC.
9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

13   PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
      corporation,                          [Consolidated with Case No. CV 05-
                                            4753 AHM (SHx)
14              Plaintiff,

15         vs.

16   GOOGLE INC., a corporation; and        PROOF OF SERVICE
      DOES 1 through 100, inclusive,
17
                Defendants.
18
   _____
19   AND COUNTERCLAIM
   _____
20   PERFECT 10, INC., a California
      corporation,
21
                Plaintiff,
22
           vs.
23
     AMAZON.COM, INC., a corporation;
24   A9.COM, INC., a corporation; and
      DOES 1 through 100, inclusive,
25
                Defendants.
26

27

28
   _____
                     PROOF OF SERVICE

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 50 California Street 22nd Floor San Francisco, CA 94111.

On August 8, 2008, I served true copies of the following document(s) described as **Google Inc.'s Amended Responses and Objections to Plaintiff's Corrected First Set of Requests for Admission; Google Inc.'s Amended Response to Plaintiff's Second Set of Requests for Admission; Google Inc.'s Amended Response to Plaintiff's Third Set of Requests for Admission; and Google Inc.'s Amended Responses to Plaintiff's Fourth Set of Requests for Admission** on the parties in this action as follows:

Jeff Mausner
Mausner IP Law
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367-3640
Tel: 310-617-8100
Fax: 818-716-2773
jeffmausner@bmrlaw.com
**ATTORNEY FOR
PLAINTIFF/COUNTER-
DEFENDANT PERFECT 10, INC.**

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from bradlove@quinnemanuel.com on August 8, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 8, 2008, at San Francisco, California.

Brad Love

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)

PROOF OF SERVICE