QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel M. Herrick (Bar No. 191060)
    rachelherrick@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF GOOGLE'S MOTION TO DETERMINE THE SUFFICIENCY OF PERFECT 10, INC.'S RESPONSES TO GOOGLE'S REQUESTS FOR ADMISSION, SETS 1 AND 2**<br><br>Hon. Stephen J. Hillman<br><br>Courtroom.: 550<br>Hearing Date: November 17, 2008<br>Hearing Time: 2:00 pm<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

## I. P10 SHOULD BE COMPELLED TO ANSWER RFAS IT IGNORED.

### A. P10 Admits It Made No Attempt To Answer 478 Requests.

As P10 concedes, it did not substantively respond to 478 of Google's RFAs. Jt. Stip., at 5, 6, 348. Nor did it undertake any reasonable inquiry into the matters requested, as Rule 36 requires. P10's misconduct is particularly egregious where, as here, the Requests call for information readily at P10's disposal. For example, Request No. 956 asks P10 to "[a]dmit that more than one thousand IMAGES are currently displayed at perfect10.com." The October 13, 2008 Zada Declaration, filed in support of P10's motion for partial summary judgment against Alexa, demonstrates that its president could have admitted this Request literally off the top of his head. (See Case No. 05-cv-04753-AHM-SH, Dkt. No. 177, ¶ 4 ("Consumers are provided access to more than 15,000 P10 images and videos on P10's website...")). Instead, P10 ignored Google's Request and then provided this information only when it served P10's own interests in moving for summary judgment. The Federal Rules are designed to avoid this type of sandbagging. P10's willful disregard of the Requests is inexcusable. The Court need look no further to deem these Requests admitted. See A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 257 (C.D.Cal. 2006) (deeming requests admitted).

### B. P10's Excuses Do Not Pass Muster.

#### 1. There is No Discovery Stay in Place.

P10 posits that it should not have to respond to Google's requests because discovery is stayed. The contention is frivolous. After P10 had made this claim, Google specifically asked Judge Matz at an October 6, 2008 hearing to make clear there is no discovery stay. He expressly confirmed that "[d]iscovery is not stayed." (Supp. Decl. of Rachel Herrick ("Supp. Decl."), Ex. 1 [10/6/08 Transcript, p. 57].)

#### 2. P10's Claim of Undue Burden Fails.

P10 claims it should not be required to respond to a "large number" of Requests. The sole case it cites supports Google, however. In McCloud v. Bd. of

-1- Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S SUPPLEMENTAL MEMORANDUM

Geary County Commissioners, 2008 WL 3502436 (D. Kan. 2008), the court *rejected* generalized objections to the number of requests served and ordered responses to more than 425 requests. Id., at *3 ("A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery *must show specifically how each discovery request* is irrelevant, immaterial, unduly burdensome or overly broad." (emphasis in original)). Further, P10 does not dispute that this is a complex case or that a large number of alleged DMCA notices, images and alleged infringements are at issue here. As P10 concedes, large numbers of requests are permitted in complex cases to help narrow the issues, as here. Jt. Stip., at 348 (citing Solomon S.A. v. Alpina Sports Corp., 737 F.Supp. 720, 726 (D.N.H. 1990)). Indeed, P10's burden claim is belied by the number of Requests it served on Google—715, to be exact—which Google answered. Having demanded and received answers to 715 of its own requests, P10's unsubstantiated cries of burden are misplaced.

### 3. P10's Relevance Arguments Are Meritless.

P10 tries to excuse its failures by arguing that *some* of the Requests—specifically, the Requests regarding P10's 2001 communications—are not relevant. At no point during the parties' weeks of meet and confer discussions did P10 raise this argument. It is thus inappropriate here. Moreover, the Requests are indeed relevant since they go directly to P10's own claims. P10 inadvertently proves the point by arguing that its 2001 communications comply with the DMCA. Of course, such merits-based contentions cannot serve to defeat this discovery motion. To the contrary, that P10 attempts to argue even here about the validity of those notices shows that they are at issue in this case, and thus the appropriate subject of discovery.

As for the remaining Requests directed to P10's 2004-2008 alleged DMCA notices, P10's only other relevance argument is that its communications "speak for themselves." Jt. Stip., at 346. This is a non-starter for two reasons. First, P10 failed to assert this objection in its written responses, and thus waived it. Richmark Corp. v.

Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection.") Second, this has nothing to do with relevance. P10's alleged DMCA notices *are* relevant, for the reasons set forth in the Joint Stipulation. Indeed, P10 admits that there may be "justifiable reasons to seek admissions" regarding certain aspects of P10's communications to Google. Jt. Stip., at 346. P10 may not unilaterally decide to answer just some of these Requests—unless P10 withdraws its infringement claims regarding the alleged notices for which it refused to provide responses.

