QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel M. Herrick (Bar No. 191060)
    rachelherrick@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF GOOGLE INC.'S OPPOSITION TO PERFECT 10'S IMPROPER REQUEST FOR STAY, AND REQUEST FOR SANCTIONS<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF GOOGLE INC.'S OPPOSITION TO PERFECT 10'S IMPROPER REQUEST FOR STAY, AND REQUEST FOR SANCTIONS

Dockets.Justia.com

I, Michael T. Zeller, declare as follows:

1.  I am a member of the Bars of the States of California, New York and Illinois, am admitted to practice before this Court and am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would competently testify thereto.

2.  On May 7, 2008, Google agreed to Perfect 10's request for a two-week extension to serve responses to Google's 4th Set of Interrogatories, "with the understanding that Perfect 10 will grant us similar courtesies when we need them in the future." Nevertheless, the following month, in June 2008, when Perfect 10 unilaterally noticed the hearing on its Motion for Leave to file a Second Amended Complaint for July 7, 2008, my colleague, Rachel M. Herrick, informed Perfect 10's counsel that I would still be in trial in the matter <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>, Case No. CV 04-9049 SGL, consolidated with Case Nos. CV 04-09059 and CV 05-02727, pending before the Hon. Stephen G. Larson in the Central District of California (Eastern Division, Riverside California) at that time, and therefore would be unavailable for a hearing on that date. Accordingly, Ms. Herrick requested that Perfect 10 agree to continue the hearing to any law and motion date in the month of August that was convenient for Perfect 10. Perfect 10 refused to grant Google this professional courtesy.

3.  Moreover, after Perfect 10's Motion for Leave was granted, Ms. Herrick requested via email that Perfect 10 agree to a two-week extension of the deadline for Google to file its Answer to the Second Amended Complaint. Perfect 10 again refused.

4.  On October 14, 2008, Mark T. Jansen, lead counsel for Amazon.com, Inc. and Alexa Internet, Inc. in the consolidated action, <u>Perfect 10,</u>

-1- Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF GOOGLE INC.'S OPPOSITION TO PERFECT 10'S IMPROPER REQUEST FOR STAY, AND REQUEST FOR SANCTIONS

1 | Inc. v. Amazon.com, Inc., et. al., Case No. 05-cv-4753 AHM (SHx), sent an email
2 | to Perfect 10's counsel Jeff Mausner (on which I was copied), requesting that Perfect
3 | 10 agree to continue the hearing on Perfect 10's motion for partial summary
4 | judgment against Amazon.com and Alexa Internet from November 24 (the noticed
5 | date) to a mutually-convenient time in late December 2008 or January 2009,
6 | because Mr. Jansen was scheduled to be in trial in another matter pending before
7 | Judge Lowell Jensen (N.D. Cal). I am informed that Perfect 10 not only refused to
8 | accommodate Mr. Jansen's trial schedule, but refused to coordinate a briefing
9 | schedule for Amazon.com's and Alexa Internet's responsive cross-motions for
10 | summary judgment, insisting that the hearing be held on November 24, 2008. I am
11 | further informed that when Mr. Jansen requested an extension to the briefing
12 | schedule in order to adequately respond to Perfect 10's voluminous summary
13 | judgment filing, Perfect 10 would only grant a one-week extension for the
14 | Opposition Brief, and only if Perfect 10 received a similar extension for its Reply.

15 |      5.     On November 7, 2008, Perfect 10 sent an email informing
16 | Google that Perfect 10 intends to file a motion for summary judgment against
17 | Google in the near future. Though Perfect 10's email did not set forth the substance
18 | or basis for its contemplated motion, Perfect 10 has requested to initiate meet and
19 | confer discussions regarding the motion this week.

20 |      6.     Counsel for Perfect 10 also has been uncooperative in the course
21 | of Google's efforts to meet-and-confer on discovery disputes pursuant to the Local
22 | Rules. For example, counsel for Perfect 10 cancelled a scheduled meet-and-confer
23 | 13 minutes before the scheduled date and time with no explanation and refused to
24 | address certain of the discovery issues raised in the meet-and-confer process for
25 | weeks at a time.

26 |      7.     Perfect 10 has routinely threatened to seek sanctions against
27 | Google if Google elected to seek relief from the Court regarding discovery issues.

For example, Perfect threatened to (and in fact did) seek sanctions against Google for proceeding with its Motion to Compel Further Responses to Google's Interrogatory Nos. 3 and 11. Docket Nos. 336-337. Far from sanctioning Google, however, Judge Matz granted Google's Motion in part in his Order dated September 25, 2008, finding that "it would be both fair and feasible for Perfect 10 to create a spreadsheet along the lines contemplated by Google's Interrogatories Nos. 3 and 11" and that it "also would do much to avoid or reduce further discovery disputes, promote the efficient and timely administration of these lawsuits and provide a framework for settlement." Docket No. 363.

8. Similarly, Perfect 10 threatened to seek sanctions against Google for proceeding with its Motion for Partial Reconsideration of Protective Order to Designate One Category of Documents Outside Counsel's Eyes Only. Docket No. 325. Magistrate Judge Hillman granted Google's motion in part, finding that Google had demonstrated good cause for its motion. Docket No. 365.

9. On June 30, 2008, Perfect 10 noticed a second deposition of Google pursuant to Rule 30(b)(6), setting the deposition for July 15. The deposition notice was defective for several reasons. Moreover, I was unavailable on July 15 due to my above-described responsibilities as trial counsel in the Mattel case. Accordingly, just one hour after receiving Perfect 10's defective notice, my colleague Ms. Herrick notified Perfect 10 of my unavailability. Perfect 10 insisted that the deposition proceed on July 15 anyway, unless Google would agree to another date in July. Because the Mattel trial was scheduled to last through at least July, Google requested that the deposition take place no sooner than August. Perfect 10 refused and rebuffed Google's efforts to initiate meet-and-confer regarding a motion for protective order. Perfect then went so far as to represent that it had appeared for deposition on July 15 -- despite knowing that Google had properly objected and was preparing a motion for protective order -- and purportedly

-3-

"took the non-appearance of Google." When Perfect 10 realized its mistake, it abandoned that claim and subsequently proposed later dates for the deposition.

10. Perfect 10 delivered its seven-page, single spaced portion of the present "Joint Letter" to me via email on Sunday, November 9, and demanded that Google draft and return its responsive portions by the very next day, November 10. Perfect 10 made this demand, despite the fact that I had previously informed Perfect 10 that I would be in a hearing before Judge Larson in Riverside on November 10.

11. Attached hereto as Exhibit A is a true and correct copy of excerpts of the Transcript of the October 6, 2008 Status Conference before the Hon. A. Howard Matz in the cases <u>Perfect 10, Inc. v. Google Inc.</u>, Case No. 04-cv-9484, <u>Perfect 10, Inc. v. Amazon.com, Inc., et. al.</u>, Case No. 05-4753, and <u>Perfect 10, Inc. v. Microsoft Corporation</u>, Case No. 07-5156.

12. Google has been forced to expend in excess of $1000 in fees and costs in order to respond to Perfect 10's unilateral stay request. More specifically, I have had to spend in excess of one hour in reviewing and revising the papers related to the request, at my usual and customary rate of $760 per hour. Likewise, Ms. Herrick has spent in excess of one hour of time in connection with Perfect 10's request, at her usual and customary rate of $580 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 17th day of November, 2008 at San Francisco, California.

/s/ Michael T. Zeller

Michael T. Zeller