# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone (818) 992-7500
Facsimile (818) 716-2773
E-mail: jeff@mausnerlaw.com

November 14, 2008

FILED
CLERK, U.S. DISTRICT COURT
NOV 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

The Honorable Stephen J. Hillman
Chief United States Magistrate Judge

Re: *Perfect 10 v. Google*, CV 04-9484 AHM (SHx); *Perfect 10 v. Microsoft*, CV07-5156 AHM (SHx)

*By Fax to (213) 894-4381*

Dear Judge Hillman:

Per the instructions provided by your clerk, this is a Joint Letter regarding Perfect 10's request that this Court:

(1) Order Google not to file any additional motions to compel until after December 8, 2008 (the hearing date for the motion for summary judgment in the Amazon/Alexa case), and that Google defer the meet and confer process regarding discovery issues until after December 8.

(2) Order that Google limit its discovery after December 8, 2008 to those issues pertaining to the summary judgment motion Google has said it is filing shortly, and that any future discovery be done at a reasonable pace.

## PERFECT 10'S POSITION

Perfect 10 and Amazon subsidiary A9.com just completed A9's motion for summary judgment. The hearing on Perfect 10's summary judgment motion against Amazon and its subsidiary Alexa is December 8, 2008. On November 7, Google advised Perfect 10 that it is going to be filing a motion for summary judgment in the near future. Since the October 6 status conference, the Defendants, particularly Google, have been subjecting Perfect 10 to a ceaseless barrage of e-mails and letters regarding discovery, most of it having nothing to do with issues that Judge Matz was concerned with at the October 6 hearing. It is obvious that Google is doing this to crush Perfect 10 and make it impossible for

1

Perfect 10 to deal with the substantive issues that are being litigated in the motions for summary judgment.

Perfect 10 requests that this Court limit discovery as set forth above. Perfect 10's request is necessary because Google has refused to follow the limits on discovery delineated by Judge Matz at the October 6, 2008 hearing. Instead of respecting and adhering to those limits, Google has taken an opposite tact. Google's position is that because Judge Matz did not completely stay discovery, it is free to tie-up every lose end it has neglected for the past three years, and make myriad new demands.

Google is abusing the discovery process. Since the October 6, 2008 hearing, Google has inundated Perfect 10 with discovery requests, both formal and informal. In addition, Google filed an almost 500-page Joint Stipulation (Perfect 10 contributed about 10 pages), and has threatened to imminently file numerous other motions to compel.

## I. Google's Barrage Of Discovery Requests Is Antithetical To This Court's Recent Orders And Directives And The Goals And Methodology In Them.

Instead of engaging in necessary, circumscribed discovery, Google is manufacturing new disputes and dusting-off old discovery disputes.

This Court specifically directed the parties to engage in "circumscribed" discovery and to use a sampling approach. The Court set "objectives -- i.e., summary judgment and settlement readiness -- [to be achieved] without 'going the distance' via full-fledged, uncircumscribed discovery." (Exh. A to the Kincaid Decl. filed in support of Perfect 10's portions of the Joint Stipulation, and filed by Perfect 10 on 10/21/08; September 25, 2008 Order, p. 2.)

At the hearing on October 6, 2008, Google's lead counsel, Michael Zeller, argued that the Court should not use this approach, and the Court disagreed.

> The Court: "Okay. **But what I am trying to accomplish, Mr. Zeller, is to get you the discovery that is essential and no more, not different kinds of discovery.** Now not to preclude you from it, not to say that at no time would you have the chance to compel and to get a judge to agree that Perfect 10 should be compelled to provide other discovery, but at the current time

> and under this very perhaps innovative – I've come up with the idea myself. I'm not sure that it has ever been done elsewhere, but maybe it has.
> **At this stage, that's all you're going to be confined to. You are not going to be able to seek other stuff, and Perfect 10 is not going to be compelled to give it, and whatever they think they need from you for the first stage is all – once I'm satisfied that they have a right to it for the first stage, that's all they can get.**
> *What's so bad about that?*

(See, e.g., Exhibit B to the Kincaid Decl. filed in support of Perfect 10's portions of the Joint Stipulation, and filed by Perfect 10 on 10/21/08; Transcript of 10/06/08 hearing, p. 18, ll. 4 – 20; emphasis added.)

In fact, the Court indicated a willingness to put a complete stay on discovery. (Exh. B to the Kincaid Decl.; Id., p. 38, ll. 7 - 19.)

