| | |
|---|---|
| 1 | JEFFREY N. MAUSNER (State Bar No. 122385) |
| 2 | Law Offices of Jeffrey N. Mausner |
|   | Warner Center Towers, Suite 910 |
| 3 | 21800 Oxnard Street |
| 4 | Woodland Hills, California 91367-3640 |
|   | Telephone: (310) 617-8100, (818) 992-7500 |
| 5 | Facsimile: (818) 716-2773 |
| 6 | Attorneys for Plaintiff Perfect 10, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, | CASE NO. CV 04-9484 AHM (SHx) |
| Plaintiff, | **PERFECT 10'S RESPONSE TO DECEMBER 2, 2008 ORDER** |
| v. | Date: December 18, 2008 |
|   | Time: 3:00 P.M. |
| GOOGLE, INC., a corporation, | Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz |
| _____ | |
| PERFECT 10, INC., a California corporation, | Consolidated with CV 05-4753 AHM (SHx) |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| _____ | |
| PERFECT 10, INC., a California corporation, | CASE NO. CV 07-5156 AHM (SHx) |
| Plaintiff, | |
| v. | |
| MICROSOFT, INC., a corporation. | |

# I. PERFECT 10 AGREES WITH THE STAY.

Perfect 10 wholeheartedly agrees with the Court's tentative order, staying the *Google* and *Amazon* cases (other than the already fully briefed motion for partial summary judgment against Amazon and Alexa), while the *Microsoft* case is litigated. Perfect 10 believes that this approach will substantially reduce the amount of unnecessary litigation in three separate cases involving essentially the same issues.

In response to the Court's question, Perfect 10 does not at this time intend to bring any actions against new parties raising claims similar to those it has asserted in these cases. Hopefully, the decisions made in the *Microsoft* case will be respected by other service providers and additional lawsuits will not be necessary, either by Perfect 10 or by other copyright owners.

Pursuant to paragraph 3(a)(ii) of the Order, Perfect 10 chooses to defer the prosecution of its trademark claim against Microsoft without waiving it.

Perfect 10 has asked Microsoft to answer certain discovery requests regarding frequency of searches on its models and other information that may be needed at trial.

# II. ISSUES REGARDING THE SAMPLE AND DISCOVERY.

In response to the Court's order regarding the selection of a sample and other issues, Perfect 10 would like to note the following:

**A. Resolution Short of Trial.**

Perfect 10 and Microsoft are engaged in serious settlement negotiations. In the event that a settlement does not materialize in the near future, Perfect 10 intends to move for summary judgment against Microsoft solely on the basis of contributory liability.

Perfect 10's motion for summary judgment would be based largely on the fact that Microsoft admittedly has not responded to any of Perfect 10's notices of infringement sent from November 15, 2004 through March of 2007. Microsoft

claims it did not respond because it never received any of Perfect 10's e-mails sent during that time. However, Perfect 10's e-mails were sent to the correct e-mail address, and Perfect 10 has e-mail receipts showing they were sent. Having a functioning e-mail address is a prerequisite for safe harbor under 17 U.S.C. §512(c)(2). Additionally, Microsoft's listed fax number admittedly did not work, and Microsoft returned two of Perfect 10's notices that were sent by Federal Express.

To the extent that Microsoft seeks to contend that Perfect 10's notices are in any way deficient, it should be estopped from making that claim because it never responded to Perfect 10's DMCA notices for years, let alone suggested that they were deficient, as required by 17 U.S.C. §512(c)(3)(B)(ii). Nor has Microsoft provided Perfect 10 with instructions for sending a compliant DMCA notice, even to this date. Also, Microsoft has not provided Perfect 10 with a DMCA log or a list of more than a few hundred URLs it has removed in response to Perfect 10's notices.

**B. Modifications to Exhibit C.**

While Microsoft's proposal regarding the sample is an excellent first step, there are a number of modifications that can be made which would greatly reduce the burden on the Court and the parties.

Items L and M. Because Microsoft has not provided Perfect 10 with a DMCA log and has only provided Perfect 10 with a listing of a few hundred URLs that it has removed, Perfect 10 has requested that Microsoft provide Perfect 10 with a complete list of exactly which URLs it has removed in response to each of Perfect 10's notices and when. This will enable both Perfect 10 and the Court to more clearly see exactly what Microsoft has done in response to Perfect 10's notices, and allow the court to determine if Microsoft has suitably implemented a policy against repeat infringers.

Items H and K. Changes are needed in these sections. There are only three

or four categories that are really needed here, and the current categories Microsoft has proposed do not cover Perfect 10's notices from June of 2007 onward that contain actual copies of infringing web pages.

Perfect 10's notices all contain a cover letter which explains what is in the notice, addresses the elements of 17 U.S.C. §512(c)(3)(A)(i), (iv), (v), and (vi), and asks the ISP to contact Perfect 10 if it has any questions. Perfect 10's notices fall into three general categories:

1) **Standard Spreadsheet Notices.** Perfect 10 sent to Microsoft eleven notices of this form, from November 2004 through March 2007. These notices were prepared using instructions from Google. The elements of Section 512(c)(3)(A)(ii) and (iii) were set forth in an attached spreadsheet. An example of a page of the spreadsheet from such a notice (February 20, 2005 notice) is attached as Exhibit 1. From Perfect 10's standpoint, this type of notice would be described as H2 (complete page URL) and K1 (P10 gave specific issue and page nos. to ID works). Similar notices were sent identifying web pages displaying perfect10.com username/password combinations.

