1

1            UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3        HONORABLE A. HOWARD MATZ, JUDGE PRESIDING

4   PERFECT 10, INC.,                    )
                          Plaintiff,     )
5           Vs.                          )   No. CV 04-09484 AHM
                                         )
6   GOOGLE, INC., ET AL.,                )
                          Defendants.    )
7   PERFECT 10, INC.,                    )
                          Plaintiff,     )
8           Vs.                          )   No. CV 05-04753 AHM
                                         )
9   AMAZON.COM, INC., ET AL.,            )
                          Defendants.    )
10  PERFECT 10, INC.,                    )
                          Plaintiff,     )
11          Vs.                          )   No. CV 07-05156 AHM
                                         )
12  MICROSOFT CORP., ET AL.,             )
                          Defendants.    )

13

14

15       REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  MOTION HEARING

17            LOS ANGELES, CALIFORNIA

18         THURSDAY, DECEMBER 18TH, 2008

19

20

21        LEANDRA AMBER, CSR 12070, RPR
       OFFICIAL U.S. DISTRICT COURT REPORTER
22          312 NORTH SPRING STREET, #442
            LOS ANGELES, CALIFORNIA 90012
23                (213) 613-0179

24

25

Dockets.Justia.com

1                        **A P P E A R A N C E S**

2

3   **IN BEHALF OF THE PLAINTIFF,**
    **PERFECT 10, INC.:**            LAW OFFICES OF JEFFREY N. MAUSNER
4                                    BY:  JEFFREY N. MAUSNER, ESQ.
                                         MELANIE POBLETE, ESQ.
5                                    21800 OXNARD STREET
                                     SUITE 910
6                                    WOODLAND HILLS, CA 91367
                                     (818) 992-7500
7                                    jeff@mausnerlaw.com
                                     melanie@mausnerlaw.com
8
                                     TOWNSEND & TOWNSEND & CREW LLP
9                                    BY: ANTHONY J. MALUTTA, ESQ.
                                         TIMOTHY R. CAHN, ESQ.
10                                   TWO EMBARCADERO CENTER
                                     EIGHTH FLOOR
11                                   SAN FRANCISCO, CA
                                     94111-3834
12                                   (415) 576-0200
                                     ajmalutta@townsend.com
13                                   trcahn@townsend.com

14

15

16  **IN BEHALF OF THE DEFENDANT,**
    **GOOGLE, INC., ET AL.:**        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES LLP
17                                   BY:  MICHAEL T. ZELLER, ESQ.
                                         RACHEL M. HERRICK, ESQ.
18                                   865 SOUTH FIGUEROA STREET
                                     TENTH FLOOR
19                                   LOS ANGELES, CA 90017
                                     (213) 443-3180
20                                   michaelzeller@quinnemanuel.com
                                     rachelherrick@quinnemanuel.com
21

22

23

24

25

1                       **A P P E A R A N C E S**
                            **(CONTINUED)**
2

3   **IN BEHALF OF THE DEFENDANT,**
    **GOOGLE, INC., ET AL.:**                 WINSTON & STRAWN LLP
4                                             BY:  ANDREW P. BRIDGES, ESQ.
                                                  JENNIFER A. GOLINVEAUX, ESQ.
5                                             101 CALIFORNIA STREET
                                              SAN FRANCISCO, CA
6                                             94111-5894
                                              (415) 591-1400
7                                             abridges@winston.com
                                              jgolinveaux@winston.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1 **I N D E X**

2                                                          **PAGE**

3

4   **HEARING:**   MOTION HEARING                            5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

1          LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 18TH, 2008;

2                              3:08 P.M.

3                               -o0o-

4

5              THE CLERK:  Good afternoon.  Welcome.

6              Please be seated.

7              Calling Item Number 2, CV 04-9484, Perfect 10,

8     Inc., versus Google, Inc., et al.; CV 05-4753, Perfect 10,

9     Inc., versus Amazon.com, et al.; and CV 07-5156, Perfect 10,

10    Inc., versus Microsoft Corp., et al.

11             Counsel state your appearances, please.

12             MR. MAUSNER:  Good morning, your Honor.

13             Jeff Mausner for Perfect 10.

14             Good morning, Judge Hillman.

15             THE COURT:  It's the afternoon, but I can

16    understand why you might not know that.

