QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213

Attorneys for Defendant Google Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S REQUEST FOR ORAL ARGUMENT ON PENDING DISCOVERY MOTIONS**<br><br>Hon. Stephen J. Hillman<br><br>Courtroom.: 550<br>Hearing Date: N/A<br>Hearing Time: N/A<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

**Google Inc.'s Request for Hearing on Pending Discovery Motions**

Google Inc. respectfully requests that the Court set the following fully-briefed motions for oral argument: (1) Google's Motion to Compel Further Responses to Google's Interrogatory Nos. 3 and 11 ("Interrogatory Motion"), and (2) Google's Motion to Determine the Sufficiency of Plaintiff Perfect 10, Inc.'s Responses to Google's Requests for Admission, Sets 1 and 2 ("Admission Motion").

As the Court is aware, oral argument on Google's Interrogatory Motion was previously scheduled for September 8, 2008 and taken off calendar by the Court's September 5, 2008 Order. At the time the hearing was taken off calendar, Judge Matz had taken the Motion under consideration in exploring the possible appointment of a discovery master and issuance of a special Case Management Order directing limited discovery focused on summary judgment and settlement readiness. Ultimately, Judge Matz declined to appoint a discovery master at that time. Although Judge Matz has already expressed his view that Google's Interrogatory Motion has merit, and that Perfect 10 should produce a limited spreadsheet containing the requested information, there has not yet been a formal ruling on the Motion. See Order dated September 25, 2008 (finding that "it would be both fair and feasible for Perfect 10 to create a spreadsheet along the lines contemplated by Google's Interrogatories Nos. 3 and 11 … for a selected and relatively small sample of copyrighted works."). Nor has Perfect 10 produced such a spreadsheet.

Similarly, oral argument on Google's Admission Motion was previously scheduled for November 17, 2008, but was vacated by the Court's November 4, 2008 Order. At the time this hearing was vacated, the Court was considering the possible imposition of a stay of this action. The Court entered the stay the following month. Pursuant to Judge Matz's Order dated December 22, 2008, the stay of <u>Perfect 10, Inc. v. Google Inc.</u>, Case No. 04-9484, was lifted on April 23, 2009.

Both of these Motions are now ripe for disposition. Google requested that Perfect 10 provide convenient dates for a hearing on these Motions, but Perfect 10 refused, stating that it did not believe a hearing was necessary.

Google respectfully submits that oral argument would be beneficial. Google further submits that rulings on these Motions (and Perfect 10's compliance with any resulting orders) would greatly assist the parties in working toward resolution of this case. Google's need for this discovery is particularly pressing in light of Perfect 10's recently-stated intention to file a motion for summary judgment regarding direct, vicarious and contributory copyright infringement in the near future. Plainly, before such a dispositive infringement liability motion is filed or heard, Google is entitled to obtain basic discovery regarding, for example, the alleged infringements Google asked Perfect 10 to identify in the Interrogatories at issue in its now-pending Interrogatory Motion. Similarly, the Admission Motion seeks admissions that pertain to, *inter alia*, infringement liability issues, and Google is entitled to answers before it must respond to a dispositive motion on those issues.

Accordingly, Google respectfully requests that the Court set oral argument on both Motions for either May 18, 2009 at 2:00 p.m., June 1, 2009 at 2:00 p.m., or such other date thereafter that is convenient for the Court.

DATED: May 1, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant Google Inc.