QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
   rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC'S AMENDED NOTICE OF MOTION AND MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: June 1, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 14<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

| | |
|---|---|
| 1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 2 | PLEASE TAKE NOTICE that on June 1, 2009, at 10:00 a.m., in the |
| 3 | courtroom of the Honorable A. Howard Matz, located at 312 North Spring Street, |
| 4 | Los Angeles, California 90012, Courtroom 14, Defendant Google Inc. ("Google") |
| 5 | shall and hereby does move this Court for an order setting a schedule for the filing |
| 6 | of dispositive motions in this action. Specifically, Google asks the Court for an |
| 7 | order providing that the parties shall brief and file their cross-motions regarding |
| 8 | Google's DMCA safe harbor defense prior to briefing and filing their cross-motions |
| 9 | regarding copyright infringement liability, because the former motion will, if |
| 10 | granted, moot the latter motion. Google further shall and hereby moves for relief |
| 11 | from the 20-day hold requirement of <u>Local</u> <u>Rule</u> 7-3. Google has discussed this |
| 12 | motion thoroughly with Perfect 10's counsel but could not reach any resolution. |
| 13 | Both parties represented that their positions on the issue are final. Further, Perfect |
| 14 | 10 represented that it would seek to file its first dispositive motion in the next few |
| 15 | weeks. Accordingly, Google respectfully requests that this Court grant it relief from |
| 16 | the 20-day waiting period under <u>Local</u> <u>Rule</u> 7.3, because if Google waits until the |
| 17 | expiration of that period before filing this motion, Google will have suffered the |
| 18 | harm it seeks to avoid by this motion. |
| 19 | This motion is based on this Notice of Motion and Motion, the Memorandum |
| 20 | of Points and Authorities filed concurrently herewith, the Declaration of |
| 21 | Rachel Herrick Kassabian in support thereof, the pleadings and other papers on file |
| 22 | in this action, and such additional evidence as may be presented at or before the |
| 23 | hearing. |

## Statement of Local Rule 7-3 Compliance

Google's counsel and Perfect 10's counsel engaged in a <u>Local</u> <u>Rule</u> 7-3 pre-filing conference regarding the order in which dispositive motions should be filed and who should be the movant on these dispositive motions on May 5, 2009.

DATED: May 8, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Michael Zeller
Attorneys for Defendant GOOGLE INC.

## TABLE OF CONTENTS

| | Page |
|---|---:|
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
|     A. The Court Advises the Parties to File Dispositive Motions in an Order That Would Potentially Moot Later-Filed Motions. | 2 |
|     B. Google Initiates Meet and Confer Efforts Regarding Its Planned Dispositive Motions on Its DMCA Safe Harbor Defense in November 2008. | 2 |
|     C. Perfect 10 States its Intention to File a Dispositive Motion Regarding Copyright Infringement Liability. | 3 |
| ARGUMENT | 5 |
| I. GOOGLE'S DMCA SUMMARY JUDGMENT MOTIONS SHOULD BE HEARD FIRST, SINCE THEY WOULD POTENTIALLY MOOT PERFECT 10'S LIABILITY MOTION. | 5 |
| II. PERFECT 10'S SUMMARY JUDGMENT MOTION ON LIABILITY IS PREMATURE BECAUSE DISCOVERY IS OUTSTANDING. | 8 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page

### Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................... 10

*Burnside-Ott Aviation Training Center, Inc. v. United States*,
   985 F.2d 1574 (Fed. Cir. 1993) .................................................................. 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................... 10

*Corbis Corp. v. Amazon.com, Inc.*,
   351 F. Supp. 2d 1090 (W.D. Wash. 2004) .................................................. 6

*Hendrickson v. EBay Inc.*,
   165 F. Supp. 2d 1082 (C.D. Cal. 2001) ...................................................... 6

*Io Group, Inc. v. Veoh Networks, Inc.*,
   586 F. Supp. 2d 1132 (N.D. Cal. 2008) .................................................. 5, 6

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ..................................................................... 5

### Statutes

17 U.S.C. § 512(b), (c) and (d) ............................................................... *passim*

### Rules

Fed. R. Civ. P. 56(f) ............................................................................... 1, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Google brings this motion for an order setting a schedule for the filing of dispositive motions in this action. Google specifically requests that the Court order that Google's Motions for Summary Judgment of Entitlement to Safe Harbor Under 17 U.S.C. § 512(b), (c), and (d) of the DMCA, and any opposition filed by Perfect 10, be briefed and resolved prior to any dispositive motion by Perfect 10 regarding copyright liability. This Court has rightly directed the parties to sequence their motions so that motions having potentially preclusive effect on other motions be filed and decided first. Ordering briefing and resolution of Google's DMCA motions first is an appropriate and efficient approach to the parties' motions. If granted, Google's DMCA motions will moot the central issue in Perfect 10's planned infringement liability motion—that is, whether Google may be held liable for monetary relief for direct or secondary copyright infringement. Other courts have elected to resolve DMCA issues before copyright liability issues for this very reason.

