QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS** |
| AND COUNTERCLAIM | Hearing Date: June 1, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 14 |
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

01980.51320/2932018.5

Case No. CV 04-9484 AHM (SHx
REPLY IN SUPPORT OF MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS

Dockets.Justia.com

## TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| I. PERFECT 10'S OPPOSITION FAILS TO REBUT GOOGLE'S SHOWING THAT RESOLUTION OF ITS DMCA MOTIONS FIRST WILL BEST SERVE THE INTERESTS OF JUDICIAL ECONOMY | 1 |
|     A. It Is Undisputed That Google's DMCA Motions Will, If Successful, Moot Perfect 10's Liability Motion. | 2 |
|     B. Perfect 10 Concedes That Its Liability Motion Will Not Moot Google's DMCA Motions, Even If Granted. | 2 |
|     C. Perfect 10's Attacks On The Merits Of Google's DMCA Motions Are Irrelevant And Unavailing. | 6 |
| II. PERFECT 10'S PLANNED LIABILITY MOTION IS NOT RIPE GIVEN ITS DISCOVERY FAILURES, NOW PENDING BEFORE JUDGE HILLMAN. | 7 |
| III. PERFECT 10'S ATTACKS ON GOOGLE AND ITS COUNSEL ARE AS IRRELEVANT AS THEY ARE UNTRUE. | 8 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ........................................................................................... 8

Corbis Corp. v. Amazon.com, Inc.,
    351 F. Supp. 2d 1090 (W.D. Wash. 2004) ..................................................... 2, 7

Hendrickson v. EBay Inc.,
    165 F. Supp. 2d 1082 (C.D. Cal. 2001) .......................................................... 2, 7

Io Group, Inc. v. Veoh Networks, Inc.,
    586 F. Supp. 2d 1132 (N.D. Cal. 2008) .......................................................... 2, 7

Perfect 10, Inc. v. CCBill LLC,
    488 F.3d 1102 (9th Cir. 2007) ........................................................................... 4

**Statutes**

17 U.S.C. § 512(b) ................................................................................................ 6, 10
17 U.S.C. § 512(c) ................................................................................................ 6, 10
17 U.S.C. § 512(d) ................................................................................................ 6, 10
Fed. R. Civ. P. 26 ......................................................................................................... 9
Fed. R. Civ. P. 56(f) ................................................................................................ 7, 8

01980.51320/2932018.5

-ii-                          Case No. CV 04-9484 AHM (SHx)
REPLY IN SUPPORT OF MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The singular issue now before the Court is whether Google's planned motions for summary judgment of entitlement to DMCA safe harbor will, if granted, moot Perfect 10's planned motion for summary judgment regarding copyright infringement liability. Perfect 10 does not dispute that they will. The Court need look no further to grant Google's motion and order that Google's DMCA motions be briefed and heard first.

Instead of addressing this simple question posed by Google's 11-page motion, Perfect 10's opposition burdens the Court with a 25-page brief and 120 pages of declarations and exhibits devoted to (1) mischaracterizations regarding the merits of Google's planned DMCA motions (which Perfect 10 has not yet even seen), and (2) baseless and disparaging attacks on Google and its counsel. These matters are as irrelevant as they are untrue.

Because Google's DMCA motions will potentially moot Perfect 10's planned liability motion, hearing Google's DMCA motions first serves the interests of judicial economy, and comports with this Court's guidance regarding the sequence of dispositive motions. Accordingly, Google respectfully requests that this Court issue an order that Google's DMCA motions be filed and ruled upon prior to the filing of Perfect 10's planned liability motion.

## Argument

### I. PERFECT 10'S OPPOSITION FAILS TO REBUT GOOGLE'S SHOWING THAT RESOLUTION OF ITS DMCA MOTIONS FIRST WILL BEST SERVE THE INTERESTS OF JUDICIAL ECONOMY.

The parties agree that dispositive motions should be ordered in such a way as to preserve judicial economy. Resolving Google's DMCA motions first will do so. Perfect 10's arguments in opposition merely underscore that fact.

01980.51320/2932018.5

-1- Case No. CV 04-9484 AHM (SHx
REPLY IN SUPPORT OF MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS

### A. It Is Undisputed That Google's DMCA Motions Will, If Successful, Moot Perfect 10's Liability Motion.

Perfect 10's opposition does not dispute four critical facts:

(1) The DMCA safe harbors protect qualifying service providers from liability for all monetary relief for direct, vicarious and contributory infringement claims. Io Group, Inc. v. Veoh Networks, Inc., 586 F.Supp.2d 1132, 1141 (N.D. Cal. 2008).

