| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | Michael T. Zeller (Bar No. 196417) |
| 2 | michaelzeller@quinnemanuel.com |
| | 865 South Figueroa Street, 10th Floor |
| 3 | Los Angeles, California 90017-2543 |
| | Telephone: (213) 443-3000 |
| 4 | Facsimile: (213) 443-3100 |
| | Charles K. Verhoeven (Bar No. 170151) |
| 5 | charlesverhoeven@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| 6 | San Francisco, California 94111-4624 |
| | Rachel Herrick Kassabian (Bar No. 191060) |
| 7 | rachelkassabian@quinnemanuel.com |
| | 555 Twin Dolphin Drive, Suite 560 |
| 8 | Redwood Shores, California 94065-2129 |
| 9 | Attorneys for Defendant GOOGLE INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE**<br><br>[Separate Statement, Declarations of Rachel Herrick Kassabian, Sibrina Khan, Bill Brougher, Shantal Rands Poovala and Paul Haahr filed concurrently herewith]<br><br>Hon. A. Howard Matz<br><br>Date: August 17, 2009<br>Time: 10:00 a.m.<br>Crtrm.: 14<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | |

01980.51320/2993936.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 17, 2009, in the courtroom of the Honorable A. Howard Matz, located at 312 North Spring Street, Los Angeles, California 90012, Courtroom 14, Defendant Google Inc. ("Google") shall and hereby does move this Court for summary judgment pursuant to the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA") with respect to Plaintiff Perfect 10, Inc's. ("P10") claims of copyright infringement against Google directed to Google's Blogger service. This motion for summary judgment is made on the ground that Google satisfies each of the statutory requirements for safe harbor under the governing DMCA provision, namely 17 U.S.C. § 512(c).[1]

This motion is based on this Notice of Motion and Motion, the concurrently-filed Memorandum of Points and Authorities and Separate Statement, the supporting Declarations of Rachel Herrick Kassabian, Sibrina Khan, Bill Brougher, Shantal Rands Poovala and Paul Haahr, the pleadings and other papers on file in this action, including Google's Motion for Summary Judgment Regarding Google's Entitlement to Safe Harbor under 17 U.S.C. 512(d) for Web and Image Search, and such additional evidence as may be presented at or before the hearing.

---

[1] Under separate covers, Google also is filing motions for partial summary judgment of entitlement to DMCA safe harbor under Sections 512(b) regarding Google's caching feature ("Caching Motion") and 512(d) regarding Google's Web and Image Search feature ("Search Motion"). Google respectfully suggests that the Court consider Google's Search Motion first, as it includes a full recitation of the facts and arguments common to all three motions. The Search Motion and its supporting brief are incorporated here by reference.

**Statement of Local Rule 7-3 Compliance**

Google's counsel engaged in the Local Rule 7-3 pre-filing conference with P10's counsel on November 7, 2008 as well as times thereafter.

DATED: July 2, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Michael Zeller
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.

# TABLE OF CONTENTS

| | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **STATEMENT OF FACTS** | 1 |
| I. GOOGLE'S BLOGGER SERVICE | 1 |
| II. P10'S RELEVANT ALLEGATIONS AGAINST GOOGLE | 2 |
| III. GOOGLE'S DMCA POLICY AND PROCEDURE FOR BLOGGER | 2 |
| IV. GOOGLE'S REPEAT INFRINGER POLICY | 3 |
| V. P10'S DEFECTIVE DMCA NOTICES | 4 |
| VI. GOOGLE'S PROCESSING OF P10'S NOTICES | 5 |
| **SUMMARY JUDGMENT STANDARD** | 6 |
| **ARGUMENT** | 6 |
| I. GOOGLE MEETS THE DMCA'S THRESHOLD REQUIREMENTS | 6 |
| II. GOOGLE IS ENTITLED TO SAFE HARBOR UNDER § 512(C) | 7 |
|     A. P10's Defective Notices Failed To Confer Any Knowledge | 8 |
|     B. Google Expeditiously Processed P10's Defective Notices | 10 |
| III. GOOGLE DOES NOT HAVE THE RIGHT AND ABILITY TO CONTROL NOR DOES IT RECEIVE A FINANCIAL BENEFIT FROM INFRINGING ACTIVITY | 10 |
|     A. Google Does Not Have the Right And Ability To Control Alleged Infringing Activity Of Blogger Account Holders | 11 |
|     B. Google Does Not Receive A Financial Benefit Directly Attributable To Alleged Infringing Activity On Blogger | 12 |
| **CONCLUSION** | 13 |

