1    Jeffrey N. Mausner (State Bar No. 122385)
     Law Offices of Jeffrey N. Mausner
2    Warner Center Towers
     21800 Oxnard Street, Suite 910
3    Woodland Hills, California 91367-3640
     Email: Jeff@mausnerlaw.com
4    Telephone: (310) 617-8100, (818) 992-7500
     Facsimile: (818) 716-2773
5

6    Attorneys for Plaintiff Perfect 10, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   PERFECT 10, INC., a California           Case No. CV 04-9484 AHM (SHx)
     corporation,                             Consolidated with Case No. CV 05-4753
12                                            AHM (SHx)
                  Plaintiff,
13                                            **PERFECT 10'S STATEMENT OF**
                                              **UNCONTROVERTED FACTS AND**
14          v.                                **CONCLUSIONS OF LAW, FOR**
                                              **MOTION FOR SUMMARY**
15   GOOGLE, INC., a corporation,             **JUDGMENT AND SUMMARY**
                                              **ADJUDICATION AGAINST**
16                Defendant.                  **GOOGLE, INC.**

17   _____
     AND CONSOLIDATED CASE.                   **BEFORE JUDGE A. HOWARD MATZ**
18

19                                            Date:  August 17, 2009
                                              Time: 10:00 a.m.
20                                            Place: Courtroom 14, Courtroom of the
                                              Honorable A. Howard Matz
21

22                                            Discovery Cut-Off Date:   None Set
                                              Pretrial Conference Date:  None Set
23                                            Trial Date:   None Set

24

25

26

27

28

Perfect 10 submits the following Statement of Uncontroverted Facts and Conclusions of Law, in support of its Motion for Summary Judgment and Summary Adjudication against Defendant Google, Inc. ("Google").

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **I.   PERFECT 10'S COPYRIGHTS** | |
| 1.  Perfect 10 owns valid, registered copyrights for the images in the sample for which it seeks summary judgment in this motion ("The Sample"). | Declaration of Jeffrey N. Mausner in Support Of Perfect 10's Motion for Summary Judgment and Summary Adjudication Against Google ("Mausner Decl.") ¶9; Declaration of Melanie Poblete in Support Of Perfect 10's Motion for Summary Judgment and Summary Adjuciation Against Google ("Poblete Decl.");  Declaration of Norman Zada In Support Of Perfect 10's Motion For Summary Judgment and SummaryAdjudication Against Google ("Zada Decl.") ¶2, Exh. 9.  *Perfect 10 v. Google, Inc.*, 416 F.Supp.2d 828, 832 (C.D.Cal. 2006), *aff'd in part and reversed in part on other grounds, Perfect 10, Inc. v. Google.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007). |
| **II.   GOOGLE'S ACTIONS** | |
| 2.  Google owns the domain name blogger.com. | Zada Decl. ¶9, Exh. 2. |
| 3.  Google owns the domain name blogspot.com. | Zada Decl. ¶9, Exh. 2. |
| 4.  Google has hosted websites that display Perfect 10 copyrighted images ("P10 Images"). | Zada Decl. ¶12, Exh. 5. |
| 5.  Google has hosted websites that display Perfect 10 copyrighted images and have google ads next to those images. | Zada Decl. ¶12, Exh. 5. |

| | |
|---|---|
| 6. Google has hosted the website alltolls.blogspot.com, which displays P10 copyrighted images. | Zada Decl. ¶12, Exh. 5. |
| 7. Google has placed ads next to P10 Images on the website alltolls.blogspot.com. | Zada Decl. ¶12, Exh. 5. |
| 8. Google has earned revenues from clicks on ads placed next to P10 Images on the website alltolls.blogspot.com. | Zada Decl. ¶12, Exh. 5. |
| 9. Google stores full-size Perfect 10 copyrighted images on blogger.com servers, which are registered to Google. | Zada Decl. ¶¶9, 41-51, Exhs. 2, 28-35, 9. |
| 10. Google has allowed its ads to appear next to thousands of Perfect 10 copyrighted images. | Zada Decl. ¶¶13, 58, Exhs. 6, 43, 9. |
| 11. Google has not asked Perfect 10 for permission, nor has it offered to pay Perfect 10 anything for the commercial use of Perfect 10's copyrighted works. | Zada Decl. ¶12. |
| 12. Google has allowed its ads to appear next to thousands of P10 Images on the web site imagerise.com | Zada Decl. ¶¶13, 58, Exhs. 6, 43, 9. |
| 13. Google has allowed its ads to appear on websites that have infringed at least 18,000 P10 Images. | Zada Decl. ¶¶12-13, 58, Exhs. 5-6, 43, 9. |
| 14. Google has earned revenue from clicks on ads placed next to thousands of Perfect 10 copyrighted images. | Zada Decl. ¶¶13, 58, Exhs. 6, 43, 9. |
| 15. Google has made "thumbnails" from full-size Perfect 10 copyrighted images. | Zada Decl. Exh. 40, page 3. |
| 16. Google has linked P10 "thumbnails" to infringing web pages that contain full-size P10 Images. | Zada Decl. ¶28, Exh. 17. |
| 17. Google has placed thousands of Google ads next to images of celebrities without permission from either the celebrity or the copyright holder. | Zada Decl. ¶49. |

| | |
|---|---|
| 18. Google has stored tens of thousands of full-size images on its blogger.com servers. | Zada Decl. ¶49. |
| 19. The website imagerise.com has been a Google AdSense affiliate. | Zada Decl. ¶13, Exh. 6. |
| 20. The website imagevenue.com has been a Google AdSense affiliate. | Zada Decl. ¶13, Exh. 6. |
| 21. The website rapidshare.com has been a Google AdSense affiliate. | Zada Decl. ¶14, Exh 7 |
| 22. Google has powered the rapidshare1.com search engine. | Zada Decl. ¶14, Exh. 7. |
| 23. Google has hosted websites that display passwords to perfect10.com. | Zada Decl. ¶12, Exh. 5. |
| 24. Google has displayed passwords to perfect10.com in its search results. | Zada Decl. ¶65, Exh. 49. |
| **III.  DIRECT INFRINGEMENT BY THIRD-PARTIES** | |
| 25. Third-party websites have infringed Perfect 10's copyrights. | Zada Decl. ¶¶28, 56-61 Exhs. 17, 41-45. *Perfect 10 v. Google, Inc.,* 416 F.Supp.2d 828, 852 (C.D.Cal. 2006), *aff'd in part and reversed in part on other grounds, Perfect 10, Inc. v. Google.com, Inc.,* 508 F.3d 1146, 1170 (9th Cir. 2007). |
| **IV.  GOOGLE'S FAILURE TO PRODUCE A DMCA LOG** | |
| 26. Despite being ordered to do so, Google has not produced a "DMCA log," meaning "a spreadsheet-type document summarizing DMCA notices received, the identity of the notifying party and the accused infringer, and the actions (if any) taken in response." | Order of Judge Matz dated May 13, 2008, Docket No. 294, page 5 lines 1-9, attached as Exh. F to Mausner Decl.;  Zada Decl. ¶19. |
| **V.  GOOGLE'S KNOWLEDGE AND FAILURE TO ACT EXPEDITIOUSLY OR AT ALL** | |
| **Google Did Not Respond To Perfect10's Notices Sent In 2001** | |
| 27. In May of 2001, Perfect 10 sent to Google a notice which complained of infringements on | Zada Decl. ¶16, Exh. 8. |

| | |
|---|---|
| the web page *http://www.celebritypictures.com/ MayaRubin/maya1.htm.* | |
| 28. On September 10, 2004, Google was linking to that infringing web page in its Web Search results. | Zada Decl. ¶16, Exh. 8. |
| 29. On June 27, 2001, Google sent Perfect 10 an email which stated, "Without administrator cooperation we cannot exclude material available on the Internet from our index." <br><br> The above statement was not correct. | Zada Decl. ¶17, Exh. 10. |
| 30. Google did not remove or disable access to any infringing material identified by Perfect 10 in its 2001 notices of infringement. | Zada Decl. ¶17, Exh. 10. |
| 31. In response to a Court order to produce all of the notices of infringement it received in 2001, Google produced only one document, one of Perfect 10's notices. | Zada Decl. ¶19. |
| 32. Google links to web pages both from its Web Search results and from its Image Search results. | Zada Decl. ¶28, Exh. 17. |
| **Google Did Not Respond To Perfect 10's Notices Sent In May And June Of 2004, For Approximately Four Months** | |
| 33a) Perfect 10 sent to Google a notice of infringement on May 31, 2004. | Zada Decl. ¶26, Exh. 14. |
| 33b) Perfect 10 sent to Google a notice of infringement on June 4, 2004. | Zada Decl. ¶26, Exh. 14. |
| 33c) Google could have removed infringing links identified by Perfect 10 within a week of receiving notice. | Zada Decl. ¶26, Exh. 14. |
| 33d) Google did not remove any links in response to Perfect 10's notices until at least October 10, 2004. | Zada Decl. ¶26, Exh. 14. |
| 34. In June of 2004, Google sent Perfect 10 instructions for making DMCA notices. | Zada Decl. ¶23, Exh. 12 |

| | |
|---|---|
| 35.  Those instructions did not mention image URLs. | Zada Decl. ¶23, Exh. 12. |
| 36.  Those instructions did not mention Google Image Search. | Zada Decl. ¶23, Exh. 12. |
| 37.  Those instructions did not state that the URL could not have elipses (….) in it. | Zada Decl. ¶23, Exh. 12. |
| 38.  Those instructions did not state that a different procedure was necessary for Google Image Search results. | Zada Decl. ¶23, Exh. 12. |
| 39.  In the instructions that Google provided to Perfect 10 in June of 2004, Google stated that Perfect 10 needed to provide "(a) the search query that you used, and (b) the URL for each allegedly infringing search result.  Note that the URL for each search result appears in green at the end of the description for that search result." | Zada Decl. ¶23, Exh. 12. |
| 40.  Google did not ask that Perfect 10 add a starting http:// to the beginning of the URL it provided to Google. | Zada Decl. ¶23, Exh. 12. |
| 41.  The URL that Google provides in green at the end of the description for each Google Web Search result typically does not begin with a starting http://. | Zada Decl. Exh. 8, page 5. |
| 42.  The URL that Google requested identified an infringing web page, even though it did not typically begin with an http://.  The URL that Google requested was not an image URL. | Zada Decl. ¶23, Exh. 12. |
| 43.  In the instructions that Google provided to Perfect 10, Google did not state that Perfect 10 needed to provide Google with an Image URL. | Zada Decl. ¶23, Exh. 12. |
| 44.  If a user were to click on the URL highlighted in yellow near the top of page 3 of Exhibit 17 to the Zada Decl., they would be transported to the web page *http://web.tiscali.it/raskz/donne/giugno.htm.* | Zada Decl. Exh. 17, page 3. |
| 45.  In page 3 of Exhibit 17 to the Zada Decl., Google provided a link to the web page | Zada Decl. Exh. 17, page 3. |

| | |
|---|---|
| *http://web.tiscali.it/raskz/donne/giugno.htm.* | |
| 46.  In its Image Search results, when Google provides a "thumbnail," it links that thumbnail to a web page containing a similar, but typically larger, image. | Zada Decl. Exh. 17, page 3. |
| 47a.  Google has suppressed the starting http:// from links it lists in its Image Search results. | Zada Decl. ¶12, Exh. 5, pages 1-8. |
| 47b.  None of the links shown in pages 1-8 of Exhibit 5 to the Zada Decl. show a starting http://. | Zada Decl. ¶12, Exh. 5, pages 1-8. |
| 48.  If Google receives the URL of a web page, it can remove any links in its Image Search index that match that URL. | Declaration of David O'Connor ("O'Connor Decl.") ¶¶5-6, Exh. 1; Declaration of Sean ("Chumura Decl.") ¶5, Exh. 1. |
| 49.  In order for Google to stop linking to an identified web page via its Image Search results, Google must remove all thumbnails from its Image Search results that link to that web page. | Zada Decl. Exh. 17, page 3. |
| 50.  Google received notices of infringement from Perfect 10. | Zada Decl. ¶26, Exh. 14. |
| **Google Did Not Remove Identified Infringing Links From Its Image Search Results** | |
| 51.  On May 31, 2004, Perfect 10 sent Google a notice of infringement which contained the URL *http://pix.alronix.net/Photo_Scans/Tits/ Monika_Zsibrita/pic00076.htm.* | Zada Decl. ¶¶26-27, Exhs. 14-15, 9. |
| 52.  Google did not remove that link from its Web Search results until at least October 10, 2004. | Zada Decl. ¶¶26-27, Exhs. 14-15, 9. |
| 53.  Google did not remove that link from its Image Search results until at least December 12, 2005. | Zada Decl. ¶¶26-27, Exhs. 14-15, 9. |
| 54.  Perfect 10 sent to Google a notice of infringement on May 31, 2004 which alleged that the web page *http://www. beautifulwallpaper.com/monika_zsibrita.shtml* | Zada Decl. ¶¶26-27, Exhs. 14-16, 9. |

| | |
|---|---|
| infringed Perfect 10's copyrights. | |
| 55.  Google did not remove a link to that web page from its Web Search results until at least October 10, 2004. | Zada Decl. ¶¶26-27, Exhs. 14-16, 9. |
| 56.  As of December 12, 2005, Google was continuing to link to the web page *http://www.beautifulwallpaper.com/monika_zsibrita.shtml*, via its Image Search results. | Zada Decl. ¶¶26-27, Exhs. 14-16, 9. |
| 57.  Perfect 10 sent to Google a notice of infringement on June 28, 2004 which alleged that the web page determined by the URL *web.tiscali.it/raskz/donne/giugno.htm* infringed Perfect 10's copyrights. | Zada Decl. ¶¶26-28, Exhs. 14-15, 17, 9. |
| 58.  Google did not remove a link to that web page from its Web Search results until at least October 10, 2004. | Zada Decl. ¶¶26-28, Exhs. 14-15, 17, 9. |
| 59.  As of July 9, 2006, Google was continuing to link to that infringing web page via its Image Search results. | Zada Decl. ¶¶26-28, Exhs. 14-15, 17, 9. |
| 60.  Perfect 10 sent to Google a notice of infringement on January 3, 2005, which alleged that the web page determined by the URL *3thehardway.nl/images/spec_gallery/ vibe_sorenson.pages/vibe_sorenson006.html* infringed Perfect 10's copyrights. | Zada Decl. ¶¶24, 26-28, Exhs. 13-15, 17, 9. |
| 61.  As of January 17, 2006, Google was continuing to link to that web page via its Image Search results. | Zada Decl. ¶¶24, 26-28, Exhs. 13-15, 17, 9. |
| 62.  As of July 9, 2006, Google was continuing to link, via its Image Search results, to the web page *http://celebritybattles.com/celeb/ Monika_Zsibrita*, alleged to be infringing by Perfect 10 in its February 17, 2005 notice. | Zada Decl. ¶¶24, 26-28, Exhs. 13-15, 17, 9. |
| **Google Did Not Expeditiously Remove Identified Infringing Image URLs.** | |
| 63a.  Google received a notice from Perfect 10, on or about May 31, 2004, which contained the URL *http://www.britney-spears-nude-* | Zada Decl. ¶26, Exh. 14, page 7. |

| | |
|---|---|
| *pics.com/vsorensen/vsorensen_010.jpg.* | |
| 63b. Google did not remove the image determined by that image URL from its Image Search results until November 3, 2005. | Zada Decl. ¶26, Exh. 14, page 7. |
| 64. Google has received hundreds of Image URLs from Perfect 10 in Perfect 10's July 19, 2004 notice which Google did not list in Mr. Macgillivray's sur-reply declaration and which Google did not remove for months after notice. | Zada Decl. ¶26, Exh. 14, page 28. |
| **Google Did Not Process All URLs Forwarded To It By Amazon** | |
| 65a) On January 21, 2005, Perfect 10 sent a notice to Amazon which Amazon claimed to have forwarded to Google, on or about April 8, 2005. | Zada Decl. ¶¶29-31, Exh. 19. |
| 65b) As of May 20, 2009, Google was continuing to provide links in its Web Search results to a number of the web pages which Perfect 10 alleged in its January 21, 2005 notice to Amazon, infringed Perfect 10's copyrights. | Zada Decl. ¶¶29-31, Exhs. 19-20. |
| 65c) Google has not provided to Perfect 10 a spreadsheet listing which links it removed from its search results as a result of Perfect 10's notices to Amazon, or when those links were removed. | Zada Decl. ¶19. |
| **Google Did Not Remove Identified Infringing Cache Links From Its Web Search Results** | |
| 66a) In Perfect 10's June 28, 2007 notice to Google, Perfect 10 included a copy of Google's cache of the web page *http://www.monitor.hr/belle/0201/020108.htm*, which Perfect 10 alleged infringed Perfect 10's copyrights. | Zada Decl. ¶39, Exh. 26, page 1. |
| 66b) On October 28, 2008, Google was continuing to directly link to that same allegedly infringing web page. | Zada Decl. ¶39, Exh. 26, page 2. |
| 66c) In Perfect 10's June 28, 2007 notice to Google, Perfect 10 included a copy of Google's cache of the web page | Zada Decl. ¶39, Exh. 26, page 3. |

| | |
|---|---|
| http://www.monitor.hr/belle/0112/011206.htm, which Perfect 10 alleged infringed Perfect 10's copyrights. | |
| 66d) On October 28, 2008, Google was continuing to directly link to that same web page. | Zada Decl. ¶39, Exh. 26, page 4. |
| 66e) In Perfect 10's June 28, 2007 notice to Google, Perfect 10 included a copy of Google's cache of the web page *http://www.monitor.hr/belle/0208/020828.htm*, which Perfect 10 alleged infringed Perfect 10's copyrights. | Zada Decl. ¶39, Exh. 26, page 5. |
| 66f) On October 28, 2008, Google was continuing to directly link to that same web page. | Zada Decl. ¶39, Exh. 26, page 6. |
| 66g) In Perfect 10's June 28, 2007 notice to Google, Perfect 10 included a copy of Google's cache of the web page *http://www.monitor.hr/belle/0205/020518.htm*, which Perfect 10 alleged infringed Perfect 10's copyrights. | Zada Decl. ¶39, Exh. 26, page 7. |
| 66h) On October 28, 2008, Google was continuing to directly link to that same allegedly infringing web page. | Zada Decl. ¶39, Exh. 26, page 8. |
| 66i) In Perfect 10's June 28, 2007 notice to Google, Perfect 10 included a copy of Google's cache of the web page *http://www.monitor.hr/belle/0405/040507.htm*, which Perfect 10 alleged infringed Perfect 10's copyrights. | Zada Decl. ¶39, Exh. 26, page 9. |
| 66j) On October 28, 2008, Google was continuing to directly link to that same web page. | Zada Decl. ¶39, Exh. 26, page 10. |
| **Google Did Not Remove Identified P10 "Thumbnails" From Its Image Search Results** | |
| 67a) As part of Perfect 10's January 24, 2008 notice to Google, Perfect 10 sent to Google several printouts of web pages which appear as pages 1, 3, and 5 of Exhibit 38 to the Zada Decl. | Zada Decl. ¶53, Exhs. 37, 38, pages 1, 3, 5. |

| | |
|---|---|
| Perfect 10 stated in its notice that all such images appearing on those web pages, unless they were parts of advertising banners or had red X's over them, were copyrighted by Perfect 10. | |
| 67b) Perfect 10 provided Google with a copy of the alleged infringing thumbnails and the URLs for those thumbnails. | Zada Decl. ¶53, Exhs. 37, 38, pages 1, 3, 5. |
| 67c) Perfect 10 provided Google with enough information for Google to locate the alleged infringing thumbnails. | Zada Decl. ¶53, Exhs. 37, 38, pages 1,3, 5. |
| 67d) As of October 22, 2008, Google had not removed any of the alleged infringing thumbnails from its Image Search results. | Zada Decl. ¶53, Exhs. 37, 38, pages 2, 4, 6. |
| **Google Has Not Removed Identified See Full-Size Image Links** | |
| 68a) Perfect 10 provided to Google in its notices copies of the two images shown as pages 1-2 of Exhibit 40 of the Zada Decl. The first image was sent in Perfect 10's July 9, 2008 notice. The second image was sent in Perfect 10's December 14, 2007 notice. | Zada Decl. ¶55, Exh. 40, pages 1-2. |
| 68b) Perfect 10 obtained the URLs for those images by following the instructions provided by Google as described in Exhibit 39 to the Zada Decl. | Zada Decl. ¶¶54-55, Exhs. 39-40. |
| 68c) As of May 19, 2009, Google had not removed the "See full-size image" links to those images or the thumbnails corresponding to those images from its Image Search results. | Zada Decl. ¶55, Exh. 40, pages 3-4. |
| **Google Has Not Stopped Directly Linking To Identified Infringing Web Pages** | |
| 69a) As part of Perfect 10's July 9, 2008 notice to Google, Perfect 10 included what are attached as pages 8 and 9 of Exhibit 41. | Zada Decl. ¶¶56-57, Exh. 41. |
| 69b) Perfect 10 stated that all images on both of those pages were copyrighted by Perfect 10 except for the images with red X's over them. | Zada Decl. ¶¶56-57, Exh. 41. |

| | |
|---|---|
| 69c) From the URLs shown at the bottom of pages 8 and 9 of Exhibit 41, Google had enough information to block any Google search result from linking to those web pages. | Zada Decl. ¶¶23, 26, 61-63, Exhs. 12, 14, 45-47; Deposition of Derrick Pallas, Alexa's Rule 30(b)(6) deponent ("Pallas Depo.") 145:6-146.10; 148:23-149:7, submitted as Exh. G to Mausner Decl. (filed under seal); O'Connor Decl. ¶¶4-6, Exh. 1; Chumura Decl. ¶¶3-5, Exh. 1. |
| 69d) Google continued to provide search results which linked to those allegedly infringing web pages as of at least March 31, 2009. | Zada Decl. ¶57, Exh. 42. |

**Google Has Failed To Respond To Notices Which Identified Infringing Images On Its Servers**

| | |
|---|---|
| 70.  On July 2, 2007, Perfect 10 sent to Google a notice of infringement which contained P10 Images of Zita Gorocs (or Gorog) allegedly infringed by the Google hosted website *machpex-photo.blogspot.com*.  Perfect 10 also included in that notice allegedly infringing images stored on the website blogger.com of that same model. | Zada Decl. ¶¶40-42, Exhs. 27-28. |
| 71.  As of April 3, 2009, Google had not removed the images referenced in the previous paragraph from its blogger.com servers. | Zada Decl. ¶43, Exh. 30. |
| 72.  The URL which is highlighted at the bottom of page 1 of Exhibit 28 to the Zada Decl. is what Google refers to as a "Post URL." | Zada Decl. ¶41, Exh. 28. |
| 73.  On July 2, 2007, Perfect 10 sent to Google a notice of infringement which contained P10 Images of Monika Zsibrita allegedly infringed by the Google hosted website *tabloidrabies.blogspot.com*.  Perfect 10 also included in that notice allegedly infringing images stored on the website blogger.com of that same model. | Zada Decl. ¶44, Exh. 31. |
| 74.  As of May 4, 2009, Google had not removed the images referenced in the previous paragraph from its blogger.com servers or from the website *tabloidrabies.blogspot.com*. | Zada Decl. ¶45, Exh. 32. |

| | |
|---|---|
| 75.  On July 2, 2007, Perfect 10 sent to Google a notice of infringement which contained P10 Images of Marisa Miller allegedly infringed by and stored on the website blogger.com. | Zada Decl. ¶46, Exh. 33. |
| 76.  As of April 3, 2009, Google had not removed the images referenced in the previous paragraph from its blogger.com servers. | Zada Decl. ¶47, Exh. 34. |
| 77.  On July 2, 2007, Perfect 10 sent to Google a notice of infringement which contained P10 Images of Alexandra Berejnova allegedly infringed by and stored on the website blogger.com. | Zada Decl. ¶51, Exh. 35. |
| 78.  As of October 27, 2008, Google was continuing to store some of the same images referenced in the previous paragraph on its blogger.com servers, with slightly different URLs. | Zada Decl. ¶51, Exh. 35. |
| 79.  On July 31, 2007, Perfect 10 sent to Google a notice of infringement which contained P10 Images of Ashley Degenford (also known as Ashley Reed) allegedly infringed by and stored on Google Groups servers. | Zada Decl. ¶52, Exh. 36. |
| 80.  As of October 26, 2008, Google had not removed the images referenced in the previous paragraph from its Google Group servers. | Zada Decl. ¶52, Exh. 36. |
| **Google Continues To Place Ads On Identified Infringing Web Pages** | |
| 81.  Perfect 10 sent to Google in its March 17, 2008 notice, the web pages shown as pages 1 and 2 of Exhibit 43 to the Zada Decl. | Zada Decl. ¶58, Exh. 43. |
| 82.  As of November 29, 2008, Google was allowing its ads to appear on those same web pages. | Zada Decl. ¶58, Exh. 43, pages 4, 8. |
| 83.  In October and November of 2008, Google allowed other Google ads to appear next to identical or virtually identical images of Vibe Sorenson. | Zada Decl. ¶58, Exh. 43. |
| 84a) During the time period from March 17, 2008 through July 9, 2008, Perfect 10 sent to | Zada Decl. ¶13, Exhs. 6, 9. |

| | |
|---|---|
| Google thousands of P10 Images in its DMCA notices which Perfect 10 alleged were infringed by the website imagerise.com. | |
| 84b) Many of these images displayed Perfect 10 copyright notices. | Zada Decl. ¶13, Exhs. 6, 9. |
| 84c) In September 2008, imagerise.com was showing Google ads next to more than 1,000 P10 Images. | Zada Decl. ¶13, Exhs. 6, 9. |
| 84d) Google has linked P10 thumbnails it created from infringing P10 Images offered by imagerise.com to web pages that Google hosted which contained google ads next to infringing P10 Images. | Zada Decl. ¶12, Exh. 5. |
| 85a) Since June 28, 2007, Perfect 10 has sent to Google thousands of P10 Images which Perfect 10 alleged were infringed by the website imagevenue.com. | Zada Decl. ¶13. |
| 85b) Many of these images displayed Perfect 10 copyright notices. | Zada Decl. ¶13. |
| 85c) As of October 2008, Google was continuing to place ads on imagevenue.com and was continuing to link P10 Images to imagevenue.com in Google's Image Search results. | Zada Decl. ¶¶12-13, Exh. 5, page 5, Exh. 6, page 4. |
| 86. Google has allowed its ads to appear on web pages of third-party websites that contain P10 Images that display Perfect 10 copyright notices, after receiving notice from Perfect 10 complaining about such unauthorized use of its images. | Zada Decl. ¶13, Exh. 6, pages 1, 2, Exh. 9. |
| **Google's Failure To Take Action in Response to Notices Regarding Massive Infringing Advertising Affiliates** | |
| 87a) On or about December 9, 2005, Perfect 10 sent to Google a notice which alleged that the websites rapidshare.de, giganews.com, and newsdemon.com infringed Perfect 10's copyrights. | Zada Decl. ¶32, Exh. 21. |

Perfect 10's Statement Of Uncontroverted Facts And Conclusions Of Law,
For Motion For Summary Judgment Against Google

| | |
|---|---|
| 87b) In that notice, Perfect 10 attached examples of P10 Images which Perfect 10 alleged were infringed by those websites. | Zada Decl. ¶32, Exh. 21. |
| 87c) On February 12, 2006, Google was allowing rapidshare.de to display Google ads on that website. | Zada Decl. ¶14, Exh. 7, page 9. |
| 87d) As of November 28, 2008, Google was still linking to and displaying ads for both giganews.com and newsdemon.com. | Zada Decl. ¶37, Exh. 25. |
| 88.  Perfect 10's June 28, 2007 notice to Google contained the following language: "Accompanying this notice is a hard drive which contains approximately 1,100,000 infringements of Perfect 10 copyrighted images that are offered by infringing websites from which Google accepts advertising and/or to which Google links." | Zada Decl. ¶34, Exh. 22. |
| 89.  Perfect 10's June 28, 2007 notice to Google contained the following language: "These images, when clicked on, expand to full size and in almost all cases, display a Perfect 10 copyright notice.  There are cumulatively just slightly less than 801,142 images from the Usenet sites on the hard drive in the P10 subfolders that display Perfect 10 copyright notices." | Zada Decl. ¶34, Exh. 22. |
| 90.  Perfect 10's June 28, 2007 notice to Google included thousands of infringing images from the Google advertisers Giganews.com, UsenetBinaries.com, maximumusenet.com, NewsReader.com, NewsDemon.com, Thundernews.com, powerusenet.com, NewsRazor.net, megabitz.net, alibis.com, Ngroups.Net, diiva.com, rhinonewsgroups.com, Easynews.com, news.astraweb.com, TigerUsenet.com, supernews.com, usenet-access.com, newsgroups-download.com, newsgroup-binaries.com, and NewsHosting.com. | Zada Decl. ¶¶34-35, Exh. 22, pages 1-6, Exh. 23.. |
| 91.  Perfect 10's notices from June 28, 2007 onward, identified more than 300,000 copies of | Zada Decl. ¶¶34-35, 37, Exhs. 22-23, 25. |

| | |
|---|---|
| full-size P10 Images offered by infringing pay sites (also known as usenet sites) to which Google linked and/or had business relationships (i.e., provided sponsored links). | |
| 92.  Perfect 10's June 28, 2007 notice to Google also alleged that the pay sites that Perfect 10 was complaining about stole and sold billions of dollars in full-length movies and songs. | Zada Decl. ¶34, Exh. 22. |
| 93.  Perfect 10 included in its June 28, 2007 notice to Google copies of songs sung by Christina Aguilera, Andrea Bocelli, Kelly Clarkson, Jennifer Lopez, Dixie Chicks, The Beatles, Bob Dylan, Frank Sinatra, and Gwen Stefani that Perfect 10 downloaded from giganews.com. | Zada Decl. ¶36, Exh. 24. |
| 94.  Perfect 10's June 28, 2007 notice to Google included a copy of all of the images on Perfect 10's website as of June of 2007. | Zada Decl. ¶34, Exh. 22. |
| 95.  Google had knowledge that infringing P10 Images were available using Google's sponsored links. | Zada Decl. ¶¶34, 37, Exhs. 22, 25. |
| 96.  As of November 29, 2008, Google was continuing to both link to and display ads (sponsored links) for websites for which it had received notices alleging that those websites infringed, in total, more than 300,000 P10 Images. | Zada Decl. ¶37, Exh. 25. |
| 97.  On January 24, 2008, Perfect 10 sent to Google a notice of infringement which contained the language, "DVD1 contains 2,546 infringing Perfect 10 copyrighted images downloaded in January of 2008 from the infringing websites megaerotic.com and rapidshare.com." | Zada Decl. ¶53, Exh. 37. |
| 98.  On July 9, 2008, Perfect 10 sent to Google a notice of infringement which contained the language, "DVD1 and DVD2 together contain approximately 18,683 infringing Perfect 10 copyrighted images which I downloaded in April, May, and June 2008 from the infringing | Zada Decl. ¶56, Exh. 41. |

| | |
|---|---|
| website rapidshare.com." | |
| 99.  On April 24, 2009, Perfect 10 sent to Google a notice which contained approximately 4,000 P10 Images which Perfect 10 alleged it downloaded from the website thepiratebay.org. | Zada Decl. ¶14, Exh. 7, pages 14-16. |
| 100.  As of May 4, 2009, Google was continuing to provide thousands of links to thepiratebay.org. | Zada Decl. ¶14, Exh. 7, pages 14-16. |
| 101.  Google did not respond to notification of claimed infringement by expeditiously removing or disabling access to the material that is claimed to be infringing or to be the subject of infringing activity. | Perfect 10 incorporates the supporting evidence set forth for uncontroverted facts numbered 27-80 and 87-100, above. |
| 102.  Google had knowledge that infringing Perfect 10 images were available using its search engine. | Perfect 10 incorporates the supporting evidence set forth for uncontroverted facts numbered 27-101, above. |
| **VI.  SIMPLE MEASURES TO PREVENT FURTHER DAMAGE TO PERFECT 10'S COPYRIGHTED WORKS WHICH GOOGLE FAILED TO TAKE** | |
| 103.  Google has a method for removing specified links from its search results. | Zada Decl. ¶26, Exh. 14; Chumura Decl. ¶5. |
| 104.  Image Recognition technology is available to locate infringing images. | Zada Decl. ¶67, Exh. 51. |
| 105.  Google has a "similar images" feature which allows users of one image to search for similar images. | Zada Decl. ¶67, Exh. 51. |
| 106.  Instead of waiting three or four months or more to remove infringing links identified by Perfect 10, Google could have removed those links in a week or less. | Zada Decl. ¶26, Exh. 14. |
| 107.  When Google removed infringing links identified by Perfect 10 from its Web Search results, it could have also removed such links from its Image Search results, but it did not do so. | Zada Decl. ¶¶26-28, Exhs. 14-17. |
| 108.  Google could have removed all the full- | Zada Decl. ¶¶40-51, Exhs. 27- |

| | |
|---|---|
| size P10 Images identified by Perfect 10 that it stored on its servers but did not do so. | 35. |
| 109.  Google could have stopped hosting websites that infringed Perfect 10 copyrights, but did not do so. | Zada Decl. ¶¶12, 41-51, Exhs. 5, 28-35. |
| 110.  Google could have removed all the identified infringing links in the Perfect 10 notices that were forwarded to it from Amazon, but did not do so. | Zada Decl. ¶¶29-31, Exhs. 18-20. |
| 111.  Google could have removed all the identified infringing cache links in Perfect 10's notices, but did not do so. | Zada Decl. ¶39, Exh. 26. |
| 112.  Google could have removed all the identified infringing P10 thumbnails from its Image Search results, but did not do so. | Zada Decl. ¶53, Exh. 38. |
| 113.  Google could have removed all the identified infringing "See full-size" Image links in its Image Search results, but did not. | Zada Decl. ¶55, Exh. 40. |
| 114.  Google could have removed all the identified infringing P10 Images it stored on its servers in its Google Groups program, but did not do so. | Zada Decl. ¶52, Exh. 36. |
| 115.  Google could have stopped directly linking to identified infringing web pages, but it did not do so. | Zada Decl. ¶¶59-60, Exhs. 44, 9. |
| 116.  Google could have stopped placing its ads on websites alleged to infringe Perfect 10 copyrights, but did not do so. | Zada Decl. ¶¶12-13,58, Exhs. 5-6, 43, 9. |
| 117.  Google could have removed or disabled access to all links to websites that have infringed over 1,000 images belonging to a particular copyright holder such as Perfect 10, or are otherwise known by Google to be massive infringers of copyright, but did not do so. | Zada Decl. ¶68, Exh. 52. |
| 118.  Google could have sent copies of P10's infringed images to webmasters or advertisers and required them to remove such images or be | Zada Decl. ¶68, Exh. 52. |

| | |
|---|---|
| delisted from Google search results, but did not do so. | |
| 119.  Google could have stopped providing sponsored links to pay sites that infringe thousands of P10 Images, as identified in Perfect 10's notices, such as giganews.com, NewsRazor.net, Easynews.com, Thundernews.com, TigerUsenet.com, UsenetBinaries.com, Ngroups.net, rhinonewsgroups.com, newsgroups-download.com, newsgroup-binaries.com, usenet-access.com, Newsreader.com, powerusenet.com, supernews.com, and news.astraweb.com, but failed to do so. | Zada Decl. ¶¶34, 37, Exhs. 22, 25. |
| 120.  Google could have assigned one or two employees or employed image recognition technology to stop providing the same infringing P10 Images, over and over, in its Image Search results, but did not do so. | Zada Decl. ¶67, Exh. 51. |
| 121.  Google could have stopped publishing confidential username/password combinations that allow unauthorized access to Perfect 10's website, as identified in Perfect 10's notices, but did not do so. | Zada Decl. ¶65, Exh. 49. |
| 122.  Google could have removed from Google search results websites that publish confidential username/password combinations, as identified in Perfect 10's notices, but did not do so. | Zada Decl. ¶65, Exh. 49. |
| 123.  Google could have implemented a "check the box" procedure for identifying infringing P10 "thumbnails" in its Image Search results but did not do so. | Zada Decl. ¶53, Exh. 38, page 7. |
| 124.  Google has implemented a procedure for reporting images that are offensive but not for images that violate copyright. | Zada Decl. ¶53; Mausner Decl. Exh. C. |
| 125.  Google could have adopted and implemented a repeat infringer policy, but did not do so. | Perfect 10 incorporates the supporting evidence set forth for undisputed facts numbered 128-138, below. |

| | |
|---|---|
| 126.  Google could have taken simple measures to prevent further damage to Perfect 10's copyrighted works, but did not do so. | Perfect 10 incorporates the supporting evidence set forth for uncontroverted facts numbered 103-125, above. |
| 127. Perfect 10's experience with Google is not unique; others who have sent DMCA notices to Google have experienced the same refusal to act. | Declarations of Dean Hoffman and C.J. Newton, filed concurrently; Mausner Decl. Exh. C. |

## VII.   GOOGLE'S INELIGIBILITY FOR DMCA SAFE HARBOR

### A.     GOOGLE DID NOT SUITABLY IMPLEMENT A REPEAT INFRINGER POLICY

| | |
|---|---|
| 128.  Clients whose websites Google hosts are account holders or subscribers of Google for the purposes of the Digital Millenium Copyright Act. | Zada Decl. ¶8, Exh. 1. |
| 129.  A user may set up a blogspot.com website hosted by Google without providing Google with his name or address. | Zada Decl. ¶¶6-7. |
| 130.  In his declaration dated September 26, 2005, Alexander Macgillivray stated that "Google receives thousands of inquiries daily concerning search results, including notices about search results that link to allegedly improper content." | Zada Decl. ¶26, Exh. 14, page 29. |
| 131.  Google has not produced to Perfect 10 in discovery, more than one thousand notices dated prior to September 26, 2005. | Zada Decl. ¶26. |
| 132.  In his declaration dated September 26, 2005, Alexander Macgillivray stated, "If a notice does not contain enough information for Google to process, or if it otherwise fails the requirements of 17 U.S.C. § 512(c)(3), but contains contact information for the sender, Google's staff will typically email the sender requesting additional information." | Zada Decl. ¶26, Exh. 14, page 29. |
| 133.  Google has not produced to Perfect 10, a spreadsheet which details all the DMCA  notices it has received and its response to each such | Zada Decl. ¶19. |

| | |
|---|---|
| notice. | |
| 134. Google has not produced a DMCA log to Perfect 10. | Zada Decl. ¶19. |
| 135. Google does not maintain a DMCA log for complaints it receives regarding websites that it hosts. | Zada Decl. ¶19. |
| 136. Google does not keep track of the identity of the alleged infringer when it receives a notice alleging infringement on a website that Google hosts. | Zada Decl. ¶19. |
| 137. Because Google has not maintained a searchable DMCA log, it cannot determine whether the owner of a particular website that it hosts has been the subject of multiple infringement notices. | Zada Decl. ¶19. |
| 138. Because Google does not know, in many cases, the identity of the owner of a particular website that it hosts, it cannot determine if that person has been the subject of multiple notices of infringement. | Zada Decl. ¶19. |
| 139. Google did not adopt or implement a repeat infringer policy. | Perfect 10 incorporates the supporting evidence set forth for uncontroverted facts numbered 128-138, above. |
| **A. GOOGLE IS INELIGIBLE FOR A DMCA SAFE HARBOR** | |
| 140. Google is not eligible for DMCA safe harbor. | Perfect 10 incorporates the supporting evidence set forth for uncontroverted facts numbered 27-100, 128-139, above, and 141-158 and 164 below. |
| **B. PERFECT 10'S DMCA NOTICES WERE COMPLIANT** | |
| 141. Google has removed links in its search results in response to some of Perfect 10's notices. | Zada Decl. ¶¶26, 61 Exhs. 14, 45. |
| 142. Google has removed at least 1000 links in its search results in response to Perfect 10's | Zada Decl. ¶¶26, 61 Exhs. 14, |

| | |
|---|---|
| notices. | 45. |
| 143. Perfect 10's DMCA notices contained a physical or electronic signature of Dr. Zada, a person authorized to act on behalf of Perfect 10, the owner of an exclusive right that is allegedly infringed. | Zada Decl. Exhs. 13, 22, 27, 37, 41, 9. |
| 144. Perfect 10's DMCA notices contained information reasonably sufficient to permit the service provider to contact the complaining party, Dr. Zada of Perfect 10, including an address, telephone number, and an electronic mail address at which the complaining party may be contacted. | Zada Decl. Exhs. 13, 22, 27, 37, 41, 9. |
| 145. Perfect 10's DMCA notices contained a statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law. | Zada Decl. Exhs. 13, 22, 27, 37, 41, 9. |
| 146. Perfect 10's DMCA notices contained a statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. | Zada Decl. Exhs. 13, 22, 27, 37, 41, 9. |
| 147. Perfect 10's January 3, 2005 notice to Google contained references to pages of a particular Volume and Issue of Perfect 10 Magazine in which images of a particular model claimed to be infringed were located. | Zada Decl. ¶24, Exh. 13. |
| 148. Perfect 10's May 31, 2004, June 4, 2004, and July 19, 2004 notices were sent in electronic format. | Zada Decl. ¶26, Exh. 9. |
| 149. Perfect 10 began to send to Google copies of the actual infringing web pages in June of 2007, as part of its notices. These web pages contained both the URL where the infringing image or images were located, as well copies of the actual infringed/infringing images. | Zada Decl. ¶¶39-47; Exhs. 26-34. |
| 150. Perfect 10's June 28, 2007 and July 2, | Zada Decl. ¶¶33-35, 38-58, |

| | |
|---|---|
| 2007 notices contained copies of images alleged to have been infringed. | Exhs. 22-23, 26-43. |
| 151. All of Perfect 10's notices, sent after June 28, 2007, contained copies of images alleged to have been infringed. | Zada Decl. ¶¶33-35, 38-58, Exhs. 22-23, 26-43. |
| 152. Perfect 10's June 28, 2007 notice contained an identification of the copyrighted work claimed to have been infringed. | Zada Decl. ¶¶33-35, 39, Exhs. 22-23, 26. |
| 153. Perfect 10's DMCA notices from June 28, 2007 onward, contained an identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site were covered by a single notification, a representative list of such works at that site. | Zada Decl. ¶¶33-35, 38-58, Exhs. 22-23, 26-43. |
| 154. For virtually all of the URLs provided in Perfect 10's notices, from June 28, 2004 onwards, Perfect 10 provided an identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site were covered by a single notification, a representative list of such works at that site. | Zada Decl. ¶24, Exhs. 13, 9. |
| 155. Google was able to remove or disable access to a search result containing a URL if it was given the URL by itself or the URL along with a copy of the actual web page identified by that URL. | Zada Decl. ¶¶26, 61-63, Exhs. 14, 45-47; Pallas Depo. 145:6-146.10; 148:23-149:7, attached as Exh. G to Mausner Decl. (filed under seal); O'Connor Decl. ¶¶4-6, Exh. 1; Chumura Decl. ¶¶3-5, Exh. 1; Declaration of Sheena Chou ("Chou Decl.") ¶8. |
| 156. Perfect 10's DMCA notices provided sufficient information for Google to remove or disable access to the material that was claimed to be infringing or to be the subject of infringing activity. | Zada Decl. ¶¶26, 61-63, Exhs. 14, 45-47;  Pallas Depo. 145:6-146.10; 148:23-149:7, attached as Exh. G to Mausner Decl. (filed under seal);  O'Connor Decl. ¶¶4-6, Exh. 1;  Chumura Decl. ¶¶3-5, Exh. 1;  Chou Decl. ¶8. |

| | |
|---|---|
| 157. Perfect 10's notices were compliant, since they followed the statutory requirements of the DMCA. | Perfect 10 incorporates the supporting evidence set forth for uncontroverted facts numbered 141-156, above. |
| 158. Google has the same level of control over its index as did Napster. | Deposition of Dr. John Levine, Google's expert witness, 234:4-13, attached as Exh. E to Mausner decl. |
| 159. Google is as responsible for the display of a P10 Image via in-line linking or framing as the website that stores the P10 Image. | Deposition of Dr. John Levine, Google's expert witness, 207:9-23, attached as Exh. E to Mausner decl. |
| 160. Perfect 10 images have been viewed and/or downloaded millions of times from websites to which Google.com links. | Zada Decl. ¶66, Exh. 50. |
| 161. Passwords displayed by Google have been used, whether by Google's users, or by others, to make over 3.0 million unauthorized downloads of images from Perfect 10's website, from October 27, 2007 through January 24, 2009. | Zada Decl. ¶65, Exh. 49. |
| 162. Google users have done searches using Google's search engine to locate unauthorized Perfect 10 passwords, and then used those passwords to gain unauthorized access to Perfect 10's website. | Zada Decl. ¶65, Exh. 49. |
| 163. Society does not benefit when Google assists thieves in selling stolen material, whether it be P10 Images, full-length movies, or songs. | Zada Decl. ¶¶14, 34-36, Exhs. 7, 22-24. |
| 164. Perfect 10's experience with Google is not unique; others who have sent DMCA notices to Google have experienced the same refusal to act. | Declarations of Dean Hoffman and C.J. Newton, filed concurrently; Mausner Decl. Exh. C. |

Conclusions of Law:

1.    Google is contributorily liable for copyright infringement.

2.    Google is directly liable for copyright infringement.

3.    Google is vicariously liable for copyright infringement.

4.    Google is not eligible for safe harbor under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. §512.

Dated: July 5, 2009                    Respectfully submitted,
                                       LAW OFFICES OF JEFFREY N. MAUSNER

                                       By: _*Jeffrey N. Mausner*_____
                                            Jeffrey N. Mausner
                                            Attorneys for Plaintiff Perfect 10, Inc.