Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@MausnerLaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendant.<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br><br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**DECLARATION OF DEAN HOFFMAN**<br><br>**BEFORE JUDGE A. HOWARD MATZ**<br><br>Date: August 17, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

I, Dean Hoffman, declare as follows:

1. I am the owner of D.H. Trading Systems LLC and president of Hoffman Asset Management, Inc. I was formerly the president of Strategic Trading Systems, Inc. ("Strategic Trading"). Strategic Trading was in the business of selling software that assisted in the trading of commodity futures. I submit this declaration in connection with Perfect 10's lawsuit against Google. All of the matters stated herein are of my own personal knowledge, except where otherwise stated, and if called as a witness, I could and would testify competently thereto.

2. The software sold by Strategic Trading was copyrighted. There were websites that copied the software and offered it for download on the Internet, without Strategic Trading's permission. Most of these websites charged for the download, and of course Strategic Trading did not receive any of this money. Google's search engine provided, and still provides, links to the websites offering the infringing downloads of our software.

3. Starting in about 2005, I sent DMCA notice and take-down letters to Google, to get Google to remove the links to these websites offering Strategic Trading's software without permission. I sent approximately ten such notice and take-down letters to Google.

4. At first, for a couple of the notices, it appeared that Google may have taken down some of the offending links. However, Google sent my notice and take-down letters to a website called Chillingeffects.org. Chillingeffects.org published some of my notice and take-down letters on the Internet. Google then included links in its search results to my take-down notices on the Chillingeffects.org website. My take-down notices stated the URLs of the infringing websites, so people could find where they could download the infringing software just as easily through Google

and Chillingeffects.org. I realized that the posting of my take-down notices on Chillingeffects.org could draw as much or more attention to the infringing links than simply having the links on Google's search results. I contacted one of the heads of Chillingeffects.org and told her they were just republishing those infringing links, but she refused to remove my take-down notices.

5. Nevertheless, I continued to send take-down notices to Google, hoping that either Google or Chillingeffects.org would realize what they were doing, and stop publishing my notices. However, it soon became clear to me that Google was not even removing the infringing links I put in my take-down notices. I kept checking back and performing searches on Google to see if they were removing the links I gave notice of, and those links were still in the search results after my notices.

6. When I continued to send notices, Google wrote back to me on a couple of occasions, saying that they wanted the notices in electronic format when I faxed them, or saying they wanted the notices in fax format when I emailed them. I thought Google was just giving me the run-around, but I sent the notices again in whatever format they asked me for. Nevertheless, Google did not remove the infringing links, after the first couple of notices.

7. At that point I gave up, because I realized that Google was not going to remove the infringing links, and any take-down notice would just be re-published by Google on Chilling Effects, so I was just wasting my time. I realized that Google did not want to take down the infringing links. I believe that Google punishes copyright owners for sending take-down notices by republishing the links on Chillingeffects.org, for anyone who would dare to submit a take-down notice to Google. I think Google operates punitively toward copyright owners. They have no intent to

cooperate with copyright owners, because they merely re-publish the infringing links on Chillingeffects.org, even in those few cases where they actually do remove some infringing links.

8. My experience is that Google made some attempt to take down links from the first couple of notices, but sent the notices to Chillingeffects.org to let the copyright owner know that it wasn't going to do them any good to send take-down notices. After the first couple of notices, when I had the nerve to send some more, Google just didn't do anything at all to remove the infringing links.

9. Strategic Trading had to stop offering new software for sale, because we were unable to control infringement on the Internet. In other words, we were driven out of this line of business because of Google's refusal to remove infringing links from its search results and sending my take-down notices to Chillingeffects.org for publication on the Internet.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 29th day of May, 2009 in Mechanicsburg, Pennsylvania.

Dean Hoffman