QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC.'S *EX PARTE* APPLICATION RE: PLAINTIFF PERFECT 10, INC.'S MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION RE: COPYRIGHT INFRINGEMENT AGAINST DEFENDANT GOOGLE INC.; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Rachel Herrick Kassabian filed concurrently herewith]<br><br>Hon. A. Howard Matz<br><br>Date: None Set<br>Time: None Set<br>Crtrm.: 14<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

51320/2997894.2

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rule 7-19, Defendant Google Inc. ("Google") respectfully submits this *ex parte* application seeking guidance from the Court regarding the appropriate response (if any) to Perfect 10, Inc.'s ("Perfect 10") Motion for Summary Judgment and Summary Adjudication re: Copyright Infringement Against Defendant Google Inc., filed yesterday.

Google makes this application on two grounds. First, Perfect 10's motion contravenes Section III.C.5 of the Court's Scheduling and Case Management Order, which precludes the parties from "filing cross-motions for summary judgment on identical issues of law," because it raises issues identical to those presented by Google's previously filed and pending Motions for Summary Judgment Regarding Entitlement to DMCA Safe Harbor. Second, because Google's motions (if successful) would moot Perfect 10's motion (whereas Perfect 10's motion, even if successful, would not moot Google's motions), the interests of judicial economy weigh in favor of hearing Google's motions first. Accordingly, Google requests expedited judicial intervention to set an orderly briefing schedule on these motions.

Pursuant to Local Rule 7-19, Google contacted Jeffrey N. Mausner, Warner Center Towers, 21800 Oxnard Street, Suite 910, Woodland Hills, CA 91367-3640 (Telephone: (310) 617-8100, (818) 992-7500), counsel of record for Perfect 10, regarding the substance of this *ex parte* application telephonically on July 7, 2009. Perfect 10's counsel declined to stipulate to Google's requested relief, necessitating this *ex parte* application. Pursuant to Perfect 10's request, Google has agreed that Perfect 10 may have until Friday, July 10, 2009 to file its opposition to this *ex parte* application.

This application is based on this Application and the accompanying memorandum, the concurrently filed Declaration of Rachel Herrick Kassabian

("Kassabian Decl."), the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

DATED: July 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant Google Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Background

On July 2, 2009, Google filed three motions for summary judgment regarding Google's entitlement to DMCA safe harbor on Perfect 10's copyright infringement claims ("Google's DMCA Motions").[1] Google's pending DMCA Motions, if granted, will resolve the entirety of Perfect 10's copyright infringement claims against Google.

Subsequently, on July 6, 2009, Perfect 10 filed its own Motion for Summary Judgment and Summary Adjudication, arguing that Google is (1) liable for copyright infringement and (2) ineligible for the same DMCA safe harbors that Google's DMCA Motions seek, with respect to twelve images—i.e., approximately 0.04% of the images Perfect 10 claims are at issue in this action ("Perfect 10's DMCA and Liability Motion").

This Court's Scheduling and Case Management Order provides, in relevant part:

> **The parties shall avoid filing cross-motions for summary judgment on identical issues of law, such that the papers would be unnecessarily cumulative.** (*E.g.*, a party's moving and reply papers on its own motion would advance the same arguments as its opposition papers to the other party's cross-motion).

Scheduling and Case Management Order Section III.C.5 (emphasis added). Google now requests the Court's guidance in responding to Perfect 10's DMCA and Liability

---

[1] *See* Google's Motion for Summary Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(b) for its Caching Function (Docket No. 426), Google's Motion for Summary Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(c) for its Blogger Service (Docket No. 427), and Google's Motion for Summary Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(d) for Web and Image Search (Docket No. 428).

Motion.[2]

## Argument

### I. PERFECT 10'S MOTION VIOLATES THE COURT'S STANDING ORDER PROHIBITING DUPLICATIVE DISPOSITIVE MOTIONS.

More than half of Perfect 10's DMCA and Liability Motion is devoted to arguments that Google is ineligible for the very same DMCA safe harbors that Google's previously-filed DMCA Motions seek. Specifically, Perfect 10's DMCA and Liability Motion has an entire section arguing that "Google Does Not Qualify for Safe Harbor" (*see* Perfect 10's DMCA and Liability Motion at 5-6, 20-25), and devotes the bulk of its contributory liability arguments to briefing whether Perfect 10's claimed DMCA notices, and Google's responses thereto, were sufficient (*see id.* at 3-5, 13-20). Plainly, Perfect 10's DMCA and Liability Motion is duplicative of the issues already joined in Google's DMCA Motions. Not only does Perfect 10's Motion thus place extra, unnecessary burdens on this Court and Google, but Perfect 10's actions are an effort to obtain an inappropriate "sur-reply" on these issues in response to Google's replies in support of Google's DMCA Motions.

This is precisely the sort of duplicative briefing that the Court's Scheduling and Case Management Order prohibits. Because the duplicative portions of Perfect 10's DMCA and Liability Motion were improperly filed, Google believes that simply

---

[2] At the August 18, 2008 scheduling conference, the Court also instructed the parties to sequence dispositive motions so that motions with the potential to moot others be heard first. *See* Google's Motion for an Order Setting a Schedule for the Filing of Dispositive Motions (Docket No. 411), at 2. Following these instructions (and because Google's DMCA Motions could potentially moot Perfect 10's planned liability motion), Google met-and-conferred multiple times with Perfect 10 to seek agreement that (1) Google would be the moving party on its affirmative defense of DMCA safe harbor, (2) Perfect 10 would be the moving party on liability, and (3) Google's DMCA Motions would be heard first. *Id.* at 2-4. Perfect 10 refused to stipulate to any of these issues. *Id.* at 4.

responding to Perfect 10's improper filing would only further increase the burden Perfect 10 has imposed on this Court. Accordingly, Google requests that these duplicative portions of Perfect 10's DMCA and Liability Motion be stricken or held in abeyance, and that Google be relieved from any obligation to respond to them.

## II. PERFECT 10'S MOTION IS PREMATURE AND THREATENS TO WASTE JUDICIAL AND PARTY RESOURCES, SINCE GOOGLE'S DMCA MOTIONS MAY RENDER IT MOOT.

As Google explained in its Motion for an Order Setting a Schedule for the Filing of Dispositive Motions (Docket No. 411), currently under submission with this Court, Google's DMCA Motions (if successful) will moot the portions of Perfect 10's Motion devoted to direct and secondary copyright liability issues.[3] By contrast, even if the Court were to grant Perfect 10's Motion as to liability, it would still need to reach the issues briefed in Google's previously-filed DMCA Motions.[4] Moreover, because Perfect 10's Motion is limited to adjudicating the merits of Perfect 10's copyright infringement claims with respect to a mere twelve images (i.e., 0.04% of the images purportedly at issue), the Court would still need to hear and resolve subsequent motions directed to the remaining 99.96% of Perfect 10's copyright claims—as well as all of the pending discovery motions related to those claims.[5]

---

[3] Although Google's prior motion is still pending, Google presents this *ex parte* application now in light of Perfect 10's filing of its Motion yesterday, which Google had not yet seen at the time Google filed its prior motion. The need for guidance on a briefing order and schedule has become more pressing in light of the clear redundancies in Perfect 10's Motion as filed.

[4] Other Courts have recognized this imbalance by hearing DMCA arguments before liability arguments. See, e.g., Hendrickson v. eBay Inc., 165 F. Supp. 2d 1082, 1087-88 (C.D. Cal. 2001) ("Before the Court reaches the merits of that [secondary liability question], the Court must address a preliminary issue: whether the DMCA shields eBay from liability for copyright infringement.").

[5] In addition, Perfect 10's Motion is premature because relevant discovery (including discovery relating to proof of copyright ownership and identification of
(footnote continued)

Accordingly, it would serve the interests of judicial economy for the Court to hear and decide Google's DMCA Motions first, before requiring briefing on and reaching (if necessary) the liability portions of Perfect 10's Motion.

In opposition, Perfect 10 likely will argue that this Court should resolve its Motion first, since its Motion includes both DMCA and liability issues. Perfect 10 misses the point. The DMCA is a complete defense to Perfect 10's copyright infringement claims. If Google prevails under the DMCA (whether under its Motions or under the duplicative portions of Perfect 10's Motion), the Court and the parties will have wasted time and resources on numerous issues that the liability portion of Perfect 10's Motion raises, such as ownership and other prima facie elements of an infringement claim. Having Perfect 10's Motion proceed before or simultaneously with briefing on the DMCA cannot avoid that problem. Furthermore, Google informed Perfect 10 many months ago that Google intended to file a DMCA summary judgment motion. <u>See</u> Motion for an Order Setting a Schedule for the Filing of Dispositive Motions, at 7. Perfect 10 never contested that Google should be the moving party on this affirmative defense. <u>Id.</u> Indeed, as the party asserting (and bearing the burden of proof on) the DMCA affirmative defense, Google should have the right to be the moving party on this important issue. Limiting Google to just a single opposition brief/cross-motion on this critical defense would deny Google the opportunity to fully and fairly defend itself against Perfect 10's copyright claims.

## **Conclusion**

For the above-stated reasons, Google respectfully requests that the Court grant its *ex parte* application to set a briefing schedule whereby (1) Google's DMCA

---

infringements) is still outstanding. Thus, resolution of Perfect 10's Motion will be delayed because Google will have no choice but to respond pursuant to <u>Rule</u> 56(f) as to at least some issues unique to Perfect 10's Motion, thus further proliferating the
 (footnote continued)

Motions are heard and decided first, relieving Google of any obligation to respond to Perfect 10's DMCA and Liability Motion at this time, (2) the portions of Perfect 10's Motion raising DMCA safe harbor issues are stricken as duplicative, (3) if the Court grants Google's DMCA Motions, Google is relieved of any obligation to respond to Perfect 10's DMCA and Liability Motion, and (4) if the Court denies Google's DMCA Motions, a briefing schedule shall be set for the filing of Google's opposition and cross-motion regarding the liability portions of Perfect 10's Motion, and Perfect 10's reply thereto.

DATED: July 7, 2009  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant Google Inc.

---

matters before the Court that may turn out to be unnecessary in the event Google's DMCA Motions are granted.