QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.*<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declaration of Rachel Herrick Kassabian filed concurrently herewith]**<br><br>Hon. A. Howard Matz<br><br>Date: August 17, 2009<br>Time: 10:00 a.m.<br>Crtrm.: 14<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

51320/2938859.4

GOOGLE INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 17, 2009, at 10:00 a.m., in the courtroom of the Honorable A. Howard Matz, located at 312 N. Spring Street, Los Angeles, CA 90012, Courtroom 14, Defendant Google Inc. ("Google") shall and hereby does move this Court for an order granting leave to take additional depositions beyond Rule 30's default limit of ten (10). The ground for this motion is that Perfect 10 has brought wide-ranging claims against Google, including federal claims of copyright and trademark infringement and state law claims of publicity violations, unfair competition, misappropriation, and unjust enrichment. As one example, Perfect 10 is relying on rights purportedly assigned by or otherwise on behalf of nine models[1] in connection with its right of publicity and other claims. Google will need at least 10 depositions regarding Perfect 10's alleged copyrights, trademarks, and other property or assets (among other things). In addition, Google should be permitted to depose these nine models.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Rachel Herrick Kassabian in support thereof, the pleadings and other papers on file in this action, and such additional evidence as may be presented at or before the hearing.

---

[1] More specifically, these models are Amy Weber, Amber Smith, Aria Giovanni, Irina Voronina, Monika Zsibrita, Nataskia Maren, Sasha Brinkova, Shannon Hobbs and Talia Harvalik.

## Statement of Local Rule 7-3 Compliance

Google's counsel and Perfect 10's counsel engaged in a <u>Local</u> <u>Rule</u> 7-3 pre-filing conference regarding Google's request for leave to take additional depositions telephonically on May 22, 2009, and in writing at various times before and thereafter.

DATED: July 27, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Defendant GOOGLE INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The default limit under Fed. R. Civ. P. 30(a)(1) & (2) is ten (10) depositions. Google seeks leave to conduct, beyond the ten provided by Rule 30, the depositions of nine models on whose behalf Perfect 10 seeks to enforce alleged publicity and other rights. Google needs to take these depositions in order to adequately prepare its defenses to Perfect 10's claims.[2]

Google sought to obtain Perfect 10's stipulation to exceed this limit, and had every reason to hope Perfect 10 would accommodate this request (at least in part) given that Perfect 10 is squarely relying on these models and that, indeed, Perfect 10 itself has previously indicated that it may need in excess of ten depositions as well. Perfect 10, however, has refused to stipulate to even one single deposition beyond Rule 30's default limit of ten.

Google respectfully submits that its motion should be granted and that it should be granted leave to take the depositions of the nine models.

---

[2] As the Court is aware, Google's motions for summary judgment re. Google's entitlement to safe harbors under the Digital Millennium Copyright Act are currently pending. If these DMCA Motions are successful, they will resolve the copyright aspects of the case and will accordingly narrow the scope of required discovery. However, because Perfect 10 has also alleged trademark, publicity and other non-copyright claims, Google will need these additional depositions of the models even if the Court grants its pending DMCA Motions. Accordingly, the instant motion is ripe for resolution at this time.

**Argument**

I. **APPLICABLE LEGAL STANDARDS**

Fed. R. Civ. Proc. 30(a)(2)(A)(i) sets the default limit on the number of depositions a party may take at ten. However, "[l]eave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)." Notes of the Advisory Committee (1993) to Fed. R. Civ. Proc. 30. Rule 26(b) allows the court to put limits on discovery in order to "maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery." Rx USA Wholesale, Inc. v. McKesson Corp., 2007 WL 1827335, at *2-3 (E.D.N.Y. June 25, 2007) (quoting Whittingham v. Amherst Coll., 163 F.R.D. 170, 171-72 (D. Mass. 1995)). The limits, however, are not intended to prevent necessary discovery, and courts have "broad[] discretion" to allow additional discovery based on the complexity of the case at hand. See Notes of the Advisory Committee (1993) to Fed. R. Civ. P. 26(b) & 30. Indeed, Rule 30 provides that "the court *must* grant leave [to take additional depositions] to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2) (emphasis added).

Under Rules 30 and 26(b), courts permit additional depositions after considering whether:

> (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has [had] ample opportunity obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues.

Andamiro v. Konami Amusement of Am., 2001 WL 535667, at *2 (C.D. Cal. April 26, 2001) (granting leave to take additional depositions). Courts have found

additional depositions warranted in complex disputes involving large damages claims.  See, e.g., Rx USA, 2007 WL 1827335, at *2-3 (granting leave to take additional depositions because, in part, "[t]his is not a 'simple' breach of contract/specific performance case"); Martinez v. California, 2008 WL 5101359, at *2 (E.D. Cal. Dec. 3, 2008) ("[G]iven the complex nature of Plaintiff's medical condition and the number of individuals involved in his care, leave to go beyond the number of depositions permitted by the rule is warranted.").  See also McPeek v. Ashcroft, 202 F.R.D. 332 (D.D.C. 2001) (referencing prior order granting leave to take additional depositions).

## II. GOOGLE SHOULD BE GRANTED LEAVE

### A. Perfect 10's Claims Are Complex And Have Put The Models At Issue

As the Court has recognized, Perfect 10 has brought varied and far-ranging claims against Google.  Its copyright claims alone include allegations of literally *millions* of direct and secondary infringements.  Perfect 10 asserts copyrights in at least 30,000 distinct images that span over 1,000 separate registrations and/or recordations.  See Kassabian Decl., at Ex. A (Perfect 10, Inc.'s Statement for October 6, 2008 Case Management Conference (Docket. No. 364) at 5:21-22 (claiming 30,000 images are at issue)); id. at Ex. B (Perfect 10's (Proposed) Second Amended Complaint, at Exhibit 7 (Docket No. 303-9) (listing over 1,000 separate alleged registrations and recordations of copyrights).  Some of these copyrights were allegedly works-for-hire for Perfect 10.  Others were acquired by assignment from at least a dozen separate assignors (several of whom are located overseas).  Perfect 10's copyright claims also implicate complicated technical issues in several respects.

Further, Perfect 10 alleges direct and secondary infringement of multiple claimed trademarks, publicity claims brought on behalf of at least nine separate individuals (the "nine models"), and state law claims including unfair competition,

misappropriation, and unjust enrichment. All of these claims will require separate discovery of separate facts.

For example, the publicity claims will require individual investigation for each of the nine models—each of these models is a separate individual with separate alleged publicity rights and a separate (alleged) assignment of those rights to Perfect 10, and any violation of publicity rights of one model is by no means probative of any violation of publicity rights of any other model. The unfair competition claim will require investigation into precisely who Perfect 10 believes is competing unfairly with it, and how. The misappropriation and unjust enrichment claims will require investigation into what property Perfect 10 believes it owns and how that property was harmed (among other things). Perfect 10's trademark claims will require investigation into Perfect 10's purported marks and any efforts they may have made to strengthen or defend those marks (for example, through marketing or litigation). Accordingly, the discovery sought from these nine additional individual models is non-cumulative and necessary for Google's defense against Perfect 10's trademark, publicity, and other state law claims.

Given the breadth and depth of Perfect 10's claims, Google must exceed the ten deposition limit to gather information sufficient to adequately defend itself against them. At a minimum, Google will need to depose the following individuals or entities:

- Perfect 10, Inc. (via Rule 30(b)(6)) and Dr. Norman Zada regarding all issues in the case;
- The employees, contractors, and other personnel named in Perfect 10's Rule 26(a) disclosures (including Sean Chumura, J. Stephen Hicks, Barry Rosen, Jennifer Snow, Rebecca Chaney, Sheena Chou, Wendy Augustine, and Naureen Zaim) regarding the vast majority of issues in the case;

- The major alleged assignors of copyrights to Perfect 10 (including Petter Hegre, Arpad Productions & Co. S.R.L., Alexandria Karlsen, Joanna Krupa, and Marketa Belonoha) regarding the validity and enforceability of Perfect 10's alleged copyrights, and their chain of title;
- Alleged cell phone download partners (including FoneStarz Media Ltd., Waat Media, and 3GMuse Ltd.) regarding Perfect 10's alleged business of cell phone downloads;
- Perfect 10's accountant (Bruce Hersh) regarding Perfect 10's financial condition and its claims of actual damages; and
- The "nine models" on whose behalf Perfect 10 seeks to enforce alleged publicity rights, namely, Amy Weber, Amber Smith, Aria Giovanni, Irina Voronina, Monika Zsibrita, Nataskia Maren, Sasha Brinkova, Shannon Hobbs, and Talia Harvalik. See Kassabian Decl., at Ex. C (Perfect 10, Inc.'s (Proposed) Second Amended Complaint, at Exhibit 8 (Docket No. 303-10)).

See Kassabian Decl., at Ex. D (Letter from R. Kassabian to J. Mausner dated May 1, 2009); id at Ex. E (Email from J. Mausner to R. Kassabian, dated May 18, 2009). Even this limited list contains 28 separate individuals or entities, each of which is likely to have particular relevant information which the others do not.

### B. Depositions Of The Models Are Warranted

When a deponent possesses unique information, courts generally grant leave for additional depositions because they do not undermine the key purpose of the limits – preventing duplicative discovery. See, e.g., Bromgard v. Montana, 2007 WL 1101179, at *1-2 (D. Mont. April 11, 2007) (granting leave for additional depositions in part because each proposed deponent "has information or opinions bearing in a unique way on some issue or issues involved in the case"). Perfect 10 does not contest that the proposed deponents (including the models) are likely to

possess significant information relevant to the claims and defenses in this case. Nor has Perfect 10 claimed that they possess entirely duplicative or overlapping information. Indeed, it is exceedingly unlikely that, for example, Waat Media (a third-party licensor) has information that is duplicative of Bruce Hersh (Perfect 10's accountant) or that the models will have information that is duplicative of Perfect 10 or its licensors.[3]

Depositions of the nine models are particularly warranted because each model has information unique to herself and crucial to the alleged publicity rights Perfect 10 purports to assert on each of their behalf. Although none of the nine models is a party to this case, Perfect 10 relies on their alleged publicity rights, claiming that each assigned exclusive rights to Perfect 10 for this purpose. Google is entitled to question each model regarding all the circumstances of the purported assignment, including the business (or other) context, any representations made, the scope and meaning of the agreements, the understanding and intent of the models in entering into any such arrangement, any amendments to the agreements and the communications and course of dealings between the models and Perfect 10. And furthermore, although Perfect 10 alleges in its (Proposed) Second Amended Complaint that it is the "exclusive assignee of publicity rights" for certain models, several of the models are public figures and appear to engage in promotional activities that belie Perfect 10's allegations of exclusivity (including, for example, on the websites http://www.amyweber.net/ and http://www.ambersmith.com/).

---

[3] Yet, in the course of Google's meet-and-confer efforts, Perfect 10 has refused to stipulate that Google may take even one deposition more than <u>Rule</u> 30's default number of ten. Kassabian Decl. ¶¶ 6-8. As a basis for this refusal, Perfect 10 has argued that the Court has somehow ordered that discovery in this case be "circumscribed." Kassabian Decl., at Ex. E (Email from J. Mausner to R. Kassabian, dated May 18, 2009). Google is unaware of any such order, nor has Perfect 10 yet identified one.

1 Accordingly, Google is entitled to examine the models to determine whether they have entered into other (conflicting) assignments of publicity rights with other entities or otherwise been engaging in publicity that would refute Perfect 10's exclusivity, and to ascertain which uses of their name and likeness are with their consent (or are otherwise unobjectionable to each of them) and which are not. Only the models are likely to have complete information on these subjects. Indeed, without a full understanding of all these circumstances, Google cannot properly evaluate whether the uses that Perfect 10 claims are unlawful were in fact done with permission of the models and whether Perfect 10 even has standing to assert these publicity rights in this case. See, e.g., Upper Deck Authenticated, Ltd. v. CPG Direct, 971 F. Supp. 1337, 1349 (S.D. Cal. 1997) ("Even if the right to publicity could be assigned under California law, it is unlikely that a non-exclusive licensee could assert it.").

Depending on the manner in which these depositions are conducted, and depending on future progress of this case (which Google cannot reasonably predict at this time), Google reserves the right to seek leave to take depositions beyond the additional nine it currently seeks. See, e.g., General Elec. Co. v. Indemnity Ins. Co. of North America, 2006 WL 1525970, at * 2 (D. Conn. 2006) (granting leave to take additional depositions and also noting that the "ruling does not prohibit either party from moving to expand the number of depositions at a future point in this litigation"); Rx USA, 2007 WL 1827335, at *6 (same). However, in order to limit motion practice to only the most current, pressing and necessary issues, Google's present request is limited to those additional nine depositions of the models since those depositions are and will remain unquestionably necessary.

## Conclusion

For the foregoing reasons, Google respectfully requests that the Court grant Google leave to take nine depositions in addition to the ten provided by Rule 30—

one additional deposition for each of the "nine models" on whose behalf Perfect 10 asserts violations of alleged publicity rights.

DATED: July 27, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Defendant GOOGLE INC.