Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a corporation,<br><br>Defendant.<br>_____<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br><br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**BEFORE JUDGE A. HOWARD MATZ**<br><br>**PERFECT 10'S OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**<br><br>Date:  August 17, 2009<br>Time:  10:00 a.m.<br>Place:  Courtroom 14, Courtroom of the Honorable A. Howard Matz<br><br>Discovery Cut-Off Date:  None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

Perfect 10's Opposition to Google's Motion for Leave to Take Additional Depositions

## I. INTRODUCTION

This Court should deny Google's motion for leave to take the depositions of nine Perfect 10 models (all non-parties). Google's request contravenes this Court's directive to the parties to engage in focused discovery and is extremely premature. Instead of pursuing discovery directed at copyright issues, Google wants to take an unnecessary and expensive detour and litigate marginally relevant issues regarding right of publicity violations.

Google's sidetracking is underscored by the fact that Google has three pending summary judgment motions (Perfect 10's oppositions are due one week after its opposition to this motion is due). In addition, two fully briefed summary judgment motions in the Amazon litigation are pending. The depositions Google seeks leave to take have nothing to do with any of the issues in any of the summary judgment motions.

As background, in May 2009, Google had not taken any depositions, but Google nonetheless asked Perfect 10 to stipulate that Google could take ***45 depositions***. (Exhibit D to Declaration of Rachel Herrick Kassabian ("Kassabian Decl.")) Perfect 10 informed Google that the request for additional depositions did not comport with the circumscribed discovery envisioned by the Court, with the objective of preparing the cases for summary judgment and settlement talks. (May 18, 2009 email from Jeff Mausner to Rachel Herrick, Exh. E to Kassabian Declaration, pages 34-35.)

## II. GOOGLE'S MOTION IS PREMATURE

There is no discovery cut-off date or trial date, and Google has only taken one third-party deposition. It is unreasonable and unnecessary for Google to bring the present motion before at least 7 or 8 depositions have been taken and this Court and the parties can evaluate whether it is necessary to allow more than 10 depositions, nine of them of Perfect 10 models. Google's request is also premature because it has not taken the deposition of any model and, therefore, no one can

evaluate if these depositions are necessary at all.

Currently there are six summary judgment motions pending before this Court in the consolidated cases; Google filed three of them, and they all focus on copyright issues. The rulings on these motions will determine how settlement negotiations and discovery should proceed, and litigating publicity violations is not the direction at this time.

## III. GOOGLE'S MOTION CONTRAVENES THIS COURT'S DIRECTIVE THAT THE PARTIES SHOULD ENGAGE IN CIRCUMSCRIBED DISCOVERY

This Court, in its Order of September 25, 2008, stated: "The parties in all these cases somehow have succumbed to the all-too-frequent tendency of litigants and lawyers to get sidetracked," and further stated that "[f]or the Court to manage these cases in a standard fashion…would not advance the goal of enabling the parties either to ready these cases for Rule 56 determinations or for meaningful settlement talks." (Civil Minutes dated September 25, 2008, pages 1-2, Docket No. 363.) Google's current sidetrack exemplifies what happens when a litigant attempts to use to its advantage unlimited resources. This Court instructed the parties to focus on the copyright issues and not on the issues for which Google seeks to take extra depositions. "In this discovery phase, the focus should be on developing information that enables the parties to assess their positions as to the secondary copyright liability claims that the Ninth Circuit addressed in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169-76 (9th Cir. 2007)." *Id,* page 3, ¶2.

## IV. THE REQUESTED DEPOSITIONS ARE OF THIRD PARTY WITNESSES

The Court should also consider that the requested additional 9 depositions are of third-party witnesses. Attorneys issuing deposition subpoenas "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ.Pro. 45 (c)(1). Moreover, courts in this circuit have

Perfect 10's Opposition to Google's Motion for Leave to Take Additional Depositions

found that "'[t]here appear to be quite strong considerations indicating that ... discovery would be more limited to protect third parties from harassment, inconvenience … .'" *Dart Industries Co., Inc., v. Westwood Chemical Co., Inc.,* 649 F. 2d 646, 649 (9th Cir., 1980), *citing Collins and Aikman Corp., v. J.P. Stevens & Co., Inc.,* 51 F.R.D. 219, 221 (D.S.C 1971).

**V. CONCLUSION**

For the foregoing reasons, this Court should deny Google's Motion at this time.

Dated: August 3, 2009          Respectfully submitted,

Law Offices of Jeffrey N. Mausner

By: _____*Jeffrey N. Mausner*_____
    Jeffrey N. Mausner
    Attorney for Plaintiff Perfect 10, Inc.