QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.*<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**<br><br>Hon. A. Howard Matz<br><br>Date: August 17, 2009<br>Time: 10:00 a.m.<br>Crtrm.: 14<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

## Preliminary Statement

Perfect 10's case against Google is exceptionally broad and complex, and includes claims of direct and secondary copyright infringement, direct and secondary trademark infringement, trademark dilution, publicity violations, unfair competition, unjust enrichment, and misappropriation. Preparing a defense against these divergent claims requires depositions of more than ten entities and individuals, including Perfect 10 itself pursuant to Rule 30(b)(6), Dr. Norman Zada, Perfect 10 employees, purported "experts," assignors and licensors of Perfect 10's alleged copyrights and key service providers to Perfect 10 (such as its accountant, Bruce Hersh). Additionally, since Perfect 10 purports to assert the publicity rights of nine individuals against Google (the "nine models"), Google must depose those nine individuals. Despite the clear and obvious complexity of its case, Perfect 10 continues to refuse to stipulate that Google may take even one deposition more than the ten automatically allowed by Rule 30.

Perfect 10's opposition to the present motion—spanning just over two pages—is more notable for what it does not contain than for what it does contain. Perfect 10 argues variously that Google's motion is "premature," that Google should only be permitted to take discovery regarding copyright issues, and that the Court should "consider" the fact that Perfect 10 did not join the "nine models" as formal parties to this case. However, in so arguing, Perfect 10 does not contest that its claims are unusually broad and complex, or that the individuals and entities identified in Google's motion possess unique and relevant information.[1] Perfect 10

---

[1] Indeed, Perfect 10 has never claimed that *any* of the 45 depositions Google identified as necessary in meet-and-confer discussions is irrelevant. Instead, Perfect 10 refused to stipulate to even one additional deposition beyond the ten presumptively allowed by Rule 30. See Declaration of Rachel Herrick Kassabian in Support of Google Inc.'s Motion for Leave to Take Additional Depositions (Docket No. 471-2), at ¶ 8 & Ex. E.

1 makes no indication that it intends to dismiss its publicity claims (or its trademark or
2 other state and common law claims), and identifies no court order limiting discovery
3 to pending motions or copyright issues. Indeed, Perfect 10's opposition does not
4 seriously dispute the central premise of Google's motion for leave—namely, that
5 Google should be granted leave to take the depositions beyond Rule 30's
6 presumptive deposition limit in order to adequately prepare its defense to all aspects
7 of Perfect 10's case as Perfect 10 filed it. Google's motion should be granted.

## Argument

### I. GOOGLE'S MOTION FOR LEAVE IS TIMELY.

Perfect 10 first argues that Google should not bring this motion before it has taken "at least 7 or 8 depositions"—including at least one Perfect 10 model—to determine whether additional depositions are "necessary." This is untenable, because Google cannot decide who it will depose without knowing how many depositions it will be permitted to take. Nor does Perfect 10 offer any precedent to support such a rule, and Google has not found authority holding that Rule 30 requires "exhaustion" of the deposition limit before seeking leave for more than ten. See Andamiro U.S.A. v. Konami Amusement of America, Inc., 2001 WL 535667, at *2-3 (C.D. Cal. April 26, 2001) (granting leave to take a total of fourteen depositions when moving party had taken only six half-day depositions). See also General Elec. Co. v. Indemnity Ins. Co. of North America, 2006 WL 1525970, at *2 (D. Conn. May 25, 2006) (permitting 15 depositions per the parties agreement before discovery commenced).

Perfect 10 also suggests that discovery should somehow be limited to copyright issues, and that "litigating publicity violations is not the direction at this time." Opposition at 2:5-6. If Perfect 10 had limited its case against Google to copyright claims (as it did in its cases against Amazon.com, Alexa Internet, and A9.com), or if Perfect 10 were willing to abandon its non-copyright claims against Google now, there might be some basis for such a limitation. But Perfect 10

continues to assert federal trademark infringement and dilution claims and state and common law claims of publicity violations, unfair competition, unjust enrichment, and misappropriation against Google. Unless and until Perfect 10 withdraws those claims, Google is entitled to seek discovery on them.

Similarly, Perfect 10 appears to suggest that the Court should not rule on Google's motion before it resolves the pending summary judgment motions on copyright issues, because that resolution "will determine how settlement negotiations and discovery should proceed." Opposition at 2:4-5. This is unavailing. Granting Google's summary judgment motions certainly would resolve the copyright aspects of this case, but it would not resolve the non-copyright aspects, including most notably the publicity claims brought on behalf of the "nine models" whom Google is seeking leave to depose. Moreover, Perfect 10's "settlement negotiations" argument is speculative and unsupported. Google has every right to take the discovery necessary to bring dispositive motions against Perfect 10's publicity claims, and Perfect 10 cannot unilaterally require Google to take discovery on only one issue at a time or unilaterally refuse discovery based on its dictates about how settlement efforts should proceed. To the contrary, the Federal Rules are clear that Google may take such discovery it is entitled to in any sequence it believes appropriate, regardless of other discovery issues. Fed. R. Civ. P. 26(d)(2) ("methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery"); Struthers Scientific & International Corp. v. General Foods Corp., 290 F. Supp. 122, 128 (S.D. Tex. 1968) ("the failure to answer plaintiff's interrogatories provides no grounds for vacating or staying defendant's notice of taking of depositions").

## II. THE COURT HAS NOT ORDERED THAT DISCOVERY BE "CIRCUMSCRIBED".

Perfect 10 objects to the additional depositions because it believes the Court has given the parties a "directive" to engage in "circumscribed" and "focused"

discovery—apparently on copyright issues only.  *See* Opposition at 1:4 and 1:18.
As the Court is aware, there is no such order in place, nor does Perfect 10 identify
one.  The only order that Perfect 10 cites is the Court's Civil Minutes dated
September 25, 2008, which Perfect 10 claims "instructed the parties to focus on …
copyright issues."  Opposition at 2:17-18.  Specifically, Perfect 10 quotes a passage
providing that "[i]n this discovery phase, the focus should be on developing
information that enables the parties to assess their positions as to the secondary
copyright infringement claims …."  Opposition at 2:18-22.  But the language Perfect
10 quotes is clearly and unambiguously ***not*** an instruction or directive—rather, it
was one of the "preliminary or tentative findings and proposals" that the Court
"invite[d] counsel to address" at the October 6, 2008 status conference.  September
25, 2008 Order, at 2 (Docket No. 363).  There simply is no such "directive" in place.
To the contrary, as the Court has recognized, Perfect 10 (not Google) determined the
scope of discovery in this case with its own massive claims.  It cannot avoid the
burdens of the case it has brought and deny Google the right to defend against it
simply because it would be more convenient for Perfect 10.

### III. PERFECT 10'S DECISION NOT TO JOIN THE MODELS AS FORMAL PARTIES DOES NOT PRECLUDE THEIR DEPOSITIONS.

Lastly, Perfect 10 makes the cryptic claim that the Court should "consider"
that the "nine models" are "third-party witnesses" (apparently suggesting that the
models should not be deposed because they are not named plaintiffs in this case).
Although Perfect 10 chose not to join the "nine models" as formal parties in this
case—a decision on which Google currently takes no position—Perfect 10 has
directly involved each of those nine individuals in this case in several ways.  This
includes by (1) purporting to assert their publicity rights against Google, (2)
identifying certain of them in its Rule 26(a) disclosures (while improperly failing to

include them all), and (3) using their testimony in alleged support of its claims.[2] Each of the nine models has unique and unquestionably relevant information regarding Perfect 10's claims against Google. Each properly should be deposed.

Nor does any of the authority Perfect 10 cites hold otherwise. Perfect 10 cites Rule 45's instruction that an issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(c)(1). But that instruction says nothing about whether a deposition of a third party is proper, let alone whether leave for additional depositions should be granted under Rule 30. The "nine models" have information that is unique and unquestionably relevant to the publicity claims Perfect 10 asserts on their behalf and are, therefore properly subject to subpoenas under Rule 45. Nor does Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646 (9th Cir. 1980), the only case Perfect 10 cites, offer Perfect 10 any support. The "crucial issue" in that case was the interpretation of a litigation release agreement; the trial court found that the agreement precluded all discovery against the complaining party, and the appellate court found it did not abuse its discretion in so finding. Id. at 648. Obviously, there is no such agreement at issue in this case.

## Conclusion

Google respectfully requests that the Court grant Google leave to take the depositions of the nine models on whose behalf Perfect 10 asserts publicity rights in addition to the ten provided by Rule 30.

///
///
///

---

[2] See the Declaration of Irina Voronina in support of Perfect 10's Motion for Leave to File a Second Amended Complaint (Docket No. 314).

| | |
|---|---|
| DATED: August 10, 2009 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br><br>By /s/ Michael T. Zeller<br>Michael T. Zeller<br>Attorneys for Defendant GOOGLE INC. |