QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Rachel Herrick Kassabian (Bar No. 191060)
rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

*Plaintiff,*

vs.

GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,

*Defendants.*

---

AND COUNTERCLAIM

---

PERFECT 10, INC., a California corporation,

*Plaintiff,*

vs.

AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,

*Defendants.*

CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

**DISCOVERY MATTER**

**GOOGLE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PERFECT 10, INC. TO AFFIX CONTROL NUMBERS TO ITS DOCUMENT PRODUCTION**

**[Second Supplemental Declaration of Rachel Herrick Kassabian filed concurrently herewith]**

Hon. Stephen J. Hillman

Date: None [Currently under submission]
Time: None
Crtrm.: 550

Discovery Cutoff: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

## I. **PRELIMINARY STATEMENT**

In response to the Court's request at the September 22, 2009 hearing, defendant Google Inc. ("Google") respectfully submits this Supplemental Memorandum regarding the feasibility and minimal cost for plaintiff Perfect 10, Inc. ("P10") to affix control numbers to its electronic document production.

P10 cannot rely on any documents at trial or on summary judgment that P10 has not produced in discovery. Fed. R. Civ. P. 37(c)(1). Control-numbering document productions is a common method employed by litigants to demonstrate which documents have been produced, and when. As explained in the Supplemental Declaration of Rachel Herrick Kassabian filed September 21, 2009 ("Supp. Kassabian Dec.") and at the September 22, 2009 hearing, P10's preferred software, Adobe Acrobat Professional, has a "Bates numbering" feature that presents a low-cost option which would allow P10 to easily and automatically affix sequential control numbers to its electronic document production, while preserving the document data and file structure associated with its productions. P10 has offered no reason why it is unable to use Adobe Acrobat Professional in this fashion, and its objection that "bates-stamping is impermissibly expensive" fails in the face of Google's showing.

Nevertheless, if the Court is not inclined to order P10 to affix control numbers to its document production regardless of how inexpensive the process might be, Google respectfully requests that P10 be ordered to submit a declaration identifying the file path and production date for any non-control-numbered documents P10 proffers in any court proceeding (including motions, depositions, hearings, or trial).

If that alternative too is unacceptable to the Court, then Google withdraws its Motion to Compel P10 to Affix Control Numbers to Its Document Production, without prejudice to (1) renewing the Motion with the District Judge prior to trial

and (2) Google's ability to contest the admissibility of any evidence offered by P10 on this basis and others.

## II. P10 CAN AFFIX CONTROL NUMBERS TO ITS DOCUMENT PRODUCTION USING ADOBE ACROBAT PROFESSIONAL.

In researching the Court's question regarding the cost associated with applying control numbers to P10's document production, counsel for Google discovered that Adobe Acrobat Professional (version 8.0 or later) includes a "Bates numbering" feature that automatically affixes sequential control numbers to every page of a collection of electronic documents. This automated feature is compatible with the Adobe PDF documents that make up the majority of P10's production, and will also automatically Bates-number image files, text files, Microsoft Office documents, web pages, HTML files, Tiff files, and XPS documents. *See* Supp. Kassabian Dec. ¶ 4 (Docket No. 540). Thus, the vast majority of the documents in P10's electronic production are capable of being sequentially numbered for free using Acrobat Professional. *Id*.

Pursuant to the Court's comments at the September 22, 2009 hearing, Google has used this feature to bates-stamp a sample portion of P10's electronic production – specifically, the disk P10 produced on August 12, 2009 (consisting of approximately 700 PDF and raw image files comprising approximately 720 MB of data). Selecting an entire document production for Bates-numbering may be accomplished by opening Acrobat Professional's Bates numbering feature, choosing "Add Folders" from the "Add Files" menu that appears, and selecting the drive, disk or group of folders to be Bates-numbered. All of the files within the folders and sub-folders of the location selected will be automatically Bates-numbered with Acrobat Processional. The one-click process of selecting all of the documents in P10's August 12, 2009 document production for automatic Bates-numbering is shown below.




Once the files to be Bates-numbered have been selected, configuring Adobe Acrobat Professional to affix sequential control numbers to electronic documents can be done quickly (about 10 minutes in our example). Acrobat Professional allows the user to specify the location and format of the control numbers added to the selected documents in one window, and even provides a preview of how the format chosen will appear on documents selected. The program also allows the user to place confidentiality stamps or other information on all the documents selected. The Bates-numbering format and options screen is shown below:




The Bates numbering feature in Acrobat Professional maintains the original folder structure of the electronic documents selected for Bates-numbering. All of the documents selected are automatically Bates-numbered in the manner in which they were originally arranged, and all non-PDF documents selected are automatically converted to Adobe PDF format for numbering. The computer processing time required for the automatic conversion and Bates-numbering after Adobe Acrobat has been configured will vary with the size and number of documents selected and the speed of the computer being used. With respect to the

August 12, 2009 document production that Google converted, it took approximately 45 minutes for the computer to complete the bates numbering. The control numbers were placed in the bottom right-hand corner of each document, an excerpt of which is shown below.




A disk containing a copy of P10's entire August 12, 2009 production with the Bates numbers automatically added to each page is attached as Exhibit 1 to the Second Supplemental Declaration of Rachel Herrick Kassabian filed concurrently herewith ("Second Supp. Kassabian Dec.").[1]

## III. <u>ALTERNATIVELY, P10 SHOULD BE REQUIRED TO SUBMIT A DECLARATION IDENTIFYING THE FILE PATH AND PRODUCTION DATE FOR ANY DOCUMENTS IT USES IN ANY COURT PROCEEDINGS.</u>

Alternatively, if the Court is not inclined to order P10 to Bates-number its document production, Google requests that the Court order P10 to submit a declaration identifying the file path and production date for any non-Bates-

---

[1] Because P10 produced its August 12, 2009 document production in a non-text-searchable format, the Bates-numbered versions of those documents in Exhibit 1 likewise are not text-searchable. Additionally, because some of the raw image files in P10's August 12, 2009 production were much larger than a standard 8.5 by 11 inch page, the Bates numbers applied to those image files appear very small in relation to the image; however, all of the Bates numbers are legible, appear on each page when printed, and are sequentially numbered within each document.

numbered documents Perfect 10 offers as evidence in any court proceeding (including motions, depositions, hearings, or at trial). In the case of depositions, Perfect 10 should be ordered to serve such a declaration no later than five business days before the scheduled deposition date, so that Defendants may verify, prior to the deposition, that the documents in question were in fact produced.

## IV. IF THE COURT IS NOT INCLINED TO ORDER P10 TO BATES STAMP ITS ELECTRONIC DOCUMENT PRODUCTION, GOOGLE RESPECTFULLY WITHDRAWS ITS MOTION WITHOUT PREJUDICE.

It is each party's burden to produce its own documents in the proper format. There is no basis to order a defendant to undertake the plaintiff's legal work for it, let alone require a defendant to incur legal fees and other costs to do so. This is particularly true here, given that P10's claims of poverty are evidently incorrect in light of Mr. Zada's claims that he is worth $100 million, the P10 mansion in Beverly Hills is worth $29 million, and P10 staffers each are paid $100,000 a year in compensation.[2] Should the Court not be inclined to order P10 to affix control numbers to its document production, Google respectfully withdraws its Motion to Compel P10 to Affix Control Numbers to Its Document Production, without prejudice to renewing the Motion with the District Court prior to trial, and without prejudice to Google's ability to contest the admissibility of any evidence offered by P10 under Rule 37(c)(1) or on any other basis.[3]

---

[2] Second Supp. Kassabian Dec., Ex. 2.

[3] Regardless of how quick or inexpensive the Acrobat Professional Bates numbering process is, Google objects to doing P10's legal work for it, for a host of reasons. First as a matter of basic fairness, Google should not be punished for its efforts here. Google located this inexpensive option for P10 to complete the Bates numbering process in response to (1) P10's objections regarding expense, and (2) the Court's comments at the September 14, 2009 telephonic hearing. It simply cannot

(footnote continued)

DATED: September 29, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By *Rachel Herrick Kassabian*
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.

---

be that if Bates numbering is expensive, then P10 need not do it, and if Bates numbering is inexpensive, then P10 ***still*** need not do it. If the Court believes that P10 is not obliged to Bates stamp its production, then Google will accept that ruling – but Google should ***not*** be penalized for bringing this deficiency to the Court's attention by being ordered to do P10's litigation work for it. If P10 refuses to Bates stamp its production, then it should bear the consequences for that position, including exclusion at trial or on motion practice if Judge Matz believes it is appropriate. Second, requiring Google to process and re-produce P10's documents back to P10 invites a host of side-issues and disputes that likely will implicate (and threaten to invade) attorney work product and attorney client communications. For example, were P10 to claim that some documents were missing from the bates–stamped versions, or appeared altered, Google would be forced to defend itself through testimony of its counsel regarding work done in connection with this lawsuit. This in turn would lead to a multiplicity of discovery disputes requiring Court intervention.