1

2                    UNITED STATES DISTRICT COURT

3                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION

4

5
PERFECT 10, INC.,              )
6                              )
         PLAINTIFF,            )
7                              )
         VS.                   )   CASE NO. CV 04-9484-AHM(SHX)
8                              )
                               )
9   GOOGLE, INC.,              )   LOS ANGELES, CALIFORNIA
                               )   SEPTEMBER 4, 2009
10                             )   (3:15 P.M. TO 4:00 P.M.)
         DEFENDANT.            )
11  _____)

12                      TELEPHONIC CONFERENCE

13          BEFORE THE HONORABLE STEPHEN J. HILLMAN
                UNITED STATES MAGISTRATE JUDGE

14

15

16

17  APPEARANCES:          SEE NEXT PAGE

18  COURT REPORTER:       RECORDED

19  COURTROOM DEPUTY:     SANDRA L. BUTLER

20  TRANSCRIBER:          DOROTHY BABYKIN
                          COURTHOUSE SERVICES
21                        1218 VALEBROOK PLACE
                          GLENDORA, CALIFORNIA  91740
22                        (626) 963-0566

23

24

25  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
    TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

```
 1    APPEARANCES:  (CONTINUED)
      FOR THE PLAINTIFF:        LAW OFFICES OF JEFFREY N. MAUSNER
 2                              BY:  JEFFREY N. MAUSNER
                                     VALERIE KINCAID
 3                                   ATTORNEYS AT LAW
                                21800 OXNARD STREET
 4                              SUITE 910
                                WOODLAND HILLS, CALIFORNIA  91367
 5

 6    FOR THE DEFENDANT:        QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES
 7                              BY:  MICHAEL T. ZELLER
                                     ATTORNEY AT LAW
 8                              865 SOUTH FIGUEROA STREET
                                10TH FLOOR
 9                              LOS ANGELES, CALIFORNIA  90017

10                              QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES
11                              BY:  RACHEL M. HERRICK KASSABIAN
                                     ATTORNEY AT LAW
12                              555 TWIN DOLPHIN
                                SUITE 560
13                              REDWOOD SHORES, CALIFORNIA  04065

14                              TOWNSEND TOWNSEND & CREW
                                BY:  TIMOTHY CAHN
15                                   ATTORNEY AT LAW
                                TWO EMBARCADERO CENTER
16                              8TH FLOOR
                                SAN FRANCISCO, CALIFORNIA  94111
17
      ALSO PRESENT:             DR. NORMAN ZADA
18                              PRESIDENT, PERFECT 10

19

20

21

22

23

24

25
```

1                          I N D E X
    CASE NO. CV 04-9484-AHM(SHX)              SEPTEMBER 4, 2009
2
    PROCEEDINGS:   TELEPHONIC CONFERENCE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          LOS ANGELES, CALIFORNIA; FRIDAY, SEPTEMBER 4, 2009

2          THE CLERK:  TELEPHONIC CONFERENCE IN THE CHAMBERS

3  OF MAGISTRATE JUDGE STEPHEN J. HILLMAN REGARDING CASE NUMBER

4  CV 04-9484-AHM(SH).  THE TITLE OF THE CASE IS PERFECT 10

5  VERSUS GOOGLE.

6          COUNSEL, PLEASE ENTER YOUR APPEARANCE.

7          THE COURT:  JUDGE HILLMAN AT LAST.

8          HI, EVERYONE.

9          OKAY.  WHY DON'T EVERYONE MAKE THEIR APPEARANCES.

10  I AM RECORDING THIS.

11          MR. MAUSNER:  THIS IS JEFF MAUSNER FOR PERFECT 10.

12  ALSO ON THE LINE FOR PERFECT 10 ARE VALERIE KINCAID AND DR.

13  ZADA.

14          THE COURT:  WE CAN BARELY HEAR YOU, BUT --

15          MR. MAUSNER:  OKAY.

16          THE COURT:  I KNOW WHO YOU ARE, BUT YOU'RE GOING TO

17  HAVE TO SPEAK UP.

18          MR. MAUSNER:  OKAY.  THIS IS JEFF MAUSNER --

19          THE COURT:  OKAY.  GREAT, GREAT.

20          MR. MAUSNER:  -- FOR PERFECT 10.

21          IS THAT BETTER?

22          THE COURT:  MUCH BETTER.

23          MR. MAUSNER:  OKAY.  ALSO ON THE LINE ARE VALERIE

24  KINCAID AND DR. ZADA.

25          THE COURT:  THANK YOU.

1          MR. ZELLER:  AND GOOD AFTERNOON.  FOR GOOGLE YOU

2    HAVE MIKE ZELLER.

3          THE COURT:  THANK YOU.

4          MS. HERRICK:  AND RACHEL HERRICK KASSABIAN ON

5    BEHALF OF GOOGLE AS WELL.

6          MR. CAHN:  GOOD AFTERNOON, JUDGE HILLMAN.  THIS IS

7    TIM CAHN FOR AMAZON.COM, ALEXA, AND A9.COM.

8          THE COURT:  OKAY.  LET ME TAKE UP BRIEFLY AMAZON --

9    AMAZON'S REQUEST TO ADD ON THEIR MOTION FOR THE HEARING DATE

10   OF THE 22ND.

11         I JUST RECEIVED THAT REQUEST, THE EX PARTE REQUEST

12   ABOUT 15 MINUTES AGO, AND I SEE THAT PERFECT 10 WILL OPPOSE

13   IT.

14         AND I WOULD SUGGEST THAT -- WELL, LET ME SAY

15   WITHOUT EVEN CONSIDERING IT, THAT IT SEEMS TO ME THAT IT

16   WOULD MAKE SENSE TO HAVE EVERYTHING HEARD AT THE SAME TIME

17   AND ARGUED AT THE SAME TIME.  BUT IF PERFECT 10 WANTS TO FILE

18   AN OPPOSITION TO THAT, I'LL GIVE THEM UNTIL NEXT -- HOW ABOUT

19   WEDNESDAY, THE 9TH?

20         MR. MAUSNER:  ACTUALLY, YOUR HONOR, MAYBE WE CAN

21   DISCUSS IT NOW.  YOU KNOW, IF WHAT THEY'RE PROPOSING IS THAT

22   THEY JUST, YOU KNOW, CAN SAY THAT THEY AGREE WITH GOOGLE'S

23   MOTION AND HELP GOOGLE ARGUE IT, WE WOULDN'T OPPOSE THAT.

24         BUT IF WHAT THEY'RE TRYING TO DO IS GET A MOTION

25   REGARDING THEIR DISCOVERY ON CALENDAR BY THE 22ND, YOU KNOW,

1    WE HAVEN'T MET AND CONFERRED ABOUT IT.

2         THE COURT:  WAIT, NO.  IT'S THE MOTION THAT'S BEEN

3    PENDING FOR --

4         MR. MAUSNER:  NO, NO.  THEY'RE TALKING ABOUT --

5    IT'S NOT ACTUALLY.  THEY'RE --

6         THE COURT:  OKAY.  WAIT A SECOND.

7         MR. CAHN:  CAN I INTERRUPT FOR A SECOND.  MAYBE I

8    CAN CLARIFY SOMETHING.

9         MR. MAUSNER:  OKAY.  GO AHEAD.

10        MR. CAHN:  THERE ARE TWO REQUESTS, YOUR HONOR.

11        THE COURT:  YES.

12        MR. CAHN:  THERE IS A MOTION FILED BY A-9.COM --

13        THE COURT:  RIGHT.

14        MR. CAHN: -- THAT COVERS A LOT -- SOME OF THE SAME

15   GROUNDS THE GOOGLE MOTION COVERS.

16        THE COURT:  JUNE OF '08.

17        MR. CAHN:  YES, EXACTLY.

18        THE COURT:  OKAY.

19        MR. CAHN:  AND IT'S THAT MOTION THAT WE WOULD LIKE

20   TO HAVE HEARD.

21        IN ADDITION, THERE ARE -- THERE ARE PENDING

22   DISCOVERY DISPUTES THAT TRACK ISSUES THAT ARE ALREADY PENDING

23   BEFORE THE COURT ON GOOGLE'S MOTION TO COMPEL AND A9'S MOTION

24   TO COMPEL.  FOR EXAMPLE, THERE'S AN ISSUE ABOUT WHETHER OR

25   NOT PERFECT 10 MUST UNREDACT CERTAIN FINANCIAL DOCUMENTS.

1          THE COURT:  OKAY.

2          MR. CAHN:  THAT ISSUE IS BEFORE YOUR HONOR --

3          THE COURT:  YES.

4          MR. CAHN: -- IN THE GOOGLE MOTION.

5          THE COURT:  YES.

6          MR. CAHN:  ALEXA AND AMAZON HAVE THE SAME DISCOVERY

7    DISPUTE WITH PERFECT 10, BUT WE HAVEN'T FILED A DUPLICATIVE

8    MOTION ON THAT.

9          THE COURT:  OKAY.

10         MR. CAHN:  SO, YOUR HONOR, YOUR RULING ON GOOGLE'S

11   MOTION IS GOING TO IMPACT DISCOVERY DISPUTES BETWEEN THE

12   OTHER DEFENDANTS.

13         THE COURT:  WELL, YOU WANT TO --

14         MR. CAHN:  SO, PART OF THE REQUEST WAS TO GIVE US

15   AN OPPORTUNITY TO PARTICIPATE AT THE HEARING TO THE EXTENT

16   YOUR HONOR'S RULINGS WILL DECIDE OTHER PENDING DISCOVERY

17   DISPUTES.

18         THE COURT:  ALL RIGHT.  WELL, THEN -- ALL RIGHT.  I

19   UNDERSTAND.

20         MR. MAUSNER:  CAN I -- CAN I RESPOND TO THAT, YOUR

21   HONOR.

22         THE COURT:  YES.

23         MR. MAUSNER:  OKAY.  TO THE EXTENT THAT THEY'RE

24   SAYING WHATEVER GOOGLE REQUESTED, YOU KNOW, WE WOULD BE BOUND

25   BY THAT.  BOTH SIDES WOULD BASICALLY BE BOUND BY THAT.

1    THAT'S FINE.

2          BUT IF THEY'RE TRYING TO BRING IN NEW THINGS THAT

3    AREN'T THE SAME AS WHAT'S IN THE GOOGLE ONE, I DON'T THINK

4    THAT THAT PROCEDURE WOULD BE WORKABLE.

5          THE COURT:  NO, AND IT'S NOT GOING TO BE ALLOWED.

6          SO, THE QUESTION IS WILL YOU AT LEAST CONSIDER NOT

7    OPPOSING PUTTING ON THE 2008 MOTION ON THE SAME DAY AS THE

8    GOOGLE MOTIONS.  AND WILL YOU CONSIDER ALLOWING AMAZON TO

9    PARTICIPATE IN THE ARGUMENT OF THE GOOGLE MOTION -- THE THIRD

10   GOOGLE -- WHAT I SAY IS THE THIRD GOOGLE MOTION AS WRITTEN?

11         MR. MAUSNER:  AS TO THE LATTER QUESTION, IF ALL

12   THEY'RE DOING IS BASICALLY SAYING, WE AGREE WITH GOOGLE,

13   THAT, YOU KNOW, HERE'S ANOTHER ARGUMENT IN CONNECTION WITH

14   GOOGLE'S REQUEST, WE WOULD NOT OPPOSE THAT.

15         NOW, AS FAR AS THEIR A9 MOTION, A9 -- YOU KNOW,

16   THERE WAS A SUMMARY JUDGMENT MOTION, WHICH A9 WON, AND

17   KNOCKED THEM OUT OF THE CASE.

18         AND AS YOU MIGHT RECALL, YOUR HONOR, THEY TOOK THE

19   POSITION THAT WE COULD NOT TAKE DISCOVERY FROM A9.  NOW THEY

20   WANT A9'S DISCOVERY MOTION DECIDED EVEN THOUGH IT WAS THEIR

21   POSITION BEFORE THAT A9 WAS NOT IN THE CASE.

22         NOW, SO THAT -- YOU KNOW, WE DON'T THINK THAT'S

23   PROPER, AND WE WOULD OPPOSE THAT.

24         THE COURT:  OKAY.  SO, REMIND ME.  JUDGE MATZ

25   GRANTED A9'S MOTION.

1          MR. MAUSNER:  RIGHT.

2          THE COURT:  AND THEN THERE WAS THE SEPARATE

3   SKIRMISH OVER THE DEPOSITION OF THE GUY IN SEATTLE.

4          MR. MAUSNER:  RIGHT.  MR. LEBLANG.

5          THE COURT:  OKAY.  WHICH YOU'VE REPRESENTED WAS

6   RELEVANT TO THE OTHER REMAINING AMAZON DEFENDANTS.  SO, I

7   ALLOWED THAT.

8          MR. MAUSNER:  RIGHT.  IT'S RELEVANT REALLY TO BOTH

9   THINGS.

10          THE COURT:  OKAY.

11          SO, NOW LET ME HEAR FROM AMAZON AS TO WHY THIS IS

12   AN A9 MOTION, WHY IT SHOULD GO FORWARD.

13          MR. CAHN:  RIGHT.  BECAUSE THE -- IT'S SORT OF A

14   MIRROR OF WHAT MR. MAUSNER JUST SAID.  THE ISSUES THAT ARE

15   FRONT AND CENTER BEFORE YOUR HONOR IN THE A9 MOTION ARE STILL

16   RELEVANT TO THE REMAINING AMAZON DEFENDANTS.

17          ALL OF THE DISCOVERY REQUESTS ARE THE SAME.  THE

18   DISPUTES ARE THE SAME.  THAT THE MOTION WAS BROUGHT IN

19   A9.COM'S NAME ONLY.  YOU KNOW, THIS IS CONSOLIDATED

20   DISCOVERY.

21          SO, THE ISSUES ARE STILL ALIVE AND RELEVANT FOR THE

22   REMAINING DEFENDANTS.

23          MR. MAUSNER:  WELL, FIRST OF ALL, I DON'T THINK

24   THAT THAT'S TRUE.  OTHER THAN THE STUFF THAT'S GOING TO BE

25   DECIDED IN THE GOOGLE MOTION, I'M NOT SURE WHAT THERE IS

1  THAT'S ADDITIONAL TO THAT THAT WAS IN THE A9 MOTION.

2       THE COURT:  ALL RIGHT.  ALL RIGHT.  LISTEN, I DON'T

3  WANT TO TAKE EVERYONE'S TIME TO HAVE THIS SIDE DEBATE.  YOU

4  TWO CAN HAVE A CONFERENCE AFTER THIS, AFTER I GET OFF THE

5  PHONE, AND EITHER AGREE THAT THE A9 MOTION, NO MATTER HOW IT

6  IS NAMED, IS APPLICABLE AND SHOULD BE HEARD, OR I'LL GIVE

7  PERFECT 10 UNTIL THE 9TH TO FILE ITS OPPOSITION.  AND THEN

8  I'LL DECIDE.

9       MR. MAUSNER:  OKAY.

10      MR. CAHN:  SOUNDS GOOD.

11      THE COURT:  NOW, LET'S --

12      MR. MAUSNER:  ACTUALLY, YOUR HONOR, CAN WE HAVE

13  UNTIL THE 10TH?  THERE'S SOME OTHER THINGS THAT ARE COMING UP

14  INCLUDING A DEPOSITION ON THE 9TH.

15      THE COURT:  ALL RIGHT.  NOW, LET ME GIVE THE

16  BIRD'S-EYE VIEW ON AT LEAST THE GOOGLE MOTIONS -- NOT

17  RULINGS, BUT.  I WANT TO SAY THAT I WANT THE HEARING TO BE

18  HELPFUL AND NOT STRIDENT AND WELL WITHIN THE PARAMETERS THAT

19  JUDGE MATZ HAS SAID IN TERMS OF GOING FORWARD IN THIS CASE.

20  AND ALTHOUGH HE HAS NOT FORMALLY INDICATED THAT THE APPROACH

21  IN MICROSOFT SHOULD BE REPLICATED, THAT IS CLEARLY MY

22  UNDERSTANDING.

23      FROM MY DISCUSSIONS WITH JUDGE MATZ IS THAT HE

24  BELIEVES THAT THE SAMPLING APPROACH THAT HE CREATED AND

25  ENFORCED IN THE MICROSOFT CASE -- AND I'M NOT ASSUMING THAT

1    GOOGLE IS AT ALL AWARE OF THE DETAILS OF THAT.  I'M NOT

2    EXPECTING THEM TO BE UP ON THAT -- BUT THAT THE PROTOCOL THAT

3    WAS FOLLOWED IN MICROSOFT CLEARLY IN JUDGE MATZ'S MIND AND IN

4    MY MIND WAS A CONTRIBUTING FACTOR TO SETTLEMENT IN THAT CASE.

5          SO, I DO NOT WANT TO HAVE ORAL ARGUMENT THAT

6    FOLLOWS THE POSITION THAT GOOGLE HAS PUT FORTH IN ALL OF

7    THESE THREE MOTIONS.

8          ANYTHING I DO, OBVIOUSLY -- ANYTHING I STRONG-ARM

9    GOOGLE INTO DOING AT THIS HEARING WILL BE SUBJECT TO

10   RECONSIDERATION BY JUDGE MATZ IF GOOGLE WANTS ME TO OR IF

11   PERFECT 10 WANTS ME TO.

12         BUT I WANT EVERYONE TO KNOW THAT I AM ENTERING AND

13   AM PREPARING FOR THESE HEARINGS WITH THE GOAL OF MOVING THE

14   CASE FORWARD TOWARDS READYING THEM FOR SUMMARY JUDGMENT AND

15   SETTLEMENT ALONG THE LINES OF WHAT WAS USED, I THINK

16   SUCCESSFULLY, IN MICROSOFT AND IN USING A SAMPLING PROCEDURE.

17         AND THAT MIGHT MEAN THAT ALL OF THESE MOTIONS NEED

18   TO BE PUT OFF ANOTHER FEW WEEKS TO GIVE EVERYONE TIME TO

19   REALLY AGREE ON A PROTOCOL OR, AT LEAST, NARROW THEIR

20   DIFFERENCES AS TO THE SAMPLING METHODS TO BE USED, THE AMOUNT

21   OF DOCUMENTS, WHAT IS A PROPER SAMPLE, WHAT GOES INTO THE

22   SPREADSHEET, WHICH WORKS ARE WE TALKING ABOUT.  AND THERE ARE

23   A LOT MORE WORKS AND ALLEGED INFRINGEMENTS HERE THAN IN

24   MICROSOFT.

25         SO, I'M WILLING TO CONTINUE ALL OF THESE HEARINGS A

1   REASONABLE PERIOD OF TIME IF THAT MEANS -- YOU KNOW, WE CAN

2   -- EITHER YOU COULD AGREE ON A SAMPLING APPROACH OR AGREE TO

3   DISAGREE IN NARROW AREAS.

4           AND LET ME ALSO SAY THAT I DON'T KNOW IF PEOPLE

5   WERE PLANNING ON FILING SUPPLEMENTAL MEMORANDA -- WHICH I

6   SUPPOSE WOULD BE DUE NEXT MONDAY, THE 8TH, WHICH IS WHY I

7   WANTED TO HAVE THIS CONFERENCE CALL TODAY.  BECAUSE I DON'T

8   WANT SUPPLEMENTAL MEMORANDA FILED ON TUESDAY THAT DO NOT

9   CONSIDER WHAT I'VE JUST SAID.  I DON'T WANT JUST MORE

10  BRIEFING ON THE SAME MOTION -- THE SAME VERSION OF THE

11  MOTIONS THAT I HAVE.

12          IF I WANT -- IF I'M GOING TO GET SUPPLEMENTAL

13  BRIEFING, I WANT IT TARGETED TO THE SAMPLING APPROACH.  AND

14  I'D BE WILLING TO WAIT UNTIL, LET'S SAY, THE 15TH TO GET

15  SUPPLEMENTAL BRIEFING.

16          SO, THAT'S MY THOUGHT GENERALLY AS TO THESE THREE

17  MOTIONS.  I WILL CARVE OUT ONE EXCEPTION IN THE DIRECTION I'M

18  GOING.  AND THAT IS ON THE RFAS BECAUSE I DO THINK THAT A LOT

19  OF THESE RFAS SHOULD BE ANSWERED.  I THINK A LOT OF THEM HAVE

20  BEEN ANSWERED.  BUT I THINK A LOT MORE SHOULD BE ANSWERED.

21          RFAS I BELIEVE CAN CALL FOR LEGAL CONCLUSIONS.

22  THERE'S CASE LAW SUPPORTING THAT.  I THINK SOME OF THEM ON

23  THE OTHER HAND ARE SORT OF MEGA RFAS, AND I WOULDN'T BE

24  EXPECTING TO GRANT THOSE.  SOME OF THEM MAY BE TOO

25  BURDENSOME.  SOME OF THEM MAY BE AMBIGUOUS.  SOME OF THEM MAY

1    BE ARGUMENTATIVE.

2            AND I HAVEN'T GONE THROUGH THEM ALL, BUT I DO

3    EXPECT THAT I WOULD BE ORDERING -- GRANTING A LOT OF THE

4    RFAS.  BUT ALSO KEEPING AN EYE ON THE OVERALL GOAL, WHAT I

5    SAID EARLIER, IN NOT MAKING PERFECT 10 DO BUSY WORK THAT

6    ISN'T TARGETED TOWARDS PARTIAL OR FULL SUMMARY JUDGMENT

7    MOTIONS AND SETTLEMENT.

8            SO, THAT'S PROBABLY ALL I REALLY WANT TO SAY TODAY.

9    I HAVE SPENT A NUMBER OF HOURS THIS WEEK JUST REFRESHING

10   MYSELF -- THAT'S A MISNOMER IN THESE CASES -- BUT EXHAUSTING

11   MYSELF.  AND I'LL CONTINUE TO DO SO, BUT IF PEOPLE WANT TO

12   RESPOND BRIEFLY -- I DON'T WANT ARGUMENT.  BUT IF YOU WANT

13   CLARIFICATION, TO THE EXTENT THAT I CAN GIVE CLARIFICATION, I

14   WILL.

15           IF YOU WANT TO DISCUSS THIS NOT IN MY PRESENCE FOR

16   A FEW MINUTES, I CAN GO OFF LINE, AND YOU CAN MAYBE DECIDE

17   THAT JOINTLY YOU'D ALL LIKE TO PUT THESE OVER TILL OCTOBER SO

18   THAT YOU CAN IN GOOD FAITH -- UNDERLINE "IN GOOD FAITH" --

19   YOU KNOW, PROPOSE A PROCEDURE ALONG THE LINES FOLLOWED IN

20   MICROSOFT AND MAYBE LEAVE A FEW BELLS AND WHISTLES FOR ME TO

21   DECIDE, THAT'S FINE WITH ME.

22           THIS CASE IS REALLY NOT ON MY FRONT BURNER, BUT I

23   DO FEEL AN OBLIGATION TO PROCEED BECAUSE THE STAY HAS BEEN

24   LIFTED.

25           DR. ZADA:  YOUR HONOR, COULD I ASK A QUESTION?

1            THE COURT:  WHO'S THIS?

2            DR. ZADA:  IT'S NORM ZADA.

3            THE COURT:  HI.

4            DR. ZADA:  WOULD YOU LIKE TO SEE BASICALLY AS A

5    SUPPLEMENTAL BRIEF A SUGGESTION FOR SAMPLING?

6            THE COURT:  WELL, WHAT I WOULD LOVE TO SEE IS A

7    JOINT SUPPLEMENTAL BRIEF SAYING, YOU KNOW, THE PARTIES HAVE

8    AGREED WITHOUT PREJUDICE TO APPEAL -- OR RECONSIDERATION BY

9    JUDGE MATZ, THE PARTIES HAVE AGREED TO, YES, A, B, AND C IN

10   TERMS OF SAMPLING.  BUT WE HAVE LEGITIMATE DIFFERENCES IN

11   CERTAIN AREAS, AND WE'D LIKE TO NARROW THESE DISPUTES TO

12   THAT.  THAT WOULD BE EXTREMELY HELPFUL.  AND, LIKEWISE, AN

13   AGREEMENT AS TO THE RFAS.

14           I DON'T MEAN -- WELL, LET ME HEAR JUST -- LET ME

15   HEAR GOOGLE'S SORT OF CANDID RESPONSE.

16           MR. MAUSNER:  YOUR HONOR, MAY I SAY SOMETHING.

17   THIS IS JEFF MAUSNER.

18           ARE YOU AWARE OF THE COURT'S ORDER IN WHICH THE

19   COURT STATES THAT IT EXPECTS TO RULE ON THE PENDING SUMMARY

20   JUDGMENT MOTIONS BY LATE SUMMER?

21           THE COURT:  THAT'S IN AMAZON.

22           MR. MAUSNER:  CORRECT.

23           THE COURT:  YES.

24           MR. MAUSNER:  CORRECT.

25           THE COURT:  YES, THERE'S NOTHING -- THERE'S NO

1    PENDING MOTIONS IN GOOGLE.

2           MR. MAUSNER:  YES, THERE ARE.  THERE ARE ACTUALLY

3    FOUR PENDING SUMMARY JUDGMENT MOTIONS IN GOOGLE, WHICH I

4    EXPECT THE COURT WOULD RULE ON AFTER THE AMAZON MOTION.

5           THE COURT:  I DIDN'T EVEN KNOW THAT.

6           MR. MAUSNER:  YES.

7           THE COURT:  AND ARE THEY DMCA MOTIONS OR WHAT?

8           MR. MAUSNER:  THREE OF THEM ARE DMCA MOTIONS, AND

9    ONE OF THEM IS COMBINED CONTRIBUTORY INFRINGEMENT AND DMCA.

10          DR. ZADA:  WELL, WHAT HE IS POINTING OUT, YOUR

11   HONOR, IS THAT WE ACTUALLY FILED A MOTION FOR SUMMARY

12   JUDGMENT AGAINST GOOGLE, AND WE USED 12 SAMPLE IMAGES IN THAT

13   MOTION.

14          THE COURT:  UH-HUH.

15          DR. ZADA:  AND WITH 12 SAMPLE IMAGES WE FELT WE

16   COVERED ALL THE BASES.

17          THE COURT:  UH-HUH.  OKAY.  I DID NOT KNOW THIS.

18   AND I WISH I HAD KNOWN THIS A FEW DAYS AGO.  AND IT'S, YOU

19   KNOW, MY FAULT FOR NOT KEEPING UP WITH THE DOCKET.

20          DR. ZADA:  SO, OUR POINT, YOUR HONOR, IS THAT WE

21   BELIEVED THAT WHEN WE DID OUR MOTION FOR SUMMARY JUDGMENT

22   AGAINST GOOGLE, IT'S PRETTY MUCH ALL THAT NEEDED TO BE DONE.

23          AND FORGIVE ME FOR ADDING SOMETHING HERE.  I HAVE

24   DONE A CALCULATION AS TO THE NUMBER OF PAGES IT WOULD TAKE TO

25   ANSWER GOOGLE'S INTERROGATORIES 3 AND 11, AND THE ANSWER WAS

1    30 MILLION PAGES.  THAT'S HOW MANY IT WOULD TAKE TO PRINT

2    OUT.

3         MY POINT OUT IS THAT THEY'RE VERY FAR OFF IN MY

4    MIND AS TO WHAT IS DOABLE.  AND I'M VERY MUCH IN FAVOR OF THE

5    SAMPLING ISSUE, BUT THEIR MOTION IS NOT REALLY A SAMPLING

6    MOTION.  THEY'RE JUST --

7         THE COURT:  WELL, LET ME ASK --

8         MR. MAUSNER:  AND, YOUR HONOR, THE THREE OTHER

9    MOTIONS WERE FILED BY GOOGLE, AND THEY WERE ABLE TO FILE

10   THOSE MOTIONS WITHOUT ANY OF THE RELIEF THAT THEY'RE SEEKING

11   IN THESE MOTIONS -- IN THE DISCOVERY MOTIONS.

12        THE COURT:  SAY THAT AGAIN -- OH, I SEE WHAT YOU'RE

13   SEEING.  YES, RIGHT.

14        DR. ZADA:  THEY HAD NO SAMPLING ISSUES.  THIS WAS

15   THEIR MOTION, YOUR HONOR.

16        THE COURT:  SO, THEN THE QUESTION IS, DOES EVERYONE

17   WANT ME TO JUST SHOVE THESE ASIDE UNTIL ALL THOSE MOTIONS ARE

18   RULED ON BY JUDGE MATZ.

19        DR. ZADA:  WE THINK THAT WOULD MAKE A LOT OF SENSE,

20   YOUR HONOR.  BECAUSE UNTIL SUCH TIME AS WE KNOW WHAT THE

21   DEFENDANTS WILL BE HELD LIABLE FOR, IF ANYTHING, YOU KNOW,

22   FOR US TO HAVE TO GO THROUGH AND DO A MASSIVE AMOUNT OF WORK

23   ON THINGS THAT WE MAY NOT BE AWARDED DAMAGES ON SEEMS

24   PREMATURE.

25        THE COURT:  WHEN DID HE TAKE THESE UNDER

1    SUBMISSION?

2              MR. MAUSNER:  THE AMAZON ONES WERE --

3              THE COURT:  ABOUT A MONTH AGO.

4              MR. MAUSNER:  OURS WAS FILED LAST YEAR.  AND THEN

5    THEIRS WAS FILED --

6              DR. ZADA:  DECEMBER, I THINK.

7              MR. MAUSNER:  YES.  THEIRS I THINK WAS FILED --

8              MR. CAHN:  NOVEMBER.

9              MR. MAUSNER:  OH, OKAY.  AND THEN WHEN WAS IT FULLY

10   BRIEFED?  ABOUT --

11             DR. ZADA:  JUNE?  I THOUGHT IT WAS BEFORE THAT.

12             MR. CAHN:  THAT'S ONE ISSUE, YOUR HONOR -- THIS IS

13   TIM CAHN FOR AMAZON.  WE'RE ALL AWAITING JUDGE MATZ'S RULING

14   ON THE PENDING SUMMARY JUDGMENT MOTION BETWEEN ALEXA AND

15   PERFECT 10.

16             BUT IN ADDITION TO THAT JUDGE MATZ HAS ISSUED A

17   DEADLINE OF OCTOBER 5 FOR ANY AMAZON SUMMARY JUDGMENT

18   MOTIONS.  SO, THAT'S THE ONE SORT OF HITCH I COULD SEE

19   IN JUST PUTTING EVERYTHING OFF BECAUSE THERE'S GOING TO BE --

20   THERE ARE ISSUES, DISCOVERY ISSUES THAT WE'RE HOPING WOULD

21   GET DECIDED THIS MONTH TO CLEAR THE WAY FOR US TO MOVE ON ALL

22   THE GROUNDS THAT WE INTENDED TO MOVE BY.

23             THE COURT:  MAYBE HE'D BE WILLING TO -- TO PUSH

24   THAT DATE BACK.

25             MR. CAHN:  YEAH, THAT WOULD BE A RESOLUTION THAT WE

1    WOULD SUPPORT.

2              THE COURT:  YOU'LL HAVE TO -- YOU'LL HAVE TO

3    APPROACH HIM WITH THAT.

4              MR. CAHN:  YES.

5              THE COURT:  BUT LET ME HEAR FROM GOOGLE.  I MISSED

6    -- SOME OF IT I MISSED.  WHEN DID THE GOOGLE MOTIONS GO

7    UNDER SUBMISSION?

8              MR. ZELLER:  YES.  IT'S MIKE ZELLER FOR GOOGLE,

9    YOUR HONOR.

10             THEY ARE NOT UNDER SUBMISSION YET TECHNICALLY.

11   REPLY BRIEFS ON THE PENDING MOTIONS ARE DUE ON TUESDAY.

12             THE COURT:  AND WHEN IS -- IS HE TAKING THEM UNDER

13   SUBMISSION OR --

14             MR. MAUSNER:  HE ACTUALLY -- HE HAS ISSUED AN ORDER

15   TAKING THEM UNDER SUBMISSION.

16             THE COURT:  HE DOESN'T WANT TO SEE YOU?

17             MR. MAUSNER:  AND REPLY BRIEFS ARE DUE ON TUESDAY.

18             THE COURT:  AHH.  OKAY.

19             MR. MAUSNER:  BUT HE DID ACTUALLY ISSUE AN ORDER

20   TAKING THEM UNDER SUBMISSION.

21             THE COURT:  OKAY.

22             MR. ZELLER:  AND THE BRIEFING IS NOT YET COMPLETED.

23             AND I'D APPRECIATE IT IF I CAN AT LEAST FINISH MY

24   SENTENCES WITHOUT BEING INTERRUPTED BY MR. MAUSNER.

25             TO US ONE MAJOR ISSUE ON ALL THIS -- AND THIS IS

1    TRUE WITH RESPECT TO THE SAMPLING AS WELL AS THE PENDING

2    SUMMARY JUDGMENT MOTIONS, WHICH ARE ONLY UNDER THE DMCA -- IS

3    THAT WE HAVE BEEN SEEKING FINANCIAL INFORMATION.  THAT

4    INFORMATION IS PERTINENT, AND WILL CONTINUE TO BE PERTINENT,

5    REGARDLESS OF THE RESOLUTION OF THE DMCA MOTIONS.

6           AND MORE IMPORTANTLY, WE HAVE BEEN TAKING

7    DEPOSITIONS.  I ALSO KNOW THAT THERE HAVE BEEN EFFORTS TO

8    HAVE MR. ZADA'S DEPOSITION SCHEDULED.

9           THAT INFORMATION -- BECAUSE THERE ARE CLAIMS

10   AGAINST GOOGLE THAT HAVE BEEN BEYOND COPYRIGHT.  THERE ARE

11   LANHAM ACT CLAIMS.  THERE ARE STATE LAW CLAIMS.  AND THESE

12   ARE JUST SIMPLY NOT EVEN ON THE TABLE WITH RESPECT TO THE

13   DMCA MOTION.

14          SO, ONE ISSUE I WANTED TO ASK YOU ABOUT, JUDGE, IN

15   TERMS OF THE SAMPLING PROCEDURES, IN TERMS OF THE

16   CLARIFICATION --

17          THE COURT:  YES.

18          MR. ZELLER: -- IS WOULD IT BE YOUR EXPECTATION THAT

19   THE SAMPLING REGIME, WE WILL CALL IT -- WHICH I'M SURE YOU'RE

20   ALSO AWARE GOOGLE HAS NOT CONSENTED TO --

21          THE COURT:  WELL, I --

22          MR. ZELLER: -- IF THAT IS WHAT IS IMPOSED, WOULD

23   THAT TAKE THEN FINANCIALS COMPLETELY OFF THE TABLE AND NO

24   DISCOVERY WOULD BE HAD ON THOSE?

25          THE COURT:   NO.  NO, BUT MAYBE -- I THINK -- I'M

1  NOT SURE HOW MUCH DAMAGES DISCOVERY IN FINANCIALS IS GOING TO

2  DRIVE THE CASE TOWARD SETTLEMENT.  BUT --

3          DR. ZADA:  YOUR HONOR, WE HAVE ALREADY PRODUCED TAX

4  RETURNS AND EVERY IMAGINABLE FINANCIAL DOCUMENT WE HAVE.  WE

5  HAVE REDACTED SMALL AMOUNTS OF THEM THAT ARE RELATED TO

6  CONFIDENTIAL SETTLEMENTS.  WE HAVE PRODUCED EVERYTHING WE

7  POSSIBLY COULD IN THE WAY OF FINANCIALS.

8          MR. MAUSNER:  THE FINANCIALS HAVE ALL BEEN

9  PRODUCED.  I GUESS THEIR ISSUE IS THAT PARTS OF THEM WERE

10  REDACTED.  THEY HAVE STUFF ABOUT CONFIDENTIAL SETTLEMENTS AND

11  OTHER --

12          THE COURT:  ALL RIGHT.  LET'S --

13          MR. MAUSNER:  -- MEDICAL BILLS AND STUFF LIKE THAT,

14  PRIVATE STUFF.

15          THE COURT:  LET'S FOR THE MOMENT TAKE THAT MOTION

16  AND PUT IT IN A SEPARATE PILE FROM THE OTHER TWO MOTIONS, THE

17  RFAS AND THE INTERROGATORIES.

18          IT WOULD SEEM TO ME THAT WE NEED TO KNOW WHETHER

19  JUDGE -- WELL, WHETHER BOTH SIDES ARE GOING TO APPROACH JUDGE

20  MATZ AND REQUEST A MOTION CUTOFF DATE EXTENSION FOR AMAZON --

21  YOU KNOW, 60 DAYS, SOMETHING LIKE THAT, BEGINNING OF THE

22  YEAR, SOMETHING LIKE THAT.

23          AND I WOULD GUESS THAT IF BOTH SIDES EXPLAIN TO HIM

24  THAT THE REASON WOULD BE THAT THERE WILL BE THESE PENDING

25  MOTIONS THAT MAY OBVIATE THE NEED FOR THESE MOTIONS, HE MIGHT

1    BE AGREEABLE.

2              AND THEN WE COULD SEPARATELY PROCEED WITH THE

3    MOTION REGARDING THE FINANCIALS AND OTHER DOCUMENTS.

4              AND AS TO GOOGLE -- WELL, YOU KNOW, IT'S I GUESS

5    THE SAME THING.

6              MR. MAUSNER:  BUT GOOGLE THERE IS NO DEADLINE

7    SETTING.

8              THE COURT:  OH, THERE'S NO DEADLINE.  OKAY.

9              MR. MAUSNER:  NO DEADLINE.

10             THE COURT:  ALL RIGHT.

11             MR. MAUSNER:  AND, YOUR HONOR, JUST SO YOU CAN FIND

12   IT EASILY THE ORDER IS DOCKET NUMBER 500.  IT WAS ORDERED BY

13   JUDGE MATZ, FILED ON AUGUST 13, 2009.  SAID, "ON THE COURT'S

14   OWN MOTION THE COURT HEREBY TAKES OFF CALENDAR AND UNDER

15   SUBMISSION DEFENDANT GOOGLE'S MOTION FOR SUMMARY JUDGMENT."

16   AND THEN THERE'S THREE -- THE THREE GOOGLE MOTIONS ARE LISTED

17   THERE.

18             THE COURT:  ALL RIGHT.  WELL, I MEAN, I REALLY -- I

19   DON'T KNOW.  MAYBE WE SHOULDN'T -- MAYBE I SHOULDN'T BE

20   CAUSING ALL THIS WORK AT THIS TIME.

21             DR. ZADA:  YOUR HONOR, IF YOU DON'T MIND MY

22   INTERJECTING AGAIN.  I THINK THERE'S -- WE CERTAINLY BELIEVE

23   THAT IT WOULD SAVE EVERYONE A LOT OF WORK IF THE BIG MOTIONS

24   ON THE INTERROGATORIES ARE PUT OFF UNTIL JUDGE MATZ RULES ON

25   AMAZON'S SUMMARY JUDGMENT -- EXCUSE ME, YOUR HONOR, OUR

1    SUMMARY JUDGMENT MOTION AGAINST AMAZON.  BECAUSE THAT WILL

2    DETERMINE TO A LARGE EXTENT THE LIABILITY ALSO IN THE GOOGLE

3    CASE.

4            AND DEPENDING ON WHAT THAT RULING IS, I THINK AT

5    THAT POINT IT WOULD BE MUCH CLEARER WHAT EXACTLY WE NEED TO

6    PROVIDE TO THEM IN THE WAY OF PROOF OF IMAGES, DAMAGES, AND

7    COPYRIGHT OWNERSHIP.

8            THE COURT:  ALL RIGHT.  WHAT DID MR. ZELLER THINK

9    ABOUT THIS?

10           MR. ZELLER:  WELL, CERTAINLY, FOR THE RECORD -- I

11   MEAN, IN TERMS OF THE CHARACTERIZATIONS THAT HAVE BEEN MADE

12   ABOUT THE FINANCIALS THAT HAVE BEEN PRODUCED, OUR MOTIONS AND

13   THE LIKE, WE DISAGREE WITH THAT.  BUT THAT SEEMS TO BE A

14   LITTLE OFF POINT RIGHT HERE.

15           WHAT I WOULD SUGGEST, YOUR HONOR, IS SORT OF

16   TWOFOLD.  NUMBER ONE -- I MEAN, CERTAINLY WE APPRECIATE YOUR

17   GUIDANCE IN TERMS OF THE SAMPLING OF PROCEDURE.  AND CLEARLY

18   IF THAT'S GOING TO BE THE CONSTRUCT THAT IS APPLIED, THAT

19   WOULD CERTAINLY SUGGEST THAT A DIFFERENT APPROACH NEEDS TO BE

20   TAKEN WITH RESPECT TO SOME OF THE DISCOVERY THAT IS AT ISSUE.

21           I THINK IN FAIRNESS WHAT THAT WOULD REALLY MEAN IS

22   THAT WE SHOULD CONSULT WITH AMAZON AND RECONVENE AS TO OUR

23   SUGGESTED APPROACH ON THAT.

24           AND CERTAINLY PART OF THAT IS GOING TO BE DRIVEN BY

25   THE DEADLINE AND WHETHER THAT GETS MOVED AND, YOU KNOW, WHAT

1   IMPACT THAT HAS.

2          SO, THAT SEEMS TO BE SOMETHING THAT CAN SORT OF BE

3   TABLED FOR THE MOMENT.  AND HOPEFULLY WE CAN COME UP WITH A

4   PROPOSAL.  IF IT'S NOT A RESOLUTION ACROSS THE BOARD THAT

5   EVERYONE AGREES TO, AT LEAST WE CAN SORT OF SHARPEN UP OUR

6   PROPOSALS ABOUT HOW THAT OUGHT TO BE DONE.

7          THEN, WITH RESPECT TO THE OTHER BUCKETS OF

8   DISCOVERY; NAMELY, THE RFAS AS WELL AS THE FINANCIALS, I

9   MEAN, WE THINK THAT THAT IS APPROPRIATE FOR DISPOSITION.

10          AND THE REASON IS IS THAT WE ARE ATTEMPTING TO TAKE

11   DISCOVERY.  THE DMCA MOTIONS CERTAINLY NO ONE IS GOING TO

12   ARGUE WOULDN'T HAVE AN IMPACT ON THE INFRINGEMENT REQUESTS.

13   BUT THERE ARE MANY OTHER ISSUES IN THIS CASE THAT PERFECT 10

14   HAS GIVEN EVERY INDICATION THEY'RE NEVER GOING TO BE TAKEN

15   OFF THE TABLE.

16          SO, WE ARE CONSISTENT WITH JUDGE MATZ'S LIFTING OF

17   DISCOVERY STAY ATTEMPTING TO TAKE DISCOVERY ON THOSE

18   SUBJECTS.  BECAUSE THOSE CLAIMS, REGARDLESS OF THE

19   DISPOSITION OF THE DMCA MOTIONS, HAVE BEEN -- NO INDICATION

20   THAT THEY'RE GOING TO GO AWAY.

21          AND CERTAINLY WE, GOOGLE, DO NOT WANT TO BE PUT AT

22   FAULT, YOU KNOW, ONCE THE DMCA MOTIONS ARE DISPOSED OF, FOR

23   GOOD OR BAD FROM OUR PERSPECTIVE, BE PUT AT FAULT FOR NOT

24   HAVING PURSUED DISCOVERY ON THESE OTHER CLAIMS.

25          I MEAN, I KNOW THAT JUDGE MATZ HAS IN OTHER

1  INSTANCES IN THESE -- WE'LL CALL THEM ROUGHLY CONSOLIDATED,

2  OR EVEN IF THEY'RE NOT TECHNICALLY CONSOLIDATED -- THESE

3  SIMILAR CASES HAS PUT EXTREMELY SHORT DEADLINES ON DISCOVERY

4  AND THEN TO TRIAL ONCE THOSE MOTIONS HAVE BEEN RULED UPON.

5          SO, WE ARE WE THINK ACTING ENTIRELY APPROPRIATELY

6  IN PURSUING THE DISCOVERY ON THOSE SIMILAR -- ON THOSE OTHER

7  CLAIMS THAT JUST UNDER NO CIRCUMSTANCES ARE GOING TO BE

8  MOOTED.

9          THE COURT:  WELL -- OKAY.  WHAT I COULD DO -- AND

10  NOW I'LL GET TO AMAZON IN A SECOND -- WHAT I COULD CONSIDER

11  DOING IS TABLING THE RFAS -- I MEAN, THE INTERROGATORY MOTION

12  AND THEN PROCEEDING WITH RFAS AND THE FINANCIAL, ET CETERA

13  MOTIONS.  BUT THEN THAT LEAVES AMAZON TWISTING IN THE WIND.

14          (LAUGHTER.)

15          MR. ZELLER:  THAT'S WHAT I WAS HOPING NOT TO.  AND

16  I DIDN'T WANT TO LEAVE THE IMPRESSION THAT -- AND THAT'S WHY

17  I DO THINK IT MIGHT MAKE SOME SENSE TO CONSULT ON THAT.

18          THE COURT:  YES.  SO --

19          MR. ZELLER:  AND CERTAINLY IF THE DEADLINE IS

20  MOVED, AND I CERTAINLY DON'T MEAN TO SPEAK FOR AMAZON ON

21  THIS, BUT IT WOULD AT LEAST SEEM TO DEAL WITH THE MOST

22  IMMEDIATE --

23          THE COURT:  OKAY.  HERE'S WHAT I SUGGEST.  AND

24  MAYBE WE SHOULD HAVE ANOTHER CONFERENCE CALL EARLY NEXT WEEK.

25  THIS IS WHAT MAKES SENSE TO ME IS THAT IF PERFECT 10 AND

1  AMAZON -- IF PERFECT 10 AND AMAZON CAN AGREE TO PROPOSE --

2  JOINTLY PROPOSE A STIPULATION TO JUDGE MATZ TO EXTEND THEIR

3  DISPOSITIVE MOTION CUTOFF DATE, YOU KNOW, 60 TO 90 DAYS,

4  SOMETHING LIKE THAT, AND GET THAT BEFORE HIM QUICKLY, AND

5  WE'LL SEE WHAT HE DOES WITH THAT, AND EXPLAIN THAT THE REASON

6  -- EXPLAIN THE REASONS FOR THAT PROPOSED STIPULATION THEY

7  RELATE TO THE PENDING MOTIONS.

8       THEN, IF JUDGE MATZ AGREED AND SIGNED OFF ON THAT

9  ORDER, THEN, WHAT I WOULD PROPOSE IS THAT I TAKE GOOGLE'S

10  INTERROGATORY MOTION OFF CALENDAR, AND THE RELATED AMAZON

11  MOTION OFF CALENDAR PENDING RESOLUTION OF THE SUMMARY

12  JUDGMENT MOTIONS, BUT THAT I KEEP ON -- FOR THE 22ND OF

13  SEPTEMBER KEEP ON THE OTHER TWO GOOGLE MOTIONS WITH A STRONG

14  HOPE THAT THEY WOULD BE RESOLVED GIVEN THE COMMENTS THAT I'VE

15  MADE EARLIER REGARDING THE PROPRIETY OF A LARGE PERCENTAGE OF

16  THE RFAS AND THE NEED FOR FINANCIAL INFORMATION.

17       AND I KNOW -- I'VE HEARD DR. ZADA THAT THEY'VE

18  GIVEN ALL THEY HAVE, AND MAYBE THEY'LL PERSUADE GOOGLE OF

19  THAT.  BUT THAT WOULD AT LEAST SORT OF BIFURCATE OR

20  TRIFURCATE THE PENDING MOTIONS.

21       AND THEN -- HOW ABOUT THAT?

22       MR. CAHN:  THAT SOUNDS LIKE A GOOD APPROACH FROM

23  AMAZON'S POINT OF VIEW.  I GUESS ONE QUESTION I WOULD RAISE

24  WOULD BE CAN WE GET YOUR IMPRIMATUR ON THAT APPROACH SOMEHOW?

25       THE COURT:  WELL, YOU CAN TELL JUDGE MATZ THAT, YOU

1   KNOW, IT MIGHT -- THAT I THINK IT MAKES SENSE TO EXTEND THE

2   AMAZON CUTOFF DATE A REASONABLE PERIOD OF TIME.

3           MR. CAHN:  OKAY.

4           THE COURT:  AND HE CAN TAKE MY ADVICE OR LEAVE IT.

5           (LAUGHTER.)

6           THE COURT:  BUT, I MEAN, MORE THAN MY --

7           MR. CAHN:  THAT'S THE BEST WE COULD DO.

8           THE COURT:  MORE THAN MY IMPRIMATUR IS THAT HE

9   SHOULD BE AWARE THAT WE'VE HAD THIS MUTUAL DISCUSSION.

10          MR. CAHN:  RIGHT.

11          THE COURT:  AND I WAS NOT AWARE THAT THERE WERE

12  THESE PENDING MOTIONS -- SUMMARY JUDGMENT MOTIONS, AND THAT

13  I'M COGNIZANT OF MY DUTY TO PROCEED WITH MOTIONS THAT ARE NOW

14  UNSTAYED, BUT THAT IT DOES SEEM TO MAKE SENSE TO CARVE OUT

15  THIS EXCEPTION.

16          SO, HOW DOES THAT SOUND?

17          MR. MAUSNER:  YOUR HONOR?

18          THE COURT:  YES?

19          MR. MAUSNER:  WOULD YOU BE WILLING TO -- IF WE CAN

20  TALK ABOUT -- IF PERFECT 10 AND BOTH DEFENDANTS COULD TALK

21  ABOUT THINGS THAT ARE REDACTED IN THE FINANCIAL STATEMENTS,

22  BUT IT MAY BE HELPFUL IF YOU COULD GIVE US SOME GUIDANCE ON

23  THAT.

24          ONE OF THE THINGS THAT WE'VE REDACTED ARE

25  SETTLEMENT AMOUNTS AND WHO WE SETTLED WITH IN OTHER

1    LAWSUITS.

2              AND THAT ISSUE HAD BEEN DECIDED BY YOUR HONOR IN

3    ANOTHER CASE, WHICH IS THAT THAT INFORMATION DID NOT HAVE TO

4    BE REVEALED UNTIL IT WAS IN A CONFIDENTIAL SETTLEMENT

5    AGREEMENT.  BUT AS TO --

6              THE COURT:  I'LL TAKE YOUR WORD FOR IT.  I HAVE NO

7    IDEA.

8              MR. MAUSNER:  WHAT?

9              THE COURT:  I'LL TAKE YOUR WORD FOR IT.  I HAVE NO

10   IDEA WHAT I --

11             MR. MAUSNER:  AND THE ARGUMENT THAT WE MADE WAS IF

12   CONFIDENTIAL SETTLEMENT AGREEMENTS HAD TO BE DISCLOSED, IT

13   WOULD DISCOURAGE SETTLEMENT BECAUSE THE PARTIES RELY ON THE

14   CONFIDENTIALITY.

15             SO, THAT'S ONE OF THE ISSUES WOULD BE -- WE'VE

16   TALKED TO THEM ABOUT THAT, AND WE'VE STATED WHAT OUR POSITION

17   IS.  THEIR POSITION IS THEY WANT TO GET IT.  SO, WE'RE AT

18   JUGGERNAUTS ON THAT.

19             THE COURT:  HOLD ON ONE SECOND, PLEASE.

20             (PAUSE IN PROCEEDINGS.)

21             THE COURT:  OKAY.  I'M BACK.

22             ALL RIGHT.  I'M SORRY.  I GOT DISTRACTED.

23             RUN THAT ISSUE BY ME AGAIN QUICKLY, MR. MAUSNER.

24             MR. MAUSNER:  THE ISSUE IS IN THE FINANCIAL

25   STATEMENTS.

1          THE COURT:  YES.

2          MR. MAUSNER:  WE'VE GIVEN THEM THE FINANCIAL

3    STATEMENTS, BUT WE'VE REDACTED OUT THE AMOUNT OF SETTLEMENTS

4    IN OTHER CASES AND THE NAME OF THE PARTIES THAT WE SETTLED

5    WITH.

6          THE COURT:  UH-HUH.

7          MR. MAUSNER:  OKAY.  AND IT'S OUR POSITION THAT

8    THEY SHOULD NOT GET THIS.

9          THE COURT:  HOW ABOUT ATTORNEY'S-EYES-ONLY?

10          MR. MAUSNER:  I'M SORRY?

11          THE COURT:  HOW ABOUT ATTORNEY'S-EYES-ONLY?

12          MR. MAUSNER:  WELL, IT'S -- WE HAVE ACTUALLY GONE

13   TO SOME OF THE PARTIES THAT WE SETTLED WITH AND ASKED THEM IF

14   THEY WOULD CONSENT TO IT, AND THEY SAID NO.

15          AND I THINK PERFECT 10 ALSO WOULD NOT WANT THIS

16   INFORMATION REVEALED, BUT CERTAINLY THE OTHER SIDE DOESN'T

17   WANT IT REVEALED.

18          YOU KNOW, WE'VE ARGUED THAT AS A MATTER OF PUBLIC

19   POLICY, CONFIDENTIAL SETTLEMENTS SHOULD NOT BE REVEALED

20   BECAUSE THAT WOULD MAKE IT MORE DIFFICULT TO SETTLE CASES --

21          THE COURT:  RIGHT, RIGHT.

22          MR. MAUSNER:  -- IF PARTIES THOUGHT THAT EVEN A

23   CONFIDENTIAL SETTLEMENT AGREEMENT COULD BE DISCLOSED TO

24   SOMEBODY ELSE.

25          SO, YOU KNOW, THERE REALLY ISN'T -- I DON'T THINK

1    THERE'S ANYTHING MORE TO DISCUSS ON THAT --

2            THE COURT:  I JUST DON'T KNOW HOW USEFUL THAT

3    INFORMATION IS ANYWAY TO MOVING THIS CASE FORWARD.  SO THAT'S

4    ALL I'LL SAY AT THIS POINT.

5            AND YOU SAY THAT IN ANOTHER CASE I DECLINED TO

6    ORDER IT?

7            MR. MAUSNER:  YES.

8            THE COURT:  WHICH ONE WAS THAT?

9            MR. MAUSNER:  I CAN'T REMEMBER WHICH ONE IT IS NOW.

10   BUT IT'S PROBABLY IN OUR --

11           THE COURT:  WAS IT IN THIS CENTURY OR LAST CENTURY?

12           (LAUGHTER.)

13           MR. MAUSNER:  I THINK IT WAS LAST -- WELL, WAIT A

14   MINUTE. IT'S 2009.  IT WOULD HAVE BEEN IN THIS CENTURY.

15           THE COURT:  ALL RIGHT.

16           OKAY.  SO, I GUESS -- SO, THAT'S THE ASSUMPTION I'M

17   WORKING ON FOR THE MOMENT.  AND THE ASSUMPTION IS THAT THERE

18   WILL BE A STIPULATION -- A PROPOSED STIPULATION ON THE AMAZON

19   CUTOFF DATE PROPOSED TO JUDGE MATZ.  AND WE'LL SEE WHAT HE

20   DOES WITH THAT.  AND THAT SHOULD BE DONE TUESDAY --

21           DR. ZADA:  CAN I SAY ONE THING, YOUR HONOR.  I

22   DON'T THINK THAT THE MOTION THAT AMAZON IS CONTEMPLATING

23   FILING, WHICH MY UNDERSTANDING WAS FOR DAMAGES, DOESN'T HAVE

24   ANYTHING TO DO WITH THE INTERROGATORIES.  I THINK IT HAS TO

25   DO WITH FINANCIALS.

1       AND SO, IF WE RESOLVE THE FINANCIAL ISSUE, I'M NOT

2  ABSOLUTELY SURE THAT THERE'S ANY REASON TO POSTPONE THE

3  DEADLINE.

4       THE COURT:  OKAY.

5       MR. CAHN:  AND I'M SURE, THOUGH WELL INTENTIONED,

6  DR. ZADA IS NOT PRIVY TO ALL THE GROUNDS OF AMAZON'S INTENDED

7  SUMMARY JUDGMENT MOTION.  BUT ONE OF THEM -- ONE OF THE

8  GROUNDS WOULD BE TO CHALLENGE THAT THERE ARE ANY, ANY SHOWING

9  OF ACTUAL DAMAGES IN THIS CASE, WHICH IS WHY THE FINANCIAL

10  INFORMATION IF WE DO IT ON THE OCTOBER 5TH DEADLINE IS

11  IMPORTANT.

12       THE COURT:  WELL, WAIT A SECOND.  I THOUGHT -- WHEN

13  I GLANCED AT THE AMAZON MOTION EX PARTE APPLICATION, THE

14  CALENDARED MOTION, MY QUICK LOOKING THROUGH IT LED ME TO

15  THINK THAT IT WAS VERY MUCH RELATED TO GOOGLE'S INTERROGATORY

16  MOTION.

17       MR. CAHN:  THAT'S CORRECT.

18       THE COURT:  OKAY.

19       MR. CAHN:  THE FINANCIAL DISCOVERY IS TEE'D UP IN

20  THE OTHER GOOGLE MOTION.

21       THE COURT:  OKAY.

22       DR. ZADA:  YOUR HONOR, LET ME MAKE SURE YOU

23  UNDERSTAND WHAT HAPPENED.  WE FILED A SUMMARY JUDGMENT MOTION

24  AGAINST AMAZON IN I THINK OCTOBER OF '08, ALMOST A YEAR AGO.

25  WE HAD I THINK 500 SAMPLE ISSUES -- IMAGES APPROXIMATELY IN

1  THAT MOTION.  ALL THE COPYRIGHT MATERIALS, THE REGISTRATIONS,

2  THE  DEPOSIT MATERIALS WAS INCLUDED.  SO, WE HAD A FAIRLY

3  LARGE SAMPLING IN THAT MOTION.

4          I THINK WHAT AMAZON IS ASKING ABOUT IS TO FILE --

5  AND THEY FILED SUMMARY JUDGMENT MOTIONS AGAINST US.  THEY'RE

6  TALKING ABOUT SOME KIND OF A DAMAGES MOTION THAT I DON'T KNOW

7  EXACTLY WHAT THE GROUNDS WOULD BE.  BUT MY UNDERSTANDING IS

8  IT'S PRIMARILY FINANCIALLY RELATED.  AND WE'VE ALREADY GIVEN

9  THEM BASICALLY ALL THE FINANCIAL INFORMATION WE COULD

10  POSSIBLY GIVE THEM.

11          THE COURT:  ALL RIGHT.  I'LL LET YOU INDEPENDENTLY

12  DISCUSS THAT.

13          DR. ZADA:  YES, I DON'T WANT TO CONFUSE THAT HERE.

14          THE COURT:  ALL RIGHT.  SO, LET ME JUST SUM UP

15  WHERE I BELIEVE WE ARE.  I'M BEING REDUNDANT, BUT REDUNDANCY

16  IS MY FRIEND.

17          OKAY.  MY UNDERSTANDING IS THAT AMAZON AND P10

18  WILL JOINTLY PROPOSE TO JUDGE MATZ ASAP THAT THE DISPOSITIVE

19  MOTION CUTOFF DATE BE EXTENDED A COUPLE OF MONTHS AND WILL

20  STATE THE REASONS THEREFOR.

21          JUDGE MATZ WILL HOPEFULLY RULE ON THAT SOMETIME

22  NEXT WEEK.

23          IF HE GRANTS THAT, THEN, AMAZON'S MOTION WILL NOT

24  BE CALENDARED FOR THE CURRENT -- THE PREVIOUSLY FILED MOTION

25  WILL NOT BE HEARD ON THE 22ND, NOR WILL -- AND THAT WILL ALSO

1  TRIGGER AN UNDERSTANDING THAT GOOGLE'S INTERROGATORY MOTION

2  WILL BE TABLED.  HOWEVER, THE REMAINING TWO GOOGLE MOTIONS

3  WILL REMAIN ON CALENDAR WITH THE STRONG HOPE THAT THEY WILL

4  BE RESOLVED BEFORE THE 22ND BY THE PARTIES -- NOT ME.  THAT

5  THERE WILL BE A GOOD FAITH ATTEMPT TO SETTLE THOSE.

6          DR. ZADA:  YOUR HONOR --

7          MR. MAUSNER:  YOUR HONOR, I THINK WE HAVE TO TALK

8  TO THEM ABOUT THIS AND SEE, IN FACT, WHAT IT IS THAT THEY'RE

9  GOING TO PROPOSE BEFORE WE CAN SAY THAT WE WOULD AGREE TO

10  THAT.  I THINK THAT'S A POSSIBILITY, BUT IT'S NOT A DEFINITE.

11  AND, YOU KNOW, THERE MAY BE SOME ISSUES THAT COME OUT OF THAT

12  AS WELL.

13          THE COURT:  OUT OF WHAT?

14          MR. MAUSNER:  ISSUES OF WHAT?

15          THE COURT:  I'M SORRY.  MAY COME OUT OF WHAT?

16          MR. MAUSNER:  IF THERE IS GOING TO BE SUCH AN

17  AGREEMENT, THERE MAY HAVE TO BE SOME OTHER ISSUES RESOLVED AS

18  WELL.

19          THE COURT:  OKAY.

20          MR. MAUSNER:  OKAY.

21          THE COURT:  I DON'T KNOW WHAT YOU MEAN, BUT OKAY.

22          MR. MAUSNER:  OKAY.  SO, WHAT I WOULD PROPOSE IS

23  THAT WE TALK ABOUT THIS, SEE IF WE CAN REACH THAT AGREEMENT.

24  AND, THEN, IF WE COULD, YOU KNOW, JUST RECONVENE THIS TO

25  FURTHER DISCUSSIONS.

1          THE COURT:  RECONVENE THIS -- THIS JOINT --

2          MR. MAUSNER:  YEAH, THE JOINT THING.  OR WE CAN

3   TELL YOU THAT WE DID RESOLVE IT.

4          THE COURT:  THAT'S FINE.

5          MR. MAUSNER:  BUT IF WE DIDN'T RESOLVE IT --

6          THE COURT:  THAT'S FINE.  THAT'S FINE.

7          OKAY.

8          MS. KINKAID:  YOUR HONOR?

9          THE COURT:  YES.

10         MS. KINKAID:  VALERIE KINKAID.

11         RIGHT NOW WHEN ARE THE SUPPLEMENTAL MEMORANDA DUE?

12         THE COURT:  WELL, RIGHT NOW THEY WOULD BE DUE I

13   GUESS NEXT TUESDAY, 14 DAYS FROM -- MAYBE THE RULE CHANGED.

14   MAYBE IT'S EVEN 21 DAYS.  MAYBE THEY'RE LATE.  I DON'T KNOW.

15         MR. CAHN:  IT'S VERY HARD FOR US TO PROVIDE A

16   SAMPLING ISSUE BY TUESDAY, YOUR HONOR.

17         THE COURT:  I DON'T KNOW HOW TO ANSWER THE QUESTION

18   UNTIL I KNOW WHETHER THE INTERROGATORIES MOTION IS GOING

19   FORWARD.  I'M HOPING THAT IT'S NOT GOING TO GO FORWARD.

20         DR. ZADA:  CAN WE SCHEDULE A NEW CONFERENCE CALL IF

21   NECESSARY --

22         THE COURT:  YES.

23         DR. ZADA:  -- EITHER NEXT WEEK OR EARLY THE WEEK

24   AFTER, YOUR HONOR?

25         THE COURT:  YES, YES, YES.

1          DR. ZADA:  BECAUSE MY SUSPICION IS THAT THE

2     SEPTEMBER 22ND, THE HEARING ON THE INTERROGATORIES IS GOING

3     TO HAVE TO BE MOVED BACK ONE WAY OR THE OTHER.  AND THAT WE

4     COULD GO FORWARD WITH THE HEARING ON THE 22ND WITH REGARD TO

5     THE REDACTED FINANCIALS AND THE OTHER ISSUE -- THE RFA.

6          THE COURT:  I WANT YOU REALLY TO FOCUS ON RESOLVING

7     THE RFAS AND THE FINANCIALS, REALLY, REALLY BE FOCUSING --

8          DR. ZADA:  BECAUSE THE REASON, YOUR HONOR, THAT WE

9     ARE A LITTLE RELUCTANT TO ANSWER THIS IS BECAUSE WE BELIEVE

10    THAT THE ONLY THING THAT AMAZON NEEDS IS THE FINANCIALS, AND

11    THAT THERE'S NOTHING ELSE TO REALLY TALK ABOUT AS TO WHY THEY

12    -- WE DON'T REALLY WANT TO DELAY THIS THING FOR THREE MONTHS

13    UNLESS THERE'S A GOOD REASON TO DO SO.  AND UNTIL WE TALK TO

14    THEM AND ARE TOLD THAT, WE WOULD PREFER TO RESOLVE THE

15    FINANCIAL ISSUE AS SOON AS POSSIBLE -- WHICH IS I THINK WHAT

16    THEY NEED TO GO FORWARD ON THEIR MOTION FOR SUMMARY JUDGMENT.

17         THE COURT:  OKAY.

18         ALL RIGHT.  WHAT ELSE DO WE NEED TO ACCOMPLISH

19    RIGHT NOW?

20         MR. MAUSNER:  LET'S GET --

21         THE COURT: -- ACCOMPLISHED NOTHING.

22         MR. MAUSNER:  LET'S GET, YOU KNOW, WHAT IS COMING

23    UP THAT WE HAVE TO DO AND WHEN WE WOULD RECONVENE.

24         THE COURT:  WELL, WHY DON'T WE PLAN ON -- WHY DON'T

25    WE PLAN ON TALKING -- HOW ABOUT MONDAY, THE 14TH?

1          DR. ZADA:  THAT'S FINE.

2          MR. ZELLER:  I BELIEVE THAT'S OKAY FOR GOOGLE, YOUR

3    HONOR.

4          MR. MAUSNER:  OKAY.  THAT'S GOOD.

5          MR. CAHN:  YES, THAT WOULD WORK.  I MEAN, I'M

6    AVAILABLE THEN.  SURE.

7          THE COURT:  I DON'T REALLY -- LET ME GO BACK TO THE

8    QUESTION ABOUT SUPPLEMENTAL MEMORANDA.  BASED ON THE PAPERS

9    BEFORE ME, I DON'T WANT ANY SUPPLEMENTAL MEMORANDA.  AND

10   THERE'S NOTHING YOU'RE GOING TO TELL ME THAT'S GOING TO HELP

11   ANYONE.

12         THE QUESTION IS WHETHER REALLY THE MOTION DATE

13   WOULD NEED TO BE CONTINUED SO THAT THE PARTIES CAN ENGAGE IN

14   IN A NEW AND DIFFERENT APPROACH OF SAMPLING --

15         DR. ZADA:  I THINK WE HAVE TO POSTPONE IT, YOUR

16   HONOR, BECAUSE WE'RE NOT GOING TO BE ABLE TO COME UP WITH

17   MEANINGFUL, INTELLIGENT SAMPLING ALTERNATIVES --

18         THE COURT:  WELL, BUT IF THE INTERROGATORY MOTION

19   IS GOING TO BE TABLED, THEN WE CAN PROCEED WITH THE OTHER TWO

20   IF YOU CAN'T RESOLVE THEM.  AND I DON'T NEED SUPPLEMENTAL

21   BRIEFING ON THOSE.  THERE REALLY IS NO NEED FOR IT.

22         MS. KINKAID:  BUT JUST TO CLARIFY, YOUR HONOR.

23   THEN, NONE OF THE PARTIES SHOULD SUBMIT SUPPLEMENTAL

24   MEMORANDA ON TUESDAY, THE 8TH.

25         THE COURT:  ON ANY DAY REGARDING ANY OF THE MOTIONS

1    IN THEIR PRESENT FORM.

2              MS. KINKAID:  WE'RE AGREEABLE TO THAT SO LONG AS IT

3    APPLIES TO EVERYONE.

4              THE COURT:  OH, OF COURSE.  OF COURSE.  I JUST

5    CAN'T IMAGINE WHAT MORE NEEDS TO BE SAID IN THEIR PRESENT

6    FORM.

7              OKAY.  SO, LET'S TALK -- LET'S HAVE A CONFERENCE

8    CALL ON THE 14TH AT -- I DON'T KNOW.  I WANT TO SAY TEN

9    O'CLOCK.  OR DO YOU WANT THE AFTERNOON?  WHAT DO YOU WANT?

10             MR. MAUSNER:  COULD WE DO THAT IN THE AFTERNOON,

11   YOUR HONOR?

12             THE COURT:  ALL RIGHT.  LET'S SAY THREE O'CLOCK.

13             MR. ZELLER:  YOU SAID THREE O'CLOCK?

14             THE COURT:  YES.  OKAY?

15             MR. ZELLER:  THAT'S FINE FOR US.

16             THE COURT:  AND MAYBE WE'LL HAVE A RULING FROM

17   JUDGE MATZ BY THEN AS TO THE STIPULATION.

18             MR. MAUSNER:  THAT'S TRUE.  WELL, LATE SUMMER COULD

19   EITHER BE LABOR DAY OR THE SOLSTICE WHICH IS A LITTLE BIT

20   LATER.

21             THE COURT:  I'M GOING TO GO OFF THE RECORD FOR A

22   SECOND.

23             (OFF THE RECORD.)

24             (RECORDED PROCEEDINGS CONCLUDED 3:48 P.M.)

25

1          C E R T I F I C A T E

2

3          I CERTIFY THAT THE FOREGOING IS A CORRECT

4    TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

5    PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

6

7

8

9    DOROTHY BABYKIN                    9/30/09

10   _____        _____

11   FEDERALLY CERTIFIED TRANSCRIBER        DATED

12   DOROTHY BABYKIN

13

14

15

16

17

18

19

20

21

22

23

24

25