Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE. INC., a corporation; et. al.,

Defendants.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**PERFECT 10'S EVIDENTIARY OBJECTIONS TO: DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF DEFENDANT GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBOR UNDER 17 U.S.C. §512**

**BEFORE JUDGE A. HOWARD MATZ**

Date: Hearing Date Not Set
Time: Hearing Date Not Set
Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz

Discovery Cut-Off Date: None
Pretrial Conference Date: None
Trial Date: None

Plaintiff Perfect 10, Inc. ("Perfect 10") objects to portions of the following declarations, as set forth in the chart below:

(1) Declaration of Rachel Herrick Kassabian in Support of Defendant Google's Motions for Summary Judgment Re: Google's Entitlement to Safe Harbor Under 17 U.S.C.§ 512, Docket No. 466 (under seal) (the "Kassabian Declaration"); and

(2) Rebuttal Declaration of Rachel Herrick Kassabian in Support of Defendant Google's Motions for Summary Judgment Re: Google's Entitlement to Safe Harbor Under 17 U.S.C.§ 512, Docket No. 508 (under seal) (the "Kassabian Rebuttal Declaration").

| **Proffered Statement of Declaration or Exhibit** | **Objections** |
|---|---|
| **KASSABIAN DECLARATION** | |
| 1. Page 1:7-8 (¶2): Attached as Exhibit A is a chart which summarizes, for the court's convenience, the deficiencies in each of Perfect 10's claimed DMCA notices.<br><br>Exhibit A to the Kassabian Declaration | Objections: lack of personal knowledge and lack of foundation (Fed R. Evid 602); inadmissible lay opinion (Fed. R. Evid. 701); improper expert testimony from a witness not qualified (Fed. R. Evid. 702); lack of authentication (Fed. R. Evid. 901).<br><br>Ms. Kassabian is not an expert on DMCA notices and has submitted no evidence demonstrating her expertise in this area. Ms. Kassabian has not processed any of Perfect 10's notices. She has provided no evidence that she has reviewed the more than 68 Perfect 10 DMCA notices listed in Exhibit A, or that she was aware of what was on the infringing web pages identified in those DMCA notices in 2001, 2004, 2005, 2006, and 2007, when those notices were received. Consequently, Ms. Kassabian's testimony lacks personal knowledge, lacks foundation, and constitutes improper expert testimony.<br><br>Ms. Kassabian does not provide any |

| | |
|---|---|
| | examples of what a compliant notice would have been under the circumstances, or explain why Perfect 10's notices that were created in accordance with Google's instructions are deficient.<br><br>For example, Ms. Kassabian does not explain how a DMCA notice that provides a copy of the allegedly infringing web page showing the full URL, with the copyrighted Perfect 10 Images check marked, fails to identify both the allegedly infringing material and the copyrighted work. Nor does Ms. Kassabian provide any other reasonable way that Perfect 10 could have identified the allegedly infringing material and the copyrighted work.<br><br>Instead, Ms. Kassabian has simply claimed that all Perfect 10 notices are deficient, without any basis or foundation whatsoever.<br><br>Additionally, Ms. Kassabian does not properly authenticate the referenced chart, Exhibit A. Therefore, the documentary evidence is not admissible. |
| 2. Page 3:3-7 (¶14): Google has yet to receive complete discovery establishing Perfect 10's alleged ownership of all of the images at issue in this lawsuit, such as complete records of all copyright registration and deposits materials, and materials documenting the chain of title for the images Perfect 10 allegedly commissioned or purchased from third parties. | Objections: improper legal conclusion; lack of personal knowledge (Fed. R. Evid. 602); irrelevant (Fed. R. Evid. 401, 402).<br><br>Liability is not an asserted issue in Google's DMCA motions. Ms. Kassabian has not testified that she has reviewed all of the deposit materials, work for hire agreements, copyright certificates, and other discovery produced by Perfect 10 in this case, and therefore lacks foundation for her statement. |
| **KASSABIAN REBUTTAL DECLARATION** | |
| 3. Page 3:7-10 (¶8): Attached as Exhibit B is a true and correct copy of a document produced by | Objections: Lack of foundation and lack of personal knowledge (Fed. R. Evid. 602); Best Evidence Rule: oral testimony |

| | |
|---|---|
| Google at control number GGL 033527, titled 'Interim Designation of Agent to Receive Notification of Claimed Infringement' and dated September 23, 1999. | inadmissible to prove contents of a writing (Fed. R. Evid. 1002); irrelevant (Fed. R. Evid. 401, 402); exceeds the scope of Perfect 10's Opposition and attempts to introduce new evidence without offering all of the documents relevant to this issue.<br><br>Google is using the document attached as Exhibit B in an attempt to assert, for the first time, that Perfect 10 sent its 2001 DMCA notices to the wrong email address. The best evidence for this assertion would include the email address for Google's copyright agent listed on Google's website. However, Google did not have any information regarding its copyright agent listed on its website in 1999, so Google was not even eligible for a DMCA safe harbor at that time. 17 U.S.C. §512(c)(2). In May 2001, when Perfect 10 started sending its DMCA notices, the email address for Google's copyright agent as listed on its website was the one that Perfect 10 used: webmaster@google.com. *See* Declaration of Norman Zada in Support of Evidentiary Objections, submitted herewith, ¶5, Exh. 1. Accordingly, Perfect 10 sent its notices to the correct address, as shown by a *full* record of the documents. For this reason, Paragraph 8 and Exhibit B are irrelevant to any issue raised by Google's motions. |
| 4. Page 2:7-13 (¶2): During the course of discovery, Google has produced thousands of pages of documents detailing Google's processing of Perfect 10 and third party DMCA notices. These documents were produced in 'TIFF' format and are text searchable. In June 2008, Perfect 10 asked Google to identify the specific control numbers at which these documents could be found | Objections: Lack of foundation and lack of personal knowledge (Fed. R. Evid. 602); inadmissible lay opinion (Fed. R. Evid. 701); improper expert testimony from a witness not qualified (Fed. R. Evid. 702); Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); irrelevant (Fed. R. Evid. 401, 402); exceeds the scope of Perfect 10's Opposition and attempts to introduce new evidence without offering all of the |

| | |
|---|---|
| within Google's production. Google complied with Perfect 10's request, providing a list of specific control numbers for all such documents. | documents relevant to this issue.<br><br>Ms. Kassabian lacks the personal knowledge to testify as to all of the documents produced by Google and her declaration lacks a foundation establishing a basis for her to testify about all of the documents produced by Google. Ms. Kassabian is not a technical expert and her declaration contains no qualifications establishing her technical expertise. Accordingly, she is not qualified to testify about what is or is not "text searchable." In fact, Perfect 10's production using Adobe is vastly more searchable than Google's, which is largely unsearchable. Furthermore, Google's production is completely disorganized. Many of the documents produced by Google are unreadable or redacted, and Google often produced six copies of the same DMCA notice, making its production one gigantic mess. Declaration of Dr. Norman Zada Submitted in Opposition to Google's Three Motions for Summary Judgment (Docket Nos. 491, 490, 488) ("Zada Decl."), ¶¶19, 73, Exhs. 55, 9 (unreadable notices folder). Ms. Kassabian's testimony that Google provided Perfect 10 with "a list of specific control numbers for all such documents" violates the Best Evidence Rule, in that Ms. Kassabian seeks to give oral testimony regarding a written list that she has failed to attach. In fact, Google's list of more than 20,000 bates numbered documents merely identified a mass of multiple copies of the same disorganized and often unreadable or redacted documents. Google failed to provide the DMCA log in spreadsheet form, even though the Court ordered Google to produce such a document in its May 13, 2008 order (Docket No. 294, page 4). Zada Decl., ¶¶19, 73, Exh. 55. |
| 5. Page 2:20-22 (¶5): During | Objections: Lack of foundation and lack |

| | |
|---|---|
| discovery, Google produced a complete copy of its current DMCA tracking spreadsheet for Google's Blogger service, as well as complete copies of Google's earlier Blogger DMCA tracking spreadsheets. | of personal knowledge (Fed. R. Evid. 602); Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); irrelevant (Fed. R. Evid. 401, 402).<br><br>Ms. Kassabian has not testified that she has processed any DMCA notices received by Google regarding Blogger, let alone all such notices. Her declaration does not include a foundation establishing a basis for her to testify about these documents. Accordingly, Ms. Kassabian's testimony regarding what Google has produced lacks foundation and lacks personal knowledge. Ms. Kassabian's testimony violates the Best Evidence Rule, in that Ms. Kassabian seeks to give oral testimony regarding "tracking spreadsheets" that she has failed to attach. Finally, Ms. Kassabian does not define the meaning of the phrases "current DMCA tracking spreadsheet for Google's Blogger service," or "complete copies of Google's earlier Blogger DMCA tracking spreadsheets." Accordingly, her testimony is irrelevant.<br><br>Ms. Kassabian does not explain why the 3,808 infringing blogger.com URLs identified by Perfect 10 in its DMCA notices were not included in Google's "complete copy of its current DMCA tracking spreadsheet for Google's Blogger service." Perfect 10 Blogger Opposition, page 10, lines 9-12. |

Dated: October 12, 2009 LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*

Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.