Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendant.<br>_____<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF SEAN CHUMURA, BENNETT MCPHATTER AND DAVID O'CONNOR RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>[DECLARATION OF JEFFREY N. MAUSNER FILED CONCURRENTLY HEREWITH]<br><br>**BEFORE JUDGE A. HOWARD MATZ**<br><br>Date:  None Set (taken under submission)<br>Time:  None Set<br>Place:  Courtroom 14, Courtroom of the Honorable A. Howard Matz<br><br>Discovery Cut-Off Date:  None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

# TABLE OF CONTENTS

I. MCPHATTER AND O'CONNOR WERE NOT KNOWN TO PERFECT 10 UNTIL JUST PRIOR TO GOOGLE'S SUMMARY JUDGMENT MOTIONS. .......................................................................... 1

    A. Google Did Not Disclose Its Own Witnesses: Poovala, Brougher, and Haahr. .......................................................................... 3

II. GOOGLE'S OBJECTION THAT PERFECT 10 HAS NOT DESIGNATED CHUMURA, MCPHATTER AND O'CONNOR AS EXPERT WITNESSES IS PREMATURE AND INAPPLICABLE. ........................................................ 3

    A. Rule 26 Allows The Disclosure Of Expert Testimony Up Until 90 Days Before Trial. ........................................................ 3

III. THE CHUMURA, MCPHATTER, AND O'CONNOR DECLARATIONS ARE VERY RELEVANT TO THE CASE AND DIRECTLY CONTRADICT STATEMENTS MADE BY GOOGLE IN ITS SUMMARY JUDGMENT MOTIONS. ..... 4

    A. The Declarations Conclusively Prove That Perfect 10's Notices Allowed Google To Locate The Infringing Material. ......... 5

    B. The Chumura, McPhatter, and O'Connor Declarations Refute The Testimony Of Shantal Rands Poovala. ......................... 6

    C. Google Fails To Provide Any Technical Declarations To Refute The Chumura, McPhatter, or O'Connor Declarations. ......... 7

IV. CHUMURA, MCPHATTER, AND O'CONNOR HAVE SUFFICIENT EXPERTISE TO TESTIFY ABOUT THE MATTERS IN THEIR DECLARATIONS. ........................ 8

V. THE EVIDENTIARY STANDARD IS LOWER FOR THE NON-MOVANT IN A SUMMARY JUDGMENT MOTION. ................ 10

VI. CONCLUSION. ............................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Doff v. Brunswick Corp.*, 372 F.2d 801 (9th Cir.1966) ........................................ 10

*Guang Dong Light Headgear Factory Co., Ltd., v. ACI Intern., Inc.*,
    2008 WL 53665 (D. Kan. 2008) ........................................................................ 2

*Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985) .................................... 10

*Perfect 10 v. Amazon.com. Inc., et al.*, Case No. CV 05-4753 .............................. 4

*Scharf v. U.S. Att'y Gen.,* 597 F.2d 1240 (9th Cir.1979) ...................................... 10

*Wolk v. Green,* 2008 WL 298757 (N.D. Cal. 2008) .............................................. 2

**Statutes**

17 U.S.C.§ 512 ........................................................................................................ 6

Federal Rules of Civil Procedure 26(2)(C) ............................................................. 3

Federal Rules of Civil Procedure 26(a)(1)(A)(i) ..................................................... 2

Plaintiff Perfect 10, Inc. ("Perfect 10") hereby responds to Defendant Google Inc.'s ("Google") Evidentiary Objections to the following three declarations submitted by Perfect 10 on August 9, 2009 in connection with Perfect 10's Oppositions to Google's Motions for Summary Judgment Re DMCA Safe Harbor for its Web and Image Search, Blogger Service, and Caching Feature:

1.  Declaration of Sean Chumura (Docket No. 479) ("Chumura Decl.");

2.  Declaration of Bennett McPhatter (Docket No. 481) ("McPhatter Decl."); and

3. Declaration of David O'Connor (Docket No. 480) ("O'Connor Decl.").[1]

The Chumura and O'Connor Declarations are identical to earlier declarations of those witnesses submitted by Perfect 10 on July 6, 2009 in this action, in support of Perfect 10's Motion for Summary Judgment (Docket Nos. 442 and 443).

I. **MCPHATTER AND O'CONNOR WERE NOT KNOWN TO PERFECT 10 UNTIL JUST PRIOR TO GOOGLE'S SUMMARY JUDGMENT MOTIONS.**

Google raises the same mistaken objection to both the McPhatter Declaration and the O'Connor Declaration. It asserts that this Court should strike both declarations because Perfect 10 did not disclose Mr. McPhatter or Mr. O'Connor as persons with knowledge of facts relevant to the case, in its Rule 26 Initial Disclosures or in its interrogatory responses.[2] *See* Evidentiary

---

[1] Google's separate Evidentiary Objections to the Chumura Declaration, the McPhatter Declaration, and the O'Connor Declaration, all filed on September 8, 2009 (collectively, the "Evidentiary Objections"), are Docket Nos. 508, 512, and 514, respectively.

[2] Google does not raise this objection to the Chumura Declaration. Mr. Chumura was disclosed in Perfect 10's August 2008 updated Rule 26 disclosures, but Google has not attempted to depose him. Declaration of Jeffrey N. Mausner in Support of Perfect 10's Evidentiary Objections and Responses to Google's Evidentiary Objections Re: Google's Three Motions for Summary Judgment, filed concurrently herewith ("Mausner Evidentiary Objections Decl."), ¶5.

1 | Objections at 1-2.

2 | Google's objection that Perfect 10 did not timely disclose Mr. McPhatter or Mr. O'Connor has no basis, because Perfect 10 did not know of these Declarants until just before or just after Google filed its Motions for Summary Judgment on July 2, 2009.  In particular, counsel for Perfect 10, Jeffrey N. Mausner ("Mausner"), first knew about David O'Connor on or about June 10, 2009, and first spoke with him on or about June 11, 2009; O'Connor's declaration was obtained on June 16, 2009 and provided to Google on July 6, 2009.  (Docket Nos. 443, 480.)  Mausner first knew about and spoke with Bennett McPhatter on or about July 5, 2009; McPhatter's declaration was obtained on July 9, 2009 and provided to Google on August 9, 2009.  (Docket No. 481.)  *See* Mausner Evidentiary Objections Decl. ¶4. [3]

Thus, Perfect 10 timely disclosed these witnesses to Google by providing Google with their declarations, shortly after Perfect 10 became aware of the witnesses. [4]  Google had more than two months to depose Mr. O'Connor, and one month to depose Mr. McPhatter, before it was required to file its reply papers in connection with its Motions for Summary Judgment.  Consequently, Google has no basis for its objections.  Google chose not to depose either Mr. O'Connor or Mr. McPhatter.  Instead, Google conducted discovery regarding Perfect 10 models and Perfect 10's financial position.

---

[3] *Wolk v. Green,* 2008 WL 298757 (N.D. Cal. 2008) and *Guang Dong Light Headgear Factory Co., Ltd., v. ACI Intern., Inc.,* 2008 WL 53665 (D. Kan. 2008), the cases upon which Google relies [*see* Evidentiary Objections at 1], are totally inapposite. *Wolk* involved a motion to compel production of documents, not an alleged failure to disclose witnesses, in initial disclosures or otherwise.  In *Guang*, the party defendant accused of failing to properly disclose the existence of a witness did not even contest that the witness had not been properly disclosed, unlike the situation here. *Guang* at *1.

[4] Furthermore, the McPhatter and O'Connor Declarations rebut claims made by Google's witness, Shantal Rands Poovala, that Perfect 10's notices did not provide sufficient information for Google to locate the infringing material or were otherwise deficient.  Mr. McPhatter and O'Connor therefore fall within the exception for disclosure of impeachment witnesses set forth in Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

### A. Google Did Not Disclose Its Own Witnesses: Poovala, Brougher, and Haahr.

Perfect 10 has no record that Google disclosed, either in its Rule 26 disclosures or in its interrogatory responses, the names of the following witnesses for which it submitted declarations in support of its Motions for Summary Judgment: Shantal Rands Poovala, Bill Brougher, and Paul Haahr. Mausner Evidentiary Objections Decl. ¶5.  Consequently, Google has no basis to complain about the timing of Perfect 10's disclosure of McPhatter and O'Connor, particularly since Perfect 10 only learned about these witnesses around the time it received Google's Summary Judgment Motions.  Moreover, in contrast to Google, Perfect 10 disclosed Dr. Norman Zada, Mr. Chumura, and Sheena Chou as individuals with knowledge relating to the case in its Rule 26 disclosures. *Id.* Accordingly, if the Court strikes either the McPhatter Declaration or the O'Connor Declaration on this basis, Perfect 10 objects to Google's Poovala, Brougher, and Haahr Declarations on this basis as well, and requests that they also be stricken.

## II. GOOGLE'S OBJECTION THAT PERFECT 10 HAS NOT DESIGNATED CHUMURA, MCPHATTER AND O'CONNOR AS EXPERT WITNESSES IS PREMATURE AND INAPPLICABLE.

Google also objects that Perfect 10 did not timely disclose Chumura, McPhatter, and O'Connor as expert witnesses. *See* Evidentiary Objections at 2, 3.  This objection fails as well.

### A. Rule 26 Allows The Disclosure Of Expert Testimony Up Until 90 Days Before Trial.

Rule 26(2)(C) of the Federal Rules of Civil Procedure only requires that a party designate its expert witnesses within 90 days of trial, unless otherwise ordered by the court.  It states, in pertinent part:

(C) *Time to Disclose Expert Testimony*. A party must make these

disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosure must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial."

Here, no trial date has been set for this action, and the Court has not entered an order setting a date for the disclosure of expert witnesses. Accordingly, the time by which Perfect 10 must designate Chumura, McPhatter, or O'Connor as experts has yet to arrive.

Moreover, this Court denied a similar motion brought by defendant A9.com, Inc. to strike a different declaration of Sean Chumura filed by Perfect 10 in *Perfect 10 v. Amazon.com, Inc., et al.,* on the ground that Mr. Chumura allegedly had not been disclosed as an expert at that time. *See Perfect 10 v. Amazon.com. Inc., et al.,* Case No. CV 05-4753, Minute Order of October 6, 2008 (Docket No. 169).[5] Furthermore, Google has not disclosed its expert witnesses. For these reasons, the Court should deny Google's request to strike the Declarations of Chumura, McPhatter, and O'Connor.

### III. **THE CHUMURA, MCPHATTER, AND O'CONNOR DECLARATIONS ARE VERY RELEVANT TO THE CASE AND DIRECTLY CONTRADICT STATEMENTS MADE BY GOOGLE IN ITS SUMMARY JUDGMENT MOTIONS.**

Google further asserts that the Chumura, McPhatter, and O'Connor Declarations are irrelevant. According to Google, this case is not about whether Google processed the DMCA notices of McPhatter or O'Connor; it is only about Perfect 10's notices. Evidentiary Objections to McPhatter and O'Connor Declarations at 3.[6] As explained below, Google is incorrect. The Chumura, McPhatter, and O'Connor Declarations are relevant for multiple reasons.

---

[5] The Court only excluded small portions of Mr. Chumura's declaration on other unrelated grounds.

[6] This assertion has no basis. Perfect 10 has never suggested that either Mr. McPhatter or Mr. O'Connor sent any DMCA notices to Google.

4
Perfect 10's Response to Google, Inc.'s Evidentiary
Objections to the Declarations of Chumura, McPhatter and O'Connor

### A. The Declarations Conclusively Prove That Perfect 10's Notices Allowed Google To Locate The Infringing Material.

Exhibit 1 to the Chumura, McPhatter, and O'Connor Declarations contains examples of various types of DMCA notices sent by Perfect 10 to Google that are similar or identical to the sample notices attached to Perfect 10's Opposition to Motion for Summary Judgment re: Safe Harbor under 17 U.S.C. §512(b) for Its Caching Feature ("Perfect 10's Cache Opposition") (Docket No. 497). For example, page 1 of Exhibit 1 is the same as Sample Notice 6, found at page 16 of Perfect 10's Cache Opposition. Pages 2, 3, and 5 of Exhibit 1 are the same style of notices as Sample Notices 5, 2, and 4, respectively, which are included in Perfect 10's Cache Opposition at pages 15, 12, and 14, respectively. Page 4 of Exhibit 1 is similar to Perfect 10's Web Search Group C Adobe style notices. Page 6 of Exhibit 1 was contained in Perfect 10's July 2, 2007 notice and identifies an infringing blogger.com URL. Declaration of Dr. Norman Zada Submitted in Opposition to Google's Three Motions for Summary Judgment (Docket Nos. 491, 490, 488) ("Zada Decl."), ¶46, Exh. 33, page 3. Page 7 of Exhibit 1 is similar to Perfect 10's blogspot.com notices that were created by following Google's Web Search instructions. Page 11 of Exhibit 1 to the McPhatter and O'Connor Declarations is an example of Perfect 10's Group B notices. Page 8 of Exhibit 1 to the McPhatter and O'Connor Declarations is the same as Sample Notice 1, which appears on page 5 of the Perfect 10 Cache Opposition.

Chumura, McPhatter, and O'Connor all testify that each and every one of Perfect 10's DMCA notices attached as part of Exhibit 1 to their respective declarations provided Google with sufficient information to locate the infringing material. *See* Chumura Decl. ¶¶3-5; McPhatter Decl. ¶¶3-6; O'Connor Decl. ¶¶3-6. This testimony is relevant to the issue raised by Google's Summary Judgment Motions – whether Google is entitled to safe harbor protection under

the DMCA.

### B. The Chumura, McPhatter, and O'Connor Declarations Refute The Testimony Of Shantal Rands Poovala.

The Chumura, McPhatter, and O'Connor Declarations are relevant for the additional reason that they refute the testimony of Shantal Rands Poovala, the key witness supporting Google's three Summary Judgment Motions. These motions largely depend on Ms. Poovala's declaration, in which she claims that all of Perfect 10's DMCA notices were deficient. Declaration of Shantal Rands Poovala in support of Defendant Google's Motions for Summary Judgment Re: Google's Entitlement to Safe Harbor Under 17 U.S.C.§ 512 ("Poovala Decl."). Ms. Poovala admittedly has no technical background, however, and even refused to answer questions in her deposition regarding the sufficiency of DMCA notices, claiming that "I am not an engineer." *See* Perfect 10's Objections to the Declaration and Rebuttal Declaration of Shantal Rands Poovala in support of Google's Motions for Summary Judgment, filed concurrently herewith ("Perfect 10's Objections to Poovala Declarations"), Section II.

Ms. Poovala makes various extremely important, completely unsupported, and wholly incorrect claims in her declaration, including the assertion that "[t]he Group C Notices also failed to identify the location of any allegedly infringing material." Poovala Decl. ¶51. The Chumura, McPhatter, and O'Connor Declarations completely refute such testimony.

For example, Mr. Chumura explains in detail why each of Perfect 10's sample notices included in Exhibit 1 to the Chumura Declaration are sufficient to locate the infringing material. Chumura Decl. ¶¶4-5. Then, Mr. Chumura explains how URLs with ellipses can still be used to find full URLs. *Id*. ¶6. Next, Mr. Chumura testifies that post URLs are not present on blogger.com web pages. This testimony demonstrates that Ms. Poovala's claim that the copyright holder must provide a post URL to identify infringing blogger.com web pages

makes no sense. The testimony further establishes that Google's insistence that a copyright holder provide a post URL when none exists is just another example of Google's unreasonable restrictions regarding the content of DMCA notices. Such restrictions are not compatible with the DMCA.[7] *Compare* Poovala Decl. ¶93 *with* Chumura Decl. ¶¶6-7. Mr. Chumura further testifies that the URL on the blogger.com web page that Perfect 10 provided was sufficient to locate the infringing material. Chumura Decl. ¶7. Finally, Mr. Chumura explains why Google's separate instructions for Image Search are generally not "necessary or helpful in the vast majority of situations." *Id.* ¶8. He also explains why Perfect 10's Web Search notices were sufficient to remove images from Google's Image Search results. *Id.* ¶8.

The testimony of both Mr. McPhatter and Mr. O'Connor likewise confirms the sufficiency of Perfect 10's sample notices set forth in Exhibit 1 to their declarations. *See* McPhatter Decl. ¶¶3-6; O'Connor Decl. ¶¶3-6. Accordingly, because the testimony of Chumura, McPhatter, and O'Connor directly refutes Ms. Poovala's testimony regarding the alleged deficiency of Perfect 10's notices, the Chumura, McPhatter, and O'Connor Declarations are clearly relevant to the issues raised by Google's Summary Judgment Motions.

C. **Google Fails To Provide Any Technical Declarations To Refute The Chumura, McPhatter, or O'Connor Declarations.**

In its reply papers, Google fails to provide a single technical declaration refuting the testimony of Chumura, McPhatter, or O'Connor. If the statements in the Chumura, McPhatter, and O'Connor Declarations regarding the adequacy

---

[7] Section 512(c)(3) of the DMCA requires either: (i) identification of the reference or link, to material or activity claimed to be infringing, which Perfect 10 provided in its Group A, B, and C style notices; or (ii) in the case of hosting or AdSense, identification of the material that is claimed to be infringing or the subject of infringing activity, which Perfect 10 also provided when it submitted a copy of the infringing web page to Google with the infringing P10 Images on that page clearly identified. Zada Decl. ¶¶23-24, 26, 33, 40-63, Exhs. 12-14, 27-47. There is no requirement in the DMCA that the copyright holder specifically provide a post URL, particularly when none exists.

7
Perfect 10's Response to Google, Inc.'s Evidentiary
Objections to the Declarations of Chumura, McPhatter and O'Connor

of Perfect 10's notices are not true, it should have been easy for Google, a technological powerhouse, to provide declarations challenging this testimony. Instead, Google has provided nothing. In fact, Google has not even explained why any of the copies of infringing web pages contained in Exhibit 1 to the Chumura, McPhatter, and O'Connor Declarations were not sufficient for Google to locate the infringing material. Google also does not provide any technical declarations to contest the fact that URLs could have been readily extracted from Perfect 10's Adobe style notices, at the rate of at least 300 per hour.

## IV. CHUMURA, MCPHATTER, AND O'CONNOR HAVE SUFFICIENT EXPERTISE TO TESTIFY ABOUT THE MATTERS IN THEIR DECLARATIONS.

Google asserts, without further explanation or discussion, that Chumura, McPhatter, and O'Connor appear to lack the necessary qualifications to support their testimony. Evidentiary Objections at 2, 3. Google is mistaken as to each of these three witnesses.

First, Mr. McPhatter and Mr. O'Connor are computer experts and own a company called Visual Analytics, which offers the ability to *search* databases, documents, e-mail archives and *web sites* all at once. Mausner Evidentiary Objections Decl. Exh. DD.

Second, both Mr. McPhatter and Mr. O'Connor are experts in search and if asked to testify at trial, they will be called as experts as to the sufficiency of Perfect 10's notices. Mr. McPhatter has over "12 years of experience developing large scale distributed systems, federated *search*, and information sharing technologies" and created "DIG®", the "standard information sharing application at a number of State, local and city law enforcement agencies." McPhatter Decl., ¶¶1, 2 (emphasis added). Mr. O'Connor is the co-founder, President, and Chief Technical Officer of Visual Analytics, and has a B.S. in Computer Science and over 15 years experience developing large scale

8
Perfect 10's Response to Google, Inc.'s Evidentiary
Objections to the Declarations of Chumura, McPhatter and O'Connor

distributed systems, data mining, visualization, and artificial intelligence technologies. O'Connor Decl. ¶¶1, 2.

Third, both Mr. McPhatter and Mr. O'Connor testify that they have "sufficient expertise in computer science and the Internet to determine whether the various portions of notices attached as Exhibit 1 would provide a search engine such as Google with enough information to locate the infringing images(s) or link(s)." McPhatter Decl. ¶3; O'Connor Decl. ¶3.

Fourth, Mr. Chumura has sufficient expertise and qualifications to provide the testimony in his declaration. Mr. Chumura has demonstrated that expertise by writing a program which allowed Perfect 10 to provide to Google, in Perfect 10's DMCA notices, a copy of each infringing Google P10 thumbnail, along with the Google Image URL, the URL of the web page containing the image, and the Google thumbnail URL for that image. Chumura Decl. ¶3, Exh. 1. Moreover, Mr. Chumura has "spent over a thousand hours using and analyzing how the Google search engine functions" and has done much research and study regarding search engine operation. Chumura Decl. ¶¶1-3. For all of these reasons, the Chumura Declaration establishes that Mr. Chumura has a level of knowledge far beyond what is needed to testify that Perfect 10's notices were sufficient to enable Google to locate the infringing material identified by Perfect 10.

In contrast to Chumura, McPhatter, and O'Connor, Ms. Poovala has no technical expertise at all. In her deposition, Ms. Poovala even refused to answer questions as to whether notices were sufficient, stating that she is "not an engineer." *See* Perfect 10's Objections to Poovala Declarations, filed concurrently, Sections I-III. Under these circumstances, there is no basis whatsoever for Google to argue that the Chumura, McPhatter, and O'Connor Declarations should be stricken, while the Poovala Declaration should not.

## V. THE EVIDENTIARY STANDARD IS LOWER FOR THE NON-MOVANT IN A SUMMARY JUDGMENT MOTION.

As explained in greater detail in Section I of Perfect 10's Reply to Google, Inc.'s Evidentiary Objections to the Declaration of Dr. Norman Zada, submitted concurrently herewith, which Perfect 10 incorporates herein as if set forth here in full, the Ninth Circuit has adopted certain general principles that in summary judgment settings, courts must "treat the opposing party's papers more indulgently than the moving party's papers." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985). *See also Scharf v. U.S. Att'y Gen.,* 597 F.2d 1240, 1243 (9th Cir.1979) ("courts generally are much more lenient with the affidavits of a party opposing a summary judgment motion."); *Doff v. Brunswick Corp.*, 372 F.2d 801, 804 (9th Cir.1966) (referring to the "rule of liberal construction of a counter affiant's papers"), *cert. denied*, 389 U.S. 820, 88 S.Ct. 39 (1967).

The Declarations of Chumura, McPhatter, and O'Connor conclusively establish that Perfect 10's sample notices identified the location of the infringing material and could readily be processed. Google has provided no technical declarations of its own to prove otherwise. None of Google's objections has any merit, particularly when this Court applies the more lenient standard for declarations of the non-moving party in summary judgment settings.

## VI. CONCLUSION.

For all of the foregoing reasons, this Court should disregard Google's objections to the Chumura, McPhatter, and O'Connor Declarations, and should consider these Declarations in their entirety in connection with Perfect 10's Oppositions to Google's Motions for Summary Judgment.

Dated: October 12, 2009            Respectfully submitted,
                                   Law Offices of Jeffrey N. Mausner

                           By: _____*Jeffrey N. Mausner*_____
                                   Jeffrey N. Mausner
                                   Attorney for Plaintiff Perfect 10, Inc.