Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,

Defendant.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF MARGARET JANE EDEN, DEAN HOFFMAN, C.J NEWTON, AND LES SCHWARTZ RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**

[DECLARATION OF JEFFREY N. MAUSNER FILED CONCURRENTLY HEREWITH]

**BEFORE JUDGE A. HOWARD MATZ**

Date: None Set (taken under submission)
Time: None Set
Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz

Discovery Cut-Off Date: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

Plaintiff Perfect 10, Inc. ("Perfect 10") hereby responds to Defendant Google Inc.'s ("Google") Evidentiary Objections to the following four declarations submitted by Perfect 10 on August 9, 2009 in connection with Perfect 10's Oppositions to Google's Motions for Summary Judgment:

1. Declaration of Margaret Jane Eden (Docket No. 475) (the "Eden Declaration");

2. Declaration of Dean Hoffman (Docket No. 476) (the "Hoffman Declaration");

3. Declaration of C.J. Newton (Docket No. 477) (the "Newton Declaration"); and

4. Declaration of Les Schwartz (Docket No. 478) (the "Schwartz Declaration").[1]

The Hoffman Declaration and the Newton Declaration are identical to earlier Declarations of Dean Hoffman and C.J. Newton submitted by Perfect 10 on July 6, 2009 in this action in support of Perfect 10's Motion for Summary Judgment (Docket Nos. 444 and 445).

## I. <u>THE DECLARANTS WERE NOT KNOWN TO PERFECT 10 UNTIL ABOUT THE TIME GOOGLE FILED ITS SUMMARY JUDGMENT MOTIONS, AND WERE THEN PROMPTLY DISCLOSED</u>.

Google raises the same mistaken objection to all four of the declarations noted above (collectively, the "Declarations"): Google asserts that this Court should strike the Declarations because Perfect 10 did not disclose Ms. Eden, Mr. Hoffman, Mr. Newton, or Mr. Schwartz (the "Declarants") as persons with knowledge of facts relevant to the case, in its Rule 26 Initial Disclosures or in its interrogatory responses. *See* Evidentiary Objections at 1-2.

[1] Google's separate Evidentiary Objections to the Eden Declaration, the Hoffman Declaration, the Newton Declaration, and the Schwartz Declaration, all filed on September 8, 2009 (collectively, the "Evidentiary Objections"), are Docket Nos. 509, 510, 513, and 515, respectively.

Perfect 10 did not know of two of the Declarants, however, until *after* Google filed its three motions for Summary Judgment on July 2, 2009, and did not know of the other two Declarants until just before Google filed these motions. In particular, Perfect 10's attorney, Jeffrey N. Mausner, first knew about and spoke with Margaret Jane Eden on or about July 31, 2009; her declaration was obtained on August 4, 2009 and provided to Google on August 9, 2009. (Docket No. 475.) Mausner first knew about and spoke with Les Schwartz on or about July 27, 2009; his declaration was obtained on July 28, 2009 and provided to Google on August 9, 2009. (Docket No. 478.) Mausner first knew about and spoke with C.J. Newton on or about May 27, 2009; his declaration was obtained on May 28, 2009 and provided to Google on July 6, 2009. (Docket Nos. 445, 477.) Mausner first knew about and spoke with Dean Hoffman on or about May 29, 2009; his declaration was obtained on May 29, 2009 and provided to Google July 6, 2009. (Docket Nos. 444, 476.) Declaration of Jeffrey N. Mausner in Support of Responses to Google's Evidentiary Objections, submitted herewith ("Mausner Evidentiary Objections Decl.") ¶3.

Thus, Perfect 10 timely disclosed these witnesses to Google by providing Google with their declarations, shortly after Perfect 10 became aware of the witnesses. Google had more than two months to depose Messrs. Newton and Hoffman, and one month to depose Mr. Schwartz and Ms. Eden, before it was required to file its reply papers in connection with its Motions for Summary Judgment. Consequently, Google has no basis for its objections.[2] Google chose not to depose any of the Declarants. Instead, Google conducted discovery

[2] Furthermore, the Declarants rebut claims made by Google's witness, Shantal Rands Poovala, that Google expeditiously removed or disabled access to infringing material upon notice from all copyright claimants. The Declarants therefore fall within the exception for disclosure of impeachment witnesses set forth in Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

regarding Perfect 10 models and Perfect 10's financial position.[3] There was no bad faith here on the part of Perfect 10, and Google does not allege that there was.

### A. **Google Has Not Disclosed Its Witnesses, Poovala, Brougher, Or Haahr**

Perfect 10 has no record that Google disclosed the following witnesses for which it submitted declarations in support of its Summary Judgment Motions: Shantal Rands Poovala, Bill Brougher, and Paul Haahr. Mausner Evidentiary Objections Decl. ¶5. Consequently, Google has no basis to complain about the timing of Perfect 10's disclosure of Ms. Eden and Messrs. Hoffman, Newton and Schwartz to Google, particularly since Perfect 10 only learned about these witnesses around the time it received Google's Summary Judgment Motions. Moreover, in contrast to Google, Perfect 10 has disclosed Dr. Norman Zada, Sean Chumura, and Sheena Chou as individuals with knowledge relating to the case in its Rule 26 disclosures. *Id.* Accordingly, if the Court strikes any of the declarations submitted by Perfect 10 on this basis, Perfect 10 objects to the declarations of Poovala, Brougher, and Haahr on this basis as well, and requests that they also be stricken.

Finally, this Court should not strike the Eden, Hoffman, Newton, or Schwartz Declarations for the additional reason that, both at the time of Perfect 10's Rule 26 Initial Disclosures and its updated disclosures, *Google knew about the Declarants,* because they sent DMCA notices to Google. If anything, Google should have revealed the identities of C. J. Newton, who sent over 100 notices to Google beginning in 2002, and Margaret Jane Eden, who sent approximately 70

[3] *Wolk v. Green*, 2008 WL 298757 (N.D. Cal. 2008) and *Guang Dong Light Headgear Factory Co., Ltd., v. ACI Intern., Inc.*, 2008 WL 53665 (D. Kan. 2008), the cases upon which Google relies [*see* Evidentiary Objections at 1], are totally inapposite. *Wolk* involved a motion to compel production of documents, not an alleged failure to disclose witnesses, in initial disclosures or otherwise. In *Guang*, the party defendant accused of failing to properly disclose the existence of a witness did not even contest that the witness had not been properly disclosed, unlike the situation here. *Guang* at *1.

notices to Google. Google's failure to suitably address the concerns of such copyright holders, who have been forced to send Google notice after notice regarding the same repeat infringers, is particularly relevant to the question of whether Google is eligible for safe harbor under *Perfect 10, Inc. v. CCBill, LLC,* 488 F.3d 1102, 1115 (9th Cir. 2007), discussed in Section II.A, below. Under these circumstances, where Google knew or should have known about the Declarants even before Perfect 10 learned of them, there is no basis for Google to preclude Perfect 10 from relying upon the Declarations. *See, e.g., El Ranchito, Inc. v. City of Harvey,* 207 F.Supp.2d 814, 818 (N.D. Ill. 2002) (failure to disclose persons known to opposing party and "obvious" subjects for deposition was "harmless").

## II. THE DECLARATIONS OF EDEN, HOFFMAN, NEWTON, AND SCHWARTZ ARE EXTREMELY RELEVANT TO THE CASE AND DIRECTLY CONTRADICT STATEMENTS MADE BY GOOGLE IN ITS SUMMARY JUDGMENT MOTIONS.

Google's assertion that the Eden, Hoffman, Newton and Schwartz Declarations are irrelevant [*see* Evidentiary Objections at 2] is incorrect, for at least four reasons discussed below.

### A. The Declarations Create A Triable Issue Of Fact As To Whether Google Has Suitably Implemented A Policy Against Repeat Infringers.

In order to be eligible for the safe harbor provisions of the DMCA, a service provider such as Google must have "adopted and reasonably implemented . . . a policy that provides for the termination of . . . repeat infringers." 17. U.S.C. § 512(i). The Ninth Circuit has held that the failure to implement a "repeat infringer" policy does not have to be connected with the plaintiff in the lawsuit at hand. Rather, the plaintiff can submit evidence of the defendant's failure to adopt and implement such a policy in connection with third-parties as well. *See Perfect*

*10, Inc. v. CCBill, LLC*, 488 F.3d at 1115 ("we remand to the district court to determine whether ***third-party notices made CCBill and CWIE aware that it provided services to repeat infringers, and if so, whether they responded appropriately"***) (emphasis added). Accordingly, declarations by third parties such as the Declarants that a service provider such as Google has failed to remove or disable access to infringing material upon notice, or has failed to implement a policy for the termination of repeat infringers, *are relevant to whether that service provider is eligible for safe harbor protection under the DMCA.*

For example, in her declaration, Ms. Eden explains how she has complained about the infringing website rapidshare.com in her notices to Google. Eden Decl. ¶7. Exhibit 3 to the Eden Declaration shows "Ads by Google" on a ***Google-hosted site***, xchaix-rapidshare.blogspot.com, that offers rapidshare links for illegally downloading the complete works of Ms. Eden and her husband. Perfect 10 has repeatedly complained to Google about rapidshare.com as well. Declaration of Dr. Norman Zada Submitted in Opposition to Google's Three Motions for Summary Judgment (Docket Nos. 491, 490, 488) ("Zada Decl.") ¶14, Exh. 7.

Google's demonstrated failure to remove or disable access to such infringing material, and to terminate such repeat infringers that are its hosting and advertising clients, not only creates a triable issue of fact, it precludes a safe harbor.

**B. <u>The Eden, Hoffman, Newton, and Schwartz Declarations Refute The Testimony Of Shantal Rands Poovala</u>.**

Google's three Motions for Summary Judgment rely largely on the declaration of one witness, Shantal Rands Poovala. *See* Perfect 10's Objections to the Declaration and Rebuttal Declaration of Shantal Rands Poovala in Support of Google's Motions for Summary Judgment Re: Google's Entitlement to Safe Harbor, filed concurrently herewith under seal. Ms. Poovala makes two important claims which form the basis for Google's entire defense: that Google suitably

implemented a policy against repeat infringers, and that Google expeditiously processed all DMCA-compliant notices.

The Eden, Hoffman, Newton, and Schwartz Declarations directly refute those claims. If Google did not expeditiously process their notices, Google could not have expeditiously processed all notices, as stated by Ms. Poovala.

### C. **<u>The Declarations Prove That Google Has Not Complied With The DMCA and Is Ineligible For Safe Harbor</u>.**

The Eden, Hoffman, Newton, and Schwartz Declarations demonstrate that Google has not cooperated with copyright holders as envisioned by the DMCA and that Google has made demands on copyright holders that are incompatible with being eligible for safe harbor.

In order for an internet service provider such as Google to be eligible for safe harbor under the DMCA, it must provide a means for allowing copyright holders to submit their notices by either mail, fax, or email. For this reason, the Register of Copyrights has sections on its form requiring the ISP to provide a street address, a fax number, and an email address. Zada Decl. Exh. 11, page 2. *See also* 17 U.S.C. §§ 512(c)(2)(A) and (B).

As may be seen by a review of Exhibit 1 to the Eden Declaration, however, Google states that it will not process Ms. Eden's DMCA notices unless they are sent by email. This position violates the DMCA requirement that the ISP provide a mailing address and fax number to accept notices sent in that fashion. Google's refusal to process faxed or mailed DMCA notices is particularly outrageous, because Google states in its instructions to copyright holders that *notices cannot be emailed* (*see* Zada Decl., Exh. 12, page 1), then subsequently refuses to process the notices unless they are emailed. Finally, Exhibit 1 to the Eden Declaration completely refutes Ms. Poovala's assertion in her declaration that Google has expeditiously processed all DMCA-compliant notices. Google cannot possibly have processed all DMCA-compliant notices if it has refused to process some

notices that otherwise comply with the DMCA simply because they were not emailed.

### D. **<u>The Declarations Support Perfect 10's Position That Google Has Made It As Difficult As Possible For Copyright Holders To Submit Notices</u>.**

The Eden, Hoffman, Newton, and Schwartz Declarations also undermine any claims by Google that Google's refusal to process Perfect 10's notices was Perfect 10's fault. Rather, the Declarations clearly show that Google has a policy of wearing down copyright holders by changing its rules and requests until copyright holders simply give up. This is not the type of policy that warrants any sort of safe harbor protection under the DMCA.

## III. **<u>GOOGLE'S ADDITIONAL OBJECTIONS TO THE HOFFMAN DECLARATION LACK MERIT</u>.**

Google further objects to portions of the Hoffman Declaration on the ground that Mr. Hoffman lacks personal knowledge and specialized expertise, even though he is in the computer business. Evidentiary Objections at 3-5. These objections are without merit.

The Hoffman Declaration is based on Mr. Hoffman's personal knowledge. Mr. Hoffman testifies that he was the president of a company that owns copyrights to certain software, that websites stole that software and sold it on the Internet, and that Google's search engine provided the links to the infringing material. Hoffman Decl. ¶¶1, 2. Mr. Hoffman further testifies that he continued to send DMCA notices to Google in whatever format Google requested, but Google did not remove links to the infringing material. Hoffman Decl. ¶¶3-6. Google's objection that such testimony lacks personal knowledge is baseless.

Finally, the Hoffman Declaration contains no testimony that requires specialized scientific or technical knowledge.

## IV. **GOOGLE'S ADDITIONAL OBJECTIONS TO THE NEWTON DECLARATION LACK MERIT.**

Google's additional objections to the Newton Declaration also lack merit, for the same reasons. First, the Newton Declaration is based on Mr. Newton's personal knowledge. Mr. Newton testifies that, starting in October 2002, he personally sent more than 100 DMCA notices to Google, asking it to remove infringing links. Newton Decl. ¶3. Mr. Newton further testifies that, as of the date of the Newton Declaration, Google had not removed access to links forwarded to Google by Mr. Newton. *Id.* ¶4 and Exh. 2. Such testimony, based on Mr. Newton's personal knowledge and supported by exhibits, is not objectionable.

Second, the Newton Declaration contains no specific technical details requiring specialized knowledge. Moreover, Mr. Newton is the chief executive officer of a company "in the business of developing and rehabilitating websites so they perform better in natural search results." Newton Decl. ¶1. Mr. Newton therefore is qualified to make general statements about using the Internet, links on the Internet, and infringing material on the Internet.

## V. **GOOGLE'S ADDITIONAL OBJECTIONS TO THE SCHWARTZ DECLARATION LACK MERIT.**

Google further objects to portions of the Schwartz Declaration on the grounds that Mr. Schwartz, even though he is in the computer business, lacks personal knowledge and specialized expertise. These objections lack merit, for all of the reasons discussed above. First, the Schwartz Declaration is based on Mr. Schwartz's personal knowledge. Mr. Schwartz simply sets forth the difficulties he personally encountered in seeking to have Google remove access to material infringing his company's copyrights, and adds that some of the infringing material is still available. Schwartz Decl. ¶¶2-8. Second, there are no statements in the Schwartz Declaration that require a specialized background or training.

## VI. **GOOGLE'S ADDITIONAL OBJECTIONS TO THE EDEN DECLARATION LACK MERIT.**

Google's objection that the Eden Declaration lacks personal knowledge has no basis. Ms. Eden testifies, based upon her own knowledge and experience, about the onerous procedures Google requires content owners to follow in order to have infringing material removed. Eden Decl. ¶5. Ms. Eden further testifies, based on her personal knowledge, that Google refused to remove certain infringing links without explanation, that she complained to Google about sites such as rapidshare.com and bittorrent.com infringing her copyrighted works, and that links to those sites are still available on Google. Eden Decl., ¶¶6-7. Ms. Eden's testimony, which is supported by attached exhibits, is unobjectionable.

## VII. **THE EVIDENTIARY STANDARD IS LOWER FOR THE NON-MOVANT IN A SUMMARY JUDGMENT MOTION.**

As explained in greater detail in Section I of Perfect 10's Reply to Google, Inc.'s Evidentiary Objections to the Declaration of Dr. Norman Zada, submitted concurrently herewith, which Perfect 10 incorporates herein as if set forth here in full, the Ninth Circuit has adopted a "general principle" that courts must "treat the opposing party's papers more indulgently than the moving party's papers." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985). *See also Scharf v. U.S. Att'y Gen.*, 597 F.2d 1240, 1243 (9th Cir.1979) ("courts generally are much more lenient with the affidavits of a party opposing a summary judgment motion."); *Doff v. Brunswick Corp.*, 372 F.2d 801, 804 (9th Cir.1966) (referring to the "rule of liberal construction of a counter affiant's papers"), *cert. denied*, 389 U.S. 820, 88 S.Ct. 39 (1967).

The Declarations of Eden, Hoffman, Newton, and Schwartz clearly raise a triable issue of fact as to whether Google has: (i) expeditiously processed all DMCA-complaint notices; and (ii) suitably implemented a policy against repeat infringers. None of Google's objections has merit, particularly when this Court

applies the more lenient standard for declarations of the non-moving party discussed above.

**VIII. <u>CONCLUSION</u>.**

For all of the foregoing reasons, this Court should disregard Google's objections to the Eden, Hoffman, Newton, and Schwartz Declarations, and should consider these Declarations and the statements contained therein in their entirety in connection with Perfect 10's Oppositions to Google's Motions for Summary Judgment.

Dated: October 12, 2009

Respectfully submitted,
LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.