Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,

Defendant.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SHEENA CHOU RE GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**

**BEFORE JUDGE A. HOWARD MATZ**

Date: None Set (taken under submission)
Time: None Set
Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz

Discovery Cut-Off Date: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

Plaintiff Perfect 10, Inc. ("Perfect 10") hereby responds to Defendant Google Inc.'s ("Google") Evidentiary Objections to the Declaration of Sheena Chou submitted by Perfect 10 in connection with Perfect 10's Opposition to Google's Motions for Summary Judgment Re DMCA Safe Harbor for its Web and Image Search, Blogger Service, and Caching Feature (the "Chou Declaration" or "Chou Decl.") (Docket No. 483) as follows:

## I. <u>MS. CHOU DOES NOT OFFER OPINION TESTIMONY</u>.

Google first objects to the Chou Declaration on the grounds that Ms. Chou allegedly is offering "improper opinion testimony." Evidentiary Objections at 1. However, Ms. Chou is not offering her opinion. On the contrary, Ms. Chou makes the following specific statements, among others, based on tasks that she personally performed for Perfect 10, in connection with locating Perfect 10 infringements.

1) That she inputted 3,737 URLs extracted from Perfect 10's blogger.com DMCA notices into her browser bar and verified that the infringing web pages containing Perfect 10 images were still stored on Google's blogger.com servers. Chou Decl. ¶8.

2) That she was able to extract URLs from Perfect 10's Adobe style DMCA notices at the rate of 5 URLs per minute. *Id.* ¶7.

3) That she reviewed Perfect 10's Adobe style DMCA notices to Google and found that they identified at least 329 post URLs. *Id.* ¶9.

4) That she has not seen any post URLs on web pages with blogger.com URLs (rather than blogspot.com URLs). *Id.* ¶¶10-11.

5) That images on perfect10.com cannot be identified by post URLs. *Id.* ¶11.

6) That she was able to input the URLs provided by Perfect 10 in its DMCA notices into Google's search box to determine if Google had removed from its search results the URLs identified by Perfect 10. *Id.* ¶6.

7) That she personally downloaded at least 15,000 Perfect 10 images from at least 20 different pay sites identified in Perfect 10's June 28, 2007 DMCA notice. *Id.* ¶3.

All of the above statements merely describe what Ms. Chou did or observed. They do not constitute improper opinion testimony.

Moreover, Ms. Chou's statement in Paragraph 12 of the Chou Declaration that Google's DMCA instructions for Image Search are "in most cases completely unnecessary, and in many cases, unworkable" is based upon her own personal knowledge. Ms. Chou explains, using the website nudecelebforum.com as an example, why Google's Image Search instructions for that website simply do not work. She explains why Google's policy of only allowing the copyright holder to specify an image URL once the image actually appears in Google's Image Search results, coupled with the fact that nudecelebforum.com infringes 17,000 Perfect 10 images, make Google's instructions unusable for that website, and completely inferior to the results that Perfect 10 could obtain if it simply identified 60 web page URLs. Chou Decl. ¶12. If a witness testifies that a process or procedure is unnecessary and/or unworkable, and that testimony is based on a valid explanation supported by personal observations, that testimony is based upon personal knowledge and sufficient foundation, and should not be stricken.

## II. <u>GOOGLE DOES NOT REFUTE ANY OF MS. CHOU'S TESTIMONY</u>.

If Ms. Chou's testimony lacks foundation as Google claims, Google should be able to refute at least parts of her testimony. However, in its reply, Google does not refute *any portion* of the Chou Declaration. For example, Google does not refute testimony by Ms. Chou that: (i) URLs can be extracted from Perfect 10's Adobe style notices at the rate of five URLs a minute; (ii) Perfect 10 identified at least 3,737 blogger.com URLs in its notices which

Google did not suppress; and (iii) Perfect 10 identified at least 329 post URLs to Google in its DMCA notices. Chou Decl. ¶¶7-9.

## III. <u>GOOGLE'S OBJECTION THAT PERFECT 10 HAS NOT DESIGNATED MS. CHOU AS AN EXPERT IS PREMATURE AND INAPPLICABLE</u>.

Google also objects that Ms. Chou was not designated as an expert. Evidentiary Objections at 1. This objection fails for at least two reasons.

First, Rule 26(2)(C) of the Federal Rules of Civil Procedures requires that a party designate its expert witnesses within 90 days of trial, unless otherwise ordered by the court. Because no trial date has been set for this action, the time to designate Ms. Chou as an expert has not arrived.

Second, Ms. Chou works part time for Perfect 10. She is merely testifying as to the information she personally retrieved through tasks she was asked to perform. Ms. Chou testifies that she has a degree in Economics from UCLA, as well as considerable familiarity with computers and the Internet. Chou Decl. ¶2. Such a background is more than sufficient for Ms. Chou to perform the tasks described in the Chou Declaration.

## IV. <u>MS. CHOU'S STATEMENTS REGARDING PAYSITES ARE DIRECTLY RELEVANT</u>.

At several points in its Evidentiary Objections, Google objects to Ms. Chou's statements concerning infringing material Ms. Chou located through Google's links to "pay sites" (also known as "usenet sites"), on the grounds of relevance. Google's objections are not well founded. The "pay sites" to which Google links contain thousands of unauthorized Perfect 10 images. Google has taken the untenable position that it can continue to receive payments from, promote, and provide links to the home pages and sign-up pages of infringing websites, even after receiving notice that those websites are infringing. Google takes this position even though the DMCA specifically provides, in 17

U.S.C. §512(d), that a search engine may be liable "for infringement of copyright by reason of the provider *referring or linking* users to an online location *containing* infringing material or infringing activity." (emphasis added). Therefore, Google's assertion that Ms. Chou's testimony lacks relevance has no merit. For a complete discussion on this issue, *see* Section V of Perfect 10's Opposition to Google's Motion for Summary Judgment Re: Safe Harbor for Web and Image Search, filed under seal (Docket No. 498), at pages 20-22.

## V. GOOGLE'S OTHER OBJECTIONS ARE MERITLESS.

Google's remaining objections that certain statements in the Chou Declaration lack foundation or are not within Ms. Chou's personal knowledge are without merit, and provide an example of Google using inapplicable boilerplate objections. As explained above, all of the statements contained in the Chou Declaration are based on Ms. Chou's first-hand knowledge and personal observations, made in connection with work she was asked to perform.

## VI. CONCLUSION.

For the foregoing reasons, this Court should disregard Google's evidentiary objections and consider the Declaration of Sheena Chou and the statements contained therein in their entirety.

Dated: October 12, 2009

Respectfully submitted,
LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.