Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,

Defendant.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JEFFREY MAUSNER RE GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**

**BEFORE JUDGE A. HOWARD MATZ**

Date: None Set (taken under submission)
Time: None Set
Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz

Discovery Cut-Off Date: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

Plaintiff Perfect 10, Inc. ("Perfect 10") hereby responds to Defendant Google Inc.'s ("Google") Evidentiary Objections to the Declaration of Jeffrey N. Mausner submitted by Perfect 10 on August 9, 2009 in opposition to Google's Motions for Summary Judgment Re DMCA Safe Harbor for its Web and Image Search, Blogger Service, and Caching Feature (the "Mausner Declaration") (Docket No. 482), as follows:[1]

## I. <u>MR. MAUSNER'S STATEMENTS ARE STATEMENTS OF FACT, NOT OPINION</u>.

Google's Evidentiary Objections begin with its boilerplate paragraph setting forth general requirements for admissibility of evidence, which Google admits may not apply to the Mausner Declaration. Google then offers several unfounded specific objections to the Mausner Declaration, all of which have no merit.

Google objects to Paragraphs 2-13 of the Mausner Declaration as "irrelevant" because Mr. Mausner allegedly is expressing his "personal opinions." Evidentiary Objections at 2. In fact, Paragraphs 2-13 of the Mausner Declaration express no opinion at all. They merely set forth, attach and authenticate correspondence between Perfect 10 and Google regarding Google's lack of cooperation in setting up a Notification System as ordered by the Court. The *only* statement that possibly may be considered opinion, but is also a statement of fact, is Mr. Mausner's statement that "Google's willingness to cooperate to develop such a system extended no further than its Preliminary Injunction brief." Mausner

[1] In addressing Google's objections to the Mausner Declaration, the general principles applicable to declarations submitted in opposition to summary judgment motions should be applied, as discussed in Section I of Perfect 10's Reply to Google, Inc.'s Evidentiary Objections to the Declaration of Dr. Norman Zada, submitted concurrently herewith, which is incorporated herein as if set forth in full. For example, the Ninth Circuit has adopted a general principle with respect to evidentiary objections for summary judgment motions that courts must "treat the opposing party's papers more indulgently than the moving party's papers." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985). *See also Scharf v. U.S. Att'y Gen.*, 597 F.2d 1240, 1243 (9th Cir.1979) ("courts generally are much more lenient with the affidavits of a party opposing a summary judgment motion.")

Decl., ¶4, page 1, lines 26-27. Even if the Court strikes this statement, it does not alter the remaining facts and correspondence about which Mr. Mausner testifies in Paragraphs 2-13 of the Mausner Declaration.

## II. **MR. MAUSNER'S STATEMENTS ARE RELEVANT**.

Mr. Mausner's statements and authenticated exhibits are also *relevant.* The fact that Google could have, but failed to, set up a notification system that would have streamlined and expedited the removal of infringing material from its search results is relevant to the issue of whether Google has taken simple measures to reduce the damage to the copyrighted works of Perfect 10 and other copyright owners. *Perfect 10, Inc. v. Amazon.com, Inc.* ,508 F.3d 1146, 1172 (9th Cir. 2007) ("Applying our test, Google could be held contributorily liable if it had knowledge that infringing Perfect 10 images were available using its search engine, could take simple measures to prevent further damage to Perfect 10's copyrighted works, and failed to take such steps."). Mr. Mausner's testimony establishes that Google failed to set up such a notification system even when it was under an Order from this Court to do so. Google has recently set up a check-the-box type notification tool to report offensive images, but not one to report infringing images. Declaration of Jeffrey N. Mausner In Support Of Perfect 10's Evidentiary Objections and Responses to Google's Evidentiary Objections Re Google's Three Motions For Summary Judgment, filed concurrently herewith, ¶8, Exh. EE.

The details of Google's refusal or failure to assist in creating a notification system are also relevant to determining whether Google has "adopted and reasonably implemented … a policy that provides for the termination of … repeat infringers." 17. U.S.C §512(i). If Google had set up such a notification tool, Google would now have computerized records of thousands of images allegedly infringed by websites from which it copies images, many of which are AdSense or Blogger affiliates. This tool would have given Google a straightforward method of keeping track of, and terminating, repeat infringers. It also would have given

Google the ability to stop copying images for its Image Search results from known infringers. Google's failure to implement such a notification tool or maintain anything more than a fragmentary DMCA log is directly relevant to Google's eligibility for safe harbor under the DMCA.

## III. **GOOGLE'S OTHER OBJECTIONS ARE NEGLIGIBLE AND DO NOT ALTER THE MAUSNER DECLARATION OR THE UNDERLYING FACTS.**

Google's remaining objections to the Mausner Declaration are without merit. First, Google's objections that certain statements of Mr. Mausner are argumentative or irrelevant, including Paragraph 15 of the Mausner Declaration, are unsupported and negligible.

Second, Google's objections to Paragraphs 16, 17, 18 and 28 of the Mausner Declaration are incorrect. Mr. Mausner's statements in these paragraphs are based upon his personal knowledge, establish a sufficient foundation, are not speculative, and do not constitute improper opinion testimony.

Third, Google's objections to the exhibits to the Mausner Declaration lack substance. The correspondence and letters attached as exhibits – all of which are authenticated by Mr. Mausner – lay a foundation for facts relevant to the Summary Judgment Motions: Google's position on certain matters or Google's action or lack of action on certain matters. For example, Paragraph 17 of the Mausner Declaration authenticates a letter establishing Google's position that it does not have to remove or disable access to usenet sites (pay sites) upon receiving notice of infringement. Paragraph 28 of the Mausner Declaration establishes that Google will continue to publicize Perfect 10's DMCA notices on Chillingeffects.org. In short, Google's assertion that certain language in the Mausner Declaration may be argumentative does not alter the underlying facts evidenced by the correspondence that Mr. Mausner authenticates in his declaration, or their relevance.

Fourth, Exhibits C, D, E, and G to the Mausner Declaration, to which

Google also objects, are admissible under the standard for opposing motions for summary judgment. *See* Section I of Perfect 10's Reply to Google, Inc.'s Evidentiary Objections to the Declaration of Dr. Norman Zada, filed concurrently herewith. In particular, portions of depositions in the consolidated *Google/Amazon* case, in which Google's attorney was present (Exhibits E and G), are clearly admissible. A portion of the deposition taken in the *Microsoft* case (Exhibit D) is also admissible to demonstrate that there is a triable issue of fact. Exhibit C is also admissible under the lower standard for opposing summary judgment motions, because it shows that admissible evidence of a triable issue of fact could be introduced at trial; furthermore, the evidence in Exhibit C is to some extent duplicative of clearly admissible evidence set forth in the Declarations of Margaret Jane Eden (Docket No. 475), Les Schwartz (Docket No. 478), Dean Hoffman (Docket No. 476), and C.J. Newton (Docket No. 477).

## IV. CONCLUSION.

For the foregoing reasons, this Court should consider the entire Mausner Declaration and the exhibits authenticated thereby, in ruling on Google's Summary Judgment Motions.

Dated: October 12, 2009

Respectfully submitted,
LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.