Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,

Defendant.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MELANIE POBLETE RE GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**

**BEFORE JUDGE A. HOWARD MATZ**

Date: None Set (taken under submission)
Time: None Set
Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz

Discovery Cut-Off Date: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

Plaintiff Perfect 10, Inc. ("Perfect 10") hereby responds to Defendant Google Inc.'s ("Google") Evidentiary Objections to the Declaration of Melanie Poblete submitted by Perfect 10 in connection with Perfect 10's Opposition to Google's Motions for Summary Judgment Re DMCA Safe Harbor for its Web and Image Search, Blogger Service, and Caching Feature (the "Poblete Declaration" or "Poblete Decl.") (Docket No. 484) as follows:[1]

## I. PERFECT 10'S "SAMPLE" OF IMAGES FROM ITS DMCA NOTICES IS RELEVANT TO GOOGLE'S SUMMARY JUDGMENT MOTIONS.

Google's primary objection to the Poblete Declaration is that the declaration is irrelevant because it discusses the "Sample" of Perfect 10 images included in Exhibit 9 to the Declaration of Dr. Norman Zada submitted by Perfect 10 in opposition to Google's three Motions for Summary Judgment (the "Zada Declaration"). *See* Evidentiary Objections at 1.

In opposing Google's three Motions for Summary Judgment, Perfect 10 elected, for evidentiary purposes, to reference a few selected images identified in its DMCA notices and provide evidence of copyright ownership for those images. Accordingly, in order to save time and the Court's resources, Perfect 10 selected a sample of 12 such images from its full image library (the "Sample").

---

[1] In addressing Google's objections to the Poblete Declaration, the general principles applicable to declarations submitted in opposition to summary judgment motions should be applied, as discussed in Section I of Perfect 10's Reply to Google, Inc.'s Evidentiary Objections to the Declaration of Dr. Norman Zada, submitted concurrently herewith, which is incorporated herein as if set forth in full. For example, the Ninth Circuit has adopted a general principle with respect to evidentiary objections for summary judgment motions that courts must "treat the opposing party's papers more indulgently than the moving party's papers." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985). *See also Scharf v. U.S. Att'y Gen.*, 597 F.2d 1240, 1243 (9th Cir.1979) ("courts generally are much more lenient with the affidavits of a party opposing a summary judgment motion.")

The Court has favored a sampling approach with regard to Perfect 10's images. *See* December 2, 2008 Order Setting Status Conference Re Case Management, *Perfect 10, Inc. v. Microsoft, Inc.*, Case No. 07-5156 AHM (SHx), Docket No. 51. However, if the Court wants to see evidence of copyright ownership of additional images from Perfect 10 Magazines, that evidence is contained on the disk, Exhibit 9 to the Zada Declaration (Docket No. 490), in a folder labeled "The Sample," in subfolders labeled "Registration Certificates," "Deposit Materials," and "Work Made for Hires & AoRs," which cover many other Perfect 10 images as well.

## II. THE POBLETE DECLARATION IS OTHERWISE ADMISSIBLE.

Google's remaining objections to the Poblete Declaration lack merit. The Poblete Declaration deals mainly with the registration of, and the deposit materials associated with, the 12 sample images referenced in the Zada Declaration, which was filed concurrently. Ms. Poblete is an experienced legal assistant with extensive knowledge of the images, copyright registrations, and deposit materials relevant to Perfect 10's copyright infringement claims. She personally examined all the images and deposit materials referenced in her declaration. Poblete Decl. ¶¶1-15. Therefore, Ms. Poblete's testimony regarding the images and deposit material is based upon her personal knowledge and cannot be considered hearsay. Furthermore, based upon her legal experience, Ms. Poblete unquestionably is qualified to examine Copyright Office materials and testify about the documents she reviewed. Finally, the documents referenced in the Poblete Declaration were provided to the Court and all parties for examination. For all of these reasons, Google's remaining objections to the Poblete Declaration are meritless.

## III. PERRECT 10'S RESPONSES TO GOOGLE'S SPECIFIC OBJECTIONS.

As explained below, this Court should disregard Google's specific

objections to the Poblete Declaration:

| Proffered Evidence & Objection | Perfect 10's Response |
|---|---|
| 1. **Poblete Decl., at ¶ 2** ("I have verified that Perfect 10 has in its deposit material for copyright registrations filed with the U.S. Copyright Office, over 19,000 unique images.")<br><br>Fed. R. Evid. 401, 403, 602<br><br>The statement is irrelevant, lacks foundation, and does not appear to be within the witness's personal knowledge. | As explained above, Ms. Poblete's statement is based upon her personal knowledge and has sufficient foundation. |
| 2. **Poblete Decl., at ¶ 2** ("In this Declaration, I will reference images contained in exhibits to the Zada Declaration that constitute Perfect 10's 'Sample' of twelve images. The twelve images referenced in this Declaration which constitute Perfect 10's 'Sample' are contained in deposit materials for Perfect 10 copyright registrations with the U.S. Copyright Office.")<br><br>Fed. R. Evid. 401, 403, 602<br><br>The statement is irrelevant (see Part I, supra), lacks foundation, and is speculative. | As explained above, Ms. Poblete's statement is based upon her personal knowledge and the tasks she performed on behalf of Perfect 10. Accordingly, the statement has sufficient foundation and is not speculative. |
| 3. **Poblete Decl., at ¶¶ 3-25**<br><br>Fed. R. Evid. 401, 402, 403, 602, 1002<br><br>These portions of the Poblete Declaration all make reference to Exhibit 9 of the Zada Declaration, a/k/a "the Sample." Such references are argumentative, violate the best evidence rule (P10 seeks to take the entirety of its defective notices out of context by cherry-picking only select, individual images), irrelevant (Google's motions go to the entirety of | As explained above, Ms. Poblete's testimony regarding the Sample is based upon her personal knowledge and the tasks she performed on behalf of Perfect 10. Accordingly, her testimony has sufficient foundation and is not speculative or argumentative. Moreover, Ms. Poblete's testimony does not violate the best evidence rule. Google has failed to establish, and cannot establish, that Perfect 10's use of the Sample constitutes "cherry-picking." Moreover, the images selected for use |

| | |
|---|---|
| P10's copyright claims, see Section I, supra), speculative, and lack foundation, as no explanation is provided as to how or why "the Sample" was constructed. | in the Sample simply establish Perfect 10's ownership of the images referenced in opposition to Google's three Motions for Summary Judgment. |

## IV. CONCLUSION.

For the foregoing reasons, this Court should disregard Google's evidentiary objections and consider the Declaration of Melanie Poblete and the exhibits referenced therein in their entirety.

Dated: October 12, 2009

Respectfully submitted,
LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.