Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendant.<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**PERFECT 10'S REDACTED REPLY TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR. NORMAN ZADA RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>[UNREDACTED VERSION FILED SEPARATELY UNDER SEAL PURSUANT TO PROTECTIVE ORDER]<br><br>**BEFORE JUDGE A. HOWARD MATZ**<br><br>Date: None Set (taken under submission)<br>Time: None Set<br>Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

## TABLE OF CONTENTS


I. APPLICABLE STANDARDS FOR ADDRESSING GOOGLE'S EVIDENTIARY OBJECTIONS. .......... 1

II. INCORRECT OBJECTIONS THAT THE ZADA DECLARATION LACKS PERSONAL KNOWLEDGE AND LACKS FOUNDATION. .......... 5

III. INCORRECT OBJECTIONS THAT THE ZADA DECLARATION CONSTITUTES IMPROPER OPINION TESTIMONY. .......... 7

IV. INCORRECT OBJECTIONS REGARDING SAMPLE DMCA NOTICES. .......... 8

V. INCORRECT OBJECTIONS REGARDING THE "SAMPLE" SUBMITTED BY PERFECT 10. .......... 10

VI. INCORRECT OBJECTIONS BASED ON GOOGLE'S CLAIM THAT PERFECT 10 NEVER SENT IT A VALID DMCA NOTICE. .......... 11

VII. INCORRECT OBJECTIONS REGARDING DR. ZADA'S TESTIMONY THAT GOOGLE FAILED TO PROCESS PERFECT 10'S DMCA NOTICES. .......... 11

VIII. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY THAT GOOGLE'S INSTRUCTIONS WERE UNUSABLE, UNNECESSARILY BURDENSOME, OR WERE FOLLOWED BY PERFECT 10. .......... 12

IX. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY REGARDING RAPIDSHARE, GIGANEWS.COM AND THEPIRATEBAY.ORG. .......... 14

X. INCORRECT OBJECTIONS REGARDING DR. ZADA'S TESTIMONY CONCERNING THE FUNCTIONALITY OF ADOBE PROFESSIONAL SOFTWARE. .......... 14

XI. INCORRECT OBJECTONS TO DR. ZADA'S DESCRIPTIONS OF GOOGLE'S FRAGMENTED LOGS AND GARBLED DMCA DOCUMENTS. .......... 15

XII. INCORRECT OBJECTIONS THAT DR. ZADA MISCHARACTERIZES DOCUMENTS. .......... 16

XIII. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY THAT PERFECT 10 IDENTIFIED AT LEAST 329 INFRINGING POST URLS IN THE DMCA NOTICES IT SENT TO GOOGLE. .......... 16

XIV. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY THAT PERFECT 10 IDENTIFIED AT LEAST 3737 INFRINGING BLOGGER.COM URLS THAT GOOGLE DID NOT SUPPRESS. .......... 17

XV. INCORRECT OBJECTIONS TO EXHIBITS SUPPORTING DR. ZADA'S TESTIMONY THAT GOOGLE DID NOT EXPEDITIOUSLY REMOVE IDENTIFIED INFRINGING IMAGES, LINKS, AND GOOGLE ADS.......17

XVI. MISCELLANEOUS IMPROPER OBJECTIONS. .......18

XVII. CONCLUSION. .......19

## TABLE OF AUTHORITIES

**Cases**

*Burch v. Regents of the University of California*, 433 F.Supp.2d 1110 (E.D. Cal. 2006)....... 1-5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).......3

*Doff v. Brunswick Corp.*, 372 F.2d 801 (9th Cir.1966).......3

*Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003)....... 3-4

*Hal Roach Studios, Inc. v. Feiner & Co.*, 896 F.2d 1542 (9th Cir.1990) .......4

*Johnson v. Roche*, 2009 WL 720891 *6 (E.D. Cal., March 13, 2009).......2

*Lew v. Kona Hosp.*, 754 F.2d 1420 (9th Cir.1985) .......3

*Scharf v. U.S. Att'y Gen.*, 597 F.2d 1240 (9th Cir.1979).......3

**Statutes**

Fed. R. Civ. P. 56(e) .......3

Plaintiff Perfect 10, Inc. ("Perfect 10") hereby responds to Defendant Google Inc.'s ("Google") Evidentiary Objections to the Declaration of Dr. Norman Zada, filed by Perfect 10 on August 10, 2009 in opposition to Google's Summary Judgment Motions (Docket Nos. 491, 488, 489, 490) (the "Zada Declaration" or "Zada Decl.").

Google's Evidentiary Objections to the Zada Declaration are set forth in a highly repetitive, 91-page document, in which Google attempts to raise every conceivable objection, whether justified or not. This is inappropriate and unhelpful. *See* Section I, below. Moreover, "if [Google] has to resort to [140 paragraphs of] evidentiary objections to succeed on its motion, there must be a question of fact lurking in the [evidence filed by the parties] that [Google is] attempting to hide from the court." *Burch v. Regents of the University of California*, 433 F.Supp.2d 1110, 1122 (E.D. Cal. 2006).

To avoid burdening the Court with another unreasonably lengthy document, Perfect 10 will generally address Google's Evidentiary Objections and will not respond at this time to each of the 140 separate paragraphs of specific objections raised by Google. The discussion set forth below demonstrates that Google's Evidentiary Objections lack merit and should be overruled by the Court. Nevertheless, if this Court believes the discussion set forth below insufficiently responds to Google's Evidentiary Objections, Perfect 10 is prepared, at the Court's request, to file a Supplemental Response that specifically addresses, paragraph by paragraph, each of the 140 paragraphs of baseless objections raised by Google.

## I. APPLICABLE STANDARDS FOR ADDRESSING GOOGLE'S EVIDENTIARY OBJECTIONS.

Google has raised nearly every conceivable objection to the evidence submitted by Perfect 10 in opposition to Google's Summary Judgment Motions, including almost the entire Zada Declaration. As numerous district courts

recently have noted, this practice is inappropriate and unhelpful. For example, in *Johnson v. Roche,* 2009 WL 720891 *6 (E.D. Cal., March 13, 2009), the court stated:

> Although it appears to have become all the rage for litigants to object to every item of evidence the opposing party submits on summary judgment practice, doing so simply does not help the process. Plaintiff's evidence and defendants' objections cannot be divorced from the nature of this proceeding, i.e., summary judgment, in which defendants are the moving parties.

Similarly, in *Burch v. Regents of the University of California,* 433 F.Supp.2d 1110 (E.D. Cal. 2006), the court condemned the fact that "attorneys routinely raise every objection imaginable without regard to whether the objections are necessary, or even useful, given the nature of summary judgment motions in general, and the facts of their cases in particular." *Id.* at 1119. As the *Burch* court noted:

> It appears to have become the "standard of practice" on summary judgment motions for attorneys to comb through the materials submitted by their opponents in search of any statement, phrase, or document which might in any way run afoul of the Federal Rules of Evidence, and to file objections on all conceivable grounds. In some of the larger law firms, newer attorneys are assigned to the case simply for that purpose. Only the attorneys and their clients know how many billable hours are spent on such endeavors.

*Id.* at 1118. Merely because Google has objected to almost every portion of the Zada Declaration, as well as the other evidence submitted by Perfect 10, does not mean that its objections have any basis whatsoever. Rather, as explained below, this Court must consider the following principles in evaluating Google's

evidentiary objections:

First, a court ruling upon a summary judgment motion "cannot ignore the fact that a non-movant in a summary judgment setting is not attempting to prove its case, but instead seeks only to demonstrate that a question of fact remains for trial." *Id.* at 1121. Recognizing the significance of this difference, the Ninth Circuit has adopted a "general principle" that courts must "treat the opposing party's papers more indulgently than the moving party's papers." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985). *See also Scharf v. U.S. Att'y Gen.*, 597 F.2d 1240, 1243 (9th Cir.1979) ("courts generally are much more lenient with the affidavits of a party opposing a summary judgment motion."); *Doff v. Brunswick Corp.*, 372 F.2d 801, 804 (9th Cir.1966) (referring to the "rule of liberal construction of a counter affiant's papers"), *cert. denied*, 389 U.S. 820, 88 S.Ct. 39 (1967).

Second, "objections to the *form* in which the evidence is presented are particularly misguided where, as here, they target the non-moving party's evidence." *Burch,* 433 F.Supp.2d at 1119 (emphasis in original). Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits and declarations in connection with a summary judgment proceeding "shall set forth such facts as *would be admissible* in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Accordingly, the Supreme Court has held that on summary judgment, the non-moving party's evidence need not "be in a form that is admissible at trial in order to avoid summary judgment . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Rather, a court is concerned with the admissibility of the contents of the evidence. *Id.* Similarly, the Ninth Circuit has held that "to survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). "In other words, when evidence is not

presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence." *Burch*, 433 F.Supp.2d at 1120, *citing Fraser*, 342 F.3d at 1037 (emphasis in original). This principle is particularly relevant both to Perfect 10's DMCA notices and to Perfect 10's printouts showing that Google did not remove the infringing material identified by Perfect 10. Google has no basis to exclude this critical evidence from the case. *See* Section XV, below.

Third, "objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself." *Burch*, 433 F.Supp.2d at 1119. As the *Burch* court explained, a court "can award summary judgment only when there is no genuine dispute of *material* fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Id.* (emphasis in original).

Fourth, it is "questionable" whether a court should apply the authentication requirement to bar evidence when its authenticity is not actually disputed. *Id.* at 1120. In fact, the Ninth Circuit has held that a district court's consideration of unauthenticated evidence in conjunction with a motion for summary judgment is harmless error when a competent witness with personal knowledge could have authenticated the document. *Hal Roach Studios, Inc. v. Feiner & Co.*, 896 F.2d 1542, 1552 (9th Cir.1990). Such a ruling is "a matter of common sense." *Burch*, 433 F.Supp.2d at 1120.

Finally, a court must carefully consider whether it is appropriate to strike a non-movant's evidence on the grounds of hearsay, authenticity, or lack of foundation. As one court has noted:

> [E]ven seemingly appropriate objections based on hearsay and failures to authenticate/lay a foundation are difficult to address away

> from the dynamics of a trial. During trial, when a party raises valid evidentiary objections, the opposing party will have an opportunity to present the evidence in an alternative and admissible form. At trial, a question can always be rephrased if an objection to it is sustained. Not so in the context of summary judgment practice.

*Burch,* 433 F.Supp.2d at 1122.

As explained below, this Court should apply the general principles discussed above to the baseless evidentiary objections raised by Google and overrule these objections in their entirety.

## II. **INCORRECT OBJECTIONS THAT THE ZADA DECLARATION LACKS PERSONAL KNOWLEDGE AND LACKS FOUNDATION.**

Apparently aware that the Zada Declaration establishes numerous issues of material fact sufficient to deny its Summary Judgment Motions, Google asserts, without basis or support, that much of the Zada Declaration "is argumentative and speculative" and "[l]ittle of the Zada declaration could be classified as fact." Evidentiary Objections at 3. The language of the Zada Declaration itself compels this Court to reject Google's meritless contentions.

First, Dr. Zada has been intimately involved in every aspect of this case. Dr. Zada has testified that he has spent "at least 2,000 hours using Google's search engine to locate infringements of Perfect 10's copyrighted works." Zada Decl. ¶1. He has produced Perfect 10's documents to Google, attended all of the depositions of Google employees conducted by Perfect 10, and reviewed all of the documents produced by Google, all of Google's 's discovery responses, and the declarations submitted by Google's declarants in this action. Zada Decl. ¶3. Moreover, in Paragraph 4 of the Zada Declaration, Dr. Zada testifies in detail about his personal involvement in the creation of the exhibits to his declaration:

> The Exhibits attached hereto, except where otherwise noted, fall into one of ten categories: (a) true and correct copies of documents that *I have downloaded* as Adobe PDF files from the Internet – *I have personally downloaded* each and every one of the Adobe files attached to this declaration as printed exhibits*;* (b) true and correct copies of snapshots of my computer screen, *which I captured* using the program "snagit;" (c) true and correct copies of images that *I downloaded* from various pay sites; (d) true and correct copies of Adobe PDF files downloaded from the Internet and print screens of web pages captured using the program "snagit" that are included in Exhibit 9. *I personally* downloaded or print screened each of these documents unless otherwise indicated. e) true and correct copies of DMCA notices that *I sent to Google* (excluding attached disks, if any); (f) true and correct copies of *spreadsheets that I created*, or that were created under my supervision; (g) true and correct copies of emails or other communications received from Google; (h) true and correct copies of documents produced by Google in discovery. . . . (Emphasis added).

It is unlikely that there have been many cases where the president of a company has been as involved in every aspect of litigation as Dr. Zada has been involved in this action.

Accordingly, the statements in the Zada Declaration are based upon Dr. Zada's personal knowledge. Dr. Zada's testimony is certainly based upon greater personal knowledge than that of Google's declarant, Shantal Rands Poovala, who testifies about how Google allegedly processed DMCA notices during years when she was not even working for Google! (*See* Perfect 10's Evidentiary Objections to the Declaration and Rebuttal Declaration of Shantal Rands Poovala, Section II, filed separately herewith.)

Moreover, as explained in Section I, above, this Court should consider the Zada Declaration, regardless of Google's objections, because: (i) Google has no basis to exclude any of the exhibits attached to the Zada Declaration; (ii) any objections on the ground that Dr. Zada's testimony is argumentative or speculative are unnecessary; and (iii) testimony that may appear potentially objectionable nevertheless may be capable of being presented in a form that is admissible at trial.

Accordingly, for all of the reasons discussed above, this Court should overrule Google's objections that the Zada Declaration lacks foundation, lacks personal knowledge, is argumentative, or is speculative. At least one such objection is made to virtually the entire Zada Declaration. In particular, the objections that Dr. Zada's testimony "do not appear to be based on the witness's personal knowledge," found in Paragraphs 8, 9, 11, 17, 24, 25, 30, 31, 32, 33, 34, 39, 40, 42, 45, 48, 49, 50, 52, 53, 57, 59, 60, 61, 62, 63, 64, 65, 66, 68, 72, 82, 84, 85, 88, 89, 90, 91, 92, 94, 95, 102, 104, and 106 of Google's Evidentiary Objections, should be overruled.

## III. <u>INCORRECT OBJECTIONS THAT THE ZADA DECLARATION CONSTITUTES IMPROPER OPINION TESTIMONY.</u>

Google further objects to portions of the Zada Declaration on the ground that they constitute improper opinion testimony. Nowhere in the Evidentiary Objections, however, does Google explain the basis for this objection.

In fact, the Zada Declaration sets forth the necessary qualifications for Dr. Zada to render the opinions set forth in his declaration. Dr. Zada: (i) received a Ph.D. in Operations Research from the University of California at Berkeley; (ii) worked as a research staff member in the main computer science department at IBM; (iii) taught as a visiting professor of applied mathematics at Stanford University, UCLA, Columbia University, and UC Irvine; (iv) has programmed computers for more than 20 years; and (v) based upon his

experience, is qualified to testify about search engines and their ability to block search results. Zada Decl. ¶3.

Accordingly, Google's unsupported objections that the Zada Declaration includes improper opinion testimony lack merit. In particular, this Court should overrule the objections set forth in Paragraphs 3, 6, 8, 9, 11, 14, 16, 18, 20, 21, 23, 24, 25, 26, 27, 30, 35, 37, 41, 42, 43, 44, 48, 49, 51, 53, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 77, 81, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 101, 102, 103, 106, 107, 109, 111, 112, 114, 115, 116, 118, 120, 128 of the Evidentiary Objections.

## IV. INCORRECT OBJECTIONS REGARDING SAMPLE DMCA NOTICES.

Google also objects that, in opposing Google's Summary Judgment Motions: (i) Perfect 10 did not submit copies of all of its DMCA notices to the Court, and (ii) the Zada Declaration merely demonstrated the sufficiency of a number of sample DMCA notices, and not all Perfect 10's notices to Google. Evidentiary Objections at 3-4. Google's objections have no basis, for the following reasons.

First, Google submitted all of Perfect 10's DMCA notices as part of Google's exhibits to its Summary Judgment Motions. *See* Declaration of Shantal Rands Poovala (Docket Nos. 433-435, 467-469) ("Poovala Decl."), Exhibits L, N. Therefore, there was no reason for Perfect 10 to provide a second copy of those notices.

Second, in order to defeat Google's Summary Judgment Motions, Perfect 10 only needs to show that there is a triable issue of fact as to whether Perfect 10 submitted ***one or more*** substantially compliant DMCA notices to Google, which Google failed to expeditiously process. Accordingly, it is both reasonable and appropriate for Perfect 10 to demonstrate the sufficiency of a ***sample*** of its DMCA notices which Google failed to expeditiously process.

By contrast, in order to prevail on its Summary Judgment Motions, Google must prove that there is no triable issue of fact that ***all*** of Perfect 10's notices that Google failed to expeditiously process were substantially non-compliant. To satisfy this burden, Google must, at a minimum, demonstrate that ***each and every one*** of the sample DMCA notices contained in Perfect 10's opposition papers was substantially non-compliant or was expeditiously and completely processed.[1]

Here, however, Google has failed even to discuss Perfect 10's sample notices, let alone establish that ***any*** are deficient. Its lone technical expert, Paul Haahr, does not testify that any of Perfect 10's notices are deficient. Google has not selected its own sample of Perfect 10 notices and demonstrated that each such notice is substantially non-compliant. Instead, Google improperly seeks to rely solely upon blanket statements made by Shantal Rands Poovala that all of Perfect 10's DMCA notices are deficient, even though Ms. Poovala: (i) has no technical qualifications; (ii) was not involved in the processing of many of Perfect 10's notices; and (iii) testified at deposition that she essentially knew nothing about Perfect 10's DMCA notices. *See* Perfect 10's Evidentiary Objections to the Declaration and Rebuttal Declaration of Shantal Rands Poovala, filed separately herewith, Sections I-V.

Google cannot establish that Perfect 10's notices are substantially non-compliant without proving that each and every one of Perfect 10's sample notices is deficient. For this reason alone, the Court should overrule Google's objections to Dr. Zada's discussion of a sample of Perfect 10's notices in the Zada Declaration, including the objections set forth in Paragraphs 5, 23, 46, 47, 54, 58, 71, 74, 75, 76, 77, 78, 79, 80, 81, 86, 96, 100, 110, 125, 131, 133, 134,

---

[1] [redacted]

135, and 140 of the Evidentiary Objections. Furthermore, as described above, Google has no basis to exclude any of Perfect 10's exhibits, which include its DMCA notices and printouts showing that Google did not remove access to identified infringing web pages.

## V. <u>INCORRECT OBJECTIONS REGARDING THE "SAMPLE" SUBMITTED BY PERFECT 10.</u>

Google mistakenly contends that the sample of 12 images submitted by Perfect 10 in opposition to Google's Summary Judgment Motions (the "Sample"), described both in the Zada Declaration and the Declaration of Melanie Poblete, is irrelevant and cannot defeat summary judgment. Evidentiary Objections at 4.

As discussed above, in order to prevail on its Summary Judgment Motions, Google must establish that: (i) there is no triable issue of material fact that ***all*** of Perfect 10's notices that Google failed to expeditiously process were substantially non-compliant; and that: (ii) there is no triable issue of material fact that Google expeditiously and completely processed ***each and every one*** of Perfect 10's DMCA notices that were substantially compliant. As explained in the Zada Declaration, the Sample thus is relevant because it demonstrates that Google failed to act expeditiously to remove or disable access to the images found in the Sample upon receiving repeated DMCA notices from Perfect 10 identifying the infringement of those images. Zada Declaration, ¶¶1-2 and Exhibit 9. Accordingly, not only are Google's objections to the Sample incorrect; the discussion of the Sample in the Zada Declaration establishes triable issues of fact as to whether Google expeditiously and completely processed Perfect 10's DMCA notices sufficient to deny the Summary Judgment Motions.

//////////////

//////////////

## VI. INCORRECT OBJECTIONS BASED ON GOOGLE'S CLAIM THAT PERFECT 10 NEVER SENT IT A VALID DMCA NOTICE.

Google objects to portions of the Zada Declaration as irrelevant, on the ground that Perfect 10 allegedly never sent Google a valid DMCA notice. *See* Evidentiary Objections, ¶¶ 16, 70, 111. This is not a legitimate evidentiary objection. Rather, whether Perfect 10 sent valid DMCA notices to Google is a disputed issue in the case. Moreover, Google has failed to provide any support for this objection. Indeed, Google has failed to explain why *any* of Perfect 10's sample notices do not comply with the DMCA. Furthermore, Google has not refuted any of the testimony of Perfect 10's technical expert declarants – Sean Chumura, David O'Connor, and Bennett McPhatter – that Perfect 10's notices allowed Google to readily locate the infringing material. Finally, Google has never provided Perfect 10 or this Court with a single example of what it believes constitutes a valid DMCA notice. For all of these reasons, Google's relevance objection lacks any basis, and this Court should overrule similar objections to the Zada Declaration, including those set forth in Paragraphs 16, 70 and 111 of the Evidentiary Objections.

## VII. INCORRECT OBJECTIONS REGARDING DR. ZADA'S TESTIMONY THAT GOOGLE FAILED TO PROCESS PERFECT 10'S DMCA NOTICES.

Google objects to certain testimony in the Zada Declaration that Google failed to process Perfect 10's DMCA notices, on the grounds that such testimony is speculative and lacks foundation. Once again, these objections are baseless. Dr. Zada certainly has the personal knowledge and the foundation sufficient to testify that emails that Google sent to Perfect 10 did not mention any deficiencies in the actual URLs included in Perfect 10's DMCA notices. These emails are submitted as Exhibits S, T, U, and V to the Declaration of Shantal Rands Poovala and as Exhibits 10, 12 (pages 1-2), and 45 (pages 1-6) to

the Zada Declaration.

Dr. Zada also has the personal knowledge sufficient to testify that Google did not suppress an image or a URL that contained infringing material identified by Perfect 10 in its DMCA notices. Dr. Zada himself checked to see if the infringing material was removed after he sent the DMCA notice. In the Zada Declaration, Dr. Zada specifically demonstrates Google's lack of action by comparing the contents of Perfect 10's DMCA notices with screen captures of the same identified infringements taken months or years later. *See* Zada Decl., ¶¶26-27, 41-53, 55, 58-61, Exhs.14, 16, 28-36, 38, 40, 43-45.

For these reasons, this Court should overrule Google's objections to the Zada Declaration on the grounds that Dr. Zada's testimony regarding Google's failure to process Perfect 10's DMCA notices is speculative and lacks foundation, including those objections set forth in Paragraphs 41, 50, 52, 53, 62, 66, 89, 97, 98, 99, 101, 112, 114, 115, 119 and 122 of the Evidentiary Objections.

## VIII. <u>INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY THAT GOOGLE'S INSTRUCTIONS WERE UNUSABLE, UNNECESSARILY BURDENSOME, OR WERE FOLLOWED BY PERFECT 10.</u>

Google objects to Dr. Zada's testimony regarding Google's DMCA instructions on the grounds that it is irrelevant and speculative, lacks foundation, and lacks personal knowledge. These objections lack merit.

First, Dr. Zada's testimony that Google's "instructions" regarding Blogger are not usable is neither irrelevant nor speculative. Dr. Zada testifies that, although Google requires the identification of a "post URL" in DMCA notices that are sent to it, such URLs do not exist on thousands of blogger.com web pages that infringe full-size Perfect 10 images. This testimony has sufficient foundation because Dr. Zada provides actual examples of

blogger.com web pages that do not have post URLs. Zada Decl. Exhs. 28-35. Accordingly, Dr. Zada's testimony establishes that Google's instructions, and not Perfect 10's notices, are deficient. Moreover, Dr. Zada's testimony regarding this issue is supported by the Declarations of Sheena Chou and Sean Chumura. *See* Declaration of Sheena Chou Submitted In Opposition To Google's Three Motions For Summary Judgment ¶¶10-11 (Docket No. 483) ("Chou Decl.") and Declaration of Sean Chumura Submitted In Opposition To Google's Three Motions For Summary Judgment ¶7 and Exh. 2 (Docket No. 479) ("Chumura Decl.").

Second, Dr. Zada's testimony that Google's DMCA instructions are incompatible with the DMCA itself is neither irrelevant nor speculative. Dr. Zada properly states that: (i) Google cannot require that DMCA notices be submitted to it only by fax or mail, when the DMCA statute itself requires that an agent provide a street address, fax number, and email address (*see* Zada Declaration, Exh. 11, page 1); and (ii) Google cannot require that users send their DMCA notices to a fax number that is not listed at the Copyright Office, or to the attention of a department not listed at the Copyright Office (*see id.*, Exh. 11, page 1).

Third, Dr. Zada's testimony that Google keeps changing its DMCA instructions, and that Google cites to the wrong instructions in its moving papers, clearly is relevant. Google cites to its current instructions in a misleading attempt to claim that DMCA notices sent by Perfect 10 to Google in 2004 are deficient. Defendant Google's Reply In Support Of Motion for Summary Judgment Re: Google's Entitlement to Safe Harbor Under 17 U.S.C. §512(d) for Web and Image Search (Docket No. 529), page 12, lines 17-18. In fact, as Dr. Zada explains, those notices followed Google's 2004 instructions. Dr. Zada's testimony has sufficient foundation because he submits copies of Google's 2004 DMCA instructions as evidence. Zada Decl. ¶23, Exh. 12,

pages 1-2.

Accordingly, for all of the above reasons, this Court should overrule Google's objections to Dr. Zada's testimony regarding its DMCA instructions, including those objections set forth in Paragraphs 12-14, 17, 18, 21, 22, 26, 54, 55, 62, 72, 92, 99, 108, 109, and 120 of the Evidentiary Objections.

## IX. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY REGARDING RAPIDSHARE, GIGANEWS.COM AND THEPIRATEBAY.ORG.

Google asserts that Dr. Zada's testimony regarding rapidshare.com, rapidshare.de, giganews.com, and thepiratebay.org is "irrelevant" because those websites are not parties to the litigation. Google is incorrect. Perfect 10 alleges, both in this action and in the Zada Declaration, that Google improperly links to, receives payments from, places ads on, or hosts these infringing websites. *See* Zada Decl. ¶14, Exh. 7. Google must prove that it expeditiously ended business dealings with, and disabled access to, these infringing websites upon receiving knowledge of their infringing conduct. Thus, evidence that Google failed to so act is clearly relevant. Accordingly, this Court should overrule Google's objections to Dr. Zada's testimony, including those set forth in Paragraphs 28-36 of the Evidentiary Objections.

## X. INCORRECT OBJECTIONS REGARDING DR. ZADA'S TESTIMONY CONCERNING THE FUNCTIONALITY OF ADOBE PROFESSIONAL SOFTWARE.

Google's objections to Dr. Zada's testimony regarding the functionality of Adobe Professional software (*see* Evidentiary Objections, ¶¶20, 24, 123) have no basis. Google's Summary Judgment Motions rest largely on its completely unsupported claim that DMCA notices sent by Perfect 10 using Adobe Professional software are necessarily deficient and unreasonably burdensome. Nothing could be farther from the truth. Dr. Zada provides

evidence that Adobe files are searchable, that URLs can be extracted, and that infringing images can be check marked. These features, as well as many others, make a DMCA notice submitted using Adobe vastly superior to handwritten DMCA notices sent by mail, which nevertheless are acceptable under the DMCA. Zada Decl. ¶12, Exh. 5, pages 13-14.

Dr. Zada's testimony regarding Adobe Professional has sufficient foundation because Dr. Zada provides actual examples of Adobe's search and bookmark features and demonstrates how URLs can be extracted and how infringing images can be check marked. Zada Decl. ¶¶9, 12, and Exhs. 2, 5, pages 13-14. Moreover, Dr. Zada's testimony regarding these matters is supported by the Declarations of Sheena Chou and Sean Chumura. *See* Chou Decl. ¶¶7-9, Exh. 9; Chumura Decl. ¶4-5, Exh. 1. Accordingly, this Court should overrule Google's objections to Dr. Zada's testimony, including those set forth in Paragraphs 20, 24, and 123 of the Evidentiary Objections.

## XI. <u>INCORRECT OBJECTONS TO DR. ZADA'S DESCRIPTIONS OF GOOGLE'S FRAGMENTED LOGS AND GARBLED DMCA DOCUMENTS.</u>

Google objects to certain testimony by Dr. Zada regarding Google's fragmented DMCA "logs" and garbled DMCA documents. *See* Evidentiary Objections, ¶¶41, 42, 43, 44, 113, and 116. Dr. Zada specifically testifies that he has reviewed all of the documents produced by both Perfect 10 and Google in this action. *See* Zada Decl. ¶3. Under these circumstances, Dr. Zada certainly has the capability to testify regarding the contents of a particular "log" fragment, whether that log fragment contains dates, redactions, and URLs which Perfect 10 identified to Google in its DMCA notices, and whether that log fragment identifies who processed the notice, when the notice was processed, or the name of the infringer. Dr. Zada can also testify that DMCA notices that Google produced to Perfect 10 in discovery as part of its "DMCA

log" were hopelessly garbled. Finally, Dr. Zada can testify regarding the number of rows in Google's Adsense "log" that was produced to Perfect 10 in discovery. Accordingly, this Court should overrule Google's objections to Dr. Zada's testimony.

## XII. INCORRECT OBJECTIONS THAT DR. ZADA MISCHARACTERIZES DOCUMENTS.

Without further explanation or discussion, Google objects to portions of the Zada Declaration on the ground that Dr. Zada mischaracterizes documents. In many cases, Google raises this objection even though Dr. Zada simply quotes language directly from the document he references. *See, e.g.,* Evidentiary Objections, ¶31. Because Google fails to establish that Dr. Zada has mischaracterized any documents, this Court should overrule Google's objections, including those set forth in Paragraphs 13, 14, 17, 18, 20, 22, 23, 24, 25, 26, 27, 30, 31, 32, 36, 37, 38, 41, 43, 44, 45, 50, 51, 52, 56, 57, 59, 60, 70, 72, 85, 88, 91, 93, 97, 98, 99, 101, 103, 109, 114, 115, 116, 120, and 128 of the Evidentiary Objections.

## XIII. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY THAT PERFECT 10 IDENTIFIED AT LEAST 329 INFRINGING POST URLS IN THE DMCA NOTICES IT SENT TO GOOGLE.

Google objects to Dr. Zada's testimony, set forth at various points in the Zada Declaration, that Perfect 10 identified at least 329 infringing post URLs in the DMCA notices it sent to Google. *See, e.g.,* Zada Decl. ¶¶8, 41, 61. Google fails to refute this testimony, however, which contradicts Google's incorrect claim in its Blogger Motion that Perfect 10 failed to identify any infringing post URLs in its DMCA notices.

Dr. Zada's testimony regarding the post URLs is based upon his own personal knowledge of the contents of Perfect 10's DMCA notices. Google has no legitimate basis to strike this testimony. Accordingly, this Court should

overrule Google's objections, including those set forth in Paragraphs 18, 72, 73, 84, 100, and 103 of the Evidentiary Objections.

## XIV. INCORRECT OBJECTIONS TO DR. ZADA'S TESTIMONY THAT PERFECT 10 IDENTIFIED AT LEAST 3737 INFRINGING BLOGGER.COM URLS THAT GOOGLE DID NOT SUPPRESS.

Google also objects to Dr. Zada's testimony that Perfect 10 identified at least 3737 infringing blogger.com URLs in DMCA notices it sent to Google, that these URLs provided Google with sufficient information to locate the infringing blogger.com webpage, but Google failed to suppress these URLs. *See, e.g.,* Zada Decl. ¶¶41-51, Exhs. 28-35. Once again, Google fails to refute Dr. Zada's testimony, or provide a legitimate explanation for its objections.

Dr. Zada's testimony is based upon his personal knowledge of the contents of Perfect 10's DMCA notices and Google's responses to these notices. Accordingly, this Court should overrule Google's unsupported objections, including those set forth in Paragraphs 18, 24, 69, 71, 76, 79, 82, 83, 84, 85, 86, and 100 of the Evidentiary Objections.

## XV. INCORRECT OBJECTIONS TO EXHIBITS SUPPORTING DR. ZADA'S TESTIMONY THAT GOOGLE DID NOT EXPEDITIOUSLY REMOVE IDENTIFIED INFRINGING IMAGES, LINKS, AND GOOGLE ADS.

Throughout the Zada Declaration, Dr. Zada identifies various exhibits demonstrating that Google failed to remove infringing images, links, and Google ads identified by Perfect 10 in its DMCA notices from identified infringing web pages. Dr. Zada personally conducted the Google searches discussed in his declaration and personally printed these exhibits. *See, e.g.,* Zada Decl., ¶¶4, 24-61, Exhs. 13-45. Google does not refute any of this evidence. Instead, Google raises objections to these exhibits that lack merit.

For all of the reasons discussed above, Dr. Zada's testimony regarding

these exhibits is based upon his personal knowledge, has sufficient foundation, and is neither argumentative, nor speculative, nor improper opinion testimony. Accordingly, this Court should overrule Google's objections to the Exhibits to the Zada Declaration, including those set forth in Paragraphs 122-140 of the Evidentiary Objections.

## XVI. MISCELLANEOUS IMPROPER OBJECTIONS.

In Paragraphs 15 and 19 of the Evidentiary Objections, Google objects to Dr. Zada's testimony regarding AOL's DMCA requirements on the ground that such testimony is irrelevant. Google is incorrect. AOL has a search engine, like Google. Furthermore, AOL uses Google as a source of its search results. AOL has no incentive to require a copyright holder such as Perfect 10 to provide less information than is necessary for AOL to process a DMCA notice. Accordingly, this Court should overrule Google's objections set forth in Paragraphs 15 and 19 of the Evidentiary Objections.

In Paragraph 16 of the Evidentiary Objections, Google objects to Dr. Zada's testimony about the domain gghpt.com on the ground that Perfect 10 "never sent Google a valid DMCA notice directed to Google Groups (gghpt.com)." This objection mistakenly confuses gghpt.com with groups.google.com and googlegroups.com. These websites are not the same. Zada Decl. ¶¶9, 52, Exhs. 2, 36.

In Paragraph 22 of the Evidentiary Objections, Google objects to Dr. Zada's testimony in Paragraph 11 of the Zada Declaration that "Google does not provide any instructions for notifying Google of infringements on Google AdWords sites that are behind password protected areas" on the ground that Dr. Zada mischaracterizes the documents referenced because "Google does have a DMCA policy for AdWords." Google's meritless objection is based upon a misleading assertion. In fact, Google's policy for AdWords deals only with ***infringements in the ad itself, not with infringements on the website of the***

***advertiser***. Poovala Decl. ¶95. Accordingly, the Court should overrule Google's unsupported and factually incorrect objection.

**XVII. CONCLUSION.**

For the foregoing reasons, this Court should disregard all of Google's evidentiary objections to Declaration of Dr. Norman Zada and the exhibits thereto.

Dated: October 12, 2009

Respectfully submitted,
LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.