Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,

Defendant.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**DISCOVERY MATTER**

**PLAINTIFF PERFECT 10, INC'S EXHIBITS FROM THE SEPTEMBER 22, 2009 HEARING REGARDING DISCOVERY ISSUES BEFORE JUDGE HILLMAN**

**CONFIDENTIAL EXHIBITS FILED SEPARATELY, UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Before Judge Stephen J. Hillman

Date: September 22, 2009
Time: 10:00 A.M.
Place: Courtroom 550, Courtroom of the Honorable Stephen J. Hillman

Discovery Cut-Off Date: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

**<u>PLAINTIFF PERFECT 10, INC'S EXHIBIT CONTAINING</u>**

**<u>TRANSCRIPT OF AUGUST 18, 2008 HEARING</u>**

**<u>BEFORE JUDGE A. HOWARD MATZ</u>**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

- - - -

COPY

| | |
|---|---|
| PERFECT 10, INC., A CALIFORNIA CORPORATION, PLAINTIFF, vs. GOOGLE, INC., ET AL., DEFENDANTS. | No. CV04-09484-AHM(SHx) |
| PERFECT 10, INC., A CALIFORNIA CORPORATION, PLAINTIFF, vs. AMAZON, ET AL., DEFENDANTS. | No. CV05-04753-AHM(SHx) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, AUGUST 18, 2008

CINDY L. NIRENBERG, CSR #5059
U.S. Official Court Reporter
312 North Spring Street, #438
Los Angeles, California 90012
*www.cindynirenberg.com*

designation? Where do things stand? Ms. Herrick?

MS. HERRICK: Absolutely, Your Honor. If necessary, we do intend to pursue motion practice because obviously something that's very important in this case, as in all cases, is that the parties strictly abide by the Protective Order.

And the large hard drives that Mr. Zeller was referring to earlier have been produced with a sticker on them that just says "Confidential," and inside, there is a mix of confidential and clearly public information. And we don't want to run afoul of the Protective Order by accidentally producing or maybe filing something that Perfect 10 meant to designate as confidential but didn't specifically identify or label.

THE COURT: But if you're correct that some stuff is obviously public, then you are not at risk if whatever is obviously public is something that makes its way into some filing of yours, right?

MS. HERRICK: I'm sorry? Say that one more time.

THE COURT: You're not at risk of violating a Protective Order if something that's obviously public is something that you incorporate into something that you filed, right?

MS. HERRICK: Technically, if we were to file something not under seal that Mr. Mausner has designated as confidential, we would be violating the Protective Order, and we certainly don't want to in any way, shape or form risk that.

THE COURT: Okay. But let's see if we can have a deal here.

So if something is obviously public, it's been given this blanket, random, sweeping, as Google would have it, designation of confidentiality because you put some little sticker on a hard drive, and they incorporate it into something they say or do or file, even though it was part of this hard drive with the confidential blanket stamp, are you going to fuss?

MR. MAUSNER: No. And we would also, you know, be happy to tell them if they want to ask about something.

It's just going to be very difficult to take all of these millions of documents and, you know, put actual confidential designations on each one.

THE COURT: Okay. Well, I'm not making a ruling about this dispute and neither is Judge Hillman, who has been patient enough to -- are you still there, Judge Hillman?

JUDGE HILLMAN: I am.

THE COURT: Okay. Neither of us has to issue some kind of advisory ruling because maybe it won't come to light.

But it seems to me, Ms. Herrick, that when push comes to shove, and you are really in the process of needing to make use of whatever is on these documents, if there is a genuine ambiguity or doubt, then you run it by the people at Perfect 10 or Mr. Mausner.

And I'm going to hold Mr. Mausner to his word because I am going to hold you to your word.

If something is obviously public, use it. Don't waste your client's money or your time getting permission. And he is not going to be given any credence if he claims that you made a violation of the Protective Order by using it, because if it was obviously public, you had a right to do it.

MS. HERRICK: Your Honor, just one further thing.

Some things might appear to be obviously public to us, but Perfect 10 has nevertheless insisted that it's confidential.

For instance, screenshots of alleged infringements, Perfect 10 has taken the position that the screenshots that identify where an infringing image can be found is confidential. So that is something that I might want to file because it appears to be just a screenshot, but Perfect 10, I think, would be upset by that and would argue that that would be a violation of a Protective Order because they have designated those sorts of material as confidential.

We believe improperly so, but that is just one example of how I think there will be --

THE COURT: But my point is if there is something that's really making you think that you are at risk of inadvertently, unintentionally violating a Protective Order, bring it up.

You got a problem with screenshots?

MR. MAUSNER: Not with the shot itself, but the location of the infringing website allows anybody to find the infringements, basically.

And we don't have a problem with those being filed in court. What we do have a problem with is Google publishing the location of the infringing websites on the internet, which is something that it's done in the past.

It's actually published Perfect 10's DMCA notices that have the URL where the infringing images are located.

THE COURT: So why don't you modify the Protective Order. Make it clear what you do think they shouldn't do.

MR. MAUSNER: But --

THE COURT: Look, I'm not going to spend more time on this one because I've got too many other things to do, but it seems to me that this is an example of what I'm afraid has been going on here which is that both sides are just pointing the finger and failing to talk to each other.

If there is some clarity that can be agreed to that will limit the need to fuss and make motions about the Protective Order and the snapping of confidentiality, then change your God damn Protective Order, file it, and proceed on that basis.

Now, let's move on.

MR. MAUSNER: Your Honor, I think they do, too, but

If I got what you told me before, Alexa is basically a search engine.

MR. MALUTTA: We believe so, Your Honor. I mean, they were just added as a party, so we are doing our own internal investigation as well.

THE COURT: But why can't I set dates that apply to all three of your clients?

MR. MALUTTA: We have no objection to that, Your Honor. We've asked for all three dates for our clients, just so long as they are sufficiently out to allow us to have the full discovery for Alexa.

THE COURT: And what's your view about this issue I raised with the Google lawyers concerning the format of electronic reduction?

MR. MALUTTA: Our view point is the same as theirs. We have -- and I'll also represent to this Court that the TIFF format is the standard litigation format.

All of the litigation databases out there, all the vendors, everybody uses TIFF.

And that's what -- that makes it easy to identify documents, to search documents. It makes it easy to put control numbers on them so we know what we are referring to when it comes down to trial or deposition or something. That's what makes it very easy to investigate what's in this massive production. 600 gigabytes is enormous. We have had quotes

from vendors, and it's near a million dollars to convert their native files into something that's usable in a standard litigation database.

THE COURT: Well, do you think that producing it in standard database format, whatever that is, is a display of gamesmanship and bad faith on the part of Perfect 10?

MR. MALUTTA: I have no idea what the motivation is for Perfect 10 to produce it in the format -- and it's a format that's been created for this litigation.

They are creating documents for this litigation, and why they've chosen one format over the standard format, I don't know.

THE COURT: Well, if there's going to be some motion practice -- and if I am keeping things straight in my mind, we simply passed over the resolution of that dispute earlier this afternoon -- then my guess is whoever decides that motion would find it potentially relevant to know whether it's just games playing. So I'll leave it at that.

No, you sit down, Mr. Mausner. I don't want a response right now.

Now, in your 16(b) report, I don't think there is anything mentioned about the mechanism in that case, in the Amazon cases -- case, to comply with the Local Rule 16-15 requiring good faith efforts for mediation.

Judge Lynch was the mediator in the Google case

**PLAINTIFF PERFECT 10, INC'S EXHIBIT SHOWING EMAILS BETWEEN COUNSEL REGARDING REDACTIONS**

## Jeffrey Mausner

**From:** Jeffrey Mausner [jeff@mausnerlaw.com]
**Sent:** Thursday, August 13, 2009 11:23 AM
**To:** Timothy Cahn; glcincone@townsend.com
**Subject:** FW:

---

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Thursday, August 13, 2009 11:19 AM
**To:** Rachel Herrick Kassabian rachelkassabian@quinnemanuel.com; Thomas Nolan thomasnolan@quinnemanuel.com; Michael T Zeller michaelzeller@quinnemanuel.com; Charles K. Verhoeven (charlesverhoeven@quinnemanuel.com); Andrea P Roberts andreaproberts@quinnemanuel.com; Brad R. Love bradlove@quinnemanuel.com ; Jansen, Mark T. mtjansen@townsend.com; Malutta, Anthony J. ajmalutta@townsend.com
**Subject:**

We would like to file redacted versions of the following pleadings, which will be publicly available:

1) PLAINTIFF PERFECT 10, INC.'S OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. §512(c) FOR ITS BLOGGER SERVICE

2) PLAINTIFF PERFECT 10, INC.'S OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. §512(d) FOR WEB AND IMAGE SEARCH

3) PLAINTIFF PERFECT 10, INC.'S OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. §512(b) FOR ITS CACHING FEATURE

4) PERFECT 10'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. § 512(c) FOR ITS BLOGGER SERVICE

5) PERFECT 10'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. § 512(d) FOR WEB AND IMAGE SEARCH

6) PERFECT 10'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. § 512(b) FOR ITS CACHING FEATURE

7) DECLARATION OF DR. NORMAN ZADA SUBMITTED IN OPPOSITION TO GOOGLE'S THREE MOTIONS FOR SUMMARY JUDGMENT RE DMCA SAFE HARBOR FOR ITS WEB AND IMAGE SEARCH, BLOGGER SERVICE, AND CACHING FEATURE (DOCKET NOS. 428, 427, AND 426)

In order to assure that we redact everything that is properly designated as Confidential or Highly Confidential by Google and the Amazon.com defendants, I am requesting that counsel for Google and Amazon notify me of portions of the above pleadings that they believe should be redacted. Please provide a listing of page and line numbers that Google and Amazon.com believe should be redacted in these pleadings. Please send this to me by August 20. Thanks, Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any

dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

## Jeffrey Mausner

**From:** Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com]
**Sent:** Friday, August 14, 2009 4:37 PM
**To:** 'Jeffrey Mausner'; Thomas Nolan; Michael T Zeller; Charles K Verhoeven; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'ajmalutta@townsend.com'; 'Cahn, Timothy R.'
**Subject:** RE:

Jeff,

Your request is inappropriate and we will not agree to it. Google has undertaken significant effort and expense to designate its Confidential and Highly Confidential materials as such, pursuant to the Protective Order. Where Perfect 10 has cited to Google's materials in its briefing, it is Perfect 10's obligation to review those designations to ensure that it is redacting all designated material, in compliance with the Protective Order.

Regards,

Rachel

## Jeffrey Mausner

**From:** Malutta, Anthony J. [ajmalutta@townsend.com]
**Sent:** Friday, August 14, 2009 4:52 PM
**To:** Rachel Herrick Kassabian; Jeffrey Mausner; Thomas Nolan; Michael T Zeller; Charles K Verhoeven; Andrea P Roberts; Brad R. Love; Jansen, Mark T. ; Cahn, Timothy R.
**Subject:** RE:

Jeff:

Our clients are not parties to the extensive briefs noted below, so I am unclear as to why we would have an obligation to review them. Further, as we have advised in connection with prior Perfect 10 court filings, the filing party bears the burden of preserving confidential material in its filings. We expect compliance with the Protective Order, and that you will appropriately redact Confidential or Highly Confidential material of the Amazon.com defendants.

Regards, Anthony

## Jeffrey Mausner

**From:** Jeffrey Mausner [jeff@mausnerlaw.com]
**Sent:** Wednesday, August 19, 2009 11:15 PM
**To:** 'Malutta, Anthony J.'; 'Rachel Herrick Kassabian'; 'Thomas Nolan'; 'Michael T Zeller'; 'Charles K Verhoeven'; 'Andrea P Roberts'; 'Brad R. Love'; 'Jansen, Mark T. '; 'Cahn, Timothy R.'; glcincone@townsend.com
**Cc:** Valerie Kincaid
**Subject:** Filing of Redacted Pleadings
**Attachments:** Blogger Brief - 80909 Redacted.pdf; Cache Brief - 80909 - redacted.pdf

Dear Counsel: Attached are the following pleadings:

PLAINTIFF PERFECT 10, INC.'S OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. §512(c) FOR ITS BLOGGER SERVICE

PLAINTIFF PERFECT 10, INC.'S OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RE: SAFE HARBOR UNDER 17 U.S.C. §512(b) FOR ITS CACHING FEATURE

We have highlighted in blue portions of those briefs that we believe Google and Amazon might assert are Confidential. Although Google and Amazon have designated material Confidential under the protective order that is not Confidential, Perfect 10 has made a good faith effort to redact all material designated Confidential, from the pleadings Perfect 10 intends to publicly file. Please review the attached and let me know if there is anything else in either of these documents that you believe should be redacted. Also, if there are any portions that we have highlighted in blue that you believe do not need to be redacted, please let me know as well. Perfect 10 reserves its rights to move the Court for an order determining that any of the redacted material should not be designated Confidential. We will get you our proposed redactions for the remaining pleadings soon. Thanks, Jeff.

**Jeffrey Mausner**

---

**From:** Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com]
**Sent:** Friday, August 21, 2009 12:59 PM
**To:** 'Jeffrey Mausner'; 'Malutta, Anthony J.'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'Jansen, Mark T. '; 'Cahn, Timothy R.'; 'glcincone@townsend.com'
**Subject:** RE: Filing of Redacted Pleadings

Jeff,

As we have explained before, it is inappropriate for Perfect 10 to ask Google to do its legal work for it. Google is under no obligation to review every sentence of every one of the voluminous materials Perfect 10 has submitted in opposition to Google's DMCA motions, and prepare redacted versions of those materials for Perfect 10. Google has undertaken significant effort and expense to designate its Confidential and Highly Confidential materials as such, pursuant to the Protective Order. Where Perfect 10 has cited to Google's materials, it is Perfect 10's obligation to review those designations to ensure that it is redacting all designated material, in compliance with the Protective Order. We trust that Perfect 10 will respect Google's confidential information and comply with its obligations here.

On a related note, Perfect 10's failure to submit redacted briefs and declarations is hampering our ability to prepare reply materials, and as a result, Google may need more time to prepare those materials. It has now been two weeks since Perfect 10 filed its opposition materials, entirely under seal, despite the fact that significant portions of those materials are not confidential. Thus, we have no way of knowing which portions of Perfect 10's opposition materials it considers to contain Perfect 10's confidential information, and which portions do not. This hampers Google's ability to access and respond to Perfect 10's arguments and alleged facts (though consultation with the appropriate Google personnel, among other things). Please provide us with Perfect 10's redacted briefs by the close of business today, with the materials Perfect 10 believes contain its confidential information clearly redacted. If Perfect 10 needs more time to prepare its redactions, then please stipulate to extend Google's deadline to file its reply briefs.

Regards,
Rachel

Rachel Herrick Kassabian, Partner
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100
E-mail: rachelkassabian@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

## Jeffrey Mausner

**From:** Jeffrey Mausner [jeff@mausnerlaw.com]
**Sent:** Friday, August 21, 2009 3:32 PM
**To:** 'Rachel Herrick Kassabian'; 'Malutta, Anthony J.'; 'Thomas Nolan'; 'Michael T Zeller'; 'Andrea P Roberts'; 'Brad R. Love'; 'Jansen, Mark T. '; 'Cahn, Timothy R.'; glcincone@townsend.com
**Subject:** RE: Filing of Redacted Pleadings

Rachel, anyone at Google involved in the litigation and anyone that you want to consult with regarding the litigation can see anything in all of the documents that Perfect 10 filed in opposition to Google's three Motions for Summary Judgment, including all briefs, declarations, and any of the other pleadings and exhibits, as far as Perfect 10 is concerned. (You will have to check with Amazon to see if they have any objection to anyone at Google seeing their confidential materials.) Perfect 10 merely requests that Google not publicize URLs where infringing material is located, as Google has done in the past on ChillingEffects.org.

The entirety of Perfect 10's briefs were filed under seal *to protect Google's and Amazon's confidential information*. Your refusal to inform us whether Google deems anything, other than what we highlighted in the briefs attached to my August 19 email, to be subject to the protective order is completely unreasonable. Perfect 10 has shown Google the material Perfect 10 anticipates that Google will claim is confidential, but Perfect 10 cannot fully anticipate what Google will claim is subject to the protective order. You, the other attorneys in your firm, and Google personnel are reviewing the briefs now; it will be easy for Google or someone at your firm to make this determination now. In fact, I would be quite surprised if your firm has not already determined whether Perfect 10's proposed redactions are sufficient. You know very well that when Perfect 10 files the documents with redactions, Google will immediately claim that something else should have been redacted, so you can threaten to hold Perfect 10 and me in contempt for violating the protective order. Why not inform Perfect 10 now if there is any additional material that Google claims should be redacted, so there will be no misunderstanding as to what Google claims should be redacted. Redacted versions of the briefs should be filed, and Google should cooperate, rather than trying to set us up to claim that we violated the protective order. Jeff.

## Jeffrey Mausner

**From:** Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com]
**Sent:** Friday, August 21, 2009 4:00 PM
**To:** 'Jeffrey Mausner'; 'Malutta, Anthony J.'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'Jansen, Mark T. '; 'Cahn, Timothy R.'; 'glcincone@townsend.com'
**Subject:** RE: Filing of Redacted Pleadings

Jeff,

Are you representing that Perfect 10's DMCA opposition briefs, statements of genuine issues, declarations and exhibits do not contain **any** material that Perfect 10 considers confidential under the Protective Order? If so, then why did you submit a signed pleading with the Court attesting that Perfect 10's DMCA opposition briefs, statements of genuine issues, the Zada declaration and certain exhibits "contain material… designated Confidential by Perfect 10"? If that statement is in fact untrue (and your representations in the below email are correct), such that Google can treat Perfect 10's opposition materials as containing **no** confidential Perfect 10 information, please confirm immediately. On the other hand, if your statement to the Court in Perfect 10's Application to File Under Seal is true (and your statement below is mistaken), then please send us Perfect 10's redacted briefs by the close of business today, with the materials Perfect 10 believes contain its confidential information clearly redacted. If Perfect 10 needs more time to prepare its redactions, then please stipulate to extend Google's deadline to file its reply briefs.

Rachel

## Jeffrey Mausner

**From:** Jeff Mausner [jeff@mausnerlaw.com]
**Sent:** Friday, August 21, 2009 6:42 PM
**To:** 'ajmalutta@townsend.com'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'trcahn@townsend.com'; 'glcincone@townsend.com'; Rachel Herrick Kassabian
**Subject:** Re: Filing of Redacted Pleadings

Rachel, I told you that anyone at Google involved in the litigation and anyone that you want to consult with regarding the litigation can see anything in all of the documents that Perfect 10 filed in opposition to Google's three Motions for Summary Judgment, including all briefs, declarations, and any of the other pleadings and exhibits, as far as Perfect 10 is concerned. The URLs where the infringing material is located are confidential. But I said you can show everything, including those URLs, to anyone at Google involved in the litigation and anyone that you want to consult with regarding the litigation. We just don't want Google to publish a roadmap of where Perfect 10's infringing content is located, as it has done in the past.
It seems to me that you are just trying to manufacture a basis to get additional time to file your reply papers. We will not consent to that. Jeff.

Jeffrey Mausner
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
jeff@mausnerlaw.com
T (818) 992-7500
F (818) 716-2773

## Jeffrey Mausner

**From:** Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com]
**Sent:** Friday, August 21, 2009 6:51 PM
**To:** 'jeff@mausnerlaw.com'; 'ajmalutta@townsend.com'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'trcahn@townsend.com'; 'glcincone@townsend.com'
**Subject:** Re: Filing of Redacted Pleadings

Jeff,

There is a court order involved here, and you do not have the authority to waive enforcement of that order. Please answer the questions in my prior email.

Rachel

Rachel Herrick Kassabian
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA. 94065
Direct: (650) 801-5005
Office: (650) 801-5000
Fax: (650) 801-5100

**Jeffrey Mausner**

**From:** Jeff Mausner [jeff@mausnerlaw.com]
**Sent:** Friday, August 21, 2009 8:25 PM
**To:** 'ajmalutta@townsend.com'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'trcahn@townsend.com'; 'glcincone@townsend.com'; Rachel Herrick Kassabian
**Subject:** Re: Filing of Redacted Pleadings

Rachel, I answered your questions. Perfect 10 has given you permission to show any Perfect 10 confidential information in our opposition papers to anyone at Google involved in the litigation and anyone that you want to consult with regarding the litigation. Isn't that what you wanted? Jeff.

Jeffrey Mausner
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
jeff@mausnerlaw.com
T (818) 992-7500
F (818) 716-2773

## Jeffrey Mausner

**From:** Jeff Mausner [jeff@mausnerlaw.com]
**Sent:** Friday, August 21, 2009 11:53 PM
**To:** 'ajmalutta@townsend.com'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'trcahn@townsend.com'; 'glcincone@townsend.com'; Rachel Herrick Kassabian
**Subject:** Re: Filing of Redacted Pleadings
**Attachments:** Search Brief - 8-21-09 Redacted.pdf

Rachel, pursuant to your request, attached are Perfect 10's three opposition briefs, with portions to be redacted highlighted. Portions highlighted in blue are those that we believe Google or Amazon would want redacted. Portions highlighted in yellow are those containing Perfect 10's redactions. Please review the attached and let me know if there is anything else in any of these documents that you believe should be redacted. Also, if there are any portions that we have highlighted in blue that you believe do not need to be redacted, please let me know as well. Three separate emails will be sent with the attachments. Jeff.

Jeffrey Mausner
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
jeff@mausnerlaw.com
T (818) 992-7500
F (818) 716-2773

## Jeffrey Mausner

**From:** Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com]
**Sent:** Saturday, August 22, 2009 9:54 AM
**To:** 'Jeff Mausner'; 'ajmalutta@townsend.com'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'trcahn@townsend.com'; 'glcincone@townsend.com'
**Subject:** RE: Filing of Redacted Pleadings

Jeff,

Thank you for providing Perfect 10's redactions.

As for the remainder of your email, please see my email dated August 21 at 12:59 p.m., below.

Rachel

## Jeffrey Mausner

**From:** Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com]
**Sent:** Saturday, August 22, 2009 10:04 AM
**To:** 'Jeff Mausner'; 'ajmalutta@townsend.com'; Thomas Nolan; Michael T Zeller; Andrea P Roberts; Brad R. Love; 'mtjansen@townsend.com'; 'trcahn@townsend.com'; 'glcincone@townsend.com'
**Subject:** RE: Filing of Redacted Pleadings

Jeff, please read Paragraph 5 of the Protective Order.

**PLAINTIFF PERFECT 10, INC'S EXHIBIT SHOWING**

**PLAINTIFF PERFECT 10, INC.'S POWERPOINT PRESENTATION**

**(PARTIALLY FILED UNDER SEAL)**

# Perfect 10's Document Production
# Perfect 10's Adobe PDF
# DMCA Notices

U.S. District Court - Central District of California
Perfect 10 v. Google, Case No. CV 04-9484 AHM (SHx)
Perfect 10 v. Amazon, Case No. CV 05-4753 AHM (SHx)

# Perfect 10's June 2009 Production (a hard drive)

From the hard drives' root drive (in this case, "K:\"), select the "Amazon" folder



Then select “alexa DMCA” folder



Then select "112708" folder






The November 27, 2008 notice is contained in this folder. The email cover letter is saved in PDF, "DMCA Notice.pdf" and the accompanying attachment is the PDF file: "Jane Sarasin.pdf"




The file “Jane Sarasin.pdf” as it appears when opened.

SEE NEXT SLIDE

(From previous slide)





# SEARCH CAPABILITIES




Search feature (or Ctrl+F) can do basic searches for keywords.

The Advanced Search feature




# FILES CAN BE SAVED IN MANY OTHER FORMATS

# GOOGLE'S DISORGANIZED, REPETITIVE DOCUMENT PRODUCTIONS

[REDACTED]

***Please see handout for additional examples from Google's Document Production***

**Perfect 10's Document Productions were organized in folders, labeled, and searchable**

# Perfect 10 Magazines in April 2006 Document Production

From the hard drives' root drive (in this case, "E:\"), select the folder "PERFECT 10 MAGAZINE – PDF FORMAT"



This folder contains the Perfect 10 Magazines for the April 2006 production.

The magazines are offered in both PDF and JPG format. JPG files are contained in the separate folders labeled by Volume & Number.

Additionally, the images from the magazine were also provided as organized by model in the “By Model” and “For GOOGLE” folders.



# Perfect 10 Magazine – Premiere Issue (JPG files)



# Performing searches on Perfect 10's production hard drives is simple.

Ctrl+F or pressing the "Search" button on the task bar allows for many search options.

As shown, one can search for Issue 20 of Perfect 10 Magazine by entering a search query for "Issue 20"




SEE NEXT SLIDE


Search Results
File Edit View Favorites Tools Help
Back
Search
Folders
Address Search Results
Go
Search Companion
Name In Folder Size Type
Issue 16 - Vol 3 No 4 - TX 5-201-630.pdf E:\PERFECT 10 MAGAZINE - PDF FORMAT 102,538 KB Adobe Acrobat D
Issue 20 - Vol 4 No 2 - TX 5-328-636.pdf E:\PERFECT 10 MAGAZINE - PDF FORMAT 103,132 KB Adobe Acrobat D
Issue 24 - Vol 4 No 6 - TX 5-452-020.pdf E:\PERFECT 10 MAGAZINE - PDF FORMAT 109,223 KB Adobe Acrobat D
Location of Issue 20 on April 2006 production hard drive provided by search
Searching for files with "Issue 20" in the file name. Found 3 so far.
- Looking in P10-EXT (E:) and in subfolders.
- Looking in system folders.
- Not looking in hidden files and folders.
- Searching E:\cached google by model\oksana konakova
Stop
Searching E:\cached google by model\oksana konakova

Windows will even search for text ***within*** files.

For example, one could perform a search for a specific model name, or even a URL.

Windows will find files that contain the search term.




SEE NEXT SLIDE




| Name | In Folder | Size | Type | Date Modified |
|---|---|---|---|---|
| erica campbell | E:\ | | File Folder | 4/15/2006 11:17 P |
| about google.pdf | E:\about google II | 1,947 KB | Adobe Acrobat Doc... | 8/4/2005 8:29 PM |
| chillingeffects.org.pdf | E:\about google II | 1,694 KB | Adobe Acrobat Doc... | 2/11/2006 12:42 A |
| erica lookadoo | E:\cached google by model | | File Folder | 4/15/2006 4:02 PM |
| rights comcast.doc | E:\dmca comcast | 31 KB | Microsoft Office Wo... | 10/21/2004 10:48 |
| Erica Campbell.pdf | E:\image msn | 21,424 KB | Adobe Acrobat Doc... | 11/28/2005 1:19 A |
| Erica Lookadoo - Vol 2 No 3 - ... | E:\Magazine Pgs for Court | 6,256 KB | Adobe Acrobat Doc... | 6/4/2005 8:30 PM |
| 2005-report.xls | E:\passwords reports | 636 KB | Microsoft Office Exc... | 4/2/2006 7:36 PM |
| boutell03.xls | E:\passwords reports | 433 KB | Microsoft Office Exc... | 4/13/2006 7:57 AM |
| totals 03.xls | E:\passwords reports | 214 KB | Microsoft Office Exc... | 4/12/2006 4:14 PM |


p10
File Edit View Favorites Tools Help
Back
Search
Folders
Address R:\old R\z produced to Googe June 28 2007 do not alter on external hard drive\giganews.com\p10
Go
Picture Tasks
Get pictures from camera or scanner
View as a slide show
Order prints online
Print pictures
Copy all items to CD
File and Folder Tasks
Make a new folder
Publish this folder to the Web
Other Places
giganews.com
My Pictures
My Computer
My Network Places
Details
Adele_Stephens_38
Adele_Stephens_39
Adele_Stephens_040
Adele_Stephens_40
Adele_Stephens_041
Adele_Stephens_41
Adele_Stephens_42
Adele_Stephens_43
Adele_Stephens_44
Adele_Stephens_Hcks_01
Adele_Stephens_Hcks_02
Adele_Stephens_Hcks_03
Adele_Stephens_Hcks_04
Adele_Stephens_Hcks_05
Adele_Stephens_Hcks_06
Adelina_Schefferski_05
Adelina_Schefferski_08
Adelina_Schefferski_11
Adelina_Schefferski_15
Adelina_Schefferski_18
Adelina_Schefferski_21
Adelina_Schefferski_29
Adelina_Schefferski_30
Adriana_Adenti_01
Adriana_Adenti_02
Adriana_Adenti_03
Adriana_Adenti_04
Adriana_Adenti_05
Adriana_Adenti_06
Adriana_Adenti_07
Adriana_Adenti_08
Adriana_Adenti_09
Adriana_Adenti_10
Adriana_Adenti_11
Adriana_Adenti_12
Adriana_Adenti_13
Adriana_Adenti_14
Adriana_Ad
Adriana_Ad
Adriana_Ad
Type: JPEG Image
Size: 195 KB
Date Modified: 4/26/2007 8:43 AM
Adriana_Adenti_18
Adriana_Adenti_19
Adriana_Adenti_20
Adriana_Adenti_21
Adriana_Adenti_22
Adriana_Adenti_23
Adriana_Adenti_24
Alena_Drazna_09
Alena_Drazna_10
Alena_Drazna_11
Alena_Drazna_12
Alena_Drazna_13
Alena_Drazna_14
Alena_Drazna_15
Alena_Drazna_16
Alena_Young_01
Alena_Young_02
Alena_Young_05
Alena_Young_06
Alena_Young_07
Alena_Young_12
Alena_Young_14
Alena_Young_15
Alena_Young_19
Alena_Young_22
Alena_Young_23
Alena_Young_27
Alena_Young_28
Alena_Young_29
Alena_Young_30
Alena_Young_31
Alena_Young_32
Alena_Young_34
Alena_Young_35
Alena_Young_37
Alena_Young_40
Alena_Young_43
Alena_Young_44
Alena_Young_48
Alesia_Rapatskaya_08
Alesia_Rapatskaya_09
Alesia_Rapatskaya_10
Alesia_Rapatskaya_11
Alesia_Rapatskaya_14
Alesia_Rapatskaya_15
Alesia_Rapatskaya_16
Alesia_Rapatskaya_17
Alesia_Rapatskaya_19
Alesia_Rapatskaya_23
Alesia_Rapatskaya_25
Alesia_Rapatskaya_32
Alesia_Rapatskaya_37
Alesia_Rapatskaya_39
Alesia_Rapatskaya_40
Alesia_Rapatskaya_42
Alessandra_Correa_31
Alessandra_Correa_32
Alessandra_Correa_33
Alessandra_Correa_34
Alessandra_Correa_35
Alessandra_Correa_36
Alessandra_Correa_37
Alessandra_Correa_38
Alessandrina_Herrera_01
Alessandrina_Herrera_02
Alessandrina_Herrera_08
Alessandrina_Herrera_10
Alessandrina_Herrera_16
Alessandrina_Herrera_18
Alessandrina_Herrera_20
Alessandrina_Herrera_24
Alethea_Garber01
Alethea_Garber02
Alethea_Garber03
Alethea_Garber04
Alethea_Garber05
Alethea_Garber06
Alethea_Garber07
Alethea_Garber08
Alethea_Garber09
Alethea_Garber10
Alethea_Garber11
Alethea_Garber12
Alethea_Garber13
Alexa_Latona_01
Alexa_Latona_02
Alexa_Latona_03
Alexa_Latona_04
Alexa_Latona_05
Alexa_Latona_06
Alexa_Latona_07
Alexa_Latona_08
Alexa_Latona_09
Alexa_Latona_10
Alexa_Latona_11
Alexa_Latona_12
Alexa_Latona_13
Alexa_Latona_14
Alexa_Latona_15
Alexa_Latona_16
Alexa_Latona_17
Alexa_Latona_18
Alexa_Latona_19
Alexa_Latona_20
Alexa_Latona_21
alexa_latona_22
Alexa_Latona_23
Alexa_Latona_24
Alexa_Latona_25
Alexa_Latona_26
Alexandra_Berejnova_03
Alexandra_Berejnova_06
Alexandra_Berejnova_09
Alexandra_Berejnova_11
Alexandra_Berejnova_19
Alexandra_Berejnova_23
Alexandra_Berejnova_24
Alexandra_Berejnova_28
Alexandra_Berejnova_29
Alexandra_Berejnova_33
Alexandra_Berejnova_34
Alexandra_Berejnova_35
Alexandra_Berejnova_37
Alexandra_Berejnova_38
Alexandra_Berejnova_40
Alexandra_Berejnova_41
Alexandra_Berejnova_42
Alexandra_Berejnova_43
Alexandra_Berejnova_44
Alexandra_Berejnova_45
Alexandra_Berejnova_46
Alexandra_Berejnova_47
Alexandra_Berejnova_53
Alexandra_Berejnova_55
Alexandra_Berejnova_57
Alexandra_Berejnova_58
Alexandra_Berejnova_59
Alexandra_Berejnova_60
Alexandra_Berejnova_61
Alexandra_Berejnova_64
Alexandra_Berejnova_67
Alexandra_Berejnova_68
Alexandra_Berejnova_69
Alexandra_Berejnova_mag_01
Alexandra_Berejnova_mag_02
Alexandra_Berejnova_mag_03
Alexandra_Berejnova_mag_04
Alexandra_Berejnova_mag_05
Alexandra_Berejnova_mag_06
Alexandra_Berejnova_mag_07
Alexandra_Bereznova_19
Alexandra_Bereznova_33
Alexandra_Bereznova_35
Alexandra_Bereznova_40
September 2009
start
Account Summary Ho...
Portfolio - Wells Farg...
6 Windows Explorer
Copy of bates list her...
9:21 AM


p10
File Edit View Favorites Tools Help
Back
Search
Folders
Address R:\old R\z produced to Googe June 28 2007 do not alter on external hard drive\giganews.com\p10
Go
Picture Tasks
Get pictures from camera or scanner
View as a slide show
Order prints online
Print pictures
Copy all items to CD
File and Folder Tasks
Make a new folder
Publish this folder to the Web
Other Places
giganews.com
My Pictures
My Computer
My Network Places
Details
Adelina_Schefferski_21
Adelina_Schefferski_29
Adelina_Schefferski_30
Adriana_Adenti_01
Adriana_Adenti_02
Adriana_Adenti_03
Adriana_Adenti_04
Adriana_Adenti_05
Adriana_Adenti_06
Adriana_Adenti_07
Adriana_Adenti_08
Adriana_Adenti_09
Adriana_Adenti_10
Adriana_Adenti_11
Adriana_Adenti_12
Adriana_Adenti_13
Adriana_Adenti_14
Adriana_Adenti_15
Adriana_Adenti_16
Adriana_Adenti_17
Adriana_Adenti_18
Adriana_Adenti_19
Adriana_Adenti_20
Adriana_Adenti_21
Adriana_Adenti_22
Adriana_Adenti_23
Adriana_Adenti_24
Alena_Drazna_09
Alena_Drazna_10
Alena_Drazna_11
Alena_Drazna_12
Alena_Drazna_13
Alena_Drazna_14
Alena_Drazna_15
Alena_Drazna_16
Alena_Young_01
Alena_Young_02
Alena_Young_05
Alena_Young_06
Alena_Young_07
Alena_Young_12
Alena_Young_14
Alena_Young_15
Alena_Young_19
Alena_Young_22
Alena_Young_23
Alena_Young_27
September 2009
start
Account Summary Ho...
Portfolio - Wells Farg...
6 Windows Explorer
Copy of bates list her...
9:23 AM