Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

Plaintiff,

v.

GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,

Defendant.

AND CONSOLIDATED CASE.

Case No. CV 04-9484 AHM (SHx)
Consolidated with Case No. CV 05-4753 AHM (SHx)

**DISCOVERY MATTER**

**DECLARATION OF JEFFREY N. MAUNSER IN RESPONSE TO GOOGLE INC.'S REQUEST FOR CLARIFICATION RE: THE ORDER COMPELLING PERFECT 10 TO PRODUCE COMPLETE AND UNREDACTED FINANCIAL DOCUMENTS AND OTHER DAMAGES-RELATED DOCUMENTS, AND AMAZON.COM AND ALEXA INTERNET'S JOINDER THEREIN**

**Before Judge Stephen J. Hillman**

Date: None Set
Time: None Set
Place: Courtroom 550

Discovery Cut-Off Date: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

I, Jeffrey N. Mausner, declare as follows:

1. I am a member of the State Bar of California and admitted to practice before this Court. I am counsel of record for Plaintiff Perfect 10, Inc. ("Perfect 10") in this action. All of the matters stated herein are of my own personal knowledge, except where otherwise stated, and if called as a witness, I could and would testify competently thereto. I make this declaration in response to Google Inc.'s request for clarification regarding the order compelling Perfect 10 to produce complete and unredacted financial documents and other damages-related documents, and Amazon.com and Alexa Internet's joinder therein.

2. Attached as Exhibit 1 is a true and correct copy of a letter to me from Rachel Herrick Kassabian dated October 15, 2009.

3. Attached as Exhibit 2 is a true and correct copy of an email from me to Ms. Kassabian dated October 18, 2009, in response.

4. Attached as Exhibit 3 is a true and correct copy of the July 21, 2003 Order of Judge Hillman in *Perfect 10 v. Net Management Services, et al*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 23rd day of October 2009, in Los Angeles County, California.

Jeffrey N. Mausner

JEFFREY N. MAUSNER

# Exhibit 1

**quinn emanuel** trial lawyers | silicon valley
555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S INTERNET ADDRESS
**rachelkassabian@quinnemanuel.com**

October 15, 2009

**VIA E-MAIL & U.S. MAIL**

Jeffrey N. Mausner, Esq.
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367
jeff@mausnerlaw.com

Re: *Perfect 10, Inc. v. Google Inc.*: Magistrate Judge Hillman's Order Compelling Production of Documents

Dear Jeff:

As you know, at the September 22, 2009 hearing on Google's Motion to compel Perfect 10 to produce certain financial records in unredacted form (the "Motion"), Magistrate Judge Hillman issued an order from the bench compelling Perfect 10 to produce its financial statements and tax returns in complete and unredacted form, with three narrow exceptions pertaining to credit card numbers, and the names of patients and treating physicians in entries for medical expenses. Counsel for the Amazon Defendants confirmed this order at the hearing as follows:

> MR. JANSEN: AS I UNDERSTAND THE COURT'S ORDER, IS IT, EVERYTHING IS UNREDACTED EXCEPT VERY -- THREE VERY LIMITED THINGS, WHICH ARE THE CREDIT CARD NUMBERS, THE NAMES OF PATIENTS, AND THE NAMES OF DOCTORS. EVERYTHING ELSE IS UNREDACTED.
>
> THE COURT: I THINK YOU'RE CORRECT.

September 22, 2009 Hearing Transcript at 59:12-17.

As you also know, following that hearing, the parties submitted (Proposed) Orders confirming Judge Hillman's oral rulings, and Judge Hillman adopted Perfect 10's version of Paragraph 2 (addressing production of settlement information). This Paragraph provides (*inter alia*) that "Perfect 10 may not redact information regarding the date, payor, and amount of any such settlement payments," and that "Perfect 10 is not required to produce any information about any settlements with third parties, other than the date, payor, and amount of any such settlement payments, and may redact settlement information it is not required to produce."

As Google understands it, this Paragraph requires Perfect 10 to produce its financial reports and tax returns with the date, payor, and settlement amount of any settlement payments received unredacted, but permits Perfect 10 to redact other settlement information that might be reflected on the face of the financial reports and tax returns (if any). Since this portion of Google's Motion pertained only to lifting the redactions on Perfect 10's financial reports and tax returns, we do not read the Order to suggest that the Court has ruled that Perfect 10 need not produce settlement information in any other context, or as reflected in any other documents. Please confirm that Perfect 10 shares Google's understanding of this portion of the Order. If Perfect 10 does not so agree, please advise as soon as possible, and in any event before the close of business on October 16, 2009, so that Google may seek clarification of the ruling to the extent necessary.

Very truly yours,

Rachel Herrick Kassabian

RHK/tdn
01980.51320/3154564.1

# Exhibit 2

## Jeffrey Mausner

**From:** Jeffrey Mausner [jeff@mausnerlaw.com]
**Sent:** Sunday, October 18, 2009 9:14 PM
**To:** 'Thomas Nolan'
**Cc:** 'Rachel Herrick Kassabian'; Valerie Kincaid
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Order Compelling Production of Documents

Rachel, Perfect 10 does not agree with Googleȍs interpretation. As you know, Perfect 10 has taken the position that in light of the Courtȍs rulings regarding financial documents, the production of the Microsoft settlement agreement is not required. Jeff.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Thursday, October 15, 2009 7:08 PM
**To:** Jeffrey Mausner
**Cc:** Rachel Herrick Kassabian
**Subject:** Perfect 10, Inc. v. Google Inc.: Order Compelling Production of Documents

Jeff,

Please see the attached.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Exhibit 3

Priority X
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION
CIVIL MINUTES--GENERAL

Case No. CV 02-3735-LGB (SHx) Date: July 21, 2003

Title Perfect 10, Inc. v. Net Management Services, et al.,

DOCKET ENTRY

PRESENT:
Hon. STEPHEN J. HILLMAN, MAGISTRATE JUDGE

SANDRA BUTLER
Deputy Clerk

Tape Number

ATTORNEYS PRESENT FOR PLAINTIFFS: N/A

ATTORNEYS PRESENT FOR DEFENDANTS: N/A

PROCEEDINGS: (IN CHAMBERS)

Defendants' three Motions, all seeking settlement agreements and related documents and testimony from plaintiff Perfect 10, as well as from non-parties Cybernet Ventures and Tri-Tech Internet, Inc., have been taken under submission following oral argument on July 14, 2003. The court now issues a single ruling as to all three Motions, which all seek settlement documents regarding now-settled litigation between 1) Perfect 10 and Cybernet and 2) Perfect 10 and Tri-Tech. Additionally, the court rules on the separate (but related) discovery requests which seek detailed financial information from the two non-parties, consisting of their net and gross sales figures, and costs and expenses from 2001 to the present date. The three Motions are thereby denied for the reasons stated below.

ENTERED ON ICMS
JUL 23 2003
CV

261

------------------

The court concludes that the settlement agreements and related settlement documents should not be produced. Not only should the strong public policy cautioning disclosure of confidential settlement documents be honored in this case, but the court concludes that the settlement documents have no relevance to Perfect 10's claims against the defendants in this case.

Initially, the settlement documents from the other cases will not tend to prove or disprove that Perfect 10 has legal standing to make its RICO claims against NMS. The settlement documents would not tend to prove or disprove that NMS caused Perfect 10's alleged injury. Secondly, there is no practical way for the fact-finder in this case to apportion what amount of consideration for the earlier settlements was paid by defendants in those cases on account of specific alleged infringements, alleged misappropriations or alleged acts of unfair competition. Counsel have represented that no specific amounts, for specific individual acts of wrongdoing, were delineated in the settlement agreements. Thus, the settlement documents would not, as defendants claim, provide terms and conditions which would shed light on what portion of Perfect 10's damages are attributable to NMS.

This is additionally true because counsel have represented to the court that there were no admissions of liability by the defendants in the other settlements. The settlements reached in the other cases simply have no relevance to the measure of damages in this case. The court specifically rejects defendants' assertion that the settlement documents are somehow relevant to showing that, if Perfect 10 prevails in this case, its market share will not likely increase if it did not increase following Perfect 10's settlement with other defendants in other cases. Numerous factors surely contributed to the non-parties' post-settlement financial condition.

As for non-parties Cybernet's and Tri-Tech's net and gross sales figures, cost and expenses, the Motions are also denied as irrelevant, for the same reasons that the settlement documents themselves are irrelevant. There are innumerable economic and business reasons why Cybernet's and Tri-Tech's sales figures may or may not have gone down subsequent to their settlements of Perfect 10's lawsuits against them. The financial documents of the non-parties are highly sensitive, and should not be produced to defendants, even under an "attorney's eyes'" designation.

SCANNED

The court notes that the balance of the Motion regarding Netvision Audiotext's First Set of Interrogatories to Perfect 10 (unrelated to the settlement and financial documents issues ruled on in this Order), was orally ruled on in open court on July 14th.

cc: Judge Baird
Judge Hillman
Parties of Record