QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
    Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
    Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>      Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DECLARATION OF THOMAS NOLAN IN SUPPORT OF GOOGLE INC.'S JOINDER IN DEFENDANTS AMAZON.COM, INC. AND ALEXA INTERNET'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PERFECT 10, INC. TO AFFIX PRODUCTION NUMBERS TO ITS PRODUCTION AND TO REIMBURSE DEFENDANTS FOR COSTS AND REQUEST FOR A TELEPHONIC CONFERENCE, AND RESPONSE TO PERFECT 10'S OPPOSITION THERETO** |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>      Defendants. | Hon. Stephen J. Hillman<br><br>Date: None Set<br>Time: None Set<br>Place: Courtroom 550<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

I, Thomas Nolan, declare as follows:

1.     I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. in this action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would competently testify thereto.

2.     I submit this declaration in support of Defendant Google Inc.'s Joinder in Defendants Amazon.com, Inc. and Alexa Internet's *Ex Parte* Application for an Order Compelling Perfect 10, Inc. to Affix Production Numbers to its Production and to Reimburse Defendants for Costs and Request for a Telephonic Conference, and Response to Perfect 10's Opposition Thereto (filed concurrently herewith).

3.     I informed Perfect 10 of Google's intention to file this Joinder and Response on a *ex parte* basis via email at 2:24 p.m. on October 30, 2009.

4.     I have reviewed the Declaration of Jeffrey N. Mausner filed October 30, 2009, and the October 22, 2009 letter Mr. Mausner attached thereto as Exhibit 2. In that letter, which Perfect 10 emailed to Google's counsel (including myself) on October 22, Perfect 10 made certain accusations regarding Google's alleged discovery conduct. Google currently is in the process of meeting and conferring with Perfect 10 to seek the factual basis for Perfect 10's accusations, so that Google may investigate and respond to them.

5.     I am personally copied on the majority of all correspondence between counsel for Google and Perfect 10 regarding discovery disputes in this matter, and am generally informed as to the substance of any such disputes in which I am not personally involved. I have searched the prior meet and confer correspondence between the parties, and to the best of my knowledge, Perfect 10 has never requested to meet-and-confer with Google under <u>Local Rule</u> 37-1 regarding Google's Responses and Objections to Perfect 10's Request for Production Nos. 342-347.

6. Following standard litigation practices, it has been Google's practice in this matter to make its electronic document productions in text-searchable format, typically in .TIFF and/or .jpg format (and sometimes in .pdf format). I am not aware of any instance in which, after receiving a Google electronic document production, Perfect 10 notified Google that there was some technical error in the production such that files produced in fact were not text-searchable. Although in its opposition brief Perfect 10 does not identify precisely which document(s) it refers to as Google's allegedly non-searchable "DMCA log," the various typewritten spreadsheets Google produced electronically which documented Google's response to various DMCA notices were indeed produced in text-searchable format.

7. On October 22, 2009 Perfect 10 produced a hard drive to Google. By email, Perfect 10 informed me that this hard drive contained documents responsive to the Court's Order dated October 6, 2009 compelling production of financial and other damages-related documents. I have personally reviewed the hard drive. The hard drive contains a large number of documents spread throughout multiple folders and subfolders. It includes screenshots of search results from several search engines, apparent purported DMCA-related materials, contracts with various third-parties, and emails, among other things. In my review I came across numerous documents that were not text-searchable. I located no folders of documents labeled "financial documents," "damages documents," or with any sort of clear reference to the Court's Order dated October 6, 2009.

8. On October 21, 2009, I took the deposition of Perfect 10 employee Sheena Chou. During that deposition I handed Ms. Chou an exhibit containing documents produced by Perfect 10. Because Perfect 10 did not affix Bates-numbers to those documents when it produced them to Google, those documents did not bear Bates-numbers.

9. Attached hereto as Exhibit A is a true and correct copy of an email dated October 25, 2009 from Jeffrey N. Mausner to myself.

1    10.    Attached hereto as Exhibit B is a true and correct copy of a letter dated
2  June 3, 2009 from my colleague Andrea Pallios Roberts to Mr. Mausner.

3    11.    Attached hereto as Exhibit C is a true and correct copy of excerpts of
4  the transcript of the September 22, 2009 hearing before the Hon. Stephen J.
5  Hillman.

6    12.    Attached hereto as Exhibit D is a true and correct copy of excerpts of a
7  "Joint Letter" faxed to the Court by counsel for Perfect 10 on November 14, 2008
8  (Docket No. 380).

9    13.    Attached hereto as Exhibit E is a true and correct copy of excerpts of
10  Perfect 10's Response to Defendants Amazon.com and Alexa Internet's Ex Parte
11  Application to Continue Summary Judgment Filing Deadline, filed on September
12  11, 2009 in the consolidated case against the *Amazon* defendants.

13    I declare under penalty of perjury under the laws of the United States of
14  America that the foregoing is true and correct. Executed November 2, 2009 at Los
15  Angeles, California.

16

17

18
     _____
19    Thomas Nolan

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| From: | Jeffrey Mausner [jeff@mausnerlaw.com] |
|---|---|
| Sent: | Sunday, October 25, 2009 10:52 AM |
| To: | Thomas Nolan |
| Cc: | Michael T Zeller; Rachel Herrick Kassabian; 'Jansen, Mark T. '; trcahn@townsend.com; 'Valerie Kincaid' |
| Subject: | RE: Sheena Chou documents |

Tom: Google misrepresented to the Court that it would be quick and cheap to Bates number Perfect 10's massive electronic productions. Google has never attempted to substantiate that misrepresentation with anything other than testimony by Mike Zeller and Rachel Kassabian, and undisclosed others. As soon as the Court ordered Google to do the Bates numbering, and substantiate its claims with an agreed upon expert, Google quickly came up with another "solution" (the second proposal) that it wishes to unilaterally impose on Perfect 10. (For example, at the October 21 deposition of Sheena Chou, Google showed the witness documents from Perfect 10's production, but refused to abide by its own proposal and provide file path information.) Perfect 10 Bates numbered the last production because it consisted of 222 pages in one Adobe document, and was quick and cheap to do so. Since Google is now attempting to substantiate and "revive" its Bates numbering proposal by pointing to Perfect 10's Bates numbering of a few hundred pages of documents in a single file, Perfect 10 will not Bates number any other productions until these issues are either resolved by the parties or Judge Hillman. Jeff.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Thursday, October 22, 2009 5:06 PM
**To:** Jeffrey Mausner
**Cc:** Michael T Zeller; Rachel Herrick Kassabian; 'Jansen, Mark T. '; trcahn@townsend.com; Valerie Kincaid
**Subject:** RE: Sheena Chou documents

Hi Jeff,

What program did you use to apply the Bates numbers and confidentiality designations to these documents?

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT _____ *A*

PAGE _____ *5*

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Monday, October 19, 2009 11:58 AM
**To:** Rachel Herrick Kassabian; Thomas Nolan; Michael T Zeller; Brad R. Love; Andrea P Roberts;
mtjansen@townsend.com; ajmalutta@townsend.com; Timothy Cahn; glcincone@townsend.com; Steiner, Elham F.
**Cc:** Valerie Kincaid
**Subject:** Sheena Chou documents

Attached is the document production in connection with the Sheena Chou deposition. These documents are designated Confidential. Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

EXHIBIT _____ A _____

PAGE _____ 6 _____

# EXHIBIT B

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

June 3, 2009

<u>U.S. MAIL</u>

Jeffrey N. Mausner, Esq.
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA
Email: jeff@mausnerlaw.com

Re:     <u>Perfect 10, Inc. v. Google Inc.; Document Production</u>

Dear Jeff:

Enclosed are documents bearing control numbers GGL053552-5610. Among other things, Google is supplementing its production with Perfect 10's alleged notices of infringement received since Google's last production, but Google is not re-producing the DVDs Perfect 10 provided with those alleged notices, because Perfect 10 already has copies of those materials.

Very truly yours,

*Andrea Pallios Roberts*

Andrea Pallios Roberts
51320/2957603.1

51320/2957603.1

EXHIBIT _____ _B_

PAGE _____ _7_

# EXHIBIT C

```
1

2                  UNITED STATES DISTRICT COURT

3                 CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
4

5
     PERFECT 10, INC.,                )
6                                     )
            PLAINTIFF,                 )
7                                     )
            VS.                        )  CASE NO. CV 04-9484-AHM(SHX)
8                                     )
                                      )
9    GOOGLE, INC.,                    )  LOS ANGELES, CALIFORNIA
                                      )  SEPTEMBER 22, 2009
10                                    )  (10:02 A.M. TO 11:09 A.M.)
                                      )  (11:21 A.M. TO 12:52 A.M.)
11          DEFENDANT.                )  (1:35 P.M. TO 2:43 P.M.)
                                      )  (2:52 P.M. TO 3:09 P.M.)
12   _____)

                                HEARING
13            BEFORE THE HONORABLE STEPHEN J. HILLMAN
                   UNITED STATES MAGISTRATE JUDGE
14

15

16

17   APPEARANCES:          SEE NEXT PAGE

18   COURT REPORTER:       RECORDED

19   COURTROOM DEPUTY:     SANDRA L. BUTLER

20   TRANSCRIBER:          DOROTHY BABYKIN
                           COURTHOUSE SERVICES
21                         1218 VALEBROOK PLACE
                           GLENDORA, CALIFORNIA  91740
22                         (626) 963-0566

23

24

25   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

EXHIBIT _____ C

PAGE _____ 8

1   EMAIL STRING I THINK YOU WOULD SEE, YOUR HONOR, THAT WHENEVER

2   THEY WANT TO SHOW SOMETHING TO SOMEBODY, AND IT'S NOT -- IT'S

3   NOT HIGHLY -- YOU KNOW, THAT INVOLVED A CASE WHERE THEY

4   WANTED TO SHOW IT TO THEIR EXPERTS AND PEOPLE WHO WORKED IN

5   THE COMPANY AND SO ON.  WE SAID, FINE, DO IT.  THEY JUST

6   ASKED US.  WITHIN AN HOUR I SAID, FINE, SHOW IT TO THEM.

7           IT'S GOING TO BE EXTREMELY BURDENSOME FOR US TO GO

8   THROUGH AND STAMP EACH DOCUMENT "CONFIDENTIAL" OR

9   "NON-CONFIDENTIAL."  IT'S GOING TO BE JUST AS -- YOU KNOW,

10  MORE BURDENSOME THAN PUTTING A NUMBER ON IT.  AND WE JUST

11  CAN'T DO IT.  WE CANNOT DO EVERY --

12          THE COURT:  ALL RIGHT.  LET ME SEE THE PROTECTIVE

13  ORDER.  I APPRECIATE YOUR BEING HONEST AS TO THE DIFFICULTY.

14          MS. KASSABIAN:  I APOLOGIZE, YOUR HONOR.  THERE'S A

15  LITTLE BIT OF HIGHLIGHTING ON THERE, BUT THERE'S NO WRITING

16  OR ANYTHING.

17          THE COURT:  OKAY.

18          MS. KASSABIAN:  OH, NEVER MIND.  WE HAVE A CLEAN

19  COPY.

20          THE COURT:  OKAY.

21          (PAUSE IN PROCEEDINGS.)

22          MR. MAUSNER:  YOUR HONOR, I'D ALSO LIKE TO SHOW

23  YOUR HONOR WHAT GOOGLE HAS DESIGNATED AS CONFIDENTIAL --

24          THE COURT:  OKAY.

25          MR. MAUSNER:  -- MORE SO THAN EVEN PERFECT 10.

EXHIBIT _____ C_____

PAGE _____ 9_____

1        MS. KASSABIAN: AND, AGAIN, YOUR HONOR, THAT

2   OBVIOUSLY HAS NOTHING TO DO WITH WHY WE'RE HERE TODAY. AND

3   IF PERFECT 10 HAS A PROBLEM WITH GOOGLE'S DESIGNATIONS, THEY

4   CAN MEET AND CONFER WITH US AND FILE A MOTION, AND WE'LL DEAL

5   WITH THAT IN DUE COURSE.

6        MR. MAUSNER: WELL, WE CAN'T DO THAT. WE CAN'T --

7   WE CAN'T DO AS MANY MOTIONS AND AS MANY LETTERS AND EMAILS AS

8   GOOGLE DOES TO US OBVIOUSLY.

9        THE COURT: IS THE PROBLEM REALLY WITH THE

10  CONFIDENTIALITY DESIGNATION OR WITH LOCAL RULE 79-3 SEALING.

11       WHERE'S THE PROBLEM?

12       MS. KASSABIAN: CERTAINLY SEALING IS ONE OF THE

13  BIGGEST RESULTING PROBLEMS WITH PERFECT 10'S

14  OVER-DESIGNATION. AND WE CITED IN OUR BRIEFING, YOUR HONOR,

15  THE ULLICO CASE. I'M NOT SURE IF I'M PRONOUNCING THAT RIGHT.

16       THE COURT: YES. I KNOW.

17       MS. KASSABIAN: U-L-L-I-C-O.

18       WE HAVE A VERY SIMILAR SITUATION HERE. WHEN A

19  PARTY OVER-DESIGNATES, EVERY TIME WE WANT TO FILE A DOCUMENT

20  WITH THE COURT, EVERY TIME WE WANT TO SHOW A DOCUMENT AT A

21  DEPOSITION, EVERY TIME WE WANT TO REVIEW A DOCUMENT FOR

22  WORK-PRODUCT PURPOSES AND POSSIBLY SHOW IT TO OTHERS, WE

23  WOULD HAVE TO PICK UP THE PHONE AND CALL PERFECT 10 AND ASK

24  THEM IF IT'S OKAY.

25       THAT IS NOT HOW THE PROTECTIVE ORDER WORKS. NOR

EXHIBIT _____ C

PAGE _____ 10

```
 1                    C E R T I F I C A T E

 2

 3           I CERTIFY THAT THE FOREGOING IS A CORRECT

 4   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

 5   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

 6

 7

 8

 9   DOROTHY BABYKIN                      10/2/09

10   _____     _____

11   FEDERALLY CERTIFIED TRANSCRIBER      DATED

12   DOROTHY BABYKIN

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT ___C___
PAGE ___11___

# EXHIBIT D

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone (818) 992-7500
Facsimile (818) 716-2773
E-mail: jeff@mausnerlaw.com

November 14, 2008

FILED
CLERK, U.S. DISTRICT COURT

NOV 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

The Honorable Stephen J. Hillman
Chief United States Magistrate Judge

Re: *Perfect 10 v. Google,* CV 04-9484 AHM (SHx); *Perfect 10 v. Microsoft,*
CV07-5156 AHM (SHx)

*By Fax to (213) 894-4381*

Dear Judge Hillman:

Per the instructions provided by your clerk, this is a Joint Letter regarding
Perfect 10's request that this Court:

(1) Order Google not to file any additional motions to compel until after
December 8, 2008 (the hearing date for the motion for summary
judgment in the Amazon/Alexa case), and that Google defer the meet and
confer process regarding discovery issues until after December 8.

(2) Order that Google limit its discovery after December 8, 2008 to those
issues pertaining to the summary judgment motion Google has said it is
filing shortly, and that any future discovery be done at a reasonable pace.

## PERFECT 10'S POSITION

Perfect 10 and Amazon subsidiary A9.com just completed A9's motion for
summary judgment. The hearing on Perfect 10's summary judgment motion
against Amazon and its subsidiary Alexa is December 8, 2008. On November 7,
Google advised Perfect 10 that it is going to be filing a motion for summary
judgment in the near future. Since the October 6 status conference, the
Defendants, particularly Google, have been subjecting Perfect 10 to a ceaseless
barrage of e-mails and letters regarding discovery, most of it having nothing to do
with issues that Judge Matz was concerned with at the October 6 hearing. It is
obvious that Google is doing this to crush Perfect 10 and make it impossible for

1

EXHIBIT _____ D
PAGE _____ 12

claimed it needed to meet and confer about, and which is the subject of numerous
threats to file yet another motion to compel.

   Google and its counsel, Quinn Emanuel, are out of control and Perfect 10
asks this Court to reign in their attempts to crush a smaller litigant.

## GOOGLE'S POSITION

### 1.    Perfect 10's Informal Request for a Discovery Stay Is Procedurally Improper.

In its portions of this "Joint Letter," Perfect 10 asks the Magistrate Judge to stay
Google's discovery so that Perfect 10 purportedly can devote itself to preparing a
single reply brief in support of its own motion for summary judgment against
Alexa and Amazon in the Amazon case.

Even apart from its lack of merit (as discussed below), Perfect 10's request is
procedurally improper. The power to manage the case schedule rests with the
District Judge. It is not one of the powers delegated to Magistrate Judges under
Rule 72(a), and the reference to the Magistrate Judge in this case was for discovery
matters *only*. See Docket No. 20. If Perfect 10 believes a stay of the case is
warranted, Perfect 10 is required to satisfy the pre-filing requirements of Local
Rule 7-3 and then file a noticed motion with Judge Matz to modify the case
schedule. Having failed to satisfy the pre-filing requirements or to bring such a
properly noticed motion (or even an application for *ex parte* relief), Perfect 10's
request should be rejected. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be
modified only for good cause and with the judge's consent."); Zivkovic v. Southern
Calif. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

Because a stay request can only be made to the District Judge and because Perfect
10 has failed to properly meet and confer or otherwise meet the requirements for
motion practice under Local Rule 7-3, its request should be rejected on those
grounds alone.

### 2.    Judge Matz Has Already Rejected Perfect 10's Stay Request

Even if Perfect 10 had followed the Rules, its request lacks merit because Judge
Matz has *already declined* to stay discovery in this case. Contrary to Perfect 10's
suggestions, Judge Matz made clear at the October 6, 2008 Status Conference that

7

EXHIBIT _____ *D*

PAGE _____ *13*

Sincerely,

LAW OFFICES OF JEFFREY N. MAUSNER

   Jeffrey N. Mausner

By: _____

   Jeffrey N. Mausner, attorneys for Perfect 10

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

   Michael T. Zeller, with permission

By: _____

   Michael T. Zeller, attorneys for Google

18

EXHIBIT _____ D

PAGE _____ 14

# EXHIBIT E

1   Jeffrey N. Mausner (State Bar No. 122385)
    Law Offices of Jeffrey N. Mausner
2   Warner Center Towers
    21800 Oxnard Street, Suite 910
3   Woodland Hills, California 91367-3640
    E-Mail: Jeff@MausnerLaw.com
4   Telephone: (310) 617-8100, (818) 992-7500
5   Facsimile: (818) 716-2773

6   Attorneys for Plaintiff Perfect 10, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  PERFECT 10, INC., a California          CASE NO. CV 05-4753 AHM (SHx)
    corporation,                            Consolidated with Case No. CV 04-9484
12                                          AHM (SHx)
            Plaintiff,
13                                          **PERFECT 10'S RESPONSE TO**
          v.                                **DEFENDANTS AMAZON.COM AND**
14                                          **ALEXA INTERNET'S EX PARTE**
    AMAZON.COM, INC., et al.                **APPLICATION TO CONTINUE**
15                                          **SUMMARY JUDGMENT FILING**
            Defendants.                     **DEADLINE**
16

17  AND CONSOLIDATED CASE.                  BEFORE JUDGE A. HOWARD MATZ
18
                                            Date: Ex Parte Opposition
19                                          Time: Ex Parte Opposition
                                            Place: Courtroom 14, Courtroom of the
20                                          Honorable A. Howard Matz
21
                                            Discovery Cut-Off Date:  None Set
22                                          Pretrial Conference Date:  None Set
                                            Trial Date:  None Set
23

24

25

26

27

28
    Perfect 10's Response to Defendants Amazon.com and Alexa Internet's                E
    Ex Parte Application to Continue Summary Judgment Filing Deadline

                                                                    PAGE _____  15

1 | 190, pages 3, 9-10, 12, 19-21. Moreover, it was Amazon that contracted
2 | with Google to provide search results between January 2003 and
3 | September 2006. *See* Exhibits I and J to the pleading entitled Exhibits B,
4 | I, J and K to the Declaration of Jeffrey N. Mausner in Support of Perfect
5 | 10, Inc.'s Portions of the Joint Stipulation Re: Defendant A9.com, Inc.'s
6 | Motion for Protective Order on Behalf of Jonathan Leblang, filed under
7 | seal pursuant to protective order on August 5, 2009 (Docket No. 341).

8 | Because of Amazon's direct involvement in the infringement of
9 | Perfect 10's copyrighted works, along with its ongoing refusal to act,
10 | Amazon does not have a good faith basis for filing a motion for summary
11 | judgment absolving it of any copyright liability. *See* emails between
12 | Perfect 10's and Amazon's attorneys, attached as Exhibit C to the
13 | Declaration of Timothy R. Cahn in Support of Defendants Amazon.com,
14 | Inc. and Alexa Internet's Ex Parte Application to Continue Summary
15 | Judgment Filing Deadline, pages 14-15.

16 | **V.    IF THE COURT CANNOT RULE ON PERFECT 10'S**
17 | **SUMMARY JUDGMENT MOTION IN THE NEAR FUTURE,**
18 | **PERFECT 10 REQUESTS THAT THE COURT STAY ALL**
19 | **DISCOVERY IN BOTH CASES.**

20 | Perfect 10 believes that a ruling on Perfect 10's Summary Judgment
21 | Motion will lead to settlement. Until that ruling is made, Perfect 10 is
22 | losing approximately $3 million a year, battling a situation in which both
23 | Google and the Amazon defendants are making available for free
24 | everything that Perfect 10 sells. Moreover, Defendants are refusing to
25 | process Perfect 10's DMCA notices. If the Court cannot rule on Perfect
26 | 10's Summary Judgment Motion soon, Perfect 10 proposes the following:
27 | That Defendants' request to extend the summary judgment deadline be

28 |

6
Perfect 10's Response to Defendants Amazon.com and Alexa Internet's
Ex Parte Application to Continue Summary Judgment Filing Deadline    $\in$

PAGE _____ *16*

1    granted, but that the Court also stay the massive discovery that currently

2    is taking place until it rules on Perfect 10's Summary Judgment Motion.

3    For example, in the next two weeks, Perfect 10 must defend at least four

4    days of deposition, prepare extensive responses to new written discovery,

5    and prepare for the September 22, 2009 hearing on discovery motions

6    before Judge Hillman. All of this massive discovery ultimately may be

7    mooted by the Court's ruling on Perfect 10's Summary Judgment Motion

8    or by settlement. Under these circumstances, it makes little sense to waste

9    legal and judicial resources addressing such discovery until the Court

10   issues its ruling. Therefore, if the Court does not intend to rule shortly on

11   Perfect 10's Summary Judgment Motion, Perfect 10 requests that the

12   Court couple the extension of the summary judgment deadline with the

13   stay of discovery requested by Perfect 10.[1]

14   **VI.    CONCLUSION.**

15       Under the assumption that the Court will make its ruling on Perfect 10's

16   Summary Judgment Motion against Alexa and Amazon by the end of the summer,

17   Perfect 10 opposes the Application because the extension of the deadline for filing

18   summary judgment motions sought by Defendants will delay the resolution of the

19   case. This delay will extend the damage that Perfect 10 is continuing to suffer,

20   because defendants are simply disregarding Perfect 10's DMCA notices. Zada

21   Decl. ¶¶3-9, Exhs. 1-3. Defendants' Application is contrary to the Court's July 9,

22   2009 Order, and is unnecessary. For these reasons, and for the additional reasons

23

24       [1] Perfect 10 disagrees with a number of the statements made in Amazon's
     papers, including regarding the extent of production by Perfect 10 and what
25   occurred at the telephone conference before Judge Hillman. Timothy Cahn is a
     recent addition to Amazon's team and is likely not familiar with the massive
26   discovery productions that Perfect 10 has made in this case, particularly those
     which included Perfect 10's tax returns, financial statements, work for hire
27   agreements, copyright registration certificates, and deposit materials.

28                                    7
Perfect 10's Response to Defendants Amazon.com and Alexa Internet's
Ex Parte Application to Continue Summary Judgment Filing Deadline          E

PAGE                                                                      17

1   discussed above, Perfect 10 respectfully requests that the Court deny Defendants'

2   *Ex Parte* Application.

3          However, if the Court does not rule on Perfect 10's Summary Judgment

4   Motion in the near future, Perfect 10 requests that the Court stay all discovery in

5   both the *Amazon* and *Google* cases, including the determination of any pending

6   discovery motions before Judge Hillman, until such time as the Court rules on

7   Perfect 10's Motion. Perfect 10 also agrees, in that circumstance, that Defendant's

8   contemplated summary judgment motions be postponed until after the Court rules

9   on Perfect 10's Summary Judgment Motion. Perfect 10 also requests that in that

10  circumstance, the parties then be given a month after that ruling is made to settle

11  the cases.

12

13  Dated: September 11, 2009          Respectfully submitted,
                                        LAW OFFICES OF JEFFREY N. MAUSNER

14

15                                      By: _____*Jeffrey N. Mausner*_____
                                            Jeffrey N. Mausner
16                                          Attorneys for Plaintiff Perfect 10, Inc.

17

18

19

20

21

22

23

24

25

26

27

28
                                        8
                 Perfect 10's Response to Defendants Amazon.com and Alexa Internet's
                 Ex Parte Application to Continue Summary Judgment Filing Deadline          *G*