UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>       Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>       Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**[PROPOSED] ORDER GRANTING IN PART AMAZON.COM, INC. AND ALEXA INTERNET'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PERFECT 10, INC. TO AFFIX PRODUCTION NUMBERS TO ITS PRODUCTION AND TO REIMBURSE DEFENDANTS FOR COSTS AND REQUEST FOR A TELEPHONIC CONFERENCE, AND GOOGLE INC.'S JOINDER THEREIN**<br><br>Hon. Stephen J. Hillman<br><br>Date:  November 3, 2009<br>Time:  10:00 AM<br>Crtrm.: 550<br><br>Discovery Cutoff:  None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:  None Set |

**[PROPOSED] ORDER**

On November 3, 2009, the Court heard argument on various matters raised by Amazon.com, Inc. and Alexa Internet's *Ex Parte* Application for an Order Compelling Perfect 10, Inc. to Affix Production Numbers to its Production and to Reimburse Defendants for Costs and Request for a Telephonic Conference (Docket No. 355 in the *Amazon* case), Google Inc.'s Joinder Therein (Docket No. 596 in the *Google* case), and Perfect 10, Inc.'s Oppositions Thereto. Having reviewed the parties' submissions and heard the parties' oral argument thereon, the Court hereby GRANTS in part the *Ex Parte* Application and Joinder Therein as follows:

1. <u>Identification of Responsive Documents On Perfect 10's October 22, 2009 Hard Drive Document Production</u>: Pursuant to Paragraph 4 of the Court's Order dated October 6, 2009 (Docket No. 560), Perfect 10 was required to produce documents responsive to 27 of Google's Requests for Production ("the 27 Compelled Requests"). Perfect 10 has represented that its October 22, 2009 document production (produced in hard drive format) contains some of the documents it was ordered to produce, but these documents have not been clearly marked and are intermingled with other voluminous non-responsive documents. Accordingly, by November 30, 2009, Perfect 10 shall either:

    (A) identify (by lowest-level folder or subfolder) the location of all documents in its October 22, 2009 production that are responsive to each of the 27 Compelled Requests; or

    (B) re-produce the October 22 hard drive production with all electronic files organized in clearly labeled folders indicating to which of the 27 Compelled Request(s) (if any) the documents in each folder are responsive.

2. <u>Identification of Responsive Documents Contained In Perfect 10's Earlier Document Productions</u>: Perfect 10 also has represented that it produced documents responsive to certain of the 27 Compelled Requests prior to October 22, 2009, but Perfect 10 has not identified the production date and location of such

1 previously-produced documents. Accordingly, for all of Perfect 10's document
2 productions in this matter, by November 30, 2009 Perfect 10 shall either:

    (A) specifically identify all previously produced documents that are responsive to each of the 27 Compelled Requests. In the case of documents previously produced on discs or hard drives, these can be identified by the lowest-level folder or subfolder in which the documents are located on each produced hard drive or disc; or

    (B) re-produce on a single hard drive or disc the documents responsive to the 27 Compelled Requests.

3. <u>Production of Documents re: Deposition of Bruce Hersh</u>: Paragraph 3 of the Court's October 6 Order requires Perfect 10 to produce documents related to the deposition of Perfect 10's accountant Bruce Hersh on or before November 9, 2009. Perfect 10 is ordered to produce those documents with unique control numbers affixed to each page of that production. Perfect 10 shall not produce these documents intermingled with other non-responsive documents, and is ordered to produce them in a manner that clearly identifies them as responsive to the Court's October 6 Order.

4. <u>Bruce Hersh Deposition</u>: To allow sufficient time for Defendants to review the responsive documents, the parties have agreed (and the Court hereby orders) that the deposition of Perfect 10's accountant Bruce Hersh shall be continued to a mutually convenient date not earlier than December 21, 2009.

IT IS SO ORDERED.

DATED: November   , 2009

By_____
Hon. Stephen J. Hillman
United States Magistrate Judge

01980.51320/3191675.1

-2-
[PROPOSED] ORDER GRANTING IN PART THE AMAZON DEFENDANTS' *EX PARTE*
APPLICATION AND GOOGLE'S JOINDER THEREIN