1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:   (213) 443-3100
     Charles K. Verhoeven (Bar No. 170151)
5      charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California  94111
     Rachel Herrick Kassabian (Bar No. 191060)
7      rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California  94065

9  Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.*<br><hr>AND COUNTERCLAIM<hr>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS JOINDER IN DEFENDANTS AMAZON.COM, INC. AND ALEXA INTERNET'S *EX PARTE* APPLICATION AND RESPONSE TO PERFECT 10'S OPPOSITION THERETO**<br><br>**[Supplemental Declaration of Thomas Nolan filed concurrently herewith]**<br><br>Hon. Stephen J. Hillman<br><br>Date:  November 3, 2009<br>Time:  10:00 A.M.<br>Crtrm.: 550<br><br>Discovery Cutoff:  None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:   None Set |

01980.51320/3187801.3

GOOGLE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS JOINDER
IN THE AMAZON DEFENDANTS' EX PARTE APPLICATION

As Defendants have shown, although Perfect 10's October 22, 2009 production was purportedly in response to the Court's October 6, 2009 Order Compelling Documents (Docket No. 560), the documents in that production were spread over a variety of folders and subfolders, were not produced as kept in the ordinary course of business, and were not labeled in a manner that identified which documents were being produced in response to the October 6 Order.[1]  Google submits this supplemental brief to further explain the deficiencies in Perfect 10's recent and past productions, and to request that the Court adopt the Defendants' (Proposed) Order granting the Amazon *Ex Parte* Application (and Google's Joinder Therein).

## I. PERFECT 10 SHOULD BE ORDERED TO IDENTIFY THE LOWEST-LEVEL SUB-FOLDER IN WHICH RESPONSIVE DOCUMENTS MAY BE FOUND.

### A. Perfect 10's October 22, 2009 Hard Drive Production

As previously explained, the 18.2 Gigabyte hard drive Perfect 10 produced on October 22, 2009 gives Defendants and the Court no meaningful way to evaluate Perfect 10's compliance with the October 6, 2009 Order.  The documents in that production are spread over sixteen separate first-level folders, most of which contain numerous sub-folders and sub-sub-folders, and none of which is labeled with any clear connection to the October 6 Order, or the 27 Requests for Production that were compelled therein.  *See* Declaration of Thomas Nolan in Support of Google's Joinder in the Amazon *Ex Parte* Application (Docket No. 596-2) at ¶ 7.  To provide further detail, the folder titled "google" contains 1,070 separate sub-folders and

---

[1] *See* Amazon and Alexa Internet's *Ex Parte* Application for an Order Compelling Perfect 10, Inc. to Affix Production Numbers to its Production and to Reimburse Defendants for Costs and Request for a Telephonic Conference (the "Amazon *Ex Parte*") at 3; Google's Joinder therein ("Google Joinder") at 3-4.

8,307 separate files, and the folder titled "usenet" contains a total of 27,342 files. Supplemental Declaration of Thomas Nolan ("Supp. Nolan Decl.") filed concurrently herewith, at Ex. A (screenshot showing the "usenet" folder's properties) and Ex. B (screenshot showing the "google" folder's properties). Many of the files on this hard drive are not text-searchable, and must be reviewed manually, one file at a time. Supp. Nolan Decl. ¶ 3. And if responsive documents are buried within multiple layers of subfolders, Defendants may never find them. This is why Perfect 10 needs to identify the lowest-level subfolder in which documents responsive to the October 6 Order may be found.

The hard drive also contains voluminous materials that appear to have little (if any) relevance to the October 6 Order (or this case, for that matter), making the task of locating responsive documents all the more difficult. *See id.* at ¶ 3. For example, within the hard drive's "whois" folder (which itself contains 36 separate subfolders) is a 1,429 page .pdf file containing what appears to be the U.S. Copyright Office's *entire directory* of agents designated by service providers to receive notifications of claimed infringement pursuant to Section 512(c) of the Copyright Act. *Id*. These are just examples of why Perfect 10's productions are so voluminous and difficult to review.

Moreover, the file structure confirms that Perfect 10 did not produce these documents as it maintains them in the ordinary course of business. For example, the October 22 hard drive contains an entire folder entitled "articles after production" (presumably a reference to Perfect 10's last document production to Google), which contains various recent newspaper articles and similar documents. *Id*. at ¶ 3. Plainly, these are not documents created or maintained by Perfect 10 in the ordinary course of its adult entertainment business. These are litigation documents collected from the Internet after Perfect 10's last document production, gathered for the purpose of producing them to Google. Because Perfect 10 did not produce its responsive documents as they are kept in the ordinary course of business, but rather,

produced them in myriad folders, sub-folders and sub-subfolders intermingled with other voluminous non-responsive documents, Perfect 10 should be ordered to provide Defendants with a declaration identifying the lowest-level subfolder in which documents responsive to the October 6 Order may be found.

### B. Prior Perfect 10 Productions

Perfect 10 has represented that its prior document productions contain certain unidentified documents that are also responsive to certain unidentified Requests compelled by the October 6 Order. Perfect 10 should be ordered to identify the location of these documents as well, by lowest-level subfolder, because these prior productions are organized in a fashion similar to the October 22 production. For example, Perfect 10's November 25, 2008 document production contains 49 separate first-level folders. Supp. Nolan Decl. ¶ 6. For the Court's reference, attached is a screenshot of these 49 first-level folders. *Id.* at Ex. C. As the screenshot shows, none of these folders has any reference to any of Google's Requests for Production (or the subject matter of those requests). *Id.* at ¶ 6 & Ex. C. And most of these first-level subfolders have a large number of subfolders—for example, the folder "0 0 0 for next production" alone contains 302 separate subfolders and 12,152 separate files. *Id.* at Ex. D. As with the October 22 hard drive, many files on this drive are not text-searchable, and must be reviewed manually, one file at a time. *Id.* at ¶ 3. Again, if a responsive document was buried many layers deep in one of the hundreds or thousands of subfolders, Defendants might never find it. Further, as the title of this particular folder makes clear ("0 0 0 for next production"), these are documents Perfect 10 compiled purely for purposes of a litigation-related document production, and are not documents kept in the ordinary course of business. *See id.* at Exs. C & D.

## II. CONCLUSION

For the foregoing reasons, Google requests that the Court adopt the Defendants' (Proposed) Order granting the Amazon *Ex Parte* Application (and Google's Joinder Therein).

DATED: November 6, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.