Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>AMAZON.COM, INC., et al.<br><br>    Defendants. | Case No. CV 04-9484 AHM (SHx)<br><br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**PERFECT 10'S NOTICE OF LODGING OF ITS PROPOSED ORDER REGARDING THE IDENTIFICATION OF CERTAIN DOCUMENTS**<br><br>**Before Judge Stephen J. Hillman**<br><br>Date: None Set (taken under submission)<br>Time: None Set<br>Place: Courtroom of Judge Hillman<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set<br><br>**[PROPOSED ORDER SUBMITTED CONCURRENTLY HEREWITH]** |

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Perfect 10, Inc. hereby lodges the following document, attached herewith:

**[PERFECT 10'S PROPOSED] ORDER REGARDING THE IDENTIFICATION OF CERTAIN DOCUMENTS**.

As set forth in Perfect 10's Memorandum in Support of Its Proposed Order Regarding the Identification of Certain Documents, filed concurrently herewith, Google's proposed order, lodged on November 6, 2009 at 7:24 P.M., does not accurately reflect what the Court ordered during the November 3, 2009 telephone hearing.[1] In fact, it contains some rulings that directly contradict the Court's rulings. For example, the Court specifically ruled that Perfect 10 did not have to do what Google proposes in paragraph 2, regarding Perfect 10's earlier document productions. The Court also did not make the rulings in paragraphs 3 and 4. Google misstates when the documents referred to in paragraph 3 of its proposed order have to be produced – the previous order states that they are due ten days prior to the agreed upon date of the deposition, which has now been taken off calendar. Perfect 10, of course, cannot produce on November 9, 2009 the documents Mr. Hersh will refer to prepare for a deposition that Defendants apparently now want to take in January 2010. As to

---

[1] Google's Notice of Lodging fails to inform the Court that Perfect 10 never approved Google's form of the Proposed Order. Google sent its proposed order to Perfect 10 at 3:40 P.M. on Friday, November 6, and then lodged it with the Court at 7:25 P.M. that same day, without waiting for Perfect 10's comments. Furthermore, the Proposed Order does not indicate that it is only the Defendants' proposal, and that Perfect 10 had not approved it. Perfect 10's version of the proposed order, submitted herewith, is captioned [Perfect 10's Proposed] Order. Defendants made no attempt to work out the language of a mutually agreeable order prior to sending Google's Proposed Order late Friday afternoon.

the remaining matters in paragraphs 1, 3, and 4, Judge Hillman made his rulings on the record, and what Google states is not an accurate transcription of those rulings. Defendants are abusing the discovery process. They have taken a motion regarding Bates numbering of documents, and are attempting to twist it into a barrage of proposals that have never been briefed or accepted by the Court. Defendants submitted a proposed order without any mention of the fact that the Court never so ordered and Perfect 10 never so agreed. *See* Perfect 10's Memorandum in Support of Its Proposed Order Regarding the Identification of Certain Documents, filed concurrently herewith.

Dated: November 9, 2009

Respectfully submitted,
Law Offices of Jeffrey N. Mausner

By: *Jeffrey N. Mausner*
_____
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.