QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.*<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S RESPONSE TO PERFECT 10'S MEMORANDUM IN SUPPORT OF ITS PROPOSED ORDER REGARDING THE IDENTIFICATION OF CERTAIN DOCUMENTS AND REPLY TO GOOGLE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS JOINDER IN DEFENDANTS AMAZON.COM, INC. AND ALEXA INTERNET'S *EX PARTE* APPLICATION**<br><br>Hon. Stephen J. Hillman<br><br>Date: November 3, 2009<br>Time: 10:00 A.M.<br>Crtrm.: 550<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

01980.51320/3194556.3

In its 19-page "Memorandum" (Docket No. 602), Perfect 10 again has disregarded the Court's admonition not to raise extraneous issues. The Memorandum also seeks to re-argue issues P10 already lost at the September 22, 2009 hearing on Google's motion to compel, and is filled with false claims and accusations directed at Google and its counsel (and the Amazon Defendants). Google will not separately address each of these false claims here, but will respond to them if and when P10 raises them in a proper forum. The Court should disregard those portions of P10's Memorandum in their entirety.[1]

As for the portions that address the pending issues, P10 inconsistently asserts that (1) P10's production is "highly organized," such that Defendants "may readily find any documents they want," and yet somehow (2) it would take P10 "years" to find those documents itself, if Defendants' Proposed Order was adopted. Both statements cannot be true. As P10's Memorandum demonstrates, P10 knows precisely where the responsive documents are, and should be ordered to share that information with Defendants. P10's proposal that it only should be ordered to

---

[1] P10's new argument that, in response to Amazon's *Ex Parte* motion directed to *P10's* discovery failures, *Google* should be ordered to identify each and every single page of documents Google produced in response to three separate Court Orders (one of which dates back to 2006), should be rejected out of hand. First, as discussed above, Google's production is entirely irrelevant to the pending motion. As the Court has already instructed P10, if P10 takes issue with Google's productions, it may bring that dispute to Google's attention in a conference of counsel (which P10 has not done) and, if necessary, to the Court's attention by filing a motion. Again, P10 may not disregard this Court's <u>Local Rules</u> requiring meet-and-confer before motion practice. *See* <u>Local Rule</u> 37-4. Second, P10 has not suggested (much less demonstrated) that it was unable to locate responsive documents in Google's production, so the order P10 seeks appears unnecessary. Third, imposing Perfect 10's Proposed Order would not be "mutual" since P10 has refused to Bates stamp its production. To be mutual, P10 would first have to Bates stamp its entire production and then submit to an order like the one it proposes for Google (P10 Memo. at 15) which P10 has not agreed to do.

provide the location of documents responsive to some (but not all) of the Ordered Requests is both baseless and arbitrary. So too is P10's insistence that even as to those Requests, it need identify them only by "first subfolder level." An example demonstrates why. If top-level folder X contains two subfolders (A & B), and those two subfolders each contain four more sub-subfolders each (A:(D, E, F & G); B:(H, I, J & K)), yet responsive documents may only be found in sub-sub-folder K, then P10 must point to folder sub-subfolder K; identifying only sub-folder B would send Defendants on a wild goose chase through sub-folders H, I & J. As for P10's claims of burden, if P10 is correct that "Perfect 10's financial documents [produced as a single PDF file on October 16, 2009] are the primary source of documents responsive to virtually all of Google's recent requests" (P10 Memo. at 11), this task will be far easier than P10 lets on.

Finally, Perfect 10's suggestion that an "outside expert" must be appointed before the Court can issue this basic discovery order is another attempt to distract and delay. This Court is more than capable of evaluating the parties' submissions and deciding that P10 should be ordered to (1) identify what it produced in response to the October 6, 2009 Order so that all parties have all responsive documents in hand prior to the Hersh deposition and (2) Bates stamp its future production for the Hersh deposition. P10 had its opportunity to brief and argue these two issues, and it lost. There is no need for expert advice. Appointing such an expert will only serve to further delay any discovery progress in this case.

DATED: November 9, 2009                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                       By _/s/ Rachel Herrick Kassabian_
                                          Rachel Herrick Kassabian
                                          Attorneys for Defendant GOOGLE INC.