QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S REPLY TO PERFECT 10, INC.'S RESPONSE REGARDING DIANE PRICE**<br><br>Hon. Stephen J. Hillman<br><br>Date: None [Currently under submission]<br>Time: None<br>Crtrm.: 550<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | |

01980.51320/3205523.1

GOOGLE'S REPLY TO PERFECT 10'S RESPONSE REGARDING DIANE PRICE

In response to Google's demonstration that it is feasible for Perfect 10 to employ Adobe Acrobat Professional to Bates number its electronic document productions (Docket Nos. 543-44), and Perfect 10's insistence that it is technologically impossible to do so (Docket Nos. 547-50), the Court requested that the parties identify a neutral consultant to advise it on those feasibility issues. Google Inc. proposed Diane Price of Traveling Coaches, Inc. *See* Docket No. 604. Perfect 10 states it has "no objection" to retaining Ms. Price for this purpose. *See* Docket No. 606. That is all the Court requested, and Perfect 10's Response should have ended there.

Unfortunately, Perfect 10 proceeded to add yet another round of irrelevant argument that should be disregarded.[1] The sole purpose of retaining Ms. Price is to advise the Court regarding whether Perfect 10 can use the Bates stamping feature of the Adobe program—the program Perfect 10 selected to prepare its document productions—to Bates-number those hard drive productions. The Court did not ask the parties to locate a vendor the parties could pay to do Perfect 10's work for it. If it is feasible to use Adobe for this purpose, then it will be Perfect 10's responsibility to do so (as it is for all litigants)—not Defendants.' Perfect 10 has no less than four attorneys, three legal assistants and a professional computer programmer working for it in this case, as well as Dr. Zada. When it suits its own purposes, Perfect 10 has represented to the Court that its personnel (including Ms. Poblete, Ms. Chou, Mr. Chumura and Dr. Zada)[2] have technical expertise (even assuming that using

---

[1] Perfect 10's claim that Google's motion is an "abusive litigation tactic" is meritless. There is nothing tactical (let alone abusive) about asking a party to follow standard litigation practices by Bates-numbering its own document productions.

[2] *See, e.g.*, Decl. of Norman Zada in Supp. of Perfect 10's Mot. for Summary Judgment (Docket No. 438) ("I have programmed computers for at least twenty years"); Decl. of Sean Chumura in Opp. to Google's Mot. for Summary Judgment (Docket No. 479) at ¶ 1 ("I am a professional programmer with over 15 years of
   (footnote continued)

1 Adobe requires such expertise).[3]  Perfect 10's current protestation that Mr. Mausner
2 personally does not have that expertise is irrelevant.
3     The only issue here is whether Perfect 10 has a legitimate objection to
4 retaining Ms. Price to answer the Court's questions regarding the capabilities of the
5 Adobe program.  Perfect 10 does not, and that should be the end of the matter.

6 DATED:  November 17, 2009    QUINN EMANUEL URQUHART OLIVER &
7     HEDGES, LLP

8
9     By *[signature: Rachel Herrick Kassabian]*
    Rachel Herrick Kassabian
10     Attorneys for Defendant GOOGLE INC.

---

experience [and] have testified as an expert in court proceedings in the field of Computer Forensics."); Decl. of Sheena Chou in Opp. to Google's Mot. for Summary Judgment (Docket No. 483) at ¶ 2 ("I … am quite familiar with computers and the Internet.").

[3]  Perfect 10's reference to Quinn Emanuel's litigation support services is yet another irrelevant distraction in Perfect 10's ongoing attempt to foist its litigation work onto Defendants.  Quite obviously, Quinn Emanuel offers those services **to its clients** (for a fee), not to its clients' adversaries (for free).