| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>  Michael T. Zeller (Bar No. 196417)<br>   michaelzeller@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>  Charles K. Verhoeven (Bar No. 170151)<br>   charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>  Rachel Herrick Kassabian (Bar No. 191060)<br>   rachelkassabian@quinnemanuel.com<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, California 94065 |
| 9 | Attorneys for Defendant GOOGLE INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 13<br>14<br>15<br>16<br>17<br>18 | PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO PERFECT 10, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN**<br><br>Hon. A. Howard Matz |
| 19<br>20 | AND COUNTERCLAIM | Date: None Set (taken under submission)<br>Time: None Set<br>Crtrm.: 14 |
| 21<br>22<br>23<br>24<br>25<br>26 | PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

01980.51320/3165950.4

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND
REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

Defendant Google Inc. ("Google") submits the following response to Perfect 10, Inc.'s ("P10") Evidentiary Objections to the Declaration and Rebuttal Declaration of Rachel Herrick Kassabian in support of Google's Motions for Summary Judgment re: Google's Entitlement to Safe Harbor ("Objections"). *See* Docket No. 564. P10's Objections, which contain substantive arguments and were filed long after Google filed its reply briefs in support of summary judgment, constitute an inappropriate sur-reply and are without merit. This Court should reject them in their entirety.

## I. MUCH OF P10'S OBJECTIONS SHOULD BE DISREGARDED AS AN IMPROPER SUR-REPLY TO GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT.

Substantial portions of P10's Objections constitute an unauthorized sur-reply to Google's fully-briefed summary judgment motions, and should be disregarded as such. For example, P10's Objections include substantive arguments attempting to *rebut* the evidence submitted with the Kassabian Declarations, rather than true evidentiary objections going to the admissibility of that evidence under the Federal Rules of Evidence. *See* Objections at 1:28-2:11 (arguing the merits of whether P10's notices were DMCA-compliant); 3:5-20 (arguing that P10 sent its claimed DMCA notices to the proper address); 4:9-27 (debating the contents of P10's document production as compared with Google's production); 5:17-21 (arguing that Google's Blogger DMCA tracking spreadsheet is substantively incomplete).[1]

---

[1] P10 also improperly filed two new sur-reply declarations. *See* Declaration of Dr. Norman Zada in Support of Perfect 10's Evidentiary Objections and Responses to Google's Evidentiary Objections (Docket No. 584); Declaration of Jeffrey N. Mausner in Support of Perfect 10's Evidentiary Objections and Responses to Google's Evidentiary Objections (Docket No. 571). Google's objections to those sur-reply declarations are filed concurrently.

01980.51320/3165950.4

-2-  Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

P10's attempt to substantively respond to Google's evidence with additional briefing filed after Google's reply briefs violates both the Local Rules and this Court's Scheduling Order.  *See* Local Rule 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply"); Court's April 25, 2007 Scheduling and Case Management Order, at 7:21-22 ("The non-moving party may not file a sur-reply unless the Court first grants leave to do so.").

Courts routinely strike or refuse to consider documents submitted in contravention of these rules.  *See, e.g.*, *Spalding Laboratories, Inc. v. Ariz. Biological Control, Inc.*, 2008 WL 2227501, at *1 n.2 (C.D. Cal. 2008) ("The Court strikes and does not consider Spalding's 14-page 'sur-opposition' to ARBICO's reply brief."); *DISC Intellectual Properties LLC v. Delman*, 2007 WL 4973849, at *1 n.1 (C.D. Cal. 2007) (rejecting "Defendants … attempt[] to file a Response to Plaintiffs' Reply in violation of Local Rule 7-10"); *see also Cruz v. Tilton*, 2009 WL 3126518, at *1 (E.D. Cal. 2009).  Accordingly, the above-referenced portions of P10's Objections raising substantive rebuttal arguments as opposed to true evidentiary objections (specifically, pp. 1:28-2:11, 3:5-20, 4:9-27 & 5:17-21) should be disregarded and/or stricken.

## II. P10'S EVIDENTIARY OBJECTIONS LACK MERIT.

The portions of P10's Objections that raise evidentiary objections lack merit and should be overruled, as set forth below.

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | | |

---

[2] Google's Response addresses only the evidentiary objections; the remainder of P10's Objections are improper sur-reply arguments which should be disregarded.

01980.51320/3165950.4

-3- Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| **KASSABIAN DECLARATION** | | |
| 1. Page 1:7-8 (¶2): Attached as Exhibit A is a chart which summarizes, for the court's convenience, the deficiencies in each of Perfect 10's claimed DMCA notices.<br><br>Exhibit A to the Kassabian Declaration | Objections: lack of personal knowledge and lack of foundation (Fed R. Evid 602); inadmissible lay opinion (Fed. R. Evid. 701); improper expert testimony from a witness not qualified (Fed. R. Evid. 702); lack of authentication (Fed. R. Evid. 901).<br><br>Ms. Kassabian is not an expert on DMCA notices and has submitted no evidence demonstrating her expertise in this area. Ms. Kassabian has not processed any of Perfect 10's notices. She has provided no evidence that she has reviewed the more than 68 Perfect 10 DMCA notices listed in Exhibit A, or that she was aware of what was on the infringing web pages identified in those DMCA notices in 2001, 2004, 2005, 2006, and 2007, when those notices were received. Consequently, Ms. Kassabian's testimony lacks personal knowledge, lacks foundation, and constitutes improper expert testimony. | The witness, as counsel for Google, has the necessary personal knowledge and has established the proper foundation to attach a chart summarizing Google's analysis of the deficiencies in P10's claimed DMCA notices, as substantiated in Google's summary judgment motions and documentary exhibits. Given the large number of notices at issue, Google believes such a summary is likely to be helpful to the Court. *See* Scheduling Order, at 5:9-10 (instructing the parties to "prepare their papers in a fashion that will assist the Court in absorbing the mass of facts."). Since the summary chart is not "evidence," but rather is an aid for the Court, P10's evidentiary objections are misplaced. *Cf.* F.R.E. 1006 ("The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, |

01980.51320/3165950.4

-4-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | Ms. Kassabian does not provide any examples of what a compliant notice would have been under the circumstances, or explain why Perfect 10's notices that were created in accordance with Google's instructions are deficient.

For example, Ms. Kassabian does not explain how a DMCA notice that provides a copy of the allegedly infringing web page showing the full URL, with the copyrighted Perfect 10 Images check marked, fails to identify both the allegedly infringing material and the copyrighted work. Nor does Ms. Kassabian provide any other reasonable way that Perfect 10 could have identified the allegedly infringing material and the copyrighted work.

Instead, Ms. Kassabian has simply claimed that all Perfect 10 notices are deficient, without any basis or foundation whatsoever.

Additionally, Ms. Kassabian does not properly authenticate the referenced chart, Exhibit A. Therefore, | summary, or calculation."). |

01980.51320/3165950.4

-5-  Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | the documentary evidence is not admissible. | |
| 2. Page 3:3-7 (¶14): Google has yet to receive complete discovery establishing Perfect 10's alleged ownership of all of the images at issue in this lawsuit, such as complete records of all copyright registration and deposits materials, and materials documenting the chain of title for the images Perfect 10 allegedly commissioned or purchased from third parties. | Objections: improper legal conclusion; lack of personal knowledge (Fed. R. Evid. 602); irrelevant (Fed. R. Evid. 401, 402).

Liability is not an asserted issue in Google's DMCA motions. Ms. Kassabian has not testified that she has reviewed all of the deposit materials, work for hire agreements, copyright certificates, and other discovery produced by Perfect 10 in this case, and therefore lacks foundation for her statement. | The witness, as counsel for Google in this action, is personally involved in and/or oversees all facets of discovery in this case, including meet and confer efforts with P10 regarding its failure to produce documents, and has the necessary personal knowledge to testify regarding same. *See Commercial Data Servers, Inc. v. IBM Corp.*, 262 F. Supp. 2d 50, 57-60 (S.D.N.Y. 2003) (documents provided through discovery are properly authenticated through an affidavit of the attorney submitting them); *Hess v. Multnomah County*, 211 F.R.D. 403, 406 (D. Or. 2001) ("The declaration of an attorney is sufficient to authenticate such discovery documents."); *see also Hussein v. University and Community College System of Nevada*, 2007 WL 4592225, at *2 (D. Nev. 2007) ("To authenticate their exhibits, defendants' attorneys should have |

01980.51320/3165950.4

-6-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | | submitted affidavits testifying that plaintiff produced the documents contained therein during discovery."). |
| | | The statement is not a legal conclusion. It describes the status of discovery in this litigation. |
| | | The statement is relevant because it is offered to support the fact that P10's ownership of the copyrights it is asserting against Google – while not at issue in Google's DMCA motions – remains disputed. *See* Google's Motion for Summary Judgment re: Entitlement to Safe Harbor under 17 U.S.C. § 512(d) for Web and Image Search, at 9-10, n.11. |
| **KASSABIAN REBUTTAL DECLARATION** | | |
| 3. Page 3:7-10 (¶8): Attached as Exhibit B is a true and correct copy of a document produced by Google at control number GGL 033527, titled "Interim Designation of Agent to Receive Notification | Objections: Lack of foundation and lack of personal knowledge (Fed. R. Evid. 602); Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); irrelevant (Fed. R. Evid. | The witness, as counsel for Google in this action, is personally involved in and/or oversees all facets of discovery in this case, including Google's production of documents, and has the requisite personal knowledge to |

01980.51320/3165950.4

-7-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| of Claimed Infringement" and dated September 23, 1999. | 401, 402); exceeds the scope of Perfect 10's Opposition and attempts to introduce new evidence without offering all of the documents relevant to this issue.<br><br>Google is using the document attached as Exhibit B in an attempt to assert, for the first time, that Perfect 10 sent its 2001 DMCA notices to the wrong email address. The best evidence for this assertion would include the email address for Google's copyright agent listed on Google's website. However, Google did not have any information regarding its copyright agent listed on its website in 1999, so Google was not even eligible for a DMCA safe harbor at that time. 17 U.S.C. §512(c)(2). In May 2001, when Perfect 10 started sending its DMCA notices, the email address for Google's copyright agent as listed on its website was the one that Perfect 10 used: webmaster@google.com. *See* Declaration of Norman | describe and authenticate same. *See Commercial Data Servers, Inc.*, 262 F. Supp. 2d at 57-60; *Hess*, 211 F.R.D. at 406; *Hussein*, 2007 WL 4592225, at *2.<br><br>The Best Evidence Rule is inapplicable here because the witness is authenticating the document in question, not providing testimony in lieu of the document. *See, e.g., R&R Associates, Inc. v. Visual Scene, Inc.*, 726 F.2d 36, 38 (1st Cir. 1984) ("Rule 1002 applies not when a piece of evidence sought to be introduced has been somewhere recorded in writing but when it is that written record itself that the party seeks to prove."); *Ingram v. City of Los Angeles*, 418 F. Supp. 2d 1182, 1185 (C.D. Cal. 2006) (overruling Best Evidence Rule objections to declaration that did not place contents of writing in issue).<br><br>The statement is relevant because it concerns and authenticates Google's designation of DMCA agent with the Copyright Office. |

01980.51320/3165950.4

-8-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | Zada in Support of Evidentiary Objections, submitted herewith, ¶5, Exh. 1. Accordingly, Perfect 10 sent its notices to the correct address, as shown by a *full* record of the documents. For this reason, Paragraph 8 and Exhibit B are irrelevant to any issue raised by Google's motions. | |
| 4. Page 2:7-13 (¶2): During the course of discovery, Google has produced thousands of pages of documents detailing Google's processing of Perfect 10 and third party DMCA notices. These documents were produced in "TIFF" format and are text searchable. In June 2008, Perfect 10 asked Google to identify the specific control numbers at which these documents could be found within Google's production. Google complied with Perfect 10's request, providing a list of specific control numbers for all such | Objections: Lack of foundation and lack of personal knowledge (Fed. R. Evid. 602); inadmissible lay opinion (Fed. R. Evid. 701); improper expert testimony from a witness not qualified (Fed. R. Evid. 702); Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); irrelevant (Fed. R. Evid. 401, 402); exceeds the scope of Perfect 10's Opposition and attempts to introduce new evidence without offering all of the documents relevant to this issue.<br><br>Ms. Kassabian lacks the personal knowledge to testify as to all of the | The witness, as counsel for Google in this action, is personally involved in and/or oversees all facets of discovery in this case, including Google's production of documents, and has the requisite personal knowledge to testify regarding the contents and format of same. *See Commercial Data Servers, Inc.*, 262 F. Supp. 2d at 57-60; *Hess*, 211 F.R.D. at 406; *Hussein*, 2007 WL 4592225, at *2. The testimony is not inadmissible lay opinion; it recounts objectively verifiable facts and events observed by and known to the witness.<br><br>Because the witness is |

01980.51320/3165950.4

-9-   Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND
REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| documents. | documents produced by Google and her declaration lacks a foundation establishing a basis for her to testify about all of the documents produced by Google. Ms. Kassabian is not a technical expert and her declaration contains no qualifications establishing her technical expertise. Accordingly, she is not qualified to testify about what is or is not "text searchable." In fact, Perfect 10's production using Adobe is vastly more searchable than Google's, which is largely unsearchable. Furthermore, Google's production is completely disorganized. Many of the documents produced by Google are unreadable or redacted, and Google often produced six copies of the same DMCA notice, making its production one gigantic mess. Declaration of Dr. Norman Zada Submitted in Opposition to Google's Three Motions for Summary Judgment (Docket Nos. 491, 490, 488) ("Zada Decl."), ¶¶19, 73, Exhs. 55, 9 (unreadable | testifying about facts within her personal knowledge, the Best Evidence Rule does not apply. *See, e.g.*, *R&R Associates, Inc.*, 726 F.2d at 38; *Ingram*, 418 F. Supp. 2d at 1185.<br><br>The statements are relevant because they concern Google's DMCA-related document production, and Google's provision to P10 of the specific control numbers for documents detailing Google's processing of P10 and third party DMCA notices. Google proffered these statements to correct misstatements P10 made in its opposition materials regarding same. |

01980.51320/3165950.4

-10-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | notices folder). Ms. Kassabian's testimony that Google provided Perfect 10 with "a list of specific control numbers for all such documents" violates the Best Evidence Rule, in that Ms. Kassabian seeks to give oral testimony regarding a written list that she has failed to attach. In fact, Google's list of more than 20,000 bates numbered documents merely identified a mass of multiple copies of the same disorganized and often unreadable or redacted documents. Google failed to provide the DMCA log in spreadsheet form, even though the Court ordered Google to produce such a document in its May 13, 2008 order (Docket No. 294, page 4). Zada Decl., ¶¶19, 73, Exh. 55. | |
| 5. Pages 2:20-22 (¶5): During discovery, Google produced a complete copy of its current DMCA tracking spreadsheet for Google's Blogger service, as well as complete copies of Google's earlier | Objections: Lack of foundation and lack of personal knowledge (Fed. R. Evid. 602); Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); irrelevant (Fed. R. Evid. | The witness, as counsel for Google in this action, is personally involved in and/or oversees all facets of discovery in this case, including Google's production of documents, and has the requisite personal knowledge to testify regarding same. *See* |

01980.51320/3165950.4

-11-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| Blogger DMCA tracking spreadsheets. | 401, 402). Ms. Kassabian has not testified that she has processed any DMCA notices received by Google regarding Blogger, let alone all such notices. Her declaration does not include a foundation establishing a basis for her to testify about these documents. Accordingly, Ms. Kassabian's testimony regarding what Google has produced lacks foundation and lacks personal knowledge. Ms. Kassabian's testimony violates the Best Evidence Rule, in that Ms. Kassabian seeks to give oral testimony regarding "tracking spreadsheets" that she has failed to attach. Finally, Ms. Kassabian does not define the meaning of the phrases "current DMCA tracking spreadsheet for Google's Blogger service," or "complete copies of Google's earlier Blogger DMCA tracking spreadsheets." Accordingly, her testimony is irrelevant. | *Commercial Data Servers, Inc.*, 262 F. Supp. 2d at 57-60; *Hess*, 211 F.R.D. at 406; *Hussein*, 2007 WL 4592225, at *2. Because the witness is testifying about facts within her personal knowledge, the Best Evidence Rule does not apply. *See, e.g.*, *R&R Associates, Inc.*, 726 F.2d at 38; *Ingram*, 418 F. Supp. 2d at 1185. The statement is relevant because it concerns Google's DMCA-related document production. Google proffered these statements to correct misstatements P10 made in its opposition materials regarding same. |

01980.51320/3165950.4

-12-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]

GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN

| Proffered Statement of Declaration | P10's Objections | Google's Response[2] |
|---|---|---|
| | Ms. Kassabian does not explain why the 3,808 infringing blogger.com URLs identified by Perfect 10 in its DMCA notices were not included in Google's "complete copy of its current DMCA tracking spreadsheet for Google's Blogger service." Perfect 10 Blogger Opposition, page 10, lines 9-12. | |

DATED: November 23, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.

01980.51320/3165950.4

-13-

Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
GOOGLE'S RESPONSE TO PERFECT 10'S EVIDENTIARY OBJECTIONS TO DECLARATION AND REBUTTAL DECLARATION OF RACHEL HERRICK KASSABIAN