1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2       michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3    Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4    Facsimile: (213) 443-3100
      Charles K. Verhoeven (Bar No. 170151)
5       charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6    San Francisco, California 94111
      Rachel Herrick Kassabian (Bar No. 191060)
7       rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8    Redwood Shores, California 94065

9    Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC.'S REPLY TO PERFECT 10, INC.'S "RESPONSES" TO GOOGLE'S EVIDENTIARY OBJECTIONS IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT RE: GOOGLE'S ENTITLEMENT TO SAFE HARBORS UNDER 17 U.S.C. § 512**<br><br>Hon. A. Howard Matz<br><br>Date: None Set (taken under submission)<br>Time: None Set<br>Place: Courtroom 14<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

01980.51320/3206209.2

GOOGLE'S REPLY TO PERFECT 10'S "RESPONSES" TO GOOGLE'S EVIDENTIARY OBJECTIONS

1     Defendant Google Inc. ("Google") hereby replies to the following Perfect 10,
2 Inc. "Responses" to Google's Evidentiary Objections in Support of Google's
3 Motions for Partial Summary Judgment re: Google's Entitlement to Safe Harbors
4 Under 17 U.S.C. § 512 (hereinafter, the "Evidentiary Objection Responses"):

- PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF SEAN CHUMURA, BENNETT MCPHATTER AND DAVID O'CONNOR RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT (Docket No. 565);

- PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF MARGARET JANE EDEN, DEAN HOFFMAN, C.J. NEWTON, AND LES SCHWARTZ RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT (Docket No. 566);

- PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SHEENA CHOU RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT (Docket No. 567);

- PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JEFFREY MAUSNER RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT (Docket No. 568);

- PERFECT 10'S RESPONSE TO GOOGLE, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MELANIE POBLETE RE: GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT (Docket No. 569);

- PERFECT 10'S REDACTED REPLY TO GOOGLE INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR.

1 | NORMAN ZADA RE: GOOGLE'S MOTIONS FOR SUMMARY
2 | JUDGMENT (Docket No. 570; redacted portions filed under seal).
Although these documents purport to be "Responses" to objections to evidence, in fact, they are largely sur-reply briefs containing new argument and new evidence on the merits of Google's pending motions for summary judgment regarding Google's entitlement to DMCA safe harbor. Perfect 10's ("P10") filing of these briefs contravenes Local Rule 7-10 and the Court's Scheduling and Case Management Order. The new arguments and evidence presented therein (as identified below) should be stricken and/or disregarded.

## I. P10'S EVIDENTIARY OBJECTION RESPONSES ARE IMPROPER SUR-REPLIES, AND THEIR NEW ARGUMENTS AND EVIDENCE SHOULD BE DISREGARDED.

After the completion of briefing on Google's three Motions for Partial Summary Judgment, and without obtaining leave of Court, P10 filed the six above-titled Evidentiary Objection Responses. The vast majority of these documents constitute improper sur-reply briefing and should be disregarded.

Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Additionally, Paragraph III.C.5 of this Court's Scheduling and Case Management Order provides that "[t]he non-moving party may not file a sur-reply unless the Court first grants leave to do so." Courts routinely strike or refuse to consider documents submitted in violation of these rules. *See, e.g.*, *Spalding Laboratories, Inc. v. Arizona Biological Control, Inc.*, 2008 WL 2227501, at *1 n.2 (C.D. Cal. 2008) ("The Court strikes and does not consider Spalding's 14-page 'sur-opposition' to ARBICO's reply brief.") (citing Local Rule 7-10); *DISC Intellectual Properties LLC v. Delman*, 2007 WL 4973849, at *1 n.1 (C.D. Cal. 2007) (rejecting "Defendants … attempt[] to file a Response to Plaintiffs' Reply in violation of Local Rule 7-10."); *see also Cruz v. Tilton*, 2009 WL 3126518, at *1 (E.D. Cal. 2009).

On July 2, 2009, Google filed three motions for summary judgment regarding Google's entitlement to DMCA safe harbor regarding its Caching feature, Blogger service and Search service, respectively. *See* Docket Nos. 423-51. On August 9, 2009, P10 submitted its opposition materials, including three opposition briefs, three separate statements of allegedly disputed facts, and eleven declarations. *See* Docket Nos. 473-84. On September 8, 2009, Google filed its reply papers. *See* Docket Nos. 502-21.

Thereafter, on October 12, 2009, P10 filed the Evidentiary Objection Responses—despite having never sought or obtained leave to file any additional argument or evidence in sur-reply to Google's reply materials. These documents contain dozens of pages of argument on multiple subjects, including (1) the substantive standards for summary judgment motions and for DMCA safe harbor,[1] (2) the merits of Google's DMCA instructions and repeat infringer policy, (3) the alleged sufficiency of P10's DMCA notices, and (4) the specifics of Google's responses to P10's claimed notices.[2] For example, the "Reply" to Google's

---

[1] For example, P10 urges that to obtain summary judgment, Google must prove that *all* of P10's notices are deficient, whereas to defeat summary judgment, Perfect 10 need show only that *one* of its notices was compliant. This is not the case—each portion of each claimed notice stands or falls on its own merits, as the Court made clear to P10 during the October 6, 2008 Status Conference.

[2] P10's "Responses" also raise arguments on matters not even addressed in the Objections to which they purportedly respond. For instance, P10 represents that Google failed to disclose Google witnesses Shantal Rands Poovala, Paul Haahr, and Bill Brougher during discovery, and that P10 "only learned of" these witnesses "around the time" their declarations were filed in July 2009. This is incorrect. Google designated all three of these declarants as persons most knowledgeable regarding certain topics under Rule 30(b)(6)—Ms. Poovala and Mr. Haahr by letter dated August 28, 2008 (nearly 15 months ago) and Mr. Brougher by letter dated October 26, 2006 (more than three years ago). Mr. Mausner personally deposed each of them—Mr. Brougher on January 11, 2007, and Ms. Poovala and Mr. Haahr in November of 2008. *See* October 5, 2009 Mausner Decl. ¶¶ 6 & 7. P10's
(footnote continued)

Objections to the August 7, 2009 Zada Declaration alone contains 19 pages of argument covering various substantive issues, complete with its own Table of Contents and Table of Authorities. These are not mere "Responses" to evidentiary objections; these are sur-replies filed without the required leave, and should be disregarded and/or stricken. *See Spalding Labs.*, 2008 WL 2227501, at *1 n.2; *DISC Intellectual Properties*, 2007 WL 4973849, at *1 n.1; *Cruz*, 2009 WL 3126518, at *1. The specific objectionable portions are as follows:

| **Portions to be Stricken** | **Description** |
|---|---|
| **P10'S RESPONSE TO GOOGLE'S OBJECTIONS TO CHUMURA, MCPHATTER, AND O'CONNOR DECLARATIONS** ||
| Sections III.A (5:1-6:1) and III.C (7:19-8:8) | Argument contending that the Chumura, McPhatter, and O'Connor Declarations prove that P10's DMCA notices identified the location of infringing material and could be readily processed |
| Section III.B (6:2-7:18) | Argument contending that the Chumura, McPhatter, and O'Connor Declarations (filed with P10's opposition briefs) substantively refute the Declaration of Shantal Rands Poovala (filed with Google's opening briefs) |
| Section V (10:1-19) | Argument regarding the substantive standards governing motions for summary judgment, and urging that P10's DMCA notices identified the location of infringing material and could be readily processed |
| **P10'S RESPONSE TO GOOGLE'S OBJECTIONS TO EDEN, HOFFMAN, NEWTON AND SCHWARTZ DECLARATIONS** ||
| Portions of Section I.A (3:18-4:11) and Section II.A (4:19-5:20) | Argument regarding Google's repeat infringer policy and eligibility for DMCA safe harbor |

---

argument that these witnesses' declarations should be stricken is both incorrect and an improper sur-reply argument. *See Moore v. Computer Associates Intern., Inc.*, 2009 WL 2870213, at *3-4 (D. Ariz. 2009) (denying motion to strike affidavit when affiant "was a corporate witness, designated under Federal Rule of Civil Procedure 30(b)(6), and thus Rule 26 disclosure was not required.").

| | | |
|---|---|---|
| Section II.B (5:21-6:5) | Argument contending that the Eden, Hoffman, Newton and Schwartz Declarations substantively refute the Declaration of Shantal Rands Poovala | |
| Section II.C (6:6-7:2) and Section II.D (7:3-7:11) | Argument regarding Google's DMCA instructions and eligibility for DMCA safe harbor | |
| Section VII (9:12-10:2) | Argument regarding the substantive standards governing motions for summary judgment and urging that Google is ineligible for DMCA safe harbor | |
| **RESPONSE TO GOOGLE'S OBJECTIONS TO CHOU DECLARATION** | | |
| Section I (1:7-2:20) | Argument regarding alleged "infringements" identified by Ms. Chou and regarding Google's DMCA instructions | |
| Section II (2:21-3:2) | Argument regarding the contents and alleged propriety of P10's DMCA notices | |
| Section IV (3:18-4:8) | Argument regarding liability for alleged activities of "pay sites" | |
| **P10'S RESPONSE TO GOOGLE'S OBJECTIONS TO MAUSNER DECLARATION** | | |
| Footnote 1 (1:23-28) and portions of Section III (3:28-4:13) | Argument regarding the substantive standards governing motions for summary judgment | |
| Portions of Section I (1:15-18) and Section II (2:4-3:4) | Argument regarding Google's alleged contributory liability and eligibility for DMCA safe harbors | |
| **P10'S RESPONSE TO GOOGLE'S OBJECTIONS TO POBLETE DECLARATION** | | |
| Footnote 1 (1:21-27) | Argument regarding the substantive standards governing motions for summary judgment | |
| Section I (1:7-2:9) | Argument regarding a purported "sampling" approach to the case | |
| **P10'S RESPONSE TO GOOGLE'S OBJECTIONS TO ZADA DECLARATION** | | |
| Portions of Section I (3:2-13) | Argument regarding the substantive standards governing motions for summary judgment | |
| Portions of Section II (6:23-28) | Commentary regarding the claimed substance of the Declaration of Shantal Rands Poovala | |
| Portions of Section IV (8:23-10:4) and Section V (10:12-26) | Argument regarding the substantive standards governing motions for summary judgment and | |

| | |
|---|---|
| | Google's eligibility for DMCA safe harbor |
| Portions of Section VI (11:7-14) and Section VII (12:5-9) | Argument regarding Google's eligibility for DMCA safe harbor |
| Section VIII (12:16-14:5) | Argument regarding Google's DMCA instructions |
| Portions of Section IX (14:14-17) | Argument regarding liability for alleged activities of "pay sites" |
| Portions of Section X (14:25-15:5) | Argument regarding the contents and alleged propriety of P10's DMCA notices |
| Portions of Section XI (15:27-16:1) | Argument regarding the contents of documents P10 refers to as "part of [a] 'DMCA log'" |
| Portions of Section XIII (16:22-25) | Argument regarding the contents and alleged propriety of P10's DMCA notices |
| Portions of Section XV (17:21-24) | Argument regarding the contents and alleged propriety of P10's DMCA notices and Google's responses thereto |
| Portions of Section XVI (18:21-19:2) | Argument regarding Google's DMCA policy for AdWords |

For the foregoing reasons, Google respectfully requests that the above-referenced portions of P10's Evidentiary Objection Responses be disregarded and/or stricken.

DATED: November 23, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.