QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
   rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JEFFREY N. MAUSNER FILED IN FURTHER OPPOSITION TO GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT REGARDING GOOGLE'S ENTITLEMENT TO DMCA SAFE HARBOR**<br><br>Hon. A. Howard Matz<br><br>Date: None Set (taken under submission)<br>Time: None Set<br>Place: Courtroom 14<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

01980.51320/3153864.3

GOOGLE INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JEFFREY N. MAUSNER

Defendant Google Inc. ("Google") submits the following evidentiary objections to the Declaration of Jeffrey Mausner in Support of Perfect 10's ("P10") Evidentiary Objections and Responses to Google's Evidentiary Objections re: Google's Three Motions for Summary Judgment. (Docket No. 571) ("Mausner Declaration"). The Mausner Declaration is inadmissible, improper, and was filed in contravention of Local Rule 7-10 and the Court's Scheduling and Case Management Order. It should be disregarded and/or stricken in its entirety.

## I. THE MAUSNER DECLARATION IS AN IMPROPER SUR-REPLY AND SHOULD BE DISREGARDED.

The Mausner Declaration, filed after Google had submitted its reply briefs in support of its motions for summary judgment regarding DMCA safe harbors, constitutes an improper sur-reply and should be disregarded in its entirety.

Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Additionally, Paragraph III.C.5 of this Court's Scheduling and Case Management Order provides that "[t]he non-moving party may not file a sur-reply unless the Court first grants leave to do so." Courts routinely strike or refuse to consider documents submitted in violation of these rules. *See, e.g.*, *Spalding Laboratories, Inc. v. Arizona Biological Control, Inc.*, 2008 WL 2227501, at *1 n.2 (C.D. Cal. 2008) ("The Court strikes and does not consider Spalding's 14-page 'sur-opposition' to ARBICO's reply brief.") (citing Local Rule 7-10); *DISC Intellectual Properties LLC v. Delman*, 2007 WL 4973849, at *1 n.1 (C.D. Cal. 2007) (rejecting "Defendants … attempt[] to file a Response to Plaintiffs' Reply in violation of Local Rule 7-10."); *see also Cruz v. Tilton*, 2009 WL 3126518, at *1 (E.D. Cal. 2009) (striking document titled "Response in Support of denying 12(b) Motion" on grounds that it "appears to be a surreply").

On July 2, 2009, Google filed three motions for summary judgment regarding Google's entitlement to DMCA safe harbors for its Caching feature, Blogger service and Search service, respectively. *See* Docket Nos. 423-51. On August 9, 2009, P10

submitted its opposition materials, including three separate opposition briefs, three separate statements of allegedly disputed facts, and eleven separate declarations. *See* Docket Nos. 473-84. On September 8, 2009, Google filed its reply papers. *See* Docket Nos. 502-21.

Thereafter, on October 12, 2009, P10 filed the Mausner Declaration—despite having never sought or obtained leave to file any additional argument or evidence in sur-reply to Google's reply materials.[1] For example, the Mausner Declaration incorrectly suggests that Google failed to disclose certain of its declarants (Paragraph 5)[2] and unsuccessfully attempts to defend P10's failure to disclose its own declarants (Paragraphs 2-4).[3] The Mausner Declaration also improperly proffers substantive arguments and evidence (which plainly could have been timely submitted in P10's opposition materials, but were not) regarding (1) the alleged qualifications of one of P10's declarants (Paragraph 9), and (2) what Mr. Mausner refers to as a "check the box" tool (Paragraph 10).[4] Further, the Mausner

---

[1] That same day, P10 also filed an additional Declaration of Norman Zada which is similarly objectionable. *See* Google Inc.'s Evidentiary Objections to Decl. of Dr. Norman Zada, filed concurrently.

[2] P10's accusation is incorrect. Google designated all three of the challenged declarants as persons most knowledgeable about certain topics under Rule 30(b)(6)—Ms. Poovala and Mr. Haahr by letter dated August 28, 2008 (nearly 14 months ago) and Mr. Brougher by letter dated October 26, 2006 (nearly three years ago). Mr. Mausner personally deposed each of them—Mr. Brougher on January 11, 2007, and Ms. Poovala and Mr. Haahr in November of 2008. *See* Mausner Decl. ¶¶ 6 & 7. Thus, Google properly disclosed these witnesses prior to submitting their declarations on summary judgment. *See Moore v. Computer Associates Intern., Inc.*, 2009 WL 2870213, at *3-4 (D. Ariz. 2009) (denying motion to strike affidavit when moving party's affiant "was a corporate witness, designated under Federal Rule of Civil Procedure 30(b)(6), and thus Rule 26 disclosure was not required.").

[3] P10 gives no explanation or justification for its supposed late "discovery" of these witnesses.

[4] P10's claim that Google was ordered to establish a "Notification System" using a "check-the-box" tool is both irrelevant and incorrect. *See* P10's Response to
(footnote continued)

Declaration also attaches over 100 pages of additional documentary exhibits. This entire submission constitutes an improper sur-reply filed without the required leave, and should be disregarded and/or stricken in its entirety. Local Rule 7-10; *Spalding Labs.*, 2008 WL 2227501, at *1 n.2; *DISC Intellectual Properties*, 2007 WL 4973849, at *1 n.1.

## II.    PORTIONS OF THE MAUSNER DECLARATION ARE INADMISSIBLE UNDER THE RULES OF EVIDENCE

The Mausner Declaration is objectionable for the additional reason that it is inadmissible in several respects. Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence at the time of trial. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-1182 (9th Cir. 1988). *See also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Such evidence must be relevant to the claims and defenses of the case. Fed. R. Evid. 401; 403; *McCormick v. City of Lawrence, Kan.*, 2007 WL 38400, at *3 (D. Kan. 2007). Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Hearsay evidence is inadmissible unless it has been defined as non-hearsay or the proponent establishes eligibility for one or more exceptions under the Rules. Fed. R. Evid. 801-804. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education. Fed. R. Evid. 701, 702. The Mausner Declaration fails to meet one or more of these criteria, as specified below.

---

Objections to Mausner Decl. (Docket No. 568) at 1-3. At the preliminary injunction stage, the parties were ordered to discuss such a mechanism—which they did—but that portion of the Court's ruling was later superseded by the Ninth Circuit's ruling that P10 was unlikely to overcome Google's fair use defense.

| | PROFFERED EVIDENCE | GOOGLE'S OBJECTION |
|---|---|---|
| 1. | **Mausner Decl. at ¶¶ 2-5 & 10** | <u>Fed. R. Evid. 401, 402, 403, 602, 701</u> The statements are argumentative, irrelevant, are improper opinion testimony, and lack foundation as to the source of Mr. Mausner's knowledge regarding when and how P10 became aware of undisclosed witnesses Newton, O'Connor, McPhatter, Hoffman, Schwartz and Eden. Without this information, P10 has failed to demonstrate that its failure to disclose these witnesses was excused or justified, rendering these statements irrelevant. *See* Google Inc.'s Evidentiary Objections to the Declarations of Newton, O'Connor, McPhatter, Hoffman, Schwartz and Eden (Docket Nos. 509-10 & 512-15). |
| 2. | **Mausner Decl. Exh. DD** | <u>Fed. R. Evid. 401, 402, 403, 602, 801-04</u> The evidence is irrelevant, lacks foundation, and constitutes inadmissible hearsay. |
| 3. | **Mausner Decl. Exh. EE** | <u>Fed. R. Evid. 401, 402, 403, 602</u> The evidence is irrelevant and lacks foundation. |

DATED: November 23, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _/s/ Rachel Herrick Kassabian_
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.