1  Jeffrey N. Mausner (State Bar No. 122385)
   Law Offices of Jeffrey N. Mausner
2  Warner Center Towers
   21800 Oxnard Street, Suite 910
3  Woodland Hills, California 91367
   Email: Jeff@mausnerlaw.com
4  Telephone: (310) 617-8100, (818) 992-7500
   Facsimile: (818) 716-2773
5
6  Attorneys for Plaintiff
7
8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10

11  PERFECT 10, INC., a California         Case No. CV 04-9484 AHM (SHx)
    corporation,                           Consolidated with Case No. CV 05-4753
12                                         AHM (SHx)
13                 Plaintiff,
          v.                               **Before Judge A. Howard Matz**
14
    GOOGLE INC., a corporation,            **DECLARATION OF JEFFREY N.
15                                         MAUSNER IN SUPPORT OF
                   Defendants.             PERFECT 10'S MOTION FOR
16                                         EVIDENTIARY AND OTHER
                                           SANCTIONS AGAINST GOOGLE,
17                                         AND/OR FOR THE APPOINTMENT
                                           OF A SPECIAL MASTER**
18
    AND CONSOLIDATED CASE.
19                                         Date: December 21, 2009
                                           Time: 10 A.M.
20                                         Place: Courtroom 14, Courtroom of the
                                                  Honorable A. Howard Matz
21
22                                         Discovery Cut-Off Date: None Set
                                           Pretrial Conference Date: None Set
23                                         Trial Date: None Set
24
25
26
27
28

## DECLARATION OF JEFFREY N. MAUSNER

I, Jeffrey N. Mausner, declare as follows:

1.      I am a member of the State Bar of California and admitted to practice before this Court.  I am counsel of record for Plaintiff Perfect 10, Inc. ("Perfect 10") in this action.  All of the matters stated herein are of my own personal knowledge, except where otherwise stated, and if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Set of Requests for the Production of Documents to Google, which was served on Google on or about March 4, 2005.  Portions have been highlighted for ease of reference.

3.      Attached hereto as Exhibit B is a true and correct copy of portions of Defendant Google Inc.'s Response to Plaintiff's First Set of Requests for the Production of Documents, which was served on Perfect 10 on or about April 18, 2005.  Portions have been highlighted for ease of reference.

4.      Attached hereto as Exhibit C is a true and correct copy of portions of Defendant Google Inc.'s Response to Plaintiff's Third Set of Requests for Admissions, which was served on Perfect 10 on or about May 27, 2005.   Portions have been highlighted for ease of reference.

5.      Attached hereto as Exhibit D is a true and correct copy of the Order Re Perfect 10's Motion to Compel Defendant Google, Inc. to Produce Documents and to Answer Interrogatories, signed by Magistrate Judge Stephen J. Hillman and filed in this action on May 22, 2006, Docket No. 163 (the "May 22, 2006 Order").  Portions have been highlighted for ease of reference.

6.      Attached hereto as Exhibit E is a true and correct copy of portions of Plaintiff's Fifth Set of Requests for the Production of Documents to Defendant Google, Inc., which was served on Google on January 18, 2007.  Portions have been highlighted for ease of reference.

1    7.    Attached hereto as Exhibit F is a true and correct copy of portions of

2   Defendant Google Inc.'s Responses and Objections to Plaintiff's Fifth Set of

3   Requests for the Production of Documents, which was served on Perfect 10 on or

4   about February 23, 2007.  Portions have been highlighted for ease of reference.

5    8.    Attached hereto as Exhibit G is a true and correct copy of Magistrate

6   Judge Hillman's Order Re Perfect 10's Motion to Compel Defendant Google Inc. to

7   Produce Documents, dated February 22, 2008, Docket No. 254.  Portions have been

8   highlighted for ease of reference.

9    9.    Attached hereto as Exhibit H is a true and correct copy of portions of

10  Google Inc.'s Objections to the Magistrate Judge's Order of February 22, 2008,

11  Granting in Part Plaintiff Perfect 10, Inc.'s Motion to Compel; and Memorandum of

12  Points and Authorities in Support, Docket No. 258.

13   10.   Attached hereto as Exhibit I is a true and correct copy of Google's

14  [Proposed] Order on Google, Inc.'s Objections To, and Perfect 10, Inc.'s Motion for

15  Review of, Portions of the Magistrate Judge's Order of February 22, 2008, Granting

16  in Part and Denying in Part Perfect 10's Motion to Compel, along with the Notice of

17  Lodging, lodged on May 7, 2008, Docket No. 292-2 and 292.  Portions have been

18  highlighted for ease of reference.

19   11.   Attached hereto as Exhibit J is a true and correct copy of this Court's

20  Order on Google Inc.'s Objections To, And Perfect 10, Inc.'s Motion for Review Of,

21  Portions of the Magistrate Judge's Order of February 22, 2008 Granting In Part And

22  Denying In Part Perfect 10's Motion to Compel, signed by Judge Matz on

23  May 13, 2008, Docket No. 294 (the "May 13, 2008 Order").  Portions have been

24  highlighted for ease of reference.

25   12.   Attached hereto as Exhibit K is a true and correct copy of an email that

26  I received from Andrea Roberts, one of the attorneys for Google, on June 13, 2008.

27  Portions have been highlighted for ease of reference.

28   13.   Attached hereto as Exhibit L is a true and correct copy of portions of

the Joint Stipulation Re Plaintiff Perfect 10, Inc.'s Motion to Compel Defendant Google Inc. to Produce Documents, which was filed on October 9, 2007. Portions have been highlighted for ease of reference.

14. Attached hereto as Exhibit M is a true and correct copy of portions of Defendant Google Inc.'s Responses and Objections to Plaintiff Perfect 10, Inc.'s Tenth Set of Requests for Production of Documents, which was served on Perfect 10 on or about October 5, 2009. Exhibit 1 to the Tenth Set of Requests for Production was a 38 page list of the base URLs of Google Blogspot and AdSense sites that Perfect 10 has accused of infringement.

15. Attached hereto as Exhibit N is a true and correct copy of portions of the Notice of Issuance of Subpoena for the Production of Documents to the Motion Picture Association of America, Inc. ("MPAA"), and the attached Subpoena, which was served on November 13, 2009. True and correct copies of the documents that were produced by the MPAA in response to the subpoena, on November 24, 2009, are contained in Exhibit 9, the disk, to the Declaration of Dr. Norman Zada, filed under seal concurrently herewith, in a folder titled "MPAA Notices." The documents that the MPAA produced in response to the subpoena were designated as Confidential by the MPAA pursuant to the Protective Order.

16. Attached hereto as Exhibit O are true and correct copies of correspondence between myself and Google's attorneys, in connection with the Local Rule 7-3 Conference of Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on November 29, 2009, at Los Angeles County, California.

*Jeffrey N. Mausner*

Jeffrey N. Mausner

# Exhibit A

RUSSELL J. FRACKMAN (State Bar No. 49087)
JEFFREY D. GOLDMAN (State Bar No. 155589)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

JEFFREY N. MAUSNER (State Bar No. 122385)
BERMAN, MAUSNER & RESSER
11601 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1742
Telephone: (310) 473-3333
Facsimile: (310) 473-8303

DANIEL J. COOPER (State Bar No. 198460)
PERFECT 10, INC.
72 Beverly Park Dr.
Beverly Hills, California 90210
Telephone: (310) 205-9817
Facsimile: (310) 205-9638

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>             Defendants. | **CASE NO.  CV 04-9484 NM (CW)**<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

TO DEFENDANT GOOGLE, Inc. AND ITS COUNSEL OF RECORD HEREIN: Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Perfect 10, Inc. propounds the following First Set of Requests for the Production of DOCUMENTS to Defendant GOOGLE, Inc.  Documents shall be produced to Daniel Cooper, Esq., 72 Beverly Park, Beverly Hills, CA, 30 days after the service of these requests.

# DEFINITIONS AND INSTRUCTIONS

1. The terms "GOOGLE", "YOU" and "YOUR" shall refer to Defendant GOOGLE, Inc. and any company owned or controlled in whole or in part by GOOGLE and anyone acting on GOOGLE's behalf.

2. The term "URL" shall refer to the web address of a particular web page of a website. In our descriptions of URLs, we will not include the beginning www or http:// symbols.

3. The term "BASE URL" shall refer to that portion of a URL that determines the website at issue. Thus the URL 1greatcelebsite.com would be the BASE URL for the URL 1greatcelebsite.com/amy_weber/ which would describe a particular webpage in the website 1greatcelebsite.com, and the URL aclasscelebs.com would be the BASE URL for the URL aclasscelebs.com/nevec/gallery6.htm, which would again represent a particular page of aclasscelebs.com. The BASE URL is typically the URL of the home page of the website.

4. The term "ENTITY" shall include any form of business entity including but not limited to a corporation, partnership, joint venture, limited partnership and sole proprietorship, as well as an individual human being.

5. The term "GOOGLE LISTED WEBSITE" shall refer to any website or URL that, at any time, GOOGLE has listed in any of its search results, including but not limited to those generated through Web Search or Image Search.

6. The term "GOOGLE AFFILIATED WEBSITE" shall refer to any BASE URL for which GOOGLE has received money, in connection with its participation in GOOGLE's Adwords or Adsense programs, or any other paid inclusion program.

7. The term "GOOGLE AFFILIATED ENTITY" shall refer to any ENTITY which has owned or controlled one or more "GOOGLE AFFILIATED WEBSITES."

8. The term "CELEBRITY" means any of the following persons: Britney Spears, Christina Aguilera, Jennifer Lopez, Jennifer Love Hewitt, Sarah Michelle Gellar, Melissa Joan Hart, Drew Barrymore, Alicia Silverstone, Andie MacDowell, Anna Kournikova, Yasmine Bleeth, Jane Krakowski, Elisabeth Shue, Geena Davis, Gillian Anderson, Gwyneth Paltrow, Meg Ryan, Michelle Pfeiffer, Barbara Eden, Barbra Streisand, Calista Flockhart, Halle Berry, Hunter Tylo, Jessica Simpson, Niki Taylor, Rachel Stevens, Salma Hayek, Sandra Bullock, Christina Applegate, Claudia Schiffer, Daisy Fuentes, Danielle Fishel, Julia Roberts, Shania Twain, Sharon Stone, Keri Russell, Cameron Diaz, Jessica Alba, Lucy Lui, Jennifer Aniston, Madonna, Faith Hill, Tara Reid, Courtney Cox, Janet Jackson, Leslie Carter, Mandy Moore, Mariah Carey, Jessica Biel, Beverly Mitchel, Pamela Anderson, Angelina Jolie, Carmen Electra, Katie Homes, Kirsten Dunst, Alyssa Milano, Alyson Hannigan, Gates McFadden, Natalie Portman, Madchen Amick, Ashley Judd, Amy Weber, Bridget Fonda, Christie Turlington, Jennifer Connelly, Rebecca Gayheart, Jenny McCarthy, Christina Ricca, Brooke Burke, Clair Danes, Daniela Pestova, Denise Richards, and Katie Holmes.

9. The term "PERFECT 10 MODELS" shall refer to the names of the persons listed in Exhibit 1.

*10.* The terms "DOCUMENT" or "DOCUMENTS" shall herein have the same meaning as "writings and recordings" and "photographs," as defined in Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, writings of every kind, including photographs, images, print-outs, websites, CDs, DVDs, hard drives, letters, e-mails, telegrams, memoranda, web pages, reports, studies, calendar and diary entries, outlines, notes, analyses, statistical or informational accumulations, audits, and associated work papers, any kind of records of meetings and conversations, sound or mechanical reproductions, programming notes, comments, computer data bases, computer print-outs, source code, object code,

websites, flow-charts, all stored compilations of information of any kind which may be retrievable, including, without limitation, computer discs, hard drives, and RAM, and copies and duplicates of DOCUMENTS which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in YOUR possession, custody or control. *If A DOCUMENT is available in electronic form, it should be produced in that electronic form, even if it is also available in hard copy*

11. The term "IDENTIFY" when used in connection with an ENTITY shall mean to provide the name, mailing address, e-mail address, and business telephone number of the ENTITY IDENTIFIED, and of each ENTITY believed by YOU to own or control any such ENTITY.

12. The term "IDENTIFY" when used in connection with an image, shall mean to provide that image (in electronic format when available), the URL for that image, and the model name if available.

13. The term "IDENTIFY" when used in connection with a website shall mean to provide the URL of the website, and the name, address, and telephone number of the webmaster for the website, if known.

14. The term "IDENTIFY" when used in connection with a GOOGLE employee, shall mean to provide that employee's name, job title, and the length of time he or she has held that job title.

15. The term "IDENTIFIED BASE URLS" shall refer to the BASE URLS listed in Exhibit 4, attached hereto.

16. The term "GOOGLE AFFILIATE APPLICATION FORM" shall mean any DOCUMENTS GOOGLE provides to, or exchanges with, any potential GOOGLE AFFILIATED ENTITIES in connection with such entities making payments to GOOGLE for any of GOOGLE'S services.

17. The term "TERMINATION" shall mean barring an ENTITY from

4

having any of the URLs that it owns or controls appear in GOOGLE's search results.

18. The term "DISABLE" when used in the context of disabling URLs shall mean to prevent any web address or URL containing a given BASE URL from appearing in any GOOGLE search results.

19. Images will be said to be "DISPLAYED ON GOOGLE SERVERS" when such images are available for display on images.google.com as a result of a Google image search.

20. Images will be said to be "ARCHIVED ON GOOGLE SERVERS" when such images may be viewed by doing a Google Web Search and then clicking on the "Cached" link.

## INSTRUCTIONS

1. All DOCUMENTS which exist in electronic format shall be produced in electronic format. If the documents are electronic, please produce them in their native format, as they existed at the time they were created, based on archive or back-up data. If the DOCUMENT is not available in its native format, please produce it in other formats in which it is available.

2. All DOCUMENTS shall be produced specifying the document request that they relate to.

## DOCUMENT REQUESTS

1. All DOCUMENTS that constitute or embody any notices or complaints that GOOGLE received in the years 2001 through 2003 from Perfect 10.

2. All DOCUMENTS that constitute or embody any notices or complaints that Perfect 10 sent to Yahoo or Overture in 2001 through 2003 which were then forwarded by those entities to GOOGLE.

3. All DOCUMENTS that constitute, embody, or relate to GOOGLE's response to any notices or complaints that GOOGLE received in the years 2001 through 2003 from Perfect 10 either directly or indirectly as described in Document Requests 1 and 2.

4. All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to, relate to, or reflect GOOGLE's response to any notices or complaints that GOOGLE received in the years 2001 through 2003 from Perfect 10 either directly or indirectly as described in Document Requests 1 and 2.

5. All DOCUMENTS that constitute or embody any notices or complaints that Perfect 10 sent to Yahoo, Overture, or any other search engine in 2004 or 2005 which were then forwarded by any of those entities to GOOGLE.

6. All DOCUMENTS that constitute or embody GOOGLE's response to any notice or complaint that GOOGLE received from Perfect 10 either directly or indirectly in either 2004 or 2005.

7. All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to, relate to, or reflect GOOGLE's response to any notices or complaints that GOOGLE received for the years 2004 and 2005 from Perfect 10, either directly, or indirectly.

8. All DOCUMENTS that refer to, relate to, or reflect the removal or deletion from GOOGLE Image Search results of any image allegedly owned by Perfect 10.

9. DOCUMENTS sufficient to determine the number of images DISPLAYED ON GOOGLE SERVERS since 2001 that have, when clicked upon, purportedly LINKED users to perfect10.com or perfectten.com.

10. DOCUMENTS sufficient to determine the number of times, since November 20, 2001, that a user has clicked upon an image DISPLAYED ON GOOGLE SERVERS which purportedly LINKED users to perfect10.com or perfectten.com.

11. DOCUMENTS sufficient to determine the number of times since November 20, 2001 that anyone has clicked on an image DISPLAYED ON GOOGLE SERVERS of any model whose name is listed in Exhibit 2.

12. All DOCUMENTS that constitute or embody GOOGLE's contractual arrangements for the use of digital images on Image Search, including but not limited to, distribution or license agreements with studios, stock houses, independent photographers, and digital artists.

13. All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to or relate to plaintiff, Perfect 10.

14. GOOGLE's minutes of Board of Director and/or other Executive Committee meetings that refer to, relate to, or mention copyright infringement, misappropriation of rights of publicity, or trademark infringement.

15. GOOGLE's minutes of Board of Director and/or other Executive Committee meetings that refer to, relate to, or mention adult content, pornography, sexual content, nude images, or celebrity images.

16. GOOGLE's minutes of Board of Director and/or other Executive Committee meetings that refer to, relate to, or mention Perfect 10, Playboy, or Penthouse.

17. All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to or relate to GOOGLE'S potential liability for copyright infringement, misappropriation of rights of

7

publicity or trademark infringement.

18. All studies, reports, memoranda, letters, or notes that refer to, relate to, or reflect the extent to which adult content available through GOOGLE's Web Search and Image Search serves as a draw for traffic to GOOGLE.com.

19. All studies, reports, memoranda, letters, or notes that refer to, relate to, or reflect the extent to which adult content available through GOOGLE's Web Search and Image Search affects GOOGLE's revenues.

20. All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to, relate to, or reflect the extent to which adult content available through GOOGLE's Web Search and Image Search serves as a draw for traffic to GOOGLE.com.

21. All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to, relate to, or reflect the extent to which adult content available through GOOGLE's Web Search and Image Search affects GOOGLE's revenues.

22. All DOCUMENTS that refer to or reflect the DISABLING of any of the BASE URLs listed in Exhibit 4.

23. DOCUMENTS sufficient to IDENTIFY all BASE URLs DISABLED by GOOGLE as a result of notices sent by Perfect 10.

24. All DOCUMENTS that constitute or embody communications between GOOGLE and ENTITIES that own or control the GOOGLE AFFILIATED WEBSITES identified in YOUR response to Interrogatory 1.

25. All communications between GOOGLE and the ENTITIES identified in YOUR response to Interrogatory No. 2.

26. All notices of TERMINATION (as a result of intellectual property violations) sent by GOOGLE to any ENTITY that has owned or controlled a GOOGLE LISTED WEBSITE.

27. All notices of TERMINATION sent by GOOGLE to any ENTITY that has owned or controlled a GOOGLE LISTED WEBSITE.

8

28. All notices of TERMINATION sent by GOOGLE to any ENTITY as a result of complaints from Perfect 10.

29. All DOCUMENTS that relate to, constitute or embody communications between GOOGLE and the ENTITIES that have owned or controlled any of the following websites: 000celebs.com.ar, 1024x768wallpapers.com, 21stars.net, abc-celebs.com, aclasscelebs.com, adoredcelebrities.com, adult.backwash.com, alibabaweb.com, all-nude-celebrities-free.com, annasayfa.host.sk, antoninoc.net, averlo.com, babefocus.com, big.clarence.com, Britney-spears-nudes.net, bukuroshe.parajsa.com, celebguru.com, celebrities.nice.ru, celebrityarchive.de, celebritybattles.com, celebritypictures.com, celebritypicturesarchive.com, celebsdb.com, celebstation.org, chez.com, cubic2003.free-sex.cz, desktopgirls.ru, e-celeb.by.ru, eracle.it, extremefakecelebs.com, family-incest-sex.net, famouspeoplepics.com, fotochicas.com, fotomodellefamose.com, free-nude-and-naked-celebs-fakes.com, gossip.babeleweb.net, greh.ru, gwool.com, home.tiscali.be, home-2.worldonline.nl, icycelebs.com, incest-search.com, index.hr, indicedivx.com, i-sd.com, Jennifer-anniston-naked.com, jerkengine.com, lairofluxlucre.com, kobiety.website.pl, mapage.noos.fr, eros.externet.hu, megapolis.com.ar, miss.mgn.ru, modellemania.net, monitor.hr, nejcpass.com, nude-celebrity.net, mg.danboss.com, minovia.com, moono.com, ottoperuna.altervista.org, paparazzi-nude.com, perfectpeople.net, photoglamour.it, pix.alronix.net, platinum-celebs.com, playboy.fason.ru, pornosaur.com, postalesmix.com, promethyl.org, ragazzesexy.tv, rape-videos.us, rate-celebs.com, realcelebs4u.com, robbscelebs.co.uk, russiancelebrities.org, russiancelebrities.net, spacesurfer.com, stofff-fr.com, superbabes.nl, thecelebzone.com, topesexy.net, trillianfakes.com, vamp.dk, wallpapery.net, wscan.org.

30. All DOCUMENTS constituting or embodying all versions of GOOGLE's repeat infringer policy, from 2000 to the present.

31. DOCUMENTS sufficient to IDENTIFY which GOOGLE employees were responsible for carrying out GOOGLE's repeat infringer policy, from 2000 to the present.

32. DOCUMENTS sufficient to IDENTIFY which GOOGLE employees oversee GOOGLE's provision of connections as described in Paragraph 58 of the Counterclaim.

33. DOCUMENTS sufficient to IDENTIFY which GOOGLE employees oversee GOOGLE's system or network as described in Paragraph 58 of the Counterclaim.

34. DOCUMENTS sufficient to IDENTIFY which GOOGLE employees oversee GOOGLE's image search.

35. All DOCUMENTS that constitute or embody GOOGLE's contractual agreements with celebrities for GOOGLE's use of the names and/or images of CELEBRITIES on GOOGLE servers.

36. All DOCUMENTS that evidence, refer to, or reflect GOOGLE's contractual arrangements for GOOGLE's right to use, on GOOGLE servers, Perfect 10 images or the names of Perfect 10 models shown in Exhibit 2.

37. Any indemnification agreements between GOOGLE and any other search engines, including but not limited to AOL, Amazon, Yahoo and Comcast.

38. All contracts between GOOGLE and AOL, Amazon, Yahoo and Comcast for the provision of search services.

39. Electronic copies of all images DISPLAYED ON GOOGLE SERVERS from November 20, 2001 to March 15, 2005 of any of the models listed in Exhibit 2.

40. Electronic copies of all images ARCHIVED ON GOOGLE SERVERS from November 20, 2001 to March 15, 2005 of any of the models listed in Exhibit 2.

41. Electronic copies of all images DISPLAYED ON GOOGLE SERVERS from November 20, 2001 to March 15, 2005 for websites with the following

10

BASE URLs: czeckmate.hpg.ig.com.br, animald.com, celebs-online.com, freehostempire.com, web1000.com, celebclub.com, celebsxposed.com, eroticountry.com, celebritypictures.com, movieman.com, erotichomepages.com, femcelebs.wo.to, boom.ru, perso.respublica.fr, tomsk.ru, sex.erotism.com, spika-presents.com, ultimate-celebs.com, and xoom.it.

42. Electronic copies of all images ARCHIVED ON GOOGLE SERVERS from November 20, 2001 to March 15, 2005 for websites with the following BASE URLs: czeckmate.hpg.ig.com.br, animald.com, celebs-online.com, freehostempire.com, web1000.com, celebclub.com, celebsxposed.com, eroticountry.com, celebritypictures.com, movieman.com, erotichomepages.com, femcelebs.wo.to, boom.ru, perso.respublica.fr, tomsk.ru, sex.erotism.com, spika-presents.com, ultimate-celebs.com, and xoom.it.

43. DOCUMENTS sufficient to determine the number of times a search request, containing the name of any model listed in Exhibit 2, was entered by users of GOOGLE from November 20, 2001 to March 15, 2005.

44. DOCUMENTS sufficient to determine the total number of times a Perfect 10 image DISPLAYED ON GOOGLE SERVERS, corresponding to a URL and model name listed in Exhibit 3, was clicked upon by users of GOOGLE from November 20, 2001 to March 15, 2005.

45. DOCUMENTS sufficient to determine, for each term listed below, the number of times from November 20, 2001 to March 15, 2005 that a Web Search request was entered by users of GOOGLE which contained one of the following terms in either upper, lower, or mixed case: "perfect10.com," "Perfect 10," "Perfect Ten," "perfect 10 pics," "Perfect Ten pics," "perfect 10 scans," "Perfect Ten scans," "Perfect 10 models," "perfect 10 nudes," and "Perfect Ten models."

46. DOCUMENTS sufficient to determine, for each term listed below, the

number of times from November 20, 2001 to the present that an Image Search request was entered by users of GOOGLE which contained one of the following terms in either upper, lower, or mixed case: "perfect10.com," "Perfect 10," "Perfect Ten," "perfect 10 pics," "Perfect Ten pics," "perfect 10 scans," "Perfect Ten scans," "Perfect 10 models," "perfect 10 nudes," and "Perfect Ten models."

47. For each of the following terms: sex, tit, nude, porn, fuck, model, hardcore, anal, intercourse, blowjob, naked, Perfect 10, Playboy, Penthouse, supermodel, orgasm, rape, incest, and Britney Spears, DOCUMENTS sufficient to determine the percentage of all searches made via GOOGLE's Web Search that included that term, for each year from December 31, 2001 to the present.

48. For each of the following terms: sex, tit, nude, porn, fuck, model, hardcore, anal, intercourse, blowjob, naked, Perfect 10, Playboy, Penthouse, supermodel, orgasm, rape, incest, and Britney Spears, DOCUMENTS sufficient to determine the percentage of all searches made via GOOGLE's Image Search that included that term, for each year from 2001 to the present.

49. All DOCUMENTS that constitute or embody GOOGLE's contractual agreements for the use of copyrighted material in connection with GOOGLE's Print program.

50. All DOCUMENTS that constitute or embody communications between and among GOOGLE employees referring or relating to the use of copyrighted material in connection with GOOGLE's Print program.

51. GOOGLE's DMCA Log for the years 2001 through 2005, or any other DOCUMENTS sufficient to IDENTIFY all ENTITIES other than Perfect 10 from whom GOOGLE has received a notice regarding an intellectual property violation, the URLs complained about in each notice from each such ENTITY, and the dates of the complaints for each such URL. These

DOCUMENTS should be provided in electronic format if available.

52. DOCUMENTS sufficient to IDENTIFY all GOOGLE AFFILIATED WEBSITES that have used as "key words" (as the term is used by GOOGLE in connection with its Adwords program) either "Perfect 10," "perfect10.com," "perfectten.com," or the names of any Perfect 10 models listed in Exhibit 2, and for each such website, which terms were used, along with the dates of such use.

53. All versions of form contracts or agreements between GOOGLE and any Adwords or Adsense websites used from 2001 to the present.

54. All versions of GOOGLE rules, regulations and guidelines relating to content on any Adwords or Adsense websites, from 2001 to the present.

55. All communications with third parties that refer to Plaintiff, Perfect 10.

56. All internal documents that refer to Plaintiff, Perfect 10.

57. All DOCUMENTS that refer to GOOGLE'S document retention policy.

58. All DOCUMENTS that refer or relate to the designation of a copyright agent under the DMCA.

59. All complaints filed (in any jurisdiction in the U.S. and in any foreign country) against GOOGLE relating to copyright infringement, trademark infringement, or infringement of right of publicity.

60. All DOCUMENTS relating to any insurance that GOOGLE has or claims to have in connection with any of the claims asserted.

61. All DOCUMENTS relating to any indemnity claims made by GOOGLE to any third party with respect to the claims in the amended complaint.

62. All DOCUMENTS that relate to, evidence, refer to, or reflect communications with any webmaster with respect to any of the Perfect 10 copyrighted works or Perfect 10 models or Perfect 10 trademarks.

63. All DOCUMENTS that support GOOGLE'S fourteenth affirmative defense.

64. All DOCUMENTS that support GOOGLE'S fifteenth affirmative defense.

13

65. DOCUMENTS sufficient to explain GOOGLE'S policy with respect to storing images or web pages on GOOGLE servers, including what materials are stored and how long they are retained.

66. All DOCUMENTS that constitute GOOGLE's policies with respect to takedown notices under the DMCA.

67. All communications with any of the Perfect 10 models (or their representatives) listed in Exhibit 1.

68. All DOCUMENTS, including guidelines, rules and regulations, and internal memoranda relating to GOOGLE'S policies on copyright violations.

69. All DOCUMENTS, including guidelines, rules and regulations, and internal memoranda relating to GOOGLE'S policies on rights of publicity violations.

70. All DOCUMENTS, including guidelines, rules and regulations, and internal memoranda relating to GOOGLE'S policies on trademark violations.

71. All DOCUMENTS, including guidelines, rules and regulations, and internal memoranda relating to GOOGLE'S policies on the publication of confidential passwords

72. All DOCUMENTS that relate to or describe how an image is "extracted" as alleged in Paragraph 18 of the Counterclaim.

73. All DOCUMENTS that GOOGLE intends to rely on to support GOOGLE's allegations in Paragraph 58 of the Counterclaim.

74. All DOCUMENTS that evidence, contradict, refer to, or relate to the allegations of Paragraph 73 of the counterclaim.

75. All DOCUMENTS that evidence, contradict, refer to, or relate to the allegations of Paragraph 80 of the Counterclaim.

76. All DOCUMENTS maintained by Google in compliance with Title 18, United States Code, Part I, Chapter 110, section 2257 (18 U.S.C. § 2257).

77. All DOCUMENTS that support or contradict YOUR contention in paragraph 50 of your cross-complaint that Perfect 10 refused to take steps to

14

assist GOOGLE in more expeditious handling of Perfect 10's notices.

Dated: March 4, 2005

JEFFREY N. MAUSNER
BERMAN, MAUSNER & RESSER,
A LAW CORPORATION

Daniel J. Cooper
PERFECT 10, INC.

By:  *Jeffrey N. Mausner*
Jeffrey N. Mausner
Attorneys for Plaintiff, PERFECT 10, INC.

# Exhibit B

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
Michael S. Brophy (SBN: 197940)
Jennifer A. Golinveaux (SBN: 203056)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
E-mail: abridges@winston.com, mbrophy@winston.com,
          jgolinveaux@winston.com

Attorneys for Defendant and Counterclaimant
GOOGLE INC.

FILE COPY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendant.<br><br>GOOGLE INC., a corporation,<br><br>                    Counterclaimant,<br><br>        vs.<br><br>PERFECT 10, INC., a California corporation,<br><br>                    Counter-defendant. | Case No. CV04-9484 NM (CWx)<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:          PLAINTIFF PERFECT 10, INC.

RESPONDING PARTY:          DEFENDANT GOOGLE INC.

SET NUMBER:          ONE

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

21. Google objects to each request to the extent it purports to require Google to disclose trade secret or other confidential information.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All DOCUMENTS that constitute or embody any notices or complaints that GOOGLE received in the years 2001 through 2003 from Perfect 10.

**RESPONSE TO REQUEST NO. 1:**

Google objects to this request as vague and ambiguous as to the terms "notices" and "complaints."

Without waiving, and subject to, its General and specific objections, Google responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 2:**

All DOCUMENTS that constitute or embody any notices or complaints that Perfect 10 sent to Yahoo or Overture in 2001 through 2003 which were then forwarded by those entities to GOOGLE.

**RESPONSE TO REQUEST NO. 2:**

Google objects to this request as vague and ambiguous as to the terms "notices" and "complaints." Google further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work product privilege and/or any other applicable privilege.

Without waiving, and subject to, its General and specific objections, Google responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    **REQUEST NO. 5:**

2       All DOCUMENTS that constitute or embody any notices or complaints that

3    Perfect 10 sent to Yahoo, Overture, or any other search engine in 2004 or 2005

4    which were then forwarded by any of those entities to GOOGLE.

5    **RESPONSE TO REQUEST NO. 5:**

6       Google objects to the terms "notices" and "complaints" as vague and

7    ambiguous. Google further objects to this request to the extent it seeks documents

8    that are protected by the attorney-client privilege, the work product privilege and/or

9    any other applicable privilege.

10       Without waiving, and subject to, its General and specific objections, Google

11    responds that it will produce non-privileged documents that are responsive to this

12    request, to the extent such documents are found within its possession, custody, or

13    control after a reasonable and diligent search.

14    **REQUEST NO. 6:**

15       All DOCUMENTS that constitute or embody GOOGLE's response to any

16    notice or complaint that GOOGLE received from Perfect 10 either directly or

17    indirectly in either 2004 or 2005.

18    **RESPONSE TO REQUEST NO. 6:**

19       Google objects to this request as vague and ambiguous. Google further objects

20    to this request as overly broad, unduly burdensome, and oppressive. Google further

21    objects to this request to the extent it seeks documents that are protected by the

22    attorney-client privilege, and/or the work product privilege.

23       Without waiving, and subject to, its General and specific objections, Google

24    responds that it will produce non-privileged documents that are responsive to this

25    request, to the extent that it understands this request, and to the extent such

26    documents are found within its possession, custody, or control after a reasonable and

27    diligent search.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   bukuroshe.parajsa.com, celebguru.com, celebrities.nice.ru, celebrityarchive.de,

2   celebritybattles.com, celebritypictures.com, celebritypicturesarchive.com,

3   celebsdb.com, celebstation.org, chez.com, cubic2003.free-sex.cz, desktopgirls.ru, e-

4   celeb.by.ru, eracle,it, extremefakecelebs.com, family-incest-sex.net,

5   famouspeoplepics.com, fotochicas.com, fotomodellefamose.com, free-nude-and-

6   naked-celebs-fakes.com, gossip.babeleweb.net, greh.ru, gwool.com, home.tiscali.be,

7   home-2.worldonline.nl, icycelebs.com, incest-search.com, index.hr,

8   indiceddivx.com, i-sd.com, Jennifer-aniston-naked.com, jerkengine.com,

9   lairofluxlucre.com, kobiety.webiste.pl, mapage.noos.fr, eros.externet.hu,

10  megapolis.com.ar, miss.mgn.ru, modellemania.net, monitor.hr, nejcpass.com, nude-

11  celebrity.net, mg.danboss.com, minovia.com, moono.com, ottoperuna.altervista.org,

12  paparazzi-nude.com, perfectpeople.net, photoglamour.it, pix.alronix.net, platinum-

13  celebs.com, playboy.fason.ru, pornosaur.com, postalesmix.com, promethyl.org,

14  ragazzesexy.tv, rape-videos.us, rate-celebs.com, realcelebs4u.com,

15  robbscelebs.co.uk, russiancelebrities.org, russiancelebrities.net, spacesurfer.com,

16  stofff-fr.com, superbabes.nl, thecelebzone.com, topesexy.net, trillianfakes.com,

17  vamp.dk, wallpapery.net, wscan.org.

18  **RESPONSE TO REQUEST NO. 29**:

19      In addition to its General Objections, Google objects to this request as vague

20  and ambiguous. Google objects to this request as overly broad, unduly burdensome,

21  and oppressive. Google further objects to this request as seeking documents outside

22  the scope of permissible discovery in that it seeks information that is not relevant to

23  the subject matter of this action and is not reasonably calculated to lead to the

24  discovery of admissible evidence.

25  **REQUEST NO. 30**:

26      All DOCUMENTS constituting or embodying all versions of GOOGLE's

27  repeat infringer policy, from 2000 to the present.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  **RESPONSE TO REQUEST NO. 30:**

2      In addition to its General Objections, Google objects to this request as vague

3  and ambiguous as to the term "repeat infringer policy."

4  **REQUEST NO. 31:**

5      DOCUMENTS sufficient to IDENTIFY which GOOGLE employees were

6  responsible for carrying out GOOGLE's repeat infringer policy, from 2000 to the

7  present.

8  **RESPONSE TO REQUEST NO. 31:**

9      In addition to its General Objections, Google objects to this request as vague

10  and ambiguous.

11  **REQUEST NO. 32:**

12      DOCUMENTS sufficient to IDENTIFY which GOOGLE employees oversee

13  GOOGLE's provision of connections as described in Paragraph 58 of the

14  Counterclaim.

15  **RESPONSE TO REQUEST NO. 32:**

16      Google objects to this request as vague and ambiguous.  Google further objects

17  to this request as seeking documents outside the scope of permissible discovery in

18  that it seeks information that is not relevant to the subject matter of this action and is

19  not reasonably calculated to lead to the discovery of admissible evidence.

20      Without waiving, and subject to, its General and specific objections, Google

21  responds that it is willing to work with Plaintiff's counsel to determine whether there

22  would be a suitably tailored range of documents to which Perfect 10 might be

23  entitled.

24  **REQUEST NO. 33:**

25      DOCUMENTS sufficient to IDENTIFY which GOOGLE employees oversee

26  GOOGLE's system or network as described in Paragraph 58 of the Counterclaim.

27  **RESPONSE TO REQUEST NO. 33:**

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**REQUEST NO. 49:**

All DOCUMENTS that constitute or embody GOOGLE's contractual agreements for the use of copyrighted material in connection with GOOGLE's Print program.

**RESPONSE TO REQUEST NO. 49:**

In addition to its General Objections, Google objects to this request as vague and ambiguous. Google further objects to this request as seeking documents outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 50:**

All DOCUMENTS that constitute or embody communications between and among GOOGLE employees referring or relating to the use of copyrighted material in connection with GOOGLE's Print program.

**RESPONSE TO REQUEST NO. 50:**

In addition to its General Objections, Google objects to this request as vague and ambiguous. Google further objects to this request as seeking documents outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, and/or the work product privilege.

**REQUEST NO. 51:**

GOOGLE's DMCA Log for the years 2001 through 2005, or any other DOCUMENTS sufficient to IDENTIFY all ENTITIES other than Perfect 10 from whom GOOGLE has received a notice regarding an intellectual property violation, the URLs complained about in each notice from each such ENTITY, and the dates of

the complaints for each such URL. These DOCUMENTS should be provided in electronic format if available.

**RESPONSE TO REQUEST NO. 51:**

In addition to its General Objections, Google objects to this request as unduly burdensome and oppressive. Google further objects to this request as vague and ambiguous.

Without waiving, and subject to, its General and specific objections, Google responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 52:**

DOCUMENTS sufficient to IDENTIFY all GOOGLE AFFILIATED WEBSITES that have used as "key words" (as the term is used by GOOGLE in connection with its Adwords program) either "Perfect 10," "perfect 10.com," "perfectten.com," or the names of any Perfect 10 models listed in Exhibit 2, and for each such website, which terms were used, along with the dates of such use.

**RESPONSE TO REQUEST NO. 52:**

In addition to its General Objections, Google objects to this request as vague, ambiguous, and incomprehensible.

**REQUEST NO. 53:**

All versions of form contracts or agreements between GOOGLE and any Adwords or Adsense websites used from 2001 to the present.

**RESPONSE TO REQUEST NO. 53:**

In addition to its General Objections, Google objects to this request as seeking documents outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**REQUEST NO. 77:**

All DOCUMENTS that support or contradict YOUR contention in Paragraph 50 of your cross-complaint that Perfect 10 refused to take steps to assist GOOGLE in more expeditious handling of Perfect 10's notices.

**RESPONSE TO REQUEST NO. 77:**

In addition to its General Objections, Google objects to this request as seeking documents that are protected by the attorney-client privilege, and/or the work product privilege.

Dated: April 18, 2005

WINSTON & STRAWN LLP

*Andrew P. Bridges*

Andrew P. Bridges
Michael S. Brophy
Jennifer A. Golinveaux
Attorneys for Defendant and
Counterclaimant Google Inc.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# Exhibit C

WINSTON & STRAWN LLP
ANDREW P. BRIDGES (SBN: 122761)
MICHAEL S. BROPHY (SBN: 197940)
JENNIFER A. GOLINVEAUX (SBN: 203056)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
E-mail: abridges@winston.com

Attorneys for Defendant and Counterclaimant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>       Defendant.<br><hr><br>GOOGLE INC., a corporation,<br><br>       Counterclaimant,<br><br>    vs.<br><br>PERFECT 10, INC., a California corporation,<br><br>       Counter-defendant. | Case No. CV04-9484 NM (CWx)<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSIONS** |

PROPOUNDING PARTY:    PLAINTIFF PERFECT 10, INC.

RESPONDING PARTY:    DEFENDANT GOOGLE INC.

SET NUMBER:    THREE

**RESPONSE TO REQUEST FOR ADMISSION NO. 284:**

Google objects to the request as vague, ambiguous, and argumentative. Google also objects to the request as compound. Google further objects on the ground that, because Plaintiff has consistently refused to identify all of its claimed "notices of copyright infringement," either in informal discovery or in formal discovery, going so far as to withhold documents deliberately from production for tactical reasons in order to deny Google the information that is the predicate of this admission, the request is unduly burdensome and argumentative. Google notes that some of Perfect 10's claimed "notices" appear to have been sent by Perfect 10 without cover sheet or cover letter, or to the wrong address, and without indicating the addressee either by name or by job title or role in communications sent to a company with thousands of employees. Subject to and without waiving the General Objections and the specific objections above, Google denies the request.

**REQUEST FOR ADMISSION NO. 285:**

Admit that Google does not keep a log of DMCA notices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 285:**

Subject to and without waiving the General Objections above, Google denies the request.

**REQUEST FOR ADMISSION NO. 286:**

Admit that Google has not kept track of the webmaster or entity which owns or controls a particular URL for which Google has received a notice of infringement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 286:**

Google objects to the request as vague, ambiguous, unintelligible, and argumentative.

**REQUEST FOR ADMISSION NO. 287:**

26    Case No. CV04-9484 NM (CWx)

image associated with a specific URL from appearing as a linked image in Google image search results but it did not have a procedure, within the normal operation of its search engine, that limited appearance of an image of a model in Google image search results. Google denies the remainder, if any, of the request.

**REQUEST FOR ADMISSION NO. 309:**

Admit that Google has had, since at least June 30, 2004, a procedure to know whether a particular image of a model will appear in a Google image search on that model's name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 309:**

Google objects to the request as vague, ambiguous, and argumentative. Google also objects to this request as posing an incomplete hypothetical question. Subject to and without waiving the General Objections and specific objections above, Google denies the request.

Dated: May 27, 2005

WINSTON & STRAWN LLP

*Andrew P. Bridges*

Andrew P. Bridges
Michael S. Brophy
Jennifer A. Golinveaux
Attorneys for Defendant and
Counterclaimant Google, Inc.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# Exhibit D

1  RUSSELL J. FRACKMAN (State Bar No. 49087)
   JEFFREY D. GOLDMAN (State Bar No. 155589)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  DANIEL J. COOPER (State Bar No. 198460)
   PERFECT 10, INC.
6  72 Beverly Park Dr.
   Beverly Hills, California 90210
7  Telephone: (310) 205-9817
   Facsimile: (310) 205-9638
8
   JEFFREY N. MAUSNER (State Bar No. 122385)
9  BERMAN, MAUSNER & RESSER
   11601 Wilshire Boulevard, Suite 600
10 Los Angeles, California 90025-1742
   Telephone: (310) 473-3333
11 Facsimile: (310) 473-8303

12 Attorneys for Plaintiff
   Perfect 10, Inc.
13

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

17 PERFECT 10, INC., a California          MASTER FILE NO. CV04-9484 AHM
   corporation,                           (SHx)
18
              Plaintiff,                  (PROPOSED) ORDER RE PERFECT 10'S
19                                        MOTION TO COMPEL DEFENDANT
         v.                               GOOGLE, INC. TO PRODUCE
20                                        DOCUMENTS AND TO ANSWER
   GOOGLE, INC., a corporation; and       INTERROGATORIES
21 DOES 1 through 100, inclusive,
                                          (SET NO. ONE)
22            Defendants.
                                          Date: February 21, 2006
23                                        Time: 10 A.M.
                                          Place: Courtroom of Judge Hillman
24 ─────────────────────────────
   AND CONSOLIDATED CASE
25

26

27

28
   (Proposed)Order re Perfect 10's Motion to Compel Defendant          1.
   Google to Produce Documents and To Answer Interrogatories

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT
MAY 22 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY


DOCKETED ON CM
MAY 22 2006
BY _____ 046

163

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTORY STATEMENT**

Perfect 10, Inc. and Google Inc. submit this proposed order regarding Perfect 10's Motion to Compel Production of Documents and Responses to Interrogatories. Although the parties have attempted to agree on all provisions of this order, they have been unable to agree as to what the Court ordered with respect to Perfect 10's Document Requests Nos. 47 and 48. Accordingly, for these two requests, the parties have set forth below their respective understanding of what the Court ordered and respectfully request that the Court clarify its ruling as to these requests.

**PROPOSED ORDER**

Plaintiff Perfect 10 Inc.'s Motion to Compel Defendant Google Inc., to produce Documents (Set No. One) and to Answer Interrogatories (Set No. One) propounded to Defendant Google, Inc., came on regularly for hearing at the above noted time and place, the Honorable Stephen J. Hillman presiding. Jeffrey N. Mausner, Esq., of Berman Mausner & Resser, appeared on behalf of Plaintiff Perfect 10, Inc. ("Perfect 10"). Jennifer A. Golinveaux, Esq., Andrew P. Bridges, Esq., and Susan E. Lee, Esq., of Winston & Strawn, appeared on behalf of Defendant Google, Inc.

Upon consideration of all papers and records on file and the parties' oral argument, the Court orders as follows:

**ORDERS RE PERFECT 10'S MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS**

**Document Requests 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 30, 51, 55, 56, 57, 58, 59, 60, 61, 65, 66, 67, 68, 69, 70, 71, 74, 75.**

Google has agreed to produce non-privileged responsive documents for the following document requests of Perfect 10, either as originally propounded, or as modified as set forth herein: 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 30, 51, 55 (subject to the limitation set forth in Google's written response), 56, 57, 58, 59 (limited to the United

1    States), 60 (subject to the limitation set forth in Google's written response), 61, 65, 66,

2    67, 68 (relating to Google's Web Search and Image Search services, and Google's

3    advertising programs), 69 (relating to Google's Web Search and Image Search services,

4    and Google's advertising programs), 70 (relating to Google's Web Search and Image

5    Search services, and Google's advertising programs), 71, 74, 75. The Court ordered that

6    these documents are to be produced by Google by April 15, 2006.

7    **Document Requests Nos. 9, 10, 11, 15, 24, 25, 35, 39, 40, 41, 43, 44, 45, 46, 52**

8          The Court defers ruling on Perfect 10's Requests for Production of

9    Documents Nos. 9, 10, 11, 15, 24, 25, 35, 39, 40, 41, 43, 44, 45, 46, 52 at this time.

10   **Document Request No. 28**

11         Google is ordered to produce all documents in response to Perfect 10's

12   Request For Production of Documents No. 28 (as modified): "All notices of

13   termination sent by GOOGLE to any ENTITY as a result of complaints from

14   Perfect 10." The documents shall be produced by April 15, 2006.

15   **Document Request No.72 (as modified)**

16         Google has agreed to produce all documents in response to Perfect 10's

17   Request For Production of Documents No. 72 (as modified): "Documents sufficient

18   to describe how an image is 'extracted' as alleged in Paragraph 18 of the

19   Counterclaim". The Court ordered that these documents shall be produced by April

20   15, 2006.

21   **Document Request No.73 (as modified)**

22         Google is ordered to produce all documents in response to Perfect 10's

23   Request For Production of Documents No. 73 (as modified): "DOCUMENTS

24   sufficient to establish Google's allegations in Paragraph 58 of the Counterclaim."

25   These documents shall be produced by April 15, 2006.

26   **Document Request No. 77 (as modified)**

27   Google is ordered to produce all documents in response to Perfect 10's Request For

28   Production of Documents No. 77 (as modified): "All DOCUMENTS that evidence,

1  contradict, refer to, or relate to YOUR contention in Paragraph 50 of your cross-

2  complaint that Perfect 10 refused to take steps to assist GOOGLE in more

3  expeditious handling of Perfect 10's notices."   These documents shall be produced

4  by April 15, 2006.

5  **Document Request No. 22 (as modified)**

6  Subject to the limitations set forth in its written responses, Google has agreed

7  to produce the following documents in response to Perfect 10's Request For

8  Production of Documents No. 22 (as modified): "All DOCUMENTS that refer to or

9  reflect the suppression of any of the URLs listed in Exhibit 4 from appearing in Google

10  Image and Web Search results." (Exhibit 4 is attached to the Revised Document

11  Requests.)  The Court ordered that these documents shall be produced by April 15,

12  2006.

13  **Document Request No. 23 (as modified)**

14  Subject to the limitations set forth in its written responses,  Google has

15  agreed  to produce the following documents in response to Perfect 10's Request For

16  Production of Documents No. 23 (as modified): "DOCUMENTS sufficient to

17  IDENTIFY all URLs DISABLED by GOOGLE as a result of notices sent by Perfect

18  10." The Court ordered that these documents shall be produced by April 15, 2006.

19  **Document Request No. 14 (as modified)**

20  Google is ordered to produce all documents in response to Perfect 10's

21  Request for Production of Documents No. 14, modified as follows: "Google's

22  minutes of board of director and other executive committee meetings that refer to,

23  relate to or mention copyright infringement, misappropriation of rights, or

24  trademark infringement in connection with adult content, from the formation of

25  Google to the present." These documents shall be produced by April 15, 2006.

26  **Document Request No. 16 (as modified)**

27  Google has agreed to produce all documents in response to Perfect 10's

28  Request for Production of Documents No. 16, modified as follows: "Google's

1   minutes of Board of Director and/or other executive committee meetings that refer

2   to, relate to or mention Perfect 10." The Court ordered that these documents shall be

3   produced by April 15, 2006.

4   **Document Request No. 17 (as modified)**

5        Google is ordered to produce all documents in response to Perfect 10's

6   Request for Production of Documents No. 17, modified as follows: "All

7   DOCUMENTS that constitute or embody communications between or among employees

8   of GOOGLE that refer to or relate to GOOGLE'S potential liability for copyright

9   infringement, misappropriation of rights of publicity or trademark infringement in

10  connection with adult content, from the formation of Google to the present." The

11  presumptive deadline for production is April 15, 2006.

12  **Document Requests Nos. 18, 19, 20, and 21**

13       The Court took Perfect 10's Motion to Compel Document Requests Nos. 18,

14  19, 20, and 21 under submission.

15  **Document Requests Nos. 26 and 27 (as modified)**

16       Google is ordered to produce all documents in response to Perfect 10's

17  Request for Production of Documents Nos. 26 and 27, which are now combined

18  and modified into one Request as follows: "All notices of termination issued by

19  Google as a result of alleged intellectual property violations." The Court sets April 15,

20  2006 as a target date for production.

21  **Document Request No. 29 (as modified)**

22       Google is ordered to produce all documents in response to Perfect 10's

23  Request for Production of Documents No. 29, modified as follows: All documents

24  that relate to, constitute or embody communications between Google and the owners

25  of the following websites, to the extent that ownership information is reflected in

26  Google's records:

27

28  000celebs.com.ar, 1024x768wallpapers.com, 21stars.net, abc-celebs.com,
    aclasscelebs.com, adoredcelebrities.com, adult.backwash.com, alibabaweb.com, all-nude-

(Proposed)Order re Perfect 10's Motion to Compel Defendant     **5**
Google to Produce Documents and To Answer Interrogatories

1  celebrities-free.com, annasayfa.host.sk, antoninoc.net, averlo.com, babefocus.com, big.clarence.com, Britney-spears-nudes.net, bukuroshe.parajsa.com, celebguru.com, celebrities.nice.ru, celebrityarchive.de, celebritybattles.com, celebritypictures.com,

2  celebritypicturesarchive.com, celebsdb.com, celebstation.org, chez.com, cubic2003.free-sex.cz, desktopgirls.ru, e-celeb.by.ru, eracle.it, extremefakecelebs.com, family-incest-

3  sex.net, famouspeoplepics.com, fotochicas.com, fotomodellefamose.com, free-nude-and-naked-celebs-fakes.com, gossip.babeleweb.net, greh.ru, gwool.com, home.tiscali.be,

4  home-2.worldonline.nl, icycelebs.com, incest-search.com, index.hr, indicedivx.com, i-sd.com, Jennifer-anniston-naked.com, jerkengine.com, lairofluxlucre.com,

5  kobiety.website.pl, mapage.noos.fr, eros.externet.hu, megapolis.com.ar, miss.mgn.ru, modellemania.net, monitor.hr, nejcpass.com, nude-celebrity.net, mg.danboss.com,

6

7  minovia.com, moono.com, ottoperuna.altervista.org, paparazzi-nude.com, perfectpeople.net, photoglamour.it, pix.alronix.net, platinum-celebs.com, playboy.fason.ru, pornosaur.com, postalesmix.com, promethyl.org, ragazzesexy.tv, rape-

8  videos.us, rate-celebs.com, realcelebs4u.com, robbscelebs.co.uk, russiancelebrities.org, russiancelebrities.net, spacesurfer.com, stofff-fr.com, superbabes.nl, thecelebzone.com,

9  topesexy.net, trillianfakes.com, vamp.dk, wallpapery.net, wscan.org.

10  These documents shall be produced by April 15, 2006.

11  **Document Requests Nos. 31, 32, 33 and 34**

12  With respect to Perfect 10's Document Requests 31, 32, 33 and 34, the

13  parties are ordered to continue to meet and confer in order to identify current and

14  former employees of Google in connection with these requests.

15  **Document Request No. 37**

16  The Court orders Google to produce the following documents in response

17  to Perfect 10's Document Request No. 37: "Any indemnification agreements

18  between GOOGLE and Amazon." These documents shall be produced by April 15,

19  2006. The Court reserves ruling on the remainder of the documents requested by

20  Perfect 10 in Document Request No. 37.

21  **Document Request No. 38**

22  The Court orders Google to produce the following documents in response

23  to Perfect 10's Document Request No. 38: "All contracts between GOOGLE and

24  Amazon for provision of search services." These documents shall be produced by

25  April 15, 2006. The Court reserves ruling on the remainder of the documents

26  requested by Perfect 10 in Document Request No. 37.

27  **Document Request No. 42**

28  The Court defers ruling on Perfect 10's Document Request No. 42.

1    Nevertheless, the Court requests that Google assist Perfect 10 in finding out, on a

2    real time basis, what is currently stored on Google's servers for three of the

3    following websites: czeckmate.hpg.ig.com.br, animald.com, celebs-online.com,

4    freehostempire.com, web1000.com, celebclub.com, celebsxposed.com, eroticountry.com,

5    celebritypictures.com, movieman.com, erotichomepages.com, femcelebs.wo.to, boom.ru,

6    perso.respublica.fr, tomsk.ru, sex.erotism.com, spika-presents.com, ultimate-celebs.com,

7    and xoom.it.

8    **Document Request Nos. 47 and 48**

9        Having been unable to agree as to precisely what the Court ordered

10    regarding Document Request Nos. 47 and 48, the parties set forth below their

11    respective understandings of the Court's order. For the Court's convenience, the full

12    transcript of the February 21-22 discovery hearings is attached to the Proposed

13    Order re Google's Motion to Compel Production of Documents and Responses to

14    Interrogatories as Exhibit A.

15    **Perfect 10's version re Document Request Nos. 47 and 48:**

16        The Court orders Google to produce the following documents:  Any internal

17    reports or documents currently in existence that discuss the amount or percentage of

18    searches on Google Image Search and/or Web Search on any of the following terms:

19    sex, tit, nude, porn, fuck, Lolita, bestiality, beastiality, model, hardcore, anal, intercourse,

20    blowjob, naked, Perfect 10, Playboy, Penthouse, supermodel, orgasm, rape, incest, and

21    Britney Spears, for any period of time from December 31, 2001 to the present. Any such

22    documents shall be produced by April 15, 2006. The Court defers ruling on the

23    remainder of Perfect 10's Document Requests Nos. 47 and 48.

        *ORDER*

24    ~~Google's version~~ re Document Request Nos. 47 and 48:

25        The Court orders Google to produce the following documents:  Internal

26    summary reports currently in existence sufficient to determine the amount or

27    percentage of searches on Google Image Search and Web Search on each of the

28    following terms: sex, tit, nude, porn, fuck, Lolita, bestiality, beastiality, model, hardcore,

1   anal, intercourse, blowjob, naked, Perfect 10, Playboy, Penthouse, supermodel, orgasm,

2   rape, incest, and Britney Spears, for each year (~~or~~ *and/or* for shorter periods of time if ~~annual~~

3   ~~reports do not~~ *they* exist ), from December 31, 2001 to the present. Any such documents shall

4   be produced by April 15, 2006. The Court defers ruling on the remainder of Perfect

5   10's Document Requests Nos. 47 and 48.

6   <u>Perfect 10's explanation of why the Court should adopt Perfect 10's version:</u>

7       These 2 Document Requests were dealt with at the hearing on February 22, 2006

8   (see February 22, 2006 Transcript, from page 15, line 23 to page 23, line 12,copies of

9   which are attached hereto as Exhibit A).   After discussion, at page 21, lines 18-23, the

10  Court invited Mr. Mausner, counsel for Perfect 10, to rephrase the requests. The following

11  rephrasing of the requests was accepted by the Court verbatim, without further argument

12  by either side:

13      Mr. Mausner: "Any internal reports or documents currently in existence that

14  discuss the amount or percentage of searches on any of the following terms."

15      The Court: "Yes. For the dates listed, and I will grant the revised request, and I will

16  not rule on the request as stated at this time. In terms of compliance date, I suppose April

17  15th."

18      Mr. Bridges: "Thank you, Your Honor".

19      (February 22, Transcript, page 23, lines 3-11).

20      Google's proposed version tries to limit the order by rephrasing it to read "internal

21  summary reports" as opposed to what was ordered, "any internal reports or documents."

22  Google may have documents which are not "internal summary reports" which should be

23  produced, as specifically ordered by the Court.

24      Perfect 10 also believes that the Court did not intend the Requests, as rephrased, to

25  limit production by Google to documents or reports only prepared for a yearly period, but

26  intended for Google to produce documents responsive to the rephrased requests, even if

27  the same deal with shorter time periods.   Hence, Perfect 10's version includes the

28  wording "for any period of time" from December 31, 2001 to the present.  Perfect 10 is

1    concerned that if Google's version is adopted, Google would use it as a pretext to not

2    produce responsive documents, claiming that it only has to produce documents showing

3    the frequency of search terms for full year periods. In other words, if documents existed

4    showing that there were 20 million searches for the term "sex" on one day in 2005,

5    Google could claim that it does not have to produce that document because it does not

6    show how many searches there were for all of 2005 (i.e. "for each year"). Perfect 10

7    believes that the Court's order at the hearing was clear that Google is to produce any

8    existing reports or documents showing the frequency of the listed search terms from

9    December 31, 2001 to the present, whether that document covers a day, a week, or a

10   month during that time period, and that the Court's ruling was not limited to only

11   documents which show the frequency of search terms for an entire year. Perfect 10

12   believes that Google is trying to evade producing documents by phrasing the Order in its

13   way, and refusing to agree to the language Perfect 10 has suggested.

14         The discussion at the hearing concerning Document Requests 47 and 48 is found at

15   pages 18-23 of the February 22, 2006 Transcript, Exhibit A.   It is clear that the Court, in

16   stating the documents should be produced "For the dates listed" logically meant any

17   documents covering any period of time from December 31, 2001 to the present, and not

18   only documents covering an entire year period. In fact, counsel for Perfect 10 specifically

19   stated that the documents might reflect search frequency by month, by year, or on a certain

20   day. (February 22, 2006 Transcript, page 18 lines 10-15.)

21         A similar issue concerning time frames came up at the hearing with respect to

22   Interrogatory No. 24. In that discussion (page 29, lines 11-17, February 22 transcript,

23   Exhibit A), the Court stated: "I think what I'm prepared to grant is harmonious with what I

24   did a few minutes ago, which would be to order responses—a response to interrogatory 24

25   to the extent that Google can answer the interrogatory based on currently existing

26   historical reports and *whether they can answer on a yearly basis or a monthly basis*

27   *whatever*." (Emphasis added.)

28         The same is true for Document Requests 47 and 48, as the Court specifically noted

1   when it said that this was harmonious with what it did a few minutes ago. Hence, Google

2   should be required to produce any existing reports or documents that discuss the amount

3   or percentage of searches on Google Image Search and/or Web Search for any of the listed

4   terms, for any period of time (i.e., a day, week, month, or year, etc.) from December 31,

5   2001 to the present.

6   Google's explanation of why the Court should adopt Google's version:

7          Google's proposed order re document requests 47 and 48 differs from P10's

8   version in two important respects. First, Google's proposed order calls for "*[i]nternal*

9   *summary reports* currently in existence *sufficient to determine* the amount or

10  percentage of searches on, while P10's version calls for "*[a]ny internal reports or*

11  *documents* currently in existence that discuss the amount or percentage of searches

12  on" the specified terms. **Google's proposed language simply tracks P10's**

13  **requests**, which sought "documents sufficient to determine the percentage" of

14  searches on the specified terms. Moreover, as Google's counsel explained to P10's

15  counsel, the term "internal summary reports" in Google's version as opposed to "any

16  internal reports or documents" in P10's version, is necessary to make clear that the

17  Court deferred the request as a mega request to the extent that it would require

18  Google to mine data from underlying logs or to produce massive underlying logs,

19  which would arguably be called for by P10's proposed language "any internal

20  reports or documents."

21         The second difference is that P10's proposed order calls for documents "for

22  any period of time from December 31, 2001 to the present," while Google's version

23  accurately reflects the Court's order in calling for documents "for each year (or for shorter

24  periods of time if annual reports do not exist ), from December 31, 2001 to the present."

25  At the hearing, the Court specifically ordered production of internal reports "for the dates

26  listed" in Plaintiff's document requests 47 and 48 (February 22, 2006 Transcript, page 23

27  line 7, attached hereto as Exhibit A), which called for documents "sufficient to determine

28  the percentage of all searches . . . for each year from December 31, 2001 to the present"

(Proposed)Order re Perfect 10's Motion to Compel Defendant         **10**
Google to Produce Documents and To Answer Interrogatories

1   and from "2001 to the present," respectively.  Moreover, while P10 argues that Google's

2   proposed language is unacceptable because "if documents existed showing that there were

3   20 million searches for the term "sex" on one day in 2005, Google could claim that it does

4   not have to produce that document because it does not show how many searches there

5   were for all of 2005," P10's point is not well taken, because Google's proposed language

6   *specifically calls for* documents "for each year (*or for shorter periods of time if annual*

7   *reports do not exist*) (emphasis added)."  Google's proposed language accurately reflects

8   P10's requests and the Court's order, while P10's proposed language does not.

9   **Document Requests Nos. 49 and 50**

10          The Court orders Google to produce a sample contractual agreement for the Book

11  Search Program, with a presumptive deadline of April 15, 2006.  The Court denies,

12  without prejudice, Perfect 10's Motion to Compel the remainder of Document Requests

13  Nos. 49 and 50.

14  **Document Request No. 53**

15          The Court orders Google to produce documents responsive to Perfect 10's

16  Document Request number 53 revised as follows: A representative sample of each type

17  of Adwords and Adsense form contracts or agreements used from 2001 to the present.

18  These documents shall be produced by April 15, 2006.

19  **Document Request No. 54**

20          The Court orders Google to produce documents responsive to Perfect 10's

21  Document Request number 54 as follows: "A representative sample of each type of

22  GOOGLE rules, regulations and guidelines relating to content on any Adwords or

23  Adsense websites, from 2001 to the present."  These documents shall be produced

24  by April 15, 2006.

25  **Document Request No. 62**

26          Google is ordered to produce all internal documents and/or communications that

27  refer to Perfect 10.  Based on that, the Court denies Perfect 10's Motion to Compel

28  with respect to its Document Request No. 62 on the basis that it is redundant.

## ORDERS RE PERFECT 10'S MOTION TO
## COMPEL ANSWERS TO INTERROGATORIES

**Revised Interrogatories Nos. 25, 26, 27, 28, 30, 31, 32, and 33.**

Google has agreed to answer Revised Interrogatories 25, 26, 27, 28, 30, 31, 32, and 33 by April 15, 2006, and the Court so orders.

**Revised Interrogatory No. 24**

Revised Interrogatory No. 24 states: "Please identify the fifty most frequently used search terms in Google's Web Search in order of use, and the fifty most frequently used search terms in Google's Image Search in order of use, for each of the years 2002 and 2005 and for each such term, state the percentage of all Google Web searches and the percentage of all Google Image searches during each of those years that contained that term." The Court orders Google to provide information in response to Revised Interrogatory No. 24 to the extent that Google can answer based on currently existing historical reports, even if the currently existing reports are for different or partial time periods. Google can respond either in a narrative or by way of document production. Google shall provide such information by April 15, 2006. The Court reserves its ruling on the remainder of Perfect 10's Revised Interrogatory No. 24.

**Revised Interrogatory No. 29**

The Court defers its ruling on Interrogatory No. 29.

**Revised Interrogatory No. 34**

The Court orders Google to answer Revised Interrogatory No. 34 which states as follows: "Please IDENTIFY any ENTITIES that Google has terminated as a consequence of notices sent by Perfect 10, the nature of the termination, and the date of such termination." Google shall provide the answer to this interrogatory by April 15, 2006. Google may answer this interrogatory by producing notices of termination.

1   **Revised Interrogatory No. 35**

2      The Court defers its ruling on Interrogatory No. 35.

3   Dated: May 16, 2006        Respectfully submitted,

4                              JEFFREY N. MAUSNER
                             BERMAN, MAUSNER & RESSER

5

6               By:    _Jeffrey N. Mausner (D.T.)_

7                    Jeffrey N. Mausner
                   Attorneys for Plaintiff, PERFECT 10, INC.

8

9   Approved as to form only:      WINSTON & STRAWN LLP

10

11   Dated: May 16, 2006        By: _____

12                              Andrew P. Bridges
                             Jennifer Golinveaux
                             Attorneys for Defendant and

13                              Counterclaimant GOOGLE INC.

14   **IT IS SO ORDERED**

15

16   Dated: 5/22/06             _____

17                      STEPHEN J. HILLMAN
                     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

RUSSELL J. FRACKMAN (State Bar No. 49087)
JEFFREY D. GOLDMAN (State Bar No. 155589)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

DANIEL J. COOPER (State Bar No. 198460)
PERFECT 10, INC.
72 Beverly Park Dr.
Beverly Hills, California 90210
Telephone: (310) 205-9817
Facsimile: (310) 205-9638

JEFFREY N. MAUSNER (State Bar No. 122385)
BERMAN, MAUSNER & RESSER
11601 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1742
Telephone: (310) 473-3333
Facsimile: (310) 473-8303

Attorneys for Plaintiff
Perfect 10, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | MASTER FILE No. CV04-9484 AHM (SHx)<br><br>**PLAINTIFF'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE, INC.** |
| AND CONSOLIDATED CASE | |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF PERFECT 10, INC. |
| RESPONDING PARTY: | GOOGLE, INC. |
| SET NUMBER: | FIVE |

1

TO DEFENDANT GOOGLE, Inc. AND ITS COUNSEL OF RECORD HEREIN: Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Perfect 10, Inc. propounds the following Fifth Set of Requests for the Production of DOCUMENTS to Defendant GOOGLE, Inc. DOCUMENTS shall be produced to Jeffrey N. Mausner, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025, 30 days after the service of these requests.

## DEFINITIONS AND INSTRUCTIONS

1. The terms "DOCUMENT" or "DOCUMENTS" shall herein have the same meaning as "writings and recordings" and "photographs," as defined in Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, writings and recordings of data of every kind, including photographs, images, print-outs, websites, CDs, DVDs, hard drives, letters, e-mails, telegrams, memoranda, web pages, reports, studies, calendar and diary entries, outlines, notes, analyses, statistical or informational accumulations, audits, and associated work papers, any kind of records of meetings and conversations, sound or mechanical reproductions, programming notes, comments, computer data bases, computer print-outs, source code, object code, websites, flow-charts, all stored compilations of information of any kind which may be retrievable, including, without limitation, computer discs, hard drives, and RAM, and copies and duplicates of DOCUMENTS which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in YOUR possession, custody or control. *If A DOCUMENT is available in electronic form, it should be produced in that electronic form, even if it is also available in hard copy.*

2. The term "RELATE TO" or "RELATING TO" shall mean refer to, describe, reflect, evidence, mention, constitute, or contradict.

3. The terms "GOOGLE", "YOU" and "YOUR" shall refer to Defendant GOOGLE, Inc. and any company or ENTITY owned or controlled in whole or in part by GOOGLE and anyone acting on GOOGLE's behalf.

2

4.     The term "ENTITY" shall include any form of business entity including but not limited to a corporation, partnership, joint venture, limited partnership and sole proprietorship, as well as an individual human being.

5.     The term "CELEBRITY" means any of the following persons: Britney Spears, Christina Aguilera, Jennifer Lopez, Jennifer Love Hewitt, Sarah Michelle Gellar, Melissa Joan Hart, Drew Barrymore, Alicia Silverstone, Andie MacDowell, Anna Kournikova, Yasmine Bleeth, Jane Krakowski, Elisabeth Shue, Geena Davis, Gillian Anderson, Gwyneth Paltrow, Meg Ryan, Michelle Pfeiffer, Barbara Eden, Barbra Streisand, Calista Flockhart, Halle Berry, Hunter Tylo, Jessica Simpson, Niki Taylor, Rachel Stevens, Salma Hayek, Sandra Bullock, Christina Applegate, Claudia Schiffer, Daisy Fuentes, Danielle Fishel, Julia Roberts, Shania Twain, Sharon Stone, Keri Russell, Cameron Diaz, Jessica Alba, Lucy Liu, Jennifer Aniston, Madonna, Faith Hill, Tara Reid, Courtney Cox, Janet Jackson, Leslie Carter, Mandy Moore, Mariah Carey, Jessica Biel, Beverly Mitchel, Pamela Anderson, Angelina Jolie, Carmen Electra, Katie Homes,  Kirsten Dunst, Alyssa Milano, Alyson Hannigan, Gates McFadden, Natalie Portman, Madchen Amick, Ashley Judd, Amy Weber, Bridget Fonda, Christie Turlington, Jennifer Connelly, Rebecca Gayheart, Jenny McCarthy, Christina Ricca, Brooke Burke, Claire Danes, Daniela Pestova, Denise Richards, and Katie Holmes.

6.     The term "IDENTIFY" when used in connection with an ENTITY shall mean to provide the name, mailing address, e-mail address, and business telephone number of the ENTITY IDENTIFIED, and of each ENTITY believed by YOU to own or control any such ENTITY.

7.     The term "IDENTIFY" when used in connection with an image, shall mean to provide an electronic copy of that image, the URL that Google assigned to that image, and the model name if available.

8.     The term "IDENTIFY" when used in connection with a website shall mean to provide the URL of the website, and the name, address, and telephone

number of the webmaster for the website, if known.

**INSTRUCTIONS**

9.     All DOCUMENTS which exist in electronic format shall be produced in electronic format.

10.     All e-mails shall be produced in their native electronic format, as they existed at the time they were created.  If the e-mail is not available in its native format, please produce it in other formats in which it is available.

11.     All DOCUMENTS shall be produced specifying the document request that they relate to.

12.     If you contend that any information, document, or thing otherwise called for by any request is excluded from production or discovery under a claim of privilege, you must state for each document:

    a.   the type and title of the document or thing;

    b.   the general subject matter of the content of the document or description of the thing;

    c.   the date of its creation and/or revision;

    d.   the identity of the document's author(s), addressee(s), and recipient(s);

    e.   the nature of the privilege being claimed; and

    f.    all facts upon which you base your claim of privilege.

13.     In producing these documents and things, you are requested to identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

14.     You are to produce the original and all copies of each requested document and thing (in electronic format if it exists), as well as the file in which

4

1     194.   All documents RELATING TO John Levine, Heraldo Botelho,

2 Radhika Malpani, Jessie Jiang, Lawrence You, Diane Tang, and Alexander

3 Macgillivray.

4     195.   All documents constituting, comprising, evidencing, RELATING TO,

5 or referring to communications to, from, or with John Levine, Heraldo Botelho,

6 Radhika Malpani, Jessie Jiang, Lawrence You, Diane Tang, and Alexander

7 Macgillivray, or persons or entities acting on their behalf.

8     196.   Google's DMCA log of DMCA notices received from 3rd parties.

9

10 Dated: January 17, 2007

11                                 JEFFREY N. MAUSNER,
BERMAN, MAUSNER & RESSER

12                                 DANIEL J. COOPER,
PERFECT 10, INC.

13

14               By:                   

15                       Jeffrey N. Mausner Attorneys for Plaintiff,
PERFECT 10, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit F

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
Jennifer A. Golinveaux (SBN: 203056)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
E-mail:   abridges@winston.com
          jgolinveaux@winston.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

                Plaintiff,

        vs.

GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,

                Defendant.

Case No. CV04-9484 AHM (SHx)

**DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

AND COUNTERCLAIM

PERFECT 10, INC., a California corporation,

                Plaintiff,

        vs.

AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 10, inclusive;

                Defendants.

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF PERFECT 10, INC. |
| RESPONDING PARTY: | DEFENDANT GOOGLE INC. |
| SET NUMBER: | FIVE |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") hereby responds to the Fifth Set of Requests for the Production of Documents from Plaintiff Perfect 10, Inc. ("Perfect 10") ("Perfect 10's Fifth Document Requests"), as follows:

## General Objections

Google expressly incorporates the following General Objections as if set forth fully in response to each and every request for documents contained in Perfect 10's Fifth Document Requests.

1.    Google objects to each request as unduly burdensome and oppressive to the extent that it purports to require Google to inquire of Google's employees other than those employees that would reasonably be expected to have responsive information and to the extent it calls for documents that cannot readily be identified by Google on the basis of information in its possession, custody, or control. Google's responses are based upon (1) a reasonable search, given the time allotted to respond to the requests for documents, of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Google's employees and/or representatives who could reasonably be expected to possess responsive information.

2.    Google objects to each request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product privilege and/or any other applicable privilege. Such information will not be disclosed. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

3.    Google objects to each request to the extent that it purports to require Google to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Google will not provide such information without either the consent of the relevant third party or a court order compelling production.

4.    Google generally objects to each and every request to the extent that it seeks information protected by a constitutional right of privacy or applicable privacy law.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 matter of this action and is not reasonably calculated to lead to the discovery of
2 admissible evidence. Google objects to this request to the extent it seeks documents
3 protected by the attorney client privilege or work product doctrine. Google further
4 objects to this request as vague and ambiguous. Google objects to this request as
5 overly broad, unduly burdensome, and oppressive.

**REQUEST NO. 196:**

7     Google's DMCA log of DMCA notices received from 3rd parties.

**RESPONSE TO REQUEST NO. 196:**

9     Google objects to this request as seeking information outside the scope of
10 permissible discovery in that it seeks information that is not relevant to the subject
11 matter of this action and is not reasonably calculated to lead to the discovery of
12 admissible evidence. Google objects to this request as overly broad, unduly
13 burdensome, and oppressive. Google further objects to the request as duplicative of
14 Plaintiff's Request No. 51, which called for "GOOGLE's DMCA Log for the years
15 2001 through 2005, or any other DOCUMENTS sufficient to IDENTIFY all
16 ENTITIES other than Perfect 10 from whom GOOGLE has received a notice
17 regarding an intellectual property violation, the URLs complained about in each notice
18 from each such ENTITY, and the dates of the complaints for each such URL. These
19 DOCUMENTS should be provided in electronic format if available." Google already
20 produced documents responsive to Request No. 51, constituting all notices received
21 by Google regarding intellectual property violations.

22 Dated: February 23, 2007         WINSTON & STRAWN LLP

24                 By

25                     Andrew P. Bridges
                    Jennifer A. Golinveaux
26                     Attorneys for Defendants and
                    Counterclaimant Google Inc.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:152298.2

# Exhibit G

1
2
3
4
5

UNITED STATES DISTRICT COURT

6

CENTRAL DISTRICT OF CALIFORNIA

7
8

| PERFECT 10, INC., a California corporation, | MASTER FILE NO. CV04-9484 AHM (SHx) |

PERFECT 10, INC., a California corporation,

        Plaintiff,

    v.

GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,

        Defendants.

AND CONSOLIDATED CASE

MASTER FILE NO. CV04-9484 AHM (SHx)

**ORDER RE PERFECT 10'S MOTION TO COMPEL DEFENDANT GOOGLE INC. TO PRODUCE DOCUMENTS**

Date: November 27, 2007
Time:  9:30 A.M.
Place: Courtroom of Judge Hillman

1

*ORDER*

2      Plaintiff Perfect 10 Inc.'s Motion to Compel Defendant Google Inc., to

3  produce Documents (Sets 5-7), came on for hearing at the above noted time and

4  place, the Honorable Stephen J. Hillman presiding.  Jeffrey N. Mausner appeared on

5  behalf of Plaintiff Perfect 10, Inc. ("Perfect 10").  Andrew P. Bridges and Jennifer

6  A. Golinveaux appeared on behalf of Defendant Google Inc. ("Google").

7      Upon consideration of all papers and records on file and the parties' oral

8  argument, the Court orders as follows:

9

10          **ORDERS RE PERFECT 10'S MOTION TO
             COMPEL PRODUCTION OF DOCUMENTS**

11

12      On or before May 1, 2008, Google is ordered to produce the following:

**REQUEST NO. 132**

13

14      DOCUMENTS sufficient to IDENTIFY all Google employees who reviewed

15  or processed Perfect 10's notices of infringement and which notices each employee

16  processed.

**REQUEST NO. 133**

17

18      For any employees noted in response to Request No. 132, DOCUMENTS

19  sufficient to determine the dates that employee was employed by GOOGLE.

20

**REQUEST NO. 169**

21

22      DOCUMENTS sufficient to determine the names and current contact

23  information of all GOOGLE employees who have communicated with Perfect 10 in

24  response to Perfect 10's notices of infringement, and which notices those employees

25  processed.

26

27

28

**REQUEST NO. 135, as modified**

For each of the nine Perfect 10 model names listed in Exhibit B attached to the Fifth Document Request, <u>existing</u> logs, data, documents and information from the Google Trends Data Base or elsewhere, sufficient to determine the approximate number of GOOGLE Web Searches which included the name of that model, for each of the years 2001 through 2006 or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 136, as modified**

For each of the terms Perfect 10, Perfect Ten, Perfect10, and perfect10.com, <u>existing</u> logs, data, documents and information from the Google Trends Data Base or elsewhere sufficient to determine the approximate number of GOOGLE Image Searches done which included that term, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 137, as modified**

For each of the nine Perfect 10 model names listed in Exhibit B attached to the Fifth Document Request, <u>existing</u> logs, data, documents and information from the Google Trends Data Base or elsewhere sufficient to determine the approximate number of GOOGLE Image Searches which included that model name, for each of the years 2001 through 2006, or for any portions of those years if yearly summaries do not exist.

**REQUEST NO. 146, as modified**

DOCUMENTS currently in existence or information readily accessible to reasonably estimate the number of clicks there have been on Perfect 10 thumbnail images (which images Perfect 10 has identified to Google by URL), in each of the years 2007, 2006, 2005, 2004, 2003, and 2002 (or, if not available for a full year,

2

any period over which such records are available).  Information readily accessible includes those DOCUMENTS which Google can create without undue expense or burden.  Alternatively, if Google does not have such information, information sufficient to reasonably estimate, for each model whose name appears in Exhibit B, the number of clicks on thumbnails that have appeared in Google Image Search results on that model name, for each of the years 2007, 2006, 2005, 2004, 2003, and 2002 (or, if not available for a full year, any period over which such records are available).

**REQUEST NO. 154, as modified**

DOCUMENTS sufficient to describe the process or procedure which GOOGLE has undertaken in each of the years 2006, 2005, 2004, 2003, and 2002, to review any content on any website that participated in the AdWords or AdSense programs for copyright infringement.  Such documents are ordered produced only to the extent that Google has not already produced them pursuant to the Court's prior ruling on Request No. 54.

**REQUEST NO. 155, as modified**

DOCUMENTS sufficient to describe any efforts GOOGLE has made to ensure that AdWords and AdSense affiliated Websites do not contain infringing materials belonging to Perfect 10.  Such documents are ordered produced only to the extent that Google has not already produced them pursuant to the Court's prior ruling on Request No. 54.

**REQUEST NO. 128, as modified**

All reports, studies, internal memorandums, or other DOCUMENTS ordered, requested, or circulated by Bob Brougher, relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks

on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 129, as modified**

All reports, studies, internal memorandums, or other DOCUMENTS ordered, requested, or circulated by Susan Wojcicki, relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 130, as modified**

All reports, studies, internal memorandums, or other DOCUMENTS ordered, requested, or circulated by Walt Drummond, relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 131, as modified**

All reports, studies, internal memorandums, or other DOCUMENTS referring or RELATING TO Google user behavior, ordered, requested, or circulated by Eric Schmidt relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 194, as modified**

All documents circulated to John Levine, Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane Tang, and Alexander Macgillivray, relating to

the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 195, as modified**

All documents constituting, comprising, evidencing, RELATING TO, or referring to communications to, from, or with John Levine,  Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane Tang, and Alexander Macgillivray, or persons or entities acting on their behalf, relating to the following topics: search query frequencies, search query frequencies for adult related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off.

**REQUEST NO. 151, as modified**

If Google is currently asserting that the statements it made in a June 27, 2001 email to Jeff Mausner, that "Without administrator cooperation, we cannot exclude material available on the Internet from our index," and "there is nothing that GOOGLE can do to remove the offending content without the cooperation of the site administrator," are true, documents sufficient to support Google's statements.

**REQUEST NO. 152, as modified**

DOCUMENTS sufficient to contradict or tend to disprove your statements in a June 27, 2001 email to Jeff Mausner, wherein YOU stated that "Without administrator cooperation, we cannot exclude material available on the Internet from our index," and "there is nothing that GOOGLE can do to remove the offending content without the cooperation of the site administrator."

1

2 **REQUEST NO. 174, as modified**

3     DOCUMENTS sufficient to describe Google's attempts to develop or use any

4 image recognition software.

5

6 **REQUEST NO. 182, as modified**

7     All DOCUMENTS RELATING TO GOOGLE monitoring or tracking

8 searches or other activities of Dr. Zada, any employee of Perfect 10, any attorney for

9 Perfect 10, or any employee of an attorney for Perfect 10, limited to documents that

10 exceed Google's published privacy policy; and

11     All DOCUMENTS RELATING TO GOOGLE monitoring or tracking

12 searches or other activities of Dr. Zada, any employee of Perfect 10, any attorney for

13 Perfect 10, or any employee of an attorney for Perfect 10, within Google's privacy

14 policy but nevertheless utilized in this litigation.

15

16 **REQUEST NO. 183, as modified**

17     All DOCUMENTS RELATING TO any investigation conducted of Dr. Zada,

18 any employees of Perfect 10, any attorney for Perfect 10, or any employee of an

19 attorney of Perfect 10, limited to documents that exceed Google's published privacy

20 policy; and

21     All DOCUMENTS RELATING TO any investigation conducted of Dr. Zada,

22 any employees of Perfect 10, any attorney for Perfect 10, or any employee of an

23 attorney of Perfect 10, within Google's privacy policy but nevertheless utilized in

24 this litigation.

25

26 **REQUEST NO. 193, as modified**

27     A listing of all lawsuits filed against GOOGLE relating to or involving click

28 fraud.

6

1  **REQUEST NO. 196, as modified**

2      Google's DMCA Log.

3

4  **REQUEST NO. 197**

5      Perfect 10's Motion to Compel production of documents in response to

6  **Request 197** ("Copies of the deposition transcripts of all employees, officers and

7  directors of Google taken in connection with the lawsuit Columbia Pictures

8  Industries, et.al. v. Drury et.al., pending in the U.S. District Court for the Southern

9  District of New York.") is hereby DENIED.

10

11                    **FURTHER ORDERS**

12  **Further Order No. 1**

13      Perfect 10's motion to compel production of documents in response to

14  **Request 153** ("DOCUMENTS sufficient to explain how Google can make a

15  thumbnail from a larger image without making a copy of the larger image.") was

16  heard.  The Court finds that Google has sufficiently responded to this request, and

17  declines to order any further response.

18

19  **Further Order No. 2**

20      Google shall serve a Privilege Log for the above ordered requests on or before

21  May 1, 2008.

22

23  **Further Order No. 3**

24      The above-referenced Orders are made subject to the following:

25      (1) The provisions of Fed. R. Civ. P. 26(b)(2) regarding data not reasonably

26  accessible because of undue burden or expense.  To the extent Google asserts with

27  specificity that responsive documents exist that are not readily accessible, such

28

1    documents are not ordered produced, but the parties are ordered to comply with <u>Fed.</u>

2    <u>R. Civ. P.</u> 26(b)(2).

3

4    **Further Order No. 4**

5         The Court takes under submission the other documents that Perfect 10 has

6    moved to compel Google to produce, pending further briefing.

7    **IT IS SO ORDERED.**

8    DATED:  February 22, 2008

9

10

11                              STEPHEN J. HILLMAN

12

13                    _____

14                    STEPHEN J. HILLMAN
                      United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit H

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100
     Charles K. Verhoeven (Bar No. 170151)
5      charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
     Rachel M. Herrick (Bar No. 191060)
7    rachelherrick@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California 94065-213

9  Attorneys for Defendant GOOGLE INC.

10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,                           [Consolidated with Case No. CV 05-
14                                          4753 AHM (SHx)]
             Plaintiff,
15                                          GOOGLE INC.'S OBJECTIONS TO
        vs.                                 THE MAGISTRATE JUDGE'S
16                                          ORDER OF FEBRUARY 22, 2008,
    GOOGLE INC., a corporation; and         GRANTING IN PART PLAINTIFF
17  DOES 1 through 100, inclusive,          PERFECT 10, INC.'S MOTION TO
                                            COMPEL; AND MEMORANDUM OF
18           Defendants.                    POINTS AND AUTHORITIES IN
                                            SUPPORT
19
    AND COUNTERCLAIM                        [DECLARATION OF RACHEL M.
20                                          HERRICK AND [PROPOSED]
    PERFECT 10, INC., a California          ORDER FILED CONCURRENTLY
21  corporation,                            HEREWITH]

22           Plaintiff,                     Hon. A. Howard Matz

23      vs.                                 Courtroom:        14
                                            Hearing Date:     April 14, 2008
24  AMAZON.COM, INC., a corporation;        Hearing Time:     10:00 am
    A9.COM, INC., a corporation; and        Discovery Cutoff: None Set
25  DOES 1 through 100, inclusive,          Pretrial Conference Date: None Set
                                            Trial Date: None Set
26           Defendants.

27

28

1  documents. This is clear error, since at most, the only types of image recognition
2  software that could be even marginally relevant to this case would be those designed
3  to recognize identical copies of still images of human beings.

4  **IV.  THIS COURT SHOULD REVERSE THE ORDER ON PERFECT 10'S**
5  **REQUEST FOR GOOGLE'S DMCA LOG IN ITS ENTIRETY**
6  **(REQUEST NO. 196).**

7  The Order requiring Google to produce its entire DMCA Log is clearly
8  erroneous and contrary to law because it requires production of *all* DMCA
9  information regarding *all* notices ever sent to Google by *anyone*—not just alleged
10  notices sent by Perfect 10. Indeed, the scope of this request sweeps even more
11  broadly than the already overbroad "adult content" requests since here Google would
12  be required to turn over discovery regarding any kind of alleged copyrighted
13  materials—from music files to software to artwork. Furthermore, the DMCA
14  provides that, to be eligible for its safe harbors, a service provider must "adopt[] and
15  reasonably implement[]" a repeat infringer policy. 17 U.S.C. § 512(i)(1)(A). In
16  *Perfect 10 v. CCBill, Inc.*, 488 F.3d 1102 (9th Cir. 2007), the court held that the
17  defendant service providers' "actions towards copyright holders who are not a party to
18  the litigation are relevant in determining whether [defendants] reasonably
19  implemented their repeat infringer policy." *Id.* at 1113. Google does not dispute that,
20  under *CCBill*, third-party notices could be legally relevant under certain
21  circumstances. However, *CCBill* does not hold, as Perfect 10 suggested, and as the
22  Magistrate Judge appeared to believe, that a copyright plaintiff is entitled to *all*
23  notices of alleged infringement sent to the defendant by *all* parties regarding *all*
24  copyrighted materials—or even that a plaintiff is entitled to *most or many* of them.
25  Rather, *CCBill* simply reversed the district court's conclusion that third party notices
26  were completely irrelevant and remanded for evaluation of reasonableness of
27  implementation. *Id.* at 1113.

28

1       To rule that all DMCA notices must be produced in this case would set a
2   dangerous precedent, by suggesting that all parties seeking protection under the
3   DMCA's safe harbor provisions must turn over to the plaintiff their entire DMCA log,
4   in every litigation, no matter what the circumstances.  Absent some special showing
5   as to why a party's entire DMCA log is relevant in a particular case (which Perfect 10
6   did not do here), this requirement would impose too great a burden upon parties like
7   Google, who receive many thousands of DMCA notices from many thousands of
8   alleged copyright owners.  This cannot be the law, and with the passage of time such
9   a rule would become difficult if not impossible to implement, as large companies like
10  Google continue to receive and respond to more DMCA notices every single day,
11  every single month, year after year.

12      And even were the Court to find that Google should produce some discovery
13  beyond Perfect 10's alleged DMCA notices, production of the full DMCA log is
14  unwarranted.  Since the applicable standard is "reasonable implement[ation]" of a
15  repeat infringer policy, *see CCBill*, 488 F.3d at 1109 (citing 17 U.S.C.
16  § 512(i)(1)(A)), a representative sample of documents regarding Google's DMCA log
17  would be more than sufficient to fairly evaluate Google's reasonable implementation.
18  The Order of Google's entire DMCA Log was clearly erroneous and should be
19  reversed.

20      In the alternative, should the Court decline to reverse the Order in this regard,
21  Google respectfully requests a stay of this portion of the Order.  Google is preparing
22  and will soon file a dispositive motion regarding the inadequacy of Perfect 10's
23  alleged "notices" to Google under the DMCA, 17 U.S.C. § 512(c)(3).  If Google's
24  motion is successful, this portion of the Order will be rendered moot, because this
25  discovery would be irrelevant.  *See, e.g., Hendrickson v. eBay, Inc.*, 165 F .Supp. 2d
26  1082, 1092 (C.D. Cal. 2001) (when plaintiff did not give notices that complied with
27  § 512(c)(3), defendant eBay "did not have a duty to act under the third prong of the
28  safe harbor test," § 512(c)(1)(C), to remove or disable access to the material.).  *See*

1   *also CCBill, Inc.*, 488 F.3d at 1112-13 (finding that Perfect 10's notices to defendants

2   in that case did not substantially comply with 17 U.S.C. § 512(c)(3), and that

3   therefore "knowledge of infringement may not be imputed to [those defendants]

4   based on Perfect 10's communications"); *Rossi v. Motion Picture Ass'n of America*

5   *Inc.*, 391 F.3d 1000, 1003 (9th Cir. 2004) ("When a copyright owner suspects his

6   copyright is being infringed, he must follow the notice and takedown provisions set

7   forth in § 512(c)(3) of the DMCA ...."). Google should not be compelled to produce

8   this volume of documents regarding issues that may shortly become moot.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CONCLUSION</u>

2     For the foregoing reasons, Google respectfully requests that the Court sustain

3  its objections to the Magistrate Judge's Order of February 22, 2008 granting in part

4  Perfect 10 Inc.'s Motion to Compel and reverse the portions of that Order compelling

5  Google to produce documents in response to Perfect 10's Requests for Production

6  Nos. 128-31, 174, and 194-96.

7  DATED:  March 14, 2008          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
8

9
                                   By  /s/ Michael T. Zeller
10                                      Michael T. Zeller
                                        Rachel M. Herrick
11                                      Attorneys for Defendant GOOGLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit I

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10   PERFECT 10, INC., a California        CASE NO. CV 04-9484 AHM (SHx)
     corporation,                          [Consolidated with Case No. CV 05-
11                                          4753 AHM (SHx)]
                  Plaintiff,
12                                          [PROPOSED] ORDER ON GOOGLE
          vs.                               INC.'S OBJECTIONS TO, AND
13                                          PERFECT 10, INC.'S MOTION FOR
     GOOGLE INC., a corporation; and        REVIEW OF, PORTIONS OF THE
14   DOES 1 through 100, inclusive,         MAGISTRATE JUDGE'S ORDER OF
                                            FEBRUARY 22, 2008 GRANTING IN
15                Defendants.               PART AND DENYING IN PART
                                            PERFECT 10'S MOTION TO
16                                          COMPEL
     AND COUNTERCLAIM
17                                          Hon. A. Howard Matz

18   PERFECT 10, INC., a California         Courtroom:        14
     corporation,                           Hearing Date:     April 14, 2008
19                                          Hearing Time:     10:00 am
                  Plaintiff,
20                                          Discovery Cutoff: None Set
          vs.                               Pretrial Conference Date: None Set
21                                          Trial Date: None Set
     AMAZON.COM, INC., a corporation;
22   A9.COM, INC., a corporation; and
     DOES 1 through 100, inclusive,
23
                  Defendants.
24

25

26

27

28
                                           Case No. CV 04-9484 AHM (SHx) [Consolidated
                                              with Case No. CV 05-4753 AHM (SHx)]
     [PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
                                   MAGISTRATE JUDGE'S ORDER

1                                      **[PROPOSED] ORDER**

2           Google Inc.'s Objections To, and Perfect 10, Inc.'s Motion for Review

3  of, the Magistrate Judge's Order of February 22, 2008, Granting in Part and Denying

4  In Part Perfect 10, Inc.'s Motion to Compel, came on for hearing on April 14, 2008,

5  the Honorable A. Howard Matz presiding.  Jeffrey N. Mausner appeared on behalf

6  of Plaintiff Perfect 10, Inc. ("Perfect 10").  Michael T. Zeller and Rachel M. Herrick

7  appeared on behalf of Defendant and Counterclaimant Google Inc. ("Google").

8           Upon consideration of all papers and records on file and the parties'

9  oral argument, the Court orders as follows:

10

11                     **ORDERS ON PERFECT 10'S OBJECTIONS**

12  **PERFECT 10'S OBJECTIONS REGARDING REQUEST NOS. 135, 136, AND**

13  **137**

14           Perfect 10's objections to the Magistrate Judge's Order regarding

15  Request Nos. 135, 136, and 137 are overruled, and the Magistrate Judge's Order

16  regarding those Requests is affirmed.

17  **PERFECT 10'S OBJECTIONS REGARDING (PROPOSED) FURTHER**

18  **ORDER NO. 2**

19           Perfect 10 objected to the Magistrate Judge's decision to not enter

20  (Proposed) Further Order No. 2.  Pursuant to the discussion at the hearing, the

21  (Proposed) Further Order is imposed mutually on both parties as to all past, present

22  and future requests for production.  Accordingly, on or before June 16, 2008,

23  Google shall provide Perfect 10 with a written response stating whether Google has

24  produced documents in response to each of Perfect 10's requests for documents,

25  listed by set number and request number.  If no documents responsive to a request

26  are located after a good-faith reasonable search and, therefore, none ultimately

27  produced, Google shall so state with respect to each such request.  On or before this

28

1  same date, Perfect 10 shall provide Google with a written response stating whether

2  Perfect 10 has produced documents in response to each of Google's requests for

3  documents, listed by set number and request number.  If no documents responsive to

4  a request are located after a good-faith reasonable search and, therefore, none

5  ultimately produced, Perfect 10 shall so state with respect to each such request.  The

6  obligations of Google and Perfect 10 herein to state whether they have produced

7  documents in response to each other party's requests for documents, listed by set

8  number and request number, shall apply to all future requests for documents as well,

9  and shall be subject to the parties' duties to seasonably supplement their discovery

10  responses pursuant to Fed. R. Civ. P. 26(e).

11  **PERFECT 10'S OBJECTIONS REGARDING REQUEST NO. 197**

12       Perfect 10's objections to the Magistrate Judge's denial of this Request

13  are sustained.  Google shall produce transcripts in its possession, custody or control

14  of depositions of any Google employees, officers and directors taken in connection

15  with the lawsuit *Columbia Pictures Industries, et. al. v. Drury, et. al.*, filed in the

16  United States District Court for the Southern District of New York.

17

18           **ORDERS ON GOOGLE'S OBJECTIONS**

19  **GOOGLE'S OBJECTIONS REGARDING REQUEST NOS. 128-131 and 194-**

20  **195**

21       Google's objections to Request Nos. 128-131 and 194-195 are

22  overruled, but the Requests are limited to reports, studies, or internal memoranda.

23  On or before June 16, 2008, Google shall produce the following:

24       All reports, studies, or internal memoranda ordered, requested, or

25  circulated by Bill Brougher, Susan Wojcicki, Walt Drummond, and Eric Schmidt

26  relating to the following topics:  search query frequencies, search query frequencies

27  for adult-related terms, number of clicks on adult images and images in general,

28

-3-    Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

1  traffic to infringing websites, the draw of adult content, and percentage of searches

2  conducted with the safe search filter off.  (Request Nos. 128-131).

3            All reports, studies, or internal memoranda circulated by or to John

4  Levine, Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane

5  Tang, and Alexander MacGillivray relating to the following topics:  search query

6  frequencies, search query frequencies for adult-related terms, number of clicks on

7  adult images and images in general, traffic to infringing websites, the draw of adult

8  content, and percentage of searches conducted with the safe search filter off.

9  (Request Nos. 194-95).

10 **GOOGLE'S OBJECTIONS REGARDING REQUEST NO. 174**

11            Google's objections are sustained in part and overruled in part.  On or

12 before May 15, 2008, Google shall produce documents sufficient to describe

13 Google's attempts to develop or use any image recognition software capable of

14 matching a known still photographic image with another image in Google's search

15 engine index or search engine database.  Google is not ordered to produce

16 documents regarding any other types of image recognition technology.

17 **GOOGLE'S OBJECTIONS REGARDING REQUEST NO. 196**

18            Google's objections are overruled, subject to the following clarification

19 regarding the scope of Request No. 196.  Perfect 10 sought, and the Magistrate

20 Judge ordered, production of "Google's DMCA log."  As Perfect 10 clarified at the

21 hearing, "DMCA log" as used in Request No. 196 refers to a spreadsheet-type

22 document summarizing DMCA notices received, the identity of the notifying party

23 and the accused infringer, and the actions (if any) taken in response.  Google's

24 obligation to produce documents in response to Request No. 196 shall be subject to

25 the foregoing definition.

26

27

28

-4-

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

1    **IT IS SO ORDERED.**

2

3    DATED:  May ___, 2008

4

5                                              By_____

6                                                 A. Howard Matz
                                                 United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 04-9484 AHM (SHx) [Consolidated
                                                    with Case No. CV 05-4753 AHM (SHx)]
[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Michael T. Zeller (Bar No. 196417)
2    michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
4  Facsimile:   (213) 443-3100
     Charles K. Verhoeven (Bar No. 170151)
5    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California  94111
     Rachel M. Herrick (Bar No. 191060)
7    rachelherrick@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California  94065-213

9  Attorneys for Defendant Google Inc.

10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,                            [Consolidated with Case No. CV 05-
14                                          4753 AHM (SHx)]
              Plaintiff,
15                                          NOTICE OF LODGING OF
         vs.                                [PROPOSED] ORDER ON GOOGLE
16                                          INC.'S OBJECTIONS TO, AND
    GOOGLE INC., a corporation; and         PERFECT 10, INC.'S MOTION FOR
17  DOES 1 through 100, inclusive,          REVIEW OF, PORTIONS OF THE
                                            MAGISTRATE JUDGE'S ORDER OF
18            Defendants.                    FEBRUARY 22, 2008 GRANTING IN
                                            PART AND DENYING IN PART
19                                          PERFECT 10'S MOTION TO
    AND COUNTERCLAIM                         COMPEL
20
    PERFECT 10, INC., a California          Date:    April 14, 2008
21  corporation,                            Time:   10:00 am
                                            Crtrm.: 14
22            Plaintiff,

23       vs.                                Discovery Cutoff:  None Set
                                            Pretrial Conference Date:  None Set
24  AMAZON.COM, INC., a corporation;        Trial Date:   None Set
    A9.COM, INC., a corporation; and
25  DOES 1 through 100, inclusive,

26            Defendants.

27

28                                    Case No. CV 04-9484 AHM (SHx) [Consolidated
                                          with Case No. CV 05-4753 AHM (SHx)]
      NOTICE OF LODGING OF [PROPOSED] ORDER ON GOOGLE INC.'S OBJECTIONS TO, AND PERFECT 10,
      INC.'S MOTION FOR REVIEW OF, PORTIONS OF THE MAGISTRATE JUDGE'S ORDER OF FEBRUARY 22,
                                          2008

1         TO THE CLERK OF THE COURT AND ALL PARTIES AND

2  THEIR ATTORNEYS OF RECORD:

3

4         Defendant and Counterclaimant Google Inc. hereby lodges the

5  following document, attached herewith:

6      [PROPOSED] ORDER ON GOOGLE INC.'S OBJECTIONS TO, AND

7      PERFECT 10, INC.'S MOTION FOR REVIEW OF, PORTIONS OF THE

8      MAGISTRATE JUDGE'S ORDER OF FEBRUARY 22, 2008 GRANTING

9      IN PART AND DENYING IN PART PERFECT 10'S MOTION TO

10     COMPEL.

11

12  DATED:  May 7, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

13

14                By /s/ Michael T. Zeller

15                  Michael T. Zeller
                    Attorneys for Defendant Google Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit J

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10   PERFECT 10, INC., a California       Case No. CV04-9484 AHM (SHx) √
     corporation,                         [Consolidated with Case No. CV 05-
11                                         4753 AHM (SHx)]
                   Plaintiff,
12                                         ORDER ON GOOGLE INC.'S
            vs.                            OBJECTIONS TO, AND PERFECT
13                                         10, INC.'S MOTION FOR REVIEW
     GOOGLE INC., a corporation; and       OF, PORTIONS OF THE
14   DOES 1 through 100, inclusive,        MAGISTRATE JUDGE'S ORDER OF
                                           FEBRUARY 22, 2008 GRANTING IN
15                 Defendants.             PART AND DENYING IN PART
                                           PERFECT 10'S MOTION TO
16   ────────────────────────────         COMPEL

17   AND COUNTERCLAIM                      Hon. A. Howard Matz

18   ────────────────────────────
     PERFECT 10, INC., a California        Courtroom:        14
     corporation,                          Hearing Date:     April 14, 2008
19                                         Hearing Time:     10:00 am
                   Plaintiff,
20                                         Discovery Cutoff:  None Set
            vs.                            Pretrial Conference Date:  None Set
21                                         Trial Date:   None Set
     AMAZON.COM, INC., a corporation;
22   A9.COM, INC., a corporation; and
     DOES 1 through 100, inclusive,
23
                   Defendants.
24   ────────────────────────────

25

26

27

28

# ORDER

Google Inc.'s Objections To, and Perfect 10, Inc.'s Motion for Review of, the Magistrate Judge's Order of February 22, 2008, Granting in Part and Denying In Part Perfect 10, Inc.'s Motion to Compel, came on for hearing on April 14, 2008, the Honorable A. Howard Matz presiding.  Jeffrey N. Mausner appeared on behalf of Plaintiff Perfect 10, Inc. ("Perfect 10").  Michael T. Zeller and Rachel M. Herrick appeared on behalf of Defendant and Counterclaimant Google Inc. ("Google").

Upon consideration of all papers and records on file and the parties' oral argument, the Court orders as follows:

## ORDERS ON PERFECT 10'S OBJECTIONS

**PERFECT 10'S OBJECTIONS REGARDING REQUEST NOS. 135, 136, AND 137**

Perfect 10's objections to the Magistrate Judge's Order regarding Request Nos. 135, 136, and 137 are overruled, and the Magistrate Judge's Order regarding those Requests is affirmed.

**PERFECT 10'S OBJECTIONS REGARDING (PROPOSED) FURTHER ORDER NO. 2**

Perfect 10 objected to the Magistrate Judge's decision to not enter (Proposed) Further Order No. 2.  Pursuant to the discussion at the hearing, the (Proposed) Further Order is imposed mutually on both parties as to all past, present and future requests for production.  Accordingly, on or before June 16, 2008, Google shall provide Perfect 10 with a written response stating whether Google has produced documents in response to each of Perfect 10's requests for documents, listed by set number and request number.  If no documents responsive to a request are located after a good-faith reasonable search and, therefore, none ultimately produced, Google shall so state with respect to each such request.  On or before this

1  same date, Perfect 10 shall provide Google with a written response stating whether

2  Perfect 10 has produced documents in response to each of Google's requests for

3  documents, listed by set number and request number.  If no documents responsive to

4  a request are located after a good-faith reasonable search and, therefore, none

5  ultimately produced, Perfect 10 shall so state with respect to each such request.  The

6  obligations of Google and Perfect 10 herein to state whether they have produced

7  documents in response to each other party's requests for documents, listed by set

8  number and request number, shall apply to all future requests for documents as well,

9  and shall be subject to the parties' duties to seasonably supplement their discovery

10 responses pursuant to Fed. R. Civ. P. 26(e).

11 **PERFECT 10'S OBJECTIONS REGARDING REQUEST NO. 197**

12         Perfect 10's objections to the Magistrate Judge's denial of this Request

13 are sustained.  Google shall produce transcripts in its possession, custody or control

14 of depositions of any Google employees, officers and directors taken in connection

15 with the lawsuit *Columbia Pictures Industries, et. al. v. Drury, et. al.*, filed in the

16 United States District Court for the Southern District of New York.

17

18              **ORDERS ON GOOGLE'S OBJECTIONS**

19 **GOOGLE'S OBJECTIONS REGARDING REQUEST NOS. 128-131 and 194-**

20 **195**

21         Google's objections to Request Nos. 128-131 and 194-195 are

22 overruled, but the Requests are limited to reports, studies, or internal memoranda.

23 On or before June 16, 2008, Google shall produce the following:

24         All reports, studies, or internal memoranda ordered, requested, or

25 circulated by Bill Brougher, Susan Wojcicki, Walt Drummond, and Eric Schmidt

26 relating to the following topics:  search query frequencies, search query frequencies

27 for adult-related terms, number of clicks on adult images and images in general,

28

-3-

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

1  traffic to infringing websites, the draw of adult content, and percentage of searches
2  conducted with the safe search filter off.  (Request Nos. 128-131).
3              All reports, studies, or internal memoranda circulated by or to John
4  Levine, Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane
5  Tang, and Alexander MacGillivray relating to the following topics:  search query
6  frequencies, search query frequencies for adult-related terms, number of clicks on
7  adult images and images in general, traffic to infringing websites, the draw of adult
8  content, and percentage of searches conducted with the safe search filter off.
9  (Request Nos. 194-95).

10  **GOOGLE'S OBJECTIONS REGARDING REQUEST NO. 174**

11              Google's objections are sustained in part and overruled in part.  On or
12  before May 15, 2008, Google shall produce documents sufficient to describe
13  Google's attempts to develop or use any image recognition software capable of
14  matching a known still photographic image with another image in Google's search
15  engine index or search engine database.  Google is not ordered to produce
16  documents regarding any other types of image recognition technology.
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]
[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

**GOOGLE'S OBJECTIONS REGARDING REQUEST NO. 196**

Google's objections are overruled, subject to the following clarification regarding the scope of Request No. 196. Perfect 10 sought, and the Magistrate Judge ordered, production of "Google's DMCA log." As Perfect 10 clarified at the hearing, "DMCA log" as used in Request No. 196 refers to a spreadsheet-type document summarizing DMCA notices received, the identity of the notifying party and the accused infringer, and the actions (if any) taken in response. Google's obligation to produce documents in response to Request No. 196 shall be subject to the foregoing definition.

**IT IS SO ORDERED.**

DATED: May 13, 2008

By _____
A. Howard Matz
United States District Judge

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE MAGISTRATE JUDGE'S ORDER

# Exhibit K

# Jeffrey Mausner

**From:** Andrea P Roberts [andreaproberts@quinnemanuel.com]
**Sent:** Friday, June 13, 2008 1:27 AM
**To:** jeffmausner@bmrlaw.com
**Cc:** Michael T Zeller; Rachel M Herrick; Thomas Nolan
**Subject:** P10 v. Google

Jeff, in reliance on Perfect 10's agreement to extend Google a July 16 production date for documents responsive to Request Nos. 128-131 and 194-195, below are control number ranges at which documents responsive to the following categories of documents are located:

a)  Request for Production No. 196 - GGL007462-GGL007795, GGL009208-GGL027292, GGL026866-GGL026870, GGL028146-GGL030078, GGL030079-GGL031705,   GGL031711-GGL031776, GGL031783-GGL031797, GGL031798-GGL032050, GGL032352-GGL032368, and GGL033245-GGL033427

b)  Request for Production No. 1 - GGL001347-GGL001350

c)  Request for Production No. 132 - GGL005658-GGL007329; GGL032051-GGL032069; GGL032369-GGL0032371; GGL032391-GGL0032394; GGL032440-GGL033242; and GGL033428-GGL033432


Andrea Pallios Roberts
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5023
Main Phone: (650) 801-5000
Main Fax:  (650) 801-5100
E-mail:  andreaproberts@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Exhibit L

Jeffrey N. Mausner (State Bar No. 122385)
Warner Center Towers, Suite 910
21800 Oxnard Street
Woodland Hills, California 91367-3640
Telephone: (310) 617-8100; (818) 992-7500
Facsimile: (818)716-2773

Daniel J. Cooper (State Bar No. 198460)
72 Beverly Park Dr.
Beverly Hills, California 90210
Telephone: (310) 205-9817; Facsimile: (310) 205-9638

Attorneys for Plaintiff
PERFECT 10, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, | Master File No. CV04-9484 AHM (SHx) |
| Plaintiff, | DISCOVERY MOTION |
| vs. | **JOINT STIPULATION RE PLAINTIFF PERFECT 10, INC.'S MOTION TO COMPEL DEFENDANT GOOGLE INC. TO PRODUCE DOCUMENTS** |
| GOOGLE, INC.; et al., | |
| Defendants. | Hearing Date: November 19, 2007 Time: 2 P.M. Place: Courtroom of Judge Hillman |
| AND CONSOLIDATED CASE | Discovery cut-off, pre-trial conference, and trial dates have not been set by Judge Matz |

1 is to access those records." But these requests are overbroad and not tailored to
2 that issue. P10 has failed to meet its burden to establish relevance that would
3 justify such overbroad requests.

**REQUEST 196**

5     The final request in this batch and of P10's fifth set of document requests is
6 request 196. P10 does not repeat this request in its portion of the Joint Stipulation
7 as required. It seeks "Google's DMCA log of DMCA notices receive from 3rd
8 parties." Google responded as follows:

9     Google objects to this request as seeking information outside the scope of
10 permissible discovery in that it seeks information that is not relevant to the subject
11 matter of this action and is not reasonably calculated to lead to the discovery of
12 admissible evidence. Google objects to this request as overly broad, unduly
13 burdensome, and oppressive. Google further objects to the request as duplicative
14 of Plaintiff's Request No. 51, which called for "GOOGLE's DMCA Log for the
15 years 2001 through 2005, or any other DOCUMENTS sufficient to IDENTIFY all
16 ENTITIES other than Perfect 10 from whom GOOGLE has received a notice
17 regarding an intellectual property violation, the URLs complained about in each
18 notice from each such ENTITY, and the dates of the complaints for each such
19 URL. These DOCUMENTS should be provided in electronic format if available."

20     P10 initially requested either Google's DMCA log or all underlying notices
21 of infringement. In response, Google produced all underlying notices of
22 infringement, and should not now be required to produce its DMCA log as well.

**X.    PERFECT 10'S SIXTH SET OF REQUESTS FOR PRODUCTION**
**(Requests Nos. 197 through 201)**

**REQUEST NO. 197**

26     Copies of the deposition transcripts of all employees, officers and directors
27 of Google taken in connection with the lawsuit <u>Columbia Pictures Industries, et al.</u>

Dated: October 4, 2007

Respectfully submitted,
BERMAN, MAUSNER & RESSER
A Law Corporation

By: *Jeffrey N. Mausner*

Jeffrey N. Mausner
Attorneys for Plaintiff and
Counter-defendant Perfect
10, Inc.

Dated: October 4, 2007

Respectfully submitted,
WINSTON & STRAWN LLP

By: _____

Andrew P. Bridges
Jennifer Golinveaux
Attorneys for Defendant and
Counterclaimant Google Inc.

SF:189960.1

JOINT STIPULATION RE PLAINTIFF PERFECT 10, INC.'S MOTION TO COMPEL
DEFENDANT GOOGLE, INC. TO PRODUCE DOCUMENTS

# Exhibit M

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    *Plaintiff,*<br><br>    vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    *Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF PERFECT 10, INC.'S TENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

AND COUNTERCLAIM

PERFECT 10, INC., a California corporation,

    *Plaintiff,*

    vs.

AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,

    *Defendants.*

PROPOUNDING PARTY:      PLAINTIFF PERFECT 10, INC.

RESPONDING PARTY:      DEFENDANT GOOGLE INC.

SET NUMBER:           TEN

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") hereby responds and objects to the Tenth Set of Requests for Production of Documents from Plaintiff Perfect 10, Inc. ("Perfect 10") ("Perfect 10's Tenth Set of Document Requests"), as follows:

## <u>GENERAL OBJECTIONS</u>

The following general objections apply to each and every request set forth in Perfect 10's Tenth Set of Document Requests, and are expressly incorporated by reference into each of the following responses as if fully set forth therein.

1.      Google objects to the definitions and instructions provided with the Plaintiff's Requests and to each Request on the grounds that they seek the production of documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other evidentiary privilege. Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine that may attach thereto.

2.      Google objects generally to the definitions and instructions provided with Plaintiffs' Requests on the grounds that those definitions seek to impose obligations and demands on Google greater than those imposed by the <u>Federal Rules of Civil Procedure</u>.

3.      Google objects to the definitions of "GOOGLE," "YOU" and "YOUR" on the grounds that they are overbroad, unduly burdensome and purport to place discovery obligations upon Google that exceed those required by the <u>Federal Rules of Civil Procedure</u>. Google submits these responses on its own behalf and does not speak for other entities or persons. Google will produce only those documents within Google's possession, custody or control.

4.     Google objects to the definition of "DOCUMENT" and "DOCUMENTS" on the grounds that they exceed the limitations of <u>Federal Rule of Civil Procedure</u> 34.  Google further objects to the definition of "DOCUMENT" and "DOCUMENTS" as unintelligible, vague and ambiguous, especially with respect to Perfect 10's references to a "third party webmaster or website."

5.     Google objects to the definition of "IDENTIFY" on the grounds that Perfect 10 seeks to use that definition to require Google to "give" or "provide" information separate from the documents that Perfect 10 has requested in its document requests.

6.     Google objects to the definition of "RELATE TO" and "RELATING TO" as vague and ambiguous, particularly on the grounds that the definition includes "contradict."

7.     Google objects to the Requests on the grounds that they are overbroad, unduly burdensome, oppressive, cumulative, redundant and harassing.

8.     Google objects to the Requests on the grounds that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.     Google objects to the Requests on the grounds that they seek documents not within Google's possession, custody or control.  An objection on this ground does not constitute a representation or admission that such information and/or documents do in fact exist.

10.     Google objects to each Request on the grounds that it is vague, ambiguous or unintelligible.

11.     Google objects to each Request on the grounds and to the extent it may require the production of private and confidential information of non-parties whose privacy is protected by the United States Constitution; the California Constitution, Art. 1, Sec. 1 (and/or all other state constitutions); and all other applicable federal and state privacy laws.  Google is not authorized to and cannot waive third parties'

statutory and constitutional privacy rights and will not produce any documents implicating such rights.

12. Google objects to the Requests on the grounds that they require production of confidential, proprietary, or trade secret business information of Google or a non-party. Google will only produce such documents pursuant to the parties' stipulated protective order and expressly reserves the right to seek any further relief it deems necessary.

13. Google objects to the Requests on the grounds that they seek documents that are equally available to Perfect 10 because they are currently in Perfect 10's possession, under Perfect 10's control or in the possession or control of the Plaintiff's attorney or agents.

14. Any objection by Google does not constitute a representation or admission that such information and/or documents do in fact exist or are known to Google.

15. Google objects generally to Requests that call for extensive electronic production as overly broad, unduly burdensome and oppressive. Google further objects to each Request on the grounds that and to the extent it seeks inaccessible electronically-stored information, which information is presumptively non-discoverable under Fed. R. Civ. P. 26(b)(2). Additionally, where appropriate, Google reserves the right to seek cost-shifting for expenses associated with production of costly or inaccessible electronically-stored information.

16. Google objects to the Requests on the grounds that they are duplicative of prior document requests and seek documents previously produced by Google. Such documents will not be re-produced.

17. Google has made a reasonable investigation for documents responsive to Perfect 10's Requests. Google is still pursuing an investigation and analysis of the facts and law pertaining to this action and has not yet completed the investigation. Thus, these responses are made without prejudice to Google's right

subsequently to supplement, modify or otherwise change or amend these responses. The information contained in these responses is also subject to correction for omissions or errors.

## RESPONSES TO INDIVIDUAL REQUESTS

**DOCUMENT REQUEST 342:**

DOCUMENTS sufficient to IDENTIFY the owner of each of the websites listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 342:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to this request on the grounds that it seeks documents not within Google's possession, custody or control. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "IDENTIFY," "owner" and "websites." Subject to and without waiving the specific and General Objections above, Google responds that it will produce documents sufficient to show that Google hosts web pages that bear the suffix "blogspot.com" or "blogger.com."

**DOCUMENT REQUEST 343:**

DOCUMENTS sufficient to IDENTIFY the webmaster of each of the websites listed in Exhibit 1.

01980.51320/3103507.3

**RESPONSE TO DOCUMENT REQUEST 343:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to this request on the grounds that it seeks documents not within Google's possession, custody or control. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "IDENTIFY," "webmaster" and "websites."

**DOCUMENT REQUEST 344:**

DOCUMENTS sufficient to IDENTIFY the contact person for each of the websites listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 344:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to this request on the grounds that it seeks documents not within Google's possession, custody or control. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects

to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "IDENTIFY," "contact person" and "websites."

**DOCUMENT REQUEST 345:**

DOCUMENTS sufficient to determine which of the websites listed in Exhibit 1 are or ever were AdSense websites, and the time periods that they were AdSense websites.

**RESPONSE TO DOCUMENT REQUEST 345:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request Nos. 302, 314, and 323-325. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "websites" and "AdSense websites."

**DOCUMENT REQUEST 346:**

DOCUMENTS sufficient to determine which of the websites listed in Exhibit 1 have ever displayed Ads by Google, and the time periods that they did so.

**RESPONSE TO DOCUMENT REQUEST 346:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request Nos. 302, 314, and 323-325. Google further

01980.51320/3103507.3

objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague and ambiguous, including without limitation with respect to the terms "websites," "displayed" and "Ads by Google."

**DOCUMENT REQUEST 347:**

DOCUMENTS sufficient to determine which of the websites listed in Exhibit 1 are or ever were hosted by GOOGLE, and the time periods that they were hosted by GOOGLE.

**RESPONSE TO DOCUMENT REQUEST 347:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague and ambiguous, including without limitation with respect to the terms "websites" and "hosted." Subject to and without waiving the specific and General Objections above, Google responds that it will produce documents sufficient to show that Google hosts web pages that bear the suffix "blogspot.com" or "blogger.com."

**DOCUMENT REQUEST 348:**

DOCUMENTS sufficient to determine all payments that have been made by GOOGLE to the owners of the websites listed in Exhibit 1.

01980.51320/3103507.3

**RESPONSE TO DOCUMENT REQUEST 348:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request Nos. 302 and 323-325. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "owners" and "websites." Subject to and without waiving the specific and General Objections above, Google responds that it will produce documents sufficient to show payments made by Google to any AdSense account holders (following Google's provision of notice to those account holders) for which Google investigated and verified a claim of copyright infringement made by Perfect 10.

**DOCUMENT REQUEST 349:**

All DOCUMENTS showing payments made by GOOGLE to the owners of the websites listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 349:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request Nos. 302 and 323-325. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially

in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "owners" and "websites." Subject to and without waiving the specific and General Objections above, Google responds that it will produce documents sufficient to show payments made by Google to any AdSense account holders (following Google's provision of notice to those account holders) for which Google investigated and verified a claim of copyright infringement made by Perfect 10.

**DOCUMENT REQUEST 350:**

DOCUMENTS sufficient to determine all payments that have been made by the owners of the websites listed in Exhibit 1 to GOOGLE.

**RESPONSE TO DOCUMENT REQUEST 350:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "owners" and "websites."

**DOCUMENT REQUEST 351:**

All DOCUMENTS showing payments made by the owners of the websites listed in Exhibit 1 to GOOGLE.

**RESPONSE TO DOCUMENT REQUEST 351:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request as overbroad, oppressive, and unduly burdensome, especially in that it calls for inaccessible electronically-stored information. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "owners" and "websites."

**DOCUMENT REQUEST 352:**

All DOCUMENTS RELATING TO the websites listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 352:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request Nos. 302, 314 and 323-325. Google further objects to this request as overbroad, oppressive, and unduly burdensome. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "RELATING TO" and "websites."

**DOCUMENT REQUEST 353:**

All DOCUMENTS RELATING TO communications between GOOGLE and any of the owners of the websites listed in Exhibit 1.

01980.51320/3103507.3

**RESPONSE TO DOCUMENT REQUEST 353:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request No. 314. Google further objects to this request as overbroad, oppressive, and unduly burdensome. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "RELATING TO," "owners" and "websites." Subject to and without waiving the specific and General Objections above, Google responds that it will produce documents sufficient to show (1) communications between Google and any AdSense or Blogger account holder for which Google investigated and verified a claim of copyright infringement made by Perfect 10, and (2) DMCA counter-notification communications related to claims of copyright infringement made by Perfect 10.

**DOCUMENT REQUEST 354:**

All e-mails between GOOGLE and the owners of any of the websites listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 354:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request No. 314. Google further objects to this request as overbroad, oppressive, and unduly burdensome. Google further objects to

the request on the grounds that it calls for the disclosure of documents protected by

the attorney-client privilege, work product doctrine and/or other applicable

privileges. Such documents will not be produced. Google further objects to this

request as vague, ambiguous and unintelligible, including without limitation with

respect to the terms "owners" and "websites." Subject to and without waiving the

specific and General Objections above, Google responds that it will produce

documents sufficient to show  (1) communications between Google and any

AdSense or Blogger account holder for which Google investigated and verified a

claim of copyright infringement made by Perfect 10, and (2) DMCA counter-

notification communications related to claims of copyright infringement made by

Perfect 10.

**DOCUMENT REQUEST 355:**

All e-mails between GOOGLE and the webmasters of any of the websites

listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 355:**

Google objects to this request on the grounds that it seeks information outside

the scope of permissible discovery, not relevant to the subject matter of the action,

and not reasonably calculated to lead to the discovery of admissible evidence.

Google further objects to the request as at least partially duplicative of previous

Document Requests, including Request No. 314.  Google further objects to this

request as overbroad, oppressive, and unduly burdensome.  Google further objects to

the request on the grounds that it calls for the disclosure of documents protected by

the attorney-client privilege, work product doctrine and/or other applicable

privileges. Such documents will not be produced.  Google further objects to this

request as vague, ambiguous and unintelligible, including without limitation  with

respect to the terms "webmasters" and "websites."  Subject to and without waiving

the specific and General Objections above, Google responds that it will produce

documents sufficient to show  (1) communications between Google and any

AdSense or Blogger account holder for which Google investigated and verified a claim of copyright infringement made by Perfect 10, and (2) DMCA counter-notification communications related to claims of copyright infringement made by Perfect 10.

**DOCUMENT REQUEST 356:**

All e-mails between GOOGLE and the contact persons for any of the websites listed in Exhibit 1.

**RESPONSE TO DOCUMENT REQUEST 356:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the request as at least partially duplicative of previous Document Requests, including Request No. 314. Google further objects to this request as overbroad, oppressive, and unduly burdensome. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "contact persons" and "websites." Subject to and without waiving the specific and General Objections above, Google responds that it will produce documents sufficient to show  (1) communications between Google and any AdSense or Blogger account holder for which Google investigated and verified a claim of copyright infringement made by Perfect 10, and (2) DMCA counter-notification communications related to claims of copyright infringement made by Perfect 10.

**DOCUMENT REQUEST 357:**

DOCUMENTS sufficient to show the date on which THOMAS NOLAN began working in any capacity whatsoever for the Ninth Circuit Court of Appeals.

**RESPONSE TO DOCUMENT REQUEST 381:**

Google objects to this request on the grounds that it seeks information outside the scope of permissible discovery, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request on the grounds that it seeks documents not within Google's possession, custody or control. Google further objects to the request on the grounds that it calls for the disclosure of documents protected by the attorney-client privilege, work product doctrine and/or other applicable privileges. Such documents will not be produced. Google further objects to this request as vague, ambiguous and unintelligible, including without limitation with respect to the terms "between" and "RELATING TO." Google further objects to this request on the grounds that it calls for the production of private and confidential employment and personal information of individual non-parties whose privacy is protected by the United States Constitution; the California Constitution, Art. 1, Sec. 1 and all other applicable federal and state privacy and employment laws. Google is not authorized to and cannot waive such statutory and constitutional privacy rights and will not produce any documents implicating such rights. Google further objects to this request on the grounds that it is improper, harassing, and not propounded for any legitimate litigation purpose.

DATED: October 5, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By _Rachel Herrick Kassabian_

Michael T. Zeller (Bar No. 196417)
Rachel Herrick Kassabian (Bar No. 191060)
Attorneys for Defendant GOOGLE INC.

# Exhibit N

Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (818) 992-7500
Facsimile: (818) 716-2773

Attorney for Plaintiff PERFECT 10, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>GOOGLE, INC., et al.,<br><br>                Defendants. | CASE NO. CV 04-9484 AHM (SHx),<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS TO THE MOTION PICTURE ASSOCIATION OF AMERICA, INC.** |
| AND CONSOLIDATED CASE | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Perfect 10, Inc. has issued a subpoena, attached hereto as Exhibit 1, requesting the production of specified documents, from the following:

1) THE MOTION PICTURE ASSOCIATION OF AMERICA, INC., 15301 Ventura Boulevard, Building E, Sherman Oaks, California 91403.

Dated: November 13, 2009       LAW OFFICES OF JEFFREY N. MAUSNER

By: _Jeffrey N. Mausner_
Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.

# Exhibit 1

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| PERFECT 10 INC., a California corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  CV 04-9484 AHM (SHx) |
| | ) | |
| GOOGLE, INC., a corporation, et al. | ) | (If the action is pending in another district, state where:) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  MOTION PICTURE ASSOCIATION OF AMERICA

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: all DOCUMENTS set forth in Exhibit A, attached hereto.

| Place: Law Offices of Jeffrey N. Mausner<br>21800 Oxnard Street, Suite 910<br>Woodland Hills, CA 91367 | Date and Time:<br>by November 19, 2009 at 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  11/13/2009

| CLERK OF COURT | | OR | *Jeffrey N. Mausner* |
|---|---|---|---|
| n/a | | | |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff, Perfect 10, Inc.
_____ , who issues or requests this subpoena, are:

Jeffrey N. Mausner, Esq., Law Offices of Jeffrey N. Maunser
21800 Oxnard Street, Suite 910, Woodland Hills, CA 91367, jeff@mausnerlaw.com, (818) 992-7500

# EXHIBIT A

Documents to be produced by the Motion Picture Association of America at the Law Offices of Jeffrey N. Mausner by November 19, 2009.

## DEFINITIONS

1.      The terms "DOCUMENT" or "DOCUMENTS" shall herein have the same meaning as "writings and recordings" and "photographs," as defined in Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, writings of every kind, including photographs, images, print-outs, websites, CDs, DVDs, hard drives, letters, e-mails, telegrams, correspondence, records of telephone conversations, memoranda, statements, declarations, affidavits, minutes, web pages, reports, studies, calendar and diary entries, outlines, notes, analyses, statistical or informational accumulations, audits, checks, and associated work papers, any kind of records of meetings and conversations, sound or mechanical reproductions, programming notes, comments, computer data bases, computer print-outs, source code, object code, websites, flow-charts, contracts, agreements, all stored compilations of information of any kind which may be retrievable, including, without limitation, computer disks, hard drives, and RAM, and copies, drafts, and duplicates of DOCUMENTS which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in YOUR possession, custody or control.

## DOCUMENTS TO BE PRODUCED

1.      DMCA notices sent to Google, Inc., including any notices for or to Blogger, from 2006 to the present, which can be located upon a reasonable search.

Dated:  November 13, 2009          LAW OFFICES OF JEFFREY N. MAUSNER


By: _____

        Jeffrey N. Mausner

        Attorney for Plaintiff Perfect 10, Inc.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and am not a party to the within action; my business address is: 21800 Oxnard Street, Suite 910, Woodland Hills, California 91367

On November 13, 2009, I served the foregoing document(s) described as follows:

**NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS TO THE MOTION PICTURE ASSOCIATION OF AMERICA, INC. and EXHIBIT 1 THERETO (SUBPOENA TO PRODUCE DOCUMENTS, AND EXHIBIT A THERETO).**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the address(es) as follows:

| | |
|---|---|
| **Mark Jansen** | **Rachel Herrick Kassabian** |
| **Anthony Malutta** | **Charles Verhoeven** |
| **Tim Cahn** | **Quinn Emanuel** |
| **Gia Cincone** | **555 Twin Dolphin Drive, Suite 560** |
| **Ellie Steiner** | **Redwood Shores, California 94065** |
| **Townsend Townsend & Crew** | |
| **Two Embarcadero Center, 8th Floor** | **Michael Zeller** |
| **San Francisco, California 94111** | **Thomas Nolan** |
| | **Quinn Emanuel** |
| | **865 S. Figueroa St. 10th Floor** |
| | **Los Angeles, California  90017** |

**MAIL:** I placed such envelope with fully prepaid postage thereon in the United States mail at Los Angeles, California.

**EMAIL:** I transmitted by electronic mail such documents to the below email addresses.

| | |
|---|---|
| **Mark Jansen** | **Tim Cahn** |
| **mtjansen@townsend.com** | **trcahn@townsend.com** |
| | |
| **Anthony Malutta** | **Gia Cincone** |
| **ajmalutta@townsend.com** | **glcincone@townsend.com** |
| | |
| **Ellie Steiner** | |
| **efsteiner@townsend.com** | |
| | |
| **Rachel Herrick Kassabian** | **Tom Nolan** |
| **rachelkassabian@quinnemanuel.com** | **thomasnolan@quinnemanuel.com** |

1

2

**Charles Verhoeven**　　　　　　　**Michael Zeller**
**charlesverhoeven@quinnemanuel.com**　　**michaelzeller@quinnemanuel.com**

3

4

**FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare, under penalty of perjury, that the foregoing is true and correct.

5

6

Executed on **November 13, 2009** at Los Angeles, California.

7

8

BY: _____
　　　　　　Brittany Douglass

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit O

October 22, 2009
Letter

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Thursday, October 22, 2009 4:03 PM |
| **To:** | Rachel Herrick Kassabian rachelkassabian@quinnemanuel.com; Thomas Nolan thomasnolan@quinnemanuel.com; Michael T Zeller michaelzeller@quinnemanuel.com; Brad R. Love bradlove@quinnemanuel.com ; Andrea P Roberts andreaproberts@quinnemanuel.com; Charles K. Verhoeven (charlesverhoeven@quinnemanuel.com) |
| **Cc:** | Jansen, Mark T.  mtjansen@townsend.com; Timothy Cahn (trcahn@townsend.com); Malutta, Anthony J.  ajmalutta@townsend.com; Cincone, Gia L.  glcincone@townsend.com; Steiner, Elham F.; Valerie Kincaid (VKincaid@Mausnerlaw.com) |
| **Subject:** | Conference of Counsel re Evidentiary Sanctions |
| **Attachments:** | Letter to Counsel for Google.10-22-09.Evidentiary Sanctions.pdf |

Please see the attached letter.  Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges.  If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone    (310) 617-8100
                    (818) 992-7500
E-mail:  jeff@mausnerlaw.com

October 22, 2009

*Via Email*

Rachel Herrick, Esq.
Thomas Nolan, Esq.
Michael Zeller, Esq.
Brad Love, Esq.
Andrea Roberts, Esq.
Charles Verhoeven, Esq.
Quinn Emanuel
865 S. Figueroa Street
10th Floor
Los Angeles, California 90017

Re:    Perfect 10 v. Google

Dear Counsel:

Perfect 10 intends to file a motion for evidentiary sanctions and/or the appointment of a special master on the grounds set forth in this letter (the "Motion").  We will call you tomorrow so that we may meet and confer telephonically regarding the Motion.

Perfect 10 has determined that Google has not produced documents that it has been ordered to produce, that it has stated that it has or would produce, and/or that are responsive to Perfect 10's document requests and are in Google's possession.  Many of those documents are highly relevant to Google's Motions for Summary Judgment, and Perfect 10 did not have the benefit of those documents in opposing the motions.

Therefore, Perfect 10 will move for the following sanctions:

1.    That Google's Motions for Summary Judgment be denied.

2.    That Google be found to be ineligible for safe harbor under 17 U.S.C. §512.

3.    That Google be deemed not to have expeditiously removed or disabled access to material that is claimed to be infringing, in DMCA notices Google did not produce to Perfect 10 and/or in notices that were not included on Google's "DMCA log."

4.    Monetary sanctions.

5.    Other appropriate sanctions.

We look forward to speaking with you tomorrow.

Sincerely,

*Jeffrey N. Mausner*

Jeffrey N. Mausner

cc:  Counsel for Amazon.com

October 25, 2009
Letter

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Sunday, October 25, 2009 8:52 PM |
| **To:** | 'Thomas Nolan' |
| **Cc:** | 'Michael T Zeller'; 'Rachel Herrick Kassabian'; 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'Valerie Kincaid'; Brad R. Love bradlove@quinnemanuel.com ; Andrea P Roberts andreaproberts@quinnemanuel.com; Charles K. Verhoeven (charlesverhoeven@quinnemanuel.com); Malutta, Anthony J.  ajmalutta@townsend.com; Cincone, Gia L.  glcincone@townsend.com; Steiner, Elham F. |
| **Subject:** | RE: Conference of Counsel re Evidentiary Sanctions |
| **Attachments:** | Letter to Counsel for Google dated 10-25-09 re Evidentiary Sanctions.pdf |

Please see attached letter.  Jeff.

---

**From:**
**Sent:**
**To:**
**Cc:**
**Subject:**

Jeff,

We have received your letter dated yesterday, October 22, 2009 regarding Perfect 10's intended motion for "evidentiary sanctions and/or the appointment of a special master."   Your letter makes serious accusations without providing any factual basis or explanation for them whatsoever.  For instance, your letter fails to identify even a single document or category of documents that supposedly has not been produced, nor any other facts with which Google could investigate and meaningfully respond to these accusations.  Accordingly, please send us a detailed meet and confer letter identifying with specificity the complete factual basis for Perfect 10's claimed concerns, including but not limited to identifying the following information:

1. What documents Perfect 10 contends that Google has not produced  but was ordered to produce (and which order required that production),
2. What documents Perfect 10 contends that Google has stated that it has or would produce, but did not produce (and which of Perfect 10's Requests for Production call for those documents),
3. What documents Perfect 10 contends are responsive to Perfect 10's document requests and are in Google's possession, but were not produced (and which of Perfect 10's Requests for Production call for those documents),
4. Exactly when Perfect 10 allegedly discovered that each of these categories of documents allegedly was missing from Google's production,
5. How any of these allegedly missing categories of documents are relevant to Google's DMCA Motions for Summary Judgment, and  why Perfect 10 did not  timely raise this issue in opposing Google's DMCA  motions, and
6. Perfect 10's legal basis for seeking each of the forms of relief referenced in your letter.

Once we have received this information, we will  investigate Perfect 10's accusations, including consulting with our client to confirm whether (1) any of the claimed missing documents actually exist, and (2) whether any supplemental document production is necessary or appropriate.

Once this  process is complete, we will be happy to arrange a mutually convenient time to discuss this matter further with Perfect 10.  At this point, in light of Perfect 10's complete failure to provide any facts or information that would

allow Google to (1) investigate Perfect 10's accusations and (2) meaningfully meet and confer regarding them, Perfect 10's reference to motion practice is premature.

Best Regards,

**Thomas Nolan**
*Associate,*
**u nn  manue   r uhart    er    e   es**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

---

**From:**
**Sent:**
**To:**
**Cc:**

**Subject:**

Please see the attached letter.  Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges.  If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone   (310) 617-8100
                (818) 992-7500
E-mail:  jeff@mausnerlaw.com

October 25, 2009

*Via Email*

Rachel Herrick, Esq.
Thomas Nolan, Esq.
Michael Zeller, Esq.
Brad Love, Esq.
Andrea Roberts, Esq.
Charles Verhoeven, Esq.
Quinn Emanuel
865 S. Figueroa Street
10th Floor
Los Angeles, California 90017

Re:     Perfect 10 v. Google

Dear Counsel:

On October 22, 2009, I sent you a letter stating that Perfect 10 intends to file a motion for evidentiary sanctions and/or the appointment of a special master (the "Motion"). As indicated in my letter, I called Rachel Herrick Kassabian and Tom Nolan on October 23, 2009 to conduct a telephonic meet and confer regarding the Motion. Neither was available to meet and confer. Nor did either of them email me regarding their availability to meet and confer at any time up to and including Monday, October 25, 2009. Instead, Tom Nolan sent me an email on October 23, 2009. This letter responds to the questions raised in that email. Please provide me with times on Monday when you will be able to meet and confer.

Perfect 10's need to file the Motion is based on:

1.      Google's failure to obey Judge Hillman's May 22, 2006 Order;

2.      Google's failure to obey Judge Hillman's November 27, 2007 Order;

3.      Google's failure to obey Judge Matz's May 13, 2008 Order; and

4.      Google's ongoing obstruction of every aspect of discovery in this case.

As explained below, Google's conduct has prevented Perfect 10 from gaining access to critical documents that are highly relevant to Google's recent summary judgment motions. On a more basic level, Google's ongoing obstruction of discovery has precluded Perfect 10 from being able to fairly litigate this case. For these reasons, Perfect 10 has been forced to seek sanctions against Google.

The Motion should come as no surprise to Google.  During the past months, Perfect 10 has complained directly to Google, and in various pleadings, regarding Google's continued failure to obey Court-ordered discovery and Google's ongoing obstruction of discovery. Nevertheless, the specific event that triggered my letter of October 22, 2009 was Perfect 10's recent completion of its analysis of the approximately 19,232 URLs set forth in Google's "Blogger Log," attached as Exhibit II to the Declaration of Shantal Rands Poovala, discussed in Section 1, below (the "Poovala Declaration").  As explained below, this "log" was intentionally broken into more than one thousand pieces, and converted by Google, contrary to Perfect10's specific document requests, from the easy to sort and search excel format in which it was undoubtedly maintained, to a format that was non-searchable and non-sortable.

In this letter, I first address several of the most obvious examples of Google's failure to produce Court-ordered documents.  I then address some of the specific discovery requests with which Google has failed to comply.

> **1.**    **Google Has Failed To Produce Thousands Of Notices Regarding Intellectual Property Violations Which Google Claimed It Had Produced.**

On February 23, 2007, Google served its Responses and Objections to Plaintiff's Fifth Set of Requests for the Production of Documents.  In response to Request No. 196, seeking "Google's DMCA log of DMCA notices received from 3rd parties," Google stated that it "already produced documents responsive to Request No. 51, constituting all notices received by Google regarding intellectual property violations."  On July 2, 2009, Google served the Poovala Declaration.  Exhibit II to the Poovala Declaration is described as the "complete electronic version" of Google's "current Blogger repeat infringer tracking spreadsheets" (the "Blogger Log").  *See* Poovala Decl., ¶37.  This was the first time that Perfect 10 was made aware of what Google alleged that was, as Google had claimed that its DMCA "log" consisted of approximately 23,000 pages of disorganized, redacted, and often garbled documents.

Google's "Blogger Log" contains 19232 separate URLs.  A comparison of these URLs to the DMCA notices that Google has produced shows that ***Google has failed to produce thousands of DMCA notices containing the URLs identified in its "Blogger Log".***  These notices must be in Google's possession, or else the URLs would not have appeared in the "Blogger Log".  If you contend that Google has, in fact, produced the notices corresponding to each and every one of the 19232 URLs listed in Google's "Blogger Log," please provide the bates numbers of each of the notices identifying those URLs.

> **2.**    **Google Has Failed To Produce All Notices Of Termination As Required By Judge Hillman's May 22, 2006 Order.**

Whether Google has suitably implemented a policy against repeat infringers is critical to its recent motions for summary judgment.  In his May 22, 2006 Order, Judge Hillman ordered Google to produce "[a]ll notices of termination issued by Google as a result of alleged intellectual property violations."

Perfect 10's analysis of the "Blogger Log" establishes that Google has not obeyed Judge Hillman's order.  In Paragraph 37 of her declaration, Ms. Poovala explains that Google uses the abbreviation "TSO" in its "Blogger Log" "to denote when a blog account has been terminated pursuant to Blogger's three strikes repeat infringer policy."  Nevertheless, Google has not produced any of the DMCA notices related to any of the "TSOs" that appear in Google's

"Blogger Log." Nor has Google produced a repeat infringer policy which mentions "three strikes." If you disagree with these contentions, please identify the Bates numbers of the notices that correspond to each of the "TSOs" identified in Google's "Blogger Log," as well as any Bates numbers referring to a "three strikes" policy.

3.    **Google Has Failed To Produce A DMCA Log As Ordered By Judge Matz and Judge Hillman.**

Google has repeatedly misled both the Court and Perfect 10 into believing that it maintained a DMCA log, "a spreadsheet-style document summarizing DMCA notices received, the identity of the notifying party and accused infringer, and the actions (if any) taken in response." Judge Matz incorporated this definition in his May 13, 2008 Order, in which he ordered Google to produce such a log. Furthermore, in its response to Request For Admission No. 285, Google denied that it did not maintain a DMCA log.

However, Google failed to comply with Judge Matz's May 13, 2008 Order, which required Google to produce its "spreadsheet-style" DMCA log. Instead, Google claimed that its "DMCA log" consisted of approximately 23,000 pages of documents. A review of those documents establishes that they consist of multiple copies of often unreadable, disorganized pages, which are not in spreadsheet form. Google's production of these documents represents a clear violation of Judge Matz's May 13, 2008 Order. If Google did not have a DMCA log (as defined above and in Judge Matz's Order), it should not have repeatedly represented to the Court and to Perfect 10 that it did. Even the various log fragments that Google did produce do not identify the alleged infringer or the notifying party, as set forth in Judge Matz's order.

Furthermore, Google intentionally made the log fragments that were included in the 23,000 page "log" it produced virtually unusable. Google undoubtedly maintained these log fragments as part of an excel spreadsheet. Instead of producing its documents in this format, Google split them up into thousands of pieces. As a result, the "log" produced by Google was unsortable and essentially unsearchable. Additionally, the log fragments produced by Google were incomplete and had portions redacted as well. Google's failure to produce a complete and usable DMCA log, as ordered by the Court, is a major reason that it took Perfect 10 months to fully discover and understand the extent of Google's failure to comply with Court-ordered discovery.

This is not the first time that Google violated a Court order concerning production of its DMCA log. Google also violated Judge Hillman's May 22, 2006 Order, which states, among other things, that Google had agreed to produce documents responsive to Perfect 10's Request for Production No. 51. This request sought "GOOGLE's DMCA Log for the years 2001 through 2005, or any other DOCUMENTS sufficient to IDENTIFY all ENTITIES other than Perfect 10 from whom GOOGLE has received a notice regarding an intellectual property violation, the URLs complained about in each notice from each such ENTITY, and the dates of the complaints for each such URL."

In response to Judge Hillman's May 22, 2006 Order, Google only produced documents from approximately March of 2002 to March of 2005. It did not produce any documents for the period from April of 2005 through the end of 2005, even though it had such documents. Accordingly, Perfect 10 was forced to file a second motion to compel regarding Google's DMCA log, which resulted in Judge Matz's May 13, 2008 Order discussed above.

4.      **Google Has Failed To Produce Communications With Infringing Webmasters As Required By Judge Hillman's May 22, 2006 Order**

Google has failed to obey Judge Hillman's May 22, 2006, Order, requiring Google to produce all documents in response to Perfect 10's Request for Production of Documents No. 29, modified as follows: "All documents that relate to, constitute or embody communications between Google and the owners of the following websites, to the extent that ownership information is reflected in Google's records: [listing of websites]."

Among the websites listed in Judge Hillman's Order were at least twenty Google AdSense websites, including averlo.com, alibabaweb.com, babefocus.com, bukuroshe.parajsa.com, celebguru.com, celebritybattles.com, celebritypicturesarchive.com, and celebstation.org. Google must know the identities of the owners of these websites, because it had to pay them. Nevertheless, Google has failed to produce all communications with the owners of these websites, regarding payments or other matters.[1]

5.      **Google Has Failed To Comply With Judge Matz's May 13, 2008 Order Regarding Critical Reports, Studies, and Internal Memoranda  (Request For Production Nos. 128-131 and 194-195).**

In his May 13, 2008 Order, Judge Matz ordered Google to produce:  "All reports, studies, and internal memoranda ordered, requested, or circulated by Bill Brougher, Susan Wojcicki, Walt Drummond, and Eric Schmidt relating to the following topics: search query frequencies, search query frequencies for adult-related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off." (Request 128-131).  Judge Matz further ordered Google to produce all reports, studies, or internal memoranda circulated by or to John Levine, Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane Tang, and Alexander Macgillivray regarding the same topics. (Request Nos. 194-195).

Perfect 10 moved to compel production of this material, because Perfect 10 knew that it would unearth a great deal of information regarding the draw of adult content and the revenues and traffic that Google was generating from infringement.  In response to Perfect 10's motion, Google asked the Court to narrow Perfect 10's original document requests to the language finally set forth in Judge Matz's Order.  Then, in response to Judge Matz's order, Google produced almost nothing other than several brokerage reports praising Google.  Google's failure to produce documents responsive to Request Nos. 128-131 and 194-195, after arguing that the requests should be narrowed to the language found in Judge Matz's Order, is another example of Google's obstruction of discovery.

Google must have documents and reports that it did not produce that are responsive to Request Nos. 128-131 and 194-195 (even as narrowed by Google), for at least the following reasons:  First, Lawrence You was the Google software engineer who verified Google's response to revised Interrogatory No. 24, seeking the 50 most queried search terms for both Image Search and Web Search in 2002 and 2005.  It would not be possible for Mr. You to verify such responses without having internal Google search frequency reports.

---

[1] Google may have produced one or two communications with such websites regarding infringements but it has not produced any communications regarding payments or other business relationships, as ordered by Judge Hillman.

Second, in response to Perfect 10's Rule 30(b)(6) deposition notice, Google designated Bob Brougher as the person most knowledgeable to testify regarding "[t]he frequency of use of various search terms, particularly those related to adult content, with respect to web search, and how the availability of adult content through Google draws traffic to Google and/or impacts its revenues." At his deposition, Mr. Brougher testified that he commissioned a report related to search term frequencies. Specifically, Mr. Brougher stated that "I was able to have someone calculate for me the percentage of searches that had a city and state in them." Brougher Depo. 83:5-7. Notwithstanding Judge Matz's May 13, 2008 Order, Google has failed to produce either that report or any other report commissioned or circulated by Mr. Brougher.

Third, one of the Google employees identified in Judge Matz's Order was Walt Drummond. At his deposition, Mr. Brougher described Mr. Drummond as a person who knew a lot about search term frequency and as the manager of the Google team that "manages our logs that can do analysis on those logs to come up with reports." Brougher 15:2-17. It is simply not credible that the manager of the team which generates Google reports would have never circulated any reports on any of the topics identified by Judge Matz in his May 13, 2008 Order.

Finally, Susan Wojcicki, another Google employee identified in Judge Matz's Order, testified at her deposition that she receives reports on a regular basis, that these reports include minutes from different meetings, and that some of the minutes of meetings had statistics in them. Wojcicki Depo. 55:17-25; 57:16-21. Such reports would likely have been circulated to Eric Schmidt as well. Nevertheless, Google has failed to produce any reports or memoranda circulated to Ms. Wojcicki or Mr. Schmidt. [2]

### 6. Google Has Systematically Refused To Answer Almost All Discovery Requests.

The discussion in Sections 1-5 identifies only a sample of the discovery orders that Google has failed to obey. Moreover, as explained in Sections 6-10 below, Google's failure to comply with Court-ordered discovery is only one part of Google's attempts to obstruct discovery on all fronts.

In particular, Google has been guilty of obstructing discovery by refusing to respond to most requests propounded to it by Perfect 10. For example, Google refused to answer 19 of the first 23 Interrogatories propounded to it by Perfect 10, and only provided short and vague answers to the other four interrogatories. Thereafter, even though it failed to provide adequate answers to any of the 23 Interrogatories originally propounded by Perfect 10, Google objected to most of the additional Interrogatories propounded by Perfect 10 by asserting that Perfect 10 had exceeded its limit of 25 Interrogatories.

---

[2] Google also failed to obey Judge Hillman's May 22, 2006 order, which required that Google answer the following Interrogatory 24: "Please identify the fifty most frequently used search terms in Google's Web Search in order of use, and the fifty most frequently used search terms in Google's Image Search in order of use, for each of the years 2002 and 2005 and for each such term, state the percentage of all Google Web searches and the percentage of all Google Image searches during each of those years that contained that term." Google did not provide the percentage of all Google Web searches and the percentage of all Google Image searches as ordered by the court for 2005, or the percentages for Image Search for 2002. It only provided the percentages for Web Search in 2002.

Among the Interrogatories that Google refused to answer were important and clearly relevant Interrogatories, such as Interrogatory No. 20. This Interrogatory asked Google to "state in detail all facts supporting your contention that Perfect 10's Alleged Notices of Infringement in 2001 and 2004 failed to materially meet the requirements of 17 U.S.C. §512(c)(3)." If there had truly been deficiencies in Perfect 10's notices, Google could have helped Perfect 10 correct those notices by answering this Interrogatory. Google failed to do so.

Likewise, in response to Perfect 10's First Request for the Production of Documents, Google refused to produce documents in response to Request Nos. 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 62, 63, 64, 65, 73, and 77. In addition, although Google agreed to produce documents for some of the other requests, in most cases it failed to produce any responsive documents.

Google's refusal to respond to critical discovery continues. For example, Perfect 10's Tenth Request for the Production of Documents asked Google to produce documents to identify the owners of its AdSense and Blogger sites. Even though the documents sought by Perfect 10 are relevant to Google's implementation of its repeat infringer policy, Google refused to produce documents in response to almost all such requests.

### 7. Google Has Insisted On Narrowing Requests To The Point Where There Were No Responsive Documents.

Google has also obstructed discovery by: (i) objecting that certain document requests are overbroad; (ii) misleading Perfect 10 and the Court into believing that responsive documents exist in response to narrower requests; and (iii) subsequently claiming that no responsive documents exist in response to the narrower requests.

For example, Perfect 10's Request for Production No. 14 originally stated as follows: "GOOGLE's minutes of Board of Director and/or other Executive Committee meetings that refer to, relate to, or mention copyright infringement, misappropriation of rights of publicity, or trademark infringement." Documents responsive to this request could have provided very important evidence regarding Google's knowledge of copyright infringement.

Google objected that this request was overbroad and sought irrelevant information, and persuaded Judge Hillman, in his May 22, 2006 Order, to require Google to produce documents only in response to the following narrower, modified request: "Google's minutes of board of director and other executive committee meetings that refer to, relate to or mention copyright infringement, misappropriation of rights, or trademark infringement *in connection with adult content*, from the formation of Google to the present." Then, Google produced nothing in response to this modified request.

Google also produced nothing in response to another order of Judge Hillman which was narrowed from Perfect 10's original request, request no 16: "Google's minutes of Board of Director and/or other executive committee meetings that refer to, relate to or mention Perfect 10."

### 8. Google Has Made False And Contradictory Discovery Responses

Even when Google has finally been forced to obey Court orders, the documents and/or answers that Google has provided often are clearly deficient or incorrect. For example, when Google finally answered Interrogatory No. 24, Google claimed that the search terms "hovawart,"

"allinurl," "Alertingservice," "sureroute," and "sea turtle" OR "marine turtle" were among the top ten most popular Google search terms in either 2002 or 2005. However, according to Google Trends, such terms are queried so infrequently that they do not even appear on the Google Trends graph. Furthermore, Overture's keyword search tool confirms that such terms are almost never queried, contrary to Google's sworn interrogatory responses. Bob Brougher, who Google designated as the most knowledgeable employee regarding web search query frequencies, claimed that he had never heard of the term "sureroute," and did not even know what it meant. Brougher Depo. 125:18-20. As discussed in Section 5, above, Lawrence You, the Google engineer who verified that "sureroute," "hovawart," and the other terms listed above were the most popular search terms, presumably had Google reports to support his verification. Nevertheless, Google failed to produce these reports or any other such reports ordered by the Court.

Second, Google has recently produced to Perfect 10 a report which it created detailing the number of clicks on various Perfect 10 images in Google's Image Search results. This report shows clicks on images which Google claimed it removed months earlier.

Third, in response to Interrogatory No. 5, Google stated that a typical web site might be crawled approximately once a month. This response contradicts Mr. Brougher's testimony both in the Field Case and in his rebuttal declaration in support of Google's summary judgment motion. Other inconsistencies in the testimony of Google's witnesses are set forth in Perfect 10's Objections and Responses to Google's reply papers, filed on October 12 and 13, 2009.

Finally, Google has made a series of obviously incorrect responses to Requests for Admissions. For example, Google has ***denied*** the following Requests for Admissions: (i) RFA 6, asking Google to "[a]dmit that GOOGLE has never asked Perfect 10 for permission to copy or display images for which Perfect 10 owns the copyrights; (ii) RFA 11, asking Google to "[a]dmit that Google has the ability to utilize image recognition software and/or other technology to prevent certain images from being displayed on its servers through Image Search;" (iii) RFA 202, asking Google to "[a]dmit that Google keeps track of the number of times various search terms are used;" and RFA 209, asking Google to "[a]dmit that reduced sized copies of Perfect 10's photographs are stored on Google's servers."

## 9. Google Has Designated Witnesses In Response To Rule 30(B)(6) Notices Who Have Not Been Able To Answer Basic Questions

Google has also obstructed discovery by designating deponents in response to Rule 30(b)6 deposition notices who did not know the answers to many basic questions. For example, Bill Brougher was designated by Google as most qualified to respond to questions regarding "[t]he frequency of use of various search terms, particularly those related to adult content" for web search. He was also designated by Google as most qualified to respond to questions regarding "[h]ow the availability of adult content through Google draws traffic to Google and/or impacts its revenues."

At his deposition, however, Mr. Brougher was unable to answer basic questions regarding these subjects, as the following questions and answers reveal:

> Q.    Does Google keep any records at all regarding the number
>        or percentage of searches that involve adult-related
>        content?"

A.     Not that I am aware of.

Q.     Who would know that?

A.     I don't know. . . .

Q.     In 2006, what were the ten most popular web searches?

A.     I don't know.

Q.     Do you know whether sex was in the top ten?

A.     I don't know.

Q.     Do you know any of the terms that were in the top ten?

A.     I do not. . . .

Q.     Does Google receive additional traffic as a result of the availability of adult images on Google Image Search?

A.I don't know.

Brougher Depo. 124:10-18; 124:25-125:7;129:18-129:22.

### 10.     False Statements That Google Made In Opposition To Perfect 10's Motion For Preliminary Injunction

Google's opposition to Perfect 10's Motion For Preliminary Injunction relied substantially on the Declaration of Alexander Macgillivray, who at that time, was Google's copyright agent as well as a Google attorney.  Mr. Macgillivray made a number of statements in his declaration that misled both the District Court and the Ninth Circuit in a variety of ways that may have affected the Ninth Circuit's ultimate ruling and severely prejudiced Perfect 10.  For example, Mr. Macgillivray misled both the District Court and the Ninth Circuit into believing that Google did not store any full-size P10 Images on Google's servers.  Specifically, on page 2 of his declaration, Mr. Macgillivray states, "… a user's web browser fetches any images from their original location and not from Google's servers."  Macgillivray Decl. page 2, lines 18-19.

Like Ms. Poovala, Mr. Macgillivray stated in his declaration that Google "acts expeditiously to remove or disable access to infringing material upon gaining awareness of such material."  Macgillivray Decl. ¶8.  However, when asked about the first URL in Perfect 10's May 31, 2004 notice, Mr. Macgillivray could not state whether there was anything defective about that URL or whether Google removed it.  Macgillivray Depo. 130:8-132:9.  In response to the question: "Prior to signing your declaration in connection with the preliminary injunction motion, what did you do, yourself, to determine whether the URLs listed on this page were defective URLs?"  Mr. Macgillivray responded, "I think the answer is I don't remember." Macgillivray Depo. 153:23-154:4.  In response to the question: "Did you know whether Dr. Zada had provided notices in a format that identified Perfect 10 magazine issue and page numbers prior to October 11, 2004?"  Mr. Macgillivray replied, "I don't remember." *Id.* 168:3-8.  In response to a question which basically asked Mr. Macgillivray why he had inferred in his declaration that Dr. Zada had not provided such magazine issue and page numbers prior to October 11, 2004, Mr. Macgillivray replied, "I don't remember."  *Id.* 168:3-20.  In response to the question, "Did Google process any Perfect 10 notices prior to October 11, 2004?"  Mr. Macgillivray responded, "I don't know."  Id. 177:3-5.  As discussed in Perfect 10's Opposition

papers to Google's three motions for summary judgment, Google's deponents made a myriad of incorrect statements in support of Google's motions.

**11.    Conclusion.**

The above discussion is just a small sample of Google's obstruction of discovery in this case.  It is clear that Google and its attorneys have made a decision to stonewall Perfect 10's discovery, based upon Google's much greater resources and its belief that Perfect 10 would not be able to pursue motion after motion to obtain wrongfully withheld discovery.  Even after Google has been ordered to produce documents or has promised to produce them, it has not done so.  In the meantime, while Google was obstructing discovery, it was also making it as difficult as possible for Perfect 10 to provide notices of infringement to Google, by refusing to implement the check-the-box type notification system as ordered by Judge Matz.  See Declaration of Jeffrey N. Mausner Submitted In Opposition To Google's Three Motions For Summary Judgment, paragraphs 2-13 and Exhibits A-AA.  Perfect 10 will therefore move for evidentiary sanctions against Google, as set forth in my letter of October 22, 2009.  I will call you tomorrow to discuss these matters.

We look forward to speaking with you tomorrow.

Sincerely,

*Jeffrey N. Mausner*

Jeffrey N. Mausner

cc:  Counsel for Amazon.com

October 27, 2009
Letter

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Tuesday, October 27, 2009 11:57 AM |
| **To:** | 'Thomas Nolan' |
| **Cc:** | 'Michael T Zeller'; 'Rachel Herrick Kassabian'; 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'Valerie Kincaid'; 'Brad R. Love'; 'Andrea P Roberts'; 'Charles K Verhoeven'; 'ajmalutta@townsend.com'; 'glcincone@townsend.com'; 'Steiner, Elham F.' |
| **Subject:** | RE: Conference of Counsel re Evidentiary Sanctions |
| **Attachments:** | Letter to Counsel for Google No 3 re Evidentiary Sanctions against Google 10-27-09.pdf |

Please see the attached letter. Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

---

**From:**
**Sent:**
**To:**
**Cc:**

**Subject:**

Jeff,

We have received your letter dated yesterday, Sunday, October 25. As a preliminary matter, we disagree with the various false accusations and personal attacks in the letter. In any event, your letter raises (for the first time in any meet and confer letter) ten discrete issues, some of which concern events or issues dating back to as early as 2005 and 2006, and all of which require consultation with our client. We will investigate each of these issues (to the extent your letter provided sufficient information to do so), and provide a written response upon the completion of that investigation.

With respect to the document production issues, I note that your letter fails to address Questions 4, 5 and 6 in my email below. Because Perfect 10's answers to these questions will bear significantly on the parties' meet and confer efforts, we would appreciate a response to them.

Your letter also raises for the first time a host of additional "issues" that are unrelated to document production, including accusations pertaining to responses to interrogatories served in 2005 and 2006, deposition testimony taken in 2006 and 2007, and alleged statements made in connection with Perfect 10's motion for preliminary injunction filed in 2005. Setting aside our disagreement with Perfect 10's accusations, your letter fails to identify the legal relevance of these accusations, the relief Perfect 10 intends to seek with respect to them (if any), and the legal basis for the relief

sought.  Please provide this information so that we can investigate and meaningfully meet and confer with Perfect 10 regarding these issues.

Finally, your letter purports to address only a "sample" of the discovery issues about which Perfect 10 claims to be concerned.  As you know, Perfect 10 is required to meet and confer with Google in good faith about each discovery issue it intends to present to the court by motion.  Accordingly, please provide a complete list of those issues (including identification of all categories of allegedly missing documents), so that Google can investigate them and the parties can attempt to resolve them via meet and confer.  If we do not receive further correspondence from Perfect 10 detailing any additional issues, we will assume there are none.

Best Regards,

Thomas Nolan, Esq.   Quinn Emanuel Urquhart Oliver & Hedges, LLP                    1
                     1            1                      1                 1        1

---

**From:**
**Sent:**
**To:**
**Cc:**

**Subject:**

Rachel and Tom:  Pursuant to the letters I emailed to you and others on October 22 and 25, I called you today to further meet and confer regarding the issues raised in those letters, but got voice-mail.  (Valerie and Dr. Zada were on the phone as well.)  If you wish to further meet and confer regarding this matter, please call me either today or tomorrow to do so.  Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges.  If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

---

**From:**
**Sent:**
**To:**
**Cc:**

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone   (310) 617-8100
                     (818) 992-7500
E-mail:  jeff@mausnerlaw.com

October 27, 2009

*Via Email*

Rachel Herrick Kassabian, Esq.
Thomas Nolan, Esq.
Michael Zeller, Esq.
Brad Love, Esq.
Andrea Roberts, Esq.
Charles Verhoeven, Esq.
Quinn Emanuel
865 S. Figueroa Street
10th Floor
Los Angeles, California 90017

> Re:     Perfect 10 v. Google

Dear Counsel:

      This letter responds to Tom Nolan's email of October 26, 2009.  We believe that Perfect 10 has more than complied with Local Rule 7-3, by sending you my October 22, 2009 letter and my very extensive October 25, 2009 letter, and by making two efforts to place conference calls to you.  Perfect 10 has also addressed the questions in Mr. Nolan's October 23, 2009 email in its two prior meet and confer letters, including Questions 4, 5, and 6.  Nevertheless, we will provide additional information below.

      As explained in my letter of October 25, 2009, Google converted an easy to search and sort Excel spreadsheet into more than one thousand separate pieces.  Google then made these pieces even more unsearchable and unsortable by converting them to a different format.  As a result, Perfect 10 only realized that Google had failed to produce thousands of pages of DMCA notices in the last few weeks, when it finally was able to fully analyze the converted spreadsheet fragments and compare them to Google's disorganized, garbled, redacted, and often duplicative document production.

      By failing to produce many DMCA notices, Google has deprived Perfect 10 of much evidence directly relevant to numerous issues raised by Google's summary judgment motions, including: (i) whether Google has suitably implemented a repeat infringer policy; (ii) whether Google expeditiously removed or disabled access to the infringing material; (iii) what Google considers to be a compliant DMCA notice; and (iv) whether Google is entitled to safe harbor protection under the DMCA.  If Google processed a notice from another copyright owner similar to Perfect 10's notices, Google has no basis to argue that Perfect 10's notices are non-compliant.  Furthermore, Google's failure to produce these documents prevented Perfect 10 from finding other witnesses (besides Ms. Eden and Messrs. Schwartz, Newton, and Hoffman) who could

testify that Google did not expeditiously remove their infringing materials as well. Google's failure to produce these documents prevented Perfect 10 from analyzing whether Google terminated repeat infringers mentioned in the documents, or whether Google expeditiously removed infringing materials mentioned therein.

The above discussion, as well as the discussion in my prior meet and confer letters, sets forth just a few of the many ways in which Perfect 10 has been prejudiced by Google's failure to comply with Court orders and its discovery obligations. There is no simple way to correct for Google's failure to produce thousands of pages of documents, whose content remains unknown, and which may be incredibly relevant to Google's motions for summary judgment. There is also no simple way to correct for Google's ongoing obstruction of discovery. Accordingly, we request that Google agree to imposition of the sanctions set forth in my October 22 letter. If Google is willing to agree to such sanctions, please let us know. Because Google's pending motions for summary judgment are very much dependent on the documents that Google has failed to produce, Perfect 10 will be forced to go forward with its motion for sanctions at this time unless you agree to take Google's summary judgment motions off calendar, and produce the missing discovery. We cannot wait for your "investigation."

Finally, in response to the last sentence of Mr. Nolan's October 26, 2009 email, do not assume that there are no other ways in which Google has failed to comply with court orders, failed to comply with its discovery obligations, or otherwise obstructed the discovery process. Google's improper course of conduct will be fully set forth in Perfect 10's motion for sanctions. Nevertheless, Perfect 10 has fully complied with Local Rule 7-3 by sending its October 22, 25, and 26 meet and confer letters and by seeking to discuss these matters in two separate telephone conferences.

Sincerely,

*Jeffrey N. Mausner*

Jeffrey N. Mausner

cc: Counsel for Amazon.com

November 2, 2009
Letter

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Monday, November 02, 2009 10:19 AM |
| **To:** | 'Thomas Nolan' |
| **Cc:** | 'Michael T Zeller'; 'Rachel Herrick Kassabian'; 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'Valerie Kincaid'; 'Brad R. Love'; 'Andrea P Roberts'; 'Charles K Verhoeven'; 'ajmalutta@townsend.com'; 'glcincone@townsend.com'; 'Steiner, Elham F.' |
| **Subject:** | RE: Conference of Counsel re Evidentiary Sanctions |
| **Attachments:** | Letter to Counsel for Google No 4 re Evidentiary Sanctions against Google 11-2-09.pdf |

Please see the attached letter.  Jeff.


This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges.  If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.


Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

---

| | |
|---|---|
| **From:** | |
| **Sent:** | 1   1 |
| **To:** | |
| **Cc:** | |

**Subject:**

Jeff,


We have received your letter dated October 27, 2009.


Suffice to say that, as with your previous letters, Google disagrees with the false accusations and personal attacks in your letter.  Those issues aside, Perfect 10 most certainly has not complied with its meet-and-confer obligations under the Local Rules.  Your written correspondence makes numerous accusations regarding various discovery matters dating back more than four years.  As I said before, Google is investigating those accusations as it best understands them, given the limited information Perfect 10 has provided to date.  However, your correspondence explicitly states that it does not "fully set forth" all of Perfect 10's apparent concerns, and it still has failed to meaningfully answer my questions 4, 5, and 6 below even with respect to the "sample" it does describe.  Further, your correspondence fails to identify all the relief Perfect 10 apparently will seek, or any legal basis Perfect 10 might claim for it.  Indeed, Perfect 10 has yet to cite a single case which would support its arguments.  And as for your claims regarding "efforts to place conference calls," even assuming Google had been extended sufficient time to investigate the issues raised (which we have not), you have never extended the courtesy of telling us what time you expected to "place" such a call – you simply try to "ambush" us.  Indeed, though you knew that Ms. Kassabian was out of the office from October 19 through October 26 (returning October 27),

you placed two such supposed "meet and confer" calls to her office during this time – knowing she wouldn't be there to answer. That is not a good faith meet and confer effort.

Again, if Perfect 10 wishes to bring a motion for "sanctions" on one or more issues, it must provide a complete list of those issues (including identification of all categories of allegedly missing documents), so that Google can investigate them and the parties can attempt to resolve them via meet and confer. Perfect 10's intended motion may be mooted in whole or in part by this process, thereby saving the Court from having to deal with a premature motion like the one you propose. In any event, Perfect 10 first raised these issues just six days ago – and has not yet even bothered to provide Google with notice of the basic information and authorities supporting its accusations. If Perfect 10 fails to meet these basic meet-and-confer obligations, and fails to give Google a reasonable opportunity to investigate and respond to Perfect 10's accusations, Perfect 10 will *itself* be subject to sanctions. *See* Local Rules 11-9 and 83-7.

Lastly, since your October 27 letter again fails to identify any additional issues about which Perfect 10 intends to file a motion, Google can only assume that there are none. With respect to the issues Perfect 10 has identified in its October 22, 25 and 27 correspondence, we will investigate them expeditiously and get back to you with our written response in due course.

Best Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: thomasnolan@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:**
**Sent:**                                    11
**To:**
**Cc:**

**Subject:**

Please see the attached letter. Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone    (310) 617-8100
              (818) 992-7500
E-mail:  jeff@mausnerlaw.com

November 2, 2009

*Via Email*

Rachel Herrick Kassabian, Esq.
Thomas Nolan, Esq.
Michael Zeller, Esq.
Brad Love, Esq.
Andrea Roberts, Esq.
Charles Verhoeven, Esq.
Quinn Emanuel
865 S. Figueroa Street
10th Floor
Los Angeles, California 90017

   Re: Perfect 10 v. Google

Dear Counsel:

   This letter responds to Tom Nolan's email of October 28, 2009.  In that email, he requested that Perfect 10 provide a legal basis for the relief it intends to request in connection with its motion for sanctions (the "Motion").  Although Perfect 10 is not obligated to do Google's legal research regarding this issue, the law is well settled that preclusionary sanctions may be awarded in the court's discretion in cases where a party has failed to produce documents ordered to be produced or has "stonewalled" the other party with respect to production obligations.  *See* generally *Arista Records LLC v. Usenet.Com. Inc.* 633 F.Supp. 2d 124, 134, 138 (S.D.N.Y. 2009) (district courts have wide discretion to determine appropriate sanction for discovery abuses under Rule 37 and under their inherent power); *Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 267 (2d Cir. 1999)(accord); s*ee also Clinton v. California Dept. of Corrections*, 2009 WL 1308984,*2 (E.D Cal. May 11, 2009)(sanctions may be imposed for failing to comply with court order regarding discovery include precluding …a claim or defense); *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337-1338 (9th Cir. 1985)(district courts may rely on inherent powers to penalize some forms of discovery abuse).  *See also* the cases cited in the above cases.  In fact, in *Arista Records,* the district court specifically imposed sanctions similar to those sought by Perfect 10 because of Defendants' discovery abuse:

> I find that the appropriate sanction in this case is to preclude Defendants from asserting their affirmative defense of protection under the DMCA's safe harbor provision. Because Defendants' motion for summary judgment is premised on their entitlement to such protection, that motion is mooted and will be dismissed.

*Arista Records,* 633 F.Supp.2d at 142.  Moreover, as the aforementioned cases hold, FRCP 37 clearly provides for sanctions if a party fails to obey an order to provide discovery, which sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Rule 37(b)(2)(A).  Perfect 10 is not limited to the above authority as support for its position or the relief sought in the Motion.  It is providing the same to you as a courtesy per your request.


Sincerely,

*Jeffrey N. Mausner*

Jeffrey N. Mausner

cc:  Counsel for Amazon.com

November 20, 2009
Letter

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Brad R. Love [bradlove@quinnemanuel.com] |
| **Sent:** | Friday, November 20, 2009 10:54 AM |
| **To:** | Jeffrey Mausner |
| **Cc:** | Rachel Herrick Kassabian; Michael T Zeller; 'Valerie Kincaid' |
| **Subject:** | Perfect 10, Inc. v. Google Inc. - Conference of Counsel |
| **Attachments:** | 11-20-09 Letter to Jeffrey Mausner.pdf |

Jeff,

Please see the attached letter.

Brad Love
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6330
Main Phone: (415) 875-6600
Main Fax: (415) 875-6700
E-mail: bradlove@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

November 20, 2009

<u>VIA E-MAIL AND U.S. MAIL</u>

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367
Email: jeff@mausnerlaw.com

Re:     *Perfect 10, Inc. v. Google Inc: Perfect 10, Inc.'s proposed motion for evidentiary*
        *sanctions and/or appointment of a special master*

Dear Jeff:

I write in response to your letters dated October 22, October 25, October 27, and November 2, 2009. Perfect 10's ("P10") demand for evidentiary sanctions on the issue of DMCA safe harbor is groundless for several reasons.

As a preliminary matter, despite our repeated requests, P10 has failed to articulate how any of the alleged issues identified in your letters are relevant to Google's motions for summary judgment regarding DMCA safe harbor, which have been fully briefed and are presently under submission with the Court. Nor does P10 identify any authority supporting its claimed entitlement to evidentiary sanctions. Indeed, as to many of the issues raised (including Issues 6-10 below), P10 does not even identify what specific relief it is seeking in the first place.

Moreover, P10 has unequivocally confirmed that DMCA-related discovery is complete and that Google's entitlement to DMCA safe harbor is ripe for resolution by the Court: first, by filing its own motions for summary judgment on this same issue, and second, by declining to file a Rule 56(f) motion in opposition to Google's motions. Consequently, P10's belated claim that it has been deprived of evidence relevant to Google's pending summary judgment motions simply is not credible. *See Filiatrault v. Comverse Technology, Inc.*, 275 F.3d 131, 138 (1st Cir. 2001)

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

(filing a cross-motion for summary judgment constitutes "an acknowledgment by the plaintiff that he had sufficient knowledge of the situation" and "almost invariably indicates that the moving party was not prejudiced by a lack of discovery.").

This is underscored by the fact that every single one of the supposed violations of court orders upon which P10 bases its claim for evidentiary sanctions dates back *years* before Google filed its DMCA motions. That P10 never timely raised any supposed discovery concerns via a motion before Judge Hillman or a Rule 56(f) motion before Judge Matz, but instead waited until many weeks after the completion of briefing on Google's motions for summary judgment (and many months or years after those supposed concerns arose), further dooms Perfect 10's demands. *See Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 23 (1st Cir. 1999) ("Ordinarily, a party may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful."). P10's delay is even more inexcusable in light of the fact that:

- DMCA issues have been discussed in this case as early as 2005, in connection with the preliminary injunction briefing;

- Perfect 10 has had more than five years to take DMCA-related discovery;

- P10 has scheduled and taken three full days of deposition of Google's Rule 30(b)(6) designees on DMCA issues;

- The parties had discussed Google's planned DMCA motions (and P10's planned cross-motion) for nearly a year prior to Google's filing of same;

- P10 has made repeated representations to Google and the Court that the DMCA safe harbor issue is ripe for summary judgment;[1]

- The parties have sought (and been provided) the Court's guidance on the sequence of summary judgment briefing, including briefing regarding DMCA safe harbor issues, based on the status of discovery in the case; and

- The parties agreed on an extended DMCA summary judgment briefing schedule to accommodate P10's request for extra time to prepare its opposition materials.

Simply put, Google's DMCA motions came as no surprise to P10, and P10 had ample opportunity – at any one of the above-referenced junctures – to alert Google and/or the Court to the fact that more discovery was needed, if indeed that were the case. P10 did not do so, and instead, filed its own cross-motion. Worse, even were additional DMCA-related discovery needed (which it is not), P10 failed to diligently conduct that discovery during the five-year pendency of this case. P10's claimed excuse for its delay (that it only recently reviewed certain

---

[1] *See* April 23, 2009 Letter from Jeffrey Mausner to Google; P10's Opposition to Google's Motion for Scheduling Order dated May 17, 2009; Transcript of September 4, 2009 hearing before Judge Hillman, at 15:2-9.

2

documents Google produced more than fourteen months ago), is no excuse at all, and in any event pertains to only two of the ten discovery issues P10 identified in its correspondence.

Notwithstanding the absence of any factual basis for P10's accusations nor any legal basis for its demands, we respond to each of P10's claimed issues in turn below.

**ISSUE ONE:  P10's claim that Google has failed to produce thousands of notices regarding intellectual property violations which Google claimed it had produced.**

P10 claims that "Google has failed to produce thousands of DMCA notices containing the URLs identified in its 'Blogger Log'," which P10 claims Google previously agreed to produce. This is incorrect.  P10 never served a document request seeking DMCA notices of any kind, let alone DMCA notices regarding Blogger.  Nor did Google ever agree to produce DMCA notices regarding Blogger.  Your letter claims that such documents were called for by P10's Request for Production No. 196 (served in January 2007, a year and half before P10 sought to add Blogger claims to its complaint), which sought "Google's DMCA log of DMCA notices received from 3rd parties."  Not so; this request asks for a log, not notices.  Google's response, served February 23, 2007, stated in relevant part:

> Google further objects to the request as duplicative of Plaintiff's Request No. 51, which called for "GOOGLE's DMCA Log for the years 2001 through 2005, or any other DOCUMENTS sufficient to IDENTIFY all ENTITIES other than Perfect 10 from whom GOOGLE has received a notice regarding an intellectual property violation, the URLs complained about in each notice from each such ENTITY, and the dates of the complaints for each such URL.  These DOCUMENTS should be provided in electronic format if available."  Google already produced documents responsive to Request No. 51, constituting all notices received by Google regarding intellectual property violations.

Thus, in lieu of producing a DMCA log in 2007, Google directed P10 to the DMCA notices it had previously produced in response to Request No. 51.  Those notices pertained to Web Search and Image Search; Blogger was not then at issue in this case.  Plainly, Google's confirmation in 2007 that it had produced Search-related DMCA notices did not constitute an agreement to produce documents pertaining to matters that were then irrelevant to the scope of the complaint.  Moreover, Request No. 51 sought *either* Google's DMCA log *or* other documents sufficient to identify third party DMCA complainants and the URLs complained of.  Google has since produced the Blogger tracking spreadsheets, which is all Request No. 51 requires. Google's production of its Blogger tracking spreadsheets also satisfies Request No. 196.

**ISSUE TWO:  P10's claim that Google has failed to produce all notices of termination as required by Judge Hillman's May 22, 2006 Order.**

P10 claims that "Google has not produced any of the DMCA notices related to any of the 'TSOs' that appear in Google's 'Blogger Log.'  Nor has Google produced a repeat infringer policy which mentions 'three strikes.'"  In fact, as referenced above, P10 has never served a document request asking for the production of third-party Blogger DMCA notices, nor has the Court ever ordered such a production.  Further, to the extent you meant to refer to notices *of termination*

pertaining to Blogger, P10 has never served a document request seeking such documents. Nor did the Court's May 2006 Order require Google to produce Blogger termination notices, given that Blogger was not at issue in May 2006.

Your letters likewise fail to identify any discovery request – much less any court order – that requires Google to produce "a repeat infringer policy which mentions 'three strikes.'" Pursuant to P10's Request for Production No. 30, Google has already produced the non-privileged documents that constitute or embody its repeat infringer policy. For instance, documents responsive to that request were produced at GGL 000322-000324, 007340-007461, 027293-027914, 031777-031782, 032345-32340, 032372-32390, 033243-033244, 052395-052411, 052476-052910, 053972-053974, and 053976-053978. In addition, Google has produced the actual processing documents that reflect Google's application of its repeat infringer policy.

**ISSUE THREE: P10's claim that Google Has Failed To Produce A DMCA Log As Ordered By Judge Matz and Judge Hillman.**

P10 claims that "Google failed to comply with Judge Matz's May 13, 2008 Order, which required Google to produce its 'spreadsheet-style' DMCA log." This is incorrect. P10's correspondence admits that Google has produced at least 23,000 pages of documents responsive to this order, and that many of those responsive documents were spreadsheet-type documents. For example, spreadsheet-style documents responsive to that order include GGL 028146-030078, 031711-031776, 032352-032368, 033245-033427, 044874-046024, 049354-050904, 053039-053184, 053438-053550, 053936-053939 and 053945-053971. Many of these spreadsheet-style documents were submitted to the Court in support of Google's DMCA motions, and P10 referenced them in its opposition papers. There has been no failure to produce.

Your letter also complains that Google's DMCA logs were "unsortable," "essentially unsearchable," "incomplete and had portions redacted." These claims are similarly unfounded. Google's DMCA tracking spreadsheets were produced in a fully-searchable format, consistent with standard litigation practice – a courtesy that, for its part, P10 has refused to provide with its massive and disorganized productions. Additionally, the redactions in those documents pertain to confidential attorney-client communications and attorney work product. Moreover, the Court did not require Google to produce the DMCA logs in any particular format, nor did P10 request it (other than requesting "electronic format," which Google complied with). In fact, P10 *expressly agreed* that Google could produce documents in single-page TIFF format with Concordance and Opticon load files. *See* April 30, 2008 email from Jeffrey Mausner to Rachel Herrick regarding production of documents. P10 cannot now complain about a method of production it agreed to more than eighteen months ago.

**ISSUE FOUR: P10's claim that Google Has Failed To Produce Communications With Infringing Webmasters As Required By Judge Hillman's May 22, 2006 Order.**

P10 claims that "Google has failed to obey Judge Hillman's May 22, 2006 Order, requiring Google to produce all documents in response to Perfect 10's Request for Production of Documents No. 29, modified as follows: 'All documents that relate to, constitute or embody communications between Google and the owners of the following websites, *to the extent that*

*ownership information is reflected in Google's records*: [lengthy listing of websites].'" This too is incorrect. As Google has explained to P10 in various discovery responses and at the February 21, 2006 hearing on P10's motion to compel, Google generally cannot identify the "owners" of the websites listed in Request No. 29 based on any accessible records at its disposal. Recognizing this fact, Judge Hillman specifically limited his order regarding Request No. 29 to the specified communications "*to the extent that ownership information is reflected in Google's records*." As Judge Hillman confirmed at the hearing on P10's motion to compel, "I'm not requiring Google to do independent fieldwork or research to come up with the owners." Transcript of February 21, 2006 Hearing before Judge Hillman, at 73:17-19. Google did all that Judge Hillman's order required, and your letter points to no basis for concluding otherwise.[2]

## ISSUE FIVE:  P10's Claim that Google Has Failed To Comply With Judge Matz's May 13, 2008 Order Regarding Critical Reports, Studies, and Internal Memoranda (Request For Production Nos. 128-131 and 194-195).

P10 claims that "Google produced almost nothing" in response to Judge Matz's order on P10's Request Nos. 128-131 and 194-195. In fact, Google produced over 10,000 pages of responsive documents. *See* GGL 034588-044851. The collection, review and production of documents responsive to P10's imprecise and largely irrelevant requests was incredibly burdensome and expensive and took many weeks. The scale of the search Google undertook in order to collect and produce responsive documents was immense, and it more than satisfied Google's discovery obligations under the Federal Rules and Judge Matz's order. Nevertheless, in an effort to resolve P10's concerns through the meet and confer process, we have undertaken a further search to locate the single specific "report" your letter mentions, namely, Mr. Brougher's request for information about the percentage of searches for cities and states. Though this report is completely irrelevant to P10's claims, through our additional search efforts we have located the document we believe Mr. Brougher was referring to in his deposition. We will produce this document under separate cover, designated as "Highly Confidential" under the Protective Order.

P10's additional claim that Google "must have" certain categories of documents but did not produce them is erroneous speculation. As for the specific examples in your letter, none have merit. First, regarding search frequency reports, such reports indeed were produced to P10, on July 16, 2008, at GGL 034588-035755 and 039281-044575. Second, P10's supposition that Messrs. Brougher, Drummond & Schmidt and Ms. Wojcicki must have possessed certain other general categories of documents is conjecture and incorrect. In fact, Mr. Brougher confirmed in deposition that he had never seen any reports regarding the percentage of searches for adult content or the percentage of searches done with the safe search filter off. *See* Transcript of the January 11, 2007 Deposition of Bill Brougher, at 81:18-82:3. He also testified that Google only keeps traffic reports, and that he had never received any of the type of "user behavior" reports P10 sought by these requests. *Id.* at 104:25-107:17.

---

[2]  Additionally, even assuming additional communications could be located without "independent fieldwork or research," your letter fails to articulate how communications with the owners of the websites listed in Request No. 29 "regarding payments or other matters" would be relevant to Google's pending DMCA motions. They are not.

Finally, these categories of documents – reports, studies or internal memoranda regarding search query frequencies, search query frequencies for adult-related terms, number of clicks on adult images and images in general, traffic to infringing websites, the draw of adult content, and percentage of searches conducted with the safe search filter off – have absolutely no bearing on Google's DMCA motions, nor has P10 articulated any basis for their relevance.  Indeed, in its DMCA opposition materials P10 did not bother to cite or submit any of the more than 10,000 pages of responsive documents Google produced.

## ISSUE SIX:  P10's claim that Google Has Systematically Refused To Answer Almost All Discovery Requests.[3]

P10 claims that Google has "attempt[ed] to obstruct discovery on all fronts."  This is false.  First, P10 urges that Google "failed to provide adequate answers to any of the 23 Interrogatories originally propounded by Perfect 10."  In fact, P10 ***voluntarily withdrew*** its 23 initial interrogatories and propounded new interrogatories covering similar subject matter.  Google answered all but two of the new interrogatories, and those two (objectionable) interrogatories were expressly deferred in the Court's May 22, 2006 Order, thus requiring no further response.  P10 has not met and conferred with Google regarding any supposed deficiencies in Google's interrogatory responses, nor has P10 sought leave to propound additional interrogatories, as it must before it could compel responses to the supernumerary interrogatories it served.  Thus, P10 has no basis to attack or seek to compel further responses to its subsequent interrogatories, much less seek any sort of sanctions against Google based thereon.

Second, all but two of the specific requests for production identified in your letter have already been the subject of a motion to compel brought by P10, and that motion has been resolved.  As described above, P10 has failed to raise any legitimate complaints regarding Google's compliance with Judge Hillman's May 2006 order, which ruled on that motion to compel.  That Order denied, deferred or took under submission P10's motion to compel as to many of the requests referenced in your letter, including Request Nos. 9, 10, 11, 15, 18, 19, 20, 21, 24, 25, 35, 39, 40, 41, 42, 43, 44, 45, 46, 49, 50, 52, and 62 (such that no further response is required), and P10 has failed to articulate any basis for criticism of Google's compliance with the Court's order on the remaining requests, or regarding Google's production in response to Request Nos. 63 and 64.  If P10 wishes to conduct a meaningful meet and confer regarding Google's responses to any of those requests, please provide the necessary information pursuant to Local Rule 37-1.

Finally, P10 claims that Google has refused to produce "documents to identify the owners of its AdSense and Blogger sites" in response to P10's Tenth Set of Requests for Production.  However, your letter fails to identify any specific discovery request(s) at issue, any basis for

---

[3]  Even assuming Issues Six through Ten had merit – which they do not – P10 has not identified what relief (if any) it intends to seek on them.  None of these Issues concern alleged violations of a discovery order.  Rule 37 sanctions are only available when a party has failed to comply with a prior court order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(A).  Moreover, none of these issues has any bearing on the issues presented in Google's DMCA motions.

relevance of the requested documents, nor any legal authority for its position. Again, if P10 wishes to conduct a meaningful meet and confer regarding Google's responses to those requests, please provide the necessary information pursuant to Local Rule 37-1.

## ISSUE SEVEN: P10's Claim that Google Has Insisted On Narrowing Requests To The Point Where There Were No Responsive Documents.

P10 argues that during the briefing and argument on one of P10's motions to compel, Google argued for narrower requests, knowing that no responsive documents existed. The assertion is groundless. As for the single example P10 gives, regarding certain of Google's Board of Director minutes, Google's initial objections of irrelevance and overbreadth had merit, and the Court agreed, narrowing P10's request accordingly. P10's accusation that Google intentionally misled the Court on this issue is unfounded and false. Google reserves all rights, including seeking Rule 11 sanctions against Perfect 10's counsel, should P10 bring a motion based on such fabrications.

## ISSUE EIGHT: P10's Claim that Google Has Made False And Contradictory Discovery Responses.

P10 claims that "the documents and/or answers that Google has provided often are clearly deficient or incorrect." P10 is wrong.

First, P10 claims that Google has failed to produce search query frequency reports, and that Google's Response to Interrogatory No. 24 was deficient or incorrect. As described in Google's response to Issue 5 above, Google *has* produced the search query frequency reports for Web Search and Image Search, at GGL 034588-035755 and 039281-044575. Those reports reflect the same terms (such as "hovawart," "allinurl: 'alertingservice,'" and "'sea turtle' OR 'marine turtle'") reflected in Google's Response to Interrogatory No. 24. *See* GGL 044371 & 039486. Google's Response to Interrogatory No. 24 was not deficient or incorrect.

Second, P10 references a report "detailing the number of clicks on various Perfect 10 images in Google's Image Search results," but fails to identify how Google's production of this report was deficient in any way. Nor does P10 articulate how Google's production of this report supports P10's proposed motion for sanctions. In any event, Google's production of this report was not deficient or incorrect in any respect.

Third, P10 claims that Google's Response to Interrogatory No. 5 is inconsistent with various declarations Mr. Brougher has submitted. Not so. In fact, it is nearly identical to the statements in Mr. Brougher's declarations.

Fourth, P10 claims that Google's responses to certain Requests for Admission were substantively incorrect. This too is false, and your letter presents no evidence to the contrary. Nor, in any event, is this even arguably a basis for evidentiary sanctions. *See* Fed. R. Civ. P. 37(c)(2).

## ISSUE NINE: P10's Claim that Google Has Designated Witnesses In Response To Rule 30(B)(6) Notices Who Have Not Been Able To Answer Basic Questions.

P10 claims that Google has designated 30(b)(6) witnesses who were not prepared to answer questions. This is not correct. The only example P10 provides is a line of questions to Mr. Brougher regarding sex-related search queries, which (1) has absolutely no bearing on DMCA issues, and (2) were data-related questions that P10 could not reasonably have expected Mr. Brougher to answer from memory. In fact, Mr. Brougher testified that Google had supplied P10 with a list of the most popular searches in an interrogatory response, and that he could answer questions about popular search queries from that chart if Perfect 10 would provide him with it. *See* Transcript of the January 11, 2007 Deposition of Bill Brougher, at 125:10-11. When P10 asked several questions about whether certain terms were "popular," Mr. Brougher repeated, "We could take a look at the table [contained in Google's interrogatory responses] to find out." *Id.*, at 126:19-20. Google's counsel also specifically objected to this improper line of questioning. In any event, these questions were asked of Mr. Brougher during his deposition in January 2007 – nearly three ago, and two and a half years before Google filed its DMCA motions. If P10 believed it was entitled to different answers, it should have raised that issue *years* ago.

## ISSUE TEN: P10's Claim that Google Made False Statements In Opposition To Perfect 10's Motion For Preliminary Injunction

Lastly, P10 claims that "Mr. Macgillivray made a number of statements in his [preliminary injunction] declaration that misled both the District Court and the Ninth Circuit in a variety of ways that may have affected the Ninth Circuit's ultimate ruling and severely prejudiced Perfect 10." Setting aside the woeful untimeliness of this accusation, it is baseless and false. Mr. MacGillivray's testimony regarding Google's Web Search, cache, Image Search, and DMCA policies was accurate.

In sum, none of the claimed discovery issues identified in your correspondence has any merit. Nor has P10 identified any legal basis for its claim to evidentiary sanctions. First and foremost, P10 could not even move to compel several of the above-referenced categories of documents, much less seek sanctions on them, since P10 has never even requested such documents. *See Bermudez v. Duenas*, 936 F.2d 1064, 1068 (9th Cir. 1991) (upholding denial of motion to compel as premature when party had not yet requested the documents under Rule 34); *Precision Seed Co. v. Consolidated Grain & Barge Co.*, 2006 WL 1339430, at *4 (S.D. Ohio May 16, 2006) (denying motion for sanctions where defendant "was not obliged to produce" the documents at issue in response to the amended discovery request).

Moreover, even with respect to the categories of documents P10 did request and obtain a discovery order on, Google has complied with those orders. Further, even had Google not done so, P10 has not come close to establishing that (or even addressing whether) evidentiary sanctions of the type it proposes are appropriate under the governing five-factor test. *See Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) ("*Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), requires us to determine whether a sanction is proper under a five-factor test analyzing: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions.") Nor could P10 meet that test. Among other reasons, P10 may not now assert prejudice when it has elected to (1)

oppose Google's DMCA motions on the merits and (2) file cross-motions for summary judgment on the same issues. *See Filiatrault*, 275 F.3d at 138.

Your letters cite no authority to the contrary. *Arista* and *Reilly* are cases regarding willful or grossly negligent spoliation of evidence, and thus have no bearing on P10's accusations. *See Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp.2d 124, 141 (S.D.N.Y. 2009) (awarding sanctions for the willful spoliation of documents "among the most critical in assessing Defendants' knowledge and fostering of, or material contribution to, copyright infringement"); *Reilly v. Natwest Markets Group Inc.*, 181 F.2d 253, 268 (2d Cir. 1999) (upholding award of sanctions for spoliation that resulted from a party's gross negligence). Similarly, *Fjelstad* and *Clinton* are even more inapposite because both <u>refused</u> to impose the requested sanctions even after finding that a party *had* violated an order compelling discovery. *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1342 (9th Cir. 1985) (overruling the imposition of sanctions because"[s]anctions imposed under Rule 37(b)(2) must be specifically related to the particular 'claim' which was at issue in the order to provide discovery"); *Clinton v. California Dept. of Corrections*, 2009 WL 1308984, at *6 (E.D. Cal. May 11, 2009) (refusing to impose sanctions to give party "one last opportunity to produce the documents" required by the court's order).

If Perfect 10 has any further discovery concerns, please provide them.

Sincerely,

Rachel Herrick Kassabian

RHK:brl