QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S MOTION FOR A DOCUMENT PRESERVATION ORDER TO PREVENT FURTHER SPOLIATION OF EVIDENCE BY PERFECT 10, INC.**<br><br>Hon. Stephen J. Hillman<br><br>Courtroom.: 550<br>Hearing Date: January 11, 2010<br>Hearing Time: 2:00 pm<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |

I, Rachel Herrick Kassabian, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, could and would competently testify thereto.

2. On August 18, 2009, I took the deposition of Perfect 10 ("P10") employee Wendy Augustine.

3. Attached as Exhibit A is a true and correct copy of a letter I sent to P10's counsel Jeff Mausner dated August 25, 2009, initiating meet and confer regarding P10's deletion of emails during the pendency of this litigation ███ ███████████████████████. Among other things, my letter asks P10 to immediately stop deleting employee emails, and to provide information regarding the scope and extent of P10's email destruction activities.

4. Attached as Exhibit B is a true and correct copy of P10's September 8, 2009 letter responding to my August 25, 2009 correspondence. Among other things, Mr. Mausner states, ████████████████████ ███████████████████████ but otherwise did not provide the information I had asked for regarding the scope and extent of P10's email destruction. Mr. Mausner's letter also declined to confirm that P10 would immediately ████████████████████ prevent any further deletion of emails.

5. Attached as Exhibit C is a true and correct copy of a letter I sent to Mr. Mausner dated September 18, 2009, repeating Google's request that P10 stop deleting employee emails and provide information regarding the scope and extent of P10's email destruction activities.

6. On October 7, 2009, Mr. Mausner responded to my September 18, 2009 letter by email, stating, "I don't have time to respond to this right now." Attached as Exhibit D is a true and correct copy of Mr. Mausner's October 7 email.

7. Another month passed with no word from P10 regarding the document destruction issues first raised in my August 25, 2009 letter. On November 24, 2009, my colleague Tom Nolan sent P10 an email (with a copy to me) again asking for a substantive response to my August 25 and September 18 letters. Mr. Nolan's email is attached hereto as Exhibit E.

8. On December 1, 2009 Mr. Mausner responded, disagreeing with my earlier letters but still refusing to confirm that P10 would stop deleting employee emails, and refusing to provide answers to any of the questions my letters posed regarding the scope and extent of P10's email deletion activities. Mr. Mausner's December 1 email is attached hereto as Exhibit F.

9. On December 2, 2009, I responded to Mr. Mausner's December 1 email, explaining that P10 has had nearly 3 ½ months to respond to the document destruction issues we raised ███████████████, and that Google could wait no longer to raise these issues with the Court, especially given the ongoing nature of the document destruction.

10. As of the date of this declaration, P10 has not confirmed that P10 has changed the settings on its employees' computers to prevent the automatic deletion of emails, nor has P10 answered any of the questions about P10's document destruction activities contained in my August 25 and September 18, 2009 correspondence.

11. Attached as Exhibit G is a true and correct copy of the signature page and "errata" submitted by Wendy Augustine in reviewing the transcript of her August 18, 2009 deposition, dated November 6, 2009.

12. Attached as Exhibit H is a true and correct copy of excerpts of the transcript of the August 18, 2009 deposition of P10 employee Wendy Augustine.

13. Attached as Exhibit I is a true and correct copy of excerpts of the transcript of the September 9, 2009 deposition of part-time P10 employee Sheena Chou.

14. Under my direction, paralegals working at my firm have attempted to locate all of the emails produced by P10 that were sent or received by P10 employees. In order to locate these documents, we searched P10's document production for the names of all known P10 employees and all email addresses for those employees that could be ascertained from P10's document production. These searches disclosed approximately 1000 emails sent or received by P10 employees. Approximately 680 of the emails sent or received by P10 employees were ███████████████████████████████████████████████████████████. Attached as Exhibit J is a true and correct copy of two such ███████ emails ███████████████████████████████████. An additional approximately 100 of the emails sent or received by P10 employees were either purported DMCA notices sent to Google or emails between Norm Zada and Google regarding Google's processing of P10's notices. Our searches of P10's document production turned up no emails between P10 employee Sheena Chou and any other P10 employee.

15. Google has served dozens of document requests to which various P10 employee emails would be responsive. For instance, in Google's First Set of Requests for Production of Documents dated March 3, 2005, Google requested "[a]ll documents concerning any communications between you and any government agency concerning copyrighted works claimed by you in this action" (Document Request No. 2), "[a]ll documents evidencing assignments or licenses of copyrights claimed by you in this action" (Document Request No. 3), "[a]ll documents

01980.51320/3240091.1

-4-   Case No. CV 04-9484 AHM (SHx) [Consolidated
      with Case No. CV 05-4753 AHM (SHx)]
DECLARATION OF RACHEL KASSABIAN IN SUPPORT OF GOOGLE'S MOTION FOR A DOCUMENT PRESERVATION ORDER

concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of trademark infringement" (Document Request No. 41), "[a]ll documents concerning the publicity rights claimed by you in this action, including, but not limited to, all licenses, releases, or assignments and all communications relating to such licenses, releases or assignments" (Document Request No. 42), and "[a]ll communications with persons whose publicity rights you claim to own or exercise, other than those communications requested in request number 42" (Document Request No. 50). Similarly, in Google's Fifth Set of Document Requests served April 23, 2007, Google requested "[a]ll documents constituting, comprising, evidencing, or reflecting communications concerning the transfer or acquisition of copyright rights for all copyrights claimed by you in this action" (Document Request No. 148), "[a]ll documents constituting, comprising, evidencing, or reflecting communications with Amber Smith, Amy Weber, Aria Giovanni, Irina Voronina, Monika Zsibrita, Nataskia Maren, Sasha Brinkova, Shannon Hobbs, and Talia Harvalik" (Document Request No. 153), "[a]ll documents concerning communications disputing your claim of ownership of any copyright or trademark rights" (Document Request No. 160), and "[a]ll documents concerning communications regarding rights claimed by others in names, likenesses, photographs, or other works claimed by you" (Document Request No. 161). Google's Third Set of Document Requests served March 31, 2006 also request "[a]ll documents constituting, comprising, evidencing, reflecting, or referring to communications to, from, or with Offir Gutelzon or persons or entities acting on his behalf" (Document Request No. 123) and "[a]ll documents constituting, comprising, evidencing, reflecting, or referring to communications to, from, or with PicScout Ltd. or persons or entities acting on its behalf" (Document Request No. 125). Attached hereto as Exhibit K are true and correct copies of excerpts of these document requests.

16. Google has also served document subpoenas on P10 employees Wendy Augustine and Sheena Chou. Attached as Exhibit L is a true and correct copy of Google's Subpoena for Documents and Testimony to Wendy Augustine dated May 22, 2009. The subpoena requested that Ms. Augustine produce various relevant communications, including "All communications between you and Perfect 10 regarding or relating to any of the Perfect 10 images in suit" and "all communications between you and Perfect 10 regarding or relating to Google or Google services." Attached as Exhibit M is a true and correct copy of Google's Subpoena for the Production of Documents to Sheena Chou dated September 29, 2009. The subpoena requested that Ms. Chou produce various relevant communications, including "[a]ll communications between you and Perfect 10 regarding or relating to Perfect 10 images being asserted in this action," "[a]ll communications between you and Perfect 10 regarding or relating to Google or Google services," and "[a]ll communications between you and Perfect 10 regarding or relating to Usenet access providers or password-protected websites."

17. Under my direction, paralegals at my firm also attempted to locate all of the emails sent or received by Wendy Augustine that P10 has produced to Google. In order to locate these documents, we searched for the name: "Wendy Augustine" and her P10 email address: "wendy@perfect10.com" in P10's document production. These searches disclosed approximately 71 emails sent or received by Wendy Augustine. Approximately 54 of those emails were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Attached as Exhibit N are true and correct copies of all 17 of the remaining emails sent or received by Wendy Augustine that we were able to locate in P10's document production.

18. Attached as Exhibit O is a true and correct copy of an email produced by On Line Creations, Inc. (an adult entertainment company that allegedly assigned certain images to P10) in response to Google's May 21, 2009 subpoena. ▮▮▮▮

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Under my direction, paralegals at my firm attempted to locate a copy of this document in P10's document production, but did not find it. This email is responsive to multiple document requests Google served on P10, including Request Nos. 3 ("All documents evidencing assignments or licenses of copyrights claimed by you in this action"), 148 ("All documents constituting, comprising, evidencing, or reflecting communications concerning the transfer or acquisition of copyright rights for all copyrights claimed by you in this action"), and 161 ("All documents concerning communications regarding rights claimed by others in names, likenesses, photographs, or other works claimed by you"). These document requests are included in Exhibit K.

19. Attached as Exhibit P are true and correct copies of emails produced by Nadine Schoenweitz A/K/A Nataskia Maren (a former P10 model whose publicity rights P10 claims to be asserting in this case) in response to Google's August 5, 2009 subpoena. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Under my direction, paralegals at my firm attempted to locate these documents in P10's document production but did not find them. These emails are responsive to multiple document requests Google served on P10, including Request Nos. 42 ("All documents concerning the publicity rights claimed by you in this action, including, but not limited to, all licenses, releases, or assignments and all communications relating to such licenses, releases or assignments"), 50 ("All communications with persons whose publicity rights you claim to own or exercise, other than those communications requested in request number 42"), 53 ("All documents concerning communications regarding ownership or control, by others, of publicity rights claimed by you in this case"), 54 ("All documents concerning your compliance with 18 U.S.C. § 2257 with respect to all

persons whose names or photographs underlie any of your claims in this action"), and 153 ("All documents constituting, comprising, evidencing, or reflecting communications with Amber Smith, Amy Weber, Aria Giovanni, Irina Voronina, Monika Zsibrita, Nataskia Maren, Sasha Brinkova, Shannon Hobbs, and Talia Harvalik"). These document requests are included in Exhibit K.

20. Attached as Exhibit Q are true and correct copies of emails produced by PicScout Inc. (an image recognition company that has done work for P10) in response to Google's October 30, 2008 subpoena. ███████████████████████████████████████████████████████████████████████████████ Under my direction, paralegals at my firm attempted to locate copies of these documents in P10's document production but did not find them. These emails are responsive to multiple document requests Google served on P10, including Request Nos. 123 ("All documents constituting, comprising, evidencing, reflecting, or referring to communications to, from, or with Offir Gutelzon or persons or entities acting on his behalf"), 125 ("All documents constituting, comprising, evidencing, reflecting, or referring to communications to, from, or with PicScout Ltd. or persons or entities acting on its behalf"), and 159 ("All documents concerning use of image recognition technology to identify potential or actual infringements of your rights on or via the Internet or search engines"). These document requests are included in Exhibit K.

21. Attached as Exhibit R is a true and correct copy of P10's Updated and Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(a), dated August 15, 2008, in which P10 identifies Ms. Augustine as a witness with knowledge of various subjects relevant to this case.

22. Attached as Exhibit S is a true and correct copy of a letter from P10's counsel Jeff Mausner to Amazon.com's counsel Tim Cahn dated September 22,

2009 that I received from Amazon.com's counsel, regarding P10's intention to use Ms. Augustine as a trial witness.

23. Attached as Exhibit T is a true and correct copy of P10's Updated Response to Google's Fourth Set of Interrogatories dated May 29, 2009, in which P10 identifies Ms. Augustine as a witness with knowledge of a variety of subjects relevant to this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed December 2, 2009 at San Francisco, California.

*Rachel Herrick Kassabian*
Rachel Herrick Kassabian

01980.51320/3240091.1

-9-  Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
DECLARATION OF RACHEL KASSABIAN IN SUPPORT OF GOOGLE'S MOTION FOR A DOCUMENT PRESERVATION ORDER