# EXHIBIT A

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT B

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT C

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT D

| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
|---|---|
| **Sent:** | Wednesday, October 07, 2009 12:35 AM |
| **To:** | Thomas Nolan |
| **Cc:** | Rachel Herrick Kassabian; 'Cahn, Timothy R.' |
| **Subject:** | RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine |

Tom, I don't have time to respond to this right now. I will respond after we have resolved everything regarding the discovery orders, produce the documents relating to Bruce Hersh's deposition and complete his deposition, complete the Amy Weber, Nadine Schoenweitz, and Sheena Chou depositions, and produce the documents from the discovery order. In the meantime, please advise me how much additional time you and Amazon believe you should have to complete Ms. Augustine's deposition.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Thursday, October 01, 2009 5:13 PM
**To:** Jeffrey Mausner
**Cc:** Rachel Herrick Kassabian; Cahn, Timothy R.
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

Please provide Perfect 10's final position in response to the attached letter (originally sent September 18, 2009) by the close of business tomorrow, October 2, 2009.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Thomas Nolan
**Sent:** Friday, September 18, 2009 6:19 PM
**To:** Jeff Mausner
**Cc:** Rachel Herrick Kassabian; Cahn, Timothy R.
**Subject:** Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

Exhibit D, Page 21

Please see the attached.

Best Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  thomasnolan@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT E

| From: | Thomas Nolan |
|---|---|
| Sent: | Tuesday, November 24, 2009 5:28 PM |
| To: | 'Jeffrey Mausner' |
| Cc: | Jansen, Mark T. ; 'Cahn, Timothy R.'; Malutta, Anthony J.; Steiner, Elham F.; Rachel Herrick Kassabian; 'Valerie Kincaid' |
| Subject: | RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine |
| Attachments: | Reply Ltr. to J. Mausner re. Augustine Deposition.pdf |

Jeff,

On October 7, you stated that you would respond to our questions regarding Perfect 10's apparent destruction of evidence, defendants' request for additional deposition time with Ms. Augustine, and other issues, after certain events set forth below. Virtually all of these events have come and gone, but we still have yet to receive any substantive response. In the hopes of avoiding motion practice, we're asking one more time that you please provide Perfect 10's final position regarding the issues in Google's September 18 letter (attached) as soon as possible, and in any event by the close of business on December 1, 2009.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Thomas Nolan
**Sent:** Thursday, October 08, 2009 4:09 PM
**To:** Jeffrey Mausner
**Cc:** Rachel Herrick Kassabian; 'Cahn, Timothy R.'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

I am sorry to hear that you are refusing to address any of the issues contained in Google's September 18, 2009 correspondence – including important and time-sensitive issues pertaining to Perfect 10's apparent destruction of evidence – until an unspecified time in early November, despite the fact that Google first raised these issues more than ten weeks ago on August 25, 2009. Accordingly, we will consider the meet-and-confer process on these issues completed and will seek relief from the court in due course.

Exhibit E, Page 23

As for Ms. Augustine's deposition, Amazon and Google believe we can complete our questioning in approximately 5 to 6 hours of testimony time, depending on the scope and extent of objections made during the deposition.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Wednesday, October 07, 2009 12:35 AM
**To:** Thomas Nolan
**Cc:** Rachel Herrick Kassabian; 'Cahn, Timothy R.'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Tom, I don't have time to respond to this right now. I will respond after we have resolved everything regarding the discovery orders, produce the documents relating to Bruce Hersh's deposition and complete his deposition, complete the Amy Weber, Nadine Schoenweitz, and Sheena Chou depositions, and produce the documents from the discovery order. In the meantime, please advise me how much additional time you and Amazon believe you should have to complete Ms. Augustine's deposition.

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Thursday, October 01, 2009 5:13 PM
**To:** Jeffrey Mausner
**Cc:** Rachel Herrick Kassabian; Cahn, Timothy R.
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

Please provide Perfect 10's final position in response to the attached letter (originally sent September 18, 2009) by the close of business tomorrow, October 2, 2009.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct

Exhibit E, Page 24

213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Thomas Nolan
**Sent:** Friday, September 18, 2009 6:19 PM
**To:** Jeff Mausner
**Cc:** Rachel Herrick Kassabian; Cahn, Timothy R.
**Subject:** Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

Please see the attached.

Best Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  thomasnolan@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT F

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Tuesday, December 01, 2009 2:06 PM |
| **To:** | Thomas Nolan |
| **Cc:** | 'Jansen, Mark T. '; 'Cahn, Timothy R.'; 'Malutta, Anthony J.'; 'Steiner, Elham F.'; Rachel Herrick Kassabian; 'Valerie Kincaid' |
| **Subject:** | RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine |

Tom and Rachel:

You raise three points in your letter. With regard to your first two points, Perfect 10 does not agree with Google. However, Perfect 10 is still considering your requests. Within two weeks, we will provide a response. I would note, however, that your statement "regarding Perfect 10's apparent destruction of evidence" is false. Perfect 10 has not destroyed any evidence. Other statements that you have made in your correspondence are incorrect as well.

With regard to your third point, Perfect 10 does not agree that any defendant has any valid basis for requesting that Ms. Augustine's deposition continue beyond the 7 hours set forth in the FRCP. You knew about this Rule, and should have conducted the deposition accordingly. However, in order to avoid motion practice on this issue, Perfect 10 will offer to make Ms. Augustine available for three (3) additional hours for all defendants so long as defendants agree not to ask for additional time beyond three hours. This offer will remain open for the next two months, unless earlier withdrawn.

Jeff.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Tuesday, November 24, 2009 5:28 PM
**To:** 'Jeffrey Mausner'
**Cc:** Jansen, Mark T. ; 'Cahn, Timothy R.'; Malutta, Anthony J.; Steiner, Elham F.; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

On October 7, you stated that you would respond to our questions regarding Perfect 10's apparent destruction of evidence, defendants' request for additional deposition time with Ms. Augustine, and other issues, after certain events set forth below. Virtually all of these events have come and gone, but we still have yet to receive any substantive response. In the hopes of avoiding motion practice, we're asking one more time that you please provide Perfect 10's final position regarding the issues in Google's September 18 letter (attached) as soon as possible, and in any event by the close of business on December 1, 2009.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct

Exhibit F, Page 26

213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Thomas Nolan
**Sent:** Thursday, October 08, 2009 4:09 PM
**To:** Jeffrey Mausner
**Cc:** Rachel Herrick Kassabian; 'Cahn, Timothy R.'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

I am sorry to hear that you are refusing to address any of the issues contained in Google's September 18, 2009 correspondence – including important and time-sensitive issues pertaining to Perfect 10's apparent destruction of evidence – until an unspecified time in early November, despite the fact that Google first raised these issues more than ten weeks ago on August 25, 2009.  Accordingly, we will consider the meet-and-confer process on these issues completed and will seek relief from the court in due course.

As for Ms. Augustine's deposition, Amazon and Google believe we can complete our questioning in approximately 5 to 6 hours of testimony time, depending on the scope and extent of objections made during the deposition.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Wednesday, October 07, 2009 12:35 AM
**To:** Thomas Nolan
**Cc:** Rachel Herrick Kassabian; 'Cahn, Timothy R.'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Exhibit F, Page 27

Tom, I don't have time to respond to this right now. I will respond after we have resolved everything regarding the discovery orders, produce the documents relating to Bruce Hersh's deposition and complete his deposition, complete the Amy Weber, Nadine Schoenweitz, and Sheena Chou depositions, and produce the documents from the discovery order. In the meantime, please advise me how much additional time you and Amazon believe you should have to complete Ms. Augustine's deposition.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Thursday, October 01, 2009 5:13 PM
**To:** Jeffrey Mausner
**Cc:** Rachel Herrick Kassabian; Cahn, Timothy R.
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

Please provide Perfect 10's final position in response to the attached letter (originally sent September 18, 2009) by the close of business tomorrow, October 2, 2009.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Thomas Nolan
**Sent:** Friday, September 18, 2009 6:19 PM
**To:** Jeff Mausner
**Cc:** Rachel Herrick Kassabian; Cahn, Timothy R.
**Subject:** Perfect 10, Inc. v. Google Inc.: Deposition of Wendy Augustine

Jeff,

Please see the attached.

Best Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000

Exhibit F, Page 28

Main Fax:  (213) 443-3100
E-mail:  thomasnolan@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT G

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT H

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT I

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT J

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT K

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
Michael S. Brophy (SBN: 197940)
Jennifer A. Golinveaux (SBN: 203056)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
E-mail: abridges@winston.com, mbrophy@winston.com,
         jgolinveaux@winston.com

Attorneys For Defendant and Counterclaimant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PERFECT 10, INC., a California corporation, | Case No. CV04-9484 NM (CWx) |
| Plaintiff, | **DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PERFECT 10, INC.** |
| vs. | |
| GOOGLE INC., a corporation; and DOES 1 through 100, inclusive | |
| Defendant. | |
| GOOGLE INC., a corporation, | |
| Counterclaimant, | |
| vs. | |
| PERFECT 10, INC., a California corporation, | |
| Counter-defendant. | |

**PROPOUNDING PARTY:**   **DEFENDANT AND COUNTERCLAIMANT GOOGLE INC.**

**RESPONDING PARTY:**   **PLAINTIFF AND COUNTER-DEFENDANT PERFECT 10, INC.**

**SET NO.:   ONE**

GOOGLE INC.'S FIRST SET OF REQUEST FOR                    Case No. CV04-9484 NM (CWx)
PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Exhibit K, Page 95

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and

2 Counterclaimant Google Inc. requests that you produce for inspection and copying the

3 documents and things listed below thirty days from service of this request to the

4 offices of Winston & Strawn LLP, 333 South Grand Ave., Los Angeles, CA 90071-

5 1543, or at another location mutually agreed upon by both parties.

6    For the purpose of this request for production of documents and things, the

7 following instructions shall apply and the following terms will have the meaning

8 indicated:

9                              **INSTRUCTIONS**

10   1.    If you contend that any information, document, or thing otherwise called for by

11 any request is excluded from production or discovery, answer so much of the

12 discovery request as is not subject to the claimed objection and, for *each* document or

13 thing:

14       a.    State whether the item shall not be produced because:

15            1)    It is claimed to be privileged; or

16            2)    It once existed but can no longer be located; or

17            3)    It has been lost; or

18            4)    It has been destroyed; and

19       b.    If, under a claim of privilege, any documents or things are not produced,

20 you must state for *each* document:

21            1)    the type and title of the document or thing; and

22            2)    the general subject matter of the content of the document or

23 description of the thing; and

24            3)    the date of its creation and/or revision; and

25            4)    the identity of the document's author(s), addressee(s), and

26 recipient(s); and

27            5)    the nature of the privilege being claimed; and

28            6)    in detail, all facts upon which you base your claim of privilege.

GOOGLE INC.'S FIRST SET OF REQUEST FOR                2                Case No. CV04-9484 NM (CWx)
PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2. In producing these documents and things, you are requested to identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3. You are to produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

4. Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

5. Perfect 10, Inc. has a duty to supplement its response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. The terms "you" or "your" refer to Plaintiff Perfect 10, Inc. and includes any persons, controlled by or acting on behalf of that entity, including without limitation all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies and their agents, officers, directors, employees, representatives and attorneys.

2. The term "Google" refers to Defendant and Counterclaimant Google Inc. as well as its officers, directors, employees, and authorized representatives.

3. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

GOOGLE INC.'S FIRST SET OF REQUEST FOR          3          Case No. CV04-9484 NM (CWx)
PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Exhibit K, Page 97

4.      The term "concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

5.      The terms "all" and "each" shall be construed to include all and each.

6.      The term "and" shall be construed to include "or" and *vice versa* and shall be the logical equivalent of "and/or."

7.      The term "amended complaint" refers to the first amended complaint filed in this action.

8.      The term "DMCA Notifications" refers to notifications of alleged infringement that you contend comply with 17 U.S.C. § 512(c)(3).

9.      The use of the singular form of any word also includes the plural and *vice versa*.

## DOCUMENTS AND THINGS REQUESTED

1.      All certificates of copyright registrations for copyrighted works claimed by you in this action.

2.      All documents concerning any communications between you and any government agency concerning copyrighted works claimed by you in this action.

3.      All documents evidencing assignments or licenses of copyrights claimed by you in this action.

4.      All documents concerning your efforts to halt or reduce infringements of your copyrights.

5.      All DMCA Notifications that you have sent to Google.

6.      All documents evidencing the address or delivery of DMCA Notifications that you have sent to Google.

7.      All documents concerning communications between you and Google.

8.      All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of copyright infringement, other than those documents sought in request number nine.

9.      All DMCA Notifications or claims of infringement that you have sent to

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

GOOGLE INC.'S FIRST SET OF REQUEST FOR          4          Case No. CV04-9484 NM (CWx)
PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Exhibit K, Page 98

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

37.     All surveys, studies, or other documents relating to market (or prospective market) reaction to or attitude towards the marks PERFECT 10 and PERFECT10.COM, including without limitation, any customer identification with, or reference to, you or your services.

38.     All financial statements evidencing revenues and expenses relating to your use of the marks PERFECT 10 and PERFECT10.COM.

39.     All documents concerning your efforts to protest or prevent use of the name or marks PERFECT 10 or PERFECT10.COM, or any name or mark which you contend to be confusingly similar, by any person or entity, including any response received.

40.     All documents evidencing the diversion by Google of persons seeking your products or services to others who furnish competing products or services.

41.     All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of trademark infringement.

42.     All documents concerning the publicity rights claimed by you in this action, including, but not limited to, all licenses, releases, or assignments and all communications relating to such licenses, releases or assignments.

43.     All documents concerning your efforts to protest or prevent infringement or violation of any of the publicity rights claimed by you in this action.

44.     All documents concerning the fame or market awareness of each model name or likeness in which you claim rights.

45.     All documents concerning photographs, published in publications or media not owned or controlled by you, of models who have appeared in your magazine or web sites.

46.     All documents concerning authorization or permission by you for other publications or media, not owned or controlled by you, to display names or photographs of persons whose names or photographs have appeared in your magazine

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  or web sites.

2      47.     All documents that evidence facts alleged in paragraph 110 of your

3  amended complaint that "Google has infringed the Perfect 10 Rights of Publicity by

4  using the names [. . .] of Perfect 10 models in readily identifiable ways to advertise,

5  promote, and attract attention to its website and to the Stolen Content Websites."

6      48.     All documents that evidence facts alleged in paragraph 110 of your

7  amended complaint that "Google has infringed the Perfect 10 Rights of Publicity by

8  using the [. . .] photographs of Perfect 10 models in readily identifiable ways to

9  advertise, promote, and attract attention to its website and to the Stolen Content

10  Websites."

11      49.     All documents that evidence facts alleged in paragraph 111 of your

12  amended complaint that "Google has aided and abetted the Stolen Content Websites in

13  misappropriating the Perfect 10 Rights of Publicity.  Google has knowingly induced,

14  caused and/or materially contributed to the unauthorized use of the Perfect 10 Rights

15  of Publicity by the Stolen Content Websites and by Google's consumers and

16  advertisers."

17      50.     All communications with persons whose publicity rights you claim to

18  own or exercise, other than those communications requested in request number 42.

19      51.     All documents concerning communications to persons or entities other

20  than Google in which you have made allegations (against any person or entity) of

21  violations of rights of publicity owned or exercised by you.

22      52.     All documents concerning efforts by you to halt or reduce violations of

23  publicity rights owned or exercised by you.

24      53.     All documents concerning communications regarding ownership or

25  control, by others, of publicity rights claimed by you in this case.

26      54.     All documents concerning your compliance with 18 U.S.C. § 2257 with

27  respect to all persons whose names or photographs underlie any of your claims in this

28  action.

GOOGLE INC.'S FIRST SET OF REQUEST FOR                9                Case No. CV04-9484 NM (CWx)
PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

55.   Documents sufficient to identify each person or entity you claim or believe to infringe your copyrights claimed in this action.

56.   Documents sufficient to identify each person or entity you claim or believe to infringe your trademarks claimed in this action.

57.   Documents sufficient to identify each person or entity you claim or believe to violate publicity rights claimed by you in this action.

58.   All documents in your possession, custody, or control that mention or refer to Google.

59.   All documents concerning any communications by any person regarding Google or this lawsuit.

60.   All documents constituting web sites owned or controlled by you.

61.   All documents concerning your use of Google's search engines for any purpose.

62.   All documents concerning your use of search engines other than Google's search engines.

63.   Documents sufficient to identify all of your directors, officers, staff, employees, personnel, and consultants from 2000 to the present.

64.   All documents concerning claims that you infringed or violated third parties' copyrights, trademarks or publicity rights.

65.   All documents concerning allegations that you falsely or wrongly claimed copyright, trademark, or publicity rights.

66.   All documents filed with a court, served upon an opposing party or counsel, or received from an opposing party or counsel, in copyright, trademark, publicity rights, or unfair competition litigation to which you have been a party.

67.   All documents concerning your use of the Google search engine, or any other Internet search engine, to search for, investigate, detect, assess, evaluate and/or monitor alleged infringements of intellectual property in which you claim rights, or violations of publicity rights that claim to own or exercise.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

68. All documents concerning your efforts to increase the likelihood that your websites will appear in search results, or will appear more prominently in search results, on Google or any other Internet search engine.

69. All documents referring to or discussing benefits to you of being listed in, or being prominently listed in, search results by Google or any other Internet search engine.

70. All documents concerning your practices, policies, procedures, intentions, plans, or actions regarding investigation and identification of, or prosecution of, claims against Stolen Content Websites for infringement of your alleged intellectual property.

71. All documents that evidence, refer to, or discuss any damages or harm, including, without limitation, monetary damage, you claim to have suffered, or to be likely to suffer, as a result of Google's alleged infringements and violations as set forth in your amended complaint.

72. All documents concerning your policies regarding retention, storage, filing and destruction of documents and things.

73. All documents concerning indexes, lists or inventories of documents and things maintained by or for you.

Dated: March 3, 2005

*Andrew P. Bridges*

Andrew P. Bridges
Michael S. Brophy
Jennifer A. Golinveaux
Attorneys for Defendant and
Counterclaimant Google Inc.

WINSTON & STRAWN LLP
ANDREW P. BRIDGES (SBN: 122761)
JENNIFER A. GOLINVEAUX (SBN: 203056)
SUSAN E. LEE (SBN: 230348)
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation | Case No. CV04-9484 AHM (SHx) [Consolidated with Case No. CV 05 4753 AHM (SHx)] |
| Plaintiff, | |
| vs. | |
| GOOGLE INC., a corporation; and DOES 1 through 100, inclusive | **DEFENDANT GOOGLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PERFECT 10, INC.** |
| Defendant. | |
| AND COUNTERCLAIM. | |
| PERFECT 10, INC., a California corporation | |
| Plaintiff, | |
| vs. | |
| AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:**   DEFENDANT AND COUNTERCLAIMANT GOOGLE INC.

**RESPONDING PARTY:**   PLAINTIFF AND COUNTER-DEFENDANT PERFECT 10, INC.

**SET NO.:**   FIVE

1

GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and

2 Counterclaimant Google Inc. requests that you produce for inspection and copying the

3 documents and things listed below thirty days from service of this request to the

4 offices of Winston & Strawn LLP, 333 South Grand Ave., Los Angeles, CA 90071-

5 1543, or at another location mutually agreed upon by both parties.

6    For the purpose of this request for production of documents and things, the

7 following instructions shall apply and the following terms will have the meaning

8 indicated:

9                              **INSTRUCTIONS**

10   1. If you contend that any information, document, or thing otherwise called for

11 by any request is excluded from production or discovery, answer so much of the

12 discovery request as is not subject to the claimed objection and, for *each* document or

13 thing:

14          a.      State whether the item shall not be produced because:

15                  1)      It is claimed to be privileged; or

16                  2)      It once existed but can no longer be located; or

17                  3)      It has been lost; or

18                  4)      It has been destroyed; and

19          b.      If, under a claim of privilege, any documents or things are not

20 produced, you must state for *each* document:

21                  1)      the type and title of the document or thing; and

22                  2)      the general subject matter of the content of the document or

23 description of the thing; and

24                  3)      the date of its creation and/or revision; and

25                  4)      the identity of the document's author(s), addressee(s), and

26 recipient(s); and

27                  5)      the nature of the privilege being claimed; and

28                  6)      in detail, all facts upon which you base your claim of

2
GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Exhibit K, Page 104

1  privilege.

2      2.    In producing these documents and things, you are requested to identify

3  and produce for inspection and copying not only those documents and things in your

4  custody, but all documents and things in the custody of your attorneys, consultants,

5  agents, other representatives, and other persons or entities subject to your control.

6      3.    You are to produce the original and all copies of each requested

7  document and thing, as well as the file in which they are kept, including all copies

8  which bear any additional file stamps, marginal notes, or other additional markings or

9  writings that do not appear on the original.

10     4.    Complete production is to be made on the date and at the time indicated

11 above.  The inspection and copying will begin at that time and will continue from day

12 to day thereafter until completed.

13     5.    Perfect 10, Inc. has a duty to supplement its response from now until the

14 time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil

15 Procedure.

16                              **DEFINITIONS**

17     1.    The terms "you" or "your" refer to Plaintiff Perfect 10, Inc. and includes

18 any persons, controlled by or acting on behalf of that entity, including without

19 limitation all past and present licensees, agents, attorneys, predecessors, subsidiaries,

20 parent companies, or affiliated companies and their agents, officers, directors,

21 employees, representatives and attorneys.

22     2.    The term "Google" refers to Defendant and Counterclaimant Google Inc.

23 as well as its officers, directors, employees, and authorized representatives.

24     3.    The term "document" is defined to be synonymous in meaning and equal

25 in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its

26 interpretation by the courts, including originals, copies, drafts or other productions of

27 any written, graphic or otherwise recorded matter, however produced or reproduced,

28 whether inscribed by hand, by computer or by mechanical, electronic, or photographic

3
GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

means.

4. The term "concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

5. The terms "all" and "each" shall be construed to include all and each.

6. The term "and" shall be construed to include "or" and *vice versa* and shall be the logical equivalent of "and/or."

7. The use of the singular form of any word also includes the plural and *vice versa*.

8. The term "communication" refers to any transmission of information from one person to another, including and without limitation to, letters, memoranda, telephone, facsimile, and electronic messages.

9. The term "Fonestarz Agreement" refers to the agreement between you and Fonestarz Media Ltd.

10. The term "License" refers to any agreement or permission by you to license, authorize, or give permission to others to use trademarks, copyrights, content, secrets, knowhow, or information you claim to own.

## DOCUMENTS AND THINGS REQUESTED

136. All documents concerning your Licenses.

137. All documents constituting, comprising, evidencing, or reflecting communications concerning your Licenses.

138. All documents concerning your plans to enter into licensing markets or Licenses (including, but not limited to, the Fonestarz Agreement) whether the plans resulted in an actual License or not.

139. All documents constituting, comprising, evidencing, or reflecting communications concerning your plans to enter into or leave licensing markets or Licenses (including, but not limited to, the Fonestarz Agreement) whether the plans resulted in an actual License or not.

140. All documents concerning the termination of any License (including, but

GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

1  not limited to, the Fonestarz Agreement) and the reasons for terminating any License.

2  141. All documents constituting, comprising, evidencing, or reflecting

3  communications concerning the termination of any License (including, but not limited

4  to, the Fonestarz Agreement) and the reasons for terminating any License.

5  142. All documents concerning the performance, success, or lack of success of

6  your Licenses (including, but not limited to, the Fonestarz Agreement).

7  143. All documents constituting, comprising, evidencing, or reflecting

8  communications concerning the performance, success, or lack of success of your

9  Licenses (including, but not limited to, the Fonestarz Agreement).

10  144. All documents concerning revenues or profits arising from each of your

11  Licenses (including, but not limited to, the Fonestarz Agreement).

12  145. All documents constituting, comprising, evidencing, or reflecting

13  communications concerning revenues or profits arising from each of your Licenses

14  (including, but not limited to, the Fonestarz Agreement).

15  146. Documents sufficient to show the revenues, profits, and expenses arising

16  from each of your Licenses (including, but not limited to, the Fonestarz Agreement).

17  147. All documents concerning the transfer or acquisition of copyright rights

18  for all copyrights claimed by you in this action.

19  148. All documents constituting, comprising, evidencing, or reflecting

20  communications concerning the transfer or acquisition of copyright rights for all

21  copyrights claimed by you in this action.

22  149. Documents sufficient to show the number of continuing and new paid

23  subscriptions for each of your websites each year.

24  150. All documents concerning cancellations or terminations of paid

25  subscriptions for each of your websites each year.

26  151. All documents concerning harm you believe or claim was caused to your

27  business in the form of increased bandwidth costs and attendant computer and server

28  overloads.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5
GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Exhibit K, Page 107

152. All documents concerning Amber Smith, Amy Weber, Aria Giovanni, Irina Voronina, Monika Zsibrita, Nataskia Maren, Sasha Brinkova, Shannon Hobbs, and Talia Harvalik.

153. All documents constituting, comprising, evidencing, or reflecting communications with Amber Smith, Amy Weber, Aria Giovanni, Irina Voronina, Monika Zsibrita, Nataskia Maren, Sasha Brinkova, Shannon Hobbs, and Talia Harvalik.

154. All documents concerning your detection of, or countermeasures relating to, unauthorized use of passwords to gain access to your websites or computer networks.

155. All documents concerning your purchase of advertising on websites of others, including websites of search engines.

156. All documents concerning communications regarding your assistance, encouragement or promotion of advertising on websites of others.

157. All documents concerning the unauthorized use of passwords to gain access to your websites or computer networks.

158. All documents concerning your communications with others regarding discovery in this litigation.

159. All documents concerning use of image recognition technology to identify potential or actual infringements of your rights on or via the Internet or search engines.

160. All documents concerning communications disputing your claim of ownership of any copyright or trademark rights.

161. All documents concerning communications regarding rights claimed by others in names, likenesses, photographs, or other works claimed by you.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6
GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Exhibit K, Page 108

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

2  Dated: April 23, 2007          WINSTON & STRAWN LLP

3

4                                 By _____

5                                      Andrew P. Bridges
                                       Jennifer A. Golinveaux
6                                      Susan E. Lee
                                       Attorneys for Defendant and
7                                      Counterclaimant Google, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

1  WINSTON & STRAWN LLP
   ANDREW P. BRIDGES (SBN: 122761)
2  JENNIFER A. GOLINVEAUX (SBN: 203056)
   101 California Street
3  San Francisco, CA 94111-5894
   Telephone: 415-591-1000
4  Facsimile: 415-591-1400

5  Attorneys for Defendant
   GOOGLE INC.

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9  PERFECT 10, INC., a California          Case No. CV04-9484 AHM (SHx)
   corporation                             [Consolidated with Case No. CV 05
10                                          4753 AHM (SHx)]
            Plaintiff,
11
        vs.
12                                          **DEFENDANT GOOGLE INC.'S**
   GOOGLE INC., a corporation; and         **THIRD SET OF REQUESTS FOR**
13 DOES 1 through 100, inclusive           **PRODUCTION OF DOCUMENTS**
                                           **TO PLAINTIFF PERFECT 10, INC.**
14          Defendant.

15 ─────────────────────────────

16          AND COUNTERCLAIM.

17 PERFECT 10, INC., a California
   corporation
18
            Plaintiff,
19
        vs.
20
   AMAZON.COM, INC., a corporation;
21 A9.COM, INC., a corporation; and
   DOES 1 through 10, inclusive,
22
            Defendants.
23

24 **PROPOUNDING PARTY:**      **DEFENDANT AND COUNTERCLAIMANT**
                               **GOOGLE INC.**
25

26 **RESPONDING PARTY:**       **PLAINTIFF AND COUNTER-DEFENDANT**
                               **PERFECT 10, INC.**
27

28 **SET NO.:**                **THREE**

                                        1
       GOOGLE'S THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.
   SF:127909.1

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and

Counterclaimant Google Inc. requests that you produce for inspection and copying the

documents and things listed below thirty days from service of this request to the

offices of Winston & Strawn LLP, 333 South Grand Ave., Los Angeles, CA 90071-

1543, or at another location mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the

following instructions shall apply and the following terms will have the meaning

indicated:

## INSTRUCTIONS

1.      If you contend that any information, document, or thing otherwise called

for by any request is excluded from production or discovery, answer so much of the

discovery request as is not subject to the claimed objection and, for *each* document or

thing:

      a.      State whether the item shall not be produced because:

             1)      It is claimed to be privileged; or

             2)      It once existed but can no longer be located; or

             3)      It has been lost; or

             4)      It has been destroyed; and

      b.      If, under a claim of privilege, any documents or things are not

produced, you must state for *each* document:

             1)      the type and title of the document or thing; and

             2)      the general subject matter of the content of the document or

description of the thing; and

             3)      the date of its creation and/or revision; and

             4)      the identity of the document's author(s), addressee(s), and

recipient(s); and

             5)      the nature of the privilege being claimed; and

             6)      in detail, all facts upon which you base your claim of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  privilege.

2      2.      In producing these documents and things, you are requested to identify

3  and produce for inspection and copying not only those documents and things in your

4  custody, but all documents and things in the custody of your attorneys, consultants,

5  agents, other representatives, and other persons or entities subject to your control.

6      3.      You are to produce the original and all copies of each requested

7  document and thing, as well as the file in which they are kept, including all copies

8  which bear any additional file stamps, marginal notes, or other additional markings or

9  writings that do not appear on the original.

10     4.      Complete production is to be made on the date and at the time indicated

11 above.  The inspection and copying will begin at that time and will continue from day

12 to day thereafter until completed.

13     5.      Perfect 10, Inc. has a duty to supplement its response from now until the

14 time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil

15 Procedure.

16                            **DEFINITIONS**

17     1.      The terms "you" or "your" refer to Plaintiff Perfect 10, Inc. and includes

18 any persons, controlled by or acting on behalf of that entity, including without

19 limitation all past and present licensees, agents, attorneys, predecessors, subsidiaries,

20 parent companies, or affiliated companies and their agents, officers, directors,

21 employees, representatives and attorneys.

22     2.      The term "Google" refers to Defendant and Counterclaimant Google Inc.

23 as well as its officers, directors, employees, and authorized representatives.

24     3.      The term "document" is defined to be synonymous in meaning and equal

25 in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its

26 interpretation by the courts, including originals, copies, drafts or other productions of

27 any written, graphic or otherwise recorded matter, however produced or reproduced,

28 whether inscribed by hand, by computer or by mechanical, electronic, or photographic

3
GOOGLE'S THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   means.

2       4.      The term "concerning" means relating to, referring to, describing,

3   reflecting, evidencing or constituting.

4       5.      The terms "all" and "each" shall be construed to include all and each.

5       6.      The term "and" shall be construed to include "or" and *vice versa* and shall

6   be the logical equivalent of "and/or."

7       7.      The term "amended complaint" refers to the first amended complaint

8   filed in this action.

9       8.      The use of the singular form of any word also includes the plural and *vice*

10  *versa*.

11      9.      The term "communication" refers to any transmission of information

12  from one person to another, including and without limitation to, letters, memoranda,

13  telephone, facsimile, and electronic messages.

14      10.     The term "person" refers to any natural person, corporation,

15  proprietorship, partnership, joint venture, association, firm or entity recognized in law,

16  and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries,

17  affiliates, assigns, predecessors and successors of such "person."

18  ## DOCUMENTS AND THINGS REQUESTED

19      114.    All documents concerning Bob Sluman.

20      115.    All documents constituting, comprising, evidencing, reflecting, or

21  referring to communications to, from, or with Bob Sluman or persons or entities

22  acting on his behalf.

23      116.    All documents concerning Greentree Technology UK Ltd.

24      117.    All documents constituting, comprising, evidencing, reflecting, or

25  referring to communications to, from, or with Greentree Technology UK Ltd or

26  persons or entities acting on its behalf.

27      118.    All documents concerning mydetect.com.

28      119.    All documents constituting, comprising, evidencing, reflecting, or

GOOGLE'S THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.
SF:127909.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  referring to communications to, from, or with mydetect.com or persons or entities

2  acting on its behalf.

3      120.   All documents concerning SpartanImage Control.

4      121.   All documents constituting, comprising, evidencing, reflecting, or

5  referring to communications to, from, or with SpartanImage Control or persons or

6  entities acting on its behalf.

7      122.   All documents concerning Offir Gutelzon.

8      123.   All documents constituting, comprising, evidencing, reflecting, or

9  referring to communications to, from, or with Offir Gutelzon or persons or entities

10  acting on his behalf.

11      124.   All documents concerning PicScout Ltd.

12      125.   All documents constituting, comprising, evidencing, reflecting, or

13  referring to communications to, from, or with PicScout Ltd. or persons or entities

14  acting on its behalf.

15

16  Dated:  March 31 , 2006        WINSTON & STRAWN LLP

17

18                  By *Andrew P. Bridges*

19                           Andrew P. Bridges

                             Jennifer A. Golinveaux

20                               Attorneys for Defendant and

                             Counterclaimant Google, Inc.

21

22

23

24

25

26

27

28

GOOGLE'S THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.
SF:127909.1

Exhibit K, Page 114