# EXHIBIT L

## Issued by the
## UNITED STATES DISTRICT COURT

Central          DISTRICT OF          California

Perfect 10, Inc., a California corporation

      Plaintiff,

    v.

Google Inc., a corporation

      Defendant.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: 04-CV-9484 AHM (SHx)

TO:    Wendy Augustine (c/o Jeffrey N. Mausner, Esq.)
        Warner Center Towers
        21800 Oxnard Street, Suite 910
        Woodland Hills, CA 91367

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition pursuant to Fed. R. Civ. P. 30(b)(6) and 45 in the above case.  See Schedule B, attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | June 16, 2009<br>9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | June 9, 2009<br>10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   May 22, 2009 |
|---|---|
| *Rachel Herrick Kassabian*<br>Rachel Herrick Kassabian, Esq., Counsel for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Quinn Emanuel Urquhart Oliver & Hedges, LLP
    555 Twin Dolphin Drive, #560
    Redwood Shores, California  94065
    (650) 801-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C, D & E on the next page )

[1] If action is pending in district other than district of issuance, state district under case number.

01980.51320/2923164.3

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### Definitions

1.      "YOU" or "YOUR" means Wendy Augustine, and any of YOUR employees, agents, attorneys or representatives, as well as any other person acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.      "PERFECT 10" means plaintiff and counterclaim defendant Perfect 10, Inc., and any of its officers, executives, employees, independent contractors, agents or representatives (including without limitation Norman Zada), but excluding YOU.

3.      "GOOGLE" means defendant Google Inc., and any of its employees, agents, attorneys or representatives, as well as any other person acting on its behalf, pursuant to its authority or subject to its control.

4.      "GOOGLE SERVICES" means any products or services offered by GOOGLE, including without limitation Google Web Search, Google Image Search, Blogger, Google News Search, Google Groups, Google Book Search, YouTube, Google Video, AdSense, and AdWords.

5.      "THIS ACTION" means Case No. CV 04-9484 AHM (SHx) (Consolidated with Case No. CV 05-4753 AHM (SHx)), pending in the United States District Court for the Central District of California.

6.      "PERSON" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such PERSON.

7.     "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation letters, memoranda, voicemail, facsimiles, and electronic messages of any kind.

8.     "REGARDING OR RELATING TO" means referring to, mentioning, concerning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

9.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

10.　　"IMAGE" or "IMAGES" means any still representation of anyone or anything affixed in any tangible medium of any form, including, but not limited to, paper printouts, film, photographic paper, and electronic media in any format, such as JPEG and GIF files.

11.　　"PERFECT 10 IMAGES IN SUIT" means all IMAGES PERFECT 10 is asserting in THIS ACTION.

12.　　"PERFECT 10 TRADEMARKS IN SUIT" means all trademarks that PERFECT 10 is asserting in THIS ACTION.

13.　　"PERFECT 10 RIGHTS OF PUBLICITY IN SUIT" means all rights of publicity that PERFECT 10 is asserting in THIS ACTION.

14.　　"COPYRIGHT OFFICE" means the United States Copyright Office and/or any of its employees, agents, attorneys or representatives, as well as any other person acting on its behalf, pursuant to its authority or subject to its control.

15.　　The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information; and "any" includes "all" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## **Instructions**

1.      YOU are to produce the DOCUMENTS requested herein either (a) in the original file or organizational system in which they are customarily maintained or (b) organized so as to correspond to the specific numbered requests below.  File folders with tabs or labels, or directories of files identifying DOCUMENTS, must be produced intact with such DOCUMENTS.  Documents attached to each other shall not be separated.

2.      If YOU are unable to produce any document requested herein because such document is no longer in existence, or no longer within YOUR possession, custody, or control, YOU are to so state and identify each DOCUMENT by describing its nature and listing its date, author(s) and recipient(s).  In addition, YOU are to describe the circumstances under which each such document ceased to exist or passed from YOUR possession, custody, or control, and identify each PERSON known or reasonably believed to have possession, custody or control of said document by listing such PERSON'S name, business affiliation, address, and telephone number.

3.      If, under a claim of privilege, any DOCUMENTS or things are not produced, YOU must state for *each* DOCUMENT:

a)      The type and title of the DOCUMENT or thing; and

b)      The general subject matter of the content of the DOCUMENT or description of the thing; and

c)      The date of its creation and/or revision(s); and

d)      The identity of the DOCUMENT'S author(s), addressee(s), and recipient(s); and

e)      The nature of the privilege being claimed; and

f)      The facts upon which YOU base YOUR claim of privilege.

## Document Requests

1.     Agreements, contracts, assignments, releases or other DOCUMENTS sufficient to show the nature, scope and duration of YOUR business, professional, or other relationship with PERFECT 10.

2.     All COMMUNICATIONS between YOU and PERFECT 10 REGARDING OR RELATING TO any of the PERFECT 10 IMAGES IN SUIT.

3.     All of the copyright registrations, deposit materials, COMMUNICATIONS with the COPYRIGHT OFFICE, or other DOCUMENTS YOU have prepared or assisted in preparing REGARDING OR RELATING TO any of the PERFECT 10 IMAGES IN SUIT.

4.     DOCUMENTS sufficient to show all notices or counter-notifications of copyright infringement directed to any person or entity (including but not limited to GOOGLE), pursuant to the Digital Millennium Copyright Act, that YOU prepared or assisted in preparing on PERFECT 10's behalf.

5.     All DOCUMENTS YOU have prepared or assisted in preparing REGARDING OR RELATING TO PERFECT 10's attempts or agreements to license or distribute any of the PERFECT 10 IMAGES IN SUIT.

6.     All DOCUMENTS YOU have prepared or assisted in preparing REGARDING OR RELATING TO PERFECT 10's attempts to market or promote its magazine, website, cell phone download business, or other PERFECT 10 adult entertainment products or services.

7.     All COMMUNICATIONS between YOU and PERFECT 10 REGARDING OR RELATING TO GOOGLE or GOOGLE SERVICES.

8.     YOUR journals, notebooks, work files, personal files, notes, notepads, calendars, or other records REGARDING OR RELATING TO YOUR work for PERFECT 10 with respect to any of the PERFECT 10 IMAGES IN SUIT.

9.      DOCUMENTS sufficient to show any rights YOU hold in any of the PERFECT 10 IMAGES IN SUIT which depict YOU.

10.     All DOCUMENTS REGARDING OR RELATING TO any license, transfer, assignment or sale of any rights in any of the PERFECT 10 IMAGES IN SUIT from YOU to any PERSON (including PERFECT 10), or from any PERSON (including PERFECT 10) to YOU.

11.     DOCUMENTS sufficient to show any alleged copyright infringement by GOOGLE of the PERFECT 10 IMAGES IN SUIT that YOU reviewed or located on PERFECT 10's behalf.

12.     DOCUMENTS sufficient to show any alleged infringement by GOOGLE of the PERFECT 10 TRADEMARKS IN SUIT that YOU reviewed or located on PERFECT 10's behalf.

13.     DOCUMENTS sufficient to show any alleged violation by GOOGLE of the PERFECT 10 RIGHTS OF PUBLICITY IN SUIT that YOU reviewed or located on PERFECT 10's behalf.

14.     DOCUMENTS sufficient to show any efforts made by YOU to prevent, reduce, or mitigate any alleged copyright infringement of the PERFECT 10 IMAGES IN SUIT.

15.     DOCUMENTS sufficient to show any efforts made by YOU to prevent, reduce, or mitigate any alleged infringement of the PERFECT 10 TRADEMARKS IN SUIT.

16.     DOCUMENTS sufficient to show any efforts made by YOU to prevent, reduce, or mitigate any alleged violation of the PERFECT 10 RIGHTS OF PUBLICITY IN SUIT.

# EXHIBIT M

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| PERFECT 10, INC., a California corporation | ) |
| _Plaintiff_ | ) |
| v. | ) |
| GOOGLE INC., a corporation | ) |
| _Defendant_ | ) |

Civil Action No.  04-cv-9484 AHM (SHx)

(If the action is pending in another district, state where:

)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Sheena Chou (c/o Jeffrey N. Mausner, Esq.)
Warner Center Towers, 21800 Oxnard Street, Suite 910, Woodland Hills, CA 91367

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | Date and Time:<br><br>10/13/2009 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___09/29/2009___

_CLERK OF COURT_

OR

_____
_Signature of Clerk or Deputy Clerk_

_____
_Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ ___Google Inc.___
_____, who issues or requests this subpoena, are:

Thomas Nolan (Quinn Emanuel Urquhart Oliver & Hedges, LLP)
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017
thomasnolan@quinnemanuel.com, (213) 443-3000

Exhibit M, Page 123

Civil Action No.  04-cv-9484 AHM (SHx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### Definitions

1.     "YOU" or "YOUR" means Sheena Chou, and any of YOUR employees, agents, attorneys or representatives, as well as any other person acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.     "PERFECT 10" means plaintiff and counterclaim defendant Perfect 10, Inc., and any of its employees, agents, attorneys or representatives, including without limitation Norman Zada (formerly known as Norman Zadeh), as well as any other person acting on its behalf, pursuant to its authority or subject to its control.

3.     "GOOGLE" means defendant Google Inc., and any of its employees, agents, attorneys or representatives, as well as any other person acting on its behalf, pursuant to its authority or subject to its control.

4.     "GOOGLE SERVICES" means any products or services offered by GOOGLE, including without limitation Google Web Search, Google Image Search, Blogger, Google News Search, Google Groups, Google Book Search, YouTube, Google Video, AdSense, and AdWords.

5.     "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation letters, memoranda, voicemail, facsimiles, and electronic messages of any kind.

6.     "REGARDING OR RELATING TO" means referring to, mentioning, concerning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

7. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

8. "COMPUTER PROGRAMS" means any software, hardware, executable programs, source code or other instructions for any type of computer or similar processing device.

9. "IMAGE" or "IMAGES" means any still representation of anyone or anything affixed in any tangible medium of any form, including, but not limited to, paper printouts, film, photographic paper, and electronic media in any format, such as JPEG and GIF files.

10. "PERFECT 10 IMAGES" means all IMAGES in which PERFECT 10 owns, licenses or holds copyrights in and/or has represented to YOU that it owns, licenses, or holds copyrights in.

Exhibit M, Page 127

11.    "PERFECT 10 TRADEMARKS" means all names, words, phrases, logos, symbols, designs, IMAGES, or a combination of these elements in which PERFECT 10 owns, licenses or holds trademarks in and/or claims to own, license, or hold trademarks in.

12.    "PERFECT 10 RIGHTS OF PUBLICITY" means all names, words, phrases, logos, symbols, designs, IMAGES, or a combination of these elements in which PERFECT 10 owns, licenses or holds rights of publicity in and/or claims to own, license, or hold rights of publicity in.

13.    "DOWNLOAD" or "DOWNLOADING" means using a COMPUTER PROGRAM to access, view, copy, save, or print a DOCUMENT via the Internet or similar network.

14.    "YOUR DECLARATIONS" means all declarations, affidavits, or other document that you have prepared or signed in connection with PERFECT 10's litigations against GOOGLE, Microsoft Corp. and its affiliates, and/or Amazon.com, Inc. and its affiliates.

15.    "USENET ACCESS PROVIDERS" means any company, partnership, association, website, or other enterprise that provides access to or otherwise allows individuals to access NNTP newsgroups or NNTP articles, also known as the Usenet, including but not limited to the entities operating 100proofnews.com, 1usenet.com, active-news.com, alibis.com, anonymousnewsfeed.com, astraweb.com, athenanews.com, binaries.net, bubbanews.com, cheapnewsgroups.com, eurofeeds.com, fastusenet.com, galacticgroups.com, giganews.com, infinityusenet.com, maximumusenet.com, newsdemon.com, newsgroup-binaries.com, newsgroupdirect.com, newsgroupsdownload.com, newsreader.com, planetnewsgroup.com, powerusenet.com, rhinonewsgroups.com, supernews.com, thundernews.com, tigerusenet.com,

usenet.com, usenet-access.com, usenet-unlimited.com, usenetgiant.com, usenetmonster.com, and usenetrocket.com.

16.     "PASSWORD-PROTECTED WEBSITES" means any DOCUMENT, set of DOCUMENTS, or portion thereof which requires a login, user identification, password, or other credential to access or DOWNLOAD (and which may or may not charge a fee to do so).

17.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

### Instructions

1.     YOU are to produce the DOCUMENTS requested herein either (a) in the original file or organizational system in which they are customarily maintained or (b) organized so as to correspond to the specific numbered requests below.  File folders with tabs or labels, or directories of files identifying DOCUMENTS, must be produced intact with such DOCUMENTS.  Documents attached to each other shall not be separated.

2.     If YOU are unable to produce any document requested herein because such document is no longer in existence, or no longer within YOUR possession, custody, or control, YOU are to so state and identify each DOCUMENT by describing its nature and listing its date, author(s) and recipient(s).  In addition, YOU are to describe the circumstances under which each such document ceased to exist or passed from YOUR possession, custody, or control, and

identify each PERSON known or reasonably believed to have possession, custody or control of said document by listing such PERSON'S name, business affiliation, address, and telephone number.

3.     If, under a claim of privilege, any DOCUMENTS or things are not produced, YOU must state for *each* DOCUMENT:

a)     The type and title of the DOCUMENT or thing; and

b)     The general subject matter of the content of the DOCUMENT or description of the thing; and

c)     The date of its creation and/or revision(s); and

d)     The identity of the DOCUMENT'S author(s), addressee(s), and recipient(s); and

e)     The nature of the privilege being claimed; and

f)     The facts upon which YOU base YOUR claim of privilege.

## Document Requests

1.     Agreements, contracts, or other DOCUMENTS sufficient to show the nature, scope and duration of YOUR business, professional, or other relationship with PERFECT 10.

2.     Agreements, contracts, or other DOCUMENTS sufficient to show the nature, scope and duration of YOUR business, professional, or other relationship with Dr. Norman Zada (formerly known as Norman Zadeh).

3.     All COMMUNICATIONS between YOU and GOOGLE.

4.     All COMMUNICATIONS between YOU and PERFECT 10 REGARDING OR RELATING TO PERFECT 10 IMAGES being asserted in this action.

5. All COMMUNICATIONS between YOU and USENET ACCESS PROVIDERS or PASSWORD-PROTECTED WEBSITES REGARDING OR RELATING TO PERFECT 10 IMAGES being asserted in this action.

6. All COMMUNICATIONS between YOU and PERFECT 10 REGARDING OR RELATING TO GOOGLE or GOOGLE SERVICES.

7. All COMMUNICATIONS between YOU and PERFECT 10 REGARDING OR RELATING TO USENET ACCESS PROVIDERS or PASSWORD-PROTECTED WEBSITES.

8. DOCUMENTS sufficient to show any alleged copyright infringement by GOOGLE of PERFECT 10 IMAGES that YOU reviewed or located at the direction of PERFECT 10 or on PERFECT 10's behalf.

9. DOCUMENTS sufficient to show any alleged infringements of PERFECT 10 TRADEMARKS that YOU reviewed or located at the direction of PERFECT 10 or on PERFECT 10's behalf.

10. DOCUMENTS sufficient to show any alleged right of publicity violations of PERFECT 10 RIGHTS OF PUBLICITY that YOU reviewed or located at the direction of PERFECT 10 or on PERFECT 10's behalf.

11. DOCUMENTS sufficient to show the entirety of YOUR work DOWNLOADING PERFECT 10 IMAGES being asserted in this action.

12. All DOCUMENTS that YOU reviewed or considered in preparing YOUR DECLARATIONS.

13. DOCUMENTS sufficient to show YOUR use or review of USENET ACCESS PROVIDERS REGARDING OR RELATING TO PERFECT 10 IMAGES being asserted in this action.

14.     DOCUMENTS sufficient to show YOUR use or review of PASSWORD-PROTECTED WEBSITES REGARDING OR RELATING TO PERFECT 10 IMAGES being asserted in this action.

15.     DOCUMENTS sufficient to show YOUR use or review of GOOGLE SERVICES REGARDING OR RELATING TO PERFECT 10 IMAGES being asserted in this action.

16.     DOCUMENTS sufficient to show all PERFECT 10 notices of copyright infringement directed to any person or entity (including but not limited to GOOGLE), pursuant to the Digital Millennium Copyright Act, that YOU prepared or assisted in preparing.

17.     All DOCUMENTS YOU have prepared or assisted in preparing REGARDING OR RELATING TO PERFECT 10's agreements to license or distribute PERFECT 10 IMAGES.

18.     YOUR journals, notebooks, personal files, notes, notepads, calendars, or other personal records from the time that YOU were employed by PERFECT 10.

19.     DOCUMENTS sufficient to show any efforts made by YOU and/or PERFECT 10 to prevent, reduce, or mitigate any alleged copyright infringement of PERFECT 10 IMAGES.

20.     DOCUMENTS sufficient to show any efforts made by YOU to prevent, reduce, or mitigate any alleged copyright infringement of PERFECT 10 IMAGES.

21.     DOCUMENTS sufficient to show any efforts made by YOU to prevent, reduce, or mitigate any alleged infringement of PERFECT 10 TRADEMARKS.

# EXHIBIT N

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT O

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT P

**(Filed Under Seal Pursuant to Protective Order)**

# EXHIBIT Q

**(Filed Under Seal Pursuant to Protective Order)**

**EXHIBIT R**

1  JEFFREY N. MAUSNER (State Bar No. 122385)
2  Law Offices of Jeffrey N. Mausner
   Warner Center Towers, Suite 910
3  21800 Oxnard Street
   Woodland Hills, California 91367-3640
4  Telephone: (310) 617-8100, (818) 992-7500
5  Facsimile: (818) 716-2773

6
   Attorneys for Plaintiff Perfect 10, Inc.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 PERFECT 10, INC., a California          Case No.: 04-9484 AHM (SHx)
   corporation,
11                                         **PLAINTIFF PERFECT 10, INC.'S**
                                           **UPDATED AND SUPPLEMENTAL**
12            Plaintiff,                    **DISCLOSURES PURSUANT TO**
                                           **FEDERAL RULE OF CIVIL**
13       v.                                 **PROCEDURE RULE 26(a)**

14 GOOGLE INC., a corporation; and         Discovery Cut-Off Date:    None Set
   DOES 1 through 100, inclusive,          Pretrial Conference Date:  None Set
15                                         Trial Date:                None Set

16            Defendants.

17

18 _____

19 AND CONSOLIDATED CASE.

20

21

22

23

24

25

26

27

28

Exhibit R, Page 175

1    Plaintiff Perfect 10, Inc. ("Perfect 10") makes the following updated and

2    supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)-

3    (D) ("Rule 26").  Perfect 10's investigation and discovery will continue as

4    necessary and appropriate during the pendency of this action.  Accordingly, these

5    disclosures should not be construed as constituting all of the facts, evidence, or

6    information that will ever exist in support of Perfect 10's claims.  Pursuant to Rule

7    26(e)(1), Perfect 10 reserves its right to supplement its current disclosures as may

8    become necessary at appropriate intervals.

9    Perfect 10's disclosures are made without waiving: 1) the right to object on

10   the grounds of competency, privilege, the work product doctrine, undue burden,

11   relevancy, materiality, hearsay, or any other proper ground; 2) the right to object to

12   the use of any such information, for any purpose, in whole or in part, in any

13   subsequent proceeding in this action or any other action; and 3) the right to object

14   on any and all grounds, at any time, to any discovery request or proceeding

15   involving or relating to the subject matter of these initial disclosures.

16

17                                  **DISCLOSURES**

18   **A.    POTENTIAL WITNESSES IN SUPPORT OF PERFECT**

19   **        10'S CLAIMS**

20       Norman Zada, Ph.D.              Chief Executive Officer, President, Editor,

21                                        and Publisher

22       Dr. Zada has knowledge relating to various issues which may be relevant to

23   Perfect 10's claims, including, but not limited to: (1) Perfect 10's copyrights; (2)

24   Perfect 10's trademarks; (3) Perfect 10's rights of publicity; (4) Perfect 10's

25   DMCA notices; (5) Google's infringements, and Google's failure to remove

26   infringements upon receiving notice of infringement; (6) infringing photographs

27   stored on Google's servers, appearing on Google's websites or linked to by

28   Google; (7) Google's business relationships with infringing websites;  (8) Blogger

PLAINTIFF PERFECT 10, INC.'S UPDATED AND SUPPLEMENTAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)

and Blogspot; (9) Google's providing user names and passwords to Perfect 10's website, perfect10.com, and linking to third party websites which also do so; (10) information regarding Perfect 10 Magazine and Perfect 10's website; (11) Perfect 10's damages; (12) the costs associated with the production of Perfect 10 photographs, Perfect 10 Magazine, and Internet publications; (13) Perfect 10's efforts to protect its copyrights, trademarks, and rights of publicity; (14) competition in the adult entertainment publishing industry; (15) simple measures Google could have taken to prevent further damage to Perfect 10's copyrighted works; and (16) Google's failure to take such measures. Dr. Zada may also be designated as an expert witness.

Dr. Zada will appear for one deposition by all of the defendants.


Sean Chumura                    Webmaster of perfect10.com

Sean Chumura should be contacted through Jeffrey N. Mausner, Law Offices of Jeffrey N. Mausner, 21800 Oxnard St., Suite 910, Woodland Hills, CA 91367, 818-992-7500, Jeff@Mausnerlaw.com. Mr. Chumura will come to Los Angeles for one deposition by all of the defendants. Please contact Jeff Mausner to work out a mutually agreeable date for the deposition.

Sean Chumura is Perfect 10's webmaster and a forensic investigations expert and has written a variety of programs for Perfect 10 that have located and categorized infringements. Mr. Chumura has knowledge relating to various issues which may be relevant to Perfect 10's claims, including, but not limited to: (1) Google's infringements; (2) Google's knowledge that infringing Perfect 10 images were available using its search engine; (3) simple measures Google could have taken to prevent further damage to Perfect 10's copyrighted works, (4) Google's failure to take such measures; (5) actions Google could take to disable access to infringing material; (6) the degree to which Google controls its search results; (7) the sufficiency of Perfect 10's DMCA notices; (8) search term frequency (not

-3-

based on confidential search frequency documents produced by Google); and (9) the availability of technology to locate infringements of Perfect 10 copyrighted works. Mr. Chumura may also be designated as an expert witness.

J. Stephen Hicks                    Photographer and copyright owner

J. Stephen Hicks should be contacted through Jeffrey N. Mausner, Law Offices of Jeffrey N. Mausner, 21800 Oxnard St., Suite 910, Woodland Hills, CA 91367, 818-992-7500, Jeff@Mausnerlaw.com. Mr. Hicks will appear for one deposition by all of the defendants. Please contact Jeff Mausner to work out a mutually agreeable date for the deposition.

Mr. Hicks has knowledge relating to issues which may be relevant to Perfect 10's claims, including but not limited to the damage caused to copyright owners by search engines like Google providing free infringing images to their users. Mr. Hicks may also be designated as an expert witness.

Barry Rosen                    Photographer and copyright owner

Barry Rosen should be contacted through Jeffrey N. Mausner, Law Offices of Jeffrey N. Mausner, 21800 Oxnard St., Suite 910, Woodland Hills, CA 91367, 818-992-7500, Jeff@Mausnerlaw.com. Mr. Rosen will appear for one deposition by all of the defendants. Please contact Jeff Mausner to work out a mutually agreeable date for the deposition.

Mr. Rosen has knowledge relating to issues which may be relevant to Perfect 10's claims, including but not limited to the damage caused to copyright owners by search engines like Google providing free infringing images to their users.

The following Perfect 10 employees or independent contractors may have printed some infringing images, and would therefore be able to authenticate those print-outs:

-4-

| | |
|---|---|
| Jennifer Snow | Assistant to the Publisher |
| Rebecca Chaney | Assistant to the Publisher |
| Sheena Chou | part time employee |
| Wendy Augustine | Assistant to the Publisher |
| Naureen Zaim | part time employee |

In addition, Wendy Augustine will be able to testify regarding Perfect 10's copyright applications and registrations. All Perfect 10 employees and independent contractors should be contacted through Jeffrey N. Mausner, Law Offices of Jeffrey N. Mausner, 21800 Oxnard St., Suite 910, Woodland Hills, CA 91367, 818-992-7500, Jeff@Mausnerlaw.com. Each of these people will appear for one deposition by all of the defendants. Please call Jeff Mausner to schedule a mutually agreeable date for the deposition.

**Perfect 10 Models**:

The following models may testify: Irina Voronina and Nataskia Maren. Perfect 10 may select additional or other models to testify as discovery progresses. Each Perfect 10 Model is expected to have knowledge of Perfect 10's rights to photographs of her and use of her name and likeness, and defendants' lack of rights to post photographs of her or use her name and likeness. The models also have knowledge of the damage defendants have caused by falsely associating them with explicit sexual acts, bestiality, etc. These models should be contacted through Jeffrey N. Mausner, Law Offices of Jeffrey N. Mausner, 21800 Oxnard St., Suite 910, Woodland Hills, CA 91367, 818-992-7500, Jeff@Mausnerlaw.com. Each of these models will appear for one deposition by all of the defendants. Please call Jeff Mausner to schedule a mutually agreeable date for the deposition.

Perfect 10 will rely on the signed assignment of rights/model releases, which it has or will make available to Google, to establish its rights of publicity and other rights in connection with the other Perfect 10 Models.

-5-

**Defendant**:

Google's past or present employees are expected to have knowledge related to various issues that may be relevant to Perfect 10's claims, including, but not limited to: (1) infringement of Perfect 10's copyrights, trademarks, or rights of publicity; (2) the effect of adult content on Google's traffic and revenues; (3) how Google handles and has handled notices of infringement and what efforts Google has made to avoid copying or displaying images for which neither it nor the websites it links to own copyrights; (4) Google's awareness of its potential liability for copyright infringement; (5) the frequency of searches involving terms associated with adult images, Perfect 10, and on names of Perfect 10 models; (6) any communications between Google employees regarding Perfect 10's notices, copyright infringement generally, or the value to Google of displaying large numbers of adult images; (7) Google's procedures and guidelines for crawling the web and retrieving images, archiving or caching images, responding to search queries, and displaying images to the public; (8) Google's financial gain from the display and provision of large quantities of adult images; (9) Google's agreements with entities to which it provides search services and communications with such entities regarding Perfect 10's notices of infringement; (10) Google's awareness of the misappropriation of materials on websites that it links to, displays images from, or has financial agreements with; (11) complaints made to Google by third parties regarding intellectual property violations; (12) Google's awareness of the potential damage to websites due to the unauthorized distribution of their passwords and usernames; (13) Google's knowledge or awareness that infringing Perfect 10 copyrighted images were available using its search engines; (14) simple measures Google could have taken to prevent further damage to Perfect 10's copyrighted works; (15) Google's failure to take such steps; (16) diversion of Perfect 10's potential customers and Perfect 10's damages.

Exhibit R, Page 180

Other than the witnesses who have already been deposed, Plaintiff does not know the names of such employees at this time.

**B. DOCUMENTS THAT MAY SUPPORT PERFECT 10'S CLAIMS**

Perfect 10 has produced, and will continue to produce: (1) infringing images, including copies of infringing images stored on Google's servers, displayed via Google's websites, surrounded by Google ads, or linked to via Google; (2) copies of infringing images on websites for which Google has received payments for special placement in its search results; (3) DMCA notices and other documents which identify copyright infringements that Perfect 10 contends Google has liability for; (4) documents showing that Google has displayed and continues to display Perfect 10 username/password combinations which have been responsible for hundreds of thousands of unauthorized downloads from perfect10.com and continues to link to and/or host and/or place Google ads on websites displaying such passwords; (5) Perfect 10 copyright registrations, including the certificates and deposit materials, work for hire/assignment of rights agreements, and rights of publicity assignments; (6) Perfect 10's tax returns and other financial statements; (7) records regarding the sale of Perfect 10 reduced size images; (8) Perfect 10 Magazines containing Perfect 10's copyrighted photographs; (9) Perfect 10's website. Perfect 10 has already produced to Google over 300 Gigabytes of documents on external hard drives, representing almost all of the documents that are relevant to the case. However, because Perfect 10 continues to find new infringements and receive new copyright registrations, it will periodically supplement its production. Furthermore, Perfect 10 will produce additional documents as it becomes aware of them or of their relevance to Perfect 10's claims. Virtually all documents are located at Perfect 10's offices.

**C. DAMAGES**

For its copyright infringement claims, Perfect 10 will seek to recover either statutory damages or actual damages and profits of the infringer that are

attributable to the infringement and are not taken into account in computing the actual damages, pursuant to Section 504 of the Copyright Act. Perfect 10 will also seek to recover attorney's fees and costs. Perfect 10 also seeks injunctive relief.

In addition, Perfect 10 will seek damages recoverable under its other claims, including: (i) actual damages; (ii) Google's profits; (iii) statutory damages; (iv) restitution; (v) treble damages; (vi) punitive damages; and (vii) attorneys' fees and costs. Because discovery has yet to be completed and experts have not yet been engaged, it is difficult for Perfect 10 to quantify the range of its provable damages at this time.

Perfect 10 has discovered thousands of copies of Perfect 10's images on Google's servers, and tens of thousands of full-size copies of Perfect 10's images that Google has made available to its users for viewing or downloading via in-line linking and direct linking. Google has continued to link to, and take advertising payments from, massive infringing websites that each offer in excess of 15,000 Perfect 10 copyrighted images. Perfect 10 has provided to Google, via DMCA notices, in excess of 1,000,000 copies of Perfect 10 images on websites that Google has linked to and/or is received advertising payments from. Perfect 10 contends that Google has directly or secondarily infringed multiple copies of approximately 25,000 distinct copyrighted images, almost Perfect 10's entire library. Pursuant to Section 504(c) of the Copyright Act, Perfect 10 is entitled to recover from $750 to $30,000 in statutory damages for each work infringed, or up to $150,000 if the infringement is willful.

**D.     INSURANCE POLICIES**

As the plaintiff in this action, this category of disclosures is inapplicable to Perfect 10.

Dated: August 15, 2008

LAW OFFICES OF JEFFREY N. MAUSNER

Jeffrey N. Mausner

By: _Jeffrey N. Mausner_

Jeffrey N. Mausner
Attorneys for Plaintiff Perfect 10, Inc.

PLAINTIFF PERFECT 10, INC.'S UPDATED AND SUPPLEMENTAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and am not a party to the within action; my business address is: 21800 Oxnard Street, Suite 910, Woodland Hills, California 91367

On August 15, 2008, I served the foregoing document(s) described as follows:

**PLAINTIFF PERFECT 10, INC.'S UPDATED AND SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(a)**

on the interested parties in this action by emailing a copy to the address(es) as follows:

**Rachel Herrick**
rachelherrick@quinnemanuel.com

**Tom Nolan**
thomasnolan@quinnemanuel.com

**Michael Zeller**
michaelzeller@quinnemanuel.com

**E-MAIL:** I transmitted by e-mail such document to the offices of the addressees.

**FEDERAL:** I declare that I am a member of the bar of this court. I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on **August 18, 2008** at Los Angeles, California.

BY: *Jeffrey N. Mausner*

Jeffrey N. Mausner

1

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the county of Los Angeles, State of California.

4

I am over the age of 18 and am not a party to the within action; my business address is:

5

21800 Oxnard Street, Suite 910, Woodland Hills, California 91367

6

On August 18, 2008, I served the foregoing document(s) described as follows:

7

**PLAINTIFF PERFECT 10, INC.'S UPDATED AND SUPPLEMENTAL DISCLOSURES**

8

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(a)**

9

on the interested parties in this action by placing a true copy thereof enclosed in a sealed

10

envelope addressed to the address(es) as follows:

11

**Mark Jansen**                                      **Rachel Herrick**
**Anthony Malutta**                               **Charles Verhoeven**

12

**Veronica Besmer**                              **Quinn Emanuel**
**Townsend Townsend & Crew**           **555 Twin Dolphin Drive, Suite 560**

13

**Two Embarcadero Center, 8th Floor**    **Redwood Shores, California 94065**
**San Francisco, California 94111**

14

15

**Thomas Nolan**
**Michael Zeller**

16

**Quinn Emanuel**
**865 S. Figueroa Street, 10th Floor**

17

**Los Angeles, California 90017**

18

**MAIL:** I placed such envelope with fully prepaid postage thereon in the United States mail

19

at Los Angeles, California.

20

**FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at

21

whose direction the service was made. I declare, under penalty of perjury, that the foregoing is

true and correct.

22

23

Executed on **August 18, 2008** at Los Angeles, California.

24

25

BY: _Brittany Douglass_

26

Brittany Douglass

27

28

1

# EXHIBIT S

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone (818) 992-7500
Facsimile (818) 716-2773
E-mail: jeff@mausnerlaw.com

September 22, 2009

***VIA EMAIL***

Tim Cahn
Townsend & Townsend
trcahn@townsend.com

     Re:    Perfect 10, Inc. v. Amazon.com, Inc., et al.

Dear Tim:

     Pursuant to your request at the conference of counsel on September 10, this letter is to give you more details regarding how Perfect 10 would lay an evidentiary foundation for its deposit materials. As you know, deposit materials are submitted simultaneously with a claimant's application for copyright registration; however, they are not ordinarily returned by the copyright office to the claimant as is the actual registration certificate.

     To prove our deposit materials for registrations in which Perfect 10 was the copyright claimant, we would provide the testimony of myself, Cindy Tran, and/or Wendy Augustine, depending on which of us was responsible for submitting the respective copyright applications. Cindy Trans is an attorney who used to work in my office and assisted with the copyright applications.

## Magazines

     Testimony would be by Jeffrey Mausner, possibly supplemented by Cindy Tran. I would testify that, for each issue of the magazine, at the time of submitting the registration application, I submitted two copies of the magazine as deposit material and retained a copy as a record for Perfect 10. I would testify that the copy I retained was the same as the copies I submitted to the Copyright Office, and that the volume and issue number on the copy retained matches the volume and issue number on the registration certificate.

## Website Registrations

     Testimony would be by Jeffrey Mausner, possibly supplemented by Cindy Tran. We would testify that for registrations of the website, we submitted two sets of disks (CDs or DVDs) to the Copyright Office, and retained copies of the disks as records for Perfect 10. We would testify that the copies we retained were the same as the copies we submitted to the Copyright Office and that both bore the same date and the same title. We would further testify that the CD/DVDs were labeled accordingly as to their content. An example of a disk label is attached.

VA Photographs

Testimony would be by Jeffrey Mausner, Cindy Tran, and/or Wendy Augustine, depending on who submitted the application in question. We would testify that at the time of submitting the registration applications to the Copyright Office, we submitted two copies of the photographs on a CD/DVD as deposit material and retained copies as records for Perfect 10. We would further testify that the CD/DVDs were labeled accordingly as to their content. An example of a disk label is attached.

Attached is the brief and the court's ruling on this issue in the case *Capitol Records Inc. v. Jammie Thomas-Rasset*, Civil File No. 06-1497 (MJD/RLE) (D. Minn.), in which defendant argued that certified copies of the deposit materials were necessary. The court denied this, holding: "Defendant's Objection to Admission of Non-Certified Copies of Sound Recordings and Other Testimony to Prove Contents of Copyrighted Works [Docket No. 322] is **DENIED**."

Please let me know whether Amazon will stipulate to the following:

1. That Perfect 10 may introduce non-certified copies of the Deposit Materials into evidence, rather than requiring certified copies be obtained from the Copyright Office; and

2. That the copies of the Deposit Materials will be admissible into evidence once Perfect 10 establishes a proper foundation through testimony, as set forth above.

Sincerely,

*Jeffrey N. Mausner*

Jeffrey N. Mausner

Enclosure

cc: Mark Jansen, Esq.
   Anthony Malutta, Esq.
   Gia Cincone, Esq.

# EXHIBIT T

JEFFREY N. MAUSNER (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers, Suite 910
21800 Oxnard Street
Woodland Hills, California 91367-3640
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorney for Plaintiff


# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC., a corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Master File No. CV 04-9484 AHM (SHx) <br><br> PERFECT 10'S UPDATED RESPONSE TO GOOGLE'S FOURTH SET OF INTERROGATORIES |
| AND CONSOLIDATED CASE | |

PROPOUNDING PARTY:      DEFENDANT GOOGLE, INC.

RESPONDING PARTY:       PLAINTIFF PERFECT 10, INC

SET NUMBER:             FOURTH

Exhibit T, Page 188

1    Plaintiff Perfect 10, Inc. ("Perfect 10") for its responses to the Fourth Set of
2    Interrogatories of Defendant Google, Inc. ("Google") hereby states as follows:

3                    **GENERAL OBJECTIONS & RESPONSES**

4        1.    Perfect 10 objects to Google's Fourth set of interrogatories, on the
5    basis that each interrogatory exceeds the twenty-five interrogatory limit, including
6    subparts, set forth in Federal Rule of Civil Procedure 33(a). Google has not sought
7    leave of court to propound interrogatories in excess of twenty-five, and thus, its
8    fourth set of interrogatories is improper. Perfect 10 proposed an agreement to
9    Google in which Perfect 10 would not assert this objection in response to Google's
10   Fourth Set of Interrogatories if Google would not assert this objection in response
11   to Perfect 10's Second Set of Interrogatories. However, Google refused that offer.
12   In an effort to minimize unnecessary motion practice, Perfect 10 will answer
13   interrogatories in the Fourth Set despite the fact that it does not believe that it has
14   any obligation to do so.

15       2.    Perfect 10 objects to each and every request to the extent that these
16   Interrogatories seek information that is protected from disclosure by the attorney-
17   client privilege, work product doctrine, and/or any other privilege. Such
18   information will not be provided in response to the interrogatories, and any
19   inadvertent disclosure shall not be deemed a waiver of any privilege or work
20   product with respect to such information.

21       3.    Perfect 10 objects to each and every Interrogatory which seeks
22   information and documentation within the exclusive custody and control of
23   GOOGLE.

24       4.    Perfect 10 objects to each and every interrogatory to the extent that
25   they seek information which is confidential and proprietary and if disclosed could
26   cause Perfect 10 irreparable harm.

27       5.    Perfect 10 objects to the Interrogatories on the ground that they are
28   overly broad, unduly burdensome, not stated with reasonable particularity and seek

---

information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

6.     Perfect 10 objects to GOOGLE's definitions and instructions to the extent that they purport to impose upon Perfect 10 discovery obligations that are different from and/or are in addition to those set forth in the Federal Rule of Civil Procedure and the Local Civil Rules of the United States District Court for the Central District.

7.     Perfect 10 has not completed its investigation of facts, witnesses or documents relating to this case, has not completed discovery in this action, has not completed its analysis of available data, and has not completed its preparation for trial. The responses set forth herein are true and correct to the best of Perfect 10's knowledge as of this date.  Thus, although a good faith effort has been made to supply pertinent information where it has been requested, the responses contained herein are necessarily made without prejudice to Perfect 10's right to produce evidence of subsequently discovered facts, witnesses, or documents, as well as new theories or contentions that Perfect 10 might adopt.  The responses contained herein are further given without prejudice to Perfect 10's right to alter, supplement, or otherwise amend these responses and to provide information concerning facts, witnesses or documents omitted by these responses as a result of oversight, inadvertence, error, or mistake.

8.     Perfect 10 objects to these interrogatories on the grounds that it cannot fully answer them until it receives discovery from Google.

9.     Perfect 10 incorporates in each interrogatory response, responses to all other interrogatories.

## INTERROGATORIES

## INTERROGATORY NO. 12:

State all facts which support YOUR contention, if YOU so contend, that GOOGLE has not adopted and reasonably implemented a policy for termination in the

---

3

Perfect 10's Updated Response to Google's Fourth Set of Interrogatories

1  appropriate circumstances of subscribers and account holders who are repeat

2  infringers, as described in 17 U.S.C. § 512(i)(I)(A), and IDENTIFY all PERSONS

3  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

4  such facts.

5  **RESPONSE TO INTERROGATORY NO. 12:**

6        Perfect 10 objects to this interrogatory on the grounds that Google has

7  exceeded the twenty-five interrogatory limit, including subparts, provided by the

8  Federal Rules of Civil Procedure.  Perfect 10 objects to this interrogatory on the

9  grounds that Perfect 10 cannot fully answer it until it receives discovery from

10  Google, including, but not limited to, Google's DMCA log, communications

11  between Google and third party websites accused of infringement, identities of

12  Google's business partners that Perfect 10 has accused of infringement, identities

13  of all of the websites operators that Perfect 10 has accused of infringement, a list

14  of the repeat infringers that Google has terminated and when, a list of the various

15  websites known to Google that each entity accused of infringement by Perfect 10

16  owns or controls, and a list of websites for which Google has cut some or all links.

17  Perfect 10 also objects to this interrogatory on the grounds that it is impossibly

18  burdensome, as among other things, there are millions of DOCUMENTS which

19  support Perfect 10's contention, each of which cannot possibly be IDENTIFIED in

20  the manner requested by Google.  Subject to, and without waiving the previous

21  objections, and Perfect 10's general objections, Perfect 10 responds as follows:

22  The following documents support Perfect 10's contention that GOOGLE has not

23  adopted and reasonably implemented repeat infringement policy: 1) Alexander

24  Macgillivray's deposition testimony, as well as the deposition testimony of Bill

25  Brougher, Susan Wojcicki, Paul Haahr, and Shantal Rands, 2) Google's document

26  productions, interrogatory responses, and requests for admissions, and its failure to

27  produce either a) a DMCA log, b) a list of repeat infringers that it has terminated,

28  or c) the identities of website operators that Perfect 10 has accused of

---

4

Perfect 10's Updated Response to Google's Fourth Set of Interrogatories

1  infringement, 3) Perfect 10's document productions, previous interrogatory
2  responses, and DMCA notices, 4) Google's website, 5) infringing images produced
3  to Google, and 6) Google's failure to use image recognition or simply assign one
4  or two employees to prevent infringing images identified by Perfect 10 from
5  continuing to re-appear over and over in Google Image Search results. These
6  documents and/or inactions by Google strongly suggest, among other things, that
7  a) Alexander Macgillivray, Google's allegedly most knowledgeable person
8  regarding what Google did to process Perfect 10's DMCA notices, if he was telling
9  the truth, knows very little and can't remember much; b) Google has not been
10  keeping a DMCA log and has not been keeping all notices of infringement; c)
11  Google has not been keeping track of the identities of those accused of
12  infringement in such a way as to facilitate termination of repeat infringers; d)
13  Google has not been terminating repeat infringers; e) Google has not been keeping
14  track of the dates when it blocked URLs; f) Google has been turning a blind eye
15  towards infringement; g) Google has been placing ads next to millions of images
16  without authorization, on websites for which it has received repeated notices of
17  infringement; h) Google continues to accept advertising from, and link to, websites
18  for which it has received repeated notices of infringement; i) Google continues to
19  make copies of and store on its servers, millions of images and use those images
20  for commercial purposes, without permission; j) Google continues to host websites
21  that it knows infringe copyrights; k) Google continues to make massive amounts
22  of infringing materials available to its users without permission; and l) it appears
23  that Google employees made false statements under oath, and that obstruction of
24  discovery has been sanctioned by Google.
25      The five Google employees who were deposed claimed to know so little
26  that, if they were telling the truth, it was clear that they could not be taking the
27  protection of copyright and a repeat infringer policy seriously. For example, Mr.
28  Macgillivray i) could not identify which Google employees processed which

Exhibit T, Page 192

1   Perfect 10 notices, for any of the May 31, 2004 through July 2004 Perfect 10
2   notices; ii) could not remember when he first looked at Perfect 10's DMCA
3   notices; iii) did not know whether anyone from Google ever bought Perfect 10
4   Magazines or subscribed to perfect10.com; iv) did not know whether Google kept
5   track of the employee who processed each notice, and what columns were in a
6   DMCA log or whether Google even had a DMCA log; v) did not know how many
7   notices Google had to receive before someone was deemed a repeat infringer; vi)
8   did not know when Google first was able to process DMCA notices; vii) did not
9   know when Google first started asking for Image URLs from copyright holders;
10  viii) did not know when Google had sent Norman Zada a request that Google
11  needed image URLs, or how that request was communicated to Dr. Zada, whether
12  it was emailed, delivered orally, in person, or by letter; ix) did not know if Google
13  was unable to process any Perfect 10 notices because Perfect 10 had removed the
14  starting www. and/or http:// from those URLs; x) claimed that determining whether
15  something was infringing was exceedingly difficult; xi) didn't know any websites
16  that had rights to celebrity content; xii) did not know where Google's repeat
17  infringer policy was posted; and xiii) stated that Google did not knowingly share
18  revenues with infringing websites and that Google did not knowingly accept
19  advertising from infringing websites, even though Google's actions show that it
20  does. Macgillivray stated that Google had a repeat infringer policy for Google
21  Adwords advertisers but Google has not been terminating Google Adwords
22  advertisers repeatedly accused by Perfect 10 of copyright infringement.
23       The hundreds of thousands of infringements which Perfect 10 has produced
24  to Google clearly show that Google has not stopped linking to, and doing business
25  with, repeat infringers, despite what is now more than 65 DMCA notices from
26  Perfect 10. Some of these websites sell billions of dollars in pirated full-length
27  movies, thousands of popular songs, computer software, and millions of images,
28

Exhibit T, Page 193

1  including thousands of Perfect 10 copyrighted images, despite repeated notices

2  from Perfect 10, going back to 2005.

3      Persons with knowledge of such facts would include Norman Zada, Naureen

4  Zaim, Sean Chumura, Jennifer Snow, Rebecca Chaney, Wendy Augustine, Leilani

5  Dowding, and Sheena Chou, as well as Google employees.

6  **INTERROGATORY NO. 13:**

7      State all facts which support YOUR contention, if YOU so contend, that

8  GOOGLE receives a financial benefit directly attributable to the infringing activity

9  described in YOUR COMPLAINT, and IDENTIFY all PERSONS with knowledge of

10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11  **RESPONSE TO INTERROGATORY NO. 13:**

12      Perfect 10 objects to this interrogatory on the grounds that Google has

13  exceeded the twenty-five interrogatory limit, including subparts, provided by the

14  Federal Rules of Civil Procedure. Perfect 10 objects to this interrogatory on the

15  grounds that Perfect 10 cannot fully answer it until it receives discovery from

16  Google, including, but not limited to, Google's DMCA log, communications

17  between Google and third party websites accused of infringement, payments to

18  infringing websites by Google, revenues received by Google from infringing

19  websites, and various internal reports describing the degree to which Google's

20  revenues are based on its provision of infringing content to its users. Perfect 10

21  also objects to this interrogatory on the grounds that it is impossibly burdensome,

22  as among other things, there are tens of thousands of DOCUMENTS which

23  support Perfect 10's contention, each of which cannot possibly be IDENTIFIED in

24  the manner requested by Google. Subject to, and without waiving the previous

25  objections, and Perfect 10's general objections, Perfect 10 responds as follows:

26  The following facts support Perfect 10's position: 1) Google provides more

27  infringing content than any other website on the Internet, receives more traffic than

28  virtually any other website on the internet, and makes more money than virtually

---

7

Perfect 10's Updated Response to Google's Fourth Set of Interrogatories

1    any other website on the Internet. In fact, the five websites with the most traffic,

2    according to Alexa, Yahoo!, Google, YouTube, and two MSN.com search engines,

3    msn.com and live.com, all offer massive quantities of infringing content for free;

4    2) Google has placed thousands of ads on websites that have infringed Perfect 10

5    copyrights, many of the ads next to Perfect 10 copyrighted images; 3) Google has

6    taken advertising payments from at least 39 infringing websites that have offered at

7    least 600,000 infringing copies of Perfect 10 copyrighted images; 4) Google has

8    placed ads on password hacking websites that have distributed unauthorized

9    passwords to perfect10.com; 5) Google has placed ads next to thousands of

10    additional images of models for which Perfect 10 owns rights of publicity; 6)

11    Google also receives a financial benefit from increased traffic, which results in

12    large part from its offering of infringing content; 7) Google refuses to stop

13    infringing massively even though it could easily do so, which strongly suggests

14    that a substantial portion of its revenues is based on infringement. The above

15    assertions are supported by Perfect 10's DMCA notices and its document

16    productions, including documents showing ads next to Perfect 10 copyrighted

17    images and infringements that Google links to. Persons with knowledge of such

18    facts include Norman Zada, Sheena Chou, and Google employees.

19    **INTERROGATORY NO. 14:**

20    State all facts which support YOUR contention, if YOU so contend, that

21    GOOGLE has the right and ability to control the alleged third-party infringement

22    described in YOUR COMPLAINT, and IDENTIFY all PERSONS with knowledge of

23    such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24    **RESPONSE TO INTERROGATORY NO. 14:**

25    Perfect 10 objects to this interrogatory on the grounds that Google has

26    exceeded the twenty-five interrogatory limit, including subparts, provided by the

27    Federal Rules of Civil Procedure. Perfect 10 objects to this interrogatory on the

28    grounds that Perfect 10 cannot fully answer it until it receives discovery from

1 Google, including, but not limited to, Google's DMCA log, communications
2 between Google and third party websites accused of infringement, payments to
3 infringing websites by Google, and documents describing the effect that Google
4 can have on a website's business by either a) heavily promoting that website and
5 placing it at the top of Google's search results, or b) cutting all links to that website
6 and ceasing all business dealings with it. Perfect 10 also objects to this
7 interrogatory on the grounds that it is unreasonably burdensome, as among other
8 things, there are thousands of DOCUMENTS which support Perfect 10's
9 contention, each of which cannot possibly be IDENTIFIED in the manner
10 requested by Google. Subject to, and without waiving these objections and Perfect
11 10's general objections, Perfect 10 responds as follows: Google has the ability to
12 do the following: 1) remove all links to all websites controlled by an entity (as it
13 has purportedly done for identified child porn sites), which would dramatically
14 reduce the traffic to that entity and severely damage its business; 2) refuse to take
15 advertising from an entity; 3) refuse to do business with, or pay, an entity; 4)
16 confiscate monies owed to an entity; 5) enforce the terms of any agreements with
17 an entity; 6) stop hosting any infringing website, particularly those which display
18 Google ads; 7) stop storing any infringing materials on its servers. Google has
19 sufficient power on the internet to force most webmasters to remove infringing
20 content if Google so required. Google has produced documents to Perfect 10
21 suggesting that it has been able to remove infringing content from third party
22 websites with which it has had business dealings. If Google is hosting the
23 infringing website, it can shut that website down. Documents supporting Perfect
24 10's position include, but are not limited to, all communications produced by
25 Google regarding third party websites, documents produced by Perfect 10 showing
26 that websites that were removed from Google's AdSense program, in many cases,
27 shortly thereafter, ceased to exist, documents produced by Perfect 10 showing that
28 Google has shut down some websites that it has hosted, Google's various terms

Perfect 10's Updated Response to Google's Fourth Set of Interrogatories

1 and conditions, Google's website, Google's document productions, interrogatory
2 responses, and responses to requests for admissions, and the deposition testimony
3 of Google employees. Persons with knowledge of such facts include Norman
4 Zada, Wendy Augustine, Sheena Chou, and Google employees.

5 **INTERROGATORY NO. 15:**

6       State all facts which support YOUR contention, if YOU so contend, that
7 GOOGLE misappropriates that names and likenesses of MODELS, and IDENTIFY
8 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
9 RELATE TO such facts.

10 **RESPONSE TO INTERROGATORY NO. 15:**

11       Perfect 10 objects to this interrogatory on the grounds that Google has
12 exceeded the twenty-five interrogatory limit, including subparts, provided by the
13 Federal Rules of Civil Procedure. Perfect 10 objects to this interrogatory on the
14 grounds that it is impossibly burdensome, as among other things, there are tens of
15 thousands of DOCUMENTS which support Perfect 10's contention, each of which
16 cannot possibly be IDENTIFIED in the manner requested by Google. Subject to,
17 and without waiving these objections and Perfect 10's general objections, Perfect
18 10 responds as follows: The following documents support Perfect 10's contention
19 that GOOGLE has misappropriated the names and likenesses of MODELS: 1)
20 Print-outs/downloads of infringing material and/or misappropriated rights of
21 publicity from Google search results, Google's cache links, Google ads next to
22 misappropriated materials, Google's hosting of misappropriated materials, and
23 other related documents produced by Perfect 10, 2) Alexander Macgillivray's
24 deposition testimony, as well as the deposition testimony of Bill Brougher and
25 Susan Wojcicki, 3) Google's document productions, interrogatory responses, and
26 responses to requests for admissions, 4) Perfect 10's document productions,
27 previous interrogatory responses, and notices, 5) Google's website and the
28 websites of its infringing business partners. Google uses names and likenesses of

Exhibit T, Page 197

MODELS it does not have permission to either a) use an image of a MODEL for
commercial purposes, or b) place ads around the name or image of a MODEL.
Google has not verified that any of its business partners have such rights either.
Google places thousands of ads next to the images of MODELs and earns revenue
from such ads without the permission of either the MODEL or the rights holder,
Perfect 10. Persons with knowledge of such facts include Norman Zada, Naureen
Zaim, Sean Chumura, Jennifer Snow, Rebecca Chaney, Wendy Augustine, Leilani
Dowding, Ashley Degenford, and Sheena Chou, and Google employees.

**INTERROGATORY NO. 16:**

State all facts which support YOUR unfair competition claim, including but not
limited to IDENTIFYING all conduct by GOOGLE that YOU contend constitutes
unfair competition, all PERSONS with knowledge of such facts and all
DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 16:**

Perfect 10 objects to this interrogatory on the grounds that Google has
exceeded the twenty-five interrogatory limit, including subparts, provided by the
Federal Rules of Civil Procedure. Perfect 10 objects to this interrogatory on the
grounds that Perfect 10 cannot fully answer it until it receives discovery from
Google, including, but not limited to communications between Google and third
party websites, payments to websites by Google, revenues received by Google
from websites, and various internal reports describing the degree to which
Google's revenues are based on its provision of misappropriated content to its
users. Perfect 10 also objects to this interrogatory on the grounds that it is
impossibly burdensome, as among other things, there are tens of thousands of
DOCUMENTS which support Perfect 10's contention, each of which cannot
possibly be IDENTIFIED in the manner requested by Google. Subject to, and
without waiving the foregoing objections, and Perfect 10's general objections,
Perfect 10 responds as follows: Google unfairly competes against Perfect 10, and

Exhibit T, Page 198

1  assists others to unfairly compete against Perfect 10, in the following ways: 1)
2  Google Image Search is basically a gigantic infringing website, created by Google,
3  which has a search function. Google Image search has hundreds of thousands of
4  pages, consisting of virtually every image owned by Perfect 10, Playboy,
5  Penthouse, and other entities, images of nude actresses from movies, images of
6  virtually every actress and supermodel, etc. Google displays pages of reduced-size
7  images, as does Perfect10.com. The difference is that a) Google displays millions
8  of images without permission, and b) Google makes available hundreds of
9  thousands of other images besides Perfect 10's images. Thus, Perfect 10 cannot
10 compete with Google, who not only makes Perfect 10's images available for free,
11 but hundreds of thousands of other competitive images available also. When
12 Google users input a search term, they get a page of reduced-size images, created
13 by Google. Google not only determines what images will appear on that page, and
14 what text will appear with those images, Google also creates many of the reduced-
15 size images itself from larger infringing images. Google further includes a "See
16 full-size image link" which allows Google users to view full-size infringing images
17 without paying for them, while remaining at Google.com. The net effect of
18 Google's Image Search is to completely destroy Perfect 10's business by
19 completely supplanting it. 1) Google creates its massive infringing website of
20 Image Search results so that a disproportionate number of its pages of reduced-size
21 images link to websites on which Google places ads and earns revenue. Thus
22 Google's Image Search does not perform an unbiased search function, rather, it is
23 created as basically a gigantic infringing commercial operation, designed to
24 maximize Google's revenues without paying for the content it utilizes; 2) Google
25 creates its web search results so that in some cases, virtually all of its results link to
26 infringing websites on which Google places ads and earns revenue. Google so
27 biases its results for Web Search to favor its advertising affiliates that Google Web
28 Search is not really a search engine. Rather, it is a massive infringing commercial

Exhibit T, Page 199

advertising operation. It is because Google is infringing tens of billions of dollars
of copyrighted content, and biasing its search results to generate revenue, that
Google has been able, in such a short amount of time, to make so much money and
have such a large market cap (over $160 billion); 3) Google places ads around
billions of dollars worth of copyrighted images and other works without
authorization, partnering with known infringers to generate billions of dollars each
year in revenues; 4) Google publishes on its own website, username/password
combinations which allow unauthorized access to thousands of websites. 5) Every
link and every image in Google search results is essentially a page in a gigantic
website created by Google. Google does not merely accept posts of content –
Google goes out and selects and makes unauthorized copies of that content itself.
When Google places bestiality images next to images of Perfect 10 models in web
pages it creates for its Image Search results, there is only one entity responsible –
Google. No person posted that content. Google selected it and chose to place
those images next to each other on its gigantic infringing website.

Documents supporting Perfect 10's position would include, but are not
limited to, all documents produced by Perfect 10 dealing with Google Image
Search or Google Web Search, and Google discovery responses and deposition
testimony. Persons with knowledge of such facts include Norman Zada, Naureen
Zaim, Sean Chumura, Jennifer Snow, Rebecca Chaney, Wendy Augustine, Leilani
Dowding, Ashley Degenford, and Sheena Chou.

**INTERROGATORY NO. 17:**

State all facts which support YOUR contention, if YOU so contend, that
GOOGLE is an "information content provider," as defined in 47 U.S.C. § 230(f)(3),
including, but not limited to IDENTIFYING any content YOU contend was created or
developed by GOOGLE and the activities GOOGLE performed to create or develop
such content, all PERSONS with knowledge of such facts and all DOCUMENTS that
REFER OR RELATE TO such facts.

Exhibit T, Page 200

## RESPONSE TO INTERROGATORY NO. 17:

Perfect 10 objects to this interrogatory on the grounds that Google has exceeded the twenty-five interrogatory limit, including subparts, provided by the Federal Rules of Civil Procedure. Perfect 10 objects to this interrogatory on the grounds that it calls for a legal conclusion. Perfect 10 objects to this interrogatory on the grounds that is impossibly burdensome, as among other things, there are tens of thousands of DOCUMENTS which support Perfect 10's contention, each of which cannot possibly be IDENTIFIED in the manner requested by Google. Subject to, and without waiving the previous objections, and Perfect 10's general objections, Perfect 10 responds as follows: 1) Google Image Search is basically a gigantic infringing website, created by Google, which has a search function. Google Image search has hundreds of thousands of pages, consisting of virtually every image owned by Perfect 10, Playboy, Penthouse, images of nude actresses from movies, images of virtually every actress and supermodel. When Google users input a search term, they get a page of reduced-size images, created by Google. Google not only determines what images will appear on that page, and what text will appear with those images, Google also creates many of the reduced-size images itself from larger infringing images. Google further includes a "See full-size image link" which allows Google users to view full-size infringing images without paying for them, while remaining at Google.com; 2) Google creates its massive infringing website of Image Search results so that a disproportionate number of its pages of reduced-size images link to websites on which Google places ads and earns revenue. Thus Google's Image Search does not perform an unbiased search function, rather, it is created as basically a gigantic infringing commercial operation, designed to maximize Google's revenues without paying for the content it utilizes; 3) Google creates its web search results so that in some cases, virtually all of its results link to infringing websites on which Google places ads and earns revenue. Google so biases its results for Web Search to favor its

Perfect 10's Updated Response to Google's Fourth Set of Interrogatories

Exhibit T, Page 201

1 advertising affiliates that Google Web Search is not really a search engine. Rather,
2 it is a massive infringing commercial advertising operation. The order of Google's
3 results and which links appear in Google's results are completely determined by
4 Google. It is only because Google is infringing tens of billions of dollars of
5 content, and biasing its search results to generate revenue, that Google has been
6 able, in such a short amount of time, to make so much money and have such a
7 large market cap (over $160 billion); 4) Google places ads around billions of
8 dollars worth of copyrighted images without authorization, partnering with known
9 infringers to generate billions of dollars each year in revenues; 5) Google publishes
10 on its own website, username/password combinations which allow unauthorized
11 access to thousands of websites; 6) Google does not accept posts of content –
12 Google goes out and selects and makes unauthorized copies of that content itself.
13 When Google places bestiality images next to images of Perfect 10 models in web
14 pages it creates for its Image Search results, there is only one entity responsible –
15 Google. No person posted that content. Google selected it and chose to place
16 those images next to each other on its gigantic infringing website. Similarly, when
17 Google takes an image of a blond model with a penis in her mouth, and puts the
18 name "Irina Voronina" under that image, and displays that image in response to
19 search results on "Irina Voronina" even though Irina Voronina does not appear in
20 that image, Google and Google alone is responsible. That image was not posted by
21 a third party. Google selected that image, made an unauthorized copy of it, put
22 Irina Voronina's name under it, and made that image available to its users.
23 Documents which refer or relate to such facts include, but are not limited to, all
24 documents in Perfect 10's productions showing Google Image search and Web
25 Search results, particularly web search results on Perfect 10 models, which show
26 that for many Perfect 10 models, almost all Google search results link or linked to
27 infringing Google AdSense affiliates. Persons with knowledge of this include
28 Norman Zada.

Exhibit T, Page 202

1 **INTERROGATORY NO. 18:**

2      State all facts which support YOUR contention, if YOU so contend, that YOU

3 have suffered harm, damage or injury as a result of any act or omission of GOOGLE,

4 and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

5 that REFER OR RELATE TO such facts.

6 **RESPONSE TO INTERROGATORY NO. 18:**

7      Perfect 10 objects to this interrogatory on the grounds that Google has

8 exceeded the twenty-five interrogatory limit, including subparts, provided by the

9 Federal Rules of Civil Procedure. Perfect 10 objects to this interrogatory on the

10 grounds that Perfect 10 cannot fully answer it until it receives discovery from

11 Google, including, but not limited to, Google's DMCA log, communications

12 between Google and third party websites accused of infringement, payments to

13 infringing websites by Google, revenues received by Google from infringing

14 websites, number of clicks on Perfect 10 images from Google Image Search and

15 otherwise, number of downloads of Perfect 10 images, from mobile phones,

16 Google Image Search, Google Web Search, Google Hosted Websites, Google

17 AdSense websites, Google AdWords websites, and otherwise, number of searches

18 on the names of Perfect 10 models and terms involving Perfect 10, and various

19 Google internal reports, including those that describe the degree to which Google's

20 revenues are based on its provision of infringing content to its users. Perfect 10

21 also objects to this interrogatory on the grounds that it is impossibly burdensome,

22 as among other things, there are tens of thousands of DOCUMENTS which

23 support Perfect 10's contention, each of which cannot possibly be IDENTIFIED in

24 the manner requested by Google. Subject to, and without waiving the previous

25 objections, and Perfect 10's general objections, Perfect 10 responds as follows:

26      Google has destroyed Perfect 10's business in a variety of ways, including

27 the following: Google has made thousands of Perfect 10 images available for free

28 to Google users, which has supplanted Perfect 10's entire business, including its

1   Magazine publishing, website, and cell phone downloading businesses.

2       Google has continued to stack its web search results to favor its advertising

3   affiliates at the expense of Perfect 10. Google has also displayed hundreds of

4   Perfect 10 passwords, allowing massive unauthorized entry into perfect10.com.

5   Google has misappropriated Perfect 10's rights by, among other things, using such

6   rights for commercial purposes without authorization, and by placing bestiality and

7   other explicit images next to images of Perfect 10 models, suggesting that those

8   models are involved in explicit sexual acts. Google has also used Perfect 10's

9   trademarks without authorization for its own commercial gain.

10       Google Image Search is basically a gigantic infringing website, created by

11   Google, which has a search function. Google Image search has hundreds of

12   thousands of pages, consisting of virtually every image owned by Perfect 10,

13   Playboy, images of nude actresses from movies, images of virtually every actress

14   and supermodel. Google displays pages of reduced-size images, as does

15   Perfect10.com. The difference is that a) Google displays millions of images

16   without permission, and b) Google makes available hundreds of thousands of other

17   infringing images besides Perfect 10's images. Thus, Perfect 10 cannot compete

18   with Google, who makes not only Perfect 10's images available for free, but

19   hundreds of thousands of other infringing competitive images available also.

20       Google makes copies of thousands of Perfect 10 images without

21   authorization, and knowingly links those images to the websites which stole them.

22       Google also makes full-size copies of Perfect 10 images available from

23   Google servers.

24       Google uses Perfect 10's own copyrighted works, without its permissions, to

25   promote itself and thieves that wrongly compete against Perfect 10 by offering

26   stolen content, including Perfect 10 content, either for free, or for pennies on the

27   dollar.

28       Google further includes a "See full-size image link" which allows Google

Exhibit T, Page 204

1  users to view full-size infringing images without paying for them, while remaining
2  at Google.com. The net effect of Google's Image Search is to completely destroy
3  Perfect 10's business by completely supplanting it. There is no reason for users to
4  pay Perfect 10 to view and download its images when they can get those same
5  images for free by going to Google.

6      Google creates its massive infringing website of Image Search results so that
7  a disproportionate number of its pages of reduced-size images link to websites on
8  which Google places ads and earns revenue. Thus Google's Image Search does
9  not perform an unbiased search function, rather, it is created as basically a gigantic
10 infringing commercial operation, designed to maximize Google's revenues without
11 paying for the content it utilizes. Google's Image Search takes massive quantities
12 of traffic away from Perfect 10 and directs it to websites that infringe Perfect 10's
13 copyrights.

14     Google creates its web search results so that in some cases, virtually all of its
15 results link to infringing websites on which Google places ads and earns revenue.
16 Google so biases its results for Web Search as well to favor its advertising
17 affiliates that Google Web Search is not really a search engine. Rather, it is a
18 massive infringing commercial advertising operation. Once again, the net effect of
19 Google's web search is to direct traffic away from Perfect 10 to websites that
20 infringe Perfect 10 copyrights.

21     Google has placed ads on infringing websites containing at least 18,000
22 Perfect 10 copyrighted images without permission, and continued to link to the
23 infringing websites on which such ads are placed. This has destroyed not only
24 Perfect 10's exclusive copyrights, but Perfect 10's ability to earn revenue by
25 placing ads around its own images, or to license its images for advertising
26 purposes.

27     Google displays, on its own website, username/password combinations
28 which allow unauthorized access to thousands of websites.

1      Google does not accept posts of content in its Image Search results – Google
2  goes out and selects and makes unauthorized copies of that content itself.  When
3  Google places bestiality images next to images of Perfect 10 models in web pages
4  it creates for its Image Search results, there is only one entity responsible –
5  Google.  No person posted that content.  Google selected it and chose to place
6  those images next to each other on its gigantic infringing website.
7      Documents supporting Perfect 10's position include, but are not limited to,
8  all documents produced by Perfect 10 dealing with Google Image Search or
9  Google Web Search, documents produced by Google, downloads and views of
10 Perfect 10's images on infringing websites, and Perfect 10's financial statements.
11 Additional explanation of Google's acts which have damaged Perfect 10 are in
12 Perfect 10's Second Amended complaint and are incorporated in this response.
13 Persons with knowledge of such facts are: Norman Zada, Naureen Zaim, Sheena
14 Chou, Wendy Augustine, Rebecca Chaney, Jennifer Snow, Sean Chumura, and
15 Ashley Degenford.
16 Dated:  May 29, 2008        Law Offices of Jeffrey N. Mausner
17                   By: *Jeffrey N. Mausner*
18                   Jeffrey N. Mausner
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, Norman Zada, Ph.D., declare as follows:

    1.    I am the president of Perfect 10, Inc., the plaintiff in this action.

    2.    I have read the foregoing PERFECT 10'S UPDATED RESPONSE TO GOOGLE'S FOURTH SET OF INTERROGATORIES, and I am familiar with the contents thereof.

    3.    To the best of my knowledge and belief, the matters set forth in these Responses are true and accurate.

    4.    I reserve the right to make changes in these Responses if it should appear at any time that omissions or errors have been made or that additional or more accurate information has been obtained.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 29, 2008 at Los Angeles County, California.

_____
Norman Zada, Ph.D.

---

20
Perfect 10's Updated Response to Google's Fourth Set of Interrogatories

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and am not a party to the within action; my business address is: 21800 Oxnard Street, Suite 910, Woodland Hills, California 91367

On May 29, 2009, I served the foregoing document(s) described as follows:

**PERFECT 10'S UPDATED RESPONSE TO GOOGLE'S FOURTH SET OF INTERROGATORIES**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the address(es) as follows:

**Thomas Nolan**
**Michael Zeller**
**Quinn Emanuel**
**865 S. Figueroa Street, 10th Floor**
**Los Angeles, California 90017**

**Rachel Herrick Kassabian**
**Quinn Emanuel**
**555 Twin Dolphin Drive, Suite 560**
**Redwood Shores, California 94065**

**MAIL:** I placed such envelope with fully prepaid postage thereon in the United States mail at Los Angeles, California.

**FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on **May 29, 2009** at Los Angeles, California.

BY: _Brittany Douglass_
Brittany Douglass

1