1  Jeffrey N. Mausner (State Bar No. 122385)
2  Law Offices of Jeffrey N. Mausner
   Warner Center Towers
3  21800 Oxnard Street, Suite 910
   Woodland Hills, California 91367
4  Email: Jeff@mausnerlaw.com
   Telephone: (310) 617-8100, (818) 992-7500
5  Facsimile: (818) 716-2773

6  Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GOOGLE INC., a corporation,<br><br>　　　　　Defendants.<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**Before Judge Stephen J. Hillman**<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF JEFFREY N. MAUSNER REGARDING GOOGLE, INC.'S NON-COOPERATION CONCERNING GOOGLE, INC.'S MOTION FOR A DOCUMENT PRESERVATION ORDER, AND PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER**<br><br>[Submitted Pursuant To Local Rule 37-2.4]<br><br>Date: January 11, 2009<br>Time: 2 P.M.<br>Place: Courtroom 550, Courtroom of the Honorable Stephen J. Hillman<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

| | |
|---|---|
| 1 | **DECLARATION OF JEFFREY N. MAUSNER** |
| 2 | I, Jeffrey N. Mausner, declare as follows: |
| 3 | 1. I am a member of the State Bar of California and admitted to practice |
| 4 | before this Court. I am counsel of record for Plaintiff Perfect 10, Inc. ("Perfect |
| 5 | 10") in this action. All of the matters stated herein are of my own personal |
| 6 | knowledge, except where otherwise stated, and if called as a witness, I could and |
| 7 | would testify competently thereto. |
| 8 | 2. I submit this declaration pursuant to Local Rule 37-2.4 because |
| 9 | Google failed to cooperate in the preparation of a Joint Stipulation on Google's |
| 10 | motion for a document preservation order and on Perfect 10's motion for a |
| 11 | document preservation order, as required by Local Rule 37-2.2. |
| 12 | 3. The parties met and conferred on the matters set forth in Perfect 10's |
| 13 | motion for a document preservation order on September 8, 2009 and thereafter, by |
| 14 | letter and email. |
| 15 | 4. Google complained to me regarding the deposition of Wendy |
| 16 | Augustine on several occasions, by letter. However, as set forth in the Joint |
| 17 | Stipulation that Perfect 10 will be filing under seal, with regard to Google's |
| 18 | motion, Google did not comply with the meet and confer requirements set forth in |
| 19 | Local Rule 37-2.2 because, *inter alia*, Google did not inform me of its intent to |
| 20 | seek a preservation order, let alone cite any legal basis for the request. (See |
| 21 | Kassabian Decl., Exhs. A, B, and C.) |
| 22 | 5. Google emailed its portions of the Joint Stipulation to me on |
| 23 | December 3, 2009, at or after midnight. On December 3, 2009, I informed |
| 24 | Google that Perfect 10 would file a motion to seek the imposition of a mutual |
| 25 | preservation order if Google would not stipulate to the entry of one. I stated the |
| 26 | following: |
| 27 | Rachel, Perfect 10 received Google's joint stipulation. Perfect |
| 28 | 10 is amenable to agreeing upon a preservation order that would apply |

|   |   |
|---|---|
| 1 | mutually and equally to Perfect 10 and Google.  Please let me know if |
| 2 | you are interested by the close of business today. If Google does not |
| 3 | want to agree to resolve this dispute as outlined above, then Perfect 10 |
| 4 | will file a motion requesting the same relief Google has sought |
| 5 | against Perfect 10. Perfect 10 will file the motion and seek the order |
| 6 | based upon, inter alia, Google's refusal to respond to the questions in |
| 7 | my September 8, 2009 letter (page 2), Google's failure to produce |
| 8 | numerous documents (as set forth in Perfect 10's motion for |
| 9 | evidentiary sanctions), and the case law Google cites in the joint |
| 10 | stipulation. |
| 11 | Please call me if you wish to discuss any of this. |
| 12 | (*See* email from Jeffrey Mausner to Rachel Kassabian dated December 3, 2009, |
| 13 | which is attached hereto as Exhibit A.) |
| 14 | Thus, Google was apprised of the specific relief that Perfect 10 would seek, and |
| 15 | the basis for it – the mountain of evidence in Perfect 10's motion for sanctions that |
| 16 | shows that Google has not produced documents ordered by both Judge Hillman |
| 17 | and Judge Matz, and that Google has misrepresented that it did produce such |
| 18 | documents.  (Exhibit C to the Declaration of Jeffrey Mausner in Support of Perfect |
| 19 | 10's Position Regarding Document Preservation Order (Mausner Preservation |
| 20 | Order Decl.))  Google would not agree to a mutual preservation order. |
| 21 | 6. On December 10, 2009, I emailed Perfect 10's portions of the Joint |
| 22 | Stipulation to Google's attorneys, along with Perfect 10's supporting declarations |
| 23 | and exhibits. |
| 24 | 7. On December 11, 2009, Google's counsel informed me that they |
| 25 | would not include Perfect 10's portions of the Joint Stipulation unless Perfect 10 |
| 26 | revised its portions to omit material that referenced Perfect 10's motion for a |
| 27 | document preservation order.  Google complained that Perfect 10's inclusion of |
| 28 | such references deprived it of the opportunity to file a response.  In reply, I |

1  informed Ms. Kassabian that "[i]f Google wants to add a response to the Joint
2  Stipulation, it may do so." Ms. Kassabian ignored this offer. I also informed Ms.
3  Kassabian that the Local Rules required Google to include Perfect 10's portions
4  and then obtain my signature. I stated the following:

> Google has no basis for refusing to follow the procedures in
> Local Rule 37. Perfect 10 fully cooperated and complied with those
> procedures in response to Google's delivery of the Joint Stipulation
> (despite Google's failure to comply with Local Rule 37), and in
> notifying Google about Perfect 10's own motion. Google is obligated
> to include Perfect 10's portions of the Joint Stipulation and obtain my
> signature. Google cannot unilaterally decide to not follow this
> procedure. Google may inform the Court that it believes that Perfect
> 10 cannot bring its own motion, but it cannot refuse to follow the
> procedures and refuse to include Perfect 10's portions of the Joint
> Stipulation and obtain my signature. This is yet another example of
> Google's unfair gamesmanship, which is the subject of an order in this
> case. Further, your timing of this motion, and in particular the threats
> made in your email, are an obvious attempt to sidetrack me from
> working on the Reply brief that is due on Monday. I cannot spend
> any further time on this until after the Reply brief is filed.
>
> If Google wants to add a response to the Joint Stipulation, it
> may do so. But in any case, Google cannot file its portion of the Joint
> Stipulation without Perfect 10's portions included and my signature.
> Alternatively, I can discuss this with you after the Reply brief and
> supporting documents are filed.

(*See* email from Jeffrey Mausner to Rachel Kassabian dated December 11, 2009, which is attached hereto as Exhibit B.)

28      8.      Nevertheless, on December 11, 2009, Google filed the Joint

- 3 -
Declaration Of Jeffrey N. Mausner Regarding Google's Non-Cooperation Concerning Google's Motion
For A Document Preservation Order, And Perfect 10's Motion For A Document Preservation Order

1 | Stipulation without Perfect 10's portions and incorrectly represented that Perfect
2 | 10 refused to cooperate in the preparation of the Joint Stipulation.
3 |     I declare under penalty of perjury under the laws of the United States of
4 | America that the foregoing is true and correct to the best of my knowledge.
5 |     Executed on December 15, 2009, at Los Angeles County, California.

*/s/ Jeffrey N. Mausner*
Jeffrey N. Mausner

# Exhibit A

# Jeffrey Mausner

**From:** Jeffrey Mausner [jeff@mausnerlaw.com]
**Sent:** Thursday, December 03, 2009 1:48 PM
**To:** 'Brad R. Love'
**Cc:** 'Rachel Herrick Kassabian'; 'Thomas Nolan'; Valerie Kincaid (VKincaid@Mausnerlaw.com); Jansen, Mark T.  mtjansen@townsend.com; Malutta, Anthony J.  ajmalutta@townsend.com; Timothy Cahn (trcahn@townsend.com); Cincone, Gia L.  glcincone@townsend.com; Steiner, Elham F.; Michael T Zeller  michaelzeller@quinnemanuel.com; Andrea P Roberts andreaproberts@quinnemanuel.com; Charles K. Verhoeven (charlesverhoeven@quinnemanuel.com)
**Subject:** RE: Perfect 10, Inc. v. Google Inc.:  Joint Stipulation on Google's Motion for a Document Preservation Order

Rachel,

Perfect 10 received Google's joint stipulation.  Perfect 10 is amenable to agreeing upon a preservation order that would apply *mutually and equally* to Perfect 10 and Google.

Please let me know if you are interested by the close of business today.  If Google does not want to agree to resolve this dispute as outlined above, then Perfect 10 will file a motion requesting the same relief Google has sought against Perfect 10.  Perfect 10 will file the motion and seek the order based upon, *inter alia*, Google's refusal to respond to the questions in my September 8, 2009 letter (page 2), Google's failure to produce numerous documents (as set forth in Perfect 10's motion for evidentiary sanctions), and the case law Google cites in the joint stipulation.

Please call me if you wish to discuss any of this.

By the way, Brad Love's email below states that our portion of the Joint Stipulation is due by December 9.  We did not receive Google's portions of the Joint Stipulation and supporting exhibits until December 3, so my calculation is that our portions are not due until December 10.

Jeff.

---

**From:** Brad R. Love [mailto:bradlove@quinnemanuel.com]
**Sent:** Thursday, December 03, 2009 12:00 AM
**To:** Jeff Mausner
**Cc:** Rachel Herrick Kassabian; Thomas Nolan
**Subject:** Perfect 10, Inc. v. Google Inc.: Joint Stipulation on Google's Motion for a Document Preservation Order

Jeff,

Attached are Google's portions of the Joint Stipulation on Google Inc.'s Motion for a Document Preservation Order to Prevent Further Spoliation of Evidence by Perfect 10, Inc.  Because of file size limitations, the supporting Declaration and Exhibits thereto will be attached to several emails to follow.

Pursuant to Local Rule 37-2.2, please send us Perfect 10's portions of the Joint Stipulation by December 9.  Pursuant to Local Rule 37-2.2, you will then have one business day to sign the document and return it by hand.

Best Regards,

Brad Love
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6330
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail:  bradlove@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Exhibit B

# Jeffrey Mausner

**From:** Jeffrey Mausner [jeff@mausnerlaw.com]
**Sent:** Friday, December 11, 2009 1:59 PM
**To:** 'Rachel Herrick Kassabian'; 'Valerie Kincaid'
**Cc:** 'Thomas Nolan'; 'Brad R. Love'; 'Michael T Zeller'
**Subject:** RE: Joint Stipulation re Preservation Order - Email 2

Rachel, I cannot respond to your email in detail because of the deadline this Monday to file the Reply brief in support of Perfect 10's motion for evidentiary sanctions against Google. I am available after that to respond to your email in more detail and to discuss the issues Google raises.

Google has no basis for refusing to follow the procedures in Local Rule 37. Perfect 10 fully cooperated and complied with those procedures in response to Google's delivery of the Joint Stipulation (despite Google's failure to comply with Local Rule 37), and in notifying Google about Perfect 10's own motion. Google is obligated to include Perfect 10's portions of the Joint Stipulation and obtain my signature. Google cannot unilaterally decide to not follow this procedure. Google may inform the Court that it believes that Perfect 10 cannot bring its own motion, but it cannot refuse to follow the procedures and refuse to include Perfect 10's portions of the Joint Stipulation and obtain my signature. This is yet another example of Google's unfair gamesmanship, which is the subject of an order in this case. Further, your timing of this motion, and in particular the threats made in your email, are an obvious attempt to sidetrack me from working on the Reply brief that is due on Monday. I cannot spend any further time on this until after the Reply brief is filed.

If Google wants to add a response to the Joint Stipulation, it may do so. But in any case, Google cannot file its portion of the Joint Stipulation without Perfect 10's portions included and my signature. Alternatively, I can discuss this with you after the Reply brief and supporting documents are filed.

If Google files its motion without Perfect 10's portions and signature, Perfect 10 will bring this matter to the Court's attention and seek appropriate sanctions. Jeff

---

**From:** Rachel Herrick Kassabian [mailto:rachelkassabian@quinnemanuel.com]
**Sent:** Friday, December 11, 2009 10:52 AM
**To:** 'Jeffrey Mausner'; 'Valerie Kincaid'
**Cc:** Thomas Nolan; Brad R. Love; Michael T Zeller
**Subject:** RE: Joint Stipulation re Preservation Order - Email 2

Jeff,

We have reviewed P10's portions of the joint stipulation on Google's motion for a document preservation order. Unfortunately, P10 has not just opposed Google's motion; it has also purported to include its own motion against Google for a document preservation order. As we have already made clear, P10 has failed to honor its meet-and-confer

1

obligations under Local Rule 37-1 for any such P10 motion. Nor does P10 have any basis whatsoever to claim that Google has failed to preserve any documents.

In any event, your inclusion of another motion (with purported evidence in support thereof) in this joint stipulation violates the Local Rules governing preparation and filing of joint stipulations (Local Rules 37-2.1 and 37-2.2). Among other things, P10's inclusion of a new motion against Google in this joint stipulation deprives Google of the opportunity to respond to it. Please remove the arguments and evidence constituting P10's motion from P10's portions of the joint stipulation on Google's motion (and from P10's supporting declarations), and return the corrected documents to us by 3pm today. Please make sure to include both an unredacted and a redacted version of P10's portion of the corrected joint stipulation and P10's corrected supporting documents (which your documents from last night did not do). If Perfect 10 does not send us its corrected portions of this joint stipulation (and corrected supporting declarations) by 3pm today, Google will file its portion of the joint stipulation and its supporting documents (without P10's portions), together with a Statement of Non-Cooperation pursuant to Local Rule 37-2.4. If P10 does send us its corrected portions of this joint stipulation and P10's supporting documents by 3pm today, but does not include redacted versions for public filing, we will assume that P10 wants the entirety of its portions of the corrected joint stipulation (as well as the entirety of its corrected supporting declarations) to be filed under seal, and we will redact the entirety of those materials for the public filed version.

If Perfect 10 wishes to file its own motion regarding document preservation issues, please (1) fulfill P10's meet and confer obligations first, and then (2) send us a joint stipulation thereon, which we will respond to within five days, per the local rules governing joint stipulations.

Regards,

Rachel

**Rachel Herrick Kassabian /** *Partner*
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Thursday, December 10, 2009 11:39 PM
**To:** Brad R. Love; Thomas Nolan; Rachel Herrick Kassabian
**Subject:** Joint Stipulation re Preservation Order - Email 2

Attached is the Joint Stipulation in Word format. It now contains Perfect 10's portions. Also, Perfect 10 changed the caption page and the footer to reflect that Perfect 10 is also moving for a document preservation order. My declaration is also attached. The Augustine Declaration, Zada Declaration, and Mausner Under Seal Exhibits were sent in a previous email. Jeff

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com