Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
E-mail: Jeff@Mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE, INC., a corporation,<br><br>    Defendant. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**Before Judge A. Howard Matz**<br><br>**STATEMENT OF PLAINTIFF PERFECT 10, INC. IN RESPONSE TO THE COURT'S DECEMBER 15, 2009 MINUTE ORDER REGARDING THE EFFECT THAT PERFECT 10'S MOTION FOR EVIDENTIARY AND OTHER SANCTIONS AGAINST GOOGLE INC. AND/OR FOR THE APPOINTMENT OF A SPECIAL MASTER COULD HAVE ON OTHER PENDING MOTIONS**<br><br>Date:  December 21, 2009<br>Time:  10:00 a.m.<br>Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz<br><br>Discovery Cut-Off Date:  None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:   None Set |

The relief Perfect 10 seeks in its Motion for Evidentiary and Other Sanctions Against Defendant Google, Inc. (the "Sanctions Motion") could determine and/or moot Google's three pending summary judgment motions seeking safe harbor under §512 of the DMCA. Accordingly, as explained below, Perfect 10's Sanctions Motion could not first be brought before Magistrate Judge Hillman, because it seeks dispositive rulings outside the authority of a magistrate judge. *See* 28 U.S.C. §636(b)(1)(a); *U.S. v. Rivera-Guerrero*, 377 F.3d 1064, 1067-68 (9th Cir. 2004).

## I.    EFFECT OF SANCTIONS MOTION ON PENDING MOTIONS.

The relief sought by Perfect 10 in its Sanctions Motion is based on Google's repeated discovery abuses. It affects the entire case, and in particular, Google's three pending summary judgment motions. The specific relief sought by Perfect 10, which is described in detail in the Notice of Motion, Docket No. 617, p. 1 ln. 11 to p. 2 ln. 21, is as follows:

(1) that Google be found ineligible for a DMCA safe harbor;

(2) that Google's pending summary judgment motions be denied or dismissed;

(3) that Google be ordered to produce certain documents that it has failed to produce, in violation of Judge Hillman's May 22, 2006 Order and Judge Matz's May 13, 2008 Order, and Perfect 10 then be allowed to submit a sur-reply in connection with Google's pending summary judgment motions; and/or

(4) that the Court appoint a special master to investigate the issues raised by the Sanctions Motion and Google's pending summary judgment motions and make recommendations and findings to the Court.

Perfect 10's Sanctions Motion thus affects Google's three pending Motions for Summary Judgment regarding: (a) Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(c) For Its Blogger Service, Docket No. 427 *et seq.*, 457 (under seal); (b) Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(d) For Web And Image Search, Docket No. 428 *et. seq.*, 456 (under seal); and (c) Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(b) For Its Caching Feature, Docket No. 426 *et seq.*, 458 (under

seal).  The Sanctions Motion also affects Plaintiff Perfect 10, Inc.'s Motion For Summary Judgment and Summary Adjudication Re: Copyright Infringement Against Defendant Google, Inc., Docket No. 436 *et seq.*  (*See* Minute Order, Docket No. 453.)

If the Court adopts the proposed relief set forth in Item Nos. 1 or 2 above, that would moot Google's summary judgment motions (items a-c above), and portions of Perfect 10's summary judgment motion (item d above), which all relate to DMCA safe harbor.  If the Court adopts the relief set forth in Item No. 3 above, that would result in Google producing documents it has previously failed to produce, in violation of various Court Orders,[1] and would then allow for additional briefing on Google's pending summary judgment motions.

If the Court chooses to appoint a special master, Item No. 4 above, the Court can decide the scope of the special master's authority.  That authority could be limited to determining the impact of Google's alleged failure to comply with Court-ordered discovery on the summary judgment motions, and making recommendations to this Court.  The Court could also grant a special master broader authority to make findings concerning the merits of the summary judgment motions as well, including whether Google has complied with 17 U.S.C. §512(i), the repeat infringer provision of the DMCA, and if Google is determined to have complied with §512(i), whether Google has appropriately and timely responded to each of Perfect 10's DMCA notices.  Because all of these matters are related, Perfect 10 believes it would be most efficient for the special master to make recommendations regarding all four of these issues.

## II.    WHY THIS MATTER WAS NOT FIRST BROUGHT BEFORE MAGISTRATE JUDGE HILLMAN.

Without the parties' consent, a magistrate judge may not determine dispositive

---

[1] These documents include: (i) the DMCA log required by Judge Matz's May 13, 2008 Order, defined as "a spread-sheet-type document summarizing DMCA notices received, the identity of the notifying party and the accused infringer, and the actions (if any) taken in response"; (ii) thousands of third-party DMCA notices; (iii) notices of termination of repeat infringers; and (iv) Google's communications with select repeat infringers.

motions, including motions for summary judgment.  28 USC § 636(b)(1)(A).  The Ninth Circuit has held that the list of eight motions set forth in Section 636(b)(1)(A) is not exhaustive, and that a magistrate judge may not determine motions that are dispositive of a claim or defense.  *United States. v. Rivera-Guerrero*, 377 F.3d at 1067-68; *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-48 (9th Cir.1990) (magistrate may not determine motions that are "analogous" to those listed in Section 636(b)(1)(A)).

Here, the Sanctions Motion is analogous to one of the motions listed in Section 636(b)(1)(A).  The Sanctions Motion seeks relief that includes the denial or dismissal of Google's pending summary judgment motions.  The underlying discovery issues raised in the Sanctions Motion already have been decided in two orders issued by Magistrate Judge Hillman beginning on May 22, 2006, and in the May 13, 2008 Order of Judge Matz.  The Sanctions Motion seeks sanctions for Google's disobedience of those orders. *See Massey v. City of Ferndale*, 7 F.3d 506, 508 (6th Cir.1993) (motion for Rule 37 sanctions can be dispositive).

For this reason, the Sanctions Motion was not initially brought before Judge Hillman.  Nevertheless, Perfect 10 will consent to have Magistrate Judge Hillman rule upon the Sanctions Motion, if he has sufficient time and it would expedite resolution of these matters.  Alternatively, Judge Hillman could be designated by the Court to make recommendations before the Court rules on Google's pending summary judgment motions.  Perfect 10 would also consider consenting to the appointment of another magistrate judge for all or limited purposes, if Judge Hillman is unavailable.  Perfect 10 also supports the appointment of an outside special master.

Dated: December 16, 2009          Respectfully submitted,

LAW OFFICES OF JEFFREY N. MAUSNER

By: _____*Jeffrey N. Mausner*_____

Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.