QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
   rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DEFENDANT GOOGLE INC.'S STATEMENT IN RESPONSE TO THE COURT'S DECEMBER 15, 2009 ORDER REGARDING PLAINTIFF PERFECT 10, INC.'S MOTION FOR EVIDENTIARY AND OTHER SANCTIONS AND/OR FOR THE APPOINTMENT OF A SPECIAL MASTER**<br><br>Hon. A. Howard Matz<br><br>Date: December 21, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 14<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

01980.51320/3245509.4

GOOGLE INC.'S STATEMENT IN RESPONSE TO THE COURT'S DECEMBER 15, 2009 ORDER

In its December 15, 2009 Order (Dkt. No. 675), the Court asks two questions about Perfect 10, Inc.'s ("P10") purported "Motion for Evidentiary and Other Sanctions" (Dkt. Nos. 617-630) ("Sanctions Motion"): (1) what bearing the Sanctions Motion has on other pending motions in the case, and (2) why it was not brought before Magistrate Judge Hillman.

Google respectfully submits that the answers are (1) none and (2) it should have been. P10's Sanctions Motion rehashes arguments P10 already made in its oppositions to Google's DMCA Motions and raises a bevy of meritless discovery disputes. Neither is properly raised before this Court, and neither impacts Google's pending DMCA Motions.

## I. P10'S SANCTIONS MOTION HAS NO BEARING ON GOOGLE'S PENDING MOTIONS FOR DMCA SAFE HARBOR.

As Google has explained in its Opposition papers (Dkt. No. 647), P10's Sanctions Motion is a discovery motion that improperly retraces old arguments P10 already made in opposition to Google's DMCA Motions. Generally speaking, to obtain safe harbor under the DMCA, Google must establish that it meets the relevant statutory prerequisites (e.g., that it established and reasonably implemented a repeat infringer policy) and that it expeditiously processed statutorily compliant notices received from P10 (if any). Google has already made this showing in its DMCA Motions. P10 had a full and fair opportunity to make whatever arguments it wanted in opposition to Google's Motions—and it did, submitting 75 pages of briefing, 11 declarations and several hundred pages of exhibits. Briefing on Google's DMCA Motions is closed.

Nevertheless, apparently unsatisfied with its DMCA opposition papers filed months ago, P10 now burdens the Court with its Sanctions Motion. Therein, P10 rehashes arguments it already made in its DMCA opposition briefs and speculates that there *might* be other documents that *might* have been requested and/or compelled that *might* somehow be relevant to DMCA issues. E.g., Sanctions Mot.

at 22 ("One can only speculate as to the damning evidence that might be contained in such [unidentified] documents."). Even if dressed up with "new" speculation, P10's reiteration of old arguments in supplemental briefing is in fact an improper sur-reply, filed in derogation of this Court's prior admonishments that P10 refrain from filing sur-replies without leave. See Opp. to Sanctions Mot. at 13 (listing re-hashed arguments) & n. 14 (summarizing Court's prior admonishments to P10). P10's vitriol and speculation notwithstanding, there is no realistic prospect that the Sanctions Motion will affect the pending DMCA Motions in any meaningful way.

## II. P10 SHOULD HAVE RAISED ITS DISCOVERY ISSUES WITH MAGISTRATE JUDGE HILLMAN, AND IN FACT HAS RAISED THEM WITH JUDGE HILLMAN IN RECENT FILINGS.

Much of P10's Sanctions Motion raises purported discovery issues and thus should have been brought before Magistrate Judge Hillman. For instance, P10 complains about the propriety of Google's responses to document requests, the scope of Judge Hillman's prior discovery orders in 2006 and 2008, redactions in Google's production, and even the format of Google's document production. Sanctions Mot. at 6-15. Indeed, many of its arguments concern recently-served discovery requests on which P10 has not yet even met and conferred or moved to compel. Opp. to Sanctions Mot. at 11:18-24.

As Google has shown in its Opposition papers, P10's purported discovery disputes are meritless, because they pertain to documents that were (a) produced (e.g., Google's "DMCA log"), (b) not compelled by any discovery order (e.g., emails related to third-party notices), or (c) never even requested by P10 (e.g., Google's Blogger logs). Id. at 3-11. Regardless, though P10's Sanctions Motion fails to identify any legitimate discovery dispute nor any violation of any discovery order, these matters should have been brought before Judge Hillman in the first instance.

In fact, in recent filings P10 actually *has* raised these same issues with Judge Hillman. See P10's Notice of Mot. and Mot. for a Doc. Preservation Order (Dkt.

No. 670) at 2 ("Google has failed to produce critical documents, including emails, which have been *ordered* produced by both Judge Hillman and Judge Matz."). Plainly, P10 should not be asking two Judges to consider and rule on the same discovery issues at the same time. This Court has delegated discovery matters to Judge Hillman in this case, and he is in the best position to determine initially whether he has ordered something produced, and whether Google has produced it.

P10 may argue that it filed its Sanctions Motion with this Court because Magistrate Judge Hillman cannot impose the drastic remedy P10 seeks—namely, evidentiary sanctions that would effectively grant P10 summary judgment on Google's DMCA defense. Setting aside the fact that P10's Sanctions Motion does not even address—let alone satisfy—the standard for awarding evidentiary sanctions, the fact remains that P10 must first resolve all discovery matters with Judge Hillman. If Judge Hillman were to determine that a discovery order violation occurred, Judge Hillman has the power to issue discovery sanctions as appropriate. See, e.g., Grimes v. City and County San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (upholding monetary sanctions award by magistrate judge for discovery violation). Alternatively P10 could use Judge Hillman's determination to pursue whatever dispositive relief it desired with this Court. What P10 cannot do is force this Court to preside over garden-variety discovery disputes merely by dressing up its discovery motion as one for evidentiary sanctions. P10's Sanctions Motion should either be denied outright or referred to Magistrate Judge Hillman and, as discussed in Google's Opposition, P10 should be sanctioned for bringing it.

DATED: December 16, 2009    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.