QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.*<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>Hon. Stephen J. Hillman<br><br>**DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S NOTICE RE: PERFECT 10, INC.'S IMPROPERLY FILED JOINT STIPULATION**<br><br>Date: January 11, 2010<br>Time: 2:00 p.m.<br>Ctrm: 550<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

I, Rachel Herrick Kassabian, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, could and would testify competently thereto.

2. I submit this Declaration in support of Google Inc.'s Notice re: Perfect 10, Inc.'s Improperly Filed Joint Stipulation, filed concurrently.

3. On December 11, 2009, Google filed a Motion for a Document Preservation Order to Prevent Further Spoliation by Perfect 10 ("Google's Spoliation Motion"). Google had met and conferred with Perfect 10 regarding the issues raised by Google's Spoliation Motion on various dates beginning on August 25, 2009, and concluding on December 2, 2009.

4. On December 10, 2009 at 11:40 p.m., Jeffrey Mausner (counsel of record for Perfect 10) emailed me a document that included (1) Perfect 10's arguments in opposition to Google's Spoliation Motion, intermingled with (2) a separate motion by Perfect 10 seeking a document preservation order against Google, about which Perfect 10 had not properly met and conferred ("December 10 Joint Stipulation"). Also attached to Mr. Mausner's emails were various declarations and evidence claiming to support the aforementioned arguments.

5. On the morning of December 11, 2009, I sent Mr. Mausner an email objecting to Perfect 10's inclusion of an entirely separate motion in Perfect 10's portions of the Joint Stipulation on Google's Spoliation Motion, and explaining that Perfect 10's actions violated the Court's Local Rules. Because Perfect 10 refused to (1) remove the arguments and evidence supporting Perfect 10's new motion from the Joint Stipulation on Google's Spoliation Motion, and (2) deliver a corrected version of its portions of the Joint Stipulation (containing only Perfect 10's opposition to

Google's Spoliation Motion) to me, we were forced to file Google's Spoliation Motion along with a statement of non-cooperation.

6. On December 14, 2009 at 1:27 a.m., Mr. Mausner sent an email to this Court's clerk, Sandra Butler, requesting that Ms. Butler inform Magistrate Judge Hillman that on December 15, Perfect 10 would file "the Joint Stipulation that it emailed to Google on December 10." Again, that December 10 Joint Stipulation in fact included (1) Google's Spoliation Motion which Google had already filed on December 11, and (2) P10's opposition thereto, intermingled with (3) Perfect 10's new motion against Google (about which Perfect 10 had failed to meet and confer).

7. After reviewing Mr. Mausner's December 14 email to Ms. Butler, I sent him an email later that same day, again requesting that Perfect 10 meet and confer with Google before filing its planned motion. I specifically asked Mr. Mausner the following: "what documents does Perfect 10 believe have not been preserved, and what basis does Perfect 10 have for that belief?" I further reminded Mr. Mausner that if Perfect 10 wished to proceed with its motion, it must follow the <u>Local Rules</u> governing preparation of joint stipulations on discovery motions by giving Google five court days to provide its responsive portions of the Joint Stipulation. Finally, I informed Mr. Mausner that Perfect 10 did not have Google's permission to file Google's portions of the December 10 Joint Stipulation.

8. Nevertheless, on December 15, 2009, Perfect 10 went ahead and filed its motion for a document preservation order against Google, including the December 10 Joint Stipulation. The December 10 Joint Stipulation includes Google's counsel's name and address in the caption on the cover page, as though Google had participated in or consented to the filing of this document, which was not true. Perfect 10 included Google's arguments in this document against my express instructions, and without Google's authorization.

01980.51320/3246197.1

-2-
DECLARATION OF RACHEL HERRICK KASSABIAN

9.      The December 10 Joint Stipulation does not include Google's response to Perfect 10's motion.  Perfect 10 did not give Google five court days to provide its response (as required by Local Rule 37-2.2) before filing Perfect 10's motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed December 16, 2009 at San Francisco, California.

*Rachel Herrick Kassabian*
Rachel Herrick Kassabian