1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100
      Charles K. Verhoeven (Bar No. 170151)
5      charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
      Rachel Herrick Kassabian (Bar No. 191060)
7      rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California 94065

9  Attorneys for Defendant GOOGLE INC.

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 PERFECT 10, INC., a California corporation, | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)] |
| 14 *Plaintiff*, | **DISCOVERY MATTER** |
| 15 vs. | Hon. Stephen J. Hillman |
| 16 GOOGLE INC., a corporation; and DOES 1 through 100, inclusive, | **DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFF PERFECT 10, INC.'S MOTION FOR A MUTUAL DOCUMENT PRESERVATION ORDER TO PREVENT SPOLIATION OF EVIDENCE BY GOOGLE** |
| 17 | |
| 18 *Defendants.* | |
| 19 AND COUNTERCLAIM | |
| 20 PERFECT 10, INC., a California corporation, | [Declarations of Rachel Herrick Kassabian and Kris Brewer filed concurrently] |
| 21 *Plaintiff*, | |
| 22 vs. | Date: January 15, 2010 Time: 10:00 a.m. |
| 23 AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive, | Crtrm.: 550 |
| 24 | Discovery Cut-off: None Set Pretrial Conference Date: None Set Trial Date: None Set |
| 25 *Defendants.* | |
| 26 | **PUBLIC REDACTED** |

27

28

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT......................................................................................................2

I.   P10 FAILS TO MEET THE STANDARD FOR A DOCUMENT PRESERVATION ORDER AGAINST GOOGLE. ........................................2

    A.   A Document Preservation Order Against Google is Unnecessary. ........4

        1.   Google Has Not Lost or Destroyed Evidence..............................5

        2.   Google Has Maintained Appropriate Document Retention Policies and Procedures. .............................................................6

    B.   A Document Preservation Order Against Google Would Be Unduly Burdensome. ........................................................................7

II.   P10'S CLAIMS THAT GOOGLE FAILED TO COMPLY WITH DISCOVERY ORDERS ARE FALSE AND IRRELEVANT..........................8

III.   P10 SHOULD BE SANCTIONED FOR BRINGING ANOTHER FRIVOLOUS MOTION IN DEROGATION OF THE LOCAL RULES. .......................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## Cases

*American LegalNet, Inc. v. Davis,*
2009 WL 4796401 (C.D. Cal. Nov. 25, 2009).........................................1, 2, 4, 7

*Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.,*
220 F.R.D. 429 (W.D. Pa. 2004).................................................................2, 3, 4

*Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.,*
2009 WL 274483 (S.D.N.Y. Feb. 3, 2009)..........................................................3

*Estate of Gonzalez v. Hickman,*
2007 WL 3238725 (C.D. Cal. Mar. 28, 2007)....................................................10

*Gregg v. Local 305 IBEW,*
2008 WL 5171085 (N.D. Ind. Dec. 8, 2008)........................................................3

*Hager v. Karr,*
2006 WL 163000 (C.D. Cal. Jan. 13, 2006).......................................................10

*Hester v. Bayer Corp.,*
206 F.R.D. 683 (M.D. Ala. 2001).......................................................................3

*MySpace, Inc. v. Wallace,*
2008 WL 1766714 (C.D. Cal. Apr. 15, 2008).....................................................10

*Posdata Co. Ltd. v. Kim,*
2007 WL 1848661 (N.D. Cal. June 27, 2007)...................................................7, 8

*In re Potash,*
1994 WL 1108312 (D. Minn. Dec. 5, 1994).........................................................3

*Pueblo of Laguna v. U.S.,*
60 Fed. Cl. 133 (Fed. Cl. 2004)..................................................................2, 3, 4

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.,*
2009 WL 1258970 (N.D. Cal. May 5, 2009).........................................................4

*Superior Communications v. Earhugger, Inc.,*
257 F.R.D. 215 (C.D. Cal. 2009)......................................................................10

*Treppel v. Biovail Corp.,*
233 F.R.D. 363 (S.D.N.Y. 2006)...............................................................2, 3, 4, 7

*U.S. ex rel. Smith v. The Boeing Co.,*
2005 WL 2105972 (D. Kan. Aug. 31, 2005).........................................................3

*United Medical Supply Co., Inc. v. U.S.,*
73 Fed. Cl. 35 (Fed. Cl. 2006)............................................................................4

*United States ex rel. O'Connell v. Chapman University,*
   245 F.R.D. 646 (C.D. Cal. 2007) ........................................................................10

*Williams v. Mass. Mut. Life Ins. Co.,*
   226 F.R.D. 144 (D. Mass. 2005) ..........................................................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOOGLE'S OPPOSITION TO PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER

1 **PRELIMINARY STATEMENT**

2     On December 11, 2009, Google filed a motion for a document preservation

3 order based upon evidence obtained during discovery indicating that Perfect 10, Inc.

4 ("P10") had destroyed certain relevant documents during the pendency of this

5 litigation ("Google's Motion"). Afterward, P10 filed a knee-jerk "me too" motion

6 against Google ("P10's Motion") that lacks any basis. Specifically, P10's Motion

7 asserts two arguments, neither of which supports issuance of a document

8 preservation order against Google.

9     First, P10 claims that Google has failed to produce certain categories of

10 documents and that this somehow bears on the issue of document preservation. It

11 does not. These arguments are a rehash of discovery claims P10 already made in a

12 different motion for sanctions P10 filed several weeks ago, and as Google

13 previously demonstrated in its opposition to that motion, none of P10's claims has

14 merit. Further, the issue of whether Google *produced* documents has no bearing on

15 whether documents have been properly *maintained*.

16     Second, P10 speculates that it is theoretically possible that Google might not

17 have properly maintained relevant documents. P10 fails on this count as well: while

18 it is always *possible* that a party might not uphold its obligations under the Federal

19 Rules, the authorities are clear that the indefinite or unspecified possibility of the

20 loss or destruction of evidence does not warrant the entry of a document

21 preservation order. Moreover, P10's speculation is incorrect, because Google has

22 taken all steps necessary to preserve relevant data in this case, and has had proper

23 document retention policies and practices in place throughout this case.

24     P10's reactive, inapposite Motion should be denied.

25

26

27

28

1                           **ARGUMENT**

2 **I.**    **P10 FAILS TO MEET THE STANDARD FOR A DOCUMENT**

3       **PRESERVATION ORDER AGAINST GOOGLE.**

4       P10 has not even come close to meeting the standard governing its Motion.

5 Preservation orders are not entered lightly or without cause. American LegalNet,

6 Inc. v. Davis, 2009 WL 4796401, at \*7 (C.D. Cal. Nov. 25, 2009) ("Because of their

7 very potency, inherent powers [to issue preservation orders] must be exercised with

8 restraint and discretion."). A party seeking a preservation order must demonstrate

9 that such an order is (1) necessary and (2) not unduly burdensome. See Pueblo of

10 Laguna v. U.S., 60 Fed. Cl. 133, 138 (Fed. Cl. 2004).

11       "To meet the first prong of this test, *the proponent ordinarily must show that*

12 *absent a court order, there is significant risk that relevant evidence will be lost or*

13 *destroyed — a burden often met by demonstrating that the opposing party has lost*

14 *or destroyed evidence in the past or has inadequate retention procedures in*

15 *place.*" Id. (emphasis added); see also Treppel v. Biovail Corp., 233 F.R.D. 363,

16 370-71 (S.D.N.Y. 2006) (adopting version of Pueblo of Laguna test); Williams v.

17 Mass. Mut. Life Ins. Co., 226 F.R.D. 144, 147 (D. Mass. 2005) (adopting Pueblo of

18 Laguna test).[1]

19

20

21     [1] Some courts have adopted a three-factor test, weighing "(1) the level of concern the court has for the continuing existence and maintenance of the integrity of the

22 evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the

23 preservation of evidence absent an order directing preservation; and (3) the

24 capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also

25 the physical, spatial and financial burdens created by ordering evidence

26 preservation." Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.,

27 220 F.R.D. 429, 433-34 (W.D. Pa. 2004). "The difference between these two tests lies in what the moving party must show with respect to the content of the evidence

28     (footnote continued)

GOOGLE'S OPPOSITION TO PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER

1    Thus, absent some specific, affirmative evidence of document destruction or
2  inadequate document retention procedures, a document preservation order will not
3  be imposed. See American LegalNet, 2009 WL 4796401, at *8 (denying motion for
4  preservation order where moving party "presented absolutely no evidence that any
5  relevant information has been lost or destroyed").[2]  Mere supposition or speculation
6  of possible document destruction or inadequate retention will not suffice;
7  where "the need expressed by the moving party for a preservation order is based
8  upon an indefinite or unspecified possibility of the loss or destruction of evidence,
9  rather than a specific significant, imminent threat of loss, a preservation order
10 usually will not be justified." Capricorn Power Co., 220 F.R.D. at 433; see also
11 Hester v. Bayer Corp., 206 F.R.D. 683, 685 (M.D. Ala. 2001) ("To supplement
12 every complaint with an order requiring compliance with the Rules of Civil
13 Procedure would be a superfluous and wasteful task, and would likely create no
14 more incentive upon the parties than already exists."); In re Potash, 1994 WL
15 1108312, at *8 (D. Minn. Dec. 5, 1994).

16    The second prong of the Pueblo of Laguna test looks to "what data-
17 management systems are already in place, the volume of data affected, and the costs

18

19 _____

20 that is in danger of being destroyed. However, the distinction is more apparent than
21 real." Treppel, 233 F.R.D. at 370.
       [2]   See also Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc., 2009
22 WL 274483, at *2 (S.D.N.Y. Feb. 3, 2009) (denying motion for preservation order
23 where "plaintiff had not demonstrated that any documents had in fact been
   destroyed"); Gregg v. Local 305 IBEW, 2008 WL 5171085, at *1 (N.D. Ind. Dec. 8,
24 2008) (preservation order unwarranted where plaintiff had "not produced any
25 evidence that suggests Defendants have not complied or do not intend to comply
   with their duty to preserve evidence"); Treppel, 233 F.R.D. at 372 ("Since the
26 plaintiff has not demonstrated that any documents have in fact been destroyed," he
27 cannot meet the standard for issuing a preservation order.); U.S. ex rel. Smith v. The
   Boeing Co., 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2005) (preservation order is
28    (footnote continued)

GOOGLE'S OPPOSITION TO PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER

1   and technical feasibility of implementation [on the affected party]." <u>Treppel</u>, 233
2   F.R.D. at 372 (quoting MANUAL FOR COMPLEX LITIGATION, FOURTH § 11.442 at 73
3   (2004)).  This prong is closely tied to the first, such that an order requiring the
4   preservation of all potentially relevant documents generally is not considered unduly
5   burdensome in the presence of evidence of actual or potential document destruction.
6   <u>See Pueblo of Laguna</u>, 60 Fed. Cl. at 139-141; <u>United Medical Supply Co., Inc. v.</u>
7   <u>U.S.</u>, 73 Fed. Cl. 35, 37 (Fed. Cl. 2006).  Likewise, a document preservation order
8   *will* be considered unduly burdensome where there is no evidence of actual or
9   potential document destruction.    <u>See Treppel</u>, 233 F.R.D. at 372; <u>American</u>
10  <u>LegalNet</u>, 2009 WL 4796401, at *8.

11          P10 has failed to meet either prong of this test.

12          **A.      A Document Preservation Order Against Google Is Unnecessary.**

13          P10 presents not a shred of evidence that there is *any* risk, let alone "a
14  significant risk that relevant evidence will be lost or destroyed" by Google. <u>Pueblo</u>
15  <u>of Laguna</u>, 66 Fed. Cl. at 138. P10 contends merely that "Google has concealed and
16  suppressed documents, ***and therefore, may have destroyed documents***." Notice of
17  Motion at 2:13-14 (emphasis added).  This very statement affirms the absence of
18  any basis for P10's Motion—speculation and supposition are not enough. <u>American</u>
19  <u>LegalNet</u>, 2009 WL 4796401 at *8; <u>Capricorn Power</u>, 220 F.R.D. at 433.
20  Speculation aside, P10 has not made the required showing that (1) documents have
21  been destroyed in the past, or that (2) Google does not maintain adequate document
22  retention policies.[3]

23  _____

24  inappropriate where "[n]o showing has been made of a significant threat that
25  documents will be lost or destroyed absent an immediate order").
     [3]    In seeking what it describes as a mutual preservation order, P10 erroneously
26  suggests that two cases cited in Google's Motion support the notion that a court can
27  enter a preservation order against a party without cause.  The cases stand for no such
     thing.  The court in <u>Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.</u> instructed
28      (footnote continued)

## 1. Google Has Not Lost Or Destroyed Evidence.

P10 has presented no evidence whatsoever that Google has lost or destroyed anything. Instead, P10 postures that prior to May 1, 2008, Google had produced only six emails sent from five specific email accounts regarding the processing of P10's claimed DMCA notices—implying that there should have been more such emails. See P10's Motion at 36:16-27; Declaration of Norman Zada in Support of Perfect 10's Motion (Docket No. 663) at 2:2-3. Yet in the same breath, P10 concedes that Google *did* produce many more of those processing emails *on or after* May 1, 2008. See P10's Motion at 36:22-24 ("After May 1, 2008…Google suddenly produced more emails, many from **2005**"). Plainly, no document destruction or loss occurred since P10 admits these emails were in fact produced.

Moreover, P10's accusations are simply incorrect. Prior to May 1, 2008 Google had indeed produced many more than six emails from the five specific email accounts referenced in P10's Motion – Google had produced many dozens of such emails, in fact. Declaration of Rachel Herrick Kassabian ("Kassabian Decl."), filed concurrently, at ¶ 14. Moreover, to date, Google has produced over 1,000 emails from various email accounts regarding its processing of P10's claimed DMCA notices. Id. P10 has proffered no evidence that Google has lost or destroyed DMCA processing emails – or any other documents, for that matter.

the parties to cooperate in drafting a document preservation order that would apply only to one party, the plaintiff, after finding that "Real did not have a preservation policy in place." 2009 WL 1258970, at *10 (N.D. Cal. May 5, 2009). Similarly, the court in Pueblo of Laguna only ordered one party – the United States – to preserve documents after finding that failures in its document retention procedures were "pervasive and systematic." 60 Fed. Cl. at 139.

## 2. Google Has Maintained Appropriate Document Retention Policies And Procedures.

P10 also presents nothing but speculation that Google's document retention policies *might* be inadequate or that Google *might* have failed to take necessary steps to preserve relevant data. <u>See</u> P10's Motion at 25:28-26:2. In fact, Google *has* had proper document retention policies in place throughout this litigation. <u>See</u> Declaration of Kris Brewer in Support of Google's Opposition to Perfect 10's Motion for a Document Preservation Order ("Brewer Decl."), filed concurrently, ¶¶ 3-9.

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████

---

[4] ██████████████████████████████████████████ Had P10 properly met and conferred with Google prior to filing this motion, Google would have informed P10 of this fact.

GOOGLE'S OPPOSITION TO PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER

1    Google's document collection efforts provide further confirmation that
2  Google has employed appropriate document retention and preservation practices in
3  this case. When P10 first served document requests on Google in March 2005 (less
4  than four months after the case was filed), ███████████████████████
5  ████████████████████████████████████████████████████████████████
6  ████ *A fortiori*, documents that were collected and produced just a few months after
7  the complaint was filed could not have been (and were not) lost or destroyed. ████
8  ████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████
10  ████████████████████████████████████████████████████████████████
11  ██████████████████

12    Google's document preservation policies and practices in this case have been
13  more than sufficient, and P10 has failed to demonstrate otherwise.

14    **B.    A Document Preservation Order Against Google Would Be Unduly**
15       **Burdensome.**

16    Because P10 has presented no evidence of actual or potential document
17  destruction by Google, any document preservation order against Google would be
18  unduly burdensome. See Treppel, 233 F.R.D. at 372; American LegalNet, 2009 WL
19  4796401, at *8.  Moreover, P10 has failed to show that a document preservation
20  order against Google would *not* impose an undue burden. For example, P10 has
21  failed to specify what documents the Court should order to be preserved, on what
22  systems, or for which custodians − much less assess the hardship its unspecified
23  preservation order would impose on Google. P10's Motion should be denied for
24  this additional reason.[5]

25  ────────────────

26  [5]  P10 posits that "[c]ourts often apply a preservation order to both parties" and
27  asks for such an order here. P10's Motion at 24:3. P10 is incorrect, and its cited
    authority has nothing to do with document preservation orders. See Posdata Co.
28    (footnote continued)

## II. P10'S CLAIMS THAT GOOGLE FAILED TO COMPLY WITH DISCOVERY ORDERS ARE FALSE AND IRRELEVANT.

Instead of addressing the relevant test for issuance of a preservation order, P10 rehashes the many demonstrably false claims first made in its Motion for Evidentiary Sanctions and Other Sanctions and/or the Appointment of a Special Master (Docket No. 633) ("Sanctions Motion"). In fact, much of Perfect 10's instant Motion is copied verbatim from its prior Sanctions Motion. Compare Motion, 27:2-32:10 and 32:11-36:7; with Sanctions Motion, 6:6-10:25 and 11:1-14:17.

As was the case the first time P10 made these arguments, none has merit. See Google's Opposition to P10's Sanction Motion (Docket No. 653).[6] Moreover, Perfect 10's groundless accusations are irrelevant here because none concern the actual or potential destruction of documents by Google. P10's Motion at 26:11-36:7. The only categories of documents described by P10 that Google has not produced – third-party DMCA notices for products other than Web and Image

Ltd. v. Kim, 2007 WL 1848661, at *9-10 (N.D. Cal. June 27, 2007) (merely noting that both parties had a duty "to preserve all evidence potentially relevant to a claim or defense."). Similarly, P10's belief that "a mutual preservation order will prevent Google from attempting to impose something on Perfect 10 which is overly burdensome" is nonsensical. P10's Motion at 24:17-19. Google has filed its motion for a preservation order based upon (among other things) concrete evidence that P10 has destroyed documents during the course of this litigation. See Google's Motion at 11:6-12:7. Issuing a mutual order against Google—in the absence of any basis for such an order—would not somehow ease the document preservation burden P10 must rightfully shoulder given its record of document destruction.

[6]  All of the discovery issues P10 recounts in the instant Motion have already been fully briefed in P10's Sanctions Motion and Google's Opposition thereto. See Docket Nos. 633 and 653. Rather than burden the Court by repeating those arguments here, Google respectfully refers the Court to its Opposition at 5:3-10:13 (Docket No. 653), and incorporates those arguments by reference as though fully set forth herein.

1  Search, and Blogger termination emails – were never even *requested* by P10.

2  Google's Opposition to Perfect 10's Sanctions Motion at 9:12-10:5.  Similarly,

3  P10's irrelevant and inappropriate objections based on the *content* of the documents

4  that Google has properly maintained and produced have no conceivable relationship

5  to P10's request for a document preservation order. Id. at 6:10-9:11.  None of P10's

6  discovery gripes has merit, nor do they have any bearing on the legal standard here.

7  **III.  P10 SHOULD BE SANCTIONED FOR BRINGING ANOTHER**

8  **FRIVOLOUS MOTION IN DEROGATION OF THE LOCAL RULES.**

9  P10's motion is baseless, and in filing it P10 has flouted the Local Rules.

10  Despite Google's repeated requests, P10 failed to meet and confer on its Motion,

11  never once identifying the legal or factual basis for its Motion, or the relief it was

12  seeking.  In fact, Perfect 10 did not even *mention* that it might bring this Motion

13  until December 3, 2009, immediately after P10 had received the joint stipulation on

14  *Google's* Motion.  Google promptly informed P10 that Google had taken all steps

15  necessary to preserve evidence in this case, ███████████████████████

16  ████████████████████████████████████████████████  and

17  asked what specific concerns (if any) P10 had with Google's document preservation

18  efforts.  Kassabian Decl. ¶¶ 5-6, Exs. B & C.  P10 failed to identify even one. Id. ¶¶

19  6-7.  Indeed, the only time P10 ever even so much as asked Google a single question

20  about document preservation was at the tail end of a letter P10 sent in September

21  2009, in reactive response to *Google's* meet and confer efforts regarding P10's

22  apparent document destruction.  Declaration of Rachel Herrick Kassabian dated

23  December 2, 2009 (Dkt. No. 658) at ¶ 4, Ex. B.  Even there, P10 did not identify any

24  specific cause for concern regarding Google's document preservation efforts (id.),

25  and Google's subsequent responses more than addressed P10's vague demands.

26  Kassabian Decl. ¶¶ 5-6, Exs. B & C.

27  Moreover, P10 has ignored the procedures governing preparation of joint

28  stipulations.  Local Rule 37-2.2 provides that the moving party must provide its

GOOGLE'S OPPOSITION TO PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER

portions of a joint stipulation on its motion, and must give the receiving party no less than five court days to prepare and return its responsive portions. Rather than create a joint stipulation on its motion, P10 instead purported to insert its own "motion" into the joint stipulation on Google's Motion. Kassabian Decl. ¶ 8. P10 did not even add a section allowing for Google's opposition to that "motion." Id. Google made clear that if P10 wished to file its own motion, it must first complete the meet-and-confer process on that motion (L.R. 37-1) and then provide its portions of a joint stipulation on that motion to Google and give Google five court days to prepare its portions in response (L.R. 37-2). Kassabian Decl. ¶ 9, Ex. D. P10 did not do so. On December 15, 2009 P10 filed the instant Motion against Google, without having given Google the required five court days to prepare its responsive portions, and incorrectly represented to this Court that its filing contained Google's opposition to P10's Motion (when in fact it did not). Id. ¶¶ 10-11.

P10's Motion is baseless in substance and retaliatory in nature. P10 filed it without having met and conferred with Google and without having given Google the required five court days to respond to it, in violation of the Local Rules. In these circumstances, sanctions against P10 are appropriate. See Local Rule 37-4 ("[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.").[7] P10 should be admonished that such abuses

---

[7] See, e.g., Superior Communications v. Earhugger, Inc., 257 F.R.D. 215, 221 (C.D. Cal. 2009) (ordering counsel to show cause why he should not be sanctioned for violating Local Rule 37-2.2); United States ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (same); Estate of Gonzalez v. Hickman, 2007 WL 3238725, at *2 (C.D. Cal. Mar. 28, 2007) (same); MySpace, Inc. v. Wallace, 2008 WL 1766714, at *1 (C.D. Cal. Apr. 5, 2008) (recommending award of sanctions under Local Rule 37-4 for discovery misconduct); Hager v. Karr, 2006 WL 163000, at *2 (C.D. Cal. Jan. 13, 2006) (awarding sanctions under Local Rule 37-4).

GOOGLE'S OPPOSITION TO PERFECT 10'S MOTION FOR A DOCUMENT PRESERVATION ORDER

1  of the Court's time and resources are unacceptable, through the imposition of
2  sanctions in the amount of $5,000.

3

4  DATED: December 31, 2009            Respectfully submitted,

5                                      QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
6

7
                                       By_____
8                                          Rachel Herrick Kassabian
9                                          Attorneys for Defendant GOOGLE INC.