1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Michael T. Zeller (Bar No. 196417)
2     michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100
     Charles K. Verhoeven (Bar No. 170151)
5     charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
     Rachel Herrick Kassabian (Bar No. 191060)
7     rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California 94065

9  Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>Hon. Stephen J. Hillman<br><br>**DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S OPPOSITION TO PERFECT 10, INC.'S MOTION FOR A DOCUMENT PRESERVATION ORDER TO PREVENT SPOLIATION OF EVIDENCE BY GOOGLE**<br><br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Ctrm: 550<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |

I, Rachel Herrick Kassabian, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, could and would testify competently thereto.

**Perfect 10's Failure to Comply with the Local Rules in Filing Its Motion**

2. On December 11, 2009, Google filed a Motion for a Document Preservation Order to Prevent Further Spoliation by Perfect 10 (Docket No. 654) ("Google's Motion"). Google's Motion is based on (among other things) evidence Google obtained during discovery indicating that that certain Perfect 10 documents had been destroyed during the pendency of this litigation. Google had met and conferred with Perfect 10 regarding the issues raised by Google's Motion on various dates beginning on August 25, 2009, and concluding on December 2, 2009.

3. After the close of business on December 2, 2009 and before the start of business on December 3, 2009, my colleague Brad Love emailed Perfect 10's counsel Jeff Mausner Google's portions of the Joint Stipulation on Google's Motion, together with Google's supporting declaration and exhibits.

4. On December 3, 2009, Mr. Mausner sent me an email stating that unless Google agreed to the imposition of a document preservation order against Google, "Perfect 10 will file a motion requesting the same relief Google has sought against Perfect 10." Attached as Exhibit A is a true and correct copy of Mr. Mausner's December 3, 2009 email.

5. Later on December 3, 2009, I responded to Mr. Mausner, informing him that Google has taken all steps necessary to preserve evidence in this case, consistent with the law. I also asked him if Perfect 10 had any specific concerns about Google's document preservation efforts that it would like to discuss through the meet and confer process. Attached as Exhibit B is a true and correct copy of my

December 3, 2009 email to Mr. Mausner. Perfect 10 never responded to my email with any specific concerns.

6. On December 9, 2009, having received no substantive response to my December 3 email, I followed up with another email to Mr. Mausner. I again asked that if Perfect 10 had some basis for specific concerns regarding any particular document retention issues, we would be happy to discuss them via the meet and confer procedures. ███████████████████████████████████████████ Attached as Exhibit C is a true and correct copy of my December 9, 2009 email to Mr. Mausner. Perfect 10 never responded to my email with any specific concerns.

7. As of the date of this declaration, Perfect 10 still has not met and conferred with Google regarding any specific concerns Perfect 10 may have with Google's document preservation procedures or policies.

8. On December 10, 2009 at 11:40 p.m., Mr. Mausner emailed me a document that included (1) Perfect 10's arguments in opposition to Google's Motion, intermingled with (2) a separate motion by Perfect 10 seeking a document preservation order against Google.

9. On the morning of December 11, 2009, I responded to Mr. Mausner's email, objecting to Perfect 10's service of a motion upon Google without first meeting and conferring about the substance of the motion. I asked that Perfect 10 fulfill its meet and confer obligations, and once that was complete, that Perfect 10 permit Google the required five court days to respond to any joint stipulation Perfect 10 might serve. A true and correct copy of my December 11, 2009 email is attached hereto as Exhibit D.

10. On December 14, 2009, I emailed Mr. Mausner, again asking that Perfect 10 meet and confer with Google before filing its planned motion for a preservation order against Google. I specifically asked Mr. Mausner the following: "what documents does Perfect 10 believe have not been preserved, and what basis

01980.51320/3261946.1
-2-
DECLARATION OF RACHEL HERRICK KASSABIAN

does Perfect 10 have for that belief?" I further reminded Mr. Mausner that if Perfect 10 wished to proceed with its motion, it must follow the <u>Local Rules</u> governing preparation of joint stipulations on discovery motions by giving Google five court days to provide its responsive portions of the Joint Stipulation. Attached as Exhibit E is a true and correct copy of my December 14, 2009 email to Mr. Mausner.

11. Nevertheless, on December 15, 2009, Perfect 10 went ahead and filed its motion for a document preservation order against Google. In doing so, Perfect 10 did not give Google five court days to provide its responsive portions (as required by <u>Local Rule</u> 37-2.2) before filing Perfect 10's motion.

**Google's Document Production to Perfect 10**

12. To date, Google has produced approximately ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13. On March 15, 2006 Google produced to Perfect 10 an email dated June 26, 2001 bearing control numbers GGL 001347-8.

14. I have reviewed the Declaration of Norman Zada filed December 13, 2009 (Docket No. 663), in which Dr. Zada states that prior to May 1, 2008 Google had produced just six emails from five specific email accounts involved in the processing of Perfect 10's claimed DMCA notices—Paul Haahr's email account, Shantal Rands' email account, Glen Brown's email account, help@google.com, and dmca-agent@google.com. This is incorrect. In fact, prior to May 1, 2008 Google had produced at least 84 emails from those five email accounts. Moreover, to date, Google has produced over 1,000 emails from various email accounts regarding its processing of Perfect 10's claimed DMCA notices.

///
///
///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed December 30, 2009 at San Francisco, California.

*Rachel Herrick Kassabian*
Rachel Herrick Kassabian

# EXHIBIT A

| From: | Jeffrey Mausner [jeff@mausnerlaw.com] |
|---|---|
| Sent: | Thursday, December 03, 2009 1:48 PM |
| To: | Brad R. Love |
| Cc: | Rachel Herrick Kassabian; Thomas Nolan; Valerie Kincaid; mtjansen@townsend.com; ajmalutta@townsend.com; Timothy Cahn; glcincone@townsend.com; Steiner, Elham F.; Michael T Zeller; Andrea P Roberts; Charles K Verhoeven |
| Subject: | RE: Perfect 10, Inc. v. Google Inc.: Joint Stipulation on Google's Motion for a Document Preservation Order |

Rachel,

Perfect 10 received Google's joint stipulation. Perfect 10 is amenable to agreeing upon a preservation order that would apply *mutually and equally* to Perfect 10 and Google.

Please let me know if you are interested by the close of business today. If Google does not want to agree to resolve this dispute as outlined above, then Perfect 10 will file a motion requesting the same relief Google has sought against Perfect 10. Perfect 10 will file the motion and seek the order based upon, *inter alia*, Google's refusal to respond to the questions in my September 8, 2009 letter (page 2), Google's failure to produce numerous documents (as set forth in Perfect 10's motion for evidentiary sanctions), and the case law Google cites in the joint stipulation.

Please call me if you wish to discuss any of this.

By the way, Brad Love's email below states that our portion of the Joint Stipulation is due by December 9. We did not receive Google's portions of the Joint Stipulation and supporting exhibits until December 3, so my calculation is that our portions are not due until December 10.

Jeff.

---

**From:** Brad R. Love [mailto:bradlove@quinnemanuel.com]
**Sent:** Thursday, December 03, 2009 12:00 AM
**To:** Jeff Mausner
**Cc:** Rachel Herrick Kassabian; Thomas Nolan
**Subject:** Perfect 10, Inc. v. Google Inc.: Joint Stipulation on Google's Motion for a Document Preservation Order

Jeff,

Attached are Google's portions of the Joint Stipulation on Google Inc.'s Motion for a Document Preservation Order to Prevent Further Spoliation of Evidence by Perfect 10, Inc. Because of file size limitations, the supporting Declaration and Exhibits thereto will be attached to several emails to follow.

Pursuant to Local Rule 37-2.2, please send us Perfect 10's portions of the Joint Stipulation by December 9. Pursuant to Local Rule 37-2.2, you will then have one business day to sign the document and return it by hand.

Best Regards,

1

Brad Love
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6330
Main Phone: (415) 875-6600
Main Fax: (415) 875-6700
E-mail: bradlove@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT B

# EXHIBIT B:

# Filed Under Seal Pursuant to Protective Order

# EXHIBIT C

# EXHIBIT C:

# Filed Under Seal Pursuant to Protective Order

# EXHIBIT D

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian |
| **Sent:** | Friday, December 11, 2009 10:52 AM |
| **To:** | 'Jeffrey Mausner'; 'Valerie Kincaid' |
| **Cc:** | Thomas Nolan; Brad R. Love; Michael T Zeller |
| **Subject:** | RE: Joint Stipulation re Preservation Order - Email 2 |

Jeff,

We have reviewed P10's portions of the joint stipulation on Google's motion for a document preservation order. Unfortunately, P10 has not just opposed Google's motion; it has also purported to include its own motion against Google for a document preservation order. As we have already made clear, P10 has failed to honor its meet-and-confer obligations under Local Rule 37-1 for any such P10 motion. Nor does P10 have any basis whatsoever to claim that Google has failed to preserve any documents.

In any event, your inclusion of another motion (with purported evidence in support thereof) in this joint stipulation violates the Local Rules governing preparation and filing of joint stipulations (Local Rules 37-2.1 and 37-2.2). Among other things, P10's inclusion of a new motion against Google in this joint stipulation deprives Google of the opportunity to respond to it. Please remove the arguments and evidence constituting P10's motion from P10's portions of the joint stipulation on Google's motion (and from P10's supporting declarations), and return the corrected documents to us by 3pm today. Please make sure to include both an unredacted and a redacted version of P10's portion of the corrected joint stipulation and P10's corrected supporting documents (which your documents from last night did not do). If Perfect 10 does not send us its corrected portions of this joint stipulation (and corrected supporting declarations) by 3pm today, Google will file its portion of the joint stipulation and its supporting documents (without P10's portions), together with a Statement of Non-Cooperation pursuant to Local Rule 37-2.4. If P10 does send us its corrected portions of this joint stipulation and P10's supporting documents by 3pm today, but does not include redacted versions for public filing, we will assume that P10 wants the entirety of its portions of the corrected joint stipulation (as well as the entirety of its corrected supporting declarations) to be filed under seal, and we will redact the entirety of those materials for the public filed version.

If Perfect 10 wishes to file its own motion regarding document preservation issues, please (1) fulfill P10's meet and confer obligations first, and then (2) send us a joint stipulation thereon, which we will respond to within five days, per the local rules governing joint stipulations.

Regards,

Rachel

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Thursday, December 10, 2009 11:39 PM
**To:** Brad R. Love; Thomas Nolan; Rachel Herrick Kassabian
**Subject:** Joint Stipulation re Preservation Order - Email 2


Attached is the Joint Stipulation in Word format. It now contains Perfect 10's portions. Also, Perfect 10 changed the caption page and the footer to reflect that Perfect 10 is also moving for a document preservation order. My declaration is also attached. The Augustine Declaration, Zada Declaration, and Mausner Under Seal Exhibits were sent in a previous email. Jeff


This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.


Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

# EXHIBIT E

| From: | Rachel Herrick Kassabian |
|---|---|
| Sent: | Monday, December 14, 2009 2:57 PM |
| To: | Jeffrey Mausner; Valerie Kincaid |
| Cc: | Michael T Zeller; Thomas Nolan; Brad R. Love |
| Subject: | FW: Perfect 10 v. Google, CV04-9484 AHM (SHx), consolidated with CV05-4753 AHM (SHx) |

Jeff,

Given your email below, it appears that Perfect 10 intends to file a motion for a document preservation order against Google tomorrow. As you know, on December 3rd and again on December 9th we asked Perfect 10 to raise any specific concerns it has about Google's document preservation efforts through the meet and confer process. Perfect 10 has not yet done so. Please comply with L.R. 37-1 by giving Google notice of Perfect 10's concerns and an opportunity to address those concerns, prior to filing a discovery motion. For example, what documents does Perfect 10 believe have not been preserved, and what basis does Perfect 10 have for that belief? If Perfect 10 has any such concerns, please provide them. If you do not do so, we will assume Perfect 10 has no such concerns.

Additionally, if Perfect 10 insists on burdening the court with a discovery motion on which it has not yet met and conferred, the Local Rules require Perfect 10 to (1) provide Google with its portions of a joint stipulation on those issues and (2) allow Google five business days to prepare and send Perfect 10 Google's portions of that joint stipulation. L.R. 37-2. Please follow these Rules. Should Perfect 10 file a joint stipulation on a Perfect 10 motion without giving Google the requisite 5 business days to provide its portions of that joint stipulation, Google reserves all rights to ask the Court to strike Perfect 10's improperly submitted discovery motion under L.R. 37-2.4, and to award sanctions under L.R. 37-4.

Lastly, regarding your statement below that you "will file the Joint Stipulation which includes both Google's and Perfect 10's portions on Tuesday," please be advised that you do NOT have Google's permission to file Google's portions of Google's Joint Stipulation. Those papers have already been filed. If Perfect 10 wants to file its opposition to Google's motion, or wants to file its own motion (as discussed above), we will respond accordingly. However, under no circumstances do you have Google's authority to file any of Google's briefing. L.R. 37-2.2.

Regards,

**Rachel Herrick Kassabian** | *Partner*
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Monday, December 14, 2009 1:27 AM
**To:** Sandra_L_Butler@cacd.uscourts.gov
**Cc:** Rachel Herrick Kassabian; Thomas Nolan; Michael T Zeller; Charles K Verhoeven; Andrea P Roberts; Brad R. Love; mtjansen@townsend.com; ajmalutta@townsend.com; Timothy Cahn; Steiner, Elham F.; glcincone@townsend.com
**Subject:** Perfect 10 v. Google, CV04-9484 AHM (SHx), consolidated with CV05-4753 AHM (SHx)

1

Exhibit E, Page 14

*Perfect 10, Inc. v. Google, Inc.*, Case No. CV 04-9484 AHM (SHx), Consolidated with Case No. CV 05-4753 AHM (SHx)

Dear Ms. Butler,

Could you please inform Judge Hillman of the following:

On Friday December 11, 2009, at approximately 4:00 pm, Google filed a motion for a document preservation order. Previously, on December 10, Perfect 10 emailed to Google the Joint Stipulation for that motion, with Perfect 10's portions included. However, on December 11, Google filed a Joint Stipulation, but did not include Perfect 10's portions, because Google refused to include them unless Perfect 10 eliminated references to Perfect 10's own motion for the imposition of a mutual document preservation order.

On Tuesday December 14, Perfect 10 will be filing the Joint Stipulation that it emailed to Google on December 10, which includes both Google's and Perfect 10's portions. The Joint Stipulation must be filed under seal, because it contains information that Google has designated confidential and highly confidential and Perfect 10 has designated confidential.

I want to make it clear that **Perfect 10 did provide its portions of the Joint Stipulation to Google, but Google did not include them in its filing.** We will file the Joint Stipulation which includes both Google's and Perfect 10's portions on Tuesday, after we are finished with filing Perfect 10's Reply papers for a motion that is pending before Judge Matz.

Please let me know if you have any questions regarding this matter.

Sincerely, Jeffrey N. Mausner, attorney for Plaintiff Perfect 10, Inc.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com