Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Email: Jeff@mausnerlaw.com
Telephone:  (310) 617-8100, (818) 992-7500
Facsimile:   (818) 716-2773

Attorneys for Plaintiff PERFECT 10, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>        Plaintiff,<br>  v.<br><br>GOOGLE INC., a corporation,<br><br>        Defendants.<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**Before Judge Stephen J. Hillman**<br><br>**REPLY DECLARATION OF JEFFREY N. MAUSNER IN SUPPORT OF PERFECT 10'S MOTION FOR THE IMPOSITION OF A PRESERVATION ORDER AGAINST GOOGLE TO PREVENT SPOLIATION OF EVIDENCE BY GOOGLE**<br><br>*Exhibit 8 Filed Separately Under Seal Pursuant To Protective Order*<br><br>Date:   January 15, 2010<br>Time:  10 A.M.<br>Place:  Courtroom 550, Courtroom of the Honorable Stephen J. Hillman<br><br>Discovery Cut-Off Date:  None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

# DECLARATION OF JEFFREY N. MAUSNER

I, Jeffrey N. Mausner, declare as follows:

1. I am a member of the State Bar of California and admitted to practice before this Court. I am counsel of record for Plaintiff Perfect 10, Inc. ("Perfect 10") in this action. All of the matters stated herein are of my own personal knowledge, except where otherwise stated, and if called as a witness, I could and would testify competently thereto.

2. Kris Brewer submitted a declaration to support Google's Opposition to a Preservation Order. (See Declaration Of Kris Brewer In Support Of Google Inc.'s Opposition To Perfect 10, Inc.'s Motion For A Document Preservation Order To Prevent Spoliation Of Evidence By Google.) In her declaration, Ms. Brewer states: "I am an Associate Discovery Counsel at Google Inc." (Paragraph 1, line 2.) Ms. Brewer does not state her hire date or make any reference to how long she has been employed by Google.

3. The law firm of Dewey & LeBoeuf LLP has a website and it showed, as of January 2, 2010, that Kris H. Brewer was listed as an Associate at that firm. The website states that she attended American University, Washington College of Law, graduating in 2006. The website states that she graduated from Wellesley College in 2003. (On January 2, 2010, I personally downloaded the webpage that showed Ms. Brewer's Associate status at Dewey & LeBoeuf LLP, as well as her credentials. A true and correct copy of that webpage is attached hereto as Exhibit 1.)

4. On January 2, 2010, I used the State Bar of California's Attorney Search function to search for information about Ms. Brewer. The State Bar of California Website's Attorney Search function showed no results for the name "Kris Brewer." (On January 2, 2010, I personally downloaded a copy of the webpage that showed no results for the name "Kris Brewer." A true and correct copy of that webpage is attached hereto as Exhibit 2.) The State Bar of California

1  Website's Attorney Search function did show results for the name "Kris Hue Chau

2  Man." (On January 2, 2010, I personally downloaded a copy of the webpage that

3  showed the results for the name Kris Hue Chau Man. A true and correct copy of

4  that webpage is attached hereto as Exhibit 3.) Kris Hue Chau Man apparently is

5  Ms. Brewer's maiden name. The credentials listed for Kris Hue Chau Man on the

6  State Bar of California website match the credentials for Kris Brewer on the

7  Dewey & LeBoeuf website. The State Bar website, as of January 2, 2010, listed

8  Kris Hue Chau Man as being employed by Dewey & LeBoeuf. (See also Exhibit

9  4, which is a print-out from BlockShopper.com, which shows the name Kris Hue

10  Chau Man Brewer. This print-out was obtained by Melanie Poblete.)

11  5.  Attached hereto as Exhibit 5 are true and correct copies of emails

12  between me and Google's counsel, Rachael Herrick Kassabian.

13  6.  Attached hereto as Exhibit 6 is a true and correct copy of an

14  email I sent to Google's attorney Michael Zeller, and cc'd to other Google

15  attorneys including Rachel Kassabian, on December 22, 2009. In this email, I

16  asked: "Please let me know if you would like to discuss Perfect 10 and Google

17  entering into a mutual preservation order. If so, let me know times that you are

18  available to discuss it over the next few days." On January 3, 2010, I received a

19  response to my email from Rachael Kassabian, in which she refused to consider a

20  mutual preservation order. That email is also attached as Exhibit 6. My response

21  to Ms. Kassabian, dated January 4, 2010, in which I again offered to discuss a

22  mutual preservation order, is also attached as Exhibit 6.

23  7.  Attached hereto as Exhibit 7 is a true and correct copy of a letter

24  from Brad Love to me, dated December 23, 2009, producing Google's 2007

25  Records Retention Policy. Filed separately under seal as Exhibit 8 is the attached

26  Records Retention Policy, with portions highlighted.

27  8.  Attached hereto as Exhibit 9 is a true and correct copy of the

28  Declaration of Alexander Macgillivray In Support Of Google's Opposition To

Plaintiff's Motion For Preliminary Injunction, without exhibits, and with portions highlighted, which was filed on September 26, 2005, Docket No. 42. In this declaration, Mr. Macgillivray, Google's Senior Product and Intellectual Property Counsel, states:

> 15. Google receives thousands of inquiries daily concerning search results, including notices about search results that link to allegedly improper content. Those notices concern various issues, including claims that third-party Web sites have infringed the senders' copyright, trademark or other rights. Google has several departments involved in handling notices of alleged infringement.

9. Attached hereto as Exhibit 10 is a true and correct copy of the cover page and pages 17 and 19 of Google Inc.'s Objections to the Magistrate Judge's Order of February 22, 2008, Granting in Part Plaintiff Perfect 10, Inc.'s Motion to Compel, Docket No. 258, in which Google stated that it "receive[s] many thousands of DMCA notices from many thousands of alleged copyright owners."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 5, 2010, at Los Angeles County, California.

_Jeffrey N. Mausner_
Jeffrey N. Mausner

# Exhibit 1

# Dewey & LeBoeuf



San Francisco
+1 415 951 1130
Silicon Valley
+1 650 845 7000
kman@dl.com

**Download Vcard**

**Education**

American University, Washington
College of Law, 2006, J.D., *cum laude;*
Recipient, Reed-Salisbury Scholarship;
Senior Staff Member, *Administrative
Law Review*

Wellesley College, 2003, B.A.

**Bar Admissions**

California

**Languages Spoken**

Cantonese

## Kris H. Brewer
Associate

**Related**

**Practice Areas**

Litigation

International Litigation

White Collar Criminal Defense
and Investigations

# Exhibit 2

# THE STATE BAR OF CALIFORNIA

Saturday, January 2, 2010

State Bar Home

Home > Attorney Search

## ATTORNEY SEARCH

**Attorney Name or Bar Number**

Kris Brewer      [ Search ]     **Advanced Search »**

☐ Include similarly sounding names

**Your search for *Kris Brewer* returned no results.**

Would you like to search for names that sound like *Kris Brewer*?

**Contact Us**     **Site Map**     **Privacy Policy**     **Notices**     © 2010 The State Bar of California

Exhibit 3





Saturday, January 2, 2010                                                              State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

# Kris Hue Chau Man - #246008

## Current Status: Active

This member is active and may practice law in California.

See below for more details.

## Profile Information

| Bar Number | 246008 | | |
|---|---|---|---|
| Address | Dewey & LeBoeuf LLP 1950 University Ave Ste 500 East Palo Alto, CA 94303-2225 | Phone Number | (650) 845-7000 |
| | | Fax Number | (650) 845-7333 |
| | | e-mail | kman@dl.com |

| District | District 3 | Undergraduate School | Wellesley Coll; Wellesley MA |
|---|---|---|---|
| County | Santa Clara | Law School | American U Washington COL; Washington DC |
| Sections | None | | |

## Status History

| Effective Date | Status Change |
|---|---|
| *Present* | Active |
| 12/5/2006 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

### Disciplinary and Related Actions
This member has no public record of discipline.

### Administrative Actions
This member has no public record of administrative actions.

Start New Search >

**Contact Us    Site Map    Privacy Policy    Notices**    © 2010 The State Bar of California

# Exhibit 4



# Exhibit 5

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Thursday, December 10, 2009 11:39 PM |
| **To:** | bradlove@quinnemanuel.com; thomasnolan@quinnemanuel.com; rachelkassabian@quinnemanuel.com |
| **Subject:** | Joint Stipulation re Preservation Order - Email 2 |
| **Attachments:** | Mausner Declaration_Joint Stip Re Doc Preservation Order.pdf; Joint Stip Re Doc Preservation Order.doc |

Attached is the Joint Stipulation in Word format. It now contains Perfect 10's portions. Also, Perfect 10 changed the caption page and the footer to reflect that Perfect 10 is also moving for a document preservation order. My declaration is also attached. The Augustine Declaration, Zada Declaration, and Mausner Under Seal Exhibits were sent in a previous email. Jeff

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

**From:** Rachel Herrick Kassabian [mailto:rachelkassabian@quinnemanuel.com]
**Sent:** Friday, December 11, 2009 10:52 AM
**To:** 'Jeffrey Mausner'; 'Valerie Kincaid'
**Cc:** Thomas Nolan; Brad R. Love; Michael T Zeller
**Subject:** RE: Joint Stipulation re Preservation Order - Email 2

Jeff,

We have reviewed P10's portions of the joint stipulation on Google's motion for a document preservation order. Unfortunately, P10 has not just opposed Google's motion; it has also purported to include its own motion against Google for a document preservation order. As we have already made clear, P10 has failed to honor its meet-and-confer obligations under Local Rule 37-1 for any such P10 motion. Nor does P10 have any basis whatsoever to claim that Google has failed to preserve any documents.

In any event, your inclusion of another motion (with purported evidence in support thereof) in this joint stipulation violates the Local Rules governing preparation and filing of joint stipulations (Local Rules 37-2.1 and 37-2.2). Among other things, P10's inclusion of a new motion against Google in this joint stipulation deprives Google of the opportunity to respond to it. Please remove the arguments and evidence constituting P10's motion from P10's portions of the joint stipulation on Google's motion (and from P10's supporting declarations), and return the corrected documents to us by 3pm today. Please make sure to include both an unredacted and a redacted version of P10's portion of the corrected joint stipulation and P10's corrected supporting documents (which your documents from last night did not do). If Perfect 10 does not send us its corrected portions of this joint stipulation (and corrected supporting declarations) by 3pm today, Google will file its portion of the joint stipulation and its supporting documents (without P10's portions), together with a Statement of Non-Cooperation pursuant to Local Rule 37-2.4. If P10 does send us its corrected portions of this joint stipulation and P10's supporting documents by 3pm today, but does not include redacted versions for public filing, we will assume that P10 wants the entirety of its portions of the corrected joint stipulation (as well as the entirety of its corrected supporting declarations) to be filed under seal, and we will redact the entirety of those materials for the public filed version.

If Perfect 10 wishes to file its own motion regarding document preservation issues, please (1) fulfill P10's meet and confer obligations first, and then (2) send us a joint stipulation thereon, which we will respond to within five days, per the local rules governing joint stipulations.

Regards,

Rachel

**Rachel Herrick Kassabian /** *Partner*
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any

review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

| From: | Jeffrey Mausner [jeff@mausnerlaw.com] |
|---|---|
| Sent: | Friday, December 11, 2009 1:59 PM |
| To: | 'Rachel Herrick Kassabian'; 'Valerie Kincaid' |
| Cc: | 'Thomas Nolan'; 'Brad R. Love'; 'Michael T Zeller' |
| Subject: | RE: Joint Stipulation re Preservation Order - Email 2 |

Rachel, I cannot respond to your email in detail because of the deadline this Monday to file the Reply brief in support of Perfect 10's motion for evidentiary sanctions against Google. I am available after that to respond to your email in more detail and to discuss the issues Google raises.

Google has no basis for refusing to follow the procedures in Local Rule 37. Perfect 10 fully cooperated and complied with those procedures in response to Google's delivery of the Joint Stipulation (despite Google's failure to comply with Local Rule 37), and in notifying Google about Perfect 10's own motion. Google is obligated to include Perfect 10's portions of the Joint Stipulation and obtain my signature. Google cannot unilaterally decide to not follow this procedure. Google may inform the Court that it believes that Perfect 10 cannot bring its own motion, but it cannot refuse to follow the procedures and refuse to include Perfect 10's portions of the Joint Stipulation and obtain my signature. This is yet another example of Google's unfair gamesmanship, which is the subject of an order in this case. Further, your timing of this motion, and in particular the threats made in your email, are an obvious attempt to sidetrack me from working on the Reply brief that is due on Monday. I cannot spend any further time on this until after the Reply brief is filed.

If Google wants to add a response to the Joint Stipulation, it may do so. But in any case, Google cannot file its portion of the Joint Stipulation without Perfect 10's portions included and my signature. Alternatively, I can discuss this with you after the Reply brief and supporting documents are filed.

If Google files its motion without Perfect 10's portions and signature, Perfect 10 will bring this matter to the Court's attention and seek appropriate sanctions. Jeff

**From:** Rachel Herrick Kassabian [mailto:rachelkassabian@quinnemanuel.com]
**Sent:** Friday, December 11, 2009 2:40 PM
**To:** 'Jeffrey Mausner'; 'Valerie Kincaid'
**Cc:** Thomas Nolan; Brad R. Love; Michael T Zeller
**Subject:** RE: Joint Stipulation re Preservation Order - Email 2

Jeff,

It is Perfect 10, not Google, who has ignored the procedures of Local Rule 37 here. Google properly met-and-conferred on its intended motion for more than three months, and when those discussions failed, sent Perfect 10 its portions of the Joint Stipulation on that motion. Under Local Rule 37, Perfect 10 was obligated to return its portions in opposition to that motion on December 9. We agreed to give P10 an extra day, until December 10. P10 chose to use that extra time drafting its own separate motion and including it in the Joint Stipulation, without even bothering to complete its meet-and-confer obligations on that separate motion—or even to let us know that you intended to include a new motion in the Joint Stipulation. Perfect 10's conduct is unprecedented and violates the Local Rules.

Regarding the remainder of your allegations and extraneous comments: your accusation of "gamesmanship" is regrettable, as well as false. Perfect 10 has been on notice of these issues for more than three months, and consistently refused to answer **any** of Google's questions during meet and confer, leaving Google with no choice but to file a motion. It was Perfect 10's choice to ignore Google's meet and confer letters, forcing motion practice. It was also Perfect 10's choice to file a motion with Judge Matz during the pendency of the parties' meet and confer efforts on P10's apparent spoliation of documents. If P10 has time to prepare two motions, it has time to respond to Google's motion.

If Perfect 10 wants to file a baseless discovery motion without first meeting and conferring, we can't stop you. But Google is under no obligation to file it for you, via the Joint Stipulation on Google's motion. Nor is Google in a position to edit P10's briefing to excise P10's improperly-added motion. Perfect 10 may not delay the filing of Google's motion by failing to properly send us its portions of the Joint Stipulation. We remain hopeful that Perfect 10 will reconsider and send us its portions of the Joint Stipulation by 3 p.m. If not, we will proceed with Google's filing, accompanied by a Statement of Non-cooperation. Google reserves all rights to seek sanctions under Rule 37-4 for P10's failure to timely provide Google with its portions of the Joint Stipulation under the local rules.

Rachel

Rachel Herrick Kassabian
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100
E-mail: rachelkassabian@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Friday, December 11, 2009 2:59 PM |
| **To:** | 'Rachel Herrick Kassabian'; 'Valerie Kincaid' |
| **Cc:** | 'Thomas Nolan'; 'Brad R. Love'; 'Michael T Zeller' |
| **Subject:** | RE: Joint Stipulation re Preservation Order - Email 2 |

I disagree with your statements below, but as you know, I do not have time to respond to them now. I have provided you with Perfect 10's portions. You must include them in your filing. If you want to discuss this further after I file the Reply Brief, I will do so. Otherwise, you must include Perfect 10's portions. Jeff.

**From:** Rachel Herrick Kassabian [mailto:rachelkassabian@quinnemanuel.com]
**Sent:** Friday, December 11, 2009 3:18 PM
**To:** 'Jeffrey Mausner'; 'Valerie Kincaid'
**Cc:** Thomas Nolan; Brad R. Love; Michael T Zeller
**Subject:** RE: Joint Stipulation re Preservation Order - Email 2

Jeff,

P10's reply brief is no excuse. It would have taken you thirty seconds to confirm that Perfect 10 will remove its new motion from its portions of the Joint Stipulation on Google's motion, but you have refused to do so. We will proceed accordingly.

Rachel

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Friday, December 11, 2009 3:47 PM
**To:** Rachel Herrick Kassabian; 'Valerie Kincaid'
**Cc:** Thomas Nolan; Brad R. Love; Michael T Zeller
**Subject:** RE: Joint Stipulation re Preservation Order - Email 2

Rachel, Google cannot dictate what Perfect 10 says in its portions of the Joint Stipulation. Google's refusal to include Perfect 10's portions would be sanctionable. It is unfortunate that a company with unlimited financial resources happily consumes an inordinate amount of Court time, to the detriment of everyone else involved, but will not abide by the rules, unless it is to Google's benefit. Once again, you are required to include Perfect 10's portions. Jeff

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com] |
| **Sent:** | Friday, December 11, 2009 3:58 PM |
| **To:** | 'Jeffrey Mausner'; 'Valerie Kincaid' |
| **Cc:** | Thomas Nolan; Brad R. Love; Michael T Zeller |
| **Subject:** | RE: Joint Stipulation re Preservation Order - Email 2 |

Jeff,

We are happy to include whatever P10 has to say in opposition to Google's motion , but we are under no obligation to include an entirely separate motion by P10, as I have explained below (nor do the Local Rules permit or even contemplate such a thing). The other accusations in your email below are spurious and require no response. Since this appears to be P10's final position, we will consider the matter closed.

Regards,
Rachel

# Exhibit 6

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Tuesday, December 22, 2009 12:30 PM |
| **To:** | michaelzeller@quinnemanuel.com |
| **Cc:** | rachelkassabian@quinnemanuel.com; thomasnolan@quinnemanuel.com; bradlove@quinnemanuel.com; andreaproberts@quinnemanuel.com; Charles K. Verhoeven |
| **Subject:** | Preservation Order |

Mike: Please let me know if you would like to discuss Perfect 10 and Google entering into a mutual preservation order. If so, let me know times that you are available to discuss it over the next few days. Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

## Jeffrey Mausner

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com] |
| **Sent:** | Sunday, January 03, 2010 8:58 PM |
| **To:** | 'Jeffrey Mausner' |
| **Cc:** | Thomas Nolan; Brad R. Love; Andrea P Roberts; Michael T Zeller |
| **Subject:** | RE: Preservation Order |

Jeff,

As always, Google is open to discussing anything that might ease the burden on the Court in this case. However, Perfect 10 has made no showing that a mutual preservation order is appropriate in this case. By contrast, Perfect 10's witnesses have confirmed (and in its opposition papers Perfect 10 has not disputed) that Perfect 10 has failed to preserve certain relevant documents. It would greatly ease the burden on the Court if Perfect 10 will stipulate to the relief Google seeks in its document preservation motion, namely that Perfect 10:

(1) immediately take all steps necessary to preserve all documents relevant to this litigation, including modifying Perfect 10's computer settings for all employees and officers to remove any auto-deletion instructions; and

(2) submit a declaration describing the scope and extent of its document deletion activities, including the following:

- Describe how the settings on Ms. Augustine's Perfect 10 email account were established, by whom, and when;

- Describe whether emails on Ms. Augustine's Perfect 10 email account have been deleted, and if so, how many and during what time period;

- Identify the location of any "backup" files for the deleted Augustine emails, including on Ms. Augustine's computer(s), on Perfect 10 computers or servers, or at an off-site location maintained by any Perfect 10 service provider or vendor;

- Explain whether Perfect 10 gave any document preservation instructions to any Perfect 10 employees, contractors, or other personnel regarding this lawsuit;

- Identify whether the email accounts of any Perfect 10 employees, contractors, or other personnel besides Ms. Augustine have ever been set to automatically delete emails (and if so, who, when and after how long).

If Perfect 10 agrees to this relief, and withdraws its motion for a preservation order against Google, Google will withdraw its request for sanctions against Perfect 10 based upon its filing of a baseless document preservation motion against Google. Please advise, thanks.

**Rachel Herrick Kassabian /** *Partner*

**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Monday, January 04, 2010 10:55 PM |
| **To:** | 'Rachel Herrick Kassabian' |
| **Cc:** | 'Thomas Nolan'; 'Brad R. Love'; 'Andrea P Roberts'; 'Michael T Zeller' |
| **Subject:** | RE: Preservation Order |

Rachel:  Perfect 10 asked Google to consider entering into a ***mutual*** preservation order, and Google responded by insisting that Perfect 10 agree to the unilateral preservation order Google submitted to the Court.  This, of course, is a non-starter.  Please let us know if Google is interested in a ***mutual*** order and, if it is, we should talk and try to work-out parameters.   This is a far better alternative for Google then waiting to see what the Court decides to impose on it.

A preservation order is only appropriate against Google -- given its non-compliance with Court orders, failure to produce documents, and written document destruction policies.  Google's purported basis for an order against Perfect 10 is meritless for all the reasons set forth in the Joint Stipulation that Perfect 10 filed.  Nonetheless, Perfect 10 will agree to a fully mutual order to relieve the burden on the Court and because Google's conduct shows that an order against it is a necessity.

Please let me know if you want to discuss a ***mutual*** order.  Jeff.

# Exhibit 7

## quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

December 23, 2009

**VIA EMAIL AND U.S. MAIL**

Mr. Jeffrey Mausner
Warner Center Towers, Suite 910
21800 Oxnard Street
Woodland Hills, California 91367
E-mail: jeff@mausnerlaw.com

Re:     Perfect 10 v. Google: Document Production

Dear Jeff:

Enclosed please find Google's document production control numbered GGL 053981-053983.
GGL 053981-053983 is marked "Confidential" in accordance with the terms of the Protective
Order, and is so designated on the face of each page of the document.  Please treat the document
accordingly.

Sincerely,

Brad Love

01980.51320/3255462.1

### quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

# Exhibit 8

Filed Under Seal Pursuant
to Protective Order

Exhibit 9



1  WINSTON & STRAWN LLP
   Andrew P. Bridges (SBN: 122761)
2  Jennifer A. Golinveaux (SBN: 203056)
   101 California Street, Suite 3900
3  San Francisco, CA 94111-5894
   Telephone: (415) 591-1000
4  Facsimile: (415) 591-1400
   E-mail: abridges@winston.com,
5          jgolinveaux@winston.com

6  Attorneys For Defendant and Counterclaimant
   GOOGLE INC.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 PERFECT 10, INC., a California          ) Case No. CV04-9484 AHM (SHx)
   corporation,                           )
12                                         ) **DECLARATION OF ALEXANDER**
              Plaintiff,                   ) **MACGILLIVRAY IN SUPPORT OF**
13                                         ) **GOOGLE'S OPPOSITION TO**
       vs.                                 ) **PLAINTIFF'S MOTION FOR**
14                                         ) **PRELIMINARY INJUNCTION**
   GOOGLE INC., a corporation; and         )
15 DOES 1 through 100, inclusive,          )
                                           ) Date:     November 7, 2005
16            Defendant.                    ) Time:     10:00 a.m.
   _____        ) Location: Courtroom 14
17 GOOGLE INC., a corporation,             )
                                           )
18            Counterclaimant,             )
                                           )
19      vs.                                )
                                           )
20 PERFECT 10, INC., a California          )
   corporation,                           )
21                                         )
              Counter-defendant.           )
22                                         )
                                           )
23                                         )

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

I, Alexander Macgillivray, declare as follows:

1.     I am Senior Product and Intellectual Property Counsel for Defendant Google Inc. ("Google"). I have been employed by Google since May 12, 2003. During my time at Google I have been the lawyer primarily responsible for the processing of intellectual property complaints regarding Google's services. I am intimately familiar with our policies and procedures for suppression of results from Web Search and Image Search. I am also familiar with our processes and policies for account termination for AdSense. I am the lawyer primarily responsible for Web Search and Image Search and am thoroughly familiar with how the products work. The statements contained herein are based on my own personal knowledge and I could and would be competent to testify to them if called as a witness in this matter.

## GOOGLE SEARCH

2.     When the Google Web Search engine receives a query, it searches its index for pages relevant to the query. It then returns Web page links with snippets of relevant text. It also provides a link to Google's "cached" copy of the text portion of the Web page. By clicking on the "cached" link, the user will cause the cached page to appear. While it may seem that the cached page contains images, in fact the images are not from the Web Search cache; in fact, a user's web browser fetches any images from their original location and not from Google's servers. Google also provides a link for a version of the cached page that will disable this browser function.

3.     The Image Search engine returns results consisting of a page of "thumbnail" images – small low-resolution extracts of original images that aid the user in identifying and locating the image most relevant to the research. The browser obtains "thumbnail" images from Google's server, together with information about the Web page associated with the image. The user then can choose to click on the image thumbnail and show more information about the image and cause the user's browser (typically Internet Explorer, Netscape, Mozilla Firefox, or Opera) to open a "window" on the screen that will display the underlying Web page in a process called "framing."

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

GGL 033688

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    4.    Google delivers search results at no charge to either users or

2  providers of information.  Google does not require accounts or subscriptions for its

3  general public search engine use that is at issue in this litigation.

4    5.    Google does not copy Perfect 10's magazine or Web site (Google

5  respects robot exclusion practices that are customary on the Web), although it may

6  copy a few pages of the Web site that Perfect 10 apparently wishes to have indexed.

7  Plaintiff is not suing Google for those things.  Plaintiff is suing for copies allegedly

8  made, and search results delivered, in the course of Google's broad Web search

9  functions.  Those copies of individual images are allegedly from third-party Web

10  pages and files that have been copied and indexed as an integral part of the Google

11  search engine's functions.

12    6.    Google's thumbnail images in Image Search results are necessary

13  to describe the results, as there is no satisfactory verbal alternative.  No verbal index

14  of the *content* of images is feasible; Google has only a verbal index of their *context*.

15    7.    Google does not have the ability to affect or control infringing

16  conduct by third parties.  Google does not have any editorial or other control rights

17  over the design, hosting or transmission of any graphical materials, or any ability to

18  dictate content.

19    8.    Google acts expeditiously to remove or disable access to infringing

20  material upon gaining such awareness of such material.  Upon notification of a

21  claimed infringement Google expeditiously removes or disables access to material

22  identified by its reference or link.  Google can only exclude Web pages and files from

23  search results; it cannot exclude third parties from the Web.

24  **GOOGLE'S ADVERTISING PROGRAMS**

25    9.    Google has two web advertising programs, AdWords for

26  advertisers and AdSense for web publishers.  Attached hereto as Exhibit A is a true

27  and correct copy of print-outs from google.com describing these programs.  Through

28  Google's AdWords program, advertisers purchase advertising placement on Google's

3

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

GGL 033689

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  pages, including its search engine, Gmail web-based email service and other services,

2  or on third party Web sites.

3        10.    Google's AdSense program is available to third-party Web

4  publishers.  AdSense allows third-party sites to carry Google-sponsored advertising

5  and share revenue that flows from the advertising displays and click-throughs

6  (advertising derived from the "clickthrough" referral from one site to another).

7  AdSense advertising is related to text in the AdSense participant's Web site.  To

8  participate, a Web site publisher places code on its site that asks Google's servers to

9  algorithmically select relevant advertisements when a user loads the Web page.  A

10  Web site publisher identifies its site and receives a token and javascript from Google

11  that the Web site publisher can then use on a page to receive targeted advertising.

12  Google does not control the location of javascript placement.

13        11.    The Google AdSense Program Policies specifically exclude sites

14  with Image Results from participating in the AdSense program.  The Policy states:

15  "Copyrighted Material:  In order to avoid associations with copyright claims, website

16  publishers may not display Google ads on web pages with MP3, Video, News Groups,

17  and Image Results."  In addition, it is Google's intention to exclude sites with

18  pornography, adult, or mature content, along with certain other categories of content,

19  such as gambling and profanity, from its AdSense program.  Attached hereto as

20  Exhibit B is a true and correct copy of the current Google AdSense Program Policies.

21        12.    The Google AdSense Terms and Conditions, execution of which is

22  a prerequisite to participating in the AdSense program, state that "You represent and

23  warrant that . . . each Site and any material displayed therein: (i) comply with all

24  applicable laws, statutes, ordinances and regulations; (ii) do not breach and have not

25  breached any duty toward or rights of any person or entity including, without

26  limitation, rights of intellectual property, publicity or privacy . . . (iii) are not

27  pornographic, hate-related or otherwise violent in content."  Attached hereto as

28

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

GGL 033690

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  Exhibit C is a true and correct copy of the current Google AdSense Online Standard
2  Terms and Conditions.

3      13.  Google reserves the right to terminate third parties from AdSense
4  when it becomes aware that they are violating the AdSense Policies or Terms and
5  Conditions, and is in the process of reviewing Perfect 10 notices and will terminate
6  sites from participation in AdSense that are in violation.

7  **GOOGLE'S INTELLECTUAL PROPERTY POLICY AND RESPONSE TO**
8  **NOTICES OF ALLEGED INFRINGEMENT**

9      14.  It is Google's policy diligently to respond to notices of alleged
10  copyright infringement that comply with the Digital Millennium Copyright Act.
11  Google provides a detailed explanation of its policy in response to notices of alleged
12  infringement at its google.com Web site. Attached hereto as Exhibit D is a true and
13  correct copy of Google's Terms of Service and Google's Digital Millennium Copyright
14  Act policy.

15      15.  Google receives thousands of inquiries daily concerning search
16  results, including notices about search results that link to allegedly improper content.
17  Those notices concern various issues, including claims that third-party Web sites have
18  infringed the senders' copyright, trademark or other rights. Google has several
19  departments involved in handling notices of alleged infringement. Trained individuals
20  process notices of alleged infringement that refer to copyright. If a notice does not
21  contain enough information for Google to process, or if it otherwise fails the
22  requirements of 17 U.S.C. § 512(c)(3), but contains contact information for the
23  sender, Google's staff will typically email the sender requesting additional
24  information.

25      16.  Upon receiving a notice of alleged infringement that substantially
26  conforms with the requirements of Section 512(c)(3), Google expeditiously removes
27  or disables access to the material. Google does this by flagging the URL or URL
28  pattern for which Google has received notice so that page or file will no longer appear

5

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

in Search results. For Web Search, the page URL is suppressed; for Image Search, the image file URL is suppressed.

17.    Google does not review entire domains, as requested by Perfect 10. Many domains contain many "sites" and many pages sponsored or authorized by different parties. Geocities, for example, has one domain at geocities.com that hosts numerous sites. Suppression of an entire domain would be vastly overbroad. Nor can Google take on the duty of investigating how many sites are at a single domain and of determining which pages constitute a single "site." Google's search focus is on Web pages and files, and that is where it applies its suppression efforts.

18.    Google accommodates standard technical measures by respecting robot exclusion protocols on the Web and by not altering protection measures that may be embedded in Web pages or files.

## COMMUNICATIONS FROM PERFECT 10 AND GOOGLE'S RESPONSE

19.    Since May 2004, Google has received more than forty communications from Dr. Zada regarding a plethora of alleged infringements and publicity violations by various Web sites. The notices listed thousands of URLs and Web sites which Dr. Zada claimed violated the rights of Perfect 10 and unrelated third parties. Google diligently and promptly responded to Dr. Zada's notices with respect to Perfect 10's alleged rights.

20.    Dr. Zada's communications were impossible to process completely, for a number of reasons. Perfect 10's notices were vastly overbroad, dealing often with unrelated third parties and non-copyright issues; they were incomplete and shoddy in light of the Section 512(c)(3) requirements; and they were presented in a manner that impeded efficient handling by Google. Frequently Dr. Zada's communications did not provide enough information to process. For example, notices beginning on May 31, 2004 through July 2004, simply listed URLs, without sufficiently identifying the copyrighted work claimed to have been infringed or the nature of the infringement. Attached hereto as Exhibit E are true and correct copies of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

GGL 033692

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    notices Google received from Dr. Zada from May 31, 2004 through July 11, 2004.

2    Google promptly responded to Dr. Zada's notices, explaining that he needed to specify

3    the material protected by copyright. Attached hereto as Exhibit F are true and correct

4    copies of e-mails from Google to Dr. Zada.

5          21.    On October 11, 2004 (a month before this lawsuit was filed), in

6    response to Google's requests, Dr. Zada finally provided notices in a format that

7    identified Perfect 10 magazine issue and page numbers of images whose copyright Dr.

8    Zada claimed to have been infringed, at least for some of the listed URLs. Attached

9    hereto as Exhibit G are true and correct copies of notices Google received from Dr.

10    Zada from October 11, 2004 through June 19, 2005. Beginning on October 11, 2004,

11    Google promptly processed Dr. Zada's notices that Google could confirm identified

12    URLs that did in fact contain images of semi-naked or naked women that looked like

13    they might have been Perfect 10 images and were indexed by Google, and suppressed

14    those showing up in response to user queries in Web Search. Although Google

15    processed Dr. Zada's notifications, they did not comply with the DMCA's

16    requirements that a notice must identify "the copyrighted work claimed to have been

17    infringed, or, if multiple copyrighted works at a single online site are covered by a

18    single notification, a representative list of such works at that site" and "identification

19    of the material that is claimed to be infringing or to be the subject of infringing

20    activity and that is to be removed or access to which is to be disabled, and information

21    reasonably sufficient to permit the service provider to locate the material. Moreover,

22    many of Dr. Zada's notices did not comply with Section 512(c)(3)'s requirement that

23    notifications must be "provided to the designated agent of a service provider."

24          22.    Despite the difficulties with, and size of, Dr. Zada's notices, with

25    only four exceptions Google processed Dr. Zada's October 11, 2004 notice and later

26    notices within two weeks of receipt, often within one week. The four exceptions

27    involve Exs. 58, 66, 67, and 68 of Dr. Zada's Declaration. Google processed the

28    notice attached as Ex. 68 in 19 days. Google has not, to its knowledge, received the

7

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

GGL 033693

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 notices attached as Exs. 66 and 67. Through their inclusion as exhibits, Google now

2 has them and Exs. 66 and 67 are now being processed. Due to miscommunication,

3 Google did not complete processing of Ex. 58. Once the mistake was discovered,

4 Google restarted processing this "notice," which will be reflected in Google search

5 results shortly.

6      23.    Processing termination notices, particularly those that list hundreds

7 or thousands of URLs, like Dr. Zada's, is an involved process. First, the notice is

8 routed to the proper person for handling (a process that is delayed when the sender

9 does not include recipient information, as was the case with a number of Dr. Zada's

10 notices), then the data from the notice must be hand entered and checked, then the

11 allegedly infringing URLs must be reviewed, and questionable URLs re-reviewed,

12 then a list is made and submitted for a check against the URLs in Google's index.

13 Only at that point can a removal happen, which must then be carried out on Google's

14 numerous servers.

15      24.    Dr. Zada claims that "Google, via its Image Search, is continuing

16 to display at least 1,043 Perfect 10 images from, and link at least 1,043 Perfect 10

17 images to, web pages that Perfect 10 specifically notified Google were infringing

18 Perfect 10 copyrights." Zada Decl. ¶ 96, Ex. 81 (spreadsheet reflecting URLs of web

19 pages from which Dr. Zada claims Google continued to display infringing images

20 after notice.) This characterization is entirely misleading. First, none of the URLs

21 identified in Exhibit 81 identify jpg. or image file locations, but rather link to Web

22 pages that may contain hundreds of separate images, for many of which Dr. Zada did

23 not allege and has not alleged ownership of copyright. When Dr. Zada simply

24 identified a Web page containing numerous images, Google would be able to process

25 the Web page to block it from appearing in response to a Google Web Search (which

26 Google did), but would not be able to prevent a specific image from appearing in

27 response to a search on Image Search, because no image file would have been

28 identified and Google did not have the necessary information to block the image.

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

GGL 033694

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Google continues to promptly process new notices from Dr. Zada that substantially

2    conform with Section 512(c) of the DMCA.

3            25.    Google analyzed the 470 URLs identified by Dr. Zada in his

4    Exhibit 81.  Of those 470 URLs, before Perfect 10 filed this motion, Google had

5    already processed 414 of them to block them from appearing in response to a Google

6    Web Search.  Of the 56 remaining URLs, 21 are not true URLs, but rather contain

7    ellipses and are not fully qualified URLs.  The 35 remaining URLs are further

8    addressed in the declaration of Susan E. Lee filed concurrently herewith.  Any small

9    number of remaining URLs identified in Ex.81 that may not have been processed,

10   may well be attributable to pages that did not contain relevant images, could not be

11   loaded, were not in the Google Web Search index at the time of notice, or due to

12   inevitable errors in transcribing Dr. Zada's notices, which often identified hundreds of

13   URLs, and were at times only faxed to Google.

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ///

28   ///

9

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

GGL 033695

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Mountain View, California, this 26th day of September 2005.

Alexander Macgillivray

**DECLARATION OF ALEXANDER MACGILLIVRAY IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREL. INJ.**

SF:1152473

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

GGL 033696

Exhibit 10

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel M. Herrick (Bar No. 191060)
  rachelherrick@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>GOOGLE INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF FEBRUARY 22, 2008, GRANTING IN PART PLAINTIFF PERFECT 10, INC.'S MOTION TO COMPEL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[DECLARATION OF RACHEL M. HERRICK AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]<br><br>Hon. A. Howard Matz |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Courtroom: 14<br>Hearing Date: April 14, 2008<br>Hearing Time: 10:00 am<br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

1       To rule that all DMCA notices must be produced in this case would set a
2  dangerous precedent, by suggesting that all parties seeking protection under the
3  DMCA's safe harbor provisions must turn over to the plaintiff their entire DMCA log,
4  in every litigation, no matter what the circumstances.  Absent some special showing
5  as to why a party's entire DMCA log is relevant in a particular case (which Perfect 10
6  did not do here), this requirement would impose too great a burden upon parties like
7  Google, who receive many thousands of DMCA notices from many thousands of
8  alleged copyright owners.  This cannot be the law, and with the passage of time such
9  a rule would become difficult if not impossible to implement, as large companies like
10 Google continue to receive and respond to more DMCA notices every single day,
11 every single month, year after year.

12      And even were the Court to find that Google should produce some discovery
13 beyond Perfect 10's alleged DMCA notices, production of the full DMCA log is
14 unwarranted.  Since the applicable standard is "reasonable implement[ation]" of a
15 repeat infringer policy, *see CCBill*, 488 F.3d at 1109 (citing 17 U.S.C.
16 § 512(i)(1)(A)), a representative sample of documents regarding Google's DMCA log
17 would be more than sufficient to fairly evaluate Google's reasonable implementation.
18 The Order of Google's entire DMCA Log was clearly erroneous and should be
19 reversed.

20      In the alternative, should the Court decline to reverse the Order in this regard,
21 Google respectfully requests a stay of this portion of the Order.  Google is preparing
22 and will soon file a dispositive motion regarding the inadequacy of Perfect 10's
23 alleged "notices" to Google under the DMCA, 17 U.S.C. § 512(c)(3).  If Google's
24 motion is successful, this portion of the Order will be rendered moot, because this
25 discovery would be irrelevant.  *See, e.g., Hendrickson v. eBay, Inc.*, 165 F .Supp. 2d
26 1082, 1092 (C.D. Cal. 2001) (when plaintiff did not give notices that complied with
27 § 512(c)(3), defendant eBay "did not have a duty to act under the third prong of the
28 safe harbor test," § 512(c)(1)(C), to remove or disable access to the material.).  *See*

17

1

## **CONCLUSION**

2       For the foregoing reasons, Google respectfully requests that the Court sustain

3  its objections to the Magistrate Judge's Order of February 22, 2008 granting in part

4  Perfect 10 Inc.'s Motion to Compel and reverse the portions of that Order compelling

5  Google to produce documents in response to Perfect 10's Requests for Production

6  Nos. 128-31, 174, and 194-96.

7  DATED:  March 14, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9

                    By  /s/ Michael T. Zeller

10                     Michael T. Zeller
                     Rachel M. Herrick

11                     Attorneys for Defendant GOOGLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28