QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.*<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>Hon. Stephen J. Hillman<br><br>**REPLY DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S MOTION FOR A DOCUMENT PRESERVATION ORDER TO PREVENT FURTHER SPOLIATION OF EVIDENCE BY PERFECT 10, INC.**<br><br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Ctrm: 550<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |

1    I, Rachel Herrick Kassabian, declare as follows:

2    1.    I am a member of the bar of the State of California and a partner with
3    Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc.
4    ("Google") in this action. I make this declaration of my personal and firsthand
5    knowledge and, if called and sworn as a witness, could and would testify competently
6    thereto.

7    2.    Attached hereto as Exhibit A is a true and correct copy of excerpts of the
8    transcript of the deposition of Nadine Schoenweitz, taken on October 16, 2009.

9    3.    On October 27, 2009, shortly after Ms. Schoenweitz's deposition,
10   counsel for Google initiated meet and confer with Jeff Mausner (who is representing
11   both Perfect 10 and Ms. Schoenweitz) regarding ███████████████████
12   ████████████████████████████████. A true and correct
13   copy of Google's October 27, 2009 letter is attached hereto as Exhibit B. Mr.
14   Mausner did not provide a substantive response to Google's meet and confer efforts
15   until nearly two months later, by letter dated December 22, 2009 (a true and correct
16   copy of which is attached hereto as Exhibit C), after Google already had filed the
17   present motion.

18   4.    Attached hereto as Exhibit D is a true and correct copy of excerpts of the
19   transcript of the deposition of Amy Weber, taken on November 11, 2009.

20   5.    Attached hereto as Exhibit E is a true and correct copy of excerpts of the
21   transcript of the deposition of Amber Smith, taken on November 19, 2009.

22   6.    On October 6, 2009, this Court ordered Perfect 10 to produce certain
23   financial documents, including Perfect 10's missing monthly financial reports (to the
24   extent such documents exist). True and correct copies of excerpts of the Court's
25   October 6 Order (Docket No. 560) (ordering the production) and the corresponding
26   Joint Stipulation (Docket No. 408) (identifying the several dozen specific missing
27   monthly reports) are attached hereto as Exhibit F. However, Perfect 10 did not
28   produce any of those missing financial reports in response to the Court's Order.

1 Google met and conferred with Perfect 10 regarding these still-missing financial
2 reports on various dates beginning on November 4, 2009. True and correct copies of
3 that meet and confer correspondence are attached hereto as Exhibit G. As of the date
4 of this declaration, Perfect 10 has confirmed that none of these missing reports
5 currently exist, and that the missing reports from 2007 were never generated in the
6 first place. However, Perfect 10 has not confirmed whether the remaining missing
7 monthly financial reports (including for the years 2004, 2005, 2006, 2008 and 2009)
8 existed at one time and were destroyed, or were never generated in the first place.

9       7.       At page 3 of Perfect 10's opposition brief (Docket No. 690, filed under
10 seal), Perfect 10 claims that after it had given Google notice that it had inadvertently
11 produced two allegedly privileged emails, Google ignored that notice and filed those
12 emails as an exhibit to Google's motion anyway (citing Exhibit N to my previous
13 declaration, Docket No. 686, filed under seal). This is incorrect. After receiving
14 Perfect 10's December 9, 2009 email regarding this allegedly inadvertent production
15 (a true and correct copy of which is attached hereto as Exhibit H), Google removed
16 the allegedly privileged content described in Perfect 10's December 9 email from that
17 exhibit by (1) removing the first email Perfect 10 claimed was completely privileged
18 and (2) redacting the allegedly privileged portion of the second email. This can be
19 seen by simply looking at Exhibit N to my previous declaration, which has a large
20 redacted portion █████████████████████████████████████████
21 █████████████        Google did not use or file any of the allegedly privileged material
22 Perfect 10 described in its December 9 email.

23       I declare under penalty of perjury under the laws of the United States of
24 America that the foregoing is true and correct. Executed January 6, 2010 at San
25 Francisco, California.

26       *Rachel Herrick Kassabian*
27       _____
28       Rachel Herrick Kassabian

# EXHIBIT A

# EXHIBIT A:
# Filed Under Seal Pursuant to Protective Order

# EXHIBIT B

# EXHIBIT B:
# Filed Under Seal Pursuant to Protective Order

# EXHIBIT C

# EXHIBIT C:
# Filed Under Seal Pursuant to Protective Order

# EXHIBIT D

# EXHIBIT D:
# Filed Under Seal Pursuant to Protective Order

# EXHIBIT E

1     UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA

3                                    Certified

4  PERFECT 10, INC., a California  )  Transcript

5  corporation,                    )

6           Plaintiff,             )  Case No.

7      vs.                         )  CV 04-9484 AHM

8  GOOGLE, INC., a corporation; and )  (SHx)

9  DOES 1 through 100, inclusive,  )  Consolidated

10          Defendants.            )  with

11 _____ )  CV 05-4753 AHM

12 AND COUNTERCLAIM,               )  (SHx)

13 _____ )

14 PERFECT 10, INC., a California  )  PAGES 1 - 200

15 corporation,                    )

16          Plaintiff,             )

17      vs.                        )

18 AMAZON.COM, INC., a corporation; )

19 A9.COM, INC., a corporation; and )

20 DOES 1 through 100, inclusive,  )

21          Defendants.            )

22 _____ )

23 Job No. 223587

24          DEPOSITION OF AMBER SMITH

25             NOVEMBER 19, 2009

EXHIBIT _____ E

PAGE _____ 21

1    BY MR. DOYLE:

2         Q.   Okay.  Have you seen Exhibit 231 before

3    today?

4         A.   Can I match it up with the one that I

5    brought?                                              09:46

6         Q.   I suppose so.

7         A.   I mean, I guess.  Let me just -- yeah.

8    Hold on.  Let me just make sure.

9              Yes.

10        Q.   Okay.  As a general matter, did you        09:46

11   understand that this exhibit was asking for certain

12   documents in connection with this litigation?

13        A.   Yes.

14        Q.   Did you search for the documents that were

15   asked for in this subpoena?                           09:46

16        A.   Yes.

17        Q.   What did you do to search for the

18   documents?

19        A.   Well, it's very difficult, but I'll tell

20   you what I did.  I brought with me the only contract  09:47

21   that I could get.  However, as far -- I don't -- I

22   hope it's even worthy.  I guess it is.  I think it

23   matched up to one of these things that was said in

24   here.  It's an employment contract recently.

25              As far as everything else, I lost my       09:47

1   storage in 2007. I mean, I lost my life in 2007. I

2   ended up in a motel room for three months. I lost

3   everything. I had two suitcases, three black

4   dresses, a sweater, a laptop, and that's it. So

5   every single piece of paperwork I've ever had is        09:47

6   gone. And that -- go for it. You know, go to the

7   public -- I mean, that's exactly what happened.

8          Then I went to my e-mail address and I

9   tried to get an old one that I've never been able to

10  get into. But I just realized, I got that probably    09:47

11  2005 or 2006 anyway, so it's not even one that would

12  have had any e-mails. And nor do I think I even got

13  any e-mails from Norm. Maybe I did. But it would

14  have been in some -- I don't even remember my old

15  e-mail address.                                         09:48

16      Q.   Specifically what steps did you take to

17  locate documents that were responsive to

18  Exhibit 231?

19      A.   Well, most I could not get because it would

20  have been in storage. Okay. So everything that I       09:48

21  even -- hold on. Here is --

22      Q.   I mean, I understand you testified a moment

23  ago that you lost some documentation in storage.

24  What I'm asking here is, what steps did you take in

25  order to locate documents that had not been lost?       09:48

1          Q.   That was Buchwald.   Okay.   Anyone else?

2          A.   Well, let me think.   Hold on.   That would

3     have contracts?

4               See, there are a couple agencies I joined

5     briefly, but I didn't work through them.   So -- hold    09:54

6     on, hold on.   Buchwald was the biggie for me.   Okay.

7     That's acting.

8               Let me think about modeling for a second.

9     Oh, boy.   I've been freelance for so long.

10    Buchwald, if you want to go back that far.   But it      09:54

11    was about -- it was quite a while ago.

12         Q.   So there's no one else that comes to mind?

13         A.   Hold on.   This is one place where I'm going

14    to have to put a note.   Let me just rack my brain.

15              Can you give me one second?   I just want to    09:55

16    write it down.   Do you have a pen?

17              Peter Strain Agency.   They might have --

18    maybe eight years ago.   That was the last agency I

19    really ever worked through.   Peter Strain Agency.

20         Q.   Anyone else?                                    09:56

21         A.   Not that I can recall at the moment.

22         Q.   Okay.   In reviewing Google's document

23    requests, were there any documents called for in our

24    request that you know were lost or destroyed?

25         A.   Yes.   All my employment contracts, like,      09:56

Veritext Corporate Services

EXHIBIT _____ E _____

PAGE _____ 24 _____

8701a7d2-cede-4349-8d40-1c5a2a3d781e

1    you know, anything that was freelance that came

2    through me that I negotiated myself, that's gone.

3           You know what?  The other stuff that you

4    have, a lot of stuff between me and Perfect 10, that

5    doesn't really exist.  I never had anything really     09:56

6    besides the actual contract thing that was signed

7    years ago.  I mean, there really wasn't anything

8    else.

9        Q.   Okay.  Now, you are familiar with the

10   Perfect 10 -- the Google litigation, correct?         09:57

11       A.   I'm gaining speed in the last month or two.

12   I didn't even know it was in existence.  I mean, I

13   didn't know it had happened.

14       Q.   Do you have an understanding as to whether

15   Perfect 10 is asserting violations of your rights of   09:57

16   publicity in this case?

17       A.   What does that mean?

18           MS. KINCAID:  Objection.  Vague and

19   ambiguous.  Calls for a legal conclusion.

20   BY MR. DOYLE:                                          09:57

21       Q.   It's a simple yes or no question.

22       A.   I'm sorry, say that again?

23       Q.   Do you have an understanding as to whether

24   Perfect 10 is asserting violations of your rights of

25   publicity in this case?                                09:57

1  conclusion. Calls for speculation. Vague and

2  ambiguous. The witness's testimony speaks for

3  itself.

4          THE WITNESS: Yeah, someone did, yeah.

5  BY MR. DOYLE:                                    11:35

6      Q.  We spoke earlier today about your efforts

7  to locate documents that were responsive to the

8  subpoena that you received. We've discussed now

9  several hundred projects, which would entail quite a

10 bit of paperwork. Do you have any of those          11:35

11 agreements in your files?

12     A.  The old stuff?

13     Q.  Yes.

14     A.  No. It was lost in storage.

15     Q.  Do you know where we could look to locate   11:35

16 those agreements?

17     A.  Who bought the storage?

18     Q.  No, no. Any other sources of the

19 agreements?

20         MS. KINCAID: Objection. Vague and          11:35

21 ambiguous.

22         THE WITNESS: Well, I don't know if even

23 agencies hold on to that type of thing. Possibly.

24 I'm not really sure.

25 ////

1    BY MR. DOYLE:

2         Q.   Okay.

3         A.   Unless -- unless -- we've tried to find the

4    storage ourselves, because I would love my stuff

5    back.   They won't release the name of who bought it.   11:36

6    Someone auctions it and buys it, and unless you can

7    get that --

8         Q.   Did anyone tell you that you needed to

9    preserve documents that related to the Perfect 10

10   versus Google litigation?                             11:36

11        A.   No.

12             MS. KINCAID:   Objection.   Vague and

13   ambiguous.

14             THE WITNESS:   No.   Nor could I.

15   BY MR. DOYLE:                                         11:36

16        Q.   Let's transition over to your work as an

17   actress.   When did you begin working as an actress?

18        A.   I started acting probably right around '94,

19   '95.

20        Q.   And this would include both film work and    11:37

21   television work, correct?

22        A.   Yes.   Yes.

23        Q.   Why don't we break it down into those two

24   categories.

25             When did you first do work as a film          11:37

1   STATE OF CALIFORNIA  )
                           ) ss

2   COUNTY OF LOS ANGELES )

3

4        I, Kathleen E. Barney, a Certified

5   Shorthand Reporter, do hereby certify:

6        That prior to being examined, the witness

7   in the foregoing proceedings was by me duly sworn to

8   testify to the truth, the whole truth, and nothing

9   but the truth;

10       That said proceedings were taken before me

11   at the time and place therein set forth and were

12   taken down by me in shorthand and thereafter

13   transcribed into typewriting under my direction and

14   supervision;

15       I further certify that I am neither counsel

16   for, nor related to, any party to said proceedings,

17   nor in anywise interested in the outcome thereof.

18       In witness whereof, I have hereunto

19   subscribed my name.

20

21   Dated: December 5, 2009

22

23                 Kathleen E. Barney

24                 Certified Shorthand Reporter

25                 CSR No. 5698

Veritext Corporate Services

800-567-8658                                   973-410-4040

EXHIBIT _____ E

PAGE _____ 28

# EXHIBIT F



1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

11   PERFECT 10, INC., a California
     corporation,
12
              Plaintiff,
13
          v.
14
     AMAZON.COM, INC., a corporation;
15   A9.COM, INC., a corporation;
     ALEXA. INTERNET, INC., a
16   corporation, and DOES 2 through 10,
     inclusive,
17
              Defendants.
18
19   PERFECT 10, INC.,
20            Plaintiff,
21        v.
22   GOOGLE, INC., a corporation, and
     DOES 1-100, inclusive
23
              Defendants.
24

Case No. CV05-4753 AHM (SHx)
CONSOLIDATED WITH CASE NO.
CV04-9484 AHM (SHx)

[PROPOSED] ORDER GRANTING
IN PART GOOGLE INC.'S MOTION
TO COMPEL PERFECT 10 TO
PRODUCE COMPLETE AND
UNREDACTED FINANCIAL
DOCUMENTS AND OTHER
DAMAGES-RELATED
DOCUMENTS, AND AMAZON.COM
AND ALEXA INTERNET'S JOINDER
THEREIN

Hon. Stephen J. Hillman

Date:  September 22, 2009
Time:  10:00 A.M.
Courtroom: 550

Discovery Cutoff: None Set
Pretrial Conference Date: None Set
Trial Date:  None Set

25

26

27

28

[PROPOSED] ORDER
CASE NO. CV05-4753 AHM (SHx) CONSOLIDATED WITH CV04-9484 AHM (SHx)

1

EXHIBIT _____ F _____

PAGE _____ 29 _____

1                                    [PROPOSED] ORDER

2           On September 22, 2009, the Court heard argument on various discovery

3    matters raised in Defendant Google Inc.'s Motion to Compel Perfect 10 (1) To

4    Produce Documents, (2) To Comply With The Protective Order, and (3) To Affix

5    Document Control Numbers To Its Document Production, including disputes relating

6    to financial documents and certain related issues arising from the planned deposition

7    of Perfect 10's accountant Bruce Hersh.[1]  Defendants Amazon.com and Alexa.com

8    filed an application to join in portions of that motion and to raise these related issues,

9    and which the Court hereby GRANTS.  Having considered the parties' respective

10   briefs and oral argument, and good cause existing therefore, the Court HEREBY

11   ORDERS that Google's Motion and the Amazon Defendants' joinder therein is

12   GRANTED IN PART AND DENIED IN PART, as follows:

13          1.     Perfect 10 is ordered to produce copies of all of its periodic and annual

14   financial statements and tax returns to the extent such documents exist, including

15   those in the possession of its outside accountant Bruce Hersh, in complete and

16   unredacted form, with the following two exceptions:

17                 a.     With respect to medical expenses, the names of patients and

18   treating physicians may be redacted;

19                 b.     With respect to credit card expenses, Perfect 10's credit card

20   numbers may be redacted.

21          Perfect 10 must produce such documents in complete and unredacted form

22   (with the two exceptions noted above) by October 16, 2009.

23

24   _____
     [1] Google only asked the Court to rule on Issues I, VII, VIII, and IX at the
     September 22, 2009 hearing, so the Court did not reach Issues II – VI presented in
25   the parties' Joint Stipulation On Google Inc.'s Motion to Compel Perfect 10 (1) To
     Produce Documents, (2) To Comply With The Protective Order, and (3) To Affix
26   Document Control Numbers To Its Document Production. This Order rules on Issue
     I in the aforementioned Joint Stipulation (and the related issues implicated by the
27   upcoming deposition of Mr. Hersh).

28
                                                    & These issues will be taken
                                                    up at a later date upon
     [PROPOSED] ORDER                               Google's request noti
     CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

                                        EXHIBIT        F

                                        PAGE        30

1 │ not already been produced, and to the extent that they exist and can be located with a

2 │ reasonable search, by October 26, 2009.

3 │     The foregoing is made without prejudice to any defendant seeking additional

4 │ documents responsive to the document requests considered at the hearing or

5 │ requested in deposition subpoenas served upon accountant Bruce Hersh.

6 │
7 │ IT IS SO ORDERED.

8 │ Date: ___10 - 6 · 09___                    _____

9 │                                            Hon. Stephen J. Hillman
                                               United States Magistrate Judge

10 │ 62229951 v1

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

[PROPOSED] ORDER                                                          9
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

1  [COUNSEL LISTING ON FOLLOWING PAGE]

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  PERFECT 10, INC., a California corporation,<br><br>11          Plaintiff,<br><br>12      vs.<br><br>13  GOOGLE INC., a corporation; and<br>14  DOES 1 through 100, inclusive,<br><br>15          Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION ON GOOGLE INC.'S MOTION TO COMPEL PERFECT 10 (1) TO PRODUCE DOCUMENTS, (2) TO COMPLY WITH PROTECTIVE ORDER, AND (3) TO AFFIX DOCUMENT CONTROL NUMBERS TO ITS DOCUMENT PRODUCTION** |
| 16  AND COUNTERCLAIM<br>17 | |
| 18  PERFECT 10, INC., a California corporation,<br><br>19          Plaintiff,<br><br>20      vs.<br><br>21  AMAZON.COM, INC., a corporation;<br>22  A9.COM, INC., a corporation; and<br>DOES 1 through 100, inclusive,<br><br>23          Defendants. | Hon. Stephen J. Hillman<br><br>Date:   June 1, 2009<br>Time:  2:00 PM<br>Crtrm.: 550<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:  None Set<br><br>**PUBLIC REDACTED** |

24

25

26

27

28

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

EXHIBIT ___ F

PAGE ___ 32

1  reports Perfect 10 has produced to Google are certain monthly financial statements,
2  Perfect 10 has refused to produce -- or explain its reasons for not producing -- over
3  four years' worth of these monthly financial reports.  Second, many of the reports
4  (and tax returns) that Perfect 10 has produced are substantially redacted based on
5  improper claims of irrelevance and confidentiality -- claims that are directly
6  contradicted by its claim for monetary damages and the terms of the Protective
7  Order in this case.  Third, the financial statements that Perfect 10 has produced are
8  summaries of Perfect 10's financial condition, necessarily based on other financial
9  documents that Google must have to assess Perfect 10's claimed damages.  Perfect
10 10 has no basis for withholding these source documents.  Perfect 10 should be
11 compelled to produce complete and unredacted copies of its tax returns, monthly
12 financial statements and other supporting documents related to the information
13 summarized in those monthly financial statements.

14                    **2.    Perfect 10 Has Failed To Produce Financial Reports**
15                           **Covering Many Months**

16         Perfect 10's production of financial documents consists of select monthly
17 financial statements dating back to 1997.  However, there are at least 51 such
18 monthly financial statements that are still missing from Perfect 10's production.  See
19 Kassabian Decl. ¶ 51, and at Exs. HH & II.  Specifically, Perfect 10 has produced no
20 monthly financial statements for the following months:

| Year | Months |
|------|--------|
| 1997 | January, February, March, April, May, June, July, September and October |
| 1998 | November |
| 1999 | April, May, June, July, August, September, October and November |
| 2000 | January, February, April, May, June, July, August, September, October, November and December |
| 2001 | January, February, March, April and May |

EXHIBIT  F

PAGE  33

| 1 | 2002 | February, June, July, August and October |
|---|------|------------------------------------------|
| 2 | 2003 | June and August |
| 3 | 2004 | March and April |
| 4 | 2005 | February |
| 5 | 2006 | January and February |
| 6 | 2007 | February, May, June, August, October and November |
| 7 8 | 2008 | January, February, March, April, May, June, July, September, October |

9

10    During the meet and confer process, Perfect 10 refused to confirm whether it
11 has these missing financial statements in its possession, and if not, what happened to
12 them. These are obviously critical issues. For example, if Perfect 10 destroyed the
13 financial records just prior to or during this litigation, then Google is entitled to
14 pursue spoliation sanctions against Perfect 10, and to ask the Court to strike Perfect
15 10's claims of infringement and/or for damages (to the extent Perfect 10 has not
16 waived them already). Perfect 10 should be ordered to produce these documents
17 without further delay, or to submit a sworn affidavit explaining what happened to
18 these documents, and why it was not able to locate and produce these documents
19 that clearly existed at one point in time. See Buchanan, 206 F.R.D. 123, 125 (D.
20 Md. 2002); Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511,
21 512 (W.D. Pa. 1983); Fed. R. Civ. P. 34(a).

22    **3.    Perfect 10's Production Contains Improper Redactions**

23    Many of the financial statements and tax returns that Perfect 10 did produce
24 are heavily redacted, rendering them useless in assessing Perfect 10's financial
25 condition. For instance, Perfect 10 has redacted categories of information highly
26 relevant to Perfect 10's claims of damages,

27

28
JOINT STIPULATION ON GOOGLE'S MOTION TO COMPEL

EXHIBIT ____ F

PAGE ____ 34

1 | **PERFECT 10'S CONCLUSION**

2 |      For the reasons set forth above, Google's motion should be denied in its

3 | entirety. Google should be ordered to reimburse Perfect 10 for the fees it has been

4 | forced to incur in opposing an unnecessary motion.

5 |

6 | DATED:  May 6, 2009                    QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP

7 |

8 |                                        By _/s/ Rachel Herrick Kassabian_

9 |                                           Rachel Herrick Kassabian
                                            Attorneys for Defendant Google Inc.

10 |

11 | DATED:  May 6, 2009                   THE LAW OFFICES OF JEFFREY N.
                                          MAUSNER

12 |

13 |                                       By   /s/ Jeffrey N. Mausner

14 |                                          (with permission)

15 |                                        Jeffrey N. Mausner
                                           Valerie E. Kincaid

16 |                                        Attorneys for Plaintiff Perfect 10, Inc.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-111-                    Case No. CV 04-9484 AHM (SHx) [Consolidated
                                              with Case No. CV 05-4753 AHM (SHx)]

JOINT STIPULATION ON GOOGLE'S MOTION TO COMPEL

EXHIBIT ___F___

PAGE ___35___

# EXHIBIT G

**Thomas Nolan**

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian |
| **Sent:** | Tuesday, January 05, 2010 1:24 PM |
| **To:** | Jeffrey Mausner |
| **Cc:** | 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; 'Steiner, Elham F.'; 'Valerie Kincaid'; Thomas Nolan; Michael T Zeller; Brad R. Love |
| **Subject:** | RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents |

Jeff,

You still have not answered our questions. I will restate them below for ease of reference –

1. With regard to the December 31, 2001 and June 30, 2004 financial statements, are you saying that the original unredacted versions have been lost or destroyed? That's what it sounds like you are saying -- please confirm if this is NOT the case.

2. For each of the following missing monthly financial statements (other than the 2007 statements), please identify which specific statements (1) were lost or destroyed (and how/when), and which (2) were never created in the first place:

| | |
|---|---|
| 1997 | January, February, March, April, May, June, July, September and October |
| 1998 | November |
| 1999 | April, May, June, July, August, September, October and November |
| 2000 | January, February, April, May, June, July, August, September, October, and November |
| 2001 | January, February, March, April and May |
| 2002 | February, June, July, August and October |
| 2003 | June and August |
| 2004 | March and April |
| 2005 | February |
| 2006 | January and February |
| 2007 | *February, Mcy, June, August, October and November [according to P10 these were not generated in the first place]* |
| 2008 | January, February, April, July, October, and November |

EXHIBIT _____ G

PAGE _____ 36

These questions have been outstanding for six weeks. Your prompt response by the close of business today would be appreciated.

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5006 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Tuesday, January 05, 2010 11:28 AM
**To:** Rachel Herrick Kassabian
**Cc:** 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; 'Steiner, Elham F.'; 'Valerie Kincaid'; Thomas Nolan; Michael T Zeller; Brad R. Love
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Rachel: On November 23, 2009, Perfect 10 responded to Google's informal discovery requests. That response included answers to what you asked in your November 25, 2009 request for additional informal discovery. However, in an ongoing effort to respond to Google's inquiries, we will repeat what we said already, and see if there is anything more we can do.

With regard to the December 31, 2001 and June 30, 2004 financial statements, Perfect 10 could not locate unredacted copies. Of course, we checked with Mr. Hersh's office. Please identify any redacted information that Google believes is relevant and not discernible from other sources. As you know, Perfect 10 provided Google with unredacted statements before and after those dates. Google has accountants/experts who know if there is any redacted information that is not in those previous and subsequent statements. Is there something Google believes is missing?

With regard to the 2007 monthly statements that were not produced, those documents were not generated. A financial statement is not generated by Perfect 10's accountant every month. Once again, Perfect 10 produced statements for the previous and subsequent months. Have Google's accountants/experts identified something specific they believe is missing?

Perfect 10 produced its existing financial statements, therefore, there is nothing more for it to do.

EXHIBIT _____ G

PAGE _____ 37

2

Also, how does any of this relate to the pending motions for document preservation orders? Google has not raised any such issue. Jeff.

---

**From:** Rachel Herrick Kassabian [mailto:rachelkassabian@quinnemanuel.com]
**Sent:** Monday, January 04, 2010 2:32 PM
**To:** 'Jeffrey Mausner'
**Cc:** 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'ajmalutta@townsend.com'; 'Steiner, Elham F.'; 'Valerie Kincaid'; Thomas Nolan; Michael T Zeller; Brad R. Love
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

It has been nearly six weeks since we sent you the November 25th email below. P10 still has not responded. Given the pendency of Google's document preservation motion and the upcoming hearing on same, it is imperative that P10 respond now. Please do so by noon tomorrow, January 5.

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Thomas Nolan
**Sent:** Friday, December 11, 2009 1:02 PM
**To:** 'Jeffrey Mausner'
**Cc:** 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'ajmalutta@townsend.com'; 'Steiner, Elham F.'; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

Please respond to this email.

Best Regards,

**Thomas Nolan**
*Associate,*
Quinn Emanuel Urquhart Oliver & Hedges LLP.

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended

EXHIBIT ___

3

recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rachel Herrick Kassabian
**Sent:** Wednesday, November 25, 2009 11:16 AM
**To:** 'Jeffrey Mausner'; Thomas Nolan
**Cc:** 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'ajmalutta@townsend.com'; 'Steiner, Elham F.'; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

Thanks for your email. With regard to the December 31, 2001 and June 30, 2004 financial statements, are you saying that the original unredacted versions have been lost or destroyed? And has P10 checked with Mr. Hersh's office to see if he maintained copies?

Please also identify:

   (1) which of the missing financial statements were generated, but lost or destroyed (and what happened to those documents), and
   (2) which of the missing financial statements were never created in the first place.

Thanks,

Rachel

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Monday, November 23, 2009 7:37 AM
**To:** Thomas Nolan
**Cc:** 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; 'Steiner, Elham F.'; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Rachel: This is in response to your letter dated November 4, 2009 regarding financial statements. Per the Court's October 6 order, Perfect 10 produced the financial statements the

EXHIBIT _____ G

PAGE _____ 39

4

Court ordered it to produce "to the extent such documents exist." (See October 6, 2009 Order, paragraph 1.)

With regard to the December 31, 2001 and June 30, 2004 financial statements, Perfect 10 only has the copies it produced. We have been unable to locate unredacted copies.

With regard to financial statements that Perfect 10 did not produce for relatively recent years (for example 2007), those documents don't exist because they were not generated. Jeff.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Wednesday, November 04, 2009 11:54 AM
**To:** Jeffrey Mausner
**Cc:** 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; Steiner, Elham F.; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

Please see the attached.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ___ G

5

PAGE ___ 40

# quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5005

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

November 4, 2009

## VIA E-MAIL & U.S. MAIL

Jeffrey N. Mausner, Esq.
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367
jeff@mausnerlaw.com

Re: *Perfect 10, Inc. v. Google Inc.*: Production of Financial Documents

Dear Jeff:

In reviewing Perfect 10's October 15, 2009 production of its unredacted financial statements and tax returns pursuant to the Court's October 6 Order, we have discovered that Perfect 10's June 30, 2004 and December 31, 2001 financial statements still contain several impermissible redactions, including numerous redactions concerning the Beverly Park property. We presume this was an inadvertent oversight, as these two monthly statements appear to be unchanged from those versions produced by Perfect 10 earlier in this litigation. Please produce complete and unredacted versions of Perfect 10's financial statements for June 30, 2004 and December 31, 2001, consistent with the Court's October 6 Order.

Additionally, Judge Hillman's October 6 Order obligates Perfect 10 to produce "all of its periodic and annual financial statements . . . to the extent such documents exist." *Id.* In previous letters to Perfect 10 dated March 18, 2008 and August 28, 2008, Google noted that in spite of the fact that Perfect 10 maintains its financial statements on a monthly basis, there were numerous gaps in Perfect 10's production. These deficiencies were neither corrected nor explained by the October 15, 2009 production. As just one example, for the year 2007 (during the pendency of this litigation), Perfect 10 failed to produce financial statements for the months of February, May, June, August, October, and November. Please produce all of these missing financial statements (as itemized in Google's March 18, 2008 and August 28, 2008 correspondence). If

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th FL, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT _____

PAGE _____ 41

such documents are no longer in Perfect 10's possession, custody or control (including in Mr. Hersh's files), please explain what happened to them.

Please provide all of the above-referenced documents and information on or before November 9, 2009.

Very truly yours,

*Rachel Herrick Kassabian*

Rachel Herrick Kassabian

RHK/brl
01980.51320/3184187.4

2

EXHIBIT _____ G

PAGE _____ 42

# EXHIBIT H

# EXHIBIT H:
# Filed Under Seal Pursuant to Protective Order