Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br> v.<br><br>GOOGLE. INC., a corporation; et. al.,<br><br>    Defendants.<br>_____<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**Before Judge Stephen J. Hillman**<br><br>**PLAINTIFF PERFECT 10, INC.'S EVIDENTIARY OBJECTIONS TO THE REPLY DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF DEFENDANT GOOGLE INC.'S MOTION FOR A DOCUMENT PRESERVATION ORDER TO PREVENT SPOLIATION OF EVIDENCE BY PERFECT 10, INC.**<br><br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 550, Courtroom of Honorable Stephen J. Hillman<br><br>Discovery Cut-Off Date: None<br>Pretrial Conference Date: None<br>Trial Date: None |

| | |
|---|---|
| 1 | Plaintiff Perfect 10, Inc. ("Perfect 10") objects to, and requests that this |
| 2 | Court strike, the Reply Declaration of Rachel Herrick Kassabian in Support of |
| 3 | Defendant Google Inc.'s Motion for a Document Preservation Order to Prevent |
| 4 | Further Spoliation of Evidence by Perfect 10, filed by Google on January 6, |
| 5 | 2010 (under seal) (the "Kassabian Reply Declaration"). |
| 6 | This Court should strike the Kassabian Reply Declaration in its entirety |
| 7 | for two separate reasons.  First, the Kassabian Reply Declaration consists |
| 8 | entirely of new matters that Google could have raised, but failed to raise, in its |
| 9 | moving papers – the conduct of third-party models and actresses over whom |
| 10 | Perfect 10 has no control, and Perfect 10's alleged failure to produce certain |
| 11 | financial documents.  Because Google did not raise these issues in the Joint |
| 12 | Stipulation that Google filed on December 11, 2009, this Court should not |
| 13 | consider the Kassabian Reply Declaration.  *See* authorities cited in Section I and |
| 14 | footnote 1, below. |
| 15 | Second, Paragraph 6 of the Kassabian Reply Declaration incorrectly |
| 16 | asserts that Perfect 10 did not produce certain financial documents, when in fact |
| 17 | ***Perfect 10 provided them to Google almost three months ago.***  The actual |
| 18 | documents prove the truth, and Ms. Kassabian's incorrect statements should be |
| 19 | stricken pursuant to the Best Evidence Rule.  *See* Section I, below.  Moreover, |
| 20 | Perfect 10's accountant, Bruce Hersh, is able to go back and generate any |
| 21 | monthly financial statements that did not previously exist, since 2003.  Perfect |
| 22 | 10 intends to have these statements generated and produce them at least ten |
| 23 | days before Mr. Hersh's deposition. |
| 24 | Google's last minute allegations of document destruction thus are |
| 25 | completely without merit.  These incorrect assertions are just another attempt |
| 26 | by Google to use false testimony to divert this Court from focusing on the key |
| 27 | issue before it:  Google's violations of Court Orders and massive obstruction of |
| 28 | discovery that are the subject of Perfect 10's pending Motion for Evidentiary |

- 1 -
Plaintiff Perfect 10, Inc.'s Evidentiary Objections to Declaration of Rachel Herrick Kassabian
In Support Of Defendant Google Inc.'s Opposition to Motion for Document Preservation Order

and Other Sanctions (the "Sanctions Motion").

## I. THIS COURT SHOULD STRIKE PARAGRAPH 6 OF THE KASSABIAN REPLY DECLARATION BECAUSE IT RAISES NEW ISSUES AND IS SIMPLY INCORRECT.

Paragraph 6 of the Kassabian Reply Declaration discusses Perfect 10's alleged failure to produce certain financial documents in response to this Court's October 6, 2009 Order. Perfect 10 produced financial documents in response to the Court's Order on October 15, 2009. Declaration of Jeffrey N. Mausner in Support of Plaintiff Perfect 10's Evidentiary Objections to the Reply Declaration of Rachel Herrick Kassabian in Support of Defendant Google Inc.'s Motion for a Document Preservation Order, filed concurrently herewith ("Mausner Decl."), ¶¶2-4 and Exhs. 1-3. If Google wanted to raise the issue of Perfect 10's alleged failure to produce certain financial documents in connection with its Motion for a Document Preservation Order, it should have included that issue in the Joint Stipulation it filed on or about December 11, 2009, more than eight weeks later. Google's failure to raise this issue until the Kassabian Reply Declaration, and Google's accompanying Reply, compels this Court to disregard Paragraph 6 of the Kassabian Reply Declaration. *See, e.g., Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); *Irese v. Axure Software Solutions, Inc.,* 2009 WL 3615973, *3, fn. 3 (C.D. Cal., July 30, 2009) ("The Court need not consider new arguments raised for the first time in a movant's reply brief.")[1]

---

[1] As a leading treatise explains: "Reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers." *W. Schwarzer, A. Tashima & J. Wagstaffe,* California Practice Guide: Federal Civil Procedure Before Trial (TRG 2009) ¶ 12:107. The only exception to this general rule – that a district court has discretion to address new matters which were reasonably unforeseen at the time of movant's opening brief [*id.,* ¶ 12:107.1] – is inapplicable here.

- 2 -

Furthermore, Ms. Kassabian's testimony, and the corresponding portions of Google Inc.'s Reply in Support of its Motion for a Document Preservation Order ("Google's Reply"), is incorrect. The best evidence of the matters about which Ms. Kassabian seeks to testify, the documents produced by Perfect 10 themselves, demonstrates that Paragraph 6 of the Kassabian Reply Declaration is untrue. Paragraph 6 of the Kassabian Reply Declaration states:

> On October 6, 2009, this Court ordered Perfect 10 to produce certain financial documents, including Perfect 10's missing monthly financial reports (to the extent such documents exist). ... ***However, Perfect 10 did not produce any of those missing financial reports in response to the Court's Order.***

Kassabian Reply Declaration, ¶6 (emphasis added). Attached to the Kassabian Reply Declaration is a chart listing the monthly financial reports that Ms. Kassabian contends Perfect 10 failed to produce. *Id.,* Exh. F, pages 33-34, Exh. G, page 36. The same chart is included at pages 5-6 of Google's Reply. *See also* Google's Reply, page 5 (Perfect 10 "has failed to produce monthly financial statements for the following months").

In fact, on October 15, 2009, Perfect 10 produced 2,601 pages of financial statements and tax returns to Google, ***including 22 of the monthly financial statements that Ms. Kassabian and Google now incorrectly claim were not produced.*** *See* Mausner Decl., ¶¶2-4 and Exhs. 1-3. The following chart, which is also included in the Mausner Declaration, identifies those financial statements which Perfect 10 produced but Ms. Kassabian incorrectly stated that Perfect 10 did not produce, and the page range in the Adobe PDF file

---

Google clearly could have foreseen the new facts and arguments it raises regarding the financial documents, since it had these documents for eight weeks. Indeed, Google's attorney raised this very issue with counsel for Perfect 10 in a November 4, 2009 letter and a November 25, 2009 email, well before Google filed the Joint Stipulation. *See* Kassabian Reply Declaration, Exh. G, pp. 39-42.

Plaintiff Perfect 10, Inc.'s Evidentiary Objections to Declaration of Rachel Herrick Kassabian In Support Of Defendant Google Inc.'s Opposition to Motion for Document Preservation Order

produced by Perfect 10 where those financial statements are found: [2]

| Month & Year of Statement | Page range in PDF file of October 15, 2009 Production re Financial Statements |
|---|---|
| September 1997 | 2137-2139 |
| October 1997 | 2134-2136 |
| November 1998 | 2021-2023 |
| April 1999 | 1932-1942 |
| May 1999 | 1921-1931 |
| June 1999 | 1910-1920 |
| July 1999 | 1896-1909 |
| August 1999 | 1885-1895 |
| November 1999 | 1874-1884 |
| January 2000 | 1857-1860 |
| April 2000 | 1849-1852 |
| May 2000 | 1845-1848 |
| June 2000 | 1835-1844 |
| July 2000 | 1826-1834 |
| August 2000 | 1817-1825 |
| September 2000 | 1808-1816 |
| October 2000 | 1799-1807 |
| March 2001 | 1784-1798 |
| April 2001 | 1775-1783 |
| May 2001 | 1766-1774 |
| March 2004 | 1171-1196 |
| April 2004 | 1143-1170 |

The remaining monthly statements identified in the chart set out in the Kassabian Declaration and in Google's Reply were not produced to Google because they do not exist. Therefore, they were not called for by the Court's Order, which only required Perfect 10 to produce financial statements "to the extent such documents exist." Kassabian Reply Declaration, Exh. F, page 30, line 14. Perfect 10 informed Google of this fact six weeks ago. *See, e.g.,* email from Jeffrey N. Mausner to Rachel Herrick Kassabian, dated November 23,

---

[2] Ms. Kassabian's statement is only the latest example of false and misleading statements regarding significant issues made by Google and its attorneys in declarations submitted to the Court in this action. Perfect 10 discusses other such incorrect statements in its Reply Memorandum in Support of P 10's Motion for the Imposition of a Preservation Order Against Google to Prevent Spoliation of Evidence by Google, lodged under seal on January 6, 2010, at pages 7-8.

2009, found at *id.*, Exh. G, pages 39-40: "With regard to financial statements that Perfect 10 did not produce for relatively recent years (for example 2007), those documents don't exist because they were not generated."

Google's entire argument is a red herring. Perfect 10 has produced what it has – 2,601 pages of financial documents and tax returns. That Perfect 10 does not have financial statements for every month is not evidence of document destruction. As Perfect 10 explained to Google, "[a] financial statement is not generated by Perfect 10's accountant every month." *See* email from Jeffrey N. Mausner to Rachel Herrick Kassabian, dated January 5, 2010, found at *id.,* Exh. G, page 37. As far as Perfect 10 can determine, Perfect 10's accountant, Bruce Hersh, did not generate financial statements for any of the missing months, at least since 2003. Furthermore, when there is no monthly statement, ***the year to date figures in the statements for subsequent months include the figures from the missing month.*** Finally, Mr. Hersh is able to generate any monthly statements that did not previously exist, going back to 2003. These statements will be created and produced at least ten days before Mr. Hersh's deposition.

Google has failed to identify any information regarding Perfect 10's finances that it allegedly lacks because of the few monthly financial statements that do not currently exist. In an email to Ms. Kassabian, counsel for Perfect 10 specifically stated:

> A financial statement is not generated by Perfect 10's accountant every month. Once again, Perfect 10 produced statements for the previous and subsequent months. Have Google's accountants/experts identified something specific they believe is missing?

*See* Kassabian Reply Declaration, Exh. G, page 37. Google has not answered this question. Nevertheless, as stated above, Mr. Hersh will

- 5 -
Plaintiff Perfect 10, Inc.'s Evidentiary Objections to Declaration of Rachel Herrick Kassabian
In Support Of Defendant Google Inc.'s Opposition to Motion for Document Preservation Order

generate the missing statements and they will be produced.

Google is belatedly providing false evidence of document destruction in a desperate, last-minute attempt to buttress the insufficient evidence in its Joint Stipulation. In addition, Google is submitting Ms. Kassabian's untimely and untruthful testimony to divert attention from the critical issue that should be the focus of this Court's January 15, 2010 hearing, when it addresses Perfect 10's Sanctions Motion: whether Google has violated Court Orders and/or destroyed documents relevant to Google's pending summary judgment motions. Accordingly, for all of the reasons discussed above, this Court should strike Paragraph 6 of the Kassabian Reply Declaration, and the corresponding portion of Google's Reply, on the grounds that Ms. Kassabian's testimony: (i) violates the Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); (ii) lacks personal knowledge and lacks foundation (Fed. R. Evid. 602); (iii) constitutes demonstrably false statements; and (iv) improper attempt to raise new issues and evidence in a reply.[3]

## II. THIS COURT SHOULD STRIKE PARAGRAPHS 2 THROUGH 5 AND EXHIBITS A, B, D, AND E OF THE KASSABIAN REPLY DECLARATION BECAUSE THEY IMPROPERLY SEEK TO RAISE NEW ISSUES AND ARE IRRELEVANT.

This Court should also strike Paragraphs 2 through 5 of the Kassabian Reply Declaration, and Exhibits A, B, D, and E to that declaration, because they

---

[3] Perfect 10 has produced all its existing financial statements and tax returns, which relate solely to the question of actual damages. The key issue before the Court at this time is that raised by Perfect 10's Sanctions Motion: whether Google has violated Court orders regarding discovery and/or destroyed documents that are directly relevant to Google's pending summary judgment motions seeking a safe-harbor affirmative defense. This issue should be the focus of the January 15, 2010 hearing, not Google's belated attempt to use false testimony to manufacture an issue regarding financial statements, particularly since the 2,601 pages of documents produced by Perfect 10 include all of the existing monthly financial statements generated by Perfect 10's accountant.

Plaintiff Perfect 10, Inc.'s Evidentiary Objections to Declaration of Rachel Herrick Kassabian In Support Of Defendant Google Inc.'s Opposition to Motion for Document Preservation Order

likewise seek to raise new issues that Google should have raised in its portions of the Joint Stipulation, which it filed on December 11, 2009. *See* authorities cited in Section I and footnote 1, *supra*. Ms. Kassabian's testimony in Paragraphs 2 through 5, and Exhibits A, B, D, and E, involve the depositions of third-party witnesses Nadine Schoenweitz, Amy Weber, and Amber Smith, taken on October 16, November 11, and November 19, 2009, respectively. Accordingly, Google could have raised any issues regarding the preservation of documents by these witnesses in its moving papers. Its failure to timely raise these issues compels this Court to strike these portions of the Kassabian Reply Declaration.

Moreover, this Court should strike these portions of the declaration because they are irrelevant. Ms. Schoenweitz, Ms. Weber, and Ms. Smith are third party actresses and models who have no obligation to keep paperwork from other entertainment industry jobs that they had. Furthermore, Perfect 10 has absolutely no control over what these actresses/models do with their unrelated records long after they participate in a photo shoot for Perfect 10.

In summary, this Court should strike the following portions of the Kassabian Reply Declaration, for all of the reasons discussed herein:

| **Proffered Statement of Declaration and Exhibits Thereto** | **Objections** |
|---|---|
| 1. Paragraph 2 in its entirety, at page 1, lines 7-8, and Exhibit A thereto. | Objections: Improper attempt to raise new issues and evidence in a Reply; irrelevant. |
| 2. Paragraph 3 in its entirety, at page 1, lines 9-17, and Exhibit B thereto. | Objections: Improper attempt to raise new issues and evidence in a Reply; irrelevant. |
| 3. Paragraph 4 in its entirety, at page 1, lines 18-19, and Exhibit D thereto. | Objections: Improper attempt to raise new issues and evidence in a Reply; irrelevant. |
| 4. Paragraph 5 in its entirety, at page 1, lines 20-21, and Exhibit E thereto. | Objections: Improper attempt to raise new issues and evidence in a Reply; irrelevant. |

Plaintiff Perfect 10, Inc.'s Evidentiary Objections to Declaration of Rachel Herrick Kassabian In Support Of Defendant Google Inc.'s Opposition to Motion for Document Preservation Order

| | |
|---|---|
| 5. Paragraph 6 in its entirety, at page 1, line 22 to page 2, line 8. | Objections: Best Evidence Rule: oral testimony inadmissible to prove contents of a writing (Fed. R. Evid. 1002); lack of personal knowledge and lack of foundation (Fed R. Evid. 602); demonstrably false statements: Perfect 10 produced many financial statements that Google claims it did not produce. (*See* Mausner Decl., ¶¶ 2-4 and Exhs. 1-3); improper attempt to raise new issues and evidence in a Reply; irrelevant. |

Dated: January 11, 2010            LAW OFFICES OF JEFFREY N. MAUSNER

By: ___*Jeffrey N. Mausner*___
  Jeffrey N. Mausner,
  Attorney for Plaintiff Perfect 10, Inc.