QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**SURREPLY DECLARATION OF RACHEL HERRICK KASSABIAN REGARDING PERFECT 10, INC.'S MOTION FOR EVIDENTIARY AND OTHER SANCTIONS AND/OR FOR THE APPOINTMENT OF A SPECIAL MASTER**<br><br>Hon. Stephen J. Hillman |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | Date: January 15, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 550<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |

I, Rachel Herrick Kassabian, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, could and would testify competently thereto.

2. In response to Perfect 10's Request for Production No. 29 and Magistrate Judge Hillman's Order on same (calling for "All documents that relate to, constitute or embody communications between Google and the owners of the following websites, to the extent that ownership information is reflected in Google's records: [list of websites]"), Google produced responsive documents to P10 on April 18, 2006 at ▮▮▮▮▮▮▮▮▮▮ and on April 26, 2006 at ▮▮▮▮▮▮▮ ▮▮▮▮ .

3. In addition to the DMCA processing documents described in my December 7, 2009 declaration (Docket No. 645), Google produced documents responsive to P10's Request for Production Nos. 6, 7, 55 and 56 (calling for "All DOCUMENTS that constitute or embody GOOGLE's response to any notice or complaint that GOOGLE received from Perfect 10 either directly or indirectly in either 2004 or 2005," "All DOCUMENTS that constitute or embody communications between or among employees of GOOGLE that refer to, relate to, or reflect GOOGLE's response to any notices or complaints that GOOGLE received for the years 2004 and 2005 from Perfect 10, either directly, or indirectly," "All communications with third parties that refer to Plaintiff, Perfect 10," and "All internal documents that refer to Plaintiff, Perfect 10") bearing Bates numbers ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .

01980.51320/3273376.1

SURREPLY DECLARATION OF RACHEL KASSABIAN IN OPPOSITION TO P10'S MOTION FOR EVIDENTIARY SANCTIONS

1    4.    In addition to the sample termination notices attached as Exhibit S to
2  my December 7, 2009 declaration (Docket No. 645), Google produced documents
3  responsive to P10's Request for Production Nos. 26 and 27 (as combined and
4  modified by Magistrate Judge Hillman's May 22, 2006 Order) bearing Bates
5  numbers ███████████████████████████████████████.

6    5.    Attached as Exhibit A is a true and correct copy of Judge Matz's
7  December 16, 2009 Order denying Perfect 10's Motion for Evidentiary and Other
8  Sanctions.

9    6.    In his Reply Declaration (Dkt. No. 660), Perfect 10's counsel Jeffrey
10  Mausner states that his agreement to Google's single-page TIFF format of electronic
11  document production "was only for Google's production on Thursday, May 1, 2008,
12  not for the spreadsheet-type DMCA log specified in Judge Matz's later [May 13]
13  Order." This is incorrect. In fact, the Court had ordered Google to produce its
14  DMCA log documents on May 1, 2008, and Mr. Mausner acknowledged his
15  awareness of this fact to me in writing on more than one occasion.

16    7.    Specifically, by Order dated February 22, 2008, Magistrate Judge
17  Hillman ordered Google to produce its "DMCA log" by May 1, 2008. A true and
18  correct copy of excerpts of this Order is attached hereto as Exhibit B (relevant
19  portions highlighted for ease of reference). Google raised objections to the February
20  22, 2008 Order with Judge Matz on March 14, 2008. On April 14, 2008, Judge
21  Matz held a hearing on Google's objections, at which the Court affirmed Magistrate
22  Judge Hillman's Order requiring Google to produce its "DMCA log" by May 1,
23  2008. A true and correct copy of excerpts of the transcript of the April 14, 2008
24  hearing is attached hereto as Exhibit C (relevant portions highlighted for ease of
25  reference).

26    8.    As explained at paragraph 15 and Exhibit M of my prior declaration
27  dated December 7, 2009, on April 30, 2008 (the day before Google was to produce
28  its DMCA log documents pursuant to Judge Hillman's February 22, 2008 Order and

1  Judge Matz's April 14, 2008 affirmance from the bench), Mr. Mausner agreed in
2  writing that it was acceptable for Google to produce documents in single page TIFF
3  format. Mr. Mausner's email did not limit P10's agreement to any particular
4  production date or any particular documents, but he did send it the day before
5  Google was to produce its DMCA log documents.

6      9.     By email dated May 5, 2008, after P10 had received Google's May 1
7  production, Mr. Mausner asked Google to confirm that Google's "DMCA log" was
8  included in that production, since according to Mr. Mausner, those documents "were
9  ordered produced by May 1." A true and correct copy of Mr. Mausner's May 5,
10 2008 email is attached hereto as Exhibit D (relevant portions highlighted for ease of
11 reference). By email dated May 7, 2008, my colleague Tom Nolan confirmed that
12 Google had indeed produced its DMCA log documents on May 1, 2008, as ordered.
13 A true and correct copy of that May 7, 2008 email is attached hereto as Exhibit E
14 (relevant portions highlighted for ease of reference).

15     10.    Subsequently, P10 insisted that it could not locate Google's DMCA log
16 documents in its May 1 production, and demanded that Google "provide the *TIF*
17 *numbers* or Bates numbers where...Google's DMCA log" could be found.
18 (emphasis added). Mr. Mausner's June 10, 2008 email making this demand is
19 attached hereto as Exhibit F (relevant portions highlighted for ease of reference).
20 Nowhere in that email does Mr. Mausner retract his prior agreement or otherwise
21 object to Google's production of its DMCA log documents in single-page TIFF
22 format.

23     11.    By email dated June 12, 2008, I responded that Google would agree to
24 identify its DMCA log documents by specific Bates numbers "with the expectation
25 that if in the future Google makes the same request of Perfect 10, Perfect 10 will
26 honor that request." My June 12, 2008 email asking for this courtesy is included in
27 Exhibit F (relevant portions highlighted for ease of reference).

28

1    12. Later that same day, Mr. Mausner responded, refusing to agree that
2 Perfect 10 would reciprocate the courtesy of identifying the location of specific
3 documents within its production, should Google later make such a request. Instead,
4 Mr. Mausner insisted that "if Google wants an extension, it must identify, by bates
5 number or *tif number*, the documents in its productions constituting its DMCA log."
6 (emphasis added). Mr. Mausner's reference to an extension had to do with the fact
7 that at the time, Google was reviewing millions of pages of documents for
8 production, in compliance with the Court's February 22 and May 13, 2008
9 discovery orders, and needed more time to complete that review. Mr. Mausner's
10 June 12, 2008 email making this unilateral demand is included in Exhibit F (relevant
11 portions highlighted for ease of reference).

12    13. On June 13, 2008, in order to avoid motion practice and secure the
13 extension Google needed to complete its document review, we conceded to Perfect
14 10's demand, providing Perfect 10 with the specific location (by Bates number) of
15 all of the documents responsive to Perfect 10's request for DMCA logs in Google's
16 document production as of that date. See 12/7/09 Kassabian Declaration (Docket
17 No. 645), Exhibit O.

18    I declare under penalty of perjury under the laws of the United States of
19 America that the foregoing is true and correct. Executed January 8, 2010 at San
20 Francisco, California.

21
22                              Rachel Herrick Kassabian
23
24
25
26
27
28

01980.51320/3273376.1

# EXHIBIT A

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 04-9484 AHM (SHx) | | Date | December 16, 2009 |
|---|---|---|---|---|
| Title | PERFECT 10, INC. v. GOOGLE, INC. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

The Court DENIES without prejudice Perfect 10's Motion for Evidentiary and Other Sanctions Against Defendant Google, Inc. and/or for the Appointment of a Special Master.[1]  The Court removes the motion hearing from the December 21, 2009 calendar. The Court transfers the motion to Judge Hillman for his determination, report and recommendation or both (as the case may be).  Judge Hillman may schedule the handling of the motion as he sees fit, consistent with his own busy calendar.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

---

[1]Docket No. 617.

Exhibit A, Page 6

# EXHIBIT B

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants.<br><br>AND CONSOLIDATED CASE | MASTER FILE NO. CV04-9484 AHM (SHx)<br><br>**ORDER RE PERFECT 10'S MOTION TO COMPEL DEFENDANT GOOGLE INC. TO PRODUCE DOCUMENTS**<br><br>Date: November 27, 2007<br>Time:  9:30 A.M.<br>Place: Courtroom of Judge Hillman |

16
17
18
19
20
21
22
23
24
25
26
27
28

1
*ORDER*

2      Plaintiff Perfect 10 Inc.'s Motion to Compel Defendant Google Inc., to

3 produce Documents (Sets 5-7), came on for hearing at the above noted time and

4 place, the Honorable Stephen J. Hillman presiding.  Jeffrey N. Mausner appeared on

5 behalf of Plaintiff Perfect 10, Inc. ("Perfect 10").  Andrew P. Bridges and Jennifer

6 A. Golinveaux appeared on behalf of Defendant Google Inc. ("Google").

7      Upon consideration of all papers and records on file and the parties' oral

8 argument, the Court orders as follows:

9

10            **ORDERS RE PERFECT 10'S MOTION TO**
              **COMPEL PRODUCTION OF DOCUMENTS**

11        On or before May 1, 2008, Google is ordered to produce the following:

12 **REQUEST NO. 132**

13      DOCUMENTS sufficient to IDENTIFY all Google employees who reviewed

14 or processed Perfect 10's notices of infringement and which notices each employee

15 processed.

16 **REQUEST NO. 133**

17      For any employees noted in response to Request No. 132, DOCUMENTS

18 sufficient to determine the dates that employee was employed by GOOGLE.

19

20 **REQUEST NO. 169**

21      DOCUMENTS sufficient to determine the names and current contact

22 information of all GOOGLE employees who have communicated with Perfect 10 in

23 response to Perfect 10's notices of infringement, and which notices those employees

24 processed.

25

26

27

28

1

1

2    **REQUEST NO. 174, as modified**

3        DOCUMENTS sufficient to describe Google's attempts to develop or use any

4    image recognition software.

5

6    **REQUEST NO. 182, as modified**

7        All DOCUMENTS RELATING TO GOOGLE monitoring or tracking

8    searches or other activities of Dr. Zada, any employee of Perfect 10, any attorney for

9    Perfect 10, or any employee of an attorney for Perfect 10, limited to documents that

10   exceed Google's published privacy policy; and

11       All DOCUMENTS RELATING TO GOOGLE monitoring or tracking

12   searches or other activities of Dr. Zada, any employee of Perfect 10, any attorney for

13   Perfect 10, or any employee of an attorney for Perfect 10, within Google's privacy

14   policy but nevertheless utilized in this litigation.

15

16   **REQUEST NO. 183, as modified**

17       All DOCUMENTS RELATING TO any investigation conducted of Dr. Zada,

18   any employees of Perfect 10, any attorney for Perfect 10, or any employee of an

19   attorney of Perfect 10, limited to documents that exceed Google's published privacy

20   policy; and

21       All DOCUMENTS RELATING TO any investigation conducted of Dr. Zada,

22   any employees of Perfect 10, any attorney for Perfect 10, or any employee of an

23   attorney of Perfect 10, within Google's privacy policy but nevertheless utilized in

24   this litigation.

25

26   **REQUEST NO. 193, as modified**

27       A listing of all lawsuits filed against GOOGLE relating to or involving click

28   fraud.

---

6

1    **REQUEST NO. 196, as modified**

2         Google's DMCA Log.

3

4    **REQUEST NO. 197**

5         Perfect 10's Motion to Compel production of documents in response to

6    **Request 197** ("Copies of the deposition transcripts of all employees, officers and

7    directors of Google taken in connection with the lawsuit Columbia Pictures

8    Industries, et.al. v. Drury et.al., pending in the U.S. District Court for the Southern

9    District of New York.") is hereby DENIED.

10

11                          **FURTHER ORDERS**

12   **Further Order No. 1**

13        Perfect 10's motion to compel production of documents in response to

14   **Request 153 (**"DOCUMENTS sufficient to explain how Google can make a

15   thumbnail from a larger image without making a copy of the larger image.") was

16   heard.  The Court finds that Google has sufficiently responded to this request, and

17   declines to order any further response.

18

19   **Further Order No. 2**

20        Google shall serve a Privilege Log for the above ordered requests on or before

21   May 1, 2008.

22

23   **Further Order No. 3**

24        The above-referenced Orders are made subject to the following:

25        (1) The provisions of Fed. R. Civ. P. 26(b)(2) regarding data not reasonably

26   accessible because of undue burden or expense.  To the extent Google asserts with

27   specificity that responsive documents exist that are not readily accessible, such

28

                                        7

1  documents are not ordered produced, but the parties are ordered to comply with <u>Fed.</u>

2  <u>R. Civ. P.</u> 26(b)(2).

3

4  **Further Order No. 4**

5       The Court takes under submission the other documents that Perfect 10 has

6  moved to compel Google to produce, pending further briefing.

7  **IT IS SO ORDERED.**

8  DATED:  February 22, 2008

9

10

11                                    STEPHEN J. HILLMAN

12

13                          _____

14                          STEPHEN J. HILLMAN
                            United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3        HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

4                    - - -

5

6                                          COPY

7
                                    )
8    PERFECT 10, INC., A CALIFORNIA    )
     CORPORATION,                      )
9                                      )
                      PLAINTIFF,       )
10                                     )
             vs.                       )  No. CV04-09484-AHM(SHx)
11                                     )
     GOOGLE, INC., ET AL.,             )
12                                     )
                      DEFENDANTS.      )
13   _____)

14

15

16          REPORTER'S TRANSCRIPT OF PROCEEDINGS

17              LOS ANGELES, CALIFORNIA

18              MONDAY, APRIL 14, 2008

19

20

21

22   _____

23          CINDY L. NIRENBERG, CSR 5059
               U.S. Official Court Reporter
24          312 North Spring Street, #438
               Los Angeles, California 90012
25              *www.cindynirenberg.com*

```
 1    APPEARANCES OF COUNSEL:

 2


 3    FOR THE PLAINTIFF:
                           MAUSNER IP LAW
 4                         BY: JEFFREY N. MAUSNER, ATTORNEY AT LAW
                           21800 OXNARD STREET
 5                         SUITE 910
                           WOODLAND HILLS, CA 91367
 6                         310-617-8100

 7


 8


 9


10    FOR THE DEFENDANTS:
                           QUINN EMANUEL URQUHART OLIVER & HEDGES
11                         BY: MICHAEL T. ZELLER, ATTORNEY AT LAW
                           865 SOUTH FIGUEROA STREET
12                         10TH FLOOR
                           LOS ANGELES, CA 90017
13                         213-443-3000

14
                           QUINN EMANUEL URQUHART OLIVER & HEDGES
15                         BY: RACHEL M. HERRICK, ATTORNEY AT LAW
                           555 TWIN DOLPHIN DRIVE
16                         SUITE 560
                           REDWOOD SHORES, CA 94065
17                         650-801-5000

18


19


20


21


22


23


24


25
```

1          You know, it seems to me -- you are in this piece of

2   litigation.  You are not in the business of adult content, a

3   client of yours is.  You must know a lot about the adult

4   content industry.  You have been fighting this battle valiantly

5   for years.  You must know, for example, as you sit here right

6   now and talk to me whether there are other competitors of

7   Mr. Zada who are pursuing the same kind of litigation.

8          Playboy did.  I have seen references to Playboy

9   litigation.  I have read those cases.  So if it's not just

10  Perfect 10 and Playboy, but videos -- I don't know who else is

11  out in this business -- figure out a way to sit down with

12  Mr. Zeller and refine the kind of log you want, if it exists.

13          MR. MAUSNER:  Well, Your Honor, if they have a DMCA

14  log for search for Google, it should be a spreadsheet that they

15  can just turn over to us.  That's not very difficult.  It's not

16  going to be burdensome if that's the way they maintain it.  We

17  don't know if they maintain it that way.

18          All they did back in response to Judge Hillman's 2006

19  order was produce some notices.  They didn't even produce all

20  of them.  And now, you know, the first time they admitted that

21  was in the reply that we didn't even get all of the notices

22  that were ordered.

23          But I don't think -- I think a DMCA log is going to

24  be a discrete thing.  It should be a -- Google is very

25  technologically advanced.  I would think they would have it in

1   a spreadsheet, and they could just turn that over to us in

2   electronic format.  It would be very easy for us to deal with

3   because it's in electronic format.  And I'm not sure, you know,

4   that we can limit it in any way.

5           If we limited it only to adult content copyright

6   holders, first of all, I'm not sure how Google, you know, would

7   divide out the ones that are adult and not adult --

8           THE COURT:  I think I have heard enough.

9           Applying the necessary standards, I'm not going to

10  overrule Judge Hillman's order and I'm going to approve 196 as

11  issued.

12          I think having made that ruling, I feel comfortable

13  in adding that however burdened you may sadly have been by the

14  course of discovery in this case, it would behoove you and your

15  client to try to be more specific and focused and I think

16  accommodating in working out reasonable compromises with your

17  adversaries.

18          This firm is new on the case.  I'm not making any

19  finding as to whether there is good blood or bad blood or

20  whether there was with the Winston & Strawn firm, but you are

21  the plaintiff.  You don't want to get sucked in to all these

22  disputes.  You can't benefit from them.

23          Judge Hillman is a very hard working judge with many

24  more responsibilities now that he's chief magistrate judge than

25  he had when you first drew him on this case.  You go to him,

1

2

3                          CERTIFICATE

4

5        I hereby certify that pursuant to Section 753,

6   Title 28, United States Code, the foregoing is a true and

7   correct transcript of the stenographically reported

8   proceedings held in the above-entitled matter and that the

9   transcript page format is in conformance with the

10  regulations of the Judicial Conference of the United States.

11

12  Date: APRIL 18, 2008

13

14                    _____

15                         Cindy L. Nirenberg, CSR No. 5059

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D

**Thomas Nolan**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeffmausner@bmrlaw.com] |
| **Sent:** | Monday, May 05, 2008 6:23 PM |
| **To:** | Thomas Nolan |
| **Cc:** | Rachel M Herrick |
| **Subject:** | RE: Perfect 10 v. Google: Proposed Order on April 14 Hearing |

Tom:   The back and forth on the proposed order has already taken too long, because it takes you so long to get back to me.   I think Judge Matz made himself clear at the hearing.   If Google attempts to circumvent the intent of Judge Matz's orders, we will seek sanctions.   Your refusal to respond to my questions raises my suspicions.   However, to speed things up, I'll agree to the language in the last draft you sent to me, other than the dates.

The dates you proposed below are agreeable, except that we would like to know now whether Google has produced three of the categories of documents that were ordered produced by May 1.    Those are the documents I asked about in my e-mail yesterday.    I requested the following information:

In the documents that were produced on Friday, did Google produce
1) its DMCA log,
2) any notices from 2001, and
3) documents sufficient for Perfect 10 to determine which employees processed which notices?

If yes, can you tell me where those documents are located?   If not, do you intend to produce them in the future?

There is really no justifiable reason why we should wait till June 16 to receive this information, since you know it now, and the documents were ordered produced.    If you will answer the questions above now, the dates set forth below are agreeable.    Jeff.

# EXHIBIT E

## Thomas Nolan

**From:** Thomas Nolan
**Sent:** Wednesday, May 07, 2008 6:25 PM
**To:** 'Jeffrey Mausner'
**Cc:** Rachel Herrick Kassabian
**Subject:** RE: Perfect 10 v. Google: Proposed Order on April 14 Hearing

Jeff,

==Pursuant to your request and our agreement==, please find below Google's early "Further Order No. 2" response to the three categories of documents you identified (which response would otherwise be due June 16 rather than today ) .

1 . ==Google has produced documents responsive to the court's order regarding RFP    No. 196== .

2 .    Google has  produced  documents responsive to   RFP No. 1.

3 .    Google has produced document s   responsive to the court's order regarding RFP No. 1 32.

Google's  general   document collection and production efforts are ongoing, and   we  will be   supplement ing  Google's production in   the  near future .

Thanks,

Tom

---

**From:** Jeffrey Mausner [mailto:jeffmausner@bmrlaw.com]
**Sent:** Monday, May 05, 2008 8:26 PM
**To:** 'Jeffrey Mausner'; Thomas Nolan
**Cc:** Rachel M Herrick
**Subject:** RE: Perfect 10 v. Google: Proposed Order on April 14 Hearing

We don 't want "an informal response, " we want to get the "formal response " now.   Jeff.

---

**From:** Jeffrey Mausner [mailto:jeffmausner@bmrlaw.com]
**Sent:** Monday, May 05, 2008 8:20 PM
**To:** 'Thomas Nolan'
**Cc:** 'Rachel M Herrick'
**Subject:** RE: Perfect 10 v. Google: Proposed Order on April 14 Hearing

Confirmed that we have a deal on the early response for the three items and your proposed dates.  Jeff.

---

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Monday, May 05, 2008 7:42 PM
**To:** Jeffrey Mausner
**Cc:** Rachel M Herrick
**Subject:** RE: Perfect 10 v. Google: Proposed Order on April 14 Hearing

Jeff,

Your threats of sanctions are unproductive and unwarranted.   Let's please stay focused on the issues.

We will agree to give you an informal response to Further Order No. 2 on these three issues now (rather than on June 16), in exchange for P10's agreement to our proposed compliance dates for RFPs 128-131, 194-195, and Further Order No 2.   Do we have a deal?   If so, please confirm, and we will prepare the Proposed Order for transmission to the Court.

Thanks,

Tom

# EXHIBIT F

| | |
|---|---|
| **From:** | Jeff Mausner [jeffmausner@bmrlaw.com] |
| **Sent:** | Thursday, June 12, 2008 10:52 PM |
| **To:** | Rachel Herrick Kassabian |
| **Cc:** | Michael T Zeller; Thomas Nolan; Andrea P Roberts |
| **Subject:** | RE: P10 v. Google: RFP Nos. 128-31 and 194-95 |

Rachel,

There is an enormous difference between Perfect 10's productions and Google's productions.  Perfect 10 has produced in excess of 3,000,000 pages of documents, mostly infringements, organized into folders and subfolders, while Google has produced approximately 30,000 pages of documents, mostly DMCA notices, in a completely disorganized fashion, so that one cannot determine what Google did in response to any particular notice.  Perfect 10 is a tiny company, and Google has thousands of employees.  It is Google that has been ordered to produce documents that it does not seem to have produced, not Perfect 10.  So the situations are not at all equivalent, and Perfect 10 cannot possibly agree in advance to identify every document out of 3,000,000 documents that might satisfy some yet to be specified condition.

To avoid unnecessary motion practice, Perfect 10 will drop its demand, in connection with your request for an additional extension, that Google not relitigate the protective order.  But I want to advise you, once again, that if you relitigate this, we will seek sanctions.

In connection with our request that you identify three categories of documents that were ordered produced by Judge Hillman and Judge Matz, we cannot agree to the condition you want to place on this.  We don't believe that Google has produced the documents that it was ordered to produce.  If Google wants an extension, it must identify, by bates number or tif number, the documents in its productions constituting its DMCA log (as it was defined, which is a spreadsheet-type document, summarizing the DMCA notices received, the identity of the notifying party and the accused infringer, and the action (if any) taken in response), as well as the notices of infringement which Google received in 2001, and documents sufficient to identify which Google employees processed which Perfect 10 notices.  Google should separately identify which bates or tif numbers constitute its DMCA log, which bates or tif numbers represent the notices it received in 2001, and which bates or tif numbers constitute documents sufficient to identify which Google employees processed which Perfect 10 notices.  If Google agrees to do that without condition, we will agree to the third extension that you are now requesting.

Please let me know if you are agreeable to this.

Jeff

---

**From:** Rachel M Herrick [mailto:rachelherrick@quinnemanuel.com]
**Sent:** Thursday, June 12, 2008 7:37 PM
**To:** 'Jeffrey Mausner'
**Cc:** Michael T Zeller; Thomas Nolan; Andrea P Roberts
**Subject:** RE: P10 v. Google: RFP Nos. 128-31 and 194-95

Jeff,

We have asked for a simple extension of a discovery deadline -- a  deadline which, as we have explained, is physically impossible for us to meet.   Extensions like these are routinely granted as a  matter of professional

courtesy.  ==I am disappointed that== ==Perfect 10  continues to refuse to grant this extension without Google== ==agreeing to== (1) not seek to limit Dr. Zada's access to certain extremely confidential and proprietary documents -- a request that, as you surely know, Judge Hillman *specifically allowed* in his ruling on the protective order in 2005 -- and ==(2) to identify  by  control number the location of particular categories of documents in Google's== ==May 1 production -- this when Perfect 10 has refused to even assign control numbers to hundreds of Gigabytes== ==worth of "native file " data, in addition to refusing to return the favor to Google, should we ever need it.==

These demands are unreasonable.  While you  couch  Perfect 10's   "offer " as a quid pro quo,  your  demands in fact have nothing whatsoever to do with Google's requested extension, and seek to impose burdens and duties on Google which Perfect 10 has repeatedly refused to agree to abide by as well.

As I explained previously, we cannot agree  not to seek to limit Dr. Zada's access to certain  of Google's highly confidential and  proprietary documents,  and  Perfect 10's demand that  we do so in exchange for a simple extension is truly draconian.   As Judge Hillman's order expressly permits, we will be revisiting this issue as to the two narrow categories of documents I previously identified.

==As for Perfect 10's second demand, in the interest of avoiding motion practice,  and to demonstrate to Judge== ==Matz that Google is making every effort  to avoid burdening the court with something so mundane and== ==avoidable as a routine extension, we will agree to  give  Perfect 10  the  control numbers  of the categories of== ==documents listed in your email -- with the expectation that  if in the future Google makes the same request of== ==Perfect 10, Perfect 10 will honor that request.==   If, upon Google's request,  Perfect 10 refuses,  we will seek the court's assistance in requiring Perfect 10 to extend the same courtesies it is demanding of Google.   If there is one thing Judge Matz made clear in his last ruling, it is that both sides in this case must play by the same  set of rules.

Please let us know whether  Perfect 10 will agree to the requested extension by  8:30 p.m. this evening.  If  we do not hear from you,  we  will  proceed with  an *ex parte* application for relief from the court.

Rachel M. Herrick
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax:  (650) 801-5100
E-mail:   rachelherrick@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.   This message may be an attorney-client communication and/or work product and as such is privileged and confidential.   If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.   If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeffmausner@bmrlaw.com]
**Sent:** Thursday, June 12, 2008 4:51 PM
**To:** Rachel M Herrick
**Cc:** Michael T Zeller; Thomas Nolan
**Subject:** RE: P10 v. Google: RFP Nos. 128-31 and 194-95

Rachel,

Google already litigated the issue of whether Dr. Zada could see confidential documents two years ago and lost. There has been no breach of confidentiality by Dr. Zada, or anything else that would justify a change in the protective order. Your attempt to relitigate this issue with no new evidence goes against the specific instructions of Judge Matz to Microsoft, which we forwarded to you. Those instructions were that parties avoid unnecessary motion practice by relitigating issues that have already been decided. This is an egregious example of that, since the issue was already decided in this very case. Furthermore, I don't believe that the search frequency data that you have produced in response to Judge Matz's court order is even correct. It certainly is not complete. I need to discuss that with Dr. Zada.

You were ordered by Judge Matz to produce Google's DMCA log, which you defined as a spreadsheet-type document summarizing DMCA notices received, the identity of the notifying party and the accused infringer, and the actions (if any) taken in response.

Although you have stated that you have produced Google's DMCA log, as well as notices of infringement from 2001, and documents sufficient to identify which Google employees processed which Perfect 10 notices, we do not see a DMCA log in your production nor do we see any notices of infringement from 2001. We also do not believe that you have produced documents sufficient to identify which Google employees processed which Perfect 10 notices.

We have already agreed twice to extend the date by which these documents have to be produced. What we are requesting here, in return for an additional extension and in order to minimize motion practice, is something that Google can easily do, and should do, to demonstrate that it has complied with Judge Matz's order. Perfect 10 will agree to the additional one month extension that you are requesting, in exchange for Google dropping its unreasonable position that Dr. Zada cannot see certain documents that have been and will be produced, and Google's identification by bates or tif number of which documents in Google's productions constitute a) Google's DMCA log as defined above, b) notices of infringement that Google received in 2001, and c) documents sufficient to determine which Google employees processed each of Perfect 10's DMCA notices. This is more than reasonable, given that these items were ordered produced but do not appear to have been produced. Jeff.

**From:** Rachel M Herrick [mailto:rachelherrick@quinnemanuel.com]
**Sent:** Wednesday, June 11, 2008 3:33 PM
**To:** Jeff Mausner
**Cc:** Michael T Zeller; Thomas Nolan
**Subject:** RE: P10 v. Google: RFP Nos. 128-31 and 194-95

Hi Jeff,

While I appreciate the creative approach, we cannot agree to drop the "Outside Counsel's Eyes Only " issue regarding the two categories of documents we previously mentioned (image recognition documents and query count documents), and will be presenting it to the Court shortly. But I don't think that will have too much impact on the documents responsive to RFP Nos. 128-31 and 194-95. As with last time, it's not that we won't be producing them on July 16 -- there may just be some designated as "Outside Counsel's Eyes Only ", which of course you will be free to review personally starting on July 16 (though Zada will not be able to view them pending resolution of the issue with the Court).

With that understanding, can we agree to the July 16 date? If not, I need to give notice that we will be going in to Judge Matz on an ex parte basis. Of course I would much rather not bother the Court with this, but since production on June 16 will be 100% physically impossible, we will need to approach the court tomorrow or Friday if we can't work this out

ourselves -- which I hope we can.   In the past we have given each other such extensions as a courtesy,   and I hope we can continue to do so as this case proceeds.

Thanks,

Rachel M. Herrick
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax:   (650) 801-5100
E-mail:   rachelherrick@quinnemanuel.com
Web:   www.quinnemanuel.com

---

**From:** Jeff Mausner [mailto:jeffmausner@bmrlaw.com]
**Sent:** Tuesday, June 10, 2008 11:02 PM
**To:** Rachel M Herrick
**Cc:** Michael T Zeller; Thomas Nolan
**Subject:** RE: P10 v. Google: RFP Nos. 128-31 and 194-95

Hi Rachel.   We will agree to the extension you requested on the following conditions:

1. You will not seek to modify the protective order so that Dr. Zada will not be able to see certain documents, as you have said you would do.   We don't want to agree to an extension and then have a further delay because Dr. Zada cannot see the documents while that is being litigated.

2.  You will provide the TIF numbers or Bates numbers where the following documents are located in your document production, as we have not been able to find them:   a) Google's DMCA log; b) notices of infringement which Google received in 2001; c) documents that are sufficient for Perfect 10 to determine who at Google processed which notices.

Please let me know if that is agreeable.   Jeff.

---

**From:** Rachel M Herrick [mailto:rachelherrick@quinnemanuel.com]
**Sent:** Monday, June 09, 2008 7:13 PM
**To:** Jeffrey Mausner
**Cc:** Michael T Zeller; Thomas Nolan
**Subject:** P10 v. Google: RFP Nos. 128-31 and 194-95

Hi   Jeff,

I   want to touch base with you  regarding Google's June 16 deadline to produce documents responsive to Request for Production Nos. 128-131 and 194-195.   As I   mentioned when we were negotiating the proposed order on the April 14, 2008 hearing, the volume of documents to be

searched to locate documents responsive to these requests   (if any) is huge.     We are currently searching through  several hundred gigabytes of files, encompassing literally millions of pages of documents pertaining to the custodians in question.   Though we have been reviewing these documents as expeditiously as possible,  it  will be impossible to complete this task by next week.
 Based on the  volume of work remaining, we are going to need  an extension  through July 16  to give us sufficient time to review, process and produce  any responsive documents that might be located.   Please let us know if  Perfect 10 will agree to this extension.

Thanks,

Rachel M. Herrick
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5005
Main Phone: (650) 801-5000
Main Fax:   (650) 801-5100
E-mail:   rachelherrick@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.   This message may be an attorney-client communication and/or work product and as such is privileged and confidential.   If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.   If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.