QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelherrick@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**GOOGLE INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MARK MCDEVITT SUBMITTED IN SUPPORT OF PERFECT 10, INC.'S MOTION FOR EVIDENTIARY AND OTHER SANCTIONS**<br><br>Hon. Stephen J. Hillman<br><br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 550<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |

Google Inc. hereby submits the following objections to the Declaration of Mark McDevitt submitted in support of Perfect 10, Inc.'s Motion for Evidentiary And Other Sanctions Against Google And/Or For The Appointment Of A Special Master ("Sanctions Motion") (Dkt. No. 682). The McDevitt Declaration is objectionable for several reasons, and should be disregarded in its entirety.

## I. THE MCDEVITT DECLARATION SHOULD BE STRICKEN BECAUSE P10 FAILED TO DISCLOSE MR. MCDEVITT IN ITS RULE 26(A) DISCLOSURES OR DISCOVERY RESPONSES.

The McDevitt Declaration should be disregarded in its entirety because P10 never disclosed Mr. McDevitt in its Rule 26 Initial Disclosures or its interrogatory responses as a person having knowledge of facts relevant to this case. A party cannot rely on evidence at summary judgment that the party failed to provide during discovery. *Wolk v. Green*, 2008 WL 298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v. ACI Intern., Inc.*, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008). P10's failure to disclose Mr. McDevitt as a witness deprived Google of the opportunity to depose him prior to P10's submission of his declaration. The McDevitt Declaration should be stricken in its entirety. Fed. R. Civ. P. 26, 33, 37; *see also Guang Dong Light Headgear Factory*, 2008 WL 53665, *1 (granting motion to strike affidavit because witness identity and testimony not properly disclosed during discovery).

## II. THE MCDEVITT DECLARATION IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). *See also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings

in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). The McDevitt Declaration does not meet these requirements.

**Relevance.** Evidence must be relevant to the claims and defenses of the case to be admissible. Fed. R. Evid. 401; 403. The McDevitt Declaration is not relevant to P10's Sanctions Motion because (among other things) it references only purported DMCA notices related to ▮. However, P10 has not served discovery requests seeking Blogger DMCA Notices, nor has P10 obtained a Court order compelling them. See Google's Opposition to P10's Motion for Evidentiary and Other Sanctions at 9-10 (Dkt. No. 647).

**Personal Knowledge.** Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. The McDevitt Declaration contains testimony regarding ▮▮▮ but fails to establish that Mr. McDevitt has drafted, reviewed, or otherwise has personal knowledge with respect to each of them.

DATED: January 13, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.