QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>Hon. Stephen J. Hillman<br><br>**SUPPLEMENTAL DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S RESPONSE TO PERFECT 10, INC.'S EVIDENTIARY OBJECTIONS TO THE REPLY DECLARATION OF RACHEL HERRICK KASSABIAN** |
| AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | Date: January 15, 2010<br>Time: 10:00 a.m.<br>Ctrm: 550<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

01980.51320/3280634.1

1    I, Rachel Herrick Kassabian, declare as follows:

2    1.    I am a member of the bar of the State of California and a partner with
3    Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc.
4    ("Google") in this action. I make this declaration of my personal and firsthand
5    knowledge and, if called and sworn as a witness, could and would testify competently
6    thereto.

7    2.    Attached hereto as Exhibit A is a true and correct copy of excerpts of
8    Google's First Set of Requests for the Production of Documents.

9    3.    Attached hereto as Exhibit B is a true and correct copy of letters from
10   myself to Jeffrey Mausner dated January 29, 2008 and March 18, 2008, respectively.

11   4.    Attached hereto as Exhibit C is a true and correct copy of excerpts of my
12   Declaration dated May 6, 2009 (Dkt. No. 408).

13   5.    Attached hereto as Exhibit D is a true and correct copy of excerpts of the
14   Joint Stipulation on Google Inc.'s Motion to Compel Perfect 10 (1) to Produce
15   Documents, (2) to Comply with the Protective Order, and (3) to Affix Document
16   Control Numbers to its Document Production (Dkt. No. 408).

17   6.    Attached hereto as Exhibit E is a true and correct copy of excerpts of the
18   Court's Order dated October 6, 2009 (Dkt. No. 560).

19   7.    Attached hereto as Exhibit F is a true and correct copy of a letter from
20   Mr. Mausner accompanying Perfect 10's document production dated October 15,
21   2009.

22   8.    Attached hereto as Exhibit G is a true and correct copy of excerpts of my
23   Declaration dated January 6, 2010 (Dkt. No. 701).

24   9.    Attached hereto as Exhibit H is a true and correct copy of a letter from
25   myself to Mr. Mausner dated November 4, 2009.

26   10.   Attached hereto as Exhibit I is a true and correct copy of an email
27   exchange between myself, Mr. Mausner and others, beginning on November 4, 2009
28   and ending on January 5, 2010. The email exchange concerns Google's efforts to

1 further meet and confer with Perfect 10 regarding Perfect 10's incomplete production
2 of monthly financial reports. On page 3 of that email exchange, in my email to Mr.
3 Mausner dated January 4, 2010, I specifically informed him that "[g]iven the
4 pendency of Google's document preservation motion and the upcoming hearing on
5 same, it is imperative that P10 respond now" to my earlier meet and confer letters and
6 emails regarding the missing financial reports. To this date, Mr. Mausner has not
7 sent me a responsive email or letter answering the specific questions posed in my
8 prior meet and confer correspondence as to each of the missing financial reports.

9     11.    Attached hereto as Exhibit J is a true and correct copy of excerpts of the
10 transcript of the September 22, 2009 hearing before the Court.

11     12.    On October 27, 2009, my colleague Michael Zeller sent a meet and
12 confer letter to Perfect 10 regarding issues that arose during the deposition of Nadine
13 Schoenweitz, which is attached to my January 6, 2010 Reply Declaration as Exhibit
14 B. Having not received any substantive response, Google sent follow-up
15 communications to Perfect 10 on November 4, 16, and 24, and December 14 and 15.
16 Despite Google's efforts to resolve those issues informally, Perfect 10 repeatedly
17 refused to provide a substantive response to the questions posed in Google's letters
18 until nearly two months later, on December 22, 2009 (more than a week after Google
19 had already filed its motion for a document preservation order).

20     I declare under penalty of perjury under the laws of the United States of
21 America that the foregoing is true and correct. Executed January 14, 2010 at Los
22 Angeles, California.

23

24         _Rachel Herrick Kassabian_

25         Rachel Herrick Kassabian

26

27

28

# EXHIBIT A

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
Michael S. Brophy (SBN: 197940)
Jennifer A. Golinveaux (SBN: 203056)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
E-mail: abridges@winston.com, mbrophy@winston.com,
 jgolinveaux@winston.com

Attorneys For Defendant and Counterclaimant
GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, | Case No. CV04-9484 NM (CWx) |
| Plaintiff, | **DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PERFECT 10, INC.** |
| vs. | |
| GOOGLE INC., a corporation; and DOES 1 through 100, inclusive | |
| Defendant. | |
| GOOGLE INC., a corporation, | |
| Counterclaimant, | |
| vs. | |
| PERFECT 10, INC., a California corporation, | |
| Counter-defendant. | |

**PROPOUNDING PARTY:    DEFENDANT AND COUNTERCLAIMANT GOOGLE INC.**

**RESPONDING PARTY:    PLAINTIFF AND COUNTER-DEFENDANT PERFECT 10, INC.**

**SET NO.:   ONE**

GOOGLE INC.'S FIRST SET OF REQUEST FOR
PRODUCTION OF DOCUMENTS TO PERFECT 10, INC.

Case No. CV04-9484 NM (CWx)

EXHIBIT _____ A _____

PAGE _____ 3 _____

1     68.     All documents concerning your efforts to increase the likelihood that
2 your websites will appear in search results, or will appear more prominently in search
3 results, on Google or any other Internet search engine.

4     69.     All documents referring to or discussing benefits to you of being listed
5 in, or being prominently listed in, search results by Google or any other Internet
6 search engine.

7     70.     All documents concerning your practices, policies, procedures,
8 intentions, plans, or actions regarding investigation and identification of, or
9 prosecution of, claims against Stolen Content Websites for infringement of your
10 alleged intellectual property.

11     71.     All documents that evidence, refer to, or discuss any damages or harm,
12 including, without limitation, monetary damage, you claim to have suffered, or to be
13 likely to suffer, as a result of Google's alleged infringements and violations as set forth
14 in your amended complaint.

15     72.     All documents concerning your policies regarding retention, storage,
16 filing and destruction of documents and things.

17     73.     All documents concerning indexes, lists or inventories of documents and
18 things maintained by or for you.

19 Dated: March 3, 2005

*Andrew P. Bridges*

Andrew P. Bridges
Michael S. Brophy
Jennifer A. Golinveaux
Attorneys for Defendant and
Counterclaimant Google Inc.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

EXHIBIT ___*A*___

PAGE ___*4*___

# EXHIBIT B

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S INTERNET ADDRESS
**rachelherrick@quinnemanuel.com**

January 29, 2008

**VIA E-MAIL, FACSIMILE AND U.S. MAIL**

Jeffrey N. Mausner, Esq.
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367

Re:  **Perfect 10's Waiver of Actual Damages**

Dear Jeff:

Please accept this letter as Google's initiation of meet and confer efforts for Google's contemplated motion regarding Perfect 10's waiver of any claim for actual damages in this case.

In responding to Google's first set of requests for production, Perfect 10 sought to avoid producing documents relevant to 27 of Google's requests by expressly electing not to seek actual damages for some or all of the claims in Perfect 10's complaint.  For a nine-month period, Perfect 10 disclaimed any intention to seek actual damages on its claims, impacting Google's potential liability and the scope of discovery in the case.  Thereafter, Perfect 10 purported to withdraw its express waiver of actual damages.  However, Perfect 10's more recent discovery conduct has been consistent with its initial waiver.  Accordingly, Google intends to seek clarification from the Court regarding the legal significance of Perfect 10's actions.

In Perfect 10's Response to Google's First Set of Requests for Production dated April 15, 2005, Perfect 10 repeatedly asserted that it would not seek actual damages from Google.  For instance, in response to Request Nos. 4, 8, 9, 38, 41, 43, 45, 46, 51, 52, 53, 55, 56, 57, 58, 59, 61, 62, 66, 67, 68, 69, 70, 71, 72, and 73, Perfect 10 declared, **"Perfect 10 is not seeking to recover its actual damages,** but will seek statutory damages or profits of the infringer, and other available remedies." (Perfect 10's 4/18/05 Response to Google's First Requests for Production at 5-33 (emphasis added)).  Similarly, in response to Request No. 33, Perfect 10 objected to the

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

EXHIBIT _____ *B*

PAGE _____ *5*

relevance of the information sought "since Perfect 10 is seeking statutory damages or profits of the infringer." (*Id.* at 17). These 27 requests span a wide range of topics. They relate to Perfect 10's other efforts with respect to infringement of copyrights, trademarks, and rights of publicity; to Perfect 10's financial records; to other alleged violations of Perfect 10's supposed intellectual property rights; and to a variety of factors that might reduce the value of the copyrights, trademarks, and rights of publicity asserted by Perfect 10.

As you know, Google subsequently moved to compel the production of documents responsive to the requests to which Perfect 10 had objected based in part upon a waiver of actual damages. During the meet and confer process and in the joint stipulation prepared on Google's motion, Perfect 10 attempted to backtrack on its waiver of actual damages, representing instead that it had merely "offered" to waive actual damages if Google would agree not to press its motion with respect to the 27 requests in question. Absent such a concession from Google, Perfect 10 purported to withdraw its waiver of actual damages. (Joint Stipulation Re: Google's Motion to Compel, at 61-62). In Google's reply, it rejected Perfect 10's revisionist account of the discovery responses, informing Judge Hillman that "Plaintiff has clearly and unequivocally waived actual damages in its previous responses, without conditions, in an effort to avoid discovery...." (*Id.* at 62). At the February 22, 2006 hearing on Google's motion to compel, Judge Hillman did not rule on whether Perfect 10's discovery conduct had effectuated a waiver of its actual damages claim (Transcript of 2/22/06 Hearing at 115-117), but at the November 27, 2007 hearing on Perfect 10's motion to compel, Judge Hillman directed that Google had "better get Judge Matz's attention on this issue, because that does impact issues before me." (Transcript of 11/27/07 Hearing at 34). At this point, no other motions or rulings have been made on the issue of Perfect 10's waiver of actual damages, and the issue is ripe for judicial resolution.

Waiver is any "intentional relinquishment or abandonment of a known right." *Bickel v. City of Peidmont*, 16 Cal. 4th 1040, 946 P.2d 427, 431 (1997). Courts enforce any "knowing, intelligent, and voluntary waiver in circumstances where the [party] might reasonably anticipate some benefit or advantage." *Id.*, at 432. A party can waive a right or privilege through their responses to document requests. *See, e.g., McCormick-Morgan, Inc. v. Teledyne Indus.*, Inc., 765 F. Supp. 611, 613 (N.D. Cal. 1991) (enforcing explicit waiver of attorney-client privilege from statements in written response to document request); *Chapman ex rel. Chapman v. Mutual Service Cas. Ins. Co.*, 35 F. Supp. 2d 693, 696 (E.D. Wis. 1999) (indicating that litigant would not be allowed to later amend discovery responses to contest liability issues it had previously waived).

It is hard to imagine any more "knowing, intelligent, and voluntary" relinquishment of a right or privilege than the 27 clear statements Perfect 10 made in its April 18, 2005 response. Perfect 10 repeatedly stated that it "is not seeking to recover its actual damages" and affirmed that it only "will seek statutory damages or profits of the infringer, and other available remedies." (P10's 4/18/05 Response at 5-33). Clearly, Perfect 10 "reasonably anticipate[d] some benefit or advantage" from the waiver because it made each assertion as an objection to the relevance of Google's discovery requests. (*Id.*)

Reasonable and detrimental reliance on a statement of waiver renders the waiver irrevocable based on policies of equitable estoppel. *See Scott v. Fed. Life Ins. Co.*, 200 Cal.App.2d 384, 391(Cal.App.2d. Dist. 1962). Google believes the Court will find that it

2

EXHIBIT _____ *B*

PAGE _____ *6*

reasonably relied on Perfect 10's waiver and would be harmed if Perfect 10 now was allowed to revoke it. First, Google's reliance on the truthfulness of signed discovery responses is reasonable. *See* Fed. R. Civ. P. 26(g)(1)(B). Second, Google had no reason to suspect that Perfect 10 would abandon its waiver of actual damages. The first meaningful indication that Perfect 10 purportedly was only "offering" to waive actual damages came almost ten months after the waiver, in Perfect 10's responses in the February 12, 2006 joint stipulation. Third, Google suffered prejudice in that it was partially denied responsive discovery on 27 requests for production, was hampered in its motion to compel this production because its arguments based upon claims of actual damages were constrained by Perfect 10's shifting positions on the waiver issue, has been forced to litigate this protracted dispute even longer without discovery needed to better analyze a settlement, and did not seek additional discovery concerning actual damages during at least a ten-month period of the lawsuit. Under these circumstances, Perfect 10's waiver should be construed as irrevocable.

Additionally, Google believes Perfect 10 should be judicially estopped from now taking a new and clearly inconsistent position at a later stage in the litigation. Judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th. Cir. 1996). The doctrine may be applied even when a party, like Perfect 10, was not successful in asserting its first position "if by his change of position he is playing 'fast and loose' with the court." *Id.* at 601. The nature of the adversary discovery system necessitates a policy that holds a litigant to the assertions it makes in sworn discovery responses. *See* Fed. R. Civ. P. 26(g)(1)(B). Perfect 10 made repeated and clear assertions in a signed discovery response that stood unchanged for nine months. Perfect 10 then resisted Google's motion to compel and agreed to produce only "summary" financial statements, which Google accepted without prejudice to revisiting the issue at a later date. (Transcript of 2/22/06 Hearing, at 116).

Considering Perfect 10's many inconsistencies during the course of discovery, Google intends to ask the Court to enforce Perfect 10's waiver "to protect the integrity of the judicial process" from manipulation by Perfect 10. *Rissetto*, 94 F.3d at 601. Please let us know if Perfect 10 will stipulate to its waiver of actual damages.

If Perfect 10 refuses to so stipulate, then it must agree to withdraw its objections to these 27 document requests, and all other requests relating to Perfect 10's alleged claim of actual damages, and comply with them in full (to the extent Perfect 10 has not done so already) by immediately producing all responsive documents. Set forth below are the requests at issue, along with an explanation regarding the deficient aspects of Perfect 10's production:

### Document Request No. 4 - All documents concerning your efforts to halt or reduce infringements of your copyrights.
Perfect 10 has only produced copies of the complaints from 21 of the 25 federal cases in which it is involved. The request is relevant to Perfect 10's purportedly reinstated claims for actual damages. Perfect 10 should produce all documents concerning its efforts to halt or reduce infringement of its copyrights, including without limitation the remaining four missing complaints and all cease and desist letters and DMCA notices regarding Perfect 10's copyrights.

3

EXHIBIT _____ B

PAGE _____ 7

**Document Request No. 8 - All documents concerning communication to persons or entities other than Google in which you have made allegations (against any person or entity) of copyright infringement, other than those documents sought in request number nine.**
The request is relevant to Google's defense again Perfect 10's actual damages claims. Perfect 10 should produce these documents.

**Document Request No. 9 - All DMCA Notifications or claims of infringement that you have sent to persons or entities other than Google.**
This request was granted without limitation by Judge Hillman. Perfect 10 has produced letters detailing claims of infringement sent to adultfriendfinder.com, Amazon.com, AOL, Ask.com, CCBill, Comcast, Earthlink, IceRocket, Infospace, Lycos, Mastercard, MSN, myfootballforum.com, Paypal, Verotel and Yahoo. Perfect 10 has also produced various DMCA notices. Please confirm that these are all the responsive documents in Perfect 10's possession or control relating to this request and that no documents were withheld based on Perfect 10's objections. If it is not, please supplement Perfect 10's production accordingly.

**Document Request No. 32 - All documents concerning efforts by you to halt or reduce infringements of your trademarks.**
This request was granted without limitation by Judge Hillman. Perfect 10 has produced copies of the complaints from 21 of the 25 federal cases in which it is involved, 570 trademark watch notices it received from Thompson, and 5 Cease and Desist letters concerning violations of its trademark rights by perfect10escorts.com, Perfection Magazine, worldhackers.com, entangledweb.com, and crazypasses.com. Please confirm that these are all the responsive documents in Perfect 10's possession or control relating to this request and that no documents were withheld based on Perfect 10's objections. If it is not, please supplement Perfect 10's production accordingly.

**Document Request No. 33 - All financial statements showing your expenditures on advertising and marketing activities in the United States concerning the marks PERFECT 10 and PERFECT10.COM.**
The request is unquestionably relevant to Perfect 10's actual damages claims. Perfect 10 nevertheless has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005. Perfect 10 should produce complete, detailed financial statements identifying expenditures on advertising and marketing, and further should un-redact its existing production of brief summary financial statements.

**Document Request No. 38 - All financial statements evidencing revenues and expenses relating to your use of the marks PERFECT 10 and PERFECT10.COM.**
The request as well is plainly relevant to Perfect 10's actual damages claims. Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005, however. Perfect 10 should produce complete, detailed financial statements showing revenues and expenses relating to its trademarks, and further should un-redact its existing production of brief summary financial statements.

4

EXHIBIT ___ B ___

PAGE ___ 8 ___

**Document Request No. 41 - All documents concerning communications to persons of entities other than Google in which you have made allegations (against any person or entity) of trademark infringement.**
This request was granted with respect to documents also responsive to Request 32 by Judge Hillman. Perfect 10 has produced copies of the complaints from 21 of the 25 federal cases in which it is involved, 570 trademark watch notices it received from Thompson, and 5 Cease and Desist letters concerning violations of its trademark rights by perfect10escorts.com, Perfection Magazine, worldhackers.com, entangledweb.com, and crazypasses.com. Please confirm that these are all the responsive documents in Perfect 10's possession or control relating to this request and that no documents were withheld based on Perfect 10's objections. If it is not, please supplement Perfect 10's production accordingly.

**Document Request No. 43 - All documents concerning your efforts to protest or prevent infringement or violation of any of the publicity rights claimed by you in this action.**
Perfect 10 has only produced copies of the complaints from 21 of the 25 federal cases in which it is involved. The request is relevant to Perfect 10's actual damages claims. Perfect 10 should produce all documents concerning its efforts to halt or reduce infringement of the publicity rights at issue.

**Document Request No. 45 - All documents concerning photographs, published in publications or media not owned or controlled by you, of models who have appeared in your magazine or web sites.**
Perfect 10 has only produced copies of five images from Stuff, Victoria's Secret and Shape. The request is relevant to Perfect 10's purportedly reinstated claims for actual damages. Perfect 10 should produce all documents concerning photographs of models published in other publications or media.

**Document Request No. 46 - All documents concerning authorization or permission by you for other publications or media, not owned or controlled by you, to display names or photographs of persons whose names or photographs have appeared in your magazine or web sites.**
This request was granted without limitation by Judge Hillman. Perfect 10 has produced agreements with JRM, HDNet, Fonestarz, E!, Battle Dome, Blind Date, Cliffwood Pictures, Columbia Pictures, K-1, Livin Large, MTV, Nash Entertainment, NBC, PlanetRapido.com, Right Angle Media, Sony Pictures, Sopranos Productions, White Chicks Productions, and Woody Fraser Productions. Please confirm that these are all the responsive documents in Perfect 10's possession or control relating to this request and that no documents were withheld based on Perfect 10's objections. If it is not, please supplement Perfect 10's production accordingly.

**Document Request No. 51 - All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of violations of rights of publicity owned or exercised by you.**
The request is relevant to Perfect 10's purportedly reinstated claims for actual damages. Perfect 10 should produce these documents.

EXHIBIT _____ B

PAGE _____ 9

**Document Request No. 52 - All documents concerning efforts by you to halt or reduce violations of publicity rights owned or exercised by you.**
Judge Hillman deferred the request and, instead, directed Perfect 10 to identify any suits involving rights of publicity in which it was a plaintiff or defendant. The request is relevant to Perfect 10's purportedly reinstated claims for actual damages. Perfect 10 should produce these documents.

**Document Request No. 59 - All documents concerning any communications by any person regarding Google or this lawsuit.**
The request is relevant to Perfect 10's purportedly reinstated claims for actual damages. Perfect 10 should be ordered to produce these documents.

**Document Request No. 66 - All documents filed with a court, served upon an opposing party or counsel, or received from an opposing party or counsel, in copyright, trademark, publicity rights, or unfair competition litigation to which you have been a party.**
Perfect 10 has only produced copies of the complaints from 21 of the 25 federal cases in which it is involved. Perfect 10 should produce all documents from its other litigation on claims similar to those asserted against Google.

**Document Request No. 71 - All documents that evidence, refer to, or discuss any damages or harm, including, without limitation, monetary damage, you claim to have suffered, or to be likely to suffer, as a result of Google's alleged infringements and violations set forth in your amended complaint.**
In response to this request, Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005. Perfect 10 should produce all documents that evidence, refer to or discuss the harm it has allegedly suffered by the actions of Google described in Perfect 10's amended complaint, and further, should complete and un-redact its existing production of brief summary financial statements.

**Document Request No. 81 - Your complete tax and accounting books and full corporate earnings reports, including revenues, costs, and profits reported to national or state tax authorities.**
In response to this request, Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005. Under this request and Requests Nos. 33, 38 and 71, Perfect 10 has a clear obligation to produce accounting records in light of its purportedly reinstated claim for actual damages. Additionally, Plaintiff's federal and state tax returns are plainly discoverable in this case, in light of the damages Plaintiff seeks (including its purportedly reinstated claim for actual damages and lost profits), and the unavailability of the information from other sources previously disclosed. *See, e.g., Gattegno v. PricewaterhouseCoopers, LLP*, 205 F.R.D. 70, 73 (D. Conn. 2001). Google cannot assess or defend against Perfect 10's purportedly reinstated claim for actual damages without Perfect 10's full and complete disclosure of its revenues and expenses, profits and losses, asset valuations, tax liabilities, accounting methods and other pertinent information that would be contained in these documents.

6

EXHIBIT _____ $\mathcal{B}$

PAGE _____ $I\mathcal{O}$

**Document Request No. 87 - All documents concerning projection of sales, revenue, or profits for each of your contemplated or launched products or services.**
While Perfect 10 has acknowledged the clear relevance of these documents by agreeing to produce them, to the best of Google's knowledge, Perfect 10 has not yet done so. Please produce all relevant and responsive documents immediately.

**Document Request No. 94 - Documents sufficient to identify your profits from each of your products and services, individual and by category, both by year and by the most disaggregate level available.**
Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005. Under this request and Requests Nos. 33, 38, 71 and 81, Perfect 10 has a clear obligation to produce accounting records in light of its purportedly reinstated claim for actual damages. Google cannot assess or defend against Perfect 10's purportedly reinstated claim for actual damages without full disclosure of Perfect 10's profits (or losses) from each of its products and services. Perfect 10 should produce these documents immediately.

**Document Request No. 95 - Documents sufficient to identify your 25 largest customers each month in relation to each of your products or services.**
Perfect 10 has refused to produce any documents in response to this request, despite its plain relevance to Perfect 10's purportedly reinstated claims for actual damages. Perfect 10's relationships with its largest customers are at issue here, given Perfect 10's purported reinstatement of its claim for actual damages. Perfect 10 should produce these documents immediately.

**Document Request No. 99 - All documents concerning the number or frequency of visits to each of your Web pages by customers who have paid a fee to enter the site.**
In response to this request, Perfect 10 has produced thousand-page-long text files listing IP addresses and pages viewed in the website. Perfect 10 has also expressly agreed to produce customer sign-up information from its third-party processor. In order for Google to assess and defend Perfect 10's purportedly reinstated claim for actual damages, Perfect 10 must, at a minimum, produce the customer sign-up information from Perfect 10's third-party processor, including the usernames that correspond to the IP addresses identified in the previously-produced text files. Please supplement Perfect 10's production immediately.

**Document Request No. 104 - All documents reflecting or evidencing the fact alleged in paragraph 11 of the amended complaint that your Web site receives approximately 100,000 unique visitors per month, including all documents concerning how you determine that a visitor is unique.**
To date, Perfect 10 has only produced thousand-page long text files listing IP addresses and pages viewed in the website. These logs do not demonstrate how Perfect 10 determines that a given visitor is unique, nor do they include customer usernames. Please supplement Perfect 10's production immediately.

7

EXHIBIT _____ B

PAGE _____ 11

**Document Request No. 105 - All documents reflecting or evidencing the fact alleged in paragraph 14 of the amended complaint that you have spent millions of dollars advertising and promoting your marks and your products and services, and all documents showing the amounts you earmarked or spent to advertise and promote marks and the amounts you earmarked or spent to advertise and promote products and services.**

Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005. Under this request and Requests Nos. 33, 38, 71, and 81, Perfect 10 has a clear obligation to produce accounting records in light of its purportedly reinstated claim for actual damages. Google cannot assess or defend Perfect 10's purportedly reinstated claim for actual damages without full disclosure of Perfect 10's trademark advertising and promotion expenses, including any advertising forecasts, plans, reports and the like. Please supplement Perfect 10's production accordingly.

**Document Request No. 108 - All documents reflecting or evidencing the fact alleged in paragraph 17 of the amended complaint that the described infringement is "devastating to" and "threatens the existence of" your business, including all documents with financial data demonstrating this effect.**

Perfect 10 has only agreed to produce incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005 and records of internet searches conducted by Dr. Zada. While Perfect 10 has produced these documents, they are woefully insufficient for Google's need to accurately assess and defend Perfect 10's purportedly reinstated claim for actual damages. Google needs all documents responsive to this request. Please supplement Perfect 10's production accordingly.

**Document Request No. 109 - All documents reflecting or evidencing the fact alleged in paragraph 47 of your answer to Google's counterclaims that the revenues you received resulting from searches on Google are substantially less than they should be.**

Perfect 10 has only agreed to produce incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005 and records of internet searches conducted by Dr. Zada. These documents are insufficient and only marginally responsive. Google needs all documents responsive to this request. Please supplement Perfect 10's production accordingly.

**Document Request No. 110 - All documents reflecting or evidencing the fact alleged in paragraph 47 of your answer to Google's counterclaims that the damages caused by activities alleged in the amended complaint far exceed any benefit to you from Google.**

Perfect 10 has only agreed to produce incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005 and records of internet searches conducted by Dr. Zada. These documents are insufficient and only marginally responsive. Google needs all documents responsive to this request. Please supplement Perfect 10's production accordingly.

8

EXHIBIT ___ B

PAGE ___ 12

**Document Request No. 111 - All documents reflecting or evidencing the fact alleged in paragraph 11 of the declaration of Norman Zada in support of the motion for preliminary injunction ("Zada Declaration") that you invested over $36 million to develop a respected brand and goodwill and all documents showing what expenditures are included in this figure, including expenditures other than the $12 million related to photographs described in that paragraph.**

Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005. Perfect 10 has a clear obligation to produce detailed accounting records in light of its purportedly reinstated claim for actual damages. Google cannot assess or defend Perfect 10's purportedly reinstated claim for actual damages without full disclosure of Perfect 10's brandings efforts and expenditures, including but not limited to trademark advertising and promotion expenses, advertising forecasts, plans, reports, market studies, valuations and the like. Please supplement Perfect 10's production accordingly.

**Document Request No. 112 - All documents concerning revenues received by you from movies, television, and videos as described in paragraphs 12 to 14 of the Zada Declaration.**

Perfect 10 has only produced incomplete and redacted "summaries" of its balance sheet and income statements for the years 1997-2005, none of which identify the requested information. Perfect 10 has a clear obligation to produce this type of detailed revenue data in light of its purportedly reinstated claim for actual damages. Google cannot assess or defend Perfect 10's purportedly reinstated claim for actual damages without full disclosure of the requested information. Perfect 10 should produce responsive documents immediately.

In sum, Perfect 10's refusal to produce all documents relevant to its purportedly reinstated claim for actual damages, even **after** its purported reinstatement effort, plainly belies that effort. Perfect 10 cannot have it both ways. It must either acknowledge its waiver of actual damages, or honor its discovery obligations thereon and produce all responsive documents in the above-identified categories.

This letter is a request for a pre-motion meeting of counsel to discuss this matter pursuant to Local Rule 7-3. If we are not able to resolve the matter through meet and confer efforts, Google will need to seek the Court's attention through motion practice as directed by Judge Hillman. Please contact me as soon as possible regarding your availability for the conference.

Very truly yours,

Rachel M. Herrick

RMH:ar
51320/2353679.1

9

EXHIBIT ___ B

PAGE ___ 13

March 18, 2008

**VIA E-MAIL & U.S. MAIL**

Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367
818-716-2773 – facsimile

Re:     Perfect 10's Deficient Document Production Related to Actual Damages

Dear Jeff:

I write to address several deficiencies in Perfect 10's production of documents in response to my letter of January 29, 2008, which addressed Google's document requests relevant to Perfect 10's claim, if any, of actual damages.

**1.     Financial Reports and Tax Returns**

First, the bulk of Perfect 10's recent production consists of "Financial Reports" from Perfect 10. Some of these Reports have been produced either as email attachments or on CD. These appear to be monthly reports, but the Reports for the following months are missing:

- Prior to 1997:  All months
- For 1997:  January through and including July, September, and October
- For 1998:  November
- For 1999:  April through and including November
- For 2000:  All months except March
- For 2001:  January through and including May
- For 2002:  February, June, July, August, and October
- For 2003:  June and August
- For 2004:  March and April

51320/2433728.2

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

EXHIBIT _____ B

PAGE _____ 14

- For 2005: February
- For 2006: January and February
- For 2007: February, May, June, August, October, and November

Please produce the missing reports. Please also produce Perfect 10's complete and unredacted tax return for 2007, with all schedules attached.

Second, most of the Financial Statements produced include the following disclaimer:

> Management has elected to omit substantially all of the disclosures and the statement of cash flows as required by generally accepted accounting principles. If the omitted disclosures were included in the financial statement, they might influence the user's conclusions about your financial position. Accordingly, this financial statement is not designed for those who are not so informed.

This disclaimer renders these Statements not fully responsive to Google's Requests for Production related to actual damages. Please produce all documents reflecting "all of the disclosures and the statement of cash flows as required by generally accepted accounting principles" pertaining to each Financial Statement Perfect 10 produced.

Third, as you know, a great deal of information in both the Financial Statements and in the Tax Returns has been redacted. In your email of March 3, 2008, you explained that the "redacted portions related to either 1) confidential settlements in other lawsuits, or 2) items that do not have anything to do with the actual damages claim." These are not proper bases for redactions. Further, these redactions include categories of information that are highly relevant to Perfect 10's claim of actual damages, including "fixed assets," "total long-term liabilities," all information regarding Perfect 10's "Equity" holdings (including capital stock, retained earnings, and net equity), "total liabilities and equity," "Net Ordinary Income" and "Net Income."

Because this information is relevant to Perfect 10, Inc.'s assets, liabilities, and revenues, and thus to any claims for actual damages, please unredact all of the Financial Statements and Tax Returns. To the extent Perfect 10 is concerned about maintaining the confidentiality of this information, the Protective Order currently in place in this action will be more than sufficient to protect these materials. *See Kansas Food Packers v. Corpak*, 2000 WL 33170870, at *1 n.4 (D. Kan. Oct. 12, 2000) (ordering production of redacted material in financial statements when the redacted information was relevant and when there was a "protective order ... in place which protects confidential client information in th[e] case"). Because Perfect 10 has designated all of these documents as Highly Confidential under the Protective Order, these materials should be unredacted and produced without further delay.

## 2. Server Logs

As we identified via email to you and to your associate, David Title, we have located in Perfect 10's production a folder titled "server logs," which contains several documents that appear to be many thousands of pages of raw data. You indicated in our teleconference of February 22, 2008 that these documents are responsive to Google's Requests For Production Nos. 98-102. However, Perfect 10's production only includes "server logs" for the years 2003, 2005, and 2006. Please confirm that Perfect

EXHIBIT _____ $\mathcal{B}$

PAGE _____ *15*

10's production of server logs for 2003, 2005, and 2006 is complete, and please produce server logs for 2004, 2007, and any other years for which server logs exist, going back to the launching of perfect10.com.

Additionally, during that same teleconference of February 22, 2008, Dr. Zada indicated that he would search for, and that Perfect 10 would produce, a software program used by Perfect 10 to analyze log data for certain password-related activities by perfect10.com users. Please also produce that program.

You also identified in an email following our call, also sent on February 22, 2008, a subfolder on the hard drive Perfect 10 produced containing "reports ... regarding unauthorized use of passwords. There is a subfolder on that hard drive titled "password reports," and this subfolder contains excel spreadsheets purporting to reflect, in part, "accesses per username" for usernames generating at least 5,000 visits in one day for the time periods of January 16, 2002 through December 16, 2002, January 8, 2003 through August 5, 2003, all of 2004, and all of 2005. Please confirm that this is the portion of the hard drive you referenced on that call. Please also produce spreadsheets purporting to record this information for all other relevant time periods, from the launch of perfect10.com to the present.

The subfolder additionally contains two text files titled "f83.txt" and f83_all.txt, both of which appear to be massive listings of various Internet user names in no particular order. Moreover, the subfolder contains a large number of .gif and .html files that appear to reflect various web server statistics in various tables, graphs, pie charts, and the like. All of these documents are not organized in any logical way and are otherwise not useful in their current form. Please state whether Perfect 10 claims these documents are responsive to Google's Requests Nos. 98-102, and if so, please explain how they are relevant to those Requests. Please also explain how those documents are organized, if at all.

Please also produce any other documents relevant to any alleged unauthorized access to perfect10.com by Perfect 10 users, and if no further documents exist, please confirm that Perfect 10's production is complete. Please also produce any documents relevant to any alleged direct infringement of Perfect 10's copyrights (including copying or downloading of Perfect 10 images) by any user who visited perfect10.com, as perfect 10 has produced no such evidence to date.

Further, in Perfect 10's responses to Google's Requests for Production Nos. 98-102, Perfect 10 indicated that it would also produce "sign-up information from the third-party processor for perfect10.com." We have been unable to locate any such documents in Perfect 10's production. Please produce those documents.

### 3.     Documents Related to FoneStarz Media Limited ("FoneStarz") and Other Licensees

Several of Google's document requests, including Requests for Production Nos. 134 and 138-146, called for documents related to alleged licensing of Perfect 10 materials to companies including, but not limited to, FoneStarz Media Limited. Perfect 10 has produced a hard drive containing a subfolder titled "fonestarz." That subfolder contains invoices, purchases orders, and other statements of sales info, virtually all of which are from 2005. Additionally, there is an unsigned agreement between FoneStarz and Perfect 10, also on that hard drive, under the "agreements" subfolder.

EXHIBIT ___ B

PAGE ___ 16

On February 29, 2008, we submitted a request to your associate, David Title, seeking either (1) confirmation that this is the total of Perfect 10's production responsive to these requests, or (2) direction the remainder of the responsive documents (if any) in Perfect 10's production. Please respond to these questions. If Perfect 10's production of documents responsive to those requests is incomplete, please collect and produce all remaining documents, including but not limited to all invoices, purchase orders, statements, contracts (including executed copies thereof, if any), correspondence, termination or cancellation documents, and the like.

## 4. Perfect 10's Improper Reliance on Limitations in Judge Hillman's Order of May 19, 2006

In your email of February 21, 2008, you stated that "Perfect 10 will not withhold any documents or categories of documents specifically requested in the January 29 letter, except for ... requests that were modified or deferred by Judge Hillman in his Order of May 19, 2006." We understand this to mean that, for Requests that Judge Hillman modified in that Order, Perfect 10 will comply only to the Requests as modified, and for any Requests deferred in that Order, Perfect 10 will not comply at all.

As we explained in our January 29, 2008 letter, and in a subsequent email of February 25, 2008, these proposed limitations are improper. Judge Hillman issued the May 19, 2006 Order amidst confusion over whether Perfect 10 had waived its claim to actual damages. Perfect 10's waiver, and it subsequent attempted revocation of that waiver, muddied the waters such that any limitations the Court may have imposed were done in the context of Perfect 10's equivocation. Indeed, as was abundantly clear at the November 27, 2007 hearing, Judge Hillman remains unsure whether Perfect 10 has waived actual damages. Thus, the only reasonable course of action is to return to Google's Requests for Production as originally written. Moreover, even if the limitations in the May 2006 Order were not so tainted, the Court made clear that its orders were made without prejudice to Google's right to revisit them in the future. Please be advised that we are doing so now.

Until Perfect 10 complies in full with its discovery obligations related to actual damages by producing all documents related thereto (including but not limited to all items addressed in my January 29 letter, to which Perfect 10 still has not fully responded, and all items addressed in this letter), Google's position regarding Perfect 10's waiver of actual damages must remain unchanged. Please respond to these letters without delay, and complete Perfect 10's production as requested, by producing all documents responsive to Google's requests for production as originally drafted, without limitation or qualification.

Please note that our review of Perfect 10's production is ongoing. To the extent we identify additional deficiencies in Perfect 10's production, we will bring those matters to your attention at a later date.

Sincerely,

*Rachel M. Herrick*

Rachel M. Herrick

RMH:TDN

EXHIBIT ____ B

PAGE ____ 17

# EXHIBIT C

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2       michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
4   Facsimile:  (213) 443-3100
      Charles K. Verhoeven (Bar No. 170151)
5       charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
6   San Francisco, California  94111
      Rachel Herrick Kassabian (Bar No. 191060)
7       rachelkassabian@quinnemanuel.com
    555 Twin Dolphin Drive, Suite 560
8   Redwood Shores, California  94065-213

9   Attorneys for Defendant Google Inc.

10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,                            [Consolidated with Case No. CV 05-
14                                          4753 AHM (SHx)]
               Plaintiff,
15                                          **DECLARATION OF RACHEL**
         vs.                                **HERRICK KASSABIAN IN**
16                                          **SUPPORT OF GOOGLE INC.'S**
    GOOGLE INC., a corporation; and         **MOTION TO COMPEL PERFECT**
17  DOES 1 through 100, inclusive,          **10 (1) TO PRODUCE**
                                            **DOCUMENTS, (2) TO COMPLY**
18             Defendants.                  **WITH PROTECTIVE ORDER, AND**
                                            **(3) TO AFFIX DOCUMENT**
19  ─────────────────────────────          **CONTROL NUMBERS TO ITS**
                                            **DOCUMENT PRODUCTION**
    AND COUNTERCLAIM
20  ─────────────────────────────          Hon. Stephen J. Hillman
    PERFECT 10, INC., a California
21  corporation,                            Courtroom.:      550
                                            Hearing Date:    June 1, 2009
22             Plaintiff,                   Hearing Time:    2:00 pm

23       vs.                                Discovery Cutoff:  None Set
                                            Pretrial Conference Date:  None Set
24  AMAZON.COM, INC., a corporation;        Trial Date:  None Set
    A9.COM, INC., a corporation; and
25  DOES 1 through 100, inclusive,          **PUBLIC REDACTED**

26             Defendants.

27

EXHIBIT _____ C

PAGE _____ 18

1 | alternatively proposed that Perfect 10 re-produce its electronic documents on two
2 | separate hard drives, one containing only confidential materials, and the other
3 | containing only public materials.  As yet another alternative, Google proposed that
4 | Perfect 10 provide a list of all of the documents it has produced, and state whether
5 | each document contains confidential material.  Perfect 10 did not agree to either
6 | proposal.

7 |      49.     Google met-and-conferred with Perfect 10 regarding Perfect 10's
8 | improper designation as "Confidential" of the six charts produced in response to
9 | Google's Interrogatory No. 3, including an October 15, 2008 telephonic conference
10 | of counsel and various written correspondence.  Perfect 10 took the position that,
11 | although the charts contained only public information, the particular compilation of
12 | public information rendered the charts confidential.  In the course of meet-and-
13 | confer efforts, Perfect 10 also proposed that Perfect 10 would agree to allow Google
14 | to publicly file the charts (and alleged notices of infringement), if Google would
15 | agree not to "post them on Chilling Effects or similar websites."

16 |      50.     Google has met-and-conferred with Perfect 10 regarding its failure to
17 | affix unique control numbers to its electronic document productions at various
18 | times, including most recently in written correspondence on multiple dates in
19 | October 2008, and at a telephonic conference of counsel of October 21, 2008.
20 | Perfect 10 refused to agree to affix control numbers to its document productions.

21 |      51.     Google met-and-conferred with Perfect 10 regarding Perfect 10's
22 | deficient production of financial documents relevant to its claim for actual damages
23 | at various times, including during telephonic conferences of counsel and various
24 | written correspondence.  Perfect 10 subsequently produced tax returns and certain
25 | monthly summary financial reports, but that production was incomplete in various
26 | respects.  Perfect 10 has not corrected those deficiencies.  For instance, Perfect 10
27 | has not produced various missing financial reports, has not confirmed what

28

-8-     Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]
DECLARATION OF RACHEL HERRICK KASSABIAN

EXHIBIT _____ C
PAGE _____ 19

1 happened (if anything) to those missing reports, and has not produced the documents

2 underlying the summary reports. Additionally, the summary financial reports and

3 tax returns Perfect 10 has produced are, in most cases, substantially redacted.

4     52.    Google met-and-conferred with Perfect 10 regarding Perfect 10's

5 production of "server log" files, including telephonic conferences of counsel and

6 various written correspondence. During Google's review of Perfect 10's production,

7 we located what appear to be "server log" files only for the years 2003, 2005, 2006,

8 2007, and portions of 2008. Perfect 10 has not identified any other "server logs" in

9 the documents it produced to Google, nor has it produced other "server log" files.

10     53.    Google met-and-conferred with Perfect 10 regarding Perfect 10's

11 production of password usage reports, including telephonic conferences and various

12 written correspondence. During Google's review of Perfect 10's production, we

13 located password usage reports for the time periods January 16, 2002 through

14 December 16, 2002, January 8, 2003 through August 5, 2003, all of 2004, and all of

15 2005, and large numbers of other files, all contained in the "passwords reports" file

16 folder on the hard drive Perfect 10 produced for inspection and copying on April 18,

17 2006. Regarding the password usage reports, Perfect 10 has not produced any

18 additional such documents. Regarding the many other documents in the "passwords

19 reports" file folder, counsel for Google asked counsel for Perfect 10, both in writing

20 and telephonically, to state whether these documents are responsive to Google's

21 Requests for Production Nos. 98-102, and explain how the documents were

22 organized. Perfect 10 has not responded to either question.

23     54.    Google met-and-conferred with Perfect 10 regarding Perfect 10's failure

24 to produce a copy of the software program Perfect 10 uses to understand its server

25 logs, including telephonic conferences and extensive written correspondence. On

26 February 22, 2008, Google and Perfect 10 met and conferred telephonically

27 regarding Perfect 10's deficient responses to Google's Requests for Production Nos.

28

EXHIBIT _____ C

PAGE _____ 20

1 | sub-folders.  In most instances, Perfect 10 has produced .pdf files of alleged
2 | registration certifications, and has produced alleged deposit materials in the form of
3 | separate free-standing image files (typically in .JPEG format), organized into file
4 | folders labeled with either an alleged copyright registration number, or a verbal
5 | description of the alleged registration.  Google has repeatedly requested to inspect
6 | the original copies of Perfect 10's alleged registration deposit materials allegedly
7 | sent the Copyright Office.  To date, Perfect 10 has refused Google's request.

8 |      60.    On October 24, 2008 (by letter) and November 6, 2008 (by telephone),
9 | counsel for Google and counsel for Perfect 10 met and conferred regarding Perfect
10 | 10's deficient responses to Google's 6th and 7th Sets of Requests for Production.
11 | Among other issues, the parties discussed Perfect 10's improper objections to these
12 | responses.  To date, Perfect 10 has refused to produce a chart of alleged
13 | infringements and related documents to Google—documents that would be
14 | responsive to Request for Production Nos. 190 and 191.

15 |        I declare under penalty of perjury under the laws of the United States of
16 | America that the foregoing is true and correct.  Executed May 6, 2009 at Redwood
17 | Shores, California.

18
19 |                  Rachel Herrick Kassabian
20
21
22
23
24
25
26
27
28

51320/2919040.1

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]
DECLARATION OF RACHEL HERRICK KASSABIAN

EXHIBIT _____ C

PAGE _____ 21

# EXHIBIT D

1  [COUNSEL LISTING ON FOLLOWING PAGE]

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 | PERFECT 10, INC., a California | CASE NO. CV 04-9484 AHM (SHx)
11 | corporation, | [Consolidated with Case No. CV 05-4753 AHM (SHx)]

12 |      Plaintiff, | **DISCOVERY MATTER**

13 |      vs. | **JOINT STIPULATION ON GOOGLE INC.'S MOTION TO**
14 | GOOGLE INC., a corporation; and DOES 1 through 100, inclusive, | **COMPEL PERFECT 10 (1) TO PRODUCE DOCUMENTS, (2) TO**
15 |      Defendants. | **COMPLY WITH PROTECTIVE ORDER, AND (3) TO AFFIX**
16 | | **DOCUMENT CONTROL NUMBERS TO ITS DOCUMENT**
   | AND COUNTERCLAIM | **PRODUCTION**
17 |

18 | PERFECT 10, INC., a California corporation, | Hon. Stephen J. Hillman

19 |      Plaintiff, | Date:  June 1, 2009
20 |      vs. | Time:  2:00 PM
   | | Crtrm.: 550
21 | AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and | Discovery Cutoff: None Set
22 | DOES 1 through 100, inclusive, | Pretrial Conference Date: None Set
   | | Trial Date:  None Set
23 |      Defendants. |
   | | **PUBLIC REDACTED**
24

25

26

27

28

EXHIBIT _D_

PAGE _22_

1 | reports Perfect 10 has produced to Google are certain monthly financial statements,
2 | Perfect 10 has refused to produce -- or explain its reasons for not producing -- over
3 | four years' worth of these monthly financial reports.  Second, many of the reports
4 | (and tax returns) that Perfect 10 has produced are substantially redacted based on
5 | improper claims of irrelevance and confidentiality -- claims that are directly
6 | contradicted by its claim for monetary damages and the terms of the Protective
7 | Order in this case.  Third, the financial statements that Perfect 10 has produced are
8 | summaries of Perfect 10's financial condition, necessarily based on other financial
9 | documents that Google must have to assess Perfect 10's claimed damages.  Perfect
10 | 10 has no basis for withholding these source documents.  Perfect 10 should be
11 | compelled to produce complete and unredacted copies of its tax returns, monthly
12 | financial statements and other supporting documents related to the information
13 | summarized in those monthly financial statements.

14 |     **2.   Perfect 10 Has Failed To Produce Financial Reports**
15 |            **Covering Many Months**

16 |     Perfect 10's production of financial documents consists of select monthly
17 | financial statements dating back to 1997.  However, there are at least 51 such
18 | monthly financial statements that are still missing from Perfect 10's production.  See
19 | Kassabian Decl. ¶ 51, and at Exs. HH & II.  Specifically, Perfect 10 has produced no
20 | monthly financial statements for the following months:

| | |
|---|---|
| 1997 | January, February, March, April, May, June, July, September and October |
| 1998 | November |
| 1999 | April, May, June, July, August, September, October and November |
| 2000 | January, February, April, May, June, July, August, September, October, November and December |
| 2001 | January, February, March, April and May |

EXHIBIT ___D___

PAGE ___23___

| 2002 | February, June, July, August and October |
|------|------------------------------------------|
| 2003 | June and August |
| 2004 | March and April |
| 2005 | February |
| 2006 | January and February |
| 2007 | February, May, June, August, October and November |
| 2008 | January, February, March, April, May, June, July, September, October |

During the meet and confer process, Perfect 10 refused to confirm whether it has these missing financial statements in its possession, and if not, what happened to them. These are obviously critical issues. For example, if Perfect 10 destroyed the financial records just prior to or during this litigation, then Google is entitled to pursue spoliation sanctions against Perfect 10, and to ask the Court to strike Perfect 10's claims of infringement and/or for damages (to the extent Perfect 10 has not waived them already). Perfect 10 should be ordered to produce these documents without further delay, or to submit a sworn affidavit explaining what happened to these documents, and why it was not able to locate and produce these documents that clearly existed at one point in time. See Buchanan, 206 F.R.D. 123, 125 (D. Md. 2002); Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511, 512 (W.D. Pa. 1983); Fed. R. Civ. P. 34(a).

### 3. Perfect 10's Production Contains Improper Redactions

Many of the financial statements and tax returns that Perfect 10 did produce are heavily redacted, rendering them useless in assessing Perfect 10's financial condition. For instance, Perfect 10 has redacted categories of information highly relevant to Perfect 10's claims of damages, ███████████

-26-    Case No. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]
JOINT STIPULATION ON GOOGLE'S MOTION TO COMPEL

EXHIBIT __D

PAGE __24

1        After this Court ruled that Perfect 10 was only required to produce summary
2   financial documents, Perfect 10 and Google entered into an agreement that Perfect
3   10 would provide various financial documents and Google would agree that Perfect
4   10 had not waived its right to sue for actual damages. In reliance on that agreement,
5   Perfect 10 produced highly confidential financial documents. Now, Google is
6   seeking to have it both ways – Google gets financial documents that are only
7   relevant to the issue of actual damages, and Google still will not unequivocally
8   admit that there was no waiver.

9        At a barebones minimum, Google should not be allowed to proceed with this
10  completely unnecessary motion unless it at least agrees to live up to its part of the
11  bargain.

12       Google also misrepresents the scope of the dispute over "financial
13  documents." This issue solely relates to the issue of actual damages -- the position
14  *Google* took during the meet and confer process. In fact, Google describes the
15  dispute as "Perfect 10's deficient production of documents related to actual
16  damages." (Kincaid Decl., ¶4, Exh. 3; email to Valerie Kincaid from Thomas
17  Nolan, dated October 17, 2008.)

18       Next, Google misrepresents that Perfect 10 has failed to produce financial
19  documents covering "many months." During the meet and confer process, Perfect
20  10 repeatedly told Google that records don't exist for certain months, and Google
21  has misrepresented that Perfect 10 instead has the records, but refuses to produce
22  them.

23       Finally, Google argues that Perfect 10 should be required to produce various
24  unidentified documents that will provide Google with a complete picture of Perfect
25  10's financial condition. Google refuses to accept that Perfect 10 is not a publicly
26  traded company and thus cannot provide it with the type of financial documents it
27  wants – they simply don't exist.

28

EXHIBIT ___D___

PAGE ___25___

1  **PERFECT 10'S CONCLUSION**

2      For the reasons set forth above, Google's motion should be denied in its

3  entirety. Google should be ordered to reimburse Perfect 10 for the fees it has been

4  forced to incur in opposing an unnecessary motion.

5

6  DATED: May 6, 2009              QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES. LLP
7

8                                  By /s/ Rachel Herrick Kassabian
9                                     Rachel Herrick Kassabian
                                      Attorneys for Defendant Google Inc.
10

11 DATED: May 6, 2009              THE LAW OFFICES OF JEFFREY N.
                                   MAUSNER
12

13                                 By  /s/ Jeffrey N. Mausner
14                                     (with permission)
15                                    Jeffrey N. Mausner
                                      Valerie E. Kincaid
16                                    Attorneys for Plaintiff Perfect 10. Inc.

17

18

19

20

21

22

23

24

25

26

27

28
                                   -111-    Case No. CV 04-9484 AHM (SHx) [Consolidated
                                             with Case No. CV 05-4753 AHM (SHx)]
                       JOINT STIPULATION ON GOOGLE'S MOTION TO COMPEL

EXHIBIT  D

PAGE  26

# EXHIBIT E

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    FOR THE CENTRAL DISTRICT OF CALIFORNIA

     WESTERN DIVISION

10

11   PERFECT 10, INC., a California          Case No. CV05-4753 AHM (SHx)
     corporation,                            CONSOLIDATED WITH CASE NO.
12                                           CV04-9484 AHM (SHx)
                    Plaintiff,
13                                           [PROPOSED] ORDER GRANTING
            v.                               IN PART GOOGLE INC.'S MOTION
14                                           TO COMPEL PERFECT 10 TO
     AMAZON.COM, INC., a corporation;        PRODUCE COMPLETE AND
15   A9.COM, INC., a corporation;            UNREDACTED FINANCIAL
     ALEXA INTERNET, INC., a                 DOCUMENTS AND OTHER
16   corporation, and DOES 2 through 10,     DAMAGES-RELATED
     inclusive,                              DOCUMENTS, AND AMAZON.COM
17                                           AND ALEXA INTERNET'S JOINDER
                    Defendants.              THEREIN
18
                                             Hon. Stephen J. Hillman
19   PERFECT 10, INC.,
                                             Date: September 22, 2009
20                  Plaintiff,               Time: 10:00 A.M.
                                             Courtroom: 550
21          v.
                                             Discovery Cutoff: None Set
22   GOOGLE, INC., a corporation, and        Pretrial Conference Date: None Set
     DOES 1-100, inclusive                   Trial Date: None Set
23
                    Defendants.
24

25

26

27

28

     [PROPOSED] ORDER                                                      1
     CASE NO. CV05-4753 AHM (SHx) CONSOLIDATED WITH CV04-9484 AHM (SHx)

EXHIBIT __E__

PAGE __27__

1

[PROPOSED] ORDER

2    On September 22, 2009, the Court heard argument on various discovery

3    matters raised in Defendant Google Inc.'s Motion to Compel Perfect 10 (1) To

4    Produce Documents, (2) To Comply With The Protective Order, and (3) To Affix

5    Document Control Numbers To Its Document Production, including disputes relating

6    to financial documents and certain related issues arising from the planned deposition

7    of Perfect 10's accountant Bruce Hersh.[1]  Defendants Amazon.com and Alexa.com

8    filed an application to join in portions of that motion and to raise these related issues,

9    and which the Court hereby GRANTS.  Having considered the parties' respective

10   briefs and oral argument, and good cause existing therefore, the Court HEREBY

11   ORDERS that Google's Motion and the Amazon Defendants' joinder therein is

12   GRANTED IN PART AND DENIED IN PART, as follows:

13       1.    Perfect 10 is ordered to produce copies of all of its periodic and annual

14   financial statements and tax returns to the extent such documents exist, including

15   those in the possession of its outside accountant Bruce Hersh, in complete and

16   unredacted form, with the following two exceptions:

17       a.    With respect to medical expenses, the names of patients and

18   treating physicians may be redacted;

19       b.    With respect to credit card expenses, Perfect 10's credit card

20   numbers may be redacted.

21       Perfect 10 must produce such documents in complete and unredacted form

22   (with the two exceptions noted above) by October 16, 2009.

23

24   [1]  Google only asked the Court to rule on Issues I, VII, VIII, and IX at the
     September 22, 2009 hearing, so the Court did not reach Issues II – VI presented in
25   the parties' Joint Stipulation On Google Inc.'s Motion to Compel Perfect 10 (1) To
     Produce Documents, (2) To Comply With The Protective Order, and (3) To Affix
26   Document Control Numbers To Its Document Production. This Order rules on Issue
     I in the aforementioned Joint Stipulation (and the related issues implicated by the
27   upcoming deposition of Mr. Hersh).

28

*These issues will be taken
up at a later date upon
Google's noticed Motion.*

[PROPOSED] ORDER
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

2

EXHIBIT ____E____

PAGE ____28____

1  not already been produced, and to the extent that they exist and can be located with a
2  reasonable search, by October 26, 2009.
3      The foregoing is made without prejudice to any defendant seeking additional
4  documents responsive to the document requests considered at the hearing or
5  requested in deposition subpoenas served upon accountant Bruce Hersh.
6
7  IT IS SO ORDERED.
8  Date: _10-6-09_
9                                   _____
                                    Hon. Stephen J. Hillman
                                    United States Magistrate Judge
10  62229951 v1
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER                                                          9
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

# EXHIBIT F

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone (818) 992-7500
Facsimile (818) 716-2773
E-mail: jeff@mausnerlaw.com

October 15, 2009

*VIA FEDERAL EXPRESS*
*PRIORITY OVERNIGHT*

Thomas Nolan
Michael Zeller
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Rachel Herrick Kassabian
Charles Verhoeven
Quinn Emanuel
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Mark Jansen
Anthony Malutta
Timothy Kahn
Gia Cincone
Ellie Steiner
Townsend Townsend & Crew
Two Embarcadero Center, 8th Floor
San Francisco, California 94111

      Re:    *Perfect 10 v. Google,* Ca se No. CV 04-9484 AHM (SHx)
            *Perfect 10 v. Amazon,* Case No. CV 05-4753 AHM (SHx)

Dear Counsel:

      Enclosed please find a disk containing Perfect 10's *HIGHLY CONFIDENTIAL*
financial statements and tax returns, pursuant to the Order dated October 6, 2009. One disk has
been sent to each address, as listed above. The disk contains an Adobe file with 2,601 pages.

                    Sincerely,

                    *Jeffrey N. Mausner*

                    Jeffrey N. Mausner
                    LAW OFFICES OF JEFFREY N. MAUSNER

Disk enclosed

# EXHIBIT G

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Michael T. Zeller (Bar No. 196417)
2 |   michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
3 | Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
4 | Facsimile: (213) 443-3100
    Charles K. Verhoeven (Bar No. 170151)
5 |   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
6 | San Francisco, California 94111
    Rachel Herrick Kassabian (Bar No. 191060)
7 |   rachelkassabian@quinnemanuel.com
    555 Twin Dolphin Drive, Suite 560
8 | Redwood Shores, California 94065

9 | Attorneys for Defendant GOOGLE INC.

10 |

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 PERFECT 10, INC., a California corporation,<br><br>14<br><br>15 *Plaintiff,*<br><br>16 vs.<br><br>17 GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>18 *Defendants.*<br><br>19 ───────────────<br><br>AND COUNTERCLAIM<br>20<br>───────────────<br>21 PERFECT 10, INC., a California corporation,<br><br>22 *Plaintiff,*<br><br>23 vs.<br><br>24 AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and<br>25 DOES 1 through 100, inclusive,<br><br>26 *Defendants.*<br>27<br>28 | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>Hon. Stephen J. Hillman<br><br>**REPLY DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S MOTION FOR A DOCUMENT PRESERVATION ORDER TO PREVENT FURTHER SPOLIATION OF EVIDENCE BY PERFECT 10, INC.**<br><br>Date:    January 15, 2010<br>Time:    10:00 a.m.<br>Ctrm:    550<br><br>Discovery Cut-off: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set<br><br>**PUBLIC REDACTED** |

01980.51320/3267710.1

1       I, Rachel Herrick Kassabian, declare as follows:

2       1.      I am a member of the bar of the State of California and a partner with
3   Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc.
4   ("Google") in this action. I make this declaration of my personal and firsthand
5   knowledge and, if called and sworn as a witness, could and would testify competently
6   thereto.

7       2.      Attached hereto as Exhibit A is a true and correct copy of excerpts of the
8   transcript of the deposition of Nadine Schoenweitz, taken on October 16, 2009.

9       3.      On October 27, 2009, shortly after Ms. Schoenweitz's deposition,
10  counsel for Google initiated meet and confer with Jeff Mausner (who is representing
11  both Perfect 10 and Ms. Schoenweitz) regarding ▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A true and correct
13  copy of Google's October 27, 2009 letter is attached hereto as Exhibit B. Mr.
14  Mausner did not provide a substantive response to Google's meet and confer efforts
15  until nearly two months later, by letter dated December 22, 2009 (a true and correct
16  copy of which is attached hereto as Exhibit C), after Google already had filed the
17  present motion.

18      4.      Attached hereto as Exhibit D is a true and correct copy of excerpts of the
19  transcript of the deposition of Amy Weber, taken on November 11, 2009.

20      5.      Attached hereto as Exhibit E is a true and correct copy of excerpts of the
21  transcript of the deposition of Amber Smith, taken on November 19, 2009.

22      6.      On October 6, 2009, this Court ordered Perfect 10 to produce certain
23  financial documents, including Perfect 10's missing monthly financial reports (to the
24  extent such documents exist). True and correct copies of excerpts of the Court's
25  October 6 Order (Docket No. 560) (ordering the production) and the corresponding
26  Joint Stipulation (Docket No. 408) (identifying the several dozen specific missing
27  monthly reports) are attached hereto as Exhibit F. However, Perfect 10 did not
28  produce any of those missing financial reports in response to the Court's Order.

1  Google met and conferred with Perfect 10 regarding these still-missing financial
2  reports on various dates beginning on November 4, 2009. True and correct copies of
3  that meet and confer correspondence are attached hereto as Exhibit G. As of the date
4  of this declaration, Perfect 10 has confirmed that none of these missing reports
5  currently exist, and that the missing reports from 2007 were never generated in the
6  first place. However, Perfect 10 has not confirmed whether the remaining missing
7  monthly financial reports (including for the years 2004, 2005, 2006, 2008 and 2009)
8  existed at one time and were destroyed, or were never generated in the first place.

9      7.    At page 3 of Perfect 10's opposition brief (Docket No. 690, filed under
10  seal), Perfect 10 claims that after it had given Google notice that it had inadvertently
11  produced two allegedly privileged emails, Google ignored that notice and filed those
12  emails as an exhibit to Google's motion anyway (citing Exhibit N to my previous
13  declaration, Docket No. 686, filed under seal). This is incorrect. After receiving
14  Perfect 10's December 9, 2009 email regarding this allegedly inadvertent production
15  (a true and correct copy of which is attached hereto as Exhibit H), Google removed
16  the allegedly privileged content described in Perfect 10's December 9 email from that
17  exhibit by (1) removing the first email Perfect 10 claimed was completely privileged
18  and (2) redacting the allegedly privileged portion of the second email. This can be
19  seen by simply looking at Exhibit N to my previous declaration, which has a large
20  redacted portion █████████████████████████████████████████
21  ████████████████  Google did not use or file any of the allegedly privileged material
22  Perfect 10 described in its December 9 email.

23          I declare under penalty of perjury under the laws of the United States of
24  America that the foregoing is true and correct. Executed January 6, 2010 at San
25  Francisco, California.

26                              *Rachel Herrick Kassabian*

27

28                              Rachel Herrick Kassabian

01980.51320/3267710.1

                              -2-

EXHIBIT ___G___

PAGE ___33___

# EXHIBIT H

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S INTERNET ADDRESS
**rachelkassabian@quinnemanuel.com**

November 4, 2009

**VIA E-MAIL & U.S. MAIL**

Jeffrey N. Mausner, Esq.
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, CA 91367
jeff@mausnerlaw.com

Re: *Perfect 10, Inc. v. Google Inc.*: Production of Financial Documents

Dear Jeff:

In reviewing Perfect 10's October 15, 2009 production of its unredacted financial statements and
tax returns pursuant to the Court's October 6 Order, we have discovered that Perfect 10's June 30,
2004 and December 31, 2001 financial statements still contain several impermissible redactions,
including numerous redactions concerning the Beverly Park property. We presume this was an
inadvertent oversight, as these two monthly statements appear to be unchanged from those
versions produced by Perfect 10 earlier in this litigation. Please produce complete and
unredacted versions of Perfect 10's financial statements for June 30, 2004 and December 31,
2001, consistent with the Court's October 6 Order.

Additionally, Judge Hillman's October 6 Order obligates Perfect 10 to produce "all of its periodic
and annual financial statements . . . to the extent such documents exist." *Id.* In previous letters
to Perfect 10 dated March 18, 2008 and August 28, 2008, Google noted that in spite of the fact
that Perfect 10 maintains its financial statements on a monthly basis, there were numerous gaps
in Perfect 10's production. These deficiencies were neither corrected nor explained by the
October 15, 2009 production. As just one example, for the year 2007 (during the pendency of
this litigation), Perfect 10 failed to produce financial statements for the months of February,
May, June, August, October, and November. Please produce all of these missing financial
statements (as itemized in Google's March 18, 2008 and August 28, 2008 correspondence). If

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT _____ **H**

PAGE _____ **34**

such documents are no longer in Perfect 10's possession, custody or control (including in Mr. Hersh's files), please explain what happened to them.

Please provide all of the above-referenced documents and information on or before November 9, 2009.

Very truly yours,

Rachel Herrick Kassabian

RHK/brl
01980.51320/3184187.4

2

EXHIBIT _____ *H*

PAGE _____ 35

# EXHIBIT I

**Thomas Nolan**

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian |
| **Sent:** | Tuesday, January 05, 2010 1:24 PM |
| **To:** | Jeffrey Mausner |
| **Cc:** | 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; 'Steiner, Elham F.'; 'Valerie Kincaid'; Thomas Nolan; Michael T Zeller; Brad R. Love |
| **Subject:** | RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents |

Jeff,

You still have not answered our questions. I will restate them below for ease of reference –

1. With regard to the December 31, 2001 and June 30, 2004 financial statements, are you saying that the original unredacted versions have been lost or destroyed? That's what it sounds like you are saying -- please confirm if this is NOT the case.

2. For each of the following missing monthly financial statements (other than the 2007 statements), please identify which specific statements (1) were lost or destroyed (and how/when), and which (2) were never created in the first place:

| | |
|---|---|
| 1997 | January, February, March, April, May, June, July, September and October |
| 1998 | November |
| 1999 | April, May, June, July, August, September, October and November |
| 2000 | January, February, April, May, June, July, August, September, October, and November |
| 2001 | January, February, March, April and May |
| 2002 | February, June, July, August and October |
| 2003 | June and August |
| 2004 | March and April |
| 2005 | February |
| 2006 | January and February |
| 2007 | *February, May, June, August, October and November [according to P10 these were not generated in the first place]* |
| 2008 | January, February, April, July, October, and November |

1

EXHIBIT   I

PAGE   36

| 2009 | January, February, April, June, July, and August |
|------|--------------------------------------------------|

These questions have been outstanding for six weeks. Your prompt response by the close of business today would be appreciated.

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Tuesday, January 05, 2010 11:28 AM
**To:** Rachel Herrick Kassabian
**Cc:** 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; 'Steiner, Elham F.'; 'Valerie Kincaid'; Thomas Nolan; Michael T Zeller; Brad R. Love
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Rachel: On November 23, 2009, Perfect 10 responded to Google's informal discovery requests. That response included answers to what you asked in your November 25, 2009 request for additional informal discovery. However, in an ongoing effort to respond to Google's inquiries, we will repeat what we said already, and see if there is anything more we can do.

With regard to the December 31, 2001 and June 30, 2004 financial statements, Perfect 10 could not locate unredacted copies. Of course, we checked with Mr. Hersh's office. Please identify any redacted information that Google believes is relevant and not discernible from other sources. As you know, Perfect 10 provided Google with unredacted statements before and after those dates. Google has accountants/experts who know if there is any redacted information that is not in those previous and subsequent statements. Is there something Google believes is missing?

With regard to the 2007 monthly statements that were not produced, those documents were not generated. A financial statement is not generated by Perfect 10's accountant every month. Once again, Perfect 10 produced statements for the previous and subsequent months. Have Google's accountants/experts identified something specific they believe is missing?

Perfect 10 produced its existing financial statements, therefore, there is nothing more for it to do.

2

EXHIBIT ___I___

PAGE ___37___

Also, how does any of this relate to the pending motions for document preservation orders?
Google has not raised any such issue. Jeff.

---

**From:** Rachel Herrick Kassabian [mailto:rachelkassabian@quinnemanuel.com]
**Sent:** Monday, January 04, 2010 2:32 PM
**To:** 'Jeffrey Mausner'
**Cc:** 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'ajmalutta@townsend.com'; 'Steiner, Elham F.'; 'Valerie Kincaid'; Thomas Nolan; Michael T Zeller; Brad R. Love
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

It has been nearly six weeks since we sent you the November 25th email below. P10 still has not responded. Given the pendency of Google's document preservation motion and the upcoming hearing on same, it is imperative that P10 respond now. Please do so by noon tomorrow, January 5.

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Thomas Nolan
**Sent:** Friday, December 11, 2009 1:02 PM
**To:** 'Jeffrey Mausner'
**Cc:** 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'ajmalutta@townsend.com'; 'Steiner, Elham F.'; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

Please respond to this email.

Best Regards,

**Thomas Nolan**
*Associate,*
Quinn Emanuel Urquhart Oliver & Hedges LLP.

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended

EXHIBIT    I

PAGE    38

recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rachel Herrick Kassabian
**Sent:** Wednesday, November 25, 2009 11:16 AM
**To:** 'Jeffrey Mausner'; Thomas Nolan
**Cc:** 'Jansen, Mark T. '; 'trcahn@townsend.com'; 'ajmalutta@townsend.com'; 'Steiner, Elham F.'; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

Thanks for your email. With regard to the December 31, 2001 and June 30, 2004 financial statements, are you saying that the original unredacted versions have been lost or destroyed? And has P10 checked with Mr. Hersh's office to see if he maintained copies?

Please also identify:

(1) which of the missing financial statements were generated, but lost or destroyed (and what happened to those documents), and

(2) which of the missing financial statements were never created in the first place.

Thanks,

Rachel

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Monday, November 23, 2009 7:37 AM
**To:** Thomas Nolan
**Cc:** 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; 'Steiner, Elham F.'; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** RE: Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Rachel: This is in response to your letter dated November 4, 2009 regarding financial statements. Per the Court's October 6 order, Perfect 10 produced the financial statements the

4

EXHIBIT $\underline{\qquad I \qquad}$

PAGE $\underline{\qquad 39 \qquad}$

Court ordered it to produce "to the extent such documents exist." (See October 6, 2009 Order, paragraph 1.)

With regard to the December 31, 2001 and June 30, 2004 financial statements, Perfect 10 only has the copies it produced. We have been unable to locate unredacted copies.

With regard to financial statements that Perfect 10 did not produce for relatively recent years (for example 2007), those documents don't exist because they were not generated. Jeff.

**From:** Thomas Nolan [mailto:thomasnolan@quinnemanuel.com]
**Sent:** Wednesday, November 04, 2009 11:54 AM
**To:** Jeffrey Mausner
**Cc:** 'Jansen, Mark T. '; trcahn@townsend.com; ajmalutta@townsend.com; Steiner, Elham F.; Rachel Herrick Kassabian; 'Valerie Kincaid'
**Subject:** Perfect 10, Inc. v. Google Inc.: Production of Financial Documents

Jeff,

Please see the attached.

Best Regards,

**Thomas Nolan**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3885 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
thomasnolan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT _____ I

PAGE _____ 40

# EXHIBIT J

1

2                    UNITED STATES DISTRICT COURT

3                    CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION
4

5
      PERFECT 10, INC.,              )
6                                    )
             PLAINTIFF,              )
7                                    )
             VS.                     )    CASE NO. CV 04-9484-AHM(SHX)
8                                    )
                                     )
9     GOOGLE, INC.,                  )    LOS ANGELES, CALIFORNIA
                                     )    SEPTEMBER 22, 2009
10                                   )    (10:02 A.M. TO 11:09 A.M.)
                                     )    (11:21 A.M. TO 12:52 A.M.)
11           DEFENDANT.              )    (1:35 P.M. TO 2:43 P.M.)
      _____)    (2:52 P.M. TO 3:09 P.M.)
12
                                  HEARING
13              BEFORE THE HONORABLE STEPHEN J. HILLMAN
                     UNITED STATES MAGISTRATE JUDGE
14

15

16

17    APPEARANCES:              SEE NEXT PAGE

18    COURT REPORTER:           RECORDED

19    COURTROOM DEPUTY:         SANDRA L. BUTLER

20    TRANSCRIBER:              DOROTHY BABYKIN
                                COURTHOUSE SERVICES
21                              1218 VALEBROOK PLACE
                                GLENDORA, CALIFORNIA  91740
22                              (626) 963-0566

23

24

25    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
      TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

EXHIBIT _____ J

PAGE _____ 41

1    EMAIL STRING I THINK YOU WOULD SEE, YOUR HONOR, THAT WHENEVER

2    THEY WANT TO SHOW SOMETHING TO SOMEBODY, AND IT'S NOT -- IT'S

3    NOT HIGHLY -- YOU KNOW, THAT INVOLVED A CASE WHERE THEY

4    WANTED TO SHOW IT TO THEIR EXPERTS AND PEOPLE WHO WORKED IN

5    THE COMPANY AND SO ON.  WE SAID, FINE, DO IT.  THEY JUST

6    ASKED US.  WITHIN AN HOUR I SAID, FINE, SHOW IT TO THEM.

7              IT'S GOING TO BE EXTREMELY BURDENSOME FOR US TO GO

8    THROUGH AND STAMP EACH DOCUMENT "CONFIDENTIAL" OR

9    "NON-CONFIDENTIAL."  IT'S GOING TO BE JUST AS -- YOU KNOW,

10   MORE BURDENSOME THAN PUTTING A NUMBER ON IT.  AND WE JUST

11   CAN'T DO IT.  WE CANNOT DO EVERY --

12             THE COURT:  ALL RIGHT.  LET ME SEE THE PROTECTIVE

13   ORDER.  I APPRECIATE YOUR BEING HONEST AS TO THE DIFFICULTY.

14             MS. KASSABIAN:  I APOLOGIZE, YOUR HONOR.  THERE'S A

15   LITTLE BIT OF HIGHLIGHTING ON THERE, BUT THERE'S NO WRITING

16   OR ANYTHING.

17             THE COURT:  OKAY.

18             MS. KASSABIAN:  OH, NEVER MIND.  WE HAVE A CLEAN

19   COPY.

20             THE COURT:  OKAY.

21             (PAUSE IN PROCEEDINGS.)

22             MR. MAUSNER:  YOUR HONOR, I'D ALSO LIKE TO SHOW

23   YOUR HONOR WHAT GOOGLE HAS DESIGNATED AS CONFIDENTIAL --

24             THE COURT:  OKAY.

25             MR. MAUSNER:  -- MORE SO THAN EVEN PERFECT 10.

EXHIBIT_____J____

PAGE_____42___

1           MS. KASSABIAN: AND, AGAIN, YOUR HONOR, THAT

2   OBVIOUSLY HAS NOTHING TO DO WITH WHY WE'RE HERE TODAY. AND

3   IF PERFECT 10 HAS A PROBLEM WITH GOOGLE'S DESIGNATIONS, THEY

4   CAN MEET AND CONFER WITH US AND FILE A MOTION, AND WE'LL DEAL

5   WITH THAT IN DUE COURSE.

6           MR. MAUSNER: WELL, WE CAN'T DO THAT. WE CAN'T --

7   WE CAN'T DO AS MANY MOTIONS AND AS MANY LETTERS AND EMAILS AS

8   GOOGLE DOES TO US OBVIOUSLY.

9           THE COURT: IS THE PROBLEM REALLY WITH THE

10  CONFIDENTIALITY DESIGNATION OR WITH LOCAL RULE 79-3 SEALING.

11          WHERE'S THE PROBLEM?

12          MS. KASSABIAN: CERTAINLY SEALING IS ONE OF THE

13  BIGGEST RESULTING PROBLEMS WITH PERFECT 10'S

14  OVER-DESIGNATION. AND WE CITED IN OUR BRIEFING, YOUR HONOR,

15  THE ULLICO CASE. I'M NOT SURE IF I'M PRONOUNCING THAT RIGHT.

16          THE COURT: YES. I KNOW.

17          MS. KASSABIAN: U-L-L-I-C-O.

18          WE HAVE A VERY SIMILAR SITUATION HERE. WHEN A

19  PARTY OVER-DESIGNATES, EVERY TIME WE WANT TO FILE A DOCUMENT

20  WITH THE COURT, EVERY TIME WE WANT TO SHOW A DOCUMENT AT A

21  DEPOSITION, EVERY TIME WE WANT TO REVIEW A DOCUMENT FOR

22  WORK-PRODUCT PURPOSES AND POSSIBLY SHOW IT TO OTHERS, WE

23  WOULD HAVE TO PICK UP THE PHONE AND CALL PERFECT 10 AND ASK

24  THEM IF IT'S OKAY.

25          THAT IS NOT HOW THE PROTECTIVE ORDER WORKS. NOR

EXHIBIT _____ 5 _____

PAGE _____ 43 _____

1   SHOULD THE COURT'S FILES CONSIST OF A BUNCH OF SEALED

2   DOCUMENTS THAT DON'T NEED TO BE SEALED BECAUSE THERE WAS

3   OVER-DESIGNATION HERE.

4           AND JUST FOR TRANSCRIPT PURPOSES, THAT'S

5   U-L-L-I-C-O, IN RE ULLICO, INC. LITIGATION, 237 FRD 314,

6   DISTRICT OF COLUMBIA 2006.

7           (PAUSE IN PROCEEDINGS.)

8           THE COURT:  WHO ARE THE KIND OF PEOPLE THAT YOU'RE

9   REQUESTING PERMISSION -- YOU'RE FINDING YOURSELF HAVING TO

10  REQUEST PERMISSION?

11          MS. KASSABIAN:  I'LL GIVE YOU A PERFECT EXAMPLE,

12  YOUR HONOR.

13          UNDER THE PROTECTIVE ORDER, IF WE WANT TO SHOW

14  CONFIDENTIAL DOCUMENTS TO, LET'S SAY, A CONSULTING EXPERT,

15  SOMEONE WHO WAS UNDER NO OBLIGATION TO DISCLOSE THEIR

16  IDENTITY TO PERFECT 10 BECAUSE THEY'RE NOT BEING DESIGNATED

17  AS A TESTIFYING EXPERT, IF PERFECT 10 HAS SLAPPED A

18  CONFIDENTIALITY STICKER ON THAT HARD DRIVE, WE CAN'T SHOW

19  THAT EXPERT PAGE 1 WITHOUT SENDING A LETTER TO PERFECT 10

20  ANNOUNCING OUR INTENTIONS.

21          WE SHOULD NOT HAVE TO DO THAT WITH NON-CONFIDENTIAL

22  DOCUMENTS.

23          THE COURT:  OKAY.  AND --

24          MR. MAUSNER:  YOUR HONOR, I DON'T HAVE A COPY OF

25  THE PROTECTIVE ORDER, BUT I THINK THEY CAN SHOW CONFIDENTIAL

EXHIBIT _____ 5

PAGE _____ 44

1            C E R T I F I C A T E

2

3        I CERTIFY THAT THE FOREGOING IS A CORRECT

4 TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

5 PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

6

7

8

9 DOROTHY BABYKIN               10/2/09

10 _____      _____

11 FEDERALLY CERTIFIED TRANSCRIBER     DATED

12 DOROTHY BABYKIN

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT ____3____

PAGE ____45____