| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | Michael T. Zeller (Bar No. 196417) |
| 2 | michaelzeller@quinnemanuel.com |
| | 865 South Figueroa Street, 10th Floor |
| 3 | Los Angeles, California 90017-2543 |
| | Telephone: (213) 443-3000 |
| 4 | Facsimile: (213) 443-3100 |
| | Charles K. Verhoeven (Bar No. 170151) |
| 5 | charlesverhoeven@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| 6 | San Francisco, California 94111 |
| | Rachel Herrick Kassabian (Bar No. 191060) |
| 7 | rachelherrick@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| 8 | Redwood Shores, California 94065 |

Attorneys for Defendant GOOGLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**GOOGLE INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SHEENA CHOU IN SUPPORT OF PERFECT 10, INC.'S MOTION FOR EVIDENTIARY AND OTHER SANCTIONS AND/OR FOR THE APPOINTMENT OF A SPECIAL MASTER**<br><br>Hon. Stephen J. Hillman<br><br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 550<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

Google hereby submits the following objections to the Declaration of Sheena Chou, Submitted in Support of Perfect 10's Motion for Evidentiary and Other Sanctions against Google and/or for the Appointment of a Special Master. The Chou Declaration is objectionable for several reasons, and should be disregarded in its entirety.

## I. SHEENA CHOU'S DECLARATION IS IRRELEVANT TO THE ISSUE OF EVIDENTIARY SANCTIONS.

Ms. Chou's declaration is irrelevant to Perfect 10's Motion for Evidentiary and Other Sanctions against Google and/or for the Appointment of a Special Master. Ms. Chou's declaration claims to address Perfect 10's allegations regarding whether Google has processed certain of Perfect 10's DMCA notices to Perfect 10's satisfaction, and whether Google qualifies for DMCA safe harbor, in Perfect 10's view. As the Court is aware, Google's summary judgment motions regarding its qualification for DMCA safe harbor are currently under submission with Judge Matz. Ms. Chou's testimony has nothing to do with Perfect 10's disputes concerning the adequacy of Google's document production in response to Court Orders, and should be disregarded.

## II. SHEENA CHOU WAS NEVER IDENTIFIED AS AN EXPERT, YET IMPROPERLY ATTEMPTS TO OFFER EXPERT TESTIMONY IN THIS MATTER.

In her Declaration, Ms. Chou repeatedly offers improper opinion testimony, including a detailed purported evaluation of Google's DMCA compliance program and an explanation of her preferred methodology for identifying allegedly infringing web sites. This testimony should be excluded on multiple grounds. First, Perfect 10 failed to disclose Chou as an expert witness in this matter. Further, at no point does Chou tie her qualifications—she claims to "have a degree in Economics from UCLA and [be] quite familiar with computers and the Internet"—to Google's search engine or services. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)

("[requirement of fit] goes primarily to relevance," and an expert's testimony must "aid the jury in resolving a factual dispute."); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (expert must have some form of specialized knowledge). Quite simply, having an college degree in an unrelated field and "familiarity" with computers does not make one an expert in search engines, the DMCA or other Internet services. As Chou appears to lack the necessary qualifications to testify regarding the subjects in her declaration, again, her testimony should be stricken.

## II. THE ENTIRETY OF THE EVIDENCE OFFERED BY PERFECT 10 IN THE DECLARATION OF SHEENA CHOU IS INADMISSIBLE AND SHOULD BE DISREGARDED.

The Declaration of Sheena Chou similarly should be disregarded for purposes of Perfect 10's Motion for Evidentiary and Other Sanctions against Google and/or for the Appointment of a Special Master, because it is inadmissible under the Federal Rules of Evidence.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-1182 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). *See also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Such evidence must be relevant to the claims and defenses of the case. Fed. R. Evid. 401; 403; *McCormick v. City of Lawrence, Kan.*, 2007 WL 38400, at *3 (D. Kan. Jan. 5, 2007). Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also*

*U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys.*, Inc., 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment). The Chou Declaration fails to meet one or more of these criteria.

|  | **Proffered Evidence** | **Google's Objection** |
|---|---|---|
| 1. | **Chou Decl. ¶ 2** | Fed. R. Evid. 401, 402, 403, 602<br>The statements are irrelevant, argumentative, speculative, lack foundation, are not within the witness's personal knowledge, constitute improper legal opinion, and are improper opinion testimony. Ms. Chou's testimony has nothing to do with Perfect 10's disputes concerning the adequacy of Google's document production in response to Court Orders. |
| 2. | **Chou Decl. ¶ 3** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, Fed. R. Civ. P. 26<br>The statements are irrelevant, argumentative, mischaracterize the documents, speculative, lack foundation, are not within the witness's personal knowledge, constitute improper legal opinion, and are improper opinion testimony. Ms. Chou has never been disclosed by P10 as an expert in this case, nor does she appear |

| | | |
|---|---|---|
| | | to have the necessary expertise to provide such expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| 3. | **Chou Decl. ¶ 4** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, Fed. R. Civ. P. 26 <br><br> The statements are irrelevant, argumentative, mischaracterize the documents, speculative, lack foundation, are not within the witness's personal knowledge, constitute improper legal opinion, and are improper opinion testimony. Ms. Chou has never been disclosed by P10 as an expert in this case, nor does she appear to have the necessary expertise to provide such expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| 4. | **Chou Decl. ¶ 5** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, Fed. R. Civ. P. 26 <br><br> The statements are irrelevant, argumentative, mischaracterize the |

| | |
|---|---|
| | documents, speculative, lack foundation, are not within the witness's personal knowledge, constitute improper legal opinion, and are improper opinion testimony.  Ms. Chou has never been disclosed by P10 as an expert in this case, nor does she appear to have the necessary expertise to provide such expert testimony.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |

DATED:  January 15, 2010   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By *Rachel Herrick Kassabian*
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.