1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Michael T. Zeller (Bar No. 196417)
2   michaelzeller@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
3 Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
4 Facsimile: (213) 443-3100
    Charles K. Verhoeven (Bar No. 170151)
5   charlesverhoeven@quinnemanuel.com
  50 California Street, 22nd Floor
6 San Francisco, California 94111
    Rachel Herrick Kassabian (Bar No. 191060)
7   rachelkassabian@quinnemanuel.com
  555 Twin Dolphin Drive, 5th Floor
8 Redwood Shores, California 94065

9 Attorneys for Defendant GOOGLE INC.

10

11 UNITED STATES DISTRICT COURT

12 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 PERFECT 10, INC., a California corporation,<br>14<br>15         Plaintiff,<br>16     vs.<br>17 GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br>18         Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br>**GOOGLE INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF DR. NORMAN ZADA IN SUPPORT OF PERFECT 10'S MOTION FOR EVIDENTIARY AND OTHER SANCTIONS AGAINST GOOGLE**<br>Hon. Stephen J. Hillman<br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 550<br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |
| 19 AND COUNTERCLAIM<br>20<br>21 PERFECT 10, INC., a California corporation,<br>22         Plaintiff,<br>23     vs.<br>24 AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and<br>25 DOES 1 through 100, inclusive,<br>26         Defendants. | |

27

28

Google hereby submits the following objections to various portions of the Declaration of Dr. Norman Zada ("Zada Decl.") (Dkt. No. 635, filed under seal) and the Reply Declaration of Dr. Norman Zada ("Zada Reply Decl.") (Dkt. No. 659, filed under seal (collectively, "Zada Declarations") submitted in support of Perfect 10, Inc.'s ("P10") Motion for Evidentiary and Other Sanctions Against Google and/or for the Appointment of a Special Master (Dkt. No. 617) ("Sanctions Motion"), which portions are inadmissible and should be disregarded for purposes of Perfect 10's Sanctions Motion.

## I. PORTIONS OF THE DECLARATIONS OF DR. NORMAN ZARA ARE INADMISSIBLE AND SHOULD BE DISREGARDED.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181-82 (9th Cir. 1988); Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). The Zada Declarations fails to meet these standards in several respects.

**Relevance.** Evidence must be relevant to be admissible. Fed. R. Evid. 401; 403. McCormick v. City of Lawrence, Kan., 2007 WL 38400, at *3 (D. Kan. Jan. 5, 2007). P10's Sanctions Motion seeks evidentiary sanctions against Google, and to justify such sanctions, P10 must demonstrate (among other things) that Google has violated Court orders on discovery issues. See Google's Opposition to P10's Motion for Evidentiary Sanction (Dkt. No. 647) at 1-5. But the Zada Declarations do not provide evidence of any such violations—rather, they introduce purported evidence regarding:

(1) the merits and contents of documents Google in fact did produce (including Zada Dec. ¶¶ 4-11, 16-18, 24-26, and 28-37; and Zada Reply Decl. ¶¶ 21-27 and 32), and

(2) Perfect 10's views regarding Google's eligibility for safe harbor under the DMCA, 17 U.S.C. § 512 (including Zada Decl. ¶¶ 9-10, 12-19, 28, 30, 32, 38, 40, 43 and 44; and Zada Reply Decl. ¶¶ 8, 14-19 and 31-32). Such evidence is irrelevant to P10's Sanctions Motion and should be disregarded.

**Foundation/Personal Knowledge.** Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. The Zada Declarations fail to establish that Dr. Zada possesses the required personal knowledge to establish a proper foundation for much of his testimony (including at Zada Decl. ¶¶ 6, 10, 14, 24, 28, 30, and 32; and Zada Reply Decl. ¶¶ 5-7, 9, 14, 17, 22, 24, 26, and Exh. 29). Further, much of the Zada Declarations consist of unsupported testimony that Dr. Zada personally believes additional documents must exist (for example, Zada Decl. ¶¶ 4, 35, and 44; Zada Reply Decl. ¶¶ 11, 26-27. Dr. Zada has no basis for such testimony. Indeed, with respect to both Declarations, Dr. Zada himself admits that he cannot fully attest to the accuracy of the purported "facts" to which he testifies. See Zada Decl. ¶ 45; Zada Reply Decl. ¶ 33. This alone renders his Declarations inadmissible.

**Hearsay.** Hearsay evidence is inadmissible unless it has been defined as non-hearsay or the proponent establishes eligibility for one or more exceptions under the Rules. Fed. R. Evid. 801-804. The Zada Declarations contain inadmissible hearsay not subject to any exception (including Reply Zada Decl. Exh. 29); this purported evidence should therefore be disregarded.

DATED: January 15, 2010     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By *Rachel Herrick Kassabian*
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.