Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff PERFECT 10, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>          Plaintiff,<br>   v.<br><br>GOOGLE INC., a corporation,<br><br>          Defendants.<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**Before Judge Stephen J. Hillman**<br><br>**DECLARATION OF JEFFREY N. MAUSNER IN SUPPORT OF PERFECT 10'S REQUEST FOR TELEPHONIC CONFERENCE WITH JUDGE HILLMAN**<br><br>Date: None set<br>Time: None set<br>Place: Courtroom 550, Courtroom of the Honorable Stephen J. Hillman<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

| | |
|---|---|
| 1 | **DECLARATION OF JEFFREY N. MAUSNER** |
| 2 | I, Jeffrey N. Mausner, declare as follows: |
| 3 | 1. I am a member of the State Bar of California and admitted to practice |
| 4 | before this Court. I am counsel of record for Plaintiff Perfect 10, Inc. ("Perfect |
| 5 | 10") in this action. All of the matters stated herein are of my own personal |
| 6 | knowledge, except where otherwise stated, and if called as a witness, I could and |
| 7 | would testify competently thereto. |
| 8 | 2. Attached hereto as Exhibit 1 are true and correct copies of emails |
| 9 | between me and Rachel Herrick Kassabian, Google's attorney, with portions |
| 10 | highlighted. |
| 11 | I declare under penalty of perjury under the laws of the United States of |
| 12 | America that the foregoing is true and correct to the best of my knowledge. |
| 13 | Executed on January 26, 2010, at Los Angeles County, California. |
| 14 | |
| 15 | */s/ Jeffrey N. Mausner* |
| | Jeffrey N. Mausner |

- 1 -
Declaration Of Jeffrey N. Mausner In Support Of Perfect 10's Request For
Telephonic Conference With Judge Hillman

# Exhibit 1

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Sunday, January 17, 2010 8:05 AM |
| **To:** | rachelkassabian@quinnemanuel.com; bradlove@quinnemanuel.com; thomasnolan@quinnemanuel.com |
| **Subject:** | Production of the documents that have not been produced by Google |

Rachel, please let me know what times you are available in the coming week to discuss production of the documents that have not been produced by Google, as discussed in the hearing on Friday. Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Tuesday, January 19, 2010 3:46 PM |
| **To:** | rachelkassabian@quinnemanuel.com; bradlove@quinnemanuel.com; thomasnolan@quinnemanuel.com |
| **Subject:** | RE: Production of the documents that have not been produced by Google |

Rachel, Brad, or Tom: Please respond to the email below. Thanks, Jeff.

**From:** Jeffrey Mausner [mailto:jeff@mausnerlaw.com]
**Sent:** Sunday, January 17, 2010 8:05 AM
**To:** Rachel Herrick Kassabian rachelkassabian@quinnemanuel.com; Brad R. Love bradlove@quinnemanuel.com ; Thomas Nolan thomasnolan@quinnemanuel.com
**Subject:** Production of the documents that have not been produced by Google

Rachel, please let me know what times you are available in the coming week to discuss production of the documents that have not been produced by Google, as discussed in the hearing on Friday. Jeff.

This e-mail may be confidential or may contain information which is protected by the attorney-client privilege and work product doctrine, as well as other privileges. If you are not the intended recipient of this e-mail, any dissemination or copying of this message is strictly prohibited. Anyone who mistakenly receives this e-mail should notify the sender immediately by telephone or return e-mail and delete it from his or her computer.

Jeffrey N. Mausner
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Telephone: (310)617-8100; (818)992-7500
Facsimile: (818)716-2773
e-mail: jeff@mausnerlaw.com

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com] |
| **Sent:** | Wednesday, January 20, 2010 6:54 AM |
| **To:** | 'jeff@mausnerlaw.com'; Brad R. Love; Thomas Nolan |
| **Subject:** | Re: Production of the documents that have not been produced by Google |

Jeff,
I am currently traveling but will respond to your email below shortly. In the meantime, there is quite a backlog of Google meet and confer emails/letters for which we are still awaiting a response from P10. We'd appreciate it if you could respond to those now. Thanks.
Rachel

Rachel Herrick Kassabian, Partner
Quinn Emanuel LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA. 94065
Direct: (650) 801-5005
Office: (650) 801-5000
Fax: (650) 801-5100

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com] |
| **Sent:** | Friday, January 22, 2010 11:45 AM |
| **To:** | 'jeff@mausnerlaw.com' |
| **Cc:** | Brad R. Love; Thomas Nolan |
| **Subject:** | RE: Production of the documents that have not been produced by Google |

Jeff,

==We'd be happy to meet and confer with Perfect 10 regarding whatever document issues it wishes to pursue. However, we cannot have a productive conversation until Perfect 10 first identifies in writing what specific issues it has, regarding which specific documents, pursuant to Local Rule 37-1.== Your reference to documents "discussed at the hearing on Friday" doesn't help us, since it was a four-hour hearing during which many document-related issues were discussed, including the fact that Perfect 10 has never actually requested many of the categories of documents upon which it based its sanctions motion. Accordingly, please provide Google with a letter identifying what documents Perfect 10 believes have not been produced, and what discovery requests Perfect 10 believes call for those documents. Once we have this information, we'd be happy to investigate and address these issues, by teleconference if you'd like. Again, if in your email below you are referring to documents Perfect 10 has not yet requested pursuant to Rule 34, then Perfect 10 needs to follow the Federal Rules, like any other litigant, and serve requests properly calling for those documents.

Also, I'd like to reiterate that there are a number of still-outstanding issues that Google has raised through meet and confer efforts, to which Perfect 10 has provided no substantive response. For instance, on October 30, 2009 – nearly three months ago – we sent Perfect 10 a meet and confer letter regarding issues that arose during Ms. Chou's deposition. Perfect 10 still has not responded to Google's letter. Similarly, on November 6, 2009 Google sent Perfect 10 meet and confer correspondence regarding Perfect 10's deficient responses to Google's Fifth Set of Interrogatories. To date, Perfect 10 has completely ignored this correspondence, other than to tell us you were too busy to respond to it. Further, we also have not received a response to our letter requesting a deposition date for Ms. Giovanni (whom Perfect 10's counsel is representing), though it was sent nearly two weeks ago. Perfect 10 may not demand immediate meet and confer sessions with Google while simultaneously ignoring Google's meet and confer requests for weeks or months at a time. If Perfect has time to address its own discovery issues, then it has time to respond to Google's discovery issues. As I requested below, please extend us the same courtesies you now seek by providing full and complete substantive responses to all of Google's long-outstanding discovery issues now.

Regards,

Rachel

**Jeffrey Mausner**

| | |
|---|---|
| From: | Jeffrey Mausner [jeff@mausnerlaw.com] |
| Sent: | Friday, January 22, 2010 10:00 PM |
| To: | 'Rachel Herrick Kassabian' |
| Cc: | 'Brad R. Love'; 'Thomas Nolan' |
| Subject: | RE: Production of the documents that have not been produced by Google |

Hi Rachel. I think the documents that we have requested, and are requesting, are clear. As you said, we spent close to four hours discussing them at the hearing. We have also extensively briefed these issues, including the requests that Perfect 10 made, the Orders to produce, and the representations and promises made by Google regarding production of the documents. Nevertheless, below is a summary:

1. All spreadsheets, in electronic format such as Excel, that Google has that can be considered parts of a DMCA log. This includes logs for search, Blogger, AdSense, Adwords, Google Groups, or any other Google program or product. All such spreadsheets should be produced, in their entirety, without any columns or information removed. (Requests for Production 51 and 196, and Orders thereon.)

2. All spreadsheets, in electronic format such as Excel, that Google has that provide any of the following information: summarize DMCA notices received, the identity of the notifying party and the accused infringer, and/or the actions (if any) taken in response, including the date of response. This includes, but is not limited to, notices provided by Perfect 10. This includes spreadsheets for search, Blogger, AdSense, Adwords, Google Groups, or any other Google program or product. All such spreadsheets should be produced, in their entirety, without any columns or information removed. (Requests for Production 51 and 196, and Orders thereon.)

3. All notices of termination issued by Google as a result of alleged intellectual property violations. This includes such notices for search, Blogger, AdSense, Adwords, Google Groups, or any other Google program or product. (*See* Judge Hillman's May 22, 2006 Order, page 5, lines 15-20.)

4. All notices received by Google regarding intellectual property violations, including for search, Blogger, AdSense, Adwords, Google Groups, or any other Google program or product. *See* Defendant Google Inc.'s Responses and Objections to Plaintiff's Fifth Set of Requests for the Production of Documents, No. 196 (Page 57 of Mausner Decl.; *see also* Joint Stipulation Re Plaintiff Perfect 10, Inc.'s Motion to Compel Google to Produce Documents, Mausner Decl. Exh. L, p. 86, lines 21-22.)

5. Request for Production No. 29. Has Google made an attempt to determine who owns the websites listed in Judge Hillman's May 22, 2006 Order, page 5 line 21 to page 6 line 10? What did Google do to make that determination?

6. Did Google search the computers of every employee who is listed on GGL 33428 to 33433 for each of the documents in Perfect 10's Requests for Production which Google agreed to produce or was ordered to produce? Have any emails sent or received from any of those employees been lost or destroyed?

Please give me times next week when you are available to discuss these matters.

We will continue to address Google's numerous discovery requests and demands under separate cover, as soon as we are able.

Jeff.

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com] |
| **Sent:** | Monday, January 25, 2010 12:56 PM |
| **To:** | Jeffrey Mausner |
| **Cc:** | Brad R. Love; Thomas Nolan; Michael T Zeller |
| **Subject:** | RE: Production of the documents that have not been produced by Google |

Jeff,

Prefect 10's demands are anything but clear, as evidenced by your email below, which includes (1) issues Perfect 10 never raised in its prior briefing, (2) issues the Court has already resolved, and (3) demands for documents related to Google products and services that are not even at issue in this lawsuit. We will consider, investigate and prepare a written response to your email below. In the meantime, as I have requested several times before, please respond to Google's previous (and long-outstanding) meet and confer correspondence.

Regards,

**Rachel Herrick Kassabian |** *Partner*
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Monday, January 25, 2010 3:03 PM |
| **To:** | 'Rachel Herrick Kassabian' |
| **Cc:** | 'Brad R. Love'; 'Thomas Nolan'; 'Michael T Zeller' |
| **Subject:** | RE: Production of the documents that have not been produced by Google |

Rachel, I disagree with your comments below regarding the documents.  I think at this point we should set up the conference call with Judge Hillman.  Jeff.

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Rachel Herrick Kassabian [rachelkassabian@quinnemanuel.com] |
| **Sent:** | Monday, January 25, 2010 3:52 PM |
| **To:** | Jeffrey Mausner |
| **Cc:** | Brad R. Love; Thomas Nolan; Michael T Zeller |
| **Subject:** | RE: Production of the documents that have not been produced by Google |

Jeff,

Perfect 10 cannot go rushing to Judge Hillman any time it is not happy with one of my emails. Perfect 10 needs to follow the meet and confer rules, like all other litigants. Until the parties have worked out what they can agree to, what they can't, and what their respective positions are on each and every one of the unresolved issues, any motion practice (let alone a hearing) is premature.

My response stands.

**Rachel Herrick Kassabian | *Partner***
**Quinn Emanuel Urquhart Oliver & Hedges LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5005 Direct
650.801.5000 Main
650.801.5100 Fax
rachelkassabian@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Jeffrey Mausner

| | |
|---|---|
| **From:** | Jeffrey Mausner [jeff@mausnerlaw.com] |
| **Sent:** | Tuesday, January 26, 2010 12:31 AM |
| **To:** | 'Rachel Herrick Kassabian' |
| **Cc:** | 'Brad R. Love'; 'Thomas Nolan'; 'Michael T Zeller' |
| **Subject:** | RE: Production of the documents that have not been produced by Google |

Rachel, these documents are directly relevant to pending summary judgment motions before Judge Matz. Judge Hillman said that we should try to resolve this over the next week or so, and if we couldn't, he could do so in a telephone conference. Jeff.