QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S OPPOSITION TO PERFECT 10, INC.'S REQUEST FOR A TELEPHONIC CONFERENCE WITH MAGISTRATE JUDGE HILLMAN**<br><br>Hon. Stephen J. Hillman<br><br>Date: None set<br>Time: None set<br>Crtrm.: 550<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | |

01980.51320/3298487.1

GOOGLE'S OPPOSITION TO PERFECT 10'S REQUEST FOR A TELEPHONIC CONFERENCE

At the January 15, 2010 hearing on Perfect 10's ("P10") motion for evidentiary sanctions, this Court reprimanded Perfect 10 for its "appalling" conduct in filing its motion without ever having properly met and conferred with Google regarding the underlying discovery issues.[1] P10 nevertheless again rushes to this Court and demands a telephonic hearing regarding issues P10 has not yet even given Google a chance to respond to. P10's demand should be rejected.

Just two business days ago, P10 sent Google an email listing several categories of documents about which it wished to meet and confer. The next business day—yesterday—Google sent P10 an email confirming that it would consider, investigate and respond to each of P10's demands in writing. See Declaration of Jeffrey Mausner (Dkt. No. 750) ("Mausner Decl.") at Exh. 1, pp. 8-10.[2] Today, rather than give Google the opportunity to provide that response, P10 burdens this Court with a woefully premature "Request" for a telephonic conference to discuss P10's demands.[3] (Dkt. No. 749). P10's Request lacks merit. Motion practice—let alone a hearing—would be pointless at this stage, since Google has not yet even had the opportunity to investigate and respond to P10's January 22 meet and confer email. Nor have the

---

[1] At the January 15, 2010 hearing, the Court commented that it was inclined to deny P10's Sanctions Motion, observing among other things that the Court found it "inconceivable" that Google was on any kind of notice that it was obliged to produce Blogger-related discovery prior to P10's amendment to add Blogger to the case, and that the Court was not left with the impression that any discovery order had been violated.

[2] Since P10 failed to consecutively number its Declaration and Exhibits as required by Local Rule 11-5.2, Google refers to the page numbers of the .pdf file itself.

[3] P10 presents a lengthy paraphrase from an informal transcription of the audio tape from the January 15, 2010 hearing. Even assuming its accuracy, this quotation hardly supports P10's Request—obviously, the Court was not contemplating a telephonic conference before the parties completed meet and confer. Moreover, P10 omits the portions of the transcript wherein the Court reprimanded P10 for failing to properly meet and confer before bringing a motion (as P10 again does here).

parties had the opportunity to identify which issues can be resolved without Court intervention, and which issues will require the Court's consideration.

This is only the most recent example of P10's repeated failure to comply with the Court's meet and confer requirements. See Google's Response to P10's Evidentiary Objections to the Reply Declaration of Rachel Herrick Kassabian (Dkt. No. 728) at 3-5 (recounting five separate examples of P10's failure to participate in the meet-and-confer process in good faith).[4] P10 should not be permitted, let alone rewarded, for burdening the Court with unripe discovery issues, and its "Request" should be denied.

Moreover, P10's insistence that there is some urgency here because the documents it claims to be seeking are "directly relevant to pending summary judgment motions before Judge Matz" is incorrect. See Request at 1. Google's motions for summary judgment regarding its entitlement to DMCA safe harbor ("DMCA Motions") have been fully briefed and under submission for months now. See Order dated August 13, 2009 (Dkt. No. 500). Judge Matz has not requested further briefing, nor has P10 asked Judge Matz for leave to file a motion to reopen briefing on Google's DMCA Motions. And further, P10 has made repeated representations—in words and in conduct—both to this Court and to Judge Matz that no further discovery was needed for Judge Matz to rule on DMCA issues.[5] P10 has

---

[4] When Google has requested that P10 meet and confer regarding issues **Google** wishes to pursue, P10 has ignored Google's efforts for weeks or months at a time. See Mausner Decl. at Exh. 1, p. 7 (1/22/10 email from R. Kassabian to J. Mausner listing various of Google's meet and confer correspondence to which P10 has not responded for as many as three months, and again requesting a response). P10's dilatory conduct underscores the unreasonableness of P10's election to rush into court after giving Google just **24 hours** to respond to P10's current discovery demand.

[5] For example, P10 opposed Google's DMCA Motions on their merits (without ever suggesting that discovery was incomplete, let alone filing a Rule 56(f) motion) (Dkt. Nos. 473-484), and even filed its own summary judgment motion on the
(footnote continued)

no basis for demanding an "emergency" hearing on these unripe—and at this point irrelevant—discovery issues.

Perfect 10's Request for a telephonic conference should be denied.

DATED: January 26, 2010  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.

---

DMCA issue (Dkt. No. 436). See Access Telecom, Inc. v. MCI Telecommunications Corp., 197 F.3d 694, 719 (5th Cir. 1999) (plaintiff "waived the issue of inadequate discovery" by failing to file a Rule 56(f) motion); Sullivan v. City of Springfield, 561 F.3d 7, 16 (1st Cir. 2009) (plaintiffs could not argue that summary judgment was premature when "they affirmatively requested that the court resolve the case on the existing evidence"). P10 also has expressly *disclaimed* a Rule 56(f) continuance in its Reply brief filed in support of its Sanctions Motion. See Sanctions Reply (Dkt. No. 683, filed under seal) at 24 ("Perfect 10 is not seeking a continuance under Rule 56(f) ….").