Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                Plaintiff,<br>    v.<br><br>GOOGLE INC., a corporation,<br><br>                Defendants.<br><br>_____<br><br>AND CONSOLIDATED CASE. | Case No. CV 04-9484 AHM (SHx)<br>Consolidated with Case No. CV 05-4753 AHM (SHx)<br><br>**Before Judge Stephen J. Hillman**<br><br>**PERFECT 10'S REPLY IN SUPPORT OF REQUEST FOR TELEPHONIC CONFERENCE WITH JUDGE HILLMAN**<br><br>Date: None set<br>Time: None set<br>Place: Courtroom 550, Courtroom of the Honorable Stephen J. Hillman<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

**1. PERFECT 10 HAS THOROUGHLY MET AND CONFERRED WITH GOOGLE REGARDING THE DOCUMENTS, AND HAS ATTEMPTED TO MEET AND CONFER FURTHER WITH GOOGLE.**

Google's claim that Perfect 10 did not meet and confer in connection with this motion, or in connection with seeking these documents, is completely wrong. Prior to filing the motion, Perfect 10 repeatedly wrote to Google and tried to call Google to meet and confer. Exhibit O to the Declaration Of Jeffrey N. Mausner In Support Of Perfect 10's Motion For Evidentiary And Other Sanctions, Docket No. 618, sets forth some of those attempts. Perfect 10 requests that the Court look at Exhibit O, which runs from page 118 to page 155 in Docket No. 618. Pages 121-122[1] contains a letter from Perfect 10 to Google dated October 22, 2009, which sets forth the motion that Perfect 10 contemplated filing, and stated: "We will call you tomorrow so that we may meet and confer telephonically regarding the Motion." Perfect 10's attorney tried to call Google's attorneys on October 23, was not able to reach them, and left a message. Instead of calling back, Google's attorneys wrote back an email, at pages 124-125, asking for more details. Perfect 10 provided those details in a 9 page single spaced letter on October 25, 2009, found at pages 126-134. This letter set forth the documents which had not been produced, in detail. The letter concludes: "I will call you tomorrow to discuss these matters." *Id.* at page 134 of Docket No. 618. Perfect 10's attorney again tried to call Google's attorneys on October 26, was not able to reach them, and left a message. See email from Mausner on page 137:

> Rachel and Tom: Pursuant to the letters I emailed to you and others on October 22 and 25, I called you today to further meet and confer regarding the issues raised in those letters, but got voice-mail. (Valerie and Dr. Zada were on the phone as well.) If you wish to further meet

---

[1] Page numbers herein refer to the numbers that are placed at the top of the pages by the ECF filing system, e.g. 121 of 155.

1  and confer regarding this matter, please call me either today or

2  tomorrow to do so. Jeff.

3  Instead of calling back, Google's attorneys wrote back another email, at pages

4  136-137, asking for more details. Perfect 10 responded and provided the requested

5  information in a letter dated October 27, 2009, pages 138-139. Google wrote back

6  yet another email, at pages 141-142, asking for more details, and Perfect 10

7  responded by letter dated November 2, 1009, pages 143-144. Google wrote back a

8  detailed letter on November 20, 2009, pages 147-155, making clear that it would not

9  produce any of the documents.

10  After the January 15, 2010 hearing, Perfect 10 attempted to set up a telephone

11  conference with Google's attorneys, pursuant to the Court's suggestion. *See*

12  Declaration of Jeffrey N. Mausner in Support of Perfect 10's Request for Telephonic

13  Conference With Judge Hillman, Docket No. 750. Perfect 10 sent an email to

14  Google on January 17, as follows:

15  Rachel, please let me know what times you are available in the coming

16  week to discuss production of the documents that have not been

17  produced by Google, as discussed in the hearing on Friday. Jeff.

18  *Id.* page 3.[2] Not having received a response, Perfect 10 sent another email to

19  Google on January 19, reiterating the request to set up a time to discuss production

20  of the documents. *Id.* page 5.

21  Instead of providing a date to discuss these matters by telephone, on January

22  22, Google asked Perfect 10 to "identif[y] in writing what specific issues it has,

23  regarding which specific documents, pursuant to Local Rule 37-1." *Id.* page 7. It is

24  obvious that, after months of meet and confers, motion practice, and the four hour

25  _____

26  [2] Google's claim that Perfect 10 gave Google only 24 hours to respond is incorrect, since this email was sent on the morning of January 17 and the Request for

27  Telephonic Hearing was not filed until January 26, nine days later. Google still has not provided a date for a telephone conference.

28

Perfect 10's Reply Re Request For Telephonic Conference With Judge Hillman

hearing on January 15, Google knew the answer to this question. Nevertheless, Perfect 10 responded that same night, setting forth a list of the documents and the details Google requested. Perfect 10's email again concluded:

> "Please give me times next week when you are available to discuss these matters." *Id.* at 8.

Google never provided such a time. Perfect 10 requests that the Court review Exhibit O in Docket No. 618 and Exhibit 1 in Docket No. 750 in determining whether Perfect 10 has adequately met and conferred regarding these documents.[3]

## 2. THE IMPORTANCE OF THESE DOCUMENTS AND WHY THEY HAVE TO BE PRODUCED QUICKLY

Google has filed several motions for summary judgment without providing Perfect 10 evidence highly relevant to those motions. Perfect 10 is entitled to ***all*** termination notices that Google has issued relating to both AdSense and Blogger, neither of which Google has produced, to be able to ***fully and fairly*** oppose Google's motions. As it now stands, Google has claimed that it terminated both AdSense and Blogger repeat infringers, but Google ***has not produced a single termination notice for either its AdSense Sheets or its Blogger Sheets.*** So even if the Court accepts Google's argument that it didn't need to produce the Blogger notices because Blogger wasn't in the case until the Second Amended Complaint, that excuse doesn't hold for AdSense, because AdSense was specifically mentioned in the First Amended Complaint filed in January 2005. Failure to produce any AdSense notices related to Google's AdSense Sheets is a clear violation of this

---

[3] Google's extraneous complaint about Perfect 10's responses to unrelated meet and confer requests is irrelevant and incorrect. Google, along with Amazon, have bombarded Perfect 10's attorney with request after request. Perfect 10 and the Law Offices of Jeffrey Mausner do not have the resources that Google, Amazon, Quinn, Emanuel, and Townsend & Townsend have. Perfect 10 responds to these requests as quickly as possible. Most of these requests relate to issues like damages and depositions of Perfect 10 models, for which there is no urgency. In contrast, the documents Perfect 10 is seeking relate to already pending summary judgment motions.

Perfect 10's Reply Re Request For Telephonic Conference With Judge Hillman

Court's May 22, 2006 Order, which needs to be rectified immediately. [4]

Google's primary witness, Shantal Rands Poovala, has made incorrect statements in her declaration, to the effect that the Blogger Sheets were "complete" when in fact they were missing at least 200,000 URLs, more than ten times the number of URLs in those sheets.

Perfect 10 is entitled to all DMCA notices, blogger and non-blogger, before Judge Matz rules on the summary judgment motions. Google has no basis for withholding such documents at this time.

The most important document that Google is still attempting to suppress, despite its being ordered by Judge Matz, is a complete DMCA log in spreadsheet format, as it is maintained, which would be in Excel format. Google has no basis to withhold that critically important document either.

Google's argument that Perfect 10 already filed its oppositions to the summary judgment motions and its own summary judgment motion misses the point. Perfect 10 did not know about these missing documents when it filed its summary judgment motion and opposition. For example, Perfect 10 didn't know, until Google filed its sur-reply in this Court several weeks ago, that ***Google never produced any termination notices related to its AdSense Sheets or Blogger Sheets.*** Perfect 10 also did not know that Google withheld a large number of DMCA notices that it had received from the RIAA and MPAA, until after it opposed Google's summary judgment motions and filed its motion. Now that Perfect 10 knows, and Google does not deny, that there are additional relevant documents that have not been produced, those documents should be produced immediately. [5] A telephone

---

[4] The statements of the Court set forth in Perfect 10's Request for Telephonic Hearing, Docket No. 749, page 1 line 12 to page 2 line 3, are quotes, not "paraphrases" as Google claims.

[5] Perfect 10 did seek the production of these documents in the currently pending Motion for Sanctions. In the Notice of Motion, Docket No. 617, Perfect 10 moved for the following:

Perfect 10's Reply Re Request For Telephonic Conference With Judge Hillman

conference should be held to resolve this.

Dated: January 27, 2010        LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*

Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.

3. That Google be compelled to produce the documents which it has failed to produce, as set forth in the Memorandum of Points and Authorities, within 10 days after this Court rules on this Motion. These documents include, but are not limited to, the following: (a) the "spreadsheet-type" DMCA log "summarizing DMCA notices received, the identity of the notifying party and the accused infringer, and the actions (if any) taken in response," which Google has failed to produce in violation of this Court's May 13, 2008 Order and earlier orders of Magistrate Judge Hillman; (b) the DMCA notices and other documents that Google has failed to produce in violation of the Court's orders and Google's representations that such documents have been produced. Perfect 10 should then be given an opportunity to file a sur-reply in connection with the Summary Judgment Motions and seek monetary sanctions before this Court rules on those motions.

Notice of Motion, Docket No. 617, paragraph 3 (first unnumbered page, lines 17-28). *See also* the Proposed Order, Docket No. 617-2, page 1 lines 12-21.