1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
3    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
4    Facsimile: (213) 443-3100
       Charles K. Verhoeven (Bar No. 170151)
5      charlesverhoeven@quinnemanuel.com
     50 California Street, 22nd Floor
6    San Francisco, California 94111
       Rachel Herrick Kassabian (Bar No. 191060)
7      rachelkassabian@quinnemanuel.com
     555 Twin Dolphin Drive, 5th Floor
8    Redwood Shores, California 94065

9    Attorneys for Defendant GOOGLE INC.

10

11                     UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13   PERFECT 10, INC., a California        CASE NO. CV 04-9484 AHM (SHx)
     corporation,                          [Consolidated with Case No. CV 05-
14                                          4753 AHM (SHx)]
                Plaintiff,
15                                          **DISCOVERY MATTER**
          vs.
16                                          **GOOGLE INC.'S REQUEST FOR
     GOOGLE INC., a corporation; and        AN ORDER REQUIRING SERVICE
17   DOES 1 through 100, inclusive,          OF THE UNDER SEAL VERSION
                                             OF THE AMAZON DEFENDANTS'
18              Defendants.                   MOTION TO COMPEL
                                             PRODUCTION OF THE
19   ─────────────────────────────          MICROSOFT SETTLEMENT
     AND COUNTERCLAIM                         AGREEMENT (AND ALL
20                                           SUPPORTING UNDER SEAL
     ─────────────────────────────          DOCUMENTS)**
21   PERFECT 10, INC., a California
     corporation,                           **[Declaration of Thomas Nolan and
22                                          (Proposed) Order filed concurrently]**
                Plaintiff,
23                                          Hon. Stephen J. Hillman
          vs.
24                                          Date:  None set
     AMAZON.COM, INC., a corporation;       Time:  None set
25   A9.COM, INC., a corporation; and       Crtrm.: 550
     DOES 1 through 100, inclusive,
26                                          Discovery Cutoff:  None Set
                Defendants.                 Pretrial Conference Date:  None Set
27                                          Trial Date:  None Set

28

01980.51320/3298446.3

─────────────────────────────────────────────────────────────
GOOGLE'S REQUEST FOR AN ORDER REQUIRING SERVICE OF THE UNDER SEAL VERSION OF THE
AMAZON DEFENDANT'S MOTION TO COMPEL (AND ALL SUPPORTING UNDER SEAL DOCUMENTS)

On January 20, 2010, the Amazon Defendants filed a Motion to Compel Perfect 10, Inc. ("P10") to produce the settlement agreement that resolved the *Microsoft* case (Dkt. No. 364 in the consolidated case) (the "Amazon Motion"). Both the Amazon Defendants and P10 filed various documents in support of their positions as well, including the Declaration of Mark Jansen (and exhibits thereto) and the Declaration of Jeffrey Mausner (and exhibits thereto) (also at Dkt. No. 364 in the consolidated case). Google received an ECF notice of this filing and obtained the public redacted versions of these filings from the ECF system. However, neither the Amazon Defendants or Perfect 10 served Google with the unredacted under-seal versions of these filings (see Docket Nos. 368 and 369), as is the rule and practice in these consolidated cases.

Accordingly, on January 22 and 25, 2010, respectively, Google requested that Amazon and P10 serve Google with the complete and unredacted versions of these filings. See Declaration of Thomas Nolan filed concurrently ("Nolan Decl.") at ¶ 2 (describing request to Amazon); ¶ 3 (describing request to P10); and Exh. A (email exchange with P10). Amazon and P10 declined to do so. Id. at ¶¶ 2-3 and Exh. A. Amazon's position is that it cannot give Google the unredacted documents because, as a condition for receiving certain information about the settlement from Microsoft, Microsoft required the Amazon Defendants to agree that they would not further disclose that information to Google or its attorneys. Id. at ¶ 2. P10's position is that P10 (and Microsoft) have not consented to Google seeing the redacted material, and that "[t]herefore, Google is not entitled to see the redacted material." Id. at ¶ 3 and Exh. A; see also Joint Stipulation (Dkt. No. 364 in the consolidated case) at 1 (describing agreement with Microsoft). Google now asks this Court to order Amazon and P10 to serve Google with the unredacted papers that were filed under seal. See Docket Nos. 368 and 369.

The Federal and Local Rules require service of all filed documents on all parties. See Fed. R. Civ. P. 5(a) (requiring service of all pleadings on all parties

01980.51320/3298446.3

unless the Rules provide otherwise); <u>Local Rules</u> 6-1 and 7-5 (requiring service of moving papers). The *Google* and *Amazon* cases have been consolidated for discovery purposes. <u>See</u> Order dated September 19, 2005 (Dkt. No. 34) ("The Court specifically … grants the request to consolidate CV05-4753-AHM (SHx): *Perfect 10, Inc. v. Amazon.Com, Inc., et al.* with CV04-9484-AHM (SHx): *Perfect 10, Inc. v. Google, Inc., et al.*"). Indeed, Judge Matz affirmed in his December 22, 2008 Order that the *Google* and *Amazon* cases are to be treated as consolidated. <u>See</u> Order dated December 22, 2008 (Dkt. No. 400) ("The Court consolidates these three actions for the purpose of ensuring that Google and Amazon (including A9 and Alexa) are automatically included in the Court's ECF system on all filings in Microsoft. The Clerk's Office is instructed to treat these cases as consolidated."). Thus, Google, as a party to these consolidated cases, is entitled to be served with all papers and exhibits filed in the *Amazon* case.

P10 has identified no legal basis for declining to serve Google with any filed document, nor is there one. If P10 wishes to designate certain portions of the Amazon Motion as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order (Dkt. No. 94), it may do so—but it may not simply decline to serve Google with these filed documents. And as for the Amazon Defendants, while Google appreciates that Microsoft has made certain demands, Microsoft's wishes do not trump (1) the Federal and Local Rules requiring service of all filings on all parties, (2) the Court's Consolidation Order, and (3) the Protective Order. To the extent that certain of Microsoft's confidential information is included in the Amazon Motion, it is free to designate that information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order. <u>See</u> Protective Order (Dkt. No. 94) at ¶ 3 (nonparties may designate information Confidential). However, Microsoft may not dictate what court filings are or are not served upon the parties in this case.

01980.51320/3298446.3

GOOGLE'S REQUEST FOR AN ORDER REQUIRING SERVICE OF THE UNDER SEAL VERSION OF THE AMAZON DEFENDANT'S MOTION TO COMPEL (AND ALL SUPPORTING UNDER SEAL DOCUMENTS)

Moreover, this filing directly implicates issues relevant to the *Google* case. For example, the Amazon Defendants argued that the settlement agreement is relevant to liability and damages issues. Joint Stipulation (Dkt. No. 364 in the consolidated case) at 7 and 12. Although portions of the Amazon Defendants' argument on this point are redacted, the Amazon Defendants did make clear that P10's settlement agreement with Microsoft reveals relevant information concerning the copyrighted works P10 purports to own, and the alleged value of those works. Id. These arguments apply with equal force in the *Google* case, making the Microsoft settlement agreement relevant for Google as well. In fact, Google has served P10 with a document request calling for production of the Microsoft settlement agreement, but P10 has refused to produce it. Nolan Decl. ¶ 5. Accordingly, it may be necessary for Google join in the Amazon Motion. Google cannot make that determination without first having received service of and reviewed the complete, unredacted Amazon Motion (and supporting papers).

Accordingly, Google respectfully requests that the Court order the Amazon Defendants and P10 to serve Google with the complete and unredacted version of the Amazon Motion (Docket No. 368, filed under seal) and all supporting papers.

DATED: January 27, 2010   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _Rachel Herrick Kassabian_
   Rachel Herrick Kassabian
   Attorneys for Defendant GOOGLE INC.

01980.51320/3298446.3

-3-

GOOGLE'S REQUEST FOR AN ORDER REQUIRING SERVICE OF THE UNDER SEAL VERSION OF THE
AMAZON DEFENDANT'S MOTION TO COMPEL (AND ALL SUPPORTING UNDER SEAL DOCUMENTS)