| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | Michael T. Zeller (Bar No. 196417) |
| 2 | michaelzeller@quinnemanuel.com |
| | 865 South Figueroa Street, 10th Floor |
| 3 | Los Angeles, California 90017-2543 |
| | Telephone: (213) 443-3000 |
| 4 | Facsimile: (213) 443-3100 |
| | Charles K. Verhoeven (Bar No. 170151) |
| 5 | charlesverhoeven@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| 6 | San Francisco, California 94111 |
| | Rachel Herrick Kassabian (Bar No. 191060) |
| 7 | rachelkassabian@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| 8 | Redwood Shores, California 94065 |

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S NOTICE OF JOINDER IN THE AMAZON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF THE MICROSOFT SETTLEMENT AGREEMENT**<br><br>Hon. Stephen J. Hillman<br><br>Date: February 16, 2010<br>Time: 2:00 p.m.<br>Crtrm.: 550<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

01980.51320/3306323.2

GOOGLE INC.'S NOTICE OF JOINDER IN THE AMAZON DEFENDANTS' MOTION TO COMPEL

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Google Inc. hereby joins in the Amazon Defendants' Motion to Compel Production of the Microsoft Settlement Agreement, filed January 20, 2010 (Dkt. No. 364 in the consolidated case), set for hearing before the Court on February 16, 2010.

The Amazon Defendants seek to compel production of the settlement agreement that resolved Perfect 10, Inc.'s ("P10") also-consolidated case against Microsoft. As with the Amazon Defendants, Google has served a Request for Production of this document, and P10 has refused to produce it. See Declaration of Thomas Nolan ("Nolan Decl.") filed concurrently, at Exhs. A (Google's Request for Production) and B (P10's Response). And like the Amazon Defendants, Google has meet-and-conferred with P10 repeatedly—and unsuccessfully—seeking production of this document. Id. at Exh. C (meet-and-confer correspondence). Since both Amazon and Google seek production of this same document, in order to conserve the Court's valuable resources, Google now joins in the Amazon Defendants' motion for an order compelling production of this document.

The Amazon Defendants have explained that this document is relevant to several issues in the *Amazon* case. See Joint Stipulation on Motion to Compel ("Joint Stipulation") (Dkt. No. 364 in the consolidated case).[1] Specifically, the Amazon Defendants argue that "the agreement is potentially highly relevant to issues of liability and damages, and certainly is reasonably likely to lead to the discovery of

---

[1] To avoid burdening the Court with repetitive briefing, Google hereby incorporates by reference the relevant portions of both this Joint Stipulation (Dkt. No. 364 in the consolidated case) and the Amazon Defendants' Supplemental Brief in support of its Motion to Compel ("Amazon's Supplemental Brief") (Dkt. No. 370 in the consolidated case).

admissible evidence [on those issues]," and that the agreement "would provide one measure of the value of Perfect 10's copyrighted works." Id. at 7, 12.

These same arguments apply with equal force in the *Google* case. The two cases have been consolidated for discovery purposes, and in each case P10 asserts many of the same copyrighted works and the same general theories of liability and claims for damages. As such, the settlement agreement is equally relevant to P10's theories of liability and damages in both cases—including, for example, to the alleged value of P10's copyrighted works. See Joint Stipulation at 7 and 12 (and authorities cited therein). See also Smith v. NBC Universal, 2008 WL 483604, at *4 (S.D.N.Y. Feb. 22, 2008) (amount of prior settlement can be "relevant to [the jury's] determination of statutory damages"); Atmel Corp. v. Authentec Inc., 2008 WL 276393, at *1-2 (N.D. Cal. Jan. 31, 2008) (holding that settlement agreements containing licenses were, at a minimum, relevant to damages); Phoenix Solutions Inc. v. Wells Fargo Bank, N.A., 254 F.R.D. 568, 584 (N.D. Cal. 2008) ("The court recognizes the right of parties to contract for confidential settlement terms and the important policies underlying Federal Rule of Evidence 408 to encourage settlement. However, Rule 408 does not warrant protecting settlement negotiations from discovery. On its face, the rule applies to the admissibility of evidence at trial, not to whether evidence is discoverable."); Abbott Diabetes Care Inc. v. Roche Diagnostics Corp., 2007 WL 4166030, at *2 (N.D. Cal. Nov. 19, 2007) (finding that a "settlement agreement has considerable probative value for a factfinder's determination of whether LifeScan's products constitute acceptable non-infringing substitutes in the relevant market").[2]

---

[2] Further, to the extent P10 claims it need not disclose the settlement *agreement* because it has disclosed the settlement *amount*, that argument fails. See Fryer v. Brown, 2005 WL 1677940, at *6 (W.D. Wash. Jul. 15, 2005) ("Plaintiff is also instructed to provide Defendant with the sources of documents Plaintiff used in
(footnote continued)

Moreover, as the Amazon Defendants have identified, the Protective Order provides more than adequate protection to address P10's confidentiality objections—indeed, many courts have compelled disclosure of settlement agreements subject to a protective order. See Joint Stipulation at 9-14 and Amazon's Supplemental Brief at 3-5. See also Southern Shrimp Alliance v. Louisiana Shrimp Ass'n, 2009 WL 3447259, at *2 (E.D. La. Oct. 20, 2009) (compelling production of confidential settlement agreements when relevant to the defense, and finding "attorneys' eyes only" protection sufficient to protect confidentiality interests).

None of P10's cited authority holds to the contrary. P10's heavy reliance on this Court's unpublished discovery order in Perfect 10 v. Net Management Services, C.D. Cal. Case No. CV 02-3735 LGB (SHx), is misplaced. There, the Court denied a motion to compel a confidential settlement agreement in a RICO case because the "settlement documents ha[d] no relevance to Perfect 10's claims" and "no relevance to the measure of damages." By contrast, the Microsoft settlement agreement *is* relevant to P10's claims and alleged damages in the *Google* and *Amazon* cases.

DATED: February 4, 2010          Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel Herrick Kassabian
   Rachel Herrick Kassabian
   Attorneys for Defendant GOOGLE INC.

---

determining his basis for its calculation of damages. Summarily stating the figures is not sufficient."). Moreover, the amount alone, without the accompanying license terms explaining what was being licensed for that dollar figure, is plainly insufficient for damages discovery purposes.