Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367-3640
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>            Plaintiff,<br>    v.<br><br>AMAZON.COM, INC., et al.,<br><br>            Defendants. | Case No. CV05-4753 AHM (SHx)<br>CONSOLIDATED WITH CASE NO. CV04-9484 AHM (SHx)<br><br>**Discovery Matter Before Magistrate Judge Hillman**<br><br>**PERFECT 10'S OPPOSITION TO GOOGLE'S JOINDER RE MOTION TO COMPEL PRODUCTION OF MICROSOFT SETTLEMENT AGREEMENT** |
| PERFECT 10, INC., a California corporation,<br><br>            Plaintiff,<br>    v.<br><br>GOOGLE, INC., et al.,<br><br>            Defendants. | Date:  None set<br>Time:  None set<br>Ctrm.:  Courtroom of Judge Stephen J. Hillman<br><br>Discovery Cutoff: None Set<br>Motion Cutoff: None Set<br>Pretrial Conf.: None Set<br>Trial Date: None Set |

As discussed in more detail below, both this Court and other courts have recognized the importance of maintaining the confidentiality of confidential settlement agreements. Ending that policy will undoubtedly make it more difficult to settle cases, in this Court and elsewhere. There must be a very good reason for a court to abrogate the parties' specifically agreed to terms; and when that is done, only the relevant portions of the settlement agreement, rather than the agreement as a whole, should be ordered produced.

**1.   There Is No Basis Whatsoever For Google to See Any More of a Confidential Settlement Agreement That Specifically States That Google Is Not Released in Any Way.**

Both Google and Amazon.com have already been informed of the monetary amount of the settlement. Both have also been informed of the release language relating to Amazon.com's use of Microsoft's search results.

Amazon's main reason for seeking the full Settlement Agreement, that it provides a partial release of claims against the Amazon Defendants only to the extent their services, results, or advertising are or were received from Microsoft, specifically and explicitly does not apply to Google. As the Court can see from the quoted portion of the Settlement Agreement set forth in the Joint Stipulation filed under seal, Google is explicitly not released from any claims whatsoever. So there is absolutely no legitimate argument that Google should be entitled to see any more of the confidential Settlement Agreement than it has already seen. Allowing a third party such as Google to see the entirety of a confidential settlement agreement that does not release it in any way, sets a very dangerous precedent and will make settlement of future cases much more difficult in this district and elsewhere. This is an issue of great importance, not only to parties to these cases, but generally, because of the effect it will have on settlements overall. This matter has been picked up by news media, without any initiation by the parties to the case. *See* Mausner Declaration Re Google Joinder, submitted herewith, Exhibit A.

**2.     There Is No Reason for the Amazon Defendants, Let Alone Google, to See Any More of the Settlement Than They Have Already Seen.**

Perfect 10 disagrees with the basis for the Court's February 9 initial ruling: "The lengthy Release and covenant not to sue provisions appear to be relevant to issues of liability and/or damages."  As discussed above, that ruling clearly does not apply to Google.  The fact that Perfect 10 chose to settle with Microsoft by releasing certain claims against Amazon does not impact the liability or damages of Google, who was expressly not released.

In the case of the Amazon defendants, the disclosure should be limited to only the Release and portions of the covenant not to sue provisions; other parts of the Settlement Agreement, which are not relevant, should not be ordered produced to Amazon.

When it entered into the settlement with Microsoft, Perfect 10 believed that the Settlement Agreement would be confidential; it would not have agreed to certain terms if it had known that the same Court that had earlier upheld the confidentiality of settlement agreements would decide differently for Google and Amazon.  The Settlement Agreement with Microsoft is, by its terms, Confidential from Google and Amazon.

In the *Perfect 10 v. Net Management* litigation, this Court ruled that Perfect 10 was not required to provide any third-party settlement information, let alone the settlement agreements themselves:

> ***The court concludes that the settlement agreements and related settlement documents should not be produced.  Not only should the strong public policy cautioning disclosure of confidential settlement documents be honored in this case, but the court concludes that the settlement documents have no relevance to Perfect 10's claims against the defendants in this case….***

(July 21, 2003 Order in *Perfect 10 v. Net Management Services, et al.*, CV02-

1 | 3735-LGB (SHx), attached to Declaration of Jeffrey N. Mausner in Support of
2 | Perfect 10, Inc.'s Portions of the Joint Stipulation Re: Amazon Defendants' Motion
3 | to Compel Production of Microsoft Settlement Agreement ("Mausner Decl."),
4 | Docket No. 364-13, Exhibit 2, p. 2, emphasis added.)

Other courts have also recognized the importance of keeping settlement agreements confidential. In *Davenport v. Indiana Masonic Home Foundation, Inc,* 2003 WL 1888986 at *3 (S.D. Ind. 2003), the Court held: "Settlement serves an important role in expediting and improving the efficiency of the litigation process. *See Grove Fresh Distribs., Inc. v. John Labatt Ltd.,* 888 F.Supp. 1427, 1441 (N.D.Ill.1995). Thus, courts are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement."

In *Butta-Brinkman v. FCA Intern., Ltd.,* 164 F.R.D. 475, 476-77 ( N.D. Ill. 1995), the court held:

> Finally, the defendant contends that it should not be required to turn over confidential settlement agreements reached in other cases involving sexual harassment. FCA argues that the strong congressional policy favoring settlement weighs in favor of keeping such documents protected, so long as the information is available through other means. *See Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548, 554-55 (E.D.Cal.1990) (denying motion to compel production of documents containing information about confidential settlement discussions); *Bottaro v. Hatton Assocs.,* 96 F.R.D. 158, 160 (E.D.N.Y.1982) (denying motion to compel production of settlement agreement); *see also Grove Fresh Distribs., Inc. v. John Labatt, Ltd.,* 888 F.Supp. 1427, 1441 (N.D.Ill.1995) ("And while there is simply no legitimate public interest to be served by disclosing settlement agreements, the parties to the agreement are likely to have a compelling interest in keeping the settlement amount confidential.") (quotations omitted). We find this reasoning compelling. Absent a

|   |   |
|---|---|
| 1 | showing by the plaintiff that she will be unable to obtain the relevant |
| 2 | information through other discovery requests or interrogatories, we |
| 3 | believe these settlement documents ought to retain their confidentiality. |
| 4 | Accordingly, we sustain this portion of FCA's objection, and deny the |
| 5 | plaintiff's motion to compel the production of confidential settlement |
| 6 | agreements reached with other employees. |
| 7 | *See also Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d |
| 8 | 1164, 1174-75 (C.D. Ca. 1998)(Judge Paez): |
| 9 | '[i]f any comments about the dispute made during the negotiation process |
| 10 | were later to be construed as admissions, or even to be used to show bias, |
| 11 | as permitted in FED. R. EVID. 408, the posturing of the parties in the |
| 12 | negotiations could well reduce or eliminate any likelihood of settlement, or |
| 13 | even serious negotiation, for the parties would be extremely cautious about |
| 14 | advancing a settlement proposal that might be used against them. Thus, |
| 15 | they may never get beyond their "positions," even if they both may |
| 16 | genuinely want to settle their dispute.' [citation omitted] ... |
| 17 | 'settlement negotiations protected under California's constitutional right of |
| 18 | privacy even though parties had not executed written confidentiality |
| 19 | agreement required to invoke California's mediation privilege'' [citation |
| 20 | omitted] ... |
| 21 | This conclusion takes on added significance when considered in |
| 22 | conjunction with the fact that many federal district courts rely on the |
| 23 | success of ADR proceedings to minimize the size of their dockets. |
| 24 | An order requiring Perfect 10 to produce the entire Settlement Agreement to |
| 25 | Google and Amazon would make it much more difficult for Perfect 10 to settle |
| 26 | those cases.  Google and Amazon would know what Perfect 10 was willing to |
| 27 | agree to with Microsoft.  This would undercut Perfect 10's negotiating position and |
| 28 | might prevent any settlement.  Ordering production of a confidential settlement |

1  agreement will also discourage other defendants from settling, since they will
2  know that their agreement to keep the terms confidential may be set aside by the
3  Court.  Google's Joinder in Amazon's motion to compel production of the
4  Microsoft Settlement Agreement should therefore be denied.
5      If the Court does order the production of any further portions of the
6  Settlement Agreement to Google or Amazon.com, Perfect 10 requests that the
7  Magistrate Judge stay the Order until Perfect 10's objection to Judge Matz can be
8  heard.

Dated:  March 16, 2010          Respectfully submitted,
                                LAW OFFICES OF JEFFREY N. MAUSNER

                          By:   *Jeffrey N. Mausner*
                                _____
                                Jeffrey N. Mausner
                                Attorney for Plaintiff Perfect 10, Inc.