1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Michael T. Zeller (Bar No. 196417)
2    michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100
    Charles K. Verhoeven (Bar No. 170151)
5    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
    Rachel Herrick Kassabian (Bar No. 191060)
7    rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
8  Redwood Shores, California 94065

9  Attorneys for Defendant GOOGLE INC.

10

11             UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br><br>PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE INC.'S REPLY TO PERFECT 10, INC.'S OPPOSITION TO GOOGLE'S JOINDER IN THE AMAZON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF THE MICROSOFT SETTLEMENT AGREEMENT**<br><br>Hon. Stephen J. Hillman<br><br>Date:   None set<br>Time:   None set<br>Crtrm.: 550<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

01980.51320/3321742.4

Defendant Google Inc. submits the following Reply to Perfect 10, Inc.'s ("P10") Opposition to Google's Joinder in the Amazon Defendants' Motion to Compel Production of the Microsoft Settlement Agreement ("Opposition") (Dkt. No. 766).

## I. P10 MAKES NO ARGUMENTS IN OPPOSITION TO GOOGLE'S JOINDER IN THE AMAZON DEFENDANTS' MOTION TO COMPEL.

P10 offers no factual or legal basis for opposing Google's Joinder, and instead merely rehashes its prior arguments directed to Amazon. The Amazon Defendants' Motion to Compel was fully briefed by the Amazon Defendants and P10 as of January 29, 2010. See Joint Stipulation (Dkt. No. 364 in the consolidated case); Amazon's Supplemental Memorandum (Dkt. No. 370 in the consolidated case). On February 4, 2010, Google joined in the Amazon Defendants' Motion, incorporating by reference the relevant portions of the Amazon Defendants' arguments supporting disclosure of the Microsoft settlement agreement. Google's Notice of Joinder (Dkt. No. 763). Google presented no additional arguments of its own—nor did Google need to, since the Amazon Defendants' relevance argument regarding damages issues applied equally to the *Google* case. Id.

P10 filed nothing in opposition to Google's Joinder.[1] Only ***after*** the Court granted the Amazon Defendants' Motion on February 9, 2010 did P10 voice any intention to oppose Google's Joinder. The Court granted P10 that opportunity on February 11, 2010, and P10 filed its purported opposition on February 16. P10's arguments, however, do not actually oppose Google's Joinder in the Motion. For example, P10 does ***not*** argue that Google should have been required to file a separate motion to compel—nor could it, since two separate motions on the same issue would

---

[1] Google gave P10 written notice of Google's intention to join in the Amazon Defendants' Motion prior to filing its Joinder. P10 never responded in any way, and certainly never informed Google that P10 would oppose Google's Joinder.

clearly waste the Court's valuable resources.  *Nor* did P10 argue that Google should not be permitted to join the motion because it did not properly request production of the settlement agreement pursuant to Rule 34 or meet and confer after P10 refused to produce it—obviously, Google did all of these things.  And finally, P10 does ***not*** argue that the damages issues it asserts in the *Google* case are qualitatively different from the damages issues in the *Amazon* case—nor could they be, since the alleged copyrighted works, alleged "infringing" conduct, and damages claims are essentially the same in both cases.  Thus, P10 presents no reason whatsoever why Google should not have been allowed to join in the Amazon Defendants' Motion to Compel.

Instead, P10 uses this "Opposition" to re-hash the same arguments it made in opposition to the Amazon Motion.  But those issues were fully briefed, and the Court has already decided them.  P10's "Opposition" to Google's Joinder should be disregarded in its entirety.

## II. TO THE EXTENT P10'S "OPPOSITION" IS CONSTRUED AS A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING THE MOTION TO COMPEL, IT FAILS.

At best, P10's arguments in opposition are an attempt to seek reconsideration of the Court's prior Order granting the Amazon Defendants' Motion to Compel.  See Opposition at 2 (stating that P10 "disagrees with the basis" for the Court's Order). Local Rule 7-18 establishes specific requirements for motions for reconsideration:

> [a] motion for reconsideration of the decision on any motion may be made ***only*** on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

1  Local Rule 7-18 (emphasis added).[2]  P10 does not address these requirements, and in
2  any event, they are not met here.[3]

3  First, P10's opposition presents no material change in fact or law.  Second, P10
4  points to no new material facts or a change of law occurring after the time of the
5  Court's Order.  Third, P10 has made no a manifest showing of a failure to consider
6  material facts presented to the Court before it granted Amazon's Motion (and
7  Google's Joinder therein).

8  Instead, P10's attempt at seeking reconsideration merely parrots back P10's
9  earlier—unsuccessful—arguments in opposition to the Amazon Motion.  This is
10 insufficient for two reasons.  First, Local Rule 7-18 specifically forbids a party from
11 seeking reconsideration merely by "repeat[ing] … argument made in support of or in
12 opposition to the original motion."  Id.  Second, P10's rehashed arguments make
13 clear that P10 merely "disagrees with the basis for the Court's … ruling: 'The lengthy
14 Release and covenant not to sue provisions appear to be relevant to issues of liability
15 and/or damages.'"  Opposition at 2.  But mere disagreement with a ruling is not a
16 basis for reconsideration.  See, e.g., Townsend v. Chase Bank USA, N.A., 2009 WL
17 764513, at *1 (C.D. Cal. Mar. 20, 2009) ("Plaintiff does not contend that the Court
18 was presented with incomplete facts or law, that new material facts or law have
19 emerged since the February 15 order was entered, or that this Court failed to consider

---

[2]  These requirements are in addition to the usual requirements for conferences of counsel and noticed motions—which P10 has also ignored here.

[3]  And further, P10's "Opposition" far exceeds what the Court granted P10 leave to do.  The Court's February 11, 2010 Order granted P10 leave to "file an Opposition to Google's Joinder."  Order dated February 11, 2010 (Dkt. No. 377 in the consolidated case).  But P10's arguments are not limited to Google's Joinder, or even to Google.  Instead, P10 reargues the Court's ruling as to the Amazon Defendants as well—contending that the Amazon Defendants should receive only "the Release and portions of the covenant not to sue provisions."  Opposition at 2.  P10 was not given leave to present such arguments, and they should be disregarded as well.

material facts presented to it before its February 15 decision. Plaintiff does not present appropriate grounds for reconsideration under Local Rule 7-18, and the Motion is DENIED."); National Rural Telecommunications Co-op. v. DIRECTV, Inc., 319 F.Supp.2d 1094, 1107 (C.D. Cal. 2003) (same). P10's attempt at seeking reconsideration should be rejected.

### III. P10'S IMPROPER ARGUMENTS FAIL ON THEIR OWN MERITS.

And further, even were the Court to consider for a second time P10's procedurally improper and irrelevant arguments, those arguments still fail. For example, P10 claims that since the settlement agreement does not release Google, it is not relevant to the *Google* case. This is a non-starter, because Google never even made such a relevance argument in its Joinder, nor did the Court base its ruling on this issue. Moreover, as already established in prior briefing—and as the Court already found—the settlement agreement ***is*** relevant to P10's theories of liability and damages in both the *Google* and *Amazon* cases—including, for example, to the alleged value of P10's copyrighted works. See Joint Stipulation at 7 and 12; Joinder at 1-2. That relevance is sufficient to require production – Google need make no greater a showing.[4]

P10 also relies heavily on concerns of confidentiality, again citing the Court's decision in the Net Management case (and other similar cases). But as already shown, while the settlement agreement in Net Management was not relevant to the issues presented by that case, the settlement agreement with Microsoft *is* relevant to the issues presented in this case. And the Protective Order – coupled with this

---

[4] P10 also asserts – without any basis or explanation whatsoever – that the settlement agreement should not be produced to Amazon or Google because it somehow "would undercut Perfect 10's negotiating position and might prevent any settlement." Opposition at 4. P10 presents no authority whatsoever that would permit a party to withhold relevant documents in order to preserve "leverage" in subsequent settlement negotiations, nor is Google aware of any.

1 | Court's Order that the settlement agreement be produced with a "Highly
2 | Confidential" designation – provides more than adequate protection to address P10's
3 | confidentiality concerns.  <u>See</u> Joinder at 2-3; Joint Stipulation at 9-14; Amazon's
4 | Supplemental Brief at 3-5; Order dated February 9, 2010 (Dkt. No. 374 in the
5 | consolidated case).

## **<u>Conclusion</u>**

For the foregoing reasons, Google's Joinder in the Amazon Defendants' Motion to Compel was proper, and the stay on the Court's Order granting the Motion to Compel should be lifted.

DATED: February 22, 2010            Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  */s/ Rachel Herrick Kassabian*
    Rachel Herrick Kassabian
    Attorneys for Defendant GOOGLE INC.