1   Jeffrey N. Mausner (State Bar No. 122385)
2   Law Offices of Jeffrey N. Mausner
    Warner Center Towers
3   21800 Oxnard Street, Suite 910
    Woodland Hills, California 91367-3640
4   Email: Jeff@mausnerlaw.com
    Telephone: (310) 617-8100, (818) 992-7500
5   Facsimile: (818) 716-2773

6   Attorneys for Plaintiff Perfect 10, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  PERFECT 10, INC., a California          Case No. CV 04-9484 AHM (SHx)
12  corporation,
                                            **Before Judge A. Howard Matz**
13                  Plaintiff,
                                            **DECLARATION OF JEFFREY N.**
14     v.                                   **MAUSNER IN SUPPORT OF**
                                            **PERFECT 10'S MOTION FOR**
15                                          **PRELIMINARY INJUNCTION**
    GOOGLE, INC., a corporation; and        **AGAINST GOOGLE**
16  DOES 1 through 100, inclusive,
                                            Date:   April 5, 2010
17                  Defendant.              Time:   10:00 a.m.
18                                          Place:  Courtroom 14, Courtroom of the
                                            Honorable A. Howard Matz
19
                                            Discovery Cut-Off Date:  None Set
20                                          Pretrial Conference Date: None Set
                                            Trial Date: None Set
21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
Declaration Of Jeffrey N. Mausner In Support Of Perfect 10's Motion For
Preliminary Injunction Against Google

I, Jeffrey N. Mausner, declare as follows:

1.      I am a member of the State Bar of California and admitted to practice before this Court.  I am counsel of record for Plaintiff Perfect 10, Inc. ("Perfect 10") in this action.  All of the matters stated herein are of my own personal knowledge, except where otherwise stated, and if called as a witness, I could and would testify competently thereto.  I make this declaration in support of Perfect 10's Motion for Preliminary Injunction Against Defendant Google, Inc.

**The Court-Ordered Notification Procedure Was Never Implemented Due To Google's Delays and Non-Cooperation**

2.      Attached as Exhibit A is a true and correct copy of portions of this Court's Order dated May 8, 2006, Docket No. 161, with Paragraph 9, entitled "Notification System," highlighted.

3.      On May 8, 2006, this Court ordered that Perfect 10 and Google "shall cooperate in good faith to implement a notification system, which will make it as expeditious and efficient as is reasonably feasible for P10 to provide Notices of Infringement to Google and for Google to receive those notices."  Preliminary Injunction Order, Docket No. 161, page 6 lines 10-14, attached as Exhibit A.  The Court cited Google's "willing[ness] to 'develop[] a special secure  interface that would allow P10 to'… simply check boxes" for the thumbnails to which Perfect 10 claims copyrights.  *Id*. lines 19-24.  The system would have allowed Perfect 10 to "check-the-box" next to Perfect 10's claimed infringements and submit it to Google for processing.

4.      Google's willingness to cooperate to develop such a system extended no further than its Preliminary Injunction brief.  I emailed counsel for Google on May 11, 2006, as follows:

> As you know, Judge Matz ordered us to cooperate in good faith to
> implement a Notification System.  Could you please let us know what
> Google's proposal is in this regard, and how long it will take for

1

1    Google to create the system you proposed in your papers? Thanks,

2    Jeff.

3    A true and correct copy of this email is attached as Exh. AA, page 1.

4    5.    Two weeks later, on May 25, 2006, having received no response from

5    Google's counsel, I sent another email requesting a response.  A true and correct

6    copy of this email is attached as Exh. AA, page 2.  On June 1, 2006, Google's

7    counsel informed me that "I haven't had a chance to close the loop with my client

8    about your earlier question regarding the notification tool but haven't forgotten

9    about it."  A true and correct copy of this email is attached as Exh. AA, page 3.

10    6.    At that point, Google decided to seek a stay of the preliminary

11    injunction order, and did not do anything regarding the notification system.  On

12    July 26, 2006, I emailed Google's counsel as follows:

13        In footnote 5 on page 6 of the Reply [in Support of Motion for Partial

14        Stay of the District Court's Preliminary Injunction Order Pending

15        Appeal], you state that Google is not doing anything to implement the

16        notification system because "the injunction has been stayed pending a

17        ruling on this motion. The parties must first resolve the fundamental

18        issue concerning removal before they implement the details of the

19        injunction."  First, only the removal part of the injunction has been

20        stayed, not the entire injunction. Second, I don't see why Google

21        cannot implement the notification system while this part of the

22        injunction is stayed.  Google could still be notified to cease displaying

23        the images.

24        Please contact me to discuss how we should proceed with the check

25        the box notification system. Thank you, Jeff Mausner.

26    A true and correct copy of this email is attached as Exh. AA, page 5.

27    7.    On July 27, 2006, almost 3 months after the Court's Order, Google's

28    counsel informed me that "I am checking with my client on how to proceed

2

regarding a notification system and hope to follow up with you soon." A true and correct copy of this email is attached as Exh. AA, page 6.

8.     Not hearing back from Google's counsel, on August 25, 2006, I again emailed to inquire about the notification system:

> What is the status of the check-the-box notification system?  Google
>
> is continuing to display thousands of my client's images despite an
>
> injunction which is in place.  Please advise.  Sincerely, Jeff Mausner

A true and correct copy of this email is attached as Exh. AA, page 7.

9.     On August 28, Google's counsel responded:

> I am not sure where this stands at the moment.  As you may recall …
>
> my principal contact at Google is away and unavailable until after
>
> Labor Day.  I will check in with him on his return.

A true and correct copy of this email is attached as Exh. AA, page 9.

10.   On September 13, 2006, I exchanged emails with Google's counsel about the notification system.  True and correct copies of these emails are attached as Exh. AA, page11.

11.     On September 29, I wrote to Google's counsel:  "When are you going to get back to me with Google's proposal regarding a 'check the box' notification system discussed in the Court's preliminary injunction order?"  A true and correct copy of this email is attached as Exh. AA, page 12.

12.     Again, on November 3, I emailed Google's counsel, asking "When does Google plan to provide a proposal to us regarding implementing the check the box notification system, as ordered by Judge Matz six months ago?"  A true and correct copy of this email is attached as Exh. AA, page 13.

13.     It was not until November 6, 2006, six months after the Court's Order, that Google proposed anything to Perfect 10 with regards to implementation of the notification system.   A true and correct copy of this email (without attachments) is attached as Exh. AA, page 16.  There were several problems with the notification

system that Google proposed, and I wrote back to Google's counsel two days later, on November 8, setting forth these problems and proposing a system that would eliminate the problems and be much easier to implement.  A true and correct copy of this letter is attached as Exh. AA, pages 17-18.  Oral argument at the Ninth Circuit regarding the preliminary injunction took place on November 15, 2006, and after that, Google would not even make the pretense of cooperating on a notification system.  To my knowledge, Google did not do anything to implement a notification system.

**Authentication of Exhibits**

14.     Attached hereto as Exhibit M is a true and correct copy of an email I received from Google Tech on June 27, 2001, in response to a DMCA notice that I sent to Google on June 22, 2001.  Google incorrectly stated:

> [T]here is nothing that Google can do to remove the offending content without the cooperation of the site administrator.  …  Only an administrator can, by including code that blocks our robots or placing a request with us, prevent his/her page from being listed.  Without administrator cooperation we cannot exclude material available on the Internet from our index.

15.     Attached as Exhibit B is a true and correct copy of a letter I received from Google's counsel, Rachel Herrick Kassabian, dated May 20, 2009, with portions highlighted.  This letter makes clear that Google takes the position that it does not have to remove or disable access to usenet sites (paysites), no matter what notice Perfect 10 gives:

> Additionally, as Google has previously explained, it does not crawl or index Usenet servers or those portions of websites only accessible by password. If content is not indexed by Google such that there is no link to that content in Google Web or Image Search results, it is not the proper subject of a purported DMCA notice to Google,

Declaration Of Mausner In Support Of Perfect 10's Motion For Preliminary Injunction Against Google

because there is no link or thumbnail to disable or remove. The inclusion in Perfect 10's purported May 7, 2009 notice of printouts of Google Web Search results for giganews.com and newsdemon.com does not change this fact. Indeed, the cover letter accompanying the May 7 purported notice acknowledges that Google's Web Search results for these sites link to login or sign-up pages, not to allegedly infringing content.

16.     Attached as Exhibit C are true and correct copies of articles and some of the related comments, regarding Google's lack of compliance with DMCA procedures. These articles were printed from the websites indicated by the URL in the footer of each page, on the date shown. Portions of the articles and comments have been highlighted.

17.     I took the deposition of Microsoft's DMCA agent, Judy Weston, on May 28, 2008. Attached hereto as Exhibit D is a true and correct copy of portions from the transcript of that deposition, with portions highlighted.

18.     I took the deposition of Google's expert, Dr. John R. Levine, on February 28, 2007. Attached hereto as Exhibit E is a true and correct copy of portions from the transcript of that deposition, with portions highlighted.

19.     Attached as Exhibit F is a true and correct copy of this Court's Order dated May 13, 2008, Docket No. 294, with portions highlighted.

20.     I took the Rule 30(b)(6) deposition of Alexa Internet, Inc. on September 18, 2008. Alexa designated Derrick Pallas as its 30(b)(6) witness. Alexa has designated that transcript highly confidential. Accordingly, portions of that transcript are filed separately under seal, as Exhibit G. Exhibit G is a true and correct copy of portions from the transcript of that deposition, filed separately under seal pursuant to protective order.

21.     Filed separately under seal as Exhibit H is a true and correct copy of the Rebuttal Declaration of Bill Brougher in Support of Defendant Google's

Motions for Summary Judgment, dated September 4, 2009 .  Mr. Brougher is Director of Partner Technology Management at Google Inc.  Please see page 1, Paragraph 2, lines 6-8, of Mr. Brougher's Rebuttal Declaration, in which Google admits certain aspects of what Perfect 10 has claimed regarding Google's failure to remove or disable access in Image Search.

22.     Exhibit 9 to the Declaration of Dr. Norman Zada, filed concurrently, is a computer disk which contains, among other data, true and correct copies of Perfect 10's Copyright Registration Certificates, issued by the United States Copyright Office, for the copyrights in "the Sample" of images used in this Motion.  Also contained on Exhibit 9 are true and correct copies of the deposit materials that were submitted to the Copyright Office for each of those copyright registrations.

**Google's Publication Of Perfect 10 DMCA Notices on Chillingeffects.Org**

28.     Perfect 10 has repeatedly complained to Google about Google sending Perfect 10's DMCA notices to Chillingeffects.org, to be published on the Internet.  *See, e.g.,* Zada Decl. ¶¶13-15, 41, 67, 81, 88, Exhs. 5, 6, 9, 15.  I also had telephone conversations with Google's attorneys regarding this.  Attached hereto as Exhibit I are true and correct copies of emails between Valerie Kincaid, an attorney for Perfect 10, and Tom Nolan, an attorney for Google, in which Google takes the position that it can and will continue to publicize Perfect 10's DMCA notices on Chillingeffects.org.  *See also* Declaration of Dean Hoffman, filed concurrently, ¶¶4, 7, 9.

29.     Filed separately under seal as Exhibit J are true and correct copies of what Google had of DMCA notices that Les Schwartz sent to Google.  These notices were produced by Google in discovery, and designated Confidential by Google.

30.     Google redacted material from many of the documents it produced which relate to DMCA notices and Google's response to such notices.  Perfect 10

1   has been attempting to obtain information from Google regarding what was

2   redacted from those documents since June 3, 2009.  True and correct copies of

3   correspondence regarding Perfect 10's attempts to obtain this information is

4   attached as Exhibit K.

5          31.    I took the Rule 30(b)(6) deposition of Google on November 19, 2008.

6   Google designated Shantal Rands (Poovala) as its 30(b)(6) witness regarding

7   certain topics.  Google has designated that transcript highly confidential.

8   Accordingly, portions of that transcript are filed separately under seal, as Exhibit

9   L.  Exhibit L is a true and correct copy of portions from the transcript of that

10  deposition, filed separately under seal pursuant to protective order.

11         32.    Attached hereto as Exhibit N are true and correct copies of reports

12  regarding the ruling of the Regional Court of Hamburg, Germany on June 12,

13  2009, in the case brought by the German music collecting society GEMA against

14  the Swiss file hosting website RapidShare AG.  The first report is from the website

15  of the international law firm Bird & Bird, which has offices in several German

16  cities.  The report is written by Dr. Fabian Niemann, a partner in the Frankfurt

17  office.  This report was downloaded from the Bird & Bird website on February 15,

18  2010.  The second report is from the U.S. publication Billboard.biz.  This report

19  was downloaded from the Billboard.biz website on February 28, 2010.  A copy of

20  the decision of the German court, in German, is contained in Exhibit 9 to the Zada

21  Declaration, the disk, in a folder entitled "Foreign Rulings."   I was not able to find

22  an English translation of this decision.

23         34.    Attached hereto as Exhibit O are true and correct copies of reports

24  regarding the ruling of the District Court of Stockholm, Sweden, in the case

25  brought by Swedish authorities against the principles of the website

26  Thepiratebay.org.  The first report is from the Wall Street Journal dated April 18,

27  2009, entitled "Four Guilty in Web Piracy Case," which was downloaded on

28  March 1, 2010.  The second report is from the website of the Guardian.co.uk; the

1  third from the website of IRIS Merlin, a database on legal information relevant to

2  the audiovisual sector in Europe. These reports were downloaded on February 28,

3  2010.  A copy of the decision of the Swedish court, in Swedish, is contained in

4  Exhibit 9 to the Zada Declaration, the disk, in a folder entitled "Foreign Rulings."

5  I was not able to find an English translation of this decision.

6      35.    Attached hereto as Exhibit P is a true and correct copy of a news

7  report regarding the rulings of the Regional Court of Hamburg Germany, in cases

8  involving Google thumbnails.  This was downloaded from Bloomberg.com on

9  February 28, 2010.

10     I declare under penalty of perjury under the laws of the United States of

11  America that the foregoing is true and correct to the best of my knowledge.

12  Executed this 3rd day of March, 2010 in Los Angeles County, California.

13

14  _____

15  Jeffrey N. Mausner

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration Of Mausner In Support Of Perfect 10's Motion For Preliminary Injunction Against Google