# Exhibit D

Dockets.Justia.com

```
0001
 1                  UNITED STATES DISTRICT COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3     _____

 4     PERFECT 10, INC.,                )
                                        )
 5                   Plaintiff,         )
                                        )
 6              v.                      ) No. CV07-5156 AHM (SHX)
                                        )
 7     MICROSOFT CORPORATION,           )
                                        )
 8                   Defendant.         )
       _____
 9

10          Videotape Deposition Upon Oral Examination

11                              of

12                         JUDY WESTON

13     _____

14        Taken at 14855 Northeast 36th Street, Building 115

15                      Redmond, Washington

16

17

18

19     DATE:  Wednesday, May 28, 2008

20

21     REPORTED BY:  Ronald L. Cook

22                   CCR, RMR, CRR

23

24

25
```

0033

1    that a removal or disabling of access to infringing material

2    is not expeditious?

3              MR. BRIDGES:  Objection.  Calls for a legal

4    opinion, vague and ambiguous, argumentative, lacks

5    foundation.

6              THE WITNESS:  What do you mean by

7    "expeditious"?

8         Q.   BY MR. MAUSNER:  Do you understand what

9    "expeditious" means?

10             MR. BRIDGES:  Objection.  Calls for a legal

11   conclusion.

12        Q.   BY MR. MAUSNER:  Go ahead.

13        A.   I don't understand what you mean by

14   "expeditious."

15        Q.   The removal or blocking of access is supposed

16   to be expeditious, and I'd like to know what your

17   understanding is of what is -- what is the time period for

18   the removal or blocking to be expeditious?

19             MR. BRIDGES:  Objection.  Calls for a legal

20   conclusion, vague and -- vague and ambiguous, lacks

21   foundation, competence.

22             THE WITNESS:  Yeah, I don't know the legal

23   answer to that question.

24        Q.   BY MR. MAUSNER:  Do you have a time frame in

25   which you believe that notices of infringement should be

0034

1    processed and URLs removed or disabled?

2              MR. BRIDGES:  Objection.  Calls for opinion

3    testimony, competence, lacks foundation, vague and

4    ambiguous.

5              THE WITNESS:  We -- we do have a customer

6    satisfaction expectation.

7         Q.    BY MR. MAUSNER:  What is that?

8         A.    Approximately 72 hours.

9         Q.    And that's for removal or dis -- disabling of

10   infringing URLs; is that correct?

11             MR. BRIDGES:  Objection.  Vague and

12   ambiguous, lacks foundation.

13             THE WITNESS:  It's for disabling access to

14   URLs that are allegedly hosting infringing material.

15        Q.    BY MR. MAUSNER:  Going back to Exhibit 32,

16   what does the entry on the first page "11/27/2007, Edited by

17   gveith" mean?

18        A.    I don't know.

19        Q.    Who or what is gveith?

20        A.    I don't know.

21        Q.    Near the bottom of the first page there's an

22   entry "Exclusion=Result."  What does that mean?

23        A.    I don't know.

24        Q.    What do the asterisks at the end of the three

25   URLs at the bottom of Page 1 mean?

C E R T I F I C A T E

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF KING

      I, the undersigned officer of the Court, under, my commission as a Notary Public in and for the State of Washington, hereby certify that the foregoing deposition upon oral examination of the witness named herein was taken stenographically before me and thereafter transcribed under my direction;

      That the witness before the examination was first duly sworn by me to testify truthfully; that the transcript of the deposition is a full, true and correct transcript of the testimony, including questions and answers and all objections, motions, and exceptions of counsel made and taken at the time of the foregoing examination;

      That I am neither attorney for nor a relative or employee of any of the parties to the action; further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially interested in its outcome.

      IN WITNESS WHEREOF, I have hereunto set my hand and seal this // day of June 2008.


NOTARY PUBLIC in and for
the State of Washington,
residing at Redmmond.  My
commission expires 04-6-10.

Exhibit E

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--

| | |
|---|---|
| PERFECT 10, INC., a<br>California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>GOOGLE, INC., a corporation; and<br>DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No.<br>CV04-9484AHM(SHx)<br>[Consolidated with<br>Case No.<br>CV05-4753AHM(SHx)] |
| PERFECT 10, INC., a California<br>corporation,<br><br>          Plaintiff,<br>     vs.<br><br>AMAZON.COM, INC., a corporation;<br>A9.COM, INC., a corporation; and<br>DOES 1 through 10, inclusive,<br><br>          Defendants. | |

VIDEOTAPED DEPOSITION OF

JOHN R. LEVINE, Ph.D.

_____

February 28, 2007

TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION


REPORTED BY: CYNTHIA A. PACINI, CSR #6117, RMR, CRR

Page 207

| | | |
|---|---|---|
| 15:35:30 | 1 | URLs in the box are images that would be indexed in |
| 15:35:34 | 2 | Google's Image Search and the webpage is a webpage |
| 15:35:36 | 3 | that would be indexed in Google's Web Search. |
| 15:35:40 | 4 | As I said before, if you want all three |
| 15:35:42 | 5 | removed, you clearly have the information to send |
| 15:35:44 | 6 | them a take-down notice. |
| 15:35:49 | 7 | MR. BRIDGES:  Again, counsel has gone into |
| 15:35:50 | 8 | colloquy on mute. |
| 15:36:25 | 9 | MR. MAUSNER:  Q.  Who would you say is |
| 15:36:27 | 10 | more responsible for the display of the images |
| 15:36:29 | 11 | appearing in Exhibit 25, the webmaster of |
| 15:36:34 | 12 | dimworld.free.fr or the webmaster for poufs.free.fr? |
| 15:36:43 | 13 | MR. BRIDGES:  Objection.  Vague and |
| 15:36:45 | 14 | ambiguous, argumentative, calls for a legal |
| 15:36:47 | 15 | conclusion and nonexpert opinion testimony, assumes |
| 15:36:52 | 16 | facts not in evidence. |
| 15:36:58 | 17 | THE WITNESS:  In this particular case, to |
| 15:36:59 | 18 | view this page, you need both the webpage and the |
| 15:37:01 | 19 | images.  So they all have -- they -- they all have |
| 15:37:06 | 20 | to be there to display this page, so I'm not sure |
| 15:37:10 | 21 | how you could say that one or the other was more |
| 15:37:13 | 22 | responsible.  They both have to provide the |
| 15:37:15 | 23 | material. |
| 15:37:17 | 24 | MR. MAUSNER:  Q.  Would you say they're |
| 15:37:18 | 25 | equally responsible? |

Page 234

| | | |
|---|---|---|
| 16:33:04 | 1 | tags and robots.txt, and other technical means to |
| 16:33:08 | 2 | encourage the Google bot to skip all or part of |
| 16:33:13 | 3 | various websites. |
| 16:33:18 | 4 | Q.   In your opinion, who had more control over |
| 16:33:22 | 5 | its index, Napster over its song index or Google |
| 16:33:27 | 6 | over its Image Search index? |
| 16:33:31 | 7 | MR. BRIDGES:   Objection.   Vague and |
| 16:33:32 | 8 | ambiguous. |
| 16:33:35 | 9 | THE WITNESS:   I mean, to the extent that |
| 16:33:39 | 10 | Napster controlled their index and Google controls |
| 16:33:42 | 11 | their index, it's the same.   You know, they were |
| 16:33:44 | 12 | each -- Napster was in control of its index and |
| 16:33:47 | 13 | Google is in control of its index. |
| 16:33:55 | 14 | MR. MAUSNER:   Q.   Has Google provided |
| 16:33:57 | 15 | image search results for any other search engines? |
| 16:34:03 | 16 | A.   I believe the answer is yes. |
| 16:34:06 | 17 | Q.   And do you know what search engines? |
| 16:34:09 | 18 | A.   I believe they used to provide results for |
| 16:34:11 | 19 | Amazon A9 service. |
| 16:34:15 | 20 | Q.   Any others that you're aware of? |
| 16:34:17 | 21 | A.   I believe they've also at times provided |
| 16:34:20 | 22 | search for AOL. |
| 16:34:25 | 23 | Q.   Any others? |
| 16:34:26 | 24 | A.   Not that I'm -- not that I can think of |
| 16:34:28 | 25 | offhand. |

Exhibit F

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10   PERFECT 10, INC., a California          Case No. CV04-9484 AHM (SHx) √
     corporation,                            [Consolidated with Case No. CV 05-
11                                           4753 AHM (SHx)]
                  Plaintiff,
12                                           ORDER ON GOOGLE INC.'S
          vs.                                OBJECTIONS TO, AND PERFECT
13                                           10, INC.'S MOTION FOR REVIEW
     GOOGLE INC., a corporation; and         OF, PORTIONS OF THE
14   DOES 1 through 100, inclusive,          MAGISTRATE JUDGE'S ORDER OF
                                             FEBRUARY 22, 2008 GRANTING IN
15                Defendants.                 PART AND DENYING IN PART
                                             PERFECT 10'S MOTION TO
16                                           COMPEL
     AND COUNTERCLAIM
17                                           Hon. A. Howard Matz
     PERFECT 10, INC., a California
18   corporation,                            Courtroom:        14
                                             Hearing Date:     April 14, 2008
19                Plaintiff,                 Hearing Time:     10:00 am

20        vs.                                Discovery Cutoff: None Set
                                             Pretrial Conference Date: None Set
21   AMAZON.COM, INC., a corporation;        Trial Date:  None Set
     A9.COM, INC., a corporation; and
22   DOES 1 through 100, inclusive,

23                Defendants.

24

25

26

27

28
                                          Case No. CV 04-9484 AHM (SHx) [Consolidated
                                             with Case No. CV 05-4753 AHM (SHx)]
     [PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
                                   MAGISTRATE JUDGE'S ORDER

**ORDER**

Google Inc.'s Objections To, and Perfect 10, Inc.'s Motion for Review of, the Magistrate Judge's Order of February 22, 2008, Granting in Part and Denying In Part Perfect 10, Inc.'s Motion to Compel, came on for hearing on April 14, 2008, the Honorable A. Howard Matz presiding. Jeffrey N. Mausner appeared on behalf of Plaintiff Perfect 10, Inc. ("Perfect 10"). Michael T. Zeller and Rachel M. Herrick appeared on behalf of Defendant and Counterclaimant Google Inc. ("Google").

Upon consideration of all papers and records on file and the parties' oral argument, the Court orders as follows:

**ORDERS ON PERFECT 10'S OBJECTIONS**

**PERFECT 10'S OBJECTIONS REGARDING REQUEST NOS. 135, 136, AND 137**

Perfect 10's objections to the Magistrate Judge's Order regarding Request Nos. 135, 136, and 137 are overruled, and the Magistrate Judge's Order regarding those Requests is affirmed.

**PERFECT 10'S OBJECTIONS REGARDING (PROPOSED) FURTHER ORDER NO. 2**

Perfect 10 objected to the Magistrate Judge's decision to not enter (Proposed) Further Order No. 2. Pursuant to the discussion at the hearing, the (Proposed) Further Order is imposed mutually on both parties as to all past, present and future requests for production. Accordingly, on or before June 16, 2008, Google shall provide Perfect 10 with a written response stating whether Google has produced documents in response to each of Perfect 10's requests for documents, listed by set number and request number. If no documents responsive to a request are located after a good-faith reasonable search and, therefore, none ultimately produced, Google shall so state with respect to each such request. On or before this

-2-

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE MAGISTRATE JUDGE'S ORDER

1   same date, Perfect 10 shall provide Google with a written response stating whether

2   Perfect 10 has produced documents in response to each of Google's requests for

3   documents, listed by set number and request number.  If no documents responsive to

4   a request are located after a good-faith reasonable search and, therefore, none

5   ultimately produced, Perfect 10 shall so state with respect to each such request.  The

6   obligations of Google and Perfect 10 herein to state whether they have produced

7   documents in response to each other party's requests for documents, listed by set

8   number and request number, shall apply to all future requests for documents as well,

9   and shall be subject to the parties' duties to seasonably supplement their discovery

10  responses pursuant to Fed. R. Civ. P. 26(e).

11  **PERFECT 10'S OBJECTIONS REGARDING REQUEST NO. 197**

12          Perfect 10's objections to the Magistrate Judge's denial of this Request

13  are sustained.  Google shall produce transcripts in its possession, custody or control

14  of depositions of any Google employees, officers and directors taken in connection

15  with the lawsuit *Columbia Pictures Industries, et. al. v. Drury, et. al.*, filed in the

16  United States District Court for the Southern District of New York.

17

18                  **ORDERS ON GOOGLE'S OBJECTIONS**

19  **GOOGLE'S OBJECTIONS REGARDING REQUEST NOS. 128-131 and 194-**

20  **195**

21          Google's objections to Request Nos. 128-131 and 194-195 are

22  overruled, but the Requests are limited to reports, studies, or internal memoranda.

23  On or before June 16, 2008, Google shall produce the following:

24          All reports, studies, or internal memoranda ordered, requested, or

25  circulated by Bill Brougher, Susan Wojcicki, Walt Drummond, and Eric Schmidt

26  relating to the following topics:  search query frequencies, search query frequencies

27  for adult-related terms, number of clicks on adult images and images in general,

28

-3-                 Case No. CV 04-9484 AHM (SHx) [Consolidated
                    with Case No. CV 05-4753 AHM (SHx)]

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

1  traffic to infringing websites, the draw of adult content, and percentage of searches

2  conducted with the safe search filter off.  (Request Nos. 128-131).

3         All reports, studies, or internal memoranda circulated by or to John

4  Levine, Heraldo Botelho, Radhika Malpani, Jessie Jiang, Lawrence You, Diane

5  Tang, and Alexander MacGillivray relating to the following topics:  search query

6  frequencies, search query frequencies for adult-related terms, number of clicks on

7  adult images and images in general, traffic to infringing websites, the draw of adult

8  content, and percentage of searches conducted with the safe search filter off.

9  (Request Nos. 194-95).

10  **GOOGLE'S OBJECTIONS REGARDING REQUEST NO. 174**

11         Google's objections are sustained in part and overruled in part.  On or

12  before May 15, 2008, Google shall produce documents sufficient to describe

13  Google's attempts to develop or use any image recognition software capable of

14  matching a known still photographic image with another image in Google's search

15  engine index or search engine database.  Google is not ordered to produce

16  documents regarding any other types of image recognition technology.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

-4-

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

1   **GOOGLE'S OBJECTIONS REGARDING REQUEST NO. 196**

2        Google's objections are overruled, subject to the following clarification

3   regarding the scope of Request No. 196.  Perfect 10 sought, and the Magistrate

4   Judge ordered, production of "Google's DMCA log."  As Perfect 10 clarified at the

5   hearing, "DMCA log" as used in Request No. 196 refers to a spreadsheet-type

6   document summarizing DMCA notices received, the identity of the notifying party

7   and the accused infringer, and the actions (if any) taken in response.  Google's

8   obligation to produce documents in response to Request No. 196 shall be subject to

9   the foregoing definition.

10        **IT IS SO ORDERED.**

11

12   DATED:  May 13, 2008

13

14       By

15           A. Howard Matz

16           United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 04-9484 AHM (SHx) [Consolidated
with Case No. CV 05-4753 AHM (SHx)]

[PROPOSED] ORDER ON GOOGLE'S OBJECTIONS TO, AND PERFECT 10'S MOTION FOR REVIEW OF, THE
MAGISTRATE JUDGE'S ORDER

# Exhibit G

FILED SEPARATELY UNDER SEAL
PURSUANT TO PROTECTIVE ORDER

# Exhibit H

FILED SEPARATELY UNDER SEAL
PURSUANT TO PROTECTIVE ORDER

# Exhibit I

**Jeffrey Mausner**

| | |
|---|---|
| **From:** | Thomas Nolan [thomasnolan@quinnemanuel.com] |
| **Sent:** | Tuesday, September 16, 2008 7:34 PM |
| **To:** | Valerie Kincaid |
| **Cc:** | Michael T Zeller; Rachel M Herrick; Jeff Mausner |
| **Subject:** | RE: Perfect 10/Google |

Valerie,

Contrary to Perfect 10's unsupported allegations, Google has not "publicized" any information by forwarding alleged DMCA notices to Chilling Effects.  Those alleged notices contain URLs of websites Perfect 10 claims infringe its alleged copyrights, but there is nothing "non-public" or otherwise "confidential" about URLs of publicly-available websites.  If Chilling Effects posts a URL on its website, it does not "publicize" that information, because the URL is already available on the Internet.  Indeed, Google's published DMCA Policy makes clear that Google may forward alleged DMCA notices to Chilling Effects.  See https://www.google.com/dmca.html.  ("Please note that [an alleged DMCA notice] (with your personal information removed) may be forwarded to Chilling Effects (http://www.chillingeffects.org) for publication.").  Perfect 10 cannot claim to be surprised when its alleged notices are in fact so forwarded.

Second, Perfect 10 speculates that that third-parties will somehow use the alleged notices as a means to engage in infringement, but Perfect 10 has never offered any evidence to support that speculation.

Third, and most importantly, Perfect 10 has not provided any *legal* basis for its demands regarding Chilling Effects.  In your email below, you state that "[t]he risk of Google publicizing screen shots is not analogous to the risk of Google publicizing a road map of how to gain free access to Perfect's 10 [sic] library of copyrighted works," and that "[t]he former is illegal whereas Google would take the position that the latter is not."  If you believe that "publicizing screen shots" is "illegal," I would urge you to reconsider that position in light of the fact that Jeffrey Mausner does not object to filing screenshots in court.  And further, if Perfect 10 believes that any part of the Chilling Effects project is "illegal," please identify the *legal* basis for that claim.  Chilling Effects is a joint project of the Electronic Frontier Foundation and clinical programs at several universities, including Harvard, Stanford, and U.C. Berkeley, whose purpose is to educate and inform Internet users of the protections afforded for their online activities (including commentary and criticism) by the First Amendment and intellectual property laws.  Its own activities, and the activities of participants in the project, are protected by the free speech guarantees of the First Amendment, the right to lobby the government for changes in law (protected by the First Amendment and the Noerr-Pennington Doctrine), the fair use doctrine, and other provisions of Constitutional, federal, and/or state law.  If Perfect 10 has any legal basis for seeking to interfere with those rights, please provide it.

In sum, Google continues to attempt to reach agreement on de-designation of these charts because they were improperly designated under the Protective Order.  Please be advised that if we are unable to reach agreement, Google will move the court to de-designate these documents.

Best Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100

E-mail: thomasnolan@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Tuesday, September 16, 2008 5:23 PM
**To:** Thomas Nolan
**Cc:** Michael T Zeller; Rachel M Herrick; Jeff Mausner
**Subject:** Re: Perfect 10/Google

Tom,

The charts were prepared by Perfect 10 *voluntarily* to try to satisfy Google's request for compilations even though there was no requirement that Perfect 10 provide anything.  The charts easily fall within the definition of confidential information.  They contain information that pertains to Perfect 10's business, namely they compile a lengthy list of URLs that provide unauthorized access to Perfect 10's copyrighted works.  The charts contain information that is not generally known -- a detailed compilation of numerous URLs that provide access to Perfect 10's copyrighted works. One of the only reasons a compilation of these URLs is known by some is because Google has intentionally publicized prior compilations; Google never addresses this fact.  The charts contain compilations Perfect 10 would normally not reveal to third parties or would cause third parties to maintain in confidence.

Google's position that a document cannot be designated confidential if it contains public information is incorrect.  For example, if Prada compiled the locations of numerous businesses selling counterfeit Prada, this information would be Prada's proprietary information regardless of whether or not the locations were a matter of public record.

Jeff's comment is irrelevant to the issue here.  The risk of Google publicizing screen shots is not analogous to the risk of Google publicizing a road map of how to gain free access to Perfect's 10 library of copyrighted works.  The former is illegal whereas Google would take the position that the latter is not.  In fact, it appears that part of Google's eagerness to de-designate these charts is so that it can claim that its prior conduct was legal.

Perfect 10 tried to resolve this issue by suggesting a revision to the protective order or a proposal from Google addressing the publicizing concern, but Google did not respond.  Perfect 10 remains open to either option.

Very truly yours, Valerie

Valerie Kincaid
valeriekincaid@yahoo.com


----- Original Message ----
From: Thomas Nolan <thomasnolan@quinnemanuel.com>
To: Valerie Kincaid <valeriekincaid@yahoo.com>

Cc: Michael T Zeller <michaelzeller@quinnemanuel.com>; Rachel M Herrick
<rachelherrick@quinnemanuel.com>
Sent: Tuesday, September 16, 2008 12:00:42 PM
Subject: RE: Perfect 10/Google

Valerie,

As I previously identified, the Protective Order applies to documents only if they "comprise or reflect
proprietary information used by [a party] in, or pertaining to, its business, which is not generally known and
which the party would normally not reveal to third parties or would cause third parties to maintain in
confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and
future business plans, and marketing documents."  Protective Order at Paragraph 1.  On what basis does Perfect
10 contend that URLs of publicly-available websites are "proprietary information" of Perfect 10 under this
definition?

Please be advised that if we are unable to reach agreement on this issue, Google will seek relief from the court
by moving for de-designation of these charts.  In that motion, Google will rely, among other things, on the
representation of Jeffrey Mausner to Judge Matz in open court that Perfect 10 doesn't "have a problem with
[screenshots of allegedly-infringing websites] being filed in court."  Transcript at 41.

Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  thomasnolan@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above.  This message may be an attorney-client communication and/or work product and as such is privileged and
confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in
error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Monday, September 15, 2008 4:03 PM
**To:** Thomas Nolan; Rachel M Herrick
**Cc:** Michael T Zeller
**Subject:** Re: Perfect 10/Google

Tom,

The charts are properly designated confidential.  Moreover, the court specifically invited the parties to rework
the protective order to address the situation of Google publicizing the URLs of infringing images, as Google
does on chillingeffects.org, and Perfect 10 is willing to do this.  Please let me know if Google is
agreeable.  Perfect 10 is also willing to consider any proposal Google has that addresses Perfect 10's concern
that Google will publicize the information.

Very truly yours, Valerie

Valerie Kincaid
valeriekincaid@yahoo.com


----- Original Message ----
From: Thomas Nolan <thomasnolan@quinnemanuel.com>
To: Valerie Kincaid <valeriekincaid@yahoo.com>
Cc: Jeffrey Mausner <jeffmausner@bmrlaw.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>;
Rachel M Herrick <rachelherrick@quinnemanuel.com>
Sent: Tuesday, September 9, 2008 5:47:00 PM
Subject: RE: Perfect 10/Google

Valerie,

I write in furtherance of Google's meet-and-confer efforts regarding Perfect 10's designation as "Confidential" under the
Protective Order of the six Charts appended to Perfect 10's Amended/Supplemental/Updated Responses to First Set of
Interrogatories from Defendant Google Inc. to Plaintiff Perfect 10, Inc.  As Google has previously identified, these Charts
were improperly designated as Confidential because they contain only public information, and should therefore be de-
designated and re-served on Google.

At the hearing before Judge Matz on August 18, 2008, Judge Matz instructed the parties to not treat materials that are
"obviously public" as Confidential under the Protective Order.  Transcript at 39 (attached hereto).  And further, regarding
screenshots containing locations of websites Perfect 10 claims are infringing, Jeffrey Mausner, counsel of record for
Perfect 10, indicated that Perfect 10 doesn't "have a problem with those being filed in court."  Transcript at 41.

You stated that you would provide a further response to Google after reviewing the August 18, 2008 Transcript.  Mr.
Mausner received the Transcript from the court reporter by email on August 24, 2008, and it is also attached to this
message for your convenience..  If you have not done so already, please review the Transcript and please inform Google
whether Perfect 10 will agree to de-designate and re-serve the six Charts created in connection with Google's
Interrogatory No. 3.  Please also be advised that if Perfect 10 so refuses, Google will seek relief from the Court.

Best Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  thomasnolan@quinnemanuel.com
Web:  www.quinnemanuel.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above.  This message may be an attorney-client communication and/or work product and as such is privileged and
confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in
error, please notify us immediately by e-mail, and delete the original message.

**From:** Thomas Nolan
**Sent:** Thursday, August 21, 2008 10:37 AM
**To:** Valerie Kincaid
**Cc:** Jeffrey Mausner; Rachel M Herrick
**Subject:** RE: Perfect 10/Google

Hi Valerie,

I think that's a good idea.  At the hearing, I believe Jeff indicated that he did not consider this information to be confidential in the sense that the Protective Order requires, and that he had no objection to Google publicly filing such documents with the Court.  Rather, Jeff's only concern was with the publishing of the information on websites like Chilling Effects.  We look forward to hearing from you after you have reviewed the transcript.

Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  thomasnolan@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Wednesday, August 20, 2008 1:21 PM
**To:** Thomas Nolan
**Cc:** Jeffrey Mausner; Rachel M Herrick
**Subject:** Re: Perfect 10/Google

Tom,


We disagree with the content of your e-mail and we will provide a further response after we review the transcript of the hearing.


Valerie


Valerie Kincaid
valeriekincaid@yahoo.com

----- Original Message ----
From: Thomas Nolan <thomasnolan@quinnemanuel.com>
To: "valeriekincaid@yahoo.com" <valeriekincaid@yahoo.com>
Cc: Jeffrey Mausner <jeffmausner@bmrlaw.com>; Rachel M Herrick <rachelherrick@quinnemanuel.com>
Sent: Tuesday, August 19, 2008 6:36:27 PM
Subject: RE: Perfect 10/Google

Valerie,

As you know, the Protective Order applies only to documents that "comprise or reflect proprietary information used by [a party] in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.." Protective Order at Paragraph 1. At yesterday's Scheduling Conference, Judge Matz instructed the parties to comply with the Protective Order by not designating public information confidential. These charts contain nothing but model names, numbers, magazine page numbers, and URLs of publicly available Internet websites. This is public information, and therefore, the charts were improperly designated.

As for your statement regarding the Work Product Doctrine, that is irrelevant to whether the charts are confidential as defined by the Protective Order. Moreover, these charts were produced to Google in response to Interrogatory No. 3, and therefore, to the extent they were "work product" (which they are not), Perfect 10 waived any such protections by producing them.

Please let us know whether Perfect 10 has reconsidered its position in light of the above, and in light of Judge Matz's instructions.

Regards,

Thomas Nolan
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3885
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: thomasnolan@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Valerie Kincaid [mailto:valeriekincaid@yahoo.com]
**Sent:** Tuesday, August 19, 2008 12:53 PM
**To:** Thomas Nolan
**Cc:** Jeff Mausner
**Subject:** Perfect 10/Google

Tom,

We received your e-mail dated August 14, 2008.

Perfect 10's charts are confidential because they provide to potential infringers the location of infringing copies of Perfect 10's copyrighted works. They tell potential infringers on which websites infringing copies of Perfect 10's copyrighted works may be viewed and downloaded for free. Contrary to Google's assertions, they are not publicly available. If you believe these charts are publicly available, please let us know the location of the charts on the Internet. In addition, Charts 1 and 2 constitute work product that Perfect 10 produced even though it had no obligation to do so.

As you know, Google has published Perfect 10's DMCA notices on Chillingeffects.com, thus allowing potential infringers to access the infringing copies of Perfect 10's copyrighted works. Google cannot claim that the information is "publicly available" because of this malicious action.

Please contact me if you wish to discuss this matter further.


Thanks, Valerie


 Valerie Kincaid
valeriekincaid@yahoo.com

# Exhibit J

FILED SEPARATELY UNDER SEAL
PURSUANT TO PROTECTIVE ORDER