Jeffrey N. Mausner (State Bar No. 122385)
Law Offices of Jeffrey N. Mausner
Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Email: Jeff@mausnerlaw.com
Telephone: (310) 617-8100, (818) 992-7500
Facsimile: (818) 716-2773

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>  Plaintiff,<br>v.<br><br>GOOGLE INC., a corporation,<br><br>  Defendants. | Case No. CV 04-9484 AHM (SHx)<br><br>**Before Chief Magistrate Judge Stephen J. Hillman**<br><br>**STATEMENT OF CLARIFICATION OF PERFECT 10'S POSITION REGARDING APPLICABILITY OF RULE 56(f) TO PENDING MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR EVIDENTIARY AND OTHER SANCTIONS**<br><br>Date: None set<br>Time: None set<br>Place: Courtroom 550, Courtroom of the Honorable Stephen J. Hillman<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

Statement of Clarification of Perfect 10's Position Regarding Applicability of Rule 56(f) to Pending Motions For Summary Judgment and For Evidentiary and Other Sanctions

Dockets.Justia.com

1    In its January 27, 2010 Order, Docket No. 759, the Court stated:

2      Whether viewed as a potential Rule 56(f) issue (notwithstanding
3      Perfect 10's disavowal of intent to seek Rule 56(f) relief), or instead as
4      a Motion to Compel compliance with earlier court orders, the precise
5      issues set forth by Perfect 10 are not complicated. While the court
6      reiterates its tentative conclusion that Evidentiary Sanctions are not
7      appropriate at this juncture, the court may ultimately decide that the
8      documents sought could be material to Perfect 10's opposition to the
9      pending Motions for Summary Judgment.

10    Based upon the proceedings that have taken place so far in connection with
11   this matter, Perfect 10 clarifies its position regarding the applicability of Rule 56(f),
12   as follows:

13    In its Notice of Motion and Motion of Plaintiff Perfect 10, Inc. For
14   Evidentiary and Other Sanctions Against Defendant Google, Inc., Docket No. 617
15   (the "Motion"), Perfect 10 moved for the following relief:

16      3. That Google be compelled to produce the documents which it has
17      failed to produce, as set forth in the Memorandum of Points and
18      Authorities, within 10 days after this Court rules on this Motion. These
19      documents include, but are not limited to, the following: (a) the
20      "spreadsheet-type" DMCA log "summarizing DMCA notices received,
21      the identity of the notifying party and the accused infringer, and the
22      actions (if any) taken in response," which Google has failed to produce
23      in violation of this Court's May 13, 2008 Order and earlier orders of
24      Magistrate Judge Hillman; (b) the DMCA notices and other documents
25      that Google has failed to produce in violation of the Court's orders and
26      Google's representations that such documents have been produced.
27      Perfect 10 should then be given an opportunity to file a sur-reply in
28      connection with the Summary Judgment Motions and seek monetary

1     sanctions before this Court rules on those motions.

2 Notice of Motion, Docket No. 617, Paragraph 3 (first unnumbered page, lines 17-

3 28).  *See also* the Proposed Order, Docket No. 617-2, page 1 lines 12-21.

4     Perfect 10 did not specifically mention Rule 56(f) in its Notice of Motion or

5 in its Memorandum of Points and Authorities in Support of the Motion (Docket No.

6 633), because this is not the typical Rule 56(f) situation, where a party is seeking to

7 propound additional discovery in order to oppose a summary judgment motion.

8 Rather, Perfect 10 sought sanctions or other relief against Google because Google

9 failed to produce documents that Perfect 10 had already requested and that the Court

10 had already ordered Google to produce.  One of the forms of relief sought by Perfect

11 10, as set forth above, is similar to relief that would be sought in a Rule 56(f)

12 motion, had Perfect 10 believed that the documents had not already been requested

13 and ordered by the Court to be produced.

14     At the hearing on January 15, 2010, Perfect 10's attorney discussed this issue

15 with the Court, as follows:

> THE COURT:  JUST A MINUTE.  THEY HAVE TURNED OVER CORRESPONDENCE WITH THE CERTAIN WEBMASTERS.  THEY UNDERSTAND THEIR DUTY IS CONTINUING UNTIL THE DAY OF TRIAL.  BUT IF THEY'RE NOT DOING IT FAST ENOUGH FOR YOU TO MEANINGFULLY OPPOSE THEIR SUMMARY JUDGMENT MOTION, THEN, IT SEEMS TO ME YOU NEED TO MAKE A RULE 56(F) MOTION.
>
> MR. MAUSNER:  OKAY.  IF THAT'S -- IF THAT IS COVERED UNDER RULE 56(F).  MY UNDERSTANDING WAS 56(F) IS YOU'VE GOT TO PROPOUND MORE DISCOVERY.   IF IT'S ALREADY BEEN PROPOUNDED AND ORDERED, IT WOULDN'T REALLY BE A 56(F).  IT WOULD BE WHAT WE DID, WHICH IS A SANCTIONS MOTION.
> …
>
> THE COURT:  LET ME COMMENT ON SOMETHING THAT YOU SAID A MINUTE AGO CORRECTLY.  AND THAT IS THAT -- I THINK YOU'RE RIGHT, THAT RULE 56(F) IS IN THE SITUATION WHERE YOU WANT TO PROPOUND NEW DISCOVERY TO OPPOSE THE

> MERITS OF A SUMMARY JUDGMENT MOTION.  IT'S JUST IN THE CONTEXT OF THIS CASE IT'S MURKIER THAN THAT.
>
> …
>
> AND I AGREE WITH YOU.  I UNDERSTAND YOUR POINT.  BUT BEFORE I WOULD RECOMMEND THIS TYPE OF SANCTIONS MOTION I WOULD HAVE TO BE UTTERLY CONVINCED THAT THERE HAD BEEN A MEETING OF THE MINDS AS TO WHAT WAS REQUIRED BY MY ORDERS AND JUDGE MATZ'S ORDERS, AND THAT THERE WAS A -- THAT CONTEMPT WAS SHOWN, THAT GOOGLE WAS NOT RESPONDING TO THOSE ORDERS,  AND, THEREFORE, EVIDENTIARY SANCTIONS OR THE ONLY SANCTIONS THAT -- SANCTION THAT WOULD DO JUSTICE IN THIS CASE.  SO, YOU MAY BE RIGHT THAT RULE 56 MAY NOT --

Transcript of January 15, 2010 hearing, pages 62-65.

Based upon the above discussion and the manner in which this matter is proceeding, Perfect 10 wishes to clarify its position as follows:  Perfect 10 reserves the right to seek relief under Rule 56(f), to the extent that such relief is necessary or proper, whether under any ruling by this Court or otherwise, or in connection with any of the pending motions.

Dated: March 7, 2010           LAW OFFICES OF JEFFREY N. MAUSNER

By: ___*Jeffrey N. Mausner*___

Jeffrey N. Mausner
Attorney for Plaintiff Perfect 10, Inc.