QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>           Defendants. | CASE NO. CV 04-9484 AHM (SHx) [Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**GOOGLE INC.'S *EX PARTE* APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS**<br><br>[Declaration of Rachel Herrick Kassabian filed concurrently]<br><br>Hon. A. Howard Matz<br><br>Date:   None set<br>Time:   None set<br>Crtrm.: 14<br><br>Discovery Cutoff:  None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:   None Set |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>           Defendants. | |

01980.51320/3353795.7

1    Pursuant to the <u>Federal Rules of Civil Procedure</u> and this Court's <u>Local</u>

2    <u>Rule</u> 7-19, Defendant Google Inc. ("Google") respectfully submits this *Ex Parte*

3    Application to strike Plaintiff Perfect 10, Inc.'s ("P10") Motion for Preliminary

4    Injunction Against Defendant Google Inc. (Dkt. No. 772) ("Second PI Motion") and

5    for sanctions against P10. In the alternative, this application requests a stay of the

6    Second PI Motion pending resolution of Google's Motions for Summary Judgment

7    Regarding Google's Entitlement to Safe Harbor under the Digital Millennium

8    Copyright Act ("DMCA Motions") (Dkt Nos. 456-458), or as a further alternative,

9    for expedited discovery from P10 on the matters presented in the Second PI Motion.

10   This *ex parte* application is made on the grounds that P10's filing of the

11   Second PI Motion violates the Court's July 8, 2009 Order and is made in bad faith;

12   that judicial resources would be conserved and justice served by striking or staying it

13   and deciding Google's DMCA Motions before it; and that should the Court be

14   inclined to hear the Second PI Motion, additional discovery from P10 is required to

15   permit Google to prepare a full and complete opposition to it. This application is

16   based on this Application and the accompanying memorandum, the concurrently-filed

17   Declaration of Rachel Herrick Kassabian ("Kassabian Decl."), the pleadings and

18   other papers on file in this action, and all matters of which the Court may take

19   judicial notice.

20   Pursuant to <u>Local Rule</u> 7-19, Google contacted Jeffrey N. Mausner, Warner

21   Center Towers, 21800 Oxnard Street, Suite 910, Woodland Hills, CA 91367-3640,

22   Telephone: (310) 617-8100, (818) 992-7500, counsel of record for P10, regarding

23   the substance of this *ex parte* application on March 8, 2010 at 12:02 a.m. P10's

24   counsel declined to stipulate to Google's requested relief and stated that it would

25   oppose this application.

26

27

28

1 | DATED: March 8, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Rachel Herrick Kassabian_

Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES.................................................1

BACKGROUND .........................................................................................................1

ARGUMENT...............................................................................................................1

I.    P10'S SECOND PI MOTION SHOULD BE STRICKEN. ...............................1

      A.    P10's Second PI Motion Violates The Court's July 8, 2009 Order.........2

      B.    P10's Repeated Attempts To Delay This Litigation Bely Any
            Claim Of Immediate And Irreparable Harm..........................................9

      C.    P10's Second PI Motion Improperly Asks The Court To Violate
            Ninth Circuit Law. ...............................................................................12

II.   PERFECT 10 SHOULD BE SANCTIONED FOR BRINGING THE
      SECOND PI MOTION. ..................................................................................13

III.  IN THE EVENT THE COURT DECLINES TO STRIKE THE
      SECOND P10 MOTION, GOOGLE REQUESTS ALTERNATIVE
      RELIEF. .........................................................................................................15

      A.    P10's Second PI Motion Should Be Stayed Pending The Court's
            Ruling On Google's DMCA Motions. ...................................................15

      B.    If the Second PI Motion is Not Stricken or Stayed, Google Should
            Be Granted Expedited Discovery On The Matters Addressed By
            P10's Second PI Motion. ......................................................................16

CONCLUSION ........................................................................................................17

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>Cases</u>

4

<u>Adams v. City of Chicago,</u>
   135 F.3d 1150 (7th Cir. 1998) ...................................................13

5

6

<u>Avitia v. Metropolitan Club of Chicago, Inc.,</u>
   924 F.2d 689 (7th Cir. 1991) ....................................................13

7

<u>BABN Technologies Corp. v. Bruno,</u>
   1998 WL 720171 (E.D. Pa. Sept. 2, 1998) ...............................17

8

9

<u>Blase v. AT&T Corp.,</u>
   2005 WL 3478400 (D. Kan. Dec. 20, 2005) ..............................2

10

<u>Citibank, N.A. v. Citytrust,</u>
   756 F.2d 273 (2d Cir. 1985) ......................................................9

11

12

<u>Corbis Corp. v. Amazon.com, Inc.,</u>
   351 F. Supp. 2d 1090 (W.D. Wash. 2004) ...............................16

13

<u>DISC Intellectual Properties LLC v. Delman,</u>
   2007 WL 4973849 (C.D. Cal. Sept. 17, 2007) ...........................6

14

15

<u>eBay Inc. v. MercExchange, L.L.C.,</u>
   547 U.S. 388, 126 S.Ct. 1837 (2006) ......................................10

16

<u>Getty Petroleum Marketing, Inc. v. Shipley Fuels Marketing, LLC,</u>
   2007 WL 2844872 (E.D. Pa. Sept. 27, 2007) ..........................10

17

18

<u>Gomez v. Vernon,</u>
   255 F.3d 1118, (9th Cir. 2001) ............................................2, 14

19

<u>Hendrickson v. EBay Inc.,</u>
   165 F. Supp. 2d 1082 (C.D. Cal. 2001) ...................................16

20

21

<u>Lasar v. Ford Motor Co.,</u>
   399 F.3d 1101 (9th Cir. 2005) .............................................2, 14

22

<u>MGM Studios, Inc. v. Grokster, Ltd.,</u>
   518  F. Supp. 2d 1197 (C.D. Cal. 2007) ...............................9, 10

23

24

<u>Oakland Tribune, Inc. v. Chronicle Pub. Co.,</u>
   762 F.2d 1374 (9th Cir. 1985) ...................................................9

25

<u>Perfect 10, Inc. v. Amazon.com, Inc.,</u>
   416 F. Supp. 2d 828 (C.D. Cal. 2006) ...........................12, 13, 14

26

27

<u>Perfect 10, Inc. v. Amazon.com, Inc.,</u>
   508 F.3d 1146 (9th Cir. 2007) .................................12, 13, 14

28

01980.51320/3353795.7

-ii-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR
PRELIMINARY INJUNCTION AND FOR SANCTIONS

Rent-a-Center v. Canyon Television & Appliance Rental, Inc.,
944 F.2d 597 (9th Cir. 1991) ...................................................................9

Roadway  Express, Inc. v. Piper,
447 U.S. 752 (1980) .................................................................1, 2, 15

Semitool, Inc. v. Tokyo Electron America, Inc.,
208 F.R.D. 273 (N.D. Cal. 2002) .........................................................17

Southtech Orthopedics, Inc. v. Dingus,
428 F. Supp. 2d 410 (E.D.N.C. 2006) ..................................................10

Spalding Labs., Inc. v. Arizona Biological Control, Inc.,
2008 WL 2227501 (C.D. Cal. May 29, 2008) ........................................6

Stanley v. University of So. Calif.,
13 F.3d 1313 (9th Cir. 1994) ................................................................17

Tiber Lab., LLC v. Hawthorn Pharm., Inc.,
527 F. Supp. 2d 1373 (N.D. Ga. 2007) .................................................10

Unigard Security Insurance Co. v. Lakewood Engineering & Manufacturing Corp.,
982 F.2d 363 (9th Cir. 1992) ..................................................................2

**Statutes**

17 U.S.C. § 107 ....................................................................................13

17 U.S.C. § 512 ......................................................................................1

28 U.S.C. § 1927 ....................................................................................2

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR
PRELIMINARY INJUNCTION AND FOR SANCTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### Background

Google brings this *Ex Parte* Application to address and obtain relief from Perfect 10, Inc.'s blatant violation of an Order of this Court.  In July 2009, Google filed three motions for summary judgment regarding its entitlement to safe harbor under the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA Motions").  See Dkt. Nos. 456, 457, and 458.  Shortly thereafter, Perfect 10, Inc. ("P10") filed its own reactive summary judgment motion on overlapping issues ("Stayed P10 MSJ") (Dkt. No. 436).  Declaration of Rachel Herrick Kassabian ("Kassabian Decl.") filed concurrently, at Exh. N (the Stayed P10 MSJ).  Google requested that P10's motion be stricken or held in abeyance pending the Court's ruling on the DMCA Motions.  By its Order dated July 8, 2009, the Court granted Google's request, finding that judicial economy will be served by ruling on the DMCA Motions first, and staying further briefing on the Stayed P10 MSJ.  Kassabian Decl., Exh. A (Order dated July 8, 2009 (Dkt. No. 453)).

P10's Motion for Preliminary Injunction Against Defendant Google Inc. (Dkt. No. 772) ("Second PI Motion"), filed on March 3, 2010, is a blatant attempt to circumvent the Court's July 8 Order.  In substance, the Second PI Motion essentially re-files the Stayed P10 MSJ, repeating the same core arguments and using the same core evidence.  In it, P10 articulates no basis for disregarding the Court's July 8 Order, nor does P10 present any credible support for any recently-arising "irreparable harm" that might warrant bringing such a motion.  The Second PI Motion violates a prior Order of this Court, and is vexatious, redundant, and untimely.  It should be stricken, and P10 should be sanctioned for bringing it.

### Argument

### I.   P10'S SECOND PI MOTION SHOULD BE STRICKEN.

This Court has the inherent authority to impose sanctions for willful violations of court orders and for bad-faith and vexatious litigation conduct.  See, e.g., Roadway

Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980) (court has authority "to levy sanctions in response to abusive litigation practices."); Unigard Security Insurance Co. v. Lakewood Engineering & Manufacturing Corp., 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001) ("A court has the inherent power to sanction a party or its lawyers if it acts in 'willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for willful[ ] abuse [of the] judicial processes.'") (citing Roadway Express, Inc., 447 U.S. at 766). Local Rule 83-8 further provides that the Court may issue "orders as are appropriate to control the conduct of a vexatious litigant."[1] Appropriate sanctions for such misconduct can include striking pleadings and issuing monetary sanctions. See Blase v. AT&T Corp., 2005 WL 3478400, *2 (D. Kan. Dec. 20, 2005) (striking expert report due to plaintiff's violation of court order); Lasar v. Ford Motor Co., 399 F.3d 1101, 1118 (9th Cir. 2005) (affirming monetary sanctions award for deliberate violation of court order).

P10's Second PI Motion violates this Court's prior Order and is vexatious, duplicative, and untimely. It should be stricken.

**A.    P10's Second PI Motion Violates The Court's July 8, 2009 Order.**

Google filed its DMCA Motions in July 2009 (Dkt. Nos. 456, 457, and 458), and shortly thereafter, P10 reactively filed the Stayed P10 MSJ—its own summary judgment motion on copyright liability and DMCA issues. Dkt. No. 436. Google then requested that the Stayed P10 MSJ be stricken or held in abeyance, pending the

---

[1]    Additional authority to issue sanctions may be found in 28 U.S.C. § 1927, which permits sanctions against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously."

1  Court's ruling on Google's DMCA Motions.  See Kassabian Decl., Exh. B (Google's

2  Motion for an Order Setting a Schedule for the Filing of Dispositive Motions (Dkt.

3  No. 411)).  Specifically, Google argued that it would conserve judicial resources to

4  rule on Google's DMCA Motions first, since P10's Stayed MSJ was largely

5  duplicative to the extent it raised DMCA issues, and the copyright infringement

6  liability issues it also raised could be rendered moot by Google's DMCA Motions.

7  Id.; see also id. at Exh. C (Google's *Ex Parte* Application re: Perfect 10's Motion for

8  Summary Judgment (Dkt. No. 452)).

9       In its July 8, 2009 Order, the Court granted Google's request "for the reasons

10  stated in Google's briefs," and ordered that all further briefing on the Stayed P10

11  MSJ be stayed "until further order of the Court."  Kassabian Decl., Exh. A (Order

12  dated July 8, 2009 (Dkt. No. 453)).  Briefing then proceeded on the DMCA Motions.

13  See Dkt. Nos. 495, 497, and 498 (P10's August 9, 2009 Opposition Briefs); Dkt.

14  Nos. 529-531 (Google's September 8, 2009 Reply Briefs).  All briefing on Google's

15  DMCA Motions was completed on September 8, 2009, and the DMCA Motions have

16  been under submission since then.  See Order dated August 13, 2009 (Dkt. No. 500).

17       P10's Second PI Motion violates the letter and spirit of the Court's July 8

18  Order.  It is made on the very same legal grounds as the Stayed P10 MSJ, arguing yet

19  again that Google is liable for direct, contributory, and vicarious copyright

20  infringement on the merits, and that Google is ineligible for safe harbor under the

21  DMCA.  As specific representative examples, the Second PI Motion and the Stayed

22  P10 MSJ both argue that Google (1) is directly liable for hosting images on Blogger,

23  (2) is contributorily liable for providing links to so-called "massive infringers,"

24  (3) has failed to take "simple measures" to reduce alleged infringements, and (4) is

25  not eligible for DMCA safe harbors for the same alleged reasons.  The similarities

26  between these P10 motions does not stop at the issues – P10 appears to have copied

27  substantial portions of its Second PI Motion ***nearly verbatim*** from the Stayed P10

28

MSJ.  The following chart provides some examples where the language of these two P10 motions is identical or virtually identical:

| Stayed P10 MSJ (Dkt. No. 436) | Second PI Motion (Dkt. No. 784) |
|---|---|
| "Google has stored at least 3,808 full-size P10 Images on its blogger.com servers, along with 3,808 medium-sized versions of the same images. Google's blogger.com servers also store tens of thousands of full-size celebrity images, worth tens of millions of dollars." Stayed P10 MSJ at 6:28-7:3. | "Google is storing at least 3,837 full-size P10 Images on its own blogger.com servers, along with 3,837 medium-sized versions of the same images. Google's blogger.com servers also store tens of thousands of full-size celebrity images, worth tens of millions of dollars." Second PI Motion at 6:13-16." |
| "Google has itself displayed passwords for perfect10.com and has hosted websites which display perfect10.com passwords. Such passwords have allowed the unauthorized downloading of at least 3,000,000 P10 Images from perfect10.com."  Stayed P10 MSJ at 9:1-4. | "Google has itself displayed passwords for perfect10.com and has hosted websites which display perfect10.com passwords. Such passwords have allowed users to illegally download at least 4,500,000 P10 Images from perfect10.com."  Second PI Motion at 8:4-6. |
| "Google has specially formatted P10 images so they could be downloaded on cell phones."  Stayed P10 MSJ at 9:17-18. | "Google has specially formatted P10 images so they could be downloaded on cell phones."  Second PI Motion at 8:13-14. |
| "Google has hosted at least 400 blogspot.com sites that have infringed, in total, at least 11,000 P10 Images," Stayed P10 MSJ at 2:17-18 | "Google has hosted at least 565 blogspot.com websites that have infringed, in total, at least 11,000 P10 Images."  Second PI Motion at 10:11-13. |
| "Because Google earns a financial benefit from infringing activity on its own servers, over which Google has complete control, Google's conduct constitutes vicarious infringement under the Grokster standard."  Stayed P10 MSJ at 11:24-26. | "Google receives a direct financial benefit from clicks on each ad, and has the right and ability to control such infringement, because it occurs on Google's own servers."  Second PI Motion at 10:28-28. |
| "Fourth, Google does not keep track of the identities of its hosting clients and thus allows them to infringe anonymously. Because Google is listed | "Furthermore, Google does not keep track of the identities of the clients it hosts and thus allows these websites to infringe anonymously. Because Google |

01980.51320/3353795.7

-4-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

| | |
|---|---|
| by Internet Registrars as the registered owner and contact for such infringing websites, it must take responsibility when put on notice." Stayed P10 MSJ at 2:18-22. | is listed by Internet Registrars as the registered owner and contact for such infringing websites, it must take responsibility when it receives notice of such anonymous infringement." Second PI Motion at 11:2-7. |
| "Google has placed its advertising ("ads by google") next to at least 18,000 P10 Images on free websites, including blogspot.com websites that it hosts. In most cases, Google has not removed such ads even after receiving notice from Perfect 10 that the web pages where Google placed these ads infringed upon Perfect 10's copyrights. Furthermore, even when Google has removed ads that it placed next to P10 Images on certain infringing websites, Google has simply placed its ads next to those same P10 Images on other infringing websites." Stayed P10 MSJ at 17:15-21. | "Google has placed its advertising ("ads by google") next to at least 18,000 P10 Images on free websites, including blogspot.com websites that Google hosts on its own servers. In most cases, Google has not removed such ads, even after receiving notice from Perfect 10 that the web pages where Google placed these ads infringe upon Perfect 10's copyrighted works. Furthermore, even when Google has removed ads that it initially placed next to P10 Images on certain infringing websites, Google has simply placed its ads next to those same P10 Images on other infringing websites." Second PI Motion at 16:6-12. |
| "Google continues to display passwords to perfect10.com on its own website.  Moreover, Google continue to host websites on its blogspot.com servers that also display P10 passwords. Such passwords have been used to illegally download millions of images from perfect10.com. Furthermore, as explained in the Zada Declaration, users have gone to google.com, searched for perfect10.com passwords on google.com, and then made unauthorized downloads of P10 Images from perfect10.com using those passwords." Stayed P10 MSJ at 18:22-28 | "Google continues to display passwords to perfect10.com on its own website. Moreover, Google continues to host websites on its blogspot.com servers that also display Perfect 10 passwords. Such passwords have been used to illegally download more than 4.5 million images from perfect10.com. Perfect 10 also has evidence that users have gone to google.com, searched for perfect10.com passwords on google.com, and then made unauthorized downloads of P10 Images from perfect10.com using those passwords." Second PI Motion at 16:22-17:2 |
| "Google Has Neither Adopted, Nor Reasonably Implemented, A Repeat | "Google Has Neither Adopted, Nor Reasonably Implemented, A Repeat |

01980.51320/3353795.7

-5-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

| | |
|---|---|
| Infringer Policy." Stayed P10 MSJ at 24:1-2. | Infringer Policy." Second PI Motion at 21:20-21. |
| "…[T]hat Perfect 10's [purported DMCA] notices provided sufficient information for Google to locate and disable access to infringing material is evidenced by the fact that Yahoo! was able to remove links and images from its search results within three days after receiving similar notices from Perfect 10." Stayed P10 MSJ at 22:7-10. | "In addition to providing the URL requested by Google, Perfect 10 used Adobe Acrobat Professional to include an actual copy of the infringing web page with the infringing P10 Images clearly identified [in its purported DMCA notices]. Yahoo! … processed similar notices in three days …." Second PI Motion at 19:22-26. |

In addition to repeating its previous legal arguments, P10 also relies in large measure on identical or virtually identical "evidence" in support of both motions. For example, the Second PI Motion includes eleven supporting declarations. Three of these—the O'Connor, Newton, and Hoffman Declarations (Dkt. Nos. 781, 777, 776)—are literally the same declarations that P10 filed with the Stayed P10 MSJ (Dkt. Nos. 443, 444, 445). Four more—the Chumura, McPhatter, Schwartz, and Eden Declarations (Dkt. Nos. 780, 782, 778) are literally the same declarations that P10 filed with its oppositions to Google's DMCA Motions (Dkt. Nos. 479, 481, 478, 475).[2] And the remaining four—the Zada, Mausner, Chou, and Poblete Declarations

---

[2]   Indeed, P10's Second PI Motion should be stricken for the additional reason that, in further briefing issues regarding Google's entitlement to DMCA safe harbor, P10 has filed what amounts to an improper surreply to Google's DMCA Motions, without leave of court. Local Rule 7-10 mandates that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply" in support of a motion. Paragraph III.C.5 of this Court's Scheduling and Case Management Order provides that "[t]he non-moving party may not file a sur-reply [regarding a summary judgment motion] unless the Court first grants leave to do so." Courts routinely strike or refuse to consider documents submitted in violation of these rules. See, e.g., Spalding Labs., Inc. v. Arizona Biological Control, Inc., 2008 WL 2227501, at *1 n.2 (C.D. Cal. May 29, 2008) (citing Local Rule 7-10); DISC Intellectual Properties LLC v. Delman, 2007 WL 4973849, at *1 n.1 (C.D. Cal. Sept. 17, 2007). P10 has been admonished not to file improper sur-replies before. See Dkt. Nos. 220
   (footnote continued)

-6-

(Dkt. Nos. 783 (filed under seal), 773, 774, 775)—are merely updated versions of their prior declarations submitted with the Stayed P10 MSJ (Dkt. Nos. 438, 439, 440, 441).  The following chart provides examples of these evidentiary redundancies:

| Mausner Decl. for Stayed P10 MSJ (Dkt. No. 439) | Mausner Decl. for Second PI Motion (Dkt. No. 773) |
|---|---|
| "Attached as Exhibit A is a true and correct copy of portions of this Court's Order dated May 8, 2006, Docket No. 161, with Paragraph 9, entitled 'Notification System,' highlighted." Decl. ¶ 2. | "Attached as Exhibit A is a true and correct copy of portions of this Court's Order dated May 8, 2006, Docket No. 161, with Paragraph 9, entitled 'Notification System,' highlighted." Decl. ¶ 2. |
| "I took the deposition of Google's expert, Dr. John R. Levine, on February 28, 2007. Attached hereto as Exhibit E is a true and correct copy of portions from the transcript of that deposition, with portions highlighted." Decl. ¶ 6. | "I took the deposition of Google's expert, Dr. John R. Levine, on February 28, 2007. Attached hereto as Exhibit E is a true and correct copy of portions from the transcript of that deposition, with portions highlighted." Decl. ¶ 17. |
| Chou Decl. for Stayed P10 MSJ (Dkt. No. 440) | Chou Decl. for Second PI Motion (Dkt. No. 774) |
| "I have been able to readily find P10 Images on such websites by doing searches on "P10"; P10 in combination with a date, such as "P10 2004"; the model name; or the image URL of the image, such as Marisa_Miller_44.jpg." Decl. ¶ 5. | "I have been able to readily find P10 Images on such websites by doing searches on "P10"; P10 in combination with a date, such as "P10 2004"; the model name; or the image URL of the image, such as Marisa_Miller_44.jpg." Decl. ¶ 5. |
| "The Adobe files provided by Perfect 10 in its notices have been sufficient to allow Google to find the infringing material." Decl. ¶ 7. | "The Adobe files provided by Perfect 10 in its notices have been sufficient to allow Google to find the infringing material." Decl. ¶ 7. |
| Poblete Decl. for Stayed P10 MSJ (Dkt. No. 441) | Poblete Decl. for Second PI Motion (Dkt. No. 775) |
| "I have verified that Perfect 10 has in its | I have verified that Perfect 10 has in its |

(granting Amazon's motion to strike P10's improper sur-reply) and 284 in the consolidated case (again striking sur-reply that "was neither necessary nor authorized").

| deposit material for copyright registrations filed with the U.S. Copyright Office, over 19,000 unique images." Decl. ¶ 2. | deposit material for copyright registrations filed with the U.S. Copyright Office, over 45,000 unique images." Decl. ¶ 2. |
|---|---|
| "Page 1 of Exhibit 23 to the Zada Declaration contains an image of Anna Tarson that appears in Perfect 10 Magazine, Vol. 5, No. 2, and has been registered at the Copyright Office under Registration No. TX 5-452-254. That image also appears as a thumbnail on Page 2 of Exhibit 49." Decl. ¶ 4. | "Page 1 of Exhibit 28 to the Zada Declaration contains an image of Anna Tarson that appears in Perfect 10 Magazine, Vol. 5, No. 2, and has been registered at the Copyright Office under Registration No. TX 5-452-254. That image also appears on Page 2 of Exhibit 64." Decl. ¶ 4. |
| **O'Connor Decl. for Stayed P10 MSJ** (Dkt. No. 443) | **O'Connor Decl. for Second PI Motion** (Dkt. No. 781) |
| Identical in all respects | Identical in all respects |
| **Hoffman Decl. for Stayed P10 MSJ (Dkt. No. 444)** | **Hoffman Decl. for Second PI Motion** (Dkt. No. 776) |
| Identical in all respects | Identical in all respects |
| **Newton Decl. for Stayed P10 MSJ** (Dkt. No. 445) | **Newton Decl. for Second PI Motion** (Dkt. No. 777) |
| Identical in all respects | Identical in all respects[3] |

In sum, P10 has essentially re-filed the Stayed P10 MSJ, using largely the same arguments and evidence, yet styled it as a motion for preliminary injunction. As such, the Second PI Motion contravenes the Court's July 8 Order and undermines the conservation of judicial resources that the Court's July 8 Order was meant to effect. P10's Second PI Motion should be stricken.

---

[3] Substantial portions of the Zada Declaration filed in support of the Stayed P10 MSJ (Dkt. No. 491) are identical to the Zada Declaration filed in support of the Second PI Motion (Dkt. No. 783) as well; however, the overlapping text is not recited here since the latter declaration was filed under seal.

01980.51320/3353795.7

-8-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

**B.**   **P10's Repeated Attempts To Delay This Litigation Bely Any Claim Of Immediate And Irreparable Harm.**

P10 surely will claim that its Second PI Motion is substantively distinct from the Stayed P10 MSJ, because the former seeks immediate injunctive relief to avoid purported "irreparable harm."  In fact, P10 has no colorable claim to such urgency, and no credible evidence of irreparable harm.

P10 filed suit against Google in November 2004—nearly **_six years ago_**.  The Ninth Circuit vacated P10's preliminary injunction in 2007.  P10 did not seek a second preliminary injunction at that time.  Instead, P10 waited three more years, and filed the Second PI Motion in March 2010.  As a preliminary matter, such a lengthy delay strongly undercuts any good-faith claim to present urgency.[4]  See, e.g., Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985) (delay of suit for nine months after receiving notice in the press, and 10 weeks after receiving actual notice, negates any presumption of irreparable harm).

P10's lengthy delays in filing aside, on the merits, P10 has articulated no plausible irreparable harm.  Specifically, P10 now claims that it stands to be irreparably harmed because it is "near bankruptcy, and must have immediate relief to survive."  Second PI Motion at 1.  But it is blackletter law that alleged monetary damages **_cannot_** constitute irreparable harm for purposes of imposition of a preliminary injunction.  See, e.g., Rent-a-Center v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.") (citation omitted); MGM Studios, Inc. v. Grokster, Ltd., 518

F.Supp.2d 1197, 1210 (C.D. Cal. 2007) ("by definition, 'irreparable injury' is that for which compensatory damages are unsuitable") (citation omitted); <u>Tiber Lab., LLC v. Hawthorn Pharm., Inc.</u>, 527 F.Supp.2d 1373, 1381 (N.D. Ga. 2007) ("To establish irreparable harm, the movant must show that the injury is immediate and is not compensable by monetary damages.").[5]

Moreover, P10 has represented to this Court that since its inception in 1996, it has never operated at a profit.  <u>See</u> Kassabian Decl., Exh. D (October 17, 2005 Zada Reply Decl. for First PI Motion (Dkt. No. 58) ¶ 60).  According to Norman Zada, he has voluntarily elected to keep the company afloat over the years by lending it millions of dollars, and now represents that he may not continue to do so.  Second PI Motion at 5.  But an investor's voluntary election to stop funding a money-losing enterprise does not constitute irreparable harm in any sense of the term.  <u>See</u> <u>Getty Petroleum Marketing, Inc. v. Shipley Fuels Marketing, LLC</u>, 2007 WL 2844872, at *22 (E.D. Pa. Sept. 27, 2007) (denying motion for preliminary injunction because plaintiff could not show irreparable harm where it "self-inflicted its own harm through its voluntary decision to terminate its license to use the Mobil brand," and therefore, "any urgent need for relief by plaintiff was brought about by Getty's own business decisions"); <u>Southtech Orthopedics, Inc. v. Dingus</u>, 428 F.Supp.2d 410, 422 (E.D.N.C. 2006) ("Plaintiff has failed to demonstrate a threat of irreparable harm,

---

[4]   Indeed, for the publicity claim, this is the *very first time* P10 seeks a preliminary injunction—nearly six years after filing suit.

[5]   As the Supreme Court recently confirmed, a copyright owner cannot rely on a presumption that irreparable harm automatically results from alleged infringement when seeking injunctive relief.  <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 126 S.Ct. 1837, 1840 (2006) (the Supreme Court "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed"); <u>see also</u> <u>Grokster</u>, 518 F.Supp.2d at 1211 ("the presumption of irreparable harm no longer inures to the benefit of Plaintiffs.")

01980.51320/3353795.7

-10-
GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

1  such as can be remedied by the entry of an injunction, in that plaintiff's alleged loss of

2  customers and goodwill may be wholly or partially attributable to plaintiff's own

3  strategic business decisions.").

4      Further belying any colorable claim of imminent irreparable harm is the fact

5  that P10 has repeatedly taken steps to ***slow down*** this litigation.  P10 has argued time

6  and again that the defendants in the <u>Google</u> and <u>Amazon</u> cases were proceeding with

7  discovery and motion practice at too fast a pace, and has repeatedly delayed matters

8  and ignored efforts to move the cases toward resolution.  <u>See</u> Kassabian Decl., Exh. E

9  (P10's Statement for October 6, 2008 Case Management Conference (Dkt. No. 364)

10  at 2:26-3:1 (P10 "suggests that large scale discovery relating to requests made by

11  various Defendants be postponed until the Court rules on whether the evidence

12  presented by Perfect 10 in its motion is sufficient for summary adjudication")); <u>id.</u> at

13  Exh. F (November 14, 2008 "Joint Letter" to the Court regarding P10's Request to

14  Stay Discovery (Dkt. No. 380) (P10 requests a stay of all discovery unrelated to

15  Google's DMCA Motions, and further requests that Google be precluded from filing

16  any motions to compel for a period of time)); <u>id.</u> at Exh. G (May 7, 2009 Joint

17  Stipulation on Google's Motion to Compel (Dkt. No. 408) at 3-4 (resisting Google's

18  motion to compel various categories of documents relevant to P10's alleged damages

19  claims which Google had requested several years earlier).

20      And, most notably, P10 did not object to an indefinite stay of this <u>entire case</u>

21  pending resolution of its case against Microsoft.  Kassabian Decl., Exh. H (P10's

22  Response to the Court's December 2, 2008 Tentative Order (Dkt No. 394) at 1:2-3

23  ("Perfect 10 wholeheartedly agrees with the Court's tentative order, staying the

24  Google and Amazon cases").  Thus, P10 can hardly claim urgency of resolution now,

25  nearly a full year ***after*** that stay was imposed with P10's enthusiastic consent.

26      And finally, less than six months ago in a September 11, 2009 opposition to an

27  *ex parte* application filed by the Amazon Defendants, P10 requested "that the Court

28  stay all discovery in both the *Amazon* and *Google* cases, including the determination

of any pending discovery motions before Judge Hillman, until such time as the Court rules on Perfect 10's Motion [for summary judgment against Amazon.com and Alexa Internet]").   Id. at Exh. I (P10's Response to the Amazon Defendants' *Ex Parte* Application to Continue Summary Judgment Filing Deadline (Dkt. No. 348 in the consolidated case) at 8:4-7).

P10's representations are entirely inconsistent with that of a company purportedly on the verge of irreparable harm.  P10's repeated efforts to prolong this case for its own strategic advantage, coupled with its several-year delay in filing this Second PI Motion, negates any plausible, good faith claim of irreparable harm that might warrant the filing of a preliminary injunction motion.  Plainly, the Second PI Motion is merely a dressed-up re-filing of the Stayed P10 MSJ and should be stricken accordingly.

**C.    P10's Second PI Motion Improperly Asks The Court To Violate Ninth Circuit Law.**

P10's Second PI Motion is also brought in bad faith because it requests that the Court ignore binding Ninth Circuit precedent.  Once again, P10 objects to the "server test" and asks the Court to "revisit its ruling on display"—i.e., to change its ruling on the server test and instead adopt some other test for inline linking.  See Second PI Motion at 24-25.   But as P10 knows, the "server test" is binding Ninth Circuit precedent, since the Ninth Circuit unambiguously affirmed this Court's ruling on that issue.  See Perfect 10, Inc. v. Amazon.com, Inc., 416 F.Supp.2d 828, 838-39, 843-45 (C.D. Cal. 2006) (adopting the server test); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1160 (9th Cir. 2007) (affirming the server test).  This Court has already— rightly—confirmed this precise point:  "The server test is still the test.  It will be up to the Ninth Circuit to revise the test … but nothing in the current state of the law warrants a disregard."  See Kassabian Decl, Exh. J (10/27/08 Hearing Transcript at 6:24-7:6)).

In addition to improperly asking that the "server test" be discarded, P10 also asks this Court to ignore the Ninth Circuit's rulings on fair use and vicarious infringement.  The Ninth Circuit has already ruled that Google's creation and use of thumbnail images is "highly transformative" and a "fair use" under 17 U.S.C. § 107.  Amazon.com, Inc., 508 F.3d at 1163-68.[6]  P10 now boldly—and without basis—asks the Court to disregard this analysis.  See Second PI Motion at 12:6-7 ("The damage from Google's infringement is massive, and the display simply is not a fair use.").

Similarly, the Ninth Circuit also rejected P10's claim of vicarious liability.  Amazon.com, Inc., 508 F.3d at 1175 (citing Perfect 10, 416 F.Supp.2d at 858).  And yet P10 now asks this Court to revisit that finding at well.   See, e.g., Second PI Motion at 12:15 (arguing that Google's "conduct constitutes vicarious infringement under Grokster.").   The Ninth Circuit's decision governs this case on remand; it cannot be ignored because P10 simply would prefer a contrary ruling.

P10's invitation to this Court that it disregard binding precedent is frivolous and presents a further reason why its Second PI Motion was not brought in good faith and should be stricken.

## II.   PERFECT 10 SHOULD BE SANCTIONED FOR BRINGING THE SECOND PI MOTION.

P10 filed the Second PI Motion in the face of the Court's July 8 Order.  It is a clear and deliberate attempt to circumvent the July 8 Order by merely "re-packaging" P10's stayed summary judgment arguments and evidence, in the hopes of "leapfrogging," or further delaying a ruling on, Google's pending and fully-briefed DMCA Motions.  P10 presents no credible basis for its present claim of urgency—a

---

[6]   Indeed, P10 is collaterally estopped from challenging the Ninth Circuit's earlier findings on its first motion for preliminary injunction.  See, e.g., Adams v. City of Chicago, 135 F.3d 1150, 1153 (7th Cir. 1998) (citing Avitia v. Metropolitan Club of Chicago, Inc., 924 F.2d 689, 690 (7th Cir. 1991)).

01980.51320/3353795.7

-13-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

1    claim contradicted by P10's years of delay and dilatory tactics.  And P10 urges the

2    Court to abandon the binding law established by the Ninth Circuit, with no basis in

3    law or fact for inviting such a departure.  P10's filing of its Second PI Motion serves

4    only to impose a massive (and unnecessary) burden on this Court's already-scarce

5    judicial resources, and to force Google to expend needless legal fees defending

6    against it.  P10's actions are inexcusable.

7          Nor is this the first time P10 has engaged in such vexatious, redundant and

8    wasteful litigation tactics.  For example, in the <u>Amazon</u> case, P10 repeatedly filed

9    improper "cross-motions" for summary judgment, prompting the Court to warn P10

10   of sanctions if it did so again.  Kassabian Decl., Exh. K (Order dated July 8, 2009

11   (Dkt. No. 320 in the consolidated case) ("If Mr. Mausner again files such cross

12   motions in either of the Perfect 10 cases, the Court may impose sanctions.")).  Further

13   confirming the harassing tactics here, P10 is currently engaged in literal forum

14   shopping—it has recently sued Google Inc. in Canada, bringing claims virtually

15   identical to those pending here.  In a transparent reference to P10's forum-shopping

16   motives, Norman Zada complained in a press interview that "we are still waiting for

17   the Google case [pending before this Court] to be resolved, which may take another

18   two years," and further boasted that "[t]he Canadian judicial system is more

19   streamlined … and the discovery system there is not so lengthy."  Kassabian Decl.,

20   Exh. L (online news article titled "Perfect 10 Sues Google Over Infringement in

21   Canada," dated September 29, 2009).

22         P10's conduct must be punished.  Monetary sanctions should be imposed

23   against P10 in the amount of $10,000, to compensate Google—and the Court—for

24   the time and expense of responding to P10's improper filing.  <u>See, e.g.</u>, <u>Roadway</u>

25   <u>Express</u>, 447 U.S. at 764-65; <u>Gomez</u>, 255 F.3d at 1134 ("A court has the inherent

26   power to sanction a party or its lawyers if it acts in 'willful disobedience of a court

27   order...' as well as for willful[ ] abuse [of the] judicial processes.'"); <u>Lasar</u>,

28   399 F.3d at 1118.

01980.51320/3353795.7

-14-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

III.   **IN THE EVENT THE COURT DECLINES TO STRIKE THE SECOND P10 MOTION, GOOGLE REQUESTS ALTERNATIVE RELIEF.**

A.   **P10's Second PI Motion Should Be Stayed Pending The Court's Ruling On Google's DMCA Motions.**

In the event the Court is not inclined to strike P10's Second PI Motion, Google respectfully requests that the Court stay the Second PI Motion pending resolution of the DMCA Motions.  Resolving the Second PI Motion will require the parties—and the Court—to address the full scope of P10's claims of liability for direct, contributory, and vicarious copyright infringement aimed at a wide array of alleged conduct.  Indeed, by P10's own account, the Second PI Motion addresses:

- Tens of thousands of allegedly infringed images;
- 222 *million* allegedly infringing links;
- Multiple theories of direct liability (e.g. for inline linking, display of thumbnails, and hosting of images);
- Multiple theories of contributory liability (e.g. for providing hyperlinks to third-party websites, for having advertising relationships with alleged infringers, and for displaying alleged passwords to perfect10.com in search results); and
- Multiple theories of vicarious liability (e.g. arguments regarding policing hosted websites and/or other third-party websites and Usenet sites).

Of course, none of these issues need be reached by the Court if Google's DMCA Motions are granted.  Because the Second PI Motion is almost entirely duplicative of the Stayed P10 MSJ, it should be stayed for the same reasons that the Court stayed the Stayed P10 MSJ—specifically, that since it could be mooted by the DMCA Motions, it will conserve judicial resources for the Court to decide the DMCA Motions first.  See Kassabian Decl., Exh. B (Google's Motion for an Order Setting a Schedule for the Filing of Dispositive Motions (Docket No. 411)); see also id. at

-15-

Exh. C (Google's *Ex Parte* Application re: Perfect 10's Motion for Summary Judgment (Docket No. 452)).[7]

**B.**   **If the Second PI Motion is Not Stricken or Stayed, Google Should Be Granted Expedited Discovery On The Matters Addressed By P10's Second PI Motion.**

In the event the Court does not strike or stay the Second PI Motion but instead is inclined to address it on the merits now, Google respectfully requests that the Court extend Google's deadline to respond, and grant Google expedited discovery from P10 regarding the liability issues encompassed by the Second PI Motion.

P10 has repeatedly resisted providing full discovery regarding its alleged copyrights and alleged infringements thereof.  Indeed, more than five years into this litigation, P10 still refuses to identify the alleged infringements it is asserting against Google in this case (requested by Google's Interrogatory Nos. 3 and 11, served years ago but not yet answered by P10).  See, e.g., Kassabian Decl., Exh. M (August 15, 2008 Joint Stipulation on Google's Motion to Compel Further Responses to Interrogatory Nos. 3 & 11 (Dkt. No. 337) at 4-7 (in which P10 refused to identify all infringements it claimed in this action)); id. at Exh. E (P10's October 5, 2008 Statement regarding the Case Management Conference (Dkt. No. 364) at 2:26-3:1 (P10 "suggests that large scale discovery relating to requests made by various Defendants be postponed until the Court rules on whether the evidence presented by

---

[7]   Many other courts have likewise recognized that DMCA issues should be resolved before copyright liability issues.  See, e.g., Corbis Corp. v. Amazon.com, Inc., 351 F.Supp.2d 1090, 1098 (W.D. Wash. 2004) ("[E]ven if [plaintiff's] copyright infringement claims can [bear] fruit, [defendant's] liability protection ensures that the claims will wither on the vine"); Hendrickson v. EBay Inc., 165 F.Supp.2d 1082, 1087-88 (C.D. Cal. 2001) ("Before the Court reaches the merits of that [secondary copyright liability] question, the Court must address a preliminary issue: whether the DMCA shields eBay from liability for copyright infringement.").

01980.51320/3353795.7

-16-

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

Perfect 10 in its motion is sufficient for summary adjudication")).  Moreover, Google has learned that P10 is actively withholding a wide variety of charts, spreadsheets and emails identifying (among other things) P10's purported copyrights and alleged infringements thereof, improperly claiming that these documents are protected by the Word-Product Doctrine.  Kassabian Decl. ¶ 18.  Despite many months of meet and confer efforts on Google's part, P10 has steadfastly refused to turn over these basic recordkeeping documents.

Moreover, P10 should be permitted to depose Norman Zada and Perfect 10's accountant immediately, for the limited purpose of challenging the representations made in the Second PI Motion with respect to P10's alleged financial condition and the alleged reasons therefor.

In order to fairly oppose P10's Second PI Motion, Google must have access to this basic discovery into the copyrights and alleged infringements P10 asserts, and the purported irreparable harm P10 claims.  See BABN Technologies Corp. v. Bruno, 1998 WL 720171, at *9 (E.D. Pa. Sept. 2, 1998) (recommending grant of discovery prior to a preliminary injunction hearing); Stanley v. University of So. Calif., 13 F.3d 1313, 1326 (9th Cir. 1994) (noting that a pending preliminary injunction motion may present good cause for expedited discovery); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (finding good cause for expedited discovery).  In the event the Court wishes to address the merits of the Second PI Motion now, Google requests an order requiring P10 to provide this long-sought discovery immediately, and to extend the briefing deadlines to accommodate this discovery, so that Google may fairly oppose the Second PI Motion.

## Conclusion

For the foregoing reasons, Google respectfully requests that P10's Second PI Motion be stricken, and that P10 be sanctioned in the amount of $10,000 for filing it. In the event the Court is not inclined to strike the Second PI Motion, Google requests that it be stayed pending resolution of Google's DMCA Motions.  If the Court

-17-

1   declines that option as well, Google respectfully requests that it be granted expedited

2   discovery as set forth above, and that the briefing schedule be extended to

3   accommodate this discovery.

4   DATED: March 8, 2010          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
5

6

7   By _____
        Rachel Herrick Kassabian
8       Attorneys for Defendant GOOGLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR
PRELIMINARY INJUNCTION AND FOR SANCTIONS