QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05-4753 AHM (SHx)]<br><br>**DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S *EX PARTE* APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS** |
| AND COUNTERCLAIM | Hon. A. Howard Matz |
| PERFECT 10, INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Date:   None set<br>Time:   None set<br>Crtrm.: 14<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date:   None Set |

01980.51320/3356237.2

DECL. OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE'S EX PARTE APPLICATION TO STRIKE P10'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

1        I, Rachel Herrick Kassabian, declare as follows:

2        I am a member of the bar of the State of California and a partner at

3   Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc.

4   ("Google") in this action.   I make this declaration of my personal and firsthand

5   knowledge and, if called and sworn as a witness, I could and would testify

6   competently thereto.

7        1.   On March 3, 2010, Plaintiff Perfect 10, Inc. ("P10") filed a second

8   Motion for Preliminary Injunction Against Defendant Google Inc. (Dkt. No. 772)

9   ("Second PI Motion").

10       2.   The following day, March 4, 2010, my colleague Tom Nolan contacted

11  Jeffrey N. Mausner, counsel of record for P10, to inform him that Google believed

12  P10's filing of the Second PI Motion was completely inappropriate, and that Google

13  reserved all rights to seek appropriate relief from the motion.   Mr. Nolan further

14  requested that P10 agree to an extended briefing schedule for P10's Second PI

15  Motion. The parties exchanged several emails on this issue, but ultimately, on March

16  7, 2010 at 9:59 p.m., Mr. Mausner confirmed that P10 was not agreeable to Google's

17  proposed extended briefing schedule.

18       3.   On March 8, 2010 at 12:02 a.m., approximately two hours after Mr.

19  Mausner notified Google of P10's refusal to agree to Google's proposed extended

20  briefing schedule, I informed Mr. Mausner by email that Google intended to file an *ex*

21  *parte* application for an order striking the Second PI Motion and imposing monetary

22  sanctions against P10, or, in the alternative, to stay the Second PI Motion pending

23  resolution of Google's pending motions for partial summary judgment regarding its

24  eligibility for safe harbor under 17 U.S.C. § 512, or in the alternative, to grant Google

25  expedited discovery from P10 regarding the issues presented in the Second PI

26  Motion.   Mr. Mausner subsequently indicated that P10 would oppose the *ex parte*

27  application.

28

1    4.    Attached hereto as Exhibit A is a true and correct copy of the Court's
2    Order dated July 8, 2009 (Dkt. No. 453).

3    5.    Attached hereto as Exhibit B is a true and correct copy of excerpts of
4    Defendant Google Inc.'s Amended Notice of Motion and Motion for an Order Setting
5    a Schedule for the Filing of Dispositive Motions (Dkt. No. 411).

6    6.    Attached hereto as Exhibit C is a true and correct copy of excerpts of
7    Defendant Google's *Ex Parte* Application re: Plaintiff Perfect 10, Inc.'s Motion for
8    Summary Judgment and Summary Adjudication re: Copyright Infringement Against
9    Defendant Google Inc. (Dkt. No. 452).

10    7.    Attached hereto as Exhibit D is a true and correct copy of excerpts of the
11    Reply Declaration of Norman Zada in support of Motion of Plaintiff Perfect 10, Inc.,
12    for Preliminary Injunction, dated October 17, 2005 (Dkt. No. 58).

13    8.    Attached hereto as Exhibit E is a true and correct copy of excerpts of
14    Perfect 10's Statement for October 6, 2008 Case Management Conference Before
15    Judge Matz (Dkt. No. 364).

16    9.    Attached hereto as Exhibit F is a true and correct copy of excerpts of the
17    November 14, 2008 "Joint Letter" to the Court regarding P10's Request to Stay
18    Discovery (Dkt. No. 380).

19    10.    Attached hereto as Exhibit G is a true and correct copy of excerpts of the
20    Joint Stipulation on Google Inc.'s Motion to Compel Perfect 10 (1) to Produce
21    Documents, (2) to Comply with the Protective Order, and (3) to Affix Document
22    Control Numbers to its Document Production (Dkt. No. 408).

23    11.    Attached hereto as Exhibit H is a true and correct copy of excerpts of
24    Perfect 10's Response to the Court's December 2, 2008 Order (Dkt No. 394).

25    12.    Attached hereto as Exhibit I is a true and correct copy of excerpts of
26    Perfect 10's Response to Defendants Amazon.com and Alexa Internet's Ex Parte

27
28

1   Application to Continue Summary Judgment Filing Deadline in the *Amazon* case
2   (Dkt. No. 348 in the consolidated case).

3       13.    Attached hereto as Exhibit J is a true and correct copy of excerpts of the
4   transcript of the October 27, 2008 hearing before the Court in the *Amazon* case.

5       14.    Attached hereto as Exhibit K is a true and correct copy of excerpts of the
6   Court's Order dated July 8, 2009 in the *Amazon* case (Dkt. No. 320 in the
7   consolidated case).

8       15.    Attached hereto as Exhibit L is a true and correct copy of excerpts of an
9   online news article titled "Perfect 10 Sues Google Over Infringement in Canada,"
10  dated September 29, 2009.

11      16.    Attached hereto as Exhibit M is a true and correct copy of excerpts of
12  the Joint Stipulation re. Google Inc.'s Motion to Compel Further Responses to
13  Google's Interrogatory Nos. 3 and 11 (Dkt. No. 337).   As of the date of this
14  declaration, P10 still has not provided complete responses to these interrogatories.

15      17.    Attached hereto as Exhibit N is a true and correct copy of Plaintiff
16  Perfect 10, Inc.'s Notice of Motion and Motion for Summary Judgment and Summary
17  Adjudication re: Copyright Infringement Against Defendant Google Inc. (Dkt. No.
18  436).

19      18.    Through deposition testimony of P10 employees, Google has learned
20  that P10 is actively withholding a wide variety of charts, spreadsheets and emails
21  purportedly identifying P10's copyrights and alleged infringements thereof.  Google
22  has sent numerous meet-and-confer letters and emails to P10 attempting to obtain
23  production of these materials, but to date, P10 has refused to produce them.

24  ///
25  ///
26  ///
27  ///
28

01980.51320/3356237.2

-3-
DECL. OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE'S EX PARTE APPLICATION TO
STRIKE P10'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

1   I declare under penalty of perjury under the laws of the United States of

2 America that the foregoing is true and correct.   Executed March 8, 2010 at San

3 Francisco, California.

4

5

6         Rachel Herrick Kassabian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 04-9484 AHM (SHx) | | Date | July 8, 2009 |
|---|---|---|---|---|

| Title | PERFECT 10, INC.  v. GOOGLE, INC., et al. |
|---|---|

Present: The Honorable    A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

The Court GRANTS, *nunc pro tunc*, Google's "Motion for Order for Schedule for Filing Dispositive Motions" for the reasons stated in Google's briefs.[1] In addition, the Court STAYS further briefing on Perfect 10's just-filed motion for summary judgment (Docket No. 436) until further order of the Court. The August 17, 2009 hearing for Perfect 10's motion is vacated.

The Court is aware that Google decided to file its three DMCA motions, noticed for August 17, 2009, without awaiting the Court's order on its motion. Although Google's filing of the DMCA motions before the Court's order exhibited gamesmanship - - *i.e.*, it gives the appearance of Google racing to the courthouse at the same time it was purporting to seek the Court's guidance on an orderly sequence of the filing of motions -- Google did not violate any Court order.

The Court also notes that the parties have not proposed deadlines for opposition and reply briefs. The Court requires the oppositions to Google's DMCA motions to be filed by July 27, 2009 and the replies to be filed by August 3, 2009.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1] Docket No. 411.

EXHIBIT **A**

PAGE **5**

# EXHIBIT B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Michael T. Zeller (Bar No. 196417)
2    michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
4  Facsimile:   (213) 443-3100
    Charles K. Verhoeven (Bar No. 170151)
5    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California  94111
    Rachel Herrick Kassabian (Bar No. 191060)
7    rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California  94065

9  Attorneys for Defendant GOOGLE INC.

10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California        CASE NO. CV 04-9484 AHM (SHx)
    corporation,                          [Consolidated with Case No. CV 05-
14                                         4753 AHM (SHx)]
                Plaintiff,
15                                        DEFENDANT GOOGLE INC'S
          vs.                             AMENDED NOTICE OF MOTION
16                                        AND MOTION FOR AN ORDER
    GOOGLE INC., a corporation; and       SETTING A SCHEDULE FOR THE
17  DOES 1 through 100, inclusive,        FILING OF DISPOSITIVE
                                          MOTIONS
18              Defendants.
                                          MEMORANDUM OF POINTS AND
19  _____   AUTHORITIES
    AND COUNTERCLAIM
20  _____   Hearing Date:    June 1, 2009
    PERFECT 10, INC., a California        Time:            10:00 a.m.
21  corporation,                          Place:           Courtroom 14

22              Plaintiff,                Discovery Cut-off: None Set
                                          Pretrial Conference Date: None Set
23        vs.                             Trial Date: None Set

24  AMAZON.COM, INC., a corporation;
    A9.COM, INC., a corporation; and
25  DOES 1 through 100, inclusive,

26              Defendants.

27

28

51320/2919766.2

EXHIBIT
PAGE ___ 6

1  papers regarding Google's DMCA motion, and that the motions be heard four weeks

2  after reply briefs are filed. (Id.)

3  **Argument**

4  **I.    GOOGLE'S DMCA SUMMARY JUDGMENT MOTIONS SHOULD**

5  **BE HEARD FIRST, SINCE THEY WOULD POTENTIALLY MOOT**

6  **PERFECT 10'S LIABILITY MOTION.**

7  Google's motions for summary judgment regarding entitlement to safe harbor

8  under subsections 512(b), (c), and (d) of the DMCA should be heard before Perfect

9  10's planned infringement liability motion. Google has asserted the DMCA safe

10  harbor as one of its affirmative defenses. (Answer to Second Amended Complaint

11  and Counterclaims, docket no. 324)

12  The DMCA limits the liability of service providers for copyright infringement

13  in various circumstances, if the service providers meet certain criteria. See 17

14  U.S.C. § 512(b), (c), (d); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1175

15  (9th Cir. 2007) (limiting liability "for infringement of copyright by reason of the

16  intermediate and temporary storage of material on a system or network controlled or

17  operated by or for the service provider," "for infringement of copyright by reason of

18  the storage at the direction of a user of material that resides on a system or network

19  controlled or operated by or for the service provider," and "for infringement of

20  copyright by reason of the provider referring or linking users to an online location

21  containing infringing material or infringing activity, by using information location

22  tools, including a directory, index, reference, pointer, or hypertext link,")   More

23  specifically, the DMCA safe harbors protect qualifying service providers from

24  liability for all monetary relief for direct, vicarious and contributory infringement

25  claims. Io Group, Inc. v. Veoh Networks, Inc., 586 F.Supp.2d 1132, 1141 (N.D.

26  Cal. 2008). Thus, if a court grants a service provider's summary judgment motion

27  regarding DMCA safe harbor, it need not reach the issue of whether the service

28

EXHIBIT __B__

PAGE __7__

1 provider is liable for monetary relief for direct or secondary copyright infringement.

2 See 17 U.S.C. § 512(b), (c), (d).

3      Other courts have elected to resolve DMCA issues before copyright liability

4 issues. See generally Io Group, 586 F.Supp.2d at 1141 (deciding that it was more

5 efficient to address defendant's motion for summary judgment as to the applicability

6 of safe harbor under the DMCA before plaintiff's motion for summary judgment on

7 liability); Corbis Corp. v. Amazon.com, Inc., 351 F.Supp.2d 1090, 1098 (W.D.

8 Wash. 2004) ("[E]ven if [plaintiff's] copyright infringement claims can [bear] fruit,

9 [defendant's] liability protection ensures that the claims will wither on the vine").

10 Indeed, one court in this district has described the DMCA safe harbor defense as a

11 "preliminary issue" to be addressed *before* the ultimate question of infringement

12 liability is reached. See Hendrickson v. EBay Inc., 165 F.Supp.2d 1082, 1087-88

13 (C.D. Cal. 2001) ("Before the Court reaches the merits of that [secondary copyright

14 liability] question, the Court must address a preliminary issue: whether the DMCA

15 shields eBay from liability for copyright infringement.")

16      Here, Google has met and conferred with Perfect 10 regarding Google's

17 intention to file summary judgment motions regarding Google's entitlement to

18 DMCA safe harbor. Google's DMCA motion should be heard first, before Perfect

19 10's planned infringement liability motion, because this Court has rightly ordered

20 the parties to sequence their motions so that motions having potentially preclusive

21 effect on other motions be filed and decided first. Google's DMCA motion, if

22 granted, will moot the central issue in Perfect 10's planned infringement liability

23 motion—namely, whether Google may be held liable for monetary relief for direct

24 or secondary copyright infringement. Thus, hearing Google's DMCA motions first

25 serves the interests of judicial economy, and comports with this Court's directives

26 regarding the sequence of dispositive motions.

27      By contrast, even if Perfect 10 were to succeed on its copyright liability

28 motion, the Court would still need to reach Google's DMCA motion. Nothing

EXHIBIT B

PAGE 8

1  would be gained, and no motions would be eliminated, by addressing Perfect 10's
2  liability motion first. Indeed, judicial and party resources may well be wasted by
3  proceeding in this fashion. This is precisely what the Court has indicated it wants to
4  avoid. (Kassabian Dec., ¶ 3, Ex. A, 48:9-20.)

5      Perfect 10 likely will argue that it can resolve this problem by including
6  DMCA issues in its liability motion. This would not resolve anything. The DMCA
7  is a complete defense to Perfect 10's copyright infringement claims. If Google
8  prevails under the DMCA, the Court and the parties will have wasted time and
9  resources on numerous issues that Perfect 10's liability motion necessarily must
10  raise, such as ownership and other prima facie elements of an infringement claim.
11  Having Perfect 10's motion proceed before or simultaneously with briefing on the
12  DMCA cannot avoid that problem. Furthermore, Google informed Perfect 10 many
13  months ago that Google intended to file a DMCA summary judgment motion. (Joint
14  Rule 16(b) Report, Docket No. 334, at 21; Kassabian Dec., ¶ 4, Ex. B.) Perfect 10
15  never contested that Google should be the moving party on this affirmative defense.
16  (Kassabian Dec., ¶ 5, Ex. C.) Indeed, as the party asserting (and bearing the burden
17  of proof on) the DMCA affirmative defense, Google should have the right to be the
18  moving party on this important issue. Limiting Google to just a single opposition
19  brief/cross-motion on this critical defense would deny Google the opportunity to
20  fully and fairly defend itself against Perfect 10's copyright claims. Accordingly,
21  Google's DMCA motions should be heard before Perfect 10's liability motion, and
22  Google should be deemed the moving party on the DMCA issue.[1]

23

24      [1]  Of course, Perfect 10's plan to address the DMCA in both its anticipated
25  copyright liability motion and its cross-motion to Google's DMCA motion flies
26  even more directly in the face of this Court's Scheduling and Case Management
    Order, which holds that:
27      The parties shall avoid filing cross-motions for summary judgment on
        identical issues of law, such that the papers would be unnecessarily
28      (footnote continued)

EXHIBIT        B

PAGE        9

1   herewith. Google further requests that it be relieved of the 20-day hold requirement

2   of <u>Local Rule</u> 7-3 with respect to this motion.[3]

3

4   DATED: May 8, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                          By____/s/_____

7                             Michael Zeller
                              Attorneys for Defendant GOOGLE INC.

8

9

10

11

12

13

14

15

16

17

18

19     [3]   Under the <u>Local Rules</u>, parties are required to wait 20 days after engaging in the pre-filing conference in advance of an anticipated motion. There is good cause

20   to grant Google relief from this 20-day requirement. First, the parties confirmed during their pre-filing conference that their respective positions regarding the

21   sequence for these dispositive motions were final. (Kassabian Dec., ¶ 10.) As such, nothing would be accomplished by further delay of resolution of these issues.

22   Second, Perfect 10 represented that it would file its motion soon, likely in the next few weeks. (<u>Id.</u>) Without relief from the 20-day requirement, Perfect 10 is likely to

23   file its liability motion before the Court has the opportunity to consider the present

24   motion. The spirit of the Court's prior directive and efficiency therefore support relieving Google of the 20-day requirement so that the Court can resolve the

25   sequence of the motions before they are filed. Otherwise, both the parties and the

26   Court may be burdened by and waste resources on motions that have been filed in a less-than-optimal sequence that has not been approved by the Court.

27

28

EXHIBIT ___B___
PAGE ___10___

# EXHIBIT C

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       Michael T. Zeller (Bar No. 196417)
2        michaelzeller@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
3    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
4    Facsimile: (213) 443-3100
       Charles K. Verhoeven (Bar No. 170151)
5        charlesverhoeven@quinnemanuel.com
     50 California Street, 22nd Floor
6    San Francisco, California 94111
       Rachel Herrick Kassabian (Bar No. 191060)
7        rachelkassabian@quinnemanuel.com
     555 Twin Dolphin Drive, Suite 560
8    Redwood Shores, California 94065

9    Attorneys for Defendant Google Inc.

10

11                   UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13   PERFECT 10, INC., a California           CASE NO. CV 04-9484 AHM (SHx)
     corporation,                             [Consolidated with Case No. CV 05-
14                                            4753 AHM (SHx)]
                  Plaintiff,
15                                            **DEFENDANT GOOGLE INC.'S**
            vs.                               ***EX PARTE* APPLICATION RE:**
16                                            **PLAINTIFF PERFECT 10, INC.'S**
     GOOGLE INC., a corporation; and          **MOTION FOR SUMMARY**
17   DOES 1 through 100, inclusive,           **JUDGMENT AND SUMMARY**
                                              **ADJUDICATION RE: COPYRIGHT**
18                Defendants.                 **INFRINGEMENT AGAINST**
                                              **DEFENDANT GOOGLE INC.; AND**
19
     AND COUNTERCLAIM                          **MEMORANDUM OF POINTS AND**
20                                            **AUTHORITIES**
     PERFECT 10, INC., a California
21   corporation,                             [Declaration of Rachel Herrick
                                              Kassabian filed concurrently herewith]
22                Plaintiff,
                                              Hon. A. Howard Matz
23          vs.
                                              Date: None Set
24   AMAZON.COM, INC., a corporation;         Time: None Set
     A9.COM, INC., a corporation; and         Crtrm.: 14
25   DOES 1 through 100, inclusive,
                                              Discovery Cut-Off Date: None Set
26                Defendants.                 Pretrial Conference Date: None Set
                                              Trial Date: None Set
27

28

51320/2997894.2

EXHIBIT ___C___
PAGE ___11___

Case 2:04-cv-09484-AHM -SH   Document 789-1   Filed 03/08/10   Page 16 of 50   Page ID
#:15261
Case 2:04-cv-09484-AHM-SH     Document 452     Filed 07/07/2009     Page 6 of 8

1   responding to Perfect 10's improper filing would only further increase the burden
2   Perfect 10 has imposed on this Court.   Accordingly, Google requests that these
3   duplicative portions of Perfect 10's DMCA and Liability Motion be stricken or held
4   in abeyance, and that Google be relieved from any obligation to respond to them.

5   **II.    PERFECT 10'S MOTION IS PREMATURE AND THREATENS TO**
6   **WASTE JUDICIAL AND PARTY RESOURCES, SINCE GOOGLE'S**
7   **DMCA MOTIONS MAY RENDER IT MOOT.**

8          As Google explained in its Motion for an Order Setting a Schedule for the
9   Filing of Dispositive Motions (Docket No. 411), currently under submission with this
10  Court, Google's DMCA Motions (if successful) will moot the portions of Perfect 10's
11  Motion devoted to direct and secondary copyright liability issues.[3]  By contrast, even
12  if the Court were to grant Perfect 10's Motion as to liability, it would still need to
13  reach the issues briefed in Google's previously-filed DMCA Motions.[4]   Moreover,
14  because Perfect 10's Motion is limited to adjudicating the merits of Perfect 10's
15  copyright infringement claims with respect to a mere twelve images (i.e., 0.04% of
16  the images purportedly at issue), the Court would still need to hear and resolve
17  subsequent motions directed to the remaining 99.96% of Perfect 10's copyright
18  claims—as well as all of the pending discovery motions related to those claims.[5]

19  _____

20      [3]   Although Google's prior motion is still pending, Google presents this *ex parte*
21  application now in light of Perfect 10's filing of its Motion yesterday, which Google
     had not yet seen at the time Google filed its prior motion. The need for guidance on a
22  briefing order and schedule has become more pressing in light of the clear
     redundancies in Perfect 10's Motion as filed.
23      [4]   Other Courts have recognized this imbalance by hearing DMCA arguments
24  before liability arguments.  See, e.g., Hendrickson v. eBay Inc., 165 F. Supp. 2d
     1082, 1087-88 (C.D. Cal. 2001) ("Before the Court reaches the merits of that
25  [secondary liability question], the Court must address a preliminary issue:  whether
26  the DMCA shields eBay from liability for copyright infringement.").
     [5]   In addition, Perfect 10's Motion is premature because relevant discovery
27  (including discovery relating to proof of copyright ownership and identification of
28      (footnote continued)

51320/2997894.2

-3-

EXHIBIT  C

PAGE  12

1   Accordingly, it would serve the interests of judicial economy for the Court to hear
2   and decide Google's DMCA Motions first, before requiring briefing on and reaching
3   (if necessary) the liability portions of Perfect 10's Motion.

4        In opposition, Perfect 10 likely will argue that this Court should resolve its
5   Motion first, since its Motion includes both DMCA and liability issues. Perfect 10
6   misses the point.  The DMCA is a complete defense to Perfect 10's copyright
7   infringement claims. If Google prevails under the DMCA (whether under its Motions
8   or under the duplicative portions of Perfect 10's Motion), the Court and the parties
9   will have wasted time and resources on numerous issues that the liability portion of
10  Perfect 10's Motion raises, such as ownership and other prima facie elements of an
11  infringement claim. Having Perfect 10's Motion proceed before or simultaneously
12  with briefing on the DMCA cannot avoid that problem.  Furthermore, Google
13  informed Perfect 10 many months ago that Google intended to file a DMCA
14  summary judgment motion. See Motion for an Order Setting a Schedule for the
15  Filing of Dispositive Motions, at 7. Perfect 10 never contested that Google should be
16  the moving party on this affirmative defense. Id. Indeed, as the party asserting (and
17  bearing the burden of proof on) the DMCA affirmative defense, Google should have
18  the right to be the moving party on this important issue. Limiting Google to just a
19  single opposition brief/cross-motion on this critical defense would deny Google the
20  opportunity to fully and fairly defend itself against Perfect 10's copyright claims.

21                                    **Conclusion**

22       For the above-stated reasons, Google respectfully requests that the Court grant
23  its *ex parte* application to set a briefing schedule whereby (1) Google's DMCA

24  _____

25  infringements) is still outstanding.  Thus, resolution of Perfect 10's Motion will be
26  delayed because Google will have no choice but to respond pursuant to Rule 56(f) as
    to at least some issues unique to Perfect 10's Motion, thus further proliferating the
27      (footnote continued)

28

EXHIBIT ___C___

PAGE ___13___

Case 2:04-cv-09484-AHM -SH   Document 789-1   Filed 03/08/10   Page 18 of 50   Page ID
#:15263
Case 2:04-cv-09484-AHM-SH   Document 452   Filed 07/07/2009   Page 8 of 8

1   Motions are heard and decided first, relieving Google of any obligation to respond to
2   Perfect 10's DMCA and Liability Motion at this time, (2) the portions of Perfect 10's
3   Motion raising DMCA safe harbor issues are stricken as duplicative, (3) if the Court
4   grants Google's DMCA Motions, Google is relieved of any obligation to respond to
5   Perfect 10's DMCA and Liability Motion, and (4) if the Court denies Google's
6   DMCA Motions, a briefing schedule shall be set for the filing of Google's opposition
7   and cross-motion regarding the liability portions of Perfect 10's Motion, and Perfect
8   10's reply thereto.

9   DATED:  July 7, 2009                    QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP
10

11
                                            By /s/ Rachel Herrick Kassabian
12                                             Rachel Herrick Kassabian
                                               Attorneys for Defendant Google Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   matters before the Court that may turn out to be unnecessary in the event Google's
     DMCA Motions are granted.
28

51320/2997894.2

EXHIBIT __C__
PAGE __14__

# EXHIBIT D

COPY

1   RUSSELL J. FRACKMAN (State Bar No. 49087)
    JEFFREY D. GOLDMAN (State Bar No. 155589)
2   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
3   Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   DANIEL J. COOPER (State Bar No. 198460)
    PERFECT 10, INC.
6   72 Beverly Park Dr.
    Beverly Hills, California 90210
7   Telephone: (310) 205-9817
    Facsimile: (310) 205-9638

8
    JEFFREY N. MAUSNER (State Bar No. 122385)
9   BERMAN, MAUSNER & RESSER
    11601 Wilshire Boulevard, Suite 600
10  Los Angeles, California 90025-1742
    Telephone: (310) 473-3333
11  Facsimile: (310) 473-8303

12  Attorneys for Plaintiff

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15

16  PERFECT 10, INC., a California          )   Case No. CV 04-9484 AHM (SHx)
    corporation,                            )
17                                          )   **REPLY DECLARATION OF**
                    Plaintiff,              )   **NORMAN ZADA IN SUPPORT OF**
18                                          )   **MOTION OF PLAINTIFF**
             v.                             )   **PERFECT 10, INC., FOR**
19                                          )   **PRELIMINARY INJUNCTION**
    GOOGLE, INC., a corporation; and        )
20  DOES 1 through 10, inclusive,           )   Hearing Date: November 7, 2005
                                            )   Time: 10:00 AM
21                  Defendants.             )   Courtroom of the Honorable Judge Matz
                                            )
22

23

24

25

26

27

28

EXHIBIT _D_
PAGE _15_

1  concerned, is that xusenet.com charges to see full size Perfect 10 images, whereas

2  Google displays them for free.

3  **Google Misstatements Regarding Irreparable Harm**

4      59.    In his declaration, Mr. Bridges attributes some validity to a number of

5  highly misleading if not completely inaccurate quotes about me. I did not make the

6  statement attributed to me on line 10 of page 6 of Google's Memorandum and in fact

7  complained to Beth Silfin of Harper and Collins, the book's publisher, after reading an

8  excerpt of the book, about its inaccuracy.

9      60.    When I started Perfect 10 in 1996, I was willing to lose some money

10  initially because all businesses typically lose money at the beginning. But I expected

11  to make money overall because of the extremely high quality of our product. Perfect

12  10, Inc. needs to make money soon, not only to survive itself, but for all of its

13  employees who depend upon Perfect 10 for their income.

14      61.    Perfect 10 Magazine has been carried by national distributors since

15  inception. It has been carried by both national and international distributors since the

16  second issue, which was printed in the winter of 1997. The articles attached as pages

17  96 and 97 to the Bridges declaration contradict one another and both are incorrect.

18  The article on page 96 states, "the magazine, to be published internationally six times a

19  year, ..." The article on page 97 states, "National distributors refuse to carry the $6.95

20  magazine..." Both articles are in error – the magazine began as a quarterly (published

21  four times a year), and was distributed nationally from inception.

22  **Timeline of Perfect 10 Discovery of Infringing Conduct of Google.**

23      62.    Perfect 10 first learned that Google was displaying Perfect 10 images in

24  late May, 2004, and I began sending DMCA notices to Google on May 31, 2004. In

25  October of 2004, I first learned that Google was itself displaying confidential

26  username/password combinations to perfect10.com and began including such

27  infringing URLs in my DMCA notices (Exh. 47, page DMCA307). In mid to late

28  December, 2004, I first learned that Google was displaying thousands of full size

22


EXHIBIT D
PAGE 16

1    username/password combinations to perfect10.com.  Google is continuing to link

2    virtually every search result on a Perfect 10 model name to websites which

3    misappropriate Perfect 10 images rather than to perfect10.com.  Google is continuing

4    to reformat Perfect 10 images so that users can view them for free on their cell phones.

5    And Google is displaying thousands of full size Perfect 10 images for free via its

6    image search and cache links.

7         I declare under penalty of perjury under the laws of the United States of

8    America that the foregoing is true and correct to the best of my knowledge.

9         Executed on October 16, 2005, at Los Angeles, California.

11                                        Norman Zada, Ph.D.

24

# EXHIBIT E

1   JEFFREY N. MAUSNER (State Bar No. 122385)
2   Law Offices of Jeffrey N. Mausner
    Warner Center Towers, Suite 910
3   21800 Oxnard Street
    Woodland Hills, California 91367-3640
4   Telephone: (310) 617-8100, (818) 992-7500
5   Facsimile: (818) 716-2773

6   Attorneys for Plaintiff Perfect 10, Inc.

7
8                   UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | PERFECT 10, INC., a California corporation, | CASE NO. CV 04-9484 AHM (SHx) |
| 12 | Plaintiff, | **PERFECT 10'S STATEMENT FOR OCTOBER 6, 2008 CASE MANAGEMENT CONFERENCE BEFORE JUDGE MATZ** |
| 13 | v. | |
| 14 | GOOGLE, INC., a corporation, | Date: October 6, 2008 |
| 15 | | Time: 1:30 P.M. |
| | | Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz |
| 16 | PERFECT 10, INC., a California corporation, | Consolidated with CV 05-4753 AHM (SHx) |
| 17 | Plaintiff, | |
| 18 | v. | |
| 19 | AMAZON.COM, INC., a corporation, | |
| 20 | | |
| 21 | PERFECT 10, INC., a California corporation, | |
| 22 | | CASE NO. CV 07-5156 AHM (SHx) |
| 23 | Plaintiff, | |
| | v. | |
| 24 | MICROSOFT, INC., a corporation. | |
| 25 | | |

26
27
28

Perfect 10's Statement for October 6, 2008 Case Management Conference

EXHIBIT _E_
PAGE _18_

**B.** __PERFECT 10 WILL BE FILING A MOTION FOR PARTIAL__
__SUMMARY JUDGMENT AGAINST AMAZON AND ALEXA WITHIN__
__THE NEXT 10 DAYS.__

Before the parties spend substantial resources on discovery related to damages, a determination should first be made by the Court as to which issues can be resolved by summary adjudication. That determination can be made based on a sample of copyrighted works, as suggested by the Court. To that end, Perfect 10 will be filing a motion for partial summary judgment against Amazon and Alexa for contributory copyright infringement, within the next ten days. The motion will be based on a limited number of Perfect 10 copyrighted images, as suggested by the Court. The outcome of this motion is likely to substantially simplify current discovery disputes. Specifically, in its motion, Perfect 10 will provide proof that it owns the copyrights to a few hundred images, by attaching copyright certificates and deposit materials, which have previously been produced to the Defendants. Perfect 10's evidence of copyright ownership will address a number of the issues raised by the Court in its Order. Perfect 10's motion will also address the issues raised by the Court with regards to contributory liability (paragraph 2.A on page 3 of the Order). Specifically, Perfect 10's motion will go over several of its DMCA notices, which provide examples of infringing material that Defendants learned was accessible through their search engines. These notices contain print-outs of infringing web pages, identify infringing URLs, and provide the date when Defendants learned of such infringing material, as discussed in paragraph 2.A of the Court's Order. Perfect 10 explains why its notices were compliant, and sets forth a number of simple measures that Defendants could have taken, but did not take, to prevent further damage to Perfect 10's copyrighted works.

Perfect 10 respectfully suggests that large scale discovery relating to requests made by various Defendants be postponed until the Court rules on whether the evidence presented by Perfect 10 in its motion is sufficient for

- 2 -

EXHIBIT __E__

PAGE __19__

1   summary adjudication. The Court's ruling on Perfect 10's motion may well make

2   most of the disputed discovery unnecessary and lead to the resolution of all cases.

3   **C.   OTHER ISSUES RAISED BY THE COURT**.

4        With respect to some of the other issues raised by the Court:

5        1.   Identification of Perfect 10's Copyrighted Works. Perfect 10 agrees

6   with a cut-off date for registrations of Perfect 10's copyrights, to be set based upon

7   the trial date. Perfect 10 has already identified most of the copyrighted works at

8   issue in the case, by sending to Defendants at least 1,000,000 copies of Perfect 10

9   images in its DMCA notices. To the extent that a DMCA notice did not include all

10  infringing works, or Perfect 10 discovers additional works, it will provide those

11  works to Defendants in a folder labeled with the infringing website's name, prior

12  to the cutoff date set by the Court.

13       2.   Vicarious liability. Depending on the outcome of Perfect 10's

14  impending motion, the issue of vicarious liability may never come up. If it does,

15  Perfect 10 agrees that such issues can be resolved based on a sampling of images.

16  However, Perfect 10 does believe that certain commercial functions of Defendants,

17  such as partnering with infringing websites to earn money by placing ads around,

18  and thereby exploiting, copyrighted works, should be subject to vicarious liability.

19  Otherwise, if the copyright holder is only able to proceed on the basis of

20  contributory liability, it could end up sending a never-ending stream of DMCA

21  notices, while the search engine simply places its ads next to the copyright holder's

22  work on a different infringing URL. This will depend on the ultimate ruling by the

23  Court as to what constitutes contributory liability for an advertising agency.

24       3.   Copyright Spreadsheet. In the event that the Court wishes for Perfect

25  10 to begin now to prepare a chart, Perfect 10 suggests the following, assuming

26  that the chart will be based on between 50 and 100 images, selected by Perfect 10,

27  based on some form of agreed upon sampling criteria. The following discussion

28  contains elements of both what the Court thought was the minimum requirements

- 3 -

EXHIBIT  *E*

PAGE  *20*

1   summary judgment.  Perfect 10 also believes that the discovery disputes may be

2   reduced substantially if the primary focus is on what Defendants did in response to

3   notices related to massive infringing websites, which are few in number, and are

4   causing almost all of the damage to Perfect 10 in this case.

5   Dated:  October 5, 2008               LAW OFFICES OF JEFFREY N. MAUSNER

6                                          By: *Jeffrey N. Mausner*

7                                             Jeffrey N. Mausner

8                                             Attorney for Plaintiff Perfect 10, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

# EXHIBIT F

Case 2:04-cv-09484-AHM -SH  Document 789-1  Filed 03/08/10  Page 29 of 50  Page ID
11/14/2008  15:44    3102059544           #:15270RMAN ZADA              PAGE  02/19
                  Case 2:04-cv-09484-AHM-SH  Document 380  Filed 11/14/2008  Page 1 of 18

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone  (818) 992-7500
Facsimile  (818) 716-2773
E-mail:  jeff@mausnerlaw.com

November 14, 2008

FILED
CLERK, U.S. DISTRICT COURT

NOV 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

The Honorable Stephen J. Hillman
Chief United States Magistrate Judge

Re: *Perfect 10 v. Google,* CV 04-9484 AHM (SHx); *Perfect 10 v. Microsoft,*
*CV07-5156 AHM (SHx)*

*By Fax to (213) 894-4381*

Dear Judge Hillman:

        Per the instructions provided by your clerk, this is a Joint Letter regarding
Perfect 10's request that this Court:

        (1) Order Google not to file any additional motions to compel until after
            December 8, 2008 (the hearing date for the motion for summary
            judgment in the Amazon/Alexa case), and that Google defer the meet and
            confer process regarding discovery issues until after December 8.

        (2) Order that Google limit its discovery after December 8, 2008 to those
            issues pertaining to the summary judgment motion Google has said it is
            filing shortly, and that any future discovery be done at a reasonable pace.

## PERFECT 10'S POSITION

        Perfect 10 and Amazon subsidiary A9.com just completed A9's motion for
summary judgment. The hearing on Perfect 10's summary judgment motion
against Amazon and its subsidiary Alexa is December 8, 2008. On November 7,
Google advised Perfect 10 that it is going to be filing a motion for summary
judgment in the near future. Since the October 6 status conference, the
Defendants, particularly Google, have been subjecting Perfect 10 to a ceaseless
barrage of e-mails and letters regarding discovery, most of it having nothing to do
with issues that Judge Matz was concerned with at the October 6 hearing. It is
obvious that Google is doing this to crush Perfect 10 and make it impossible for

1

EXHIBIT  F
PAGE  22

Case 2:04-cv-09484-AHM -SH   Document 789-1   Filed 03/08/10   Page 30 of 50   Page ID
11/14/2008   15:44     3102059544          #:15275ORMAN ZADA                    PAGE   19/19
Case 2:04-cv-09484-AHM-SH     Document 380     Filed 11/14/2008     Page 18 of 18

Sincerely,

LAW OFFICES OF JEFFREY N. MAUSNER

      Jeffrey N. Mausner

By: _____
      Jeffrey N. Mausner, attorneys for Perfect 10


QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
      Michael T. Zeller, with permission

By: _____
      Michael T. Zeller, attorneys for Google

18

EXHIBIT F
PAGE 23

# EXHIBIT G



1 [COUNSEL LISTING ON FOLLOWING
  PAGE]
2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10  PERFECT 10, INC., a California              CASE NO. CV 04-9484 AHM (SHx)
    corporation,                                [Consolidated with Case No. CV 05-
11                                              4753 AHM (SHx)]
               Plaintiff,
12                                              **DISCOVERY MATTER**
           vs.
13                                              **JOINT STIPULATION ON**
    GOOGLE INC., a corporation; and             **GOOGLE INC.'S MOTION TO**
14  DOES 1 through 100, inclusive,              **COMPEL PERFECT 10 (1) TO**
                                                **PRODUCE DOCUMENTS, (2) TO**
15             Defendants.                       **COMPLY WITH PROTECTIVE**
                                                **ORDER, AND (3) TO AFFIX**
16                                              **DOCUMENT CONTROL**
    AND COUNTERCLAIM                            **NUMBERS TO ITS DOCUMENT**
17                                              **PRODUCTION**
    PERFECT 10, INC., a California
18  corporation,
                                                Hon. Stephen J. Hillman
19             Plaintiff,
                                                Date:   June 1, 2009
20         vs.                                  Time:   2:00 PM
                                                Crtrm.: 550
21  AMAZON.COM, INC., a corporation;
    A9.COM, INC., a corporation; and            Discovery Cutoff: None Set
22  DOES 1 through 100, inclusive,              Pretrial Conference Date:  None Set
                                                Trial Date:  None Set
23             Defendants.
                                                **PUBLIC REDACTED**
24

25

26

27

28
                                                Case No. CV 04-9484 AHM (SHx) [Consolidated
                                                       with Case No. CV 05-4753 AHM (SHx)]
                         JOINT STIPULATION ON GOOGLE'S MOTION TO COMPEL

EXHIBIT _G_
PAGE _24_

1   infringements.  Despite the fact that (1) all of this information is public, and (2)
2   Perfect 10 does not use these charts in its regular business activities, Perfect 10
3   designated each page of each of these charts as "Confidential" and refuses to
4   withdraw that designation.  Because there is no legitimate basis for the designation,
5   the Court should order the charts de-designated.

6         **Perfect 10's Failure to Bates-Number its Document Productions.**  As
7   discussed above, Perfect 10's electronic production of documents encompasses over
8   600 gigabytes of information and several million pages of electronic documents.
9   Perfect 10 has not, however, affixed document control numbers to a *single page* of
10   its production.  This is in direct contravention of standard litigation practice, Rule 34
11   and common sense.  Perfect 10's failure already has resulted in, and will inevitably
12   continue to result in, confusion over identification and/or authentication of
13   documents in depositions, in motion practice, in settlement negotiations, and at trial
14   and in disputes as to what was even produced and when.  Courts routinely order
15   parties to "Bates-stamp" their document productions—indeed, Perfect 10 has *itself*
16   Bates-stamped document productions in prior litigations.  This case, which is a
17   complex one by any standard and involves massive claims by Perfect 10 of literally
18   millions of alleged infringements, should be no exception.  Perfect 10 should be
19   ordered to affix unique control numbers to its document productions here.

20         Google respectfully requests that its motion be granted in all respects.

21                       **Perfect 10's Preliminary Statement**

22         Google originally served this Joint Stipulation in November 2008, and
23   concurrently served the Herrick declaration.  Google is now filing the Herrick
24   Kassabian declaration and dating it May 6, 2009, representing that the Herrick
25   Kassabian declaration is the same as the Herrick declaration served in November
26   2008, except for the change of date and name.

27         As set forth in detail below, this Court should not consider Google's motion
28   because it contravenes this Court's specific orders regarding discovery.  Moreover,

EXHIBIT  G
PAGE  25

Case 2:04-cv-09484-AHM -SH  Document 789-1   Filed 03/08/10  Page 34 of 50  Page ID
#:15279
Case 2:04-cv-09484-AHM-SH     Document 408     Filed 05/07/2009     Page 8 of 57

1  if this Court considers the motion, it should be denied in its entirety for numerous
2  reasons. Perfect 10 has been extremely forthcoming in satisfying its discovery
3  obligations, and Google has not. Google has still failed to respond to this Court's
4  May 22, 2006 order regarding Interrogatory 24 and other orders, as well as Judge
5  Matz's April 14, 2008 order, regarding the production of a DMCA log (Request
6  196) and internal reports (Requests 128-131 and 194-5), neither of which Google
7  has complied with. Perfect 10 has not yet burdened the Court with a sanctions
8  motion regarding these brazen failures by Google because Perfect 10 has simply
9  been overwhelmed with Google's unreasonable discovery demands and its failure to
10  comply with Perfect 10's discovery.

11  Google's current motion is just another attempt to bury Perfect 10 and the
12  Courts with busywork. Google acknowledges that Perfect 10 has produced over 600
13  gigabytes of electronic information encompassing millions of pages of documents,
14  organized in folders, and produced largely in Adobe format, which are searchable
15  and have page numbers. In fact, Perfect 10 has produced virtually every document
16  it has, in what appears to be a futile attempt to minimize discovery motions, as
17  Google is determined to proceed with such motions even though it has no legitimate
18  basis to do so. Adobe is vastly superior to the TIFF production that Google has
19  requested, *which would destroy evidence* by destroying a) Adobe's search feature, b)
20  the internal links that Adobe stores, and c) the cohesiveness of the production.
21  Effectively, Google wants Perfect 10 to put bates numbers on the pages of ten
22  thousand books, and then rip them up and produce them in a massive unsearchable
23  mess, consisting of millions of pages.

24  As Perfect 10's production is now, to find any particular document, say an
25  October 16 DMCA notice to Google, one looks in the Google folder, looks in the
26  subfolder marked Google DMCA or DMCA, looks for the October 16, 2007 folder,
27  and then looks in the various subfolders, which contain the Adobe files that were
28  actually contained in that notice. Everything is organized and Adobe has page

EXHIBIT ___G
PAGE ___26

1   **PERFECT 10'S CONCLUSION**

2       For the reasons set forth above, Google's motion should be denied in its

3   entirety.  Google should be ordered to reimburse Perfect 10 for the fees it has been

4   forced to incur in opposing an unnecessary motion.

5

6   DATED:  May 6, 2009            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES. LLP
7

8                                  By /s/ Rachel Herrick Kassabian
9                                       Rachel Herrick Kassabian
                                        Attorneys for Defendant Google Inc.
10

11  DATED:  May 6, 2009            THE LAW OFFICES OF JEFFREY N.
                                    MAUSNER
12

13                                 By  /s/ Jeffrey N. Mausner
14                                     (with permission)
15                                     Jeffrey N. Mausner
                                        Valerie E. Kincaid
16                                     Attorneys for Plaintiff Perfect 10. Inc.

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  G
PAGE  27

# EXHIBIT H

1   JEFFREY N. MAUSNER (State Bar No. 122385)
    Law Offices of Jeffrey N. Mausner
2   Warner Center Towers, Suite 910
3   21800 Oxnard Street
    Woodland Hills, California 91367-3640
4   Telephone: (310) 617-8100, (818) 992-7500
5   Facsimile: (818) 716-2773

6   Attorneys for Plaintiff Perfect 10, Inc.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,
12                Plaintiff,                **PERFECT 10'S RESPONSE TO**
                                            **DECEMBER 2, 2008 ORDER**
13          v.
                                            Date:  December 18, 2008
14                                          Time:  3:00 P.M.
    GOOGLE, INC., a corporation,            Place: Courtroom 14, Courtroom of the
15                                                 Honorable A. Howard Matz

16  PERFECT 10, INC., a California          Consolidated with CV 05-4753
    corporation,                            AHM (SHx)
17                Plaintiff,
18          v.
19  AMAZON.COM, INC., a corporation,

20

21  PERFECT 10, INC., a California          CASE NO. CV 07-5156 AHM (SHx)
22  corporation,
                  Plaintiff,
23          v.
24  MICROSOFT, INC., a corporation.
25

26

27

28

EXHIBIT ___H___
PAGE ___28___

## I.  PERFECT 10 AGREES WITH THE STAY.

Perfect 10 wholeheartedly agrees with the Court's tentative order, staying the *Google* and *Amazon* cases (other than the already fully briefed motion for partial summary judgment against Amazon and Alexa), while the *Microsoft* case is litigated.  Perfect 10 believes that this approach will substantially reduce the amount of unnecessary litigation in three separate cases involving essentially the same issues.

In response to the Court's question, Perfect 10 does not at this time intend to bring any actions against new parties raising claims similar to those it has asserted in these cases.  Hopefully, the decisions made in the *Microsoft* case will be respected by other service providers and additional lawsuits will not be necessary, either by Perfect 10 or by other copyright owners.

Pursuant to paragraph 3(a)(ii) of the Order, Perfect 10 chooses to defer the prosecution of its trademark claim against Microsoft without waiving it.

Perfect 10 has asked Microsoft to answer certain discovery requests regarding frequency of searches on its models and other information that may be needed at trial.

## II.  ISSUES REGARDING THE SAMPLE AND DISCOVERY.

In response to the Court's order regarding the selection of a sample and other issues, Perfect 10 would like to note the following:

### A. Resolution Short of Trial.

Perfect 10 and Microsoft are engaged in serious settlement negotiations.  In the event that a settlement does not materialize in the near future, Perfect 10 intends to move for summary judgment against Microsoft solely on the basis of contributory liability.

Perfect 10's motion for summary judgment would be based largely on the fact that Microsoft admittedly has not responded to any of Perfect 10's notices of infringement sent from November 15, 2004 through March of 2007.  Microsoft

1

EXHIBIT ___H___
PAGE ___29___

Case 2:04-cv-09484-AHM -SH   Document 789-1   Filed 03/08/10   Page 39 of 50   Page ID
#:15284
Case 2:04-cv-09484-AHM-SH   Document 394   Filed 12/12/2008   Page 7 of 7

1   challenge Perfect 10's spreadsheet style notices, it can do that by examining
2   several images identified by several notices. It does not need to examine hundreds
3   of images corresponding to each of the other permutations and combinations of the
4   other elements in categories A-N. Microsoft has given no explanation for why it
5   thinks it is necessary to put Perfect 10 and the Court to this substantially greater
6   amount of work. Perfect 10 has attached as Exhibit 4 e-mail correspondence
7   between Perfect 10 and Microsoft regarding this issue, in which Microsoft insists,
8   without any explanation, that "Perfect 10 has to provide an example of each
9   combination of each variable in each category."

10          In summary, Microsoft's position that the sample must cover potentially
11   thousands of combinations, will unnecessarily increase the burden on Perfect 10
12   and the Court, and make the litigation substantially more involved than it needs to
13   be. Issues can be decided based on a sample that deals with that issue, rather than
14   a sample which combines every other issue as well.

15          D. **Other Areas Where Clarification Is Needed.**

16          There are a number of items in Exhibit C which are unclear, or for which
17   Perfect 10 does not believe as many categories are needed, such as some of the
18   classifications in Items B and C. Perfect 10 will work with Microsoft to deal with
19   those issues. Eliminating unnecessary distinctions will decrease the sample and
20   simplify the case.

21   Dated:  December 12, 2008          LAW OFFICES OF JEFFREY N. MAUSNER
22
23                                      By: _Jeffrey N. Mausner_____
24                                          Jeffrey N. Mausner
                                            Attorney for Plaintiff Perfect 10, Inc.
25
26
27
28

6

EXHIBIT  _H_
PAGE  _30_

# EXHIBIT I

1   Jeffrey N. Mausner (State Bar No. 122385)
    Law Offices of Jeffrey N. Mausner
2   Warner Center Towers
3   21800 Oxnard Street, Suite 910
    Woodland Hills, California 91367-3640
4   E-Mail: Jeff@MausnerLaw.com
    Telephone: (310) 617-8100, (818) 992-7500
5   Facsimile: (818) 716-2773

6   Attorneys for Plaintiff Perfect 10, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  PERFECT 10, INC., a California          CASE NO. CV 05-4753 AHM (SHx)
                                            Consolidated with Case No. CV 04-9484
12  corporation,                            AHM (SHx)
              Plaintiff,
13                                          **PERFECT 10'S RESPONSE TO**
        v.                                  **DEFENDANTS AMAZON.COM AND**
14                                          **ALEXA INTERNET'S EX PARTE**
    AMAZON.COM, INC., et al.                **APPLICATION TO CONTINUE**
15            Defendants.                   **SUMMARY JUDGMENT FILING**
                                            **DEADLINE**
16

17  AND CONSOLIDATED CASE.                  BEFORE JUDGE A. HOWARD MATZ

18
                                            Date:  Ex Parte Opposition
19                                          Time:  Ex Parte Opposition
                                            Place: Courtroom 14, Courtroom of the
20                                          Honorable A. Howard Matz

21
                                            Discovery Cut-Off Date:  None Set
22                                          Pretrial Conference Date: None Set
                                            Trial Date:  None Set
23

24

25

26

27

28

EXHIBIT __I__
PAGE __31__

Case 2:04-cv-09484-AHM -SH   Document 789-1   Filed 03/08/10   Page 42 of 50   Page ID
#:15287
Case 2:05-cv-04753-AHM-SH     Document 348     Filed 09/11/2009     Page 9 of 9

1   discussed above, Perfect 10 respectfully requests that the Court deny Defendants'

2   *Ex Parte* Application.

3   However, if the Court does not rule on Perfect 10's Summary Judgment

4   Motion in the near future, Perfect 10 requests that the Court stay all discovery in

5   both the *Amazon* and *Google* cases, including the determination of any pending

6   discovery motions before Judge Hillman, until such time as the Court rules on

7   Perfect 10's Motion.  Perfect 10 also agrees, in that circumstance, that Defendant's

8   contemplated summary judgment motions be postponed until after the Court rules

9   on Perfect 10's Summary Judgment Motion.  Perfect 10 also requests that in that

10  circumstance, the parties then be given a month after that ruling is made to settle

11  the cases.

12

13  Dated: September 11, 2009          Respectfully submitted,
                                       LAW OFFICES OF JEFFREY N. MAUSNER

14

15                                     By: _____ *Jeffrey N. Mausner* _____

16                                           Jeffrey N. Mausner
                                             Attorneys for Plaintiff Perfect 10, Inc.

17

18

19

20

21

22

23

24

25

26

27

28
                                          8
                    Perfect 10's Response to Defendants Amazon.com and Alexa Internet's
                    Ex Parte Application to Continue Summary Judgment Filing Deadline

EXHIBIT __I__
PAGE __32__

# EXHIBIT J

1

1          UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3      HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

4                    -  --  -

5
                                        **COPY**
6
PERFECT 10, INC., A CALIFORNIA    )
7    CORPORATION,                  )
                                   )
8                    PLAINTIFF,    )
                                   )
9          vs.                     )  No. CV05-4753-AHM(SHx)
                                   )
10   AMAZON.COM, INC., ET AL.,     )
                                   )
11                   DEFENDANTS.   )
     _____)
12

13

14        REPORTER'S TRANSCRIPT OF PROCEEDINGS

15            LOS ANGELES, CALIFORNIA

16           MONDAY, OCTOBER 27, 2008

17

18

19

20

21

22    _____

23         CINDY L. NIRENBERG, CSR 5059
            U.S. Official Court Reporter
24         312 North Spring Street, #438
            Los Angeles, California 90012
25             *www.cindynirenberg.com*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

EXHIBIT 5
PAGE 33

```
 1              THE COURT:  Well, I must have left that in my study.

 2              MR. MAUSNER:  I have a copy here, Your Honor.  Would

 3    you like me to --

 4              THE COURT:  I'll look at it later.

 5              MR. MAUSNER:  On Page 2, Lines 2 through 5, we

 6    stated -- and this is a listing of the infringements.  We've

 7    listed eight different forms of infringement.  It says, "A9 has

 8    provided web search links and cache links to infringing

 9    websites, like the Irina Garenskih example mentioned by the

10    Court."

11              And we said, "This is infringement of display and

12    distribution rights by third party websites' reproduction right

13    by A9 users."

14              THE COURT:  All right.  I'll look at it.

15              Look at Page 6, please, Mr. Mausner.

16              MR. MAUSNER:  Yes, sir.

17              THE COURT:  Actually, I meant to do something else

18    before I heard from you, so why don't you be seated for a

19    minute.

20              There are certain parts of the pending motion that

21    I'm in a position to rule on.  I'm going to rule orally, and

22    there's one chunk that I'll take under submission.

23              I grant summary adjudication to A9 on the direct

24    infringement claims that have been brought against it.  The

25    server test is still the test.  It will be up to the Ninth
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA



EXHIBIT __5__
PAGE __34__

1    Circuit to revise the test, limit it, refine it, and I can see

2    that it might.

3          There could be a distinction that would be drawn

4    between an ISP or a search engine on the one hand and a direct

5    infringer on the other, but nothing in the current state of the

6    law warrants a disregard.  And P10 does not dispute and could

7    not dispute that A9.com never did and has not stored any of the

8    images on its own servers.

9          That's in the Statement of Undisputed Facts,

10   Paragraph 13 in the SGI response.  That's true for the

11   thumbnails or the actual size.

12         Although A9 provides a "see full-size image" option,

13   the Ninth Circuit did not address this, and I don't think that

14   the conclusion it would draw would be any different.

15         What the Court in Germany ruled may be interesting,

16   but it's only part of the developing jurisprudence, and I'm

17   going to stick with the server test and grant summary

18   adjudication against Perfect 10 and in favor of A9 on the

19   direct infringement claims.

20         I'm also going to grant summary adjudication on the

21   vicarious infringement claims.  There is clearly no legal right

22   that A9 has to stop the infringing conduct, and it doesn't have

23   the practical ability to do so.

24         I don't have to get into issues of whether there was

25   a direct financial benefit.  That was part of the Grokster

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

EXHIBIT  5
PAGE  35

```
 1    formulation because really the only issue here is control.

 2              And the opinion of the Ninth Circuit in this case

 3    when it went up on appeal, 508 F.3d at 1173 through 74, and

 4    later on 74 and 75, deal in sequence with this issue of a legal

 5    right to stop it or a practical ability to stop it.  I find

 6    that the language, the analysis and the conclusion that is set

 7    forth by the Ninth Circuit in that case precludes Perfect 10

 8    from establishing vicarious infringement liability in this

 9    case.

10              A9 never had and still doesn't have a contractual or

11    other right to control the content on any third party websites.

12    That's reflected in Paragraph 14 of the Statement of Undisputed

13    Facts.

14              P10 attempts to dispute those, but the dispute that

15    it sets forth in the SGI Paragraph 14 goes to contributory

16    liability, not vicarious liability.

17              And I don't find that any ability that A9 may have to

18    control its own index comes close to meeting the Ninth Circuit

19    standard for having the practical ability to shut down the

20    infringing sites or remove the infringing content from those

21    sites.

22              The ability to stop or limit that kind of conduct

23    doesn't mean the ability -- or isn't synonymous with the

24    ability to detect it.  It means to shut it down, and there is

25    no evidence that would permit a jury to find that A9 had that
```

EXHIBIT __5__
PAGE __36__

```
 1
 2                          CERTIFICATE
 3
 4        I hereby certify that pursuant to Section 753,
 5   Title 28, United States Code, the foregoing is a true and
 6   correct transcript of the stenographically reported
 7   proceedings held in the above-entitled matter and that the
 8   transcript page format is in conformance with the
 9   regulations of the Judicial Conference of the United States.
10
11   Date: OCTOBER 30, 2008
12
13                         _____
14                         Cindy L. Nirenberg, CSR No. 5059
15
16
17
18
19
20
21
22
23
24
25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

EXHIBIT _J_
PAGE _37_

# EXHIBIT K

Case 2:04-cv-09484-AHM -SH   Document 789-1   Filed 03/08/10   Page 50 of 50   Page ID
#:15295
Case 2:05-cv-04753-AHM-SH    Document 320    Filed 07/08/2009    Page 1 of 1

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-4753 AHM (SHx) | | Date | July 8, 2009 |
|---|---|---|---|---|

| Title | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

The Court GRANTS Alexa Internet's *ex parte* application to strike Perfect 10's cross motion for summary judgment on direct infringement[1] for the same reasons stated in the Court's order of January 6, 2009 addressing an identical situation in this case. If Mr. Mausner again files such cross motions in either of the Perfect 10 cases, the Court may impose sanctions.

_____ : _____

Initials of Preparer

_____

---

[1]Docket No. 316.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 1 |
|---|---|---|



EXHIBIT __K__

PAGE __38__