1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:   (213) 443-3100
     Charles K. Verhoeven (Bar No. 170151)
5      charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
     Rachel Herrick Kassabian (Bar No. 191060)
7      rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
8  Redwood Shores, California 94065

9  Attorneys for Defendant GOOGLE INC.

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12
   PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
13 corporation,                            [Consolidated with Case No. CV 05-
                                           4753 AHM (SHx)]
14            Plaintiff,
                                           **DECLARATION OF RACHEL**
15      vs.                                **HERRICK KASSABIAN IN**
                                           **SUPPORT OF DEFENDANT**
16 GOOGLE INC., a corporation; and         **GOOGLE INC.'S OPPOSITION TO**
   DOES 1 through 100, inclusive,          **PLAINTIFF PERFECT 10, INC.'S**
17                                         **SECOND MOTION FOR A**
              Defendants.                  **PRELIMINARY INJUNCTION**
18
                                           Hon. A. Howard Matz
19 AND COUNTERCLAIM
                                           Date:   April 5, 2010
20 PERFECT 10, INC., a California          Time:   10:00 a.m.
   corporation,                            Crtrm.: 14
21
              Plaintiff,                   Discovery Cutoff: None Set
22                                         Pretrial Conference Date: None Set
        vs.                                Trial Date: None Set
23
   AMAZON.COM, INC., a corporation;        **[PUBLIC REDACTED]**
24 A9.COM, INC., a corporation; and
   DOES 1 through 100, inclusive,
25
              Defendants.
26

27

28

01980.51320/3374325.1

DECL. OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE'S OPPOSITION TO P10'S SECOND
MOTION FOR PRELIMINARY INJUNCTION

1    I, Rachel Herrick Kassabian, declare as follows:

2    1.    I am a member of the bar of the State of California and a partner at
3    Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google Inc. in this
4    action. I make this declaration of my personal and firsthand knowledge and, if called
5    and sworn as a witness, I could and would testify competently thereto.

6    2.    I submit this Declaration in support of Google's Opposition to Plaintiff
7    Perfect 10, Inc. ("P10") second Motion for Preliminary Injunction Against Defendant
8    Google Inc. (Dkt. No. 772) ("Second PI Motion").

9    3.    On November 19, 2008, P10 deposed two of Google's Rule 30(b)(6)
10   designees on DMCA issues, Shantal Rands Poovala and Paul Haahr.    P10 had
11   previously deposed another Google 30(b)(6) witness on DMCA issues—Alexander
12   Macgillivray—as well as Google employees Susan Wojicki and Bill Brougher, and
13   Google's expert John Levine.

14   4.    Attached hereto as Exhibit A is a disk containing true and correct
15   electronic copies of documents previously filed by Google in this action regarding
16   Google's three pending motions for summary judgment regarding its entitlement to
17   safe harbor under the Digital Millennium Copyright Act, 17 U.S.C. § 512 (see
18   Google Inc's Notice of Lodging of Exhibit A (a Disk) to the Declaration of Rachel
19   Herrick Kassabian in Support of Google's Opposition to Perfect 10, Inc.'s Second
20   Motion for Preliminary Injunction, filed concurrently).    Specifically, Exhibit A
21   includes electronic copies of the following previously-filed documents:

22   - Defendant Google's Notice Of Motion And Motion For Summary
23     Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C.
24     § 512(D) For Web And Image Search (Dkt No. 456, filed under seal);
25   - Statement Of Uncontroverted Facts And Conclusions Of Law In Support
26     Of Defendant Google Inc.'s Motion For Summary Judgment Re:

27

28   01980.51320/3374325.1

1      Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512(D) For

2      Web And Image Search (filed under seal, <u>see</u> Dkt. No. 423);

3      • Defendant Google's Notice Of Motion And Motion For Summary

4      Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C.

5      § 512(C) For Its Blogger Service (Dkt. No. 457, filed under seal);

6      • Statement Of Uncontroverted Facts And Conclusions Of Law In Support

7      Of Defendant Google Inc.'s Motion For Summary Judgment Re:

8      Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512(C) For Its

9      Blogger Service (filed under seal, <u>see</u> Dkt. No. 423);

10     • Defendant Google's Notice Of Motion And Motion For Summary

11     Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C.

12     § 512(B) For Its Caching Feature (Dkt. No. 458, filed under seal);

13     • Statement Of Uncontroverted Facts And Conclusions Of Law In Support

14     Of Defendant Google Inc.'s Motion For Summary Judgment Re:

15     Entitlement To Safe Harbor Under 17 U.S.C. § 512(B) For Its Caching

16     Feature (filed under seal, <u>see</u> Dkt. No. 423);

17     • Declaration Of Shantal Rands Poovala In Support Of Defendant

18     Google's Motions For Summary Judgment Re: Google's Entitlement To

19     Safe Harbor Under 17 U.S.C. § 512, And All Documentary Exhibits

20     Thereto (Excluding Disks And Hard Drive Media, which have been

21     separately lodged for the Court's convenience) (Dkt. Nos. 467-469, filed

22     under seal);

23     • Declaration Of Paul Haahr In Support Of Defendant Google's Motions

24     For Summary Judgment Re: Google's Entitlement To Safe Harbor

25     Under 17 U.S.C. § 512, And Exhibits Thereto (Dkt. No. 460, filed under

26     seal);

27

28

01980.51320/3374325.1

DECL. OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE'S OPPOSITION TO P10'S SECOND MOTION FOR PRELIMINARY INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Declaration Of Rachel Herrick Kassabian In Support Of Defendant Google's Motions For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512, And Exhibits Thereto (Dkt. No. 466, filed under seal);

- Declaration Of Bill Brougher In Support Of Defendant Google's Motions For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512 (Dkt. No. 459, filed under seal);

- Declaration Of Sibrina Khan In Support Of Defendant Google's Motions For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512 (Dkt. No. 429);

- Defendant Google's Reply In Support Of Motion For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512(D) For Web And Image Search (Dkt. No. 529, filed under seal);

- Defendant Google's Consolidated Separate Statement Of Undisputed Facts In Support Of Google's Motion For Summary Judgment Re: Safe Harbor Under 17 U.S.C. § 512(D) For Web And Image Search (filed under seal, see Dkt. No. 502);

- Defendant Google's Reply In Support Of Motion For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512(C) For Its Blogger Service (Dkt. No. 530, filed under seal);

- Defendant Google's Corrected Consolidated Separate Statement Of Undisputed Facts In Support Of Google's Motion For Summary Judgment Re: Safe Harbor Under 17 U.S.C. § 512(C) For Its Blogger Service (filed under seal, see Dkt. No. 522);

- Defendant Google Inc.'s Reply In Support Of Its Motion For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512(B) For Its Caching Feature (Dkt. No. 531, filed under seal);

01980.51320/3374325.1

DECL. OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE'S OPPOSITION TO P10'S SECOND MOTION FOR PRELIMINARY INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Defendant Google's Consolidated Separate Statement Of Undisputed Facts In Support Of Google's Motion For Summary Judgment Re: Safe Harbor Under 17 U.S.C. § 512(B) For Its Caching Feature (filed under seal, <u>see</u> Dkt. No. 502);

- Rebuttal Declaration Of Shantal Rands Poovala In Support Of Defendant Google's Motions For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512, And Exhibits Thereto (Dkt. No. 534, filed under seal);

- Rebuttal Declaration Of Bill Brougher In Support Of Defendant Google's Motions For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512 (Dkt. No. 533, filed under seal);

- Rebuttal Declaration Of Rachel Herrick Kassabian In Support Of Defendant Google's Motions For Summary Judgment Re: Google's Entitlement To Safe Harbor Under 17 U.S.C. § 512, And Exhibits Thereto (Dkt. No. 506).

- Google Inc.'s Evidentiary Objections To The Declaration Of Sheena Chou In Opposition To Google's Three Motions For Summary Judgment Re DMCA Safe Harbor For Its Web And Image Search, Blogger Service, And Caching Feature (Dkt. No. 507);

- Google Inc.'s Evidentiary Objections To The Declaration Of Sean Chumura In Opposition To Google's Three Motions For Summary Judgment Re DMCA Safe Harbor For Its Web And Image Search, Blogger Service, And Caching Feature (Dkt. No. 508);

- Google Inc.'s Evidentiary Objections To The Declaration Of Margaret Jane Eden In Opposition To Google's Three Motions For Summary Judgment Re DMCA Safe Harbor For Its Web And Image Search, Blogger Service, And Caching Feature (Dkt. No. 509);

01980.51320/3374325.1

1      • Google Inc.'s Evidentiary Objections To The Declaration Of Dean
2         Hoffman In Opposition To Google's Three Motions For Summary
3         Judgment Re DMCA Safe Harbor For Its Web And Image Search,
4         Blogger Service, And Caching Feature (Dkt. No. 510);

5      • Google Inc.'s Evidentiary Objections To The Declaration Of Jeffrey
6         Mausner In Opposition To Google's Three Motions For Summary
7         Judgment Re DMCA Safe Harbor For Its Web And Image Search,
8         Blogger Service, And Caching Feature (Dkt. No. 511);

9      • Google Inc.'s Evidentiary Objections To The Declaration Of Bennett
10       McPhatter In Opposition To Google's Three Motions For Summary
11       Judgment Re DMCA Safe Harbor For Its Web And Image Search,
12       Blogger Service, And Caching Feature (Dkt. No. 512);

13      • Google Inc.'s Evidentiary Objections To The Declaration Of C.J.
14       Newton In Opposition To Google's Three Motions For Summary
15       Judgment Re DMCA Safe Harbor For Its Web And Image Search,
16       Blogger Service, And Caching Feature (Dkt. No. 513);

17      • Google Inc.'s Evidentiary Objections To The Declaration Of David
18       O'Connor In Opposition To Google's Three Motions For Summary
19       Judgment Re DMCA Safe Harbor For Its Web And Image Search,
20       Blogger Service, And Caching Feature (Dkt. No. 514);

21      • Google Inc.'s Evidentiary Objections To The Declaration Of Les
22       Schwartz In Opposition To Google's Three Motions For Summary
23       Judgment Re DMCA Safe Harbor For Its Web And Image Search,
24       Blogger Service, And Caching Feature (Dkt. No. 515);

25      • Google Inc.'s Evidentiary Objections To The Declaration Of Melanie
26       Poblete In Opposition To Google's Three Motions For Summary

27

28   01980.51320/3374325.1

DECL. OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE'S OPPOSITION TO P10'S SECOND
MOTION FOR PRELIMINARY INJUNCTION

1          Judgment Re DMCA Safe Harbor For Its Web And Image Search,

2          Blogger Service, And Caching Feature (Dkt. No. 516); and

3      • Google Inc.'s Evidentiary Objections To The Declaration Of Dr. Norman

4          Zada In Opposition To Google's Three Motions For Summary Judgment

5          Re DMCA Safe Harbor For Its Web And Image Search, Blogger

6          Service, And Caching Feature (Dkt. No. 532, filed under seal).

7      5.    For the Court's convenience, attached hereto as Exhibit B are true and

8 correct paper copies of Defendant Google's Notice of Motion and Motion for

9 Summary Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C.

10 § 512(b) for its Caching Feature (Dkt. No. 458, filed under seal) ("Cache Motion")

11 and Defendant Google Inc.'s Reply in Support of its Motion for Summary Judgment

12 re: Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(b) for its Caching

13 Feature (Dkt. No. 531, filed under seal) ("Cache Reply").

14      6.    For the Court's convenience, attached hereto as Exhibit C are true and

15 correct paper copies of Defendant Google's Notice of Motion and Motion for

16 Summary Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C.

17 § 512(c) for its Blogger Service (Dkt. No. 457, filed under seal) ("Blogger Motion"),

18 and Defendant Google Inc.'s Reply in Support of Motion for Summary Judgment re:

19 Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(c) for its Blogger

20 Service (Dkt. No. 530, filed under seal) ("Blogger Reply").

21      7.    For the Court's convenience, attached hereto as Exhibit D are true and

22 correct paper copies of Defendant Google's Notice of Motion and Motion for

23 Summary Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C.

24 § 512(d) for Web and Image Search (Dkt No. 456, filed under seal) ("Search

25 Motion"), and Defendant Google Inc.'s Reply in Support of Motion for Summary

26 Judgment re: Google's Entitlement to Safe Harbor Under 17 U.S.C. § 512(d) for Web

27 and Image Search (Dkt No. 529, filed under seal) ("Search Reply").

28 01980.51320/3374325.1

1    8.    Attached hereto as Exhibit E is a true and correct copy of excerpts of the
2    transcript of the December 18, 2008 hearing before the Court.

3    9.    Attached hereto as Exhibit F is a true and correct copy of the Court's
4    Order dated July 8, 2009 (Dkt. No. 453).

5    10.    Attached hereto as Exhibit G is a true and correct copy of the Court's
6    Order dated August 13, 2009 (Dkt. No. 500).

7    11.    Attached hereto as Exhibit H is a true and correct copy of excerpts of the
8    November 14, 2008 "Joint Letter" to the Court regarding P10's Request to Stay
9    Discovery (Dkt. No. 380).

10    12.    Attached hereto as Exhibit I is a true and correct copy of excerpts of
11    Perfect 10's Response to the Court's December 2, 2008 Order (Dkt. No. 394).

12    13.    Attached hereto as Exhibit J is a true and correct copy of excerpts of
13    Perfect 10's Response to Defendants Amazon.com and Alexa Internet's Ex Parte
14    Application to Continue Summary Judgment Filing Deadline in the *Amazon* case
15    (Dkt. No. 348 in the consolidated case).

16    14.    Attached hereto as Exhibit K is a true and correct copy of excerpts of the
17    transcript of the October 6, 2008 hearing before the Court.

18    15.    ████████████████████████████████████
19    ████████████████████████████████████████████
20    ████████████████████████████████████████████
21    ████████████████████████████████████████████
22    ████████████████████████████████████████████
23    ████████████████████████████████████████████
24    ████████████████████████████████████████████
25    ████████████████████████████████████████████
26    ████████████████████████████████████████████
27    ████████████████████████████████████████████

28

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ██████████████████████████████████

6     16.    Attached hereto as Exhibit M is a true and correct copy of excerpts of

7 the transcript of the October 27, 2008 hearing before the Court in the *Amazon* case.

8     17.    Attached hereto as Exhibit N is a true and correct copy of printouts from

9 the website www.chillingeffects.org. The print date is reflected on the lower portion

10 of each page.

11     18.    On November 11, 2009, Google took the deposition of model Amy

12 Weber, from whom P10 allegedly purchased the rights to some images. Attached

13 hereto as Exhibit O is a true and correct copy of excerpts of the transcript of Ms.

14 Weber's deposition.

15     19.    On October 16, 2009, Google took the deposition of former P10 model

16 Nataskia Maren. Attached hereto as Exhibit P is a true and correct copy of excerpts

17 of the transcript of Ms. Maren's deposition.

18     20.    On November 19, 2009, Google took the deposition of model Amber

19 Smith, from whom P10 allegedly purchased the rights to some images. Attached

20 hereto as Exhibit Q is a true and correct copy of excerpts of the transcript of Ms.

21 Smith's deposition.

22     21.    Attached hereto as Exhibit R is a true and correct copy of excerpts of the

23 Reply Declaration of Norman Zada in Support of Motion of Plaintiff Perfect 10, Inc.

24 for Preliminary Injunction, dated October 17, 2005 (Dkt. No. 58).

25     22.    Attached hereto as Exhibit S is a true and correct copy of excerpts of the

26 legislative history of the Digital Millennium Copyright Act (Senate Report 105-190,

27 May 11, 1998).

28 01980.51320/3374325.1

1    23.    Attached hereto as Exhibit T is a true and correct copy of excerpts of

2  Defendant Google Inc.'s <u>Corrected</u> Opposition to Plaintiff Perfect 10, Inc.'s Motion

3  for Evidentiary and Other Sanctions Against Google and/or for the Appointment of a

4  Special Master (Dkt. No. 653, filed under seal).

5    24.    Attached hereto as Exhibit U is a true and correct copy of excerpts of

6  Google Inc.'s *Ex Parte* Application to Strike Perfect 10, Inc.'s Second Motion for

7  Preliminary Injunction and for Sanctions (Dkt. No. 789).

8        I declare under penalty of perjury under the laws of the United States of

9  America that the foregoing is true and correct.  Executed March 15, 2010 at Redwood

10  Shores, California.

11

12  _____

13                Rachel Herrick Kassabian

# EXHIBIT A

# EXHIBIT A (A Disk):

# Highly Confidential

# Filed Separately
# and Under Seal

# EXHIBIT B

# EXHIBIT B

# CONFIDENTIAL:
# Filed Under Seal Pursuant To Protective Order

# EXHIBIT C

# EXHIBIT C

## <u>CONFIDENTIAL:</u>
# Filed Under Seal Pursuant To Protective Order

# EXHIBIT D

# EXHIBIT D

# CONFIDENTIAL:
# Filed Under Seal Pursuant To Protective Order

# EXHIBIT E

1

1               UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3      HONORABLE A. HOWARD MATZ, JUDGE PRESIDING

4  PERFECT 10, INC.,          )
                    Plaintiff,   )
5         Vs.         )  No. CV 04-09484 AHM
                        )
6  GOOGLE, INC., ET AL.,    )
               Defendants.  )
7  PERFECT 10, INC.,          )
                    Plaintiff,   )
8         Vs.         )  No. CV 05-04753 AHM
                        )
9  AMAZON.COM, INC., ET AL.,  )
               Defendants.  )
10 PERFECT 10, INC.,          )
                    Plaintiff,   )
11        Vs.         )  No. CV 07-05156 AHM
                        )
12 MICROSOFT CORP., ET AL.,   )
               Defendants.  )
13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16             MOTION HEARING

17         LOS ANGELES, CALIFORNIA

18      THURSDAY, DECEMBER 18TH, 2008

19

20

21       LEANDRA AMBER, CSR 12070, RPR
      OFFICIAL U.S. DISTRICT COURT REPORTER
22      312 NORTH SPRING STREET, #442
      LOS ANGELES, CALIFORNIA 90012
23        (213) 613-0179

24

25

Exhibit E, Page 145

1    because they're still up, but we went don't know when they

2    removed something or --

3              THE COURT:  Well, pick one of those.

4              MR. MAUSNER:  Okay.  And in May -- you know, May --

5    okay.  I mean, I guess that's what we'll have to do.  But we

6    don't --

7              THE COURT:  That is what you'll have to do.

8              MR. MAUSNER:  We don't have -- we don't have the L

9    and M information.

10             THE COURT:  This -- this apparent practice or

11   pattern of making all these slashing claims and then saying

12   prove us wrong is not quite the way it's supposed to work,

13   Mr. Mausner.  And it's not the way it's going to work from

14   here on in.

15             MR. MAUSNER:  Well, I don't think we were doing

16   that.

17             THE COURT:  So that's my answer to number L and M.

18             MR. MAUSNER:  Okay.

19             THE COURT:  I don't think they have to do anything

20   in order for you to respond by January 5th.

21             MR. MAUSNER:  Okay.  And the other thing is could

22   we have -- we have to oppose summary judgment.

23             So could we have an extra week on that?

24             THE COURT:  No.  You may not.

25             MR. MAUSNER:  Okay.

UNITED STATES DISTRICT COURT

# EXHIBIT F

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 04-9484 AHM (SHx) | Date | July 8, 2009 |
|---|---|---|---|

| Title | PERFECT 10, INC. v. GOOGLE, INC., *et al.* |
|---|---|

Present: The Honorable    A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

The Court GRANTS, *nunc pro tunc*, Google's "Motion for Order for Schedule for Filing Dispositive Motions" for the reasons stated in Google's briefs.[1]  In addition, the Court STAYS further briefing on Perfect 10's just-filed motion for summary judgment (Docket No. 436) until further order of the Court.  The August 17, 2009 hearing for Perfect 10's motion is vacated.

The Court is aware that Google decided to file its three DMCA motions, noticed for August 17, 2009, without awaiting the Court's order on its motion.  Although Google's filing of the DMCA motions before the Court's order exhibited gamesmanship - - *i.e.*, it gives the appearance of Google racing to the courthouse at the same time it was purporting to seek the Court's guidance on an orderly sequence of the filing of motions -- Google did not violate any Court order.

The Court also notes that the parties have not proposed deadlines for opposition and reply briefs.  The Court requires the oppositions to Google's DMCA motions to be filed by July 27, 2009 and the replies to be filed by August 3, 2009.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1]Docket No. 411.

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV2004-9484-AHM(SHx) | Date | August 13, 2009 |

| | |
|---|---|
| Title | PERFECT 10 v. GOOGLE, INC., et al. |

Present: The Honorable          A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On the Court's own motion, the Court hereby takes OFF-CALENDAR and UNDER SUBMISSION (1) Defendant Google's Motion for Summary Judgment for Web and Image Search [456]; and (2) Defendant Google's Motion for Summary Judgment Re: Blogger Service [457]; (3) Defendant Google's Motion for Summary Judgment Re: Entitlement to Safe Harbor [458]; and Defendant Google's Motion for Leave to Take Additional Depositions [471]. The parties will be notified if a hearing is necessary.

|  | : |
|---|---|
| Initials of Preparer | SMO |

# EXHIBIT H

# LAW OFFICES OF
# JEFFREY N. MAUSNER

Warner Center Towers
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone  (818) 992-7500
Facsimile  (818) 716-2773
E-mail:  jeff@mausnerlaw.com

November 14, 2008

FILED
CLERK, U.S. DISTRICT COURT

NOV 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                   DEPUTY

The Honorable Stephen J. Hillman
Chief United States Magistrate Judge

Re: *Perfect 10 v. Google*, CV 04-9484 AHM (SHx); *Perfect 10 v. Microsoft*,
*CV07-5156 AHM (SHx)*

*By Fax to (213) 894-4381*

Dear Judge Hillman:

Per the instructions provided by your clerk, this is a Joint Letter regarding
Perfect 10's request that this Court:

(1) Order Google not to file any additional motions to compel until after
December 8, 2008 (the hearing date for the motion for summary
judgment in the Amazon/Alexa case), and that Google defer the meet and
confer process regarding discovery issues until after December 8.

(2) Order that Google limit its discovery after December 8, 2008 to those
issues pertaining to the summary judgment motion Google has said it is
filing shortly, and that any future discovery be done at a reasonable pace.

## PERFECT 10'S POSITION

Perfect 10 and Amazon subsidiary A9.com just completed A9's motion for
summary judgment.  The hearing on Perfect 10's summary judgment motion
against Amazon and its subsidiary Alexa is December 8, 2008.  On November 7,
Google advised Perfect 10 that it is going to be filing a motion for summary
judgment in the near future.  Since the October 6 status conference, the
Defendants, particularly Google, have been subjecting Perfect 10 to a ceaseless
barrage of e-mails and letters regarding discovery, most of it having nothing to do
with issues that Judge Matz was concerned with at the October 6 hearing.  It is
obvious that Google is doing this to crush Perfect 10 and make it impossible for

1

## II.    Perfect 10 Is Inundated With Work.

At the October 6, 2008 hearing, the Court indicated a willingness to limit discovery or even stay it. In response, Google has dug up every conceivable issue and is filing and threatening motions to compel. Since the October 6, 2008 hearing, Google has sent Perfect 10 numerous correspondence about discovery matters and has demanded to meet and confer about issues it never raised prior to October 6, 2008 or had long forgotten. Beginning October 6, 2008, Google has sent counsel for Perfect 10 approximately 75 letters and e-mails regarding discovery issues.

In addition, since the October 6, 2008 hearing, Perfect 10's counsel has been inundated with work. *Inter alia*, Perfect 10 (1) filed a summary judgment motion against Alexa.com; (2) is working on the reply to Alexa.com's opposition and objections to the four declarations in support of Alexa.com's opposition; this is a massive undertaking; (3) filed the supplemental papers, revised statement of genuine issues, declarations, and exhibits regarding the A9.com summary judgment motion, as ordered by the Court; (4) prepared for and attended the hearing on the A9.com summary judgment motion; (5) filed supplemental briefing in the Amazon action regarding the protective order sought by Amazon; (6) personally met with Andrew Bridges for a full day regarding the Court's discovery plan, as ordered by the Court; (7) has been ordered by the court to file a status report regarding that meet and confer – the status report is due November 10, 2008; (8) served responses to Alexa's first set of interrogatories; (9) served responses to Alexa's first set of document requests and produced documents pursuant to it, including a hard drive containing thousands of documents; (10) prepared Perfect 10's portions for the joint stipulation served by Google regarding Perfect 10's responses to Google's first and second sets of requests for admissions; (11) prepared Perfect 10's portions for the joint stipulation served by Microsoft regarding Microsoft's IP anonymization program; and (12) spent hundreds of hours of attorney, staff and client time responding to Google's ever growing list of discovery demands.

In addition, from October 6, 2008 until now, counsel in both the Google case and the Microsoft have made a number of informal discovery requests and cannot understand why Perfect 10 has not immediately responded to those requests.

That is the workload just in these Perfect 10 cases; there are other matters, including personal matters that Perfect 10's counsel has to attend to.

4

Sincerely,

LAW OFFICES OF JEFFREY N. MAUSNER

      Jeffrey N. Mausner

By: _____

      Jeffrey N. Mausner, attorneys for Perfect 10


QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

      Michael T. Zeller, with permission

By: _____

      Michael T. Zeller, attorneys for Google

18

Exhibit H, Page 151

# EXHIBIT I

Case 2:04-cv-09484-AHM-SH   Document 394   Filed 12/12/2008   Page 1 of 7

1   JEFFREY N. MAUSNER (State Bar No. 122385)
    Law Offices of Jeffrey N. Mausner
2   Warner Center Towers, Suite 910
    21800 Oxnard Street
3   Woodland Hills, California 91367-3640
4   Telephone: (310) 617-8100, (818) 992-7500
5   Facsimile: (818) 716-2773

6   Attorneys for Plaintiff Perfect 10, Inc.

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | PERFECT 10, INC., a California corporation, | CASE NO. CV 04-9484 AHM (SHx) |
| 12 | Plaintiff, | **PERFECT 10'S RESPONSE TO DECEMBER 2, 2008 ORDER** |
| 13 | v. | Date: December 18, 2008 |
| 14 | GOOGLE, INC., a corporation, | Time: 3:00 P.M.<br>Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz |
| 15 | | |
| 16 | PERFECT 10, INC., a California corporation, | Consolidated with CV 05-4753 AHM (SHx) |
| 17 | Plaintiff, | |
| 18 | v. | |
| 19 | AMAZON.COM, INC., a corporation, | |
| 20 | | |
| 21 | PERFECT 10, INC., a California corporation, | CASE NO. CV 07-5156 AHM (SHx) |
| 22 | | |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | MICROSOFT, INC., a corporation. | |

26

27

28

Exhibit I, Page 152

1   **I.     PERFECT 10 AGREES WITH THE STAY.**

2            Perfect 10 wholeheartedly agrees with the Court's tentative order, staying

3   the *Google* and *Amazon* cases (other than the already fully briefed motion for

4   partial summary judgment against Amazon and Alexa), while the *Microsoft* case is

5   litigated.  Perfect 10 believes that this approach will substantially reduce the

6   amount of unnecessary litigation in three separate cases involving essentially the

7   same issues.

8            In response to the Court's question, Perfect 10 does not at this time intend to

9   bring any actions against new parties raising claims similar to those it has asserted

10  in these cases.  Hopefully, the decisions made in the *Microsoft* case will be

11  respected by other service providers and additional lawsuits will not be necessary,

12  either by Perfect 10 or by other copyright owners.

13           Pursuant to paragraph 3(a)(ii) of the Order, Perfect 10 chooses to defer the

14  prosecution of its trademark claim against Microsoft without waiving it.

15           .Perfect 10 has asked Microsoft to answer certain discovery requests

16  regarding frequency of searches on its models and other information that may be

17  needed at trial.

18  **II.    ISSUES REGARDING THE SAMPLE AND DISCOVERY.**

19           In response to the Court's order regarding the selection of a sample and

20  other issues, Perfect 10 would like to note the following:

21           **A. Resolution Short of Trial.**

22           Perfect 10 and Microsoft are engaged in serious settlement negotiations.  In

23  the event that a settlement does not materialize in the near future, Perfect 10

24  intends to move for summary judgment against Microsoft solely on the basis of

25  contributory liability.

26           Perfect 10's motion for summary judgment would be based largely on the

27  fact that Microsoft admittedly has not responded to any of Perfect 10's notices of

28  infringement sent from November 15, 2004 through March of 2007.  Microsoft

1

1  challenge Perfect 10's spreadsheet style notices, it can do that by examining
2  several images identified by several notices. It does not need to examine hundreds
3  of images corresponding to each of the other permutations and combinations of the
4  other elements in categories A-N. Microsoft has given no explanation for why it
5  thinks it is necessary to put Perfect 10 and the Court to this substantially greater
6  amount of work. Perfect 10 has attached as Exhibit 4 e-mail correspondence
7  between Perfect 10 and Microsoft regarding this issue, in which Microsoft insists,
8  without any explanation, that "Perfect 10 has to provide an example of each
9  combination of each variable in each category."

10      In summary, Microsoft's position that the sample must cover potentially
11  thousands of combinations, will unnecessarily increase the burden on Perfect 10
12  and the Court, and make the litigation substantially more involved than it needs to
13  be. Issues can be decided based on a sample that deals with that issue, rather than
14  a sample which combines every other issue as well.

15      D. **Other Areas Where Clarification Is Needed.**

16      There are a number of items in Exhibit C which are unclear, or for which
17  Perfect 10 does not believe as many categories are needed, such as some of the
18  classifications in Items B and C. Perfect 10 will work with Microsoft to deal with
19  those issues. Eliminating unnecessary distinctions will decrease the sample and
20  simplify the case.

21  Dated: December 12, 2008      LAW OFFICES OF JEFFREY N. MAUSNER
22
23                           *Jeffrey N. Mausner*
                        By:_____
24                              Jeffrey N. Mausner
                            Attorney for Plaintiff Perfect 10, Inc.
25
26
27
28

6

# EXHIBIT J

1  Jeffrey N. Mausner (State Bar No. 122385)
   Law Offices of Jeffrey N. Mausner
2  Warner Center Towers
   21800 Oxnard Street, Suite 910
3  Woodland Hills, California 91367-3640
   E-Mail: Jeff@MausnerLaw.com
4  Telephone: (310) 617-8100, (818) 992-7500
5  Facsimile: (818) 716-2773

6  Attorneys for Plaintiff Perfect 10, Inc.

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| 11  PERFECT 10, INC., a California corporation,<br>12<br>          Plaintiff,<br>13<br>     v.<br>14  AMAZON.COM, INC., et al.<br>15          Defendants.<br>16<br>17  AND CONSOLIDATED CASE. | CASE NO. CV 05-4753 AHM (SHx)<br>Consolidated with Case No. CV 04-9484 AHM (SHx)<br><br>**PERFECT 10'S RESPONSE TO DEFENDANTS AMAZON.COM AND ALEXA INTERNET'S EX PARTE APPLICATION TO CONTINUE SUMMARY JUDGMENT FILING DEADLINE**<br><br>BEFORE JUDGE A. HOWARD MATZ<br><br>Date: Ex Parte Opposition<br>Time: Ex Parte Opposition<br>Place: Courtroom 14, Courtroom of the Honorable A. Howard Matz<br><br>Discovery Cut-Off Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |
|---|---|

18

19

20

21

22

23

24

25

26

27

28

Perfect 10's Response to Defendants Amazon.com and Alexa Internet's
Ex Parte Application to Continue Summary Judgment Filing Deadline

Exhibit J, Page 155

1  discussed above, Perfect 10 respectfully requests that the Court deny Defendants'

2  *Ex Parte* Application.

3  　　　However, if the Court does not rule on Perfect 10's Summary Judgment

4  Motion in the near future, Perfect 10 requests that the Court stay all discovery in

5  both the *Amazon* and *Google* cases, including the determination of any pending

6  discovery motions before Judge Hillman, until such time as the Court rules on

7  Perfect 10's Motion. Perfect 10 also agrees, in that circumstance, that Defendant's

8  contemplated summary judgment motions be postponed until after the Court rules

9  on Perfect 10's Summary Judgment Motion. Perfect 10 also requests that in that

10  circumstance, the parties then be given a month after that ruling is made to settle

11  the cases.

12

13  Dated: September 11, 2009　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　LAW OFFICES OF JEFFREY N. MAUSNER

14

15  　　　　　　　　　　　　By: ＿＿＿＿＿＿ *Jeffrey N. Mausner* ＿＿＿＿

16  　　　　　　　　　　　　　　　Jeffrey N. Mausner
　　　　　　　　　　　　　　　Attorneys for Plaintiff Perfect 10, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Perfect 10's Response to Defendants Amazon.com and Alexa Internet's
Ex Parte Application to Continue Summary Judgment Filing Deadline

# EXHIBIT K

1

```
 1              UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3          HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

 4                      - - -
```

# COPY

```
 5
      PERFECT 10, INC., A CALIFORNIA    )
 6    CORPORATION,                      )
                         PLAINTIFF,     )
 7                                      )
              vs.                       ) No. CV04-09484-AHM(SHx)
 8    GOOGLE, INC., ET AL.,             )
                         DEFENDANTS.    )
 9    _____)
      PERFECT 10, INC., A CALIFORNIA    )
10    CORPORATION,                      )
                         PLAINTIFF,     )
11                                      )
              vs.                       ) No. CV05-4753-AHM(SHx)
12    AMAZON.COM, INC., ET AL.,         )
                         DEFENDANTS.    )
13    _____)
      PERFECT 10, INC., A CALIFORNIA    )
14    CORPORATION,                      )
                         PLAINTIFF,     )
15                                      )
              vs.                       ) No. CV07-5156-AHM(SHx)
16    MICROSOFT CORPORATION,            )
                         DEFENDANT.     )
17    _____)

18           REPORTER'S TRANSCRIPT OF PROCEEDINGS

19                 LOS ANGELES, CALIFORNIA

20                 MONDAY, OCTOBER 6, 2008

21

22          _____

23            CINDY L. NIRENBERG, CSR 5059
              U.S. Official Court Reporter
24            312 North Spring Street, #438
              Los Angeles, California 90012
25               www.cindynirenberg.com
```

**Exhibit K, Page 157**

20

1   nothing to do with Google supposedly providing search results

2   that have links to those individual URLs that have the images

3   on them, the infringing images.

4          They're basically saying, as far as I understand

5   it -- and this would have to be pinned down -- is that Google

6   does business with Giganews, for example, and, therefore, is

7   liable.

8          So if we can get those theories of infringement

9   flushed out, if those can be pinned down, then we are in a

10  position for moving for summary judgment.

11         THE COURT:  Well, when you talk to me about theories

12  of infringement, that doesn't sound to me like facts.  It

13  sounds to me more like contentions.  So help me out.  I don't

14  know what you're talking about.

15         MR. ZELLER:  Well, I think that there is a threshold

16  issue that we have here, Your Honor, which is, of course,

17  Perfect 10 not too long ago amended its complaint, and there

18  are all manner of other theories that are asserted in this

19  case.  There's direct infringement.  There's vicarious

20  liability.  There's --

21         THE COURT:  Without making a final ruling on any

22  motion that's pending, I will tell you all that this is almost

23  entirely a contributory infringement case.

24         MR. ZELLER:  And that's certainly the way we view it

25  as well.  And so what we are looking for, Your Honor, is, I

# EXHIBIT L

site:aoyama.com.mx amy - Google Search

<u>Web</u>  **Images**  <u>Videos</u>  <u>Maps</u>  <u>News</u>  <u>Shopping</u>  <u>Gmail</u>  <u>more</u> ▼                    <u>Search settings</u> | <u>Sign in</u>

Google    | site:aoyama.com.mx "amy weber"                    |  Search   <u>Advanced Search</u>
          SafeSearch: <u>Off</u> ▼

<u>Web</u> › <u>Images</u> › **aoyama.com.mx**  ⊞ <u>Show options...</u>

Your search - **site:aoyama.com.mx amy** - did not match any documents. <u>Reset search options</u>

Suggestions:

    Make sure all words are spelled correctly.
    Try different keywords.
    Try more general keywords.
    Try fewer keywords.

*In response to a complaint we received under the <u>US Digital Millennium Copyright Act</u>, we have removed 1 result(s) from this
page. If you wish, you may <u>read the DMCA complaint</u> that caused the removal(s) at ChillingEffects.org.*

<u>Google Home</u> - <u>Advertising Programs</u> - <u>Business Solutions</u> - <u>Privacy</u> - <u>About Google</u>

**Exhibit L, Page 159**

site:universalwwe.es "amy weber" - Google Search

Web  **Images**  Videos  Maps  News  Shopping  Gmail  more ▼                     Search settings | Sign in

# Google

| site:universalwwe.es "amy weber" | | Advanced Search |

SafeSearch: Off ▼

Web › Images › **universalwwe.es**  ⊞ Show options...  Results **1** - **1** of **1** for **site:universalwwe.es "amy weber"**. (0.09 seconds)



Blu-Ray.
600 x 450 - 45k - jpg
universalwwe.es

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.*

| site:universalwwe.es "amy weber" |  |

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 160**

site:img.flash-screen.com "amy weber" - Google Search

<u>We**b**</u>  **Images**  <u>Videos</u>  <u>Maps</u>  <u>News</u>  <u>Shopping</u>  <u>Gmail</u>  <u>more</u> ▼          <u>Search settings</u> | <u>Sign in</u>

# Google

| site:img.flash-screen.com "amy weber" | | Search | Advanced Search |

SafeSearch: <u>Off</u> ▼

<u>Web</u> › <u>Images</u> › **img.flash-screen.com**  ⊞ <u>Show options...</u>

·Your search - **site:img.flash-screen.com "amy weber"** - did not match any documents. <u>Reset
search options</u>

Suggestions:

    Make sure all words are spelled correctly.
    Try different keywords.
    Try more general keywords.
    Try fewer keywords.

<u>Google Home</u> - <u>Advertising Programs</u> - <u>Business Solutions</u> - <u>Privacy</u> - <u>About Google</u>

**Exhibit L, Page 161**

site:perfectpeople.net "amy weber" - Google Search                                        Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  more ▼                    Search settings | Sign in

# Google

site:perfectpeople.net "amy weber"          [ Search ]  Advanced Search
SafeSearch: Off ▼

Web › Images › **perfectpeople.net**      Show options...

Results **1 - 20** of about **100** for **site:perfectpeople.net "amy weber"**. (0.03 seconds)


**Amy Weber**
230 x 355 - 15k -
jpg
perfectpeople.net


Amber Valletta
**Amy**
230 x 433 - 20k -
jpg
perfectpeople.net
Find similar
images


**Amy Weber**
125 x 100 - 3k -
jpg
perfectpeople.net
Find similar
images


**Amy Weber**
125 x 100 - 3k -
jpg
perfectpeople.net


**Amy Weber** Joins
125 x 100 - 4k -
jpg
perfectpeople.net
Find similar
images


Celebrity, **Amy**
125 x 100 - 3k -
jpg
perfectpeople.net


**Amy Weber** »
125 x 100 - 3k -
jpg
perfectpeople.net


la periodista **amy**
125 x 100 - 3k -
jpg
perfectpeople.net


teacher **Amy**
125 x 100 - 3k -
jpg
perfectpeople.net


Photo provided by
125 x 100 - 3k -
jpg
perfectpeople.net


writer-director
**amy**
125 x 100 - 4k -
jpg
perfectpeople.net


Perfect People »
**Amy**
125 x 100 - 4k -
jpg
perfectpeople.net


**Amy Weber**; and
125 x 100 - 3k -
jpg
perfectpeople.net


**Amy Weber**
News »
125 x 100 - 4k -
jpg
perfectpeople.net


Perfect People »
**Amy**
125 x 100 - 5k -
jpg
perfectpeople.net
Find similar
images


**Amy Weber**
News »
125 x 100 - 3k -


**Amy Weber**
News »
125 x 100 - 3k -


of **Amy**
125 x 100 - 5k -
jpg


and model **Amy**
125 x 100 - 4k -
jpg


**Amy Weber**.
125 x 100 - 3k -
jpg

**Exhibit L, Page 162**

.jpg                    jpg             perfectpeople.net    perfectpeople.net    perfectpeople.net
perfectpeople.net       perfectpeople.net

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.*

**1** 2 3 4 5     **Next**

site:perfectpeople.net "amy weber"          [ Search ]

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 163**

site:perfectpeople.net "amy weber" - Google Search                    Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  **more** ▼          Search settings | Sign in

## Google   site:perfectpeople.net "amy weber"   [ Search ]   Advanced Search

SafeSearch: Off ▼

Web › Images › **perfectpeople.net**     Show options...

Results **21 - 40** of about **100** for **site:perfectpeople.net "amy weber"**. (0.03 seconds)


said **Amy Weber**,
125 x 100 - 4k -
jpg
perfectpeople.net


contact **Amy**
125 x 100 - 5k -
jpg
perfectpeople.net


I remembered
**Amy**
125 x 100 - 4k -
jpg
perfectpeople.net


Other Posts: **Amy**
125 x 100 - 4k -
jpg
perfectpeople.net
Find similar
images


babes like **Amy**
125 x 100 - 3k -
jpg
perfectpeople.net


17 KB | 299x450
125 x 100 - 3k -
jpg
perfectpeople.net


29 KB | 384x384
125 x 100 - 4k -
jpg
perfectpeople.net


59 KB | 794x469
125 x 100 - 5k -
jpg
perfectpeople.net


103 KB | 600x800
125 x 100 - 4k -
jpg
perfectpeople.net


166 KB |
905x1275
125 x 100 - 3k -
jpg
perfectpeople.net


134 KB |
905x1275
125 x 100 - 3k -
jpg
perfectpeople.net


42 KB | 440x545
125 x 100 - 4k -
jpg
perfectpeople.net


42 KB | 390x576
125 x 100 - 3k -
jpg
perfectpeople.net


25 KB | 251x395
125 x 100 - 3k -
jpg
perfectpeople.net


Girls Gone Wild
Free
178 x 267 - 10k -
jpg
perfectpeople.net
Find similar
images


R
125 x 100 - 5k -
jpg
perfectpeople.net


R
125 x 100 - 4k -
jpg
perfectpeople.net


R
125 x 100 - 4k -
jpg
perfectpeople.net


R
125 x 100 - 4k -
jpg
perfectpeople.net


Uk Women View
Vols As
125 x 100 - 4k -
jpg

**Exhibit L, Page 164**

site:perfectpeople.net "amy weber" - Google Search

perfectpeople.net

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.*

**Previous** 1 2 3 4 5 **Next**

---

site:perfectpeople.net "amy weber"          [ Search ]

Google Images Home - Report Offensive Images - Help

---

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 165**

site:perfectpeople.net "amy weber" - Google Search                                          Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  **more** ▼                  Search settings | Sign in

# Google

site:perfectpeople.net "amy weber"                  [ Search ]   Advanced Search

SafeSearch: Off ▼

---

Web › Images › **perfectpeople.net**      Show options...

Results 41 - 60 of about **100** for site:**perfectpeople.net "amy weber"**. (0.05 seconds)


157 KB |
1024x768
125 x 100 - 4k -
jpg
perfectpeople.net


Thurston County
Wins
125 x 100 - 3k -
jpg
perfectpeople.net


Byron Center
Advances To
125 x 100 - 4k -
jpg
perfectpeople.net


74 KB | 1024x768
125 x 100 - 4k -
jpg
perfectpeople.net


90 KB | 1024x768
125 x 100 - 4k -
jpg
perfectpeople.net


59 KB | 1024x768
125 x 100 - 3k -
jpg
perfectpeople.net


Amber Smith
Pictures,
125 x 100 - 4k -
jpg
perfectpeople.net


73 KB | 1024x768
125 x 100 - 4k -
jpg
perfectpeople.net


Broughton High
School
125 x 100 - 5k -
jpg
perfectpeople.net


92 KB | 1024x768
125 x 100 - 4k -
jpg
perfectpeople.net


124 KB |
1024x768
125 x 100 - 3k -
jpg
perfectpeople.net


51 KB | 750x498
125 x 100 - 4k -
jpg
perfectpeople.net


Aurelie Claudel
Spoiler:.
125 x 100 - 3k -
jpg
perfectpeople.net


Aurelie Claudel
Pictures
125 x 100 - 4k -
jpg
perfectpeople.net
Find similar
images


Aurelie Claudel
Wallpaper
125 x 100 - 3k -
jpg
perfectpeople.net
Find similar
images


58 KB | 573x768
125 x 100 - 3k -
jpg
perfectpeople.net


R
125 x 100 - 4k -
jpg
perfectpeople.net


60 KB | 593x768
125 x 100 - 3k -
jpg
perfectpeople.net


61 KB | 591x768
125 x 100 - 3k -
jpg
perfectpeople.net


52 KB | 594x768
125 x 100 - 3k -
jpg
perfectpeople.net

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at*

**Exhibit L, Page 166**

site:perfectpeople.net "amy weber" - Google Search                    Page 2 of 2

*ChillingEffects.org.*

**Previous**  1  2  3  4  5      **Next**

---

site:perfectpeople.net "amy weber"        [ Search ]

Google Images Home - Report Offensive Images - Help

---

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 167**

site:perfectpeople.net "amy weber" - Google Search                    Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  **more** ▼                Search settings | Sign in

# Google   site:perfectpeople.net "amy weber"     [ Search ]   Advanced Search

SafeSearch: Off ▼

Web › Images › **perfectpeople.net**     Show options...

Results 61 - 80 of about 100 for **site:perfectpeople.net "amy weber"**. (0.13 seconds)


R
125 x 100 - 4k - jpg
perfectpeople.net


Carmella DeCesare
125 x 100 - 4k - jpg
perfectpeople.net
Find similar images


141 KB | 1024x768
125 x 100 - 3k - jpg
perfectpeople.net


97 KB | 1024x768
125 x 100 - 2k - jpg
perfectpeople.net


66 KB | 436x600
125 x 100 - 4k - jpg
perfectpeople.net


Strip Scribbles:
125 x 100 - 4k - jpg
perfectpeople.net


Two State Beauty Pageant
125 x 100 - 3k - jpg
perfectpeople.net


56 KB | 1152x864
125 x 100 - 3k - jpg
perfectpeople.net


Viva The Memories And
125 x 100 - 4k - jpg
perfectpeople.net
Find similar images


R
125 x 100 - 4k - jpg
perfectpeople.net


Angelica Bridges
125 x 100 - 4k - jpg
perfectpeople.net
Find similar images


57 KB | 563x827
125 x 100 - 3k - jpg
perfectpeople.net


R
125 x 100 - 5k - jpg
perfectpeople.net


Dawn Rochelle Pictures,
125 x 100 - 4k - jpg
perfectpeople.net


105 KB | 1000x1302
125 x 100 - 3k - jpg
perfectpeople.net


16 KB | 315x473
125 x 100 - 3k - jpg
perfectpeople.net


Joy Giovanni Pictures,
125 x 100 - 3k - jpg
perfectpeople.net


R
125 x 100 - 4k - jpg
perfectpeople.net


Wis.
125 x 100 - 3k - jpg
perfectpeople.net


32 KB | 450x680
125 x 100 - 3k - jpg
perfectpeople.net

**Exhibit L, Page 168**

site:perfectpeople.net "amy weber" - Google Search                    Page 2 of 2

perfectpeople.net
Find similar
images

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1
result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at
ChillingEffects.org.*

Previous  1 2 3 4 5      Next

---

site:perfectpeople.net "amy weber"          [ Search ]

Google Images Home - Report Offensive Images - Help

---

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 169**

site:perfectpeople.net "amy weber" - Google Search

Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  **more** ▼        Search settings | Sign in

# Google

site:perfectpeople.net "amy weber"       [ Search ]   Advanced Search

SafeSearch: Off ▼

Web › Images › **perfectpeople.net**       Show options...

Results **81 - 100** of **100** for **site:perfectpeople.net "amy weber"**. (0.04 seconds)


38 KB | 374x574
125 x 100 - 3k - jpg
perfectpeople.net


R
125 x 100 - 4k - jpg
perfectpeople.net


Jamie Eason
125 x 100 - 4k - jpg
perfectpeople.net


Pepsi Bottlers Okay
125 x 100 - 3k - jpg
perfectpeople.net


50 KB | 400x600
125 x 100 - 4k - jpg
perfectpeople.net


Jamie Eason Pictures,
125 x 100 - 3k - jpg
perfectpeople.net
Find similar images


Aquahydrate Announces
125 x 100 - 3k - jpg
perfectpeople.net


Fitness Interview:
125 x 100 - 4k - jpg
perfectpeople.net


R
125 x 100 - 3k - jpg
perfectpeople.net


59 KB | 421x794
125 x 100 - 3k - jpg
perfectpeople.net
Find similar images


Turner, Orange Belt
125 x 100 - 4k - jpg
perfectpeople.net
Find similar images


40 KB | 532x768
125 x 100 - 3k - jpg
perfectpeople.net


Amanda Marcum Pictures,
125 x 100 - 3k - jpg
perfectpeople.net
Find similar images


Amanda Mcconnell
125 x 100 - 4k - jpg
perfectpeople.net
Find similar images


R
125 x 100 - 4k - jpg
perfectpeople.net


Cypress Leads The Week
125 x 100 - 4k - jpg
perfectpeople.net


Several Winners Take
125 x 100 - 3k - jpg
perfectpeople.net


Perfect People is the
275 x 78 - 8k - gif
perfectpeople.net
Find similar images


Supermodels pictures,
241 x 55 - 7k - gif
perfectpeople.net
Find similar


New and Updated
214 x 39 - 3k - gif
perfectpeople.net

**Exhibit L, Page 170**

site:perfectpeople.net "amy weber" - Google Search                    Page 2 of 2

images

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.*

Previous  1 2 3 4 **5**

---

site:perfectpeople.net "amy weber"          [ Search ]

Google Images Home - Report Offensive Images - Help

---

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 171**

site:clublez.com "amy weber" - Google Search                                      Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  more ▼        Search settings | Sign in

# Google

site:clublez.com "amy weber"     [ Search ]  Advanced Search

SafeSearch: Off ▼

Web › Images › **clublez.com**     Show options...

Results **1 - 20** of about 40 for **site:clublez.com "amy weber"**. (0.16 seconds)


Actresses - **Amy**
612 x 768 - 102k - jpg
clublez.com


Actresses - **Amy**
980 x 613 - 110k - jpg
clublez.com


Actresses - **Amy**
405 x 607 - 62k - jpg
clublez.com


**Amy Weber**
150 x 120 - 6
clublez.com


tn_amy_weber
150 x 120 - 10k - jpg
clublez.com


tn_amy_weber
150 x 120 - 7k - jpg
clublez.com


tn_amy_weber
150 x 120 - 6k - jpg
clublez.com


**Amy Weber**
200 x 110 - 9
clublez.com


forbidden_games_a.jpg
385 x 183 - 9k - jpg
clublez.com


forbidden_games_b.jpg
385 x 177 - 14k - jpg
clublez.com


Erotic Thriller (USA,
150 x 259 - 11k - jpg
clublez.com


forbidden_ga
100 x 72 - 2k
clublez.com


forbidden_games_preview_1
100 x 72 - 3k - jpg
clublez.com


forbidden_games_preview_2
100 x 72 - 3k - jpg
clublez.com


forbidden_games_preview_0
100 x 72 - 2k - jpg
clublez.com


forbidden_ga
100 x 72 - 2k
clublez.com

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 2
result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at
ChillingEffects.org.*

**Exhibit L, Page 172**

site:clublez.com "amy weber" - Google Search                          Page 2 of 2

1 2      **Next**

site:clublez.com "amy weber"              [ Search ]

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 173**

site:clublez.com "amy weber" - Google Search                                      Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  more ▼              Search settings | Sign in

# Google    site:clublez.com "amy weber"     [ Search ]  Advanced Search
SafeSearch: Off ▼

Web › Images › **clublez.com**      Show options...

Results 21 - 40 of 40 for **site:clublez.com "amy weber"**. (0.04 seconds)


forbidden_games_preview_0
100 x 72 - 2k - jpg
clublez.com


forbidden_games_preview_1
100 x 72 - 2k - jpg
clublez.com


forbidden_games_preview_2
100 x 72 - 2k - jpg
clublez.com


forbidden_ga
100 x 72 - 2k
clublez.com


forbidden_games_preview_0
100 x 72 - 2k - jpg
clublez.com


forbidden_games_preview_0
100 x 72 - 2k - jpg
clublez.com


forbidden_games_preview_2
100 x 72 - 2k - jpg
clublez.com


forbidden_ga
100 x 72 - 2k
clublez.com


forbidden_games_preview_0
100 x 72 - 2k - jpg
clublez.com


forbidden_games_preview_1
100 x 72 - 3k - jpg
clublez.com


forbidden_games_preview_1
100 x 72 - 2k - jpg
clublez.com


forbidden_ga
100 x 72 - 2k
clublez.com


forbidden_games_preview_2
100 x 72 - 2k - jpg
clublez.com


forbidden_games_preview_0
100 x 72 - 3k - jpg
clublez.com


forbidden_games_preview_2
100 x 72 - 2k - jpg
clublez.com


forbidden_ga
100 x 72 - 3k
clublez.com

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 2 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.*

**Previous**  1  **2**

site:clublez.com "amy weber"              [ Search ]

**Exhibit L, Page 174**

site:clublez.com "amy weber" - Google Search                                    Page 2 of 2

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 175**

site:celebritiesmix.com "amy weber" - Google Search



site:universalwwe.es "amy weber"

Search   Advanced Search

SafeSearch: Off ▼

Web › Images › celebritiesmix.com   ⊞ Show options...   Results 1 - 3 of 3 for site:celebritiesmix.com "amy weber". (0.14 seconds)



**Amy Weber** Sex
175 x 175 - 23k - jpg
celebritiesmix.com



Annette Bening Nude
175 x 175 - 36k - jpg
celebritiesmix.com



Sweet Emily Mortimer
175 x 175 - 19k - jpg
celebritiesmix.com

In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.

site:universalwwe.es "amy weber"   Search

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 176**

site:rumela.com "amy weber" - Google Search                                    Page 1 of 2

Web  **Images**  Videos  Maps  News  Shopping  Gmail  more ▼                    Search settings | Sign in

# Google
site:rumela.com "amy weber"                          [ Search ]   Advanced Search
SafeSearch: Off ▼

Web › Images › rumela.com      Show options...
Results **1 - 21** of 21 for site:rumela.com **"amy weber"**. (0.14 seconds)


transpixel, **Amy**
310 x 504 - 30k -
jpg
rumela.com


transpixel, **Amy**
149 x 150 - 13k -
jpg
rumela.com


transpixel, **Amy**
100 x 150 - 9k -
jpg
rumela.com


transpixel, **Amy**
99 x 150 - 8k - jpg
rumela.com


transpixel, **Amy**
99 x 150 - 7k - jpg
rumela.com


transpixel, **Amy**
98 x 150 - 9k - jpg
rumela.com


transpixel, **Amy**
97 x 150 - 9k - jpg
rumela.com


transpixel, **Amy**
97 x 150 - 10k -
jpg
rumela.com


transpixel, **Amy**
95 x 150 - 7k - jpg
rumela.com


transpixel, **Amy**
92 x 150 - 8k - jpg
rumela.com


Amy Smart
120 x 150 - 10k -
jpg
rumela.com


Anna Kournikova
120 x 150 - 8k -
jpg
rumela.com


aishwarya04
117 x 150 - 9k -
jpg
rumela.com


Angelina Jolie
114 x 150 - 11k -
jpg
rumela.com


Brittany Murphy
113 x 150 - 10k -
jpg
rumela.com


Anne Hathaway
107 x 150 - 9k -
jpg
rumela.com


No Caption
106 x 150 - 7k -
jpg
rumela.com


alexa_vega17
104 x 150 - 11k -
jpg
rumela.com


Adriana
Sklenarikova
101 x 150 - 9k -
jpg


NEW RELEASE
95 x 140 - 7k - jpg
rumela.com

**Exhibit L, Page 177**

Case 2:04-cv-09484-AHM -SH   Document 803-1   Filed 03/15/10   Page 60 of 140   Page ID #:15509

rumela.com



Alessandra
Ambrosio
74 x 150 - 7k - jpg
rumela.com

site:rumela.com "amy weber"     [ Search ]

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 178**

404 Not Found

# Google Error

# **Not Found**

The requested URL
`/_4QbiUz_Rqgc/SCcpJFMHHuI/AAAAAAAAD4U/v6iyTjQ2Y9E/s400/amy_weber_photo_9c.jpg` was not
found on this server.

404 Not Found

# Google Error

# Not Found

The requested URL
/_4QbiUz_Rqgc/SCco8FMHHsI/AAAAAAAAD4E/dLANdpryNgY/s400/amy_weber_photo_5c.jpg was not found on this server.

**Exhibit L, Page 180**

site:wallpapersgallery.net "alena drazna" - Google Search

Web  **Images**  Videos  Maps  News  Shopping  Gmail  more ▼

Search settings | Sign in

## Google

site:universalwwe.es "amy weber"          [Search]  Advanced Search

SafeSearch: Off ▼

Web › Images › **wallpapersgallery.net**  ⊞ Show options...   Results **1 - 6** of **6** for **site:wallpapersgallery.net "alena drazna"**. **(0.19** seconds)


**Alena-Drazna**-1791
640 x 480 - 42k - jpg
wallpapersgallery.net


**Alena-Drazna**-1791
1024 x 768 - 87k - jpg
wallpapersgallery.net


**Alena-Drazna**-2741
1024 x 768 - 79k - jpg
wallpapersgallery.net


**Alena-Drazna**-2741
150 x 150 - 7k - jpg
wallpapersgallery.net


**Alena-Drazna**-1791
150 x 150 - 6k - jpg
wallpapersgallery.net


Albena-Petrova-537-6
150 x 150 - 9k - jpg
wallpapersgallery.net

*In response to a complaint we received under the US Digital Millennium Copyright Act, we have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that caused the removal(s) at ChillingEffects.org.*

site:universalwwe.es "amy weber"          [Search]

Google Images Home - Report Offensive Images - Help

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

**Exhibit L, Page 181**

Google Image Result for http://wallpapersgallery.net/d/753713-1/Alena-Drazna-2741-5.jpg

Google™ | site:wallpapersgallery.net "alena drazna" | [Search Image]   Back to image results



**See full size image**
1024 x 768 - 79k - jpg - wallpapersgallery.net/d/753713-1/Alena-Drazna...
Image may be subject to copyright.
Below is the image at: wallpapersgallery.net/v/Girls/Alena-Drazna/Al...

Remove frame ☒

**Gallery**

Wallpapers Gallery Net » Girls » Alena-Drazna » Alena-Drazna-2741-5                    Login « Sidebar

Ads by Google    Tattoos for Girls    Girl Wallpapers    Tattoo Art Gallery    3D Wallpapers Free    RSS Feed

Alena Drazna

Ads by Google    Hot Wallpapers    Desktop Images    Free Desktop Notes    Mobile Wallpapers    Animated Wallpapers

**Exhibit L, Page 182**

Blogger: Page not found



Page not found

Sorry, the page you were looking for in the blog Celebrities Gone Wild, Celebrity Gone Bad, Celebs Gone Wild, Sexy Celebs, Stars Gone Wild does not exist.

Go to blog homepage

Home | Features | About | Buzz | Help | Discuss | Language | Developers | Gear
Terms of Service | Privacy | Content Policy | Copyright © 1999 - 2010 Google

nude.jpg (image)



gtig.jpg (image)

http://4.bp.blogspot.com/_JRg-Q43n1Gs/ST65-CrT8EI/AAAAAAAAdi4/IOMXBaCC664/s1600-h/gtig.jpg[3/14/2010 5:49:56 PM]

7896.jpg (image)

erytfu .jpg (image)

http://3.bp.blogspot.com/_JRg-Q43n1Gs/ST650xJPy6I/AAAAAAAAAdiw/JHcYmWMy6mQ/s1600-h/erytfu.jpg[3/14/2010 5:51:18 PM]

456.jpg (image)

http://3.bp.blogspot.com/_JRg-Q43n1Gs/ST650r_EvfI/AAAAAAAAdig/q_z7_d9IeYs/s1600-h/456.jpg[3/14/2010 8:02:38 PM]

fio.jpg (image)

Exhibit L, Page 189

fit.jpg  (image)

Exhibit L, Page 190

fito.jpg (image)

Exhibit L, Page 191

foyo.jpg (image)

http://1.bp.blogspot.com/_JRg-Q43n1Gs/ST7C6LfsaPI/AAAAAAAAAdoo/ECuJYOhabTc/s1600-h/foyo.jpg[3/14/2010 8:14:24 PM]

fti.jpg  (image)

Exhibit L, Page 193

ftioo.jpg (image)

http://1.bp.blogspot.com/_JRg-Q43n1Gs/ST7C5zQtstI/AAAAAAAAdoY/xzcUIMsguRI/s1600-h/ftioo.jpg[3/14/2010 8:15:08 PM]

kl.jpg (image)

Exhibit L, Page 195

marisa-miller-nude-nsfw-1.jpg (image)

Exhibit L, Page 196

marisa-miller-nude-nsfw-5.jpg (image)

🖻

**Exhibit L, Page 197**

marisa-miller-nude-nsfw-7.jpg (image)

marisa-miller-topless-1.jpg (image)

Exhibit L, Page 199

marisa-miller-topless-2.jpg (image)

marisa-miller-topless-3.jpg (Image)

nude.jpg (image)

**Exhibit L, Page 202**

olfyt.jpg (image)

showimg.php.jpg (image)

showimg.php2.jpg (image)

http://1.bp.blogspot.com/_JRg-Q43n1Gs/ST67wtbqrrI/AAAAAAAAdjg/molzeGK7bpg/s1600-h/showimg.php2.jpg[3/14/2010 8:02:59 PM]

showimg.php4.jpg (image)

showirng.php5.jpg (image)

Exhibit L, Page 207

showimg.php86.jpg (image)

showimg.php867.jpg (image)

Exhibit L, Page 209

uh.jpg  (image)

http://3.bp.blogspot.com/_JRg-Q43n1Gs/ST7CNzHfarI/AAAAAAAAdnY/OdnxQKzI-Ag/s1600-h/uh.jpg[3/14/2010 8:13:03 PM]

Blogger: Blog not found

 **Blogger**

Blog has been removed

**Sorry, the blog at romeuoldman.blogspot.com has been removed.** This address is not available for new blogs.

Did you expect to see your blog here? See: 'I can't find my blog on the Web, where is it?'

Home | Features | About | Buzz | Help | Discuss | Language | Developers | Gear
Terms of Service | Privacy | Content Policy | Copyright © 1999 - 2010 Google

B14_SDC_020_Alessandra_Correa.jpg (image)



http://bp1.blogger.com/...umpRk/RoVr2YBNGFI/AAAAAAAAAws/2TGfv1tbJng/s1600-h/B14_SDC_020_Alessandra_Correa.jpg[3/14/2010 11:27:44 PM]

# EXHIBIT M

1

1       UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3      HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

4                    - - -

5

6                                        **COPY**

PERFECT 10, INC., A CALIFORNIA      )

7    CORPORATION,                        )
                                         )
8                    PLAINTIFF,          )
                                         )
9         vs.                            )   No. CV05-4753-AHM(SHx)
                                         )
10   AMAZON.COM, INC., ET AL.,           )
                                         )
11                   DEFENDANTS.         )
     _____)

12

13

14       REPORTER'S TRANSCRIPT OF PROCEEDINGS

15           LOS ANGELES, CALIFORNIA

16          MONDAY, OCTOBER 27, 2008

17

18

19

20

21

22    _____

23        CINDY L. NIRENBERG, CSR 5059
          U.S. Official Court Reporter
24        312 North Spring Street, #438
          Los Angeles, California 90012
25          *www.cindynirenberg.com*

**Exhibit M, Page 213**

6

1            THE COURT:  Well, I must have left that in my study.

2            MR. MAUSNER:  I have a copy here, Your Honor.  Would

3   you like me to --

4            THE COURT:  I'll look at it later.

5            MR. MAUSNER:  On Page 2, Lines 2 through 5, we

6   stated -- and this is a listing of the infringements.  We've

7   listed eight different forms of infringement.  It says, "A9 has

8   provided web search links and cache links to infringing

9   websites, like the Irina Garenskih example mentioned by the

10  Court."

11           And we said, "This is infringement of display and

12  distribution rights by third party websites' reproduction right

13  by A9 users."

14           THE COURT:  All right.  I'll look at it.

15           Look at Page 6, please, Mr. Mausner.

16           MR. MAUSNER:  Yes, sir.

17           THE COURT:  Actually, I meant to do something else

18  before I heard from you, so why don't you be seated for a

19  minute.

20           There are certain parts of the pending motion that

21  I'm in a position to rule on.  I'm going to rule orally, and

22  there's one chunk that I'll take under submission.

23           I grant summary adjudication to A9 on the direct

24  infringement claims that have been brought against it.  The

25  server test is still the test.  It will be up to the Ninth

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    Circuit to revise the test, limit it, refine it, and I can see

2    that it might.

3          There could be a distinction that would be drawn

4    between an ISP or a search engine on the one hand and a direct

5    infringer on the other, but nothing in the current state of the

6    law warrants a disregard.  And P10 does not dispute and could

7    not dispute that A9.com never did and has not stored any of the

8    images on its own servers.

9          That's in the Statement of Undisputed Facts,

10   Paragraph 13 in the SGI response.  That's true for the

11   thumbnails or the actual size.

12         Although A9 provides a "see full-size image" option,

13   the Ninth Circuit did not address this, and I don't think that

14   the conclusion it would draw would be any different.

15         What the Court in Germany ruled may be interesting,

16   but it's only part of the developing jurisprudence, and I'm

17   going to stick with the server test and grant summary

18   adjudication against Perfect 10 and in favor of A9 on the

19   direct infringement claims.

20         I'm also going to grant summary adjudication on the

21   vicarious infringement claims.  There is clearly no legal right

22   that A9 has to stop the infringing conduct, and it doesn't have

23   the practical ability to do so.

24         I don't have to get into issues of whether there was

25   a direct financial benefit.  That was part of the Grokster

Exhibit M, Page 215

1      formulation because really the only issue here is control.

2              And the opinion of the Ninth Circuit in this case

3      when it went up on appeal, 508 F.3d at 1173 through 74, and

4      later on 74 and 75, deal in sequence with this issue of a legal

5      right to stop it or a practical ability to stop it. I find

6      that the language, the analysis and the conclusion that is set

7      forth by the Ninth Circuit in that case precludes Perfect 10

8      from establishing vicarious infringement liability in this

9      case.

10             A9 never had and still doesn't have a contractual or

11    other right to control the content on any third party websites.

12    That's reflected in Paragraph 14 of the Statement of Undisputed

13    Facts.

14            P10 attempts to dispute those, but the dispute that

15    it sets forth in the SGI Paragraph 14 goes to contributory

16    liability, not vicarious liability.

17            And I don't find that any ability that A9 may have to

18    control its own index comes close to meeting the Ninth Circuit

19    standard for having the practical ability to shut down the

20    infringing sites or remove the infringing content from those

21    sites.

22            The ability to stop or limit that kind of conduct

23    doesn't mean the ability -- or isn't synonymous with the

24    ability to detect it. It means to shut it down, and there is

25    no evidence that would permit a jury to find that A9 had that

Exhibit M, Page 216

1    ability here.

2           So those are my rulings on the direct infringement

3    and vicarious infringement parts of this motion.

4           And you can file a very pithy order confirming that

5    those were my rulings, Mr. Jansen, and that will go out in

6    writing, but I'm not going to be supplementing these oral

7    findings with any opinion.

8           So let's turn to the crux of this case and of the

9    other consolidated cases which are the claims for contributory

10   liability.  And on the contributory liability prong, I see the

11   possibility of there being two genuine factual -- and to some

12   extent mixed factual and legal issues that probably -- but I'm

13   not making a conclusive ruling -- warrant denying the summary

14   adjudication motion.

15          The first has to do with whether or not the threshold

16   question for invoking 512(a), which is the premise of the

17   summary adjudication motion, the Safe Harbor, in 512(a),

18   whether the threshold requirement of complying with 512(i), the

19   repeat infringer policy, has been established.

20          The focus there -- and that will be the focus of this

21   very limited hearing.  I have seven or eight matters on my

22   afternoon calendar, and I intend to break not a minute later

23   than 12:00, if we go that far.  The focus will be on

24   Clickriver, and there are some questions that I will address

25   when we get to that.

Exhibit M, Page 217

# EXHIBIT N

**Chilling Effects**

Home | Weather Reports | Report Sending a C&D Notice | Search the Database | Topics

Chilling Effects Clearinghouse > Home

🖨 Print-friendly

**Quick Search:**
[ Go ]

**Site Guide**

**Clearinghouse Topics:**

- Copyright and DMCA
- Fan Fiction
- John Doe Anonymity
- Linking
- Patent
- Protest, Parody and Criticism
- Trade Secret
- Trademark



***Topic maintained by Chilling Effects***

# Chilling Effects Clearinghouse

**A joint project of the Electronic Frontier Foundation and Harvard, Stanford, Berkeley, University of San Francisco, University of Maine, George Washington School of Law, and Santa Clara University School of Law clinics.**

Do you know your online rights? Have you received a letter asking you to remove information from a Web site or to stop engaging in an activity? Are you concerned about liability for information that someone else posted to your online forum? If so, this site is for you.

Chilling Effects aims to help you understand the protections that the First Amendment and intellectual property laws give to your online activities. We are excited about the new opportunities the Internet offers individuals to express their views, parody politicians, celebrate their favorite movie stars, or criticize businesses. But we've noticed that not everyone feels the same way. Anecdotal evidence suggests that some individuals and corporations are using intellectual property and other laws to silence other online users. Chilling Effects encourages respect for intellectual property law, while frowning on its misuse to "chill" legitimate activity.

The website offers background material and explanations of the law for people whose websites deal with topics such as Fan Fiction, Copyright, Domain Names and Trademarks, Anonymous Speech, and Defamation.

**In addition, we want your help.** We are gathering a searchable database of Cease and Desist notices sent to Internet users like you. We invite you to input Cease and Desist letters that you've received into our database, to document the chill. We will respond by linking the legalese in the letters to FAQs that explain the allegations in plain English.

Periodically, we issue "weather reports" assessing the climate for Internet activity based on the letters we receive and news reports. What areas (topics, legal categories, jurisdictions) are coolest to online conduct? What activities risk being frozen out altogether? What conduct gets the warmest reception?

## Getting Started:

🔺 **Recently Linked Cease & Desists**

- DMCA (Copyright) Complaint to Google, *Renoir*, February 7, 2010
- Blimpie Come Home, *Kahala Corp.*, February 10, 2010
- IFPI DMCA (Copyright) Complaint to Google, *IFPI*, February 23, 2010
- IFPI DMCA (Copyright) Complaint to Google, *IFPI*, February 9, 2010
- IFPI DMCA (Copyright) Complaint to Google, *IFPI*, February 17, 2010
- IFPI DMCA (Copyright) Complaint to Google, *IFPI*, February 17, 2010
- IFPI DMCA (Copyright) Complaint to Google, *IFPI*, February 17, 2010

*more*

🔺 **Weather Reports**

- Careful What You Download - What You Don't Know Can Cost You, David

**Exhibit N, Page 218**

The Chilling Effects Clearinghouse contains multiple topic areas. Choose a topic area to view its introduction, Frequently Asked Questions, and annotated Cease & Desist notices, along with reference material and recent news links.

If you are visiting because you have received a Cease & Desist notice, we invite you to input your notice in the database. Questions on the submission form will help to categorize your letter, and then guide you toward topic areas for further information. Once the notice is in our database, clinical law students will be able to annotate it with questions and answers.

## Sample Cease and Desist Letter with Analysis

Conceived and developed at the Berkman Center for Internet & Society, Chilling Effects is a joint project of the Electronic Frontier Foundation (EFF) and clinics at Harvard Law School's Berkman Center, Stanford Law School's Center for Internet & Society, Boalt Hall's Samuelson Law, Technology and Public Policy Clinic, and other law schools across the country.

[XML] Syndicate our newest linked C&D notices: RSS feed
New: [XML] Syndicate our weather reports (news updates): Weather RSS feed

## For more information, see the Frequently Asked Questions about Chilling Effects Clearinghouse.

Abrams, *Chilling Effects Clearinghouse*, March 5, 2010
- Microsoft Invokes DMCA to Take Down Cyptome.org, then Relents, David Abrams, *Chilling Effects Clearinghouse*, February 25, 2010
- Bloggers Cry Foul in Google Music Blog Takedowns, David Abrams, *Chilling Effects Clearinghouse*, February 17, 2010
- Who Dat Trademark Belong To?, Blake Reid, *Chilling Effects Clearinghouse*, February 3, 2010
- Filmmakers Sued for Fictional Patent Infringement?, Rebecca Schoff, *Chilling Effects Clearinghouse*, December 3, 2009
*more*

## 🔺 Related Resources

- Cease and Desist, (introduction)
- Build Your Own DMCA Counter-Notice, (form)
- Letter to Warner Brothers: A Night in Casablanca, *Groucho Marx* (letter)
- "The Progress of Science and Useful Arts": Why copyright today threatens intellectual

**Exhibit N, Page 219**



Home | Weather Reports | Report Sending / Receiving a C&D Notice | Search the Database | Topics

Chilling Effects Clearinghouse > Frequently Asked Questions                    🖨 Print-friendly

# Frequently Asked Questions (and Answers) about Chilling Effects Clearinghouse

## Select a Topic Area FAQ from this list or read the general questions below:

- ACPA
- Anticircumvention (DMCA)
- Copyright
- Piracy or Copyright Infringement
- Copyright and Fair Use
- Defamation
- Derivative Works
- DMCA Safe Harbor
- Documenting Your Domain Defense
- Domain Names and Trademarks
- John Doe Anonymity
- Linking
- Patent
- E-Commerce Patents
- Protest, Parody and Criticism Sites
- Reverse Engineering
- Trademark
- Trade Secret
- UDRP

- **Q**: What are Chilling Effects?
- **Q**: What is the Chilling Effects clearinghouse?
- **Q**: What if I need to contact an attorney?
- **Q**: Who is behind the Chilling Effects project?
- **Q**: Does the First Amendment protect online speech?
- **Q**: Does this information apply in other countries too?
- **Q**: What if the letter accuses me of something I'm not doing?
- **Q**: What does it mean if the cease-and-desist letter I got has a copyright notice?
- **Q**: Is a cease-and-desist letter confidential?

### Question: What are Chilling Effects?

**Answer**: "Chilling Effects" refers to the deterrent effect of legal threats or posturing, largely cease and desist letters independent of litigation, on lawful conduct. The Chilling Effects clearinghouse will catalogue cease and desist notices and present analyses of their claims to help recipients resist the chilling

### 🗞 Recent C&Ds

- Pakistani Governor Seeks to Have Personal Photos Taken Down, *[IT consultant for Governor of the Punjab, Pakistan]*, November 11, 2009
- Mumbai Police Order American to Delete Mohammed Cartoon, *cybercellmumbai.com*, June 26, 2009
- Scientology claims copyright and trademark infringement, *Religious Technology Center ("RTC"), Church of Scientology International ("CSI") and*, April 19, 2006
- Lohan doesn't want Gawkers to see her wardrobe malfunction, *Lindsay Lohan*, March 1, 2006
- SMS.ac to blogger: C U L8R, *SMS.ac*, February 16, 2005

                                          *more*

### 🗞 Related News

- Microsoft Invokes DMCA to Take Down Cyptome.org, then Relents, David Abrams, *Chilling Effects Clearinghouse*, February 25, 2010
- Bloggers Cry Foul in Google Music Blog Takedowns, David Abrams, *Chilling Effects Clearinghouse*, February 17, 2010
- Filmmakers Sued for Fictional Patent Infringement?, Rebecca Schoff, *Chilling Effects Clearinghouse*, December 3, 2009
- Ohio County's Free

**Exhibit N, Page 220**

Case 2:04-cv-09484-AHM -SH  Document 803-1  Filed 03/15/10  Page 105 of 140  Page ID
FAQ about Chilling Effect Clearinghouse -- Chilling Effects Clearinghouse          Page 2 of 4
#:55554

of legitimate activities (as well as understand when their activities are unlawful). The project's core, this database of letters and FAQ-style analyses is supplemented by legal backgrounders, news items, and pointers to statutes and caselaw. Periodic "weather reports" will sum up the legal climate for online activity.

>>top

### Question: What is the Chilling Effects clearinghouse?

**Answer**: The project invites recipients and senders of cease and desist notices to send them to a central point (here, at chillingeffects.org) for analysis, and to browse the website for background information and explanation of the laws they are charged with violating or enforcing. Clinical law students will prepare issue-spotting analyses of the letters in an easy-to-understand database. We will post alongside the letters in an online database. The site aims to educate C&D recipients about their legal rights. Site visitors may search the database by subject area or keyword.

>>top

### Question: What if I need to contact an attorney?

**Answer**: This website is meant as an aid to help you decipher Cease and Desist notices so you can make informed decisions about your course of action. If, after reading this, you think the C&D you received might have some merit, or you think you might engage your opponent in battle even if the C&D is, in your opinion, baseless, consultation with an intellectual property attorney is always a good idea. You can find an intellectual property attorney at www.martindale.com or by calling your state or local Bar Association and asking for a referral.

>>top

### Question: Who is behind the Chilling Effects project?

**Answer**: The Chilling Effects Clearinghouse is a unique collaboration among law school clinics and the Electronic Frontier Foundation. Conceived and developed at the Berkman Center for Internet & Society by Berkman Fellow Wendy Seltzer, the project is now supported by the following clinical programs:
Berkman Center for Internet & Society
DePaul University College of Law
Electronic Frontier Foundation
George Washington University Law School
Samuelson Law, Technology and Public Policy Clinic
Santa Clara University School of Law High Tech Law Institute
Stanford Center for Internet & Society
University of Maine School of Law
USF Law School - IIP Justice Project

The information and reports on the chillingeffects.org website are written by law students, under the supervision of the participating organizations. Please see

---

Wi-Fi Shut Down Over a Single Complaint, Rebecca Schoff, *Chilling Effects Clearinghouse*, November 13, 2009
• German Murderer Threatens to Censor Wikipedia, Rebecca Schoff, *Chilling Effects Clearinghouse*, November 13, 2009
*more*

### Related Resources

• Cease and Desist, (introduction)
• Build Your Own DMCA Counter-Notice, (form)
• Letter to Warner Brothers: A Night in Casablanca, *Groucho Marx* (letter)
• "The Progress of Science and Useful Arts": Why copyright today threatens intellectual freedom, *Free Expression Policy Project* (policy paper)
• illegal-art.org, *Stay Free!*
*more*

**Frequently Asked Questions (and Answers)**

**Exhibit N, Page 221**

the About Us page for more information and contacts.

>>top

## Question: Does the First Amendment protect online speech?

**Answer**: The First Amendment to the U.S. Constitution says that "Congress shall make no law ... abridging the freedom of speech, or of the press." Under the First Amendment and cases interpreting it, the federal government (and states, under the Fourteenth Amendment) must meet a high level of scrutiny before restricting any kind of speech. In the first Supreme Court case dealing with the Internet, Reno v. ACLU, the Supreme Court affirmed that online speech deserves as much protection as off-line speech.

>>top

## Question: Does this information apply in other countries too?

**Answer**: Chilling Effects is a United States organization and information on this website is based on U.S. law. Other countries' laws differ, often significantly, so you should not assume that the analyses presented here apply outside the United States. If you have further questions about non-U.S. law, we recommend contacting a lawyer in your jurisdiction.

>>top

## Question: What if the letter accuses me of something I'm not doing?

**Answer**: If the cease-and-desist misinterprets what your website is doing, for example claiming you're "reproducing" things you just link to, you can try to send a response that clarifies the facts -- especially if the factual difference is legally relevant. First, though, you may want to judge from the tone of the letter whether that's likely to resolve the matter, or instead just to draw more attention to you and make the requester angrier.

>>top

## Question: What does it mean if the cease-and-desist letter I got has a copyright notice?

**Answer**: Copyright can be claimed on any original expression, but some uses of copyrighted works, including use for commentary and criticism, are fair uses, not infringement. It is highly unlikely that someone could sue successfully for the posting of a cease-and-desist notice (most notices are minimally creative; the use is for purposes of commentary and research; the amount used is necessary to the understanding; and there is no effect on a "market" for cease-and-desist letters).

>>top

**Exhibit N, Page 222**

FAQ about Chilling Effects  aringhouse -- Chilling Effects Clearinghou                    Page 4 of 4

**Question: Is a cease-and-desist letter confidential?**

**Answer:** There is ordinarily no expectation of privacy or confidentiality in a letter
sent to an adversary. Unless you have made a specific promise of
confidentiality beforehand, such as in a protective agreement or NDA, a letter
demanding confidentiality doesn't bind you.

>>top

## *Maintained by* **Chilling Effects**

Chilling Effects Clearinghouse - www.chillingeffects.org
disclaimer / privacy / about us & contacts

**Exhibit N, Page 223**

# EXHIBIT O

# EXHIBIT O

# CONFIDENTIAL:
# Filed Under Seal Pursuant To Protective Order

# EXHIBIT P

# EXHIBIT P

# <u>CONFIDENTIAL:</u>
# Filed Under Seal Pursuant To Protective Order

# EXHIBIT Q

Smith.txt                                                    3/14/2010

```
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3
 4    PERFECT 10, INC., a California    )
 5    corporation,                      )
 6              Plaintiff,              )  Case No.
 7.        vs.                          )  CV 04-9484 AHM
 8    GOOGLE, INC., a corporation; and )  (SHx)
 9    DOES 1 through 100, inclusive,    )  Consolidated
10              Defendants.             )  with
11    _____ )  CV 05-4753 AHM
12    AND COUNTERCLAIM,                 )  (SHx)
13    _____ )
14    PERFECT 10, INC., a California    )  PAGES 1 - 200
15    corporation,                      )
16              Plaintiff,              )
17        vs.                           )
18    AMAZON.COM, INC., a corporation; )
19    A9.COM, INC., a corporation; and )
20    DOES 1 through 100, inclusive,    )
21              Defendants.             )
22    _____ )
23    Job No. 223587
24           DEPOSITION OF AMBER SMITH
25              NOVEMBER 19, 2009
```

                                                          1

Exhibit Q, Page 251

Smith.txt                                                              3/14/2010

 1              DEPOSITION OF AMBER SMITH, taken at

 2         856 South Figueroa Street, Los Angeles,

 3         California, commencing at 9:30 A.M.,

 4         Thursday, November 19, 2009, before

 5         Kathleen E. Barney, CSR #5698.

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                        2

Exhibit Q, Page 252

```
 1          MS. STEINER:  Elham Steiner of Townsend and

 2   Townsend and Crew representing Amazon.com, A9.com

 3   and Alexa Internet.

 4          THE VIDEOGRAPHER:  Thank you.

 5          At this time, the court reporter will swear    09:31

 6   in the witness and we can begin.

 7          THE WITNESS:  Hold on.  So that's Perfect

 8   10 and this is Google, right?  And then you both ask

 9   me questions?

10          MS. KINCAID:  Right.                            09:31

11          THE WITNESS:  You're Amazon?

12          MS. STEINER:  Amazon.

13          THE WITNESS:  So Perfect 10 is suing Amazon

14   as well?

15          MS. STEINER:  Yes.                              09:31

16          THE WITNESS:  Oh, okay.  I didn't know

17   that.

18

19                     AMBER SMITH,

20   a witness herein, having been duly sworn, was

21   examined and testified as follows:

22

23                     EXAMINATION

24   BY MR. DOYLE:

25      Q.  Good morning, Ms. Smith.  Could you please    09:32
```

6

Exhibit Q, Page 253

3/14/2010

```
 1   state your full, legal name for the record.

 2       A.   Amber Lee Smith.

 3       Q.   Okay.  And are there any other names you've

 4   worked under professionally?

 5       A.   Amber Smith.                                09:32

 6       Q.   Are there any other names that you've used

 7   for any reason in the past?

 8       A.   Not really.  Maybe Amber Lee, but not

 9   really.

10       Q.   What is your current address?              09:32

11       A.   7205 Hollywood Boulevard, Apartment 519.

12       Q.   Have you had your deposition taken before?

13       A.   For Google or this?

14       Q.   Just at any point in time.

15       A.   Once.                                      09:32

16       Q.   Once.  Okay.  When did this prior

17   deposition take place?

18       A.   I think it was either 2007 or 2008.

19       Q.   Okay.  And what was the case name?

20       A.   I don't know.  It was federal.            09:33

21       Q.   As a general matter, what were the subjects

22   of your prior testimony?

23       A.   It wasn't for me, it wasn't against me.  It

24   was a -- going against a woman for -- actually, I

25   don't know what they were up against her for.  I    09:33
```

                                                         7

Exhibit Q, Page 254

1        A.   No.

2        Q.   How about Sasha Brinkova, are you familiar

3    with her?

4        A.   No.

5        Q.   Are you familiar with Shannon Hobbs?          10:38

6        A.   No.

7        Q.   Do you know who Talia Harvalik is?

8        A.   No.

9        Q.   Focusing on today as the time period, is it

10   your understanding that you have the right to give      10:39

11   others permission to use your likeness and your

12   name?

13            MS. KINCAID:   Objection.

14            THE WITNESS:   No.

15            MS. KINCAID:   Calls for a legal conclusion.   10:39

16   Calls for speculation.  Asking the witness about

17   documents that speak for themselves and aren't in

18   front of her.

19            THE WITNESS:   No is the answer.

20   BY MR. DOYLE:                                           10:39

21       Q.   Why don't -- why don't I ask the question

22   one more time.

23            Just focusing on today, is it your

24   understanding that you have the right to give other

25   individuals or companies permission to use your name    10:39

55

Exhibit Q, Page 255

1    or your likeness?

2         A.  Oh, that I have the right?

3         Q.  That's correct.

4         A.  Oh, yes.  Yes.

5              MS. KINCAID:  Objection.  Calls for a legal    10:39

6    conclusion.  Vague and ambiguous.  Asks the witness

7    to talk about -- to testify about documents that

8    speak for themselves and aren't in front of her.

9              THE WITNESS:  That's how I make a living.

10   BY MR. DOYLE:                                             10:40

11        Q.  And it's always been the case that you have

12   the right to give other companies or individuals

13   permission to use your likeness and your name,

14   correct?

15        A.  Yes.  That's the only way I make a living.      10:40

16             MS. KINCAID:  Same objection.  Calls for a

17   legal conclusion.  Calls for speculation.  Asks the

18   witness to testify about documents that aren't --

19   that speak for themselves and aren't in front of

20   her.  Vague and ambiguous.                               10:40

21   BY MR. DOYLE:

22        Q.  Have you ever given any other person or any

23   other company complete and exclusive rights to use

24   your name and your likeness?  That is, that no one

25   else could use your name or likeness other than that    10:40

56

**Exhibit Q, Page 256**

Smith.txt                                                         3/14/2010

```
 1    one person or company, including you.

 2         A.   I would starve to death.   No.

 3              MS. KINCAID:   Objection.   Calls for a legal

 4    conclusion.   Vague and ambiguous.   Calls for

 5    speculation.   Asks the witness to testify about        10:40

 6    documents that aren't in front of her and that speak

 7    for themselves.

 8              THE WITNESS:   That's the only way I support

 9    myself and my mom.   As a model, actress, that's what

10    you do.                                                 10:41

11    BY MR. DOYLE:

12         Q.   Is it the case that at all times during

13    your career you have ultimately been the one who has

14    been able to make the decision as to whether or not

15    to give some other company or person permission to     10:41

16    use your likeness or name?

17              MS. KINCAID:   Objection.   Calls for a legal

18    conclusion.   Vague and ambiguous.   Calls for

19    speculation.   Asking the witness to testify about

20    documents that speak for themselves and aren't in      10:41

21    front of her.

22              THE WITNESS:   I'm sorry, that was so long,

23    I can't remember what you said.   What did you say?

24              MR. DOYLE:   Would you mind reading the

25    question back, please.                                 10:41
```

57

Exhibit Q, Page 257

```
 1              (Record read.)

 2              THE WITNESS:  Yes.

 3              MS. KINCAID:  Same objections.

 4              THE WITNESS:  Yes, I am the one.

 5    BY MR. DOYLE:                                        10:42

 6       Q.  So if someone came to you later today after

 7    this deposition concluded and offered you a modeling

 8    job, you would have the right to give that company

 9    or person permission to use your likeness or name in

10    connection with that project, correct?              10:42

11       A.  Yes.

12              MS. KINCAID:  Objection.  Improper

13    hypothetical.  Calls for a legal conclusion.  Vague

14    and ambiguous.  Calls for speculation.  Asks the

15    witness about documents that speaks for themselves   10:42

16    and aren't in front of her.

17    BY MR. DOYLE:

18       Q.  That would also be the case if someone

19    offered you a movie role, correct?

20       A.  Yes.                                          10:42

21              MS. KINCAID:  Same objections.  Improper

22    hypothetical.  Vague and ambiguous.  Calls for a

23    legal conclusion.  Calls for speculation.  Asks the

24    witness to testify about documents that aren't in

25    front of her and that speak for themselves.         10:42
```

58

Exhibit Q, Page 258

1    BY MR. DOYLE:

2        Q.  And, lastly, that would be the case if

3    someone offered you a TV commercial as well?

4        A.  Yes.

5            MS. KINCAID:  Same objections.  Improper        10:43

6    hypothetical.  Calls for a legal conclusion.  Calls

7    for speculation.  Vague and ambiguous.  Asks the

8    witness to testify about documents that speak for

9    themselves and aren't in front of her.

10   BY MR. DOYLE:                                           10:43

11       Q.  Is it your understanding that at any time,

12   in order for you to be able to give permission to a

13   person or a company to use your likeness or your

14   name, you had to get Perfect 10's permission first?

15       A.  No.                                             10:43

16           MS. KINCAID:  Same objections.  Improper

17   hypothetical.  Calls for a legal conclusion.  Vague

18   and ambiguous.  Calls for speculation.  Asks the

19   witness to testify about documents that speak for

20   themselves and aren't in front of her.                 10:43

21   BY MR. DOYLE:

22       Q.  Perfect 10 does not have control over the

23   use of your likeness or name, does it?

24       A.  No.

25           MS. KINCAID:  Objection -- same objections.    10:43

59

**Exhibit Q, Page 259**

Smith.txt                                                                3/14/2010

```
 1    Calls for a legal conclusion.  Calls for

 2    speculation.  Improper hypothetical.  Vague and

 3    ambiguous.  Asks the witness to testify about

 4    documents that aren't in front of her and that speak

 5    for themselves.                                      10:44

 6    BY MR. DOYLE:

 7        Q.  Do you have a sense of how much money

 8    Perfect 10 has paid you for your modeling work over

 9    the years?

10            MS. KINCAID:  Objection.  Vague and          10:44

11    ambiguous.

12            THE WITNESS:  For my modeling work?  I

13    don't remember if they paid me for that article.

14    Possibly not.  They may have paid me maybe a couple

15    hundred bucks or something for the article.  I'm not 10:44

16    sure.  Lot of times publicity like that is for free.

17    So for my actual modeling work, nothing.  But for

18    the copyrights to the pictures, there was money.

19    BY MR. DOYLE:

20        Q.  Did you ever do modeling work for Perfect    10:44

21    10?

22            MS. KINCAID:  Objection.  Vague and

23    ambiguous.

24            THE WITNESS:  Not what I would consider

25    modeling work, no.                                   10:44
```

60

Exhibit Q, Page 260

```
 1    STATE OF CALIFORNIA  )
                           ) ss
 2    COUNTY OF LOS ANGELES )

 3

 4          I, Kathleen E. Barney, a Certified

 5    Shorthand Reporter, do hereby certify:

 6          That prior to being examined, the witness

 7    in the foregoing proceedings was by me duly sworn to

 8    testify to the truth, the whole truth, and nothing

 9    but the truth;

10          That said proceedings were taken before me

11    at the time and place therein set forth and were

12    taken down by me in shorthand and thereafter

13    transcribed into typewriting under my direction and

14    supervision;

15          I further certify that I am neither counsel

16    for, nor related to, any party to said proceedings,

17    nor in anywise interested in the outcome thereof.

18          In witness whereof, I have hereunto

19    subscribed my name.

20

21    Dated:_____

22

23                    _____

24                      Certified Shorthand Reporter

25                          CSR No. 5698
```

197

# EXHIBIT R

COPY

1  RUSSELL J. FRACKMAN (State Bar No. 49087)
   JEFFREY D. GOLDMAN (State Bar No. 155589)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  DANIEL J. COOPER (State Bar No. 198460)
   PERFECT 10, INC.
6  72 Beverly Park Dr.
   Beverly Hills, California 90210
7  Telephone: (310) 205-9817
   Facsimile: (310) 205-9638

8

9  JEFFREY N. MAUSNER (State Bar No. 122385)
   BERMAN, MAUSNER & RESSER
10 11601 Wilshire Boulevard, Suite 600
   Los Angeles, California 90025-1742
   Telephone: (310) 473-3333
11 Facsimile: (310) 473-8303

12 Attorneys for Plaintiff

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

16 PERFECT 10, INC., a California          )  Case No. CV 04-9484 AHM (SHx)
   corporation,                            )
17                                         )  **REPLY DECLARATION OF**
                  Plaintiff,               )  **NORMAN ZADA IN SUPPORT OF**
18                                         )  **MOTION OF PLAINTIFF**
            v.                             )  **PERFECT 10, INC., FOR**
19                                         )  **PRELIMINARY INJUNCTION**
   GOOGLE, INC., a corporation; and        )
20 DOES 1 through 10, inclusive,           )  Hearing Date: November 7, 2005
                                           )  Time: 10:00 AM
21                Defendants.              )  Courtroom of the Honorable Judge Matz
                                           )
22

23

24

25

26

27

28

                                                        **Exhibit R, Page 262**

1 | concerned, is that xusenet.com charges to see full size Perfect 10 images, whereas

2 | Google displays them for free.

3 | **Google Misstatements Regarding Irreparable Harm**

4 | 59.    In his declaration, Mr. Bridges attributes some validity to a number of

5 | highly misleading if not completely inaccurate quotes about me. I did not make the

6 | statement attributed to me on line 10 of page 6 of Google's Memorandum and in fact

7 | complained to Beth Silfin of Harper and Collins, the book's publisher, after reading an

8 | excerpt of the book, about its inaccuracy.

9 | 60.    When I started Perfect 10 in 1996, I was willing to lose some money

10 | initially because all businesses typically lose money at the beginning. But I expected

11 | to make money overall because of the extremely high quality of our product. Perfect

12 | 10, Inc. needs to make money soon, not only to survive itself, but for all of its

13 | employees who depend upon Perfect 10 for their income.

14 | 61.    Perfect 10 Magazine has been carried by national distributors since

15 | inception. It has been carried by both national and international distributors since the

16 | second issue, which was printed in the winter of 1997. The articles attached as pages

17 | 96 and 97 to the Bridges declaration contradict one another and both are incorrect.

18 | The article on page 96 states, "the magazine, to be published internationally six times a

19 | year, ..." The article on page 97 states, "National distributors refuse to carry the $6.95

20 | magazine..." Both articles are in error – the magazine began as a quarterly (published

21 | four times a year), and was distributed nationally from inception.

22 | **Timeline of Perfect 10 Discovery of Infringing Conduct of Google.**

23 | 62.    Perfect 10 first learned that Google was displaying Perfect 10 images in

24 | late May, 2004, and I began sending DMCA notices to Google on May 31, 2004. In

25 | October of 2004, I first learned that Google was itself displaying confidential

26 | username/password combinations to perfect10.com and began including such

27 | infringing URLs in my DMCA notices (Exh. 47, page DMCA307). In mid to late

28 | December, 2004, I first learned that Google was displaying thousands of full size

22

1   username/password combinations to perfect10.com.  Google is continuing to link

2   virtually every search result on a Perfect 10 model name to websites which

3   misappropriate Perfect 10 images rather than to perfect10.com.  Google is continuing

4   to reformat Perfect 10 images so that users can view them for free on their cell phones.

5   And Google is displaying thousands of full size Perfect 10 images for free via its

6   image search and cache links.

7        I declare under penalty of perjury under the laws of the United States of

8   America that the foregoing is true and correct to the best of my knowledge.

9        Executed on October 16, 2005, at Los Angeles, California.

10

11   _____

12        Norman Zada, Ph.D.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

# EXHIBIT S

# Calendar No. 358

| 105TH CONGRESS<br>*2d Session* | SENATE | REPORT<br>105–190 |
|---|---|---|

## THE DIGITAL MILLENNIUM COPYRIGHT ACT OF 1998

MAY 11, 1998.—Ordered to be printed

Mr. HATCH, from the Committee on the Judiciary,
submitted the following

## REPORT

together with

## ADDITIONAL VIEWS

[To accompany S. 2037]

The Committee on the Judiciary reported an original bill (S. 2037), to amend title 17, United States Code, to implement the WIPO Copyright Treaty and the WIPO Performances and Phonograms Treaty, to provide limitations on copyright liability relating to material online, and for other purposes, having considered the same, reports favorably thereon and recommends that the bill do pass.

CONTENTS

| | Page |
|---|---|
| I. Purpose | 1 |
| II. Legislative history | 2 |
| III. Discussion | 8 |
| IV. Vote of the committee | 24 |
| V. Section-by-section analysis | 25 |
| VI. Cost estimate | 62 |
| VII. Regulatory impact statement | 64 |
| VIII. Additional views of Mr. Leahy | 65 |
| IX. Changes in existing law | 70 |

## I. PURPOSE

The "Digital Millennium Copyright Act of 1998" is designed to facilitate the robust development and world-wide expansion of electronic commerce, communications, research, development, and edu-

59–010

19

direction of, a law enforcement or intelligence agency of the United States, a State, or a political subdivision of a State, who are performing lawfully authorized investigative, protective, or intelligence activities. These exceptions will also protect officers, agents, employees, or contractors of, or other persons acting at the direction of, elements or divisions of an agency or department of the United States, a State, or a political subdivision of a State, which does not have law enforcement or intelligence as its primary function, but who may nevertheless, in the course of lawfully authorized protective, intelligence, or criminal investigative activities, engage in actions otherwise prohibited by this bill. These exceptions only apply to individuals covered under this section when they are performing investigative, protective, or intelligence activities, within the scope of their duties and in furtherance of lawfully authorized activities.

The Committee is concerned that these sections should not be misinterpreted as an opportunity to circumvent the WIPO Copyright Treaty. It should be clear that this is a routine law enforcement and intelligence exception. As such, the exceptions under sections 1201(f) and 1202(d) are to be narrowly construed. In addition, these exceptions are to be construed in a manner consistent with similar law enforcement and intelligence exceptions found elsewhere in U.S. law, such as 18 U.S.C. 1029(f), 1030(f), or 2512(2)(b).

## TITLE II

Although the copyright infringement liability of on-line and Internet service providers (OSPs and ISPs) is not expressly addressed in the actual provisions of the WIPO treaties, the Committee is sympathetic to the desire of such service providers to see the law clarified in this area. There have been several cases relevant to service provider liability for copyright infringement.[20] Most have approached the issue from the standpoint of contributory and vicarious liability. Rather than embarking upon a wholesale clarification of these doctrines, the Committee decided to leave current law in its evolving state and, instead, to create a series of "safe harbors," for certain common activities of service providers. A service provider which qualifies for a safe harbor, receives the benefit of limited liability.

In the beginning, the Committee identified the following activities: (1) digital network communications, (2) system caching, (3) information stored on service providers, and (4) information location tools. In the end, Title II contains five general categories of activities, which are addressed in a newly created section 512 in Chapter 5 of the Copyright Act. This new section contains limitations on service providers' liability for five general categories of activity set forth in subsections (a) through (d) and subsection (f). As provided in subsection (k), Section 512 is not intended to imply that a service provider is or is not liable as an infringer either for conduct that qualifies for a limitation of liability or for conduct that fails to so qualify. Rather, the limitations of liability apply if the provider is found to be liable under existing principles of law.

---

[20] For example, *Religious Technology Center v. Netcom On-line Communications Services*, 907 F. Supp. 1361 (N.D. Cal. 1995); *Playboy Enterprises v. Frena*, 839 F. Supp. 1552 (M.D. Fla. 1993); and *Marobie-FL v. Nat. Assn. Of Fire Equipment Distributors*, 983 F. Supp. 1167 (N.D. Ill. 1997).

20

The limitations in subsections (a) through (d) protect qualifying service providers from liability for all monetary relief for direct, vicarious and contributory infringement. Monetary relief is defined in subsection (j)(2) as encompassing damages, costs, attorneys' fees, and any other form of monetary payment. These subsections also limit injunctive relief against qualifying service providers to the extent specified in subsection (l). To qualify for these protections, service providers must meet the conditions set forth in subsection (h), and service providers' activities at issue must involve a function described in subsection (a), (b), (c), (d) or (f), respectively. The liability limitations apply to networks "operated by or for the service provider," thereby protecting both service providers who offer a service and subcontractors who may operate parts of, or an entire, system or network for another service provider.

Title II preserves strong incentives for service providers and copyright owners to cooperate to detect and deal with copyright infringements that take place in the digital networked environment. At the same time, it provides greater certainty to service providers concerning their legal exposure for infringements that may occur in the course of their activities.

*Particular concerns of educational institutions*

At least two concerns have been raised concerning the applicability of section 512 to educational institutions, such as universities and libraries, when they act as on-line service providers. The first concerns the extent to which the knowledge of faculty members using the Internet will be imputed to a college or university as a whole or the specific department within the college or university responsible for providing Internet service. To the extent such knowledge is imputed, the on-line service provider might fail to qualify for certain of the exceptions to liability included in this section. This is one of the specific questions upon which the Copyright Office study authorized in section 204 of this Act will focus. Without prejudging any issues to be considered in that study, it seems that the extent to which knowledge is imputed to the service provider in the case of colleges and universities, and in other settings in which the service provider and end-user share an employee-employer or other relationship, is a matter of the relevant State law of respondeat superior, rather than a matter of Federal copyright law. As a consequence, there may be much that a non-profit educational institution can do to structure the internal relationships between its faculty and its online service provider functions. What is more, nothing in this Act should be read to preclude a Federal court from taking into account the special circumstances of a non-profit educational institution in applying agency law to determine whether knowledge should be imputed to such an institution in its capacity as an online service provider.

The second concern raised about the applicability of section 512 to public universities and libraries, and indeed other public entities which operate as online service providers, is that by complying with the notice and take-down provisions of section 512, the public entities might violate the due process rights of their users. Any such due process objection suffers at least two flaws. In the first place, a prerequisite to any due process claim is a state law prop-

# EXHIBIT T

# EXHIBIT T

# <u>CONFIDENTIAL:</u>
# Filed Under Seal Pursuant To Protective Order

# EXHIBIT U

Case 2:04-cv-09484-AHM-SH   Document 789   Filed 03/08/10   Page 1 of 24

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Michael T. Zeller (Bar No. 196417)
2    michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:   (213) 443-3100
     Charles K. Verhoeven (Bar No. 170151)
5    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California  94111
     Rachel Herrick Kassabian (Bar No. 191060)
7    rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
8  Redwood Shores, California  94065

9  Attorneys for Defendant GOOGLE INC.

10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,                            [Consolidated with Case No. CV 05-
14                                          4753 AHM (SHx)]
                 Plaintiff,
15                                          **GOOGLE INC.'S *EX PARTE***
         vs.                                **APPLICATION TO STRIKE**
16                                          **PERFECT 10, INC.'S SECOND**
    GOOGLE INC., a corporation; and         **MOTION FOR PRELIMINARY**
17  DOES 1 through 100, inclusive,          **INJUNCTION AND FOR**
                                            **SANCTIONS**
18               Defendants.
                                            [Declaration of Rachel Herrick
19                                          Kassabian filed concurrently]
    AND COUNTERCLAIM
20                                          Hon. A. Howard Matz
    PERFECT 10, INC., a California
21  corporation,                            Date:   None set
                                            Time:   None set
22               Plaintiff,                 Crtrm.: 14

23       vs.                                Discovery Cutoff: None Set
                                            Pretrial Conference Date: None Set
24  AMAZON.COM, INC., a corporation;        Trial Date:  None Set
    A9.COM, INC., a corporation; and
25  DOES 1 through 100, inclusive,

26               Defendants.

27

28

01980.51320/3353795.7

GOOGLE INC.'S EX PARTE APPLICATION TO STRIKE PERFECT 10, INC.'S SECOND MOTION FOR
PRELIMINARY INJUNCTION AND FOR SANCTIONS

**Exhibit U, Page 280**

**B.      P10's Repeated Attempts To Delay This Litigation Bely Any Claim Of Immediate And Irreparable Harm.**

P10 surely will claim that its Second PI Motion is substantively distinct from the Stayed P10 MSJ, because the former seeks immediate injunctive relief to avoid purported "irreparable harm." In fact, P10 has no colorable claim to such urgency, and no credible evidence of irreparable harm.

P10 filed suit against Google in November 2004—nearly *six years ago*. The Ninth Circuit vacated P10's preliminary injunction in 2007. P10 did not seek a second preliminary injunction at that time. Instead, P10 waited three more years, and filed the Second PI Motion in March 2010. As a preliminary matter, such a lengthy delay strongly undercuts any good-faith claim to present urgency.[4] See, e.g., Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985) (delay of suit for nine months after receiving notice in the press, and 10 weeks after receiving actual notice, negates any presumption of irreparable harm).

P10's lengthy delays in filing aside, on the merits, P10 has articulated no plausible irreparable harm. Specifically, P10 now claims that it stands to be irreparably harmed because it is "near bankruptcy, and must have immediate relief to survive." Second PI Motion at 1. But it is blackletter law that alleged monetary damages *cannot* constitute irreparable harm for purposes of imposition of a preliminary injunction. See, e.g., Rent-a-Center v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.") (citation omitted); MGM Studios, Inc. v. Grokster, Ltd., 518

1  F.Supp.2d 1197, 1210 (C.D. Cal. 2007) ("by definition, 'irreparable injury' is that for
2  which compensatory damages are unsuitable") (citation omitted); Tiber Lab., LLC v.
3  Hawthorn Pharm., Inc., 527 F.Supp.2d 1373, 1381 (N.D. Ga. 2007) ("To establish
4  irreparable harm, the movant must show that the injury is immediate and is not
5  compensable by monetary damages.").[5]

6       Moreover, P10 has represented to this Court that since its inception in 1996, it
7  has never operated at a profit. See Kassabian Decl., Exh. D (October 17, 2005 Zada
8  Reply Decl. for First PI Motion (Dkt. No. 58) ¶ 60). According to Norman Zada, he
9  has voluntarily elected to keep the company afloat over the years by lending it
10 millions of dollars, and now represents that he may not continue to do so. Second PI
11 Motion at 5. But an investor's voluntary election to stop funding a money-losing
12 enterprise does not constitute irreparable harm in any sense of the term. See Getty
13 Petroleum Marketing, Inc. v. Shipley Fuels Marketing, LLC, 2007 WL 2844872, at
14 *22 (E.D. Pa. Sept. 27, 2007) (denying motion for preliminary injunction because
15 plaintiff could not show irreparable harm where it "self-inflicted its own harm
16 through its voluntary decision to terminate its license to use the Mobil brand," and
17 therefore, "any urgent need for relief by plaintiff was brought about by Getty's own
18 business decisions"); Southtech Orthopedics, Inc. v. Dingus, 428 F.Supp.2d 410, 422
19 (E.D.N.C. 2006) ("Plaintiff has failed to demonstrate a threat of irreparable harm,

20

21    [4]   Indeed, for the publicity claim, this is the *very first time* P10 seeks a
22 preliminary injunction—nearly six years after filing suit.
       [5]   As the Supreme Court recently confirmed, a copyright owner cannot rely on a
23 presumption that irreparable harm automatically results from alleged infringement
24 when seeking injunctive relief. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388,
25 126 S.Ct. 1837, 1840 (2006) (the Supreme Court "has consistently rejected
   invitations to replace traditional equitable considerations with a rule that an
26 injunction automatically follows a determination that a copyright has been
27 infringed"); see also Grokster, 518 F.Supp.2d at 1211 ("the presumption of
   irreparable harm no longer inures to the benefit of Plaintiffs.")

28

**Exhibit U, Page 282**

1  such as can be remedied by the entry of an injunction, in that plaintiff's alleged loss of
2  customers and goodwill may be wholly or partially attributable to plaintiff's own
3  strategic business decisions.").

4       Further belying any colorable claim of imminent irreparable harm is the fact
5  that P10 has repeatedly taken steps to **slow down** this litigation. P10 has argued time
6  and again that the defendants in the Google and Amazon cases were proceeding with
7  discovery and motion practice at too fast a pace, and has repeatedly delayed matters
8  and ignored efforts to move the cases toward resolution. See Kassabian Decl., Exh. E
9  (P10's Statement for October 6, 2008 Case Management Conference (Dkt. No. 364)
10  at 2:26-3:1 (P10 "suggests that large scale discovery relating to requests made by
11  various Defendants be postponed until the Court rules on whether the evidence
12  presented by Perfect 10 in its motion is sufficient for summary adjudication")); id. at
13  Exh. F (November 14, 2008 "Joint Letter" to the Court regarding P10's Request to
14  Stay Discovery (Dkt. No. 380) (P10 requests a stay of all discovery unrelated to
15  Google's DMCA Motions, and further requests that Google be precluded from filing
16  any motions to compel for a period of time)); id. at Exh. G (May 7, 2009 Joint
17  Stipulation on Google's Motion to Compel (Dkt. No. 408) at 3-4 (resisting Google's
18  motion to compel various categories of documents relevant to P10's alleged damages
19  claims which Google had requested several years earlier).

20       And, most notably, P10 did not object to an indefinite stay of this entire case
21  pending resolution of its case against Microsoft. Kassabian Decl., Exh. H (P10's
22  Response to the Court's December 2, 2008 Tentative Order (Dkt No. 394) at 1:2-3
23  ("Perfect 10 wholeheartedly agrees with the Court's tentative order, staying the
24  Google and Amazon cases"). Thus, P10 can hardly claim urgency of resolution now,
25  nearly a full year **after** that stay was imposed with P10's enthusiastic consent.

26       And finally, less than six months ago in a September 11, 2009 opposition to an
27  **ex parte** application filed by the Amazon Defendants, P10 requested "that the Court
28  stay all discovery in both the **Amazon** and **Google** cases, including the determination

-11-

**Exhibit U, Page 283**

1   of any pending discovery motions before Judge Hillman, until such time as the Court
2   rules on Perfect 10's Motion [for summary judgment against Amazon.com and Alexa
3   Internet]").   Id. at Exh. I (P10's Response to the Amazon Defendants' *Ex Parte*
4   Application to Continue Summary Judgment Filing Deadline (Dkt. No. 348 in the
5   consolidated case) at 8:4-7).

6       P10's representations are entirely inconsistent with that of a company
7   purportedly on the verge of irreparable harm.  P10's repeated efforts to prolong this
8   case for its own strategic advantage, coupled with its several-year delay in filing this
9   Second PI Motion, negates any plausible, good faith claim of irreparable harm that
10  might warrant the filing of a preliminary injunction motion.  Plainly, the Second PI
11  Motion is merely a dressed-up re-filing of the Stayed P10 MSJ and should be stricken
12  accordingly.

13      **C.**   **P10's Second PI Motion Improperly Asks The Court To Violate**
14          **Ninth Circuit Law.**

15      P10's Second PI Motion is also brought in bad faith because it requests that the
16  Court ignore binding Ninth Circuit precedent.  Once again, P10 objects to the "server
17  test" and asks the Court to "revisit its ruling on display"—i.e., to change its ruling on
18  the server test and instead adopt some other test for inline linking.  See Second PI
19  Motion at 24-25.  But as P10 knows, the "server test" is binding Ninth Circuit
20  precedent, since the Ninth Circuit unambiguously affirmed this Court's ruling on that
21  issue.  See Perfect 10, Inc. v. Amazon.com, Inc., 416 F.Supp.2d 828, 838-39, 843-45
22  (C.D. Cal. 2006) (adopting the server test); Perfect 10, Inc. v. Amazon.com, Inc., 508
23  F.3d 1146, 1160 (9th Cir. 2007) (affirming the server test).  This Court has already—
24  rightly—confirmed this precise point: "The server test is still the test.  It will be up to
25  the Ninth Circuit to revise the test … but nothing in the current state of the law
26  warrants a disregard."  See Kassabian Decl, Exh. J (10/27/08 Hearing Transcript at
27  6:24-7:6)).

28

-12-

**Exhibit U, Page 284**

1  declines that option as well, Google respectfully requests that it be granted expedited
2  discovery as set forth above, and that the briefing schedule be extended to
3  accommodate this discovery.

4  DATED: March 8, 2010_ _                QUINN EMANUEL URQUHART OLIVER &
5                                          HEDGES, LLP

6

7  By _Rachel Herrick Kassabian_____
                                          Rachel Herrick Kassabian
8                                          Attorneys for Defendant GOOGLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980.51320/3353795.7

-18-