UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-9484-AHM (SHx) | Date | June 16, 2010 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Google Inc., et al., | | |

| Present: The Honorable | Stephen J. Hillman | | |
|---|---|---|---|
| Sandra Butler | | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:**     **PLAINTIFF PERFECT 10's MOTION FOR EVIDENTIARY SANCTIONS**

     After extensive oral argument on January 15, 2010, and supplemental briefing thereafter, Perfect 10's Motion for Evidentiary Sanctions Against Google and/or for a Special Master is DENIED. Alternative relief is partially granted, as set forth herein. All attempts to negotiate a resolution of this Motion have failed, and the parties have requested a ruling on the Motion.

     Perfect 10 has not persuaded this Court that any sanctionable violation of a Discovery Order has occurred, nor that there has been resulting prejudice to Perfect 10. Perfect 10 has not persuaded this Court that it is entitled to documents in a different format than that which was produced by Google, nor that Blogger-related documents were embraced within Discovery Orders issued prior to the date that Blogger was formally added to the case in 2008. Nor is the Court persuaded that Google has failed to comply with other aspects of Discovery Orders.

     Even if Perfect 10 was correct that Google should have produced Blogger-related documents years ago in compliance with earlier Orders, the circumstances and tardiness by which this contention was brought to Google's attention (including Mr. Mausner's equivocation before Judge Matz as to what Blogger-related discovery would be necessary after Blogger became part of the litigation, followed by absolutely no propounded Blogger-related discovery requests), cannot plausibly justify the severe relief sought by Perfect 10. There is still ample time for Perfect 10 to seek Blogger-related discovery prior to trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-9484-AHM (SHx) | Date | June 16, 2010 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Google Inc., et al., | | |

    Moreover, Perfect 10 has not sought a Rule 56(f) continuance of the Summary Judgment Motions pending before Judge Matz in order to seek Blogger-related discovery, taking the position that such discovery was actually previously ordered. However, this Court finds that such discovery was not ordered, nor necessarily embraced within prior discovery requests.

    It is ordered that the Request for Appointment of a Special Master is DENIED..

    The Court DENIES Google's request to impose monetary sanctions on Perfect 10 for bringing this Motion.

    As to Perfect 10's alternative requested relief (additional document production), the court rules as follows:

1. DMCA logs in an electronic spreadsheet format: Such documents were already produced in TIFF format as to Web Search, Image Search and AdSense. Any supplemental documents shall be produced within 20 days. If plaintiff seeks an EXCEL-formatted production of the same spreadsheets already produced in TIFF format, the court is likely to order such production if parties are unable to reach an agreement in this regard within 5 days. No Request for Blogger DMCA logs was propounded, and they are not ordered produced.

2. DMCA Termination Notices: Such documents were already produced as to Web Search, Image Search and AdSense. Any supplemental documents shall be produced within 20 days. No Request for Blogger DMCA termination notices was propounded, and they are not ordered produced.

3. Third Party DMCA Notices were never requested for Web Search, Image Search, AdSense, nor for Blogger, and therefore are not ordered produced.

4. As for the four additional categories of documents (See Google's Statement Regarding The Status of DMCA-Related Discovery Issues, filed June 1, 2010, pp. 4-6), Google represents that non-privileged documents have been produced. To the extent that production will be supplemented with additional documents, Google shall produce such documents within 20 days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-9484-AHM (SHx) | Date | June 16, 2010 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Google Inc., et al., | | |

     5.    AdSense Repeat Infringer Tracking Sheets, updated to the date of production, in an electronic spreadsheet format (TIFF or EXCEL format to be negotiated between the parties) shall be updated to the current date within 20 days, and shall contain URLs. Blogger Repeat Infringer Tracking Sheets were never formally requested, and are not ordered produced.

If counsel for either party believe the court has not ruled on all Document Requests which are the subject of this Motion, they shall promptly advise the court in writing.

**cc:**    **Judge Matz**
        **Magistrate Judge Hillman**
        **Counsel of Record***
        ***the term "counsel" as used herein also includes any pro se party.**
        **See Local Rule 2.9.3.**

_____ : _____
Initials of Preparer