1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Michael T. Zeller (Bar No. 196417)
2     michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:  (213) 443-3100
    Charles K. Verhoeven (Bar No. 170151)
5     charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
    Rachel Herrick Kassabian (Bar No. 191060)
7     rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California 94065

9  Attorneys for Defendant GOOGLE INC.

10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,
14                                          **GOOGLE INC.'S NOTICE OF**
                 *Plaintiff,*               **MOTION AND MOTION FOR**
15                                          **LEAVE TO TAKE ADDITIONAL**
              vs.                           **DEPOSITIONS; MEMORANDUM**
16                                          **OF POINTS AND AUTHORITIES**
    GOOGLE INC., a corporation; and
17  DOES 1 through 100, inclusive,
                                            Hon. A. Howard Matz
18               *Defendants.*
                                            Date:   April 16, 2012
19                                          Time:   10:00 a.m.
                                            Crtrm.: 14
20
                                            Discovery Cut-off:    May 1, 2012
21                                          Pretrial Conference:  January 14, 2013
                                            Trial Date:           January 28, 2013
22
                                            **PUBLIC REDACTED**
23

24

25

26

27

28

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 PLEASE TAKE NOTICE that on April 16, 2012, at 10:00 a.m., in the

3 courtroom of the Honorable A. Howard Matz, located at 312 N. Spring Street, Los

4 Angeles, CA 90012, Courtroom 14, Defendant Google Inc. ("Google") shall and

5 hereby does move this Court for an order granting leave to take additional

6 depositions beyond Rule 30's default limit of ten. Google seeks this relief because,

7 on February 29, 2012 and on March 12, 2012, Plaintiff Perfect 10, Inc. ("Perfect

8 10") amended its Rule 26(a) disclosures to identify fifteen new witnesses upon

9 whose testimony P10 may rely in support of Perfect 10's claims (only three of

10 whom Google can depose within the current ten-deposition default limit).

11 Additionally, on December 30, 2011 Perfect 10 identified 66 photographers,

12 assignors, and licensors of approximately 46,086 images Perfect 10 claims to be

13 asserting against Google – yet Perfect 10 has listed only three of them on its

14 amended initial disclosures, and as of March 13, 2012, Perfect 10 has refused to

15 stipulate that it will not assert images pertaining to the other 63. Thus, Google must

16 test Perfect 10's ownership of and infringement and damages claims regarding these

17 images. Unless Perfect 10 agrees to narrow the number of allegedly copyrighted

18 images it is asserting, Google will need a total of 74 additional fact depositions to

19 complete this discovery.

20 This motion is based on this Notice of Motion and Motion, the Memorandum

21 of Points and Authorities and Declaration of Rachel Herrick Kassabian in support

22 thereof, the pleadings and other papers on file in this action, and such additional

23 evidence as may be presented at or before the hearing.

24

25

26

27

28

1                 **Statement of Local Rule 7-3 Compliance**

2         Google's counsel and Perfect 10's counsel engaged in a <u>Local Rule</u> 7-3 pre-

3 filing conference regarding Google's request for leave to take additional depositions

4 at various times, including a telephonic conference on October 20, 2011 and written

5 communications on dates thereafter.

6

7 DATED:  March 13, 2012          QUINN EMANUEL URQUHART &
                                         SULLIVAN. LLP

8

9

10                                By *Rachel Herrick Kassabian*

11                                  Rachel Herrick Kassabian

12                                Attorneys for Defendant GOOGLE INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980.51320/4652525.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.................................................................................1

FACTUAL BACKGROUND..................................................................................2

    A.    PERFECT 10'S DECEMBER 30, 2011 DISCLOSURES .....................2

    B.    GOOGLE'S PREVIOUS ATTEMPTS TO TAKE ADDITIONAL DEPOSITIONS BY STIPULATION OR COURT ORDER .................................................................................2

    C.    GOOGLE'S DEPOSITIONS TAKEN TO DATE.................................3

    D.    PERFECT 10'S FEBRUARY 29, 2012 AND MARCH 12, 2012 AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES .................................................................................6

    E.    THE OUTSTANDING DEPOSITIONS GOOGLE NEEDS TO CHALLENGE PERFECT 10'S CLAIMS .............................................7

ARGUMENT ........................................................................................................8

I.    LEGAL STANDARD.......................................................................................8

II.    GOOGLE SHOULD BE GRANTED LEAVE TO TAKE ADDITIONAL DEPOSITIONS..........................................................................9

    A.    GOOGLE HAS A RIGHT TO DEPOSE THE WITNESSES ON WHOSE TESTIMONY PERFECT 10 INTENDS TO RELY, AS DISCLOSED IN PERFECT 10'S SUPPLEMENTAL RULE 26(A) DISCLOSURES.................................................................... 10

    B.    GOOGLE IS ENTITLED TO DEPOSE THE PHOTOGRAPHERS, ASSIGNORS, AND LICENSORS OF THE ASSERTED PERFECT 10 IMAGES .......................................... 12

CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Andamiro v. Konami Amusement of Am.,
  2001 WL 535667 (C.D. Cal. April 26, 2001) .......................................................... 8

Bromgard v. Montana,
  2007  WL 1101179 (D. Mont. April 11, 2007) ....................................................... 8

Community for Creative Non-Violence v. Reid,
  490 U.S. 730 (1989) .............................................................................................. 15

Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,
  772 F.2d 505 (9th Cir. 1985) ................................................................................ 17

In re Harmonic, Inc. Securities Litigation,
  245 F.R.D. 424 (N.D. Cal. 2007)........................................................................... 11

Hoffman v. BLR Group of Am., Inc.,
  2009 WL 1768799 (S.D. Ill. 2009) ....................................................................... 11

Martinez v. California,
  2008 WL 5101359 (E.D. Cal. Dec. 3, 2008) .......................................................... 9

Perfect 10, Inc. v. Amazon.com, Inc.,
  508 F.3d 1146 (9th Cir. 2007) .............................................................................. 16

Rx USA Wholesale, Inc. v. McKesson Corp.
  2007 WL 1827335 ................................................................................................. 9

Sun Microsystems, Inc. v. Microsoft Corp.,
  188 F.3d 1115 (9th Cir. 1999) .............................................................................. 15

Sybersound Records, Inc. v. UAV Corp.,
  517 F.3d 1137 (9th Cir. 2008) .............................................................................. 14

U.S. E.E.O.C. v. W&O, Inc.,
  213 F.3d 600 (11th Cir. 2000) .............................................................................. 11

United States v. Daily Gazette Co.,
  2008 WL 4610311 (S.D. W. Va. 2008) ................................................................. 11

Van Cleef & Arpels, S.A. v. Tenn Angel, Inc.,
  No. 08-80688-CIV, 2009 WL 2600360 (S.D. Fla. Aug. 21, 2009) ....................... 15

## Statutes

Fed. R. Civ. P. 26(b) ................................................................................................ 8

Fed. R. Civ. P. 26(b)(2)............................................................................................ 8

Fed. R. Civ. P. 30 ..................................................................................................8

Fed. R. Civ. Proc. 30(a)(2)...................................................................................8

Fed. R. Civ. Proc. 30(a)(2)(A)(i) .........................................................................8

Fed. R. Civ. P. 30(b)(6) ......................................................................................10

01980.51320/4652525.1

-iii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Google moves for leave to take depositions beyond the default ten provided by the Federal Rules. Despite this Court's repeated admonitions to Perfect 10 to narrow and define the scope of its case to ready itself for trial, Perfect 10 remains steadfast in its refusal to so. Twice in the last two weeks, Perfect 10 has amended its initial disclosures to identify yet more new witnesses upon whose testimony Perfect 10 intends to rely to support its case. And worse, Perfect 10 continues to assert copyright claims regarding nearly its entire image library – more than 46,000 photos – which photos were shot by, assigned by, or licensed by at least 66 different individuals or companies. Given the impending discovery cutoff, Google cannot wait any longer and must now depose these witnesses. Because Perfect 10 has refused to agree to this basic discovery, Google has no choice but to seek this relief from the Court.

This discovery is critical to Google's ability to defend itself against Perfect 10's copyright claims. Regarding the witnesses identified on Perfect 10's supplemental initial disclosures, without question, Google is entitled to take discovery regarding the testimony and evidence on which Perfect 10 intends to rely in support of its case. As for the dozens of photographers, licensors, and assignors of the asserted images, Google is entitled to challenge Perfect 10's ownership, scope of rights, chain of title, valuation, and allegations of infringement regarding these images. In every instance in which Google has previously taken such discovery, Google has confirmed that Perfect 10 in fact does not hold the rights it claimed to hold, and that the third parties from whom Perfect 10 obtained the asserted images had also retained rights to use and display online these same images however they wished – and in some case had even retained the right to *sublicense* these images to whomever they wanted. Accordingly, Google respectfully requests that Google be permitted to test Perfect 10's claims by taking the above-referenced depositions.

1

**Factual Background**

2

## A.   PERFECT 10'S DECEMBER 30, 2011 DISCLOSURES

3      On December 30, 2011 Perfect 10 identified 46,086 images Perfect 10 claims
4 to be asserting against Google – nearly its entire image library. See Perfect 10's List
5 of Copyrights (Dkt. No. 1052).  Perfect 10's List of Copyrights claimed that certain
6 of those images were works made-for-hire, while others – the majority – were
7 acquired by assignment. Id.  Perfect 10's List of Copyrights does not identify
8 specific chain of title information for each image.  At the February 13, 2012 hearing,
9 Perfect 10 confirmed that it was asserting infringements of each of the 46,086
10 images it had listed in this case.  Kassabian Declaration, Ex. 1 (February 13, 2012
11 Hearing Tr.) at 25:3-4.[1]

12

## B.   GOOGLE'S PREVIOUS ATTEMPTS TO TAKE ADDITIONAL
13      DEPOSITIONS BY STIPULATION OR COURT ORDER

14      Until recently, Perfect 10's claims included copyright, trademark, publicity,
15 unfair competition, misappropriation and other causes of action.[2]  As for its
16 copyright claims, Perfect 10 has asserted tens of thousands of images, and claims
17 that millions of infringements are at issue.  Kassabian Declaration, Ex. 6.  Given
18 these broad and numerous claims, Google requested on multiple occasions that
19 Perfect 10 stipulate to Google taking additional depositions to test Perfect 10's
20 claims, including its chain of title to the asserted images.  Google made this request

21 ───────────────

22      [1] Perfect 10 claims to be asserting more than 110,000 infringements related to the
23 identified images; however, the specific identity or number of infringements
asserted has not yet been provided by Perfect 10, despite numerous requests and
24 motions by Google seeking this information.
25      [2] On December 22, 2011, the Court affirmed Perfect 10's voluntary dismissal of
its non-copyright claims.  December 22, 2011 Order (Dkt. No. 1050).  A significant
26 portion of Google's discovery had been focused on Perfect 10's non-copyright
claims, including Google's depositions of four of the nine models on whose behalf
27 Perfect 10 had brought rights of publicity claims.
28

1   at least as early as July 2008, and on various dates thereafter. Kassabian Declaration
2   ¶ 9. Perfect 10 consistently refused to stipulate to Google taking a single deposition
3   beyond the ten allowed by the <u>Federal Rules</u>. Kassabian Declaration ¶¶ 9-10. Nor
4   has Perfect 10 agreed to narrow its copyright claims in any appreciable fashion.

5        Google brought this issue to the Court's attention several times, including in
6   the parties' Joint <u>Rule</u> 16(b) Report in August 2008 (Dkt. No. 334), and again in
7   Google's July 27, 2009 Motion for Leave to Take Additional Depositions (Dkt. No.
8   471). On July 28, 2010, the Court denied Google's July 27, 2009 Motion for Leave
9   to Take Additional Depositions without prejudice, on the basis that the Court had
10  "narrowed substantially" the bounds of Perfect 10's claims and was "confident [the
11  parties] can reach agreement on at least some modification of the ten-witness
12  principle in light of these developments...and common sense." July 28, 2010 Order
13  (Dkt. No. 947) at 1.

14        Thereafter, Google again reached out to Perfect 10 seeking Perfect 10's
15  agreement that Google could take additional depositions beyond the standard ten.
16  Kassabian Declaration ¶ 9. Despite Judge Matz's admonition, Perfect 10 again
17  refused to agree to even one extra deposition. Kassabian Declaration ¶¶ 9-10.
18  Perfect 10 also has refused to narrow its copyright claims to reduce Google's need
19  to take extra depositions.

20     **C.**   **GOOGLE'S DEPOSITIONS TAKEN TO DATE**

21      Google has taken the following depositions in this case to date:

22     **1.**   **Tore Kesicki, President of On Line Creations, Inc. ("OLC") (July**
23  **14, 2009).** OLC created and assigned to Perfect 10 approximately 2,692 of the
24  images Perfect 10 currently claims to be asserting against Google. <u>See</u> List of
25  Copyrights (Dkt. No. 1052).

26
27
28

01980.51320/4652525.1

-3-



2. **Wendy Augustine, Perfect 10 employee (August 7, 2009).** Ms. Augustine was involved in the registration of copyrights asserted by Perfect 10. Through her deposition Google also discovered Perfect 10's apparent failure to adequately preserve relevant evidence related to its claims, which led to a Google motion that Magistrate Judge Hillman granted via a Document Preservation Order in 2010. January 15, 2010 Document Preservation Order (Dkt. No. 735).[3] Kassabian Decl., ¶ 12.

3. **Nataskia Maren ███████████, model (October 16, 2009).** Ms. Maren is one of the nine models on whose behalf Perfect 10 had brought rights of publicity claims against Google. Google's deposition of Ms. Maren (and three

_____

[3] Unfortunately, Perfect 10 has failed to comply with Magistrate Judge Hillman's Document Preservation Order in several respects. Perfect 10's failure to preserve evidence will be the subject of additional motion practice in the near future.

1   other models) established that Perfect 10 does not hold exclusive assignments for

2   the models' rights of publicity, and that these models retained the right to use the

3   images however they saw fit. Perfect 10 subsequently voluntarily dismissed its

4   rights of publicity claims brought on behalf of all nine models. December 22, 2011

5   Order (Dkt. No. 1050).

6       **4.      Sheena Chou, part-time Perfect 10 employee (October 21, 2009).**

7   Ms. Chou was identified in Perfect 10's Initial Disclosures as a potential witness

8   with knowledge of Perfect 10's various intellectual property claims against Google.

9   She testified during her deposition regarding her efforts to locate the alleged

10  copyright infringements Perfect 10 has asserted against Google.

11      **5.      Amy Weber, model (November 11, 2009).** Ms. Weber is one of the

12  nine models on whose behalf Perfect 10 had brought rights of publicity claims

13  against Google. Ms. Weber also assigned approximately 353 of the images Perfect

14  10 is asserting against Google. See List of Copyrights (Dkt. No. 1052). ▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮

18      **6.      Amber Smith, model (November 19, 2009).** Ms. Smith is one of the

19  nine models on whose behalf Perfect 10 had brought rights of publicity claims

20  against Google. Ms. Smith also assigned approximately nine of the images Perfect

21  10 is asserting against Google. See List of Copyrights (Dkt. No. 1052). Like OLC,

22  Ms. Smith confirmed that she retained rights to use and publish the images assigned

23  to Perfect 10 however she saw fit. Kassabian Declaration, Ex. 3 (Smith Deposition

24  Tr.) at 104:24 to 105:1 ("Q. You could do whatever you wanted, even with the 15

25  photographs you sold [to Perfect 10], correct? A. Yes.").

26      **7.      Aria Giovanni** ▮▮▮▮▮▮▮▮**, model (March 19, 2010).** Ms.

27  Giovanni is one of the nine models on whose behalf Perfect 10 had brought rights of

28  publicity claims against Google. Ms. Giovanni also assigned approximately 1,216

1  of the images Perfect 10 is asserting against Google.  <u>See</u> List of Copyrights (Dkt.

2  No. 1052).



3

4

5

6

7

8

9

10       **8.       Bruce Hersh, Perfect 10's accountant (February 21, 2012).**  Mr.

11 Hersh has been Perfect 10's accountant since the company's inception, and testified

12 regarding Perfect 10's financial records.  Kassabian Decl., ¶ 12.  Google had to

13 pursue motion practice to secure Mr. Hersh's deposition and the documents related

14 thereto.  Even then, Perfect 10 failed to produce critical documents Mr. Hersh

15 needed to meaningfully testify.  Google will be pursuing these issues through

16 upcoming motion practice.

17       **D.       PERFECT 10'S FEBRUARY 29, 2012 AND MARCH 12, 2012**

18            **AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES**

19       Twice in the past two weeks, Perfect 10 served Supplemental Initial

20 Disclosures.  Kassabian Declaration, Exs. 6 and 8.  These disclosures removed six

21 of the potential witnesses its prior Initial Disclosures had identified as having

22 information relevant to Perfect 10's claims, and added fifteen new witnesses that

23 might testify in support of Perfect 10's claims.  Kassabian Declaration, Ex. 6 at 2-7;

24 Ex. 8.  Google had previously deposed only three of the fifteen new witnesses

25 Perfect 10 identified.  Only one of the new witnesses Perfect 10 identified, J.

26 Stephen Hicks, was listed as an author, assignor, or photographer of any of the

27 46,086 images Perfect 10 identified as at issue in the case with its December 30,

28 2011 List of Copyrights (Dkt. No. 1052).

1    Because of the discrepancy between Perfect 10's December 30, 2011 List of
2  Copyrights, which identified at least 66 third parties that had photographed,
3  authored, licensed, or assigned rights in the 46,086 images asserted by Perfect 10,
4  and Perfect 10's February 29, 2012 Supplemental Initial Disclosures, which
5  identified only three third-party photographers, authors, or assignors as potential
6  witnesses with relevant information regarding Perfect 10's copyright claims, Google
7  asked Perfect 10 to confirm that it only planned to assert images shot by or acquired
8  from J. Stephen Hicks in the case.[4]  On March 12, 2012, Perfect 10 responded,
9  stating that Perfect 10 still intended to assert all of the 46,086 images identified in its
10  List of Copyrights. Kassabian Declaration ¶ 10. Perfect 10 further declined to
11  stipulate to even a single additional deposition beyond the standard ten permitted by
12  the Federal Rules. Id.

13    **E.    THE OUTSTANDING DEPOSITIONS GOOGLE NEEDS TO**
14    **CHALLENGE PERFECT 10'S CLAIMS**

15    Attached hereto as Exhibit A is a chart summarizing the thirteen witnesses
16  identified in Perfect 10's supplemental disclosures whom Google has yet to depose.
17  Attached hereto as Exhibit B is a chart summarizing the 62 witnesses identified in
18  Perfect 10's December 30, 2011 List of Copyrights whom Google seeks leave to
19  depose. Regarding the latter list, 37 of the 62 witnesses each shot or assigned less
20  than 100 of the images Perfect 10 is asserting in this case. Others, such as Roman

21

22

23    [4] At the February 13, 2012 Hearing, Perfect 10 indicated that Perfect 10 might
reduce the number of allegedly copyrighted images at issue to less than 1,000 in
24  order to cut down on its discovery and trial burdens in the case. Kassabian
Declaration, Ex. 1 (February 13, 2012 Hearing Tr.) at 44:23-25 ("we're going to be
25  ending up limiting the amount of images in this case – because we won't be able to
26  get them all done – to probably 1,000 or less"). According to Perfect 10's List of
Copyrights, J. Stephen Hicks was the photographer, author or assignor of
27  approximately 1,707 of the images Perfect 10 is asserting.
28

1  Sluka, Clifford Wright, and Petter Hegre, each shot or assigned many thousands of
2  the asserted images.

3                                  **Argument**

4  **I.    LEGAL STANDARD**

5          Fed. R. Civ. Proc. 30(a)(2)(A)(i) sets the default limit on the number of
6  depositions a party may take at ten. However, "[l]eave to take additional
7  depositions should be granted when consistent with the principles of Rule 26(b)(2)."
8  Notes of the Advisory Committee (1993) to Fed. R. Civ. Proc. 30. Courts have
9  "broad[] discretion" to allow additional discovery based on the complexity of the
10 case at hand. See Notes of the Advisory Committee (1993) to Fed. R. Civ. P. 26(b)
11 & 30. Indeed, Rule 30 provides that "the court *must* grant leave [to take additional
12 depositions] to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)
13 (emphasis added).

14         Under Rules 30 and 26(b), courts permit additional depositions after
15 considering whether:

16         (1) the discovery sought is unreasonably cumulative or duplicative, or
17         is obtainable from some other source that is more convenient, less
18         burdensome, or less expensive; (2) the party seeking discovery has
19         [had] ample opportunity obtain the information sought; or (3) the
20         burden or expense of the proposed discovery outweighs its likely
21         benefit, taking into account the needs of the case, the amount in
22         controversy, the party's resources, and the importance of the proposed
23         discovery in resolving the issues.

24 Andamiro v. Konami Amusement of Am., 2001 WL 535667, at *2 (C.D. Cal. April
25 26, 2001) (granting leave to take additional depositions).

26         Thus, when a deponent possesses unique information, courts generally grant
27 leave for additional depositions because they do not undermine the key purpose of
28 the limits – preventing duplicative discovery. See, e.g., Bromgard v. Montana, 2007

                                        -8-

1  WL 1101179, at *1-2 (D. Mont. April 11, 2007) (granting leave for additional
2  depositions in part because each proposed deponent "has information or opinions
3  bearing in a unique way on some issue or issues involved in the case").

4  Likewise, courts have found additional depositions warranted in complex
5  disputes involving large damages claims. See, e.g., Rx USA Wholesale, Inc. v.
6  McKesson Corp., 2007 WL 1827335, at *2-3 (granting leave to take additional
7  depositions because, in part, "[t]his is not a 'simple' breach of contract/specific
8  performance case"); Martinez v. California, 2008 WL 5101359, at *2 (E.D. Cal.
9  Dec. 3, 2008) ("[G]iven the complex nature of Plaintiff's medical condition and the
10  number of individuals involved in his care, leave to go beyond the number of
11  depositions permitted by the rule is warranted.").

12  **II. GOOGLE SHOULD BE GRANTED LEAVE TO TAKE ADDITIONAL**
13  **DEPOSITIONS**

14  As the Court has recognized, Perfect 10 has brought varied and far-ranging
15  claims against Google. Its copyright claims include allegations of literally *millions*
16  of direct and secondary infringements, and Perfect 10 asserts copyrights in at least
17  46,000 distinct images. See List of Copyrights (Dkt. No. 1052). Some of these
18  copyrights were allegedly works-for-hire shot by dozens of different photographers.
19  Others were acquired by assignment from at least thirteen separate assignors
20  (several of whom are located overseas). Indeed, Perfect 10's current complaint
21  includes dozens of pages of Exhibits attempting to identify just the copyrighted
22  works it is asserting. See Notice of Lodging [Proposed] Second Amended
23  Complaint (Dkt. No. 303). Moreover, Perfect 10 has identified fifteen new
24  witnesses in its supplemental initial disclosures in just the past few weeks, upon
25  whose testimony Perfect 10 intends to rely.

26  This is precisely the type of case warranting leave to take depositions in
27  excess of the standard ten. Because of the numerosity of images involved, and
28  because each photographer /assignor will have unique testimony applicable only to

the specific images he/she shot or assigned, Google is entitled to depose all of these witnesses.  Each of them has information that Perfect 10 admits is relevant to its case, and/orhas relevant information to support Google's defenses and defeat Perfect 10's claims.[5]

## A.  GOOGLE HAS A RIGHT TO DEPOSE THE WITNESSES ON WHOSE TESTIMONY PERFECT 10 INTENDS TO RELY, AS DISCLOSED IN PERFECT 10'S SUPPLEMENTAL RULE 26(A) DISCLOSURES

Perfect 10 concedes that it intends to rely on testimony from at least nineteen Perfect 10-affiliated fact witnesses in support of its claims, including the following individuals Perfect 10 formally disclosed in its February 29 and March 12, 2012 supplemental disclosures, whom Google has yet to depose:

- Dr. Norman Zada regarding all issues in the case;[6]
- Sean Chumura regarding Perfect 10's copyrights, allegations of infringement, magazine, website, and DMCA Notices, among other things;
- J. Stephen Hicks regarding the validity and enforceability of Perfect 10's copyrights and licenses;

---

[5]  This is particularly true given that Perfect 10 previously alleged direct and secondary infringement of multiple claimed trademarks, publicity claims brought on behalf of at least nine separate individuals, and state law claims including unfair competition, misappropriation, and unjust enrichment.  All of these claims required separate discovery of separate facts.  Google took several depositions of witnesses relevant to these claims – which claims Perfect 10 has now dismissed.  December 22, 2011 Order (Dkt. No. 1050).

[6] Google has already scheduled Perfect 10's corporate deposition via Rule 30(b)(6) for mid-April, and it will be combined with Dr. Zada's personal deposition—the last two depositions Google is allowed under the Rules without leave of the Court.

1        •  Cindy Tran, Brittany Rosen, and Bernard Dietz regarding Perfect 10's

2          copyright applications and registrations;

3        •  Barry Rosen, Curtis Neeley, Les Schwartz, Dean Hoffman, Margaret

4          Jane Eden, and C.J. Newton regarding Google's processing of DMCA

5          notices; and

6        •  Perfect 10 employee Melanie Poblete regarding Perfect 10's

7          businesses, copyright claims and DMCA notices;

8      While Google has deposed six of the nineteen fact witnesses Perfect 10

9 identifies in its Supplemental Initial Disclosures and has recently scheduled the

10 Perfect 10 and Zada depositions, Google requires leave to depose the twelve

11 additional witnesses Perfect 10 identifies. Remarkably, Perfect 10 has failed to

12 agree to this basic discovery.

13      It is typically undisputed that a defendant is entitled to depose each of the

14 potential fact witnesses identified in a plaintiff's initial disclosures. See In re

15 Harmonic, Inc. Securities Litigation, 245 F.R.D. 424, 427 (N.D. Cal. 2007) (noting

16 that plaintiffs conceded defendants would be allowed to depose all of the 77

17 witnesses identified in their initial disclosures); U.S. E.E.O.C. v. W&O, Inc., 213

18 F.3d 600, 621 (11th Cir. 2000). And, where the issue is disputed, courts routinely

19 order such additional depositions where, as here, the resisting party has put the

20 witnesses at issue. See Hoffman v. BLR Group of Am., Inc., 2009 WL 1768799, at

21 *1 (S.D. Ill. 2009) (granting the defendants leave to depose a total of 26 individuals

22 who "were identified by plaintiff as having information regarding both liability

23 and/or damages" and none of whose testimony the plaintiff could persuasively argue

24 "would be irrelevant"); United States v. Daily Gazette Co., 2008 WL 4610311 (S.D.

25 W. Va. 2008) (permitting each side 15 additional fact depositions in an antitrust

26 case, over the challenge of a party who, as here, "previously conceded that the

27 complaint and associated legal issues 'raise[] complicated factual issues that . . .

28 require substantial discovery'").

1  Perfect 10 has not contested, and indeed, has affirmatively asserted, that the
2  additional fact witnesses identified in its Supplemental Initial Disclosures are likely
3  to possess relevant information regarding its claims. Nor is there any indication that
4  these witnesses possess entirely duplicative or overlapping information, given the
5  distinct relevance descriptions Perfect 10 provided. Google should be granted leave
6  to take their depositions.[7]

7  **B. GOOGLE IS ENTITLED TO DEPOSE THE**
8  **PHOTOGRAPHERS, ASSIGNORS, AND LICENSORS OF THE**
9  **ASSERTED PERFECT 10 IMAGES**

10  In Perfect 10's December 30, 2011 List of Copyrights, it identified at least 66
11  additional photographers and assignors of the allegedly copyrighted images it is
12  asserting in this case (four of whom it also identified in its Supplemental Initial
13  Disclosures or were previously deposed by Google). List of Copyrights (Dkt. No.
14  1052). At the February 13, 2012 Hearing, counsel for Perfect 10 indicated that
15  Perfect 10 might substantially reduce the number of allegedly copyrighted images at
16  issue in order to cut down on its discovery and trial burdens in the case. Kassabian
17  Declaration, Ex. 1 (February 13, 2012 Hearing Tr.) at 44:23-25 ("we're going to be
18  ending up limiting the amount of images in this case – because we won't be able to
19  get them all done – to probably 1,000 or less"). Google asked Perfect 10 to confirm
20  that it only planned to assert images created by and acquired from J. Stephen Hicks
21  in this case, since Mr. Hicks was the only as-yet-undeposed photographer or

22
23

24  [7]  Indeed, with respect to the alleged owners of non-asserted copyrights (Barry
25  Rosen, Curtis Neeley, Les Schwartz, Dean Hoffman, Margaret Jane Eden, and C.J.
   Newton), this Court already has recognized Google's right to take their depositions
26  before their testimony may be relied upon by Perfect 10. See July 26, 2010 Order
   on Google's DMCA Summary Judgment Motions (Dkt. No. 937) at 8 (upholding
27  Google's evidentiary objections to declarations from four of the six identified third-
28      (footnote continued)

1   assignor of images included in Perfect 10's Supplemental Disclosures, but Perfect

2   10 declined to agree.  Kassabian Declaration ¶ 10.  Thus, Google has no choice but

3   to seek depositions of them all, given their critical relevance to this case.

4         Google's prior depositions of the creators and assignors of the allegedly

5   copyrighted images Perfect 10 is asserting have revealed that these individuals

6   possess significant unique information that cannot be obtained from other witnesses

7   or through other means of discovery.



26

27   party witnesses because "Google was derived of the opportunity to depose or

28      (footnote continued)

-13-

GOOGLE INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

1

2

3     Moreover, Google's initial investigation of the photographers of the images

4 Perfect 10 is asserting has revealed that, contrary to Perfect 10's assertions of

5 exclusive ownership and rights to use its images, they too have retained rights to use

6 those images in various ways. For instance, Clifford Wright, a photographer who

7 Perfect 10 claims shot 6,131 of the asserted images under alleged work-for-hire

8 contracts giving Perfect 10 exclusive rights in the images, in fact uses and displays

9 several of the images asserted by Perfect 10 on his website. Kassabian Declaration,

10 Ex. 7 (excerpts of http://www.cliffordwrightphotography.com/#Lingerie-Body-

11 Tear-Sheets). This type of evidence is critical to Google's defense in several

12 respects, as set forth below.

13         **1.**    **Google is entitled to challenge Perfect 10's chain of title to**

14                **the asserted images**

15     Only through these depositions can Google meaningfully test Perfect 10's

16 claims regarding ownership of copyrights in the images at issue. As described

17 above, Google's depositions to date have already uncovered evidence that the

18 purported assignments on which Perfect 10 relies for its claims of ownership in the

19 majority of the asserted images assign only limited rights to Perfect 10. Kassabian

20 Declaration, Exs. 2-5. To the extent Perfect 10's claimed rights in these images are

21 invalid or incomplete, or to the extent that the purported assignors lacked complete

22 rights in the images, P10 may lack standing to sue upon them. <u>See, e.g.,</u>

23 <u>Sybersound Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1146 (9th Cir. 2008)

24 (where the plaintiff was neither an exclusive licensee nor a co-owner in the

25

26

27 otherwise directly rebut these witnesses' declarations").

28

1 | copyrights at issue, the plaintiff lacked standing to bring a copyright infringement
2 | claim).

3      Similarly, Google believes that Perfect 10's allegations that each of the more-
4 | than 50 photographers who apparently shot the asserted photographs met the
5 | standards of the work-for-hire section of the Copyright Act similarly need to be
6 | tested through discovery. See generally Community for Creative Non-Violence v.
7 | Reid, 490 U.S. 730, 751 (1989) ("In determining whether a hired party is an
8 | employee under the general common law of agency, we consider the hiring party's
9 | right to control the manner and means by which the product is accomplished."); see
10 | also Van Cleef & Arpels, S.A. v. Tenn Angel, Inc., No. 08-80688-CIV, 2009 WL
11 | 2600360, at *4-5 (S.D. Fla. Aug. 21, 2009) (denying motion for summary judgment
12 | based on designer's deposition testimony calling into question authorship of asserted
13 | copyright). If these images were not in fact shot as work for hires, Perfect 10 may
14 | not hold the necessary rights to assert them. And, as noted above, Google has
15 | independently uncovered evidence that these photographers are using and displaying
16 | the asserted images, calling into question Perfect 10's claims of exclusive ownership
17 | rights in the asserted images. Kassabian Declaration, Ex. 7.

18 |     **2.**    **Google is entitled to obtain evidence of authorized use of**
19 |          **these images, which may defeat Perfect 10's claims of**
20 |          **copyright infringement**

21 |      It is black letter law that Perfect 10 cannot base its direct and secondary
22 | copyright infringement claims on licensed or authorized uses of the alleged
23 | copyrighted works. See, e.g., Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d
24 | 1115, 1121 (9th Cir. 1999) ("Generally, a copyright owner who grants a
25 | nonexclusive license to use his copyrighted material waives his right to sue the
26 | licensee for copyright infringement.") In addition to calling into question Perfect
27 | 10's ownership of the asserted images, Google's depositions of prior owners and
28 | assignors of the asserted images have established that they retained significant

-15-

1  licenses and other rights in the images, including the right to grant unlimited

2  sublicenses to others to use the asserted images.  Further evidence of such third-

3  party authorized uses may lead to evidence that some or all of the alleged third party

4  infringements Perfect 10 is asserting here are in fact licensed uses.

5               **3.  Evidence of authorized use of the asserted images is also**

6                    **relevant to the Ninth Circuit's secondary liability tests**

7       Additionally, discovery regarding the full extent of the licensed uses of the

8  images P10 is asserting here may nail the coffin shut on Perfect 10's argument that

9  image recognition technology is a "simple measure" Google could undertake to

10 prevent harm to Perfect 10's alleged copyrights.  See July 30, 2010 Order (Dkt. No.

11 953) at 11 (determining that Perfect 10 was unlikely to succeed on its contributory

12 infringement claims based on the theory that "image recognition software" was a

13 simple measure because it "run[s] the risk of being dramatically overinclusive"

14 since it cannot "identify images that are properly licensed or fair use as opposed to

15 infringing").  With evidence that hundreds or thousands of individuals are in fact

16 licensed to display Perfect 10's images on whatever websites they wish, P10's

17 image recognition arguments (which lack merit for several reasons) will necessarily

18 fail once and for all.  Gathering this critical evidence will also allow Google to show

19 that it "lacks the practical ability to police the infringing activities of third-party

20 websites," which (among other arguments) would operate as a complete defense to

21 Perfect 10's vicarious infringement claims under the Ninth Circuit's prior analysis

22 in this case.  Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1174 (9th Cir.

23 2007).

24               **4.  Evidence of widespread use by nonexclusive licensees is**

25                    **relevant to damages**

26      Further, evidence that Perfect 10 and the assignors or creators of the asserted

27 images have freely licensed the asserted images to others during the relevant period

28 undercuts Perfect 10's claims of actual damages (if any) in this case.  See, e.g.,

1   Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 512 (9th Cir.

2   1985) ("'Actual damages' are the extent to which the market value of a copyrighted

3   work has been injured or destroyed by an infringement."). Clearly, if Perfect 10 and

4   other rightsholders in the asserted images have licensed those images to others for

5   little or no compensation, such evidence would mitigate against any claims of actual

6   damages Perfect 10 might make.

7       For these and other reasons, depositions of the dozens of photographers,

8   authors, and assignors from whom Perfect 10 claims to derive its rights to the

9   asserted images is a critical area for discovery that Google should be permitted to

10   pursue. Unless Perfect 10 voluntarily reduces the number of images it is asserting

11   from the more than 46,000 currently at issue, Google should be granted leave to

12   conduct up to 62 additional depositions of the photographers and assignors Perfect

13   10 has identified in its December 30, 2011 List of Copyrights. Google recognizes

14   that this is a large number of depositions, and believes that the best way to reduce

15   this number is by P10's agreement not to assert certain images in this case. For

16   example, in order to lessen the discovery burdens for all parties, Google would be

17   willing to forego depositions of any photographer that shot less than 100 of the

18   asserted images if Perfect 10 stipulates that it will not assert them. If Perfect 10

19   accepts Google's proposed stipulation, Google would need to depose only 25 of the

20   witnesses disclosed via the December 30, 2011 List of Copyrights.

21                         **Conclusion**

22       For the foregoing reasons, Google respectfully requests that the Court grant

23   Google leave to take the depositions of the twelve new potential fact witnesses

24   recently identified in Perfect 10's February 29 and March 12, 2012 Rule 26(a)

25   Disclosures that Google has yet to depose, as well as the depositions of any

26   photographers or prior owners of the images Perfect 10 is asserting against Google,

27   up to the 62 identified in Perfect 10's List of Copyrights (Dkt. No. 1052) whom

28   Google has yet to depose.

1

2  DATED:  March 13, 2012            QUINN EMANUEL URQUHART &
                                     SULLIVAN LLP
3

4

5                                    By  Rachel Herick Kassabian

6                                    _____
                                     Rachel Herrick Kassabian
7                                    Attorneys for Defendant GOOGLE INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## Exhibit A

### Additional Witnesses Identified in Perfect 10's Supplemental Initial Disclosures

| No. | Witness Name | Relevance |
|---|---|---|
| 1. | Norman Zada | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of P10's copyright claims and damages[1] |
| 2. | J. Stephen Hicks | Identified in 12/30/11 Disclosures as author of 1,264 asserted images and photographer of 1,707 asserted images; Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of P10's copyright claims and damages |
| 3. | Sean Chumura | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of P10's copyright claims, DMCA notices, and damages |
| 4. | Barry Rosen | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of Google's responses to third-party notices and infringement claims |
| 5. | Curtis Neely | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of Google's responses to third-party notices and infringement claims |
| 6. | Les Schwartz | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of Google's responses to third-party notices and infringement claims; submitted a declaration in opposition to Google's Motion for Partial Summary Judgment Regarding DMCA Safe Harbor (Docket No.478). |
| 7. | Dean Hoffman | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of Google's responses to third-party notices and infringement claims; submitted a declaration in opposition to Google's Motion for Partial Summary Judgment Regarding DMCA Safe Harbor (Docket No. 476) |
| 8. | Margaret Jane Eden | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of Google's responses to third-party notices and infringement claims; submitted a declaration in opposition to Google's Motion for Partial Summary Judgment Regarding DMCA Safe Harbor (Docket No. 475) |
| 9. | C.J. Newton | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of Google's responses to third-party notices and infringement claims; submitted a declaration in opposition to Google's Motion for Partial Summary Judgment Regarding DMCA Safe Harbor (Docket No. 477) |
| 10. | Melanie Poblete | Disclosed in 2/29/12 Initial Disclosures as a witness with knowledge of P10's copyrights and allegations of infringement |
| 11. | Cindy Tran | Disclosed in March 12, 2012 Initial Disclosures as a witness with knowledge of P10's copyright applications and registrations |
| 12. | Brittany Rosen | Disclosed in March 12, 2012 Initial Disclosures as a witness with knowledge of P10's copyright applications and registrations |
| 13. | Bernard Dietz | Disclosed in March 1, 2012 Initial Disclosures as a witness with knowledge of P10's copyright applications and registrations |

---

[1]   The Zada deposition is currently on calendar for mid-April 2012, concurrently with the Rule 30(b)(6) deposition of Perfect 10. These will be Google's ninth and tenth depositions, respectively.

# EXHIBIT B

**Exhibit B**

**Witnesses Identified In Perfect 10's List Of Copyrights (Dkt. No. 1052)**

| No. | Witness Name | Relevance |
|---|---|---|
| 1. | Petter Hegre (Ocinum Lda) | **16,627 Images** (Identified in December 30, 2011 Disclosures as author and photographer of 16,627 asserted images) |
| 2. | Roman Sluka | **7,285 Images** (Identified in December 30, 2011 Disclosures as photographer of 7,285 asserted images) |
| 3. | Clifford Wright | **6,140 Images** (Identified in December 30, 2011 Disclosures as photographer of 6,140 asserted images and author of 7 asserted images) |
| 4. | Tracy Kahn | **2,479 Images** (Identified in December 30, 2011 Disclosures as photographer of 2,479 asserted images) |
| 5. | Martin Kinkal | **1,915 Images** (Identified in December 30, 2011 Disclosures as photographer of 1,915 asserted images) |
| 6. | Marketa Belonoha & K Production | **1,915 Images** (Identified in December 30, 2011 Disclosures as author of 1,915 asserted images) |
| 7. | Marcel Indik | **1,105 Images** (Identified in December 30, 2011 Disclosures as photographer of 1,105 asserted images) |
| 8. | Giorgio Belli (Arpad Productions & Co. s.r.l.) | **988** (Identified in December 30, 2011 Disclosures as photographer of 988 asserted images and author of 567 asserted images) |
| 9. | Graham Kuhn | **789 Images** (Identified in December 30, 2011 Disclosures as photographer of 789 asserted images) |
| 10. | Dmitry Chernikov | **438 Images** (Identified in December 30, 2011 Disclosures as photographer of 438 asserted images and author of 412 asserted images) |
| 11. | Leah Nielsen | **387 Images** (Identified in December 30, 2011 Disclosures as photographer of 387 asserted images) |
| 12. | Marek Czudowski | **339 Images** (Identified in December 30, 2011 Disclosures as photographer of 339 asserted images) |
| 13. | Mitzi | **235 Images** (Identified in December 30, 2011 Disclosures as photographer of 235 asserted images) |
| 14. | Richard Reinsdorf | **210 Images** (Identified in December 30, 2011 Disclosures as photographer of 210 asserted images and author of 8 asserted images) |
| 15. | Alexandria Karlsen | **198 Images** (Identified in December 30, 2011 Disclosures as author of 198 asserted images) |
| 16. | Mark Daughn | **193 Images** (Identified in December 30, 2011 Disclosures as photographer of 193 asserted images) |
| 17. | John Rutter | **184 Images** (Identified in December 30, 2011 Disclosures as photographer of 184 asserted images) |
| 18. | Matthew Wolfe | **177 Images** (Identified in December 30, 2011 Disclosures as photographer of 177 asserted images) |

| 19. | Kim Mizuno | **172 Images** (Identified in December 30, 2011 Disclosures as photographer of 172 asserted images) |
|-----|------------|------------------------------------------------------------------------------------------------------|
| 20. | Shaharoh Bolling | **168 Images** (Identified in December 30, 2011 Disclosures as photographer of 168 asserted images) |
| 21. | Dominic Petruzzi | **145 Images** (Identified in December 30, 2011 Disclosures as photographer of 145 asserted images) |
| 22. | Gary Dubie | **145 Images** (Identified in December 30, 2011 Disclosures as photographer of 145 asserted images) |
| 23. | Camilo Him | **138 Images** (Identified in December 30, 2011 Disclosures as photographer of 138 asserted images) |
| 24. | Gregory Truelove | **114 Images** (Identified in December 30, 2011 Disclosures as photographer of 114 asserted images) |
| 25. | Dan Peterson[1] | **96 Images** (Identified in December 30, 2011 Disclosures as photographer of 96 asserted images) |
| 26. | Kim Mizuno (Brandon Gano) | **87 Images** (Identified in December 30, 2011 Disclosures as photographer of 87 asserted images) |
| 27. | Julia Gilder | **77 Images** (Identified in December 30, 2011 Disclosures as photographer of 77 asserted images) |
| 28. | Melissa Rodwell | **75 Images** (Identified in December 30, 2011 Disclosures as photographer of 75 asserted images) |
| 29. | Arturo Jauregui | **71 Images** (Identified in December 30, 2011 Disclosures as photographer of 71 asserted images) |
| 30. | David McKay | **63 Images** (Identified in December 30, 2011 Disclosures as photographer of 63 asserted images) |
| 31. | Jon Rutkowski | **62 Images** (Identified in December 30, 2011 Disclosures as photographer of 62 asserted images) |
| 32. | Antoine Verglas | **59 Images** (Identified in December 30, 2011 Disclosures as photographer of 59 asserted images) |
| 33. | Alex Ippolite | **56 Images** (Identified in December 30, 2011 Disclosures as photographer of 56 asserted images) |
| 34. | Charles Lightfoot | **51 Images** (Identified in December 30, 2011 Disclosures as photographer of 51 asserted images) |
| 35. | Joaquin Palacin | **39 (Images** Identified in December 30, 2011 Disclosures as photographer of 39 asserted images) |
| 36. | Mark Litwinczyk | **39 Images** (Identified in December 30, 2011 Disclosures as photographer of 39 asserted images) |
| 37. | Glenn Morales | **36 Images** (Identified in December 30, 2011 Disclosures as photographer of 36 asserted images) |
| 38. | Bruce Talbot | **35 Images** (Identified in December 30, 2011 Disclosures as photographer of 35 asserted images) |
| 39. | Clifford Licko | **32 Images** (Identified in December 30, 2011 Disclosures as photographer of 32 asserted images) |

---

[1]   Shaded rows pertain to witnesses who allegedly conveyed less than 100 images to Perfect 10.

| 40. | Dusan Simanek | **32 Images** (Identified in December 30, 2011 Disclosures as photographer of 32 asserted images) |
| 41. | Yuriy Balan | **32 Images** (Identified in December 30, 2011 Disclosures as photographer of 32 asserted images) |
| 42. | Alexa Hermann | **30 Images** (Identified in December 30, 2011 Disclosures as photographer of 30 asserted images) |
| 43. | Cynthia Kaye | **24 Images** (Identified in December 30, 2011 Disclosures as photographer of 24 asserted images) |
| 44. | Eva Nemethova | **24 Images** (Identified in December 30, 2011 Disclosures as author and photographer of 24 asserted images) |
| 45. | Florent Carmin | **24 Images** (Identified in December 30, 2011 Disclosures as photographer of 24 asserted images) |
| 46. | Yuri Afanasiev | **23 Images** (Identified in December 30, 2011 Disclosures as photographer of 23 asserted images) |
| 47. | Guido Argentini | **22 Images** (Identified in December 30, 2011 Disclosures as photographer of 22 asserted images) |
| 48. | Irene Kimmel | **22 Images** (Identified in December 30, 2011 Disclosures as photographer of 22 asserted images) |
| 49. | Nick Sogliubeyi | **21 Images** (Identified in December 30, 2011 Disclosures as photographer of 21 asserted images) |
| 50. | Brandon Gano | **20 Images** (Identified in December 30, 2011 Disclosures as photographer of 20 asserted images) |
| 51. | Otto Weiser | **19 Images** (Identified in December 30, 2011 Disclosures as photographer of 19 asserted images) |
| 52. | Steven Bigler | **19 Images** (Identified in December 30, 2011 Disclosures as photographer of 19 asserted images) |
| 53. | Jan Feinberg | **17 Images** (Identified in December 30, 2011 Disclosures as photographer of 17 asserted images) |
| 54. | Andrew Jurun | **16 Images** (Identified in December 30, 2011 Disclosures as photographer of 16 asserted images) |
| 55. | Kevin Foley | **13 Images** (Identified in December 30, 2011 Disclosures as photographer of 13 asserted images) |
| 56. | Sean Bolger | **13 Images** (Identified in December 30, 2011 Disclosures as photographer of 13 asserted images) |
| 57. | Mahlon Yeager | **12 Images** (Identified in December 30, 2011 Disclosures as photographer of 12 asserted images) |
| 58. | Tracy Kahn & Julia Guilder? | **12 Images** (Identified in December 30, 2011 Disclosures as photographer of 12 asserted images) |
| 59. | Philip Eisner | **11 Images** (Identified in December 30, 2011 Disclosures as photographer of 11 asserted images) |
| 60. | Kyle Cassil | **6 Images** (Identified in December 30, 2011 Disclosures as photographer of 6 asserted images) |
| 61. | Nissa Hall | **5 Images** (Identified in December 30, 2011 Disclosures as photographer of 5 asserted images) |
| 62. | Patrick Hoeleck | **1 Images** (Identified in December 30, 2011 Disclosures as photographer of 1 asserted image) |