1  [COUNSEL LISTED ON FOLLOWING PAGE]

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  PERFECT 10, INC., a California corporation,

14                  *Plaintiff*,

15          vs.

16  GOOGLE INC., a corporation; and
17  DOES 1 through 100, inclusive,

18                  *Defendants*.

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| | CASE NO. CV 04-9484 AHM (SHx) |
| | **JOINT STIPULATION ON GOOGLE INC.'S MOTION TO ENFORCE THE COURT'S OCTOBER 6, 2009 ORDER COMPELLING THE PRODUCTION OF PERFECT 10's FINANCIAL DOCUMENTS, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING PREVIOUSLY-DEFERRED REQUESTS** |
| | **PUBLIC REDACTED VERSION** |
| | Date:     April 30, 2012<br>Time:     2:00 PM<br>Crtrm.: 550 |
| | Hon. Stephen J. Hillman |
| | Discovery Cut-off:     May 1, 2012<br>Pretrial Conference:  January 14, 2013<br>Trial Date:             January 28, 2013 |

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100
       Charles K. Verhoeven (Bar No. 170151)
5      charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
       Rachel Herrick Kassabian (Bar No. 191060)
7      rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
8  Redwood Shores, California 94065
   Attorneys for Defendant GOOGLE INC.

9

10

   LAW OFFICES OF JEFFREY N. MAUSNER
11 Jeffrey N. Mausner (State Bar No. 122385)
   David N. Schultz (State Bar No. 123094)
12 6222 Amigo Ave.
   Tarzana, CA 91335
13 Email: Jeff@mausnerlaw.com
14 T:  (310) 617-8100

15 Attorneys for Plaintiff Perfect 10, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 04-9484 AHM (SHx)

JOINT STIPULATION ON GOOGLE'S MOTION TO ENFORCE PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENTS ..................................................................... 1

    A.    Google's Preliminary Statement .............................................................. 1

    B.    Perfect 10's Preliminary Statement ......................................................... 2

II.   THE DOCUMENT REQUESTS AT ISSUE ..................................................... 5

    A.    The Court's October 6, 2009 Order .......................................................... 5

    B.    The Google Document Requests Previously Deferred by this Court's October 6, 2009 Order. ............................................... 13

III.  GOOGLE'S POSITION ................................................................................. 17

    A.    Factual Background .................................................................................. 17

    B.    Perfect 10 Should Be Ordered to Comply With this Court's October 6, 2009 Order Regarding Financial Documents ..................... 20

        1.    P10's Financial Statements Produced Are Uniformly Incomplete, In Violation of the 2009 Order ............................... 20

        2.    Perfect 10 Has Not Produced Any Source Documents As Required by the Order ............................................................. 22

        3.    P10 Has Not Produced Emails Between Mr. Hersh and Perfect 10 Regarding This Litigation, as Required by the Order .................................................................................... 24

        4.    P10's Production of Various Other Categories of Financial Documents Previously Ordered Produced Appears Deficient. ........................................................................... 25

    C.    The Court Should Now Order Perfect 10 to Produce Documents in Response to Requests Upon Which the Court Had Previously Deferred Ruling. ...................................................................... 25

    D.    Good Cause Exists for Sanctioning Perfect 10 ...................................... 27

IV.   PERFECT 10'S POSITION ........................................................................... 28

    A.    This Court Should Deny Google's Motion Because Perfect 10 Has Not Violated This Court's October 6, 2009 Order ....................... 28

    B.    Google's Multiple Violations Of Local Rule 37-2.1 Provide Independent Grounds To Deny Google's Motion ............................... 29

C.    Google's False And Misleading Assertions Provide No Basis For
      This Court To Grant Its Motion ............................................ 31

D.    Google's Requests For Production Are Unreasonably
      Burdensome, Irrelevant And Unnecessary ............................ 33

V.    FINAL STATEMENTS ............................................................ 34

A.    Google's Final Statement and Requested Relief ................... 34

B.    Perfect 10's Final Statement and Requested Relief ............. 35

JOINT STIPULATION ON GOOGLE'S MOTION TO ENFORCE PRODUCTION OF DOCUMENTS

# I.   PRELIMINARY STATEMENTS

## A.   Google's Preliminary Statement

For nearly six years, defendant Google Inc. has attempted to obtain basic financial discovery from plaintiff Perfect 10, Inc. ("Perfect 10" or "P10"). Google is entitled to this information for numerous reasons, including because Perfect 10 purports to be claiming actual damages in this case.  In 2009, after P10 refused to produce these materials, Google successfully moved to compel them, and obtained an order requiring Perfect 10 to produce (1) "copies of all of its periodic and annual financial statements and tax returns … in complete and unredacted form" and (2) "copies of all source documents [relied upon to prepare the financial statements] reasonably available to [P10 accountant] Mr. Hersh which he and Perfect 10's counsel expect to refer to in order to prepare for his deposition, in order to give meaningful testimony concerning Perfect 10's financial condition." Kassabian Decl., Exh. 2 at 2:13-16, 3:18-21.  The Court also ordered Perfect 10 to produce a variety of other financial and damages-related documents, and deferred ruling on certain other of Google's requests.  *Id.* Exh. 2.

Nevertheless, and in violation of the Court's prior order, Perfect 10 continues to withhold key financial documents relevant to its case.  This was confirmed by the recent deposition of Mr. Hersh, who (1) was unable to meaningfully testify regarding P10's finances without the four or five boxes and four or five file drawers' worth of unproduced source documents and electronic files he had back at his office (which Perfect 10 has copies of as well), and (2) testified to various categories of relevant and responsive documents which Perfect 10 has not yet produced.  Google has also searched P10's production in an attempt to locate the various categories of financial documents the Court previously ordered produced. However, given P10's massive and unwieldy document production, Google has been unable to locate them.

JOINT STIPULATION ON GOOGLE'S MOTION TO ENFORCE PRODUCTION OF DOCUMENTS

1    Additionally, the categories of financial documents upon which the

2    Court previously deferred ruling remain relevant to this case, so Google requests

3    that the Court revisit those requests now and grant Google's prior motion to compel

4    them.

5    With fact discovery closing in just a month, Google must have these

6    basic documents regarding Perfect 10's financial condition.  Google respectfully

7    requests that the Court (1) enforce its prior 2009 Order and require Perfect 10 to

8    immediately produce these withheld documents, (2) compel production of certain

9    categories of documents it deferred ruling upon during the prior 2009 motion

10   practice, and (3) order Perfect 10 to pay – as a sanction for violating the Court's

11   2009 Order – the expenses associated with continuing the deposition of Mr. Hersh

12   and/or Perfect 10's upcoming 30(b)(6) deposition once these materials have been

13   produced.

14        **B.    Perfect 10's Preliminary Statement**

15   Google has filed a baseless Motion to Compel (the "Motion") that violates the

16   Local Rules and is merely an attempt to further harass Perfect 10 and interfere with

17   Perfect 10's discovery and trial preparation.  Moreover, **the fundamental premise**

18   **of the Motion** – that Perfect 10 has violated this Court's October 6, 2009 Order – **is**

19   **simply false.**  As discussed below, **Perfect 10 complied with the October 6, 2009**

20   **Order and produced everything it was ordered to produce.**

21   As an initial matter, Google's Motion violates Local Rule 37-2.1 for multiple

22   reasons.  First, the Joint Stipulation fails to include Perfect 10's amended responses

23   to requests that are the subject of the Motion, such as RFP Nos. 59 and 66.  Second,

24   the Joint Stipulation fails to include, verbatim, both the request for production and

25   Perfect 10's response thereto for the document requests at issue in Section II.A of

26   the Joint Stipulation.  Third, Google has failed to include as exhibits either the

27   previous Joint Stipulation or the supplemental memos regarding the previous motion

28   that led to this Court's October 6, 2009 Order, even though it is clear that the

1  allegations in these prior filings are relevant and must be attached as exhibits under
2  Local Rule 37-2.1.  Had Google complied with the local rules, and included Perfect
3  10's responses and its portion of the previous Joint Stipulation, it would have been
4  clear to this Court that Perfect 10 had produced documents in response to the
5  requests set forth in Section II.A.  Fourth, Google substantially misstates this
6  Court's October 6, 2009 Order by failing to quote language at the end of the Order
7  requiring Perfect 10 to produce documents only "**to the extent that they have not**
8  **already been produced, and to the extent that they exist and can be located**
9  **with a reasonable search, by October 26, 2009.**"  October 6, 2009 Order at 8-9,
10  found at Exhibit 2 to the Declaration of Rachel Herrick Kassabian in support of the
11  Motion (Docket No. 560) (the "Kassabian Decl.") (emphasis added).[1]

12      Google's assertion in Section I.A above that Perfect 10 has violated this
13  Court's October 6, 2009 Order is simply false.  **Perfect 10 has completely**
14  **complied with this Court's Order and has produced everything it was ordered**
15  **to produce.**  In particular, Perfect 10 produced "copies of all of its periodic and
16  annual financial statements and tax returns … in complete and unredacted form
17  [other than redaction of medical expenses and credit card numbers]."  October 6,
18  2009 Order at 2.  Approximately **2990 pages of financial statements and tax**
19  **returns were produced**.  A sample of approximately 299 pages, constituting 10%
20  of the production, is attached as Exhibit 1 to the Mausner Declaration.  By
21  reviewing Exhibit 1, the Court can see the amount of information and level of detail
22  produced by Perfect 10.  The financial statements received by Google are very
23  detailed and provide all of the information Google needs.  Perfect 10 was not

_____

[1] Because of Google's numerous violations of the local rules, Perfect 10 asked
25  Google to withdraw the Joint Stipulation and provide Perfect 10 with a new Joint
26  Stipulation that complies with Local Rule 37-2.1.  Google refused to do so.  *See*
27  Declaration of Jeffrey N. Mausner, submitted separately herewith ("Mausner
Decl."), ¶5 and Exh. 3.

1   required to produce the source documents of its accountant, Bruce Hersh ("Hersh"),

2   because there were no additional documents that Hersh or Perfect 10's counsel

3   expected to refer to, or did refer to, in preparation for Hersh's deposition. *See*

4   October 6, 2009 Order at 3, ¶3a; Mausner Decl. ¶2.  Finally, Perfect 10 did not

5   produce documents in response to certain requests because it simply does not have

6   documents such as sales projections (RFP No. 87), corporate customers (RFP No.

7   95), or marketing plans (RFP No. 171).   In sum, **Perfect 10 has exactly obeyed**

8   **this Court's order.**

9          Google spent approximately 10 hours questioning Hersh during his deposition

10   in February 2012 regarding the 2990 pages of financial statements and tax returns

11   produced by Perfect 10.  Google has all the information it needs.  Questions such as

12   whether payments to models were made for modeling or for legal services are

13   questions that are largely irrelevant and that can only be answered by Dr. Zada.

14   Hersh does not have such information and a bank statement, which is the "source

15   document" that Hersh has, would not provide that information either.  (Hersh

16   Deposition, Exhibit 3 to Kassabian Declaration, pages 29-30, 32.)

17          Furthermore, Google's requests that are the subject of the Motion are either

18   unreasonably burdensome or irrelevant, or Perfect 10 has already produced

19   responsive, non-privileged documents that it could locate upon a reasonable search.

20          Finally, Google's assertion that is entitled to the production of additional

21   materials is unsupportable.  Google contends that it is entitled to additional materials

22   because "[t]he fact that Perfect 10 has never had a profitable year since its inception

23   is highly relevant to refuting P10's claim that Google (as opposed to P10's own

24   misguided business practices) was to blame for P10's financial woes." *See* Section

25   III.B., *infra,* at n.2.  If that is Google's position, Google already has thousands of

26   pages of evidence produced by Perfect 10 which will allow Google to make its

27   points at trial.

28

1    As is evident below, Google has failed to specify, and cannot specify, why it

2    is entitled to production of any additional materials.  The tax returns and detailed

3    financial statements that Perfect 10 has produced are more than sufficient.  Enough

4    is enough.  This Motion is only the latest attempt by Google to harass Perfect 10

5    with a baseless motion to compel that violates the Local Rules.  This Court should

6    protect a smaller litigant such as Perfect 10 from the improper conduct of Google,

7    one of the richest corporations in the world, with unlimited attorneys who are able to

8    pursue dispute after dispute and motion after motion.  Accordingly, as explained in

9    Section IV, below, this Court should deny the Motion, as well as Google's meritless

10   request for sanctions, and instead impose sanctions of at least $3,000 against Google

11   for its violations of Local Rule 37-2.1 in connection with its Motion.

12   **II.    THE DOCUMENT REQUESTS AT ISSUE**

13        **A.    The Court's October 6, 2009 Order**

14              On October 6, 2009, the Court ordered as follows:

15        1.    Perfect 10 is ordered to produce copies of all its periodic and

16   annual financial statements and tax returns to the extent such documents exist,

17   including those in the possession of its outside accountant Bruce Hersh, in complete

18   and unredacted form, with the following two exceptions:

19              a.    With respect to medical expenses, the names of patients

20   and treating physicians may be redacted;

21              b.    With respect to credit card expenses, Perfect 10's credit

22   card numbers may be redacted.

23              Perfect 10 must produce such documents in complete and unredacted

24   form (with the two exceptions noted above) by October 16, 2009.

25        2.    Defendants' request for all source documents Mr. Hersh relied

26   on to prepare the financial statements and allocate expenses and income is granted

27   in part, as follows:

28

1          a.      At least ten (10) calendar days prior to the agreed upon

2    deposition date of its accountant Bruce Hersh, Perfect 10 shall produce to all

3    Defendants copies of all source documents reasonably available to Mr. Hersh which

4    he and Perfect 10's counsel reasonably expect to refer to in order to prepare for his

5    deposition, in order to give meaningful testimony concerning Perfect 10's financial

6    condition.  Such documents shall include Perfect 10's financial statements and tax

7    returns.

8          b.      Mr. Hersh's deposition will proceed as follows:

9    Defendants may depose Mr. Hersh up to one and one-half consecutive days not to

10   exceed a total of 10.5 hours of testimony), after which the parties shall meet and

11   confer regarding whether it is necessary for Mr. Hersh to produce any additional

12   source documents that Mr. Hersh did not already produce, if any, and/or further

13   questioning of Mr. Hersh. If the parties are unable to agree regarding the scope of or

14   need for any further production and/or the necessity of obtaining further testimony

15   from Mr. Hersh, the Court shall conduct a further hearing to decide that dispute.

16

17   **Google's Document Request No. 81:**

18        The Court defers ruling on this Request, without prejudice to Google's

19   renewal of its Motion prior to trial.

20

21   **Google's Document Request No. 87:**

22        Perfect 10 is ordered to produce any projections of sales, revenue, or profits

23   for each of Perfect 10's contemplated or launched products or services that

24   Perfect 10 can locate with a reasonable search. The Court defers ruling on the

25   Request to the extent it requires Perfect 10 to produce "all" such documents.

26

27

28

**Google's Document Request No. 94:**

Perfect 10 is ordered to produce responsive documents to the same extent that the Court has ordered production of back up or source documents by Perfect 10 and/or Mr. Hersh (see Paragraph 3.a, supra).

**Google's Document Request No. 95:**

Perfect 10 is ordered to produce documents sufficient to show Perfect 10's 25 largest corporate or business customers for each calendar year at issue, and for each of its products or service.

**Google's Document Request No. 104:**

Perfect 10 is ordered to produce documents sufficient to show the fact alleged in paragraph 11 of the amended complaint in the Google case, i.e., that Perfect 10's Web site receives approximately 100,000 unique visitors per month (including documents sufficient to show how Perfect 10 determines that a visitor is unique), and further including log files to perfectl0.com that may be located upon a reasonable search.

**Google's Document Request No. 105:**

Perfect 10 is ordered to produce documents sufficient to show the fact alleged in paragraph 14 of the amended complaint in the Google case, i.e., that Perfect 10 has spent millions of dollars advertising and promoting its marks and its products and services; and documents sufficient to show the amounts Perfect 10 earmarked or spent to advertise and promote marks and the amounts Perfect 10 earmarked or spent to advertise and promote products and services.

1    **Google's Document Request No. 108:**

2        Perfect 10 is ordered to produce documents sufficient to show the fact alleged

3 in paragraph 17 of the amended complaint in the Google case, i.e., that the described

4 infringement is "devastating to" and threatens the existence of Perfect 10's business,

5 including documents sufficient to show any financial data demonstrating this effect.

6

7    **Google's Document Request No. 109:**

8        Perfect 10 is ordered to produce documents sufficient to show the fact alleged

9 in paragraph 47 of its answer to Google's counterclaims, i.e., that the revenues

10 Perfect 10 received resulting from searches on Google are substantially less than

11 they should be.

12

13    **Google's Document Request No. 110:**

14        Perfect 10 is ordered to produce documents sufficient to show the fact alleged

15 in paragraph 47 of its answer to Google's counterclaims, i.e., that the damages

16 caused by activities alleged in the amended complaint far exceed any benefit to

17 Perfect 10 from Google.

18

19    **Google's Document Request No. 111:**

20        Perfect 10 is ordered to produce documents sufficient to show the fact alleged

21 in paragraph 11 of the declaration of Norman Zada in support of the motion for

22 preliminary injunction ("Zada Declaration"), i.e., that Perfect 10 invested over $ 36

23 million to develop a respected brand and goodwill, including documents sufficient

24 to show what expenditures are included in this figure (including expenditures other

25 than the $12 million related to photographs described in that paragraph).

26

27

28

**Google's Document Request No. 112:**

Perfect 10 is ordered to produce documents sufficient to show all revenues received by Perfect 10 from movies, television, and videos, as described in paragraphs 12 to 14 of the Zada Declaration.

**Google's Document Request No. 162:**

Perfect 10 is ordered to produce documents sufficient to show any benefit to Perfect 10 resulting from any conduct or action by Google.

**Google's Document Request No. 165:**

Perfect 10 is ordered to produce documents sufficient to show the market share of Perfect 10 in any market in which it claims to compete, including but not limited to the markets for print magazines generally, for adult-oriented magazines, for websites generally, for adult-oriented web sites, for licensing of downloads of images for cell phones generally, and for licensing of downloads of adult-oriented images for cell phones.

**Google's Document Request No. 166:**

Perfect 10 is ordered to produce documents sufficient to show the effect or impact, if any, of any conduct or action by Google on the market share of Perfect 10 in any of the markets in which it claims to compete, including but not limited to the market for print magazines generally, for adult-oriented magazines, for websites generally, for adult-oriented websites, for licensing of downloads of images for cell phones generally, and for licensing of downloads of adult-oriented images for cell phones.

**Google's Document Request No. 167:**

Perfect 10 is ordered to produce documents sufficient to show the effect or impact, if any, of Google's Web Search on the market share of Perfect 10 in any of the markets in which it claims to compete, including but not limited to the market for print magazines generally, for adult-oriented magazines, for websites generally, for adult-oriented websites, for licensing of downloads of images for cell phones generally, and for licensing of downloads of adult-oriented images for cell phones.

**Google's Document Request No. 168:**

Perfect 10 is ordered to produce documents sufficient to show the effect or impact, if any, of Google's Image Search on the market share of Perfect 10 in any of the markets in which it claims to compete, including but not limited to the market for print magazines generally, for adult-oriented magazines, for websites generally, for adult-oriented websites, for licensing of downloads of images for cell phones generally, and for licensing of downloads of adult-oriented images for cell phones.

**Google's Document Request No. 169:**

Perfect 10 is ordered to produce documents sufficient to show the effect or impact, if any, of Google's AdWords program on the market share of Perfect 10 in any of the markets in which it claims to compete, including but not limited to the market for print magazines generally, for adult-oriented magazines, for websites generally, for adult-oriented websites, for licensing of downloads of images for cell phones generally, and for licensing of downloads of adult-oriented images for cell phones.

**Google's Document Request No. 170:**

Perfect 10 is ordered to produce documents sufficient to show the effect or impact, if any, of Google's AdSense program on the market share of Perfect 10 in

01980.51320/4696345.1

1  any of the markets in which it claims to compete, including but not limited to the

2  market for print magazines generally, for adult-oriented magazines, for websites

3  generally, for adult-oriented websites, for licensing of downloads of images for cell

4  phones generally, and for licensing of downloads of adult-oriented images for cell

5  phones.

6

7  **Google's Document Request No. 171:**

8       Perfect 10 is ordered to produce documents sufficient to show, on a yearly

9  basis, Perfect 10's strategic marketing and advertising plans for the actual or

10  potential sale, delivery, distribution or licensing for sale, of any and all of

11  Perfect 10's products or services.

12

13  **Google's Document Request No. 173:**

14       Perfect 10 is ordered to produce documents sufficient to show any

15  contemplated or proposed transaction in which Perfect 10 would invest in, give

16  money to, buy, make a loan to, fund, or take any financial ownership interest in any

17  person.

18

19  **Google's Document Request No. 174:**

20       Perfect 10 is ordered to produce documents sufficient to show all transactions

21  in which Perfect 10 did invest in, give money to, buy, make a loan to, fund, or take

22  any financial ownership interest in any person.

23

24  **Google's Document Request No. 175:**

25       Perfect 10 is ordered to produce documents sufficient to show any sale,

26  delivery, distribution, licensing, or other transfer of ownership of Perfect 10's

27  alleged copyrighted materials.

28

1  **Google's Document Request No. 176:**

2      Perfect 10 is ordered to produce documents sufficient to show any studies or

3  analyses of Perfect 10's actual, estimated or projected profits and losses from the

4  sale, delivery, distribution or licensing for sale, delivery or distribution of its alleged

5  copyrighted materials.

6

7  **Google's Document Request No. 177:**

8      Perfect 10 is ordered to produce documents sufficient to show the value of

9  Perfect 10' s alleged copyrighted materials, including, without limitation, sufficient

10  financial statements (detailed, consolidated or otherwise).

11

12  **Google's Document Request No. 179:**

13      Perfect 10 is ordered to produce documents sufficient to reflect revenue

14  earned by Perfect 10 as a result of the use, display, transfer, license or sale (on the

15  Internet or through any media) of Perfect 10's alleged copyrighted materials, to the

16  same extent that the Court has ordered production of back up or source documents

17  by Perfect 10 and/or Mr. Hersh (see Paragraph 3.a, supra).

18

19  **Google's Document Request No. 181:**

20      Perfect 10 is ordered to produce documents sufficient to show Perfect 10's

21  efforts to promote or increase revenues generated by perfect10.com.

22

23  **Google's Document Request No. 182:**

24      Perfect 10 is ordered to produce documents sufficient to show Perfect 10's

25  efforts to increase paid memberships in perfect10.com.

26

27

28

**B.      The Google Document Requests Previously Deferred by this Court's October 6, 2009 Order.**

The Court's October 6, 2009 Order deferred ruling on the following requests:

**REQUEST NO. 59:**

All documents concerning any communication by any person regarding Google or this lawsuit.

**RESPONSE TO REQUEST NO. 59:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other priviledges [sic].

**REQUEST NO. 66:**

All documents filed with a court, served upon an opposing party or counsel, or received from an opposing party or counsel, in copyright, trademark, publicity rights, or unfair competition litigation to which you have been a party.

**RESPONSE TO REQUEST NO. 66:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.  Perfect 10 also objects on the grounds that any such documents are publicly available to Google.

1   **REQUEST NO. 81:**

2       Your complete tax and accounting books and full corporate earnings reports,

3   including revenues, costs, and profits reported to national or state tax authorities.

4

5   **RESPONSE TO REQUEST NO. 81:**

6       Perfect 10 objects to this request to the extent that it seeks documents

7   protected by the attorney-client privilege or work product doctrine.  Perfect 10

8   objects to this request on the grounds that it is irrelevant and not limited as to time.

9   Perfect 10 also objects to the production of any documents which fall under a

10   privilege for tax returns.  Without waiving the foregoing objections, Perfect 10 will

11   produce summary financial statements.

12

13   **DOCUMENT REQUEST NO. 98:**

14       All documents concerning the total number of visits to each of your Web

15   pages each year.

16

17   **RESPONSE TO REQUEST NO. 98:**

18       Perfect 10 objects to this request as being vague and ambiguous, overbroad,'

19   and unduly burdensome, and because it seeks irrelevant information.  Perfect 10 also

20   objects to this request to the extent that it seeks documents protected by the

21   attorney-client privilege or work product doctrine.  Subject to, and without waving

22   the foregoing objections and general objections, Perfect 10 will provide log files to

23   that may be located upon a reasonable search, as well as sign-up information from

24   the third-party processor for perfect10.com.

25

26   **DOCUMENT REQUEST NO. 99:**

27       All documents concerning the number or frequency of visits to each of your

28   Web pages by customers who have paid a fee to enter the site.

**RESPONSE TO REQUEST NO. 99:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will provide log files to that may be located upon a reasonable search, as well as sign-up information from the third-party processor for perfect10.com.

**DOCUMENT REQUEST NO. 100:**

All documents concerning the number or frequency of visits to each of your Web pages by customers who have not paid a fee to enter the site.

**RESPONSE TO REQUEST NO. 100:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will provide log files to that may be located upon a reasonable search, as well as sign-up information from the third-party processor for perfect10.com.

**DOCUMENT REQUEST NO. 101:**

All documents concerning the rate at which visitors to each of your Web pages eventually become paying customers.

**RESPONSE TO REQUEST NO. 101:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will provide log files to that may be located upon a reasonable search, as well as sign-up information from the third-party processor for perfect10.com.

**DOCUMENT REQUEST NO. 102:**

All documents concerning how consumers reached each of your Web pages or how consumers became aware of your Web pages and all documents identifying such sources for consumers to reach your Web pages.

**RESPONSE TO REQUEST NO. 102:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will provide log files to that may be located upon a reasonable search, as well as sign-up information from the third-party processor for perfect10.com.

**REQUEST NO. 154:**

All documents concerning your detection of, or countermeasures relating to, unauthorized use of passwords to gain access to your websites or computer networks.

1    **RESPONSE TO REQUEST NO. 154:**

2         Perfect 10 objects to this request as being overly broad and unnecessarily

3    burdensome, and seeking information which is not relevant to the claims or defenses

4    in this action.  Perfect 10 further objects to this Request to the extent it calls for

5    matters protected under the attorney-client privilege and/or work product doctrine.

6    Subject to, and without waiving the foregoing objections and general objections,

7    Perfect 10 has produced server logs and other evidence of unauthorized downloads

8    and will continue to provide such information.  Most of this material was included

9    in Perfect 10's April 18, 2006 production, in the folders, "passwords Google,"

10   "passwords reports," and "server logs."  Perfect 10 will produce additional non-

11   privileged documents it is able to locate upon a reasonable search.

12

13   **III.   GOOGLE'S POSITION**

14        **A.    Factual Background**

15        On October 6, 2009, the Court issued an order regarding the production of

16   financial documents, including documents related to the then-impending deposition

17   of Mr. Hersh.  *See* Kassabian Decl., Exh. 2 (Dkt. No. 560).  The Order required

18   Perfect 10 to produce: (1) "copies of all of its periodic and annual financial

19   statements and tax returns to the extent such documents exist, including those in the

20   possession of its outside accountant Bruce Hersh, in complete and unredacted form"

21   and (2) "copies of all source documents [relied upon to prepare the financial

22   statements] reasonably available to Mr. Hersh which he and Perfect 10's counsel

23   expect to refer to in order to prepare for his deposition, in order to give meaningful

24   testimony concerning Perfect 10's financial condition."  *Id.* at 2- 3.  The Court

25   deferred hearing disputes regarding the need for further productions related to Mr.

26   Hersh's deposition until after the deposition was taken.  *Id.* at 3-4.  At the same

27   time, the Court also ordered Perfect 10 to produce documents responsive to 26

28

1 different finance and damages-related document requests propounded by Google.

2 *Id.* at 4:7-8:23.

3      After several postponements, the parties scheduled Mr. Hersh's deposition on

4 February 21, 2012.  Nine days prior to his deposition, Perfect 10 still had not

5 produced **_any_** of the source materials upon which Mr. Hersh must have relied in

6 preparing the financial statements – not a single email, receipt, invoice, purchase

7 order, checkbook register, payroll statement, 1099 statement, credit card statement,

8 or the like.  Kassabian Decl. ¶ 8.  Given the short amount of time before Mr. Hersh's

9 deposition, Google filed an *ex parte* application with the Court raising its concerns

10 that Mr. Hersh would not be able to provide full and meaningful testimony without

11 these documents, as required in the October 6, 2009 Order.  *See* Dkt. No. 1095.  The

12 Court declined to hear the issue on a "same-day emergency basis."  *See* February 13,

13 2012 Order (Dkt. No. 1096).

14      On February 21, 2012, Google deposed Mr. Bruce Hersh.  During the

15 deposition, Mr. Hersh ████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ██████████████████████████████████████████████

21 ████████████████████████

22      ████████████████████████████████████

23      ████████████████████████████████████

24      ████████████████████████████████████

25      ████████████████████████████████████

26      ██████████████████████████

27      ████████████████████

28      ███

JOINT STIPULATION ON GOOGLE'S MOTION TO ENFORCE PRODUCTION OF DOCUMENTS

01980.51320/4696345.1

Case No. CV 04-9484 AHM (SHx)

JOINT STIPULATION ON GOOGLE'S MOTION TO ENFORCE PRODUCTION OF DOCUMENTS

1 █████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████

4     Mr. Hersh also testified █████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████

8 ███████████████████████   These documents were responsive to requests

9 upon which the Court deferred ruling in May 2006 and October 2009.  See

10 Kassabian Decl. Exh. 4 (Dkt. No. 164) and Exh. 5 (Dkt. No.560).  For these reasons,

11 the deposition of Mr. Hersh was not formally closed when testimony concluded on

12 February 21, 2012.  *See id.* at 353:12-22.

13     On March 7, 2012 and dates thereafter, Google met and conferred with

14 Perfect 10 to address the production deficiencies that came to light during Mr.

15 Hersh's deposition.  Kassabian Decl., Exh. 5.  In response, Perfect 10 has failed to

16 produce any of the requested documents, except for three pages of a single exhibit

17 that had been improperly redacted.  Kassabian Decl., ¶ 9.

18    **B.**    **Perfect 10 Should Be Ordered to Comply With this Court's**

19         **October 6, 2009 Order Regarding Financial Documents**

20         1.   P10's Financial Statements Produced Are Uniformly Incomplete,

21             In Violation of the 2009 Order

22     Contrary to the Court's Order, the general ledger portions of the financial

23 statements produced by Perfect 10 are riddled with improper redactions and

24 omissions.  Mr. Hersh testified ████████████████████████

25 ███████████████████████████████████████

26 ███████████████████████████████████████

27 ████████████████████████████████████

28 ████████████████████████████████████████████

1 ██████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6     ████████████████████████████████████████

7     ██████████

8     ██████████████████████████████████████████████

9     ██████████████████████████████████

10     ████████████████████████████████████████

11     ████████████████████████████████████████████

12     ██████████████████████████████████████████████

13     ███████████████████████████████████████████████

14     ██████████████████████████████████████████████

15     ██████████████████

16     ████████████████████████████████████████████

17     ████████████████████████████████████████████

18     ██████████████████████████████████████████████

19     ███████████████████████████████████████████

20     ██████████████

21     ██████████████

22 ████████████████████████████████ These incomplete notations

23 violate the Court's October 6, 2009 Order to produce the financial statements in

24 "complete and unredacted form."  Kassabian Decl. Exh. 2 at 2:15-16.  P10's

25 election to manually create PDF screenshots of these electronic files renders them

26 effectively useless.  Indeed, Mr. Hersh ████████████████████████████████

27 ████████████████████████████████████████████████████████████

28 ██████████████

As a simple solution to this problem, Google has asked that Perfect 10 produce the QuickBooks files in their original electronic format, which are readily available to Perfect 10.  Kassabian Decl. Exh. 5.  Perfect 10 has refused.  The Court should enforce its previous Order and require Perfect 10 to produce the complete electronic copies of these Quickbooks files containing the general ledger portions of all of Perfect 10's financial statements.

 2. <u>Perfect 10 Has Not Produced Any Source Documents As Required by the Order</u>

The Court's October 6, 2009 Order clearly required Perfect 10 to produce "all source documents reasonably available to Mr. Hersh which he and P[erfect] 10's counsel expect to refer to in order to prepare for his deposition, in order to give meaningful testimony concerning Perfect 10's financial condition."  Kassabian Decl., Exh. 2 at 3:18-21.   The Order also required Perfect 10 to provide these same documents in response to Google's Request No. 94.  *Id.* at 4:14-17.[2]

After this Order, however, Perfect 10 neither produced any source documents nor adequately prepared Mr. Hersh for his deposition.   Throughout his deposition, Mr. Hersh ████████████████████████████████████
████████████████████████████████████████████████████

---

[2]  The Order confirmed Google's right to both these financial documents as well as meaningful testimony from Mr. Bruce Hersh, given that Perfect 10 claims to be seeking either actual or statutory damages.  *See, e.g. Fryer v. Brown*, 2005 WL 1677940, at *6 (W.D. Wash. 2005) (when "[p]laintiff seeks monetary damages … all information related to the financial and sales data of plaintiff's company is relevant"; *Los Angeles News Service v. Reuters Television Int'l., Ltd.*, 942 F. Supp. 1275, 1282 (C.D. Cal. 1996) ("the determination of statutory damages within the applicable limits may turn upon such factors as … the revenues lost by the plaintiff[] as a result of the defendant's conduct"), *rev'd in part on other grounds*, 149 F. 3d 987 (9th Cir. 1998).  The fact that Perfect 10 has never had a profitable year since its inception is highly relevant to refuting P10's claim that Google (as opposed to P10's own misguided business practices) was to blame for P10's financial woes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980.51320/4696345.1

Case No. CV 04-9484 AHM (SHx)

JOINT STIPULATION ON GOOGLE'S MOTION TO ENFORCE PRODUCTION OF DOCUMENTS

1 ███████████████████████████████

2 ████████████████████████████████████

3 ███████████████████████████████████

4 ██████████████████████

5 █████████████████████████████████████

6 █████████████████████████████████████

7 ████████████████████

8 ████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████████

11 █████████████████████████████████████████████████████████████

12 █████████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████

14 ██████████████████████████████████

15   ███████████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ███████   Google respectfully asks that the Court enforce its previous Order and

19 require Perfect 10 to produce these source documents, so that Google can further

20 question Mr. Hersh in deposition.

21              3.      P10 Has Not Produced Emails Between Mr. Hersh and Perfect

22                      10 Regarding This Litigation, as Required by the Order.

23 Mr. Hersh also testified ████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████████

25 ███████   The Court previously ordered P10 to produce such communications.

26 Kassabian Decl., Exh. 4 (Dkt. No. 164) at 19:9-10 (ordering P10 to produce

27 documents that "mention or refer to the claims in this lawsuit against Google or this

28

1    lawsuit.")  The Court should enforce its previous Order and require P10 to produce

2    these emails.

3          4.     <u>P10's Production of Various Other Categories of Financial</u>

4                <u>Documents Previously Ordered Produced Appears Deficient.</u>

5        The October 6, 2009 Order also required Perfect 10 to produce documents in

6    response to 26 of Google's financial-related document requests.  Kassabian Decl.,

7    Exh. 2 (Dkt. No. 560) at 4:7-18:2.  Some of the requests seek documents

8    substantiating specifically identified factual allegations that Perfect 10 has made

9    throughout the course of this litigation (Request Nos. 104,105, 108, 109, 110, and

10    111).  A significant portion of the previously ordered requests relate to Perfect 10's

11    revenues, its market share, and the impact of Google's products and services on

12    Perfect 10's business (Request Nos. 95, 112, 162, 165, 166, 167, 168, 169, and 170).

13    The remainder address a variety of core issues in this case, such as Perfect 10's

14    market strategies and efforts (Request Nos. 171, 181, and 182), Perfect 10's

15    investments (Request Nos. 173, and 174) , ownership and valuation of Perfect 10's

16    alleged copyrighted materials (Request Nos. 175, 177, and 179), and Perfect 10's

17    profit and loss projections (Request Nos. 87 and 176).

18        Despite the clarity of the Court's Order, however, Perfect 10 has not – as best

19    Google can discern – produced complete responsive documents.  Kassabian Decl., ¶

20    10.  P10 must be ordered to comply with the 2009 Order immediately.

21    **C.**     **The Court Should Now Order Perfect 10 to Produce Documents in**

22          **Response to Requests Upon Which the Court Had Previously**

23          **Deferred Ruling.**

24        The 2009 Order deferred ruling on various finance and damages-related

25    document requests which are now ripe for adjudication.  Google asks that the Court

26    now grant its prior motion as to those requests.  Specifically:

27        (1)     Request Nos. 98-102 seek documents relating to the frequency of

28    visitors to Perfect 10's website.  The Court previously deferred ruling on these

Case No. CV 04-9484 AHM (SHx)

1  Requests.  Kassabian Decl., Exh. 2(Dkt. No. 560) at 2:24-28, 4:20-25.  The
2  documents sought by 98-102 are directly relevant to the issue of damages.  Google
3  is entitled to all documents related to any actions taken by Perfect 10 to mitigate its
4  damages, including efforts to block allegedly infringing users from its sites, its
5  investigation and use of copy-protection technologies, and its use of image
6  recognition technology.  Moreover, in an Internet-based business, web traffic and
7  membership are as financially significant as sales volumes and revenues.  In order to
8  assess and refute Perfect 10's damages claims, Google needs all documents that
9  reflect this information, including any computer programs used to analyze web-
10  traffic and membership activity, the results of those programs, any summary
11  documents, and any reports or communications regarding traffic and membership to
12  Perfect 10's web pages.  Consequently, Perfect 10 should be ordered to produce all
13  documents responsive to Request Nos. 98-102.
14          (2)    Request No. 154 seeks documents related to "unauthorized use
15  of passwords" to gain access to Perfect 10's websites.   The Court's October 6, 2009
16  ruling did not reach Request No. 154, although it had been the subject of an earlier
17  motion.  Kassabian Decl., Ex. 2 (Dkt. No. 560) at 2:24-27.  This Request is directly
18  related to the claims of contributory liability set forth in Perfect 10's Second
19  Amended Complaint, in which Perfect 10 alleges that Google is secondarily liable
20  for any copyright infringement by individuals who gain authorized access to Perfect
21  10's website through login and password information that was located using
22  Google's search services.  Second Amended Complaint, ¶ 26(e).  So long as Perfect
23  10 chooses to predicate Google's liability on the availability of these passwords on
24  the Internet, Perfect 10 should be required to produce documents responsive to
25  Request No. 154.
26          (3)    Google's Document Request No. 81 sought complete tax records
27  for Perfect 10.  When Google moved to compel on this request, the Court deferred
28  ruling on it, without prejudice to Google's renewal of the motion.  *See* Kassabian

1  Decl., Exh. 2 at 4:7-8.  Mr. Hersh testified ████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████  These

4  documents should be produced now.

5         (4)    Google's Document Request No. 66 seeks all documents related

6  to previous litigation involving Perfect 10.  When Google moved to compel this

7  document request, the Court ordered all transcripts of depositions of Norman Zada

8  be produced and deferred ruling on the remainder of the request.  Kassabian Decl.,

9  Exh. 4 (Dkt. No. 164) at 18:22-19:1.  During his deposition, Mr. Hersh testified ████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████  The Court should order that

12  these transcripts should be produced now.

13      **D.**    **Good Cause Exists for Sanctioning Perfect 10**

14      In failing to produce source documents prior to Mr. Hersh's deposition and

15  failing to properly prepare Mr. Hersh with those source documents, Perfect 10 has

16  flouted the Court's October 6, 2009 Order, and forced Google to incur substantial

17  unnecessary fees.  As the transcript reflects (and as Google expected), Mr. Hersh

18  could not provide the testimony Google needed regarding Perfect 10's finances

19  without having the source documents handy.  Even after Mr. Hersh made clear at his

20  deposition ████████████████████████████, P10 *still* refused to

21  produce them -- despite the directives of the October 6, 2009 Order which expressly

22  contemplated that very thing.  Kassabian Decl., Exh. 2 at ¶ 3(b); Kassabian Decl.,

23  Exh. 5 & ¶ 6.  Thus, Google has now been forced to seek further relief from the

24  Court, and will need to incur the additional expense of deposing Mr. Hersh for a

25  second day to get the answers it was entitled to the first time around.

26      Perfect 10's withholding of critical evidence not only shows a disregard for

27  the Court's authority, but it also continues to prejudice Google.  Not only was Mr.

28  Hersh unable to testify to key questions concerning Perfect 10's financial condition,

1   but Google's 30(b)(6) deposition of Perfect 10, which is scheduled to start on April

2   17 (before the hearing on this motion), will be equally hampered without these

3   documents.  Thus, Google likely will be forced to bring yet another motion seeking

4   additional deposition time with Perfect 10 following the production of these

5   previously-ordered financial materials.  All of this could have been avoided if P10

6   has simply honored this Court's prior order.

7         The Federal Rules, applicable case law, and the Court's inherent powers all

8   support the imposition of sanctions in such circumstances.  *See*  Fed. R. Civ. P.

9   37(b)(2)(A) (the court "may issue further just orders" for not obeying discovery

10   orders); *Roadway Exp., Inv. v. Piper*, 447 U.S. 752, 766 (1980) ("assess[ing]

11   attorney's fees for the willful disobedience of a court order" within the Court's

12   inherent powers).   Perfect 10 has no excuse for its behavior.  Sanctions are

13   appropriate here.  Accordingly, Google respectfully asks that Perfect 10 be required

14   to pay the costs associated with continuing the depositions of Mr. Hersh and Perfect

15   10 following P10's production of the above-referenced materials.

16  **IV.**    **PERFECT 10'S POSITION**

17      **A.**    **A.This Court Should Deny Google's Motion Because Perfect 10**

18             **Has Not Violated This Court's October 6, 2009 Order**

19         The entire underlying premise of Google's Motion – that Perfect 10 has

20   violated this Court's October 6, 2009 Order – is simply false.  Google has not

21   established, and cannot establish, any violation by Perfect 10.  On the contrary,

22   **Perfect 10 has completely complied with this Court's Order and has produced**

23   **everything it was ordered to produce.**

24         This Court's October 6, 2009 Order provides, in language that Google has

25   failed to quote in its portion of the Joint Stipulation, that Perfect 10 was required to

26   produce documents only "**to the extent that they have not already been**

27   **produced, and to the extent that they exist and can be located with a reasonable**

28   **search."** October 6, 2009 Order at 8-9, found at Kassabian Decl., Exh. 2 (emphasis

1    added).  Perfect 10 did exactly that; it produced non-privileged responsive

2    documents that it could locate upon a reasonable search, that had not already been

3    produced.  The 2,990 pages of detailed financial records and tax returns that Perfect

4    10 produced are more than sufficient to comply with the requests for production of

5    documents at issue.  Perfect 10 simply does not have documents such as sales

6    projections, strategic advertising or marketing plans, or documents identifying

7    corporate customers.  *See* RFP Nos. 87, 171, 95.  Perfect 10 cannot be compelled to

8    produce what it does not have.

9         Google has received detailed information regarding Perfect 10's financial

10   condition, which clearly establishes Perfect 10's losses.  By contrast, Google has

11   refused to provide Perfect 10 with information that is critical to Perfect 10's case,

12   such as the identities of the webmasters that Google hosts in its Blogger program

13   that have infringed Perfect 10's copyrighted works and the identities of the affiliates

14   in Google's AdSense advertising program that have infringed Perfect 10's

15   copyrighted works, and this Court has upheld Google's objections.

16        This case has cost Perfect 10 more than $7 million in attorney's fees, has

17   already lasted eight years, and is a clear demonstration that there is no effective

18   protection for copyright in this country.  The unfair, one-sided discovery in this case

19   needs to end.  Accordingly, this Court should deny Google's Motion.

20   **B.    B.Google's Multiple Violations Of Local Rule 37-2.1 Provide**

21   **Independent Grounds To Deny Google's Motion**

22        Local Rule 37-2.1, which applies to Joint Stipulations  that must be submitted

23   in connection with discovery motions such as this one, provides, in relevant part, as

24   follows:

25        **The stipulation shall contain all issues in dispute and,**

26        **with respect to each such issue, the contentions and**

27        **points and authorities of each party.**  The stipulation

28        shall not refer the Court to any other documents.  For

example, **if the sufficiency of an answer to an**
**interrogatory is in issue, the stipulation shall contain,**
**verbatim, both the interrogatory and the allegedly**
**insufficient answer,** followed by each party's contentions
as to that particular interrogatory, separately stated. **If the**
**allegations made in a prior filing are relevant, a copy of**
**that prior filing should be attached as an exhibit.**

Local Rule 37-2.1 (emphasis added).  Here, the Joint Stipulation submitted by
Google to Perfect 10 violates Local Rule 37-2.1 in multiple ways.

First, the Joint Stipulation fails to contain, verbatim, both the request for
production **and Perfect 10's response thereto** for the document requests at issue in
Section II.A of the Joint Stipulation.  Had Google complied with the local rules, and
included Perfect 10's responses. it would have been clear to this Court that Perfect
10 had produced documents in response to the requests set forth in Section II.A.

Second, Google has failed to include as exhibits numerous relevant prior
filings – the previous Joint Stipulation and Perfect 10's supplemental memo
regarding the previous motion that led to this Court's October 6, 2009 Order.  The
allegations in these prior filings are unquestionably relevant; indeed, in Section II.B
of the Joint Stipulation, Google is now asking this Court to rule on the very
document requests that were the subject of this previous motion.  Had Google
complied with the local rules, and included these relevant prior filings, it likewise
would have been clear to the Court that Perfect 10 already has produced responsive,
relevant documents in connection with the requests at issue in this Motion.

Third, the Joint Stipulation fails to include Perfect 10's verbatim responses to
requests for production of documents that are the subject of Google's Motion.  In
particular, the Joint Stipulation fails to include Perfect 10's amended responses to
requests such as RFP Nos. 59 and 66.

1    Finally, and most incredibly, Google's portion of the Joint Stipulation quotes

2 various portions of this Court's October 6, 2009 Order, but fails to quote language

3 from the end of the Order providing that Perfect 10 is only ordered to produce

4 documents **"to the extent that they have not already been produced, and to the**

5 **extent that they exist and can be located with a reasonable search**, by October

6 26, 2009." October 6, 2009 Order at 8-9 (emphasis added).

7    Google's numerous violations of Local Rule 37-2.1 described above provide a

8 separate and independent basis for this Court to deny Google's Motion.

9    **C.    Google's False And Misleading Assertions Provide No Basis For**

10         **This Court To Grant Its Motion**

11    Google's portion of this Joint Statement is filled with false and misleading

12 assertions regarding such matters as the documents produced by Perfect 10 and

13 Bruce Hersh's deposition testimony. None of these mistaken contentions supports

14 the relief that Google is seeking.

15    First, Google suggests that, during his deposition, Hersh "was unable to tell

16 how much of Perfect 10's revenues came from its magazine business, website

17 business, litigation settlements or other sources." This suggestion is simply a red

18 herring. First, Perfect 10 stopped publishing its magazine in June 2007. Second,

19 Google can easily determine from the financial statements produced by Perfect 10

20 what monies Perfect 10 received from settlements. If Google cannot make this

21 obvious determination, Google can simply ask Dr. Zada at his upcoming deposition

22 and the Rule 30(b)(6) deposition of Perfect 10, currently set for April 17 and 18,

23 2012. Third, to the extent it matters what percentage of Perfect 10's non-settlement

24 revenues come from its magazine or its website (and Perfect 10 contends that such a

25 breakdown is irrelevant), Perfect 10's financial statements provide that information.

26 *See* Mausner Decl., Exh. 2 (page from Perfect 10 financial statement with separate

27 entries under Income for "Advertising income," "Internet," and "Newsstand Sales");

28 Exh. 1, p. 242 (same).

1    Second, Google misleadingly quotes statements from Hersh during his

2  deposition ██████████████████████████████████████████████

3  ███████████████████████████████ These misleading

4  quotations are irrelevant ███████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████

8  ████████████████████████████████████████████████ But

9  Google knows about all of Perfect 10's settlement payments, and is just playing

10  dumb.  Moreover, if Google lacks certain information regarding these payments, it

11  can ask Dr. Zada during the course of his upcoming deposition.  Google's

12  misleading contentions provide no grounds for it to continue the questioning of

13  Bruce Hersh.  This is particularly true here, where Google has already deposed

14  Hersh for close to 10 hours and Judge Matz limited Perfect 10's deposition of

15  Google's key witness, Shantal Rands Poovala, to only four hours.

16    Third, Google's unsupported assertion that this Court should order Perfect 10

17  to turn over its entire accounting system in electronic format, simply because there

18  were a few instances where the entire field did not print, lacks merit.   Google has

19  not demonstrated the significance of any instance where an entire field did not print.

20  Furthermore, requiring Perfect 10 to produce its entire accounting system in

21  electronic format would give Google access to medical information and credit card

22  numbers that this Court has already ordered must be redacted.

23    Fifth, Google's statement that "[c]ontrary to the Court's Order, the general

24  ledger portions of the financial statements produced by Perfect 10 are riddled with

25  improper redactions and omissions" [*see* Joint Stipulation at 20] is utterly false.

26  Google has been able to identify only three mistaken redactions in the thousands of

27  pages produced by Perfect 10, and Perfect 10 provided an unredacted copy of those

28

1   three pages when Google raised the issue.  Mausner Declaration, ¶6, Exh. 4.

2   Google's mistaken and misleading contention provides no basis to grant the Motion.

3         Sixth, Google misleadingly claims that Perfect 10 has violated this Court's

4   October 6, 2009 Order with respect to RFP No. 58.  Perfect 10 is not aware of any

5   non-privileged and non-work product communications between Mr. Hersh and

6   Perfect 10 that mention or refer to claims in this lawsuit against Google.  For this

7   reason, Google's claim fails.

8         Seventh, Google seeks to make much of the fact that Mr. Hersh ███████

9   ████████████████████████████████████████████.  First,

10  this distinction should make no difference, because both are needed expenses.

11  Second,  a "source document" such as a bank statement or cancelled check would

12  not answer that question either.  If Google needs an answer to this question, it

13  should ask Dr. Zada, not Mr. Hersh.

14        Eighth, there is no basis for this Court to allow Google to review all

15  communications between Mr. Hersh and the Internal Revenue Service.  Such

16  communications are irrelevant and privileged.

17  **D.    Google's Requests For Production Are Unreasonably Burdensome,**

18  **Irrelevant And Unnecessary**

19        Google's requests for production listed in Section II.B of this Joint Stipulation

20  are designed simply to harass Perfect 10.  They are unreasonably burdensome and

21  unnecessary and seek documents that have no relevance to this action.  Moreover,

22  Perfect 10 has provided the responsive, relevant, non-privileged documents that it

23  could locate upon a reasonable search in response to many of these requests.  For

24  example, Perfect 10 has no documents responsive to RFP No. 171, which seeks

25  Perfect 10's strategic marketing plans.  With respect to various other requests,

26  Perfect 10 has no responsive documents other than its server logs, which have

27  already been produced to Google and will be included again in Perfect 10's

28  upcoming document production.  Google is able to analyze those server logs if it so

1  chooses.  The issue that is relevant is the amount of Perfect 10's losses, which

2  should not be in dispute because of the thousands of pages of financial documents

3  that Perfect 10 has produced.   In addition, Perfect 10 has produced work for hire

4  agreements, assignment agreements, deposit materials, and massive spreadsheets

5  that provide detailed ownership and other information for 46,087 copyrighted

6  images.  Enough is enough.

7        In contrast to more than 500 Gigabytes of documents that Perfect 10 has

8  produced, Google has produced no financial records of any kind regarding payments

9  to or from websites that have infringed Perfect 10's copyrights.  Nor has Google

10  produced communications with AdSense affiliates that it was ordered to produce.

11  Google has failed to produce more than a few sheets of its DMCA log for web

12  search or image search; more than a tiny percentage of its termination notices; or

13  documents sufficient to provide the identities of any of the Google hosted

14  webmasters that have infringed Perfect 10 copyrights in Google's Blogger program.

15  Google has failed to produce almost everything that Perfect 10 has asked for in

16  discovery in this case.  Under these circumstances, this Court should not force

17  Perfect 10 to produce additional documents that Google does not need and to which

18  it is not entitled.

19  **V.    FINAL STATEMENTS**

20        **A.    Google's Final Statement and Requested Relief**

21              For the foregoing reasons, Google respectfully requests that its Motion

22  be granted.  The Court should enforce its October 6, 2009 Order and require Perfect

23  10 to produce complete and unredacted financial statements, all financial source

24  documents used to prepare those statements, all email communications between Mr.

25  Hersh and Perfect 10 regarding this case, and all documents responsive to Request

26  Nos. 87, 94, 95, 105, 108, 109, 110, 111, 112, 162, 165, 166, 167, 168, 169, 170,

27  171, 173, 174, 175, 176, 177, 179, 181, and 182.  The Court should also now rule on

28  those Requests that had previously been deferred, and require Perfect 10 to produce

1  responsive documents without delay.  Finally, as a sanction for disobeying the

2  Court's prior Order, Perfect 10 should be required to pay the expenses associated

3  with continuing the depositions of Mr. Hersh and the Perfect 10 30(b)(6) deposition.

4  **B.    Perfect 10's Final Statement and Requested Relief**

5      As the discussion in Section I.B and Section IV clearly demonstrates, Perfect

6  10 has not violated this Court's October 6, 2009 Order.  Rather, Perfect 10 has

7  produced all responsive non-privileged documents that it could locate upon a

8  reasonable search, that had not already been produced -- exactly what the portion of

9  the Court's Order that Google neglected to include in its portion of this Joint

10 Stipulation required.  Perfect 10 has produced approximately 2,990 pages of

11 periodic and annual financial statements and tax returns as ordered by the Court.

12 Google has all the information it needs, and more, regarding Perfect 10's finances.

13 Moreover, the requests for production of documents at issue in Section II.B of this

14 Joint Stipulation are unreasonably burdensome, overbroad, and irrelevant, or Perfect

15 10 has produced all responsive documents it could locate upon a reasonable search.

16     In short, Google's Motion is yet another baseless and misguided attempt to

17 further harass Perfect 10, in violation of Local Rule 37-2.1.  For all of the reasons

18 set forth above, this Court should deny Google's Motion in its entirety and award

19 sanctions of at least $3,000 in favor of Perfect 10 and against Google for Google's

20 violation of the Local Rules.

21 DATED: April 9, 2012              QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
22

23                                 By Rachel Henick Kassabian

24                                    Rachel Herrick Kassabian
                                     Attorneys for Defendant GOOGLE INC.
25

26

27

28

1   DATED: April 9, 2012          LAW OFFICES OF JEFFREY N. MAUSNER

2

3                                  By /s/ *Jeffrey N. Mausner*

4                                      Jeffrey N. Mausner
                                       David Schultz
5                                      Attorneys for Plaintiff Perfect 10, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28