1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Michael T. Zeller (Bar No. 196417)
2     michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:  (213) 443-3100
      Charles K. Verhoeven (Bar No. 170151)
5     charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111
      Rachel Herrick Kassabian (Bar No. 191060)
7     rachelkassabian@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
8  Redwood Shores, California 94065

9  Attorneys for Defendant GOOGLE INC.

10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  PERFECT 10, INC., a California          CASE NO. CV 04-9484 AHM (SHx)
    corporation,
14                                          **DISCOVERY MATTER**
                    *Plaintiff,*
15                                          **DECLARATION OF RACHEL**
           vs.                              **HERRICK KASSABIAN IN**
16                                          **SUPPORT OF GOOGLE INC.'S**
    GOOGLE INC., a corporation; and         **MOTION TO ENFORCE THE**
17  DOES 1 through 100, inclusive,          **COURT'S OCTOBER 6, 2009**
                                            **ORDER COMPELLING THE**
18                  *Defendants.*           **PRODUCTION OF PERFECT 10's**
                                            **FINANCIAL DOCUMENTS, AND**
19                                          **MOTION TO COMPEL**
                                            **PRODUCTION OF DOCUMENTS**
20                                          **REGARDING PREVIOUSLY-**
                                            **DEFERRED REQUESTS**
21
                                            Hon. Stephen J. Hillman
22
                                            **PUBLIC REDACTED VERSION**
23

24                                          Date:    April 30, 2012
                                            Time:    2:00 p.m.
25                                          Crtrm.:  550

26                                          Discovery Cut-off:    May 1, 2012
                                            Pretrial Conference:  January 14, 2013
27                                          Trial Date:           January 28, 2013

28

1    I, Rachel Herrick Kassabian, declare as follows:

2    1.    I am a member of the bar of the State of California and an attorney with

3    Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google Inc.

4    ("Google") in this action.  I make this declaration of my personal and firsthand

5    knowledge and, if called and sworn as a witness, I could and would competently

6    testify thereto.

7    2.    Attached as Exhibit 1 is a true and correct copy of the Subpoena to

8    Produce Documents, Information or Objects or to Permit Inspection of Premises that

9    Google served on Bruce Hersh on August 21, 2009.

10   3.    Attached as Exhibit 2 is a true and correct copy of this Court's October

11   6, 2009 Order (Dkt. No. 560).

12   4.    On February 10, 2012, in advance of the deposition of its accountant,

13   Bruce Hersh, Perfect 10 produced various copies of its tax returns and financial

14   statements.  These materials contained improper redactions and omissions of various

15   kinds.  Perfect 10 did not produce any of the source documents used to generate

16   those financial records in advance of the Hersh deposition.

17   5.    On February 21, 2012, I deposed Perfect 10's accountant Bruce Hersh.

18   Attached as Exhibit 3 is a true and correct copy of excerpts of the transcript of that

19   deposition. During the deposition, Mr. Hersh testified ███████████

20   ████████████████████████████████████

21   ████████████████████████████.

22   6.    Attached as Exhibit 4 is a true and correct copy of this Court's May 19,

23   2006 Order (Dkt. No. 164).

24   7.    Attached as Exhibit 5 is a true and correct copy of a letter I sent to

25   Jeffrey Mausner, counsel for Perfect 10, on March 7, 2012, in Google's effort to

26   meet and confer with Perfect 10 regarding (among other things) Mr. Hersh's

27   inability to answer numerous questions regarding Perfect 10's financial affairs

28   without having access to the underlying source documents that were used to

1 generate Perfect 10's financial statements.  Despite Google's requests, to date,

2 Perfect 10 has refused to produce any of these source documents.

3      8.     Attached as Exhibit 6 is a true and correct copy of a page from the

4 Perfect 10's General Ledger for August 31, 2004 ███████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████.  During the

11 meet and confer process we asked Perfect 10 to re-produce these files in their

12 original electronic format, but to date, Perfect 10 has not done so.

13      9.     On March 19, 2012, Perfect 10 supplemented its production of Hersh-

14 related documents by producing three pages from Perfect 10's 2001 financial

15 statement that had been improperly redacted.  Other than these three pages, Perfect

16 10 has not remedied any of the deficiencies Google identified in Perfect 10's

17 financial production via my March 7, 2012 letter.

18      10.    I am informed and believe that attorneys for Google have reviewed

19 Perfect 10's various document productions and have been unable to locate

20 documents responsive to the requests at issue in this motion.  Because Perfect 10 has

21 consistently refused to take measures to ensure an orderly production of documents

22 (such as affixing control numbers), it is impossible to ascertain exactly what Perfect

23 10 has produced.  This is especially true given the increasing size of Perfect 10's

24 production, which is now over 500 gigabytes of material.

25     ///

26     ///

27     ///

28

KASSABIAN DECLARATION IN SUPPORT OF JOINT STIPULATION ON FINANCIAL DOCUMENTS

1       I declare under penalty of perjury under the laws of the United States of

2   America that the foregoing is true and correct.  Executed April 9, 2012 at Redwood

3   Shores, California.

4

5

6

7   _Rachel Herrick Kassabian_

8   Rachel Herrick Kassabian

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       Michael T. Zeller (Bar No. 196417)
2       michaelzeller@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
3    Los Angeles, California 90017-2543
     Telephone:  (213) 443-3000
4    Facsimile:  (213) 443-3100
       Charles K. Verhoeven (Bar No. 170151)
5       charlesverhoeven@quinnemanuel.com
     50 California Street, 22nd Floor
6    San Francisco, California 94111
       Rachel Herrick Kassabian (Bar No. 191060)
7       rachelkassabian@quinnemanuel.com
     555 Twin Dolphin Drive, Suite 560
8    Redwood Shores, California 94065

9    Attorneys for Defendant Google Inc.

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13   PERFECT 10, INC., a California         CASE NO. CV 04-9484 AHM (SHx)
     corporation,                           [Consolidated with Case No. CV 05-
14                                          4753 AHM (SHx)]
                  Plaintiff,
15                                          NOTICE OF ISSUANCE OF
           vs.                              SUBPOENAS TO BRUCE HERSH
16
     GOOGLE INC., a corporation; and
17   DOES 1 through 100, inclusive,         Discovery Cutoff: None Set
                                            Pretrial Conference Date: None Set
18                Defendants.               Trial Date:  None Set

19
     AND COUNTERCLAIM
20

21   PERFECT 10, INC., a California
     corporation,
22
                  Plaintiff,
23
           vs.
24
     AMAZON.COM, INC., a corporation;
25   A9.COM, INC., a corporation; and
     DOES 1 through 100, inclusive,
26
                  Defendants.
27

28

51320/3065799.1

**Exhibit 1, Page 004**

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, pursuant to <u>Rule</u> 45 of the <u>Federal Rules of</u>

3   <u>Civil Procedure</u>, Google Inc. has issued the subpoenas attached as Exhibits 1 and 2,

4   requesting the production of specified documents, and deposition upon oral

5   examination, to the following:

6       1)      BRUCE HERSH, CPA (Accountancy Corporation), 17547 Ventura

7   Boulevard, Encino, CA 91316.

8

9   DATED:  August 21, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
10

11

12                              By
                                     Rachel Herrick Kassabian
13                                   Attorneys for Defendant Google Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51320/3065799.1

Case No. CV 04-9484 AHM (SHx) [Consolidated
                                         with Case No. CV 05-4753 AHM (SHx)]
NOTICE OF ISSUANCE OF SUBPOENAS TO BRUCE HERSH

**Exhibit 1, Page 005**

# EXHIBIT 1

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| PERFECT 10, INC., a California corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| GOOGLE INC., a corporation | ) |
| *Defendant* | ) |

Civil Action No.  04-9484 AHM (SHx)

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Bruce Hersh, CPA (Accountancy Corporation)
17547 Ventura Boulevard, Encino, CA 91316

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place:  Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | Date and Time:<br><br>09/04/2009 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  08/21/2009

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Google Inc.
_____ , who issues or requests this subpoena, are:

Thomas Nolan, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017
thomasnolan@quinnemanuel.com, (213) 443-3885

**Exhibit 1, Page 007**

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   04-9484 AHM (SHx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

**Exhibit 1, Page 008**

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 1, Page 009**

## SCHEDULE A

### Definitions

1.      "YOU" or "YOUR" means Bruce A. Hersh, an individual, and/or Bruce A. Hersh, C.P.A., and any of YOUR employees, agents, attorneys or representatives, as well as any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.      "PERFECT 10" means plaintiff and counterclaim defendant Perfect 10, Inc., and all of its employees, agents, attorneys or representatives, including without limitation Norman Zada (formerly known as Norman Zadeh), as well as any other PERSON acting on its behalf, pursuant to its authority or subject to his control.

3.      "GOOGLE" means defendant Google Inc., and any of its employees, agents, attorneys or representatives, as well as any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.      "RELATING TO" means relating to referring to, mentioning, concerning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

5.      "COMMUNICATION" and "COMMUNICATIONS" mean any transmission of information from one PERSON to another, including and without limitation to, letters, memoranda, telephone, facsimile, and electronic messages.

51320/3052695.1                                    1

Exhibit 1, Page 010

6.      "THIS LAWSUIT" means the litigation titled Perfect 10, Inc. v. Google Inc., Case No. 04-9484 AHM (SHx) currently pending in the United States District Court for the Central District of California.

7.      "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

8.      "PERSON" or "PERSONS" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such PERSON.

9.      The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun

Exhibit 1, Page 011

also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information; and "any" includes "all" and vice versa, whenever such construction results in a broader disclosure of documents or information.

### Instructions

1.      YOU are to produce the DOCUMENTS requested herein either (a) in the original file or organizational system in which they are customarily maintained or (b) organized so as to correspond to the specific numbered requests below.  File folders with tabs or labels, or directories of files identifying DOCUMENTS, must be produced intact with such DOCUMENTS.  Documents attached to each other shall not be separated.

2.      If YOU are unable to produce any document requested herein because such document is no longer in existence, or no longer within YOUR possession, custody, or control, YOU are to so state and identify each DOCUMENT by describing its nature and listing its date, author(s) and recipient(s).  In addition, YOU are to describe the circumstances under which each such document ceased to exist or passed from YOUR possession, custody, or control, and identify each PERSON known or reasonably believed to have possession, custody or control of said document by listing such PERSON'S name, business affiliation, address, and telephone number.

3.      If, under a claim of privilege, any DOCUMENTS or things are not produced, YOU must state for *each* DOCUMENT:

a)      The type and title of the DOCUMENT or thing; and

**Exhibit 1, Page 012**

b)    The general subject matter of the content of the DOCUMENT or description of the thing; and

c)    The date of its creation and/or revision(s); and

d)    The identity of the DOCUMENT'S author(s), addressee(s), and recipient(s); and

e)    The nature of the privilege being claimed; and

f)    The facts upon which YOU base YOUR claim of privilege.

This request for production of DOCUMENTS and things is continuing in nature and requires prompt production of supplemental materials if YOU obtain additional responsive DOCUMENTS or things after the time of YOUR initial response, to the full extent provided by Fed. R. Civ. P. 26(e).

## Document Requests

1.    ALL DOCUMENTS prepared by YOU for or on behalf of PERFECT 10, and/or for, or on behalf of, Dr. Norman Zada (formerly known as Norman Zadeh), including, without limitation, financial reports, federal and state income tax returns (and all forms, schedules, and worksheets pertaining thereto), income statements, profit and loss statements, balance sheets, and all drafts of such DOCUMENTS.

2.    ALL DOCUMENTS used, reviewed, or considered by YOU in the preparation of any DOCUMENTS responsive to Request No. 1 above, including without limitation copies of all data, charts, spreadsheets, bank statements, invoices, and payment system statements.

3.    ALL DOCUMENTS provided to YOU by PERFECT 10 and/or Dr. Norman Zada for use, consideration, or review in connection with YOUR preparation of DOCUMENTS responsive to Request No. 1 above.

4.    DOCUMENTS sufficient to identify the source of all information used, reviewed, or considered by YOU in the preparation of any DOCUMENTS responsive to Request No. 1.

5.    All COMMUNICATIONS, including without limitation all e-mail, correspondence, and notes of phone conversations, between YOU and PERFECT 10 or YOU and Dr. Norman Zada, RELATING TO YOUR preparation of any DOCUMENT responsive to Request No. 1 above, RELATING TO services provided by YOU to PERFECT 10, or RELATING TO PERFECT 10's solicitation of YOUR services.

6.    DOCUMENTS sufficient to show YOUR calculations of PERFECT 10's expenses by year for each year since 1996.

7.    DOCUMENTS sufficient to show YOUR calculations of PERFECT 10's revenues by year for each year since 1996.

8.    DOCUMENTS sufficient to show YOUR calculations of PERFECT 10's profits (if any) by year for each year since 1996.

9.    DOCUMENTS sufficient to show YOUR calculations of PERFECT 10's losses by year since 1996.

10.    ALL DOCUMENTS RELATING TO any business relationship between YOU and PERFECT 10, including, without limitation, all contracts, work orders, invoices, agreements, memoranda, notices, correspondence, or other DOCUMENTS reflecting the scope of YOUR work for or on behalf of PERFECT 10.

11.    All COMMUNICATIONS between YOU and PERFECT 10, or between YOU and Dr. Norman Zada, RELATING TO GOOGLE or THIS LAWSUIT.

12.    DOCUMENTS sufficient to show the services provided by YOU to PERFECT 10, including, but not limited to, accounting services.

13.    DOCUMENTS sufficient to identify YOUR employees or former employees with the most complete knowledge of the accounting services provided by YOU to PERFECT 10.

14.    DOCUMENTS sufficient to identify YOUR employees or former employees best able to authenticate any and all documents produced by YOU in response to any Request herein.

15.    All Financial Reports for PERFECT 10, including monthly and annual reports, and including but not limited to all Statements of Revenues Collected and Expenses Disbursed,

**Exhibit 1, Page 014**

all General Ledgers and General Ledger Listings, all Statements of Liabilities and Assets, and all Statements of Revenues and Expenses, and all drafts of and worksheets or notes pertaining to same.

16.    DOCUMENTS sufficient to show the financial position and results of operations of PERFECT 10 in conformity with generally accepted accounting principles for the years 1996 to the present, including but not limited to all disclosures and statements of cash flows RELATING TO PERFECT 10 and DOCUMENTS concerning revenues, expenses, profits and/or losses of PERFECT 10 in every aspect of PERFECT 10's business or businesses.

17.    All COMMUNICATIONS between YOU and PERFECT 10.

18.    All COMMUNICATIONS between YOU and Dr. Norman Zada.

19.    All COMMUNICATIONS between YOU and Inna Khushid.

20.    All COMMUNICATIONS between YOU and anyone employed by or associated with the Law Offices of Jeffrey N. Mausner.

# EXHIBIT 2

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| PERFECT 10, INC., a California corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   04-9484 AHM (SHx) |
| GOOGLE INC., a corporation | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Bruce Hersh, CPA (Accountancy Corporation)
       17547 Ventura Boulevard, Encino, CA 91316

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date and Time: |
|---|---|
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | 09/16/2009 9:00 am |

The deposition will be recorded by this method:   Stenograhic and/or audiovisual means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/21/2009

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Google Inc.
_____ , who issues or requests this subpoena, are:
Thomas Nolan, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017
thomasnolan@quinnemanuel.com, (213) 443-3885

**Exhibit 1, Page 017**

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   04-9484 AHM (SHx)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Exhibit 1, Page 018**

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 2

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 11 PERFECT 10, INC., a California corporation,<br><br>12             Plaintiff,<br><br>13     v.<br><br>14 AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation;<br>15 ALEXA INTERNET, INC., a corporation, and DOES 2 through 10,<br>16 inclusive,<br>17             Defendants.<br>18 _____<br>19 PERFECT 10, INC.,<br>20             Plaintiff,<br>21     v.<br>22 GOOGLE, INC., a corporation, and DOES 1-100, inclusive<br>23             Defendants. | Case No. CV05-4753 AHM (SHx) CONSOLIDATED WITH CASE NO. CV04-9484 AHM (SHx)<br><br>[~~PROPOSED~~] ORDER GRANTING IN PART GOOGLE INC.'S MOTION TO COMPEL PERFECT 10 TO PRODUCE COMPLETE AND UNREDACTED FINANCIAL DOCUMENTS AND OTHER DAMAGES-RELATED DOCUMENTS, AND AMAZON.COM AND ALEXA INTERNET'S JOINDER THEREIN<br><br>**Hon. Stephen J. Hillman**<br><br>Date:  September 22, 2009<br>Time:  10:00 A.M.<br>Courtroom: 550<br><br>Discovery Cutoff:  None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:   None Set |

24

25

26

27

28

[PROPOSED] ORDER
CASE NO. CV05-4753 AHM (SHx) CONSOLIDATED WITH CV04-9484 AHM (SHx)

1

**Exhibit 2, Page 020**

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 24 of 62   Page ID
#:29799
Case 2:04-cv-09484-AHM -SH   Document 560   Filed 10/06/09   Page 2 of 9   Page ID
#:10495

1

## [~~PROPOSED~~] ORDER

2    On September 22, 2009, the Court heard argument on various discovery

3   matters raised in Defendant Google Inc.'s Motion to Compel Perfect 10 (1) To

4   Produce Documents, (2) To Comply With The Protective Order, and (3) To Affix

5   Document Control Numbers To Its Document Production, including disputes relating

6   to financial documents and certain related issues arising from the planned deposition

7   of Perfect 10's accountant Bruce Hersh.[1]  Defendants Amazon.com and Alexa.com

8   filed an application to join in portions of that motion and to raise these related issues,

9   and which the Court hereby GRANTS.  Having considered the parties' respective

10   briefs and oral argument, and good cause existing therefore, the Court HEREBY

11   ORDERS that Google's Motion and the Amazon Defendants' joinder therein is

12   GRANTED IN PART AND DENIED IN PART, as follows:

13    1.    Perfect 10 is ordered to produce copies of all of its periodic and annual

14   financial statements and tax returns to the extent such documents exist, including

15   those in the possession of its outside accountant Bruce Hersh, in complete and

16   unredacted form, with the following two exceptions:

17     a.    With respect to medical expenses, the names of patients and

18   treating physicians may be redacted;

19     b.    With respect to credit card expenses, Perfect 10's credit card

20   numbers may be redacted.

21    Perfect 10 must produce such documents in complete and unredacted form

22   (with the two exceptions noted above) by October 16, 2009.

23

24   [1]  Google only asked the Court to rule on Issues I, VII, VIII, and IX at the
September 22, 2009 hearing, so the Court did not reach Issues II – VI presented in
25   the parties' Joint Stipulation On Google Inc.'s Motion to Compel Perfect 10 (1) To
Produce Documents, (2) To Comply With The Protective Order, and (3) To Affix
26   Document Control Numbers To Its Document Production. This Order rules on Issue
I in the aforementioned Joint Stipulation (and the related issues implicated by the
27   upcoming deposition of Mr. Hersh).

28

[~~PROPOSED~~] ORDER
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

*[handwritten: These issues will be taken up at a later date upon Google's noticed moti...]*

2

2.      Settlement payments Perfect 10 has received from third parties are relevant for discovery purposes.  This Court is not ruling on whether this information is relevant for any other purpose.  Perfect 10 may not redact information regarding the date, payor, and amount of any such settlement payments.  This information will be treated as "HIGHLY CONFIDENTIAL" under the terms of the Protective Order. Perfect 10's compliance with the Order is stayed for ten (10) days from the hearing date, September 22, 2009.  By producing such settlement payment information pursuant to this Order, neither Perfect 10 nor its counsel will be in violation of any protective orders or confidentiality provisions entered into in this action or in any other action, or with any of the settling third-parties.  Perfect 10 is not required to produce any information about any settlements with third-parties, other than the date, payor, and amount of any such settlement payments. and may redact the settlement information it is not required to produce.

3.      Defendants' request for all source documents Mr. Hersh relied on to prepare the financial statements and allocate expenses and income is granted in part, as follows:

a.      At least ten (10) calendar days prior to the agreed upon deposition date of its accountant Bruce Hersh, Perfect 10 shall produce to all Defendants copies of all *and P10's counsel* source documents reasonably available to Mr. Hersh which he reasonably expects to refer to in order to prepare for his deposition, in order to give meaningful testimony concerning Perfect 10's financial condition. *Such documents shall include P10's financial statements and tax returns*

b.      Mr. Hersh's deposition will proceed as follows:  Defendants may depose Mr. Hersh up to one and one-half days (not to exceed *Consuming a total of* 10.5 hours of testimony), after which the parties shall meet and confer regarding whether it is necessary for Mr. Hersh to produce any additional source documents that Mr. Hersh did not already produce, if any, and/or further questioning of Mr. Hersh.  If the parties are unable to agree regarding the scope of or need for any further production and/or the necessity

Exhibit 2, Page 022

1   of obtaining further testimony from Mr. Hersh, the Court shall conduct a further

2   hearing to decide that dispute.

3         4.      With respect to the specific Google Document Requests identified in

4   Google's motion to compel, Perfect 10 is ordered to produce responsive documents,

5   to the extent that they have not already been produced by Perfect 10 or Google, and

6   to the extent that they exist and can be located with a reasonable search, as follows:

7         a.      Google's Document Request No. 81: The Court defers ruling on this

8   Request, without prejudice to Google's renewal of its Motion prior to trial.

9         b.      Google's Document Request No. 87: Perfect 10 is ordered to produce

10  any projections of sales, revenue, or profits for each of Perfect 10's contemplated or

11  launched products or services that Perfect 10 can locate with a reasonable search.

12  The Court defers ruling on the Request to the extent it requires Perfect 10 to produce

13  "all" such documents.

14        c.      Google's Document Request No. 94: Perfect 10 is ordered to produce

15  responsive documents to the same extent that the Court has ordered production of

16  back up or source documents by Perfect 10 and/or Mr. Hersh (see Paragraph 3.a,

17  *supra*).

18        d.      Google's Document Request No. 95: Perfect 10 is ordered to produce

19  documents sufficient to show Perfect 10's 25 largest corporate or business customers *for*

20  *each* e.  Google's Document Request No. 104: Perfect 10 is ordered to produce *each calendar year at issue, and for each of its products or services*

21  documents sufficient to show the fact alleged in paragraph 11 of the amended

22  complaint in the *Google* case, i.e., that Perfect 10's Web site receives approximately

23  100,000 unique visitors per month (including documents sufficient to show how

24  Perfect 10 determines that a visitor is unique), and further including log files to

25  perfect10.com that may be located upon a reasonable search.

26        f.      Google's Document Request No. 105: Perfect 10 is ordered to produce

27  documents sufficient to show the fact alleged in paragraph 14 of the amended

28  complaint in the *Google* case, i.e., that Perfect 10 has spent millions of dollars

[PROPOSED] ORDER                                                          4
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 27 of 62   Page ID
#:29802
Case 2:04-cv-09484-AHM -SH   Document 560   Filed 10/06/09   Page 5 of 9   Page ID
#:10498

1   advertising and promoting its marks and its products and services; and documents

2   sufficient to show the amounts Perfect 10 earmarked or spent to advertise and

3   promote marks and the amounts Perfect 10 earmarked or spent to advertise and

4   promote products and services.

5        g.   Google's Document Request No. 108: Perfect 10 is ordered to produce

6   documents sufficient to show the fact alleged in paragraph 17 of the amended

7   complaint in the *Google* case, i.e., that the described infringement is "devastating to"

8   and threatens the existence of Perfect 10's business, including documents sufficient to

9   show any financial data demonstrating this effect.

10        h.   Google's Document Request No. 109:  Perfect 10 is ordered to produce

11   documents sufficient to show the fact alleged in paragraph 47 of its answer to

12   Google's counterclaims, i.e., that the revenues Perfect 10 received resulting from

13   searches on Google are substantially less than they should be.

14        i.   Google's Document Request No. 110:  Perfect 10 is ordered to produce

15   documents sufficient to show the fact alleged in paragraph 47 of its answer to

16   Google's counterclaims, i.e., that the damages caused by activities alleged in the

17   amended complaint far exceed any benefit to Perfect 10 from Google.

18        j.   Google's Document Request No. 111:  Perfect 10 is ordered to produce

19   documents sufficient to show the fact alleged in  paragraph 11 of the declaration of

20   Norman Zada in support of the motion for preliminary injunction ("Zada

21   Declaration"), i.e., that Perfect 10 invested over $ 36 million to develop a respected

22   brand and goodwill, including documents sufficient to show what expenditures are

23   included in this figure (including expenditures other than the $12 million related to

24   photographs described in that paragraph).

25        k.   Google's Document Request No. 112:  Perfect 10 is ordered to produce

26   documents sufficient to show all revenues received by Perfect 10 from movies,

27   television, and videos, as described in paragraphs 12 to 14 of the Zada Declaration.

28

[PROPOSED] ORDER                                5
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

**Exhibit 2, Page 024**

1    l.    Google's Document Request No. 162:  Perfect 10 is ordered to produce

2  documents sufficient to show any benefit to Perfect 10 resulting from any conduct or

3  action by Google.

4    m.    Google's Document Request No. 165:  Perfect 10 is ordered to produce

5  documents sufficient to show the market share of Perfect 10 in any market in which it

6  claims to compete, including but not limited to the markets for print magazines

7  generally, for adult-oriented magazines, for websites generally, for adult-oriented

8  websites, for licensing of downloads of images for cell phones generally, and for

9  licensing of downloads of adult-oriented images for cell phones.

10    n.    Google's Document Request No. 166:  Perfect 10 is ordered to produce

11  documents sufficient to show the effect or impact, if any, of any conduct or action by

12  Google on the market share of Perfect 10 in any of the markets in which it claims to

13  compete, including but not limited to the market for print magazines generally, for

14  adult-oriented magazines, for websites generally, for adult-oriented websites, for

15  licensing of downloads of images for cell phones generally, and for licensing of

16  downloads of adult-oriented images for cell phones.

17    o.    Google's Document Request No. 167:  Perfect 10 is ordered to produce

18  documents sufficient to show the effect or impact, if any, of Google's Web Search on

19  the market share of Perfect 10 in any of the markets in which it claims to compete,

20  including but not limited to the market for print magazines generally, for adult-

21  oriented magazines, for websites generally, for adult-oriented websites, for licensing

22  of downloads of images for cell phones generally, and for licensing of downloads of

23  adult-oriented images for cell phones.

24    p.    Google's Document Request No. 168:  Perfect 10 is ordered to produce

25  documents sufficient to show the effect or impact, if any, of Google's Image Search

26  on the market share of Perfect 10 in any of the markets in which it claims to compete,

27  including but not limited to the market for print magazines generally, for adult-

28  oriented magazines, for websites generally, for adult-oriented websites, for licensing

**Exhibit 2, Page 025**

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 29 of 62   Page ID
#:29804
Case 2:04-cv-09484-AHM -SH   Document 560   Filed 10/06/09   Page 7 of 9   Page ID
#:10500

1    of downloads of images for cell phones generally, and for licensing of downloads of

2    adult-oriented images for cell phones.

3          q.    Google's Document Request No. 169: Perfect 10 is ordered to produce

4    documents sufficient to show the effect or impact, if any, of Google's AdWords

5    program on the market share of Perfect 10 in any of the markets in which it claims to

6    compete, including but not limited to the market for print magazines generally, for

7    adult-oriented magazines, for websites generally, for adult-oriented websites, for

8    licensing of downloads of images for cell phones generally, and for licensing of

9    downloads of adult-oriented images for cell phones.

10         r.    Google's Document Request No. 170: Perfect 10 is ordered to produce

11   documents sufficient to show the effect or impact, if any, of Google's AdSense

12   program on the market share of Perfect 10 in any of the markets in which it claims to

13   compete, including but not limited to the market for print magazines generally, for

14   adult-oriented magazines, for websites generally, for adult-oriented websites, for

15   licensing of downloads of images for cell phones generally, and for licensing of

16   downloads of adult-oriented images for cell phones.

17         s.    Google's Document Request No. 171: Perfect 10 is ordered to produce

18   documents sufficient to show, on a yearly basis, Perfect 10's strategic marketing and

19   advertising plans for the actual or potential sale, delivery, distribution or licensing for

20   sale, of any and all of Perfect 10's products or services.

21         t.    Google's Document Request No. 173: Perfect 10 is ordered to produce

22   documents sufficient to show any contemplated or proposed transaction in which

23   Perfect 10 would invest in, give money to, buy, make a loan to, fund, or take any

24   financial ownership interest in any person.

25         u.    Google's Document Request No. 174: Perfect 10 is ordered to produce

26   documents sufficient to show all transactions in which Perfect 10 did invest in, give

27   money to, buy, make a loan to, fund, or take any financial ownership interest in any

28   person.

[PROPOSED] ORDER                                                                    7
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

**Exhibit 2, Page 026**

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 30 of 62   Page ID
#:29805
Case 2:04-cv-09484-AHM -SH   Document 560   Filed 10/06/09   Page 8 of 9   Page ID
#:10501

1    v.    Google's Document Request No. 175:  Perfect 10 is ordered to produce

2    documents sufficient to show any sale, delivery, distribution, licensing, or other

3    transfer of ownership of Perfect 10's alleged copyrighted materials.

4    w.    Google's Document Request No. 176:  Perfect 10 is ordered to produce

5    documents sufficient to show any studies or analyses of Perfect 10's actual, estimated

6    or projected profits and losses from the sale, delivery, distribution or licensing for

7    sale, delivery or distribution of its alleged copyrighted materials.

8    x.    Google's Document Request No. 177:  Perfect 10 is ordered to produce

9    documents sufficient to show the value of Perfect 10's alleged copyrighted materials,

10    including, without limitation, sufficient financial statements (detailed, consolidated or

11    otherwise).

12    y.    Google's Document Request No. 179:  Perfect 10 is ordered to produce

13    documents sufficient to reflect revenue earned by Perfect 10 as a result of the use,

14    display, transfer, license or sale (on the Internet or through any media) of Perfect 10's

15    alleged copyrighted materials, to the same extent that the Court has ordered

16    production of back up or source documents by Perfect 10 and/or Mr. Hersh (see

17    Paragraph 3.a, supra).

18    z.    Google's Document Request No. 181:  Perfect 10 is ordered to produce

19    documents sufficient to show Perfect 10's efforts to promote or increase revenues

20    generated by perfect10.com.

21    aa.    Google's Document Request No. 182:  Perfect 10 is ordered to produce

22    documents sufficient to show Perfect 10's efforts to increase paid memberships in

23    perfect10.com.

24    Perfect 10 is ordered to produce all of the above-described documents to all

25    remaining Defendants in the Google and Amazon cases, to the extent that they have

26

27

28

[PROPOSED] ORDER                                                                                          8
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

1   not already been produced, and to the extent that they exist and can be located with a

2   reasonable search, by October 26, 2009.

3       The foregoing is made without prejudice to any defendant seeking additional

4   documents responsive to the document requests considered at the hearing or

5   requested in deposition subpoenas served upon accountant Bruce Hersh.

6   IT IS SO ORDERED.

7

8   Date: _10-6-09_

9                                              Hon. Stephen J. Hillman
                                           United States Magistrate Judge

10  62229951 v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER
CASE NO. CV05-4753 AHM (SHX) CONSOLIDATED WITH CV04-9484 AHM (SHX)

9

Exhibit 2, Page 028

# EXHIBIT 3

# EXHIBIT 3:

# FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT 4

**ORIGINAL**

1  WINSTON & STRAWN LLP
   Andrew P. Bridges (SBN: 122761)
2  Jennifer A. Golinveaux (SBN: 203056)
   101 California Street, Suite 3900
3  San Francisco, CA  94111-5894
   Telephone:  (415) 591-1000
4  Facsimile:  (415) 591-1400
   E-mail:  abridges@winston.com,
5            jgolinveaux@winston.com

6  Attorneys For Defendant and Counterclaimant
   GOOGLE INC.

7

8

9

10

11 PERFECT 10, INC., a California
   corporation,

12
                 Plaintiff,
13
        vs.
14
   GOOGLE INC., a corporation; and
15 DOES 1 through 100, inclusive,

16               Defendant.

17
   ─────────────────────────────
18
   AND COUNTERCLAIM
19
   PERFECT 10, INC., a California
20 corporation,

21               Plaintiff,

22      vs.

23 AMAZON.COM, INC., a corporation;
   and DOES 1 through 10, inclusive,

24               Defendants.

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. CV 04-9484 AHM (SHx)

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

## INTRODUCTORY STATEMENT

Google Inc. and Perfect 10, Inc. submit this proposed order regarding Google Inc.'s Motion to Compel Production of Documents and Responses to Interrogatories. Although the parties have attempted to agree on all provisions of this order, they have been unable to agree as to what the Court ordered with respect to four requests: Interrogatories Nos. 3 and 5 and Document Request Nos. 42 and 44. Accordingly, for these four requests, the parties have set forth below their respective understanding of what the Court ordered and respectfully request that the Court clarify its ruling as to these requests.

## PROPOSED ORDER

Having considered the parties' Joint Stipulation regarding Google Inc.'s Motion to Compel Production of Documents and Responses to Interrogatories ("Joint Stipulation") and argument of counsel on February 22, 2006, IT IS HEREBY ORDERED AS FOLLOWS:

## I.   MANNER OF PRODUCTION

The Court orders the parties to continue meeting and conferring so that production of documents can be in the most useful and accessible manner. The Court otherwise defers ruling on Google's motion to compel Plaintiff to indicate which documents respond to each request at this time.

## II.   SPECIFIC DOCUMENT REQUESTS AND INTERROGATORIES IN DISPUTE

### A.   Information Regarding Alleged Copyrights and Trademarks (Interrogatory No. 2; Document Request Nos. 2, 34-35, 37)

Interrogatory No. 2: In addition to its current response to this interrogatory, Plaintiff shall produce a complete electronic version of its Web site on disk and a copy of all volumes of its magazines such that it has provided Google all images in which it

2

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   claims to own copyrights.  These documents shall be produced by April 15, 2006.

2   Plaintiff shall also assist Google in identifying which images in the magazines do not

3   appear on the Web site.  The Court otherwise defers ruling on the remainder of the

4   request at this time.

5       Document Request No. 2: Google is to determine what documents are publicly

6   available.  The Court otherwise defers ruling on the request at this time.

7       Document Request No. 34: The motion to compel is granted.  The Court orders

8   Plaintiff to produce the following: All non-privileged and non-work product

9   documents concerning trademark research, investigations, and searches relating to the

10  marks PERFECT 10 and PERFECT 10.COM.  Plaintiff's production shall include all

11  responsive documents from the time of the formation of Perfect 10.  These documents

12  shall be produced by April 15, 2006.

13      Document Request No. 35: The motion to compel is granted.  The Court orders

14  Plaintiff to produce the following: All documents concerning Plaintiff's applications

15  to register the marks PERFECT 10 and PERFECT10.COM with any government

16  agency; any certificates of registration issued as a result thereof; and any efforts to

17  secure registration without time limitation.  Plaintiff's production shall include all non-

18  privileged and non-work product responsive documents, including communications

19  concerning applications.  These documents shall be produced by April 15, 2006.

20      Document Request No. 37: The motion to compel is granted and Plaintiff's

21  objections are overruled.  The Court orders Plaintiff to produce the following: All

22  surveys, studies, or other documents relating to market (or prospective market)

23  reaction to or attitude towards the marks PERFECT 10 and PERFECT10.COM,

24  including without limitation, any customer identification with, or reference to Plaintiff

25  or Plaintiff's services.  These documents shall be produced by April 15, 2006.

26

27                              3

28. [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**B.    Information Regarding Alleged Copyright and Trademark Infringements by Google in this Action (Interrogatory Nos. 3, 5; Document Request Nos. 10-19, 26, 55-56)**

Having been unable to agree as to precisely what the Court ordered regarding Interrogatory Nos. 3 and 5, the parties set forth below their respective interpretations of the Court's order.  These interrogatories request that Perfect 10 identify all copyright and trademark infringements for which it claims Google is liable.  For the Court's convenience, the full transcript of the February 21-22 discovery hearings is attached hereto as Exhibit A.

Google's Proposed Order re Interrogatory No. 3:  Plaintiff shall continue producing completed versions of the five spreadsheets attached as Exhibits 1 through 5 of the Joint Stipulation regarding Google's Motion to Compel Production of Documents and Responses to Interrogatories and Web page printouts associated with the spreadsheets.    The presumptive deadline for these documents is April 15, 2006. The Court otherwise defers ruling on Google's motion concerning the interrogatory at this time.

Google's Proposed Order re Interrogatory No. 5:  Plaintiff shall continue producing completed versions of the five spreadsheets attached as Exhibits 1 through 5 of the Joint Stipulation regarding Google's Motion to Compel Production of Documents and Responses to Interrogatories and Web page printouts associated with the spreadsheets.  The presumptive deadline for these documents is April 15, 2006. The Court otherwise defers ruling on Google's motion concerning this interrogatory at this time.

**Google's Explanation of its Version:**  Although the Court deferred ruling regarding these requests to identify infringements, the Court specifically ordered Perfect 10 to continue producing spreadsheets and associated Web printouts that it had *already agreed to produce.*  Google's proposed language regarding

4

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 39 of 62   Page ID
#:29914
Case 2:04-cv-09484-AHM-SH   Document 464   Filed 05/19/2006   Page 5 of 24

1   Interrogatory Nos. 3 and 5 set forth above is based on its understanding that the

2   Court ordered Plaintiff to proceed with producing both the spreadsheets and

3   Web page printouts associated with the spreadsheets as Perfect 10 described in

4   its portion of the Joint Stipulation.  Perfect 10 stated, for example, that "a

5   reasonable approach is to provide finished versions of spreadsheets illustrated by

6   Exhibits 2, 4, and 5. . . . Along with each Exhibit will be the infringements

7   detailed in each spreadsheet, organized by model or by infringing website.

8   Trademark infringements will be listed to the fullest extent possible. . . . "  Joint

9   Stipulation re: Google's Motion to Compel, p. 36-37.  Google understands that

10  the Court ordered Perfect 10 to continue producing the spreadsheets/charts as

11  described in the Joint Stipulation.  *See* 2/22/06 Hearing Transcript, pp. 62-63

12  (MS. LEE:  They have started these charts, charts 1 through 5, and they have

13  already agreed to produce printouts associated with those charts.  THE COURT:

14  *Yes, they should proceed with that. . . . Continue producing the logs that are being*

15  *produced.*)  Perfect 10 now asserts, however that the Court only meant to order it

16  to produce printouts associated with the charts/spreadsheets and not the

17  spreadsheets.  This interpretation, however, is belied by Perfect 10's counsel's

18  own statements at the hearing.  *Id.* at p. 63 (MR. MAUSNER:  And as far as the

19  logs, I don't think we can have an April 15 cutoff date on the logs.  I mean, we

20  have produced some, and we'll continue to produce it, but that's going to be an

21  ongoing process that's going to last for a while.  THE COURT:  Well, we'll set an

22  artificial deadline of April 15th and see where we are then.)

23

24  ~~Plaintiff's Proposed~~ Order regarding Interrogatories Nos. 3 and 5:  Plaintiff shall

25  continue producing printouts of infringements by Google of which it becomes aware

26  in the future.  The Court otherwise defers ruling on Google's motion concerning the

27                                            5

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1    interrogatories at this time.

2

3    **Perfect 10's Explanation of its Version:**

4          Perfect 10 did voluntarily create and produce charts (aka logs/aka

5    spreadsheets, hereafter referred to as "Charts") of infringements by Google,

6    which Perfect 10 attached as exhibits to the parties' Joint Stipulation re Motion

7    to Compel. Perfect 10 also produced printouts of the actual infringements it had

8    earlier located associated with these Charts.  However, the way Google's

9    proposed order on interrogatories 3 and 5 reads, Perfect 10 would be under an

10   order compelling it to continue creating and completing such Charts.  It is not

11   believed the Court would order a party to perform work for the opposing side,

12   especially of this magnitude.  To the extent that Perfect 10 does voluntarily

13   continue to create and complete similar Charts, it will voluntarily produce the

14   same to Google, but Perfect 10 should not be under an order to do so.  This is

15   clearly a mega mega undertaking, and Perfect 10 should not be required to

16   perform this work, which Google can do as easily as Perfect 10.  Perfect 10

17   continues to provide Google with print-outs of the infringements, from which

18   Google can construct exactly the same charts that it wants the Court to order

19   Perfect 10 to do.  The order should simply be to continue to produce infringing

20   print-outs which Perfect 10 discovers, and if Perfect 10 voluntarily decides to

21   continue to make the Charts, it will also voluntarily provide copies to Google.

22   Google's proposed order is simply an attempt to overburden Perfect 10 with this

23   work, while Perfect 10 is involved in the appeal of the preliminary injunction

24   order and other matters.  Furthermore, the presumptive deadline of April 15

25   that Google wants is totally unrealistic.

26

27                                    6

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
     OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 41 of 62   Page ID
#:29816
Case 2:04-cv-09484-AHM-SH   Document 164   Filed 05/19/2006   Page 7 of 24

1      **Document Request No. 10**: The motion to compel is granted.  The Court orders

2  Plaintiff to produce the following: All non-privileged and non-work product

3  documents concerning violations of 17 U.S.C. § 106(1) that Plaintiff claims or

4  believes Google has committed directly.  These documents shall be produced by April

5  15, 2006.  Documents that Perfect 10 becomes aware of in the future shall be

6  produced when Perfect 10 becomes aware of them.

7      **Document Request No. 11**: The motion to compel is granted.  Plaintiff shall

8  produce the following: All non-privileged and non-work product documents

9  concerning violations of 17 U.S.C. § 106(2) that Plaintiff claims or believes Google

10  has committed directly, which Perfect 10 currently is aware of.  These documents

11  shall be produced by April 15, 2006.  Documents that Perfect 10 becomes aware of in

12  the future shall be produced when Perfect 10 becomes aware of them.

13      **Document Request No. 12**:  The motion to compel is granted.  Plaintiff shall

14  produce the following: All non-privileged and non-work product documents

15  concerning violations of 17 U.S.C. § 106(3) that Plaintiff claims or believes Google

16  has committed directly, which Perfect 10 currently is aware of.  These documents

17  shall be produced by April 15, 2006.  Documents that Perfect 10 becomes aware of in

18  the future shall be produced when Perfect 10 becomes aware of them.

19      **Document Request No. 13**:  The motion to compel is granted.  Plaintiff shall

20  produce the following: All non-privileged and non-work product documents

21  concerning violations of 17 U.S.C. § 106(4) that Plaintiff claims or believes Google

22  has committed directly, which Perfect 10 currently is aware of.  These documents

23  shall be produced by April 15, 2006.  Documents that Perfect 10 becomes aware of in

24  the future shall be produced when Perfect 10 becomes aware of them.

25      **Document Request No. 14**:  The motion to compel is granted.  Plaintiff shall

26  produce the following: All non-privileged and non-work product documents

27                      7

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   concerning violations of 17 U.S.C. § 106(5) that Plaintiff claims or believes Google

2   has committed directly, which Perfect 10 currently is aware of.  These documents

3   shall be produced by April 15, 2006.  Documents that Perfect 10 becomes aware of in

4   the future shall be produced when Perfect 10 becomes aware of them.

5       Document Request No. 15:  The motion to compel is granted.  Plaintiff shall

6   produce the following: All non-privileged and non-work product documents

7   concerning violations of 17 U.S.C. § 106(1) that Plaintiff claims or believes Google is

8   vicariously liable for or constitute contributory infringement by Google, which Perfect

9   10 currently is aware of.  These documents shall be produced by April 15, 2006.

10  Documents that Perfect 10 becomes aware of in the future shall be produced when

11  Perfect 10 becomes aware of them.

12      Document Request No. 16: The motion to compel is granted.  Plaintiff shall

13  produce the following: All non-privileged and non-work product documents

14  concerning violations of 17 U.S.C. § 106(2) that Plaintiff claims or believes Google is

15  vicariously liable for or constitute contributory infringement by Google, which Perfect

16  10 currently is aware of.  These documents shall be produced by April 15, 2006.

17  Documents that Perfect 10 becomes aware of in the future shall be produced when

18  Perfect 10 becomes aware of them.

19      Document Request No. 17: The motion to compel is granted.  Plaintiff shall

20  produce the following: All non-privileged and non-work product documents

21  concerning violations of 17 U.S.C. § 106(3) that Plaintiff claims or believes Google is

22  vicariously liable for or constitute contributory infringement by Google, which Perfect

23  10 currently is aware of.  These documents shall be produced by April 15, 2006.

24  Documents that Perfect 10 becomes aware of in the future shall be produced when

25  Perfect 10 becomes aware of them.

26      Document Request No. 18:  The motion to compel is granted.  Plaintiff shall

27                                             8

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 43 of 62   Page ID
#:29818
Case 2:04-cv-09484-AHM-SH     Document 464     Filed 05/19/2006     Page 9 of 24

1   produce the following: All non-privileged and non-work product documents

2   concerning violations of 17 U.S.C. § 106(4) that Plaintiff claims or believes Google is

3   vicariously liable for or constitute contributory infringement by Google, which Perfect

4   10 currently is aware of.  These documents shall be produced by April 15, 2006.

5   Documents that Perfect 10 becomes aware of in the future shall be produced when

6   Perfect 10 becomes aware of them.

7       Document Request No. 19:   The motion to compel is granted.  Plaintiff shall

8   produce the following: All non-privileged and non-work product documents

9   concerning violations of 17 U.S.C. § 106(5) that Plaintiff claims or believes Google is

10  vicariously liable for or constitute contributory infringement by Google, which Perfect

11  10 currently is aware of.  These documents shall be produced by April 15, 2006.

12  Documents that Perfect 10 becomes aware of in the future shall be produced when

13  Perfect 10 becomes aware of them.

14      Document Request No. 26: The motion to compel is granted.   Plaintiff shall

15  produce the following: All non-privileged and non-work product documents

16  concerning each of the underlying trademark infringements that Plaintiff claims or

17  believes Google is vicariously liable for or constitute contributory infringement by

18  Google, which Perfect 10 currently is aware of.  These documents shall be produced

19  by April 15, 2006.  Documents that Perfect 10 becomes aware of in the future shall be

20  produced when Perfect 10 becomes aware of them.

21      Document Request No. 55:  The motion to compel is granted.  Plaintiff shall

22  produce the following: Documents sufficient to identify each person or entity Plaintiff

23  claims or believes to infringe its copyrights claimed in this action, which Perfect 10

24  currently is aware of.  These documents shall be produced by April 15, 2006.

25  Documents that Perfect 10 becomes aware of in the future shall be produced when

26  Perfect 10 becomes aware of them.

27                                    9

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
        OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 44 of 62   Page ID
#:20910
Case 2:04-cv-09484-AHM-SH   Document 184   Filed 05/19/2006   Page 10 of 24

1    Document Request No. 56: The motion to compel is granted.  Plaintiff shall

2    produce the following: Documents sufficient to identify each person or entity Plaintiff

3    claims or believes to infringe its trademarks claimed in this action, which Perfect 10

4    currently is aware of.  These documents shall be produced by April 15, 2006.

5    Documents that Perfect 10 becomes aware of in the future shall be produced when

6    Perfect 10 becomes aware of them.

7        **C. Plaintiff's Alleged Publicity Rights (Document Request Nos. 42-46, 50-**
         **53, 57)**

8

9        **The parties have set forth their respective understandings of the Court's**

10   **rulings on Document Request No. 42 below.  Document Request No. 42 seeks "all**

11   **documents concerning the publicity rights claimed by [Perfect 10] in this action,**

12   **including, but not limited to, all licenses, releases, or assignments and all**

13   **communications relating to such licenses, releases, or assignments."**

14
     Google's Proposed Order re Document Request No. 42: Plaintiff shall provide
15
     contact information for fifteen persons of Google's choice whose publicity rights
16
     Plaintiff asserts in this action as of March 15, 2006.  Any personal information of
17
     models is subject to a highly confidential designation.  The motion to compel on the
18
     remainder of the request is granted with respect to these persons as follows: All non-
19
     privileged and non-work product documents concerning the publicity rights claimed
20
     by Plaintiff in this action, including, but not limited to, all licenses, releases, or
21
     assignments and all communications relating to such licenses, releases or assignments.
22
     These documents shall be produced by April 15, 2006.
23

24   **Google's Explanation of its Version:  At the motion to compel hearing,**

25   **Perfect 10 proposed cutting down the number of models for which it is asserting**

26   **rights of publicity in this case in order to limit discovery.  Google's proposed**

27                                      10

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
     OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   language simply states the Court's order that Perfect 10 provide information

2   regarding fifteen persons of Google's choice whose publicity rights Perfect 10

3   continues to assert in this action as of March 15, 2006.  *See* 2/22/06 Hearing

4   Transcript, pp. 86-87 (MR. BRIDGES: And, Your Honor, could Perfect 10 have

5   a deadline for expressly dropping the claims of, let's say, March 15th that they

6   will expressly drop whatever claims of models and that any other models that are

7   in, we get to pick 15?  THE COURT:  I don't know if I have the authority to

8   make that order.  What I can order is that if they have not dropped certain

9   models by March 15th, that Google can come back and press for the remaining

10  contact information.  MR. BRIDGES: If we could put it on this basis, I'd

11  appreciate it, that whatever models remain in the case by March 15th, we will

12  identify 15 that are still in the case, and those 15 we will go with... THE

13  COURT: That's fair enough.  That's fair enough.)

14       To date, Perfect 10 has refused to formally dismiss any claims regarding

15  rights of publicity in this case.  Perfect 10's counsel merely sent a letter to

16  Google's counsel identifying nine persons for which it would continue to assert

17  rights of publicity (*see* 3/15/06 letter attached hereto as Exhibit B), but has

18  refused to sign a stipulation of dismissal.  Perfect 10 believes the Court's order

19  should now be modified to provide that Perfect 10 should only be required to

20  provide information on the nine specified persons identified in this letter.  Google

21  believes the order should simply reflect the Court's ruling at the hearing,

22  especially in light of Plaintiff's attempt to improperly limit discovery regarding

23  rights of publicity without dismissing any right of publicity claims.

24

25       ~~Plaintiff's Proposed~~ Order re Document Request No. 42:  Perfect 10 shall

26

27                                        11

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 4, Page 109

1   produce all non-privileged and non-work product documents concerning the publicity

2   rights claimed by Plaintiff in this action as of ~~March 15~~, *June 8* 2006, including, but not

3   limited to, all licenses, releases, or assignments and all communications relating to

4   such licenses, releases or assignments.  Any personal information of models in those

5   documents is subject to a highly confidential designation. These documents shall be

6   produced by ~~April 15~~, *June 12* 2006. *This will afford Plaintiff an additional opportunity*

7   *to consider whether it will dismiss certain model's publicity rights with or without prejudice.*

**Plaintiff's Explanation of its Version:**

8       At the hearing on February 22, 2006, the parties and the Court

9   contemplated cutting down and limiting Perfect 10's claims for right of publicity

10   violations to far fewer models than originally claimed, in order to decrease and

11   streamline discovery.  See pages 86-87, February 22, 2006 Transcript where it

12   was contemplated that Perfect 10 would cut the number of models down by

13   March 15, 2006 to an unnamed number slightly in excess of 15, and that Google

14   would pick 15 it would like to take discovery on.  However, on March 15, 2006,

15   Perfect 10 wrote to Google voluntarily cutting down the number of models whose

16   rights of publicity Perfect 10 was asserting in this case to 9.  (See letter of March

17   15, 2006 attached hereto)  Therefore, it simply doesn't make sense for the

18   number of 15 models to appear in the ultimate order. Perfect 10's language

19   regarding an order that Perfect 10 produce documents for the models actually

20   remaining in the case (who's number happens to be nine) makes sense.

21       The letter that Perfect 10's attorney wrote to Google is completely clear

22   that Perfect 10 will not assert rights of publicity in this lawsuit for any models

23   other than the nine named models.  The letter states:  "In order to reduce the

24   amount of discovery in this case, Perfect 10 will not assert publicity rights for any

25   other models in this lawsuit."  Google disingenuously asked Perfect 10 to sign a

26   stipulation and order dismissing rights of publicity claims regarding the other

27       12

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 47 of 62   Page ID
#:29822
Case 2:04-cv-09484-AHM-SH   Document 164   Filed 05/19/2006   Page 13 of 24

1  models with prejudice.  Perfect 10 would, of course, not do so.  The purpose of

2  cutting the number of models down to nine is to allow this case to be litigated

3  with a minimum of discovery, and allow the issues regarding Google's liability

4  for misappropriation of rights of publicity to be decided by the District Court

5  and the Ninth Circuit.  Those issues can easily be litigated and determined

6  regarding the nine models who remain in the case.  If it is determined that

7  Google is liable for misappropriation of rights of publicity, then another lawsuit

8  may be brought (possibly in state court) for the other models.  That is the main

9  reason why Perfect 10 will not enter into a stipulation dismissing those claims

10  with prejudice.  But there is no reason for Google to take discovery on the other

11  models at this time.  Discovery should be limited to the nine models who remain

12  in the case at this time.  If Perfect 10 prevails on its right of publicity claims and

13  then decides to bring a later lawsuit regarding the other models, Google can take

14  discovery regarding the other models at that time.

15          The first part of Google's proposed order, where it states "Plaintiff shall

16  provide contact information for fifteen persons of Google's choice whose

17  publicity rights Plaintiff asserts in this action as of March 15, 2006," is

18  completely incorrect.  The Court did not make such an order at the hearing, and

19  this isn't even a part of Google's Document Request No. 42, which reads:  "All

20  documents concerning the publicity rights claimed by you in this action,

21  including, but not limited to, all licenses, releases, or assignments and all

22  communications relating to such licenses, releases or assignments."  In fact, at

23  the hearing, the Court specifically ordered that "I'm going to require that you

24  contact them through Mr. Mausner's office."  (February 22, 2006 transcript,

25  page 70 lines 18-21.)

26

27                                          13

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   <u>Document Request No. 43</u>: Plaintiff shall identify all lawsuits involving rights

2   of publicity in which it has been a plaintiff or defendant.  Plaintiff shall comply with

3   this order by April 15, 2006.  The Court otherwise defers ruling on Google's motion

4   concerning this request at this time.

5   **The parties have set forth their respective understandings of the Court's**

6   **rulings on Document Request No. 44 below.  Document Request No. 44 seeks "all**

7   **documents concerning the fame or market awareness of each model name or**

8   **likeness in which [Plaintiff] claim[s] rights."**

9   <u>Google's Proposed Order re Document Request No. 44</u>: The motion to compel

10  is granted.  Plaintiff shall produce the following: All non-privileged and non-work

11  product documents concerning the fame or market awareness of each model name or

12  likeness in which Plaintiff claims rights.  These documents shall be produced by April

13  15, 2006.

14  **Google's Explanation of its Version:  Google's proposed language is based**

15  **on its understanding that the Court granted Document Request No. 44 without**

16  **limitation.  *See* 2/22/06 Hearing Transcript, p. 78 ("The Court:  All right.  I'll**

17  **grant 44.")  Plaintiff, however, claims that the Court implied a limitation on the**

18  **documents Plaintiff is required to produce to those relating to models remaining**

19  **in the case as of March 15, 2006, even though no such limitation was made.**

20  **Google believes the order should reflect the Court's ruling granting the motion to**

21  **compel on the request without limitation, particularly since the documents**

22  **sought are relevant to issues other than rights of publicity, such as Perfect 10's**

23  **claims that the fame of its models drives users to search on model names in**

24  **pursuit of images that infringe its copyrights.**

25

26  <s>Plaintiff's Proposed</s> Order re Document Request No. 44:  The motion to compel

27                                      14

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 4, Page 112

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 49 of 62   Page ID
#:20824
Case 2:04-cv-09484-AHM-SH   Document 164   Filed 05/19/2006   Page 15 of 24

1   is granted, as follows:  Plaintiff shall produce all non-privileged and non-work product

2   documents concerning the fame or market awareness of each model name or likeness

3   in which Plaintiff claims rights of publicity in this lawsuit as of ~~March 15, 2006.~~ *June 6, 2006*

4   These documents shall be produced by ~~April 15,~~ *June 1* 2006.

5   <u>**Plaintiff's Explanation of its Version:**</u>

6   **The Court's order should make sense in light of the issues remaining in the**

7   **case. It is understood that Perfect 10 is now (as of March 15, 2006) only asserting**

8   **violation of publicity rights in connection with 9 models. During the discussion at**

9   **the hearing, it was apparent that it is the publicity rights that these remaining**

10  **models assigned to Perfect 10 which are relevant to Document Request No. 44.**

11  **"Ms. Lee: [Google's attorney]:  Your Honor, they have alleged that these models**

12  **have widespread recognition and that Google has willfully violated the rights of**

13  **these models."  February 22, 2006 Transcript, page 77, lns. 3-7.  Therefore, it**

14  **makes logical sense to have this order limited to the models remaining in the**

15  **lawsuit for whom Perfect 10 is pursing right of publicity violations.  That is the**

16  **entire reason that Perfect 10 agreed to cut down the scope of this case to publicity**

17  **rights of just these nine models.  If Google is allowed to take discovery regarding**

18  **other models, there is no reason to do so.  The Court regularly limited its orders**

19  **regarding right of publicity claims to only models who remained in the case after**

20  **March 15, 2006.**

21

22

23  <u>Document Request No. 45</u>: Plaintiff shall make available all photographs in its

24  custody or control of models that have appeared in Perfect 10 that also appear in other

25  publications.  Plaintiff shall produce documents sufficient to make clear the context in

26  which the photographs were published.  These documents shall be produced by April

27  15

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 50 of 62   Page ID
#:29825
Case 2:04-cv-09484-AHM-SH   Document 164   Filed 05/19/2006   Page 16 of 24

1   15, 2006. The Court defers ruling on the remainder of Google's motion concerning

2   this request at this time.

3       Document Request No. 46: The motion to compel is granted. Plaintiff shall

4   produce the following: All non-privileged and non-work product documents

5   concerning authorization or permission by Plaintiff for other publications or media,

6   not owned or controlled by Plaintiff, to display names or photographs of persons

7   whose names or photographs have appeared in Plaintiff's magazine or Web sites.

8   These documents shall be produced by April 15, 2006.

9       Document Request No. 50: Plaintiff shall produce all communications with

10  persons whose publicity rights Plaintiff is asserting in this lawsuit as of March 15,

11  2006 that concern or reflect publicity rights. These documents shall be produced by

12  April 15, 2006. The Court defers ruling on the remainder of Google's motion

13  concerning this request at this time.

14      Document Request No. 51: By April 15, 2006, Plaintiff shall identify all

15  lawsuits involving claims of misappropriation of rights of publicity in which it has

16  been a plaintiff or defendant. The Court defers ruling on the remainder of the request

17  at this time.

18      Document Request No. 52: By April 15, 2006, Plaintiff shall identify all

19  lawsuits involving claims of misappropriation of rights of publicity in which it has

20  been a plaintiff or defendant without prejudice to Google's right to return to Court

21  concerning this request. The Court defers ruling on the remainder of the request at

22  this time.

23      Document Request No. 53: Plaintiff shall produce all correspondence with

24  persons or entities claiming ownership of publicity rights of persons whose publicity

25  rights Plaintiff asserts in this lawsuit as of March 15, 2006. These documents shall be

26  produced by April 15, 2006. The Court defers ruling on the remainder of Google's

27                                      16

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   motion concerning this request at this time.

2       Document Request No. 57:  The motion to compel is granted.  Plaintiff shall

3   produce the following: Documents sufficient to identify each person or entity Plaintiff

4   claims or believes to violate publicity rights claimed by Plaintiff in this action.

5   Documents which Perfect 10 currently has in its possession shall be produced by April

6   15, 2006.  As Perfect 10 obtains additional documents (including based upon

7   Google's production of documents and the discovery of additional violations), those

8   documents shall be produced .

9       **D.**    **Information Regarding Persons Whose Publicity Rights Plaintiff**
10             **Claims (Interrogatory No. 1; Document Request No. 54)**

11       Interrogatory No. 1:  The motion to compel is granted with respect to all

12   persons whose publicity rights Plaintiff asserts in this lawsuit as of March 15, 2006.

13   This information shall be provided by April 15, 2006.  The Court defers ruling on the

14   remainder of Google's motion concerning this request at this time.

15       Document Request No. 54: Plaintiff shall produce all non-privileged and non-

16   work product documents concerning its compliance with 18 U.S.C. § 2257 with

17   respect to all persons whose publicity rights Plaintiff asserts in this lawsuit as of

18   March 15, 2006.  These documents shall be designated highly confidential.  These

19   documents shall be produced by April 15, 2006.  The Court defers ruling on the

20   remainder of Google's motion concerning this request at this time.

21       **E.**    **Information Regarding Persons Who May Have Knowledge**
          **Regarding the Alleged Facts (Interrogatory Nos. 6-7; Document**
22             **Request No. 63)**

23       Interrogatory No. 6:   The Court defers ruling on the interrogatory at this time.

24       Interrogatory No. 7: The Court defers ruling on the interrogatory at this time.

25       Document Request No. 63: Plaintiff shall produce documents sufficient to

26   identify all of its directors, officers, staff, employees, and full-time personnel from

27                      17

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   2000 to present.  These documents shall be produced by April 15, 2006.   The Court

2   defers ruling on the remainder of Google's motion concerning this request at this time.

**F.      Information Regarding Plaintiff's Web Sites (Document Request No. 60)**

3

4   Document Request No. 60: Plaintiff shall produce documents constituting the

5   current (or, if no longer active, the most recent) version of all Web sites owned or

6   controlled by Plaintiff.  These documents shall be produced by April 15, 2006.   The

7   Court defers ruling on the remainder of Google's motion concerning this request at

8   this time.

9   **G.      Information Regarding Claims Asserted Against Plaintiff of**

10  **Infringement or Allegations of False Infringement (Document Request Nos. 64,**

11  **65)**

12  Document Request No. 64: Plaintiff shall produce the settlement agreement in

13  the case that it stated is relevant to Request No. 64.  This document shall be produced

14  by April 15, 2006.  The Court defers ruling on the remainder of Google's motion

15  concerning this request at this time.

16  Document Request No. 65: Plaintiff shall produce the settlement agreement in

17  the case that it stated is relevant to Request No. 65.  This document shall be produced

18  by April 15, 2006.  The Court defers ruling on the remainder of Google's motion

19  concerning this request at this time.

20  **H.      Earlier Litigation Involving Plaintiff for Similar Claims (Document Request No. 66)**

21

22  Document Request No. 66: Plaintiff shall produce all complaints for lawsuits in

23  which it has been a plaintiff or defendant involving claims of copyright, trademark,

24  publicity rights, or unfair competition and transcripts of depositions of Dr. Zada in

25  those litigations in its possession, custody, or control. These documents shall be

26  produced by April 15, 2006.    The Court defers ruling on the remainder of Google's

27  18

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   motion concerning this request at this time.

2   **I.     Documents Regarding Google and Communications with Google**
3   **(Document Request Nos. 7, 58-59)**

4      .   Document Request No. 7: The motion to compel is granted.  Plaintiff shall

5   produce the following: All non-privileged and non-work product documents

6   concerning communications between Plaintiff and Google.  These documents shall be

7   produced by April 15, 2006.

8        Document Request No. 58: Plaintiff shall produce all non-privileged and non-

9   work product documents in its possession, custody, or control that mention or refer to

10   the claims in this lawsuit against Google or this lawsuit.  These documents shall be

11   produced by April 15, 2006.   The Court defers ruling on the remainder of Google's

12   motion concerning this request at this time.

13        Document Request No. 59: The Court defers ruling on Google's motion

14   concerning this request at this time.

15   **J.         Plaintiff's Damages (Document Request Nos. 33, 38, 71)**

16        Document Request No. 33: Plaintiff shall produce summary financial

17   documents showing its annual expenditures on advertising and marketing activities in

18   the United States concerning the marks PERFECT 10 and PERFECT 1O.COM.

19   These documents shall be produced by April 15, 2006.  The Court defers ruling on the

20   remainder of Google's motion concerning this request at this time.

21        Document Request No. 38: Plaintiff shall produce summary financial

22   documents showing annual revenues and expenses relating to its use of the marks

23   PERFECT 10 and PERFECT10.COM.  These documents shall be produced by April

24   15, 2006.  The Court defers ruling on the remainder of Google's motion concerning

25   this request at this time.

26        Document Request No. 71: With respect to financial documents, Plaintiff shall

27                                          19

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
       OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 54 of 62   Page ID
#:29820
Case 2:04-cv-09484-AHM-SH   Document 184   Filed 05/19/2006   Page 20 of 24

1   produce annual summary financial documents reflecting any damages or harm it

2   claims to have suffered, or to be likely to suffer, as a result of Google's alleged

3   infringements and violations set forth in its amended complaint in this action.  In

4   addition, Perfect 10 shall produce any other non-privileged and non-work product

5   documents that evidence, refer to, or discuss any such damages or harm.  Documents

6   which Perfect 10 currently has in its possession shall be produced by April 15, 2006;

7   as Perfect 10 obtains additional documents, those documents shall be produced.

8   **K.   Issues Relating to Plaintiff's Efforts to Avoid Harm (Interrogatory
          No. 4; Document Request Nos. 4, 8-9, 32, 39, 41, 70)**

9

10   <u>Interrogatory No. 4</u>: The Court defers ruling on Google's motion concerning

11   this request at this time.

12   <u>Document Request No. 4</u>:  Plaintiff shall produce all complaints in its

13   possession, custody or control in which it has been a plaintiff or defendant involving

14   claims of copyright infringement and transcripts of depositions of Dr. Zada in those

15   litigations in its possession, custody or control.  These documents shall be produced

16   by April 15, 2006.  The Court defers ruling on the remainder of Google's motion

17   concerning this request at this time.

18   <u>Document Request No. 8</u>: The Court defers ruling on Google's motion

19   concerning this request at this time.

20   <u>Document Request No. 9</u>: The motion to compel is granted.  Plaintiff shall

21   produce the following: All DMCA Notifications or claims of infringement that

22   Plaintiff has sent to persons or entities other than Google.  Plaintiff's production shall

23   include, without limitation, documents located at its attorneys' offices and any storage

24   facilities for its attorneys. These documents shall be produced by April 15, 2006.

25   <u>Document Request No. 32</u>:  The motion to compel is granted.  Plaintiff shall

26   produce the following: All non-privileged and non-work product documents

27                                          20

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
     OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

concerning efforts by Plaintiff to halt or reduce infringements of its trademarks. These documents shall be produced by April 15, 2006.

Document Request No. 39: The Court defers ruling on Google's motion concerning this request at this time.

Document Request No. 41: The ruling on this request is the same as on Document Request No. 32.

Document Request No. 70: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents concerning Plaintiff's practices, policies, procedures, intentions, plans, or actions regarding investigation and identification of, or prosecution of, claims against Stolen Content Websites for infringement of Plaintiff's alleged intellectual property. These documents shall be produced by April 15, 2006.

**L.    Information Regarding Use of Google and Other Search Engines (Document Request Nos. 61-62, 67-69)**

Document Request No. 61: Plaintiff shall produce all documents concerning use of Google's search engine regarding this lawsuit that are not work product or privileged. These documents shall be produced by April 15, 2006. The Court defers ruling on the remainder of Google's motion concerning this request at this time.

Document Request No. 62: The Court defers ruling on Google's motion concerning this request at this time.

Document Request No. 67: The Court defers ruling on Google's motion concerning this request at this time.

Document Request No. 68: The Court defers ruling on the request at this time.

Document Request No. 69: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents referring to or discussing benefits to Plaintiff of being listed in, or being prominently listed in,

21

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Case 2:04-cv-09484-AHM-SH   Document 1165-1   Filed 04/09/12   Page 56 of 62   Page ID
#:29831
Case 2:04-cv-09484-AHM-SH   Document 164   Filed 05/19/2006   Page 22 of 24

1  search results by Google or any other Internet search engine.  These documents shall

2  be produced by April 15, 2006.

3    **M.**  **Document Retention and Maintenance (Document Request Nos. 72-**

4      **73)**

5    <u>Document Request No. 72</u>: The motion to compel is granted.  Plaintiff shall

6  produce the following: All non-privileged and non-work product documents

7  concerning its policies regarding retention, storage, filing and destruction of

8  documents and things.  These documents shall be produced by April 15, 2006.

9    <u>Document Request No. 73</u>: The motion to compel is granted.  Plaintiff shall

10  produce the following: All non-privileged and non-work product documents

11  concerning indexes, lists or inventories of documents and things maintained by or for

12  Plaintiff.  These documents shall be produced by April 15, 2006.

13    **N.**  **Perfect 10's Documents Evidencing Certain Allegations it Made**

14  **Against Google (Document Request Nos. 20-25, 27-31, 40, 47-49)**

15    <u>Document Request Nos. 20-25, 27-31, 40, 47-49</u>: The Court defers ruling on

16  the organization of these document requests.   The Court further orders the parties to

17  continue meeting and conferring so that production of documents can be in the most

18  useful and accessible manner.

21  Dated: _____5-19-06_____

Stephen J. Hillman
United States Magistrate Judge

27               22

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   Respectfully submitted,

2   Dated: May **16**, 2006

3                        Andrew P. Bridges
                            Jennifer A. Golinveaux

4                        WINSTON & STRAWN LLP
                            Attorneys for Defendant and Counterclaimant

5                        Google Inc.

6   Approved as to form only:

7                        Jeffrey N. Mausner
                            BERMAN, MAUSNER & RESSER

8   Dated: May_____, 2006      Attorneys for Plaintiff and Counter-
                            defendant Perfect 10, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                             23

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
            OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   Respectfully submitted,

2
    Dated: May _____, 2006
3                                          Andrew P. Bridges
                                           Jennifer A. Golinveaux
4                                          WINSTON & STRAWN LLP
                                           Attorneys for Defendant and Counterclaimant
                                           Google Inc.
5

6   Approved as to form only:              _Jeffrey N. Mausner_ (D.T.)
7                                          Jeffrey N. Mausner
    Dated: May 15, 2006                    BERMAN, MAUSNER & RESSER
8                                          Attorneys for Plaintiff and Counter-
                                           defendant Perfect 10, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                          23

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
        OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 4, Page 122

# EXHIBIT 5

# EXHIBIT 5:

# FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT 6

# EXHIBIT 6:

# FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER