QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Rachel Herrick Kassabian (Bar No. 191060)
    rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>           *Plaintiff*,<br><br>     vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>           *Defendants*. | CASE NO. CV 04-9484 AHM (SHx)<br><br>**GOOGLE INC.'S REQUEST FOR A RULING ON OUTSTANDING DOCUMENT REQUESTS PREVIOUSLY DEFERRED BY THE COURT'S MAY 19, 2006 ORDER**<br><br>Hon. Stephen J. Hillman<br><br>Discovery Cut-off:    May 1, 2012<br>Pretrial Conference: January 14, 2013<br>Trial Date:          January 28, 2013 |

On March 3, 2005, Google served Perfect 10 with requests for the production of certain categories of documents that are directly relevant to the claims and defenses at issue in this case. In response to many of these requests, Perfect 10 served numerous largely meritless objections and refused to produce documents on those grounds. On February 13, 2006, Google moved to compel the production of the documents that Perfect 10 refused to produce. *See* Kassabian Decl., Ex. 1 (Dkt. No. 113). On May 19, 2006, the Court issued an order granting Google's motion in various respects, and ordering Perfect 10 to produce some of the requested documents. *See* Kassabian Decl., Ex. 2 (Dkt. No. 164). But as to several of Google's requests, the Court deferred them for later resolution (the "Requests"), including the following:

**REQUEST NO. 2:**

All documents concerning any communications between you and any government agency concerning copyrighted works claimed by you in this action.[1]

**RESPONSE TO REQUEST NO. 2:**

Perfect 10 objects to this request on the grounds that it is irrelevant and that if any such documents exist, they are private documents that are privileged communications between Perfect 10 and law enforcement agencies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Perfect 10 will produce its copyright registration certificates, which are the same as its applications.

---

[1] Google is willing to limit this request to the remaining copyrighted works being asserted in this action, as identified in Perfect 10's March 26, 2012 Disclosure (Dkt. No. 1128).

**ORDER ON REQUEST NO. 2:**

Google is to determine what documents are publicly available. The Court otherwise defers ruling on the request at this time.

**REQUEST NO. 4:**

All documents concerning your efforts to halt or reduce infringements of your copyrights.[2]

**RESPONSE TO REQUEST NO. 4:**

Perfect 10 objects to this request on the basis that it is vague, overbroad, and overwhelmingly burdensome, and seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Without waiving said objections, Perfect 10 will produce copies of all complaints Perfect 10 has filed in an effort to halt infringements of its copyrights, depositions of Dr. Zada related to said complaints, and Perfect 10's DMCA notices, which can be located upon a reasonable and diligent search.

**ORDER ON REQUEST NO. 4:**

Plaintiff shall produce all complaints in its possession, custody, or control in which it has been a plaintiff or defendant involving claims of copyright infringement and transcripts of depositions of Dr. Zada in those litigations in its possession, custody, or control. These documents shall be produced by April 15, 2006. The Court defers ruling on the remainder of Google's motion concerning this request at this time.

---

[2] Google is willing to limit this request to the remaining copyrighted works being asserted in this action, as identified in Perfect 10's March 26, 2012 Disclosure (Dkt. No. 1128).

**REQUEST NO. 8:**

All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of copyright infringement, other than those documents sought in request number nine.

**RESPONSE TO REQUEST NO. 8:**

Perfect 10 objects to this request as being vague, overbroad, burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

**ORDER ON REQUEST NO. 8:**

The Court defers ruling on Google's motion concerning this request at this time.

**REQUEST NO. 58:**

All documents in your possession, custody, or control that mention or refer to Google.

**RESPONSE TO REQUEST NO. 58:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges. Notwithstanding said objections, Perfect 10 will produce documents in its control that mention or refer to the claims in the lawsuit against Google, which can be located upon a reasonable and diligent search.

**ORDER ON REQUEST NO. 58:**

Plaintiff shall produce all non-privileged and non-work product documents in its possession, custody or control that mention or refer to the claims in this lawsuit against Google or this lawsuit. These documents shall be produced by April 15,

2006.  The Court defers ruling on the remainder of Google's motion concerning this request at this time.

**REQUEST NO. 59:**

All documents concerning any communication by any person regarding Google or this lawsuit.

**RESPONSE TO REQUEST NO. 59:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges.

**ORDER ON REQUEST NO. 59:**

The Court defers ruling on Google's motion concerning this request at this time.

**REQUEST NO. 60:**

All documents constituting web sites owned or controlled by you.

**RESPONSE TO REQUEST NO. 60:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome. Subject to, and without waiving the forgoing objections and general objections, Perfect 10 will provide to Google copies of disk's representing filings with the Copyright Office.

**ORDER ON REQUEST NO. 60:**

Plaintiff shall produce documents constituting the current (or, if no longer active, the most recent) version of all Web sites owned or controlled by Plaintiff.  These documents shall be produced by April 15, 2006.  The Court defers ruling on the remainder of Google's motion concerning this request at this time.

**REQUEST NO. 61:**

All documents concerning your use of Google's search engines for any purpose.

**RESPONSE TO REQUEST NO. 61:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges. Notwithstanding said objections, Perfect 10 will produce non-privileged documents concerning Perfect 10's use of Google's search engine regarding this lawsuit.

**ORDER ON REQUEST NO. 61:**

Plaintiff shall produce all documents concerning use of Google's search engine regarding this lawsuit that are not work product or privileged. These documents shall be produced by April 15, 2006. The Court defers ruling on the remainder of Google's motion concerning this request at this time.

**REQUEST NO. 62:**

All documents concerning your use of search engines other than Google's search engines.

**RESPONSE TO REQUEST NO. 62:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects .to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges.

**ORDER ON REQUEST NO. 62:**

The Court defers ruling on Google's motion concerning this request at this time.

**REQUEST NO. 65:**

All documents concerning allegations that you falsely or wrongly claimed copyright, trademark, or publicity rights.[3]

**RESPONSE TO REQUEST NO. 65:**

Perfect 10 objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Perfect 10 objects to this request on the grounds that it is irrelevant and not limited as to time.

**ORDER ON REQUEST NO. 65:**

Plaintiff shall produce the settlement agreement in the case that it stated is relevant to Request No. 65. This document shall be produced by April 15, 2006. The Court defers ruling on the remainder of Google's motion concerning this request at this time.

**REQUEST NO. 67:**

All documents concerning your use of the Google search engine, or any other internet search engine, to search for, investigate, detect, assess, evaluate and/or monitor alleged infringements of intellectual property in which you claim rights, or violations of publicity rights that claim to own or exercise.[4]

---

[3] In light of the dismissal of Perfect 10's non-copyright claims, Google is willing to limit this request to "All documents concerning allegations that you falsely or wrongly claimed copyright rights."

[4] In light of the dismissal of Perfect 10's non-copyright claims, Google is willing to limit this request to "All documents concerning your use of the Google search engine, or any other internet search engine, to search for, investigate, detect,
     (footnote continued)

**RESPONSE TO REQUEST NO. 67:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and irrelevant.

**ORDER ON REQUEST NO. 67:**

The Court defers ruling on Google's motion concerning this request at this time.

**REQUEST NO. 68:**

All documents concerning your efforts to increase the likelihood that your websites will appear in search results, or will appear more prominently in search results, on Google or any other Internet search engine.

**RESPONSE TO REQUEST NO. 68:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and irrelevant. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

**ORDER ON REQUEST NO. 68:**

The Court defers ruling on Google's motion concerning this request at this time.

These Requests are now ripe for resolution. It has been over six years since Google first sought the Court's assistance in procuring documents responsive to the Requests from Perfect 10. The parties fully briefed the issues at that time, and the Court heard arguments from the parties on February 22, 2006. The Requests all relate directly to the core of Perfect 10's remaining copyright claims – yet Perfect 10

---

assess, evaluate and/or monitor alleged infringements of copyrights in which you claim rights." *See* Dkt. No. 1050 (Dec. 22, 2011 Order).

1 | has still not provided responsive documents.  With the close of fact discovery less
2 | than a month away, P10 has no basis to delay producing these materials any further.
3 | Google respectfully requests that the Court now grant Google's motion with respect
4 | to the above-referenced Requests, and order Perfect 10 to produce all responsive
5 | documents within seven days after the Court's ruling.  Should the Court wish to hear
6 | further argument on these Requests, Google proposes the dates of April 16, 23, or
7 | 30, 2012, when the parties will already be before the Court on other discovery
8 | motions.

10 | DATED:  April 13, 2012          QUINN EMANUEL URQUHART &
11 |                                                       SULLIVAN, LLP

13 |                                                   By  /s/ *Rachel Herrick Kassabian*
                                                                Rachel Herrick Kassabian
14 |                                                        Attorneys for Defendant GOOGLE INC.

-8- Case No. CV 04-9484 AHM (SHx)
GOOGLE INC.'S REQUEST FOR A RULING ON OUTSTANDING DOCUMENT REQUESTS PREVIOUSLY DEFERRED BY THE COURT'S MAY 19, 2006 ORDER