QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, <br><br> *Plaintiff,* <br><br> vs. <br><br> GOOGLE INC., a corporation; and DOES 1 through 100, inclusive, <br><br> *Defendants.* | CASE NO. CV 04-9484 AHM (SHx) <br><br> **DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF GOOGLE INC.'S REQUEST FOR A RULING ON OUTSTANDING DOCUMENT REQUESTS PREVIOUSLY DEFERRED BY THE COURT'S MAY 19, 2006 ORDER** <br><br> Hon. Stephen J. Hillman <br><br> Discovery Cut-off: May 1, 2012 <br> Pretrial Conference: January 14, 2013 <br> Trial Date: January 28, 2013 |

1    I, Rachel Herrick Kassabian, declare as follows:

2        1.    I am a member of the bar of the State of California and a partner with

3    Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google Inc.

4    ("Google") in this action.  I make this declaration of my personal and firsthand

5    knowledge and, if called and sworn as a witness, I could and would competently

6    testify thereto.  I submit this declaration in support of Google's Request For A

7    Ruling On Outstanding Document Requests Previously Deferred By The Court's

8    May 19, 2006 Order.

9        2.    Attached hereto as Exhibit 1 is a true and correct copy of the Joint

10   Stipulation re Google's Motion to Compel the Production of Documents and

11   Responses to Interrogatories filed on February 13, 2006 (Dkt. No. 113).

12       3.    Attached hereto as Exhibit 2 is a true and correct copy of Court's May

13   19, 2006 Order Regarding Google Inc.'s Motion to Compel the Production of

14   Documents and Responses to Interrogatories (Dkt. No. 164).

15

16       I declare under penalty of perjury under the laws of the United States of

17   America that the foregoing is true and correct.  Executed April 13, 2012 at San

18   Francisco, California.

19

20                              _Rachel Herrick Kassabian_

21                              Rachel Herrick Kassabian

22

23

24

25

26

27

28

-1-

# EXHIBIT 1

FILED

COPY

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
E-mail: abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
E-mail: jgolinveaux@winston.com
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendant
GOOGLE INC.

2006 FEB 13 PM 1: 15

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive<br><br>Defendant. | Case No. CV04-9484 AHM (SHx)<br>[Consolidated with Case No. CV 05 4753 AHM (SHx)]<br><br>**JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**<br><br>Feb 21-22 |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Date: ~~February 21-22,~~ ~~March 13~~ 2006<br>Time: ~~9:30 a.m.~~ ~~2:00 p.m.~~ 9:30 A.M.<br>Place: Courtroom of Hon. Stephen Hillman<br><br>Discovery Cutoff:        TBD<br>Pre-trial conference:    TBD<br>Trial date:              TBD |

1   WINSTON & STRAWN LLP
     Andrew P. Bridges (SBN: 122761)
2   E-mail: abridges@winston.com
     Jennifer A. Golinveaux (SBN: 203056)
3   E-mail: jgolinveaux@winston.com
     101 California Street, Suite 3900
4   San Francisco, CA 94111-5894
     Telephone: 415-591-1000
5   Facsimile: 415-591-1400

6   Attorneys for Defendant
     GOOGLE INC.

7

8

9             **UNITED STATES DISTRICT COURT**

              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| PERFECT 10, INC., a California corporation | Case No. CV04-9484 AHM (SHx) [Consolidated with Case No. CV 05 4753 AHM (SHx)] |
| Plaintiff, | **JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES** |
| vs. | |
| GOOGLE INC., a corporation; and DOES 1 through 100, inclusive | |
| Defendant. | |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation | Date: February 21-22, 2006 Time 9:30 a.m. Place: Courtroom of Hon. Stephen Hillman |
| Plaintiff, | |
| vs. | |
| AMAZON.COM, INC., a corporation; A9.COM, INC., a corporation; and DOES 1 through 10, inclusive, | Discovery Cutoff: TBD Pre-trial conference: TBD Trial date: TBD |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................1

    A.  Google's Introductory Statement............................................1

    B.  Plaintiff's Introductory Statement ..........................................3

    C.  Google's Reply ......................................................................6

II. MANNER OF PRODUCTION ..............................................................7

    A.  Google's Arguments Regarding Plaintiff's Manner of Production of Documents..........................................................7

    B.  Plaintiff's Response ..............................................................12

    C.  Google's Reply Regarding Manner of Production ...............16

III. SPECIFIC DISCOVERY REQUESTS IN DISPUTE ..........................18

    A.  Information Regarding Alleged Copyrights and Trademarks (Interrogatory No. 2; Document Request Nos. 2, 34-35, 37) ............18

    B.  Information Regarding Alleged Copyright and Trademark Infringements by Google in This Action (Interrogatory Nos. 3, 5; Document Request Nos. 10-19, 26, 55-56).......................28

    C.  Plaintiff's Alleged Publicity Rights (Document Request Nos. 42-46, 50-53, 57) ..........................................................38

    D.  Information Regarding Persons Whose Publicity Rights Plaintiff Claims (Interrogatory No. 1; Document Request No. 54)................45

    E.  Information Regarding Persons Who May Have Knowledge Regarding the Alleged Facts (Interrogatory No. 6-7; Document Request No. 63)....................................................49

    F.  Information Regarding Plaintiff's Web Sites (Document Request No. 60)........................................................................53

    G.  Information Regarding Claims Asserted Against Plaintiff of Infringement or Allegations of False Infringement (Document Request Nos. 64, 65) .......................................54

    H.  Earlier Litigation Involving Plaintiff For Similar Claims (Document Request No. 66)..................................................55

    I.  Documents Regarding Google and Communications with Google (Document Request Nos. 7, 58-59)......................................57

    J.  Plaintiff's Damages (Document Request Nos. 33, 38, 71)................59

    K.  Issues Relating To Plaintiff's Efforts to Avoid Harm (Interrogatory No. 4; Document Request Nos. 4, 8-9, 32, 39, 41, 70).......................62

i

L.   Information Regarding Use of Google and Other Search Engines (Document Request Nos. 61-62, 67-69) ............................................... 66

M.   Document Retention and Maintenance (Document Request Nos. 72-73) ......................................................................................... 70

N.   Perfect 10's Documents Evidencing Certain Allegations it Made Against Google (Document Request Nos. 20-25, 27-31, 40, 47-49)..71

IV.   CONCLUSION.......................................................................... 77

A.   Google's Conclusion........................................................... 77

B.   Plaintiff's Conclusion ....................................................... 77

C.   Google's Reply ................................................................. 78

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 1, Page 5

1   Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2.1,

2   Google Inc. ("Google") and Perfect 10, Inc ("Perfect 10" or "Plaintiff") submit the

3   following joint stipulation regarding Google's Motion to Compel.

## I.   INTRODUCTION

### A.   GOOGLE'S INTRODUCTORY STATEMENT

6   This motion concerns Plaintiff's refusal to provide information and documents

7   in response to document requests and interrogatories.  Plaintiff has withheld a vast

8   amount of information across all issues in the case largely on the ground that it would

9   be too burdensome for Plaintiff to comply with its obligations.  Plaintiff, however, is

10  the master of its case: it could have chosen to make the case as simple or complex as

11  it desired.  Having brought claims identified in 12 causes of action, concerning what it

12  claims is about 11,000 copyrighted works at issue in the case, based on an allegation

13  of millions of infringements, and apparently seeking over one billion dollars in

14  damages, Plaintiff cannot be heard to complain about the burden of providing

15  responsive and relevant information.  On several occasions, Plaintiff asked Google to

16  narrow Google's requests, for example with a time limitation, but Plaintiff refused to

17  engage in a corresponding narrowing of its claims.  On other occasions, Plaintiff has

18  highlighted its waiver of actual damages in order to avoid certain financial discovery;

19  but when Google's counsel explained the relevance of financial discovery to the issues

20  even without an actual damages claim, Plaintiff indicated that it would attempt to

21  revoke its waiver if this Court grants Google the requested discovery.

22  For some requests, Plaintiff has refused to produce documents held by its

23  counsel even though counsel has indicated it has responsive documents.  For other

24  requests, Plaintiff has limited its search only to documents in counsel's office.

25  Plaintiff has further flatly refused to look for any documents in its counsel's local

26  storage facility, even though counsel has indicated that the storage contains responsive

27  documents as few as two years old.  In each case, Plaintiff has based its refusals on the

28  glib assertion that those documents cannot be located after "a reasonable search" and

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Plaintiff has demanded that Google pay for the costs of searching for documents held

2    by counsel, including paying for renting office space.

3        Plaintiff's attempt to manipulate discovery is particularly telling in the context

4    of its claims to own and enforce publicity (privacy) rights of hundreds of its models.

5    Plaintiff has strongly resisted identifying and providing information about the fame or

6    recognition of its models even though there is a confidentiality protective order.

7    Instead, Plaintiff wants to furnish limited information about only the handful of

8    models it may choose to present as witnesses.  Moreover, although the models are not

9    employees of Plaintiff, Plaintiff stated that they must be contacted only via Plaintiff's

10   counsel.  While this barrier is itself wrongful, *when Google asked Plaintiff's counsel*

11   *Jeffrey Mausner to facilitate the contact as directed in Plaintiff's responses, Mr.*

12   *Mausner flatly refused and then tried to impose other unacceptable conditions to*

13   *providing the information.*  Plaintiff's jockeying over the scope of discovery is

14   unprincipled.

15       Ironically, while Plaintiff has refused to deliver any information and documents

16   responsive to many document requests and interrogatories, Plaintiff bombarded

17   Google with a blizzard of documents – many manifestly irrelevant – without

18   organizing them or identifying them in compliance with federal discovery rules.  This

19   motion therefore also concerns Plaintiff's refusal to comply with its obligations even

20   with respect to what it has produced.  Plaintiff's delivery of over 20 gigabytes of

21   materials, the majority of which were not numbered, included manifestly irrelevant

22   documents; and the electronic materials were produced in a blizzard tactically

23   calculated to promote Plaintiff's favored, but skewed, view of the case while also

24   either burying responsive documents or obscuring their omission from the production.

25   Plaintiff must indicate which documents relate to each request in order to comply with

26   its obligations under the rules and to allow the parties to clarify the factual basis for

27   the issues in dispute.

28       Plaintiff has launched an aggressive crusade against Google based upon

2

1    Plaintiff's perception that Google is responsible for massive infringements Plaintiff

2    alleges to be perpetrated by Websites and their visitors because of Google's role as a

3    search engine.  Plaintiff has chosen to file an aggressive, broad, multi-claim case

4    against Google but now wishes to avoid burdens of its own creation arising from this

5    litigation.  Rule 26(b)(1) allows discovery of "any matter, not privileged, that is

6    relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  The federal

7    rules require that all grounds for an objection to an interrogatory be stated "with

8    specificity."  Fed. R. Civ. P. 33(b)(4).  Similarly, with respect to document requests,

9    the rules require that if an objection is made to part of an item or category "the part

10   shall be specified and inspection permitted of the remaining parts."  Fed. R. Civ. P.

11   34(b).  Plaintiff's responses to Google's interrogatories and document requests do not

12   comply with the specificity requirements of the federal rules and impermissibly object

13   to numerous categories of documents to which Google is entitled.  Plaintiff has made

14   clear that it does not believe a great number of Google's requests are relevant to this

15   case because they supposedly have nothing to do with Plaintiff's skewed view of the

16   case.  Google is entitled to not just information that Plaintiff *desires* to reveal in

17   support of its claims and theories, but *all responsive information relevant to Plaintiff's*

18   *claims and Google's defenses to the claims*.

19        Although the parties made some progress during the meet-and-confer in

20   narrowing what documents exist, Google has requested that Plaintiff supplement its

21   responses in order to create a clear record, particularly in light of Plaintiff's refusal to

22   search adequately to locate responsive documents.  Accordingly, Google moves this

23   Court to compel Plaintiff to provide documents and information in response to

24   Google's first set of interrogatories and requests for production and supplement its

25   responses.  Google further requests that the Court order Plaintiff to specify in good

26   faith to which request each document relates.

27   **B.    PLAINTIFF'S INTRODUCTORY STATEMENT**

28        Contrary to the picture Google has presented, Perfect 10 has been the only party

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   in this case that has produced any meaningful discovery.  Perfect 10 has produced 20

2   gigabytes of evidence, which included folders containing copyright certificates;

3   trademark certificates; model assignment of rights/releases; photographer work for

4   hire/assignment of rights; DMCA notices; contact/registration information (also

5   known as "who is" information) for certain infringing websites; "adwords"

6   recommended by Google for its advertising partners that wish to exploit Perfect 10's

7   trademark and/or Perfect 10 model names for which Perfect 10 owns rights of

8   publicity; disclaimers --- statements from infringing websites from which Google

9   copies and displays images—that expressly disclaim ownership of the copyrighted

10  material they display; thousands of Perfect 10 images displayed by Google via Google

11  Image Search (organized by model and by infringing website); thousands of Perfect

12  10 images displayed by Google via Google's cache link (organized by model and by

13  infringing website); Perfect 10 images displayed by Google which contain Perfect 10

14  copyright notices; images of celebrities displayed by Google that contain the bodies of

15  Perfect 10 models superimposed on them; hundreds of Perfect 10 username/password

16  combinations displayed by Google; pages of Google ads placed alongside Perfect 10

17  copyrighted images; Google Web Search results on Perfect 10 model names, and other

18  information relevant to Perfect 10's case.  In addition to the aforementioned, *Perfect*

19  *10 is preparing to produce at least an additional 60 gigabytes of infringements, along*

20  *with detailed excel spreadsheets to answer several of Google's interrogatory requests,*

21  *examples of which are attached.*  Of course, many of the infringements have already

22  been previously identified to Google as a consequence of the 40 DMCA notices sent

23  by Perfect 10 to Google in 2004 and 2005, which, in spreadsheet format, detail by

24  URL the location of over 10,000 infringements.

25      In sharp contrast to all of the documents Perfect 10 has produced, Google has

26  produced essentially nothing, and furthermore, has answered virtually no

27  interrogatories.  In fact, the only documents Google has produced—which number

28  approximately a scant *300 pages*  or so—are all publicly available, mostly from

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4

1    Google's website, and do not substantively respond to any of Perfect 10's requests.

2         Perfect 10 completely understands the need to identify infringements and to

3    provide evidence of its ownership of copyrights, and intends to do so, to the extent it

4    has not done so already.  What Perfect 10 strenuously objects to, however, is Google's

5    attempt to bury Perfect 10 in busywork that is not essential to the case, like searching

6    through reams of boxes, at Perfect 10's expense, buried in storage facilities to look for

7    documents that have little if any relevance.  Contrary to what Google suggests, this

8    case involves far more than 137 copyrighted works; each of Perfect 10's distinct

9    images (of which there are approximately 11,000, including approximately 3,000

10   *directly displayed* by Google) is a separate, copyrightable work.  Each of these works

11   has been infringed, whether by Google directly or indirectly, many times.

12   Accordingly, it is simply impossible for Perfect 10 to specify, with respect to literally

13   hundreds of thousands of images, such needlessly burdensome information such as

14   what request each individual image is responsive to (what's more, Google did not

15   even request such information in its requests, but seeks that information now).  The

16   images have been produced in folders, and each folder name typically describes what

17   is in the folder, and the images speak for themselves.  Examples of such folders

18   produced by Perfect 10 were entitled "Perfect 10 TRADEMARK DOCUMENTS,"

19   "PERFECT 10 COPYRIGHT," "disclaimers" "about Google," "whois," "burned

20   websearch links," etc.  That is the way these documents are kept by Perfect 10 in the

21   usual course of business, which is all that is required by FRCP 34(b).

22         As far as rights of publicity assignments are concerned, Perfect 10 has already

23   produced many of its rights of publicity assignments to Google and will produce the

24   rest.  Perfect 10 has further offered to provide Google with addresses it has for those

25   models if Google agrees to contact those models via its attorneys, rather than by a

26   private investigator.  That is the only condition Perfect 10 has imposed.  Restricting

27   contact to attorneys only is necessary because in the past, Perfect 10 models have been

28   followed and threatened by private investigators. Perfect 10 believes it is appropriate

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5

1   to restrict contact with the models to responsible persons who will be accountable for

2   their conduct.

3   　　　In order for Perfect 10 to provide Google with full and exhaustive responses to

4   interrogatories regarding the locations of all infringements, Google must first provide

5   the information in its possession that would permit Perfect 10 to provide such full

6   responses.  Only Google knows which images it has displayed corresponding to

7   searches on the names of Perfect 10 models prior to June of 2004; similarly, it is also

8   Google that is in the best position to ascertain which images that it displayed

9   contained copyright notices.

10  　　　Finally, Google's introduction is replete with statements that have no basis in

11  fact.  As just one example, Google has stated that Perfect 10 is "apparently seeking

12  over one billion dollars in damages …"  This statement is completely unfounded and

13  sharply belied by the numbers presented in settlement negotiations.

14  **C.    GOOGLE'S REPLY**

15  　　　Plaintiff's theme throughout this joint stipulation, and during the meet-and-

16  confer process, is that its complaints about Google's production are a justification for

17  Plaintiff's refusal to provide discovery responses.  Plaintiff's comparisons of the

18  number of documents it has produced as compared with Google are irrelevant and

19  unjustified, especially since the majority of Plaintiff's production consists of thousands

20  of Web page printouts that are irrelevant or meaningless as produced.  Plaintiff also

21  repeatedly complains that it cannot provide complete responses until it receives

22  Google's production.  As Google has pointed out, Plaintiff must provide the

23  information that it does have and supplement as required.

24  　　　At this stage, Google cannot even determine which copyrights are at issue.

25  Plaintiff claims that each of 11,000 images is a "separate, copyrightable work" and

26  appears to claim statutory damages for each of them.  It then refuses to identify each

27  "separate, copyrightable work" and states that Google's estimation that Perfect 10 is

28  apparently seeking over one billion dollars in statutory damages for the works (based

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

6

1   on $150,000 in statutory damages for each of the 11,000 works) is "completely

2   unfounded" without explanation.  Without the information Google has requested

3   regarding each alleged work or even a separate identification of each work, Google is

4   left to guess as to the alleged works and damages at issue in the case.

5       With respect to the issue of contacting models, as described in section III.D,

6   Plaintiff imposed a number of conditions on Google aside from the condition of only

7   allowing the models to be contacted by attorneys, even though they are not employees

8   of Plaintiff.  Plaintiff also attempted to impose conditions contingent upon its

9   suggestion of dropping a "substantial" but unspecified number of models at issue, and

10  then flatly refused to allow Google to contact all Perfect 10 models when Google did

11  not accept the conditions.  Google objects to any restriction on which models may be

12  contacted and who may contact these important witnesses.

13      Finally, as to Plaintiff's statements regarding its manner of production, its

14  claims that the "images speak for themselves" is not an adequate response to

15  interrogatories.  Moreover, Plaintiff's planned production of an additional 60

16  gigabytes of alleged "infringements" (Web pages) only further compels the conclusion

17  that an order granting Google's requested relief should be issued.

## II.   MANNER OF PRODUCTION

### A.   GOOGLE'S ARGUMENTS REGARDING PLAINTIFF'S MANNER OF PRODUCTION OF DOCUMENTS

21      Google requests that this Court compel Plaintiff to indicate which documents

22  respond to each request.  Plaintiff has produced 21.45 GB of documents on seven

23  DVDs, only a very small portion of which are labeled with numbers using a variety of

24  different prefixes.  Plaintiff has also indicated that it is going to produce an additional

25  80 GB of "infringements" on additional disks.  The documents that have been

26  produced include hundreds of thousands of printouts of Web pages, among other

27  items.  Thousands of these printouts have no connection at all with Plaintiff or issues

28  in this case; they certainly appear not to be responsive to Google's requests.  For

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

7

example, Plaintiff produced hundreds of pages of Web and image search results for the term "bestiality," thousands of pages from a single Web site, and a 956-page file involving a Yahoo search for "clarence.com," none of which were prompted by Google's requests.  The documents are not organized in any way to indicate that they have been produced as kept in the ordinary course of business as required by Fed R. Civ. P. 34(b).  Indeed, they were obviously created and organized for the purpose of litigation and not ordinary business.

During the meet-and-confer process, Google requested several times that Plaintiff specify to which request each document responds, in particular with respect to its interrogatories and document requests asking Plaintiff to identify or provide support for each of its claims in this action.  Plaintiff refused to comply based on its contention that the infringements are "obvious."  For example, Plaintiff claims that all photographs with a "Perfect 10" logo are trademark infringements, that Google can pick through the names of images (many apparently unrelated to the case) that Plaintiff provided in order to find the logos, and that Plaintiff thus does not need to identify such documents in its production.  Plaintiff also claims that the very specific varieties of copyright infringement evidenced by each document are similarly self-evident in its document production, even though specifics of copyright infringement are not always apparent from a mere image or Web site.

Only a few examples of the files Plaintiff produced, which Plaintiff claims has "obvious" relevance to Google's requests, include the following:

- a 661-page file entitled "**Google bst\google bestiality more results 10-11 sc.pdf**."  This file contains printouts of the results of a search conducted in October 2004 for the term "bestiality" in Google's Image Search.  Declaration of Susan E. Lee ("Lee Dec."), Ex. A.  The file then appears to contain printouts of images originating from the Web sites that appear in the search results for "bestiality."  Lee Dec., Ex. B.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**8**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiff's production contains other files with hundreds of pages of "bestiality" image or Web searches. *See* Lee Dec., Exs. C and D (a 545-page file entitled "**Google bst\google bestiality 10-11 sc.pdf**") and Lee Dec, Ex. E (a 385-page file entitled " **Google bst\31305\ bestiality server thumbs.pdf").**

- a 956-page file entitled "**bs\clarence.com.pdf**" containing 330 pages of Web search results from Yahoo for the term "clarence.com." The file also appears to contain printouts from a Web site that appears in the search results. Lee Dec., Ex. F.

- a 4,619-page file entitled "**bs\http stofff-fr.com .pdf**" which appears to contain pages of the entire Web site for http://stofff-fr.com and excerpts from various other Web sites, such as www.liens-x.net, www.projet-sexe.com, www.sexadonf.net, and many others. Lee Dec., Ex. G.

Google is baffled as to how 956 pages concerning Yahoo search results for "clarence.com" or hundreds of pages of "bestiality" Web and image search results reasonably respond to Google's requests. Plaintiff also produced files containing thousands of pages of a particular Web site, or of many sites, with no apparent connection to the claims or Google's requests. Google can only assume that Perfect 10 believes some of these thousands of pages contain responsive images, but leaves Google to guess at even which images are responsive. Google should not have to sort through thousands of non-responsive images to figure out which ones Perfect 10 believes are responsive and then have to guess to which claims and discovery requests the images relate. These files are contained in folders and subfolders with names such as "bs" or "ia-part 3 of 3." The names of the files generally do not indicate what is in them or how they respond to Google's requests and the files are in no apparent order. For example, the file named "bs\http stofff-fr.com.pdf" contains not only pages from stoff-fr.com, but from many other Web sites. Lee Dec, ¶ 7. Similar issues exist

1    throughout Plaintiff's production.  A printout showing the names of files contained in

2    each of the seven disks produced by Plaintiff is attached.  Lee Dec., Ex. H.  These

3    printouts provide only a hint of the outrageous manner in which Plaintiff produced its

4    documents as the contents of the files are even more disorganized and non-responsive.

5         As further explained in section III.B below, in connection with Google's

6    discovery seeking information on alleged copyright and trademark infringements,

7    during the meet-and-confer process Plaintiff offered specimen spreadsheets to attempt

8    to resolve some of the issues regarding the disorganization of its production and its

9    failure to provide the information requested in the interrogatories.  Although Google's

10   counsel explained that the spreadsheets failed to provide the majority of the requested

11   information, Plaintiff refused to revise the spreadsheets to resolve the issues, and

12   ultimately refused to organize the documents or provide Google with any other means

13   of obtaining the requested information.

14        As part of the 1980 amendments to the Federal Rules of Civil Procedure, Rule

15   34 was expanded to require a party who produces documents for inspection to

16   "produce them as they are kept in the usual course of business, or to organize and

17   label them to correspond with the categories in the request."   The amendment was

18   made in response to the fact that "[i]t is apparently not rare for parties deliberately to

19   mix critical documents with others in the hope of obscuring significance."  Advisory

20   Committee Notes, 1980 Amendment to Fed. R. Civ. P. 34(b).  Even where documents

21   are produced "as kept in the usual course of business," especially where the

22   documents are disorganized, courts have ordered parties to indicate which documents

23   respond to each request in recognition of the fact that that the "[d]efendant should not

24   be required to guess which documents relate to which request." *Montania v. Aetna*

25   *Casualty and Surety Co.,* 153 F.R.D. 620, 621 (N.D. Ill. 1994); *see also Rickles, Inc.*

26   *v. Frances Denney Corp.,* 508 F.Supp. 4, 8 (D. Mass. 1980) (finding that plaintiff was

27   required to produce documents in an orderly fashion and referenced according to

28   requests).

**10**

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 15**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   Here, Plaintiff has provided no indication of which documents respond to each

2   request and did not indicate in most instances when documents did not exist.

3   Although Plaintiff has agreed to supplement its responses in some instances, Google

4   has not yet received any supplemental responses.  Google is entitled to discover the

5   facts and evidence relating to each infringement and violation claimed by Plaintiff in

6   the case, as well as each claim generally.  Fed. R. Civ. P. 26(b)(1).  Plaintiff, however,

7   has produced an enormous blizzard of documents, the majority of which appear to be

8   printouts of Web pages, without any indication of which of these documents it

9   believes responds to a particular request regarding Plaintiff's claims.  Some of the

10  documents may not even be relevant to this case.  This has made it impossible for

11  Google to determine whether responsive documents were actually produced in many

12  instances and also has made it impossible for Google to determine which documents

13  Plaintiff believes relates to each request.

14  Plaintiff also has failed to produce its documents in any other organized fashion

15  that would suggest that they were produced as kept in the ordinary course of business

16  and has not numbered the vast majority of the documents produced.  Although Perfect

17  10 alleges that the documents have been delivered as they are kept in the ordinary

18  course of business, Perfect 10 does not keep copies of alleged infringements in the

19  normal course of business, unless its normal course of business is litigation.  Perfect

20  10 has prepared the documents for the purpose of litigation and should expect to have

21  to comply with litigation requirements.  Google should not be obligated to determine

22  which documents respond to each of its requests.  Even if it wanted to take on this

23  task, however, the task would be impossible given the disorganized manner in which

24  Plaintiff produced its documents.

25  Rule 34(b) prevents parties from obscuring the importance of documents by

26  producing documents in such a blizzard.  Given the particular nature of the documents

27  produced in this case (thousands of Web pages), and the potential delivery of an

28  additional 80 GB of similar documents, Plaintiff must indicate which documents

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

11

1    respond to each request in order for its response to have any meaning.  Accordingly,

2    Google requests that this Court compel Plaintiff to supplement its written responses to

3    (1) indicate which documents respond to each of Google's requests for production in

4    accordance with the rule and (2) indicate that no responsive documents exist to a

5    particular request when that is the case.

6        **B.  PLAINTIFF'S RESPONSE**

7        As a preliminary, procedural matter, Perfect 10 objects to the section of

8    Google's Joint Stipulation entitled GOOGLE'S ARGUMENTS REGARDING

9    PLAINTIFF'S MANNER OF PRODUCTION OF DOCUMENTS.  This is nothing

10   more than a continuation of the Introductory Statement, consisting of an additional 4

11   pages, in violation of Local Rule 37-2.1.  This procedural objection notwithstanding,

12   Perfect 10 further substantively responds as follows:

13       In addition to mischaracterizing what Perfect 10 has produced, Google also

14   grossly mischaracterizes the manner in which Perfect 10 has produced such

15   documents.  To begin with, Perfect 10's production has been virtually all electronic, a

16   format that makes it decidedly easier for Google, with all its technological

17   capabilities, to sift through.  Moreover, Perfect 10's production has also been

18   delivered in precisely the fashion that Perfect 10 keeps such information in the normal

19   course of business.  Perfect 10's organization of such documents is based on common

20   sense and can be easily understood with minimal effort.  **Google did not request in**

21   **its First Set of Requests for Production of Documents that documents be**

22   **identified in terms of which request they were responsive to**; rather, its Request for

23   Production was entirely silent on how the documents should be arranged.  Given that,

24   it is entirely permissible for Perfect 10 to produce the documents as they are kept in

25   the usual course of business (see FRCP 34(b)), and it would be extremely burdensome

26   for Perfect 10 to designate the document requests that each document responds to at

27   this late date.  Moreover, given the overly broad and often redundant nature of

28   Google's requests, labeling documents in the way Google has requested is made even

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

12

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   more difficult as several requests may apply to any given document.  None of the

2   cases cited by Google stand for the proposition that Perfect 10 must designate the

3   requests that each document it has produced applies to under these circumstances and

4   at this time.[1]  That said, while it is not incumbent upon Perfect 10 to explain the *legal*

5   *relevance* of each and every page it produces to Google, should Google genuinely not

6   understand from the face of a given folder what is contained in such a folder, Perfect

7   10 is willing to explain such information to Google in good faith.

8        Documents produced by Perfect 10 have been produced in folders, and each

9   folder name typically describes to a large extent what is in the folder.  The documents

10  in each folder speak for themselves.  Examples of such folders produced by Perfect 10

11  were entitled "Perfect 10 TRADEMARK DOCUMENTS," "PERFECT 10

12  COPYRIGHT," "disclaimers" "about Google," "whois," "burned websearch links,"

13  etc.

14       Google's assault on the relevance of some of the documents Perfect 10 has

15  produced is similarly flawed.  Although some documents produced by Perfect 10 may

16  not fit into Google's myopic view of this case, each document does satisfy accepted

17  standards of relevance.  For example, although Google claims that it is "baffled" how

18  printouts concerning "bestiality" search results relate to Perfect 10's claims, it should

19  not be heard to claim such ignorance, as Perfect 10 has complained to Google on

20  numerous occasions that Google searches on Perfect 10 model names have led to

21  bestiality, rape, and other deplorable websites.   Such documents are at the very least

22  related to Perfect 10's right of publicity claims.   Similarly, the 956 page

23  "clarence.com" file referenced by Google is also relevant to Perfect 10's case.  Many

24

25  [1] *Montania v. Aetna Casualty and Surety Company,* 153 F.R.D. 620 (N.D. Ill.)
    involved a situation where an attorney had included a phone book and a large
26  magazine in a production, which had nothing to do with the lawsuit, in order to drive
    up the copying costs. *Rickles, Inc. v. Frances Denney Corp.,* 508 F.Supp. 4, 8 (D.
27  Mass. 1980), another case cited by Google, makes clear that documents can be
    produced *either* as they are kept in the usual course of business or to correspond with
28  the categories in the request.

13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  of those 956 pages contain Perfect 10 infringements (or violations of Perfect 10's

2  rights of publicity) on the website clarence.com which was a Google Adsense

3  Advertiser and from whom Google copied infringing images for Google's Image

4  display.  While Perfect 10 may have arrived at clarence.com via a Yahoo! Search, that

5  is immaterial for these purposes.  What is relevant is that the site is part of Google's

6  AdSense program and that it contains numerous Perfect 10 infringements, making it

7  relevant to, among other things, Perfect 10's vicarious copyright claim.  Similarly,

8  Perfect 10 produced a large portion of stofff-fr.com because stofff-fr.com contains a

9  significant number of Perfect 10 infringements and violations of rights of publicity.

10  Google is continuing to display Perfect 10 images from that website.

11        Finally, since the last telephone conference with the Court, which resulted in

12  subsequent rounds of meeting-and-conferring, Perfect 10 has continued to

13  painstakingly arrange spreadsheet data that will further answer Google's concerns

14  regarding the manner of Perfect 10's production and the identification of infringing

15  material.  These spreadsheets, which are submitted under seal as Exhibits 1-5,[2] have

16  taken months to prepare, and will require additional months to check and complete,

17  particularly since Google has yet to provide Perfect 10 with any of its requested

18  discovery.

19        Exhibit 1 is a work in progress[3] which currently lists approximately 2,000

20  distinct Perfect 10 copyrighted images copied, displayed and distributed via Google

21  Image Search.  The first column lists the name of the model who appears in the

22  _____

[2] The spreadsheets are filed under seal, in a pleading entitled PERFECT 10, INC.'S
23  SPREADSHEETS (EXHIBITS 1-5) FOR GOOGLE'S MOTION TO COMPEL
   PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES,
24  because they give a listing of where infringing copies of Perfect 10 copyrighted
   photographs can be found on the internet.  Despite complaints by Perfect 10, Google
25  has continued to publish Perfect 10's confidential DMCA notices on the internet, even
   though Google knows that the DMCA notices provide a list of where infringing copies
26  of copyrighted Perfect 10 photos can be located.

[3] Perfect 10 is continuing to add entries to Exhibits 1-5.  As stated above, these are
27  works in progress, and  Perfect 10 reserves the right to make changes, corrections, and
28  additions to these spreadsheets.

14

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES                **Exhibit 1, Page 19**

1  Perfect 10 copyrighted image that Google infringed.  The second and third columns

2  identify the exact page of Perfect 10 Magazine or web page from perfect10.com where

3  the infringed image originates.  The fourth and fifth columns give one or two dates

4  when Google infringed that image.  Perfect 10 will provide Google with model folders

5  containing such infringements on those dates.  The sixth column has a "1" if there is a

6  copyright notice or a "Perfect 10" mark on the image, denoting that a trademark

7  infringement is involved.  The seventh column contains in some cases the website

8  URL from which Google copied the image.

9      Exhibit 2, another work in progress, currently lists over 10,200 Perfect 10

10  copyrighted images (not necessarily distinct) that have been infringed by Google via

11  its Image Search, and linked to various infringing websites.  The first column lists the

12  name of the model who appears in the Perfect 10 copyrighted image that Google

13  displayed without authorization.  The second column gives an infringing website from

14  which Google copied that image, and to which Google links that image.  The third and

15  fourth columns give the total number of images, and the number of distinct images of

16  that model which Google displayed, copied, and linked in that fashion.  The fifth and

17  sixth columns give one or two dates when such infringements were committed by

18  Google.  The seventh column has a number which shows the number of images which

19  have a Perfect 10 copyright notice or a "Perfect 10" on the image, denoting that a

20  trademark infringement is involved.  The eighth column has a number which shows

21  the number of images which have a "p10" (another Perfect 10 trademark) in part of

22  the image description provided by Google.

23      Exhibit 3, also a work in progress, currently lists over 8,000 Perfect 10

24  infringements displayed without authorization by Google via its cached link.  The first

25  column lists the name of the model who appears in the Perfect 10 copyrighted image

26  which is being infringed.  The second column gives the infringing website from which

27  Google is displaying the image.  The third column gives the number of distinct images

28  of that model which Google is displaying from that infringing website via Google's

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

15

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  cached links.  The fourth column gives a date that Google infringed the image.  The

2  fifth column gives the number of Perfect 10 copyright notices or instances of the

3  "Perfect 10" mark appearing on the images being infringed by Google.  There are over

4  4,200 such copyright notices in Exhibit 3.  Perfect 10 will produce to Google folders

5  of infringements for infringing websites and/or models listed in Exhibit 3.

6    Exhibit 4, another work in progress, currently lists over 2,200 Perfect 10

7  copyrighted images, next to which Google has placed Google advertisements, on

8  infringing third party websites.  The first column lists the name of the model who

9  appears in the Perfect 10 copyrighted image which is being infringed.  The second

10  column lists the infringing website on which Google has placed ads next to Perfect 10

11  copyrighted images.  The third column gives the number of distinct images of that

12  model around which Google has placed ads on that infringing website.  The fourth

13  column gives a date on which at least one such ad appeared alongside the image.

14  Perfect 10 will provide to Google folders of infringements for websites and/or models

15  listed in Exhibit 4.

16    Finally, Exhibit 5, another work in progress, currently lists over 8,000 Perfect

17  10 copyrighted images offered, often for sale, by the Google AdWords or AdSesnse

18  affiliates usenext.com, thundernews.com, rapidshare.de, and newsdemon.com listed in

19  columns 2 through 5 of the exhibit.  Typically, these websites provide the images

20  without URLs that correspond to the particular image.  The first column gives the

21  name of the model who appears in the Perfect 10 copyrighted image which is being

22  infringed.  The subsequent columns list the number of infringements of the models

23  offered by each infringing website.  Typically, almost all of the images sold by these

24  websites display Perfect 10 copyright notices.

25    **C.** **GOOGLE'S REPLY REGARDING MANNER OF PRODUCTION**

26    Plaintiff relies heavily on the fact that Google did not specify that documents be

27  identified according to document requests, but requirements regarding the manner of

28  production are mandated by the federal rules.  While Plaintiff claims that it produced

16

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  documents the way it keeps them in the ordinary course of business, it points to files

2  with "common sense" labels such as "who is" and "about Google." These labels were

3  clearly created for purposes of litigation. Moreover, Plaintiff ignores the vast majority

4  of files it produced that do not "speak for themselves." Moreover, as discussed in

5  section III.B, Rule 33(d) does not provide any other option where Plaintiff has chosen

6  to respond to interrogatories with documents: Plaintiff must specify with sufficient

7  detail the records from which the answer to the interrogatory may be obtained.

8  Plaintiff's selective explanation regarding only a few examples Google gave of

9  why Plaintiff must further organize its production, only further substantiates the need

10  for Google's requested relief. With respect to the thousands of pages of search results

11  regarding "bestiality", Plaintiff does not point to any allegedly infringing images on

12  these pages, but instead asserts that their purportedly obvious relevance is that

13  Plaintiff has "complained to Google on numerous occasions that Google searches on

14  Perfect 10 model names have led to bestiality, rape, and other deplorable web sites"

15  and the pages are at the very least related to Plaintiff's right of publicity claims. This

16  lawsuit is about alleged infringements, and the relevance of bestiality searches and

17  related sites to Plaintiff's claims is neither "common sense" nor self-explanatory.

18  Plaintiff's production has simply buried Google in a flurry of thousands and thousands

19  of pages that obscure any potentially relevant documents.

20  Plaintiff also alleges that it produced the over 4,000 pages of stofff-fr.com

21  because it contains a significant number of infringements and violations of rights of

22  publicity, but has yet to explain how Google is supposed to identify which of the

23  thousands of photos (a large number of which are of celebrities) are alleged

24  infringements and violations at issue in this case, other than the very few that may

25  have a Perfect 10 copyright notice. Google should not be required to hunt through

26  thousands of pages searching for the few relevant documents. Similarly, Plaintiff

27  alleges that the website located at clarence.com contains numerous infringements

28  without identifying which images are infringing or any of the other reasonable

17

1  information requested by Google about the nature of the alleged infringements.

2  Finally, as discussed in section III.B, Plaintiff's proposed spreadsheets have

3  been modified since samples were provided to Google during the meet-and-confer

4  process (*see* Lee Dec., Exh. K) and, though voluminous, do not provide the basic

5  information requested by Google.  Plaintiff also states that it will provide copies of

6  infringements to accompany each spreadsheet, but does not clarify whether it

7  continues to rely on the thousands of Web pages already produced to Google.

## III.   SPECIFIC DISCOVERY REQUESTS IN DISPUTE

### A.   INFORMATION REGARDING ALLEGED COPYRIGHTS AND TRADEMARKS (INTERROGATORY NO. 2; DOCUMENT REQUEST NOS. 2, 34-35, 37)

#### 1.   Relevant Requests and Plaintiff's Responses

- **INTERROGATORY NO 2:**

Identify all copyrights owned by, or exclusively licensed to, you.

RESPONSE TO INTERROGATORY NO. 2:

| Copyright Registration No. | Title of Work |
|---|---|
| TX 4-556-514 | Perfect 10 Magazine (Vol. 1; Number 1) |
| TX 4-556-511 | Perfect 10 Magazine (Vol. 1; Number 2) |
| TX 4-556-482 | Perfect 10 Magazine (Vol. 1; Number 3) |
| TX 4-556-510 | Perfect 10 Magazine (Vol. 1; Number 4) |
| TX 4-556-475 | Perfect 10 Magazine (Vol. 1; Number 5) |
| TX 4-556-541 | Perfect 10 Magazine (Vol. 1; Number 6) |
| TX 4-812-575 | Perfect 10 Magazine (Vol. 2; Number 1) |
| TX 4-813-355 | Perfect 10 Magazine (Vol. 2; Number 2) |
| TX 4-812-793 | Perfect 10 Magazine (Vol. 2; Number 3) |
| TX 4-813-026 | Perfect 10 Magazine (Vol. 2; Number 4) |
| TX 4-812-972 | Perfect 10 Magazine (Vol. 2; Number 5) |
| TX 4-813-344 | Perfect 10 Magazine (Vol. 2; Number 6) |
| TX 4-813-338 | Perfect 10 Magazine (Vol. 3; Number 1) |
| TX 4-813-390 | Perfect 10 Magazine (Vol. 3; Number 2) |
| TX 5-172-229 | Perfect 10 Magazine (Vol. 3; Number 3) |
| TX 5-201-630 | Perfect 10 Magazine (Vol. 3; Number 4) |
| TX 5-217-598 | Perfect 10 Magazine (Vol. 3; Number 5) |
| TX 5-328-427 | Perfect 10 Magazine (Vol. 3; Number 6) |
| TX 5-328-528 | Perfect 10 Magazine (Vol. 4; Number 1) |
| TX 5-328-636 | Perfect 10 Magazine (Vol. 4; Number 2) |
| TX 5-488-941 | Perfect 10 Magazine (Vol. 4; Number 3) |
| TX 5-488-942 | Perfect 10 Magazine (Vol. 4; Number 4) |
| TX 5-451-806 | Perfect 10 Magazine (Vol. 4; Number 5) |
| TX 5-452-020 | Perfect 10 Magazine (Vol. 4; Number 6) |
| TX 5-452-132 | Perfect 10 Magazine (Vol. 5; Number 1) |
| TX 5-452-254 | Perfect 10 Magazine (Vol. 5; Number 2). |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

18

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

| Copyright Registration No. | Title of Work |
|---|---|
| TX 5-452-489 | Perfect 10 Magazine (Vol. 5; Number 3) |
| TX 5-802-012 | Perfect 10 Magazine (Vol. 5; Number 4) |
| TX 5-802-272 | Perfect 10 Magazine (Vol. 5; Number 5) |
| TX 5-802-273 | Perfect 10 Magazine (Vol. 5; Number 6) |
| TX 5-910-170 | Perfect 10 Magazine (Vol. 6; Number 1) |
| TX 5-910-171 | Perfect 10 Magazine (Vol. 6; Number 2) |
| TX 6-058-397 | Perfect 10 Magazine (Vol. 6; Number 3) |
| TX 5-910-331 | Perfect 10 Magazine (V01..6; Number 4) |
| Pending | Perfect 10 Magazine (Vol. 6; Number 5) |
| PA 776-173 | Perfect 10 Model of the Year Video (G-Rated) |
| PA 955-019 | Perfect 10 Model of the Year Video (R.Rated) |
| VA 987-612 | Perfect 10 2000 Calendar |
| VA 1-026-167 | Perfect 10 2001 Calendar |
| VA 996-673 | Perfect 10 Website (PerfectlO.com) |
| VA 1-085-670 | Perfect 10 Website (PerfectlO.com) |
| VA 1-177-241 | Perfect 10 Website (Perfect10.com) |
| VA 1-230-966 | Perfect 10 Website (PerfectlO.com) |
| VA 1-237-026 | Open Beauty Website |
| VA 1-201-270 | Adele Stephens, Asia Carrera, and Nikki Nova Photos Published in 1996 |
| V A 1-201-269 | Jenna Jameson Photos Published in 1994 |
| VA 1-201-268 | Adele Stephens and Veronika Zemanova Photos Published in1998 |
| VA 1-202-770 | Veronika Zemanova Poolside Photo Published in 2000 |
| VA 1-202-771 | Veronika Zemanova Poolside Photos Published in 1999 |
| V A 1-208-295 | Amy WeberPhotos1998 |
| VA 1-208-275 | Amy WeberPhotos .1998 Volume2 |
| VA 1-208-244 | Amy WeberPhotos1999 |
| VA 1-221-373 | Amy WeberPhotos1997 |
| VA 1-230-967 | Amy Weber White Shorts |
| VA 1-254-823 | Amy Weber Photos 1998 Volume 3 |
| Pending | Amy WeberPhotos 1998 Volume4 |
| Pending | Amy Weber Photos 1998 Volume 5 |
| Pending | Amy WeberPhotos 1999 Volume2 |
| VA 1-231-092 | Amber Smith Photos, Volume1 |
| VA 1-231-093 | Amber Smith Photos, Volume 2 |
| PA 1-205-443 | Perfect 10 Behind the Scenes, Volume1 |
| PA 1-198-697 | Perfect 10 Behind the Scenes, Volume2 |
| VA 1-289-550 | Perfect 10 Website (Updated 7/28/04) |
| V Al-289-548 | Open Beauty Website (Updated 7/28/04) |
| VA 1-231-055 | Boxing Beauties Website |
| VA 1-231-054 | Model Boxing Website |
| V A 1-289-549 | Perfect 10 Website (Updated 10/6/04) |
| V A 1-289-520 | Open Beauty Website (Updated 10/6/04) |
| VA 1-289-521 | Model Boxing Website(Updatedl0/6/04) |
| VA 1-289-519 | Boxing Beauties Website (Updated 10/6/04) |
| Pending | Perfect 10 Website (Updated 1/27/05) |
| Pending | Open Beauty Website (Updated 1/27/05) |

19

| Copyright Registration No. | Title of Work |
|---|---|
| Pending | Boxing Beauties Website (Updated 1/27/05) |
| Pending | Perfect 10 Website (Updated 4/1/05) |
| Pending | Open Beauty Website (Updated 4/1/05) |
| Pending | Boxing Beauties Website (Updated 4/1/05) |
| VA 1-289-589 | Racquel Darrian's Miscellaneous Collection |
| VA 1-289-554 | Jenna Jameson Photos - 1994 Collection |
| VA 1-289-555 | Stacy Moran Photos- 1994 Collection |
| VA 1-289-556 | Veronica Zemanova Photos - 1994 Collection |
| VA 1-289-557 | Jenna Jameson 1995 Collection |
| VA 1-289-558 | Adele Stephens Photos - 1996 Collection |
| VA 1-289-559 | Asia Carrera Photos - 1996 Collection |
| VA 1-289-560 | Nikki Nova Photos - 1996 Collection |
| VA 1-289-561 | Anita Kelli Photos - 1997 Collection |
| VA 1-289-562 | Danni Ashe Photos - 1997 Collection |
| VA 1-289-563 | Kelly Havel Photos - 1997 Collection |
| VA 1-289-565 | Tracy Smith Photos - 1997 Collection |
| VA 1-289-564 | Vicca Photos - 1997 Collection |
| VA 1-289-566 | Anita Kelli Photos - 1998 Collection |
| VA 1-289-567 | Jenna Jameson Photos - 1998 Collection |
| VA 1-289-568 | Kelly Havel Photos - 1998 Collection |
| VA 1-289-553 | Veronica Zemanova Photos - 1998 Collection |
| VA 1-289-569 | Kristina Kovari Photos - 1999 Collection |
| VA 1-289-570 | Kyla Cole Photos - 1999 Collection |
| VA 1-289-571 | Lisa Belle Photos - 1999 Collection |
| VA 1-289-572 | Melissa Ludwig Photos - 1999 Collection |
| VA 1-289-573 | Natalia Sirocka Photos - 1999 Collection |
| VA 1-289-574 | Tera Patrick Photos - 1999 Collection |
| V A 1-289-575 | Cassidey Rae Photos - 2000 Collection |
| VA 1-289-576 | Jenny Photos - 2000 Collection |
| VA 1-289-577 | Lynri Thomas Photos - 2000 Collection |
| VA 1-289-578 | Sydney Moon Photos - 2000 Collection |
| VA 1-289-579 | Tracy Smith Photos - 2000 Collection |
| VA 1-289-580 | Aria Giovanni Photos - 2001 Collection |
| . VA 1-289-581 | Nikki Nova's Photos - 2001 Collection |
| VA 1-289-582 | Sanja Photos - 2001 Collection |
| VA 1-289-583 | Yana Cova Photos - 2001 Collection |
| VA 1-289-584 | Lynn Thomas Photos - 2002 Collection |
| VA 1-289-585 | Sanja Photos - 2002 Collection |
| VA 1-289-586 | Veronica Zeman ova Photos - 2002 Collection |
| VA 1-289-587. | Yana Cova Photos - 2002 Collection |
| VA 1-289-588 | Zderika Novotna Photos - 2002 Collection |
| VA 1-289-551 | Alexandria Karlsen Photos Volume 1 |
| VA 1-289-552 | Alexandria Karlsen Phtogs Volume 2 |
| Pending | Stacy Sanches Photos 2004 |
| VA 1-289-661 | Aria Giovanni Photos Volume I |
| V A 1-289-662 | Aria Giovanni Photos Volume 2 |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

20

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

| Copyright Registration No. | Title of Work |
|---|---|
| V A 1-289-663 | Aria Giovanni Photos Volume 3 |
| V A 1-289-664 | Aria Giovanni Photos Volume 4 |
| Pending | Amy Weber Photos 1999 - Volume 3 |
| Pending | Amy Weber Photos 1998 Volume 6 |
| Pending | Amy Weber Photos 1998 Volume 7 |

| Date of Recordation | Volume | Page | Description |
|---|---|---|---|
| June 12, 2003 | 3498 | 888 | Certificate of Recordation of Agreement for Assignment of Rights to Perfect 10, Inc. for the following Registrations. |

| Copyright Registration No. | Photo Number on Continuation Sheet | Title of Work |
|---|---|---|
| VAU 514-094 | 2111B, 2134A, 2134B, 2150, 2151B,2160,2168,2177 | March 2001 JSH Photo Registration |
| V AU 353-469 | 1874, 1880, 1883, 1884A, 1884B, 1889A, 1889B, 1890, 1891, 1892, 1894B; 1899, 1984A | March 1999 JSH Photo Registration |
| V AU 353-504 | 1906, 1907A, 1907B, 1941, 1942, 1943, 1945, 1954 | August 1999 JSH Photo Registration |
| V AU 514-122 | D24, 2214, 2223,2240,2242, 2264A, 2282, 2288, | September 2001 JSH Photo Registration |
| V AU 353-511 | 1980, 2004, 2010, 2028, 2031A, 2031B, 2032A, 2032B, 2037 | February 3,2000 JSH Photo Registration |
| V AU 323-589 | 2053, 2054, 2058, 2079, 2086, 2087, 2093A, 2093B, 2102,2105,2119, | September 2000 JSH Photo Registration |
| V AU 537-932 | 2412,2435,2439, 2451A, 2451B, 2452, | July 2002 JSH Photo Registration |
| V AU 537-946 | D35, D36, 2311, 2345, 2348,2366 | June 2002 JSH Photo Registration |
| V AU 353-439 | 1867, 1873 | February 1999 JSH Photo Registration |
| V AU 353-448 | 1834 | February 1999 J. Stephen Hick Photo Registration |

| Date of Recordation | Volume | Page | Description |
|---|---|---|---|
| May 24, 2004 | 3508 | 942 | Certificate of Recordation of. Agreement for Assignment of Rights to Perfect 10, Inc. for the following Copyright Registrations. |

| Copyright Registration No. | Photo Number on Continuation Sheet | Title of Work |
|---|---|---|
| VAU 514-122 | D26; 2226; 2225A; 2225B; | September 2001 JSH |

21

| VAU 514-122 | D26; 2226; 2225A; 2225B; 2277 A; 2277B; 2286A; 2286B; 2286C | September 2001 JSH photo registration |
| VAU 537-983 | | December 2002 JSH photo registration |
| VAU 514-094 | 2190A; 2190B; D9; D10 | March 2001 JSH photo registration |

- **DOCUMENT REQUEST NO. 2**:

  All documents concerning any communications between you and any government agency concerning copyrighted works claimed by you in this action.

  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

  Perfect 10 objects to this request on the grounds that it is irrelevant and that if any such documents exist, they are private documents that are privileged communications between Perfect 10 and law enforcement agencies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Perfect 10 will produce its copyright registration certificates, which are the same as its applications..

- **DOCUMENT REQUEST NO. 34**:

  All documents concerning trademark research, investigations and searches relating to the marks PERFECT 10 and PERFECT10.COM.

  **RESPONSE TO DOCUMENT REQUEST NO. 34:**

  Perfect 10 objects to this request on the basis that it is vague, overbroad, and unduly burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 35**:

  All documents concerning your applications to register the marks PERFECT 10 and PERFECT10.COM with any government agency; any certificates of registration issued as a result thereof; and any efforts to secure registration.

  **RESPONSE TO DOCUMENT REQUEST NO. 35:**

  Perfect 10 objects to this request on the basis that it is vague, overbroad, and unduly burdensome, and because it seeks irrelevant information. Perfect 10 further objects on the grounds that many of the documents requested are publicly available to Google at the United States Patent and Trademark Office. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce the trademark registration certificates.

- **DOCUMENT REQUEST NO. 37**:

  All surveys, studies, or other documents relating to market (or prospective market) reaction to or attitude towards the marks PERFECT 10 and PERFECTI0.COM, including without limitation, any customer identification with, or reference to you or your services.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

22

## RESPONSE TO DOCUMENT REQUEST NO. 37:

Perfect 10 objects to this request because it is vague and ambiguous, unintelligible, overbroad, and unduly burdensome. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. There are no surveys or studies.

### 2.    Google's Argument In Support of Motion to Compel

Plaintiff has failed to produce documents and information regarding the very copyrights and trademarks at issue in this case. In order to maintain its intellectual property claims, Plaintiff must establish that it has valid ownership of the rights it asserts against Google. The requests are relevant to the existence, strength, enforceability and validity of Plaintiff's alleged rights. Google's request in Interrogatory No. 2 that Plaintiff "identify" (as defined in the interrogatories) its copyrights required Plaintiff to provide information regarding the authorship, current owner, and current exclusive licensees for each work. Plaintiff responded by identifying 137 copyright registrations allegedly containing at least 11,000 works at issue in this case, upon which Plaintiff apparently bases a statutory damage claim (at $150,000 per work allegedly infringed) of over $1.65 billion. *Plaintiff has failed to provide any information regarding the authorship of the works or the owner or licensees of the copyrights in those works*.

During the meet-and-confer process, Plaintiff's counsel agreed to provide documents that it claims will provide the information missing in its response to Interrogatory No. 2. Google has not yet received the documents to determine if the documents provide such information. Furthermore, Plaintiff also indicated that it would provide information regarding authorship of copyrighted works only by producing registration certificates. As Google explained in the meet-and-confer process, the registrations do not provide the requested information. Because the registrations are predominately for collective works, they indicate only the author of the collective work. While Plaintiff seeks statutory damages for over 11,000 works, it has flatly refused to identify the works or author of each work.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

23

With respect to Document Request Nos. 2 and 35 (requesting documents regarding communications with government agencies concerning copyrighted works in this action and documents concerning applications to register marks with any government agency and efforts to secure registration), Plaintiff has indicated that it would provide applications and communications with the Copyright Office and Patent and Trademark Office and that no other responsive documents exist. Plaintiff has failed to provide supplemental responses reflecting this, however, and Google asks that this Court compel Plaintiff to provide supplemental responses without further delay.

Plaintiff also has refused to produce documents prior to 2000 in response to Document Request No. 34 regarding its trademark research. Plaintiff's research and investigation of its marks before 2000 are as relevant to this case as those after 2000 because Plaintiff asserts claims regarding marks that predate 2000. Moreover, Plaintiff has not indicated a principled reason why producing documents created before 2000 would be burdensome other than that the documents may be in a local storage facility.

With respect to Document Request No. 37 seeking information regarding market reaction and attitude towards the Perfect 10 marks, Perfect 10 stated that "there are no surveys or studies" but has refused to produce other responsive documents. This information is relevant to the strength and protectability of the marks, damages, and Google's defenses.

In summary, Google asks that the Court compel Plaintiff to: (1) supplement its response to Interrogatory No. 2 to identify each copyrighted work at issue in this case and the author, current owner, and current exclusive licensees for each of those works; (2) supplement its responses to Document Request Nos. 2 and 35 to clarify that no additional responsive documents exist other than the ones it agreed to produce if that is in fact the case; (3) provide all responsive documents concerning trademark research, investigations, and searches relating to Plaintiff's marks in response to

24

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 Document Request No. 34, including documents that predate 2000; and (4) provide all

2 documents responsive to Document Request No. 37.

### 3. Plaintiff's Opposition

4    Google's statement that Perfect 10 has not provided information concerning the

5 very copyrights and trademarks at issue in this case is simply wrong. Specifically,

6 Perfect 10 has already produced the following: Trademark Registration Certificates,

7 Copyright Registration Certificates (which are the same as the applications for

8 copyright), photographer work for hire agreements and other photographer agreements

9 and model releases. *Additionally, Perfect 10 has agreed to provide copies of all*

10 *deposit materials sent to the Copyright Office with its copyright registration*

11 *applications, which show which images are covered by each copyright.* Perfect 10

12 will also produce correspondence with the Copyright Office and Trademark Office

13 after 2000 which can be located. (Such correspondence can also be obtained directly

14 from the Copyright Office and Trademark Office, by ordering the file wrappers.

15 Perfect 10 suggests that if Google wants communications with the Copyright Office or

16 Trademark Office prior to 2000, it obtain those documents from the Copyright Office

17 or Trademark Office directly, since that will be much less burdensome than Perfect

18 10's attorney trying to locate them in storage.)

19    Each copyright registration certificate states, right on the certificate, who the

20 author of the work is. For the vast majority of the works, Perfect 10 is the author

21 since the works are works made for hire. See Section 201(a), (b) of the Copyright

22 Act, 17 U.S.C. Section 201(a)(b): "In the case of a work made for hire, the employer

23 or other person for whom the work was prepared is considered the author for purposes

24 of this title." For images that Perfect 10 purchased, the author is set forth in the

25 assignment of rights and in the copyright registration certificate. Perfect 10 is the

26 current owner of all of the copyrights for which Perfect 10 is asserting rights

27 (obviously). The only exclusive license that Perfect 10 has granted is for use of the

28 images on cell phones, which Google is well aware of as a result of the preliminary

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

25

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    injunction motion. So Perfect 10 has answered all of Google's questions about the

2    copyrights. Perfect 10 does not have any surveys or studies regarding market reaction

3    to its trademark. The best gauge of this would be the number of Google searches on

4    Perfect 10's mark and on the names of Perfect 10 models, which Perfect 10 has

5    requested from Google, but which Google has refused to produce.

6         As for any other communications with government agencies and/or non-

7    privileged internal communications or analyses, Perfect 10 is not aware of the

8    existence of any such documents. (There are notes made by Jeff Mausner of a

9    meeting that Dr. Zada and Jeff Mausner had with the FBI which could marginally be

10   deemed to fall under Document Request No. 2. However, those notes are covered by

11   the attorney-client privilege, work product doctrine, and law enforcement privilege,

12   and are not relevant to this lawsuit. Perfect 10 will provide a copy of the notes to

13   Judge Hillman at the hearing if there is any question that those notes are not

14   discoverable, and Judge Hillman can make a determination.) Finally, Google's

15   request for Perfect 10 to produce research and investigation into its marks prior to

16   2000 is simply overly burdensome and unnecessary; finding these documents, to the

17   extent they exist, would require Perfect 10's attorneys to search through numerous

18   boxes in storage to find what is essentially irrelevant "research." This is a classic

19   example of the type of busywork with which Google is seeking to bury Perfect 10.

20   Perfect 10 will also update the production to add copyrights and trademarks that have

21   been issued since the last production.

22        **4.    Google's Reply**

23        Plaintiff refuses to identify each of the 11,000 works it apparently is claiming in

24   this case other than to say that it will provide deposit materials related to the much

25   smaller number of copyright registrations it has identified. Instead of providing the

26   requested information regarding copyrights in its response to Google's interrogatory or

27   in a supplemental response, Plaintiff now attempts to provide some of the requested

28   information in this joint stipulation and does so insufficiently. For example, Plaintiff

26

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  appears to believe that it does not need to provide a response regarding exclusive

2  licensees because Google should be aware from Plaintiff's preliminary injunction

3  motion that the only exclusive license Plaintiff granted was for use of images on cell

4  phones. This is not an appropriate way to respond to an interrogatory. Nor does it

5  respond to Google's interrogatory requesting that Plaintiff identify for which works

6  Plaintiff granted the exclusive license. With respect to authorship, as works-made-for

7  hire, registrations for collective works may list Plaintiff, as the employer company, as

8  the author of the collective work, but the registrations do not provide the authors of

9  each individual work that Plaintiff claims is at issue in this action. The registrations

10  do not require Plaintiff to list authorship information for contributors to collective

11  works, who may be different from the author of the collective work.[4] Thus, it is

12  necessary that Plaintiff provide authorship information for each work it claims in this

13  case.

14       Plaintiff argues that research and investigation of it marks prior to 2000 is

15  burdensome and irrelevant, but claims infringement for works at least as far back as

16  1994. Plaintiff, however, has provided no explanation as to why it would be overly

17  burdensome to find this research, especially for a company that enforces its alleged

18  rights as aggressively as Plaintiff and which should have this research readily

19  available.

20       Finally, although, in this document Plaintiff has now provided more

21  information regarding for which requests no responsive documents exist, Google asks

22  that the Court order Plaintiff to provide this information in supplemental responses in

23  order to maintain a clear record.

24   

---

25  [4] For example, for issues of Perfect 10 magazine, Plaintiff appears to have registered
these as serial works. The Copyright Office's informational circular on registration for

26  serials states that "[c]hecking the box marked 'Collective Work' indicates authorship
of the collective work as a whole (that is, the editing and compiling of the issue as a

27  whole) plus any individual made-for-hire contributions," but that [i]t is not necessary
to describe the authorship in more specific terms if the 'Collective Work' box is

28  checked." U.S. Copyright Office, "Copyright Registration for Serials," Circular 62.

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 32**

**B.    INFORMATION REGARDING ALLEGED COPYRIGHT AND TRADEMARK INFRINGEMENTS BY GOOGLE IN THIS ACTION (INTERROGATORY NOS. 3, 5; DOCUMENT REQUEST NOS. 10-19, 26,  55-56)**

**1.    Relevant Requests and Plaintiff's Responses**

- **INTERROGATORY NO 3**:

Identify all copyright infringements of your copyrights for which you claim Google is liable.

**RESPONSE TO INTERROGATORY NO. 3**:

Perfect 10 objects to this Interrogatory on the grounds that the interrogatory is unduly burdensome, as well as vague and ambiguous.  There are millions of infringements of Perfect 10 copyrighted works for which Google is liable on hundreds of thousands of links that Google has not disabled, despite notice.  Perfect 10 has already provided to Google more than 5,000 URLs on Google's servers relating to infringements of Perfect 10's copyrights. Furthermore, Google has yet to identify infringements on its servers that Perfect 10 has requested in its discovery. Subject to those objections, Perfect 10 responds as follows: Because of Google's continued unauthorized publication of usernames and passwords to Perfect10.com, amyweber.net, ambersmith.net, ariagiovanni.com, and ddgirls.com, despite repeated notice from Perfect 10, Perfect 10 alleges that Google is liable for copyright infringement for all images that have appeared on Perfect 10.com; all images on amyweber.net that Amy Weber has assigned to Perfect 10; all images of Amber Smith for which the copyrights have been assigned to Perfect 10; all images of Aria Giovanni for which the copyrights have been assigned to Perfect 10; and all images for which the copyrights have been assigned to Perfect 10 by J. Stephen Hicks Photography, Inc./J. Stephen Hick/Earlyman Productions, as well as all images that have appeared in Perfect 10 Magazine.. The copyright registrations for these works are set forth in the response to Interrogatory 2.

In addition, Perfect 10 will make available to Google electronic copies and/or paper print-outs of infringements which appear on Google's servers and/or on websites that Google links to.  Each of those electronic copies or print-outs contains the exact URL where the infringement appeared, as well as the date on which the infringing copy was printed.

Perfect 10 will augment this response as it becomes aware of additional images for which it holds Google liable.

- **INTERROGATORY NO 5**:

Identify all trademark infringements of your marks (as that term is defined in 15 U.S.C. §1127) for which you claim Google is liable.

**RESPONSE TO INTERROGATORY NO. 5**:

Perfect 10 objects to this Interrogatory on the grounds that Perfect 10 cannot properly respond until it has received Google's response to its interrogatory and document requests, specifically, the identity of those GOOGLE affiliated webmasters who have used the term "Perfect 10" as keywords. Perfect 10 objects to this Interrogatory on the grounds that the interrogatory is unduly burdensome, as well as vague and ambiguous. Furthermore, Google has yet to identify infringements on its servers that Perfect 10 has requested in its discovery. Subject to those objections, Perfect 10 responds as follows: Perfect 10 has already provided Google with notices regarding infringements of Perfect

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 33**

10's trademarks and will augment those upon receiving Google's responses to Perfect 10's discovery. In addition, Perfect 10 will make available to Google electronic copies. and/or paper print-outs of infringements which appear on Google's servers and/or on websites that Google links to. Each of those electronic copies or print-outs contains the exact URL where the infringement appeared, as well as the date on which the infringing copy was printed.

- **DOCUMENT REQUEST NO. 10:**

All documents concerning violations of 17 U.S.C. § 106(1) that you claim or believe Google has committed directly.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Perfect 10 objects. to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 1 o will produce via electronic files and printouts documents in Perfect 10's possession that reflect direct infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 11:**

All documents concerning violations of 17 U.S.C. § 106(2) that you claim or believe Google has committed directly.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect direct infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 12:**

All documents concerning violations of 17 U.S.C. § 106(3) that you claim or believe Google has committed directly.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect direct infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 13:**

All documents concerning violations of 17 U.S.C. § 106(4) that you claim or believe Google has committed directly.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

29

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect direct infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 14:**

All documents concerning violations of 17 U.S.C. § 106(5) that you claim or believe Google has committed directly.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect direct infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 15:**

All documents concerning violations of 17 U.S.C. § 106(1) that you claim or believe Google is vicariously liable for or constitute contributory infringement by Google.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect contributory or vicarious infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 16:**

All documents constituting or identifying violations of 17 U.S.C. § 106(2) that you claim or believe Google is vicariously liable for or constitute contributory infringement by Google.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

30

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

in Perfect 10's possession that reflect contributory or vicarious infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 17:**

All documents constituting or identifying violations of 17 U.S.C. § 106(3) that you claim or believe Google is vicariously liable for or constitute contributory infringement by Google.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect contributory or vicarious infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 18:**

All documents constituting or identifying violations of 17 U.S.C. § 106(4) that you claim or believe Google is vicariously liable for or constitute contributory infringement by Google.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect contributory or vicarious infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 19:**

All documents constituting or identifying violations of 17 U.S.C. § 106(5) that you claim or believe Google is vicariously liable for or constitute contributory infringement by Google.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Perfect 10 objects to this request as being vague, overbroad, and burdensome. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents in Perfect 10's possession that reflect contributory or vicarious infringement of Perfect 10's copyrights by Google.

- **DOCUMENT REQUEST NO. 26:**

All documents concerning each of the underlying trademark infringements that you claim or believe Google is vicariously liable for or constitutes contributory infringement by Google.

31

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Perfect 10 objects to this request because it is vague and ambiguous, unintelligible, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waiving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents reflecting the trademark infringements that Google is vicariously or contributorily liable for.

- **DOCUMENT REQUEST NO. 55:**
  Documents sufficient to identify each person or entity you claim or believe to infringe your copyrights claimed in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, overwhelmingly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Without waiving those objections, Perfect 10 will produce via electronic files and printouts documents which show the websites that are infringing Perfect 10's copyrights that it is aware of at this time that it seeks to hold Google liable for.

- **DOCUMENT REQUEST NO. 56:**
  Documents sufficient to identify each person or entity you claim or believe to infringe your trademarks claimed in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and overwhelmingly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Without waiving those objections, Perfect 10 will produce, via electronic files and printouts, documents which show the websites that are infringing Perfect 10's trademarks that it is aware of at this time that it seeks to hold Google liable for.

## 2.   Google's Argument In Support of Motion to Compel

Plaintiff has asserted that Google is liable (a) directly, (b) contributorily, and (c) vicariously for violations of <u>five</u> different copyright rights (identified in five subsections, (1) through (5) of section 106 of the Copyright Act) for thousands of copyrighted works. Plaintiff is the master of its own pleading: it could have made the case as simple or complex as it desired. Having chosen a complex path, however,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

32

1   Plaintiff now wishes to shirk the burdens that flow from its choice.  Google is entitled

2   to meaningful discovery regarding each type of the alleged copyright and trademark

3   infringements for which Plaintiff claims Google is liable.  Google made very clear and

4   specific requests in Document Request Nos. 10 through 19 asking Plaintiff for

5   documents relating to its allegations on direct and indirect copyright infringements for

6   specified exclusive rights under 17 U.S.C. § 106.  Google also requested all

7   documents concerning vicarious or contributory trademark infringement by Google in

8   Document Request No. 26.  Document Request Nos. 55 and 56 similarly request basic

9   foundational information regarding the persons or entities Plaintiff believes to be

10   infringing its copyright and trademark rights in this action.  Google's request that

11   Plaintiff identify the factual basis of its claims is reasonable and in accordance with

12   the purpose of discovery to allow the parties to narrow the issues for the trier of fact.

13       The definition of "identify" in Google's interrogatories requires Plaintiff to

14   identify 1) the copyright or trademark infringed, 2) the person or entity Plaintiff

15   believes to have infringed it, 3) the conduct that constituted the infringement (and in

16   the case of copyright, the exclusive right that has been infringed), and 4) the date of

17   infringement.  Plaintiff, however, has failed to provide any meaningful response based

18   on its objections that the interrogatories are burdensome and ambiguous.  Instead of

19   providing the information in its possession, Plaintiff has summarily alleged that

20   "millions of infringements" are at issue and that "Google is liable for copyright

21   infringement for all images that have appeared on Perfect10.com."

22       Plaintiff's approach is entirely scattershot.  While alleging "millions of

23   infringements," it refuses to be pinned down on actually identifying them.  It takes this

24   approach for a tactical and strategic reason: it probably lacks evidence of any

25   infringement under various specific theories it has asserted, and it wants to hide

26   behind speculation and sweeping statements.  Plaintiff's response to Interrogatories 3

27   and 5 indicated that Plaintiff would produce electronic copies of printouts of

28   infringements, but Plaintiff failed to identify which of its hundreds of thousands of

33

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  documents provide the information responding to the interrogatories. Although Rule

2  33 permits a party to answer an interrogatory by specifying records from which the

3  answers may be obtained, an answer is inadequate if "the party fail[s] to specify

4  precisely where in the records the requested information [can] be found." *Cambridge*

5  *Electronics Corp. v. MGA Electronics,* 227 F.R.D. 313, 323 (C.D. Cal. 2004).

6        During the meet-and-confer process, Plaintiff provided Google with five

7  specimen spreadsheets purportedly providing the requested information. As Google

8  explained, however, these spreadsheets do not come close to providing the

9  information requested in the interrogatories. Plaintiff's specimen spreadsheets

10  (attached as Exhibit K to the Lee Declaration), even after obtaining Google's input,

11  failed to provide any information at all regarding trademark infringement. With

12  respect to copyright infringement, the charts do not provide information regarding the

13  conduct constituting the infringement, the specific section 106 right infringed, the

14  person or entity allegedly infringing the copyright, or even the copyright infringed

15  (other than identifying the page in a magazine in which an image may be found with

16  respect to only one of the five charts). Furthermore, the charts are incomprehensible.

17  Perfect 10, for example, expects Google to take its chart labeled "Number of P10

18  Infringing Images Linked via Google Image Search to Infringing Websites," with

19  columns labeled "total" "distinct" and "copyright" containing numbers in the fields,

20  and somehow glean from it the information it requested regarding alleged

21  infringements. Plaintiff seeks $150,000 for each of 11,000 images and must provide

22  the requested information for each. This refusal to either provide the information

23  requested or specify where information responding to the interrogatories may be

24  found violates the express provisions of Rule 33(d) which requires that Plaintiff

25  "specify the records from which the answer may be derived or ascertained… in

26  sufficient detail to permit the interrogating party to locate and identify, as readily as

27  can the party being served, the records from which the answer may be ascertained."

28  Fed. R. Civ. P. 33(d).

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 39**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Accordingly, Google requests that the Court order Plaintiff to fully provide the

2    requested information in Plaintiff's possession regarding the infringements and to

3    supplement the information as needed.  Google further requests that Plaintiff be

4    ordered to identify with specificity which documents respond to Google's requests and

5    interrogatories.

6           **3.    Plaintiff's Opposition**

7           Exhibits 1-5 attached herewith, along with some explanation of how they

8    should be read, coupled with Perfect 10's copyright deposit materials, and produced

9    copies of infringements (organized either by model or by website), is sufficient to

10   provide the information in Perfect 10's possession regarding the infringements (that

11   Perfect 10 is currently aware of) that Perfect 10 is claiming in this case..  It is Perfect

12   10's contention that Google is directly liable for violations of 17 U.S.C. §§ 106(1),

13   (3), and (5), for all of the Perfect 10 copyrighted images that Google has either a)

14   copied, distributed, and displayed via Google Image Search (detailed via Exhibits 1

15   and 2), or b) copied, distributed, and displayed via Google's cache link (detailed via

16   Exhibit 3).  By Perfect 10's estimate, there are at least 4,500 distinct Perfect 10

17   copyrighted images in this category, but this number could increase significantly once

18   Google answers Perfect 10's discovery requests.

19          As previously stated, Perfect 10 cannot complete Exhibit 1 until it receives full

20   and complete discovery responses from Google.  This spreadsheet provides one

21   example of a distinct infringement of each Perfect 10 copyrighted image of which

22   Perfect 10 is currently aware that has occurred via Google Image Search, at least one

23   date on which such an infringement occurred, and the magazine volume and issue, the

24   page of the magazine on which the image originated, or the image number on

25   perfect10.com.  Also included is a "1" in the copyright column if at least one such

26   image shows a Perfect 10 copyright notice, and a "1" under the "p10" column if at

27   least one such image includes identifying language involving "p10" such as

28   "P10vol4_2" (indicating the image is from Perfect 10 Magazine volume 4, number 2).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

35

1  In situations where there is a "1," it is Perfect 10's contention that Google is further

2  liable for trademark infringement as it is using Perfect 10's mark in commerce in a

3  manner likely to cause confusion. Produced along with Exhibit 1 will be folders

4  arranged by model or by website containing the infringements detailed in the table.

5  It is also Perfect 10's contention that Google is *secondarily* liable for all the

6  multiple copies of Perfect 10's copyrighted images that are displayed via other search

7  engines whose results are provided by Google; for images displayed via websites that

8  are Google advertisers or advertising affiliates; for images displayed via links from

9  Google's website; and as a consequence of Google's publishing perfect10.com

10  username/passwords on Google's website, google.com.  For example, in August of

11  2005, Google was displaying via Google Image Search at least 39 copies of the same

12  Perfect 10 copyrighted image of Monika Zsibrita and was linking that image to at least

13  31 different infringing websites.  It is Perfect 10's contention that Google is not only

14  directly liable for the infringement of that image, but also secondarily liable for the

15  infringement of that image by a) each of the search engines for whom Google

16  provides search services, and b) each of the at least 31 infringing websites to whom

17  Google linked that infringing image.  Once Perfect 10 receives Google discovery

18  responses, it is likely that Google will have potential secondary liability for

19  substantially more than 31 infringements of that single image.  In total, after receiving

20  Google's production, there should be substantially more than 10,000 copies of Perfect

21  10 copyrighted images for which Perfect 10 contends Google is secondarily liable for

22  which Google has linked, either via Google Image Search or via Google's cache links,

23  to other infringing websites, each of which has, on average, at least 100 Perfect 10

24  infringements.  It is also Perfect 10's contention that Google is secondarily liable for

25  the infringement of every image on perfect10.com as a result of Google's continued

26  display on google.com of hundreds of usernames and passwords to perfect10.com that

27  enable users to access Perfect 10's password-protected website for free.  All told,

28  there are approximately 12,000 Perfect 10 copyrighted images that Perfect 10

36

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1 contends Google is liable for as a result of its continued worldwide display of
2 perfect10.com usernames and passwords.  Finally, Perfect 10 estimates that there are
3 at least 50,000 copies of Perfect 10 copyrighted images that Perfect 10 contends
4 Google has secondary liability for as a result of Google's continued linking and
5 display of ads for such infringing websites (which at the very least, makes Google
6 vicariously liable), each of which websites offers for sale thousands of Perfect 10
7 images.  There are so many images for which Perfect 10 contends Google has
8 secondary liability, that after working for months, Perfect 10 has only burned to disk a
9 portion of such images, and is still waiting for Google's production.

10 It is not possible for Perfect 10 to produce all of the detail that Google requests
11 regarding secondary infringement, and much of that detail is simply unnecessary.  A
12 reasonable approach is to provide finished versions of spreadsheets illustrated by
13 Exhibits 2, 4, and 5.  These spreadsheets provide the number of copyrighted Perfect
14 10 images of each model on each infringing website for which Google has secondary
15 liability.  Along with each Exhibit will be the infringements detailed in each
16 spreadsheet, organized by model or by infringing website.  Trademark infringements
17 will be listed to the fullest extent possible for which Perfect 10 contends Google is
18 secondarily liable.  The electronic copies of infringements that will be produced will
19 have the URL of the infringing webpage (when available) as well as the date of
20 infringement, and will display copyright notices and trademarks when they exist.

21 In all cases, for both direct and secondary copyright infringement, Perfect 10 is
22 contending that Google is liable, either directly or indirectly, for violations of 17
23 U.S.C. §§106(1), (3), and (5).

### 4.  Google's Reply

25 Although in this joint stipulation, Plaintiff has begun to provide some of the
26 information requested by Google regarding infringements (for example, Plaintiff has
27 never before identified the exclusive copyright rights it believes Google has
28 infringed), any such information should be provided in a supplemental interrogatory

37

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   response.  Moreover, Plaintiff's response remains inadequate.

2       Plaintiff has attached to this document a series of incomplete spreadsheets that

3   it claims provides adequate responses to Google's discovery requests.  Plaintiff's self

4   serving spreadsheets, however, are woefully inadequate.  For example, only one of the

5   five spreadsheets, Plaintiff's Exhibit 1, even attempts to identify the copyright

6   infringed by identifying pages in Plaintiff's magazines or image numbers on Web

7   sites.  The other four charts do not even provide a magazine issue or any other way of

8   identifying the copyright infringed.  Thus, Plaintiff only provides partial information

9   on the copyright infringed for a fraction of alleged direct infringements and no

10  copyright information for alleged secondary infringements.  These charts illustrate the

11  difficulty in not separately identifying each alleged work at issue in this case.  Each

12  alleged work must be separately identified so that the parties have a mutual

13  understanding of what work is at issue when discussing a particular infringement.

14      While Plaintiff claims that additional responsive information will be contained

15  in printouts that Plaintiff claims will eventually accompany its spreadsheets, Google

16  cannot evaluate the adequacies of the printouts until it has the opportunity to review

17  them.  Given that Google's discovery requests were served nearly a year ago, Google

18  also asks that the Court set a date certain by which Plaintiff must produce such

19  documents.

20      **C.**    **PLAINTIFF'S ALLEGED PUBLICITY RIGHTS (DOCUMENT REQUEST NOS.
21  42-46, 50-53, 57)**

22          **1.**    **Relevant Requests and Plaintiff's Responses**

23  • **DOCUMENT REQUEST NO. 42:**
        All documents concerning the publicity rights claimed by you in this action,
24  including, but not limited to, all licenses, releases, or assignments and all
    communications relating to such licenses, releases or assignments.

25  **RESPONSE TO DOCUMENT REQUEST NO. 42:**
26  Perfect 10 objects to this request to the extent that it is vague, overbroad, and
    unduly burdensome. Perfect 10 also objects to this request to the extent that it
27  seeks documents protected by the attorney-client privilege or work product
    doctrine. Subject to, and without waiving the forgoing objections and general
28  objections, Perfect 10 will produce relevant licenses, releases, or assignments.

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

- **DOCUMENT REQUEST NO. 43:**
All documents concerning your efforts to protest or prevent infringement or violation of any of the publicity rights claimed by you in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages; but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to, and without waiving the foregoing objections and general objections, Perfect 10 will provide copies of complaints that it made to Google which Google does not already have copies of.

- **DOCUMENT REQUEST NO. 44:**
All documents concerning the fame or market awareness of each model name or likeness in which you claim rights.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and because it seeks irrelevant information. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 45:**
All documents concerning photographs, published in publications or media not owned or controlled by you, of models who have appeared in your magazine or web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 46:**
All documents concerning authorization or permission by you for other publications or media, not owned or controlled by you, to display names or photographs of persons whose names or photographs have appeared in your magazine or web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and because it seeks irrelevant information, in part because Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.

- **DOCUMENT REQUEST NO. 50:**

39

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

All communications with persons whose publicity rights you claim to own or exercise, other than those communications requested in request number 42.

**RESPONSE TO REQUEST NO. 50**

Perfect 10 objects to this request because it is overly broad and unduly burdensome, because it seeks irrelevant information, and may contain confidential information which is not relevant to the case.

- **DOCUMENT REQUEST NO. 51:**
  All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of violations of rights of publicity owned or exercised by you.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Perfect 10 objects to this request as being vague and ambiguous, unintelligible, overbroad, and unduly burdensome, and not likely to lead to evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 52:**
  All documents concerning efforts by you to halt or reduce violations of publicity rights owned or exercised by you.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Perfect 10 objects to this request as being vague and ambiguous, unintelligible, overbroad, and unduly burdensome, and not likely to lead to evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product, doctrine.

- **DOCUMENT REQUEST NO. 53:**
  All documents concerning communications regarding ownership or control, by others, of publicity rights claimed by you in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Perfect 10 objects to this request as being vague and ambiguous, incomprehensible, and not likely to yield evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Without waiving any of the foregoing objections, Perfect 10 responds that it is not aware of any such documents, to the extent that it understands the request.

- **DOCUMENT REQUEST NO. 57:**
  Documents sufficient to identify each person or entity you claim or believe to violate publicity rights claimed by you in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

40

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Perfect 10 objects to this request as being vague and ambiguous, overbroad, and overwhelmingly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Furthermore, Perfect 10 cannot fully respond to this request until it receives discovery from Google. Without waiving those objections, Perfect 10 will produce, via electronic files and printouts, documents which show the web sites that are infringing Perfect 10's rights of publicity that it is aware of at this time that it seeks to hold Google liable for.

## 2.    Google's Argument In Support of Motion to Compel

Plaintiff claims to own publicity rights for hundreds of models and it seeks damages for violation of those rights. It has <u>never</u> given a complete account of the publicity rights it claims. Plaintiff refuses to produce documents concerning its alleged publicity rights primarily on the basis of relevance and burden. In addition to requests regarding ownership of the alleged publicity rights, Google has requested documents concerning the fame and market awareness for each model, communications with the models, photographs of the models, and authorization for use of such photographs. Google has also requested documents concerning Plaintiff's efforts to prevent or prosecute others for violating its alleged rights. Plaintiff has put the rights of publicity of numerous persons at issue, but has flatly refused to produce any documents at all other than assignments for most requests dealing with the right of publicity. During the meet-and-confer process, Perfect 10 refused to produce any other documents relating to its alleged publicity rights, such as licenses, releases, communications relating to licenses, releases and assignments, and communications with models. These documents bear directly on the validity of the publicity rights and may modify those rights. Fame and market awareness of each model are relevant to Plaintiff's argument that Google is seeking to exploit the names and reputations of the models. For Google (or others) to wish to exploit the rights of the models, it stands to reason that persons are aware of the models and that Google wishes to capitalize on that awareness and on the models' fame.

Google requires information regarding photographs of Plaintiff's claimed

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

41

1   models that appeared in publications or media not owned or controlled by Plaintiff

2   because that information will have a substantial bearing on the existence and scope of

3   publicity rights claimed by Plaintiff.  Google suspects that Perfect 10 does not own

4   many (or all) of the rights it claims, and the requested information and documents may

5   lead to evidence inconsistent with Plaintiff's claims and arguments.

6          Information and documents about Plaintiff's efforts to pursue others for

7   violation of its alleged publicity rights may yield information about the rights, about

8   possible violations that allegedly underlie secondary liability claims against Google,

9   and about numerous potential defenses available to Google.  With respect to Request

10  Nos. 43, 51, and 52 requesting documents concerning Plaintiff's efforts to protest or

11  prevent infringement of publicity rights claimed in this action, during the meet-and-

12  confer process Plaintiff stated that it would provide notices and either complaints or a

13  listing of complaints that were sent to or involved "entities to whom Google provides

14  services" and only as far back as 2000; Plaintiff ultimately refused to produce any

15  responsive documents other than notices and demands located at Perfect 10 only.

16  Plaintiff refused to search for documents held by counsel either currently in his office

17  or in storage, stating that documents in counsel's office are not ones that can be

18  located after a "reasonable search."  Plaintiff then stated that it would only search for

19  files in counsel's possession if Google paid the associated cost, including for Plaintiff's

20  counsel's time.  This demand is unreasonable and Plaintiff has failed to set forth any

21  reasonable justification for cost shifting.

22         Plaintiff's time limitations are also inappropriate because Plaintiff claims

23  violation of publicity rights that predate 2000.  Also, claims about the alleged

24  publicity rights against entities other than entities to whom Google provides services

25  are relevant and may yield information about the alleged rights and Google's defenses.

26  Plaintiff's boilerplate objections to relevance and burden without explanation are

27  without merit.

28         In addition, Plaintiff's objections based on its waiver of actual damages are

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

42

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  irrelevant.  As further explained below, Plaintiff's waiver of actual damages (which

2  appears to effect a withdrawal of Plaintiff's specific assertions in the amended

3  complaint that it is seeking such damages) does not prevent it from having to provide

4  the requested information, because the size and nature of actual injury to a plaintiff

5  may contribute to the considerations relevant to other remedies.

6      Accordingly Google asks that the Court compel Plaintiff to produce all

7  documents responsive to Google's requests concerning Plaintiff's alleged publicity

8  rights, including any documents located at counsel's offices, either on site or in

9  storage.

### 3.    Plaintiff's Opposition

10

11      Google is completely misstating the results of the meet and confer in several

12  respects.  For example, Perfect 10 has agreed to produce all DMCA notices that it can

13  find upon a reasonable search, which are directly responsive to Perfect 10's efforts to

14  protest violations of its publicity rights (right of publicity violations and copyright

15  violations were frequently set forth in the same notices).[5]  Perfect 10 is further willing

16  to allow Google to review hundreds of thousands of pages of printouts at Perfect 10's

17  offices, which will further be responsive to requests concerning such things as market

18  awareness, as well as Perfect 10's efforts to prevent the use of these publicity rights.

19  Perfect 10 has already produced to Google many assignments of rights of publicity

20  and is working on producing all such assignments.  Perfect 10 has also produced the

21  results of Google Web Search and Image Search results on its models, which involve

22  tens of thousands of URLs, as well as numerous DMCA notices detailing

23  approximately 2,000 URLs resulting from Google web search results which Perfect 10

24  has claimed violate Perfect 10's rights of publicity (by assignment).  Perfect 10 will

25  ────────────

[5] Perfect 10 has objected to having to search for DMCA notices that have been sent to
26  unrelated third parties, that are in Berman, Mausner & Resser's storage.  All of the
    more current, relevant notices that have been sent to search engines are at Perfect 10's
27  offices and will be produced.  The notices sent to non-search engine infringers from
    years ago, if they exist, are buried among thousands of pages of documents in storage,
28  and are not relevant to this case.

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 48**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    not produce communications with its models that do not involve rights of publicity.

2    Such communications involve many personal matters that have nothing to do with this

3    lawsuit.

4        As to the issue of fame and market awareness of Perfect 10 models, within the

5    confines of this case, the only reason such information is relevant is to determine the

6    number of times that users may have performed searches on the names of such

7    models. This information, of course, is in Google's possession and has in fact been

8    requested by Perfect 10, though Google has refused to produce it to date. Perfect 10

9    has requested that Google provide to Perfect 10 information regarding the number of

10   searches which have been performed for the name of each model, but Google has

11   refused to provide this information. That would be the most direct evidence regarding

12   each model's fame and public awareness.

13       Regarding photographs of models in other publications, Google most likely has

14   the most complete collection of this in the world, in its own database. Perfect 10 has

15   produced to Google examples of Google Image Searches on Perfect 10 models which

16   show examples of images of those models from other publications. [6]

17       Finally, Perfect 10 is not claiming violations of publicity rights that occurred

18   prior to 2000, as such violations would be barred by the statute of limitations in any

19   event.

20       **4.**    **Google's Reply**

21       Even if Plaintiff is not claiming violations of publicity rights that occurred prior

22   to 2000, earlier efforts to protect those rights from the time the rights were acquired

23   _____

[6] Previously, Perfect 10 had stated that it was willing to give up its option of actual

24   damages in exchange for not having to provide financial documents in discovery. Perfect 10's experience is that such documents, which it has produced

25   in other litigation, result in additional time and expense, as Dr. Zada and his accountant are then deposed on a variety of matters that should

26   not be relevant if statutory damages or profits of the infringer are elected as a basis for assessing damages. However, Google has stated that it insists on

27   Perfect 10 producing its financial documents. Therefore, Perfect 10 withdraws this offer and will maintain its option to seek its actual damages in this case.

28

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 49**

1  are just as relevant as enforcement efforts after 2000.  In order to require a post-2000

2  time limitation on discovery, Plaintiff must also limit its claims to only rights of

3  publicity acquired after 2000.  Even for violations of publicity rights occurring after

4  2000, any earlier efforts to protect those rights may yield critical information

5  regarding the validity of the publicity rights and Google's defenses.

6       With respect to fame and market awareness of models and photographs of

7  models in publications or media not owned by Plaintiff, Plaintiff refuses to produce

8  documents based on its assertion that Google has the best evidence of the information

9  requested.  This is not a valid ground to refuse to comply with discovery obligations.

10  Responsive documents might include documents concerning promotional and

11  advertising activities, valuations, licenses, mention or publication by third-parties, and

12  publicity in general.  If no responsive documents exist, Plaintiff should say so in

13  supplemental responses.

14      **D.**    **INFORMATION REGARDING PERSONS WHOSE PUBLICITY RIGHTS PLAINTIFF CLAIMS (INTERROGATORY NO. 1; DOCUMENT REQUEST NO. 54)**

16      **1.**    **Relevant Requests and Plaintiff's Responses**

17  • **INTERROGATORY NO 1**:

18  Identify all persons whose publicity rights you claim in this proceeding, including, but not limited to, all of the individuals identified in Exhibit 5 to the amended complaint.

19

20  **RESPONSE TO INTERROGATORY NO. 1:**

21  Attached as Exhibit 1 hereto is a list of the persons who have assigned publicity rights to Perfect 10, and which Perfect 10 is alleging were misappropriated, which Perfect 10 is aware of at this time. Perfect 10 may become aware of

22  additional persons when it receives discovery from Google or from other sources. This list has only the stage name of those models who use stage names.

23  A list of given names for those models will be provided when the protective order is entered. Perfect 10 will provide contact information for specific persons

24  who Google seeks to contact for which Perfect 10 has such information, once a protective order is in place and Google specifies a limited number of persons

25  who it wishes to contact.

26  • **DOCUMENT REQUEST NO. 54:**

27  All documents concerning your compliance with 18 U.S.C. § 2257 with respect to all persons whose names or photographs underlie any of your claims in this

28  action.

45

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Perfect 10 objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Perfect 10 objects to this request because it believes that its depictions of models do not subject it to the requirements of 18 U.S.C. § 2257. However, Perfect 10 does maintain the records set forth in 18 U.S.C. § 2257 even though it does not have to under the statute. Perfect 10 further objects to this request on the grounds that it is irrelevant, burdensome, and would reveal personal information about Perfect 10 models which is irrelevant to this lawsuit.

## 2. Google's Argument In Support of Motion to Compel

Google's interrogatory asking Plaintiff to "identify" (as defined in the interrogatories) persons who have allegedly assigned publicity rights to it requires that Plaintiff provide the name (including legal and stage names), address, telephone number, and other contact information for each identified person. Document Request No. 54 requests similar information by asking for documents maintained in compliance with 18 U.S.C. § 2257 (requiring certain persons who produce material containing sexually explicit conduct to maintain identifying information for performers). Plaintiff, however, has produced only a list of stage names, for only those individuals who use stage names. Plaintiff has refused to provide additional information, including contact information, for any of the identified persons.

As discussed below, in response to Interrogatory No. 6, Perfect 10 has given (stage) names of three models whom it may call as witnesses. In that response, Plaintiff refused to provide contact information but said they may be contacted via Plaintiff's counsel. When Google's counsel tried to arrange interviews of those models and sought to contact them via Mr. Mausner, Plaintiff's counsel, Mr. Mausner flatly refused to facilitate the contact. See Declaration of Andrew P. Bridges ("Bridges Dec.") at ¶ 5. Perfect 10 then offered to drop an unspecified number of models at issue in this case on the condition that Google not contact any of those models. Only if Google were to accept this condition, Plaintiff stated that it would then consider allowing Google to contact the models remaining in the case, if Google agreed that all contact would be by its attorneys. When Google explained that the conditions were

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 51**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   unacceptable, Perfect 10 ultimately refused to provide any contact information for the

2   hundreds of models at issue in the case.  Even if Perfect 10 were to drop certain

3   models for which it claims rights of publicity, it has stated that it would not drop

4   copyright, trademark or other claims with respect to these models.  Google has a right

5   to contact all persons who may have knowledge of facts in this case.  Some of the

6   models are listed in copyright registrations as "authors" of works whose copyrights

7   Perfect 10 claims.  Thus, even if Perfect 10 were to limit its right of publicity claims,

8   Google is entitled to interview the remaining models.

9   　　　Full identification with contact information is essential for Google to assess the

10   validity of Plaintiff's alleged publicity rights and any violation of those rights.  In

11   response to Interrogatory No. 6 discussed below, Plaintiff has stated that "[e]ach

12   Perfect 10 Model is expected to have knowledge of Perfect 10's rights to photographs

13   of her and use of her name, and the lack of rights of defendants' website google.com

14   to post photographs of her or use her name."  Plaintiff then states that "[t]hese models

15   should be contacted through Jeffrey N. Mausner, Esq."  Accordingly, Google

16   attempted to contact the models through Mr. Mausner during the meet-and-confer

17   session and requested that Mr. Mausner have all models contact Google's counsel.

18   Mr. Mausner, however, refused to provide the contact information for the models

19   unless Google limited its request.  Plaintiff's demand that Google select "a limited

20   number of persons who it wishes to contact" as a condition for Plaintiff to provide this

21   crucial information inappropriately limits Google's right to obtain information on the

22   identity and location of all potential witnesses -- not just a select few.  Fed. R. Civ. P.

23   26(b)(1).  Plaintiff itself has claimed that "each model" possesses relevant knowledge.

24   　　　Accordingly, Google requests that the Court order Plaintiff to produce the entire

25   list of persons who have allegedly assigned their rights of publicity to Plaintiff as well

26   as the address, telephone number, and other contact information requested for such

27   persons.

28   　　　**3.**　　　**Plaintiff's Opposition**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

47

Perfect 10 is willing to work out a mechanism by which Google can depose a limited number of models for which Perfect 10 is claiming rights of publicity. Outside of the publicity rights claims, there is no reason for contact information for these models to be produced under any circumstances. Google does not have standing to challenge Perfect 10's copyrights by deposing models. Other than satisfying its urge to heap upon Perfect 10 costly busywork, Google has yet to articulate any sound reason for which it requires contact information regarding the identities of models for which Perfect 10 is not claiming publicity rights.

Furthermore, Google is completely wrong regarding what Perfect 10 has produced to it. Perfect 10 has produced a list with the names of 137 models who have assigned rights of publicity to Perfect 10. That list, in fact, is attached as Exhibit 2 to Perfect 10's Interrogatories and Document Requests. (A copy of the list is attached as Exhibit 2 to Exhibit D to the declarations in support of Perfect 10's motions to compel interrogatories and document requests.) The vast majority of the names on that list are the actual names of the models; only a few of the models use stage names. Perfect 10 has also produced in most cases, and will produce in any remaining cases, the actual assignments of rights of publicity. Furthermore, Perfect 10 will give address information to Google (under the protective order) for the models for which it will assert publicity rights, for which it has such information, on the condition that Google agrees to contact those models via its attorneys, rather than by a private investigator. That is the only condition Perfect 10 has imposed. Restricting contact to attorneys only is necessary because in the past, Perfect 10 models have been followed and threatened by private investigators. Perfect 10 believes it is appropriate to restrict contact with the models to responsible persons who will be accountable for their conduct.

### 4.   Google's Reply

In response to Interrogatory No. 1 asking Plaintiff to identify all persons whose publicity rights it claims in this proceeding, Plaintiff responded with a list (attached as

48

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Exhibit 1 to Plaintiff's response) of 277 names.  Plaintiff then stated in its response that "[t]his list has only the stage name of those models who use stage names."  Now, Plaintiff suggests for the first time that Google is "completely wrong" in relying on Plaintiff's interrogatory response and that a different list of 137 names (including some stage names) "produced" *as an exhibit to its own discovery requests to Google* is now the "correct" list of persons whose publicity rights it claims in this proceeding.  In addition, Plaintiff cannot control the manner in which Google may contact these persons who are not employees of Perfect 10.  Google is also entitled to contact models for whom Plaintiff does not claim right of publicity because, as Plaintiff acknowledged in its response to Interrogatory No. 6, such persons may have information relevant to Plaintiff's claims.

**E.    INFORMATION REGARDING PERSONS WHO MAY HAVE KNOWLEDGE REGARDING THE ALLEGED FACTS (INTERROGATORY NO. 6-7; DOCUMENT REQUEST NO. 63)**

**1.    Relevant Requests and Plaintiff's Responses**

- **INTERROGATORY NO 6**:

Identify all persons with knowledge of facts asserted by you in the amended complaint, stating the facts for which each has knowledge.

**RESPONSE TO INTERROGATORY NO. 6:**
Perfect 10 objects to this interrogatory on the grounds that it is extremely burdensome, overbroad, complex, and in fact contains hundreds of subparts. Without waiving those objections, Perfect 10 provides the following information about witnesses it is aware of at this time, which has been provided in its Rule 26 disclosures:

**Potential Witnesses In Support Of Perfect 10's Claims**

Norman Zada, Ph.D.        Chief Executive Officer, President, Editor, and Publisher

Dr. Zada has knowledge relating to various issues which may be relevant to Perfect 10's claims, including but not limited to: (1) Perfect 10's copyrights; (2) Perfect 10's trademarks; (3) Perfect 10's rights of publicity; (4) infringing and misappropriated photographs appearing on the defendants' websites; (5) information regarding Perfect 10 Magazine and Perfect 10's website; (6) the costs associated with the production of Perfect 10 photographs and Internet publications; (7) Perfect 10's ownership of trademarks and its efforts to protect its trademarks; (8) Perfect 10's ownership of copyrights and its efforts to protect its copyrights; (9) Perfect 10's ownership of rights of publicity and its efforts to protect those rights; (10) Perfect 10's sale of its images; and (11) competition in the adult entertainment publishing industry.

49

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

The following Perfect 10 employees or independent contractors may have printed some infringing images, and would therefore be able to authenticate those print-outs:

| | |
|---|---|
| John Ancell | Art Director |
| Jennifer Snow | Assistant to the Publisher |
| Rebecca Chaney | Assistant to the Publisher |
| Sheena Chow | Assistant |
| Wendy Augustine | Assistant to the Publisher |

John Ancell also sent some DMCA notices to Google.

All Perfect 10 employees and independent contractors should be contacted through Jeffrey N. Mausner, Berman, Mausner & Resser, A Law Corporation, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025, Telephone: (310) 473-3333, Fax: (310) 473-8303, E-mail: JeffMausner@bmrlaw.com.

**Perfect 10 Models**:

The following models may testify: Amy Weber, Carla Alapont, Ashley Degenford. Perfect 10 may select additional or other models to testify as discovery progresses. Each Perfect 10 Model is expected to have knowledge of Perfect 10's rights to photographs of her and use of her name, and the lack of rights of defendants' website google.com to post photographs of her or use her name. These models should be contacted through Jeffrey N. Mausner, Esq., Berman, Mausner &Resser, A Law Corporation, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025, Telephone: (310) 473-3333, Fax: (310) 473-8303, E-mail: JeffMausner@bmrlaw.com.

Perfect 10 will rely on the signed assignment of rights/model releases which it will make available to Google, to establish its rights regarding the images and use of the names of other Perfect 10 Models.

- **INTERROGATORY NO 7**:

Identify all persons who have participated in any private or public communications (other than purely privileged attorney-client communications) of which you are aware relating to Google, including, but not limited to, communications or publicity relating to this lawsuit, stating for each the nature of the communication.

**RESPONSE TO INTERROGATORY NO. 7:**
Perfect 10 objects to this interrogatory on the grounds that it is extremely burdensome, overbroad, and irrelevant. It is likely that millions of persons have participated in communications relating to Google and there are many discussions about Google on the internet.

- **DOCUMENT REQUEST NO. 63**:

Documents sufficient to identify all of your directors, officers, staff, employees, personnel, and consultants from 2000 to present.

**RESPONSE TO REQUEST NO. 63:**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

50

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   Perfect 10 objects to this request as being overbroad and burdensome, and
because it seeks irrelevant information. Without waiving these objections and
2   the general objections, Perfect 10 responds that there is only one officer and
director, Norman Zada, Ph.D. Relevant employees and independent contractors
3   have been identified in the Initial Disclosures.

4   ## 2.    Google's Argument In Support of Motion to Compel

5   Plaintiff has refused to provide complete responses to requests regarding

6   persons who may have knowledge regarding the facts and claims involved in its

7   complaint on the grounds that the requests are burdensome and overbroad. Instead, it

8   has provided Google only the information that Plaintiff has selected as helpful to

9   Plaintiff's own case.

10   In response to Interrogatory No. 6, instead of providing a complete response of

11   all persons with knowledge of facts in the amended complaint, Plaintiff has responded

12   with a list of "potential witnesses in support of Perfect 10's claims." Plaintiff also has

13   identified three models who "may testify." In response to Interrogatory No. 7

14   regarding identification of persons who had communications regarding Google,

15   including communications regarding the facts of this suit, Plaintiff replied that it is

16   likely that millions of persons have had such conversations and has refused to name

17   any persons known by Plaintiff to have had such conversations.

18   Plaintiff apparently believes that it needs to provide only information on

19   persons who may be helpful to its own case. Rule 26(b)(1), however, provides that

20   parties may obtain discovery regarding "the identity and location of persons having

21   knowledge of *any discoverable matter*." Fed. R. Civ. P. 26(b)(1) (emphasis added).

22   Google's discovery requests are directed at identifying persons who have knowledge

23   and information regarding the issues in this case and are not overbroad. Plaintiff must

24   be ordered to fully respond with all information known to it or in its possession and

25   not just the information that Plaintiff finds helpful to its case.

26   In response to Document Request No. 63 requesting documents sufficient to

27   identify Plaintiff's directors, officers, employees and consultants, Plaintiff stated that it

28   would only provide information for employees, directors, and officers from 2000

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 56**

1    under the condition that they be contacted by Google's attorneys only.  Plaintiff

2    ultimately refused to provide any information in response to the request.  If Plaintiff

3    considers this to be confidential information, it is free to designate the material as such

4    pursuant to the protective order.  Finally, Plaintiff cannot require Google to contact

5    independent contractors and past employees, as opposed to current employees, only

6    via Plaintiff's counsel.

7         Google asks that the Court order Plaintiff to produce all responsive information

8    and documents without further delay.

9              **3.     Plaintiff's Opposition**

10        Perfect 10's responses already provide Google with those persons with

11   knowledge of the facts in this case.  Google is entitled to such information and

12   accordingly, that is what Perfect 10 has given them.  What Google is not entitled to

13   are responses to such overly broad requests as an identification of all persons that may

14   have engaged in communications, whether public or private, about Google or all

15   persons with knowledge of facts in the amended complaint (which is 36 pages long,

16   contains 127 paragraphs, and includes such facts as "Defendant Google, Inc.

17   ('Google') is a California corporation which owns and operates the internet website

18   located at google.com.")  Under these ridiculously broad requests, Perfect 10 would

19   have to provide, for example, the name of every reporter who has written any

20   newspaper article that it is aware of that concerned Google and the name of people

21   who have used Google's website.  Moreover, even if the term "communication" were

22   narrowed, and even if the scope of the communications were narrowed to just this

23   case, this request would still be hopelessly broad, as it would conceivably force

24   Perfect 10 to identify the author of every posting listed on the Internet concerning this

25   lawsuit.  This is irrelevant material and is sought only to run up Perfect 10's legal

26   expenses.  These requests are clearly overbroad.

27        In response to Perfect 10's discovery requests, Google has not identified a

28   single employee.  In sharp contrast, Perfect 10 has identified the relevant employees

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

52

1    with knowledge of matters at issue in this lawsuit.

2         **4.**     **Google's Reply**

3        Plaintiff has overstated the burden of responding to these highly relevant

4    requests. As Google explained during the meet-and-confer session, Google is not

5    asking Plaintiff to research what has not already come to its attention. It is asking for

6    information in Plaintiff's possession, custody, or control.

7        **F.**    **INFORMATION REGARDING PLAINTIFF'S WEB SITES (DOCUMENT**
            **REQUEST NO. 60)**

8

9          **1.**     **Relevant Requests and Plaintiff's Responses**

     •   **DOCUMENT REQUEST NO. 60**:

10

11       All documents constituting websites owned or controlled by you.

12      **RESPONSE TO REQUEST NO. 60**:
     Perfect 10 objects to this request as being vague, overbroad, and unduly

13      burdensome. Subject to, and without waiving the forgoing objections and
     general objections, Perfect 10 will provide to Google copies of disks

14      representing filings with the Copyright Office.

15          **2.**     **Google's Argument in Support of Motion to Compel**

16        Plaintiff has indicated that it would only provide filings with the Copyright

17    Office in response to Google's request for documents constituting Plaintiff's Web

18    sites. This response is insufficient because, as Plaintiff acknowledged during the

19    meet-and-confer process, not all complete Web sites owned or controlled by Plaintiff

20    were deposited with the Copyright Office. Google is entitled to information regarding

21    all of Plaintiff's Web sites and not just those that may have been filed with the

22    Copyright Office. Moreover, Perfect 10 indicated in the meet-and-confer process that

23    some sites are password protected. Thus, Google would have no other way of

24    obtaining the requested information.

25          **3.**     **Plaintiff's Opposition**

26        This is another example of Google's attempt to grind Perfect 10 down with

27    busywork. Perfect 10 has provided or will provide Google with all Perfect 10

28    copyright certificates, and deposit materials provided to the Copyright Office, as well

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    as all Trademark Certificates.  *These materials cover any and all of the works for*

2    *which Perfect 10 is seeking damages.*  That is what is relevant, not "all documents

3    constituting websites owned or controlled by you," which would require additional

4    disks that would have to be burned a multiplicity of times.  For the record, Perfect 10

5    owns or controls perfect10.com, perfectten.com, perfect-10.com, modelboxing.com,

6    boxingbeauties.com, openbeauty.com, sexy10s.com, natural10.com, naturaltens.com,

7    natural10.net, naturaltens.net, supersex.com, and some additional domain names that

8    are either not in use or are linked to perfect10.com.  Google can view all of those

9    websites on the Internet.

### 4. Google's Reply

It is unclear whether Google can explore the complete Web sites on the

Internet, as Plaintiff has indicated that some are password protected.  In any event,

Plaintiff has an obligation to produce available responsive documents.  Even if

Plaintiff is not seeking damages for works contained on these sites, they may contain

copies of works for which it is seeking damages.  The sites are highly relevant to

Plaintiff's activities on the Internet, its use of Google, and defenses such as unclean

hands and waiver.

### G. INFORMATION REGARDING CLAIMS ASSERTED AGAINST PLAINTIFF OF INFRINGEMENT OR ALLEGATIONS OF FALSE INFRINGEMENT (DOCUMENT REQUEST NOS. 64, 65)

#### 1. Relevant Requests and Perfect 10's Responses

- **DOCUMENT REQUEST NO. 64**:

  All documents concerning claims that you infringed or violated third parties' copyrights, trademarks or publicity rights.

  **RESPONSE TO DOCUMENT REQUEST NO. 64**:

  Perfect 10 objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Perfect 10 objects to this request on the grounds that it is irrelevant and not limited as to time.

- **DOCUMENT REQUEST NO. 65**:

  All documents concerning allegations that you falsely or wrongly claimed copyright, trademark, or publicity rights.

  **RESPONSE TO DOCUMENT REQUEST NO. 65**:

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

54

Perfect 10 objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.  Perfect 10 objects to this request on the grounds that it is irrelevant and not limited as to time.

### 2.    Google's Argument In Support of Motion to Compel

Plaintiff claimed during the meet-and-confer process that documents concerning one dispute are the only documents responsive to Document Request No. 64.  Plaintiff, however, would only agree to provide the settlement agreement in that case (and has not yet done so) based on a claim of burden.  With respect to Document Request No. 65, Plaintiff indicated that it would produce only what was located in its counsel's office.  These document requests concerning claims of infringement asserted against Plaintiff or allegations that Plaintiff falsely claimed rights at issue in this case are directly relevant to the validity of Plaintiff's alleged rights; the strength and protectability of the copyright, trademark, and publicity rights at issue in this litigation; and Google's defenses.  Google thus requests that the Court order Plaintiff to produce all responsive documents.

### 3.    Plaintiff's Opposition

There is only one set of documents that Perfect 10 believes is responsive to these requests which involves a dispute over the mark "Perfect 10" which ended in around 1998.  Perfect 10 will produce the settlement agreement in that matter, if it can reasonably be located.

### 4.    Google's Reply

If Plaintiff asserts that one set of documents is responsive to both Request Nos. 64 and 65, it should supplement its response indicating that this is the case.  Especially since Plaintiff has indicated that it is not certain if the settlement agreement can even be located, it should be ordered to produce all responsive documents.

### H.    EARLIER LITIGATION INVOLVING PLAINTIFF FOR SIMILAR CLAIMS (DOCUMENT REQUEST NO. 66)

### 1.    Relevant Requests and Plaintiff's Responses

- **DOCUMENT REQUEST NO. 66:**

55

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

All documents filed with a court, served upon an opposing party or counsel, or received from an opposing party or counsel, in copyright, trademark, publicity rights, or unfair competition litigation to which you have been a party.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects on the grounds that any such documents are publicly available to Google.

## 2.   Google's Argument In Support of Motion to Compel

Plaintiff has not been shy about referring--selectively--to its other litigation cases when it feels that those cases provide a favorable analogy to this case.  Google requests all documents relating to <u>all</u> other relevant litigation so that assertions and claims by Plaintiff in this case may be tested against the allegations, arguments, evidence, and information in the other cases.  During the meet-and-confer process, Plaintiff agreed to provide complaints and deposition transcripts of Dr. Zada and Google reserved its right to obtain additional responsive documents after review. Google has not yet received such documents and asks that the Court order their production without further delay.

## 3.   Plaintiff's Opposition

This is yet another example of Google's attempt to bury Perfect 10 with busywork, as Google is requesting all documents from all prior cases, which would involve hundreds of thousands of pages of pleadings, exhibits, printouts, discovery motions, and the like.  As indicated, however, as an accommodation, Perfect 10 will produce the complaints and the deposition transcripts of Dr. Zada from previous cases that it can locate after a reasonable search.  All pleadings in all of those cases are publicly available on Pacer (and it would be surprising if Google's attorneys had not already seen many of those documents).

## 4.   Google's Reply

Contrary to Google's assertion, many responsive pleadings are not publicly available because they were filed under seal.  As Google's discovery requests were

56

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

served nearly a year ago, Google also asks that the Court order Plaintiff to produce the complaints and the deposition transcripts of Dr. Zada from previous cases without further delay and by a date certain.

## I. DOCUMENTS REGARDING GOOGLE AND COMMUNICATIONS WITH GOOGLE (DOCUMENT REQUEST NOS. 7, 58-59)

### 1. Relevant Requests and Plaintiff's Responses

- **DOCUMENT REQUEST NO. 7:**

    All documents concerning communications between you and Google.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Perfect 10 objects to this request as being vague, overbroad, burdensome, and because it seeks irrelevant information. Perfect 10 will provide to Google via printed and electronic format, webpages on which Perfect 10's DMCA notices were based. Perfect 10 objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 58:**
    All documents in your possession, custody, or control that mention or refer to Google.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other priviledges.

- **DOCUMENT REQUEST NO. 59:**

    All documents concerning any communications by any person regarding Google or this lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges.

### 2. Google's Argument In Support of Motion to Compel

Plaintiff has used boilerplate objections in refusing to produce any documents

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 62**

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

1   other than those related to alleged DMCA notices in response to Google's requests

2   regarding documents concerning Google, this lawsuit, or communications with

3   Google.  Google's requests are typical ones directed at discovering relevant evidence

4   to this suit.  During the meet-and-confer process, Plaintiff complained that it would

5   have to look in too many places for responsive documents and that the requests were

6   therefore burdensome.  Plaintiff appears not to have produced any responsive

7   documents aside from its alleged DMCA notices and Web site printouts allegedly

8   underlying them, even though it admits there are letters, settlement communications,

9   and other responsive documents.  The only request for which Plaintiff even considered

10   producing documents was Document Request No. 7 concerning communications with

11   Google.  Plaintiff, however, stated that it would only produce documents readily

12   found in Plaintiff's counsel's office but not in storage and then ultimately refused to

13   produce any additional documents when Google explained that this condition was

14   unacceptable.  Plaintiff's waiver of actual damages is also irrelevant to its response;

15   these requests are directed at discovering information concerning issues other than just

16   damages.  Google is entitled to receive a complete response to these highly relevant

17   requests and asks that the Court order Plaintiff to produce all responsive documents.

18       **3.   Plaintiff's Opposition**

19       These requests basically ask for every document in Perfect 10's possession that

20   mention Google, which is overwhelmingly burdensome.  Perfect 10 has provided and

21   will provide the relevant documents that mention Google, which represent the

22   documents relating to Perfect 10's DMCA notices and infringements on google.com,

23   or are on websites to which Google links or has business relationships known to

24   Perfect 10.

25       **4.   Google's Reply**

26       Plaintiff has impermissibly limited its response to "relevant" documents that

27   mention Google and "infringements" or google.com.  It is unclear whether Plaintiff

28   has changed its position from the meet-and-confer session and will produce all

Winston & Strawn LLP<br>101 California Street<br>San Francisco, CA 94111-5894

58

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

communications with Google.  Google is entitled to <u>all</u> documents from google.com or that concern Google so that it may discover all ways in which Plaintiff has used Google.

### J.   PLAINTIFF'S DAMAGES (DOCUMENT REQUEST NOS. 33, 38, 71)

#### 1.   Relevant Requests and Plaintiff's Responses

- **DOCUMENT REQUEST NO. 33:**

  All financial statements showing your expenditures on advertising and marketing activities in the United States concerning the marks and PERFECT 10 and PERFECT 1O.COM.

  **RESPONSE TO REQUEST NO. 33:**

  Perfect 10 objects to this request on the basis that it is vague, overbroad, and unduly burdensome, and because it seeks irrelevant information, since Perfect 10 is seeking statutory damages or profits of the infringer.

- **DOCUMENT REQUEST NO. 38:**

  All financial statements evidencing revenues and expenses relating to your use of the marks PERFECT 10 and PERFECT10.COM.

  **RESPONSE TO DOCUMENT REQUEST NO. 38:**

  Perfect 10 objects to this request on the basis that it is vague, overbroad, and unduly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.

- **DOCUMENT REQUEST NO. 71:**

  All documents that evidence, refer to, or discuss any damages or harm, including, without limitation, monetary damage, you claim to have suffered, or to be likely to suffer, as a result of Google's alleged infringements and violations as set forth in your amended complaint.

  **RESPONSE TO DOCUMENT REQUEST NO. 71:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.

#### 2.   Google's Argument In Support of Motion to Compel

Plaintiff has refused to produce financial documents and information as well as many other types of documents related to damages based on the waiver of actual damages that it announced in its responses.  The waiver (which appears to withdraw

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

the actual damage claims in the amended complaint)[7] is irrelevant to Plaintiff's obligation to provide the requested information.  During the meet-and-confer process Plaintiff stated that it would produce summary financial statements providing information.  Since Plaintiff has not provided the summaries, Google cannot ascertain whether they would be adequate substitutes for the requested documents.  Summaries also do not fully respond to these requests since they seek all documents concerning all alleged harm, not just monetary harm.

Plaintiff has alleged that it has suffered various types of harm to its business.  For example, it has alleged that it has suffered harm "in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and dilution of the value of its exclusive rights of publicity." *Id.* at ¶ 112.  With the exception of the summaries, Plaintiff has objected to producing documents related to any kind of damages it has alleged, however, based on this allegation that it is not seeking actual damages.  Even in response to Document Request No. 71, which seeks documents that evidence, discuss, or refer to any kind of alleged damage or harm as a result of Google's alleged infringements, Plaintiff has objected to producing documents based on this assertion.  Regardless of Perfect 10's waiver of actual damages, Google is entitled to Plaintiff's documents regarding the harm it alleges was caused by Google so that Google may assess its exposure on each claim.  *See DIRECTV,* 209 F.R.D. at 458 (finding that plaintiff has several different claims against defendant and defendant is entitled to

---

[7] The amended complaint plainly asserts that Plaintiff is seeking actual damages.  For example, with respect to its copyright claim, Plaintiff has alleged that "[a]s a direct and proximate result of the infringements by Google of Perfect 10's copyright and exclusive rights under copyright in the Perfect 10 Copyrighted Works, Perfect 10 is entitled to its *actual damages* and Google's profits pursuant to 17 U.S.C. § 504(b)." Amended Complaint, ¶ 42 (emphasis added); *see also* ¶¶ 51, 60, 67, 79, 84, 89, 94, 99, 112.  Similarly, with respect to its trademark claim, Plaintiff has alleged that it is entitled to recover "all damages sustained as a result of Google's unlawful conduct, including... Perfect 10's damages." *Id.* at ¶ 79.  Plaintiff's prayer for relief explicitly seeks "Perfect 10's actual damages." *Id.* at p. 35, ¶ 5.  Perfect 10 now asks Google and this Court to ignore those allegations for discovery purposes due to its waiver of actual damages based on its representation that it will not seek such damages.  While Google accepts Plaintiff's express waiver, the waiver does not excuse Plaintiff from its obligations.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 65**

1  know its exposure on each claim); *Fryer v. Brown,* No. C04-5481, 2005 WL

2  1677940, *6 (W.D. Wash. July 15, 2005) (in trademark and copyright infringement

3  dispute over domain name, finding that because "Plaintiff seeks monetary damages …

4  all information related to the financial and sales data of plaintiff's company is

5  relevant.").  Summary financial statements will not provide all of the requested

6  information.

7      Request Nos. 33 and 38 seek information regarding Perfect 10's advertising and

8  marketing expenditures and other revenue and expenses relating to its marks.  Google

9  will not be able to ascertain whether the summary financial statements provide the

10  information requested until it receives the information.

11      Furthermore, the information requested, including information regarding actual

12  damages, may be relevant to the determination of statutory damages sought by

13  Plaintiff. *Los Angeles News Service v. Reuters Television Int'l, Ltd.,* 942 F. Supp.

14  1275, 1282 (C.D. Cal. 1996) (quoting 3 Melville B. Nimmer & David Nimmer,

15  *Nimmer on Copyright* § 14.04[B][1][a] at 14-50 (1995) for the proposition that "the

16  determination of statutory damages within the applicable limits may turn upon such

17  factors as … the revenues lost by the plaintiffs as a result of the defendant's conduct"),

18  *rev'd in part on other grounds,* 149 F.3d 987 (9th Cir. 1998).  Accordingly, Google

19  requests that this Court order Plaintiff to fully respond to the requests, which narrowly

20  seek information regarding Plaintiff's claims of damages in this case and are vital to

21  Google's ability to defend the claims and assess its potential liability.  The requests

22  seek relevant information beyond what would be contained in summary financial

23  statements.

24      ### 3.    Plaintiff's Opposition

25      Perfect 10 initially stated that it was willing to waive its option of actual

26  damages in exchange for not having to produce financial document.  Given Google's

27  rejection of this offer, Perfect 10 withdraws its previous responses and will produce

28  financial documents responsive to these requests in its possession that it can locate

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

61

1  upon a reasonable search.  As a consequence of Google's rejection of Perfect 10's

2  offer, however, Perfect 10 revokes any purported waiver of its right to seek actual

3  damages and may in fact seek such damages at trial.  (In response to Document

4  Request No. 71, Perfect 10 will produce non-privileged and non-work product

5  documents.)

6       **4.**    **Google's Reply**

7       Plaintiff refers to what it describes as a previous "offer" to waive actual

8  damages subject to certain conditions.  The description is false.  Plaintiff has clearly

9  and unequivocally waived actual damages in its previous responses, without

10  conditions, in an effort to avoid discovery into its finances.  Given the relevance of

11  these documents, Google requests that the Court order Plaintiff to fully respond

12  without further delay.

13  **K.**    **ISSUES RELATING TO PLAINTIFF'S EFFORTS TO AVOID HARM**

14         **(INTERROGATORY NO. 4; DOCUMENT REQUEST NOS. 4, 8-9, 32, 39, 41, 70)**

15       **1.**    **Relevant Requests and Plaintiff's Responses**

16  • **INTERROGATORY NO 4**:

17      Identify all copyright infringements of your copyrights that you believe have been committed or caused in whole or part by persons or entities other than

18      Google, whether or not you claim Google is liable for them.

19  **RESPONSE TO INTERROGATORY NO. 4:**

20      Perfect 10 objects to this Interrogatory on the grounds that the. interrogatory is vague and ambiguous and extremely burdensome, and that it is irrelevant to the

21      damages which Perfect 10 has elected, which are either statutory damages or profits of the infringer. Perfect 10 identified the infringements that it holds

22      Google responsible for in its response to Interrogatory 3, and will produce those documents of which it is currently aware. Those are the only documents relevant to this lawsuit.

23

24  • **DOCUMENT REQUEST NO. 4**:

25      All documents concerning your efforts to halt or reduce infringements of your copyrights.

26  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

27      Perfect 10 objects to this request on the basis that it is vague, overbroad, and overwhelmingly burdensome, and seeks irrelevant information, particularly

28      since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Perfect 10 also objects to this request to the extent that it seeks documents
protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 8:**
  All documents concerning communications to persons or entities other than
  Google in which you have made allegations (against any person or entity) of
  copyright infringement, other than those documents sought in request number
  nine.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**
Perfect 10 objects to this request as being vague, overbroad, burdensome, and
because it seeks irrelevant information, since Perfect 10 is not seeking to
recover its actual damages, but will seek statutory damages or profits of the
infringer, and other available remedies:  Perfect 10 also objects to this request
to the extent that it seeks documents protected by the attorney-client privilege
or work product doctrine.

- **DOCUMENT REQUEST NO. 9:**
  All DMCA Notifications or claims of infringement that you have sent to
  persons or entities other than Google.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**
Perfect 10 objects to this request as being overly burdensome and irrelevant,
since Perfect 10 is not seeking to recover its actual damages, but will seek
statutory damages or profits of the infringer, and other available remedies.

- **DOCUMENT REQUEST NO. 32:**
  All documents concerning efforts by you to halt or reduce infringements of
  your trademarks.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Perfect 10 objects to this request because it is vague, overly broad, unduly
burdensome, and because it seeks irrelevant information.  Perfect 10 also
objects to this request to the extent that it seeks documents protected by the
attorney-client privilege or work product doctrine.  Subject to, and without
waving the foregoing objections and general objections, Perfect 10 will produce
copies of trademark notices to Google in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 39:**
  All documents concerning your efforts to protest or prevent use of the name or
  marks PERFECT 10 or PERFECT10.COM, or any name or mark which you
  contend to be confusingly similar, by any person or entity, including any
  response received.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Perfect 10 objects to this request on the basis that it is vague, overbroad, and
unduly burdensome, and because it seeks irrelevant information, since Perfect
10 is not seeking to recover its actual damages, but will seek statutory damages
or profits of the infringer, and other available remedies.  Perfect 10 also objects
to this request to the extent that it seeks documents protected by the attorney-
client privilege or work product doctrine.  Subject to, and without waving the
foregoing objections and general objections, Perfect 10 will produce via

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

electronic files and printouts trademark notices to Google in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 41:**
  All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of trademark infringement.

  **RESPONSE TO DOCUMENT REQUEST NO. 41:**

  Perfect 10 objects to this request on the basis that it is vague, overbroad, and unduly burdensome, and because it seeks irrelevant information, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 70:**
  All documents concerning your practices, policies, procedures, intentions, plans, or actions regarding investigation and identification of, or prosecution of, claims against Stolen Content Websites for infringement of your alleged intellectual property.

  **RESPONSE TO DOCUMENT REQUEST NO. 70:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges.

### 2.    Google's Argument In Support of Motion to Compel

Plaintiff has attempted to evade its obligation to provide documents concerning its efforts to prevent infringement of the alleged rights at issue in this action and avoid any resulting harm.  Plaintiff relies on its stock objections without explanation as to why the requests are overbroad, burdensome, or irrelevant.  Plaintiff also relies on its waiver of actual damages which, as explained above, does not bear on its obligation to produce responsive documents.

During the meet-and-confer process, for each of these requests Plaintiff sought from Google limitations regarding the time and types of documents Plaintiff would produce, stating that it would only produce documents located at Perfect 10 but not documents in the possession of its counsel.  Plaintiff ultimately refused to produce any documents at all when Google did not agree to the limitations.

64

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiff's attempts to avoid harm or failure to mitigate harm are directly relevant to both liability and damages. Google has asserted the affirmative defense that it is not liable due to Plaintiff's failure to mitigate damages. Answer and Counterclaim, p. 14. Plaintiff's attempts to avoid harm are directly relevant to this and other defenses.

Moreover, Plaintiff has alleged that "[m]uch of the adult content provided by Google comes from websites (the 'Stolen Content Websites') that infringe Perfect 10's copyrighted works, marks, and rights of publicity and that these Stolen Content Websites are "judgment proof." Amended Complaint, ¶¶ 21-24. Google's discovery requests for the identities of alleged underlying direct infringers, communications with them, and efforts to pursue them are reasonably calculated to lead to the discovery of admissible evidence regarding the alleged underlying infringements and Plaintiff's ability directly to pursue infringers as alleged in the amended complaint. Google is entitled to discovery on these issues because they are directly relevant to its defenses as well as the claims asserted by Plaintiff.

### 3.     Plaintiff's Opposition

Google is once again grossly misstating the results of the meet and confer so that it can claim that it "compelled" Perfect 10 to produce documents. Perfect 10 has agreed to provide all DMCA notices to all parties that it can locate upon a reasonable search,[8] as well as allow Google to review all printouts of infringements kept at Perfect 10's offices, with the understanding that if Google discovers attorney client or other sensitive irrelevant documents, they will be promptly returned to Perfect 10 and not further reviewed by Google. Perfect 10 has already provided to Google DMCA notices sent to Google and will supplement that production with additional DMCA

---

[8] Perfect 10 has objected to having to search for DMCA notices that have been sent to unrelated third parties, that are in Berman, Mausner & Resser's storage. First, it is unlikely that there would be many or even any such DMCA notices in the law firm's storage which are not also at Perfect 10, so this search would be unreasonably duplicative. The notices which are not at Perfect 10's offices, if they exist, are from years ago and buried among thousands of pages in storage.

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 70**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

notices that have recently been sent.  Perfect 10 has also provided to Google approximately 20 Gigabytes of infringements from websites that Google has copied infringing images from and links, and will provide Google with at least 60 Gigabytes of additional such infringements.  Perfect 10 has also agreed to provide Google with copies of complaints in other cases that it can locate upon a reasonable search, as well as Dr. Zada's deposition transcripts.

### 4.    Google's Reply

Google has already recognized that Plaintiff will produce complaints, transcripts, copies of infringements and make certain documents available in Plaintiff's offices in connection with Document Request Nos. 61 and 67 (as discussed in the next section).  At issue here, as discussed during the meet-and-confer session, is what Plaintiff is not producing.  Plaintiff acknowledges in its footnote that it has refused to produce documents other than at Plaintiff's offices even though it admits that Plaintiff's counsel possesses responsive documents.  Plaintiff also has refused to produce communications regarding its enforcement of rights other than the DMCA notices located only at Plaintiff's office.  None of the documents that Plaintiff states it will produce include documents regarding Plaintiff's internal e-mails, memoranda, policies or other documents concerning its enforcement of rights at issue here, which are relevant here.  Google asks that the Court order Plaintiff to produce all responsive documents, whether held by Plaintiff or its counsel.

### L.    INFORMATION REGARDING USE OF GOOGLE AND OTHER SEARCH ENGINES (DOCUMENT REQUEST NOS. 61-62, 67-69)

### 1.    Relevant Requests and Plaintiff's Responses

- **DOCUMENT REQUEST NO. 61:**
  All documents concerning your use of Google's search engines for any purpose.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.  Perfect 10 also objects to this request to the extent that it seeks documents protected by the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

66

attorney-client privilege or work product doctrine, and any other privileges.

- **DOCUMENT REQUEST NO. 62:**
  All documents concerning your use of search engines other than Google's search engines.

  **RESPONSE TO DOCUMENT REQUEST NO. 62:**

  Perfect 10 objects to this request as being overbroad and overwhelmingly burdensome, and because it seeks irrelevant information, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges.

- **DOCUMENT REQUEST NO. 67:**
  All documents concerning your use of the Google search engine, or any other Internet search engine, to search for, investigate, detect, assess, evaluate and/or monitor alleged infringements of intellectual property in which you claim rights, or violations of publicity rights that claim to own or exercise.

  **RESPONSE TO DOCUMENT REQUEST NO. 67:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.

- **DOCUMENT REQUEST NO. 68:**
  All documents concerning your efforts to increase the likelihood that your websites will appear in search results, or will appear more prominently in search results, on Google or any other Internet search engine.

  **RESPONSE TO DOCUMENT REQUEST NO. 68:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, particularly since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

- **DOCUMENT REQUEST NO. 69:**
  All documents referring to or discussing benefits to you of being listed in, or being prominently listed in, search results by Google or any other Internet search engine.

  **RESPONSE TO DOCUMENT REQUEST NO. 69:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

67

## 2.   Google's Argument In Support of Motion to Compel

Although Plaintiff has agreed to produce or make available documents in response to Document Request Nos. 61, 67 and 68 and supplement its response to Document Request No. 69, Google has not yet received the responses or documents to be able to determine whether they are sufficient.[9] With respect to Document Request No. 62, Plaintiff continues to refuse to produce documents concerning its use of other search engines.

Plaintiff seeks massive statutory damages and a crippling injunction against Google. Notwithstanding that effort, Perfect 10 has acknowledged making substantial uses of Google's search engine. Moreover, Perfect 10 appears to find Google an important vehicle for its own marketing. Plaintiff has objected to each of these requests, alleging they are irrelevant due to its waiver of actual damages. As explained above, information regarding actual damage is nevertheless relevant to statutory damages. In addition, Plaintiff's own uses of Google's search engine may illustrate Google's utility for a variety of purposes, which may be relevant to both liability issues and a potential assessment of statutory damages in this case. Furthermore, to the extent Plaintiff uses Google for improper means such as for infringing purposes, the information may be relevant to Google's defense of Plaintiff's unclean hands.

Moreover, these requests are relevant to other issues relating to liability asserted by Plaintiff in this case. Plaintiff has made many allegations involving Google's search results as compared with other search engines. For example, it has submitted a declaration from Dr. Zada stating that "the number of listings that Google returns for its AdSense affiliates are in many cases far greater than the number of listings returned by other search engines." Zada Dec. in Supp. of Mo. for Prelim. Inj. ¶ 70

---

[9] During the meet-and-confer process, Plaintiff stated that it has approximately 50 boxes of material responsive to Document Request No. 61 and 67 at its offices and that it would make those documents available for Google to inspect at Perfect 10's offices.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  The declaration further makes statements such as "Yahoo has removed *all* of the web

2  search links and image search links to a few of the websites identified in Perfect 10's

3  notices." *Id.* ¶ 141. Google is entitled to discovery relating to Plaintiff's use of search

4  engines to make such allegations as use of its engines are relevant to its reported

5  claims of infringement. The information sought is also relevant to Google's defenses

6  of consent, acquiescence, and fair use. Thus, Plaintiff's objections regarding actual

7  damages are irrelevant to its obligation to produce these documents which bear on a

8  variety of issues. Google asks the Court to order Plaintiff to produce all documents in

9  response to these requests.

### 3.    Plaintiff's Opposition

11      Google is once again misstating the results of the meet and confer, in which

12  Perfect 10 agreed to make available to Google all copies of infringements and search

13  results using various search engines that it can find in its offices upon a reasonable

14  search.   Producing documents beyond that is simply unreasonable and highly

15  burdensome. The unreasonable nature of Google's requests is perhaps best

16  exemplified by Request 68, which basically calls for everything that Perfect 10 has

17  done since inception, as everything that Perfect 10 has done has been to increase its

18  visibility and reputation, which in turn, should affect its placement in search results.

19  Request 61 (All documents concerning your use of Google's search engines for any

20  purpose) and Request 62 (All documents concerning your use of search engines other

21  than Google's search engines) are obvious attempts to bury Perfect 10 with busywork.

22      Perfect 10 does not make "substantial use of Google's search engine," other

23  than to find infringements that Google is itself committing, and those infringements

24  have been produced and will continue to be produced as new ones are found.

25      Perfect 10 does not use "Google for improper means such as for infringing

26  purposes," and Perfect 10 does not even know what Google is talking about.

### 4.    Google's Reply

28      Although Plaintiff is making available copies of infringements and search

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

69

results from other search engines, the parties have not made arrangements for this review for Google to be able to determine the sufficiency of the response. Document Request No. 62 also seeks all documents concerning use of other search engines, not just infringements and search results.

## M. DOCUMENT RETENTION AND MAINTENANCE (DOCUMENT REQUEST NOS. 72-73)

### 1. Relevant Requests and Plaintiff's Responses

- **DOCUMENT REQUEST NO. 72:**
  All documents concerning your policies regarding retention, storage, filing and destruction of documents and things.

  **RESPONSE TO DOCUMENT REQUEST NO. 72:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely' to yield evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies.

- **DOCUMENT REQUEST NO. 73:**
  All documents concerning indexes, lists or inventories of documents and things maintained by or for you.

  **RESPONSE TO DOCUMENT REQUEST NO. 73:**

  Perfect 10 objects to this request as being vague, overbroad, and unduly burdensome, and unlikely to yield evidence relevant to the case, since Perfect 10 is not seeking to recover its actual damages, but will seek statutory damages or profits of the infringer, and other available remedies. Perfect 10 also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine, and any other privileges.

### 2. Google's Argument In Support of Motion to Compel

Plaintiff has refused to produce information regarding its document retention policies and document indexes. Plaintiff objects that this information is irrelevant. Rule 26(b)(2), however, explicitly provides that "the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things" is relevant, discoverable information. Fed. R. Civ. P. 26(b)(2). Plaintiff has claimed that it does not possess many of the documents requested by Google in other requests or that the documents would be overly burdensome to collect. Google is entitled to

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

70

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   Plaintiff's document retention policy and indexes in order to assess these allegations.

2   The requests are tailored to discover the existence, condition, and location of

3   discoverable documents in Plaintiff's possession and are relevant.  Plaintiff's stock

4   objection that it is not seeking actual damages is unfounded as explained above and

5   inapposite to these requests.  Although during the meet-and-confer process Plaintiff

6   indicated that it did not have formal policies regarding document retention or indexes,

7   it has refused to produce other documents which may supply the information

8   regarding the requested information.  In addition, particularly since Plaintiff's counsel

9   has claimed that searching in its law firm files and storage files is burdensome,

10   counsel should be required to produce its document indexes and retention policies.

### 3.   Plaintiff's Opposition

11

12       This is another example of an issue that should not even be raised before the

13   Court since Perfect 10 has already stated to Google that it has no documents

14   responsive to Request No. 72.   As for Request No. 73, during the meet and confer,

15   Google's attorneys stated that they were not seeking documents regarding the law

16   firms' policies, which are not requested and would not be discoverable.  The only

17   document that could conceivably be responsive to this request are protected by the

18   work product doctrine.

19   **N.   PERFECT 10'S DOCUMENTS EVIDENCING CERTAIN ALLEGATIONS IT MADE AGAINST GOOGLE (DOCUMENT REQUEST NOS. 20-25, 27-31, 40, 47-49)**

20

21       **1.   Relevant Requests and Plaintiff's Responses**

22   • **DOCUMENT REQUEST NO. 20**:
     All documents that evidence facts alleged in paragraph 56 of your amended

23   complaint, that "Google has the right and ability to supervise and/or control the
     infringing conduct of the Stolen Content Websites."

24

25   **RESPONSE TO DOCUMENT REQUEST NO. 20**:
     Perfect 10 objects to this request as being overly broad and unduly

26   burdensome, and because it cannot fully respond until it receives discovery
     from Google.  Subject to, and without waving the foregoing objections and

27   general objections, Perfect 10 will produce via electronic files and printouts
     documents responsive to this request in Perfect 10's possession:

28

71

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

- **DOCUMENT REQUEST NO. 21**:
  All documents that evidence facts alleged in paragraph 56 of your amended complaint, that "Google has derived a financial benefit from fees charged to the Stolen Content Websites...."

  **RESPONSE TO REQUEST NO. 21**:
  Perfect 10 objects to this request because it is overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 22**:
  All documents that evidence facts alleged in paragraph 65 of your amended complaint, that Google has "knowingly" published perfect10.com passwords on Google.com.

  **RESPONSE TO DOCUMENT REQUEST NO. 22**:
  Perfect 10 objects to this request because it is overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 23**:
  All documents that evidence facts alleged in paragraph 72 of your amended complaint that "Perfect 10 is the owner of the Perfect 10 Marks, including the registered trademark/service marks PERFECT 10 and PERFECT 10.COM."

  **RESPONSE TO REQUEST NO. 23**:
  Perfect 10 will produce documents responsive to this request.

- **DOCUMENT REQUEST NO. 24**:
  All documents that evidence facts alleged in paragraph 73 of your amended complaint that the Perfect 10 Marks "are widely known throughout the United States."

  **RESPONSE TO DOCUMENT REQUEST NO. 24**:
  Perfect 10 objects to this request in that it is overly broad and unnecessarily burdensome by virtue of the use of the term "all." Subject to those objections, Perfect 10 will produce a sufficient number of documents to demonstrate that Perfect 10 a Marks are well known.

- **DOCUMENT REQUEST NO. 25**:
  All documents that evidence facts alleged in paragraph 82 of your amended complaint that "Google has knowingly and systematically induced the Stolen Content Websites to infringe the Perfect 10 Marks, and Google has continued to supply Google's services to Stolen Content Web sites with knowledge that the Stolen Content Websites are using Google's services to infringe the Perfect 10 Marks..."

72

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**RESPONSE TO DOCUMENT REQUEST NO. 25**:

Perfect 10 objects to this request because it is overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 27**:

  All Documents that evidence facts alleged in paragraph 92 of your amended complaint that "Google's actions as averred herein constitute a false designation of origin and are likely to cause confusion or mistake, or deceive as to affiliation, connection, or association of the Stolen Content Websites with Perfect 10, and as to origin, sponsorship, and/or approval of the Stolen Content Websites' services and products by Perfect 10."

**RESPONSE TO DOCUMENT REQUEST NO. 27**:

Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 28**:

  All documents that evidence facts alleged in paragraph 97 of your amended complaint that "[T]he Perfect 10 Marks have become and at all relevant at times have been 'famous' within meaning of 15 U.S.C § 1125(c)."

**RESPONSE TO DOCUMENT REQUEST NO. 28**:

Perfect 10 objects to this request in that it is overly broad and unnecessarily burdensome by virtue of the use of the term "all." Subject to those objections, Perfect 10 will produce a sufficient number of documents to demonstrate that Perfect 10 Marks are "famous."

- **DOCUMENT REQUEST NO. 29**:

  All Documents that evidence facts alleged in paragraph 98 of your amended complaint that "[t]he acts of Google averred herein have lessened the capacity of the Perfect 10 marks to identify and distinguish Perfect 10's services and products from those of the Stolen Content Websites…."

**RESPONSE TO DOCUMENT REQUEST NO. 29**:

Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 30**:

  All Documents that evidence facts alleged in paragraph 98 of your amended complaint that "[t]he acts of Google averred herein… have tarnished the valuable image and reputation associated with the Perfect 10 Marks, and have created an undesirable, unwholesome, or unsavory mental association with

73

Perfect 10 and the Perfect 10 Marks, damaging Perfect 10's goodwill and disparaging Perfect 10's rights in Perfect 10 Marks."

**RESPONSE TO DOCUMENT REQUEST NO. 30:**
Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect .10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect will produce via electronic files and printouts. documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 31:**
All Documents that evidence facts alleged in paragraph 99 of your amended complaint that "Google has willfully intended to trade on Perfect 10's reputation and/or to cause dilution of the Perfect 10 Marks."

**RESPONSE TO DOCUMENT REQUEST NO. 31:**
Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 40:**
All documents evidencing the diversion by Google of persons seeking your product or services to others who furnish competing products or services.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**
Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 47:**
All documents that evidence facts alleged in paragraph 110 of your amended complaint that "Google has infringed the Perfect 10 Rights of publicity by using the names [...] of Perfect 10 models in readily identifiable ways to advertise, promote, and attract attention to its website and to the Stolen Content Websites."

**RESPONSE TO DOCUMENT REQUEST NO. 47:**
Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce documents, and via electronic files and printouts documents responsive to this request in Perfect 10's possession.

- **DOCUMENT REQUEST NO. 48:**
All documents that evidence facts alleged in paragraph 110 of your amended complaint that "Google has infringed the Perfect 10 Rights of publicity by using the names [...] photographs of Perfect 10 models in readily identifiable ways to

74

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

advertise, promote, and attract attention to its website and to the Stolen Content Websites."

**RESPONSE TO DOCUMENT REQUEST NO. 48**:

Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce documents, and via electronic files and printouts documents responsive to this request in Perfect 10's possession.

• **DOCUMENT REQUEST NO. 49**:

All documents that evidence facts alleged in paragraph 111 of your amended complaint that "Google has aided and abetted the Stolen Content Websites in misappropriating the Perfect 10 Rights of Publicity. Google knowingly induced, caused and/or materially contributed to the unauthorized use of the Perfect 10. Rights of Publicity by the stolen content Websites and by Google' s consumers and advertisers."

**RESPONSE TO DOCUMENT REQUEST NO. 49**:

Perfect 10 objects to this request because it is vague, overly broad and unduly burdensome, and because Perfect 10 cannot fully respond until it receives discovery from Google. Subject to, and without waving the foregoing objections and general objections, Perfect 10 will produce documents, and via electronic files and printouts documents responsive to this request in Perfect 10's possession.

### 2.    Google's Argument In Support of Motion to Compel

Google has requested documents that evidence facts regarding specific allegations made by Plaintiff in the amended complaint. For example, the requests seek Plaintiff's evidence supporting its allegation that Google has the right and ability to control infringing conduct of Stolen Content Websites, that Google knowingly published perfect10.com passwords, and that the Perfect 10 Marks are widely known throughout the United States. In response to each of these requests, Perfect 10 responded that it would produce documents. It is impossible to tell from Perfect 10's production, however, which documents Perfect 10 believes responds to each of the requests regarding its specific allegations. Nor did Perfect 10 provide any indication of the nature or location of the documents produced in response to the requests. During the meet-and-confer process, Perfect 10 refused to identify which documents support each of these allegations. Google has a right to discover the evidence supporting each of the numerous allegations Perfect 10 has made against it in this

75

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    action.  Google requests that the court order Perfect 10 to identify which documents

2    respond to each of these requests in accordance with federal rules.

### 3.    Plaintiff's Opposition

4        First of all, most of these documents have already been produced or are in the

5    process of being produced.  The responses say that Perfect 10 will produce the

6    documents.  As to the issue of identifying which documents are responsive to which

7    requests, Google never requested in the discovery at issue in this motion that Perfect

8    10 identify which documents respond to each of its requests.  Even if Google had

9    requested this identification, it would be enormously burdensome, and completely

10    unnecessary, as the documents largely speak for themselves.  That notwithstanding,

11    Perfect 10's production was produced in folders which label what is in that folder.

12    This form of organization will also extend to Perfect 10's upcoming production.  For

13    example, there will be folders labeled "cached Google by model" (which contains

14    infringements from Google's cache link organized by model), "cached Google by

15    site" (which contains infringements from Google's cache link organized by website),

16    "complaints from models" (which contains complaints from models and some

17    examples of Google searches on Perfect 10 model names which associate those

18    models with hardcore sex sites), "dmca Google" (which contains DMCA notices to

19    Google and related documents), "passwords Google" (which contains examples of

20    Google's display of Perfect10.com passwords and related documents), "image

21    Google" (which contains examples of Perfect 10 copyrighted images displayed by

22    Google Image Search), "about Google II" (which contains printouts from Google's

23    website, newspaper articles about Google, and other related documents), "disclaimers

24    new" (which contains additional disclaimers on websites to which Google links and

25    from which Google copies images), "dmca aol" (which contains DMCA notices to

26    AOL and related documents), "dmca Comcast," "dmca lycos," "dmca yahoo," etc.

27    The documents are organized as best as Perfect 10 can do given the massive number

28    of infringements and massive number of documents being produced.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

76

### 4. Google's Reply

These document requests concern Plaintiff's specific contentions where the documents do not "speak for themselves," even if organized. Even with the folder labels that Plaintiff states it will use in the future production, Google would not be able to determine which documents are responsive.

## IV. CONCLUSION

### A. GOOGLE'S CONCLUSION

While making numerous and complex claims against Google and seeking millions of dollars of damages and a burdensome injunction based upon "millions of infringements," Plaintiff has refused to provide key information that directly relates to its claims and has even demanded that Google pay for Plaintiff to search for documents within its possession, custody, and control if it wants Plaintiff to fully comply with its discovery obligations. Plaintiff has produced only a fraction of the requested documents amidst a blizzard of irrelevant documents and demanded that Google figure out which of the documents it has produced may be relevant. Plaintiff's refusals to provide information and documents in response to Google's reasonable and narrowly tailored discovery requests violate Plaintiff's discovery obligations. Google asks that the Court grant its motion to compel in its entirety.

### B. PLAINTIFF'S CONCLUSION

Based on Google's statements in this motion, it is highly unlikely that the attorneys representing Google have gone through what Perfect 10 has produced. For example, at one point in the meet and confer, one of Google's attorneys stated that Perfect 10 had not produced "who is" information. However, Perfect 10 had produced "who is" information. Perfect 10 understands that it has a burden to identify copyright infringements and trademark infringements for which it holds Google liable and has done so and will continue to do so. Examples of the types of spreadsheets that Perfect 10 is working on in response to Google's interrogatories are attached. However, given the amount of work involved in preparing these spreadsheets, and given that it is

77

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   impossible for Perfect 10 to complete them until Google provides the information

2   Perfect 10 has requested, Perfect 10 should only be required to produce one version of

3   such spreadsheets, at a point in time after Google's production is complete.

4         Finally, because of the tens if not hundreds of thousands of infringements

5   involved in this case, it is simply not possible for Perfect 10 to give all of the detail

6   that Google has requested via its interrogatories.  Perfect 10 will, however, provide

7   enough detail via both interrogatory answers, detailed spreadsheets,  hundreds of

8   thousands of pages of infringements, model releases, photographer assignments,

9   copyright and trademark registrations, copyright deposit material, and other relevant

10  documents, so as to clearly identify what infringements Perfect 10 is claiming Google

11  is liable for.

12  **C.   GOOGLE'S REPLY**

13        Given the flurry of documents Plaintiff has produced, thousands of pages of

14  which bear no relevance to this case, and the manner of that production, it is

15  impossible for Google to determine which documents may in fact be relevant.

16  Plaintiff has also offered information for the first time in this joint stipulation and has

17  pointed to other information, such as an earlier exhibit to its own discovery request, as

18  responsive to Google's discovery.  Plaintiff should be required to produce responsive

19  documents and supplement its written responses to Google's requests so that Google

20  has a record upon which it can rely to defend the claims and narrow the issues

21  between the parties.

22
23  Dated: February 13, 2006                Respectfully submitted,

24                                          WINSTON & STRAWN LLP

25                         By:   _Andrew P. Bridges_____

26                               Andrew P. Bridges
                                 Jennifer Golinveaux
27                               Attorneys for Defendant and
                                 Counterclaimant Google Inc.
28

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**Exhibit 1, Page 83**

Dated: February _12_, 2006

Respectfully submitted,

BERMAN, MAUSNER & RESSER
A Law Corporation

By: _Jeffrey N. Mausner_
Jeffrey N. Mausner
Attorneys for Plaintiff and
Counter-defendant Perfect 10,
Inc.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

79

JOINT STIPULATION RE: GOOGLE'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 1, Page 84**

# EXHIBIT 2

# ORIGINAL

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
Jennifer A. Golinveaux (SBN: 203056)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
E-mail: abridges@winston.com,
        jgolinveaux@winston.com

Attorneys For Defendant and Counterclaimant
GOOGLE INC.

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

SCANNED

LODGED
CLERK U S DISTRICT COURT
MAY 1 6 2006
mm 1:07
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
MAY 19 2006
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, | Case No. CV 04-9484 AHM (SHx) |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES** |
| GOOGLE INC., a corporation; and DOES 1 through 100, inclusive, | |
| Defendant. | |
| AND COUNTERCLAIM | |
| PERFECT 10, INC., a California corporation, | |
| Plaintiff, | |
| vs. | |
| AMAZON.COM, INC., a corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

DOCKETED ON CM
MAY 22 2006
BY 046

164

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

# INTRODUCTORY STATEMENT

Google Inc. and Perfect 10, Inc. submit this proposed order regarding Google Inc.'s Motion to Compel Production of Documents and Responses to Interrogatories. Although the parties have attempted to agree on all provisions of this order, they have been unable to agree as to what the Court ordered with respect to four requests: Interrogatories Nos. 3 and 5 and Document Request Nos. 42 and 44. Accordingly, for these four requests, the parties have set forth below their respective understanding of what the Court ordered and respectfully request that the Court clarify its ruling as to these requests.

# PROPOSED ORDER

Having considered the parties' Joint Stipulation regarding Google Inc.'s Motion to Compel Production of Documents and Responses to Interrogatories ("Joint Stipulation") and argument of counsel on February 22, 2006, IT IS HEREBY ORDERED AS FOLLOWS:

## I. MANNER OF PRODUCTION

The Court orders the parties to continue meeting and conferring so that production of documents can be in the most useful and accessible manner. The Court otherwise defers ruling on Google's motion to compel Plaintiff to indicate which documents respond to each request at this time.

## II. SPECIFIC DOCUMENT REQUESTS AND INTERROGATORIES IN DISPUTE

### A. Information Regarding Alleged Copyrights and Trademarks (Interrogatory No. 2; Document Request Nos. 2, 34-35, 37)

Interrogatory No. 2: In addition to its current response to this interrogatory, Plaintiff shall produce a complete electronic version of its Web site on disk and a copy of all volumes of its magazines such that it has provided Google all images in which it

2

claims to own copyrights. These documents shall be produced by April 15, 2006. Plaintiff shall also assist Google in identifying which images in the magazines do not appear on the Web site. The Court otherwise defers ruling on the remainder of the request at this time.

Document Request No. 2: Google is to determine what documents are publicly available. The Court otherwise defers ruling on the request at this time.

Document Request No. 34: The motion to compel is granted. The Court orders Plaintiff to produce the following: All non-privileged and non-work product documents concerning trademark research, investigations, and searches relating to the marks PERFECT 10 and PERFECT 10.COM. Plaintiff's production shall include all responsive documents from the time of the formation of Perfect 10. These documents shall be produced by April 15, 2006.

Document Request No. 35: The motion to compel is granted. The Court orders Plaintiff to produce the following: All documents concerning Plaintiff's applications to register the marks PERFECT 10 and PERFECT10.COM with any government agency; any certificates of registration issued as a result thereof; and any efforts to secure registration without time limitation. Plaintiff's production shall include all non-privileged and non-work product responsive documents, including communications concerning applications. These documents shall be produced by April 15, 2006.

Document Request No. 37: The motion to compel is granted and Plaintiff's objections are overruled. The Court orders Plaintiff to produce the following: All surveys, studies, or other documents relating to market (or prospective market) reaction to or attitude towards the marks PERFECT 10 and PERFECT10.COM, including without limitation, any customer identification with, or reference to Plaintiff or Plaintiff's services. These documents shall be produced by April 15, 2006.

3

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**B.** **Information Regarding Alleged Copyright and Trademark Infringements by Google in this Action (Interrogatory Nos. 3, 5; Document Request Nos. 10-19, 26, 55-56)**

Having been unable to agree as to precisely what the Court ordered regarding Interrogatory Nos. 3 and 5, the parties set forth below their respective interpretations of the Court's order. These interrogatories request that Perfect 10 identify all copyright and trademark infringements for which it claims Google is liable. For the Court's convenience, the full transcript of the February 21-22 discovery hearings is attached hereto as Exhibit A.

<u>Google's Proposed Order re Interrogatory No. 3</u>: Plaintiff shall continue producing completed versions of the five spreadsheets attached as Exhibits 1 through 5 of the Joint Stipulation regarding Google's Motion to Compel Production of Documents and Responses to Interrogatories and Web page printouts associated with the spreadsheets. The presumptive deadline for these documents is April 15, 2006. The Court otherwise defers ruling on Google's motion concerning the interrogatory at this time.

<u>Google's Proposed Order re Interrogatory No. 5</u>: Plaintiff shall continue producing completed versions of the five spreadsheets attached as Exhibits 1 through 5 of the Joint Stipulation regarding Google's Motion to Compel Production of Documents and Responses to Interrogatories and Web page printouts associated with the spreadsheets. The presumptive deadline for these documents is April 15, 2006. The Court otherwise defers ruling on Google's motion concerning this interrogatory at this time.

<u>**Google's Explanation of its Version**</u>: Although the Court deferred ruling regarding these requests to identify infringements, the Court specifically ordered Perfect 10 to continue producing spreadsheets and associated Web printouts that it had *already agreed to produce*. Google's proposed language regarding

4

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1  Interrogatory Nos. 3 and 5 set forth above is based on its understanding that the

2  Court ordered Plaintiff to proceed with producing both the spreadsheets and

3  Web page printouts associated with the spreadsheets as Perfect 10 described in

4  its portion of the Joint Stipulation.  Perfect 10 stated, for example, that "a

5  reasonable approach is to provide finished versions of spreadsheets illustrated by

6  Exhibits 2, 4, and 5. . . . Along with each Exhibit will be the infringements

7  detailed in each spreadsheet, organized by model or by infringing website.

8  Trademark infringements will be listed to the fullest extent possible. . . . "  Joint

9  Stipulation re: Google's Motion to Compel, p. 36-37.  Google understands that

10  the Court ordered Perfect 10 to continue producing the spreadsheets/charts as

11  described in the Joint Stipulation.  *See* 2/22/06 Hearing Transcript, pp. 62-63

12  (MS. LEE:  They have started these charts, charts 1 through 5, and they have

13  already agreed to produce printouts associated with those charts.  THE COURT:

14  *Yes, they should proceed with that. . . . Continue producing the logs that are being*

15  *produced.*)  Perfect 10 now asserts, however that the Court only meant to order it

16  to produce printouts associated with the charts/spreadsheets and not the

17  spreadsheets.  This interpretation, however, is belied by Perfect 10's counsel's

18  own statements at the hearing. *Id.* at p. 63 (MR. MAUSNER:  And as far as the

19  logs, I don't think we can have an April 15 cutoff date on the logs.  I mean, we

20  have produced some, and we'll continue to produce it, but that's going to be an

21  ongoing process that's going to last for a while.  THE COURT:  Well, we'll set an

22  artificial deadline of April 15th and see where we are then.)

23

24      Plaintiff's Proposed Order regarding Interrogatories Nos. 3 and 5:  Plaintiff shall

25  continue producing printouts of infringements by Google of which it becomes aware

26  in the future.  The Court otherwise defers ruling on Google's motion concerning the

27                                              5

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
      OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1  interrogatories at this time.

SCANNED

3  **Perfect 10's Explanation of its Version:**

4  Perfect 10 did voluntarily create and produce charts (aka logs/aka

5  spreadsheets, hereafter referred to as "Charts") of infringements by Google,

6  which Perfect 10 attached as exhibits to the parties' Joint Stipulation re Motion

7  to Compel. Perfect 10 also produced printouts of the actual infringements it had

8  earlier located associated with these Charts. However, the way Google's

9  proposed order on interrogatories 3 and 5 reads, Perfect 10 would be under an

10  order compelling it to continue creating and completing such Charts. It is not

11  believed the Court would order a party to perform work for the opposing side,

12  especially of this magnitude. To the extent that Perfect 10 does voluntarily

13  continue to create and complete similar Charts, it will voluntarily produce the

14  same to Google, but Perfect 10 should not be under an order to do so. This is

15  clearly a mega mega undertaking, and Perfect 10 should not be required to

16  perform this work, which Google can do as easily as Perfect 10. Perfect 10

17  continues to provide Google with print-outs of the infringements, from which

18  Google can construct exactly the same charts that it wants the Court to order

19  Perfect 10 to do. The order should simply be to continue to produce infringing

20  print-outs which Perfect 10 discovers, and if Perfect 10 voluntarily decides to

21  continue to make the Charts, it will also voluntarily provide copies to Google.

22  Google's proposed order is simply an attempt to overburden Perfect 10 with this

23  work, while Perfect 10 is involved in the appeal of the preliminary injunction

24  order and other matters. Furthermore, the presumptive deadline of April 15

25  that Google wants is totally unrealistic.

6

**Document Request No. 10**: The motion to compel is granted. The Court orders Plaintiff to produce the following: All non-privileged and non-work product documents concerning violations of 17 U.S.C. § 106(1) that Plaintiff claims or believes Google has committed directly. These documents shall be produced by April 15, 2006. Documents that Perfect 10 becomes aware of in the future shall be produced when Perfect 10 becomes aware of them.

**Document Request No. 11**: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents concerning violations of 17 U.S.C. § 106(2) that Plaintiff claims or believes Google has committed directly, which Perfect 10 currently is aware of. These documents shall be produced by April 15, 2006. Documents that Perfect 10 becomes aware of in the future shall be produced when Perfect 10 becomes aware of them.

**Document Request No. 12**: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents concerning violations of 17 U.S.C. § 106(3) that Plaintiff claims or believes Google has committed directly, which Perfect 10 currently is aware of. These documents shall be produced by April 15, 2006. Documents that Perfect 10 becomes aware of in the future shall be produced when Perfect 10 becomes aware of them.

**Document Request No. 13**: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents concerning violations of 17 U.S.C. § 106(4) that Plaintiff claims or believes Google has committed directly, which Perfect 10 currently is aware of. These documents shall be produced by April 15, 2006. Documents that Perfect 10 becomes aware of in the future shall be produced when Perfect 10 becomes aware of them.

**Document Request No. 14**: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents

7

**Exhibit 2, Page 91**

1    concerning violations of 17 U.S.C. § 106(5) that Plaintiff claims or believes Google

2    has committed directly, which Perfect 10 currently is aware of. These documents

3    shall be produced by April 15, 2006. Documents that Perfect 10 becomes aware of in

4    the future shall be produced when Perfect 10 becomes aware of them.

5         <u>Document Request No. 15</u>: The motion to compel is granted. Plaintiff shall

6    produce the following: All non-privileged and non-work product documents

7    concerning violations of 17 U.S.C. § 106(1) that Plaintiff claims or believes Google is

8    vicariously liable for or constitute contributory infringement by Google, which Perfect

9    10 currently is aware of. These documents shall be produced by April 15, 2006.

10    Documents that Perfect 10 becomes aware of in the future shall be produced when

11    Perfect 10 becomes aware of them.

12         <u>Document Request No. 16</u>: The motion to compel is granted. Plaintiff shall

13    produce the following: All non-privileged and non-work product documents

14    concerning violations of 17 U.S.C. § 106(2) that Plaintiff claims or believes Google is

15    vicariously liable for or constitute contributory infringement by Google, which Perfect

16    10 currently is aware of. These documents shall be produced by April 15, 2006.

17    Documents that Perfect 10 becomes aware of in the future shall be produced when

18    Perfect 10 becomes aware of them.

19         <u>Document Request No. 17</u>: The motion to compel is granted. Plaintiff shall

20    produce the following: All non-privileged and non-work product documents

21    concerning violations of 17 U.S.C. § 106(3) that Plaintiff claims or believes Google is

22    vicariously liable for or constitute contributory infringement by Google, which Perfect

23    10 currently is aware of. These documents shall be produced by April 15, 2006.

24    Documents that Perfect 10 becomes aware of in the future shall be produced when

25    Perfect 10 becomes aware of them.

26         <u>Document Request No. 18</u>: The motion to compel is granted. Plaintiff shall

27         8

28    [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   produce the following: All non-privileged and non-work product documents

2   concerning violations of 17 U.S.C. § 106(4) that Plaintiff claims or believes Google is

3   vicariously liable for or constitute contributory infringement by Google, which Perfect

4   10 currently is aware of. These documents shall be produced by April 15, 2006.

5   Documents that Perfect 10 becomes aware of in the future shall be produced when

6   Perfect 10 becomes aware of them.

7       Document Request No. 19:   The motion to compel is granted. Plaintiff shall

8   produce the following: All non-privileged and non-work product documents

9   concerning violations of 17 U.S.C. § 106(5) that Plaintiff claims or believes Google is

10   vicariously liable for or constitute contributory infringement by Google, which Perfect

11   10 currently is aware of. These documents shall be produced by April 15, 2006.

12   Documents that Perfect 10 becomes aware of in the future shall be produced when

13   Perfect 10 becomes aware of them.

14       Document Request No. 26: The motion to compel is granted.   Plaintiff shall

15   produce the following: All non-privileged and non-work product documents

16   concerning each of the underlying trademark infringements that Plaintiff claims or

17   believes Google is vicariously liable for or constitute contributory infringement by

18   Google, which Perfect 10 currently is aware of. These documents shall be produced

19   by April 15, 2006. Documents that Perfect 10 becomes aware of in the future shall be

20   produced when Perfect 10 becomes aware of them.

21       Document Request No. 55: The motion to compel is granted. Plaintiff shall

22   produce the following: Documents sufficient to identify each person or entity Plaintiff

23   claims or believes to infringe its copyrights claimed in this action, which Perfect 10

24   currently is aware of. These documents shall be produced by April 15, 2006.

25   Documents that Perfect 10 becomes aware of in the future shall be produced when

26   Perfect 10 becomes aware of them.

27                         9

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
      OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1      <u>Document Request No. 56</u>: The motion to compel is granted. Plaintiff shall

2  produce the following: Documents sufficient to identify each person or entity Plaintiff

3  claims or believes to infringe its trademarks claimed in this action, which Perfect 10

4  currently is aware of. These documents shall be produced by April 15, 2006.

5  Documents that Perfect 10 becomes aware of in the future shall be produced when

6  Perfect 10 becomes aware of them.

7      **C. Plaintiff's Alleged Publicity Rights (Document Request Nos. 42-46, 50-**

8         **53, 57)**

9      **The parties have set forth their respective understandings of the Court's**

10  **rulings on Document Request No. 42 below. Document Request No. 42 seeks "all**

11  **documents concerning the publicity rights claimed by [Perfect 10] in this action,**

12  **including, but not limited to, all licenses, releases, or assignments and all**

13  **communications relating to such licenses, releases, or assignments."**

14

15      <u>Google's Proposed Order re Document Request No. 42</u>: Plaintiff shall provide

16  contact information for fifteen persons of Google's choice whose publicity rights

17  Plaintiff asserts in this action as of March 15, 2006. Any personal information of

18  models is subject to a highly confidential designation. The motion to compel on the

19  remainder of the request is granted with respect to these persons as follows: All non-

20  privileged and non-work product documents concerning the publicity rights claimed

21  by Plaintiff in this action, including, but not limited to, all licenses, releases, or

22  assignments and all communications relating to such licenses, releases or assignments.

23  These documents shall be produced by April 15, 2006.

24      **Google's Explanation of its Version:  At the motion to compel hearing,**

25  **Perfect 10 proposed cutting down the number of models for which it is asserting**

26  **rights of publicity in this case in order to limit discovery.  Google's proposed**

27                         10

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
        OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1  language simply states the Court's order that Perfect 10 provide information

2  regarding fifteen persons of Google's choice whose publicity rights Perfect 10

3  continues to assert in this action as of March 15, 2006. *See* 2/22/06 Hearing

4  Transcript, pp. 86-87 (MR. BRIDGES: And, Your Honor, could Perfect 10 have

5  a deadline for expressly dropping the claims of, let's say, March 15th that they

6  will expressly drop whatever claims of models and that any other models that are

7  in, we get to pick 15? THE COURT: I don't know if I have the authority to

8  make that order. What I can order is that if they have not dropped certain

9  models by March 15th, that Google can come back and press for the remaining

10 contact information. MR. BRIDGES: If we could put it on this basis, I'd

11 appreciate it, that whatever models remain in the case by March 15th, we will

12 identify 15 that are still in the case, and those 15 we will go with… THE

13 COURT: That's fair enough. That's fair enough.)

14      To date, Perfect 10 has refused to formally dismiss any claims regarding

15 rights of publicity in this case. Perfect 10's counsel merely sent a letter to

16 Google's counsel identifying nine persons for which it would continue to assert

17 rights of publicity (*see* 3/15/06 letter attached hereto as Exhibit B), but has

18 refused to sign a stipulation of dismissal. Perfect 10 believes the Court's order

19 should now be modified to provide that Perfect 10 should only be required to

20 provide information on the nine specified persons identified in this letter. Google

21 believes the order should simply reflect the Court's ruling at the hearing,

22 especially in light of Plaintiff's attempt to improperly limit discovery regarding

23 rights of publicity without dismissing any right of publicity claims.

24

25      ~~Plaintiff's Proposed~~ Order re Document Request No. 42: Perfect 10 shall

26

27      11

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

**Exhibit 2, Page 95**

1  produce all non-privileged and non-work product documents concerning the publicity

2  rights claimed by Plaintiff in this action as of ~~March 15~~, *June 8,* 2006, including, but not

3  limited to, all licenses, releases, or assignments and all communications relating to

4  such licenses, releases or assignments.  Any personal information of models in those

5  documents is subject to a highly confidential designation. These documents shall be

6  produced by ~~April 15~~, *June 12* 2006. *to consider whether it will dismiss certain* *This will afford Plaintiff an additional opportunity*

7  *model's publicity rights with or without prejudice.*

   **Plaintiff's Explanation of its Version:**

8       At the hearing on February 22, 2006, the parties and the Court

9  contemplated cutting down and limiting Perfect 10's claims for right of publicity

10  violations to far fewer models than originally claimed, in order to decrease and

11  streamline discovery.  See pages 86-87, February 22, 2006 Transcript where it

12  was contemplated that Perfect 10 would cut the number of models down by

13  March 15, 2006 to an unnamed number slightly in excess of 15, and that Google

14  would pick 15 it would like to take discovery on.  However, on March 15, 2006,

15  Perfect 10 wrote to Google voluntarily cutting down the number of models whose

16  rights of publicity Perfect 10 was asserting in this case to 9.  (See letter of March

17  15, 2006 attached hereto)  Therefore, it simply doesn't make sense for the

18  number of 15 models to appear in the ultimate order. Perfect 10's language

19  regarding an order that Perfect 10 produce documents for the models actually

20  remaining in the case (who's number happens to be nine) makes sense.

21       The letter that Perfect 10's attorney wrote to Google is completely clear

22  that Perfect 10 will not assert rights of publicity in this lawsuit for any models

23  other than the nine named models.  The letter states:  "In order to reduce the

24  amount of discovery in this case, Perfect 10 will not assert publicity rights for any

25  other models in this lawsuit."  Google disingenuously asked Perfect 10 to sign a

26  stipulation and order dismissing rights of publicity claims regarding the other

27                                          12

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
   OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1  models with prejudice.  Perfect 10 would, of course, not do so.  The purpose of

2  cutting the number of models down to nine is to allow this case to be litigated

3  with a minimum of discovery, and allow the issues regarding Google's liability

4  for misappropriation of rights of publicity to be decided by the District Court

5  and the Ninth Circuit.  Those issues can easily be litigated and determined

6  regarding the nine models who remain in the case.  If it is determined that

7  Google is liable for misappropriation of rights of publicity, then another lawsuit

8  may be brought (possibly in state court) for the other models.  That is the main

9  reason why Perfect 10 will not enter into a stipulation dismissing those claims

10  with prejudice.  But there is no reason for Google to take discovery on the other

11  models at this time.  Discovery should be limited to the nine models who remain

12  in the case at this time.  If Perfect 10 prevails on its right of publicity claims and

13  then decides to bring a later lawsuit regarding the other models, Google can take

14  discovery regarding the other models at that time.

15       The first part of Google's proposed order, where it states "Plaintiff shall

16  provide contact information for fifteen persons of Google's choice whose

17  publicity rights Plaintiff asserts in this action as of March 15, 2006," is

18  completely incorrect.  The Court did not make such an order at the hearing, and

19  this isn't even a part of Google's Document Request No. 42, which reads:  "All

20  documents concerning the publicity rights claimed by you in this action,

21  including, but not limited to, all licenses, releases, or assignments and all

22  communications relating to such licenses, releases or assignments."  In fact, at

23  the hearing, the Court specifically ordered that "I'm going to require that you

24  contact them through Mr. Mausner's office."  (February 22, 2006 transcript,

25  page 70 lines 18-21.)

26

27                                    13

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 2, Page 97

<u>Document Request No. 43</u>: Plaintiff shall identify all lawsuits involving rights of publicity in which it has been a plaintiff or defendant. Plaintiff shall comply with this order by April 15, 2006. The Court otherwise defers ruling on Google's motion concerning this request at this time.

**The parties have set forth their respective understandings of the Court's rulings on Document Request No. 44 below. Document Request No. 44 seeks "all documents concerning the fame or market awareness of each model name or likeness in which [Plaintiff] claim[s] rights."**

<u>Google's Proposed Order re Document Request No. 44</u>: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents concerning the fame or market awareness of each model name or likeness in which Plaintiff claims rights. These documents shall be produced by April 15, 2006.

**<u>Google's Explanation of its Version</u>:  Google's proposed language is based on its understanding that the Court granted Document Request No. 44 without limitation.  *See* 2/22/06 Hearing Transcript, p. 78 ("The Court:  All right.  I'll grant 44.")  Plaintiff, however, claims that the Court implied a limitation on the documents Plaintiff is required to produce to those relating to models remaining in the case as of March 15, 2006, even though no such limitation was made. Google believes the order should reflect the Court's ruling granting the motion to compel on the request without limitation, particularly since the documents sought are relevant to issues other than rights of publicity, such as Perfect 10's claims that the fame of its models drives users to search on model names in pursuit of images that infringe its copyrights.**

<u>Plaintiff's Proposed Order re Document Request No. 44</u>: The motion to compel

14

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 2, Page 98

1   is granted, as follows:  Plaintiff shall produce all non-privileged and non-work product

2   documents concerning the fame or market awareness of each model name or likeness

3   in which Plaintiff claims rights of publicity in this lawsuit as of ~~March 15, 2006~~. *June 8, 2006:*

4   These documents shall be produced by ~~April 15,~~ 2006. *June 12*

5   **Plaintiff's Explanation of its Version:**

6         **The Court's order should make sense in light of the issues remaining in the**

7   **case. It is understood that Perfect 10 is now (as of March 15, 2006) only asserting**

8   **violation of publicity rights in connection with 9 models. During the discussion at**

9   **the hearing, it was apparent that it is the publicity rights that these remaining**

10  **models assigned to Perfect 10 which are relevant to Document Request No. 44.**

11  **"Ms. Lee: [Google's attorney]:  Your Honor, they have alleged that these models**

12  **have widespread recognition and that Google has willfully violated the rights of**

13  **these models."  February 22, 2006 Transcript, page 77, lns. 3-7.  Therefore, it**

14  **makes logical sense to have this order limited to the models remaining in the**

15  **lawsuit for whom Perfect 10 is pursing right of publicity violations.  That is the**

16  **entire reason that Perfect 10 agreed to cut down the scope of this case to publicity**

17  **rights of just these nine models.  If Google is allowed to take discovery regarding**

18  **other models, there is no reason to do so.  The Court regularly limited its orders**

19  **regarding right of publicity claims to only models who remained in the case after**

20  **March 15, 2006.**

21

22

23  Document Request No. 45: Plaintiff shall make available all photographs in its

24  custody or control of models that have appeared in Perfect 10 that also appear in other

25  publications.  Plaintiff shall produce documents sufficient to make clear the context in

26  which the photographs were published.  These documents shall be produced by April

27  15

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

15, 2006. The Court defers ruling on the remainder of Google's motion concerning this request at this time.

Document Request No. 46: The motion to compel is granted. Plaintiff shall produce the following: All non-privileged and non-work product documents concerning authorization or permission by Plaintiff for other publications or media, not owned or controlled by Plaintiff, to display names or photographs of persons whose names or photographs have appeared in Plaintiff's magazine or Web sites. These documents shall be produced by April 15, 2006.

Document Request No. 50: Plaintiff shall produce all communications with persons whose publicity rights Plaintiff is asserting in this lawsuit as of March 15, 2006 that concern or reflect publicity rights. These documents shall be produced by April 15, 2006. The Court defers ruling on the remainder of Google's motion concerning this request at this time.

Document Request No. 51: By April 15, 2006, Plaintiff shall identify all lawsuits involving claims of misappropriation of rights of publicity in which it has been a plaintiff or defendant. The Court defers ruling on the remainder of the request at this time.

Document Request No. 52: By April 15, 2006, Plaintiff shall identify all lawsuits involving claims of misappropriation of rights of publicity in which it has been a plaintiff or defendant without prejudice to Google's right to return to Court concerning this request. The Court defers ruling on the remainder of the request at this time.

Document Request No. 53: Plaintiff shall produce all correspondence with persons or entities claiming ownership of publicity rights of persons whose publicity rights Plaintiff asserts in this lawsuit as of March 15, 2006. These documents shall be produced by April 15, 2006. The Court defers ruling on the remainder of Google's

16

[PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Exhibit 2, Page 100

1  motion concerning this request at this time.

2      Document Request No. 57: The motion to compel is granted. Plaintiff shall

3  produce the following: Documents sufficient to identify each person or entity Plaintiff

4  claims or believes to violate publicity rights claimed by Plaintiff in this action.

5  Documents which Perfect 10 currently has in its possession shall be produced by April

6  15, 2006. As Perfect 10 obtains additional documents (including based upon

7  Google's production of documents and the discovery of additional violations), those

8  documents shall be produced .

9      **D.**    **Information Regarding Persons Whose Publicity Rights Plaintiff Claims (Interrogatory No. 1; Document Request No. 54)**

10

11      Interrogatory No. 1: The motion to compel is granted with respect to all

12  persons whose publicity rights Plaintiff asserts in this lawsuit as of March 15, 2006.

13  This information shall be provided by April 15, 2006. The Court defers ruling on the

14  remainder of Google's motion concerning this request at this time.

15      Document Request No. 54: Plaintiff shall produce all non-privileged and non-

16  work product documents concerning its compliance with 18 U.S.C. § 2257 with

17  respect to all persons whose publicity rights Plaintiff asserts in this lawsuit as of

18  March 15, 2006. These documents shall be designated highly confidential. These

19  documents shall be produced by April 15, 2006. The Court defers ruling on the

20  remainder of Google's motion concerning this request at this time.

21      **E.**    **Information Regarding Persons Who May Have Knowledge Regarding the Alleged Facts (Interrogatory Nos. 6-7; Document Request No. 63)**

22

23      Interrogatory No. 6:    The Court defers ruling on the interrogatory at this time.

24      Interrogatory No. 7: The Court defers ruling on the interrogatory at this time.

25      Document Request No. 63: Plaintiff shall produce documents sufficient to

26  identify all of its directors, officers, staff, employees, and full-time personnel from

27  17

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   2000 to present.  These documents shall be produced by April 15, 2006.   The Court

2   defers ruling on the remainder of Google's motion concerning this request at this time.

3   **F.    Information Regarding Plaintiff's Web Sites (Document Request No. 60)**

4   Document Request No. 60: Plaintiff shall produce documents constituting the

5   current (or, if no longer active, the most recent) version of all Web sites owned or

6   controlled by Plaintiff.  These documents shall be produced by April 15, 2006.   The

7   Court defers ruling on the remainder of Google's motion concerning this request at

8   this time.

9   **G.    Information Regarding Claims Asserted Against Plaintiff of**

10  **Infringement or Allegations of False Infringement (Document Request Nos. 64,**

11  **65)**

12  Document Request No. 64: Plaintiff shall produce the settlement agreement in

13  the case that it stated is relevant to Request No. 64.  This document shall be produced

14  by April 15, 2006.  The Court defers ruling on the remainder of Google's motion

15  concerning this request at this time.

16  Document Request No. 65: Plaintiff shall produce the settlement agreement in

17  the case that it stated is relevant to Request No. 65.  This document shall be produced

18  by April 15, 2006.  The Court defers ruling on the remainder of Google's motion

19  concerning this request at this time.

20  **H.    Earlier Litigation Involving Plaintiff for Similar Claims (Document**

21  **Request No. 66)**

22  Document Request No. 66: Plaintiff shall produce all complaints for lawsuits in

23  which it has been a plaintiff or defendant involving claims of copyright, trademark,

24  publicity rights, or unfair competition and transcripts of depositions of Dr. Zada in

25  those litigations in its possession, custody, or control. These documents shall be

26  produced by April 15, 2006.   The Court defers ruling on the remainder of Google's

27  18

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1    motion concerning this request at this time.

2    **I.    Documents Regarding Google and Communications with Google**

3         **(Document Request Nos. 7, 58-59)**

4     .   <u>Document Request No. 7</u>: The motion to compel is granted. Plaintiff shall

5    produce the following: All non-privileged and non-work product documents

6    concerning communications between Plaintiff and Google. These documents shall be

7    produced by April 15, 2006.

8        <u>Document Request No. 58</u>: Plaintiff shall produce all non-privileged and non-

9    work product documents in its possession, custody, or control that mention or refer to

10    the claims in this lawsuit against Google or this lawsuit. These documents shall be

11    produced by April 15, 2006. The Court defers ruling on the remainder of Google's

12    motion concerning this request at this time.

13        <u>Document Request No. 59</u>: The Court defers ruling on Google's motion

14    concerning this request at this time.

15     **J.        Plaintiff's Damages (Document Request Nos. 33, 38, 71)**

16        <u>Document Request No. 33</u>: Plaintiff shall produce summary financial

17    documents showing its annual expenditures on advertising and marketing activities in

18    the United States concerning the marks PERFECT 10 and PERFECT 1O.COM.

19    These documents shall be produced by April 15, 2006. The Court defers ruling on the

20    remainder of Google's motion concerning this request at this time.

21        <u>Document Request No. 38</u>: Plaintiff shall produce summary financial

22    documents showing annual revenues and expenses relating to its use of the marks

23    PERFECT 10 and PERFECT10.COM. These documents shall be produced by April

24    15, 2006. The Court defers ruling on the remainder of Google's motion concerning

25    this request at this time.

26        <u>Document Request No. 71</u>: With respect to financial documents, Plaintiff shall

27                                      19

28   [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1  produce annual summary financial documents reflecting any damages or harm it

2  claims to have suffered, or to be likely to suffer, as a result of Google's alleged

3  infringements and violations set forth in its amended complaint in this action.  In

4  addition, Perfect 10 shall produce any other non-privileged and non-work product

5  documents that evidence, refer to, or discuss any such damages or harm.  Documents

6  which Perfect 10 currently has in its possession shall be produced by April 15, 2006;

7  as Perfect 10 obtains additional documents, those documents shall be produced.

8  **K.    Issues Relating to Plaintiff's Efforts to Avoid Harm (Interrogatory**

9  **No. 4; Document Request Nos. 4, 8-9, 32, 39, 41, 70)**

10  Interrogatory No. 4: The Court defers ruling on Google's motion concerning

11  this request at this time.

12  Document Request No. 4:  Plaintiff shall produce all complaints in its

13  possession, custody or control in which it has been a plaintiff or defendant involving

14  claims of copyright infringement and transcripts of depositions of Dr. Zada in those

15  litigations in its possession, custody or control.  These documents shall be produced

16  by April 15, 2006.  The Court defers ruling on the remainder of Google's motion

17  concerning this request at this time.

18  Document Request No. 8: The Court defers ruling on Google's motion

19  concerning this request at this time.

20  Document Request No. 9: The motion to compel is granted.  Plaintiff shall

21  produce the following: All DMCA Notifications or claims of infringement that

22  Plaintiff has sent to persons or entities other than Google.  Plaintiff's production shall

23  include, without limitation, documents located at its attorneys' offices and any storage

24  facilities for its attorneys. These documents shall be produced by April 15, 2006.

25  Document Request No. 32:  The motion to compel is granted.  Plaintiff shall

26  produce the following: All non-privileged and non-work product documents

27  20

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1 concerning efforts by Plaintiff to halt or reduce infringements of its trademarks.

2 These documents shall be produced by April 15, 2006.

3     Document Request No. 39: The Court defers ruling on Google's motion

4 concerning this request at this time.

5     Document Request No. 41:   The ruling on this request is the same as on

6 Document Request No. 32.

7     Document Request No. 70: The motion to compel is granted.  Plaintiff shall

8 produce the following: All non-privileged and non-work product documents

9 concerning Plaintiff's practices, policies, procedures, intentions, plans, or actions

10 regarding investigation and identification of, or prosecution of, claims against Stolen

11 Content Websites for infringement of Plaintiff's alleged intellectual property.  These

12 documents shall be produced by April 15, 2006.

13     **L.**    **Information Regarding Use of Google and Other Search Engines (Document Request Nos. 61-62, 67-69)**

14

15     Document Request No. 61: Plaintiff shall produce all documents concerning use

16 of Google's search engine regarding this lawsuit that are not work product or

17 privileged.  These documents shall be produced by April 15, 2006.  The Court defers

18 ruling on the remainder of Google's motion concerning this request at this time.

19     Document Request No. 62: The Court defers ruling on Google's motion

20 concerning this request at this time.

21     Document Request No. 67:   The Court defers ruling on  Google's motion

22 concerning this request at this time.

23     Document Request No. 68: The Court defers ruling on the request at this time.

24     Document Request No. 69: The motion to compel is granted.  Plaintiff shall

25 produce the following: All non-privileged and non-work product documents referring

26 to or discussing benefits to Plaintiff of being listed in, or being prominently listed in,

27 21

28 [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1 search results by Google or any other Internet search engine. These documents shall
2 be produced by April 15, 2006.

3 **M.  Document Retention and Maintenance (Document Request Nos. 72-73)**
4

5 Document Request No. 72: The motion to compel is granted. Plaintiff shall
6 produce the following: All non-privileged and non-work product documents
7 concerning its policies regarding retention, storage, filing and destruction of
8 documents and things. These documents shall be produced by April 15, 2006.

9 Document Request No. 73: The motion to compel is granted. Plaintiff shall
10 produce the following: All non-privileged and non-work product documents
11 concerning indexes, lists or inventories of documents and things maintained by or for
12 Plaintiff. These documents shall be produced by April 15, 2006.

13 **N.  Perfect 10's Documents Evidencing Certain Allegations it Made**
14 **Against Google (Document Request Nos. 20-25, 27-31, 40, 47-49)**

15 Document Request Nos. 20-25, 27-31, 40, 47-49: The Court defers ruling on
16 the organization of these document requests.   The Court further orders the parties to
17 continue meeting and conferring so that production of documents can be in the most
18 useful and accessible manner.

19
20
21 Dated:  _5-19-06_       _____
22                         Stephen J. Hillman
                           United States Magistrate Judge
23
24
25
26
27                                        22
28 [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
   OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1    Respectfully submitted,

2

3    Dated: May _16_, 2006

                      Andrew P. Bridges

                      Jennifer A. Golinveaux

4                     WINSTON & STRAWN LLP

                      Attorneys for Defendant and Counterclaimant

5                     Google Inc.

6    Approved as to form only:

7

                      Jeffrey N. Mausner

8    Dated: May_____, 2006         BERMAN, MAUSNER & RESSER

                      Attorneys for Plaintiff and Counter-

                      defendant Perfect 10, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                          23

28    [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION

            OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

1   Respectfully submitted,

2
    Dated: May _____, 2006
3
                                    Andrew P. Bridges
4                                   Jennifer A. Golinveaux
                                    WINSTON & STRAWN LLP
                                    Attorneys for Defendant and Counterclaimant
                                    Google Inc.
5

6   Approved as to form only:

7
                                    Jeffrey N. Mausner
    Dated: May 15, 2006            BERMAN, MAUSNER & RESSER
8                                   Attorneys for Plaintiff and Counter-
                                    defendant Perfect 10, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                  23

28  [PROPOSED] ORDER REGARDING GOOGLE INC.'s MOTION TO COMPEL PRODUCTION
    OF DOCUMENTS AND RESPONSES TO INTERROGATORIES