1  Jeffrey N. Mausner (State Bar No. 122385)
   Jeff@mausnerlaw.com
2  David N. Schultz (State Bar No. 123094)
   schu1984@yahoo.com
3  Law Offices of Jeffrey N. Mausner
   6222 Amigo Ave.
4  Tarzana, CA 91335
   Telephone: (310) 617-8100
5  Facsimile:  (310) 476-8138
6
   Attorneys for Plaintiff Perfect 10, Inc.
7

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  PERFECT 10, INC., a California          Case No. CV 04-9484 AHM (SHx)
    corporation,
13                                          **DISCOVERY MATTER**
                        Plaintiff,
14                                          **Before the Honorable Stephen J. Hillman**
            v.
15                                          **PERFECT 10'S OBJECTION TO AND
    GOOGLE INC., a corporation,             REQUEST TO STRIKE GOOGLE
16                                          INC.'S REQUEST FOR A
                        Defendant.          RULING ON OUTSTANDING
17                                          DOCUMENT REQUESTS
                                            PREVIOUSLY DEFERRED BY
18                                          THE COURT'S MAY 19, 2006
                                            ORDER; REQUEST FOR SANCTIONS**
19

20

21                                          Courtroom:      550 (Roybal)
                                            Hearing Date:   N/A
22                                          Hearing Time:   N/A

23                                          Discovery Cut-Off Date:  May 1, 2012
                                            Pretrial Conference Date: January 14, 2013
24                                          Trial Date: January 28, 2013

25

26

27

28

## I.   THIS COURT SHOULD STRIKE GOOGLE'S BELATED AND IMPROPER REQUEST FOR A RULING, WHICH VIOLATES THE LOCAL RULES.

Plaintiff Perfect 10, Inc. ("Perfect 10") objects to, and requests that this Court strike, "Google Inc.'s Request For a Ruling On Outstanding Document Requests Previously Deferred By the Court's May 19, 2006 Order" (Docket No. 1180) (the "Request for Ruling").  Defendant Google Inc. ("Google") filed its Request for Ruling only this past Friday, April 13, 2012 – **almost six years after the Order that Google now wants this Court to revisit and only 18 days before the discovery cut-off date in this case.**  Google's Request for Ruling is nothing more than an abusive, last-minute discovery motion brought in order to avoid the May 1, 2012 discovery cut-off and harass Perfect 10's employees and attorneys.

Moreover, Google's Request for Ruling is only the most recent example of Google's continuing gross violation of the Federal Rules of Civil Procedure, the Local Rules, and the orders entered in this case.  In fact, during the past month, Google has filed discovery motions in direct violation of Judge Matz's February 14, 2012 Order (Docket No. 1104), without giving Perfect 10 the required ten days to "meet and confer" and without providing Perfect 10 with Google's supporting declarations and exhibits.  Google's flagrant disregard for this Court's rules should not be allowed to continue.  Accordingly, for all of the reasons discussed below, this Court should strike Google's Request for Ruling and award sanctions of at least $3,000 against Google and in favor of Perfect 10.

As this Court well knows, Local Rule 37 provides, in relevant part:

> L.R.37-1 Pre-Filing Conference of Counsel. Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. ... The moving party's letter [seeking to meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that

issue/request), and specify the terms of the discovery order to be sought.

L.R. 37-2 Moving Papers. If counsel are unable to settle their differences, they shall formulate a written stipulation. The stipulation shall be filed and served with the notice of motion.

L.R. 37-2.1 Form of Joint Stipulation. The stipulation must be set forth in one document signed by both counsel. The stipulation shall contain all issues in dispute and, with respect to each such issue, the contentions and points and authorities of each party. The stipulation shall not refer the Court to any other documents. ... When a party states its contentions with respect to a particular issue, such party shall also state how it proposed to resolve the dispute over that issue at the conference of counsel. ...

L.R. 37-2.2 Preparation of Joint Stipulation. Following the conference of counsel, counsel for the moving party shall personally deliver, e-mail or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position. ...

**Google did not attempt to satisfy any of the above requirements before filing its Request for Ruling.**  Google did not meet and confer with Perfect 10. Google did not provide Perfect 10 with a joint stipulation.  Google did not submit a notice of motion.  Instead, Google simply called its papers a "Request for Ruling" and filed its disguised motion without complying with any of the applicable Rules,[1] because Google knew that there was insufficient time for this Court to hear a properly noticed motion that complied with the Local Rules before the May 1, 2012 discovery cut-off date.

Google's attempt to circumvent the Local Rules by relying on a discovery motion it filed **six years ago and an order issued by this Court on May 19, 2006** is unavailing.  This action has significantly changed since the Court's May 19, 2006 ruling.  Much discovery has been served, many discovery motions have been filed, and many substantive rulings have been issued in this case since that time.

---

[1] Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Google also failed to comply with this provision.

1   Nevertheless, nowhere in its Request for Ruling does Google discuss these

2   intervening events, or the hundreds of thousands of pages of documents that Perfect

3   10 has produced in the past six years.  Obviously, if the discovery requests that are

4   the subject of the Request for Ruling were of serious concern to Google, Google

5   would have brought a timely discovery motion that complied with Local Rule 37.

6   Google's failure to do so demonstrates that its Request for Ruling is nothing more

7   than a last-minute attempt to harass Perfect 10, at a time when Perfect 10 is already

8   being bombarded with abusive, improper, and unending discovery requests and

9   motions from Google, and when Perfect 10 should be allowed to concentrate on the

10  numerous upcoming depositions that Google belatedly has sought to schedule,

11  including depositions of Perfect 10 and Dr. Zada.

12          Indeed, during just the past month, Google has used its unlimited resources

13  and the seemingly unlimited number of attorneys at its disposal to engage in a

14  variety of abusive and harassing discovery tactics against Perfect 10.  At the same

15  time, it has come to light that Google has impeded and delayed a probe by the

16  Federal Communications Commission into an investigation of Google's collection

17  of personal data over wireless networks, just as Google has impeded and

18  stonewalled Perfect 10's discovery in this case.  *See* article dated April 15, 2012

19  from Bloomberg.com, entitled "Google Gets Maximum Fine After 'Impeding'

20  Privacy Probe," found at http://www.bloomberg.com/news/2012-04-15/fcc-seeks-

21  25-000-fine-from-google-in-wireless-data-privacy-case.html.  A copy of that article

22  is attached hereto.  During the past month, Google has taken the following actions,

23  among others:

24          1.  Google filed a motion for leave to take an additional 73 depositions during

25  the time that Perfect 10 was working to submit the chart of copyright infringements

26  required by Judge Matz's February 14, 2012 Order, even though Google knew about

27  almost all of these witnesses for at least four years.  The timing of Google's motion

28  directly violated Judge Matz's Order that Google not engage in unwarranted and

1  disruptive motion practice and forced Perfect 10 to oppose Google's motion rather
2  than work on the chart of copyright infringements required by Judge Matz.

3          2.  Google filed a discovery motion asking this Court to compel Perfect 10 to
4  perform thousands of more man-hours of work, to create an additional spreadsheet
5  for Google, not required by Judge Matz's February 14, 2012 Order.  The timing of
6  this motion also violated Judge Matz's February 14, 2012 Order, and Perfect 10 was
7  forced to oppose this motion during the time that it was working to comply with
8  Judge Matz's Order.

9          3.  Google issued at least 50 subpoenas requesting documents from witnesses,
10 even though Google has known about the vast majority of these witnesses for years.

11         4.  Google has noticed in excess of 15 depositions to be taken in the next two
12 weeks.  In some cases, Google has set five or more depositions for the same day.

13         5.  Google filed a motion to compel regarding Perfect 10's financial
14 documents, even though Perfect 10 has complied with this Court's applicable order
15 and produced thousands of pages of financial reports and tax returns to Google.

16         6.  Google filed another "Request for Ruling" asking this Court to order
17 Perfect 10 to produce its settlement agreement with Microsoft, after Google
18 misleadingly attempted to get Perfect 10 to release the settlement agreement by
19 falsely asserting that this Court had ordered the production of that document, when
20 this Court actually had stayed its order with respect to Google.

21         7.  Google improperly served 483 additional requests for admission (bringing
22 the total number of requests for admission it has served in this case to 2,132).

23         8.  Google improperly served 73 additional requests for production of
24 documents (bringing the total number of requests for production it has served in this
25 case to 470).

26         9.  Google improperly served additional interrogatories (bringing the total
27 number of interrogatories, including subparts, it has served in this case to well over
28 25).

- 4 -

Perfect 10's Objection To and Request To Strike Google Inc.'s Request For a Ruling On Outstanding Document
Requests Previously Deferred By the Court's May 19, 2006 Order; Request For Sanctions

1    10.  Google filed two improper ex parte applications, which were denied by

2  the Court.

3    11.  Google has sent dozens of emails and letters to Perfect 10 demanding that

4  Perfect 10 produce documents and take various other actions.

5    As the above list makes clear, Google's Request for Ruling is merely the

6  latest part of Google's attempt to abuse the discovery process and crush Perfect 10

7  by violating the Local Rules.  Perfect 10 should not be required to respond to what is

8  nothing more than an improper and untimely discovery motion.  This Court should

9  strike Google's Request for Ruling and sanction Google in the amount of at least

10  $3,000 under Local Rule 37-4 for Google's multiple failures to comply with Local

11  Rule 37.

## II.    **CONCLUSION**

For all of the foregoing reasons, this Court should strike Google's improper
"Request For a Ruling On Outstanding Document Requests Previously Deferred By
the Court's May 19, 2006 Order" and impose sanctions of at least $3,000 against
Google for its multiple violations of the Local Rules.

Dated: April 16, 2012          Respectfully submitted,
                               Law Offices of Jeffrey N. Mausner

                               By: _____*Jeffrey N. Mausner*_____
                                    Jeffrey N. Mausner
                                    David N. Schultz
                                    Attorneys for Plaintiff Perfect 10, Inc.



| MARKET SNAPSHOT | | | | |
|---|---|---|---|---|
| U.S. | EUROPE | ASIA | | |
| NIKKEI | 9,469.28 | -168.71 -1.75% | | |
| TOPIX | 804.88 | -10.60 -1.30% | | |
| HANG SENG | 20,561.80 | -139.20 -0.67% | | |

3.90  -2.36% | **Oil (WTI)** 102.17  -0.64% | **U.S. 10-year** 1.977%  -0.005 | **8411:JP** 127.00  -3.05% | **BAC:US** 8.68  -5.34% | **Gold** 1,648.10  -0.73% | **EUR-USD** 1.3020

Our Company    Professional    Anywhere    QUEUE  Microsoft                Register    Sign In

Search News, Quotes and Opinion

# Google Gets Maximum Fine After 'Impeding' Privacy Probe

By Brian Womack and Todd Shields - Apr 15, 2012 9:00 PM PT

Recommend  3          3 COMMENTS          Q QUEUE

Google Inc. (GOOG) "impeded" and "delayed" a U.S. inquiry into its data collection, according to the latest in a series of regulatory probes of the company's privacy practices.

The Federal Communications Commission is seeking a $25,000 fine after examining how Google gathered personal e-mails, text messages and other materials through its Street View location service, the agency said in an April 13 filing. That is the maximum penalty for failure to cooperate with an investigation, Tammy Sun, an FCC spokeswoman, said in an interview yesterday.



Enlarge image

A Google Inc. employee rides a "G-bike" past the company headquarters in Mountain View, California. Photographer: Tony Avelar/Bloomberg

Google, the world's most popular search engine, has come under mounting scrutiny from regulators over how it handles data. Last year, the company agreed to 20 years of independent privacy audits to settle claims with the Federal Trade Commission that it deceived users and violated its own privacy policies with the Buzz social network.

"Google unlawfully intercepted and stored millions of wireless communications from Wi-Fi routers," said Marc Rotenberg, executive director of the Electronic Privacy Information Center, which requested the FCC investigation. "We believe that is a violation of the federal wiretap act."

The Washington-based policy group, which focuses on consumer privacy issues, will ask U.S. Attorney General Eric Holder to investigate, Rotenberg said yesterday.

## Payload Data

For three years starting in May 2007, Google collected content from wireless networks that wasn't needed for its location-based services, according to the FCC filing. Google gathered so-called payload data, including e-mail and text messages, passwords, Internet-usage history, and "other highly sensitive personal information," the FCC said.

"It was a mistake for us to include code in our software that collected payload data, but we believe we did nothing illegal," Google said in an e-mailed statement yesterday. "We have worked with the relevant authorities to answer their questions and concerns."

In May 2010, Google said it would stop using Wi-Fi information for Street View, which displays pictures of streets on Google Maps.

Google violated FCC orders by delaying its search for e- mails, by failing to identify

## More Stories

**Cartagena Prostitute Wouldn't Leave Hotel Until Paid, King Says**
Q

**FCC Seeks $25,000 Fine From Google in Wi-Fi Privacy Case**
Q

**Japan, Australian Futures Fall on Europe, U.S. Concerns**
Q

**Summit Ends With Obama at Odds With Latin America Over Cuba**
Q

⊞ Rate These Stories          More News »

Advertisement

**Most Popular Stories**

**North Korea's Kim Says His Regime Can't Be Blackmailed**
Q
Updated 2 hours ago

**Euro Area Seeks Bigger IMF War Chest on Spanish Concerns**
Q
Updated 34 minutes ago

**Cartagena Prostitute Wouldn't Leave Hotel Until Paid, King Says**
Q

**Taliban Ignite Spring Offensive With Coordinated Attacks**
Q

**Goldman Sachs Said to Raise $2.5 Billion in ICBC Sale**
Q

employees and by not verifying the accuracy of its submissions, falling "well short of what we expect and require," the agency said.

## Delayed Response

Google didn't fully respond until September to a query from the preceding December, the FCC said. The company disputed the agency's "characterization of our cooperation" and said in its e-mailed statement it "will be filing a response."

The FCC said it wasn't penalizing Google for violating laws against unauthorized interception of communications.

"There is not clear precedent," the agency said in the filing. In addition, "significant factual questions" couldn't be answered because a Google engineer asserted his constitutional right not to testify, the FCC said.

Canada, France and the Netherlands have determined Google violated data protection, online privacy or similar laws and regulations, the FCC said in its filing. Regulators outside the U.S. found that Google had harvested personal e-mails, as well as financial and health records, Rotenberg said.

Google has come under scrutiny for how it uses data in other cases. The FTC is examining whether Google deceived consumers by planting so-called cookies on Apple Inc.'s Safari browser, bypassing privacy settings in the Apple software, a person familiar with the matter said last month.

## Privacy Rules

Also in March, customers sued the company, claiming they were deceived by new privacy rules merging separate policies for about 60 services into one. The National Association of Attorneys General sent a letter to Google Chief Executive Officer Larry Page Feb. 22 signed by 36 attorneys general criticizing the new policy.

While the FCC fine will have little financial impact, it's a bigger hit in the court of public opinion, said Greg Sterling, an analyst with Opus Research.

"This contributes to an image problem," Sterling said in an interview. "Many lawmakers and regulators have a negative view of Google, and this just reinforces that."

Google, based in Mountain View, California, has a market value of $203.5 billion.

To contact the reporters on this story: Brian Womack in San Francisco at bwomack1@bloomberg.net Todd Shields at tshields3@bloomberg.net

To contact the editor responsible for this story: Tom Giles at tgiles5@bloomberg.net

| More News: | Law  ·  U.S.  ·  Technology Industry  ·  Media  ·  Consumer Technology |
|---|---|

| Recommend | 3 | | 3 COMMENTS | Q QUEUE |
|---|---|---|---|---|

## ADD NEW COMMENT

Login

Type your comment here.

Bloomberg moderates all comments. Comments that are abusive or off-topic will not be posted to the site. Excessively long comments may be

Updated 23 minutes ago

More Most Popular Stories »

Sponsored Links

**HP® Ink Cartridges**
Find High Quality Ink Cartridges For Your Printer Today at HP.com!
HP.com/InkCartridges

**Fall Asleep In Contacts?**
Learn More About An FDA Approved Contact You Can Sleep In.
AIROPTIX.com

**Calling All.**
Introducing Galaxy Nexus the new Android phone from Google
google.com/nexus

AdChoices ▷

**Job** Post a Job »

### Search

**Sr. Software Engineer (Python / Django)**
Strategic Employment Partners - Pasadena, CA

**Software Engineer - Java**
Strategic Employment Partners - Pasadena, CA

**Software Engineer in Los Angeles**
BetterWorks - Santa Monica, CA

**Software Engineer-UI San Francisco or...**
Riverbed Technology, Inc. - California

**Oracle EBS Finance Functional Analyst (North...**
Munchkin Inc - North Hills, CA

Search All Jobs                jobs by **indeed**

job title or company      location      Go

Advertisement

Advertisements

WSJ.com

Bloomberg on Facebook

Follow Bloomberg on Twitter

Follow Bloomberg on LinkedIn