UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>GOOGLE INC., a corporation,<br><br>　　　　　　　Defendant. | Case No. CV 04-9484 AHM (SHx)<br><br>**DISCOVERY MATTER**<br><br>**Before the Honorable Stephen J. Hillman**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GOOGLE'S MOTION TO OVERRULE PERFECT 10, INC.'S OBJECTIONS AND COMPEL FURTHER RESPONSES TO INTERROGATORY NOS. 3, 4, 11, 13 AND 14**<br><br>Courtroom:　550 (Roybal)<br>Hearing Date:　April 16, 2012<br>Hearing Time:　11 a.m.<br><br>Discovery Cut-Off Date: May 1, 2012<br>Pretrial Conference Date: January 14, 2013<br>Trial Date: January 28, 2013 |

# ORDER

This matter is before the Court on Defendant Google Inc.'s Motion To Overrule Perfect 10, Inc.'s Objections And Compel Further Responses To Interrogatory Nos. 3, 4, 11, 13 and 14 (the "Motion").

The Motion is granted in part and denied in part. Perfect 10 shall take the following actions by May 7, 2012:

1. Perfect 10 shall clarify that it has produced to Google all "who is" print-outs regarding the alleged infringers still involved in this lawsuit which Perfect has in its possession. Perfect 10 does not have to create and provide any additional "who is" printouts.

2. With respect to date of alleged infringements and evidence of alleged infringements, Perfect 10 shall provide a supplemental interrogatory response identifying any additional file paths with respect to infringements that it wishes to rely upon in this lawsuit which have been previously identified in the spreadsheets filed by Perfect 10 on March 26, 2012 and April 12, 2012 (collectively, the "Spreadsheets"), and which appear on the December 30, 2011 hard drive.

3. With respect to Interrogatory Nos. 13 and 14, all objections other than those based on the attorney-client privilege and the work product protection are overruled. Perfect 10 shall file amended responses removing such objections, and shall supplement its prior responses to these interrogatories, as necessary.

4. In connection with Interrogatory 3, Perfect 10 shall provide a supplemental interrogatory response that sets forth its theories of liability for the alleged infringements identified in the Spreadsheets (*i.e.*, direct, contributory, and/or vicarious) by providing either: (i) a specification of its theories of liability (i.e. direct, contributory, and/or vicarious) regarding each of the numbers 0 through 5 identified in Column F of the spreadsheet filed on March 26, 2012; or (ii) by providing an

- 1 -

[Proposed] Order Granting In Part And Denying In Part Google's Motion To Overrule Perfect 10, Inc.'s Objections And Compel Further Responses To Interrogatory Nos. 3, 4, 11, 13 and 14

1  identification of theories of liability (i.e. direct, contributory, and/or vicarious) by
2  reference to row numbers in the spreadsheet filed on March 26, 2012.
3       5.    In connection with Interrogatory 11, with respect to damages, Perfect 10
4  shall clarify that it has produced all documents in its possession on which it intends to
5  rely (other than documents to be produced during the expert witness phase of the case),
6  and shall set forth the general categories of those previously produced documents (i.e.,
7  financial statements, infringements, etc.).
8       **IT IS SO ORDERED.**

10  Dated: April 18, 2012     _____
        Hon. Stephen J. Hillman
        United States Magistrate Judge