QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants*.<br><br>AND COUNTERCLAIM | CASE NO. CV 04-9484 AHM (SHx)<br><br>**GOOGLE INC.'S REPLY TO PERFECT 10'S OBJECTION TO AND REQUEST TO STRIKE GOOGLE'S REQUEST FOR A RULING ON PREVIOUSLY-DEFERRED DOCUMENT REQUESTS**<br><br>Date:   N/A<br>Time:   N/A<br>Crtrm.: 550<br><br>Hon. Stephen J. Hillman<br><br>Discovery Cut-off:   May 1, 2012<br>Pretrial Conference: January 14, 2013<br>Trial Date:          January 28, 2013 |

1    Perfect 10 has no legitimate reason for objecting to Google's Request for a
2    Ruling.  Perfect 10's accusation that Google failed to abide by Local Rule 37 by
3    requesting a ruling on its 2006 Motion to Compel is incorrect.  Perfect 10 does not
4    dispute that the parties thoroughly met and conferred and then briefed and argued
5    Google's 2006 discovery motion many years ago.  The court reach most of the
6    issues at that time, but deferred some.  Google is entitled to a ruling on those issues
7    now.  There is no local rule requiring that the parties engage in two rounds of meet
8    and confer, plus two joint stipulation briefs, on a single motion.  The Requests for
9    Production of Documents which were at issue in Google's 2006 motion and
10   previously deferred by the court are ripe for a ruling based on the prior meet and
11   confer and briefing.
12       Perfect 10 is also wrong that Google's motion is an end-run around discovery
13   deadlines.  To the contrary, it is because discovery is closing that Google cannot
14   wait any longer and is entitled to a ruling on its previously filed motion, which has
15   **not** been mooted by other developments in the case.  There is nothing improper
16   about Google's request and no deadlines have been violated.
17       Tellingly, nowhere does Perfect 10 actually dispute that the Requests on
18   which Google has requested a ruling are still relevant.  Nor does Perfect 10 assure
19   the Court that it has made a full and complete production – because it hasn't.
20   Perfect 10's grandstanding merely confirms that Perfect 10 will not cooperate in the
21   discovery process without an order from this Court forcing it to do so.
22       Perfect 10's claims of discovery abuse are equally unfounded.  First, the
23   recent Requests for Admission and Requests for the Production of Documents
24   Google served were specifically condoned by Judge Matz at the February 13, 2012
25   hearing.  *See* Dkt. No. 1118-1, Ex. 1 (2/13/2012 Hr'g Tr. at 43:2-22).  Of course, if
26   Perfect 10 had voluntarily disclosed this basic discovery regarding the infringements
27   that Perfect 10 was claiming in this case, as Google asked it to do years ago, then
28

Google would have been able to serve this additional discovery earlier. So, Perfect 10 has no one to blame but itself for the timing of these Requests.

As for the document subpoenas, they are no burden to Perfect 10, as they seek documents from third parties, not Perfect 10. And Google has served these subpoenas only on the third parties that were implicated by Perfect 10's March 26, 2012 list of infringements – primarily those individuals from whom Perfect 10 allegedly obtained rights to the images that Perfect 10 is now asserting in the case. Until Perfect 10 provided this information regarding which images it was asserting, Google had no way of knowing which third parties remained relevant.

As for the depositions, this alleged "burden" too is entirely of Perfect 10's own making. Perfect 10 refused to stipulate to Google's request to take these depositions years ago. *See* Dkt. No. 1118-1 (Kassabian Decl., ¶ 9). Perfect 10 also chose to oppose Google's earlier motion for additional depositions. *See* Dkt. No. 472. Finally, Perfect 10 objected to Google's motion to shorten time on its most recent motion for more depositions. *See* Dkt. No. 1121. Had Perfect 10 cooperated in the discovery process during any of the many opportunities it had to do so, Perfect 10 would not be in the position it finds itself today.

Despite repeated admonishments by the Court to ready its case for trial, Perfect 10 simply cannot help itself. At the February 13, 2012 hearing, Perfect 10 claimed that it would be impossible to comply with the Court's order to identify with specificity the infringements it was asserting in this case, and that it could identify at best 1,000 infringements by the March 26, 2012 deadline. *See See* Dkt. No. 1118-1, Exh. 1 (2/13/2012 Hr'g Tr. at 44:19-25). Judge Matz made clear that 1,000 infringements was more than sufficient for trial. *Id.* (Tr. at 45:5-16). Nevertheless, and contrary to its claims before Judge Matz, Perfect 10 somehow managed to list **35 times** that number of infringements – 35,434 to be exact. *See* Dkt. No. 1129. Plainly, Perfect 10's cries of burden now ring hollow. Perfect 10 has no one to blame but itself for the discovery obligations it faces in the remaining

weeks before the cut-off. Perfect 10 has chosen to proceed with many thousands of alleged infringements in this case, and has made clear that it is seeking $150,000 per work in statutory damages – which amounts to **hundreds of millions of dollars**. Perfect 10 is not above the law. It must honor these basic discovery obligations like any other litigant, and absorb the concomitant burden and expense they might entail – particularly in light of the staggering amount of damages it seeks in this case.

Google has every right to obtain a ruling on its copyright Requests for Production that were previously deferred, which seek such basic materials as documents related to Perfect 10's efforts to reduce infringements (Request No. 4) and documents concerning communications with third parties alleging copyright infringement (Request No. 8). Google asks that the Court now order Perfect 10 to produce the responsive documents it should have produced six years ago.

DATED: April 20, 2012        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
Attorneys for Defendant GOOGLE INC.