QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
  Rachel Herrick Kassabian (Bar No. 191060)
   rachelkassabian@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 04-9484 AHM (SHx)<br><br>**GOOGLE INC'S REPLY IN SUPPORT OF REQUEST TO LIFT THE COURT'S FEBRUARY 11, 2010 STAY OF ITS ORDER REQUIRING PERFECT 10 TO PRODUCE THE MICROSOFT SETTLEMENT AGREEMENT**<br><br>**REDACTED**<br><br>Hon. Stephen J. Hillman<br><br>Date:  N/A<br>Time:  N/A<br>Crtrm: 550<br><br>Discovery Cut-off:  May 1, 2012<br>Pretrial Conference: January 14, 2013<br>Trial Date: January 28, 2013 |

01980.51320/4716832.1

Case No. CV 04-9484 AHM (SHx)
GOOGLE INC'S REPLY I/S/O REQUEST TO LIFT THE COURT'S FEBRUARY 11, 2010 STAY OF ITS ORDER FOR PERFECT 10 TO PRODUCE THE MICROSOFT SETTLEMENT AGREEMENT

Defendant Google Inc. ("Google") submits the following Reply in support of its Request to lift the Court's February 11, 2010 stay of its February 9, 2010 order granting Google's motion to compel production of the Microsoft settlement agreement. Perfect 10's opposition fails to justify a continued stay of the Court's prior order, particularly in light of the imminent May 1, 2012 non-expert discovery cut-off.

## I. THE COURT PREVIOUSLY GRANTED GOOGLE'S MOTION TO COMPEL PRODUCTION OF THE MICROSOFT SETTLEMENT AGREEMENT, AND RECONSIDERATION IS UNWARRANTED.

P10 claims in its Opposition that the Court's February 9, 2010 order "was only applicable to Amazon, not to Google." (Opposition at 1.) Not so. The order explicitly "grant[s] Amazon *and Google* Defendants' motion to compel production of Microsoft settlement [sic] agreement." (See February 9, 2010 Order, Dkt. No. 374 in the consolidated case, attached as Ex. 1 to the Declaration of Rachel Herrick Kassabian submitted in support of Request ["Herrick Decl., Ex. 1"], at 1 [emphasis added].) The Court unequivocally instructed P10 to "produce a complete and unredacted copy of its settlement agreement with Microsoft to the Amazon *and Google* Defendants within 10 days of the date of this Order." (Id. at 2 [emphasis added].) Without question, but for the Court's February 11, 2010 stay of its prior order, P10 was obligated to produce the Microsoft settlement agreement to Google.

What P10 now seeks to do is convince the Court that it should reconsider and vacate its prior order. However, under Local Rule 7-18, motions for reconsideration may be made *only* on the following grounds:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(b) the emergence of new material facts or a change of law occurring after the

time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

P10 fails to show – or even argue – that any of these requirements exists.

Rule 7-18 expressly dictates that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Despite those instructions, P10's attempt at reconsideration repeatedly relies on previous arguments made in its Opposition to Google's Joinder regarding Amazon's motion to compel production of the Microsoft settlement agreement. (See Opposition at 1, ll. 9-10 ["As discussed in greater detail in Perfect 10's Opposition to Google's Joinder Re Motion to Compel Production . . ."], 1, ll. 20-21 ["As discussed in detail in Perfect 10's Opposition . . ."].) That Opposition, in turn, rehashed arguments made by P10 in its briefing prior to the Court's February 9, 2010 order. (See, e.g., Opposition to Google's Joinder re Motion to Compel, Dkt. No. 766, attached as Ex. 3 to Kassabian Decl., at 2-3, compared to P10's portion of Joint Stipulation re Amazon Defendants' Motion to Compel, Dkt. No. 364 in consolidated action, at 16-20 [relies on same, rejected arguments re *Perfect 10 v. Net Management* litigation, confidentiality, etc.].) By parroting its prior arguments, P10's current Opposition brief directly violates the Local Rules' requirements on seeking reconsideration.

P10 also fails to introduce any new or changed facts or law. See Local Rule 7-18(a)-(b) (party seeking reconsideration must show "material difference in fact or law" from that presented to the Court at the time of its original decision). Neither does its current Opposition brief make a "manifest showing" – or any showing – that the Court somehow "fail[ed] to consider material facts" presented to it prior to its February 9, 2010 order compelling production of the Microsoft settlement agreement. See Local Rule 7-18(c). Instead, P10 relies on the very same, rejected arguments it used before. That falls far short of justifying reversal of the Court's prior order.

## II. THE MICROSOFT SETTLEMENT AGREEMENT IS RELEVANT TO P10'S CLAIMS AGAINST GOOGLE.

P10 claims that the Microsoft agreement is not relevant to Google because it does not "explicitly . . . release[]" Google from any claims. (Opposition at 1.) P10's argument is a red herring, because the Court rightly concluded in its February 9, 2010 order that the "lengthy Release and covenant not to sue provisions appear to be relevant to issues of liability and/or damages." (Kassabian Decl., Ex. 1 [Order at 2].) P10 has set forth no facts or argument that negate that finding. Indeed, P10 does not dispute that relevance is construed broadly for purposes of federal discovery rules. See, e.g., Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"); City of Rialto v. United States Dept. of Defense, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007), aff'd, 581 F.3d 865 (9th Cir. 2009) ("Relevance is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or . . . defense of any party."). Moreover, as the party resisting discovery, P10 has the burden of "clarifying, explaining, and supporting its objections." Keith H. v. Long Beach Unified Sch. Dist., 228 F.R.D. 652, 655-56 (C.D. Cal. 2005).

The Microsoft settlement agreement is – as already concluded by the Court – relevant for reasons ranging from liability to damages. That Google is not a party to the agreement is irrelevant. The Court recognized this relevance in its February 9, 2010 order, and other courts similarly have acknowledged the relevance of settlement agreements in related actions where a party is claiming lost licensing revenues. See, e.g., Robert Bosch LLC v. ADM 21 Co. Ltd., 2011 U.S. Dist. LEXIS 102639, at *5 (D. Nev. Sept. 12, 2011) (settlement documents are relevant to "damages calculations," the "calculation of a reasonable royalty," a determination regarding "the extent of infringement liability," the formation of "litigation strategy," and the understanding of parties' reasoning) (compelled production in

1  patent suit); <u>Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.</u>, 254 F.R.D. 568,
2  582-83 (N.D. Cal. 2008) (licensing or settlement negotiations, along with the parties'
3  final positions, are relevant and discoverable); <u>Amtel Corp. v. Authentec, Inc.</u>, 2008
4  U.S. Dist. LEXIS 10850, at *1-2 (N.D. Cal. Jan. 31, 2008) (settlement agreements
5  containing licenses are, at a minimum, relevant to damages).

6       The relevance of the Microsoft settlement agreement is further underscored
7  by P10's recent 30(b)(6) deposition testimony.  P10's 30(b)(6) designee, Norman
8  Zada, confirmed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28

01980.51320/4716832.1

-5-    Case No. CV 04-9484 AHM (SHx)
GOOGLE INC'S REPLY I/S/O REQUEST TO LIFT THE COURT'S FEBRUARY 11, 2010 STAY OF ITS ORDER
FOR PERFECT 10 TO PRODUCE THE MICROSOFT SETTLEMENT AGREEMENT



The revenues P10 received from Microsoft in exchange for the use of P10 images, and the terms of that use, are directly relevant to valuation and damages issues presented by P10's claims here. The Microsoft settlement agreement should be produced.

### III. P10 CANNOT WITHHOLD THE MICROSOFT SETTLEMENT AGREEMENT ON CONFIDENTIALITY GROUNDS.

In a final effort to prevent production of the Microsoft settlement agreement, P10 reiterates its old argument that the agreement was marked "confidential" and therefore should be withheld. The Court rejected P10's argument in its February 9, 2010 order, and nothing has changed since then to alter the basis of the Court's ruling.

According to P10, the production of the Microsoft settlement agreement would "make it more difficult to settle cases." (Opposition at 1-2.) At the most, says P10, the Court should require P10 to provide "only the relevant portions" of the settlement agreement to Google. (Id.) There is good reason why the Court previously denied this line of argument from P10: Neither statutory nor case law supports it. It is well established that parties cannot withhold relevant materials such as settlement agreements on confidentiality grounds, particularly where – as here – a protective order provides for confidentiality protections. See, e.g., Bd. of Trustees of Leland Stanford Jr. Univ. v. Tyco Int'l Co., 253 F.R.D. 521, 523 (C.D.

01980.51320/4716832.1

-6-   Case No. CV 04-9484 AHM (SHx)
GOOGLE INC'S REPLY I/S/O REQUEST TO LIFT THE COURT'S FEBRUARY 11, 2010 STAY OF ITS ORDER FOR PERFECT 10 TO PRODUCE THE MICROSOFT SETTLEMENT AGREEMENT

Cal. 2008) (ordered production of settlement agreement despite "confidential" designation of agreement)[1]; <u>Bennett v. La Pere</u>, 112 F.R.D. 136, 140 (D.R.I. 1986) (confidentiality provision in settlement agreement "cannot be allowed to bar the nonsettling defendant's right to inquire into the settlement"); <u>Southern Shrimp Alliance v. Louisiana Shrimp Ass'n</u>, 2009 U.S. Dist. LEXIS 103738, at *5-6 (E.D. La. Oct. 20, 2009) (compelled production of settlement agreements, finding that "attorneys' eyes only" protection was sufficient to protect confidentiality interests).

P10 also erroneously claims that it should be allowed to parse the Microsoft settlement agreement for sections it deems relevant to Google. <u>See, e.g.</u>, <u>Atchison Casting Corp.</u>, 216 F.R.D. at 227 ("Plaintiff ought not be empowered to decide what may or may not be relevant for Defendant's purposes, particularly when, as here, the settlement agreement . . . is directly relevant to the subject matter of the pending action"). Lastly, the production of the full agreement will not, as P10 claims, set a "dangerous precedent." (Opposition at 2.) Indeed, in its February 9, 2010 order, the Court explicitly ordered the agreement to be designated "Highly Confidential," subject to the Protective Order's AEO provision. (Kassabian Decl., Ex. 1 [Order at 2].) That is more than sufficient protection to address any confidentiality concerns which P10 may have. <u>See, e.g.</u>, <u>Stanford</u>, 253 F.R.D. at 523.

### Conclusion

For the foregoing reasons, Google's Request to lift the Court's February 11, 2010 stay of its February 9, 2010 order granting Google's motion to compel production of the Microsoft settlement agreement should be granted, and that settlement agreement should be ordered produced on Monday, April 23, 2012.

---

[1] "[T]he simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery. This is especially true, here, where there is a Confidentiality Order in place that is more than adequate to protect plaintiffs' propriety information from misuse." <u>Stanford</u>, 253 F.R.D. at 523.

| | | |
|---|---|---|
| 1 | DATED: April 20, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Rachel Herrick Kassabian |
| 5 | | Rachel Herrick Kassabian |
| 6 | | Attorneys for Defendant GOOGLE INC. |

01980.51320/4716832.1

-8-   Case No. CV 04-9484 AHM (SHx)
GOOGLE INC'S REPLY I/S/O REQUEST TO LIFT THE COURT'S FEBRUARY 11, 2010 STAY OF ITS ORDER FOR PERFECT 10 TO PRODUCE THE MICROSOFT SETTLEMENT AGREEMENT