### 4. P10's excuse that it is "busy" is unavailing.

P10 asks for a pass on its discovery obligations because it is busy, among other tasks, filing its own motions for summary judgment in other cases. The excuse is factually and legally baseless. This is not a situation where P10 is asking for some reasonable extension of time. P10 has had, literally now, months to respond to the Requests. Nor is there any Federal Rule that allows P10 to ignore its obligations and prejudice Google's defense on the grounds that it is "too busy." Quite the opposite. That P10 is proceeding with dispositive motions only serves to underscore that P10 should be deemed to have admitted the Requests or be compelled to answer them immediately. P10 chose to sue Google and institute other cases as well. It now must comply with the Rules and its discovery obligations as any plaintiff is expected to do.

### 5. P10's attempt to point the finger at Google falls short.

P10 asserts its conduct should be excused because Google supposedly delayed in amending Google's own responses. This gets P10 nowhere. Google's responses are not at issue here, and if P10 believes that Google has been remiss in discovery it must send a meet and confer letter as the Rules require and proceed with a motion.[1]

---

[1] P10 has never done so for the simple reason that its allegations about Google's responses are also false. Google properly responded to all 715 of P10's RFAs. The very next month after P10 had complained about them, Google (unlike P10 here)
(footnote continued)

P10's argument does not justify its refusal to provide the discovery sought here.

## II. P10 SHOULD BE ORDERED TO DELETE ITS COMMENTARY.

P10 argues that its insertion of non-responsive commentary was necessary because the Requests in question called for "half-truths." P10 cites only an inapposite, out-of-circuit district court case from over fifty years ago, Knowlton v. Atchison, T. & S. F. Ry. Co., 11 F.R.D. 62 (D. Mo. 1951), that interpreted the 1946 version of Rule 36. It also fails to cite a single example of a Request supposedly calling for a "half-truth" or one that could not be admitted or denied without the additional commentary. Indeed, none of Google's Requests fit this bill. For example, Request No. 200 asks P10 to "[a]dmit that YOU have used optimization techniques to increase the likelihood that perfect10.com will be indexed against key words used by users of GOOGLE's search engine." P10's response included the following argumentative commentary: "However, because GOOGLE biases its search results to favor infringing advertising affiliates, Perfect 10's efforts have not been successful." In addition to being demonstrably false, this statement has nothing to do with the request, which simply asks whether P10 has used certain optimization techniques—P10 either has, or it hasn't. See also Request Nos. 18, 19, 158, 207, 391.

As P10 concedes, courts must test whether "any qualification which has been supplied is a *good faith* qualification." Jt. Stip., at 450. P10 has failed to show that *any* of its commentary were necessary, good-faith qualifications that addressed the truth of the matter requested. Indeed, they were not, and should be removed.[2]

---

agreed in writing to amend specific responses. (Suppl. Decl., ¶ 14.) Google served its amended responses in early August 2008. P10 has never voiced a single complaint about them—until Google served P10 with this motion. (Id.)

[2] P10 wrongly claims that the portion of Google's motion regarding its First Set of Requests is premature because, after five months of stonewalling, P10 said that it *might* amend *certain* unspecified responses in the Set. Google is well within its rights to bring this motion after more than five months of diligent but unsuccessful meet and
(footnote continued)

## III. P10'S EVASIVE DENIALS ARE IMPROPER.

P10's argument that a denial on the basis of its objections somehow "responds to the substance of the matter requested" is incorrect. P10 cites no authority in support, and in fact, concedes that a denial must "fairly meet the substance of the request." Jt. Stip., at 450. P10's responses to these Requests are evasive as they make no attempt to address the substance of the matter requested.[3]

## IV. P10'S OTHER OBJECTIONS ARE MERITLESS.

P10's argument that Request Nos. 2, 3, 4, and 5 seek a conclusion of law fails because requests referencing specific facts and asking for P10's contention as to how the governing law applies to those facts are proper. See Fed. R. Civ. P. 36(a)(1)(A). These particular requests ask P10 to admit that specific copyrighted works (like the perfect.com website), are compilations as defined by the Copyright Act. As such, these Requests must be answered. Moreover, P10 apparently concedes that Request Nos. 53, 91, 103, 136, 139, and 153 are not objectionable on this basis. Similarly, P10 does not dispute (and thus concedes) that its objection that *Google* has information called for by the Requests is contrary to the clear text of the Rules. Thus, P10's objections are improper and do not excuse its failure to respond.

DATED: November 3, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Rachel M. Herrick
Rachel M. Herrick
Attorneys for Defendant Google Inc.

---

confer efforts. Moreover, when P10 made a similar generalized promise to amend the Second Set, it later reneged. (Supp. Decl., ¶ 11.) Even now, P10 still has yet to agree to amend even a single response in the First Set. This motion is ripe.

[3] P10 conflates Issues 2 and 3, attempting to extend its argument that non-responsive commentary can be inserted in responses to justify its evasive denials. But P10's only cited authority states that "voluntary statements" and "unresponsive matter" should *not* be included in responses. Knowlton, 11 F.R.D. at 66.