The Court's September 25, 2008 Order requires focused discovery with "the goal" of preparing the cases for summary judgment/settlement talks. The Order contemplates that the parties will undertake discovery work in an orderly procession -- (1) identification of the copyrighted works; (2) figuring out what goes in the spreadsheet; (3) figuring out a proper sample; and (4) preparing a spreadsheet -- to achieve "the goal." Discovery will be limited/primarily focused on the copyrighted works specified in the spreadsheet. Discovery will be based on a sampling method. ("The parties in all these cases somehow succumbed to the all-too-frequent tendency of litigants and lawyers to get side tracked." (Exh. A to the Kincaid Decl.; September 25, 2008 Order, p. 1.)) The Court's goal is "to ready these cases for Rule 56 determinations or for meaningful settlement talks." (Id., pp. 1 -2.) Discovery and case assessment will be "based on a sample of the key pertinent facts." The purpose of the conference is to achieve the objectives of summary judgment/settlement readiness "without 'going the distance' via full-fledged, uncircumscribed discovery." (Id., p. 2.) The Court Order contemplates charts "*but only for a selected and relatively small sample of copyrighted works.*" (Id., p. 4; emphasis in the original.) The Court Order states that "After the entries have been made in the spreadsheet, the Court will either limit the discovery to the Perfect 10 Copyrighted Works specified in the spreadsheet or require that discovery be primarily focused on those works." (Id., p. 5.)

## II. Perfect 10 Is Inundated With Work.

At the October 6, 2008 hearing, the Court indicated a willingness to limit discovery or even stay it. In response, Google has dug up every conceivable issue and is filing and threatening motions to compel. Since the October 6, 2008 hearing, Google has sent Perfect 10 numerous correspondence about discovery matters and has demanded to meet and confer about issues it never raised prior to October 6, 2008 or had long forgotten. Beginning October 6, 2008, Google has sent counsel for Perfect 10 approximately 75 letters and e-mails regarding discovery issues.

In addition, since the October 6, 2008 hearing, Perfect 10's counsel has been inundated with work. *Inter alia*, Perfect 10 (1) filed a summary judgment motion against Alexa.com; (2) is working on the reply to Alexa.com's opposition and objections to the four declarations in support of Alexa.com's opposition; this is a massive undertaking; (3) filed the supplemental papers, revised statement of genuine issues, declarations, and exhibits regarding the A9.com summary judgment motion, as ordered by the Court; (4) prepared for and attended the hearing on the A9.com summary judgment motion; (5) filed supplemental briefing in the Amazon action regarding the protective order sought by Amazon; (6) personally met with Andrew Bridges for a full day regarding the Court's discovery plan, as ordered by the Court; (7) has been ordered by the court to file a status report regarding that meet and confer – the status report is due November 10, 2008; (8) served responses to Alexa's first set of interrogatories; (9) served responses to Alexa's first set of document requests and produced documents pursuant to it, including a hard drive containing thousands of documents; (10) prepared Perfect 10's portions for the joint stipulation served by Google regarding Perfect 10's responses to Google's first and second sets of requests for admissions; (11) prepared Perfect 10's portions for the joint stipulation served by Microsoft regarding Microsoft's IP anonymization program; and (12) spent hundreds of hours of attorney, staff and client time responding to Google's ever growing list of discovery demands.

In addition, from October 6, 2008 until now, counsel in both the Google case and the Microsoft have made a number of informal discovery requests and cannot understand why Perfect 10 has not immediately responded to those requests.

That is the workload just in these Perfect 10 cases; there are other matters, including personal matters that Perfect 10's counsel has to attend to.

Perfect 10's counsel has informed Google's counsel repeatedly that they were extremely busy and could not immediately respond to its ever growing list of discovery immediately. That just brought on an even greater onslaught of e-mails and letters demanding discovery, most of which has nothing to do with the important issues in the case.

### III. Google Is Raising Numerous Inconsequential Issues.

Below is a *small* sampling of the numerous discovery issues raised by Google over the past month.

Google's Joint Stipulation, filed on October 20, 2008, exemplifies Google's abuse of the discovery process in the hope of winning the case by dumping a non-ending mountain of busywork on Perfect 10. Google put into dispute 786 responses to requests for admissions, and it even filed the Joint Stipulation before the meet and confer process was complete.

Google has dusted off the issue of making Perfect 10 bates-stamp the electronic files Perfect 10 has produced, an issue Google first raised in 2005. Perfect 10 acceded to Google's demand that Perfect 10 immediately meet and confer about this issue, and Google repeatedly has threatened to file a motion to compel Perfect 10 to bates-stamp its electronic files. Why is it suddenly imperative to litigate an issue first raised years ago, which has nothing to do with the summary judgment motions? Furthermore, the summary judgment motions and the sampling discussions will make clear that the Adobe production, with all of its functionality, is much superior to Bates numbered TIF files.

Google has dug up the issue of making Perfect 10 stamp the word confidential on each electronic page that is confidential – a task that involves sorting through well over 1,000,000 pages. Perfect 10 acceded to Google's request that counsel immediately meet and confer about this non-pressing issue. Google had earlier raised this issue and abandoned it. In fact, when Google raised this issue at a recent hearing, the court effectively said it was trivial and that confidentiality stamping was unnecessary. Why is it of paramount importance to litigate this issue now?

Perfect 10 acquiesced to Google's demand that Perfect 10 immediately meet and confer regarding Google's perceived complaints regarding the Perfect 10 "financial documents," which have been produced. Quinn Emanuel first raised this issue in January 2008 when it first appeared as counsel for Google – prior counsel

had abandoned the issue. Beginning in January 2008, over a period of several months, Perfect 10 catered to the demands Quinn Emanuel made in a nine page January 2008 letter – and Google made numerous demands – including producing additional documents like tax returns. Perfect 10 also responded to Google's numerous other follow-up requests.

Google then sent another four page letter on March 18, 2008 with new tasks for Perfect 10. On August 28, 2008, Google decided to follow-up about a number of issues. Again, after these issues had laid dormant for months, Google decided the issues must be resolved immediately. In addition, the issues identified in the three page August letter kept multiplying. Since October 6, 2008, Google's counsel has continually added to the list of issues. Google has increased the number of issues in dispute exponentially by including: issues from Google's prior letters; variations of issues from Google's prior letters; compiling numerous follow-up questions pertaining to issues; adding new issues; and adding "informal" discovery requests. Google has used this same tactic with regard to virtually every other issue.

There are no legitimate issues in dispute regarding "financial documents," yet Google pursues non-existent issues such as insisting that Perfect 10 produce non-existent financial documents. Google's counsel has repeatedly threatened to file a motion to compel regarding the issue of financial documents, such as information Perfect 10 has redacted relating to confidential settlements and irrelevant financial information which is both highly confidential and private. Perfect 10's counsel spent numerous hours over the past few weeks attempting to obtain confidentiality waivers regarding settlements in other cases because Google's counsel decided that this long forgotten issue needed to be addressed immediately.

On the day of the October 6, 2008 hearing, Google sent a nine page, single-spaced letter detailing copyright registration documents it is missing, and demanded that Perfect 10 immediately meet and confer about the issue and immediately produce the documents. Perfect 10 met and conferred regarding this issue and spent numerous hours reviewing the letter against its documents, and has ordered documents from the Copyright Office. This was another enormous undertaking.

Google insisted that Perfect 10 meet and confer about Perfect 10's designation of six charts as confidential. This is another trivial issue that Google

claimed it needed to meet and confer about, and which is the subject of numerous threats to file yet another motion to compel.

Google and its counsel, Quinn Emanuel, are out of control and Perfect 10 asks this Court to reign in their attempts to crush a smaller litigant.

## GOOGLE'S POSITION

1. **Perfect 10's Informal Request for a Discovery Stay Is Procedurally Improper.**

In its portions of this "Joint Letter," Perfect 10 asks the Magistrate Judge to stay Google's discovery so that Perfect 10 purportedly can devote itself to preparing a single reply brief in support of its own motion for summary judgment against Alexa and Amazon in the Amazon case.

Even apart from its lack of merit (as discussed below), Perfect 10's request is procedurally improper. The power to manage the case schedule rests with the District Judge. It is not one of the powers delegated to Magistrate Judges under Rule 72(a), and the reference to the Magistrate Judge in this case was for discovery matters *only*. See Docket No. 20. If Perfect 10 believes a stay of the case is warranted, Perfect 10 is required to satisfy the pre-filing requirements of Local Rule 7-3 and then file a noticed motion with Judge Matz to modify the case schedule. Having failed to satisfy the pre-filing requirements or to bring such a properly noticed motion (or even an application for *ex parte* relief), Perfect 10's request should be rejected. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Zivkovic v. Southern Calif. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

Because a stay request can only be made to the District Judge and because Perfect 10 has failed to properly meet and confer or otherwise meet the requirements for motion practice under Local Rule 7-3, its request should be rejected on those grounds alone.

2. **Judge Matz Has Already Rejected Perfect 10's Stay Request**

Even if Perfect 10 had followed the Rules, its request lacks merit because Judge Matz has *already declined* to stay discovery in this case. Contrary to Perfect 10's suggestions, Judge Matz made clear at the October 6, 2008 Status Conference that

discovery is *not* stayed. October 6, 2008 Transcript, at 57:1-4. Specifically, Judge Matz confirmed that:

> Discovery is not stayed, but the matters that resulted in discovery motions are not going to be addressed by Judge Hillman or anyone else until we determine whether or not that really has to be decided.

Perfect 10 quotes the October 6 Transcript at length, but its characterization of Judge Matz's directives is incorrect. Judge Matz did not "delineate[]" any "limits on discovery" at that hearing. To the contrary, the Court's discussion on any "limits" was confined solely to the issue of Perfect 10's failure to identify alleged infringements. Judge Matz expressed no "willingness" to stay discovery – rather, he heard Perfect 10's request for a stay and expressly rejected it. Id. at 38:8-19, 57:1.

Nor does the earlier September 25 Order hold otherwise, as Perfect 10 suggests in its portions of this Joint Letter. Obviously, that Order came before the hearing where the Court made clear that "[d]iscovery is not stayed," so any effort to suggest that a stay was imposed prior to that hearing is unavailing. Moreover, that Order merely instructed the parties to appear at a Status Conference to *discuss the possibility* of limiting the adjudication of Perfect 10's massive claims in some meaningful way. It made no rulings, tentative or otherwise, and Perfect 10's suggestions to the contrary are without basis. Under the Federal Rules, Google is therefore entitled to proceed with discovery. See, e.g., Fed. R. Civ. P. 26(d)(2)(A) ("Unless, on motion, the court orders otherwise ... methods of discovery may be used in any sequence.").

Indeed, far from staying discovery, Judge Matz has *encouraged* the parties to continue with discovery, stating that Perfect 10 must answer (at least in substantial part) Defendants' interrogatories seeking identification of claimed works and infringements, and suggesting that the parties propound additional discovery (including contention interrogatories and/or requests for admission) in order to narrow and define the issues in the case. See October 6, 2008 Transcript, at 47:23-48:7 ("There are ways using standard discovery techniques, such as, interrogatories or requests for admissions, to narrow the issues. ... So go ahead and do it. I encourage that.").

Thus, having lost in its efforts to obtain a stay from Judge Matz, Perfect 10 now seeks a different audience, and does so via an improper impromptu "Joint Letter." Perfect 10's effort to circumvent Judge Matz's directives -- and to do so through a

request that fails to satisfy any of the requirements for a motion for reconsideration[1] -- should be rejected without more.

### 3. Perfect 10's Request Is Meritless.

Even if the Magistrate Judge were to consider the substance of Perfect 10's "request," it lacks merit.

#### a. Perfect 10 has failed to articulate a workable form of relief.

Perfect 10's proposal is hopelessly vague and unworkable. In the first instance, Perfect 10's request does not properly identify what relief Perfect 10 seeks, such as a modification of the case schedule, a protective order, or something else. Further, Perfect 10 has asked that Google be ordered to pursue discovery only on "issues pertaining to the summary judgment Google has said it is filing shortly" -- without giving any indication of what it believes those "issues" are, or any basis for limiting discovery thereto. And worse, Perfect 10 asks for an order that "any future discovery be done at a reasonable pace." What constitutes a "reasonable pace" in Perfect 10's eyes is anyone's guess. Any such Order will inevitably result in unfounded disputes over whether any "pace" is "reasonable" – disputes that will embroil this Court whenever Perfect 10 believes it should be given a unilateral respite from its obligations or whenever it wishes to dispute whether particular discovery is, in Perfect 10's self-serving opinion, not necessary for Google's motion. Perfect 10 cites no authority supporting such an extraordinary request.

#### b. Perfect 10 has failed to demonstrate good cause for a stay.

Courts will issue a stay of discovery only where the moving party has demonstrated good cause. See, e.g., Lofton v. Bank of America Corp., 2008 WL

---

[1] Perfect 10's request does not even arguably comply with this Court's standards for reconsideration of Judge Matz's declination to issue a discovery stay. See Local Rule 7-18 ("A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence would not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."); School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

9

2037606, at *1 (N.D. Cal. 2008) (moving party must make "showing of good cause" on motion to stay discovery); Clark v. Time Warner Cable, 2007 WL 1334965, at *1 (C.D. Cal. 2007) ("Defendant has not ... demonstrated good cause, irreparable injury, or urgency warranting ex parte relief for a stay of discovery."); GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 285 (S.D. Cal. 2000); Fed. R. Civ. P. 26(c)(1)(B) & (D); Fed. R. Civ. P. 16(b)(4). Perfect 10 has not done so here.

Specifically, without evidentiary support, Perfect 10 seeks to put this entire case on hold, so that Perfect 10 supposedly may devote its full energies to preparing a *single reply brief* on its *own* motion for summary judgment against *Amazon and Alexa* (not Google). Having to prepare a single reply brief scarcely warrants a stay—particularly when the motion at issue will not be dispositive of *anything* in the Google case.

Perfect 10 further claims that a stay should issue because, as a general matter, it feels overwhelmed with work. However, as Judge Matz has observed, Perfect 10 was the one that chose to bring these cases against Google and other defendants such as Amazon and Microsoft simultaneously. See October 6, 2008 Transcript at 40:10-11 ("[Perfect 10 has] embarked on these claims against all of these defendants."). Indeed, Judge Matz made clear that Perfect 10 may not ignore its obligations by claiming it is overwhelmed:

> [The] argument that "I'm overworked and excessively burdened" can only take you so far, Mr. Mausner. ***Don't think I'm going to excuse everything that has to be done. Not even close.***"

Id. at 40:11-14 (emphasis added). The Court has repeatedly advised Perfect 10 to "get help" if it believes it cannot meet the demands of the litigation Perfect 10 brought, yet it has not done so. Nor has Perfect 10 worked to meaningfully narrow its case, as the Court has also advised.

Even assuming a party's cry that it is "too busy" is a proper basis to stay discovery (which it is not), Perfect 10 claims are belied its own statements and actions. First, of the 10-item laundry list of work set forth in its portions of this Joint Letter, each and every one of those items is already completed, with just one exception—Perfect 10's reply brief regarding the motion for summary judgment it elected to bring against Alexa and Amazon. As for that reply brief (due November 24), not only did Perfect 10 orchestrate the timing of that motion for summary judgment (filing it only five months after adding Alexa to the case), but Perfect 10 rebuffed


Amazon's request to extend the briefing schedule thereon. In particular, lead counsel for Amazon and Alexa sought to continue the hearing on the motion to January 2009 because Mr. Jansen is currently in trial in another matter. Despite the fact that this postponement would have given Perfect 10 several more weeks to prepare its reply brief, *Perfect 10* refused Amazon's request for a courtesy extension.[2]

Moreover, on November 7, 2008, Perfect 10 informed Google that Perfect 10 intends to file yet another motion for partial summary judgment in the near future—this time against Google. Thus, while Perfect 10 proclaims, on the one hand, that it has time to prepare and file a full motion for summary judgment against Google (not to mention the time to draft a seven-page, single-spaced letter seeking a stay here), Perfect 10 simultaneously claims it does not have time to respond to Google's discovery issues. Plainly, Perfect 10 is selectively making itself available for work that suits its own agenda, but resorting to claims of burden when defendants wish to move their own defenses forward against the sweeping claims that Perfect 10 elected to bring.

    **c.    Google is entitled to pursue discovery issues important to its defense.**

Granting a stay also will needlessly delay this case further on crucial issues. While Perfect 10 may consider Google's discovery issues to be inconsequential to Perfect 10, they are of importance to Google in defending itself against Perfect 10's claims and in proceeding with motions to narrow Perfect 10's vast claims pending before the Court. For example, Google is pursuing the following discovery matters, among others: (1) Perfect 10's failure to produce documents related to Perfect 10's

---

[2] In stark contrast to its claims of burden when Google seeks to compel discovery that Perfect 10 has failed to provide, Perfect 10 has freely availed itself of the right to pursue discovery issues it felt were important to this case. Perfect 10 previously brought multiple, voluminous motions to compel against Google, which the Court ruled on, and with which Google has complied. See Docket No. 97 (Joint Stipulation re. Plaintiff Perfect 10, Inc.'s Motion to Compel Defendant Google, Inc. [sic] to Produce Documents, filed December 28, 2005); Docket No. 103 (Joint Stipulation re. Plaintiff Perfect 10, Inc.'s Motion to Compel Defendant Google, Inc. [sic] to Answers Interrogatories, filed January 3, 2006); Docket No. 106 (Revised Joint Stipulation re. Plaintiff Perfect 10, Inc.'s Motion to Compel Defendant Google, Inc. [sic] to Answer Interrogatories, filed February 9, 2006); Docket No. 230 (Joint Stipulation re. Plaintiff Perfect 10, Inc.'s Motion to Compel Defendant Google Inc. to Produce Documents, filed October 9, 2007). Now that Google is pursuing discovery from Perfect 10, however, Perfect 10 asks this Court for an order precluding Google from doing so. In short, Perfect 10 effectively asks this Court to order Google not to defend itself. Perfect 10 cannot have it both ways.

financial condition (i.e., documents containing information absolutely necessary to make settlement talks meaningful), (2) Perfect 10's failure to produce copyright registration and deposit materials for alleged works it is asserting in this case, (3) Perfect 10's violation of the Protective Order with respect to its production of documents, and (4) Perfect 10's refusal to answer numerous of Google's Requests for Admission. Perfect 10 has ignored these (and other) discovery disputes for months. Of course, Perfect 10 could have avoided each and every one of these issues by complying with its discovery obligations in the first place but opted not to and thereby has forced motion practice.

To be clear, Perfect 10 is not asking for a mere extension on a discovery deadline. Instead, Perfect 10 seeks to put an entire case on hold so that Perfect 10 can pursue its own dispositive motion in a different case and then one against Google with impunity. Perfect 10 has filed suit against Google (among other parties) seeking untold millions of dollars in recovery, and Google is entitled to defend itself. To do so, Google must pursue discovery, and if Perfect 10 refuses to provide it – as is the case here – Google's only resort is to proceed with motion practice. Perfect 10's characterization of the issue as a "courtesy" is a false one; Perfect 10 in reality seeks to hamstring Google's ability to defend itself, so that Perfect 10 can pursue offensive dispositive motions while obstructing Google's ability to pursue its own motions or to defend itself.[3]

In sum, Perfect 10 seeks to circumvent its obligations by asking the Magistrate Judge for a near-total stay in a case brought by Perfect 10, even though the District Judge has already declined to do so. Worse, the stay it seeks is a unilateral one, in that Perfect 10 wants the freedom to file dispositive motions against Google (and the other defendants) while simultaneously enjoying immunity from defendants'

---

[3] Not only is Perfect 10 incorrect in suggesting that the issue here is one of courtesy, but Perfect 10 ignores that it has routinely refused to extend even ordinary courtesies to Google. To the contrary, it is Google (and not Perfect 10) that freely grants professional courtesies when appropriate. Indeed, Google has agreed time and time again to extend deadlines, and to defer and reschedule in its efforts to meet-and-confer with Perfect 10 under the Local Rules. By contrast, Perfect 10 has refused such courtesies. For example, this summer, Google sought to merely continue the hearing on Perfect 10's motion for leave to file a Second Amended Complaint because Google's lead counsel was in trial before Judge Larson in Mattel v. MGA Entertainment (the "Bratz/Barbie" litigation), one of the largest and highest-profile intellectual property disputes in recent memory. Not only did Perfect 10 flatly refuse that request, it even refused Google's subsequent request for a brief extension to file the answer to that Second Amended Complaint as well.

discovery requests that are necessary for Google's own dispositive motions. Perfect 10's request should be denied.

### 4. Perfect 10 Should Be Sanctioned.

Rather than comply with its discovery obligations under the Rules, Perfect 10 regrettably chose to spend its time drafting a multi-page "Joint Letter" and forced defense counsel to do the same. Not only should Perfect 10's request be denied, but Perfect 10 should be sanctioned. In addition to bringing a flagrantly frivolous request, Perfect 10 proceeded in a manner designed to harass Google's counsel, including by waiting until a Sunday to provide its portions of the "Joint Letter" and then demanding Google's portions the very next day. This was even though Perfect 10 delayed several days before sending its portions and even though Perfect 10 knew full well that Google's lead counsel would be in a lengthy hearing for much of Monday before Judge Larson in Riverside. Perfect 10 should be sanctioned $1,000 in order to reimburse Google for its attorney's fees in having to respond to this vexatious, groundless filing. Indeed, absent the deterrent of sanctions, Perfect 10 will be encouraged to multiply its repeated stay requests further.

### PERFECT 10'S REPLY

Perfect 10 is only responding to a few points made by Google for the sake of brevity and to expedite delivery of this joint letter to the court.

Google takes the incorrect position that Perfect 10's request for a slight modification to discovery procedures is not a discovery matter -- Google states that the reference to the "Magistrate Judge in this case was for discovery matters *only*." Google believes that Perfect 10 should have followed all of the "pre-filing requirements of Local Rule 7-3 and then file a noticed motion with Judge Matz to modify the case schedule." Google overlooks the fact that there is no case schedule. There is no discovery cut-off. There is no trial date. So Google is simply incorrect in stating that Perfect 10 wants to modify the case schedule.

Perfect 10 is not asking for a discovery stay, just relief from Google's unreasonable pace and demands in an attempt to crush Perfect 10.

Furthermore, Perfect 10 did not request a discovery stay from Judge Matz. Perfect 10 did not file a motion for a stay of discovery, and did not even make an oral request for such a stay.

13

It is doubtful that the Court intended one passing comment about discovery to be misused by Google as an invitation to launch a harassment blitz that would prevent Perfect 10 from litigating the merits of the consolidated cases in compliance with the Court's recent orders and directives.

Moreover, Google incorrectly claims that Perfect 10's sole piece of work for the next month is to prepare a single reply brief. First, there are additional matters other than Perfect 10's summary judgment motion. Moreover, Perfect 10 is not charged with filing a miniscule reply brief. In opposition to Perfect 10's summary judgment motion, Amazon and Alexa filed over a hundred pages, including two opposition briefs and seven declarations. As well as filing its Reply or Replies, Perfect 10 will move to strike at least some of the declarations.

Perfect 10 has reasonably staffed the consolidated cases, considering its size and resources against Google, Microsoft, and Amazon. The judicial system is not designed solely as a playground for Fortune 100 companies, like Google, and big firms, like Quinn Emanuel, that charge rates that only a Fortune 100 company can afford. In fact, in Google's footnote 3, Google chastises Perfect 10 for not granting it various requests for extensions while Google's lead counsel, Michael Zeller, was busy with another mega client. ("'Bratz/Barbie' litigation), one of the largest and highest-profile intellectual property disputes in recent memory.") There are at least six Quinn Emanuel attorneys working on the Google case, and Mr. Zeller's request for a month extension was unreasonable. Google neglects to mention that after Perfect 10 declined Google's request for such a long extension of time so that Mr. Zeller could attend to Mattel, Google sought relief from this Court and the Court declined the request as well.

Almost no person or company can afford to litigate against companies like Google and firms like Quinn Emanuel -- there is something wrong about that. This is why big companies like Google, Amazon and Microsoft brazenly infringe copyrights.

Google incorrectly claims that Perfect 10 declined Amazon and Alexa's request for an extension to file their opposition brief. Perfect 10 agreed to an additional week extension for Amazon and Alexa (so that they had three weeks to file their Oppositions), even though those defendants made Perfect 10 seek Court relief to receive an extension of time under the same circumstances.

Perfect 10's anticipated motion against Google is only a cross-motion on the summary judgment motion that *Google* is bringing. Google called Perfect 10 and said that it was moving for summary judgment. Perfect 10 advised Google that at the same time, it would cross-move on the same issues that Google is bringing. Once again, Google has distorted the facts; it is hardly Perfect 10's timing on this motion for summary judgment.

Google has all of Perfect 10's financial statements but wants more. Google has never indicated the slightest willingness to enter into settlement discussions, but certainly has enough financial information if it wants to do so.

Perfect 10's counsel informed Google's counsel on Friday November 7, 2008 that it would seek the instant relief from this court so that Google could begin to prepare its portion. At the same time, Perfect 10's counsel informed Google's counsel that it wanted to receive Google's portions of the joint letter by Monday November 10, 2008 so that the letter could be submitted the next day. Perfect 10 served its portion of this joint letter on the morning of Sunday November 9, 2008. Perfect 10's counsel again informed Google's counsel that it wanted to receive Google's portion by Monday November 10, 2008. Minutes later, Mr. Zeller wrote to Mr. Mausner and told him that because of the Bratz/Barbie litigation, Google most likely would not be able to serve its portion of the joint letter until after Monday November 12, 2008. Mr. Zelller said that Google would seek sanctions against Mr. Mausner if Perfect 10 filed its portion of the joint letter prior to Google's delivery of its portion of the joint letter. Google served its portion of this joint letter on Wednesday November 12, 2008.

Perfect 10 waited for days for Google's legal team of six attorneys to deliver its portion of the joint letter, but Google still requests sanctions. The sanctions request is frivolous and improperly raised. Google and its counsel want to be treated like royalty while pillaging Google's opponent and its counsel.

## GOOGLE'S REPLY

In its portions of the Joint Letter send via email on Sunday, November 9, Perfect 10 stated it "will not respond to Google's ... statements below." After seeing Google's portions, however, Perfect 10 changed its mind and drafted a multi-page "Reply." Perfect 10's new arguments are unpersuasive.

Perfect 10 first claims that, because Judge Matz has not issued a formal Scheduling Order, its request for a stay of discovery somehow does not implicate

the case schedule. This is incorrect. Any stay of discovery is a case scheduling issue and within the sole authority and discretion of the District Judge under Rule 16 (unless specifically delegated to the Magistrate Judge). See, e.g., PMC, Inc. v. Ferro Corp., 131 F.R.D. 184 (C.D. Cal. 1990) (denying motion to stay discovery brought to the District Judge under Rule 16 (*inter alia*)). Indeed, when the parties sought to stay discovery in the consolidated cases against Amazon and A9 (pending appeal to the Ninth Circuit), those requests were brought to and ruled on by Judge Matz. See Docket No. 152.

Perfect 10 also claims on reply that it "is not asking for a discovery stay, just relief from Google's unreasonable pace and demands." Not so. Perfect 10 can label it whatever it wants, but that does not alter the inescapable fact that Perfect 10 is asking this Court to order Google not to pursue the discovery that Rules 16 and 26 expressly allow Google to seek. See Fed. R. Civ. P. 26(d)(2)(A) ("Unless, on motion, the court orders otherwise ... methods of discovery may be used in any sequence."); Fed. R. Civ. P. 16(b)(3)(B)(ii) (providing authority to "modify the extent of discovery"). Worse, the stay Perfect 10 seeks is effectively a unilateral one, leaving Perfect 10 free to pursue whatever discovery it wants, but constraining Google to pursue only what Perfect 10 deems to be "reasonable." Not only would such a lopsided, vaguely defined stay be unfair and unprecedented, but these are matters solely within the province of the District Judge. See supra.

Perfect 10 further argues that it did not previously request a discovery stay from Judge Matz. This, too, is incorrect. In a Statement Perfect 10 filed the day before the October 6, 2008 Status Conference before Judge Matz, Perfect 10 requested as follows:

> Perfect 10 respectfully suggests that large scale discovery relating to requests made by various Defendants be postponed until the Court rules on whether the evidence presented by Perfect 10 in its motion [for partial summary judgment] is sufficient for summary adjudication.

Docket No. 364. As discussed above, Judge Matz considered, and rejected, Perfect 10's request. See October 6, 2008 Transcript at 38:8-19, 57:1 ("Discovery is not stayed."). Judge Matz clearly instructed the parties to move this case forward, including in the discovery arena. See id. at 47:23-48:7.[4]

---

[4] Perfect 10's portions of the Joint Letter are also replete with overwrought rhetoric attacking Google and its counsel as well as relying on the supposedly

16

In sum, Perfect 10's request for a discovery stay has already been rejected by Judge Matz and is procedurally defective and must be filed with Judge Matz following Perfect 10's compliance with the reconsideration and pre-filing requirements of the Local Rules. Nor, in any event, has Perfect 10 offered any legitimate grounds for reconsideration of Judge Matz's rejection of a stay, or even demonstrated "good cause" for a unilateral stay, as it must. To the contrary, this case has lingered long enough. Next Wednesday marks the four-year anniversary of Perfect 10's filing of this lawsuit. Perfect 10's suggestion that, four years into this suit, Google is proceeding "too fast" and should be precluded from diligently pursuing discovery in order to defend itself is frivolous. Perfect 10's request should be denied and Perfect 10 should be sanctioned.

---

"David vs. Goliath" nature of litigation that Perfect 10 itself chose to bring. Google will not burden the Court by responding to Perfect 10's irrelevant and false claims. Suffice it to say that Judge Matz has rejected Perfect 10's claims that it can avoid its obligations based on cries of being overworked or based on Perfect 10's choice to sue Google, Amazon and Microsoft all at once. See, e.g., October 6, 2008 Transcript at 40:10-14, quoted supra. Indeed, consistent with that, courts have long rejected appeals of the type made by Perfect 10 and stated in no uncertain terms that all parties before them—regardless of their relative size—are entitled to equal justice under the law. E.g., Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 932 (7th Cir. 2000) ("[L]itigants should give the judges some credit for ability to resolve legal issues in compliance with the oaths all of us have taken to 'administer justice without respect to persons, and do equal right to the poor and to the rich.'" (quoting 28 U.S.C. § 453)); see also Draper v. Airco, Inc., 580 F.2d 91, 95, 96-97 (3d Cir. 1978) (deeming appeals to "sympathy" based on "references to financial disparity" to be "improper").

Sincerely,

LAW OFFICES OF JEFFREY N. MAUSNER

    Jeffrey N. Mausner
By: _____
    Jeffrey N. Mausner, attorneys for Perfect 10


QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
    Michael T. Zeller, with permission
By: _____
    Michael T. Zeller, attorneys for Google