2) **Notices providing complete URLs and copies of infringing web pages.** In June 2007, Perfect 10 started sending notices to Microsoft which enclosed actual copies of the infringing images as they appeared on the infringing websites that Microsoft linked to. These notices were used to identify infringements on free web sites. There are five primary subcategories:

    **a) Check marks next to P10 Images.** To deal with a situation where a web page contained images that were not all Perfect 10 copyrighted images ("P10 Images"), Perfect 10 sent a copy of the infringing web page and checked one or more P10 Images on that page, as shown on page 1 of Exhibit 2. This identified both the complete URL of the infringing web page (highlighted in yellow at the bottom) as well as the infringed/infringing image(s) on that page.

1     **b) Red X's over non-P10 Images**. Alternatively, in cases where a
few of the images on a web page were not P10 Images, Perfect 10 placed red
X's or red bars over those images. Page 2 of Exhibit 2 provides an example.
This type of notice also identified the complete URL of the infringing web
page (highlighted in yellow at the bottom) as well as the infringed/infringing
P10 Images on that page.

    **c) Complete Web Page URL with the infringing image**. By
sending page 3 of Exhibit 2, Perfect 10 provided the complete URL of the
infringing web page (checked in the browser bar) along with a copy of the
infringed/infringing image. Page 3 of Exhibit 2 also shows Microsoft ads
surrounding a valuable P10 Image of Victoria Secret/Sports Illustrated
supermodel Marisa Miller, which Perfect 10 may elect to represent its
"vicarious scenario."

    **d) Complete Image URL with the infringing image**.
By sending to Microsoft page 4 of Exhibit 2, Perfect 10 provided a
complete image URL (note the ".jpg" at the end of the URL in the browser
bar) along with a copy of the actual infringed/infringing image.

    **e) Print screen of infringing Image Search display**. By sending
page 5 of Exhibit 2, and stating that it owned the copyrights to every image
on the page, Perfect 10 provided a complete web page URL (highlighted in
yellow) and just below it, an "incomplete" image URL, along with copies of
the actual infringed/infringing images and the search term "Isabelle Funaro"
shown in the search box.

3) **Notices for paysites**. For identifying infringements on paysites, because
such sites typically do not have web pages which contain infringing images,
Perfect 10 provided the home page URL, i.e., giganews.com, sent thousands of
copies of infringing images from that website which displayed Perfect 10 copyright
notices, and explained how to find those images on the infringing website. Such

4

notices did provide a "complete Image URL," but that URL was typically the URL which Perfect 10 provided and could only be used to search for that image within the paysite. An example of what Perfect 10 sent to Microsoft for giganews.com is attached as Exhibit 3. The image URL, shown in the upper left, is Marisa_Miller_09.jpg.

The current listings in H and K do not cover notices that contained an explanatory letter together with copies of infringing web pages with complete web page URLs, and/or copies of infringing images with image URLs. There needs to be an extra category for K (sending a copy of the infringing image), and most of the categories in H are unnecessary because Perfect 10 did provide a complete Image URL.

There will most likely have to be other modifications to Exhibit C that arise as Perfect 10 collects the samples and completes the chart.

**C. The Litigation Burden Can Be Greatly Reduced by Eliminating Unnecessary Combinations.**

In Perfect 10's view, while Microsoft's proposal represents a good start, the litigation burden on the Court and the parties can be substantially reduced by focusing on two main areas: 1) Proof of copyright, which is covered by A-F, and 2) Notice and takedown, which is covered by G-N. Perfect 10 does not believe that it is necessary to create combinations of A-F with G-N, which is what Microsoft is proposing. If Perfect 10 does not own a bona fide copyright on a particular image, the matter should stop there, independent of whether Perfect 10 provided a compliant notice or what Microsoft's response was.

For example, if Microsoft wants to challenge the copyrights that Perfect 10 acquired from Petter Hegre and his company (item A3), it needs one or two images and a copy of the assignment agreement. It does not need for the Court to study potentially hundreds of images acquired from Hegre corresponding to all the different combinations of G1-G15 and H1-H10. Similarly, if Microsoft wants to

1  challenge Perfect 10's spreadsheet style notices, it can do that by examining
2  several images identified by several notices.  It does not need to examine hundreds
3  of images corresponding to each of the other permutations and combinations of the
4  other elements in categories A-N.  Microsoft has given no explanation for why it
5  thinks it is necessary to put Perfect 10 and the Court to this substantially greater
6  amount of work.  Perfect 10 has attached as Exhibit 4 e-mail correspondence
7  between Perfect 10 and Microsoft regarding this issue, in which Microsoft insists,
8  without any explanation, that "Perfect 10 has to provide an example of each
9  combination of each variable in each category."

In summary, Microsoft's position that the sample must cover potentially thousands of combinations, will unnecessarily increase the burden on Perfect 10 and the Court, and make the litigation substantially more involved than it needs to be.  Issues can be decided based on a sample that deals with that issue, rather than a sample which combines every other issue as well.

### D.  **Other Areas Where Clarification Is Needed.**

There are a number of items in Exhibit C which are unclear, or for which Perfect 10 does not believe as many categories are needed, such as some of the classifications in Items B and C.  Perfect 10 will work with Microsoft to deal with those issues.  Eliminating unnecessary distinctions will decrease the sample and simplify the case.

Dated:  December 12, 2008          LAW OFFICES OF JEFFREY N. MAUSNER

                                   By: *Jeffrey N. Mausner*
                                       Jeffrey N. Mausner
                                       Attorney for Plaintiff Perfect 10, Inc.