17             MR. ZELLER:  Good afternoon, your Honor, as well as

18    Judge Hillman.

19             Mike Zeller and Rachel Herrick for Google.

20             MR. MALUTTA:  Good afternoon, your Honor.

21             Anthony Malutta and Timothy Cahn for defendants

22    Amazon.com, A9.com, and Alexa Internet.

23             MR. BRIDGES:  Good afternoon, your Honor.

24             Andrew Bridges for defendant Microsoft Corporation,

25    and with my today is my colleague, Jennifer Golinveaux.

1          THE COURT:  Okay.  Good afternoon to all of you

2     counsel.  And you all may be seated.

3          This is going to be an abbreviated hearing.  I have

4     something else that is absolutely essential at 4:00 o'clock.

5     And I have thought through where we stand a lot anyway; so

6     let me explain what I've circulated.

7          This order, which in small letters says "Drafted"

8     at top right, contains the crux of what I've decided.  And it

9     will be cleaned up and made a little bit more specific when

10    I have time, which I have been sorely pressed to find for

11    this case -- these cases, but probably by tomorrow or Monday.

12         The management of the Microsoft case portion, which

13    begins on Page 3, doesn't contain -- perhaps it may not

14    contain all of the conditions that will be imposed.  And some

15    of what I'm about to recite orally will, of course, have to

16    be added.

17         The -- I'm referring now in what I'm about to say

18    to part of the document that I issued on December 2nd.  So I

19    don't know if you have that with you, but that's where I came

20    up with something designed to accomplish all of the reasons

21    for this stay that are recited previously in this draft

22    order.

23         And now I'm making it very clear to you,

24    Mr. Mausner, I am not going to entertain any further comments

25    or objections to you.  I am quoting from what Mr. Bridges

1  said in his e-mail to you as follows:  Perfect 10 should

2  provide one example of each combination -- each combination

3  it chooses, but it is up to Perfect 10 to decide which

4  combinations of variables, scenarios it intends to prove in

5  its case.  If Perfect 10 wishes to pursue a thousand

6  different scenarios, then we would need a thousand examples.

7  If Perfect 10 wishes to pursue 50 scenarios, we would need 50

8  examples.  Thus Perfect Ten is the master of both its case

9  and it's concomitant burden.

10         All of your little nits and picks, Mr. Mausner, in

11  your response to the December 2nd order I reject.  So

12  Paragraph 2, and particularly Section B, the modifications to

13  Exhibit C that you discuss beginning on Page 2, I utterly

14  reject.  We're going to do it that way, or else there's going

15  to be no stay and you're going to be dealing with

16  full-fledged litigation with no holds barred in all three

17  cases.  That's the first clarification I want to give you.

18         Secondly, any combination that you don't select in

19  support with one example will be waived.  You'll have no

20  right at any later time to pursue any claim against Microsoft

21  resulting from any other combination.

22         Third, the trademark claims will be excluded in

23  light of the admissions.  And I think this is in the draft

24  order.  You'd have to get leave to prosecute any trademark

25  claims, state or federal.  They're not going to be subject to

1   the schedule that will be imposed.

2          Next, we're going to decide here in court, unless

3   both sides say they can talk to each other and come back by

4   tomorrow with an agreed-to number, the maximum number of

5   combinations.  I want to limit it for practical reasons.

6   I don't think I have the insight that the lawyers have to

7   know what would be the ideal number or whether there is an

8   ideal number.

9          But you're going to have to designate one work for

10  each example and each combination.  And I'd like to know how

11  many combinations you want to use henceforth because you're

12  going to have a lot of work to do on Microsoft.  I am not

13  going to change that trial date, not by a day no matter what

14  the reason unless it was some kind of compelling health

15  reason.

16         So tell me how many combinations you want to use.

17         MR. MAUSNER:  I don't know, your Honor, with all

18  of the combinations.  I -- it would be at least several

19  hundred.  It could -- it could get up to a thousand if we

20  have to do every single combination because there are -- you

21  know --

22         THE COURT:  I didn't say you have to do every

23  combination --

24         MR. MAUSER:  Well --

25         THE COURT:  -- but if you have to do every

1  combination, you're going to have to do it that way.  You're

2  going to have to do it by January --

3          What's the date that I put in?

4          MR. MAUSNER:  20th, I think.

5          THE COURT:  I didn't mean to do it as late as the

6  20th, but maybe I -- yeah.  I said the 20th.  You're not

7  going to have until January 21st.  And if you had 999 and you

8  came back two days later with the number 1,000, it would be

9  too late.

10          Okay?

11          MR. MAUSNER:  Okay.  Understood, your Honor.

12          THE COURT:  Now, I want to know today or tomorrow

13  how many you are talking about.  I don't want you to creep up

14  on Microsoft by surprise and confront them by only giving

15  them two weeks to counterdesignate.

16          Is that going to be enough for you, Mr. Bridges?

17          MR. MALUTTA:  We'll make it happen, your Honor.

18          MR. MAUSNER:  I can't give you an exact number now.

19  We'll -- tomorrow is when you want to --

20          THE COURT:  Tomorrow is fine.

21          MR. MAUSNER:  Okay.  And how should we submit it?

22          THE COURT:  Well, just -- let's do things very

23  practically.  Just send an e-mail to my courtroom deputy --

24          MR. MAUSNER:  Yes, sir.

25          THE COURT:  -- and we'll incorporate it into the

1   order that will be -- that will go out.

2         MR. MAUSNER:  May I point out a typographical error

3   in the order, your Honor?

4         THE COURT:  Oh, sure.

5         MR. MAUSNER:  Okay.  On --

6         THE COURT:  If you had any idea at the pace in

7   which we're generating this and other things, you might

8   forgive me, but I do want to do it right; so let's have the

9   typographical error.

10         MR. MAUSNER:  Okay.  In Paragraph 1 it says,

11   "Except that it will rule on A9's motion for summary judgment

12   calendar for January 5th," the tentative stated the correct

13   thing, which says --

14         THE COURT:  No.  No.  I've changed my mind from

15   that.

16         MR. MAUSNER:  Oh.

17         THE COURT:  We're not moving on your motion.  We're

18   ruling on A9's motion.

19         MR. MAUSNER:  Okay.  Well, ours is the one that's

20   fully briefed.

21         THE COURT:  I know.

22         MR. MAUSNER:  We have not responded to A9.

23         THE COURT:  I know.

24         MR. MAUSNER:  Okay.

25         THE COURT:  But A9 is the only one that I'm

1    prepared and in any remote position to turn to --

2            MR. MAUSNER:  Okay.

3            THE COURT:  -- because, without belaboring it,

4    these aren't my only cases.  You have no idea.  And A9's

5    raises a very narrow issue that the parties are entitled to

6    get guidance on and could have a practical effect on all

7    sides.

8            The others are going to be subject to all the

9    motions in question.  So your motion, which is fully

10   briefed -- I grant you that.  And by "fully briefed" I mean

11   that the opposing side -- I forget if it was Alexa or Amazon

12   or Alexa and Amazon, it's just going to be taken under

13   submission.  Nobody will have a chance to change it, to

14   supplement it.  It will just go to the bottom of the list.

15           MR. MAUSNER:  Will your Honor rule on that, though?

16           THE COURT:  You know, if things change in terms of

17   my other responsibilities during the pendency of the active

18   litigation against Microsoft, I probably would because it is

19   fully briefed.  I'm not going to accept any motions, any

20   oppositions, any replies, any filings, or anything that's in

21   the works.  That one is fully briefed.  The parties have put

22   in the effort.  I would prefer by all means to be able to

23   rule on it.  I'm not going to rule on it as a condition of

24   proceeding on the Microsoft case, and I can't tell you when I

25   will.  That's why I said I'll take it under submission.  But

1    nothing else will be changed.  And A9's I'll rule on it.

2            MR. MAUSNER:  When is our opposition due for the A9

3    one?

4            THE COURT:  It's due when it was -- by the --

5    I forget when it was filed, but you'd better get your

6    opposition in.

7            MR. MAUSNER:  Well, we stopped working on it when

8    you -- when you stated basically; so we need some time to

9    finish the opposition.  It's probably half finished.

10           THE COURT:  I don't even understand what you mean

11   by what I stated and why you stopped the opposition.  That

12   one is --

13           MR. MAUSNER:  In your tentative, your Honor, you

14   said that everything except for our motion was stayed.  So we

15   did not -- we did not go forward on -- on opposing the A9

16   one.

17           THE COURT:  Well, you took your chances.  It's

18   noticed for January 5th.

19           MR. MAUSNER:  We -- we had stipulated to move it or

20   we were -- we had a stipulation prepared to move it to the

21   12th.

22           THE COURT:  All right.  I'll go along with that.

23   But that doesn't change anything else you're going to have to

24   do on --

25           MR. MAUSNER:  Okay.

1          THE COURT:  -- on -- as a result of my current

2   draft order here and in the Microsoft case.  So if it's due

3   on the 12th, then you'd better get your papers in by --

4   that -- yes.

5          MR. MALUTTA:  And we have -- the hearing was going

6   to be January 12th.

7          THE COURT:  Yeah.  I know.

8          So your reply would have to be due the 5th.

9          And your opposition will have to be due -- will be

10  due on the 29th.

11         MR. MAUSNER:  Yes, your Honor.

12         THE COURT:  So now I think it is implicit, and

13  maybe we had a chance to make it explicit in the draft order,

14  that with respect to the Microsoft case, Microsoft need not

15  make and may not make any motions on any claims or theories

16  that are subject to the these designations.  They're out.

17  There's a waiver.  You don't have to face any lingering

18  issues about them.  And Perfect 10 won't thereafter be

19  allowed to pursue them.

20         When it comes to the motions that you listed, quite

21  a lot of them, I'm going to leave it to you to exercise what

22  thus far has been, I think, reasonable judgment and to work

23  with Mr. Mausner to figure out the sequence in which the

24  motion should be made and ruled upon.

25         And this is what I do in many different kinds of

1    cases where there are multiple motions or sometimes there's

2    motions in limine where a ruling on one motion at least might

3    preclude or moot or dispose of the need to rule on a later

4    motion -- or a different motion, I should say.  The ones that

5    could have a preclusive or dispositive or precedential effect

6    on the others come first.  And I don't want to have to

7    consider, rule upon, or have our clerk, who himself is coping

8    with the questionable caseload, have to docket stuff and

9    maintain an articulable system anything about motions which

10   really may not be necessary.

11        The obvious objective I'm trying to achieve here is

12   both simplicity and clarity, overwritten at each point by

13   fairness, and I think what I've come up with in principle is

14   fair.

15        So I wanted to at least set the concept for the

16   prosecution of the active case.  By that I mean, of course,

17   the Microsoft case on the table here in court for the benefit

18   of all the lawyers.

19        Now, I have noted in Paragraph A of the draft

20   order -- and that too will have to change -- what my findings

21   are with respect to the proposition to a stay.  And it's

22   principally your point, Mr. Zeller, that voiced the

23   opposition.  I don't think you need to remind me of a basis

24   for that and the concerns you expressed and the principles,

25   but I'll give you an opportunity, if you would like, now to

1    either request or suggest a gloss on some of these findings

2    because I think many of the points you made were sound.  Some

3    of them I intend to incorporate verbatim, like that footnote.

4    I can't see how you could really establish any significant or

5    genuine prejudice at all based upon these concepts.

6            But if you want to be heard, go ahead.

7            MR. ZELLER:  Yes.  Thank you, your Honor.

8            And I definitely appreciate that the Court has

9    obviously taken into account our concerns, and they're

10   expressed there in Paragraph 2 of the stay provisions.  I

11   mean, for the record, obviously we -- we -- we were opposed

12   to the stay, but obviously having conditions, you know, is a

13   very important step, as far as we're concerned.

14           The only thing I would elaborate on, your Honor, in

15   terms of the stay provision in Paragraph 2, we use the

16   language willfulness or intent for any purpose just so it's--

17   you know, and perhaps it's implicit, maybe belt and

18   suspenders, but I would include terms such as knowledge or

19   its synonyms.  I mean, we just don't want to be charged with

20   basically having sat on our hands in some way when obviously

21   we're in a state posture, and --

22           THE COURT:  Well, give me a context of something

23   that could happen where fairness requires that you be

24   protected against that contingency.  Tell me -- give me a

25   concrete example.

1          MR. ZELLER:  Well, part of the concern is -- is

2    that, say, for example, Provision A is violated, and we do

3    receive another DMCA notice from Perfect 10, and then they

4    argue that, you know, now we're charged with knowledge in

5    some way.  That is their theory of the case, by the way.  We

6    disagree with it as a legal matter, but that certainly is

7    their theory.

8          THE COURT:  Okay.  Well, you would be protected.

9    I think that's implicit.

10         MR. ZELLER:  Uh-huh.

11         THE COURT:  And you might have reason to wonder

12   whether if my order is violated, I might take action.  I

13   don't intend to go beyond that.

14         I thought of a different context, just sitting here

15   listening.  Suppose you're monitoring what's going on in the

16   Microsoft litigation and Perfect 10 explained what something

17   meant on a DMCA notice that Microsoft is challenging the

18   effectiveness or validity of, and it was identical to the one

19   you got.  And maybe there's a finding that Perfect 10 was

20   right or maybe there's a stipulation by Microsoft that

21   Perfect 10 is right.

22         Does that finding, short of collateral estoppel

23   issues that I don't think you're going to be talking about --

24   facing that, Perfect 10 will, but you won't.  I know -- would

25   you would be bound by that knowledge, this is what Perfect 10

1    meant?  Okay.  The answer is no.

2         You would be stupid to disregard it if you started

3    to make a big deal out of something when it comes your turn

4    to fight Perfect 10 tooth and nail, but you're not going to

5    be bound by it.

6         So I don't mind putting in some broader language,

7    but I don't think it's really going to be that necessary.

8         MR. ZELLER:  Fair enough, your Honor.

9         THE COURT:  Anything else you want to say,

10   Mr. Zeller.

11        MR. ZELLER:  No, your Honor.

12        Obviously, I'm not in a position to comment on the

13   other case management aspects of Microsoft and so I don't

14   intend to interject anything along those lines.

15        But insofar as the parts that pertain to Google,

16   your Honor, nothing further.

17        THE COURT:  Okay.  And Mr. Malutta -- Malutta?

18   Pardon me.

19        MR. MALUTTA:  That's okay.  Thank you.

20        As to the Amazon defendants, while we certainly

21   would prefer having our briefed summary judgment motions

22   heard where you have no objection to the order that you've

23   outlined that -- with the protections that it involved.

24        THE COURT:  Well, A9 I will rule on.

25        MR. MALUTTA:  Absolutely.

1          THE COURT:  And the others that are fully briefed,

2     which really is Perfect 10's -- pardon me -- I will get to

3     sometime when I can.

4          MR. MALUTTA:  Uh-huh.

5          THE COURT:  I definitely will.

6          Okay.  So thank you.

7          MR. MALUTTA:  Thank you, your Honor.

8          THE COURT:  Now, as to the portions in Paragraph B

9     relating to the management of the Microsoft case, do you wish

10    to be heard, Mr. Bridge -- Bridges?  Pardon me.

11         MR. BRIDGES:  Yes, your Honor.  Just briefly.

12         In A-5, the Court refers to production of a

13    document by Perfect 10 listing its selected scenarios.

14    There's no data associated with that.  I think the actual

15    discovery substantive response is due on January 20th, but if

16    the Court could give an earlier date for the scenarios to be

17    identified so that we can begin to prepare our designations.

18         THE COURT:  So I take it from your question that

19    you are distinguishing between the specific scenarios that

20    Perfect 10 is going to pursue on one the hand and the example

21    of the given scenario on the other.

22         MR. BRIDGES:  That's right, your Honor, because

23    there's --

24         THE COURT:  Because the example -- yeah.  I see

25    what he -- oh, you know, I may not be fully understanding

1    what you're driving at; so let's say that Perfect 10 comes in

2    tomorrow with something that -- come in with -- I won't

3    presume to coach them.

4              So Perfect Ten comes in with whatever number it is.

5    Okay?

6              What do you want me to say as to Paragraph 5?

7              MR. BRIDGES:  To say that by some date certain,

8    maybe January 5 or something like that, it just -- tell us

9    what the scenarios are.  And then January 20th it gives us

10   all of the information for each scenario that it's supposed

11   to have on the spreadsheet.

12             THE COURT:  Yeah.  That's what I meant when I said

13   by difference between identifying scenarios, and on

14   January 20th, giving you the example, for each scenario.

15             MR. BRIDGES:  That's right.

16             And --

17             THE COURT:  So you think January 5th would be

18   sufficient?

19             MR. BRIDGES:  I believe so, your Honor.

20             THE COURT:  You got a problem with January 5th,

21   Mr. Mausner?

22             MR. MAUSNER:  May I confer with --

23             (An off-the-record discussion was held.)

24             MR. MAUSNER:  Two issues, your Honor.

25             We need to know what's been removed before we can

1   do -- I think it's L and M.  That -- that's totally within

2   Microsoft's knowledge.  You know what -- what they removed.

3   And yes, it is -- yeah.  L -- L and M.  L is Microsoft's

4   response to notices.

5         THE COURT:  No.  You designated.  And if

6   something's been removed, they will tell you, and you can

7   designate something else.

8         MR. BRIDGES:  Oh.

9         MR. MAUSNER:  In other words, we'll designate

10   something that falls within all of the other categories, and

11   then they will tell us whether it's been removed, when it's

12   been removed, and so on?

13         MR. BRIDGES:  Your Honor, I think I can clarify on

14   this.

15         THE COURT:  Okay.

16         MR. BRIDGES:  What Mr. Mausner is referring to is

17   that one of the items of information we requested was -- in

18   the spreadsheet it was time when, according to Perfect Ten,

19   something came down pursuant to notice because it's arguing

20   that takedowns were be expeditious.

21         THE COURT:  Yes.

22         MR. BRIDGES:  We're only asking for what

23   Perfect Ten itself knows.  We don't want to get in a

24   situation where we have to have an echo chamber that they

25   can't know what they have to say until they know what we have

1  to say.  We just want to know what information is available

2  to Perfect Ten about when they think something was taken down

3  because they've alleged that it's not expeditious.

4           THE COURT:  Yeah.  Well, I'm looking at L and M now

5  from the status report that was filed on November 10th.  And

6  I'm probably still confused, but these are contingent

7  scenarios.  And the one that I would think would be most

8  significant from Perfect Ten's point of view would be L-4,

9  let's say, Microsoft did not act on the notice.

10          And M-2, Microsoft did not respond to the notice

11  expeditiously.

12          MR. BRIDGES:  Those are --

13          THE COURT:  So what is it that you want Microsoft

14  to do about L and M?

15          MR. MAUSNER:  To provide us a list of all of the

16  URL's that they removed and the date that they removed them.

17          THE COURT:  You have to -- you -- you're claiming

18  that they failed to do something.  Pick something that you

19  know that you had.  It's your case.  It's your claim.  Why do

20  they have to remove anything?  You're saying that DMCA

21  compliance was absent because they didn't remove something.

22          That's your -- that's one of your contentions;

23  right?

24          MR. MAUSNER:  Right.

25          And we know some things they haven't removed

1    because they're still up, but we went don't know when they

2    removed something or --

3            THE COURT:  Well, pick one of those.

4            MR. MAUSNER:  Okay.  And in May -- you know, May --

5    okay.  I mean, I guess that's what we'll have to do.  But we

6    don't --

7            THE COURT:  That is what you'll have to do.

8            MR. MAUSNER:  We don't have -- we don't have the L

9    and M information.

10           THE COURT:  This -- this apparent practice or

11   pattern of making all these slashing claims and then saying

12   prove us wrong is not quite the way it's supposed to work,

13   Mr. Mausner.  And it's not the way it's going to work from

14   here on in.

15           MR. MAUSNER:  Well, I don't think we were doing

16   that.

17           THE COURT:  So that's my answer to number L and M.

18           MR. MAUSNER:  Okay.

19           THE COURT:  I don't think they have to do anything

20   in order for you to respond by January 5th.

21           MR. MAUSNER:  Okay.  And the other thing is could

22   we have -- we have to oppose summary judgment.

23           So could we have an extra week on that?

24           THE COURT:  No.  You may not.

25           MR. MAUSNER:  Okay.

1           THE COURT:  Anything else?

2           I'll call on you in a minute, Mr. Zeller.  Please

3  be seated.

4           MR. ZELLER:  Thank you, your Honor.

5           MR. MAUSNER:  Nothing further, your Honor.

6           THE COURT:  All right.  Now, Judge Hillman, did you

7  want to say something?

8           First of all, let me thank Judge Hillman.  As

9  always, he's been very helpful, and I appreciate his coming

10  here.

11          JUDGE HILLMAN:  On the last page here you're

12  setting a completion date for Section 3 discovery.  I would

13  suggest that you set a separate date for Section 3, any

14  Section 3 discovery notions to be filed by a date -- certain

15  cutoff date for motions, discovery motions.

16          THE COURT:  Well, that's something -- I'm glad you

17  raise that, Judge Hillman, because I didn't want to do what I

18  typically do, which is scheduling conferences in 98 percent

19  of the cases that I have where we, of course, have to have a

20  scheduling conference, and that is set precise dates.

21  There's too much of a risk that I either would waste time

22  trying to explore them here in court or make decisions that

23  were ill advised.  That's why I want -- and maybe it says it

24  in this draft order, if we have time to incorporate it,

25  Mr. Mausner and Mr. Bridges to meet and confer and propose

1    all of the other dates leading up to trial.  Trial is going

2    to be August 11th -- not August 12th, not September -- and to

3    start down on this path of specificity that enables us to

4    avoid all these other problems that we've been dealing with.

5    The January 20th date is going to remain.

6          But all the other dates, such as last dates to

7    bring discovery motion that's Mr. -- that Judge Hillman is

8    referring to, why don't you guys talk about that and come up

9    with something realistic and reasonable?

10          JUDGE HILLMAN:  A dispositive motion cutoff date.

11          THE COURT:  All of them:  Dispositive motions,

12   compliance with Local Rule 16-15 -- that's the rule that

13   requires good faith efforts to resolve differences by

14   mediation or settlement.  Everything that's on my standard --

15   look, we -- I don't know if I brought it out here, but I

16   issued a prior scheduling order in the Microsoft case.

17   I have it before me.  Last day to amend pleadings, opening

18   expert witness disclosures, filing of pretrial conference

19   materials -- all that stuff, you guys propose a date.  Agree,

20   not propose.  I don't want there to be any dispute.

21          If there's a dispute, I'm going to lock you into

22   a room, and whoever prevails will be entitled to collect

23   attorneys' fees from the other side.  I don't want to have to

24   resolve any of that.

25          And I think that will provide the clarity that you

1    are understandably recommending.

2            Now, did you want to be heard, Mr. Zeller?

3            MR. ZELLER:  Yes, your Honor.

4            I apologize for not catching this previously.  In

5    Paragraph 2-B it says, "Perfect Ten may not pursue any claims

6    against them."  And then in Paragraph 4-D, which I think is

7    the Court's intent when it's talking about the Amazon

8    defendants, says, "Not permitted to accrue additional claims

9    or damages against them during this stay."

10            So I would ask that 2-B also insert the language,

11   "not pursue any claims or damages against them."

12            THE COURT:  I'll do that.  That's fine.

13            MR. ZELLER:  Thank you, your Honor.

14            THE COURT:  No problem.

15            Okay.  Anything else, Counsel?

16            All right.  Thank you for your cooperation.

17            We're adjourned.

18            (Whereupon, at 3:53 p.m. the proceeding concluded.)

19

20

21

22

23

24

25