Moreover, Perfect 10's anticipated motion for summary judgment on copyright liability is premature because relevant discovery is still outstanding. Thus, resolution of Perfect 10's motion will be delayed by the fact that Google will have no choice but to respond with a <u>Rule</u> 56(f) motion. Thus, hearing Google's DMCA motions first serves the interests of judicial economy, and comports with this Court's guidance regarding the sequence of dispositive motions.

Accordingly, Google respectfully requests that this Court issue an order that Google shall file its motions for summary judgment on entitlement to DMCA safe harbor within 30 days of the Court's order on this motion, the briefing on said motions shall comply with the schedule set forth in the [Proposed] Order filed concurrently herewith, and that Perfect 10 shall not file its planned motion until after Google's DMCA motions are resolved.

## Background

### A. The Court Advises the Parties to File Dispositive Motions in an Order That Would Potentially Moot Later-Filed Motions.

On August 18, 2008, counsel for the parties appeared before the Court at a scheduling conference. (Declaration of Rachel Herrick Kassabian, ¶ 3.) Among the many issues discussed was the number of dispositive motions Google expects to file. (Id., Ex. A, at 48:1-5.) During the course of that discussion, the Court instructed the parties to stipulate to the sequence for filing dispositive motions such that those that would potentially moot other motions be filed first:

> Now, what you should do, and what I'm ordering you to do, Mr. Zeller -- and I don't have a view on how it would shake out -- is ***determine which of these motions, if it's meritorious or possibly if it's lacking in merit, would preclude the need the need for any later motion to be filed***.
>
> In other words, figure out and work with Mr. Mausner. And I want you to stipulate to a sequence. And we can figure out the timing, because ***if there is some motions which, if I find them to be meritorious, would moot the need for later motions, then the later motions don't get made,*** your firm loses a little bit of money, and Google pays a little bit less in attorneys' fees, and the Court doesn't have to waste time.

(Id., 48:9-20; see also id., 49:12-14 (emphasis added)).

### B. Google Initiates Meet and Confer Efforts Regarding Its Planned Dispositive Motions on Its DMCA Safe Harbor Defense in November 2008.

Following the Court's instructions at the August 18, 2008 conference, Google met and conferred with Perfect 10 in November 2008 pursuant to Local Rule 7-3 concerning Google's intention to file motions for summary judgment based on Google's entitlement to safe harbor under the DMCA, 17 U.S.C. §§ 512(b), (c),

and (d). (Id., ¶ 4, Ex. B.) Later that same day, Perfect 10 sent Google correspondence expressing its intention to file a cross-motion for summary judgment on this same issue. (Id., ¶ 5, Ex. C.)

In December 2008, just before the Court entered a stay of this action, Google continued its meet and confer efforts, discussing the substantive issues raised in Google's planned DMCA motions, Google's intent to file one motion addressing each of the relevant subsections of the DMCA implicated here (for a total of three motions), and the amount of time the parties would need to prepare opposition and reply papers. (Id., ¶ 6.) The parties discussed a briefing schedule wherein Perfect 10's opposition and cross-motion would be filed four weeks after Google's moving papers, Google's reply papers would be filed four weeks after Perfect 10's opposition papers, and the motions would be heard four weeks later. (Id.) Though the parties did not reach final agreement on the precise briefing schedule for Google's DMCA motion and Perfect 10's cross-motion before the Court stayed the litigation on December 22, 2008, Perfect 10 did not dispute Google's intention to be the moving party on this affirmative defense. (Id.)

### C. **Perfect 10 States its Intention to File a Dispositive Motion Regarding Copyright Infringement Liability.**

On April 23, 2009, the day the stay expired, Google sent Perfect 10 correspondence seeking to resume and complete the parties' meet and confer efforts regarding a stipulated schedule under which Google would file its DMCA summary judgment motions and Perfect 10 would file its opposition and/or cross-motion. (Id., ¶ 7, Ex. D.) Later that same day, Perfect 10 responded to Google's letter by asking to initiate meet and confer efforts regarding Perfect 10's plan to file a summary judgment motion regarding direct, contributory, and vicarious copyright infringement liability. (Id., ¶ 8, Ex. E.) Perfect 10's correspondence further indicated that its planned motion would also address the DMCA issues that the

parties had previously discussed would be presented by Google in Google's DMCA motion. (Id.)

On May 5, 2009, the parties met and conferred telephonically regarding, *inter alia*, their planned dispositive motions. (Id., ¶ 9.) During that call, Google explained that because Google's DMCA motions could, if granted, moot Perfect 10's planned infringement liability motion, it would be more efficient for the parties to brief (and the Court to decide) the DMCA motions first. Nevertheless, Perfect 10 refused to agree that Google's DMCA motions be filed and resolved first. Indeed, Perfect 10 confirmed that (1) its liability motion would include a section addressing the DMCA (despite the parties' earlier discussions that Google would be the moving party on this affirmative defense), and (2) Perfect 10 also intended to file a cross-motion to Google's DMCA motion (thereby consuming the Court's time and the parties' resources by briefing the same issue twice). (Id.)

In an attempt to compromise, Google offered that Perfect 10 could be the moving party regarding infringement liability (consistent with Perfect 10's burden of proof), but that Google should remain the moving party regarding its DMCA affirmative defense (consistent with Google's burden of proof), as the parties had previously discussed. (Id.) Perfect 10 refused Google's offer, insisting that it be the moving party on both issues. (Id.)

Thus, the parties did not reach agreement regarding the order in which their dispositive motions should be filed and heard by the Court, or which party should be the moving party for each set of motions. (Id., ¶ 10.) Both parties confirmed during the May 5 call that their positions on this issue are final. (Id.) Perfect 10 indicated it would file its planned infringement liability motion soon, likely in the next few weeks. (Id.) Google asked Perfect 10 if it would agree to jointly submit these scheduling questions to the Court, but Perfect 10 refused this as well, thereby necessitating this Motion. (Id.) Perfect 10 did, however, reiterate its agreement to Google's proposal that the parties have four weeks to file opposition and reply

papers regarding Google's DMCA motion, and that the motions be heard four weeks after reply briefs are filed. (Id.)

## Argument

### I. GOOGLE'S DMCA SUMMARY JUDGMENT MOTIONS SHOULD BE HEARD FIRST, SINCE THEY WOULD POTENTIALLY MOOT PERFECT 10'S LIABILITY MOTION.

Google's motions for summary judgment regarding entitlement to safe harbor under subsections 512(b), (c), and (d) of the DMCA should be heard before Perfect 10's planned infringement liability motion. Google has asserted the DMCA safe harbor as one of its affirmative defenses. (Answer to Second Amended Complaint and Counterclaims, docket no. 324)

The DMCA limits the liability of service providers for copyright infringement in various circumstances, if the service providers meet certain criteria. See 17 U.S.C. § 512(b), (c), (d); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1175 (9th Cir. 2007) (limiting liability "for infringement of copyright by reason of the intermediate and temporary storage of material on a system or network controlled or operated by or for the service provider," "for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider," and "for infringement of copyright by reason of the provider referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link,") More specifically, the DMCA safe harbors protect qualifying service providers from liability for all monetary relief for direct, vicarious and contributory infringement claims. Io Group, Inc. v. Veoh Networks, Inc., 586 F.Supp.2d 1132, 1141 (N.D. Cal. 2008). Thus, if a court grants a service provider's summary judgment motion regarding DMCA safe harbor, it need not reach the issue of whether the service

provider is liable for monetary relief for direct or secondary copyright infringement. See 17 U.S.C. § 512(b), (c), (d).

Other courts have elected to resolve DMCA issues before copyright liability issues. See generally Io Group, 586 F.Supp.2d at 1141 (deciding that it was more efficient to address defendant's motion for summary judgment as to the applicability of safe harbor under the DMCA before plaintiff's motion for summary judgment on liability); Corbis Corp. v. Amazon.com, Inc., 351 F.Supp.2d 1090, 1098 (W.D. Wash. 2004) ("[E]ven if [plaintiff's] copyright infringement claims can [bear] fruit, [defendant's] liability protection ensures that the claims will wither on the vine"). Indeed, one court in this district has described the DMCA safe harbor defense as a "preliminary issue" to be addressed *before* the ultimate question of infringement liability is reached. See Hendrickson v. EBay Inc., 165 F.Supp.2d 1082, 1087-88 (C.D. Cal. 2001) ("Before the Court reaches the merits of that [secondary copyright liability] question, the Court must address a preliminary issue: whether the DMCA shields eBay from liability for copyright infringement.")

Here, Google has met and conferred with Perfect 10 regarding Google's intention to file summary judgment motions regarding Google's entitlement to DMCA safe harbor. Google's DMCA motion should be heard first, before Perfect 10's planned infringement liability motion, because this Court has rightly ordered the parties to sequence their motions so that motions having potentially preclusive effect on other motions be filed and decided first. Google's DMCA motion, if granted, will moot the central issue in Perfect 10's planned infringement liability motion—namely, whether Google may be held liable for monetary relief for direct or secondary copyright infringement. Thus, hearing Google's DMCA motions first serves the interests of judicial economy, and comports with this Court's directives regarding the sequence of dispositive motions.

By contrast, even if Perfect 10 were to succeed on its copyright liability motion, the Court would still need to reach Google's DMCA motion. Nothing

would be gained, and no motions would be eliminated, by addressing Perfect 10's liability motion first. Indeed, judicial and party resources may well be wasted by proceeding in this fashion. This is precisely what the Court has indicated it wants to avoid. (Kassabian Dec., ¶ 3, Ex. A, 48:9-20.)

Perfect 10 likely will argue that it can resolve this problem by including DMCA issues in its liability motion. This would not resolve anything. The DMCA is a complete defense to Perfect 10's copyright infringement claims. If Google prevails under the DMCA, the Court and the parties will have wasted time and resources on numerous issues that Perfect 10's liability motion necessarily must raise, such as ownership and other prima facie elements of an infringement claim. Having Perfect 10's motion proceed before or simultaneously with briefing on the DMCA cannot avoid that problem. Furthermore, Google informed Perfect 10 many months ago that Google intended to file a DMCA summary judgment motion. (Joint Rule 16(b) Report, Docket No. 334, at 21; Kassabian Dec., ¶ 4, Ex. B.) Perfect 10 never contested that Google should be the moving party on this affirmative defense. (Kassabian Dec., ¶ 5, Ex. C.) Indeed, as the party asserting (and bearing the burden of proof on) the DMCA affirmative defense, Google should have the right to be the moving party on this important issue. Limiting Google to just a single opposition brief/cross-motion on this critical defense would deny Google the opportunity to fully and fairly defend itself against Perfect 10's copyright claims. Accordingly, Google's DMCA motions should be heard before Perfect 10's liability motion, and Google should be deemed the moving party on the DMCA issue.[1]

---

[1] Of course, Perfect 10's plan to address the DMCA in <u>both</u> its anticipated copyright liability motion <u>and</u> its cross-motion to Google's DMCA motion flies even more directly in the face of this Court's Scheduling and Case Management Order, which holds that:

> The parties shall avoid filing cross-motions for summary judgment on identical issues of law, such that the papers would be unnecessarily
> (footnote continued)

## II. PERFECT 10'S SUMMARY JUDGMENT MOTION ON LIABILITY IS PREMATURE BECAUSE DISCOVERY IS OUTSTANDING.

Google's DMCA motions should be heard first for the additional reason that Perfect 10's anticipated motion for summary judgment on copyright liability is premature. At the October 6, 2008 conference, this Court warned Perfect 10 in no uncertain terms that it may not reach dispositive motion practice on its copyright infringement claims without first providing the necessary discovery:

> Don't lose sight of the point, Mr. Mausner. I am trying to get you, without being hostile to you at all, to understand what evidence is and what you're going to have to prove at trial. And that's my premise here. ***If you are going to have to prove something at trial, you are going to have to prove it on summary judgment, even as to just liability, okay?***
>
> * * *
>
> ***I'm not going to let you get to summary judgment and prevail on anything unless the evidence of all of the elements you have to prove for contributory liability . . . has been established.***

(Kassabian Dec., ¶ 12, Ex. G, 27:1-7, and 36:16-20) (emphasis added).

As of this writing, Google has three discovery motions pending before Magistrate Judge Hillman and is currently meeting and conferring with Perfect 10

---

cumulative. (*E.g.*, a party's moving and reply papers on its own motion would advance the same arguments as its opposition papers to the other party's cross-motion"). (Kassabian Dec., ¶ 11, Ex. F - Scheduling and Case Management Order, ¶ 5.) This is precisely what Perfect 10 plans to do: advance arguments regarding Google's DMCA safe harbor defense in its moving and reply papers on its own copyright liability motion, and also address that same issue in its opposition/ cross-motion to Google's DMCA motions. Perfect 10 should not be permitted to waste this Court's

(footnote continued)

regarding a number of additional discovery disputes.² Perhaps in hopes of avoiding these discovery obligations, Perfect 10 now wants to put the proverbial cart before the horse and file its dispositive motion without first giving Google even the most basic discovery it has requested regarding Perfect 10's copyright infringement claims, including:

- Evidence of copyright ownership and registration of the images at issue—a necessary predicate for maintaining Perfect 10's copyright infringement claims. (See Motion to Compel Perfect 10 to Produce Documents, Comply with the Protective Order, and Affix Document Control Numbers to its Document Productions, filed May 7, 2009, now pending (Docket No. 407)).

- An identification of the alleged infringements Perfect 10 is asserting here, including evidence of the date and location of infringement, publication date of the infringed image and registration date. (See Google Inc.'s Motion to Compel Further Responses to Interrogatory Nos. 3 and 11, filed August 15, 2008, still pending (Docket No. 336)).

- Evidence regarding the alleged market (if any) for Perfect 10's cell phone download images—relevant to Google's fair use defense. (See Motion to Compel Perfect 10, Inc. to Produce Documents, Comply with the Protective Order, and Affix Document Control Numbers to its Document Productions, filed May 7, 2009, now pending (Docket No. 407)).

All of this discovery is directly relevant to Perfect 10's planned liability motion, and Google is entitled to it before it must defend against such a motion. Thus, Google will have no choice but to file a Rule 56(f) motion in response to

---

resources by filing cumulative documents addressing the very same issue in three different briefs.

Perfect 10's presently contemplated summary judgment motion on liability. See Fed. R. Civ. P. 56(f). Rule 56(f) protects parties from being "railroaded" by premature motions such as Perfect 10's. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Indeed, "summary judgment should 'be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." Burnside-Ott Aviation Training Center, Inc. v. United States, 985 F.2d 1574, 1582 (Fed. Cir. 1993)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).

Accordingly, Perfect 10's failure to provide this basic discovery, and the corresponding pendency of Google's outstanding discovery motions regarding that discovery, provides a further basis for ordering that Perfect 10's infringement liability motion is not ripe for adjudication now. Hearing Google's DMCA motion first will allow time for the Court's resolution of Google's outstanding discovery motions, and Perfect 10's compliance with the resulting orders.

## Conclusion

For the foregoing reasons, Google respectfully requests that this Court order that Google's Motions for Summary Judgment of Entitlement to Safe Harbor Under 17 U.S.C. § 512(b), (c), and (d) of the DMCA, and any cross-motions filed by Perfect 10, be briefed and resolved prior to the filing of any dispositive motion by Perfect 10 regarding copyright liability. Google further requests that the briefing on said motions follow the schedule set forth in the [Proposed] Order filed concurrently

---

[2] Two of Google's discovery motions were pending at the time the court entered the stay on December 22, 2008, and the third motion was filed on May 7, 2009. (See Docket Nos. 336, 371, and 407.)

herewith.  Google further requests that it be relieved of the 20-day hold requirement of <u>Local</u> <u>Rule</u> 7-3 with respect to this motion.[3]

DATED: May 8, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                            By  /s/
                               Michael Zeller
                               Attorneys for Defendant GOOGLE INC.

---

[3] Under the <u>Local</u> <u>Rules</u>, parties are required to wait 20 days after engaging in the pre-filing conference in advance of an anticipated motion.  There is good cause to grant Google relief from this 20-day requirement.  First, the parties confirmed during their pre-filing conference that their respective positions regarding the sequence for these dispositive motions were final. (Kassabian Dec., ¶ 10.)  As such, nothing would be accomplished by further delay of resolution of these issues.  Second, Perfect 10 represented that it would file its motion soon, likely in the next few weeks. (<u>Id.</u>)  Without relief from the 20-day requirement, Perfect 10 is likely to file its liability motion before the Court has the opportunity to consider the present motion.  The spirit of the Court's prior directive and efficiency therefore support relieving Google of the 20-day requirement so that the Court can resolve the sequence of the motions before they are filed.  Otherwise, both the parties and the Court may be burdened by and waste resources on motions that have been filed in a less-than-optimal sequence that has not been approved by the Court.