(2) Other courts have elected to resolve entitlement to DMCA safe harbors prior to copyright liability because the DMCA is considered a "preliminary issue." Hendrickson v. EBay Inc., 165 F.Supp.2d 1082, 1087-88 (C.D. Cal. 2001); Corbis Corp. v. Amazon.com, Inc., 351 F.Supp.2d 1090, 1098 (W.D. Wash. 2004).

(3) This Court ordered the parties to sequence the filing of dispositive motions such that those that would potentially moot other motions be filed first. (Declaration of Rachel Herrick Kassabian (Docket No. 411) ("Kassabian Decl."), at ¶ 3 & Ex. A (August 18, 2008 Transcript, at 48:1-5, 48:9-20, 49:12-14)).

(4) If granted, Google's DMCA motions will moot Perfect 10's liability motion.

Absent any dispute from Perfect 10 regarding these fundamental issues, Google's motion should be granted, and its DMCA motions heard and ruled upon before reaching the question of infringement liability.

### B. Perfect 10 Concedes That Its Liability Motion Will Not Moot Google's DMCA Motions, Even If Granted.

Perfect 10 argues that judicial economy will be served by hearing its liability motion first, because (1) its liability motion is shorter and simpler,[1] yet somehow (2)

---

[1] Perfect 10's overly-simplistic suggestion that its motion will be more efficient to resolve because Google is moving for safe harbor under the three different applicable subsections of the DMCA (Sections 512(a), (b) and (c)), to be addressed
(footnote continued)

its motion will cover both liability and DMCA issues.[2] The inconsistency of these arguments is plain; both cannot be true. If Perfect 10's liability motion will include all of the DMCA issues to be addressed in Google's planned motions, *plus* issues of direct, contributory and vicarious liability, it cannot be "simpler" than Google's motions. In fact, it will by definition be *more* complicated than Google's DMCA motions, since it will also address liability issues that the Court need not reach if the DMCA issues are resolved in Google's favor.[3]

Moreover, Perfect 10 concedes that its planned liability motion will only resolve DMCA and liability issues as to a tiny sampling of 13 specific images—highlighting the inefficiency of proceeding with that motion first. Because each DMCA notice must be examined individually and will succeed or fail on its own

---

in three separate motions, has no bearing on the sequencing issue. The fact remains that each of Google's DMCA motions will need to be reached even in the unlikely event that Perfect 10's liability motion is granted.

[2] Perfect 10's stated intention to address DMCA issues in both (1) its motion for summary judgment on liability and (2) its planned cross-motion to Google's DMCA motions would violate this Court's Scheduling and Case Management Order. (Kassabian Decl., at ¶ 11 & Ex. F (Scheduling and Case Management Order, at ¶ 5)). Perfect 10's opposition is silent on this point.

[3] Nor does Perfect 10 explain why it, rather than Google, should be the moving party on DMCA issues. When Google initiated meet and confer efforts on its DMCA motions in November 2008, Perfect 10 did not dispute that Google should be the moving party. (Kassabian Decl., at ¶ 4.) In fact, in a joint letter to the Court dated November 14, 2008, which Perfect 10 submitted with its opposition papers, Perfect 10 confirmed the parties' understanding on this issue: "Perfect 10's anticipated motion against Google is only a cross-motion on the summary judgment motion that *Google* is bringing. Google called Perfect 10 and said that it was moving for summary judgment. Perfect 10 advised Google that at the same time, it would cross-move on the same issues Google is bringing." (Mausner Declaration (Docket No. 419), at Ex. E) (emphasis in original). Perfect 10 is now reversing course, in an apparent attempt to preempt Google's motion. As the party asserting and bearing the burden of proof on the DMCA affirmative defense, Google should have the right to be the moving party on this important issue.

merits, Perfect 10's proposed motion would have this Court address the DMCA issues in the case in a piecemeal fashion—first as to 13 images (and whatever notices or portions of notices pertain to those images), and later as to the rest of the images Perfect 10 claims are infringed. Thus, Perfect 10's proposal would force this Court to consider the same notices and formats of notices over and over with respect to any additional images regarding which Perfect 10 later moves for summary judgment.[4] Plainly, it is much more efficient for this Court to take up the DMCA safe harbor issues at once, in a single round of briefing, especially given the overarching common issues to be decided regarding Google's qualification for safe harbor. See Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1109 (9th Cir. 2007) (describing requirement that the service provider "has adopted and reasonably implemented" a repeat infringer policy for subscribers and account holders.).

Further, even if Perfect 10's planned motion was not limited to resolving liability and DMCA issues with respect to just 13 images, it *still* would not dispose

---

[4] Perfect 10's arguments illustrate why sampling will not work for dispositive motion practice in this case. Entitlement to safe harbor under the DMCA cannot be extrapolated from a sample, because the Court must consider each of the purported DMCA notices individually, on their own merits, to determine whether (1) they triggered a duty to take-down or suppress the alleged infringements, and (2) whether those take-downs occurred. Even if Perfect 10's planned motion is successful, it would *only* establish that Google is not entitled to safe harbor under the DMCA as to the specific infringements of the 13 images identified in the motion. It would not resolve whether Google is entitled to DMCA safe harbor as to (1) other infringements of those 13 images purportedly included in other notices, or (2) infringements of the other 29,987 images Perfect 10 claims are at issue in this case (and the purported notices pertaining to those infringements). See Perfect 10, Inc.'s Statement for October 6, 2008 Case Management Conference (Docket. No. 364) at 6:21-22 (claiming 30,000 images are at issue).

Moreover, each of Perfect 10's notices must be evaluated as a whole, in the context in which it was received—typically discs or hard drives containing thousands of pages of screenshots—not by cherry-picking a handful of screenshots in isolation, as if they had been delivered in that fashion.

01980.51320/2932018.5

-4- Case No. CV 04-9484 AHM (SHx
REPLY IN SUPPORT OF MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS

of Perfect 10's copyright claims. To the contrary, even in the unlikely event that Perfect 10's motion were granted, the Court would still need to reach and consider Google's other affirmative defenses, including Google's fair use defense. By contrast, if Google's DMCA motions are successful, Google will be immune from monetary liability for copyright infringement, and the Court will not need to reach either (1) liability, or (2) Google's other affirmative defenses such as fair use. The following chart illustrates this point:

|  | Google's DMCA Motions | Perfect 10's Liability Motion |
|---|---|---|
| Copyright issues resolved if motion granted | 1. Google entitled to DMCA safe harbor regarding the entirety of Perfect 10's copyright claims | 1. Google liable for copyright infringement of 13 images<br><br>2. Google not entitled to DMCA safe harbor as to 13 images |
| Copyright issues remaining for resolution if motion granted | None | 1. Google's entitlement to DMCA safe harbor as to the remaining images in suit[5]<br><br>2. Google's liability (if any) for infringement of the remaining images in suit<br><br>3. Google's entitlement to its other affirmative defenses to copyright liability, including fair use |

At bottom, Google's DMCA motions (if successful) will moot Perfect 10's liability motion, and eliminate the need for any subsequent motions by Google regarding its other affirmative defenses. By contrast, Perfect 10's motion (if successful) will not moot Google's DMCA motions, and worse, will require the

---

[5] As noted, Perfect 10 has claimed that there are more than 30,000 images at issue in this action. See Perfect 10, Inc.'s Statement for October 6, 2008 Case Management Conference (Docket. No. 364) at 6:21-22.

Court to address additional motions regarding Google's other copyright affirmative defenses. No efficiencies would be realized, and no motions would be eliminated, by addressing Perfect 10's liability motion first.

### C. Perfect 10's Attacks On The Merits Of Google's DMCA Motions Are Irrelevant And Unavailing.

Perfect 10 next argues that Google's DMCA motions should not be heard first because they are unlikely to succeed. Perfect 10 is mistaken. As a preliminary matter, Perfect 10 has mischaracterized the relevant facts and legal issues to be decided in Google's DMCA motions (which Perfect 10 has not yet even seen).[6] For example, Perfect 10 argues that Google cannot succeed on its motions because Google must (but cannot) prove the thirteen points outlined in Perfect 10's opposition. (Opp. at 9-19). Of course, those thirteen issues are not the standard for entitlement to safe harbor under the DMCA. See 17 U.S.C. § 512(b), (c), & (d). Further, even if Perfect 10 had correctly articulated the safe harbor test (and it has not), Perfect 10 concedes that those same issues would need to be considered to resolve its motion, making it no more efficient to resolve Perfect 10's motion first.

---

[6] Google will not compound Perfect 10's burdening of the Court by submitting lengthy reply papers correcting all of the misstatements and mischaracterizations in Perfect 10's opposition, since this scheduling motion is not the proper forum to address the merits of the DMCA issue. As just one example, however, Perfect 10's claim (and Norman Zada's sworn accusation) that Google has not produced a "DMCA Log" is false. Google produced thousands of pages of documents detailing how Google processed Perfect 10 and third party DMCA notices. Last year, when Perfect 10 claimed it could not locate those documents in Google's production (even though one such document has the words "DMCA Log" written on the first page), Google directed Perfect 10 to the specific Bates numbers where these documents could be found. (Reply Declaration of Rachel Herrick Kassabian in Support of Google's Motion for an Order Setting a Schedule for the Filing of Dispositive Motions ("Kassabian Reply Decl."), at ¶ 3 & Ex. A (Email from A. Roberts to J. Mausner dated June 13, 2008)).

Moreover, Perfect 10's hope that Google's DMCA motions will not succeed is irrelevant. The question is whether Google's DMCA motions, if successful, will moot Perfect 10's liability motion. Indeed they will. The cases resolving DMCA issues prior to copyright liability did so because DMCA safe harbor is a threshold inquiry, to be taken up first. See Hendrickson, 165 F.Supp.2d at 1087-88 ("Before the Court reaches the merits of that [secondary copyright liability] question, the Court must address a preliminary issue: whether the DMCA shields eBay from liability for copyright infringement."); Io Group, 586 F.Supp.2d at 1087-88; Corbis, 351 F.Supp.2d at 1098. Perfect 10's self-serving views regarding the likelihood of success of Google's DMCA motions thus have no place here.[7]

## II. PERFECT 10'S PLANNED LIABILITY MOTION IS NOT RIPE GIVEN ITS DISCOVERY FAILURES, NOW PENDING BEFORE JUDGE HILLMAN.

Perfect 10 next argues its planned liability motion is not premature, because it has already provided Google with the discovery needed to oppose Perfect 10's motion. (Opp. at 20.)[8] Perfect 10 made this same argument to Magistrate Judge Hillman in its oppositions to Google's motions to compel, and it is for Magistrate Judge Hillman to decide whether Perfect 10 has in fact provided the necessary discovery. Google's moving papers merely pointed out the pendency of these discovery disputes, and the fact that a Rule 56(f) motion will be necessary and will

---

[7] Google disagrees with Perfect 10's mischaracterizations regarding the merits of Google's DMCA motions, but will save its arguments for the proper forum for these issues—Google's DMCA motions themselves. For present purposes, suffice it to say that Perfect 10's claims that its purported DMCA notices complied with the DMCA, and that this Court has already held to that effect, are demonstrably false.

[8] Despite this argument, Perfect 10 also acknowledges that it has yet to produce certain relevant documents, including copyright registration and deposit materials. (See Opp. at 21, n.9.) Google is working diligently to try to resolve these discovery disputes and, where resolution is not possible, to bring them to the Court's attention.

delay resolution of Perfect 10's liability motion in any event. Perfect 10's liability motion is premature and Google has ample grounds to file a <u>Rule</u> 56(f) motion in response. <u>Fed. R. Civ. P.</u> 56(f); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986).[9]

## III. PERFECT 10'S ATTACKS ON GOOGLE AND ITS COUNSEL ARE AS IRRELEVANT AS THEY ARE UNTRUE.

Regrettably, Perfect 10 devotes substantial portions of its opposition brief to baseless accusations regarding Google's purportedly nefarious intentions in conducting discovery to which it is rightly entitled. For instance, Perfect 10 claims that Google has tried to bury it in discovery requests and motion practice, citing various statistics to the Court. In fact, Perfect 10 has been equally or more prolific on the discovery front. Perfect 10 has served Google with more than 25 interrogatories (to Google's 18), 339 requests for production of documents (to Google's 229), and 715 requests for admission (to Google's 962). (Kassabian Reply Decl., at ¶ 4.) Many of Perfect 10's requests have been deemed overbroad and overreaching "mega-requests" by the Court. <u>See</u> May 22, 2006 Order re. Perfect 10's Motion to Compel Defendant Google, Inc. to Produce Documents and to Answer Interrogatories (Docket No. 163). Similarly, Perfect 10 has filed just as many discovery motions as Google has – four in total. <u>See</u> Docket Nos. 96, 100,

---

[9] Perfect 10 also claims that if Google needs additional discovery to defend against Perfect 10's liability motion, then Google must not have diligently pursued such discovery. (Opp. at 20.) This is patently false—and contradicted by Perfect 10's own representations to this Court. For example, in the parties' November 14, 2008 joint letter to the Court, Perfect 10 complained that Google was proceeding with discovery too quickly, and should be ordered to proceed "at a reasonable pace." (Mausner Declaration (Docket No. 419), at Ex. E.) Similarly, in opposition to the instant motion, Perfect 10 claims that Google has served Perfect 10 with large amounts of discovery requests, and resumed discovery immediately upon the lifting of the stay. (Opp. at 24). Perfect 10's attempt to characterize Google's discovery efforts as both dilatory and overzealous is unpersuasive at best.

01980.51320/2932018.5

-8- Case No. CV 04-9484 AHM (SHx)
REPLY IN SUPPORT OF MOTION FOR AN ORDER SETTING A SCHEDULE FOR THE FILING OF DISPOSITIVE MOTIONS

106, and 229.¹⁰ Perfect 10 complains that Google's pending discovery motions are over 550 pages long (Opp. at 25), yet Perfect 10's own four discovery motions were also quite lengthy, comprising 1,416 total pages of briefing and declarations. (Kassabian Reply Decl., at ¶ 5); see also Docket Nos. 96-99, 100-103, 106-108 and 229-232.¹¹

Google is entitled to take discovery necessary to defend against <u>all</u> of Perfect 10's multiplicity of far-ranging claims. Google's discovery requests are coextensive with, and driven by, the massive scope of the claims Perfect 10 has elected to bring—not some nefarious intent, as Perfect 10 accuses. As this Court reminded Perfect 10, it has itself "embarked on these claims against all of these defendants. And that argument that 'I'm overworked and excessively burdened' can only take you so far, Mr. Mausner. Don't think I'm going to excuse everything that has to be

---

¹⁰ Perfect 10's four motions were as follows: December 28, 2005 Motion to Compel Document Production (Docket Nos. 96-99); January 3, 2006 Motion to Compel Responses to Interrogatories (Docket Nos. 100-103); February 9, 2006 Revised Motion to Compel Responses to Interrogatories (Docket Nos. 106-108); , and October 9, 2007 Motion to Compel Document Production (Docket Nos. 229-232).

¹¹ Perfect 10 claims that Google's recent efforts to reach agreement regarding the number of depositions to be taken is further evidence of Google's purportedly abusive discovery efforts. Not so. It is Perfect 10, not Google, who has brought sweeping claims regarding (by its estimation) 30,000 images, 2 ***million*** alleged infringements, trademark and unfair competition claims, and rights of publicity claims. In its document production, <u>Rule</u> 26 disclosures, interrogatory responses and court filings, Perfect 10 has identified dozens of witnesses with relevant knowledge—including, for example, at least 10 assignors who purportedly sold Perfect 10 the copyrighted images it is now asserting against Google, 19 current or former Perfect 10 employees or independent contractors, and nine models who allegedly assigned Perfect 10 the rights of publicity being asserted against Google. (Kassabian Reply Decl., at ¶ 6 & Ex. B.) Google is entitled to depose these witnesses and will bring an appropriate motion seeking leave from the Court to do so.

done. Not even close." (Kassabian Reply Decl., at ¶ 6 & Ex. C (October 6, 2008 Transcript, at 40:10-14)). Perfect 10's personal attacks on counsel as supposed support for its inaccurate arguments that it is being unduly burdened in discovery in this litigation are off-point and meritless for these same reasons.[12]

### Conclusion

For the foregoing reasons, Google respectfully requests that this Court order that (1) Google's Motions for Summary Judgment of Entitlement to DMCA Safe Harbor Under 17 U.S.C. § 512(b), (c), and (d), and any cross-motions filed by Perfect 10, be briefed and resolved prior to the filing of any dispositive motion by Perfect 10 regarding copyright liability; (2) the briefing on said motions follow the schedule set forth in the Proposed Order filed concurrently with Google's moving papers, and (3) Google be relieved of the 20-day hold requirement of Local Rule 7-3 with respect to this motion.[13]

DATED: May 22, 2009  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Defendant GOOGLE INC.

---

[12] Perfect 10's reference to a discussion about a specific third party subpoena in an unrelated case, Mattel, Inc. v. Walking Mountain Productions, No. C 01-0091 MICS WHA (Opp. n.11.), is not relevant to the matters at issue in this litigation, let alone the present motion.

[13] With respect to Google's request for relief from the 20-day hold requirement of Local Rule 7-3, Perfect 10 does not dispute that (1) the parties thoroughly discussed these scheduling issues and could not reach resolution, (2) the parties' positions are final, and (3) Perfect 10 otherwise intended to file its liability motion in the next few weeks. Accordingly, Perfect 10 presents no reason why this Court should not grant Google the relief it requests and resolve this issue now before further party and Court resources are consumed on briefing and sequencing issues.