01980.51320/2993936.1

-i-

DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................................................... 6

*Corbis Corp. v. Amazon.com, Inc.*,
    351 F. Supp. 2d 1090 (W.D. Wash. 2004) ........................................................... 7, 11, 12

*Cusano v. Klein*,
    280 F. Supp. 2d 1035 (C.D. Cal. 2003) ............................................................................ 6

*Field v. Google*,
    412 F. Supp. 2d 1106 (D. Nev. 2006) .............................................................................. 6

*Hendrickson v. eBay*,
    165 F. Supp. 2d 1082 (C.D. Cal. 2001) ..................................................................... 11, 12

*Io Group, Inc. v. Veoh Networks, Inc.*,
    586 F. Supp. 2d 1132 (N.D. Cal. 2008) ................................................................ 10, 11, 12

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ......................................................................................................... 11

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ......................................................................................... 11

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) ...................................................................................... 7, 9

*Perfect 10, Inc. v. Visa International Serv. Assn.*,
    494 F.3d 788 (9th Cir. 2007) .......................................................................................... 12

*Rivera v. Anaya*,
    726 F.2d 564 (9th Cir. 1984) ............................................................................................ 6

*UMG Recordings, Inc. v. Veoh Networks*,
    ___ F. Supp. 2d ___, 2008 WL 5423841 (C.D. Cal. 2008) ............................................. 9

**Statutes**

17 U.S.C. § 512 ............................................................................................................... passim

**Rules**

Fed. R. Civ. P. 56(b) ............................................................................................................... 6

u1980.51320/2993936.1

-i-

DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S
ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Google's "Blogger" Service allows users to create and post content hosted on Google servers. Perfect 10 ("P10") has alleged various direct and secondary copyright infringement claims against Google based on Blogger content. There are no material facts for trial regarding whether P10 may pursue its claims based on Blogger content, because Google qualifies for safe harbor under Section 512(c) of the Digital Millennium Copyright Act ("DMCA"). As a threshold matter, P10's defective notices were insufficient to confer knowledge of copyright infringement, and summary judgment in Google's favor should be granted on this basis alone. Moreover, Google expeditiously processed P10's notices to the fullest extent possible, removing allegedly infringing material displayed on Blogger, and enforcing its repeat infringer policy for Blogger account holders. Because P10 has not raised a triable issue of fact regarding Google's satisfaction of the statutory requirements for this safe harbor, Google's motion for summary judgment on this basis should be granted.

## Statement of Facts[2]

### I. GOOGLE'S BLOGGER SERVICE

Google provides a service, known as Blogger, that allows Blogger account holders[3] to create their own blogs hosted on Google servers. *See* www.blogspot.com; Declaration of Shantal Rands Poovala ("Poovala Dec.") ¶ 26. Blogger account holders create and post content on their blogs, including images. *Id.* In some cases, images displayed on Blogger are uploaded by the account holder

---

[2] Google respectfully refers the Court to pages 6-16 of its Search Motion, which recite the facts common to both motions.

-1-
DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S
ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

to Google's servers, and in other cases the account holder hyperlinks to content hosted on other servers. *Id.*[4] Blogger web pages are crawled and indexed by Google (and may appear in search results) unless the blog author requests to be excluded from that process or Google removes such content from Blogger for policy reasons. Declaration of Paul Haahr ("Haahr Dec.") ¶¶ 4, 16.

## II. P10'S RELEVANT ALLEGATIONS AGAINST GOOGLE

P10 alleges that Google is directly and secondarily liable for copyright infringement based upon Google's hosting of allegedly infringing images uploaded by third parties on Google's Blogger service. Second Amended Complaint ¶ 28.

## III. GOOGLE'S DMCA POLICY AND PROCEDURE FOR BLOGGER

Google has a DMCA policy and procedure for processing DMCA notices directed to Blogger content, published at http://www.google.com/blogger_dmca.html. Poovala Dec., Ex. G. For a Blogger DMCA complaint, Google directs complainants to identify in sufficient detail the copyrighted work allegedly infringed by providing a brief description of the work and the complete URL or other location where the work can be found. Google needs this information to verify the complaint. *Id.* ¶ 29. Google also directs complainants to identify the location of the allegedly infringing material on a Blogger site so that Google can locate it. *Id.* ¶ 30. To identify the location, the copyright holder must provide either (1) the URL for the top-level domain of the blog along with the date of the blog entry at issue, or (2) the specific URL for the particular blog post – known as the permalink or "post URL." *Id.*

---

[3] Blogger "account holders" are third parties who use Google's Blogger service to create and maintain blogs, which are personal websites they can easily update with text and links to other content on the Internet.

[4] To the extent Google links to such content as opposed to hosting it, the Section 512(d) safe harbor applies, and Google is entitled to summary judgment on that basis regarding P10's Blogger claims. *See* Search Motion.

Google expeditiously processes the DMCA notices it receives regarding its Blogger service. Poovala Dec. ¶ 31.[5] When a notice is received, it is entered into an electronic Blogger "queue" for tracking purposes. *Id.* ¶ 32. The notices are reviewed by members of Google's ▆▆▆ team responsible for processing Blogger DMCA complaints to confirm that they contain the required information. *Id.* If a notice does not contain the required information, Google asks the complaining party for more information. *Id.* Once the notice is verified, Google expeditiously removes infringing image(s), and notifies the Blogger account holder of the DMCA complaint. *Id.* ¶ 33. Google sends any counter-notifications received to the party that originally complained. *Id.* ¶ 35. If, within fourteen days of learning of the counter-notification, the complaining party fails to notify Google that it has filed a lawsuit, Google reinstates the image(s). *Id.*

### IV. GOOGLE'S REPEAT INFRINGER POLICY

Google has and enforces repeat infringer policies for all products or services with "subscribers or account holders," as required by the DMCA. Poovala Dec. ¶ 36. Google's Blogger service is one such service. The terms and conditions for Blogger advise account holders that they are not permitted to display copyrighted material unless they have the legal right to do so, and that their accounts may be terminated for violating Google's policies. *Id.* ¶ 26, Ex. F. Google tracks the DMCA notices processed regarding a particular account, and terminates the account following receipt of ▆▆▆ verified DMCA notices. *Id.* ¶ 37, Ex. J.

---

[5] Google's DMCA policy instructs that Blogger notices should be sent to the attention of Google's Legal Support for Blogger DMCA Complaints. Blogger notices generally are not processed by the same members of the ▆▆▆ team that process Web and Image Search DMCA complaints. Poovala Dec. ¶¶ 31-32.

## V. P10'S DEFECTIVE DMCA NOTICES

A full discussion of P10's DMCA notices[6], and their numerous defects, is set forth in Google's Search Motion at pages 7-11 (incorporated herein by reference).

Pursuant to 17 U.S.C. § 512(c)(3)(B)(ii), Google repeatedly advised P10 of the various defects that hindered or precluded Google from completely processing its notices. *See* Search Motion at 11-12; Poovala Dec. ¶¶ 56-73 & Exs. S-EE. At no time did P10 respond to Google's letters by resubmitting its notices in an intelligible and DMCA-compliant format. Poovala Dec. ¶ 74. In short, P10's notices consistently failed to identify the work at issue and the location of the infringing content (among other defects). *See* Search Motion at 7-11. Worse, P10's obfuscatory and burdensome notices, coupled with its refusals to correct the noted defects, suggested that P10 had little interest in actually removing links to content from Google's search results or any other service, including Blogger. *See id.* at 11-12.

Not one of P10's notices was sent to the attention of Google's Legal Support for Blogger DMCA Complaints, as directed by the Blogger DMCA policy at http://www.google.com/blogger_dmca.html. Poovala Dec. ¶ 93. Not one of P10's notices contained the information necessary for Google to locate allegedly infringing material on a Blogger site, namely the post URL or date of the blog entry. *Id.* Nonetheless, Google identified Blogger URLs where possible and treated these as notices for the Blogger service.

Specifically, Google's review of P10's notices revealed that 16 of them identified discernable URLs associated with Blogger websites as the allegedly

---

[6] For ease of reference, Google refers to P10's DMCA communications as "notices." However, Google does not concede that these communications constituted valid notices of copyright infringement pursuant to the DMCA. Nor (footnote continued)

-4-

infringing URLs in question.[7] All but two are among the Group B Notices discussed in Google's Search Motion, and were sent in the same format as the other notices in that group. *Id.* One of the two Group C Notices (dated July 2, 2007) included Blogger URLs buried in the two accompanying DVDs, each of which was comprised of thousands of pages of allegedly infringing material. *Id.* ¶¶ 86-87, Ex. N4. As referenced above, each of P10's notices contained multiple defects, as set forth in detail in Google's Search Motion. *See* Search Motion at 7-11. The same failure to identify the works at issue and the location of the infringing materials plagued all of the Blogger-related notices within Groups B and C.

## VI. GOOGLE'S PROCESSING OF P10'S NOTICES

Although P10's notices identifying Blogger URLs were (1) buried among Web Search and Image Search notices, (2) missing the information required to locate the infringing materials, and (3) otherwise non-compliant with the DMCA's requirements (as discussed in the Search Motion at pages 7-11), Google's ███ team expeditiously processed them for Blogger, to the extent possible.

Specifically, as Google's ███ team processed the notices for Web and Image Search, the team scrutinized them for any references to Blogger websites, as reflected by a "blogger.com" or "blogspot.com" domain name. Poovala Dec. ¶ 93. The ███ team then forwarded all such URLs to the Blogger team for further processing. *Id.* The Blogger team removed the offending blog post and/or image wherever the identity of that post and/or image could be discerned (given P10's failure to provide the specific post URL), noted a strike against the account holder

---

does Google concede that the URLs identified by P10 as "infringing URLs" in its claimed notices were actually infringing.

[7] The notices identifying discernable Blogger URLs are dated February 7, February 17, April 3, April 11, June 12, June 19, July 16, July 26, August 30, September 27, December 7, December 22 and December 23, 2005, February 13, 2006, July 2, 2007, and June 4, 2009 (attached as Exhibits L and N to the Poovala Dec.).

who had posted the material, and terminated the account where appropriate, pursuant to Blogger's repeat infringer policy. *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## Summary Judgment Standard

"A party against whom relief is sought may move at any time . . . for summary judgment on all or part of a claim," or on an affirmative defense. Fed. R. Civ. P. 56(b); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). The moving party must demonstrate the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial". *Cusano v. Klein*, 280 F. Supp. 2d 1035, 1038 (C.D. Cal. 2003).

## Argument

P10's allegations of copyright infringement directed to Google's Blogger service fall within the DMCA's subsection (c), which provides safe harbor against claims of infringement "by reason of the storage at the direction of a user of material" residing on a service provider's system or network. 17 U.S.C. § 512(c). P10's defective notices failed to confer knowledge of infringement upon Google, but even if they had, Google responded to the fullest extent required, entitling Google to safe harbor.

### I. GOOGLE MEETS THE DMCA'S THRESHOLD REQUIREMENTS

Google incorporates by reference the arguments in its Search Motion at pages 17-18, establishing that Google meets the DMCA's threshold requirements, and will only summarize them here.

It is beyond dispute that Google is a "service provider" as defined by the DMCA. 17 U.S.C. § 512(k)(1)(B) (defining service provider as "a provider of

DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

online services or network access, or the operator of facilities therefor"); *see Field v. Google*, 412 F. Supp. 2d 1106, 1125 (D. Nev. 2006); *Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d 1090, 1098 (W.D. Wash. 2004) (definition of "service provider" is broad encompassing a variety of activities). Further, the undisputed evidence establishes that Google has a working DMCA notification system for Blogger. Google also has a designated agent for receiving notifications of claimed infringement. Poovala Dec., Ex. A; Declaration of Rachel Herrick Kassabian ("Kassabian Dec."), Ex. G. Google publishes detailed instructions explaining what information Google needs to process a DMCA notice directed to Blogger, and how and where the notice should be submitted. Poovala Dec. ¶¶ 27-31. If a Blogger DMCA notice is deficient, Google requests the additional information needed to process the notice. *Id.* ¶ 32. Google has a procedure for processing DMCA notices that includes verifying the complaints, ensuring that offending content is removed, and tracking its processing efforts. *Id.* ¶¶ 27-35.

Further, Google's Blogger service has a reasonably implemented repeat infringer policy "that provides for the termination in appropriate circumstances of subscribers and account holders." 17 U.S.C. § 512(i)(l)(A); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1109 (9th Cir. 2007); Poovala Dec. ¶ 37. Finally, Google does not prevent copyright owners from collecting information needed to issue a DMCA notice, and does not interfere with any known "standard technical measures." Poovala Dec. ¶ 39; Haahr Dec. ¶ 18.

Having satisfied the threshold conditions of eligibility, Google is entitled to seek safe harbor under the DMCA.

## II. GOOGLE IS ENTITLED TO SAFE HARBOR UNDER § 512(C)

Google is entitled to safe harbor under the DMCA's Section 512(c) with respect to P10's Blogger-related claims. Section 512(c) provides safe harbor for a service provider storing allegedly infringing material on its system or network at the direction of users, if the service provider:

(1)(A) does not have actual knowledge that the material ... is
infringing;

   (B) in the absence of such actual knowledge, is not aware of facts
or circumstances from which infringing activity is apparent; or

   (C) upon obtaining such knowledge or awareness, acts expeditiously
to remove, or disable access to, the material;

(2) does not receive a financial benefit directly attributable to the
infringing activity, in a case in which the service provider has the right
and ability to control such activity; and

(3) upon notification of claimed infringement [via a valid DMCA
notice], responds expeditiously to remove, or disable access to, the
material that is claimed to be infringing ....

17 U.S.C. § 512(c)(1)(A)-(C). Google meets this test.

### A. P10's Defective Notices Failed To Confer Any Knowledge

None of P10's notices conferred knowledge of infringement of P10's copyrights via Google's Blogger service. Not a single one of P10's notices was directed to Blogger pursuant to Google's published policy for that service. Rather, as noted above, the Blogger URLs were buried within the notices directed to Web and Image Search. Google only identified them by scrutinizing P10's Web and Image Search notices for any references to Blogger websites, as reflected by a "blogger.com" or "blogspot.com" domain name. Poovala Dec. ¶ 93.

Regardless, even if P10's notices directed to Google's Search services could somehow be imputed to Blogger, those communications did not confer any notice of infringement whatsoever. *See* Search Motion at 19-23.[8] None provided the specific

---

[8] A complete discussion of the defects in the Group B and C Notices, including those in which certain Blogger URLs were buried, is set forth in Google's Search Motion and incorporated herein by reference. *See* Search Motion at 7-11.

information necessary for Google to locate the allegedly infringing material on a Blogger site. Poovala Dec. ¶ 93. Instead of following Google's DMCA policy by identifying the post URL at which the alleged infringement could be found, P10 routinely provided the top level URLs for the blog (such as elmanaba.blogspot.com), without reference to a date of the post at issue. These URLs were insufficient because they typically displayed multiple images contained in multiple posts. *See e.g. id.* Ex. JJ.

This deficiency was compounded by P10's failure to identify the work infringed at the URL provided. For example, P10 repeatedly identified "perfect10.com" as the infringed work. Processing this "notice" would require Google to review each blog and compare it to all 15,000+ images displayed at perfect10.com in hopes of finding a match. Under the DMCA, this is P10's burden, not Google's. *CCBill*, 488 F.3d at 1112-13. Moreover, P10's URLs for Blogger were often incomplete, thereby thwarting Google's ability to locate the blog itself, let alone any infringement on the blog. *See* Poovala Dec., Ex. L28.

Thus, P10's notices conferred no knowledge of any infringements via any of Google's services, including Blogger. *See* 17 U.S.C. § 512(c)(3)(B) (defective DMCA notices cannot be considered in determining whether a service provider has actual or apparent knowledge of infringement); *CCBill*, 488 F.3d at 1113 (defective notice does not impute knowledge of infringement). As this Court has observed, the "'notice and take-down' procedure is a formalization and refinement of a *cooperative* process that has been employed to deal efficiently with network-based copyright infringement." *UMG Recordings, Inc. v. Veoh Networks*, ___ F. Supp. 2d ___, 2008 WL 5423841, *9 (C.D. Cal. 2008) (Matz, J.) (quoting S. Rep. 105-190, at 45) (emphasis added). P10 utterly failed to meet its obligations under this cooperative process.

### B. Google Expeditiously Processed P10's Defective Notices

Although P10's notices fell far short of the DMCA's requirements, Google went beyond what the law requires to process them. Specifically, as Google's ▓▓▓ team processed the notices for Web and Image Search, they scrutinized them for any references to Blogger websites, as reflected by a "blogger.com" or "blogspot.com" domain name. Poovala Dec. ¶ 93. The ▓▓▓ team forwarded all such URLs to the Blogger team for further processing. *Id.*

The Blogger team removed the offending blog post and/or image wherever the identity of that post and/or image could be discerned (given P10's failure to provide the specific post URL), noted a strike against the account holder who had posted the material, and terminated the account where appropriate, pursuant to Blogger's repeat infringer policy. Poovala Dec. ¶ 93. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Google's processing efforts were expeditious, especially in light of the severity of the defects in P10's notices and P10's staunch refusals to correct those defects. Poovala Dec. ¶¶ 85, 93; *see also* Search Motion at 23-24. Thus, even if the Court were to find P10's notices sufficient (which they are not), Google expeditiously responded to them.

### III. GOOGLE DOES NOT HAVE THE RIGHT AND ABILITY TO CONTROL NOR DOES IT RECEIVE A FINANCIAL BENEFIT FROM INFRINGING ACTIVITY

Google does not have the right and ability to control the alleged infringing activity on Blogger, but even if it did, Google does not receive a financial benefit directly attributable thereto. *See* 17 U.S.C. § 512(c)(1)(B) and (d)(2). "Both elements must be met for the safe harbor to be denied." *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F.Supp. 2d 1132, 1150 (N.D. Cal. 2008) (quoting *Corbis Corp.*

01980.51320/2993936.1

-10-

DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

*v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1109 (W.D. Wash. 2004)) (emphasis added).

### A. Google Does Not Have the Right And Ability To Control Alleged Infringing Activity Of Blogger Account Holders

"A defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). The question is whether the service provider has the right and ability to control the *infringing activity*, not whether the service provider can control *its own system*. *Io Group*, 586 F. Supp. 2d at 1151. Thus, a service provider's capacity to remove materials posted on its website or stored on its system does *not* equate to the right and ability to control infringing activity. *Id.* at 16-17; *see Corbis*, 351 F. Supp. 2d at 1110; *Hendrickson v. eBay*, 165 F. Supp. 2d 1082, 1093-94 (C.D. Cal. 2001).

For example, in *Io Group*, the court found that Veoh's right and ability to control *its system* by taking down infringing videos (after receiving proper notice) did not equate to the right and ability to control the *infringing activity* of third-party users, for two reasons. First, there was no suggestion that Veoh aimed to encourage copyright infringement. Second, there was no evidence that Veoh could control the content users chose to upload before it was uploaded. *Io Group*, 586 F. Supp. 2d at 1152-53; *see also Hendrickson*, 165 F. Supp. 2d at 1093 (no right and ability to control the infringement where eBay did not have control over pirated items sold on its system.

Similarly here, Google has neither the right nor the ability to control the infringing activity of Blogger account holders. Google does not encourage copyright infringement on its Blogger system. Poovala Dec. ¶ 26. To the contrary, the Blogger terms and conditions expressly forbid the uploading of infringing

copyrighted materials. *Id.*, Ex. F; *Io Group*, 586 F. Supp. 2d at 1143-44. Nor is there any evidence that Google could control the content Blogger account holders choose to upload *before* it is uploaded. *Io Group*, 586 F. Supp. 2d at 1153. All Google can do is remove infringing material posted on Blogger upon receipt of a DMCA-compliant notice. This is insufficient to establish a right and ability to control the allegedly infringing activity as a matter of law. *Io Group*, 586 F. Supp. 2d at 1151; *Corbis*, 351 F. Supp. 2d at 1110; *Hendrickson v. eBay*, 165 F. Supp. 2d at 1093-94. Indeed, to hold otherwise would eviscerate the DMCA's safe harbor protections by imposing liability on service providers for the very act of complying with the DMCA's provisions in taking down infringing content. *Io Group*, 586 F. Supp. 2d at 1151.

### B. Google Does Not Receive A Financial Benefit Directly Attributable To Alleged Infringing Activity On Blogger

Because Google lacks the right and ability to control the alleged infringing activity, it need not show that it does not receive a financial benefit directly attributable to it. *See Perfect 10, Inc. v. Visa International Serv. Assn.*, 494 F.3d 788, 806 (9th Cir. 2007) (declining to address financial benefit on an appeal from dismissal because there was no right and ability to control); *Io Group*, 586 F. Supp. 2d at 1150 (same). Nevertheless, even if Google had to make such a showing, Google receives no such benefit. Google does not charge Blogger account holders to host their blogs. Poovala Dec. ¶ 26. Because infringing and non-infringing users pay the same thing—nothing—to use the Blogger service, the direct financial benefit test is not met. *See* Search Motion at 24-25 (citing H.R. Rep. 105-551(II), at 54) (Kassabian Dec. Ex. E).

01980.51320/2993936.1

-12-

DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

### Conclusion

There is no material fact left for trial regarding whether Google is entitled to safe harbor under Section 512(c) regarding P10's Blogger-related copyright infringement claims. Google respectfully requests that the Court grant it summary judgment on this basis.

DATED: July 2, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By *Rachel Herrick Kassabian*
Michael Zeller
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.

01980.51320/2993936.1

-13-

DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE